UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (DG) (ST)

**ORDER TO SHOW CAUSE**

                          Plaintiffs,

    -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

                          Defendants.
-------------------------------------------------------------------X

       Upon the annexed Complaint, the declarations of Emanuel Kataev, Esq. and Robert Anthony Urrutia, and the annexed Memorandum of Law in support,

**LET** the defendants, Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Meckling, Michael Laurie, Thomas Jones, CPA, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp., DLA Capital Partners Inc., and Jones, Little & Co., CPA'S LLP (collectively hereinafter the "Defendants"), show cause before the Hon. Diane Gujurati, U.S.D.J., of this Court to be held at the courthouse thereof, located at 225 Cadman Plaza East, Courtroom 4B South, Brooklyn, NY 11201-1804, on the _____ day of _____, 2023 at ____ o'clock in the_____noon of that day, or as soon thereafter as counsel can be heard, why an Order should not be issued:

(a) preliminarily enjoining Defendants and any persons or entities acting in concert with or on behalf of Defendants, from using in any manner whatsoever Superb Motor Inc.'s ("Superb") trade secret and confidential and proprietary information (including, without limitation, Superb's customized dealership management system ("DMS" setup, customer database, including the identity and contact information of Superb's customers, or any other information regarding Superb's customers, clients, transactions, financial information, pricing information, or other matters involving Superb);

(b) directing Defendants to return to Superb and Team Auto Sales LLC ("Team Auto") all vehicles and dealer plates in Defendants' possession or misappropriated by others in concert with Defendants;

(c) directing Defendants to return to Superb all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Superb's trade secrets and confidential and proprietary information

(including, without limitation, Superb's customer database, including the identity and contact information of Superb's customers, and for each customer of Superb, the services offered and payments received from Superb's customers, and/or other matters involving Superb and which Defendants obtained or accessed, including without limitation information regarding Superb's customers, clients, transactions, financial information, pricing information, or other sensitive information involving Superb);

(d) restraining and enjoining Defendants from, directly or indirectly, having any contact with Superb's current and/or former employees;

(e) directing Defendants to make all electronic accounts that are in their custody or control and on which they stored information regarding Superb's trade secrets and confidential or proprietary information available and accessible to Superb (including providing relevant passwords) to inspect to ensure Superb's trade secrets and confidential and proprietary information is secure and has not been improperly copied or distributed;

(f) preliminarily enjoining Defendants from continuing to serve Superb's customers;

(g) preliminarily enjoining Defendants from contacting any of Superb's customers;

(h) preliminarily enjoining Defendants from contacting any of Superb's current or former employees to solicit them to leave the employment of Superb;

(i) preliminarily enjoining Defendants from operating any automotive businesses, and

(j) restraining and enjoining Defendants from, directly or indirectly, further violations of the Defendant Trade Secrets Act, including the use of confidential information or trade secrets of Plaintiff, and unfairly competing with Plaintiff in any manner; and it is further

**ORDERED**, that pending the hearing and determination of this application, and further order of this Court, Defendants and any persons/entities acting in concert with them, are hereby:

(a) preliminarily enjoined from using in any manner whatsoever Superb Motor Inc.'s ("Superb") trade secret and confidential and proprietary information (including, without limitation, Superb's customer database, including the identity and contact information of Superb's customers, or any other information regarding Superb's customers, clients, transactions, financial information, pricing information, or other matters involving Superb);

(b) directed to return to Superb and Team Auto all vehicles and dealer plates in Defendants' possession or misappropriated by others in concert with Defendants;

(c) directed to return to Superb all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain Superb's trade secrets and confidential and proprietary information (including, without limitation, Superb's customer database, including the identity and contact information of Superb's customers, and for each customer of Superb, the services offered and payments received from Superb's customers, and/or other matters involving Superb and which Defendants obtained or accessed, including without limitation information regarding Superb's customers, clients, transactions, financial information, pricing information,or other sensitive information involving Superb);

(d) restrained and enjoined from, directly or indirectly, having any contact with Superb's current and/or former employees;

(e) directed to make all electronic accounts that are in their custody or control and on which they stored information regarding Superb's trade secrets and confidential or proprietary information available and accessible to Superb (including providing relevant passwords) to inspect

4

to ensure Superb's trade secrets and confidential and proprietary information is secure and has not been improperly copied or distributed;

(f) preliminarily enjoined from continuing to serve Superb's customers;

(g) preliminarily enjoined from contacting any of Superb's clients or customers and/or individuals currently performing services for Superb;

(h) preliminarily enjoined from contacting any of Superb's current or former employees to solicit them to leave the employment of Superb;

(i) preliminarily enjoined from operating any businesses in the automotive industry, and

(j) restraining and enjoined from, directly or indirectly, further violations of the Defendant Trade Secrets Act, including the use of confidential information or trade secrets of Superb, and unfairly competing with Plaintiffs in any manner; and it is further

**ORDERED** that pending the hearing of this matter, Plaintiffs shall be permitted to conduct discovery on an expedited basis, including obtaining documents from Defendants, and taking depositions in aid of the requested injunctive relief, and it is further

**ORDERED** that service by email and federal express of a copy of this Order, along with the papers upon which it is based, shall be made upon Defendants via overnight delivery within three (3) days of the date of this Order, and such service shall be deemed good and sufficient; and it is further

**ORDERED** that answering papers, if any, shall be served on Superb's counsel, Emanuel Kataev, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042-1073, via electronic mail at emanuel@mllaborlaw.com on or before the \_\_\_\_\_ day of _____, 2023; and it is further

**ORDERED** that reply papers, if any, shall be electronically filed and served on Defendants' counsel on or before the \_\_\_\_\_ day of _____, 2023.

Dated:                                         **SO ORDERED:**

                                               _____
                                                                         , U.S.D.J.