# INDEMNITY AGREEMENT

This Indemnity Agreement (this "Agreement") dated as of December 1, 2022, by **ANTHONY DEO**, having an address at 3 Saddleridge Rd Old Westbuy 11568 ("Indemnitor"), in favor of **ROBERT A. URRUTIA**, having an address at 327 Lakewood Terrace, Newton, NJ 07860 ("Indemnitee").

## WITNESSETH:

**WHEREAS**, Indemnitor and Indemnitee are the members of **189 SUNRISE HWY AUTO LLC**, a New York limited liability company (the "Company"); and

**WHEREAS**, on even date herewith the Indemnitee has entered into the certain operating agreement for the Company between the members (the "Operating Agreement"), who consist solely of Indemnitor and Indemnitee; and

**WHEREAS**, the Indemnitor will be serving exclusively as the Chief Executive Manager of the Company with direct responsibility for the day to day running of the Company and direct oversight of its policies and procedures; and

**WHEREAS**, the Indemnitee wishes to ensure that in the event any claim is made against the Indemnitee for the conduct of the Company (i) prior to the effective date of this Agreement or (ii) following the execution of the Operating Agreement (each a "Claim"), the Indemnitor will be responsible for one hundred percent (100%) of any loss, damage, liability or expense, including without limitation, reasonable legal fees and expenses arising, directly or indirectly from any Claim; and

**WHEREAS**, the Indemnitee and Indemnitor have agreed that in the event that the Company operates at a loss, the Indemnitee shall not be required to contribute additional funds to the Company, and all operating costs of the Company shall be borne solely by the Indemnitor; and

**WHEREAS**, the Indemnitee and Indemnitor agree that both they and the Company shall benefit from entering into the Operating Agreement; and

**WHEREAS**, the Indemnitee would not execute and deliver the Operating Agreement, but for the Indemnitor's agreement to indemnify the Indemnitee as provided herein.

**NOW THEREFORE**, in consideration of the premises and the agreements contained herein, the parties hereto agree to as follows:

1. (a) Indemnitor shall defend, indemnify and hold harmless Indemnitee from and against any and all losses, damages, liabilities, claims, actions, judgments, court costs and legal or other expenses, including reasonable legal fees and expenses, which Indemnitee may incur arising, directly or indirectly from any Claim.

(b) Indemnitor shall remain fully responsible for all operating expenses of the Company without any additional funds or tangible property being contributed by Indemnitee. Notwithstanding the foregoing, Indemnitee shall remain entitled to his percentage of any profits achieved by the Company in proportion to his ownership interest as defined in the Operating Agreement

(b) (i) If any third party, notifies the Indemnitee with respect to any Claim that may give rise to a claim for payment by the Indemnitee, then the Indemnitee shall promptly notify the Indemnitor thereof in writing; provided, however, that no delay on the part of the Indemnitee in notifying the Indemnitor shall relieve the Indemnitor from any obligation hereunder unless (and then solely to the extent) the Indemnitor is thereby prejudiced.

(ii) The Indemnitee and Indemnitor will consult as to the method of defending against the Claim and the selection of counsel for that purpose. Absent agreement as to such counsel each party shall be entitled to select his/her own counsel for that purpose.

2. <u>Miscellaneous</u>.

2.1. Amendment. This Agreement may not be amended or terminated except by an instrument in writing signed on behalf of each of the parties hereto.

2.2. Entire Agreement. This Agreement is intended as, a complete statement of all of the terms of the arrangements between the parties with respect to the matters provided for herein, supersedes any previous agreements and understandings between the parties with respect to those matters provided for herein, supersedes any previous agreements and understandings between the parties with respect to those matters and cannot be changed or terminated orally.

2.2 Conflict with Operating Agreement. In the event of any conflict in terms between this Agreement and the Operating Agreement, this Agreement shall control.

2.3 Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York applicable to agreements made and to be performed in New York without regard to principles thereof regarding choice of law.

2.4 Notices. All notices, requests, demands, waivers and other communications required or permitted to be given under this Agreement shall be in writing at the address set forth above.

2.5 Parties Bound. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

    2.6    Counterparts. This Agreement may be executed in one or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered to each of the other parties hereto.

**IN WITNESS WHEREOF**, the Indemnitor has executed this Agreement, as of the date first above written.

WITNESS:

_____        _____
                                                                                **ANTHONY DEO**