# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112
Wantagh, New York 11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:
Massachusetts
New York

August 9, 2023

VIA TEXT PHOTO ONLY TO
631-561-9807
203-300-2209

Mr. Robert Anthony Urrutia
Mr. Bruce Novicky

Re: Anthony Deo and Superb Motors
FOR SETTLEMENT PURPOSES ONLY
STRICTLY CONFIDENTIAL

Gentlemen:

Please be reminded that this office represents Anthony Deo and Superb Motors (derivatively) with respect to the falling out that has occurred between you recently. Please be advised of my position on behalf of my clients, as follows:

1. My client paid five hundred thousand dollars ($500,000.00) in November, 2022, for one half of the business known as Superb Motors. As you both know, the operation of the business was immediately turned over to Mr. Deo with your full knowledge and support.

2. Thereafter, a handshake deal was made between Mr. Deo and Mr. Urrutia for Mr. Deo to obtain three (3) additional dealerships located in Connecticut, and steps were taken by this office to conduct title searches on those businesses in anticipation of closing on same. No need to deny this, gentlemen; bank records clearly note money transferred by Mr. Deo to Mr. Urrutia was for the Connecticut business(es).

3. You produced paperwork regarding the ownership of Superb Motors that indicates Mr. Deo is 49% owner of that dealership. Although we disagree with the percentage (particularly in light of additional payments made by Mr. Deo towards obtaining the remaining stock in the dealership, as well as your handshake promise to Mr. Deo that "it is yours"), nonetheless, I have a copy of that contract and my client is inarguably part owner (*at the very least;* we hereby allege that he is *full, 100% owner* of Superb) of the dealership.

4. There is no operating agreement that exists for the operation of Superb, *because you were never operating Superb together.* My client has operated Superb since you struck the deal regarding ownership, and he has operated Superb ever since. Neither of you even maintained an office at Superb this year, only my client of the three (3) of you maintained his office there.

1

5. A few weeks ago, you, Mr. Urrutia, told my client that the rep from Ally Bank "cut off" Superb after Josh Aaronson told them that Mr. Deo was at least your partner. You also said Chase threatened to cut off Superb as well after that rep spoke to Josh Aaronson. Last week, you two, acting in concert, called the police on my client, told the police that he stole one hundred and two (102) cars and seven hundred sixty thousand dollars ($760,000.00), locked my client out of Superb, stole the contents of my client's office and posted security to prevent Superb's owner from ever entering again.

6. Today, acting in concert, you again threatened my client with more false charges of theft of automobiles that were in my client's full custody and control as owner of Superb. Please be reminded that if my client was not the owner of Superb, he would not have cooperated with two (2) audits in the last two (2) days from NMAC/AIM and/or NEXTGEAR; as you know, if my client did not cooperate with those audits, Superb would have been forced to immediately pay for the twenty (20+) or so automobiles in Mr. Deo's custody.

7. If you wish to allege theft that you know is a false charge, I cannot stop you from doing so. But please be advised that I have been working for some time on a large federal complaint against the Aaronson Gang, their accountants, Chase Bank, Ally Bank, and others for intentionally putting my clients' two (2) businesses (that grossed $44 million yearly) out of business. We already have a ruling by the Nassau Supreme Court that the Aaronson Gang "have not demonstrated a likelihood of success" on their false accusations against my clients. By your actions, inactions, deeds, and words referenced herein and elsewhere, you have clearly decided to allow these individuals and businesses to cloud your judgment to the point that you have prevented my client's operation of Superb, locked him out of the dealership he owns, locked him out of all bank accounts and software, stolen the contents of his office, made false accusations to the police about 102 stolen cars and $760,000.00 you diverted to the Connecticut dealership(s), threaten continuing false criminal accusations against my clients, queered my client's acquisition of the Connecticut dealerships, and taken affirmative steps to disenfranchise my client from his ownership and operation of Superb Motors, despite the fact that he is inarguably at least part owner or more of the dealership.

8. Please be advised that you do not have any authority to continue robbing money from Superb, you have no authority to do anything at Superb beyond normal day to day operations, and further complaints to the police will result in the offer of resolution discussed herein to be immediately withdrawn without further notice.

9. If you wish to resolve this matter ███████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████

2

I have vacation the second half of August through Labor Day, then will complete and file the Federal case in September. ███████████████████████████████████████████████████████████████████████████ I cannot stop you from (continuing) to engage in the "best defense is a good offense" tactics you've been utilizing in this situation up until now, but I promise you it has not done you any good to date and will not help you in the long run. False accusations to disenfranchise someone from ownership of a corporation and intentionally queering agreed upon deals can get expensive in Federal Court, gentlemen.

Hereafter, please refrain from communications directly with my client or indirectly with his employees or family. All communication hereafter shall be through my office, only. You started the legal process by queering the deals in place for the Connecticut dealerships and strongarming my client (illegally) out of Superb with, *inter alia*, continuing false allegations of crimes, so it should come as no surprise to hear from me, especially since I was also locked out of my office at Superb. Consider the following: I've been going to Superb since December, 2022, and have maintained an office there for over a month, yet never met nor even saw either one of you at Superb even once. Are you really going to take the position that Mr. Deo was operating Superb *without* your knowledge and consent? The business records and plenty of circumstantial evidence say otherwise, gentlemen.

██████████████████████████████████████████████████████████████████████████████ Please be guided accordingly.

I remain,

Very truly yours,

*[signature]*

Harry R. Thomasson

Cc:  M/M Anthony Deo

3