# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  
Wantagh, New York  11793  
Tel. 516-557-5459  
hrtatty@verizon.net

Admitted:  
Massachusetts  
New York

August 21, 2023

U.S. Federal District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

  Re: *Superb Motors, Inc., et al. v. Anthony Deo, et al.*  
    Case No. 2:23-cv-6188 (DG) (ST)

Your Honor:

  Please be advised that this office represents Anthony Deo, Sara Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp., with respect to the above referenced action. I am aware that the above referenced Plaintiffs have brought an Order to Show Cause before the Court, and I need to give the Court certain information related thereto.

  There has been ongoing disputes between the "Deo Parties" on the one hand and the "Superb Parties" on the other side over the last month.  Prior to that dispute arising, there has been an ongoing dispute between the "Deo Parties" on the one hand and the "Aaronson Parties" on the other side since last November.

  The Aaronson Parties brought a lawsuit with an Order to Show Cause last December in Nassau (NY) Supreme Court, *Chabrier, et al. v. Deo, et al.,* Index No. 617224/2022, alleging similar allegations as those in the instant action before this Court.  There are two key points for this Court to understand about that lawsuit while considering the instant Order to Show Cause: 1) The Aaronson Parties in the action before this Court do not have new claims against the Deo Parties or, if they do, they must bring those claims in their already existing action; and 2) in a recent ruling, the Nassau Supreme Court (Gianelli, J.) ruled that the Aaronson Parties (Plaintiffs in that action) were denied their Order to Show Cause against the Deo Parties on the basis that the Aaronson Parties "failed to demonstrate a likelihood of success on the merits of their case" after "throwing the kitchen" sink at my clients in their Order to Show Cause.  That decision accompanies this correspondence for ease of purpose.  The Deo Parties have no knowledge that the Aaronson Parties and Superb Parties have since joined forces, especially since Deo and Superb's co-shareholder, Anthony Urrutia, have been co-shareholders and enjoyed good working relationships until just over two weeks ago.

Just over two weeks ago, Anthony Urrutia directly and by and through one or more of Plaintiff's employees called the police on Anthony Deo, accused him of stealing 102 automobiles and $760,000.00, changed the locks on Deo after he operated the Superb store for and with Urrutia since December, 2022, and placed armed guards at the Superb dealership to keep Deo out of the dealership. Since that time, the accusations of theft have ceased, but everyone involved in these actions knows that 20+ cars belonging to Superb are currently located at Deo's leasehold in Syosset, New York, where Deo recently received DMV licenses to open new dealerships after Deo's last dealerships in Syosset and Amityville, New York, were ruined by the Aaronson Parties through their (now failed and denied) Order to Show Cause in the Nassau Supreme Court case.

It is not a coincidence, your Honor, that these Plaintiffs came to this Court this weekend with the current claims: They were told that I had a long-planned vacations starting Saturday, and I will not return to work or even the state of New York until Labor Day. What they were not told is that I am out of state looking for hospitals to try to save my extremely ill son's life, so not even this case is going to interrupt my time away from New York right now.

Being candid, the timing of this case and the inclusion of most of the Defendants is nothing short of despicable. Including me, Tom Jones, and Jones and Little is nothing but trying to interfere with the Defendants chosen attorney and accountants. Even if and when we learn of so called "proprietary information" or customers related to the sale of cars, we are and would of course be bound by any injunctive relief applying to our clients. The inclusion of lenders in this action is totally inappropriate, as well. Lastly, there are definite defenses available to my clients, including that there is virtually no privity between most of these parties; the instant dispute probably does not even belong in Federal Court as at the heart of this dispute is a shareholder dispute between Superb Motors, a New York corporation located in Nassau County, and Anthony Deo, the co-shareholder of that company, brought on by Anthony Urrutia as the other shareholder of that company. This is a corporate dispute with no real diversity of citizenship.

Accordingly, I ask/suggest the following to this Court: 1) My client will not dispose of any automobiles in his possession belonging to Superb (he cannot anyway; it is common in the industry to have cars at different lots, but ultimately, with Urrutia firmly and wrongly in control of Superb, those cars cannot be sold without Superb's written cooperation, which is not going to happen); 2) no restraints are necessary nor appropriate for the accountants, lenders, and undersigned counsel that the Plaintiffs inappropriately named for transparent leveraging purposes; 3) restraining the Gold Coast Defendants in the absence of privity with any of the Plaintiffs is both inappropriate and a second bite of the apple by Aaronson since he failed in his first attempt in Nassau Supreme Court to prevent Deo from operating dealerships. In fact, Deo obtained his new licenses to operate since Aaronson played keep away from Deo with the licenses and files of the former business that Deo operated with the Aaronson Parties; the Gold Coast Defendants are not actively selling automobiles at this time anyway; and 4) I am not returning to work until September 5, 2023, so I ask this Court to give me at least a month from that date to respond to whatever Order to Show Cause may be put into place. I will enter my appearance and respond on behalf of my clients in a timely fashion upon my return to work.

2

I remain,

          Very truly yours,

          /S/

          Harry R. Thomasson