# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  Admitted:
Wantagh, New York  11793  Massachusetts
Tel. 516-557-5459  New York
hrtatty@verizon.net

August 21, 2023

Honorable Orelia E. Merchant
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

    Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
           Case No. 2:23-cv-6188 (OM) (ST)

Your Honor:

    Please be reminded that this office represents Anthony Deo, Sara Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp., with respect to the above referenced action. I briefly reviewed the application by the Defendants for Reconsideration of your recent Order and need to point out some facts to the Court to assist with your consideration of same.  Please be advised, as follows:

1. It is our first and foremost position in this case that the Plaintiffs are engaging in the strategy known as "the best defense is a good offense."  Plaintiff Tony Urrutia and Defendant Anthony Deo contracted with each other over Superb Motors during or around late November, 2022, with Tony Urrutia's complete knowledge that Plaintiff Josh Aaronson lead a group that ruined Anthony Deo's then existing used car dealerships, Northshore Motors and Sunrise Motors.  Tony Urrutia knew full well that their partnership (that provided an infusion of cash to Tony Urrutia; since November Anthony Deo learned the hard way just how desperate Urruita was for money to save his multiple dealerships) was Anthony Deo's "soft landing" as he tried to survive the wrecking of his dealerships by the Aaronson Group.
2. As soon as my clients responded to that application, the Order to Show Cause was rejected in the Order I provided to this Court for "failing to prove a likelihood of success on the merits" of Aaronson's case.  To be clear:  These Plaintiffs ALL knew of Superb cars being at Deo's lots since last year, yet failed to tell this Court that indisputable fact in their current application.  I will never believe this is a mistake; I fully believe this is an intentional attempt to mislead this Court in their current application.

3. Furthermore, while my client cannot sell those assets of Superb Motors, which, upon information and belief, are paid off and are solely owned by Superb, the same cannot be said for these Plaintiffs, who "coincidentally" have now teamed up to ruin my clients in a second bite of the apple after the Aaronson Group failed to do so through the separate yet clearly related action in Nassau Supreme Court. My clients have considerable claims against the instant Plaintiffs (and others in a larger separate action or third party complaint in this action, to be determined). E.g., the Gold Coast Defendants here, your Honor, just received their DMV licenses and have not yet begun operations; these licenses were obtained when the Aaronson Group refused to return the files and software access to re-open Northshore and Sunrise after I advised Deo that he had a duty to mitigate his losses caused by the (now failed and rejected) Aaronson Order to Show Cause. It is a wrongful overreach to include those corporations in this action; it is just a further attempt to affirmative harm my clients, your Honor.

4. Just over a week after Tony Urrutia and his C.O.O., Bruce Novicky, locked my client out of Superb with accusations of Deo having stolen "102" cars and "$760,000.00," the Superb sign was removed and replaced with a sign relating to the Aaronson Group. These Plaintiffs operate HUGE dealerships and the Aaronson Group are wealthy beyond imagination. Anthony Deo (West Indian from the Caribbean) and Sare Deo (black) are two of the few, if any, minority owners of two small dealerships on Long Island, and are just trying to re-open those dealerships in the face of these conglomerate Plaintiffs trying to keep them from re-opening. We absolutely believe race is playing a part in all of this, your Honor, as my clients were called "you people" over time in relation hereto. The claims of 102 car thefts and $760,000.00 being stolen from Superb were excuses to lock my clients out of Superb, yet are absent in the instant action because these accusations made just a month ago to the Nassau County Police (who told me about these accusations) are not being made to this Court. Superb clearly no longer exists, given the sign change and DMV rules providing loss of licenses and criminal responsibility for unpermitted sign changes, *which take months of planning and permitting to implement*. Simply put, these Plaintiffs are impermissibly misleading this Court to weaponize and harm my clients and keep them from operating in the Long Island automobile market as two of the few, if any (we're still checking) minority dealership owner/operators.

Accordingly, I ask two things from this Court: 1) Please do not reconsider nor change the Order currently in existence; and 2) Please give me another week to respond to the Plaintiffs' *ex parte* filing. These Plaintiffs have multiple law firms at their disposal; I represent these Defendants as a solo practitioner. In anticipation of needing these two weeks off to try to help my son, I pushed work into September. I really need an extra week, your Honor. I remain,

Very truly yours,

/S/

Harry R. Thomasson