# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 6, 2023

**<u>VIA ECF</u>**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Orelia E. Merchant, U.S.D.J.
225 Cadman Plaza East
Courtroom 6C South
Brooklyn, NY 11201-1804

   *Re:* **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
     <u>**Case No.: 2:23-cv-6188 (OEM) (ST)**</u>

Dear Judge Merchant:

  This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC, and Robert Anthony Urrutia (collectively the "Moving Plaintiffs") in the above-referenced case. The Moving Plaintiffs write to respectfully request that this Court convert the telephonic preliminary injunction hearing to an in-person hearing in order to aid this Court with the benefit of live testimony and exhibits demonstrating the Moving Plaintiffs' entitlement to relief, including with respect to establishing the existence of irreparable harm.[1]

_____

[1] Facing the risk of having your business shut down absent injunctive relief constitutes irreparable harm. In <u>Roso-Lino Beverage Distributors, Inc. v. The Coca-Cola Bottling Company of New York, Inc.</u>, 749 F.2d 124 (2d Cir. 1984) the defendant, Coca-Cola, sought to terminate the plaintiff's distributorship. In granting the preliminary injunction, the Court of Appeals ruled that the plaintiff had "an ongoing business representing many years of effort and the livelihood of its husband and wife owners." <u>Id.</u> at 125-126. The loss of such a business, the court concluded "constitutes irreparable harm". <u>Id.</u> at 126. Critically, the Court of Appeals also concluded that because the survival of plaintiff's business was at stake "[w]hat plaintiff stands to lose cannot be fully compensated by subsequent monetary damages." <u>Id.</u> at 126. Other Federal Courts in the Second Circuit have reached the same conclusion. <u>See e.g.</u>, <u>John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.</u>, 588 F.2d 24 at 28-29 (2d Cir. 1978) (holding that "[a] threat to the continued existence of a business can constitute irreparable injury"); <u>see also</u> <u>Janmort Leasing, Inc. v. 22 Econo-Car International, Inc.</u>, 475 Supp. 1282 (E.D.N.Y. 1979) (succinctly stating the rule as follows: In this circuit it is firmly settled that the loss or destruction of a going business constitutes irreparable harm, whether viewed as an injury not compensable in monetary terms); <u>Danielson v. Local 275</u>, 479 F.2d 1033, 1037 (2d Cir. 1973); <u>Semmes Motors, Inc. v. Ford Motor Co.</u>, 429 F.2d 1197, 1205 (2 Cir. 1970); <u>Miller Brewing Co. v. Carling O'Keefe Breweries</u>, 452 F. Supp. 429, 438 (W.D.N.Y.1978), or as one which cannot be reduced to monetary value with "sufficient accuracy to make damages an adequate substitute" for injunctive relief…. <u>Id.</u> at 1294.

Courts have a preference for live testimony.  See BlackRock, Inc. v. Schroders PLC, 2007 U.S. Dist. LEXIS 39279, at *27 (S.D.N.Y. May 30, 2007) (noting that although the matter could be tried without live testimony from unwilling witnesses, "so proceeding would be contrary to the policy of this Circuit") (citing DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 30 (2d Cir. 2002)).

Rule 43 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") provides that "[a]t trial, the witnesses' testimony must be taken in open court unless" some authority allows otherwise.  See Fed. R. Civ. P. 43(a).  Only "[f]or good cause in compelling circumstances and with appropriate safeguards," may the Court "permit testimony in open court by contemporaneous transmission from a different location."  Id.  The Commentary to the Rule explains the rationale for this requirement: "The importance of presenting live testimony in court cannot be forgotten."  See Commentary to Rule 43.

Indeed, the "very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling."  Id.  Moreover, the "opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."  Id.

Accordingly, the Moving Plaintiffs respectfully request that the preliminary injunction hearing be converted from telephonic to in-person.

The Moving Plaintiffs thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
September 6, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
_____/s_____
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (telephone)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

**VIA E-MAIL**
Harry R. Thomasson, Esq.
hrtatty@verizon.net