# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112     Admitted:
Wantagh, New York  11793     Massachusetts
Tel. 516-557-5459     New York
hrtatty@verizon.net

September 7, 2023

Honorable Orelia E. Merchant
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re:     *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
               Case No. 2:23-cv-6188 (OM) (ST)

Your Honor:

     Please be reminded that this office represents Anthony Deo, Sara Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp., with respect to the above referenced action. I am writing in response to Plaintiffs' letter Motion/Application sent to the Court this morning. Please be advised, as follows:

1. I am not aware that this Court has ordered an evidentiary hearing next week.  A review of the two Court orders did not leave me with the impression that the Plaintiffs have obtained an Order allowing for an expedited evidentiary hearing in any form or fashion next week.
2. We object to any evidentiary hearing taking place in this case at this time.  We object to whatever form of "service" Plaintiffs claim to have made in this case; the F.R.C.P. do not allow for the "service" Plaintiffs claim to have made without an Order from the Court allowing same, and as with the evidentiary hearing, I simply do not see an Order from this Court allowing the "service" Plaintiffs claim to have made.
3. Moreover, if there is to be an evidentiary hearing, I certainly need time to serve subpoenas to get witnesses to the Court for that hearing.  E.g., the "emergency" Plaintiffs claim exists in this case is 100% their own creation:  My client has had no contact whatsoever with the Floor Plan providers in this case since well before the falling out between the Superb partners (Urrutia and Anthony Deo) one month ago.  However, as soon as the falling out occurred during the first week of August, the Floor Plan providers and Tony Urrutia both directly and indirectly contacted Anthony Deo to arrange to have the Floor Plan providers come to Deo's lot locations to conduct routine audits, which Deo fully cooperated in arranging and conducting.

4. Since those audits took place *as obviously arranged by Plaintiffs in this case*, I wrote a letter to one Floor Plan provider requesting the contract for my review before I could advise my client on the cars that are safely in Anthony Deo's possession. I point out that the cars are safely in Anthony Deo's possession in contrast to whatever is taking place at Superb Motors since my client was locked out: The name has changed and we do not know what these Plaintiffs are doing to that business and the cars titled to that business, including the cars in Deo's possession.
5. Remember, your Honor, that whatever is claimed by these Plaintiffs and will eventually be alleged in our own Complaint(s), damages at law will satisfy everyone, and we object to any equitable relief being granted accordingly.
6. Lastly, I ask rhetorically: How many bites of the apple do these Plaintiffs get? Most of the instant Plaintiffs (the "Aaronson" Plaintiffs) brought similar accusations for almost identical relief in Nassau Supreme Court (I previously provided a copy of that Court's Order to this Court) and were denied relief on the basis of having "failed to indicate a likelihood of success on the merits" of that case; those Plaintiffs joined the "Urrutia" Plaintiffs here and were denied their Order to Show Cause; then the combined Plaintiffs moved (improperly) for reconsideration and were denied any further relief by this Court; now they ask this Court for further reconsideration through their instant letter. It's not right, your Honor.

Please understand your Honor that relatively speaking, these Plaintiffs are Home Depot going up against my clients as a Mom and Pop Hardware Store. They have ceaselessly ruined my clients' businesses this year, and now they allege wrongdoing against my clients' chosen professionals, undersigned as well as the Thomas Jones/Jones & Little accountants. Please be advised your Honor that my first direct involvement with Superb Motors was answering a civil Complaint on July 25, 2023 on behalf of Superb Motors in this very Court, *Shorey v. Superb Motors, Inc., et al.,* Case No. 2:23-cv-03885 (ENV) (RER). Within one week, my client was locked out of that dealership.

My involvement as a party to this action is clear overreaching, and we believe is indicative of only the following: Once the very wealthy Aaronson/Baron Plaintiffs lost their Order to Show Cause in the Nassau Supreme Court after my oral argument before that Court, those Plaintiffs certainly understood that they ruined my clients' businesses without any likelihood of success in explaining why they did it; Tony Urrutia asked my client for $500,000.00 in the days before he locked Anthony Deo out of Superb, and when my client told him no, he was locked out and Urrutia was suddenly aligned with none other than the Aaronson/Baron group in this lawsuit. It's pretty easy to connect dots and see that whenever Aaronson and Urrutia aligned, it was simply to hit my clients with a stick while dangling money to Urrutia as the carrot.

There is so much more to this situation than a short, quick set of papers can explain. These Floor Plan providers have assigned representatives that deal with each dealership. My (minority) clients were never invited to those (all Caucasian) meetings/dinners/lunches/parties. But these Plaintiffs and those Floor Plan providers have very cozy relationships that need to be fully vetted and explored. We oppose anything going forward next week on the basis of 1) a

2

failure to properly serve all of the filed documents in these cases; and 2) a failure to obtain a Court Order allowing service as provided.  We oppose any evidentiary hearing going forward next week on the basis of 1) a failure to properly serve all filed documents to date; 2) yet another improper and multiple bite of the apple application by the Plaintiffs to obtain an in person hearing; 3) insufficient time to allow my clients to subpoena witnesses for an as yet disallowed in person appearance; and 4) the Plaintiffs' multiple bite of the apple for nearly identical relief already denied by both the Nassau (NY) Supreme Court as well as this Court on the Plaintiffs *ex parte* application.

If the only relief still "in play" for Plaintiffs Order to Show Cause are the cars in my clients' possession, please let me suggest the following resolution:  Since Plaintiffs are conducting operations at Superb without my clients' knowledge or participation, and since that conduct includes the changing of the name of the dealership to another name (and presumably transferring Superb assets to that dealership without my clients' knowledge or approval and possibly to their financial detriment), I can arrange for the return of the cars upon the Plaintiffs posting security for the Floor Plan value of those cars for the entirety of this case without any need to move forward on Plaintiffs' Order to Show Cause.

I remain,

                Very truly yours,

                /S/

                Harry R. Thomasson