# EXHIBIT I

# Harry Thomasson

**From:** Harry Thomasson <hrtatty@verizon.net>
**Sent:** Friday, August 11, 2023 2:57 PM
**To:** 'Emanuel Kataev'
**Subject:** RE: Superb Motors Inc.
**Attachments:** Atty.ltr.to.Millman.Labuda.8.11.23.pdf

Counsel:

Attached please find correspondence in response to your letter emailed to me last night after hours. Please note: I wrote in my correspondence to your clients two days ago to not contact my client directly anymore and that all future contact should go through my office, only; I don't know why you thought it was okay to reach out to my client directly after receiving that instruction in my correspondence dated August 9, 2023, but it is not okay, please do not reach out to my client directly again. He has an attorney, and you know the rules about reaching opposing parties that have representation. Thank you.

**Harry R. Thomasson, Esq.**
3280 Sunrise Highway, Ste. 112
Wantagh, New York 11793
Tel. 516-557-5459
Email: hrtatty@verizon.net

If you receive this email in error, please destroy it and notify the sender immediately. No privilege is waived by sending this email in error. Sender does not give tax advice. Please contact an appropriate tax specialist for tax advice.

**From:** Emanuel Kataev <Emanuel@mllaborlaw.com>
**Sent:** Thursday, August 10, 2023 6:41 PM
**To:** hrtatty@verizon.net
**Cc:** anthonyd@northshoremotors1.com
**Subject:** Re: Superb Motors Inc.

Messrs. Thomasson and Deo:

Please find attached correspondence.

Regards,

**Emanuel Kataev, Esq.**
**Associate**
**Milman Labuda Law Group PLLC**
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

This message and its attachments may contain confidential information that is legally privileged. If you are not the intended recipient, you are hereby notified that any printing, copying, forwarding, or saving of this message is strictly

1

prohibited. If you have received this email in error, please notify the sender immediately and delete the message and any attachment from your system.

# Harry R. Thomasson, Esq.
3280 Sunrise Highway, Box 112
Wantagh, New York 11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:
Massachusetts
New York

August 11, 2023

VIA EMAIL ONLY TO Emanuel@mllaborlaw.com

Emanuel Kataev, Esq.
MILMAN LABUDA LAW GROUP PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073

Re: Anthony Deo and Superb Motors

Dear Mr. Kataev:

I am writing in response to your correspondence dated August 10, 2023, emailed to me after business hours last night. Please be advised, as follows:

1. Please do not misunderstand anything I wrote about in my correspondence dated August 9, 2023: I mean what I say, and say what I mean, always. I did not write a single word either that I did not mean, nor did I write a single word that I do not believe I can prove. E.g., regarding money that Mr. Urrutia and Mr. Deo have received relating to Superb Motors and/or the Connecticut dealerships, there are records in my client's possession, custody or control that prove what I wrote in my last correspondence dated August 9, 2023. If you doubt the sincerity of my positions, feel free to ask Perry Heidecker of your office if I am thorough, honest and knowledgeable in my presentation of evidence; we had a case together years ago called Hustedt Chevrolet/Charles Chalom that I am sure we both remember vividly.

2. The list of 102 cars is very suspicious, counsel. That list is internally created and unsupported by anything other than the word of whoever created it. We also have no idea when that list was created. You can be sure, counsel, that Mr. Urrutia and Mr. Novicky know full well that my client does not *ever* do the documentation of automobiles at Superb. Eugene Lowe is the General Manager and Kendra Kernizant is the Controller. Both are on site and have worked with Mr. Deo daily since late last year. Less than two (2) weeks ago Ms. Kernizant informed Mr. Deo that every car on the floor plan at Superb was accounted for through one week prior to that conversation. And last Thursday night, when Mr. Novicky called the police, Mr. Lowe informed the police that "every car is accounted for." Those are the two people who keep track of the cars for Superb, counsel.

1

3. However, there are also two (2) companies that keep track of the cars at Superb from outside the company; I obviously speak of the floor plan providers, NextGear and NMAC. Earlier this week my client cooperated with three (3) audits of the floor plan cars; two of the audits were for NMAC and one was for NextGear. After those audits Mr. Novicky texted my client and informed him that every car was accounted for except one. Just this morning my client caused a lot check at Superb that clearly indicates the floor plan cars are still present on the lot at Superb. IF 102 cars were actually missing from the floor plan, Superb would be left with only two options on the floor plan: Either pay for those 102 cars immediately or lose every car to repossession on the floor plan. Since the floor plan cars are still on the lot today, then your client would have necessarily had to pay for the missing 102 cars. It is our position that all cars are accounted for. This is easy, counsel: Please provide me with proof of payment for the missing 102 cars. Absent that, you're being (conveniently) lied to about my client taking cars. Last Thursday night the police spoke to three Superb people about this issue: Bruce Novicky, Anthony Deo, and Eugene Lowe. Upon information and belief, Mr. Novicky conveniently had that list you gave me last night at his disposal before calling the police, then gave it to them that night. Yet after speaking with Mr. Deo and Mr. Lowe, my client was allowed to leave without any criminal recourse.

4. The bare-bones agreement you cite fails to list lockouts, theft of my client's office belongings, and making false criminal charges amongst its provisions. We do not agree with this forcible taking over of Superb by Mr. Urrutia and Mr. Novicky. We do not authorize any business at Superb beyond business in the normal course to and with the public, only. There is a litigation hold in effect counsel, please so advise your clients of the hold and its impact, including, but not limited to, their cell phones. I have enough records from my client to indicate clearly that Mr. Urrutia took more money from Mr. Deo and Superb since November, 2022, than Mr. Deo ever took from Mr. Urrutia or Superb. I have enough records from my client to indicate clearly that Mr. Urrutia was clearly violating the terms of the floor plans in a variety of ways, including the diversion of Superb assets to his Connecticut Mitsubishi point to keep that store afloat. Just two weeks ago Mr. Urrutia demanded $500,000.00 *immediately that week* from Mr. Deo to close on the Connecticut Mitsubishi store, so we know that he is experiencing financial difficulties. Undoubtedly we will find out how he is addressing those difficulties in the expected litigation.

5. But when Mr. Deo refused to pay $500,000.00 that week for the Connecticut dealership fearing (correctly) that Mr. Urrutia was "up to something," your client then executed the lockout with two different criminal accusations: 102 cars were missing from the list conveniently in Mr. Novicky's possession and ready to hand to the police, plus an accusation that $760,000.00 was missing from Superb and stolen by Mr. Deo. How come your letter is suspiciously silent on that point counsel? Did your client forget that $760,000.00 was stolen by Mr. Deo? Or perhaps Mr. Novicky *thought* the money was taken by Mr. Deo when he called the police only to find out afterward from Mr. Urrutia that the money was actually taken by Mr. Urrutia himself and diverted to the Connecticut store…anyway, it's in the records counsel, and both of the criminal accusations appear false from the records and knowledge I possess.

6. Again, we do not authorize any actions or inactions by your clients in the operation of Superb that are outside the normal course of business with the public. Your client is not authorized to divert more assets to himself or his other businesses, your clients are not authorized to conduct wholesale unloading of cars, etc.
7. I cannot stop you from trotting off to court to try to obtain *ex parte* relief since you know I will not be filing the federal lawsuit for at least a month given, *inter alia*, my upcoming vacation, but if you see fit to ignore my letter dated August 9, 2023, and this correspondence, please at least respect that I hereby demand that any presentation you make to any court prior to my full participation as counsel for Anthony Deo include copies of my letter dated August 9, 2023, as well as this correspondence. It is my specific provision that failing to include these two letters would constitute an intentional attempt to mislead any court that does not also possess these letters when making any decision impacting my client.
8. To be clear: We deny stealing 102 cars, we deny stealing any cars, we deny stealing $760,000.00, we deny that your client has any right or cause to lock out my client, we deny possessing anything illegally or without your clients' full knowledge and approvals, and we remind you and your clients of the litigation hold and that your clients should be very careful not to operate that dealership other than in the normal course now that they forced my client out the door after eight plus (8+) months of his operation of same.

Candidly counsel, and speaking metaphorically, it looks pretty clear that your client went to the dance with my client, and after getting there, decided some other girl looked prettier and left with her. Electronic records don't lie. I have more than apparently your clients think that they managed to keep from my client, and of course, I will get every record going forward and backward for at least two years to see why Mr. Urrutia is experiencing the money problems he seems to be experiencing that causes him to treat Superb as his own piggy bank.

I remain,

Very truly yours,

Harry R. Thomasson

Cc: M/M Anthony Deo

3

# Harry Thomasson

**From:** Harry Thomasson <hrtatty@verizon.net>
**Sent:** Friday, August 11, 2023 5:05 PM
**To:** 'Emanuel Kataev'
**Subject:** Superb Motors

Counsel:

Shortly after I sent you my correspondence in an email attachment an hour or so ago, Mr. Novicky wrote to me in a text message with information regarding floor plan providers. I informed Mr. Novicky that communication needs to go through counsel only, and told him (and I tell you now) that if anyone from NMAC or NextGear wish to communicate with my client, they should reach me. Feel free to inform them of my contact information. And please be advised that it is very transparent and telling that through the writing of this email, whatever has transpired in the last two weeks involving the floor plan providers has not involved ANY contact with my client. Apparently one or both of your clients, Mr. Urrutia and Mr. Novicky, have both communicated with the floor plan providers and caused whatever they have caused with the floor plan providers including, but not limited to, three separate audits earlier this week. I am really not interested in hearing the floor plan providers' position from anyone but the floor plan providers at this point. If you or your clients are in touch with the floor plan providers hereafter and they wish to speak with my client, PLEASE GIVE THEM MY CONTACT INFORMATION. Thank you.

**Harry R. Thomasson, Esq.**
3280 Sunrise Highway, Ste. 112
Wantagh, New York 11793
Tel. 516-557-5459
Email: hrtatty@verizon.net

If you receive this email in error, please destroy it and notify the sender immediately. No privilege is waived by sending this email in error. Sender does not give tax advice. Please contact an appropriate tax specialist for tax advice.

1

# Harry Thomasson

**From:** Harry Thomasson <hrtatty@verizon.net>
**Sent:** Monday, August 14, 2023 10:45 AM
**To:** 'Emanuel Kataev'
**Subject:** Superb Motors and Anthony Deo

Dear Mr. Kataev:

Please be advised that Bruce Novicky is ignoring my very basic instruction to stop communicating with me directly and he continues to attempt to reach me, today, via text. He is represented by counsel and I will not even read what he is writing. That said, my client informs me that Mr. Novicky and/or Mr. Urrutia expect to pick up cars today from the Syosset and/or Amityville locations. Please be advised that we do not agree with that request, and you are hereby advised that anyone from Superb or connected with Superb or sent by Superb to my client's Syosset and/or Amityville locations will be considered trespassers and will be treated as such. To be clear, please instruct your clients that no one from Superb is allowed at my clients' properties until and unless a resolution is reached allowing them access to my clients' properties. Thank you.

**Harry R. Thomasson, Esq.**
3280 Sunrise Highway, Ste. 112
Wantagh, New York  11793
Tel. 516-557-5459
Email: hrtatty@verizon.net

If you receive this email in error, please destroy it and notify the sender immediately. No privilege is waived by sending this email in error. Sender does not give tax advice. Please contact an appropriate tax specialist for tax advice.

1

# Harry Thomasson

| | |
|---|---|
| **From:** | Harry Thomasson <hrtatty@verizon.net> |
| **Sent:** | Tuesday, August 15, 2023 5:01 PM |
| **To:** | 'Emanuel Kataev' |
| **Subject:** | Anthony Deo and Superb Motors |
| **Attachments:** | Atty.ltr.to.Millman.Labuda.8.15.23.pdf |

Mr. Kataev:

Attached hereto please find self-explanatory correspondence. Thank you.

**Harry R. Thomasson, Esq.**
3280 Sunrise Highway, Ste. 112
Wantagh, New York  11793
Tel. 516-557-5459
Email:  hrtatty@verizon.net

If you receive this email in error, please destroy it and notify the sender immediately.  No privilege is waived by sending this email in error.  Sender does not give tax advice.  Please contact an appropriate tax specialist for tax advice.

1

### Harry R. Thomasson, Esq.
3280 Sunrise Highway, Box 112
Wantagh, New York 11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:
Massachusetts
New York

August 15, 2023

VIA EMAIL ONLY TO Emanuel@mllaborlaw.com

Emanuel Kataev, Esq.
MILMAN LABUDA LAW GROUP PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073

    Re:    Anthony Deo and Superb Motors

Dear Mr. Kataev:

    I am writing in response to your correspondence received today via email. Please be advised, as follows:

1. I have told you on one or more occasions to stop communicating with my client. Today's email from you was copied to my client. He is represented by counsel. DO NOT COMMUNICATE WITH MY CLIENT AGAIN OR I WILL GO TO THE BAR GRIEVANCE COMMITTEE.
2. From your continuing correspondence, it seems clear that you are not that familiar with how floor plans work. My client has cooperated with audits at his Syosset store through Superb's floor plans since at least December, 2022. If there was a problem with those audit's at the Syosset store, he would have been so notified long ago. Stop trying to suggest that it is a problem for cars to be at that location (and at the Sunrise Highway location in Amityville) since Superb cars have been at those locations with your clients' full knowledge and authority (if necessary, all rights reserved) since at least December, 2022.
3. If there is a problem now, and my client has not spoken to the floor plan companies in months, then 1) the floor plan companies can speak with me anytime; 2) we certainly are not just accepting the word of people who falsely claim that my client "stole" 102 cars; 3) we certainly are not just accepting the word of people who falsely claim that my client "stole" $760,000.00; 4) the situation is being created by your clients, obviously, because only your clients have contacted (and manipulated) the floor plan companies and my client has not spoken to them in months; and 5) we are not doing anything until and unless I review the floor plan contracts and speak with the floor plan companies myself.
4. Accordingly, please forward the floor plan contracts for my review at your earliest convenience.

1

    This letter is in addition to my prior letters and emails, and I continue to insist that if you are trying to position this case for a favorable *ex parte* ruling while I am on vacation, I insist on my letters and emails also being given to any judge you may approach on the subject or risk intentionally misleading the Court. Awaiting those contracts, I remain,

                                            Very truly yours,

                                            Harry R. Thomasson

Cc:    M/M Anthony Deo