# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  
Wantagh, New York  11793  
Tel. 516-557-5459  
hrtatty@verizon.net

Admitted:  
Massachusetts  
New York

September 12, 2023

Honorable Orelia E. Merchant  
U.S. Federal District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

      Re:   *Superb Motors, Inc., et al. v. Anthony Deo, et al.*  
            Case No. 2:23-cv-6188 (OM) (ST)

Your Honor:

      Please be reminded that this office represents Anthony Deo, Sara Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp., with respect to the above referenced action.

      Yesterday, Plaintiffs' counsel emailed me requesting that I accept "service of process" without any further explanation or definition of what was meant.  I was working all weekend and yesterday into the evening on the paperwork I filed early last night, including my limited Notice of Appearance, and also including a problem with one exhibit (H) that took some time to fix and upload separately.  I did not see that email from counsel until today.

      Today, I received another, similar email asking me if I would accept "service of process."  In advance of the Court's scheduled conference on Thursday, I wanted everyone, especially the Court, to understand my position on behalf of my clients, since it appears what I wrote in last night's Declarations is not clear given another similar email today.

      To date, counsel has mailed me three Orders from this Court.  Neither I nor any other Defendant, to my knowledge, has received a single document filed by Plaintiffs in this case.  I am asserting a lack of service as a defense to the requested injunctive relief as a preliminary matter to conducting the conference/hearing.  Also contained in my papers are substantive defenses to the requested injunctive relief, and an offer to not dispose of any of the vehicles in my clients' possession pending further Order of this Court (Note:  the parties do not agree which vehicles are in my clients' possession and also belong to Superb; on the night of the Lockout, plaintiffs told the police that there were 102 such vehicles; Plaintiffs' current list contains 89 vehicles; my clients indicate that 29 of the 89 currently listed vehicles are in their possession).

  To date, I have not received any request for accepting service of the Summons/Complaint consistent with the requirements of F.R.C.P. Rule 4; if and when such a request is made of me and/or my clients we will deal with the issue in due course consistent with Rule 4.  As for the injunction papers, we are not accepting service of those papers at this time; everyone is aware that I wanted more time to deal with the issue and Plaintiffs not only refused to give me more time but pushed for the matter to be decided immediately upon my return from being out of state, which dates Plaintiffs were given before I left.  Candidly, filing the papers they filed on the date they knew I was leaving was not and could not be a coincidence.  If the injunction papers are re-filed and a renewed request to accept service is made, we will deal with that request at that time.

  No offense is intended to anyone, especially the Court, but I just don't know how we can proceed substantively on Thursday under these circumstances.  The Defendants, *all of them,* have never been given a document filed by Plaintiffs, and I am unaware of any obligation in the Rules for the Defendants to search for those documents.  Please also see my Declaration filed yesterday along with Exhibit I, which bears directly and further on this issue.

  I remain,

        Very truly yours,

        /S/

        Harry R. Thomasson