UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

　　　　　　　　　　　　　　　Plaintiffs,

　　-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

　　　　　　　　　　　　　　　Defendants.

-------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (OEM) (ST)

**PLAINTIFFS SUPERB MOTORS, INC., TEAM AUTO SALES LLC, AND ROBERT ANTHONY URRUTIA'S REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR A PRELIMINARY INJUNCTION**

**PRELIMINARY STATEMENT**

Unable to contradict any of the Plaintiffs' allegations, all of which are supported by incontrovertible evidence, Defendants resort to unavailing procedural arguments, outright perjury, and playing the "race" card. These desperate attempts to escape the inevitable conclusion this Court must make must be seen for what they are, especially given the complete lack of authority provided on any point by their esteemed counsel, who failed to revise his declaration to note his name instead of his clients.

As set forth in Plaintiffs' moving papers, letter motion for reconsideration, September 6, 2023 letter motion, and Mr. Urrutia's reply declaration, all of which are incorporated by reference herein, irreparable harm will occur absent this Court issuing an Order requiring Defendants to return the vehicles they have stolen from Plaintiffs.

**ARGUMENT**

**A. Irreparable Harm Will Occur Absent Relief**

As set forth in Plaintiffs' September 6, 2023 letter to this Court, the risk of having your business shut down constitutes irreparable harm. See ECF Docket Entry 23 at 1 n. 1. Plaintiffs respectfully incorporate these arguments by reference herein.

Further, even in finding that monetary damages may constitute adequate compensation for broader harms, courts routinely nonetheless make findings of a risk of irreparable harm justifying limited injunctive relief pending litigation. See Nielsen Consumer LLC v. NPD Group, Inc., 2023 WL 5534694, at *6 (S.D.N.Y. 2023). The relief requested here falls squarely within the limited injunctive relief sought to avoid a specific risk of irreparable harm. As set forth in the Reply Declaration of Mr. Urrutia, because Defendants have pillaged Superb of all its cash and stolen funds, he is left holding the proverbial bag and unable to pay nearly $400,000.00 in payoffs to Next Gear Capital, which will result in shutting down Superb because he cannot afford to pay.

This harm can be avoided by requiring the vehicles to be returned to Plaintiffs such that they may confirm the vehicles are present where they are required to be and will then no longer have to make a payoff they do not have the money to pay. If the court provides relief, Superb may remain in operation. If the court does not, Superb will shut down and terminate all of its employees – no amount of money damages will ever suffice to make Superb whole after that. See ECF Docket Entry 16 at 5 ("The return of the vehicles will avert the above risks while maintaining the *status quo*. The balance of the equities tip in Plaintiffs' favor in granting this request, as denying it will lead to Plaintiffs being forced to pay another $1 million and forced out of business due to no operating capital, while granting the relief sought will maintain the *status quo* and avert the very real crisis that is currently looming. It must be emphasized that Defendants have nothing to lose in returning the vehicles, while Plaintiffs have everything to lose if the vehicles are not returned. …").

Moreover, "irreparable harm may be found where damages are difficult to establish and measure." See Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 404 (2d Cir. 2004) (citing Ticor Title Ins. Co. v. Cohen, 173 F.3d 63, 69 (2d Cir. 1999)). In addition, the loss of reputation, goodwill, and business opportunities can therefore constitute irreparable harm. See id.; see also New York City Triathlon, LLC v. NYC Triathlon Club, Inc., 704 F. Supp. 2d 305, 343 (S.D.N.Y. 2010) ("Prospective loss of goodwill alone is sufficient to support a finding of irreparable harm").

As demonstrated herein, Plaintiffs are not the only victims of Defendants' conduct, as numerous customers have similarly been harmed by the various frauds Defendants have engaged in, as specified in the declarations of Mr. Urrutia. Given the foregoing, Superb's good will and reputation has been tarnished. More importantly, Superb has lost the ability to finance the purchase of any vehicles. Like a clogged artery, this will surely lead to Superb's death.

Accordingly, Plaintiffs are entitled to injunctive relief.

### B. Defendants Have Been Apprised of this Motion & Suffer No Prejudice

Defendants' attempt to argue that service was not properly effectuated fails for the reasons set forth in Plaintiffs' letter response dated September 13, 2023. See ECF Docket Entry 37. Further, Plaintiffs respectfully submit that they properly sought *ex parte* relief such that notice was never necessary. Notwithstanding, Plaintiffs provided Defendants notice and Defendants responded to oppose the relief requested. See ECF Docket Entry 12.

Accordingly, Defendants' procedural arguments concerning service must be rejected.

### CONCLUSION

Plaintiffs have demonstrated a likelihood of success on the merits of their claims against Defendants and that without an award of injunctive relief under Rule 65, RICO, and the DTSA, they would suffer immediate and irreparable harm.

Plaintiffs have no adequate remedy at law and are therefore entitled to a preliminary injunction requiring Defendants to return the vehicles they misappropriated from Plaintiffs dealerships.

Dated: Lake Success, New York
September 13, 2023

Respectfully submitted,
**MILMAN LABUDA LAW GROUP PLLC**
　　　　/s/
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

3

**VIA ECF**
All counsel of record.