UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                      Case No. 2:23-cv-6188 (OEM)(ST)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC.,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HIGHWAY AUTO LLC., NORTHSHORE MOTOR
LEASING, LLC., BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR
LEASING, LLC, JOSHUA AARONSON, individually and
derivatively as a member of 189 SUNRISE HWY AUTO,
LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, and ISLAND AUTO
MANAGEMENT, LLC,

                                       Plaintiffs,

    -against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON,
DWIGHT BLAKENSHIP, MARC MERCKLING,
MICHAEL LAURIE, TOMAS JONES, CPA, CAR BUYERS
NYC INC., GOLD COAST CARS OF SYOSSET LLC,
GOLD COAST CARS OF SUNRISE LLC, GOLD COAST
MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS CORP.,
DLA CAPITAL PARTNERS INC., JONES LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING,
LLC,

                                       Defendants.

----------------------------------------------------------------------X

**DECLARATION OF HARRY THOMASSON IN OPPOSITION
TO PLAINTIFFS' "EMERGENCY" APPLICATION FILED 9/14/23 and
DEFENDANTS' APPLICATION FOR SANCTIONS**

Harry Thomasson, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury that the following is true and correct:

1. I am an attorney in good standing in the State of New York, and I represent Defendants ANTHONY DEO, SARA DEO, HARRY THOMASSON, DWIGHT BLAKENSHIP, MARC MERCKLING, MICHAEL LAURIE, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., in the instant action for the sole purpose of opposing the instant application for injunctive relief; as such, I have first-hand knowledge of the facts recited herein.

2. By and through the Exhibits 1-3 submitted herewith, and in particular Exhibits 2 and 3, my client has inarguably demonstrated to this Court that Plaintiffs lied to this Court at yesterday's hearing when they indicated that 1) they didn't know about the Gold Coast dealerships opening at Deo's Syosset and Amityville locations; and 2) that they didn't know about the Flushing Bank account opened by Deo in April, 2023.

3. Simply put, the emails and texts provided and attached as Exhibits 2 and 3 prove beyond any doubt that Plaintiffs not only knew of the dealerships re-opening and the Flushing Bank account being opened, but Urrutia and Novicky also actively helped with both by providing Superb's Certificate of Incorporation for the bank account, and helped to celebrate the dealerships' re-openings after receiving the license(s) therefore.

4. In our underlying papers I provided a list of Plaintiffs' wrongdoing associated with the instant case and applications for injunctive relief, including:

a. Plaintiffs and their counsel repeatedly ignored clear, written, specific instructions to avoid direct contact with Defendants as set forth *at length* in Exhibit I;

b. The Aaronson Plaintiffs having failed to obtain relief in Nassau Supreme Court on the basis that they "failed to demonstrate a likelihood of success on the merits of their claims" of ownership of my clients' businesses and dealerships both continue to play keep away with the documentation needed to operate those dealerships, approved my clients as owners for tax filing purposes (Exhibit B), yet then came to this Court for "another bite of the apple" against the same Defendants, at the core of their (repeated) claims here. Moreover, given Exhibit B and the Nassau Court's June, 2023 Order, it is palpably improper for these Plaintiffs to bring claims on behalf of NorthShore and Sunrise; not only did the Aaronson Plaintiffs specifically approve of my clients' filing of tax returns as owners of NorthShore and Sunrise, but the Deos have also subsequently filed both state and federal tax documents as owners of those two corporations, while the Aaronson group have filed exactly none;

c. Plaintiffs improperly moved for reconsideration, twice, and now also filed a late "emergency" application of their own creation;

d. The Plaintiffs' RICO claims would be laughable if not so incredibly serious (and are totally without support in fact or law);

e. The Plaintiffs' RICO claims against the Deos' lawyer (undersigned) and accountants (Thomas Jones and Jones Little) are nothing short of disgusting and without any basis whatsoever in law or fact, but are instead transparently

      intended to disqualify chosen professionals from conducting the instant litigation;

f. The Urrutia Plaintiffs change of Superb's name to "Team Auto" after commencing this action and without any input from partner Anthony Deo is either pure secretive underhandedness planned for months, or was done in violation of NYDMV Regulations regarding signs and licenses such that it endangers Superb's business license to operate from NYDMV;

g. Allegations that Deo cost Superb money belies the simple facts that Urrutia controls the finances at Superb, not Deo, and the attached financial reports clearly and unequivocally indicate that Superb's finances significantly improved after Deo took day to day control of the dealership, contrary to claimed wrongdoing asserted by the Plaintiffs;

h. Allegations made on the night of August 3, 2023 to aid the Plaintiffs in locking out an owner of the dealership, Anthony Deo, that he stole 102 cars and $760,000.00 are no longer made and were facially false when made;

i. Plaintiffs arranged to create the instant "emergency" themselves by notifying their friendly representatives with the Floor Plan companies that Deo had cars that Plaintiffs knew he had but now conveniently claim were stolen so the Floor Plan companies would become alarmed (if genuinely, at all) and align with Plaintiffs in trying to get the cars back; neither Deo nor anyone else on behalf of Deo told the Floor Plan companies where to go to conduct the audits of cars at Deo's lots, it had to come directly or indirectly from these Plaintiffs;

4

j. Deo's expansion of the business through marketing and creating leads and buying inventory at auctions created a need for space to store cars Superb was selling, and due to the Josh Aaronson Plaintiffs' efforts at playing keep away with NorthShore's and Sunrise's operating documents, accounts, files, and software, Deo had the lot space Superb needed to store those extra cars, and Plaintiffs intentionally failed to disclose this important fact to this Court;

k. Josh Aaronson's Nassau County Plaintiffs tried and failed to get those cars removed from Deo's possession in the Nassau County case; to that extent, it is improper for another bite of that apple here;

l. The Superb cars in question are safer with Deo than with Urrutia under the joined and explained circumstances;

m. The list attached as Exhibit G is unsupported hearsay; more than half of that list are cars that 1) are not in Deo's possession; 2) were never in Deo's possession; 3) are demos properly in Deo's possession; 4) are Deo's (notably the Rolls Royce that Deo confronted Urrutia about in the week prior to the Lockout); and 5) were utilized by Tony Urrutia or those on his behalf;

n. It is Urrutia who both controls the finances and all deals/paperwork at Superb and has treated those finances as his own piggy bank to save, *inter alia,* his Connecticut dealerships;

o. Urrutia took $650,000.00 from Superb in the weeks before closing his deal with Deo without disclosing same, and the February, 2023 NMAC report/review that revealed this transaction was kept from Deo for almost 5 months until Urrutia

5

   and his COO utilized it to prove the desperate need for more money from Deo in July.

5. Now, Plaintiffs have been caught making bald faced lies to this Court regarding Flushing Bank and the re-opening of my clients' dealerships by and through the clear Exhibits 2 and 3.

6. Given the "unclean hands" doctrine, Plaintiffs are simply not entitled to equitable relief.

7. I ask this Court to "do the right thing" and turn down their application. It is not in good faith, your Honer, and I argue that their application is *inarguably* in bad faith, given the within.

8. I have spend over 50 hours of work in the last month on behalf of my clients caused by these Plaintiffs actions on and after the LockOut.

9. I charge $500.00 per hour at this point in my career (34 years), and it's all so unnecessary and solely caused by Plaintiffs' dishonesty in trying to crush my clients' livelihoods, all as a transparent "best defense is a good offense" strategy.

10. These Plaintiffs have cost my clients many millions of dollars since November, all out of greed and revenge when my clients questioned their financial improprieties.

11. I ask this Court for sanctions for these transgressions against the Plaintiffs and their lawyers.

12. I ask this Court to deny their claimed relief on the basis of unclean hands, at the very least. There is no emergency here, your Honor. This case can and should be addressed with a remedy at law, if Plaintiffs are even entitled to that, which we deny.

13. Please do the right thing here, your Honor.

AFFIRMED UNDER THE PAINS AND PENALTIES OF PERJURY.

Dated: Lindenhurst, New York
       September 15, 2023

Harry R. Thomasson, Esq.
3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel.  516-557-5459
Email:  hrtatty@verizon.net

7