UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                              Plaintiffs,

      -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

                              Defendants.
------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (OEM) (ST)

**PLAINTIFFS SUPERB MOTORS INC., TEAM AUTO SALES LLC, AND ROBERT ANTHONY URRUTIA'S MEMORANDUM OF LAW IN SUPPORT OF <u>THEIR MOTION TO SEAL</u>**

## INTRODUCTION

Plaintiffs Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia (the "Moving Plaintiffs") respectfully submit this memorandum of law pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure to file under seal, as part of the Moving Plaintiffs' Order to show cause for injunctive and equitable relief under the Defend Trade Secrets Act ("DTSA") and Racketeer Influenced & Corrupt Organizations Act ("RICO"), selected documents and/or portions of documents containing non-public confidential information, including financial information and trade secrets of the Moving Plaintiffs.

## PRELIMINARY STATEMENT

The Moving Plaintiffs initiated the instant lawsuit against Defendants for, *inter alia*, violations of the DTSA and RICO because they are engaged in and continue to engage in various schemes to defraud Plaintiffs together with their vendors and customers, and steal the Moving Plaintiffs' trade secrets to unfairly compete in a separate dealership group with the confidential information and trade secrets of the Moving Plaintiffs.

With the money, assets, and confidential information in hand, Defendants have taken the easy street to success by engaging in the same business as the Moving Plaintiffs without going through the great expense of earning the operating capital, purchasing tools for success, and building a customer and client base to run a profitable dealership group.

Defendants have engaged in these criminal and morally deplorable acts for months right under the Moving Plaintiffs' nose. The Moving Plaintiffs thus respectfully seek an Order requiring crucially needed injunctive and equitable relief to obtain justice and stop Defendants from getting away with the crimes they have committed.

2

In order to provide this Court with compelling evidence of the existence of irreparable harm, the Moving Plaintiffs must provide this Court with documents containing confidential information, including those the Moving Plaintiffs are contractually required to keep confidential and that are otherwise protected by the DTSA as trade secrets. This information, necessary for a proper determination of Plaintiffs' Order to show cause, falls into categories of documents regularly sealed by courts in the Second Circuit, as the confidentiality issues implicated by the information are lofty while any countervailing public interest in public access to such documents is significantly lower.

The Moving Plaintiffs, in recognition of the need to make available to the public as much of the motion as possible, have minimized the portion requiring special treatment. The Moving Plaintiffs thus seeks to file only one exhibit completely under seal—those which contain its agreements with its primary floorplan lender and that expressly require confidentiality of the terms thereof. The remainder of the Moving Plaintiffs' submissions in conjunction with their motion for injunctive and equitable relief are filed and available on the public docket. Because the relevant information is of the type regularly filed under seal, and because the amount sought to be sealed is a small portion of the larger motion submissions, the Moving Plaintiffs respectfully request that this Court grants its motion to seal.

## DOCUMENTS TO SEAL

The proposed sealed and/or redacted documents have already been filed under seal on the ECF system. See ECF Docket Entry 18-1.

## ARGUMENT

### I. The Legal Standard for Sealing Documents Filed in Court

There is a longstanding presumption and strong public policy favoring public access to court records. See, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–98 (1978). This "presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." See U.S. v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).

However, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).

Moreover, courts must then "balance competing considerations against [public disclosure of a judicial document]." See Lugosch, 435 F.3d at 120.

### II. Defendants Seek to File Under Seal Documents Containing Trade Secrets

Federal courts have the power to permit sealing of documents where higher values are served by permitting some documents to kept from public disclosure. This is particularly true when the requests are narrowly tailored, maximizing the amount of the filing available to the public. As part of its Order to show cause seeking equitable and injunctive relief, the Moving Plaintiffs seek to file a targeted portion of its motion papers under seal. This information, implicating contractually confidential agreements, trade secrets, and the financial information of the Moving Plaintiffs is routinely recognized as confidential by their very nature.

As described below, the information subject to this motion should have protection from public disclosure due to their subject matter and the privacy interests involved.

4

Further, the information subject to this motion should have protection from public disclosure because the Moving Plaintiffs value their relationship with the floorplan lender and do not want to be found in breach of the confidentiality provisions in their agreement with the floorplan lender by virtue of placing the agreement on the public docket.

### A. Courts Routinely Permit Filings Containing Trade Secrets to be Filed Under Seal

The Moving Plaintiffs seek to submit multiple documents that contain sensitive financial information and implicate the privacy protections put in place through DTSA and by virtue of the confidentiality provisions in the Moving Plaintiffs' agreement with its floor plan lender.

Accordingly, the Moving Plaintiffs look to file under seal the entirety of the agreement it has with its floor plan lender, which contains various confidential information and trade secrets that it expressly agreed to keep confidential.

Courts routinely grant motions to seal in such circumstances. See ValveTech, Inc. v Aerojet Rocketdyne, Inc., No. 17-CIV.-6788 (FPG), 2019 WL 4688737, at *4 (W.D.N.Y. Sep. 26, 2019) ("ValveTech describes its alleged trade secrets in greater detail in a separate Trade Secret Disclosure statement that it filed under seal and incorporated into its Amended Complaint by reference. As an exhibit to that statement, ValveTech attached a list of numerous documents in Aerojet's possession that allegedly contain ValveTech's trade secret information"); see also Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (noting that categories commonly sealed include those containing trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information").

5

In determining whether pursuant to Rule 26(c)(1)(G), because they are trade secrets, documents shall be filed under seal, courts consider: "(1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the measures taken to guard the information's secrecy; (4) the value of the information to the business or to its competitors; (5) the amount of time, money, and effort expended in development of the information; and (6) the ease or difficulty [in] duplicating or properly acquiring the information." See Capricorn Mgt. Sys., Inc. v Govt. Employees Ins. Co., No. 15-CIV.-2926 (DRH) (SIL), 2019 WL 5694256, at *20 (E.D.N.Y. Jul. 22, 2019), report and recommendation adopted, 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020) (citing Nycomed US, Inc. v. Glenmark Generics, Inc., No. 08-CIV.-5023, 2010 WL 889799, at *5 (E.D.N.Y. Mar. 8, 2010).

Here, the Moving Plaintiffs respectfully submit that the information concerning their business submitted under seal herein is not known outside of the business at all is contractually required to be kept confidential by the Moving Plaintiffs. The measures taken by the Moving Plaintiffs to keep such information confidential are set forth in their declarations in support of the underlying motion, and include limiting access to the information as well as technological efforts to safeguard the information. The value of the information sought to be protected is easily shown by the very fact that it is expressly required to be kept confidential by the Moving Plaintiffs' floorplan lender. As such, virtually every factor militates in favor of granting the motion to seal.

Accordingly, in order to comply with federal law and protect its interests, the Moving Plaintiffs submit that the Court should grant their motion to have these documents filed under seal.

### B. The Moving Plaintiffs Seek to Seal Portions Containing Non-Public Business Information

The Moving Plaintiffs have compelling evidence to share with this Court concerning their claims, but this evidence implicates the Moving Plaintiffs' business and financial information.

To protect the privacy interests intendent with such information, Plaintiff requests to seal these documents as well. Should this information become public, competing entities would gain a competitive advantage by knowing how the Moving Plaintiffs operate and will enable those competitors to have an edge in competing against the Moving Plaintiffs in the future. Moreover, the Moving Plaintiffs are required to keep this information confidential in accordance with their agreement with the floorplan lender, and – as such – filing these documents publicly will cause them to be in breach with their floorplan lender.

"Protecting … specific business information are values that overcome the presumption of public access." See Re: Mindbody, Inc. Securities Litigation, 2021 WL 3500176, at *3 (citing Louis Vuitton Malletier S.A. v. Sunny Merch. Corp., 97 F. Supp. 3d 485, 511 (S.D.N.Y. March 31, 2015)); see also Mitchell v. Metropolitan Life Ins. Co., Inc., No. 03-cv-10294, 2004 WL 2439704, at *2 (S.D.N.Y. Nov. 2, 2004) (ordering the confidentiality of earnings, expense analyses and business plans containing internal financial analyses, business plans and other sensitive company information) (citation omitted). Sensitive business information, such as the Moving Plaintiffs' financial information and confidential agreement with their floorplan lender, outweigh the public's presumed right of access. See Valassis Commc'ns. Inc., 2020 WL 2190708, at *3-4 (finding that the presumption of public access is outweighed by the party's business secrecy interests as well as by the personal privacy interests in employee compensation).

Accordingly, Defendants request that these selected records be filed under seal or in redacted form as well. Further, the parties should be required to enter into an appropriate confidentiality stipulation and Order prior to sharing any such confidential agreements with each other.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to seal the identified portions of their submissions made as part of their motion.

Dated: Lake Success, New York
September 17, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*