# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 3, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Orelia E. Merchant, U.S.D.J.
225 Cadman Plaza East
Courtroom 6C South
Brooklyn, NY 11201-1804

  *Re:* <u>Superb Motors Inc., *et al.* v. Deo, *et al.*</u>
     <u>Case No.: 2:23-cv-6188 (OEM) (JMW)</u>

Dear Judge Merchant:

  This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.

  The Superb Plaintiffs respectfully submit this letter response in opposition to Defendant Flushing Bank's letter motion for a pre-motion conference in anticipation of their motion to dismiss. For the reasons set forth below, Flushing Bank's letter motion should be denied without prejudice. Contrary to their position that Flushing Bank has done nothing wrong, there is already evidence in the record that it has. See ECF Docket Entry 50-1 at ¶¶ 18-28. Based on the foregoing, alone, Flushing Bank either directly participated in the fraud by and through its employees, or was grossly negligent in permitting Defendant Anthony Deo ("Deo") to open an account when he had no authority to do so. Further, Flushing Bank's conduct violated its own Know Your Customer ("KYC") policies in order to aid and abet Deo and his cohort in effectuating their fraud upon the Superb Plaintiffs. Without Flushing Bank's assistance, Deo would not have succeeded in defrauding the Superb Plaintiffs.

  With this factual background in mind, to plead a conspiracy claim under the Racketeer Influenced & Corrupt Organizations Act ("RICO"), a plaintiff must allege that the defendant participated in "an agreement to violate RICO's substantive provisions." See <u>One World, LLC v. Onoufriadis</u>, 2021 WL 4452070, at *1 (2d Cir. 2021) (summary order) (internal quotation marks omitted). Indeed, the purpose of RICO is, in part, to "protect[ ] the public from those who would unlawfully use an 'enterprise' (whether legitimate or illegitimate) as a 'vehicle' through which unlawful activity is committed." See <u>Cedric Kushner Promotions, Ltd. v. King</u>, 533 U.S. 158, 163-65 (2001) (citation omitted). Crucially, "one is liable under RICO if he or she has discretionary authority in carrying out the instructions of the [enterprise's] principals, or played some part in directing the affairs of the RICO enterprise." See <u>Baisch v. Gallina</u>, 346 F.3d 366, 376 (2d Cir. 2003) (cleaned up). Generally, "the 'operation or management' test typically has proven to be a relatively low hurdle for plaintiffs to clear, especially at the pleading stage." See <u>First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.</u>, 385 F.3d 159, 176 (2d Cir. 2004) (citation omitted).

Further, the Second Circuit has held that the "bare minimum of a RICO charge is that a defendant personally committed or aided and abetted the commission of two predicate acts." See McLaughlin v. Anderson, 962 F.2d 187, 192 (2d Cir. 1992) (emphasis added). And more recently, the Circuit stated in *dicta* that "it is no great leap to find that one who assists in [a] fraud also conducts or participates in the conduct of the affairs of the enterprise," See Satinwood, 385 F.3d at 178.

Based on the above authority and the facts known at this early stage in the litigation, Flushing Bank directly or indirectly participated in the RICO conspiracy alleged here, and benefitted from the complained-of conduct.

Notwithstanding the foregoing, the Superb Plaintiffs will file an amended complaint as of right such that they should be able to cure any technical defects in the complaint and provide more substantive allegations as to Flushing Bank's conduct giving rise to the claims the Superb Plaintiffs brought against it.[1] See Fed. R. Civ. P. 15(a)(1)(A). Doing so would serve the letter and spirit of Rule 1of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule'), which require that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added).

Accordingly, Flushing Bank's letter motion for a pre-motion conference should be denied as premature, and the Plaintiffs should be afforded until Friday, October 13, 2023 to file an amended complaint. The Superb Plaintiffs thank this Court for its time and attention to this case.

Dated: Lake Success, New York
       October 3, 2023

Respectfully submitted,
**MILMAN LABUDA LAW GROUP PLLC**
_____/s_____
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (telephone)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

---

[1] To the extent it is necessary, Plaintiffs respectfully request leave to amend. See Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); see also Mathon v. Marine Midland Bank, N.A., 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead granted where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy").

**VIA ECF**
Cyruli Shanks & Zizmor LLP
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

**VIA ECF**
Harry R. Thomasson, Esq.
3280 Sunrise Highway, Box 112
Wantagh, NY 11793
(516) 557-5459 (cellular)
hrtatty@verizon.net

*Attorneys for Defendants*
*Anthony Deo*
*Sarah Deo,*
*Harry Thomasson,*
*Dwight Blankenship,*
*Marc Merckling,*
*Michael Laurie,*
*Car Buyers NYC Inc.,*
*Gold Coast Cars of Syosset LLC,*
*Gold Coast Cars of Sunrise LLC,*
*Gold Coast Motors Automotive Group LLC,*
*Gold Coast Motors of LIC LLC,*
*Gold Coast Motors of Roslyn LLC,*
*Gold Coast Motors of Smithtown LLC,*
*and UEA Premier Motors Corp.*

**VIA ECF**
Milber Makris Plousadis & Seiden, LLP
Peter Sieden & John Lentinello, Esqs.
1000 Woodbury Road, Suite 402
Woodbury, NY 11797-2511
(516) 870-1102 (office)
pseiden@milbermakris.com
jlentinello@milbermakris.com

*Attorneys for Defendants*
*Jones, Little & Co., CPA's LLP*
*& Thomas Jones CPA*

**VIA ECF**
Cullen and Dykman LLP
Thomas S. Baylis & Ariel E. Ronneburger, Esqs.
333 Earle Ovington Blvd, 2nd Floor
Uniondale, NY 11553
(516) 357-3700 (office)
tbaylis@cullenllp.com
aronneburger@cullenllp.com

*Attorneys for Defendant*
*Flushing Bank*