# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 8, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Orelia E. Merchant, U.S.D.J.
225 Cadman Plaza East
Courtroom 6C South
Brooklyn, NY 11201-1804

      *Re*:    **<u>Superb Motors Inc.</u>***,* **<u>*et al.*</u>** **<u>v. Deo</u>***,* **<u>*et al.*</u>**
             **<u>Case No.: 2:23-cv-6188 (OEM) (JMW)</u>**

Dear Judge Merchant:

      This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively the "Superb Plaintiffs") in the above-referenced case. The Superb Plaintiffs respectfully submit this letter response in opposition to Defendants' wholly improper requests to avoid compliance with this Court's Preliminary Injunction, which directly contravene the dictates of same.

      On September 29, 2023, this Court found that the Superb Plaintiffs have established irreparable harm, have a likelihood of success on the merits of their claims, that the balance of equities tip in our favor, and that the public interest factor is neutral, and issued a preliminary injunction (hereinafter the "Order") requiring, *inter alia*, that the Injuncted Deo Vehicles[1] *Remain* or otherwise be at Deo Defendants' Deo Lots.[2] See ECF Docket Entry 55 at 28-29. The term Remain was clearly defined in the Order as: (i) "may not leave the geographic area or bounds of the appointed lot;" (ii) "may not be sold, transferred, gifted, disposed, destroyed, or otherwise encumbered;" (iii) "may not otherwise change legal or equitable title except as ordered by another court of competent jurisdiction;" and (iv) "*may not be driven or otherwise used* or maintained on the lot in such a way that would damage the resale value of the vehicle." Id. at 29. The Order further provides that no injuncted vehicle may be removed from the appointed lot absent this Court's Order, and that any party seeking to modify the injunction must file a pre-motion conference letter with the Court pursuant to this Court's individual practice rules. Id. at 30.

---

[1] This is defined as: (i) 2023 Chevrolet Suburban with a VIN # ending in "8675;" (ii) 2020 Mercedes-Benz GLE with a VIN # ending in "4078;" (iii) 2019 Land Rover Range Rover with a VIN # ending in "3297;" (iv) 2017 Rolls Royce with a VIN # ending in "2728;" (v) 2016 Audi A6 with a VIN # ending in "9650;" and (vi) 2016 Audi Q5 with a VIN # ending in 0272.

[2] These are defined as: (i) 180 Michael Drive, Syosset, NY 11791 (Northshore); and (ii) 189 Sunrise Highway, Amityville, NY 1701 (Sunrise/Gold Cost).

On October 3, 2023, Anthony Deo ("Deo") submitted a declaration concerning compliance with the Order. See ECF Docket Entry 58. There, Deo improperly seeks permission to drive two of the six Injuncted Deo Vehicles despite this Court's clear and unambiguous Order that they must remain on one of the Deo Lots and may not be driven or otherwise used or maintained. Id. at ¶¶ 6-7. In addition, Deo informs this Court that he is surrendering possession[3] of the premises at one of the Deo Lots and therefore is unable to store vehicles there, does not believe it is safe to store the vehicles at the Amityville lot, and requests instead to store the vehicles at his home in Old Westbury while he purportedly arranges another location for his operations. Id. at ¶¶ 9-12.

The Superb Plaintiffs respectfully submit that both requests made by Defendants must be denied for a multitude of reasons.

First, Defendants have failed to comply with the Order by filing a pre-motion conference letter. Instead, they have improperly filed a declaration which essentially admits *non-compliance* with the Order.

Second, permitting Defendants to drive the 2019 Land Rover and 2023 Suburban would damage the resale value of the vehicle, by – *inter alia* – adding mileage, wear and tear, and the related consequences of using a vehicle that was intended for resale. All of this would depreciate the value of the vehicles, which inherently contradicts the nature, purpose, and spirit of the Order.

Third, driving these vehicles increases the risk of an accident and/or other risk of loss. While Defendants obtained insurance as agreed to before the Hon. James M. Wicks, U.S.M.J. ("Judge Wicks") at the Superb Plaintiffs' insistence, this did not constitute consent by them for Defendants to continue to drive the vehicles. Indeed, the parties only agreed that Defendants would provide proof of insurance for the two vehicles in question, not that they could drive them. See ECF Docket Entry 45 ¶ 5. Moreover, Judge Wicks' so Ordered stipulation made on the record and accompanying minute entry related to the settlement conference both made it clear that the parties' stipulation remains in effect *until the motion for a preliminary injunction is determined* by this Court and that all other rights are reserved by the parties. Id. at ¶¶ 4 and 7 (emphasis added); see also **Exhibit "A"** at 3:7-10 ("we've come to a resolution of the TRO only"), 7:9-10 ("All other rights are preserved for both sides. This just resolves the TRO"). Thus, Judge Wicks' Order is not dispositive of the issue of whether Defendants may drive any of the vehicles, and this Court has issued a preliminary injunction expressly enjoining the Defendants from doing so.

Fourth, Defendants have not remotely established good cause for permitting them to drive two of the six vehicles, and no fact weighs in their favor to do so. Indeed, these vehicles indisputably belong to Superb, and were financed and/or paid for by Superb. The Defendants cannot establish any right, title, or interest to these vehicles.

---

[3] It appears that Deo and his cohort have been unable to find another victim to leech off of to sustain their criminal operations, and thus needs to cut costs, despite the fact he has – also illegitimately – obtained a license to operate a dealership from the New York State Department of Motor Vehicles ("DMV"), and could conceivably successfully operate a dealership in order to afford his rent at the Syosset location. Further, with his DMV license, Deo can obtain his own demonstrator vehicles that he can pay for; there is no justification for driving Superb's vehicles.

Defendants' only argument in support of permitting them to drive these vehicles – that it is a "perk" for dealership owners and operators – is belied by the fact that they admittedly are operating a separate dealership group which they opened under Urrutia's nose.  Lastly, Urrutia is indisputably the individual with "final say" over all dealership operations at Superb.  See ECF Docket Entry 11-6 at 10-11 ¶ 12 (including as to "establishment of *policies and standards for services provided* by [Superb], as well as supervision and *complete authority* over [Superb's] activities") (emphasis added).  In any event, this so-called "perk" does not establish good cause for Defendants to request permission to flout the Order.

Moving on to Defendants' second request, the Superb Plaintiffs do not consent to storing the vehicles at Deo's home for several reasons.  Initially, the Superb Plaintiffs agree that the Amityville lot is an inappropriate location to store the six vehicles because it is an outdoor lot and the risk of damaging the resale value of the vehicles, which the Order seeks to prevent, looms large there.  Second, there is no basis for Defendants to store the vehicles at Deo's home where the same risk is present with individuals coming and going from the property.

Because Defendants are effectively unable to comply with the Order such that the risk of damage to the resale value of the vehicles is not removed, this Court should require the Defendants to return the vehicles to a Cross-Collateralized Urrutia Dealership Lot, where they will undoubtedly be safe from such risk.  Indeed, unlike the Defendants, the Superb Plaintiffs' are in complete compliance with the Order, and timely meet their obligations before this Court.

For the foregoing reasons, Defendants' requests to avoid compliance with the Order must be denied.  The Superb Plaintiffs also respectfully reiterate their requests as to the remaining forty-three (43) vehicles that Defendants have stolen and related relief.  See ECF Docket Entry 56.

The Superb Plaintiffs thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
October 8, 2023                    Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
_____/s_____
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (telephone)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

3

**VIA ECF**
Cyruli Shanks & Zizmor LLP
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

**VIA ECF**
Harry R. Thomasson, Esq.
3280 Sunrise Highway, Box 112
Wantagh, NY 11793
(516) 557-5459 (cellular)
hrtatty@verizon.net

*Attorneys for Defendants*
*Anthony Deo*
*Sarah Deo,*
*Harry Thomasson,*
*Dwight Blankenship,*
*Marc Merckling,*
*Michael Laurie,*
*Car Buyers NYC Inc.,*
*Gold Coast Cars of Syosset LLC,*
*Gold Coast Cars of Sunrise LLC,*
*Gold Coast Motors Automotive Group LLC,*
*Gold Coast Motors of LIC LLC,*
*Gold Coast Motors of Roslyn LLC,*
*Gold Coast Motors of Smithtown LLC,*
*and UEA Premier Motors Corp.*

**VIA ECF**
Milber Makris Plousadis & Seiden, LLP
Peter Sieden & John Lentinello, Esqs.
1000 Woodbury Road, Suite 402
Woodbury, NY 11797-2511
(516) 870-1102 (office)
pseiden@milbermakris.com
jlentinello@milbermakris.com

*Attorneys for Defendants*
*Jones, Little & Co., CPA's LLP*
*& Thomas Jones CPA*

**VIA ECF**
Cullen and Dykman LLP
Thomas S. Baylis & Ariel E. Ronneburger, Esqs.
333 Earle Ovington Blvd, 2nd Floor
Uniondale, NY 11553
(516) 357-3700 (office)
tbaylis@cullenllp.com
aronneburger@cullenllp.com

*Attorneys for Defendant*
*Flushing Bank*

4