

Cullen and Dykman LLP
333 Earle Ovington Boulevard
Uniondale, NY 11530
T: 516.357.3700
F: 516.357.3792

**Thomas S. Baylis**
**Partner and General Counsel**
**Direct Dial: (516) 357-3748**
**Email: tbaylis@cullenllp.com**

October 26, 2023

**VIA ECF**
Magistrate Judge James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

      Re:    <u>Superb Motors Inc. et al. v. Deo et al., Case No. 23-cv-6188</u>

Dear Judge Wicks:

      We represent defendant Flushing Bank ("Flushing Bank" or the "Bank") in the referenced action. We submit this letter pursuant Rule 3(D) of Your Honor's Individual Practice Rules to respectfully request a pre-motion conference with regard to a contemplated motion to dismiss the Amended Complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

      Plaintiffs' Amended Complaint contains 52 causes of action, eight of which are alleged against Flushing Bank. Of those eight, two provide the alleged basis for this Court's jurisdiction over Plaintiffs' claims against Flushing Bank: the First (Violation of RICO, 18 U.S.C. §1962) and the Second (Conspiracy Under 18 U.S.C. §1962(d)). The remaining six are state law claims brought pursuant to this Court's supplemental jurisdiction authority found in 28 U.S.C. §1367. Plaintiffs' Amended Complaint, however, fails to state a claim against Flushing Bank under either the First or Second Causes of Action. As such, there is no basis for federal jurisdiction over Flushing Bank and the Amended Complaint should be dismissed as against Flushing Bank with prejudice.

      In the "Facts" section of their Amended Complaint, running from ¶ 48 through ¶ 280, Flushing Bank is only mentioned three times: in ¶¶ 209 and 210 in which Plaintiffs allege that Anthony Deo misrepresented to Flushing Bank that he was the sole owner of Superb, and in ¶ 214 in which Plaintiffs allege that Deo deposited misappropriated customer payments into an account at the Bank and then transferred the funds to his own account. The Bank is mentioned in one paragraph in the First Cause of Action when, in ¶ 315, Plaintiffs make the conclusory assertion that unnamed Flushing Bank employees and agents permitted Deo to open an account for Superb when they knew that Deo had no authority to do so. The Bank is not mentioned at all in the Second Cause of Action.

      A.    **Plaintiffs' RICO Claims Fail to State a Claim for Relief**
              **Against Flushing Bank Thus Denying this Court**
              <u>**Jurisdiction Over Flushing Bank in This Action.**</u>

      Plaintiffs allege that this Court has jurisdiction over Flushing Bank pursuant to 28 U.S.C. §1331 based upon their claims based upon violations of RICO (18 U.S.C. §1962) and Conspiracy under 18 U.S.C. §1962(d). Plaintiffs have alleged a RICO claim and a claim for conspiracy against the Bank. Because Plaintiffs fail to state a claim under either federal statute, the action should be

dismissed as against Flushing Bank with prejudice. To establish a civil RICO claim, "a plaintiff must allege '(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity,' as well as 'injury to business or property as a result of the RICO violation.'" *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (quoting *Anatian v. Coutts Bank Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)). "The pattern of racketeering activity must consist of two or more predicate acts of racketeering." *Id.* (citing 18 U.S.C. § 1961(5)). Racketeering activity is defined as "any act which is indictable" under specified provisions of Title 18, including mail fraud, wire fraud, extortion, and bank fraud. 18 U.S.C. § 1961(1)(B)" *Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*, 17 F.Supp.3d 207, 222 (E.D.N.Y. 2014). To establish the existence of a RICO conspiracy, a plaintiff must prove "the existence of an agreement to violate RICO's substantive provisions." *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 244 (2d Cir. 1999).

Plaintiffs fail to allege any facts that support either the First or Second Cause of Action against Flushing Bank. Generously read, Plaintiffs' Amended Complaint alleges that the Bank failed to prevent the Deo Defendants from taking their allegedly wrongful actions. That, however, cannot be the basis of RICO liability against the Bank because Plaintiffs have failed to allege any facts that Flushing Bank directed or operated the scheme. *See In re Agape Litig.*, 681 F.Supp.2d 352 (E.D.N.Y. 2010) (court dismissed RICO claims against Bank of America finding plaintiff's allegations that the bank had actual knowledge of a scheme to defraud plaintiff and that bank's actions (or inaction) insufficient as a matter of law to support a RICO claim in the absence of allegations that BOA directed or operated the scheme or conspired to do so.)

Plaintiffs' lack of specificity as to any wrongdoing by Flushing Bank provides independent grounds for dismissing the Amended Complaint. As the court held in *Brookhaven Town Conservative Comm. v. Walsh*, 258 F. Supp. 3d 277, 285–86 (E.D.N.Y. 2017): "When alleging fraudulent activities as predicate acts for a RICO claim, a plaintiff must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b)." *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 172–73 (2d Cir. 1999).

**B.    The Court Should Dismiss the State and
       Common Law Claims Alleged Against Flushing Bank.**

In their 14th, 15th, 46th, 47th, 48th and 49th Causes of Action, Plaintiffs allege state law claims against the Bank for alleged including violations of the New York U.C.C., conversion and negligence. Plaintiffs acknowledge that those claims are before this Court solely under the doctrine of supplemental jurisdiction. But since the RICO claims against Flushing Bank should be dismissed, the Court should also dismiss the supplemental claims alleged against the Bank. As held by this court in *Eaves v. Levitt-Fuirst Assocs., Ltd.*, No. 22CV5525-JMA-SIL, 2023 WL 3434987, at *4 (E.D.N.Y. May 12, 2023): "[i]n the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" (citations omitted)

For the reasons set forth above, we respectfully submit that the Amended Complaint filed in this action should be dismissed as against Flushing Bank with prejudice.

Respectfully submitted,

Thomas S. Baylis

All Counsel of Record (via ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.:
2:23-cv-6188 (OEM) (ST)

**PROPOSED**
**SCHEDULING ORDER**

                        Plaintiffs,

   -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

                        Defendants.
------------------------------------------------------------X

     Upon consent of the parties, it is hereby ORDERED as follows:

     1.    Flushing Bank shall serve its papers in support of its motion to dismiss the Amended Complaint as against Flushing Bank on or before November 13, 2023;

2.      Opposition to Flushing Bank's motion to dismiss the Amended Complaint shall be served on or before December 11, 2023; and

3.      Flushing Bank's reply papers, if any, in further support of its motion to dismiss the Amended Complaint shall be served on or before January 5, 2024.

This Scheduling Order may be altered or amended upon a showing of good cause not foreseeable at the date hereof.

CONSENTED TO BY:


MILMAN LABUDA LAW GROUP PLLC


By:_____
Jamie Scott Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue
Suite 3W8
Lake Success, NY 11042
516-328-8899
516-328-0082
jamiefelsen@mmmlaborlaw.com
emanuel@mllaborlaw.com
*Attorneys for Plaintiffs*
 *Superb Motors Inc.,*
 *Team Auto Sales LLC,*
*Robert Anthony Urrutia*
*1239 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1581 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*189 Sunrise Hwy Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*446 Route 23 Auto LLC,*
*76 Fisk Street Realty LLC,*
*Island Auto Management, LLC,*
*Northshore Motor Leasing, LLC,*

*Brian Chabrier,*
*Jory Baron,*
*Joshua Aaronson*


CYRULI SHANKS & ZIZMOR LLP


By: _____
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com
*Attorneys for Plaintiffs*
*1239 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1581 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*189 Sunrise Hwy Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*446 Route 23 Auto LLC,*
*76 Fisk Street Realty LLC,*
*Island Auto Management, LLC,*
*Northshore Motor Leasing, LLC,*
*Brian Chabrier,*
*Jory Baron,*
*Joshua Aaronson*


_____
Harry R. Thomasson, Jr.
3280 Sunrise Highway
Ste Box 112
Wantagh, NY 11793
516-557-5459
hrtatty@verizon.net
*Attorney for Defendants*
*Anthony Deo*
*Sarah Deo*
*Harry Thomasson*
*Dwight Blankenship*
*Marc Merckling*

3

*Michael Laurie*
*Car Buyers NYC Inc.*
*Gold Coast Cars of Syosset LLC*
*Gold Coast Cars of Sunrise LLC*
*Gold Coast Motors Automotive Group LLC*
*Gold Coast Motors of LIC LLC*
*Gold Coast Motors of Roslyn LLC*
*Gold Coast Motors of Smithtown LLC*
*UEA Premier Motors Corp.*


MILBER MAKRIS PLOUSADIS & SEIDEN, LLP


By:_____
John Anthony Lentinello, Esq.
Peter Seiden, Esq.
1000 Woodbury Road, Ste. 402
Woodbury, NY 11797
516-712-4000
516-712-4013
jlentinello@milbermakris.com
pseiden@milbermakris.com
*Attorneys for Defendant*
*Jones, Little & Co., CPA's LLP*



CULLEN AND DYKMAN LLP


By:_____
Thomas S. Baylis, Esq.
Ariel Ronneburger, Esq.
333 Earle Ovington Boulevard
2nd Floor
Uniondale, New York 11553
516-357-3700
516-357-3792
tbaylis@cullenllp.com
*Attorneys for Defendant*
*Flushing Bank*

4

SO ORDERED:

_____          _____
                                         Date
United States Magistrate Judge

5