UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

Case No. 2:23-cv-6188  (OEM)(JW)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC.,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HIGHWAY AUTO LLC., NORTHSHORE MOTOR
LEASING, LLC., BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR
LEASING, LLC., JOSHUA AARONSON, individually and
derivatively as a member of 189 SUNRISE HWY AUTO,
LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, and ISLAND AUTO
MANAGEMENT, LLC,

                         Plaintiffs,

            -against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON,
DWIGHT BLANKENSHIP, MARC MERCKLING,
MICHAEL LAURIE, TOMAS JONES, CPA, CAR BUYERS
NYC INC., GOLD COAST CARS OF SYOSSET LLC,
GOLD COAST CARS OF SUNRISE LLC, GOLD COAST
MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS CORP.,
DLA CAPITAL PARTNERS INC., JONES LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING,
LLC,

                         Defendants.

-----------------------------------------------------------------------X

## DECLARATION OF HARRY THOMASSON IN OPPOSITION
## TO PLAINTIFFS' MOTION TO DISQUALIFY

   Harry Thomasson, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury

that the following is true and correct:

1

1. I am an attorney in good standing in the State of New York, and I represent Defendants ANTHONY DEO, SARA DEO, HARRY THOMASSON, DWIGHT BLAKENSHIP, MARC MERCKLING, MICHAEL LAURIE, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., in the instant action; as such, I have first-hand knowledge of the facts recited herein.

2. Attached hereto as Exhibit A is a true and accurate copy of the Order of the Nassau County (New York) Supreme Court dated June 15, 2023.

3. Attached hereto as Exhibit B are true and accurate emails produced and kept by me in the normal course of business.

4. Attached hereto as Exhibit C is a true and accurate copy of an Answer I produced and filed in that action as captioned and kept by me as a business record in the normal course of business.

5. Attached hereto as Exhibit D are true and accurate copies of certain emails and tax returns kept in the normal course of business by NorthShore Motor Leasing LLC and 189 Sunrise HWY Auto, LLC, reflecting Anthony and Sare Deo as the sole members of these LLC's as specifically approved by Plaintiff Josh Aaronson (Aaronson's approval of these tax returns is on page 4 of the emails at the top of the page).

6. Attached hereto as Exhibit E are true and accurate copies of certain receipts kept by me in the normal course of business relating to the purchase of a lamp.

7. I expressly and adamantly deny the accusations made against me by the Plaintiffs in this action.

8. The Josh Aaronson Plaintiffs made no such accusations against me in two (2) different Complaints in the preceding action brought by those Plaintiffs in the Nassau Supreme Court (*see* Exhibit A hereto).

9. The allegations against me are false, demonstrably false (I also intend a Motion to Dismiss in response to the Amended Complaint in this action), and are a transparent attempt to leverage me and my clients.

10. E.g., I know for a fact that the Plaintiffs have already approached counsel for one or more of the Defendants offering to let them out of this action if they turn against Anthony Deo.

11. Their entire Complaint is misplaced and does not even belong in Federal Court, but these Plaintiffs did not want anything more to do with the Nassau Supreme Court after that Court ruled that the Aaronson Plaintiffs did not demonstrate a likelihood of success on the merits of their claims as set forth in the Order attached hereto as Exhibit A, *at* page 7 of that Order.

12. None of the Defendants in this action conducted *any* business with *any* of the Plaintiffs from either this or the Nassau Supreme Court actions prior to their commencements *except* with respect to NorthShore, 189 Sunrise, and Superb Motors.

13. That is why I attached the emails amongst the accountants and Josh Aaronson along with the corresponding income tax returns demonstrating Aaronson's approval on behalf of the entire group of Plaintiffs he is affiliated with (not including the Urrutia/ Superb Plaintiffs); Exhibit D hereto inarguably demonstrates that Plaintiffs are

wrongfully and abusively claiming ownership of NorthShore and 189 Sunrise in this
action for their own purposes, but certainly not because it is true, because it is not.

14. My contacts with Superb Motors are extremely limited, and none commenced before
July, 2023.  I visited Superb a few times to meet Deo prior to July, 2023, mainly to
have documents reviewed and signed involving the Aaronson Nassau Supreme Court
case, but I conducted no business involving Superb prior to July, 2023.

15. During July, 2023, Anthony Deo informed me that his discussions with Anthony
Urrutia for the purchase of Urrutia's dealership in Hartford, Connecticut, had advanced
to the point that I was asked by Deo to commence preparations for a purchase of that
dealership by Deo from Urrutia.  Please *see* attached hereto as Exhibit B my emails that
commenced one week before the Lockout (Deo was locked out of Superb on August 3,
2023) proving that until then, there were no known impediments between Deo and
Urrutia to continuing their relationship, and I proceeded to start the process of doing a
business search in anticipation of a closing on that dealership from Urrutia to Deo. *Id.*

16. At the same time, roughly one week before the Lockout at Superb, I answered a
Complaint on a case for Superb as directed by my client, Anthony Deo.  Please *see*
attached hereto as Exhibit C the Answer I filed in that captioned action in the normal
course of business for Superb at Deo's request.  I first learned of that case when a
lawyer for the Plaintiff in that case called me and informed me of the case, and emailed
me the Complaint; my discussion with that lawyer and receipt of that Complaint all
occurred during July, 2023.

17. During mid-July, 2023, after I learned for the first time that Anthony was discussing
the purchase of a dealership and one or more points owned by Urrutia in Connecticut,

I asked for and was given a small office at Superb Motors' dealership; my request was made because I am planning a move to Connecticut, my home state, and wanted to keep an office in New York for planned work on behalf of Deo and his corporate/business interests. Having an office at Superb appealed to me insofar as it is closer, by car, to Connecticut than Deo's then existing other dealership locations in Syosset and Amityville and would therefore be an easier commute for me when I had to come to New York on business.

18. Prior to the Lockout, that is the extent of my relationship involving Superb Motors.

19. To this day, I have never met nor even spoken with any individual Plaintiff in this action. I have never represented any individual Plaintiff, and I have never conducted any business with any individual Plaintiff.

20. To this day, I have never had any business outside of this and the preceding Nassau litigation with, for, or against TEAM AUTO SALES LLC., ROBERT ANTHONY URRUTIA, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC, ISLAND AUTO MANAGEMENT, LLC, DLA CAPITAL PARTNERS INC., JONES LITTLE & CO. CPA'S LLP, FLUSHING BANK, or LIBERTAS FUNDING, LLC.

21. Through the night of the Lockout, and other than what I wrote, above, I have never had any other professional dealings with Superb Motors.

22. The Aaronson Plaintiffs do not own NorthShore and 189 Sunrise as alleged, and the Urrutia Plaintiffs do not have any legitimate case against me. There is no privity whatsoever, and I have never taken any action that harmed Superb or any other Plaintiff ever in my life.

23. I point out the invalidity of their claims and reference upcoming Motions to Dismiss and our own Complaint so that this Court understands that at best, Plaintiffs' Motion is premature, but also to ask this Court to save a lot of unnecessary hours proving these points further: Please consider your *sua sponte* powers and use them, your Honor.

24. After the Lockout but before the commencement of this action two weeks thereafter, I cooperated with my clients regarding audits that located cars at my clients' lots in Syosset and Amityville.

25. Thereafter, I cooperated with the mediation and sent back cars that my clients rightfully should have sent back, *just as I cooperated with the Aaronson Plaintiffs and returned cars to them last December without the necessity of Motion practice.*

26. Beyond what is listed in this Affidavit/Declaration, I have done nothing to, for, with, or against Superb Motors, your Honor.

27. As set forth in the attached Memorandum of Law, it is extraordinary to remove/ disqualify clients' chosen counsel from a case.

28. Please see the receipts attached as Exhibit E proving that the lamp I took from Superb on the night of the Lockout (I went there only because my client called and told me he was being locked out and that the police were there); these Plaintiffs are so desperate to claim anything against my clients that they even overreach on something as simple

as accusing me (and slandering me in the process) of theft of a lamp that I own and had just brought to that office a couple of weeks earlier.

29. These Plaintiffs have committed and continue to commit multiple lies through their Court filings, utilizing the Courts as a weapon against my clients, including, but not limited to:

a) Josh Aaronson stole $735,000.00 on his way out the door last November that he knew full well Anthony Deo obtained and guaranteed when Aaronson and his co-Plaintiffs took NorthShore's and 189 Sunrise files and left those businesses for dead; as soon as Deo called the police, Aaronson returned the money, then commenced the Nassau Supreme litigation to obtain an *ex parte* Order to Show Cause that shut down and ruined my clients' businesses at NorthShore and 189 Sunrise in retaliation; the Order to Show Cause was denied in full with that Court's admonition that the Aaronson Plaintiffs "failed to demonstrate a likelihood of success on the merits" of their claims in that action (*see* Exhibit A), so those Plaintiffs conveniently joined this action merely and transparently to avoid that Judge/Court after having lost badly upon my clients responding in that action;

b) The Aaronson Plaintiffs falsely claim ownership of NorthShore and 189 Sunrise notwithstanding that they have taken and continue to take the position with state and federal taxing authorities that the Deos own 100% of those corporations; *see* Exhibit D hereto;

c) The Urrutia Plaintiffs arranged the "problems" that their floor plan companies suddenly developed in August, 2023 (only after the Lockout) with cars being at the Deo lots in Syosset and Amityville, then falsely told this Court that their businesses would fail if 89 cars were returned by a set date in September, 2023. With the backing of the uber-rich Aaronson Plaintiffs, and even though only 31 cars were returned before the September date, no business failures have occurred.

d) Plaintiffs now have claims brought against me for the transparent purpose of leveraging me and/or my clients, even though there is no proof (just conclusions and suppositions) that I've done anything against these Plaintiffs that was ever anything but professionalism on my part. Plaintiffs even falsely and maliciously claim that I stole furniture (*but see* Exhibit E attached hereto) because they are so desperate to allege *something* against me.

e) Plaintiffs have falsely brought claims against lenders for arm's length transactions;

f) Plaintiffs have falsely brought claims against accountants for arm's length transactions;

      g) Plaintiffs have falsely alleged thefts by Anthony Deo *that simply are not possible* given that the Urrutia Plaintiffs and the Aaronson Plaintiffs both had multiple layers of security in place regarding the real time approval of all company transactions that each set of Plaintiffs made for all transaction overseen by Deo at these dealerships; and

      h) Plaintiffs actually allege that Defendants Merckling (a retired police officer) and Blankenship (a current police officer) were committing crimes (under very general allegations and bare conclusions) for the menial tasks they performed for months with the Urrutia Plaintiffs full knowledge and approval and for years with the Aaronson Plaintiffs full knowledge and approval.

30. Plaintiffs have no case against me, your Honor, and my Motion to Dismiss and eventual action of our own shall demonstrate, but as to the instant Motion to Disqualify me, it is as improper a maneuver as I have seen in my 34 years practicing in this difficult business.

31. It would be nothing short of catastrophic for my clients to have to bring in new counsel at this point; no one has or could ever gain my institutional knowledge of this case/situation without, at a minimum, costing my clients tens of thousands of dollars to "catch up" with my understanding of this and the preceding Nassau County action.

32. Even more so, this Court needs to understand that merely bringing a Complaint with allegations against me hardly constitutes enough proof to disqualify me from the case. It simply is not right; neither I nor any of my co-Defendants have done anything wrong that I ever knew since I first started helping NorthShore and Sunrise prior to the pandemic, and since I briefly and only professionally became involved with Superb Motors in late July, 2023, a mere week before the Lockout. There simply is no cause to remove me from representing the Defendants; eventually, this Court shall see that there is no justification for including me in Plaintiffs allegations against the Defendants.

33. If there is a problem with me being paid $1,000.00 for the Answer I produced for Superb Motors, it certainly is not because I intended that work/payment to be anything but professional. This Court simply must not allow an attorney to be removed from a case based upon the specious and vapid claims against me. Accordingly, I ask that this Court 1) deny Plaintiffs' Motion in all respects; and 2) consider and utilize the Court's *sua sponte* powers to deal with the within improprieties. It's wrong for the Plaintiffs to attempt to remove me from this case; it is even worse for attorneys to do so, your Honor.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON OCTOBER 30, 2023.

Harry R. Thomasson, Esq.
3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel.  516-557-5459
Email:  hrtatty@verizon.net

9