UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Case No. 2:23-cv-6188  (OEM)(JW)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC.,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HIGHWAY AUTO LLC., NORTHSHORE MOTOR
LEASING, LLC., BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR
LEASING, LLC, JOSHUA AARONSON, individually and
derivatively as a member of 189 SUNRISE HWY AUTO,
LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, and ISLAND AUTO
MANAGEMENT, LLC,

Plaintiffs,

-against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON,
DWIGHT BLANKENSHIP, MARC MERCKLING,
MICHAEL LAURIE, TOMAS JONES, CPA, CAR BUYERS
NYC INC., GOLD COAST CARS OF SYOSSET LLC,
GOLD COAST CARS OF SUNRISE LLC, GOLD COAST
MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS CORP.,
DLA CAPITAL PARTNERS INC., JONES LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING,
LLC,

Defendants.

-------------------------------------------------------------------X

## DECLARATION OF ANTHONY DEO IN OPPOSITION
## TO PLAINTIFFS' MOTION TO DISQUALIFY

Anthony Deo, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury that the

following is true and correct:

1

1. My name is Anthony Deo and I am a Defendant in the above captioned action. As such, I have first-hand knowledge of the facts recited herein.

2. By and through this Declaration, I ask this Court to deny Plaintiffs' Motion to Disqualify in all respects.

3. First, my attorney has never even met any of the individual Plaintiffs, nor conducted any business with or for any of the individual Plaintiffs.

4. Attorney Thomasson has represented my own and my wife's business interests since before the pandemic.

5. We deny each and every accusation against us as made by these Plaintiffs, but we especially deny each and every accusation against Attorney Thomasson. He has never done anything to anyone involved in this case on behalf of Plaintiffs.

6. I want to inform the Court of *some* of the Plaintiffs' lies and wrongdoing in connection with this case so that this Court can see how readily the Plaintiffs are lying in their quest to ruin my and my wife's businesses.

7. First, attached hereto as Exhibit D are true and accurate copies of emails and tax returns from the fall of 2022, in which Plaintiff Josh Aaronson "approved" (his word, *see* page ____ of Exhibit D) those tax return(s) being filed on behalf of NorthShore and 189 Sunrise listing me and my wife as the sole shareholders of those two businesses. It was once those emails and returns were given to the Nassau Supreme Court that Aaronson's Order to Show Cause and Motion for Injunctive Relief were denied by that Court, while that Court stated that the Aaronson Plaintiffs "failed to demonstrate a likelihood of success" on the merits of their then existing Complaint as set forth in Exhibit A hereto.

8. Second, these Plaintiffs very carefully have avoided making this Court understand two systems in place at NorthShore, 189 Sunrise, *and* at Superb Motors to safeguard against the very accusations that these Plaintiffs have leveled against me and my wife: Chase Bank, the main account holder for each of those three dealerships (and more of Plaintiffs' dealerships, but my wife and I were only involved with NorthShore, 189 Sunrise, and Superb Motors, so I am limiting this comment to only those three dealerships in opposition to the Motion to Disqualify), maintained two separate systems to safeguard those dealerships' accounts called "Positive Pay" and "tokens."

9. Each and every transaction from the Chase accounts went through one or both of those systems *in real time/contemporaneously with each transaction* to ensure dealership approval of each transaction within 24 hours of its occurrence.

10. Simply put, these Plaintiffs approved each and every financial transaction I conducted for those three corporations in real time by and through Positive Pay, tokens, and/or daily reconciliations at and for the dealerships, since it was the Plaintiffs that controlled and continue to control the funds at those dealerships.

11. Positive Pay is specific dealership approval of every transaction from the Chase accounts within 24 hours of the transaction occurring; if no approval was given, then the transaction is denied by the bank.

12. The token system involves a small device that looks like the face of an electronic wristwatch that generates random numbers every five minutes; when a transaction occurs, the electronic number generated on the tokens *must* be inputted or the transaction is automatically voided. Plaintiffs gave me tokens for all Chase accounts at issue.

13. An additional layer of protection to ensure that what the Plaintiffs now conveniently allege against us is not possible is the daily reconciliations that take place with respect to company accounts: Checks are only issued and transaction only occur with approval of the relevant CFOs or their equivalents for each of these three corporations, and approvals and oversight are made *daily*.

14. I point out these facts of the case so that this Court knows there is substance to our upcoming Motion to Dismiss, and so that this Court knows how vapid and completely unwarranted the instant Motion to Remove Attorney Thomasson as our attorney really is.

15. My wife and I are in agreement along with our other co-Defendants from NorthShore, 189 Sunrise, and Superb Motors (Michael Laurie, Dwight Blankenship, and Marc Merckling) that Harry Thomasson is the only attorney we want handling our case here.

16. We adamantly deny the accusations against us, and we even more strongly deny the accusations against our attorney (and our accountants, Jones Little and Tom Jones, specifically, as well as the entirely innocent co-Defendant lenders who merely conducted arm's length transactions with me and our companies against which these Plaintiffs are making conveniently false accusations as well). These accusations are false and seem to us to clearly be a case of engaging in the "best defense is a good offense" strategy now that these Plaintiffs have truly ruined our businesses.

17. Your Honor, these Plaintiffs have ruined our businesses and lives, please do not countenance their perjurious statements and attempts to take away our attorney. We trust Harry and need and want him to continue to represent our interests through this and related litigation expected in the near future.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  EXECUTED ON OCTOBER 30, 2023.

ANTHONY DEO