UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

Case No. 2:23-cv-6188 (OEM)(JW)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC.,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HIGHWAY AUTO LLC., NORTHSHORE MOTOR
LEASING, LLC., BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR
LEASING, LLC, JOSHUA AARONSON, individually and
derivatively as a member of 189 SUNRISE HWY AUTO,
LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, and ISLAND AUTO
MANAGEMENT, LLC,

                            Plaintiffs,

-against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON,
DWIGHT BLANKENSHIP, MARC MERCKLING,
MICHAEL LAURIE, TOMAS JONES, CPA, CAR BUYERS
NYC INC., GOLD COAST CARS OF SYOSSET LLC.,
GOLD COAST CARS OF SUNRISE LLC., GOLD COAST
MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS CORP.,
DLA CAPITAL PARTNERS INC., JONES LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING,
LLC,

                            Defendants.

---------------------------------------------------------------------X

## DECLARATION OF SARA DEO IN OPPOSITION
## TO PLAINTIFFS' MOTION TO DISQUALIFY

Sara Deo, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury that the

following is true and correct:

1. My name is Sara Deo and I am a Defendant in the above captioned action.  As such, I have first-hand knowledge of the facts recited herein.

2. Our attorney, Harry Thomasson, began working with my husband (Anthony Deo) and me before the pandemic.

3. Our relationship with Harry was, is, and remains strictly professional; we have never socialized with Harry and have never even had dinner with him since he began representing us and our corporations/businesses.

4. Over the years Harry helped with typical automobile dealership problems such as Attorney General complaints and any lawsuits in which we or our businesses have been involved.

5. At no time have we ever consulted Harry regarding any dealership operations; he has always just served as our outside counsel.

6. Since Josh Aaronson left NorthShore and 189 Sunrise last November, 2022, and since he also took $735,000.00 from our business account on his way out the door (money that my husband had just obtained in a perfectly lawful loan from co-Defendant Libertas), we retained Harry to deal with Josh Aaronson and the lawsuit he brought against us in Nassau County (NY) Supreme Court, *Chabrier, et al. v. Deo, et al.,* Index number 617224/2022.

7. However, we did not consult Harry (and certainly wish we did) before entering into certain agreements with Anthony Urrutia and Superb Motors at issue herein.

8. In fact, we never consulted Harry on anything involving Superb Motors until after he was done dealing with the Order to Show Cause/Motion for a Preliminary Injunction

brought by the Josh Aaronson lead parties to this and the Nassau lawsuit; attached hereto as Exhibit A is a copy of that Court's decision on the Aaronson lead Order to Show Cause which holds, in relevant part, that Aaronson and his co-Plaintiffs "failed to demonstrate a likelihood of success on the merits" in their case against my husband and our businesses. That Court thereafter vacated the Orders that ruined our businesses since November, 2022.

9. That decision was received on or just after June 15, 2023 (*see* Exhibit A). To be clear, we never involved Harry in any matter involving Superb Motors until after that date.

10. By July, 2023, discussions with Anthony (we know him as Tony) Urrutia advanced to the point that we involved Harry to begin looking into one or more dealerships/points owned by Tony Urrutia in Connecticut that Tony wanted us to buy and we wanted to buy.

11. We were initially reluctant to discuss with Harry the possibility of us acquiring Connecticut businesses because we wanted to keep Harry as our attorney, and we were worried that he would not want to involve himself in an out of state situation.

12. Once we raised the issue with Harry during or about early July, 2023, we were all stunned to learn that Harry was actually planning on moving to Connecticut and was delighted to work with our businesses in New York *and* Connecticut.

13. Once the three of us realized that Connecticut work for Harry was ideal for all of us, we agreed to move forward with acquiring those business interests and asked Harry to start the business background check for the purchase(s) from Tony Urrutia (*see*

3

Exhibit B hereto for the emailing Harry commenced to investigate the purchase of Tony's Connecticut automobile dealership interests).

14. As we formalized a more permanent role for Harry with our dealerships during July, 2023, and since my husband and I were informed at that point that Harry was planning a move to Connecticut, Harry asked us if he could utilize an office at one of our dealerships in New York for him to utilize when he came to New York for our work.

15. Specifically, Harry asked if he could maintain an office at Superb Motors for the very simple geographic reason that Superb was the most northerly and westerly of our three (3) New York dealerships (Superb was in Great Neck, NorthShore was in Syosset, and 189 Sunrise was in Amityville), and therefore, he indicated that it would be the closest and easiest point for him to come to from Connecticut. We were happy to agree, and my husband gave him an office at Superb during or about mid-July, 2023.

16. The only other work (besides commencing a business search for purchasing purposes) that Harry ever did involving Superb was entering and answering a lawsuit against Superb that the three of us learned about during or about mid-July, 2023 (*see* Exhibit C hereto).

17. Otherwise, Harry was never involved in *anything* involving Superb Motors or the operation of Superb Motors prior to the Lockout on the evening of August 3, 2023.

18. Once the instant lawsuit was commenced during or about mid-August, 2023, and even though Harry was out of state (in Connecticut, in fact), we reached Harry to deal with same.

19. Candidly, there is no attorney that my husband and I need or want to represent our interests even as much as we want Harry to represent our interests. I could compliment him at length, but the most important thing impacting this decision is his years long knowledge we know he possesses regarding the Long Island automobile industry generally, and specifically regarding our interests in which he has first-hand knowledge since before the pandemic.

20. Simply put, no one can possibly represent our interests as well as Harry Thomasson, and we adamantly oppose the instant Motion to Disqualify him as our attorney.

21. My husband and I have committed no wrongdoing whatsoever towards these Plaintiffs, but have been harmed beyond any needed description here (we will be filing a separate lawsuit that is forthcoming that will extensively set forth what the Plaintiffs have done to us wrongfully and unlawfully, including but not limited to unfairly and unlawfully utilizing the Courts in Nassau County and in the Federal Eastern District of New York as swords to harm us and certainly not as shields in any meaningful way; we also plan to bring a Motion to Dismiss the instant lawsuit when our response to the Plaintiffs' Amended Complaint is due in a month or so, and those Motions papers will also set forth at length our own innocence as well as the Plaintiffs' extensive wrongdoing).

22. But even more than the harm we have suffered, it is appalling that these Plaintiffs and their attorneys have tried to create the air of wrongdoing by Attorney Thomasson. My husband and I know first-hand that these accusations are false, and clearly just a bald faced attempt to prevent our very experienced and knowledgeable attorney from continuing his representation of our interests.

23. To be clear, Harry Thomasson's involvement with Superb Motors in the entirety of our relationship with Harry consists of *only* the following: 1) during or about early July, 2023, he began looking into our then-expected purchase of Tony Urrutia's Connecticut automobile interests (*see* Exhibit B hereto); 2) during July, 2023, he answered a lawsuit/Complaint against Superb (*see* Exhibit C hereto); and 3) during July, 2023, through the night of the Lockout on August 3, 2023, for a period of about three (3) weeks, he maintained an office at Superb that was intended to be his office as part of the Connecticut work and move that was planned. Harry Thomasson was never involved with Superb Motors in any other respect at any other time for any other reason.

24. It would cause my Husband and I a tremendous hardship to replace Harry on this case. That hardship would be financial as well as a drain of knowledge from any other attorney handling this case that cannot be overcome, your Honor.

25. For these reasons, I ask this Court to deny the instant Motion in all respects.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON OCTOBER 30, 2023.

SARA DEO

6