UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (JMW)

**REPLY DECLARATION OF ROBERT ANTHONY URRUTIA IN FURTHER SUPPORT OF MOTION TO DISQUALIFY DEFENDANT HARRY R. THOMASSON, ESQ. AS COUNSEL FOR DEO DEFENDANTS**

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

Defendants.
-----------------------------------------------------------------X

Robert Anthony Urrutia declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am the President of Superb Motors Inc. ("Superb") and managing member of Team Auto Sales LLC ("Team") (Superb, Team, and myself collectively hereinafter the "Superb Plaintiffs").

2. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of documents I maintain at Superb and Team, in addition to information I have learned from employees, customers, vendors, and other third parties concerning the issues relevant to this case and this motion.

3. I have had an opportunity to review the declarations in opposition to the Plaintiffs' motion to disqualify, and make this reply declaration to address some of the statements made therein.

4. Contrary to Harry R. Thomasson, Esq.'s ("Thomasson") statements in his declaration, his involvement in and representation of Superb extended far beyond the mere filing of an answer in a separate case.

5. Indeed, in the course of Thomasson's representation of Superb, Thomasson came into possession of over 250 emails' worth of Superb's confidential information and sensitive financial documentation. See copy screenshots from my email account showing 250 emails sent to Thomasson with various attachments in March 2023 annexed hereto as **Reply Exhibit "A."**

6. Thomasson's contact with Superb was therefore not "extremely limited," and his sworn statement that no contact was commenced (or that any business was conducted) before July 2023 is an outright lie.

7. Thomasson avers that "no business failures have occurred" but this is untrue. As demonstrated to the Hon Orelia E. Merchant, U.S.D.J., Superb's floor plan financing agreement with Nissan Motor Acceptance Corporation ("NMAC") has been terminated.

2

8. So has Superb's floor plan financing agreement with Next Gear Capital.

9. As a result, Superb has been unable to properly operate as a dealership, and has closed effective November 1, 2023.

10. Indeed, Superb's lot is virtually empty and it is no longer conducting business as a dealership. See copies of photographs of the virtually empty lot at Superb taken as of Tuesday, October 31, 2023 annexed hereto as **Exhibit "B."**

11. Similarly, the Defendants' contention that Marc Merckling ("Merckling") and Dwight Blankenship ("Blankenship") performed "menial" tasks are also untrue.

12. As set forth in a declaration of an unbiased, disinterested third-party witness named Nethanel Orgad ("Orgad"), Merckling was the "money man" who refused to provide Orgad with receipts and told him "the receipt is up here," pointing at his temple. See ECF Docket Entry 40 at ¶¶ 9-11, 15.

13. Merckling also orchestrated an entire fraudulent scheme with Orgad, which he thankfully did not fall for, that would have put him out of $50,000.00 in cash. Id. at ¶¶ 16-19.

14. This is hardly the conduct of someone who is designated to perform "menial" tasks.

15. Moreover, the documentary evidence found at Superb demonstrates that both Merckling and Blankenship are significant players at the dealership Deo operated and were not designated mere menial tasks. See copies of documents annexed hereto as **Reply Exhibit "C."**

16. I have also read the declaration of Michael Laurie ("Laurie") who claims that he is merely a financial advisor who has worked for years "separate and apart from" the co-Defendants.

17. However, as set forth in Reply Exhibit C, Laurie is listed as the Chief Financial Officer of the Deo Defendants' new entity that was set up to unlawfully compete against Superb.

18. Further, Laurie's text messages with me demonstrate the contrary, as he worked hand-in-hand with Deo to provide the $500,000.00 in order to purchase Deo an interest in Superb. See copy of text messages annexed hereto as **Reply Exhibit "D."**

19. Moreover, Laurie held himself out as the "business manager" for Northshore and would regularly be involved in internal issues at Superb. See copy of email annexed hereto as **Reply Exhibit "E."**

20. It is worthy to note that at virtually every single meeting I had with Deo, Laurie was present with him.

21. This is not the conduct of a mere financial advisor; it is obvious that Laurie is in cahoots with the Deo Defendants.

22. The Superb Plaintiffs will hold the Defendants responsible for the damages and irreparable harm they have bestowed upon the dealership.

23. Based on the foregoing and the arguments made by Superb's actual counsel in the accompanying memorandum of law, I respectfully request that this Court grant the relief requested herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 5, 2023.

*robert urrutia*
robert urrutia (Nov 5, 2023 17:29 EST)
Robert Anthony Urrutia

# 2023-11-05 Urrutia Reply Declaration in Further Support

Final Audit Report  2023-11-05

| | |
|---|---|
| Created: | 2023-11-05 |
| By: | Emanuel Kataev (mail@emanuelkataev.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAbSrkjU7WRWdDhSGNt53BhkmT6cLZjPf_ |

## "2023-11-05 Urrutia Reply Declaration in Further Support" History

- Document created by Emanuel Kataev (mail@emanuelkataev.com)
  2023-11-05 - 10:23:15 PM GMT- IP address: 65.51.198.20

- Document emailed to tonyu814@gmail.com for signature
  2023-11-05 - 10:23:47 PM GMT

- Email viewed by tonyu814@gmail.com
  2023-11-05 - 10:23:54 PM GMT- IP address: 74.125.210.68

- Signer tonyu814@gmail.com entered name at signing as robert urrutia
  2023-11-05 - 10:29:03 PM GMT- IP address: 96.56.214.187

- Document e-signed by robert urrutia (tonyu814@gmail.com)
  Signature Date: 2023-11-05 - 10:29:05 PM GMT - Time Source: server- IP address: 96.56.214.187

- Agreement completed.
  2023-11-05 - 10:29:05 PM GMT

Adobe Acrobat Sign