UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (OEM) (JMW)

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISQUALIFY HARRY R. THOMASSON, ESQ. FROM <u>REPRESENTING DEFENDANTS</u>**

                                  Plaintiffs,

          -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                                  Defendants.

------------------------------------------------------------------X

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT**.....................................................................................1

**PLAINTIFFS' RESPONSE TO THOMASSON'S "UNDISPUTED FACTS"**.................1

**ARGUMENT** ...............................................................................................................3

    **PLAINTIFFS HAVE NOT WAIVED THEIR RIGHT TO DISQUALIFY
    THOMASSON** ......................................................................................................3

    **PLAINTIFFS' MOTION TO DISQUALIFY IS NOT PREMATURE** ................4

    **PLAINTIFFS' MOTION TO DISQUALIFY SHOULD BE GRANTED ON THE
    MERITS**................................................................................................................6

    **DEFENDANTS HAVE ABANDONED ANY ARGUMENTS THEY FAILED TO
    ADDRESS**.............................................................................................................8

**CONCLUSION**...........................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

Ardemasov v. Citibank, N.A.,
    14 F. Supp. 3d 39 (D. Conn. 2014)................................................................. 5

Capponi v. Murphy,
    772 F. Supp. 2d 457 (S.D.N.Y. 2009)............................................................. 5

Cassaforte Ltd. v. Pourtavoosi,
    2022 N.Y. Misc. LEXIS 11023 (Sup. Ct., N.Y. Cty. 2022) ............................ 7

Crews v. County of Nassau,
    2007 U.S. Dist. LEXIS 6572 (E.D.N.Y. Jan. 30, 2007) .................................. 6

D. & C. Textile Corp. v. Rudin,
    41 Misc. 2d 916, 918-19 (N.Y. Sup. Ct. 1964)................................................ 7

Gleason v. Zocco,
    941 F. Supp. 32 (S.D.N.Y. 1996) .................................................................... 3

Gorbaty v. Wells Fargo Bank, N.A.,
    2011 WL 318090 (E.D.N.Y. Feb. 1, 2011).............................................. 3, 4, 8

Kaplan v. N.Y. State Dep't of Labor,
    No. 18-CIV.-3629 (KPF), 2019 U.S. Dist. LEXIS 121131 (S.D.N.Y. July 19, 2019)....... 8

Kattas v. Sherman,
    32 A.D.3d 496, 497, 820 N.Y.S.2d 631 (2d Dept. 2006) ................................. 8

Leiderman v Gilbert,
    176 AD2d 525, 526 (1st Dept. 1991).............................................................. 7

MacArthur v. Bank of New York,
    524 F. Supp. 1205 (S.D.N.Y. 1981)................................................................. 5

Natl. Sav. Bank of D.C. v. Ward,
    100 U.S. 195 (1879).......................................................................................... 6

Riverside Finance Corp. v. Coniglio Builders, Inc.,
    73 A.D.2d 1039 (4th Dept. 1980) .................................................................... 7

Temple Hoyne Buell Found. v. Holland & Hart,
    851 P.2d 192, 194 (Colo. App. 1992) .............................................................. 6

Tensfeldt v. Haberman,
    2009 WI 77, ¶65, 319 Wis. 2d 329, 362, 768 N.W.2d 641, 657(2009)............................ 7

Tingler v. Graystone Homes, Inc.,
    834 S.E.2d 244 (2019) ........................................................................................... 6

U.S. v. Napoli,
    2010 WL 1687669, at *5 (E.D.N.Y. Apr.27, 2010) ........................................... 8

## Treatises

Ethical Consideration 5-9" ("EC 5-9") of American Bar Association Committee on Ethics and
Professional Responsibility, Formal Opinion 339 (Jan. 31, 1975) .............................................. 5-6

## PRELIMINARY STATEMENT

In his signature fashion, Defendant Harry R. Thomasson, Esq. ("Thomasson") ignores the facts and the law in opposing the instant motion to disqualify.  Instead, he relies on irrelevant arguments concerning alleged wrongdoing by Plaintiffs that form the basis for a long-awaited complaint by his clients that has yet to be filed.  Thomasson's few relevant arguments are unavailing.  He argues: (i) that Plaintiffs have waived the right to disqualify him; (ii) paradoxically, that the motion to disqualify is premature; and (iii) that the motion is otherwise an extraordinary request that must be denied "on the merits."

Incredibly, Thomasson relies on non-binding authority to argue that he is somehow immune from suit.  This argument alone demonstrates the inherent conflict he has with his co-Defendants, and requires his disqualification from representing them in this case.  Moreover, the witness-advocate rule requires disqualification since a chief complaint herein is raised solely and directly against Thomasson for his use of his escrow account to launder the funds misappropriated from Northshore Motors Leasing, LLC ("Northshore"), of which only he can testify.  Finally, neither Superb Motors Inc. ("Superb") nor Northshore gave Thomasson informed consent as prior clients to represent the Deo Defendants, whose interests are unquestionably adverse to Superb and Northshore.  For the foregoing reasons, those set forth in the moving papers, and as set forth below, Thomasson must be disqualified.

## PLAINTIFFS' RESPONSE TO THOMASSON'S "UNDISPUTED FACTS"

Thomasson's presentation of "undisputed" facts are not only largely irrelevant, but are hotly contested.  Further, these alleged factual claims and relationships between the parties are merely offered as a misdirection by Thomasson of the actual necessary criteria to be considered in this motion to disqualify.

1

Plaintiffs dispute the existence and validity of any "verbal" agreement with the IAG Plaintiffs or the late David Baron, which would arguably be unenforceable under the Statute of Frauds.  Nor are tax returns alone sufficient to demonstrate ownership of a corporate entity, as specifically found by the Hon. Sharon M.J. Gianelli, J.S.C. ("Justice Gianelli") in the prior state court action when she denied Deo's motion to dismiss IAG's ownership claims.[1]  Nor did the IAG Plaintiffs, Aaronson "and his group" "leave" Northshore and 189 Sunrise Hwy Auto LLC ("Sunrise").  To the contrary, they required Deo to make these entities whole, after Deo defrauded them and their customers of millions of dollars.  And Thomasson's arguments put his involvement in laundering the $735,000 monies belonging to Northshore through his attorney trust account, with the suspicious involvement of a local police detective, directly at issue in this case.   By stating that Thomasson was hired by Deo to deal with "typical complaints" "in court" and "before the Attorney General's office," Thomasson also concedes that he represented Northshore, a plaintiff in this action.  Moreover, while Michael Morgan ("Morgan") may have introduced Deo and Urrutia, Morgan works with extended warranties and knows many dealer principals such as Urrutia and Aaronson.  Prior to August 2023, Urrutia had never spoken to Aaronson or any of the individually named Plaintiffs.[2]  The only connection between Urrutia and Aaronson is that Deo ripped both of them off.   Thomasson's involvement with both Superb and Northshore is considerably more extensive than he lets on.

---

[1] Thomasson also misdirects this Court when presenting Judge Gianelli's decision as being dispositive of IAG's clams, when the matter before Judge Gianelli was a motion for a preliminary injunction, which has a very high standard, and its legal findings are limited to the provisional remedy sought.

[2] Similarly, although Milman Labuda Law Group PLLC has represented both the Superb Plaintiffs and the IAG Plaintiffs in various capacities and in unrelated matters, Urrutia and Aaronson did not discuss this matter until August 2023.

For example, during the course of Thomasson's representation of Superb as early as March 2023, Thomasson received over two hundred and fifty (250) emails containing sensitive financial documents and other confidential information related to Superb.  As such, Thomasson's argument that his representation of Superb was "limited" is unavailing.  Finally, Michael Laurie's declaration concerning his alleged lack of involvement is belied by the evidence submitted in the Reply Declaration of Robert Anthony Urrutia.

## **ARGUMENT**

## **PLAINTIFFS HAVE NOT WAIVED THEIR RIGHT TO DISQUALIFY THOMASSON**

Although Thomasson has represented the Deo Defendants in these proceedings, it is only in its infancy, as issue has not even been joined, and discovery has not yet commenced, such that any prejudice could attach to constitute waiver.  See Gorbaty v. Wells Fargo Bank, N.A., 2011 WL 318090, at *3 (E.D.N.Y. Feb. 1, 2011) (motion to disqualify granted following initial conference); Gleason v. Zocco, 941 F. Supp. 32, 36 (S.D.N.Y. 1996) (granting motion to disqualify "immediately after the action was commenced" would make "prejudice... insignificant").  Thomasson does not argue why his involvement in the proceedings thus far effectuate a waiver, nor does he provide any authority in support of that argument.  Further, contrary to Thomasson's contention, the Plaintiffs informed this Court and Thomasson early on – on August 21, 2023, five (5) days after this case was commenced – about the instant application.  See ECF Docket Entry 14.[3]

---

[3] "Finally, we respectfully submit that Defendant [Thomasson] cannot serve as counsel for any party in this case. Not only is Thomasson a witness who maintained an office at Superb, but an active participant in the malfeasance – by, among other things, carrying files and a desk lamp off of Superb's property on the day he and Defendant Anthony Deo, among others, were removed. Because the advocate-witness rule requires Thomasson's disqualification as counsel for the Defendants, Plaintiffs will file in short order a motion to so disqualify him. Given the
(continued...)

Moreover, just like in <u>Gorbaty</u>, the Plaintiffs here moved to disqualify Thomasson on October 18, 2023, just one (1) day following the October 17, 2023 initial conference.

Thomasson also argues that the IAG Plaintiffs have never claimed a right to disqualify him and do not claim such a right now.  To the contrary, the IAG Plaintiffs have never waived their right to do so and join in the instant motion. The IAG Plaintiffs' only legal interaction with Thomasson in the state court action was prosecuting their preliminary injunction motion and opposing Thomasson's motion to dismiss. Issue was never joined.

Accordingly, Plaintiffs have not waived their right to move to disqualify Thomasson.

### PLAINTIFFS' MOTION TO DISQUALIFY IS NOT PREMATURE

Thomasson also argues that he will be filing a motion to dismiss this case and, as such, this motion to disqualify is premature.  Once again, Thomasson provides no authority for this proposition that an anticipated motion to dismiss precludes the filing of a motion to disqualify.

While it is true that motions to disqualify concern representation at trial, Plaintiffs would be remiss had they not so moved early on in this case at this point.

Indeed, in addressing a similar argument, the Hon. Steven M. Gold, U.S.M.J. ("Judge Gold") held in <u>Gorbaty</u> that "efficiency and the orderly progress of the case will be better served by disqualification early in the proceedings, when there will be time for plaintiff to find a new attorney to represent her without delaying the trial, for any new attorney to become familiar with the case now and not on the eve of trial, and for counsel who will try the case to be involved in framing the pleadings, taking discovery and bringing any appropriate pretrial motions."  <u>See</u> <u>Gorbaty</u>, 2011 WL 318090, at *3.  For the same reasons, Plaintiffs appropriately filed the instant

---

disqualification issues raised above, Mr. Thomasson's planned absence, and the significant personal circumstances involving an extremely ill son (whom we all wish well), the Defendants may be well advised not to rely on Mr. Thomasson to serve as counsel."

motion at their earliest opportunity, following their focused efforts on seeking injunctive relief arising out of the Deo Defendants' unlawful conduct.

Most importantly, Plaintiffs have established that Thomasson, who admittedly, and proudly, enlisted the help of a friendly police detective to threaten a criminal arrest for a clearly civil dispute, and employed his attorney trust account to launder $735,000.00 of disputed funds for Deo, must and will be required to testify in this action, both to defend himself, and explain his clients' actions.  Thomasson has not denied this.

There is also no dispute that Thomasson maintained an office at Superb and observed the events and circumstances on August 3, 2023, in addition to the preceding events.  Further, and contrary to the arguments he makes in opposition, Thomasson's involvement with Superb extends far beyond July 2023 as he received over 250 emails containing Superb's sensitive financial documents and other confidential information.   Thomasson received these documents in connection with Deo's request to review all records due to alleged financial improprieties. However, after receiving all of the documents requested, neither Deo nor Thomasson raised any such issues.  Notwithstanding, Thomasson has repeatedly argued that the Superb Plaintiffs have engaged in such financial improprieties without any evidence to support same.

Because the evidence adduced in this case thus far unquestionably shows that Thomasson will be called as a witness as to the foregoing issues, Plaintiffs have met their burden of showing the necessity of the testimony. See Capponi v. Murphy, 772 F. Supp. 2d 457, 471-72 (S.D.N.Y. 2009).  And "[i]f a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness" (See MacArthur v. Bank of New York, 524 F. Supp. 1205, 1208 (S.D.N.Y. 1981)) which "hurts his client because the advocate's ability to objectively assess his client's case may become clouded." See Ardemasov v. Citibank, N.A., 14 F.

Supp. 3d 39, 48 (D. Conn. 2014)); <u>see</u> <u>also</u> <u>MacArthur</u> at 1208 (<u>quoting</u> "Ethical Consideration 5-9" ("EC 5-9") of American Bar Association Committee on Ethics and Professional Responsibility, Formal Opinion 339 (Jan. 31, 1975) ("[t]he roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of [the party he represents], while that of a witness is to state facts objectively").

Nor has Thomasson argued that there is no likelihood that his status as a Defendant warrants disqualification because he will act in his own personal interest to the detriment of the co-Defendants, as he is intertwined in the tangled web of lies Defendants have spun, part of which which he directly facilitated. <u>See</u> <u>Crews v. County of Nassau</u>, 2007 U.S. Dist. LEXIS 6572 (E.D.N.Y. Jan. 30, 2007).

Thomasson should be disqualified.

**PLAINTIFFS' MOTION TO DISQUALIFY SHOULD BE GRANTED ON THE MERITS**

Thomasson argues that he is somehow immune from suit because his conduct in perpetrating a fraud upon the Plaintiffs was done while he was representing the Deo Defendants. The law does not permit such a ridiculous conclusion, and Thomasson's reliance on various authorities in support of such a position is misplaced.

In <u>Natl. Sav. Bank of D.C. v. Ward</u>, 100 U.S. 195 (1879), the Supreme Court held that an attorney employed to investigate the title of land is only liable for the want of ordinary care and skill. Because this case does not involve Thomasson's investigation of title and land, and instead deals with his direct malfeasance in engaging in concerted activity with the Deo Defendants to defraud the Plaintiffs, this case is distinguishable. Moreover, the concept in that 144-year-old decision predated the statutory abolition of privity as a defense to tort liability. <u>See</u> <u>Tingler v. Graystone Homes, Inc.</u>, 834 S.E.2d 244 (2019). Similarly, Thomasson's reliance on <u>Temple</u>

Hoyne Buell Found. v. Holland & Hart, 851 P.2d 192, 194 (Colo. App. 1992), a non-binding case, is inapposite in that the Plaintiffs have not asserted any malpractice claim against him.

Further, Thomasson argues that the holding in D. & C. Textile Corp. v. Rudin applies, such that a privilege to advise precludes any finding of liability to him. See 41 Misc. 2d 916, 918-19 (N.Y. Sup. Ct. 1964). However, this argument fares no better. Courts have held that the "good faith advice privilege" does not extend to the commission of unlawful acts. See Tensfeldt v. Haberman, 2009 WI 77, ¶65, 319 Wis. 2d 329, 362, 768 N.W.2d 641, 657(2009) (Supreme Court of Wisconsin holding that an attorney's providing legal advice related to the client's commission of an unlawful act, as opposed to conduct which constitutes a breach of contract or fiduciary duty, is not entitled to the good faith advice privilege) (citing Rudin); see also Riverside Finance Corp. v. Coniglio Builders, Inc., 73 A.D.2d 1039, 1040-1041 (4th Dept. 1980) (reversing dismissal of claim against attorney that allegedly advised his client to sell property without satisfying a mortgage mistakenly misrecorded when the attorney knew of the mortgage and deprived the plaintiff of its security and constituted a willful and malicious interference with the contract); Cassaforte Ltd. v. Pourtavoosi, 2022 N.Y. Misc. LEXIS 11023, *27-28 (Sup. Ct., N.Y. Cty. 2022) (denying dismissal of claims against an attorney for allegations of fraud, collusion, malice or bad faith when his knowing involvement in client's alleged misrepresentations was raised); Leiderman v Gilbert, 176 AD2d 525, 526 (1st Dept. 1991) (declining to dismiss tortious interference with contract claim against attorney who was alleged to have made "deliberate falsehoods").

Here, the First Amended Complaint adequately alleges that Thomasson has done so much more than provide legal advice to the Deo Defendants in connection with their unlawful and fraudulent conduct; it alleges that Thomasson himself has engaged in the aforesaid conduct for his personal benefit and self-interest. As such, no advice privilege applies, especially where the

improper use of an attorney's escrow account to launder funds cannot fall under the umbrella of "advice."

It is worthy to note that Thomasson's argument also miss the mark in that he argues why the claims against him have no merit while ignoring the issue at hand, which is whether he must be disqualified because he: (i) is a witness; (ii) has a conflict with the co-Defendants; and (iii) has a conflict with Superb and Northshore, which are both indisputably Thomasson's former clients.

Again, because there is no dispute that Thomasson's fingerprints are all over his use of the attorney escrow account, that he will undoubtedly be called to testify about the documents indicating the deposit and withdrawal of the $735,000.00 misappropriated from Northshore, and all of that evidence will be offered and received at trial, he cannot serve as both a witness and an advocate in this case. See Gorbaty, 2011 WL 318090, at *3 ("Those documents will undoubtedly be offered and received in evidence if this case proceeds to trial. Mr. Gorbaty, even if not called to testify, will then become an unsworn witness, blurring the line between evidence and argument and precluding cross-examination") (citing U.S. v. Napoli, 2010 WL 1687669, at *5 (E.D.N.Y. Apr.27, 2010) (disqualifying counsel who would "inevitably be an unsworn witness at the trial" in light of his "firsthand knowledge of the events in question"); Kattas v. Sherman, 32 A.D.3d 496, 497, 820 N.Y.S.2d 631 (2d Dept. 2006) (affirming disqualification of counsel who was a potential witness and "intimately involved" in the contract at issue).

For the foregoing reasons, Thomasson's arguments must be rejected in their entirety.

**DEFENDANTS HAVE ABANDONED ANY ARGUMENTS THEY FAILED TO ADDRESS**

Defendants have failed to address a plethora of arguments raised by the Plaintiffs in support of their motion to disqualify; namely, Thomasson's use of his attorney escrow account and conversations with Detective Marx makes him a necessary witness in this case at trial;

Thomasson's role as a witness will make it difficult for him to maintain his objectivity and professionalism on behalf of his clients; Thomasson's testimony will be necessary to bolster Deo's credibility, which is affected by his prior conviction for fraud; Thomasson had boots on the ground at Superb's dealership and observed events that he will have to testify to; and Thomasson has possession of confidential information belonging to Superb arising out of his prior representation of Superb.

Because Thomasson failed to address these arguments in his opposition papers, this Court should conclude that he concedes them.  See, e.g., Kaplan v. N.Y. State Dep't of Labor, No. 18-CIV.-3629 (KPF), 2019 U.S. Dist. LEXIS 121131, at *14-15 (S.D.N.Y. July 19, 2019) ("Courts will normally deem a claim abandoned if a plaintiff fails to address or oppose a defendant's arguments …").

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court issue an Order disqualifying Thomasson from representing the Defendants in this case, together with such other and further relief as this honorable Court deems just, equitable, and proper.

Dated:  Lake Success, New York
      November 6, 2023                  Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

By:  */s   Emanuel Kataev, Esq.*
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Plaintiffs*

9

*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

Dated: New York, New York
        November 6, 2023

**CYRULI SHANKS & ZIZMOR LLP**

_____/s_____
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*