UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SUPERB MOTORS INC. *et al*,

                              Plaintiffs,

             -against-

ANTHONY DEO *et. al.*

                              Defendants.
-------------------------------------------------------------X

**ORDER**
23-CV-6188 (JMW)

**A P P E A R A N C E S:**

Jamie Scott Felsen, Esq.
Emanuel Kataev, Esq.
**Milman Labuda Law Group PLLC**
3000 Marcus Avenue, Suite 3w8
Lake Success, NY 11042
*Attorneys for all Plaintiffs*

Jeffrey C. Ruderman, Esq.
**Cyruli Shanks & Zizmor LLP**
420 Lexington Avenue, Suite 2320
New York, NY 10170
*Attorneys for 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, Brian Chabrier (individually and derivatively as a member of Northshore Motor Leasing, LLC), Joshua Aaronson (individually and derivatively as a member of 189 Sunrise Hwy Auto, LLC), Jory Baron, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC, and Island Auto Management, LLC.*

**Harry R. Thomasson, Jr., Esq.**
3280 Sunrise Highway, Suite Box 112
Wantagh, NY 11793
*Attorney for Defendants Anthony and Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Thomas Jones, CPA, Car Buyers NYC, Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp.*

1

John Anthony Lentinello, Esq.
Peter Seiden, Esq.
**Milber Makris Plousadis & Seiden, LLP**
1000 Woodbury Road, Ste. 402
Woodbury, NY 11797
*Attorneys for Jones, Little & Co., CPA's LLP*

Ariel E. Ronneburger, Esq.
Thomas Baylis, Esq.
**Cullen and Dykman LLP**
333 Earle Ovington Boulevard, Ste 2nd Floor
Uniondale, NY 11553
*Attorneys for Flushing Bank*

*No appearance for Defendants DLA Capital Partners Inc., Libertas Funding LLC and J.P. Morgan Chase Bank, N.A.*

**WICKS,** Magistrate Judge:

This case commenced on August 17, 2023 in which Plaintiffs[1] allege a series of causes of action against the Defendants including, *inter alia,* (1) RICO; (2) DTSA; (3) unfair competition; (4) tortious interference; (5) unjust enrichment; (6) conversion; (7) fraud; (8) breach of fiduciary duty, and (9) conspiracy. (*See generally* ECF No. 65.) Before the Court is Plaintiffs'[2] motion for contempt against the Deo Defendants (ECF No. 79).[3] Upon review of the parties' moving parties and hearing their respective positions at Oral Argument, the Court denies Plaintiffs' motion for contempt and sanctions.

---

[1] Plaintiffs are Superb Motors Inc., Team Auto Sales LLC, Robert Anthony Urrutia, 189 Sunrise Hwy Auto LLC, Northshore Motor Leading, LLC, Brian Chabrier (individually and derivatively as a member of Northshore Motor Leading, LLC), Joshua Aaronson (individually and derivatively as a member of 189 Sunrise Hwy Auto, LLC), Jory Baron, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC, and Island Auto Management, LLC.

[2] The motion is brought by Superb Motors Inc., Team Auto Sales LLC, and Urrutia.

[3] "Deo Defendants" includes Anthony and Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

2

# BACKGROUND

The undersigned assumes familiarity with the facts and outlines only those facts relevant to the present motion.[4] On September 29, 2023, District Judge Orelia E. Merchant granted a preliminary injunction and ordered that the parties "maintain the status quo" until after the hearings in mid-September. (ECF No. 55.) Of relevance here, Judge Merchant expressly ordered the following:

3) The following vehicles ("**Injuncted Deo Vehicles**") shall Remain or otherwise be at Deo Defendants' Deo Lots:
   a. 2023 Chevrolet Suburban with a VIN # ending in "8675";
   b. 2020 Mercedes-Benz GLE with a VIN # ending in "4078";
   c. 2019 Land Rover Range Rover with a VIN # ending in "3297";
   d. 2017 Rolls Royce with a VIN # ending in "2728";
   e. 2016 Audi A6 with a VIN # ending in "9650";
   f. 2016 Audi Q5 with a VIN # ending in 0272.

4) A **Deo Lot** only includes:
   a. 180 Michael Drive, Syosset, NY 11791 (Northshore);
   b. 189 Sunrise Highway, Amityville, NY 1701 (Sunrise/Gold Co[a]st).

5) The term "**Remain**" means that the subject injuncted vehicle:
   a. may not leave the geographic area or bounds of the appointed lot;
   b. may not be sold, transferred, gifted, disposed, destroyed, or otherwise encumbered;
   c. may not otherwise change legal or equitable title except as ordered by another court of competent jurisdiction;
   d. may not be driven or otherwise used or maintained on the lot in such a way that would damage the resale value of the vehicle.

6) **No injuncted vehicle may be removed from the appointed lot absent this Court's Order.**
   a. In the event an injuncted vehicle must be moved from its lot due to emergency or any other good cause, the current possessor must inform the Court prior to the removal in writing on the docket and explain any good cause for the movement of the vehicle. The same writing must be electronically served on the other party.

7) Deo Defendants shall hold and keep insurance and provide proof thereof to Superb for the **"DEMO" cars**:
   a. 2019 Land Rover Range Rover;
   b. 2023 Chevrolet Suburban.

---

[4] For an extensive recitation of the facts, refer to ECF No. 55.

3

8) This injunction shall last until the case has settled or dismissed or until the Court resolves the dispute. Any party seeking to modify the injunction must file a pre-motion conference letter with the Court pursuant to the Court's individual practice rules.

(ECF No. 55 at 29-30.)

On November 2, 2023, Plaintiffs' counsel filed a letter motion for contempt against the Deo Defendants in conjunction with their alleged defiance of Judge Merchant's order for the preliminary injunction. (ECF No. 79.) Deo Defendants' counsel strenuously opposes. (ECF No. 81.) Oral Argument was held on November 9, 2023.[5] The parties' arguments are outlined below.

Plaintiffs state that Judge Merchant's order on the preliminary injunction (ECF No. 55) was abundantly clear yet the Deo Defendants have failed to comply with the injunction since they moved the cars without prior court leave and have driven the cars notwithstanding prohibited by order from doing so. (ECF No. 79 at 2.) That is, they argue that the Deo vehicles are no longer on either of his lots nor are they in his home as Deo states and the Deo Defendants have not informed the Court about the removal of the vehicles on Deo's lots—a directive in Judge Merchant's order.[6] (*Id.*)

Plaintiffs request the Court find the Deo Defendants in civil contempt; return the vehicles to Superb; award Plaintiffs attorneys' fees; and issue sanctions. (*See generally id.*) Specifically, they aver that there is support for all forms of sanctions, "including further injunctive relief requiring the return of the vehicles, incarceration, coercive sanctions, and attorneys' fees and costs." (*Id.* at 5.) They also request that a "coercive sanction of $5,000.00 per day" be issued until the vehicles are returned; a monetary fine of $10,000 to Superb; and attorneys' fees for this

---

[5] *See generally* Recording of Oral Argument at 12:36-1:33, *Superb Motors Inc. et al v. Deo et al.*, No. 23-cv-06188 (JMW) (E.D.N.Y. Nov. 9, 2023) (ECF No. 97) ("Oral Argument").

[6] Plaintiffs submit photos demonstrating that the cars are not in either lot (Amityville/Gold Coast location or Northshore Motors lot) nor in Deo's driveway/garage. (ECF No. 80.)

4

motion and prior applications. (*Id.*) Finally, they ask for punitive measures—the arrest of Anthony Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, and Michael Laurie. (*Id.*)

The Deo Defendants oppose only stating that the cars can no longer be housed at either lot because they are either being surrendered or only possess an outdoor parking lot. (ECF No. 81.) Thus, the vehicles are now being held at Deo's home which will "ensure the safety of these cars." (*Id.*) Deo states that he will immediately move the cars to an appropriate lot once he commences operations and will notify the Court accordingly. (*Id.* at 5.)

## DISCUSSION

Fed. R. Civ. P. 70 states in relevant part that "[i]f a judgment requires a party to…perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court." Fed. R. Civ. P. 70(a). In addition, the court can hold the disobedient party in contempt. Fed. R. Civ. P. 70(e). "There are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is clear and unambiguous; 2) the proof of non-compliance with that order must be clear and convincing; and 3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Schmidt v. Stone*, No. 14-CV-2519 (RJD) (CLP), 2019 WL 3253953, at *5 (E.D.N.Y. July 18, 2019) (internal quotations and citations omitted). "A defendant's conduct need not be willful in order for the defendant to be found in contempt." *Yurman Studio, Inc. v. Castaneda*, Nos. 07-cv-1241 (SAS), 07-cv-7862 (SAS), 2009 U.S. Dist. LEXIS 13870, at *6 (S.D.N.Y. Feb. 23, 2009). All three must be met.

5

The first prong—whether the order was clear and unambiguous—is determinative of the matter. "A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is address, who must be able to ascertain from the four corners of the order precisely what acts are [required or] forbidden." *Nat'l Liab. & Fire Ins. Co. v. Rick's Marine Corp.*, No. 15-CV-6352 (DRH) (ARL), 2021 U.S. Dist. LEXIS 90391, at *6 (E.D.N.Y. May 12, 2021). Ambiguities and omissions shall be "construed in favor of the alleged contemnor." *Id.*

As to the *first* element, Plaintiffs allege that all six of the "Injuncted Deo Vehicles" were not to be driven per the Order. However, the Deo Defendants contend that only four of the six "Injuncted Deo Vehicles", namely the (1) 2020 Mercedes-Benz GLE with a VIN # ending in "4078;" (2) 2017 Rolls Royce with a VIN # ending in "2728;" (3) 2016 Audi A6 with a VIN # ending in "9650;" and (4) 2016 Audi Q5 with a VIN # ending in 0272, were not to be driven. And in fact, Defendants' counsel represented at Oral Argument that the four have not. However, as to the two "DEMO" vehicles (2023 Chevrolet Suburban with a VIN # ending in "8675" and 2019 Land Rover Range Rover with a VIN # ending in "3297"), Defendants' understanding— perhaps a misunderstanding – was that they were permitted to drive the two DEMO vehicles, which was how the temporary restraining order was resolved prior to the issuance of the preliminary injunction order. According to Defendants, this reliance was based on Judge Merchant's characterization in the order of the two vehicles as "DEMO" vehicles. She also mandated that the Deo Defendants provide proof of insurance for those two only (like the TRO did), and not for the remaining four.

On its face, the Court cannot say that the Preliminary Injunction Order is "clear and unambiguous" that the two DEMO vehicles were not to be driven. "DEMO" is not defined anywhere in the Preliminary Injunction Order. According to Consumer Reports, a "demo car" is

6

a new car that has "been driven by the dealership's staff or as test-drive vehicles by interested customers." Mike Dempsey, *What is the Real Deal with Buying a Demo Car?*, Consumer Reports News (Mar. 27, 2009 5:08 AM), https://www.consumerreports.org/cro/news/2009/03/what-is-the-real-deal-with-buying-a-demo-car/index.htm. Consequently, because the inherent use of a "demo" vehicle is for it to be driven, it cannot be said with certainty that the two DEMO vehicles here were not meant to be driven for Deo's personal use.[7] The fact that these two vehicles were carved out, separate and apart from the six Injuncted Deo Vehicles, implies that they were to be given different treatment from the rest of the vehicles on the list. Further, the Order does not contain explicit language as to whether the DEMO vehicles are or are not subject to the prohibited use or mandate against driving the Injuncted Deo Vehicles. This omission could be seen as granting the Deo Defendants the privilege of driving the two vehicles and prohibiting them from driving or otherwise using the rest. *See A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F. Supp. 2d 281, 291 (S.D.N.Y. 2000) (finding that the injunction was not clear and unambiguous to cover the activities in question since the injunction contained no language about the prohibition); *cf. In re Doria/Memon Disc. Stores Wage & Hour Litig.*, No. 14-cv-7990 (RWS), 2016 U.S. Dist. LEXIS 7225, at *17-18 (S.D.N.Y. Jan. 19, 2016) (finding that the language of the order specifically forbade certain conduct against employees and thus "left no ambiguity"). Defendants' reading of the order is also consistent with what was provided by the TRO.

For this reason, the Court need not reach the second and third elements and finds that the Deo Defendants were not in contempt of the Order. *See Nat'l Liab. & Fire Ins. Co.*, 2021 U.S.

---

[7] Indeed, at the conference before the undersigned concerning the TRO, the Deo Defendants were to provide insurance for these two DEMO vehicles so they could keep them on their lot and have the ability to drive them. (ECF No. 45.)

7

Dist. LEXIS 90391 at *6-7 (discussing only the first element, finding the order ambiguous, and denying the motion for contempt).  However, the Court does note that the Deo Defendants took steps to obtain clarification on the ambiguity of the preliminary injunction order and therefore did not intend on willfully defying the order.  (ECF No. 58); (Oral Argument at 12:45); *see also Town of Islip v. Eastern Air Lines, Inc.,* 793 F.2d 79, 83 (2d Cir. 1986) (vacating judgment of contempt where orders "failed to give the airline a clear understanding of what it was legally required to do, and because Eastern made reasonable efforts to seek clarification of the ambiguous orders").  And at Oral Argument, Deo Defendants' counsel confirmed that the other four Injuncted Deo Vehicles have not been used and are currently at Defendant Deo's home. (Oral Argument at 12:47, 1:03.)

## **CONCLUSION**

Plaintiffs' motion for contempt (ECF No. 79) is denied as is Plaintiffs' request for sanctions.  Per this Court's prior Order issued at Oral Argument, all six (6) vehicles, including the two (2) DEMO vehicles are to be placed in an independent, licensed, and insured facility at the expense of the Deo Defendants and none are permitted to be driven or otherwise used, absent a court order to the contrary.  (*See* ECF No. 97.)

Dated: Central Islip, New York
         November 10, 2023

S O   O R D E R E D:
/S/ *James M. Wicks*
         JAMES M. WICKS
         United States Magistrate Judge