**MMP & S**
MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

ATTORNEYS AT LAW
1000 WOODBURY ROAD   SUITE 402   WOODBURY, NY 11797
TELEPHONE: 516.712.4000   FAX: 516.712.4013
HTTP://WWW.MILBERMAKRIS.COM

November 14, 2023

U.S. Magistrate Judge James M. Wicks
U.S. District Court, Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

    Re:   *Superb Motors Inc., et al. v. Anthony Deo, et al.*
          Docket No.:   2:23-cv-6188
          Our File No.:  446-25080

Dear Judge Wicks:

    We represent defendants Thomas Jones, CPA and Jones, Little & Co., CPAs LLP (together, "JLC"). Please accept this letter pursuant to Rule 3(D) of Your Honor's Individual Practice Rules to request a pre-motion conference regarding a motion by JLC to dismiss the Amended Complaint pursuant to F.R.C.P. Rules 12(b)(1) and (6). Plaintiffs' Amended Complaint contains 52 causes of action, only 6 of which are alleged against JLC. Of those 6, only 2 causes provide the alleged basis for the Court's jurisdiction over plaintiffs' claims against JLC – the First Cause of Action, sounding in Violation of RICO, 18 U.S.C. §1962, and the Second Cause of Action, sounding in Conspiracy under 18 U.S.C. §1962(d). The 4 remaining causes of action constitute state law claims brought pursuant to the Court's supplemental jurisdiction under 28 U.S.C. §1367. The Amended Complaint fails to state a claim against JLC under the First or Second Causes of Action. Accordingly, there is no basis for federal jurisdiction over JLC, and the Amended Complaint should be dismissed as against JLC with prejudice.

    The Amended Complaint's "Facts" section, at ¶¶ 48-280, separately mentions JLC only 4 times:[1] in ¶¶ 134, 170, 245 and 255 in which plaintiffs allege, in purely general terms, that JLC somehow falsified financial statements, altered financial records, altered journal entries, and created or submitted forged instruments. JLC is mentioned in only one paragraph in the First Cause of Action – in ¶ 322, plaintiffs assert that JLC submitted false financials to create the illusion that Superb was profitable. JLC is not mentioned in the Second Cause of Action.

**A.**    **As the RICO and Conspiracy Causes of Action Fail to State a Claim Upon Which Relief Can Be Granted Against JLC, the Court Lacks Original Jurisdiction over JLC**

    Plaintiffs allege that this Court has jurisdiction over JL&C pursuant to 28 U.S.C. §1331 predicated upon claims sounding in violations of RICO under 18 U.S.C. §1962 and Conspiracy under 18 U.S.C. §1962(d). In sum, plaintiffs fail to state a claim under either federal statute. As such, the Amended Complaint should be dismissed as against JL&C with prejudice. Second Circuit law is well settled that, to establish a civil RICO claim, "a plaintiff must allege '(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity,' as well as injury to business or property as a result of the RICO violation." *Landy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (quoting *Anatian v. Coutts Bank Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)). "The pattern of racketeering activity must consist of two or more predicate acts of racketeering." *Id.* (citing 18 U.S.C.

---

[1]    JL&C is listed collectively with other defendants in eleven other paragraphs.

WOODBURY, NEW YORK ■ PURCHASE, NEW YORK
NEW JERSEY ■ CONNECTICUT ■ FLORIDA ■ PENNSYLVANIA

U.S. Mag. Judge James M. Wicks
November 14, 2023
Page 2

§1961(5)). Racketeering activity is defined as "any act which indictable" under specified provisions of Title 18, including mail fraud, wire fraud, extortion, and bank fraud. 18 U.S.C. §1961(1)(B); *Sky Med Supply Inc. v. SCS Support Claims Servs., Inc.*, 17 F.Supp.3d 207, 222 (E.D.N.Y. 2014). To establish a RICO conspiracy claim, a plaintiff must prove "the existence of an agreement to violate RICO's substantive provisions." *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 244 (2d Cir. 1999).

Plaintiffs fail to allege any facts that support either the First or Second Cause of Action as against JLC. Overall, the Amended Complaint alleges that JLC aided and/or assisted the Deo Defendants' wrongful actions by falsifying financial statements, altering financial records, altering journal entries, and creating or submitting forged instruments, or "false financials to create the illusion that Superb was profitable." *See* ¶ 255. Notably, plaintiffs fail to allege any facts to establish or support that JLC directed or operated the Deo Defendants' scheme; thus, the allegations cannot form the basis of RICO liability as against JLC. *See In re Agape Litig.*, 681 F.Supp.2d 352 (E.D.N.Y. 2010)(court dismissed RICO claims, finding that allegations that the financial defendant had actual knowledge of a scheme to defraud the plaintiff and that defendant's actions insufficient as a matter of law to support a RICO claim in the absence of allegations that the defendant directed or operated the scheme). Moreover, plaintiffs' lack of specificity as to any alleged wrongdoing by JLC with respect alleged fraudulent activities serves as a separate and independent basis or grounds for dismissal of the Amended Complaint. *Brookhaven Town Conservative Comm. v. Walsh*, 258 F.Supp.3d 277, 285-86 (E.D.N.Y. 2017)("When alleging fraudulent activities as predicate acts for a RICO claim, a plaintiff must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b)"); *Moore v. PaineWebber, Inc.* 189 F.3d 165, 172-73 (2d. Cir. 1999).

**B.   The Court Should Dismiss State Law and Common Law Claims Against JLC**

In their 11th, 12th, 51st and 52nd Causes of Action, plaintiffs allege state law claims against JLC for alleged professional malpractice and fraud. Plaintiffs readily acknowledge that those causes of action are pending before this Court solely under the doctrine of supplemental jurisdiction. Given that the RICO and RICO Conspiracy causes of action against JLC should be dismissed for the reasons described above, the Court should also dismiss the supplemental claims alleged against JLC. As this Court recently held in *Eaves v. Levitt-Fuirst Assocs., Ltd.*, No. 22CV5525-JMA-SIL, 2023 WL 3434987, at *4 (E.D.N.Y. May 12, 2023), "[i]n the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds. Courts should 'abstain from exercising pendent jurisdiction.'" (citations omitted). For the reasons set forth above, the Amended Complaint should be dismissed as against JLC with prejudice.

Thank you in advance for your kind consideration in this matter.

Respectfully submitted,

Peter Seiden (PS0658)

cc:   All counsel of record (via ECF)



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.:
2:23-cv-6188 (OEM) (ST)

**PROPOSED**
**SCHEDULING ORDER**

                              Plaintiffs,

   -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

                              Defendants.
------------------------------------------------------------------------X

Upon consent of the parties, it is hereby ORDERED as follows:

1. Defendants Thomas Jones, CPA, and Jones, Little & Co., CPA's LLP (together, "JLC") shall serve their papers in support of their motion to dismiss the Amended Complaint as against JLC on or before December 13, 2023;

2. Opposition to JLC's motion to dismiss the Amended Complaint shall be served on or before January 10, 2024; and

3.     JLC's reply papers, if any, in further support of its motion to dismiss the Amended Complaint shall be served on or before January 24, 2024.

This Scheduling Order may be altered or amended upon a showing of good cause not foreseeable at the date hereof.

CONSENTED TO BY:

MILMAN LABUDA LAW GROUP PLLC

By:_____
Jamie Scott Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue
Suite 3W8
Lake Success, NY 11042
516-328-8899
516-328-0082
jamiefelsen@mmmlaborlaw.com
emanuel@mllaborlaw.com
*Attorneys for Plaintiffs*
  *Superb Motors Inc.,*
  *Team Auto Sales LLC,*
*Robert Anthony Urrutia*
*1239 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1581 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*189 Sunrise Hwy Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*446 Route 23 Auto LLC,*
*76 Fisk Street Realty LLC,*
*Island Auto Management, LLC,*
*Northshore Motor Leasing, LLC,*
*Brian Chabrier,*
*Jory Baron,*
*Joshua Aaronson*

CYRULI SHANKS & ZIZMOR LLP

By:_____
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com
*Attorneys for Plaintiffs*
*1239 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1581 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*189 Sunrise Hwy Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*446 Route 23 Auto LLC,*
*76 Fisk Street Realty LLC,*
*Island Auto Management, LLC,*
*Northshore Motor Leasing, LLC,*
*Brian Chabrier,*
*Jory Baron,*
*Joshua Aaronson*


_____
Harry R. Thomasson , Jr.
3280 Sunrise Highway
Ste Box 112
Wantagh, NY 11793
516-557-5459
hrtatty@verizon.net
*Attorney for Defendants*
*Anthony Deo*
*Sarah Dea*
*Harry Thomasson*
*Dwight Blankenship*
*Marc Merckling*
*Michael l,aurie*
*Car Buyers NYC Inc.*
*Gold Coast Cars of Syosset LLC*
*Gold Coast Cars of Sunrise LLC*
*Gold Coast Motors Automotive Group LLC*
*Gold Coast Motors of LIC LLC*
*Gold Coast Motors of Roslyn LLC*

*Gold Coast Motors of Smithtown LLC*
*UEA Premier Motors Corp.*

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

By:_____
John Anthony Lentinello, Esq.
Peter Seiden, Esq.
1000 Woodbury Road, Ste. 402
Woodbury, NY 11797
516-712-4000
516-712-4013
jlentinello@milbermakris.com
pseiden@milbermakris.com
*Attorneys for Defendants,*
*Thomas Jones, CPA and*
*Jones, Little & Co., CPA's LLP*

CULLEN AND DYKMAN LLP

By:_____
Thomas S. Baylis, Esq.
Ariel Ronneburger, Esq.
333 Earle Ovington Boulevard
2nd Floor
Uniondale, New York 11553
516-357-3700
516-357-3792
tbaylis@cullenllp.com
*Attorneys for Defendant*
*Flushing Bank*

SO ORDERED:

_____          _____
United States Magistrate Judge                                        Date