UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (JMW)

**DECLARATION OF ROBERT ANTHONY URRUTIA IN SUPPORT OF SUBERB PLAINTIFFS' ORDER TO SHOW CAUSE TO MODIFY PRELIMINARY INJUNCTION**

                               Plaintiffs,

       -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

                               Defendants.
------------------------------------------------------------------X

       Robert Anthony Urrutia declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

**Background**

1. I am the majority shareholder and President of Superb Motors Inc. ("Superb"), a high-end used car dealership in Great Neck on Long Island, and the sole member of Team Auto Sales LLC ("Team"), a wholesale used car operation that I own and operate out of New Jersey.

2. Superb, Team, and I (the "Superb Plaintiffs") consist of one group of Plaintiffs in this case. I am also the owner of Volkswagen of Freehold in New Jersey, Team Mitsubishi-Hartford in Connecticut, and Team Nissan of Pittsfield, Massachusetts (the "Cross-Collateralized Dealerships").

3. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of documents I maintain at Superb and Team in addition to information I have learned from employees, customers, vendors, and other third parties concerning the Defendants and their conduct.

4. I respectfully submit this declaration in support of the instant Order to show cause to modify the preliminary injunction entered by the Hon. Orelia E. Merchant, U.S.D.J. ("Judge Merchant") on September 29, 2023 (hereinafter the "Injunction").[1]

**The Remaining Vehicles which are Unaccounted For**

5. In the original Order to show cause filed together with the complaint in this case, the Superb Plaintiffs complained that the Deo Defendants[2] absconded with one-hundred-two (102) vehicles. See ECF Docket Entry 11-18.

---

[1] See ECF Docket Entry 55.

[2] Comprised of Anthony Deo, Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

6. After the Order to show cause was filed, the Superb Plaintiffs found thirteen (13) of these vehicles, leaving eighty-nine (89) remaining. See ECF Docket Entry 34.

7. Of those eighty-nine (89), another twelve (12) were then found, leaving seventy-seven (77) vehicles. See ECF Docket Entry 56-1 ¶ 5.

8. Of those, twenty-eight (28) were recovered, with an additional two (2) Isuzu flatbed trucks that were not on that list, on September 15, 2023, leaving forty-nine (49). Id. ¶¶ 3-4.

9. Further, six (6) vehicles remain in the possession of the Deo Defendants, leaving forty-three (43) remaining vehicles. See ECF Docket Entry 55 at 29.

10. All of the vehicles listed in the spreadsheet marked up by the Deo Defendants on or about September 11, 2023,[3] including the remaining forty-three (43), are assets of Superb and are listed in Superb's general ledger. See copy of excerpts from Superb's general ledger annexed hereto as **Exhibit "A."**

11. In addition, of the forty-three (43) remaining vehicles, it is evident that the Deo Defendants have sold them or otherwise disposed of them without accounting for them at Superb (or, as evidenced below, have otherwise lied about their whereabouts).

    i.    the 2019 BMW 5 Series

12. For example, with respect to VIN No.: WBAJE7C5XKWW08935, a 2019 BMW 5 Series, Deo declared under oath that "THIS VEHICLE WAS SOLD RETAIL A LONG TIME AGO." See ECF Docket Entry 30-8.

13. However, although Deo first offered it for sale in February 2023 and the car was thereafter reported stolen in March 2023,[4] there is more to the story.

---

[3] See ECF Docket Entry 30-8.

[4] See copy of highlighted CarFax report for the aforesaid vehicle annexed hereto as **Exhibit "B."**

14. In May 2023, Chase contacted Urrutia about the fact the vehicle was stolen and it was only then that Deo informed Urrutia that he needed help with figuring out how to handle the issue. See copy of May 2023 email correspondence annexed hereto as **Exhibit "C."**

15. Thereafter, the vehicle was ultimately recovered in June 2023 by Defendant Marc Merckling. See copy of June 2023 email correspondence annexed hereto as **Exhibit "D."**

16. Once recovered, Deo placed the vehicle back for sale on July 1, 2023. See **Exhibit "B"** at 4.

17. This vehicle remains unaccounted for and its whereabouts are unknown.

ii. the 2012 BMW X5

18. With respect to VIN No. 5UXZV4C57CL889887, a 2012 BMW X5, Deo declared under oath that "THIS WAS SITTING IN 215 NORTHERN BLVD ON AUG 4TH."

19. As an initial matter, Bruce Novicky conducted a physical audit on August 3, 2023 at my direction and that vehicle was not present during that audit.

20. Further, the vehicle was listed as having been traded in related to the sale of a 2016 BMW X5, VIN No. 5UXKR0C50G0S88326, on July 5, 2023. See copy of deal documents annexed hereto as **Exhibit "E."**

21. However, this deal was unwound due to necessary repairs and the 2016 BMW X5 should thus be in Superb's possession, *together with* the 2012 BMW X5 the customer traded in.

22. Superb is not in possession of either the 2012 BMW X5 or the 2016 BMW X5.

23. The whereabouts of these two (2) vehicles, as well as the others, remains unknown.

**The Deo Defendants Should Return the Deo Injuncted Vehicles**

24. For the reasons stated in the Superb Plaintiffs' memorandum of law in support, the Deo Injuncted Vehicles should be returned to Superb.

4

25. With respect to the 2020 Mercedes-Benz GLE with a VIN # ending in "4078," the Deo Defendants have perjured themselves concerning its whereabouts.

26. Deo declared under oath that this vehicle "DOES NOT BELONG TO SUPERB AS PER NYS DMV VERIFI." See ECF Docket Entry 30-8.

27. Deo also stated, with respect to Defendant Michael Laurie ("Laurie"), that Laurie "was merely paid short money for referrals he provided to Superb, less than $9,000.00 in total (he also sold a car of his own to Superb and received the overage after the loan was paid off, also less than $8,000.00, I believe)." See ECF Docket Entry 30 ¶ 54.

28. Meanwhile, Laurie declared under oath that he "traded" this "car to Superb during or about April, 2023," for which he "was compensated on the trade in." See ECF Docket Entry 91.

29. This trade-in for the same 2020 Mercedes-Benz GLE with a VIN # ending in "4078" is documented by Superb. See copy of deal documents annexed hereto as **Exhibit "F."**

30. Therefore, this vehicle belongs to Superb, and Laurie has no right to maintain it as a "demo" when he was paid for the vehicle as evidenced by the documents submitted herein and by Laurie's own sworn statements.

31. To add insult to injury, Superb was unable to obtain the title for this vehicle for months and months because Laurie was unresponsive to phone calls from Mercedes Benz Financial Services ("MBFS") in authorizing the release of the title.

32. In fact, after Bruce Novicky provided MBFS Laurie's phone number, Laurie told MBFS on a recorded line that he gave this vehicle back to Superb.

33. Laurie lied to MBFS when he did so, and he was in fact still driving the vehicle after Judge Merchant issued the Injunction requiring that this vehicle not be driven.

5

34. Despite Laurie's statements to MBFS that Superb has the vehicle, the truth is that it is supposed to currently remain in storage pursuant to this Court's November 9, 2023 Order.

35. This demonstrates the lengths to which the Deo Defendants will act to lie and cover up their unlawful conduct.

36. They lie so much their own lies conflict with each other's, notwithstanding the fact their esteemed counsel Harry R. Thomasson, Esq. has been extensively involved in the litigation concerning the Deo Injuncted Vehicles and presumably reviews (and very well likely drafts) these conflicting declarations!

37. In addition, the Deo Defendants repeatedly refer to the Deo Injuncted Vehicles as "demos" which are a "perk" of ownership.

38. On August 4, 2023, I sent Defendant Anthony Deo ("Deo") a capital call letter in accordance with our shareholders' agreement for Superb.  See copy of correspondence annexed hereto as **Exhibit "G."**

39. To date, Deo has not responded to this letter; he only wants the benefits of ownership without any of the cons.

**The Court Should Permit Superb to Sell the Superb Injuncted Vehicles**

40. For the reasons stated in the Superb Plaintiffs' memorandum of law in support, Superb should be able to sell all of the vehicles recovered on September 15, 2023.

41. As set forth above, on September 15, 2023, the Superb Plaintiffs recovered from the Deo Defendants two (2) Isuzu flatbed trucks.

42. Those vehicles are titled to Team Imports, LLC d/b/a Team Mitsubishi Hartford and do not belong to Superb.

43. Thus, the injunction against selling the two (2) Isuzu flatbed trucks should be lifted.

6

44. In addition, thirteen (13) of the twenty-eight (28) vehicles recovered belong to Team, not Superb. <u>See</u> copy of spreadsheet of vehicles owned by Team together with documents supporting ownership for each vehicle annexed hereto as **Exhibit "H."**

45. I respectfully request that this Court grant the relief requested herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 25, 2023.

*robert urrutia*
robert urrutia (Nov 25, 2023 18:24 EST)

Robert Anthony Urrutia

# 2023-11-25 FINAL Urrutia Declaration

Final Audit Report                                                                 2023-11-25

| | |
|---|---|
| Created: | 2023-11-25 |
| By: | Emanuel Kataev (mail@emanuelkataev.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAoonLYyQiPczy6XiDhuXv__ivw1H5_LkH |

## "2023-11-25 FINAL Urrutia Declaration" History

- Document created by Emanuel Kataev (mail@emanuelkataev.com)
  2023-11-25 - 11:23:32 PM GMT- IP address: 65.51.198.20

- Document emailed to tonyu814@gmail.com for signature
  2023-11-25 - 11:24:01 PM GMT

- Email viewed by tonyu814@gmail.com
  2023-11-25 - 11:24:14 PM GMT- IP address: 74.125.210.67

- Signer tonyu814@gmail.com entered name at signing as robert urrutia
  2023-11-25 - 11:24:51 PM GMT- IP address: 186.15.17.187

- Document e-signed by robert urrutia (tonyu814@gmail.com)
  Signature Date: 2023-11-25 - 11:24:53 PM GMT - Time Source: server- IP address: 186.15.17.187

- Agreement completed.
  2023-11-25 - 11:24:53 PM GMT

Adobe Acrobat Sign