# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  
Wantagh, New York  11793  
Tel. 516-557-5459  
hrtatty@verizon.net

Admitted:  
Massachusetts  
New York

November 29, 2023

Honorable James M. Wicks  
U.S. Federal District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

      Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*  
             Case No. 2:23-cv-6188 (JW)

Your Honor:

     Please be reminded that this office represents Anthony Deo, Sara Deo, Dwight Blankenship, Harry Thomasson, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, DLA Capital Partners, Inc., and UEA Premier Motors Corp., with respect to the above referenced action (the "Deo" Defendants).

     I am writing pursuant to Rule 3(D) of your Honor's Individual Practice Rules to request a Pre-Motion Conference in anticipation of filing a Motion to Dismiss/Strike relevant portions of the Plaintiffs' First Amended Complaint pursuant to F.R.C.P. Rules 12(b)(1), 12(b)(6), and 12(f). That being said, please be informed that the parties have discussed a briefing schedule for this Motion, and the agreed upon briefing schedule (on consent) is attached hereto pursuant to your Individual Practice Rules.  The basis for this Motion is as follows:

1. Plaintiffs have five (5) Counts in the Amended Complaint that establish jurisdiction over the Deo Defendants in this Court (the first five Counts of the Amended Complaint): Count 1, RICO claims; Count 2, Federal Conspiracy claims; Count 3, RICO injunctive relief; Count 4, Federal Trade Secrets claims; and Count 5, Trade Secrets injunctive relief.  The remaining counts against all of the Deo Defendants are state claims brought pursuant to this Court's supplemental jurisdiction authority under 28 U.S.C. 1367.

2. It is the Deo Defendants' position that the allegations contained in these first five Counts of the Amended Complaint are specious, lack the specificity necessitated by F.R.C.P. Rule 9(a)(2)(b) ["Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake…."], are completely vapid, and without any merit whatsoever.

1

3. Moreover, it is beyond dispute that there are no allegations which meet the standards of Rule 9(a)(2)(b) as against Sara Deo, Michael Laurie, Dwight Blankenship, Marc Merckling, or any of the Deo corporations in any of the Counts of the Amended Complaint.  Please note:  There are over seventy (70!) references to fraud generally and without specificity in this Amended Complaint, so it is the Deo Defendants' position that the entire Amended Complaint fails to meet the requirements of Rules 12(b)(1), 12(b)(6), 9(a)(2)(b) of the Federal Rules of Civil Procedure. Under New York law, a plaintiff seeking to establish a cause of action for aiding and abetting a breach of fiduciary duty must show: "(1) the existence of a ... violation by the primary (as opposed to the aiding and abetting) party; (2) 'knowledge' of this violation on the part of the aider and abettor; and (3) 'substantial assistance' by the aider and abettor in the achievement of the primary violation." *Samuel M. Feinberg Testamentary Trust v. Carter*, 652 F.Supp. 1066, 1082 (S.D.N.Y.1987) (*quoting IIT v. Cornfeld*, 619 F.2d 909, 922 (2d Cir.1980)).  Plaintiffs allegations against Anthony Deo's chosen help (including his undersigned outside counsel and outside accountants, Jones and Little, as well as Thomas Jones himself) must be dismissed.

4. As to the allegations against undersigned, these allegations must all be dismissed. Not only are the allegations broad and unsupported by any specificity beyond the money stolen by Josh Aaronson from Anthony Deo on Aaronson's way out the door of NorthShore being returned by undersigned to Deo immediately upon receipt (in the absence of *any* duty to or agreement between Aaronson and undersigned), but in fact there is no allegation that in any way supports the fraud claims specific enough to fulfill both the requirements of F.R.C.P. Rule 9(a)(2)(b) and Rules 12(b)(1) and 12(b)(6).  In addition, it is a transparent violation of F.R.C.P. Rule 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter….")  The allegations against Dwight Blakenship and Marc Merckling involving their employment as police officers are irrelevant, immaterial, impertinent, and scandal mongering, to say nothing of the fact that the allegations are wrong factually.  Likewise, the Plaintiffs were anxious to include in a Federal Complaint allegations in paragraph 605 against undersigned made by a Court in an unrelated matter, but completely and intentionally failed to inform this Court (and the public who may see paragraph 605 in this Complaint in the limitless future) that the statements they cite from that Court *are not final and are currently under review by that Court for a mistake in a date calculation.*  As such, these statements are likely to be modified in a still pending Motion that the Plaintiffs and their learned counsel would have necessarily seen in obtaining the decision at issue.  Instead, Plaintiffs and their learned counsel knowingly, intentionally, and without any regard for the complete picture violated both the spirit and intent of F.R.C.P. Rule 12(f)(2).

5. There is no privity between most of the parties to this action.  Outside of Anthony Deo and Sara Deo, none of the other Defendants had any formal relations with any of the Plaintiffs.  Please note, your Honor, that Josh Aaronson, his CFO (Wendy Kwun), and IAG's longtime accountant Citrin Cooperman all participated in and had full knowledge and approval of the tax returns listing Anthony Deo as 99% shareholder

and Sara Deo as 1% shareholder of NorthShore and 189 Sunrise at least as of the day of the emails approving those tax returns. This fact stands in stark contrast to the attempt by the Aaronson/IAG Plaintiffs in the Nassau County action to present caselaw citing feuding parties in corporate disputes who file tax returns *without* the other side's knowledge or approval to weaponize those returns; here, there is no dispute: Josh Aaronson, IAG's CFO Wendy Kwun, and IAG's accountants all fully knew about and approved those filings, then left the offices of NorthShore and 189 Sunrise by taking all of those companies' files on the way out the door to crush my clients' businesses. As will be set forth in our own Complaint as yet unfiled, we have learned that this is not the first time that the Baron Family and friends have crushed minorities and minority owned businesses, it is clearly part of a pattern of documented conduct that continues in this instance.

6. Fraudulent misrepresentation requires that "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff[s] thereby, (3) the plaintiff[s] reasonably relied upon the representation, and (4) the plaintiff[s] suffered damage as a result of their reliance." *Swersky v. Dreyer & Traub*, 643 N.Y.S.2d 33, 36 (1st Dept. 1996). A claim for fraudulent concealment or omission requires the same showing as that for fraud or fraudulent misrepresentation, with the additional requirement that the plaintiff must demonstrate that the defendant had a duty to disclose material information. *See Banque Arabe et Internationale D'Investissement v. Md. Nat. Bank*, 57 F.3d 146, 153 (2nd Cir. 1995); *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A*., 244 F.R.D. 204, 213 (S.D.N.Y. 2007). For both forms of fraud, the element of damages includes a requirement that the plaintiff establish proximate causation. *In re Fosamax Prod. Liab. Litig.*, 924 F.Supp.2d 477, 489 (S.D.N.Y. 2013); *Hunt v. Enzo Biochem, Inc.*, 471 F.Supp.2d 390, 399-400 (S.D.N.Y. 2006) (holding, *inter alia*, that a claim of common law fraud under New York law "requires a showing of proximate causation"). These New York state claims are insufficiently plead by the Plaintiffs and should be dismissed therefore.

7. The rules of pleading in Federal court usually require only 'a short and plain statement' of the plaintiff's claim for relief; however, averments of fraud must be alleged with particularity. *See, e.g., In re PXRE Group, Ltd., Sec. Litig*., 600 F. Supp.2d 510, 524 (S.D.N.Y. 2009) *quoting* Fed. R. Civ. P. 8, 9(b)); *see also, ATSI Communications , Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98-99 (2d Cir. 2007). The language of Rule 9(b) "is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as frauds or expressed in terms of the constituent elements of a fraud cause of action." *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004). "This pleading constraint serves to provide a defendant with fair notice of a plaintiff's claim, safeguard his reputation from improvident charges of wrongdoing, and protect him against strike suits." *Id*. None of Plaintiffs' claims meet these standards as plead. Rule 9(b) of the Federal Rule of Civil Procedure requires that any fraud claim, including any claim for conspiracy to commit fraud, need be pleaded with particularity. *See* Fed. R. Civ. P. 9(b); *see also, Rombach,* 355 F.3d at 170; *Warren v. John Wiley & Sons, Inc.,* 952 F.Supp.2d 610, 621 (S.D.N.Y. 2013) ("[L]ike

a claim for fraud, a claim for fraudulent concealment must be [pleaded] with particularity, in accordance with the heightened standards of Fed. R. Civ. P. 9(b).") This "pleading constraint" is predicated upon the need to provide defendant "with fair notice of a plaintiff's claim, safeguard his reputation from improvident charges of wrongdoing, and protect him against strike suits." *Asti Communications*,493 F.3d at 98-99.  It is obvious that in the case at bar, Plaintiffs are overreaching and merely interested in giving the appearance of wrongdoing.  Anthony Deo acted at all times with Plaintiffs' full and complete knowledge and authority, which can and will be proven by virtue of the fact that Plaintiffs 1) had full and complete control of all of their then-companies' finances; 2) positive pay at NorthShore, 189 Sunrise, and Superb Motors necessitated instant knowledge and approval of all financial transactions by Deo for and with any Plaintiff; 3) tokens were given to Anthony Deo for each of the 3 companies at issue to conduct Chase Bank finances for those companies; such tokens necessitate that Plaintiffs had immediate and daily knowledge of each transaction conducted by Deo; 4) text alerts were sent for each bank transaction conducted out of any Superb account to Superb's COO, Bruce Novicky.  Thus, it is a fraud upon this Court for Plaintiffs to allege that Deo defrauded them from anything, as every transaction was approved in real time as it was made.  It is also important for this Court to understand that every check, every requested transaction, and every piece of paper involved in anything and everything done by Deo for any Plaintiff came directly from one or more of Plaintiffs' employees, and not from Deo initially, as only the Plaintiffs controlled each company's finances.

8. Amazingly, Plaintiffs "show their hand" with respect Deo's ownership of NorthShore and 189 Sunrise insofar as Counts 38 and 40 indicate that the IAG Plaintiffs *are actually suing NorthShore and 189 Sunrise, whom they purport to own* [but do not pursuant to Aaronson's, Kwun's and Citrin Cooperman's approval of the Deo as sole shareholders in the tax returns filed with the United States Government and the State of New York].  To be clear, Plaintiffs have abused the alternative pleading rule, and violate their attorneys' duties to their clients by suing their own co-Plaintiffs since they clearly contemplate this Court eventually finding that the Deos own NorthShore and 189 Sunrise.  That inarguable fact (that Aaronson, IAG's CFO and accountants approved tax returns listing the Deos as the sole owners of those two corporations) lead to the IAG Plaintiff hedging their bet in the same way in the Nassau Supreme Court case brought by the IAG Plaintiffs in which that Court determined that such allegations (including the already heard before that Court issue of the $735,000.00 theft by Josh Aaronson) as "in case this Court finds Anthony Deo to be the owner" of NorthShore and 189 Sunrise necessitate dismissing claims that he stole anything from those companies, since 1) Plaintiffs knew daily what he was doing; 2) he had complete operational authority at those businesses for years; and 3) *those companies belong to Anthony and Sara Deo at least since the emails confirming their ownership were approved by Josh Aaronson and the finance people on behalf of IAG.*

9. In order to comply with Rule 9(b), Plaintiffs must "(1) specify the statements that the Plaintiffs contend were fraudulent, (2) identify the speaker, (3) state where and when

4

the statements were made, and (4) explain why the statements were fraudulent." *See Lerner v. Fleet Bank*, N.A., 459 F.3d 273, 290 (2nd Cir. 2006) (*quoting Mills v. Pollar Molecular Corp*., 12 F.3d 1170, 1175 (2nd Cir. 1993)); *Asti, supra*; *Sullivan v. Aventis, Inc.,* No. 4-cv-2939, 2015 WL 4879112, at *9 (S.D.N.Y. August 13, 2015) *(holding, inter alia*, that when alleging fraud, "the who, what, when, where, and how" of the alleged fraud need be specified). "Allegations that are conclusory or unsupported by factual assertions are insufficient." *Id.* Moreover, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his [or her] participation in the alleged fraud." *DiVittorio v. Equidyne Extractive Indus., Inc*., 822 F. 2d 1242, 1247 (2nd Cir. 1987); *see also, Mills*, 12 F.3d at 1175 (holding, *inter alia*, that Rule 9(b) is not satisfied where the complaint vaguely attributes alleged fraudulent statements or acts to unspecified defendants).   Here, Plaintiffs allegations fail to meet any of these standards.

10. The elements of conspiracy to commit fraud include: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and, (4) resulting damage or injury.  Further, to adequately plead a claim for conspiracy to commit fraud under New York law, and in addition to pleading the underlying fraud, a plaintiff must demonstrate: "(1) an agreement among two or more parties; (2) a common objective; (3) acts in furtherance of the objective; and, (4) knowledge." *See, e.g., JP Morgan Chase*, 406 F. Supp. 2d  247, 259 (S.D.N.Y. 2005), (*quoting Filler v. Hanvitt*, Nos. 01 Civ. 9510, 02 Civ. 8251, 2003 U.S. Dist. LEXIS 15950, 2003 WL 22110773, at *2 (S.D.N.Y. Sept. 12, 2003)).  A claim for conspiracy to commit fraud must be pleaded with the specificity necessary to satisfy Rule 9(b) (as set forth more fully above). Where a plaintiff fails to allege a viable fraud claim, no claim for conspiracy to commit fraud possibly can exist. *See JP Morgan Chase Bank v. Winnick*, 406 F.Supp.2d 247, 259 (S.D.N.Y. 2005); *see also, Demalco Ltd. v. Feltner,* 588 F.Supp. 1277, 1278 (S.D.N.Y. 1985) ("It is well settled in New York that 'civil conspiracy to commit fraud, standing alone, is not actionable.' Instead, the gravamen of a claim of conspiracy is the underlying independent tort, and if the independent tort has not been adequately pleaded, the conspiracy claim will also fail.")  The entire Amended Complaint if based upon allegations of fraud (over 70 such allegations) that are not at all plead in conformity with Rule 9(b).  As such, the Amended Complaint needs to be dismissed.  Please note:  Under F.R.C.P. 9(f), Plaintiffs must adequately plead the "times and place" of their fraud allegations, but have severely failed to do so in the instant case.

The Parties have conferred, through counsel, on the attached briefing schedule.  The Deo Defendants respectfully request either that they be permitted to follow such schedule in filing their Motion to Dismiss (with prejudice) or, in the alternative if the Court so desires, allow the Deo Defendants to argue for the filing of that Motion pursuant to this Court's individual practice Rules.

Awaiting this Court's Order, I remain,

        Very truly yours,

        /S/

        Harry R. Thomasson

Cc: Deo Defendants