

Cullen and Dykman LLP
The Omni Building
333 Earle Ovington Blvd, 2nd Floor
Uniondale, NY 11553
T: 516.357.3700
F: 516.357.3792

Ariel E. Ronneburger
Partner
(516) 296-9182
aronneburger@cullenllp.com

**VIA ECF**
The Honorable James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722-4438

   *Re:* **Superb Motors Inc., et al. v. Deo, et al.**
      **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

  This firm represents defendant Flushing Bank in the above-referenced matter. We write in opposition to Plaintiffs' motion seeking reconsideration of this Court's December 13, 2023 order granting Flushing Bank's request to include its pending motion to dismiss in with the stay ordered by this Court on December 1, 2023, due to the disqualification of the Deo Defendants' attorney Henry Thomasson.

  After the parties filed a joint letter seeking clarification on the impact of the stay on outstanding motion practice on December 7, 2023 (ECF No. 118), the Court ordered that, since Flushing Bank's motion had already been served on November 13, 2023, the briefing schedule requiring opposition papers to be served by December 11, 2023, and reply papers to be served by January 5, 2024, would remain in place. However, the Court also ruled that the other anticipated motions from the Jones and Libertas Defendants would be held in abeyance and need not be served until after a briefing schedule is discussed at the status conference scheduled for January 9, 2024. ECF No. 118. Accordingly, Flushing Bank's request made in light of Plaintiffs' decision to file a cross-motion seeking to file a Second Amended Complaint, was a request for Flushing Bank's motion—and Plaintiffs' subsequent cross-motion—to be treated like the other anticipated motions to dismiss in this matter.

  "[T]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *Corpac v. Rubin & Rothman, LLC*, 10 F.Supp.3d 349, 349 (E.D.N.Y. Aug. 1, 2013) (citing *Kapis v. Bloom*, No. 08 Civ. 3092, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009)). "Manifest injustice" is a "an



error committed by the trial court that is direct, obvious, and observable." *Id.* (quoting *Idowu v. Middleton*, 12 Civ. 1238(BSJ)(KNF), 2013 WL 371657, at *1 n. 1 (S.D.N.Y. Jan. 31, 2003)). Essentially the decision must be "dead wrong." *In re Air Crash at Belle Harbor New York on November 12, 2001*, Nos. 02 MDL 1448(RWS), 02 Civ. 439(RWS), 02 Civ. 3143(RWS), 2007 WL 4563485, at *1 n. 1 (S.D.N.Y. Dec. 18, 2007). Indeed, the Supreme Court has held that while "[a] court has the power to revisit prior decisions of its own or a coordinate court in any circumstances, although as a rule court should be loathe to do so in the absence of extraordinary circumstances." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988).

   Here, Plaintiffs do not specify any "clear error" or "manifest injustice" in the Court's decision to hold Flushing Bank's motion to dismiss and their own cross-motion to amend the Complaint for a second time in abeyance pending a stay imposed because the Deo Defendants' counsel has been disqualified. In fact, Plaintiffs conveniently ignore that their cross-motion to amend the Complaint a second time to include alleged "facts" curiously left out of the two first Complaints filed by Plaintiffs impacts all the defendants, including those without counsel at this time.

   While Plaintiffs' counsel asserts that the Deo Defendants would not be prejudiced because they would not have to answer the Second Amended Complaint by January 5, 2024, those defendants would be denied an opportunity to be heard on the motion and cross-motion if they so choose.

   Plaintiffs claim that Flushing Bank failed to comply with this Court's Individual Practice Rules by filing a letter requesting for its motion to dismiss and Plaintiffs' cross-motion to amend the Complaint to be included in the within stay because the unanticipated cross-motion would necessarily affect all parties, even those unrepresented at this time. First, Plaintiffs cite to Local Civil Rule 26.4 as support for this statement. This Rule requires cooperation among counsel in discovery and is irrelevant in this circumstance. Local Rule 37.3(a), also cited by Plaintiffs, requires that "[p]rior to seeking judicial resolution of a discovery or non-dispositive pre-trial dispute, the attorneys for the affected parties shall attempt to confer in good faith . . . to resolve the dispute." There was no dispute to be resolved here. Plaintiffs filed a cross-motion to amend the Complaint, and thus Flushing Bank sought to have the pending motion due dates stayed in accordance with the other anticipated motions to dismiss. It is obvious that an attempt to amend the Complaint yet again impacts all parties, as well as these anticipated motions to dismiss, and that these issues need to all be addressed at one time.

   It is noteworthy that while Plaintiffs accuse Flushing Bank of failing to reach out to discuss this issue with them, Plaintiffs filed a cross-motion to amend the Complaint without first making Flushing Bank and the other parties aware of their intention to amend the Complaint again. Plaintiffs' attempt to apply their broad interpretation of the obligations of the parties to resolve disputes to other parties, but not themselves.

   Moreover, Flushing Bank, along with all parties, submitted a letter to the Court seeking a clarification of the impact of the stay. ECF No. 118. Its request made in light of Plaintiffs' unanticipated cross-motion to amend the Complaint is not a "retraction" of any stance it has taken despite Plaintiffs' accusatory statements to the contrary.

Cullen | Dykman

In their letter, Plaintiffs embark on a lengthy discussion in a footnote about why Flushing Bank is not entitled to a stay. Plaintiffs miss the point of Flushing Bank's request entirely. Simply put, Plaintiffs are incorrectly seeking to amend the Complaint in an action which is stayed because counsel for many of the defendants has been disqualified. While Plaintiffs point out that responsive papers are due a mere three days after the stay is to expire in an attempt to argue why the dates to respond to these motions should not be held in abeyance, this only supports Flushing Bank's request even more by demonstrating that all involved parties would not have proper time to respond to a motion to amend the Complaint, since there are corporate defendants which remain unrepresented at this time. In addition, given that the Jones and Libertas defendants have indicated they will be moving to dismiss the action, judicial economy would not be served by lifting the stay on one of three motions to dismiss.

Plaintiffs also state that Flushing Bank's request to include its motion to dismiss and Plaintiffs' cross-motion in the stay is a "gambit designed to delay." However, it is Plaintiffs who have sought to delay this action with the filing of repeated amended Complaints, because they have inexplicably failed to include alleged facts necessary to their claims and seek to amend their Complaint each time such insufficiencies are brought to light.

Again, Flushing Bank's request to include its motion to dismiss and Plaintiffs' cross-motion to amend the Complaint in the stay, which also includes other anticipated motions to dismiss, was made in consideration of the fact that the Deo Defendants remain unrepresented, and all parties must necessarily have the chance to respond to the cross-motion. There is no "clear error" or "manifest injustice" in this decision that would warrant reconsideration by this Court. In fact, "manifest injustice" would occur if unrepresented parties were not given an opportunity to respond to a cross-motion to amend the Complaint.

Flushing Bank takes no position on Plaintiffs' request to file a reply.

We thank the Court for its courtesies in this matter.

Respectfully,

/s/ Ariel E. Ronneburger

Ariel E. Ronneburger

cc:
All counsel of record (via ECF)