

Anthony C. Valenziano
Partner

T. 973.302.9696   F. 973.302.9947
avalenziano@shermanatlas.com

January 5, 2024

**VIA ECF**

Hon. James M. Wicks, U.S.M.J.
United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

Re:   *Superb Motors Inc. v. JPMorgan Chase Bank, N.A., et al.*
      Civil Action No. 2:23-cv-6188

Dear Judge Wicks:

We represent defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-referenced matter. Pursuant to Your Honor's Individual Rules and Practices, we respectfully request a pre-motion conference regarding a proposed motion to dismiss the First, Second, Forty-Seventh and Forty-Eighth Causes of Action contained in the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

The Amended Complaint details a scheme of racketeering by which defendants purportedly engaged in conduct to extract money from Plaintiffs and leave them with liabilities resulting from defendants' conduct. Plaintiffs allege, without any detail, that Chase participated in the scheme described in the Complaint and violated the RICO statute, 18 U.S.C. § 1962, by allowing defendant Anthony Deo ("Deo") to process checks from Superb Motors Inc.'s bank account even though Chase knew Deo was not a signatory on the account. *See* Complaint at ¶ 316. Plaintiffs further allege that Chase was part of a conspiracy in violation of 18 U.S.C. § 1962(d). *See* Complaint at ¶¶ 332-341. The remaining allegations against Chase are violations of state law over which, Plaintiffs claim, the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See* Complaint at ¶¶ 608-630 and ¶¶ 636-641.

    **A.  Plaintiffs Fail to Allege Facts Sufficient to Establish a RICO Claim and Conspiracy in Violation of 18 U.S.C. § 1962 (First and Second Causes of Action).**

To establish a claim for civil violation of the RICO statute at 18 U.S.C. § 1962, "a plaintiff must show that he was injured by defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *See Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 242 (2d Cir. 1999) (quoting *Azirelli v. Cohen Law Offices*, 21 F.3d 512, 520 (2d Cir. 1994)). A RICO claim is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Plount v. American Home Assurance Co.*, 668 F. Supp. 204, 206-7 (S.D.N.Y. 1987).

Plaintiffs have failed to allege an enterprise required under the RICO statute. An enterprise includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To establish an association-in-fact enterprise, plaintiffs must demonstrate "three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *See Boyle v. United States*, 556 U.S. 938 (2009).   Here, the Amended Complaint is devoid of any facts that would show the existence of an enterprise to which Chase was a participant. There are no facts alleging a relationship between Chase and any member of the alleged scheme and there are no allegations regarding the time in which Chase allegedly participated. General blunderbuss allegations claiming violation of the RICO statute do not suffice.  *See In re Agape Litig.*, 681 F. Supp. 2d 352 (E.D.N.Y. 2010).

Plaintiffs' RICO conspiracy claim should also be dismissed on the ground that Plaintiffs fail to identify any predicate acts Chase and the co-defendants agreed to commit.  *See Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, 313 (S.D.N.Y. 2010). Further, a claim for RICO conspiracy cannot survive without an underlying properly pled RICO claim. *See Gross v. Waywell*, 628 F. Supp. 2d 475, 500 (S.D.N.Y. 2009).

### B. **Plaintiff's Common Law Claims of Negligence and Conversion (Forty-Seventh and Forty-Eighth Causes of Action) Are Displaced by the UCC and Should be Dismissed**

Plaintiff's common law claims of negligence and conversion are barred by the UCC, which preempts certain common law causes of action in New York.  *See U.S. Small Business Admin. v. Citibank, N.A.,* 1997 WL 45514, at *4 (S.D.N.Y. Feb. 4, 1997) ("The NYUCC displaces certain common law causes of action."). In those instances where "particular provisions" of the UCC govern the conduct at issue, a plaintiff will generally be precluded from asserting claims under common law which would "impose liability inconsistent with the rights and liabilities" created by the UCC.  *See Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 103 (2d Cir. 1998) (dismissing common law claims asserted alongside UCC claims brought under Article 4-A); *Fischer & Mandel, LLP v. Citibank, N.A.*, 632 F.3d 793, 801 (2d Cir. 2011) (affirming finding that negligence claim was preempted by UCC); *2006 Frank Calandra, Jr. Irrevocable Trust v. Signature Bank Corp.*, 816 F. Supp. 2d 222, 234-35 (S.D.N.Y. 2011) (same).

Here, the allegations all concern the negotiation of certain checks drawn on accounts maintained at Chase; as such, any claims concerning those checks must be litigated under the provisions of the UCC, and not according to common law principles.

Enclosed please find a proposed briefing scheduling order, which was twice circulated to counsel. We have received no objections. Please note that in view of Mr. Thomasson's disqualification as counsel for the Deo Defendants, we have not been able to secure the consent of the Deo Defendants as to the scheduling order. Thank you.

Respectfully Submitted,

/s/ Anthony C. Valenziano
Anthony C. Valenziano
Encl.

cc:   All Counsel of Record (via ECF with encl.)

Anthony C. Valenziano, Esq.
SHERMAN ATLAS SYLVESTER & STAMELMAN LLP
1185 Avenue of the Americas, 2nd Floor
New York, New York 10036
(212) 763-6464
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

Case No.: 2:23-cv-6188 (OEM)(JMW)

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Plaintiffs,

v.

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

Defendants.

**PROPOSED SCHEDULING ORDER**

Upon consent of the parties, it is hereby ORDERED as follows:

1. JPMorgan Chase Bank, N.A. (hereinafter, "Chase") shall serve its papers in support of its motion to dismiss the Amended Complaint as against Chase on or before February 5, 2024.

2. Opposition to Chase's motion to dismiss the Amended Complaint shall be served on or before March 11, 2024.

3. Chase's reply papers, if any, in further support of its motion to dismiss the Amended Complaint shall be served on or before April 1, 2024.

This Scheduling Order may be altered or amended upon a showing of good cause not foreseeable at the date hereof.

CONSENTED TO BY:

MILMAN LABUDA LAW GROUP, PLLC


By: _____
Jamie Scott Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue
Suite 3W8
Lake Success, NY 11042
(516) 328-8899
(516) 328-0082
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com
*Attorneys for Plaintiffs,*
*Superb Motors, Inc.,*
*Team Auto Sales, LLC,*
*Robert Anthony Urrutia*

4452834v1

CYRULI SHANKS & ZIZMOR LLP

By: _____
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 379-4622
jruderman@cszlaw.com
*Attorneys for Plaintiffs,*
*1239 Hylan Blvd Auto, LLC,*
*1580 Hylan Blvd Auto, LLC,*
*1581 Hylan Blvd Auto, LLC,*
*1591 Hylan Blvd Auto, LLC,*
*1632 Hylan Blvd Auto, LLC,*
*189 Sunrise Hwy Auto, LLC,*
*2519 Hylan Blvd Auto, LLC,*
*446 Route 23 Auto, LLC,*
*76 Fisk Street Realty, LLC,*
*Island Auto Management, LLC,*
*Northshore Motor Leasing, LLC,*
*Brian Chabrier,*
*Jory Baron, and*
*Joshua Aaronson*


By: _____
Harry R. Thomasson, Jr.
3280 Sunrise Highway
Ste Box 112
Wantagh, NY 11793
(516) 557-5459
*Pro Se*

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP


By: _____
John Anthony Lentinello, Esq.
Peter Seiden, Esq.
1000 Woodbury Road, Ste. 402
Woodbury, NY 11797
(516) 712-4000
jlentinello@milbermakris.com
pseiden@milbermakris.com

*Attorneys for Defendant,*
*Jones, Little & Co., CPA's LLP*

CULLEN AND DYKMAN LLP

By: _____
Thomas S. Baylis, Esq.
Ariel Ronneburger, Esq.
333 Earle Ovington Boulevard
2nd Floor
Uniondale, NY 11553
(516) 357-3700
tbaylis@cullenllp.com
*Attorneys for Defendant,*
*Flushing Bank*

WEIR GREENBLATT PIERCE LLP

By: _____
Bonnie Rae Golub, Esq.
667 Madison Ave., 5th Fl.
New York, NY 10065
(917) 475-8885
bgolub@wgpllp.com
*Attorneys for Defendant,*
*Libertas Funding LLC*

SHERMAN ATLAS SYLVESTER & STAMELMAN LLP

By: _____
Anthony C. Valenziano, Esq.
1185 Avenue of the Americas, 2nd Floor
New York, New York 10036
(212) 763-6464
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

4452834v1

SO ORDERED:

_____       _____

Hon. James M. Wicks, U.S.M.J.                                        Date

4865-7492-1368, v. 1

4452834v1