LEVINE SINGH LLP

Attorneys:
Brian M. Levine Esq.+
Manijt Singh, Esq.+

Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

February 28, 2024

**Via ECF**
United States District Court
Eastern District of New York
Attn: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

     Re: Superb Motors, et. al. v. Deo, et. al.
       Case No.: 2:23-cv-6188 (JMW)

Dear Judge Wicks:

  This office represents the Deo Defendants[1] in the above referenced matter. We write with grave concern, due to the Plaintiffs Superb Motors, Inc ("Superb Motors"), Robert Anthony Urrutia ("Urrutia"), and Team Auto Sales, LLC's (collectively, the "Superb Plaintiffs") contemptuous conduct and blatant disregard for the Orders of this Court, and respectfully submit this letter motion to request an Order: (i) finding the Superb Plaintiffs in civil and criminal contempt; (ii) directing the Superb Plaintiffs to return the Superb Injuncted Vehicles to Superb Motors; (iii) ordering the Superb Plaintiffs to deliver the original titles to the Superb Injuncted Vehicles to a Court appointed third-party, to be held in trust at the Superb Plaintiffs' expense; (iv) ordering the Superb Plaintiffs to store the Superb Injuncted Vehicles in a secure, enclosed, storage facility independently owned by a third-party and located within the State of New York, and file proof of insurance coverage, together with date-stamped photographs clearly showing each vehicle's odometer and location within the enclosed storage facility; (v) awarding Deo Defendants' costs and attorneys' fees; (vi) issuing appropriate sanctions; and/or to the extent required, and/or (vii) granting leave to file a motion for any of the aforementioned relief.

  To quote the Plaintiffs' November 2, 2023 letter to this Court, "when will the [Superb Plaintiffs] ever learn to respect the rule of law?" See ECF 79.

**Relevant Factual Background**

  On September 29, 2023, the Hon. Orelia E. Merchant, entered an Order granting the Superb Plaintiffs' Order to show cause and entering a preliminary injunction (hereinafter the "Injunction Order") which placed certain restraints on thirty (30) vehicles that were in the Superb Plaintiffs' possession (the "Superb Injuncted Vehicles"). See ECF 55.

---

[1] Defendants Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp are collectively referred to as the "Deo Defendants"

260 N. Broadway, Suite #2A, Hicksville, New York 11801 | P. (347) 732-4428 | P. (516) 597-4418 | F. (917) 477-2273 | www.levinesingh.com

**LEVINE SINGH LLP**

Attorneys:
Brian M. Levine Esq.+
Manijt Singh, Esq.+
Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

The Injunction Order provided, in relevant part, that:

(1) The following thirty (30) vehicles (the "Injuncted Superb Vehicles") are to Remain at or otherwise be returned to a Cross-Collateralized Urrutia Dealership Lots:

   a. Two (2) Isuzu Flatbed trucks;

   b. Twenty-eight (28) cars listed on the list at ECF 30-8 ("Marked List") indicated with "YES,"

      i. With the exception of the 2023 Chevy Suburban with Vehicle Identification Number (VIN #) ending in "8675."

                    *         *         *         *

(5) The term "Remain" means that the subject injuncted vehicle:

   a. may not leave the geographic area or bounds of the appointed lot;

   b. may not be sold, transferred, gifted, disposed, destroyed, or otherwise encumbered;

   c. may not otherwise change legal or equitable title except as ordered by another court of competent jurisdiction;

   d. may not be driven or otherwise used or maintained on the lot in such a way that would damage the resale value of the vehicle.

(6) No injuncted vehicle may be removed from the appointed lot absent this Court's Order.

   a. In the event an injuncted vehicle must be moved from its lot due to emergency or any other good cause, the current possessor must inform the Court prior to the removal, in writing on the docket and explain any good cause for the movement of the vehicle. The same writing must be electronically served on the other party

                    *         *         *         *

(8) This injunction shall last until the case has settled or dismissed or until the Court resolved the dispute. Any party seeking to modify the injunction must file a pre-motion conference letter with the Court…

260 N. Broadway, Suite #2A
Hicksville, New York 11801    P. (347) 732-4428    P. (516) 597-4418    F. (917) 477-2273    www.levinesingh.com



Thereafter, on November 25, 2023, Superb Plaintiffs filed a motion seeking for this Court to modify the terms of the Injunction Order to, *inter alia*, permit Superb Plaintiffs to sell the thirty (30) Superb Injuncted Vehicles that they were restrained from selling under the terms of the Injunction Order. See [ECF 110](#)-[112](#). On January 18, 2024, by Memorandum Order of the Hon. James M. Wicks, this Court denied Superb Plaintiffs' motion insofar as it sought to modify the Injunction Order to permit the Superb Plaintiffs to sell the Superb Injuncted Vehicles. See [ECF 134](#).

Despite the Injunction Order's clear and unambiguous directive that the Superb Injuncted Vehicles could not be "sold, transferred, gifted, disposed, destroyed, or otherwise encumbered" by the Superb Plaintiffs, and the explicit prohibition against "otherwise changing legal or equitable title except as ordered by another court of competent jurisdiction," Defendants have recently discovered that that the Superb Plaintiffs blatantly disregarded this Court's mandate with respect to practically <u>every single</u> Superb Injuncted Vehicle and engaged in conduct that directly contravenes the Injunction Order. Each of the Superb Injuncted Vehicles has been involved in transactions that unequivocally violate the Court's Injunction Order, through the transfer of ownership and/or title. Moreover, with the benefit of hindsight, it appears that the Superb Plaintiffs' motion seeking to modify the Injunction Order, ostensibly to allow for the sale or transfer of title, appears to have been a stratagem designed to obfuscate or conceal their prior violations of the Injunction Order.

The Deo Defendants recently learned that Superb Motors no longer has a wholesale or retail dealership license. According to DMV's records, both of Superb Motor, Inc's dealership licenses expired on December 5, 2023. Superb Motor's previously held a retail and wholesale dealership license from the DMV under "Selling Facility ID Number 7128150." This number is located on just about every single MV-50 form filed in this action to date. For example, the Court's attention is respectfully directed to the first Wholesale Certificate of Sale filed as an exhibit by Superb Plaintiffs under [ECF 38-10](#). Notably, a search on DMV's website by Superb Motor's Selling Facility ID Number returns no results. See *Declaration of Anthony Deo*. Nor does Superb Motor's appear on the list of active Wholesale or Retail dealership licenses in Nassau County. See, *Declaration of Anthony Deo*. This is because the Superb Plaintiffs permitted the license to expire; however, by their actions, it must have been clear that before they could allow the license to expire, they would need to transfer title of the thirty (30) Superb Injuncted Vehicles from Superb Motors. Hence, based upon DMV's records, throughout the months of October and November 2023, Superb Plaintiffs transferred title for practically every single one of the Superb Injuncted Vehicles either via retail or wholesale certificate of sale (form MV-50), which Superb Plaintiffs then filed with the DMV through the VerifiNY portal, evidencing the transaction.

Every time a vehicle is sold – whether wholesale or retail – an MV-50 form is filed with the DMV, online, through the VerifiNY portal. See, *Declaration of Anthony Deo*. While the Deo Defendants have been locked out of the Superb Motor's VerifiNY portal account since August 2023; the VerifiNY records that are publicly available, make it clear that the Superb Plaintiffs willfully violated the terms of the Injunction Order by transferring, selling, or gifting the vehicles, or otherwise changing legal or equitable title to the Superb Injunced Vehicles, throughout the months of October and November 2023. See, *Declaration of Anthony Deo*. That is at least[2] twenty (26) different acts of contempt of this Court's Injunction Order! Plaintiffs also transferred two (2) Deo Injuncted Vehicles (hereinafter the "Deo Vehicles"), making it twenty-eight (28) acts of contempt. See, *Declaration of Anthony Deo.*

Since transferring possession to the Superb Plaintiffs on September 15, 2023, the Deo Defendants have been unable to determine the whereabouts or condition of the thirty (30) Injuncted Superb Vehicles. Currently, the only confirmed information is that these vehicles are not located at 215 Northern Blvd, Great Neck, NY—the sole "Cross-Collateralized Urrutia Dealership Lot" within New York State (as defined in ECF 55). See, *Declaration of Anthony Deo*. While counsel for the Superb Plaintiffs represented in a letter to this Court on October 19, 2023, that the Superb Plaintiffs were prepared to provide date-stamped photographs of the Superb Injuncted Vehicles and the odometer reading for each of the vehicles, nothing has ever been provided (See ECF 72).

Given the Superb Plaintiffs' clear disregard for the terms of the Injunction Order, coupled with the fact that Superb Plaintiffs have never accounted for the location, storage conditions, or safeguarding measures for the Injuncted Superb Vehicles, it is imperative for this Court to mandate the return of the vehicles to Superb Motors, and to require the Superb Plaintiffs to store the vehicles in a secure, enclosed facility operated by an independent third party within New York State, and file date-stamped photographs evidencing each vehicle's odometer reading and storage location, alongside proof of adequate insurance coverage. Alternatively, to the extent the Court deems doing so necessary, the Court should grant leave for the Deo Defendants to file a motion for the aforementioned relief.

**Superb Plaintiffs are in Contempt and Appropriate Sanctions Must be Issued**

The Superb Plaintiffs should be held in civil contempt and criminal contempt for their conduct. As this Court observed when denying the Superb Plaintiffs' motion for contempt, "[t]here are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is clear and unambiguous; 2) the proof of non-compliance with that order must be clear and convincing; and 3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered." (internal citations and quotations omitted). *Superb Motors Inc. v. Deo*, 2023 US Dist LEXIS 202383, at *6 (EDNY Nov. 10, 2023, No. 23-CV-6188 (JMW).

---

[2] The Deo Defendants could not verify vehicle 21 and vehicle 27, nor the two (2) izusu flatbed trucks.

Furthermore, as acknowledged by Plaintiffs in their letter motion for contempt, to find a person in criminal contempt, the evidence must show beyond a reasonable doubt that: (1) the Court entered a reasonably specific order; (2) the party knew of that order; (3) the party violated that order; and (4) the violation was willful. See, *Dvorkin v. N.Y. Presbyterian Hosp.*, No. 10-CV-03680 (GBD), 2011 WL 280801, at 2 (S.D.N.Y. Jan. 19, 2011); *United States v. Cutler*, 58 F.3d 825, 834 (2d Cir.1995).

Here, this Court entered a clear and unambiguous Injunction Order that explicitly outlined conduct that was not permitted by the Superb Plaintiffs with regards to the Superb Injuncted Vehicles. This Order unequivocally barred the Superb Plaintiffs from *selling, transferring, gifting, disposing, destroying, or otherwise encumbering any of the Superb Injuncted Vehicles*. It further prohibited them from *changing either the legal or equitable title* of any of the Superb Injuncted Vehicles. Here, seemingly, all thirty (30) Superb Injuncted Vehicles and the two (2) Deo Vehicles that were subject to the Injunction Order were either brazenly sold, transferred, or gifted to a third-party by the Superb Plaintiffs, or otherwise had their legal or equitable title changed by the Superb Plaintiffs to an entity that is not "Superb Motors, Inc."

This is particularly egregious given that the Superb Plaintiffs cannot claim ignorance of the Injunction Order's terms; these terms were explicitly acknowledged and set forth in their November 2, 2023, letter motion to this Court. It is alarming that on November 25, 2023, the Superb Plaintiffs filed a motion seeking the Court to modify the Injunction Order to allow actions they had already undertaken covertly. This move not only demonstrates a willful disregard for the Court's Injunction Order, but also raises serious concerns about their intentions and respect for judicial proceedings.

All the necessary criteria for a finding of both civil and criminal contempt against the Superb Plaintiffs have been met. Each sale, transfer, conveyance, and/or change of title constitutes its own distinct individual act of contempt of this Court's order. Given the sheer number of acts in contempt, the Deo Defendants respectfully request this Court to seriously consider the request to find the Superb Plaintiffs in both civil and criminal contempt, for their flagrant violation of the Court's Injunction Order. This request is predicated on the Superb Plaintiffs' deliberate actions that contravene the explicit directives of this Court's Injunction Order, thereby undermining the judicial process and compromising the Deo Defendants' legal rights.

Accordingly, the Deo Defendants seek the following relief:

First, the Court should mandate that the Superb Plaintiffs promptly return title of the Superb Injuncted Vehicles and the two (2) Deo Vehicles, to Superb Motors, Inc, in strict compliance with the Injunction Order. Furthermore, the Court should direct the Superb



Plaintiffs to surrender the original titles for all the Superb Injuncted Vehicles. These titles should then be placed into a constructive trust, overseen by an independent third party designated by the Court, at the expense of the Superb Plaintiffs. This measure is crucial to prevent the Superb Plaintiffs from potentially placing any encumbrances on the Superb Injuncted Vehicles through their floorplan lenders.

Second, the Superb Plaintiffs must be ordered to relocate the Superb Injuncted Vehicles to a secure, enclosed storage facility, independently owned and located within the State of New York. They should also be required to submit to this Court, date-stamped photographs, clearly documenting the odometer readings and storage location of each vehicle, to verify compliance.

Third, to compel adherence to this Court's directives, sanctions of $5,000.00 per vehicle, per day, are proposed until the Superb Plaintiffs have demonstrably met the conditions set forth by the Court.

Fourth, in addition to compliance sanctions, the Deo Defendants urge the imposition of a monetary fine of $5,000.00 against the Superb Plaintiffs for each instance of contempt of the Injunction Order, as a punitive measure for their contempt.

Fifth, the Deo Defendants request that this Court issue an award for the costs, expenses, and reasonable attorneys' fees that were incurred in bringing this application.

Finally, given the severity and deliberate nature of the violations, the Deo Defendants assert that the arrest and incarceration of Robert Anthony Urrutia are warranted until full compliance with the Court's orders is achieved. This measure is deemed necessary to underscore the seriousness of the contempt and to secure immediate compliance.

The Deo Defendants submit these requests in the interest of justice, to uphold the integrity of the Court's orders, and to ensure that the Superb Plaintiffs are held accountable for their actions. The flagrant disregard exhibited by the Superb Plaintiffs not only violates the direct orders of this Court but also undermines the fundamental principles of the legal system. It is imperative that this Court act decisively to rectify these violations, enforce its orders, and uphold the rule of law.

Dated: Hicksville, New York
      February 28, 2023                    s/ Brian M. Levine
                                              Brian M. Levine

**VIA ECF**
*All Parties*