UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

SUPERB MOTOR, INC., TEAM AUTO SALES LLC., ROBERT ANTHONY URRUTIA, 189 SUNRISE HIGHWAY AUTO, LLC., NORTHSHORE MOTOR LEASING, LLC., BRIAN CHABRIER, individually and derivatively as member of NORTHSHORE MOTOR LEASING, LLC., JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC., JORY BARON, 1581 HYLAN BLVD AUTO, LLC., 1580 HYLAN BLVD AUTO, LLC., 1591 HYLAND BLVD AUTO, LLC., 1632 HYLAN BLVD AUTO, LLC., 1239 HYLAN BLVD AUTO, LLC., 2519 HYLAND BLVD AUTO, LLC., 76 FISK STREET REALTY, LLC., 446 ROUTE 23 AUTO, LLC., and ISLAND AUTO MANAGEMENT, LLC.,

Case No. 2:23-cv-6188 (JMW)

**DECLARATION OF ANTHONY DEO IN SUPPORT OF DEO IN SUPPORT OF CONTEMPT ORDER**

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC, INC., GOLD COAST CARS OF SYOSSET, LLC., GOLD COAST CARS OF SUNRISE, LLC., GOLD COAST MOTORS AUTOMOTIVE GROUP, LLC., GOLD COAST MOTORS OF LIC, LLC., GOLD COAST MOTORS OF ROSLYN, LLC., GOLD COAST MOTORS OF SMITHTOWN, LLC., UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS, INC., JONES, LITTLE & Co., CPA'S, LLP., FLUSHING BANK, and LIBERTAS FUNDING, LLC.,

Defendants.

-------------------------------------------------------------------------------X

Anthony Deo declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am one of the defendants in the instant action, and one of the principals of Superb Motors, Inc, and as such, I am familiar with all the facts and circumstances set forth herein based upon my personal knowledge.

2.      I respectfully submit this Declaration in Support of the instant letter motion by the Defendants, seeking to hold Plaintiffs Superb Motors, Inc ("Superb Motors"), Robert Anthony Urrutia ("Urrutia"), and Team Auto Sales, LLC (collectively, the "Superb Plaintiffs") in Contempt of the preliminary injunction order that was issued by the Honorable Orelia E. Merchant on September 29, 2023 (the "Preliminary Injunction").

3.      On February 18, 2024, I was driving past 215 Northern Boulevard, Great Neck, New York, 11021 (the "215 Northern Boulevard Location"), the address where Superb Motors operated, when to my surprise, I saw a giant sign for another car dealership, "Peak Auto Direct." Above the entrance door, to the left, there was a sign for a motor vehicle retail dealer license number for the business. Attached hereto as **Exhibit A**, are true and correct copies of photographs that I took of the exterior of the building at the 215 Northern Boulevard Location on February 18, 2024. The photographs fairly and accurately depict the signs and the 215 Northern Boulevard Location as they existed when I observed them on February 18, 2024.

4.      When I got home, I went onto the New York State Department of Motor Vehicles' ("DMV") website and ran a search for the dealership using the dealership facility ID "7127438," as indicated on the sign above the door. Attached as **Exhibit B**, are true and correct copies of the results from my search of the DMV records for the license number under Seller Facility ID "7127438." These records confirmed to me that "Non Stop Auto Group LLC," a new dealership, had started operating out of the 215 Northern Boulevard Location.

5.      Given that Superb Motors had ceased operations at the 215 Northern Boulevard Location, I wondered whether the company had updated its address for its DMV licenses and, if so, what address had been registered with the DMV. So I ran a search on the DMV website using Superb Motor's Seller Facility ID "7128150," and was in complete disbelief when the search returned no

results[1]. Attached as **Exhibit C**, is a true and correct copy of the results of my search of the DMV records using Superb Motor's Seller Facility ID number (which is linked to Superb Motor's licenses).

6. In order for Superb Motors to operate as a retail dealer and a wholesale dealer, Superb is required to hold licenses from the DMV for both activities. Since maintaining the licenses is so critical, I thought that; although unlikely, my inability to find Superb Motors license by its Seller Facility ID, may have been due to the DMV issuing a new license number. So, I proceeded to search the records on the DMV's website, and expanded my search method. Instead of searching by Seller Facility ID number, I chose to search for all wholesale licenses issued to dealers in Nassau County, as well as for all retail licenses issued to dealerships in Nassau County. Attached as **Exhibit D**, is a true and correct copy of the list of results from my search for all wholesale dealership licenses issued in Nassau County. Attached as **Exhibit E**, is a true and correct copy of the list of results for all dealerships beginning with the letters S and T, from my search for all retail dealership licenses in Nassau County. Superb Motors was not found on either one of the two lists, and based on this, it was apparent that the Superb Plaintiffs permitted Superb Motor's dealership licenses to expire.

7. While it bothered me that the Superb Plaintiffs allowed Superb Motor's licenses to expired, it was not until a few days ago did the ramifications of their actions truly set in. Dealerships are not only required to maintain their retail and wholesale licenses to sell vehicles to consumers and other dealerships, but they must also keep these licenses active in order to maintain and manage their DMV accounts on the VerifiNY portal. This portal is essential for electronically filing DMV MV-50 forms, which are wholesale and retail certificates of sale. In New York, whenever a dealership sells a vehicle, the transaction must be recorded with the DMV by filing MV-50 forms.

---

[1] Oddly, the current dealership still has the sign for Superb Motor's former Repair License; however, that license has not been active for several years.

8. Since 2018, the DMV has shifted to an electronic filing system, enabling the submission of forms via the VerifiNY online portal. Consequently, for Superb Motors to access their account on VerifiNY and preserve the capability to sell any vehicle titled in its name, it is imperative for the company to keep its licenses and its VerifiNY account active. Realizing this, it seemed implausible to me that the Superb Plaintiffs would have allowed Superb Motors to lose its licenses, especially with all the vehicles subject to the Court's Preliminary Injunction titled in Superb Motor's name. My suspicions were further heightened by the fact that the Superb Plaintiffs attempted have this Court modify the Preliminary Injunction so that they could sell these vehicles.

9. I have been locked out of Superb Motors since August 2023, and therefore, cannot access the data in Superb Motor's VerifiNY account. However, I do know that whenever an MV-50 Form is filed in connection with the sale or transfer of a vehicle, certain data from the form is recorded and made publicly available on the VerifiNY portal. Specifically, whenever an MV-50 form is recorded, the DMV makes the odometer reading and the MV-50 form number that was filed in connection with the transfer available to the public, and it is linked to the VIN, and the make and model year of the vehicle.

10. On February 27, 2024, I navigated to the DMV's website at https://dmv.ny.gov/dmv/verifi-information and followed the link on that page, to the VerifiNY Portal (https://verifiny.com/). There, I selected the "Check" option at the top, which led me to a page (https://verifiny.com/check) where I could perform checks on vehicle odometers for each wholesale or retail transfer as recorded in the VerifiNY portal. Attached as **Exhibit F** is an accurate printout of the landing page I was directed to, along with two screenshots for verification. The first screenshot precisely captures the appearance of the landing page post-selecting the "Check" option. The second screenshot accurately shows the options presented to me after selecting the "[t]ell us about yourself,

are you?" menu. All three images fairly and accurately depict the site, and the options that I was presented with when I visited it.

12. 11. The Court's attention is directed to the language on the page that states "[s]earching by VIN: When searching by VIN number, **the search result will include information about every sale/transfer available in the system for that VIN**." (emphasis added).

12. I proceeded to go through the list of the twenty-eight (28) Superb Injuncted Vehicles for which I had VINs (I did not have VINs for the two flatbed trucks), and one-by-one, carefully entered the VIN, model year, and selected the Make from the drop-down menu. I then selected that I was either Checking Wholesale Purchase or Checking Retail Purchase[2] from the drop-down menu, confirmed that I was not a robot, and clicked the search button. I repeated these steps for all twenty-eight (28) vehicles on the Superb Injuncted Vehicles List[3].

13. The following is a list of the VIN, make and year for the twenty-eight (28) Superb Injuncted Vehicles that I entered into the search fields on the website:

1. WBXHT3C57K5L90705 2019 BMW
2. ZASPAKBN5L7C91095 2020 Alfa Romeo
3. 5N1DL0MM6LC528999 2020 Infiniti
4. WDD7X8KB7KA001866 2019 Mercedes Benz
5. 2C3CDXHG6MH531592 2021 Dodge
6. 2C3CDXHG1MH505823 2021 Dodge
7. ZN661XUAXHX252844 2017 Maserati
8. SALWR2RV8JA189351 2018 Land Rover
9. JTJBARBZ9J2171144 2018 Lexus
10. 1FTEW1EF1GFB67420 2016 Ford
11. 5UXWX9C50H0T04666 2017 BMW
12. 1FATP8UH1K5152260 2019 Ford
13. WBXHT3C59K5L90009 2019 BMW
14. ZARFAEDN3J7575105 2018 Alfa Romeo

---

[2] The results from each search were the same regardless of whether I selected that I was Checking Retail Purchase or Checking Wholesale Purchase.

[3] Sometimes I was required to complete a Captcha instead of clicking the box to confirm that I was not a robot, but otherwise all of the steps that I followed were the same.

15. 1C4RDHDG7JC438967 2018 Dodge
16. WBAJB1C53KB375171 2019 BMW
17. WP0AF2A74GL082172 2016 Porsche
18. SALYB2EX4KA782114 2019 Land Rover
19. W1K7X6BB7LA016406 2020 Mercedes Benz
20. SALGS2RE3KA519794 2019 Land Rover
21. WDBUF56X99B373460 2009 Mercedes Benz
22. 55SWF4KB5GU101091 2016 Mercedes Benz
23. WBA4E5C59HG188797 2017 BMW
24. WDDJK7DA4JF052861 2018 Mercedes Benz
25. WBA2H9C36HV986948 2017 BMW
26. ZAM57YTA4K1314330 2019 Maserati
27. 1FDWX37R38ED27725 2008 Ford
28. 1C4PJMAK9CW133196 2012 Jeep

11. True and correct copies of the search results for each of the above-referenced vehicles are attached as **Exhibit G**.

12. The search results left me utterly astounded; displayed plainly were records showing that during October and November 2023, amidst the active Preliminary Injunction, the Superb Plaintiffs accessed the DMV VerifiNY portal and filed MV-50 Forms, effectuating the sale and title transfer of nearly all twenty-eight (28) vehicles. I use the term "nearly all" rather than "all" because for vehicles numbered 21 and 27 on the list, my search yielded no results. Consequently, I cannot ascertain whether those vehicles were sold as well.

14. Given the blatant disregard by the Superb Plaintiffs for this Court's Preliminary Injunction regarding the twenty-eight (28) vehicles under their control, I was compelled to extend my investigation to the six (6) "Deo Vehicles" in my custody, also subjected to the same Preliminary Injunction. To my absolute astonishment, the Superb Plaintiffs audaciously accessed the portal to not only deal with the Superb Injuncted Vehicles, but also proceeded to sell and transfer titles for two (2) of the six (6) vehicles I had. Specifically, they executed the transfer of a 2023 Chevrolet Suburban, VIN 1GNSKBKD9PR148675, and a 2019 Land Rover, VIN SALGW2SE6KA533297. Attached as **Exhibit H**, are true and correct copies of the search results for both of the vehicles.

15. It is evident from analyzing the search results that all these transactions occurred in October 2023 and November 2023, and were exclusively conducted through the VERIFI SYSTEM.

16. It is imperative that this Court mandate that the Superb Plaintiffs return title of these vehicles back to Superb Motors, Inc, and further, ensure that the Superb Plaintiffs are not only still in custody of the Superb Injuncted Vehicles, but also that they are securely storing the vehicles appropriately, and with adequate insurance coverage. Since the transfer of the Superb Injuncted Vehicles to the Superb Plaintiffs, I have been unable to assess their condition or ascertain their actual storage locations. In light of the Plaintiffs' blatant disregard for the Court's Preliminary Injunction, it is urged that this Court should require the Superb Plaintiffs to store the vehicles in a secure, enclosed facility within New York State, owned independently by a third party.

17. Moreover, considering the multiple infringements of the Court's Preliminary Injunction, it would be prudent for the Court to require that the original titles for all the Superb Injuncted Vehicles be placed in a constructive trust, managed by a third-party appointed by the Court, at the expense of the Superb Plaintiffs. This measure is necessary to prevent any potential encumbrances on the Superb Injuncted Vehicles by the Superb Plaintiffs through their floorplan lenders.

18. Ultimately, it is essential that this Court does not allow the Superb Plaintiffs to breach the terms of the Court's Preliminary Injunction – a directive they have disregarded on at least thirty (30) distinct occasions – without consequence. I respectfully urge the Court to grant the various sanctions and relief outlined in the letter motion submitted herewith.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 28, 2024.

*anthony deo*
Anthony Deo