# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

March 1, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

      Re:    **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
              **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

    The undersigned represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case. The Superb Plaintiffs request that the Deo Defendants' motion be denied without prejudice, that they be directed to meet and confer with the Superb Plaintiffs in accordance with ¶ 3(A) of this Court's Individual Practice Rules (the "Individual Rules"), and that if the Deo Defendants still wish to move for contempt thereafter, that they file a motion in compliance with Local Civil Rule 7.1 and ¶ 3(A) of the Individual Rules with a notice of motion, a memorandum of law, and any declarations in support in accordance with the Individual Rules.

    To the extent that this Court denies the Superb Plaintiffs' foregoing request, they respectfully seek an extension of time until March 29, 2024, a period of three (3) weeks, given the Plaintiffs' March 11, 2024 deadline to oppose four (4) separate motions to dismiss by every Defendant except for Flushing Bank.

    As set forth above, the Individual Rules require the parties to make "a good faith effort … to resolve disputes before making a motion" for non-dispositive motions such as this one. While the Deo Defendants briefly raised the issue addressed in their letter motion for contempt with the Superb Plaintiffs at the conclusion of the February 20, 2024 evidentiary hearing, the undersigned requested that their counsel provide the basis for his position in an email after which time the parties could confer in the hope of avoiding motion practice. Rather than doing as we discussed, and as required by the Individual Rules, the Deo Defendants prematurely shot off a contempt motion in violation of the Individual Rules. Indeed, the letter motion violates multiple aspects of same: (i) the Deo Defendants failed to meet-and-confer as required; (ii) the Deo Defendants failed to file a formal motion; and (iii) the motion exceeds the three (3) page limit the Court permits for letter motions concerning discovery disputes, which the instant motion is not.

    Had the Deo Defendants conferred with the Superb Plaintiffs as required, we would have informed them that this motion has no basis because the vehicles are still owned by Superb and remain at the Cross-Collateralized Urrutia Dealership Lots.

In the event that the Court will nevertheless consider the Deo Defendants' improperly filed letter motion in violation of the Individual Rules, the Superb Plaintiffs respectfully request three (3) weeks to fully respond to same.

In accordance with ¶ 1(C) of the Individual Rules, the Superb Plaintiffs respectfully submit that: (1) the original date the Superb Plaintiffs' opposition papers to the Deo Defendants' letter motion for contempt is due falls on Friday, March 8, 2024; (2-3) there have been no previous requests for an extension of time; (4) the reason an extension is necessary is set forth above; and (5) the Deo Defendants only consent to a one (1) week extension of time until March 15, 2024.

Dated: Lake Success, New York
March 1, 2024

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Jamie S. Felsen, Esq.

Dated: Jamaica, New York
March 1, 2024

**SAGE LEGAL LLC**

/s/ Emanuel Kataev, Esq.

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*