UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (JMW)

**DECLARATION OF BRUCE NOVICKY IN OPPOSITION TO DEO DEFENDANTS' LETTER MOTION FOR CONTEMPT**

                          Plaintiffs,

       -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                          Defendants.
-------------------------------------------------------------------X

      Bruce Novicky declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

**Background**

1.      I am the Chief Operating Officer ("COO") of Superb Motors Inc. ("Superb") and Team Auto Sales LLC ("Team"), and work with Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs"), who consist of one group of Plaintiffs in this case.

2.      As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of documents I maintain at Superb and Team in addition to information I have learned from employees, customers, vendors, and other third parties concerning the Defendants and their conduct.

3.      I respectfully submit this declaration in opposition to the Deo Defendants' letter motion for contempt.[1]

4.      After Superb's floor plan lines of credit with Nissan Motor Acceptance Corp. ("NMAC") and Next Gear Capital ("Next Gear") were terminated, Superb was unable to secure another floor plan line of credit.

5.      Superb was therefore left with thirty (30) vehicles[2] it recovered from the Deo Defendants on September 15, 2023, which it was unable to sell due to the preliminary injunction entered by the Hon. Orelia E. Merchant, U.S.D.J. ("Judge Merchant").

6.      Superb was, as a result, unable to sell vehicles in order to remain in business.

---

[1] See ECF Docket Entry 152.

[2] The Deo Injuncted Vehicles are also Superb's vehicles, only two (2) of which were moved out of the DMV's VerifiNY system as set forth below. The remaining four (4) of those six (6) are stuck in limbo in Plaintiff Northshore Motor Leasing, LLC's VerifiNY system. As set forth below, Superb acted to avoid the circumstances that have befallen those four (4) vehicles.

7. Superb was thus forced to shut down and surrender its license with the New York State Department of Motor Vehicles ("DMV") because it could no longer remain in business.

8. Had Superb not closed and surrendered its license, it would be required to continue to spend approximately $50,000.00 a month in expenses – money Superb does not have as it is no longer in operation.

9. Surrendering its DMV license was therefore required to stop the bleeding.

10. Licensed automobile dealers in New York, like Superb was until recently, are required to enter the details of all vehicles it owns in the DMV's VerifiNY system. Because Superb needed to surrender its license (and accompanying Forms MV-50 for each vehicle it owned), it was essential to remove the vehicles it owned from the VerifiNY system.

11. This is because any vehicle that remains in the VerifiNY system for a dealer that has surrendered its license is thereafter incapable of being sold or transferred.

12. The only way to transfer title for a vehicle in the VerifiNY system is with a Form MV-50, and since Superb was surrendering its license, it would no longer be able to issue any MV-50. As acknowledged by Defendant Anthony Deo, every time a vehicle is sold – whether wholesale or retail – an MV-50 form is filed with the DMV, online, through the VerifiNY system. Therefore, Superb needed to remove the Injuncted Superb Vehicles from the VerifiNY system and then transfer the Injuncted Superb Vehicles back to Superb in order to preserve both the resale value of and ability to sell the Injuncted Superb Vehicles.

13. To avoid violating New York law, DMV regulations, and risk damage to the resale value of the Injuncted Superb Vehicles altogether (which would constitute a separate violation of the Injunction and cause further damage all parties, including the Deo Defendants to the extent they establish any interest in Superb), it was necessary for Superb to perform this ministerial

administrative function to temporarily transfer title of the Injuncted Superb Vehicles from the DMV's VerifiNY system before Superb surrendered its DMV license.

14. We then immediately transferred title of the Injuncted Superb Vehicles back to Superb, which now held title as an owner rather than a licensed automobile dealer. See copies of transfer documents annexed hereto as **Exhibit "A."**

15. Importantly, the titles to the Injuncted Superb Vehicles were temporarily transferred to Team Mitsubishi Hartford, a Cross-Collateralized Urrutia Dealership (as defined in the Injunction), and were then immediately transferred back to Superb.

16. The sole purpose of these transactions, which took place over the course of a few weeks, was to protect the Injuncted Superb Vehicles and prevent the Superb Plaintiffs from having to spend $50,000.00 per month –which it does not have as it is out of business due to the Deo Defendants.

17. This necessary administrative function was perfectly permissible because title to the Injuncted Superb Vehicles remained with a Cross-Collateralized Urrutia Dealership, and the term "Remain" in the Injunction is defined to apply to each of those dealerships.

18. Because the Injunction permits the Injuncted Superb Vehicles to be on one of four lots of *any* Cross-Collateralized Urrutia Dealership, it is reasonable to infer that the Injuncted Superb Vehicles may similarly be titled in any one of the four Cross-Collateralized Urrutia Dealerships.

19. In any event, the change was temporary and was done solely to prevent the Injuncted Superb Vehicles from making them incapable of ever being sold, even after this case is resolved.

20.   I respectfully request that this Court deny the relief requested by the Deo Defendants, as they have no basis to seek this relief.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 15, 2024.

_____
Bruce Novicky