**LEVINE SINGH LLP**

Attorneys:
Brian M. Levine Esq.+
Manijt Singh, Esq.+

Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

March 25, 2024

**Via ECF**
United States District Court
Eastern District of New York
Attn: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

    Re: Superb Motors, et. al. v. Deo, et. al.
       Case No.: 2:23-cv-6188 (JMW)

Dear Judge Wicks,

This office represents the Deo Defendants in the above-referenced matter. We submit this response to address the opposition letter from the Plaintiffs—Superb Motors, Inc. ("Superb Motors"), Robert Anthony Urrutia ("Urrutia"), and Team Auto Sales, LLC (collectively referred to as the "Superb Plaintiffs")—dated March 18, 2024.

It is ironic that the Plaintiffs use the proverbial phrase of the pot calling the kettle black to argue that the Deo Defendants' letter motion was procedural improper in both length and form, especially when the Superb Plaintiffs themselves sought identical relief through a letter motion on November 2, 2023 ([ECF 79](#)). Notably, the length of the Superb Plaintiffs' letter motion mirrors that of the Deo Defendants', embodying a clear instance of "rules for thee, not for me." This attempt to shift the focus from the substantive issues raised in the Deo Defendants' letter motion should not distract the Court from the serious allegations and troubling information presented herein.

The Superb Plaintiffs now defensively assert that (a) the Court's Order was ambiguous, (b) the transaction involving the vehicles was a mere administrative procedure, claiming that the vehicles were "immediately" transferred back to Superb Motors, and (c) that it was done to prevent further injury to the resale value of the vehicles. However, the Order explicitly stated that "the vehicles cannot be sold, transferred, gifted, disposed of, destroyed, or otherwise encumbered," and that the Superb Plaintiffs "may not otherwise change legal or equitable title except as ordered by another court of competent jurisdiction." ([ECF 55](#)). There is no ambiguity in these terms, and Superb Plaintiffs' attempt to argue that there was ambiguity is insulting to this Court and anyone capable of reading.

Furthermore, the Superb Plaintiffs have presented documents purportedly evidencing that the vehicles were only temporarily transferred out of and into Superb Motors' possession in order to prevent the vehicles from forever being unsellable and devalued. These documents,



however, appear to have been fabricated post hoc to conceal Plaintiffs' non-compliance, and now serve as additional evidence for contempt proceedings.

It is noted that several discrepancies cast doubt on the authenticity of these documents: (1) All documents were completed by the same individual with the same pen, over the course of a month. (2) None of the documents were filed with any Department of Motor Vehicles, including New York's, despite Plaintiffs' claim that the vehicles were re-titled in Superb Motors' name, as a retail owner, almost six months ago. (3) None of the documents accompany the title that the form expressly states it must accompany. (4) Not one of the forms is fully completed, either missing dates or signatures. (5) The information on the forms clearly contradict the information set forth on VerifiNY based on the MV-50 records that were filed.

Accompanying this letter, as Exhibit A to the Declaration of Brian M. Levine, Esq, are certified copies of the MV-50 Forms that were filed by Superb Plaintiffs in connection with twenty-eight (28) Superb Injuncted Vehicles and the two (2) Deo Vehicles referenced in the Deo Defendants' initial letter motion[1]. These records unequivocally demonstrate that the majority of the vehicles were not transferred from Superb Motors to Team Mitsubishi on the dates that are claimed by the Superb Plaintiffs, but instead, were transferred to Volkswagen of Freehold on entirely different dates, some more than a month prior. Moreover, it shows that the documents produced by Plaintiffs, which Plaintiffs purport to show title being transferred back to Superb Motors, was fabricated. Apparently, after being caught violating the Court's Order, Superb Plaintiffs doubled-down, and attempted to cover it up by falsifying documents and creating unofficial transfer documents to substantiate their claim that their conduct was merely ministerial steps to protect the resale value of the Injuncted Vehicles. This revelation must not be taken lightly. Plaintiffs may very well have gotten away with brazen misconduct if it wasn't for the DMV records exposing them.

The Superb Plaintiffs' repeated violations of the Court's Preliminary Injunction are concerning enough. However, their attempt to fabricate documents in an effort to deceive this Court is beyond reprehensible. We respectfully request the Court to consider the gravity of these actions and their deceptive attempt to circumvent these legal proceedings.

Next, Plaintiffs' claim that they were forced to violate the Court's Preliminary Injunction and transfer the vehicles out of Superb Motors' name to prevent the vehicles from forever being stuck in a state of limbo since Superb Motors was giving up its license, is belied by two simple facts. One, obviously the vehicles could have been sold from Superb Motors to Superb Motors, as a non-dealer – their argument is entirely non-sensical. Two, this Court (and any other court of competent jurisdiction) is, and will be, capable of issuing an order pertaining to the ownership of the vehicles regardless of whether the DMV license was surrendered.

---

[1] Copies of these certified records were received this morning in response to a FOIL request served by the Deo Defendants on March 4, 2024.



Furthermore, the argument that their actions were to prevent devaluation of the vehicles is contradicted by the fact that their manipulation has introduced additional owners into the vehicles' histories, inherently diminishing their value. It takes nothing short of common sense to conclude that increasing the number of prior owners of a vehicle reduces the vehicle's resale value. This Court can envision a scenario where there are two 2020 Chevy Corvettes for sale with identical specifications. Both vehicles have 20,000 miles; however, one of the vehicles has five prior owners and the other has six. Which vehicle would a reasonable purchaser buy?

The Superb Plaintiffs' actions have not only violated the Preliminary Injunction, but have now caused the damage that the Preliminary Injunction was specifically intended to prevent. For all of the reasons set forth in the Deo Defendants' letter motion, as well as because of the serious discoveries set forth herein, the Deo Defendants respectfully request this Court to grant all of the relief requested in the Deo Defendants' February 28, 2024, letter motion, together with such other relief as this Court deems appropriate under these circumstances.

Dated: Hicksville, New York
March 25, 2024

s/ Brian M. Levine
Brian M. Levine

**VIA ECF**
*All Parties*