# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

March 25, 2024

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

   **Re:** **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
      **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

  Together with Milman Labuda Law Group PLLC, this office represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs"). The Superb Plaintiffs respectfully submit the instant supplemental[1] letter[2] response in opposition to the Deo Defendants'[3] letter motion for contempt, which introduces new evidence not previously submitted, to correct material factual representations made by the Deo Defendants' in their zeal to seek vengeance against the Superb Plaintiffs merely for enforcing their rights under the law. The Deo Defendants' steps to enforce the Injunction are particularly puzzling given the fact that they have paid *zero* dollars for any of these Vehicles, and were driving them around in violation of the Injunction for months before this Court finally put a stop to their brazen behavior. To the Deo Defendants, this is all a game, and their motion amounts to dancing on the grave of Superb.

  *First*, the Deo Defendants argue that the majority of the vehicles were not transferred from Superb to Team Mitsubishi on the dates that are claimed by the Superb Plaintiffs, but instead, were transferred to Volkswagen of Freehold on entirely different dates, some more than a month prior.

---

[1] The Superb Plaintiffs respectfully request leave of this Court to file this supplemental submission given the serious, but unfounded, allegations that they have "fabricated *post hoc*" documents in opposition to the instant motion. The introduction of new evidence further warrants leave.

[2] The Superb Plaintiffs respectfully request leave of this Court to make the instant request as a letter motion rather than a formal motion (as required by Local Civil Rule ("LCR") 7.1) in accordance with Rule 1 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), which requires that the Rules be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1.

[3] The Deo Defendants are defined as Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

Case 2:23-cv-06188-JMW   Document 159   Filed 03/25/24   Page 2 of 3 PageID #: 3648

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
March 25, 2024
P a g e | 2

However, like Team Mitsubishi, Volkswagen of Freehold is a Cross-Collateralized Urrutia Dealership, and these actions were therefore permissible based on the terms of the Injunction. Moreover, the Superb Plaintiffs provided evidence that the vehicles were ultimately[4] transferred from Team Mitsubishi back to Superb; the fact that some of the vehicles were previously transferred from Superb to Volkswagen of Freehold is therefore irrelevant. In arguing that this constitutes a violation of the Injunction, the Deo Defendants completely ignore the language allowing the Injuncted Superb Vehicles to "Remain" at any of the Cross-Collateralized Urrutia Dealerships. The Deo Defendants' myopic reading of the Injunction, especially in light of their countless violations of same, is unavailing.

*Second*, the Deo Defendants argue that the documents produced by Superb Plaintiffs, which Plaintiffs purport to show title being transferred back to Superb Motors, "*was [sic] fabricated*." In support of their meretricious argument, the Deo Defendants submit without any support whatsoever that the documents were made after the instant motion was filed when all the documents are signed and dated in October 2023 and/or November 2023 predate their misguided motion.

*Third*, the Deo Defendants' argument that wholesale transactions, i.e., dealer-to-dealer, at issue here have added another owner on CarFax reports for the Injuncted Superb Vehicles, as it would in a retail sale, is belied by the Deo Defendants' failure to show that another owner has actually been added to any vehicle's history; this is because an owner does not get added to a vehicle's history based on a wholesale certificate and does not constitute a final sale.[5] Dealerships routinely swap vehicles and this has absolutely no bearing on a vehicle's value.[6]

---

[4] In their attempt to make a mountain out of a molehill, the Deo Defendants assert that the Superb Plaintiffs made misrepresentations about the chain of custody of the Injuncted Superb Vehicles. Like their strained reading of the Injunction, a review of the Declaration of Bruce Novicky ("Novicky") in Opposition contains no representations about the chain of custody. Instead, Novicky merely explains that all of the Injuncted Superb Vehicles were ultimately transferred back to Superb.

[5] Upon this Court's disposition on who is entitled to the injuncted vehicles, one of three (3) things may happen based on the Superb Plaintiffs' actions: (i) the Forms Q-1's may be voided as part of a final transaction to a retail customer; (ii) they may be voided and a new Form Q-1 may be provided to a dealership owned by the Deo Defendants; or (iii) Superb may execute on the Form Q-1 to obtain title to the vehicle. Only the third event would add a new owner to a CarFax report as Superb is no longer a licensed dealer, which would constitute a retail sale.

[6] The Deo Defendants ask this Court to "envision a scenario where there are two 2020 Chevy Corvettes for sale with identical specifications," and "[b]oth vehicles have 20,000 miles; however, one of the vehicles has five prior owners and the other has six," the reasonable purchaser would not see an additional owner reported on a CarFax if either Corvette was swapped between dealerships, regardless of the number of times any such swaps occurred.

Ironically, setting aside that they have not introduced any evidence to show an additional owner has been added to *any* vehicle, the Deo Defendants rely on CarFax reports that they objected to introducing as evidence at the February 24, 2024 hearing before this Court.

*Fourth*, while the Deo Defendants are correct that Superb could have transferred the Injuncted Superb Vehicles to Superb, because Superb is no longer a licensed dealer, this transaction would have constituted a retail sale which *would have the very effect* of adding an owner to the vehicles' history, which the Deo Defendants complain of.

*Fifth*, and critically, it bears emphasis that the Injuncted Superb Vehicles remain in Superb's possession and there is literally "no harm, no foul," as all of them Remain and have always "Remained" at one of the four Cross-Collateralized Urrutia Dealerships as defined in the Injunction. At no time were any of the Injuncted Superb Vehicles removed or transferred outside of the Cross-Collateralized Urrutia Dealerships in violation of the Injunction.

For these reasons, the Deo Defendants' letter motion for contempt must be denied. The Superb Plaintiffs thank this Court for its continued time and attention to this matter.

Dated: Lake Success, New York
March 25, 2024

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
__/s/ Jamie S. Felsen, Esq._____

Dated: Jamaica, New York
March 25, 2024

Respectfully submitted,

**SAGE LEGAL LLC**
_/s/ Emanuel Kataev, Esq.__

*Attorneys for Plaintiffs
Superb Motors Inc.
Team Auto Sales LLC and
Robert Anthony Urrutia*

**VIA ECF**
All counsel of record