UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
SUPERB MOTORS, INC., TEAM AUTO SALES, LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC AND ISLAND AUTO MANAGEMENT, LLC,

       Plaintiffs,

  v.

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

       Defendants.
-------------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**MEMORANDUM OF LAW OF DEFENDANT LIBERTAS FUNDING LLC IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Hon. James M. Wicks

Served: February 9, 2024

WEIR GREENBLATT PIERCE LLP
Bonnie R. Golub, Esquire
667 Madison Avenue, 5th Floor
New York, NY 10065
(917) 475-8885
*bgolub@wgpllp.com*
*Attorneys for Libertas Funding LLC*

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. BACKGROUND ...........................................................................................................3

    A.    SALE AGREEMENT ........................................................................................3

    B.    PROCEEDINGS ................................................................................................4

III. ARGUMENT .................................................................................................................5

    A.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER FEDERAL RICO STATUES, FOR LACK OF SUBJECT MATTER JURISDICTION, AND FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY ..........5

        1.    Legal Standard Under Rule 12(b)(6).........................................................5

        2.    Plaintiffs Fail to Allege Facts Sufficient To Establish A Rico Claim And Conspiracy In Violation Of 18 U.S.C. § 1962 Against Libertas ..................................................................................6

        3.    This Court Lacks Subject Jurisdiction Under the RICO Statues ........8

        4.    Legal Standard Under Rule 9 ...................................................................9

    B.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR PERMANENT INJUNCTION ..........................................................................10

    C.    JOINDER IN MOTIONS TO DISMISS ...........................................................11

IV. CONCLUSION ............................................................................................................11

## TABLE OF CITATIONS

**Cases**                                                                                     Page(s)

*Al-Ahmed v. Twitter, Inc.*,
    553 F. Supp. 3d 118  (S.D.N.Y. 2021)..................................................................8

*Alpha Capital Anstalt v. Shiftpixy, Inc.*,
    432 F.Supp. 326 (S.D.N.Y. 2020)........................................................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................5,6

*Asti Communications, Inc. v Shaar Fund, Ltd*,
    493 F.3d 87 (2d Cir. 2007).................................................................................9

*Aurecchione v. Schoolman Transp. Sys., Inc.*,
    426 F.3d 635 (2d Cir. 2005)................................................................................8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................5,6

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147 (2d Cir. 2002)................................................................................2

*Cofacredit, S.A. v. Windsor Plumbing Supply Co. Inc.,*
    187 F.3d 229 (2d. Cir. 1999)...............................................................................8

*Cohen v. Postal Holdings, LLC*
    873 F.3d 394, 399 (2d Cir. 2017).......................................................................11

*DeFalco v. Barnas,*
    244 F. 3d 386, (2d Cir. 2001)..............................................................................6

*DiVittorio v. Equidyne Extractive Indus., Inc.*,
    822 F. 2d 1242 (2d Cir. 1987)............................................................................9

*eBay Inc. v. MercExchange L.L.C.,*
    547 U.S. 388 (2006)...........................................................................................10

*First Capital Asset Management, Inc. v. Satinwood, Inc.*
    385 F.3d 159 (2d Cir. 2004................................................................................7

*First Nationwide Bank v. Gelt Funding,*
    27 F.3d 763 (2d Cir. 1994).................................................................................5

*Global Network Communications, Inc. v. City of New York,*
    458 F.3d 150 (2d Cir. 2006)..................................................................................2

*Gross v. Waywell*,
    628 F. Supp.2d. 475 (S.D.N.Y. 2009).....................................................................7

*Harris v. City of New York,*
    186 F. 3d 243 (2d Cir. 1999) .................................................................................5

*Hinterberger v. Catholic Health Sys., Inc.*,
    536 F. Appx. 14 (2d Cir. 2013)..............................................................................6

*In Re Cedar Hill Cemetery Litigation,*
    853 F.Supp 706 (S.D.N.Y 1994).............................................................................5

*JP Morgan Chase v. Winnick*,
    406 F. Supp. 2d 247 (S.D.N.Y. 2005)................................................................9,10

*Lerner v. Fleet Bank, N.A.*,
    459 F.3d 273 (2d Cir. 2006)..................................................................................9

*Luckett v. Bure*,
    290 F.3d 493 (2d Cir. 2002) ..................................................................................8

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)...................................................................................8

*Moss v. BMO Harris Bank, N.A.*,
    258 F. Supp.3d 289 (E.D.N.Y. 2017) .....................................................................6

*Moss v. Morgan Stanley Inc.*,
    719 F.2d 5 (2d Cir. 1983) ......................................................................................6

*New York State Cath. Health Plan, Inc. v. Acad. O & P Assocs.*,
    312 F.R.D. 278 (E.D.N.Y. 2015) ...........................................................................6

*New York State Cath. Health Plan*,
    312 F.R.D. at 295...................................................................................................6

*Routh v. University of Rochester,*
  981 F.Supp. 194 (W.D.N.Y. 2013) ...................................................................................2

*Scarpa v. United States,*
  522 U.S. 1065, (1998) .......................................................................................................8

*Sullivan v. Aventis, Inc.,*
  No. 4-cv-2939, 2015 WL 4879112, at *9 (S.D.N.Y. August 13, 2015) ....................9

*United States v. Benevento,*
  836 F.2d 60, 73 (2d Cir.1987) ........................................................................................8

*United States v. Sessa,*
  125 F.3d 68, 71 (2d Cir.1997) ........................................................................................8

*Warren v. John Wiley & Sons, Inc.,*
  952 F.Supp.2d 610 (S.D.N.Y. 2013) ..............................................................................9

**STATUTES**

18 U.S.C. §§1961-68 ............................................................................................................1
18 U.S.C. § 1961(4) .............................................................................................................6
18 U.S.C. §1962 ................................................................................................................1,6
18 U.S.C. §1962(c) and (d) ..............................................................................................1,2
18 U.S.C. §1962(d) ..............................................................................................................7
28 U.S.C. §1367 .................................................................................................................11
28 U.S.C. §1367(a) ..............................................................................................................2
28 U.S.C. §1367(c)(3) .........................................................................................................2

**RULES**

Fed. R. Civ. P. 9(b) ..........................................................................................................2,9
Fed. R. Civ. P. 12(b)(1) .................................................................................................1,8,11
Fed. R. Civ. P. 12(b)(6) .........................................................................................1,5,8,10,11
Fed. R. Ev. 201 ....................................................................................................................4
Fed. R. Ev. 201(b) ...............................................................................................................4
Fed. R. Ev. 201(b)(2) ..........................................................................................................3

709415v4

Libertas Funding LLC ("Libertas") hereby submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief may be granted.

**I.    INTRODUCTION**

In the First Amended Complaint ("Amended Complaint", a true and correct copy of which is attached hereto as Exhibit "1") filed with the Court on October 13, 2023, Plaintiffs[1] raise fifty-two (52) causes of action (in 661 paragraphs) -- only three (3) causes of action specially name Defendant Libertas.  These include: i) Cause of Action 1 - RICO[2] under 18 U.S.C. §1962 (as to all Defendants); ii) Cause of Action 2 - conspiracy under 18 U.S.C. §1962(d) (as to all Defendants), and iii) Cause of Action 13 - relief seeking a permanent injunction (as to Libertas' ability to make any claims against IAG Plaintiffs (see Amended Complaint, p. 2) with respect to "Libertas Funds" as so defined in the Amended Complaint, ¶148).   Notwithstanding the explicit contractual

---

[1]    The named plaintiffs (collectively, the "Plaintiffs) in this action are: Superb Motors Inc., Team Auto Sales LLC, Robert Anthony Urrutia (referred to as the "Superb Plaintiffs"), 189 Sunrise Hwy Auto LLC ("Sunrise"), Northshore Motor Leasing, LLC ("Northshore"), Brian Chabrier, *Individually and Derivatively as a Member of* Northshore Motor Leasing, LLC, Joshua Aaronson, *Individually and Derivatively as a Member of* 189 Sunrise Hwy Auto, LLC, Jory Baron, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC, and Island Auto Management, LLC (referred to as the "IAG Plaintiffs").

The named defendants (collectively, the "Defendants") in this action are: Anthony Deo ("Deo"), Sarah Deo, Harry Thomasson ("Thomasson"), Dwight Blankenship, Marc Merckling ("Merkling"), Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp., (collectively the "Deo Defendants"), DLA Capital Partners Inc. ("DLA"), Jones, Little & Co., CPA'S LLP, Thomas Jones, CPA ("Jones" and without DLA, the "CPA Defendants"), Flushing Bank, Libertas Funding LLC, and J.P. Morgan Chase Bank, N.A. (collectively the "Bank Defendants").

[2].    The Racketeer Influenced and Corrupt Organizations Act (codified at 18 U.S.C. §§1961-68); the statutes are used to target organized criminal activity and racketeering ("RICO") and allow for causes of action for acts done as a part of an organized criminal enterprise.

709415v4

relationship between Libertas, as "Purchaser", Northshore and Sunrise, as "Merchants," and Deo, as guarantor[3] (and, together with Merchants, the "Obligors"), cited in the Amended Complaint (the "Sale Agreement"[4]), Plaintiffs have spun an intricate tale of fraud and conspiracy under which they have attempted to draw Libertas into Plaintiffs' RICO allegations, *see* Amended Complaint, e.g. ¶¶288, 289, 301, 305, 318, by including Libertas in the established "Enterprise" and conspiracy to defraud certain automobile dealerships (along with other named Defendants). Without specifically stating the circumstances under which Libertas contributed to the "Enterprise" and predicate acts in contravention of Fed. R. Civ. P. 9(b)[5], Plaintiffs have used the federal RICO statutes (*see, e.g.,* 18 U.S.C. §1962(c) and (d); ¶¶ 289, 294) as the means to establish supplemental jurisdiction. 28 U.S.C. §1367(a). *See also,* 28 U.S.C. §1367(c)(3). This they cannot do.

Finally, the IAG Plaintiffs ask this Court permanently to bar Libertas' rights to pursue its legal and contractual remedies under the Sales Agreement by virtue of Obligors' default. *See* Amended Complaint, ¶¶435-438. The IAG Plaintiffs fail to meet the elements of a permanent injunction against Libertas' right to relief.

---

[3]  On a motion to dismiss, the district court may consider documents of which a plaintiff relies in drafting the complaint. *See Chambers v. Time Warner, Inc.* 282 F.3d 147, 153 (2d Cir. 2002). *See also, Global Network Communications, Inc. v. City of New York,* 458 F.3d 150, 156-157 (2d Cir. 2006); *Routh v. University of Rochester,* 981 F.Supp. 194, 191 (W.D.N.Y. 2013) (court may consider document where complaint relies on same and it is integral to complaint).

[4]  A true and correct copy of the Sale Agreement noted by Plaintiffs is attached hereto as Exhibit "2" and made a part hereof.

[5]  In alleging fraud, a party must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b).

2

## II. BACKGROUND

### A. SALE AGREEMENT.

On November 15, 2022, Northshore, Sunrise (by Deo and/or Merkling) and Deo individually, executed and delivered to Libertas an Agreement of Sale of Future Receipts (*see,* fn. 3, Exhibit "1") by which Libertas agreed to purchase $997,500.00 worth of receivables from the "Merchants" for the purchase price of $735,000.00 (the stated "purchase price" of $740,000.00 less the "origination fee" of $15,000.00).[6] Libertas performed under the Sale Agreement by delivering the purchase price to Northshore. *See* Amended Complaint, ¶¶148, 152.

Due to a conflict among the members of the Merchants, there was some confusion regarding the ownership and control of the Merchants, who was authorized to accept receipt of the purchase price, and of the disposition of future receivables. Thereupon, IAG Plaintiffs requested that the "purchase price" be retained and protected by Thomasson in his capacity as alleged counsel for the Merchants and Deo. *See* Amended Complaint, ¶¶153-155, 159. Seeing this, and in order to protect its contractual interest in and to the recovery of the purchase price from Merchants and/or Deo (as guarantor), Libertas filed a counterclaim in the Nassau County Supreme Court, captioned *Chabrier, et al., v. Deo*, et al., Index No.: 617224/2022 ("State Court Action"). *See* Amended Complaint, ¶¶157, 159, 162, 166. *See also,* Fed. R. Evid. 201(b)(2) (court may notice a fact which "can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned.") The State Court Action was ultimately dismissed without prejudice to allow Plaintiffs to pursue Defendants under federal statutes, among other state law claims. *See* Amended Complaint, ¶167.

---

[6] The Sale Agreement was guaranteed by Deo in accordance with the terms and conditions set forth therein. *See* Sale Agreement, fn.4, Exhibit "1", ¶34.

At no time was it pleaded by Plaintiffs that Libertas was in anyway involved in, among other things: the falsification of financial statements (*see* Amended Complaint, ¶¶126-136; wasting of company assets (*see* Amended Complaint, ¶¶113-116); and failure to account for dealer and other license plates (*see* Amended Complaint, ¶106-111). Nor was it averred by Plaintiffs that Libertas in any way conspired with any of the other Defendants to misappropriate Plaintiffs' goodwill, unfairly compete, or attempt to gain a prospective economic advantage by hiding and selling vehicles to Plaintiffs' customers. *See* Amended Complaint, p. 91-92.

  B.  PROCEEDINGS.

On August 17, 2023, Plaintiffs commenced this action (the "Action") by the filing of a Complaint and motion practice ensued (including the filing of a motion for injunctive relief). *See* Fed. R. Evid. 201. The Complaint was amended on or about October 13, 2023, to include additional claims against the named Defendants. Certain of the Defendants (including, the CPA Defendants, the Bank Defendants and the Deo Defendants) noticed their intention to file motions to dismiss the Amended Complaint for failure to state claims, among other things. *See* Action Docket Entries, Fed R. Evid. 201(b).

Included in the Amended Complaint are allegations that "Defendants" (and all of them concertedly) engaged in "brazen and criminal scheme[s]", *see* Amended Complaint, ¶2, and "fraudulent schemes….utilizing Superb Plaintiffs' confidential information and trade secrets stolen by the Defendants…", *see* Amended Complaint, ¶6. There are no specific averments posited by Plaintiffs to support these far-reaching allegations against Libertas. *See generally*, Amended Complaint, ¶¶196, 204, 246, 253, 264, 289, 305, 333, 334, 335, 337, 341.

4

**III.   ARGUMENT**

A.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER FEDERAL RICO STATUTES, FOR LACK OF SUBJECT MATTER JURISDICTION, AND FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY.

1.   Legal Standard Under Rule 12(b)(6).

Dismissal of a complaint for failure to state a claim pursuant to Rule 12(b)(6) is proper when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir.1999)..A Rule 12(b)(6) motion tests the sufficiency of a complaint to state a legally cognizable claim. Although the court must review the allegations of the complaint in a light most favorable to the plaintiff, it need not accept as true unsupported conclusions and unwarranted inferences cast as factual allegations. *See generally, First Nationwide Bank v. Gelt Funding,* 27 F.3d 763, 771 (2d Cir. 1994); *In Re Cedar Hill Cemetery Litigation,* 853 F.Supp 706, 709 (S.D.N.Y 1994). Although the Court must accept all facts alleged as true and draw all reasonable conclusions arising from those facts in favor of plaintiffs, "…a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Id.* at 555.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Twombly*, 550 U.S. at 555 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the

5

claim rests."), *Twombly*, 550 U.S. at 556 n.3.  To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556.  Here, even with a broad reading, the Amended Complaint fails to establish a single viable claim against Libertas; therefore, the Amended Complaint must be dismissed in its entirety as against Libertas.

2. Plaintiffs Fail To Allege Facts Sufficient To Establish A Rico Claim And Conspiracy In Violation Of 18 U.S.C. § 1962 Against Libertas.

"To state a claim for civil damages under RICO, a plaintiff must first allege that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962." *See New York State Cath. Health Plan, Inc. v. Acad. O & P Assocs.*, 312 F.R.D. 278, 295 (E.D.N.Y. 2015) (*citing Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983)).  Indeed, a plaintiff must establish "…seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce'." *New York State Cath. Health Plan*, 312 F.R.D. at 295 (*citing Hinterberger v. Catholic Health Sys., Inc.*, 536 F. Appx. 14 (2d Cir. 2013).  These requirements must be established for each individual defendant.  *See DeFalco v. Bernas,* 244 F.3d 286, 306 (2d Cir. 2001).  This Plaintiffs have plainly failed to do.

Under RICO, an "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).  To establish an association-in-fact enterprise, Plaintiffs must demonstrate "three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *See Moss v. BMO Harris Bank, N.A.*, 258 F. Supp.3d 289, 298 (E.D.N.Y. 2017).  Here,

6

709415v4

Plaintiffs have failed to allege any enterprise required under the RICO statute as it relates to Libertas. Indeed, the Amended Complaint is wholly devoid of any discrete facts that would show the existence of an enterprise to which Libertas was a participant, but rather merely lumps Libertas together with the "Bank Defendants" as having participated with Deo and the Deo Defendants in furtherance of their alleged scheme. (*See* Amended Complaint, *e.g.*, ¶¶ 286, 287, 290, 295, 296, 298, 334, 335). There is also no allegation that Libertas in someway benefitted from its purported joint activities with the Deo Defendants.

Plaintiffs further fail to allege that Libertas engaged in any pattern of racketeering. Nowhere in the Amended Complaint are there averments which identify the predicate acts purportedly committed by Libertas in furtherance of the RICO scheme (e.g., wire or mail fraud, racketeering). *See* Amended Complaint, ¶¶ 297-304, 306-314; *but see,* Amended Complaint, ¶305 (which references "Defendants" and not "Deo Defendants"). *See also, First Capital Asset Management, Inc. v. Satinwood, Inc.* 385 F.3d 159, 174-175 (2d. Cir. 2004)(second circuit requires detail of course of fraudulent or illegal conduct).

Finally, Plaintiffs have failed so much as to mention Libertas specifically in connection with the allegations concerning a conspiracy among all the Defendants (*see* Amended Complaint, ¶¶ 332-341). *See* 18 U.S.§1962(d). ("Through each of the Defendant's business relationships with one another…each Defendant knew of the nature of the 'Enterprise'" (*see, e.g.,* Amended Complaint, ¶¶ 293, 318, 334--defined as an association grouped for the purpose of engaging in unlawful activities (*see, e.g.,* Amended Complaint, ¶¶ 289-291, 301, 335.) *See, also, Gross v. Waywell*, 628 F. Supp.2d. 475, 493 (S.D.N.Y. 2009) (a claim for RICO conspiracy cannot survive without an underlying properly pled RICO claim). To establish the existence of a RICO conspiracy, a plaintiff must show "…the existence of an agreement to violate RICO's substantive

provisions". *United States v. Sessa,* 125 F.3d 68, 71 (2d Cir.1997) (quoting *United States v. Benevento*, 836 F.2d 60, 73 (2d Cir.1987)), cert. denied sub nom., *Scarpa v. United States,* 522 U.S. 1065, (1998). Plaintiffs thus had to establish that Libertas agreed to form and associate itself with a RICO enterprise and that it agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the Enterprise. *See Cofacredit, S.A. v. Windsor Plumbing Supply Co. Inc.* 187 F.3d 229, 244 (2d. Cir. 1999). Nowhere in the Amended Complaint do Plaintiffs describe any connection between Libertas and the "running of automobile dealerships" (*see* Amended Complaint, ¶ 301), or of any relationship (other than a contractual one, *see* Amended Complaint, ¶148), with any of the other named Defendants. *See* fn. 4, *supra.*

      3.  This Court Lacks Subject Matter Jurisdiction Under the RICO Statutes.

  A case can be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when a court lacks the statutory or constitutional power to adjudicate it. *See Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). The plaintiff bears the burden of establishing jurisdiction in a Rule 12(b)(1) motion. *See Aurecchione v. Schoolman Transp. Sys., Inc*., 426 F.3d 635, 638 (2d Cir. 2005). Generally, however, courts determine a motion to dismiss under Rule12(b)(1) prior to ruling on a motion to dismiss brought under Rule 12(b)(6), because dismissal of an action for lack of subject matter jurisdiction will render all other defenses and motions moot *See, Al-Ahmed v. Twitter, Inc.,* 553 F. Supp. 3d 118, 123 (S.D.N.Y. 2021).

  Here, once the federal RICO claims are found to be lacking as against Libertas, the Court will not have the jurisdictional authority to judge this matter.

709415v4

4. <u>Legal Standard Under Rule 9.</u>

Rule 9(b) of the Federal Rule of Civil Procedure requires that any fraud claim, including a claim for conspiracy to commit fraud, need be pleaded with particularity  *See* Fed. R. Civ. P. 9(b). *See also*, *Warren v. John Wiley & Sons, Inc.*, 952 F.Supp.2d 610, 621 (S.D.N.Y. 2013) This "pleading constraint" is predicated upon the need to provide a defendant "with fair notice of a plaintiff's claim, [and] safeguard [its] reputation from improvident charges of wrongdoing. *Asti Communications, Inc. v Shaar Fund, Ltd*, 493 F.3d 87, 98-99 (2d Cir. 2007).

In order to comply with Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006); *Sullivan v. Aventis, Inc.*, No. 4-cv-2939, 2015 WL 4879112, at *9 (S.D.N.Y. August 13, 2015) (holding, *inter alia*, that when alleging fraud, "the who, what, when, where, and how" of the alleged fraud must be specified).  Allegations that are conclusory or unsupported by factual assertions are deemed insufficient.  Moreover, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his [or her] participation in the alleged fraud." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F. 2d 1242, 1247 (2d Cir. 1987).

To adequately plead a claim for conspiracy to commit fraud under New York law, a plaintiff must demonstrate: (1) an agreement among two or more parties; (2) a common objective; (3) acts in furtherance of the objective; and, (4) knowledge.  *See, e.g.*, *JP Morgan Chase v. Winnick*, 406 F. Supp. 2d 247, 259 (S.D.N.Y. 2005).  A claim for conspiracy to commit fraud must also be pleaded with the specificity necessary to satisfy Rule 9(b) (as set forth more fully above).

Where a plaintiff fails to allege a viable fraud claim, no claim for conspiracy to commit fraud possibly can exist. *See JP Morgan Chase Bank*, 406 F.Supp.2d 247, 259 (S.D.N.Y. 2005).

Plaintiffs' lack of specificity as to any alleged wrongdoing by Libertas with respect to fraudulent acts concertedly and independently engaged in by Libertas, provides an independent basis for dismissal of the Amended Complaint. Having failed to allege the elements of a RICO conspiracy as to Libertas, the RICO conspiracy claims against it must be dismissed.

      B.      MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR PERMANENT INJUNCTION.

Plaintiffs seek a declaration that Libertas has no claim to the future receivables of Northshore but couch the claim as seeking a permanent injunction. *See* Amended Complaint, ¶¶ 435-438. A permanent injunction may issue only when the movant shows :"(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Alpha Capital Anstalt v. Shiftpixy, Inc*., 432 F.Supp. 326, 338 (S.D.N.Y. 2020), citing, *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006*).* Plaintiffs have failed to set out any claim for permanent injunctive relief as to Libertas' prospective claim for breach of contract (and potentially future harm) against Northshore. Moreover, another remedy exists for Northshore--that is, claims by Plaintiffs against those Defendants who "wrongfully" and allegedly asserted control over Northshore.

Plaintiffs acknowledge that the cause of action for enjoining Libertas from pursing claims against some of them for breach of the Sale Agreement has only been brought before this Court under the doctrine of supplemental jurisdiction. Should this Court dispose of the RICO claims against Libertas under Fed. R. Civ. P. 12(b)(6) (as discussed above) then it cannot exercise

supplemental jurisdiction and the asserted state law claim against Libertas must too fail. *See* 28 U.S.C. §1367; *Cohen v. Postal Holdings, LLC,* 873 F.3d 394, 399 (2d Cir. 2017).

C. JOINDER IN MOTIONS TO DISMISS.

Libertas joins in other Defendants' Motions to Dismiss (in whole or in part), to the extent that such Defendants are in such similarly situated factual and legal scenarios as Libertas, and the bases for dismissal would thus apply equally.

**IV. CONCLUSION**

For all of the foregoing reasons, Defendant Libertas Funding LLC respectfully requests that all claims against it, specifically, Causes of Action 1, 2 and 13, of the Amended Complaint be dismissed as against it, with prejudice, pursuant to Rules 12(b)(6) and/or 12(b)(1).

Dated: February 9, 2024                    Respectfully Submitted,

                                           WEIR GREENBLATT PIERCE LLP

                                           BY: /s/ Bonnie R. Golub
                                               Bonnie R. Golub, Esquire
                                               667 Madison Avenue, 5th Floor
                                               New York, NY  10065
                                               (917) 475-8885
                                               *bgolub@wgpllp.com*
                                               *Attorneys for Libertas Funding LLC*

11