# EXHIBIT "C"

# EXHIBIT "C"

# MMP&S
### MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

ATTORNEYS AT LAW
1000 WOODBURY ROAD  SUITE 402  WOODBURY, NY 11797
TELEPHONE: 516.712.4000  FAX: 516.712.4013
HTTP://WWW.MILBERMAKRIS.COM

November 14, 2023

U.S. Magistrate Judge James M. Wicks
U.S. District Court, Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

      Re:  *Superb Motors Inc., et al. v, Anthony Deo, et al.*
           Docket No.:  2:23-cv-6188
           Our File No.:  446-25080

Dear Judge Wicks:

      We represent defendants Thomas Jones, CPA and Jones, Little & Co., CPAs LLP (together, "JLC"). Please accept this letter pursuant to Rule 3(D) of Your Honor's Individual Practice Rules to request a pre-motion conference regarding a motion by JLC to dismiss the Amended Complaint pursuant to F.R.C.P. Rules 12(b)(1) and (6). Plaintiffs' Amended Complaint contains 52 causes of action, only 6 of which are alleged against JLC. Of those 6, only 2 causes provide the alleged basis for the Court's jurisdiction over plaintiffs' claims against JLC – the First Cause of Action, sounding in Violation of RICO, 18 U.S.C. §1962, and the Second Cause of Action, sounding in Conspiracy under 18 U.S.C. §1962(d). The 4 remaining causes of action constitute state law claims brought pursuant to the Court's supplemental jurisdiction under 28 U.S.C. §1367. The Amended Complaint fails to state a claim against JLC under the First or Second Causes of Action. Accordingly, there is no basis for federal jurisdiction over JLC, and the Amended Complaint should be dismissed as against JLC with prejudice.

      The Amended Complaint's "Facts" section, at ¶¶ 48-280, separately mentions JLC only 4 times:[1] in ¶¶ 134, 170, 245 and 255 in which plaintiffs allege, in purely general terms, that JLC somehow falsified financial statements, altered financial records, altered journal entries, and created or submitted forged instruments. JLC is mentioned in only one paragraph in the First Cause of Action – in ¶ 322, plaintiffs assert that JLC submitted false financials to create the illusion that Superb was profitable. JLC is not mentioned in the Second Cause of Action.

**A.**     **As the RICO and Conspiracy Causes of Action Fail to State a Claim Upon Which Relief Can Be Granted Against JLC, the Court Lacks Original Jurisdiction over JLC**

      Plaintiffs allege that this Court has jurisdiction over JL&C pursuant to 28 U.S.C. §1331 predicated upon claims sounding in violations of RICO under 18 U.S.C. §1962 and Conspiracy under 18 U.S.C. §1962(d). In sum, plaintiffs fail to state a claim under either federal statute. As such, the Amended Complaint should be dismissed as against JL&C with prejudice. Second Circuit law is well settled that, to establish a civil RICO claim, "a plaintiff must allege '(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity,' as well as injury to business or property as a result of the RICO violation." *Landy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (quoting *Anatian v. Coutts Bank Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)). "The pattern of racketeering activity must consist of two or more predicate acts of racketeering." *Id.* (citing 18 U.S.C.

---

[1]     JL&C is listed collectively with other defendants in eleven other paragraphs.

U.S. Mag. Judge James M. Wicks
November 14, 2023
Page 2

§1961(5)). Racketeering activity is defined as "any act which indictable" under specified provisions of Title 18, including mail fraud, wire fraud, extortion, and bank fraud. 18 U.S.C. §1961(1)(B); *Sky Med Supply Inc. v. SCS Support Claims Servs., Inc.*, 17 F.Supp.3d 207, 222 (E.D.N.Y. 2014). To establish a RICO conspiracy claim, a plaintiff must prove "the existence of an agreement to violate RICO's substantive provisions." *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 244 (2d Cir. 1999).

Plaintiffs fail to allege any facts that support either the First or Second Cause of Action as against JLC. Overall, the Amended Complaint alleges that JLC aided and/or assisted the Deo Defendants' wrongful actions by falsifying financial statements, altering financial records, altering journal entries, and creating or submitting forged instruments, or "false financials to create the illusion that Superb was profitable." *See* ¶ 255. Notably, plaintiffs fail to allege any facts to establish or support that JLC directed or operated the Deo Defendants' scheme; thus, the allegations cannot form the basis of RICO liability as against JLC. *See In re Agape Litig.*, 681 F.Supp.2d 352 (E.D.N.Y. 2010)(court dismissed RICO claims, finding that allegations that the financial defendant had actual knowledge of a scheme to defraud the plaintiff and that defendant's actions insufficient as a matter of law to support a RICO claim in the absence of allegations that the defendant directed or operated the scheme). Moreover, plaintiffs' lack of specificity as to any alleged wrongdoing by JLC with respect alleged fraudulent activities serves as a separate and independent basis or grounds for dismissal of the Amended Complaint. *Brookhaven Town Conservative Comm. v. Walsh*, 258 F.Supp.3d 277, 285-86 (E.D.N.Y. 2017)("When alleging fraudulent activities as predicate acts for a RICO claim, a plaintiff must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b)"); *Moore v. PaineWebber, Inc.* 189 F.3d 165, 172-73 (2d. Cir. 1999).

**B.    The Court Should Dismiss State Law and Common Law Claims Against JLC**

In their 11th, 12th, 51st and 52nd Causes of Action, plaintiffs allege state law claims against JLC for alleged professional malpractice and fraud. Plaintiffs readily acknowledge that those causes of action are pending before this Court solely under the doctrine of supplemental jurisdiction. Given that the RICO and RICO Conspiracy causes of action against JLC should be dismissed for the reasons described above, the Court should also dismiss the supplemental claims alleged against JLC. As this Court recently held in *Eaves v. Levitt-Fuirst Assocs., Ltd.*, No. 22CV5525-JMA-SIL, 2023 WL 3434987, at *4 (E.D.N.Y. May 12, 2023), "[i]n the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds. Courts should 'abstain from exercising pendent jurisdiction.'" (citations omitted). For the reasons set forth above, the Amended Complaint should be dismissed as against JLC with prejudice.

Thank you in advance for your kind consideration in this matter.

Respectfully submitted,

Peter Seiden (PS0658)

cc:    All counsel of record (via ECF)

