UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC,
ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY
AUTO LLC, NORTHSHORE MOTOR LEASING, LLC,
BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC,
JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (JMW)

                              Plaintiffs,

  -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and JP MORGAN CHASE BANK, N.A.,

                             Defendants.
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) and (6)**

                             MILBER MAKRIS PLOUSADIS
                             & SEIDEN, LLP
                             Attorneys for Defendants
                             *Thomas Jones, CPA and Jones, Little*
                             *& Co., CPA's, LLP*
                             1000 Woodbury Road, Suite 402
                             Woodbury, New York 11797
                             (516) 870-1160
                             File No.: 446-25080

By: John A. Lentinello, on the brief

# **TABLE OF CONTENTS**

                                                                             **Page**

**TABLE OF AUTHORITIES** ..................................................................................................... ii

**PRELIMINARY STATEMENT** ................................................................................................ 1

**STATEMENT OF FACTS AND PROCEDURAL HISTORY** .................................................. 2

**STANDARD FOR FED. R. CIV. P. 12(b)(1) and (6) MOTION** ................................................ 3

**LEGAL ARGUMENT** ................................................................................................................ 5

**POINT I** ....................................................................................................................................... 5

       **PLAINTIFFS' FIRST AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED AGAINST JLC UNDER THE CIVIL RICO AND CONSPIRACY CAUSES OF ACTION AND THUS THE COURT LACKS SUBJECT MATTER JURISDICTION OVER JLC**

       A.  Plaintiffs' Claims for Civil RICO and Conspiracy Must Be Dismissed ................. 5

       B.  Plaintiffs' Common Law and State Law Claims Should Be Dismissed
           As Against JLC ............................................................................................................ 9

**POINT II** ..................................................................................................................................... 10

       **PLAINTIFFS' CAUSES OF ACTION SOUNDING FRAUD AGAINST JLC SHOULD BE DISMISSED IN THEIR ENTIRETY FOR FAILURE TO STATE A CLAIM**

**CONCLUSION** ........................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

*Cases*

*Anatian v. Coutts Bank Ltd.*,
   193 F.3d 85 (2d Cir. 1999) ................................................................................. 5, 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................ 4

*Beacon Enterprises, Inc. v. Menzies*,
   715 F.2d 757 (2d Cir. 1983) ............................................................................... 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................ 4

*Brookhaven Town Conservative Comm. v. Walsh*,
   258 F.Supp.3d 277 (E.D.N.Y. 2017) ................................................................. 7, 8

*Browning Ave. Realty Corp. v. Rosenshein*,
   774 F. Supp. 129 (S.D.N.Y. 1991)..................................................................... 9

*Cadet v. James B. Nutter & Co.*,
   133 A.D.3d 561 ..................................................................................................11

*Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*,
   187 F.3d 229 (2d Cir. 1999) ............................................................................... 6

*Colony at Holbrook, Inc. v. Strata G.C., Inc.*,
   928 F.Supp. 1224 (E.D.N.Y. 1996) ................................................................. 7, 8

*Conyers v. Rossides*,
   558 F.3d 137 (2d Cir. 2009) ............................................................................... 4

*Cooper v. Parsky*,
   140 F.3d 433 (2d Cir. 1998) ............................................................................... 4

*DeAngelis v. Corzine*,
   17 F. Supp.3d 270 (S.D.N.Y. 2014)...................................................................11

*DiFolco v. MSNBC Cable, LLC*,
   622 F.3d 104 (2d Cir. 2010) ............................................................................... 4

*DiVittorio v. Equidyne Extractive Industries, Inc.*,
   822 F.2d 1242 (2d Cir. 1987) ............................................................................. 8

*Doyle v. Palmer*,
   365 F.Supp. 3d 295 (E.D.N.Y. 2019) ................................................................. 4

*Eaves v. Levitt-Fuirst Assocs., Ltd.*,
   2023 WL 3434987 (E.D.N.Y., May 12, 2023) ................................................. 10

*Guadagno v. Wallack Ader Levitan Assocs.*,
   932 F.Supp. 94 (S.D.N.Y. 1996)......................................................................... 4

*Harbor Distributing Corp. v. GTE Operations Support, Inc.*,
   176 F. Supp. 3d 204 (E.D.N.Y. 2016) ............................................................. 3, 4

*Hecht v. Commerce Clearing House, Inc.*,
   897 F.2d 21 (2d Cir. 1990) ......................................................................... 5, 6, 9

*In Re Agape Litig.*,
   681 F.Supp.2d 352 (E.D.N.Y. 2010) .................................................................. 7

*In Re Crazy Eddie Securities Litig.*,
  802 F. Supp. 804 (E.D.N.Y. 1992) ...................................................................................11
*In Re Sumitomo Copper Litigation*,
  995 F.Supp. 451 (S.D.N.Y. 1998)................................................................................. 5, 6
*In Re Thelen, LLP*,
  736 F.3d 213 (2d Cir. 2013) ........................................................................................... 4
*Jackson v. Bank of New York Mellon*,
  33 Misc.3d 1208(A), 939 N.Y.S.2d 740 (N.Y. Sup. Kings Co. 2011).........................11
*JGIAP RH 160 LLC v. CRI Holding Corp.*,
  2023 WL 5979125 (E.D.N.Y. 2023)............................................................................. 9
*Kavit v. A.L. Stamm & Co.*,
  491 F.2d 1176 (2d. Cir. 1974)...................................................................................... 10
*Kerik v. Tacopina*,
  64 F. Supp.3d 542 (S.D.N.Y. 2014).............................................................................. 5
*Koch v. Dwyer*,
  2000 WL 1458803 (S.D.N.Y. 2000) ......................................................................... 6, 9
*Landy v. Catholic Health Sys. Of Long Island, Inc.*,
  711 F.3d 106 (2d Cir. 2013).......................................................................................... 5
*Makarova v. U.S.*,
  201 F.3d 110 (2d Cir. 2000).......................................................................................... 3
*Malik v. Meissner*,
  82 F.3d 560 (2d Cir. 1996) ........................................................................................... 3
*Millis v. Polar Mechanical Corp.*,
  12 F.3d 1170 (2d Cir. 1993)....................................................................................11, 12
*Moore v. PaineWebber, Inc.*,
  189 F.3d 165 (2d Cir. 1999) ......................................................................................... 8
*Protter v. Nathan's Famous Systems, Inc.*,
  904 F. Supp. 101 (E.D.N.Y. 1995) ..............................................................................11
*Rajaratnam v. Motley Rice, LLC,*
  449 F. Supp.3d 45 (E.D.N.Y. 2020) ............................................................................. 9
*Sky Med Supply Inc. v. SCS Support Claim Servs, Inc.*,
  17 F.Supp.3d 207 (E.D.N.Y. 2014) .............................................................................. 6
*Smith v. City of New York*,
  2015 WL 4008642 (E.D.N.Y. 2015)............................................................................. 4
*Stoianoff v. Gahona*,
  248 A.D.2d 525, 670 N.Y.S.2d 204 (2d Dep't 1998) .................................................11
*Techno-Comp, Inc. v. Arcabascio*,
  130 F. Supp.3d 734 (E.D.N.Y.2015) .......................................................................11, 12
*U.S. v. Ulbricht*,
  31 F. Supp.3d 540 (S.D.N.Y. 2014)........................................................................... 6, 9
*Zeltser v. Joint Stock Bank Inkombank*,
  1998 WL 289739 (S.D.N.Y. 1998) .............................................................................. 9

*Statutes*

18 U.S.C. § 1961(1)(B) ............................................................................................................. 6
18 U.S.C. § 1961(5) .................................................................................................................. 5
18 U.S.C. § 1962 ................................................................................................................... 1, 5
18 U.S.C. § 1962(d) .................................................................................................................. 1
28 U.S.C. § 1367 ....................................................................................................................... 1

*Rules*

CPLR § 3013 ............................................................................................................................11
CPLR § 3014 ............................................................................................................................11
CPLR § 3016 ............................................................................................................................11
Fed. R. Civ. P. 9(b) ............................................................................................................. 8, 11
Fed. R. Civ. P. 12(b)(1) .................................................................................................... 1, 3, 5
Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1, 4, 5, 10

## PRELIMINARY STATEMENT

Defendants Thomas Jones, CPA and Jones, Little & Co., CPA's LLP (hereinafter, "JLC") respectfully submit this Memorandum of Law, and the accompanying Declaration of John A. Lentinello dated February 9, 2024 (the "Lentinello Decl.") and Declaration of Thomas Jones, CPA dated February 8, 2024 (the "Jones Decl.") in support of JLC's motion to dismiss plaintiffs' First Amended Complaint in its entirety with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). As set forth in detail below, plaintiffs' First Amended Complaint contains 52 causes of action, only 6 of which are alleged against JLC. Of those 6 causes of action, only two provide the alleged basis for the Court's jurisdiction over plaintiffs' claims against JLC. Those causes of action are the First Cause of Action, sounding in Violation of RICO, 18 U.S.C.§ 1962, and the Second Cause of Action, sounding in Conspiracy under 18 U.S.C. § 1962(d). The remaining four causes of action against JLC constitute state law claims brought pursuant to supplemental jurisdiction under 28 U.S.C. § 1367. The First Amended Complaint's "Facts" section, at its ¶¶ 48-280, separately mentions JLC only 4 times, in ¶¶ 134, 170, 245, and 255, in which plaintiffs allege, in purely general terms, that JLC somehow falsified financial statements, altered financial records, altered journal entries, and created or submitted forged instruments. In fact, JLC is only mentioned in one paragraph, ¶322, of the First Cause of Action, and JLC is not even mentioned by name in the entire Second Cause of Action.

Simply stated, for the reasons set forth below, the First Amended Complaint fails to state a cause of action against JLC under either the First or Second Causes of action, and thus, there is no basis for federal jurisdiction over JLC, and the First Amended Complaint should be dismissed with prejudice as against JLC. Accordingly, JLC's motion should be granted in its entirety.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This action was originally commenced by the filing of a Summons and Complaint on August 27, 2023. *See* Docket Nos. 1-4. Plaintiffs then served the First Amended Complaint on October 13, 2023. *See* Lentinello Decl., Ex. "A". JLC properly filed a Notice of Appearance by counsel on September 12, 2023. *See* Lentinello Decl., Ex. "B". JLC then sought the Court's permission to make the instant motion by filing a pre-motion letter dated November 14, 2023. *See* Lentinello Decl., Ex. "C". Following a pre-motion conference, as co-defendants also had filed similar requests to move pre-answer to dismiss, U.S. Magistrate Judge James M. Wicks issued an Order granting permission for JLC's motion to be filed on or before February 9, 2024. *See* Lentinello Decl., Ex. "D" (Docket No. 131). Thus, JLC's instant motion is timely filed with permission of the Court.

JLC and Mr. Jones were engaged by Superb Motors, Inc. ("Superb") solely in a limited capacity with respect to assisting with monthly end close of books and review of the internally prepared financial statement and assistance with reconciling of schedules prepared by internally by Superb and Superb's controller. *See* Jones Decl., ¶3. At no point did JLC ever prepare any tax returns for Superb. *Id.* The first month for which JLC reviewed and performed these reconciliation services was April 2023. *Id.*, ¶4. The information and schedules were prepared by Superb and provided to JLC's attention by Kendra Kernizant, one of Superb's controllers. *Id.* JLC worked with Ms. Kernizant, who provided the information to JLC and to whom JLC would provide suggestions to reconcile and close out monthly schedules for Superb's review, all of which Superb maintained final authority over. *Id.*, ¶5. JLC would work with Ms. Kernizant to clarify and clean up certain issues and errors that were present in the monthly financial schedules sent to JLC for reconciliation. *Id.*, ¶¶ 6-8. The financial figures set forth in the monthly reports and monthly schedules that were

sent to JLC for reconciliation were always provided by Superb or by Ms. Kernizant and were originally prepared by Superb's controller, and not JLC. *Id.*, ¶9. JLC's invoices also reflect the limited services performed by JLC for Superb. *Id.*, ¶10. JLC issued only two invoices sent to Superb, and the May 16, 2023 invoice sets forth, "For professional services rendered as follows: assistance with month end close for April 2023. Review of Trial Balance, Schedules and Dealer Statement." JLC's July 14, 2023 invoice sets forth, "For professional services rendered as follows: Assistance with month end close for June 2023 at the Dealership. Review of Trial Balance, Schedules and Dealer Statement. Summary of May 2023 Balance Sheet and Profit and Loss based on numbers provided by Anthony Deo." *Id.*, Ex. "6".

## **STANDARD FOR FED. R. CIV. P. 12(b)(1) and (6) MOTION**

Rule 12(b)1 of the Federal Rules of Civil Procedure provides at pertinent part that, "a case is properly dismissed for lack of subject matter jurisdiction when the Court lacks the statutory or constitutional power to properly adjudicate the case." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting jurisdiction, here plaintiffs, has the ultimate burden of proving the Court's jurisdiction by a preponderance of the evidence. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996); *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983); *Harbor Distributing Corp. v. GTE Operations Support, Inc.*, 176 F. Supp. 3d 204 (E.D.N.Y. 2016). While a Court generally must take all facts alleged in the [First Amended] Complaint as true and draw all reasonable inferences in favor of plaintiff, subject matter jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it. *See Harbor Distributing Corp, supra*. Even on a motion to dismiss for lack of subject matter jurisdiction, a Court is not bound to accept as true a legal conclusion couched as a factual allegation; the Court may resolve disputed jurisdictional fact issues by referring to

3

evidence outside of the pleadings, such as affidavits, and if necessary, a hearing. *Id.*; *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009); *Guadagno v. Wallack Ader Levitan Assocs.*, 932 F.Supp. 94 (S.D.N.Y. 1996).

In reviewing a motion to dismiss pursuant to Rule 12(b)6 of the Federal Rules of Civil Procedure, the Court must accept the factual allegation set forth in the Complaint as true and draw all reasonable inferences in favor of the plaintiff[s]. *See Harbor Distributing Corp., supra*; *Doyle v. Palmer*, 365 F.Supp. 3d 295, 301 (E.D.N.Y. 2019); *In Re Thelen, LLP*, 736 F.3d 213, 218 (2d Cir. 2013). A pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a Court 'is merely to assess the legal feasibility of the [First Amended] Complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 113 (2d Cir. 2010); *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). As such, "the issue is not whether [the pleading party] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Twombly, supra*, p. 583. Therefore, it is the legal feasibility of the pleading, and not the weight of the evidence, that must be assessed on a motion to dismiss. *See Smith v. City of New York*, 2015 WL 4008642 (E.D.N.Y. 2015); *DiFolco, supra*.

# LEGAL ARGUMENT

# POINT I

### PLAINTIFFS' FIRST AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED AGAINST JLC UNDER THE CIVIL RICO AND CONSPIRACY CAUSES OF ACTION AND THUS THE COURT LACKS SUBJECT MATTER JURISDICTION OVER JLC

JLC is entitled to dismissal on the pleadings pursuant to Fed. R. Civ. P. 12(b)(1) and (6) as plaintiffs have failed to state a claim upon which relief may be granted. Plaintiffs' allegations consist of bare legal conclusions and mere speculated actions as it pertains to JLC.

**A. Plaintiffs' Claims for Civil RICO and Conspiracy Must Be Dismissed**

Plaintiff's first cause of action for Civil RICO under 18 U.S.C. § 1962 must be dismissed as plaintiffs' First Amended Complaint fails to allege with requisite specificity two or more predicate acts that constitute a pattern of racketeering as against JLC. New York and Second Circuit law is well settled, clear and unequivocal that, at a minimum, plaintiffs must allege two predicate acts, and that a defendant personally committed or aided and abetted the commission of two predicate acts. *See Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21 (2d Cir. 1990); *Landy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 119 (2d Cir. 2013); *Anatian v. Coutts Bank Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999); *Kerik v. Tacopina*, 64 F. Supp.3d 542 (S.D.N.Y. 2014); *In Re Sumitomo Copper Litigation*, 995 F.Supp. 451 (S.D.N.Y. 1998). The alleged injury complained of by Civil RICO plaintiffs must have been caused by a pattern of racketeering activity or by individual predicate acts which must have proximately caused the plaintiffs' injuries. *See Hecht, supra*, at 23. To establish a Civil RICO claim. "a plaintiff must allege: (i) conduct; (ii) of an enterprise; (iii) through a patter; (iv) of racketeering activity, as well as injury to business or property as a result of the RICO violation." *Landy, supra*; *Anatian, supra*. "The racketeering activity must consist of two or predicate acts of racketeering." *Id.*(*citing* 18 U.S.C. § 1961(5)).

5

Racketeering activity is defined as "any act which is indictable" under specified provisions of Title 18, including mail fraud, wire fraud, extortion, and bank fraud. 18 U.S.C.§ 1961(1)(B); *Sky Med Supply Inc. v. SCS Support Claim Servs, Inc.*, 17 F.Supp.3d 207, 222 (E.D.N.Y. 2014).

Further, it is well settled that a Civil RICO pattern or act proximately causes plaintiffs' civil injury if it is a substantial factor in the sequence of responsible causation and if the injury is reasonably foreseeable or anticipated as an actual consequence. *See Hecht, supra*. To be subject to Civil RICO liability, a defendant must have participated, directly or indirectly, in the operation or management of the enterprise, with, at a minimum, some part in directing the enterprise's affairs. *See In Re Sumitomo Copper Litigation, supra*, at 454.

To establish a RICO conspiracy claim, a plaintiff must prove "the existence of an agreement to violate RICO's substantive provisions." *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 244 (2d Cir. 1999). Moreover, plaintiffs' second cause of action for conspiracy must fail, as plaintiffs failed to meet the requisite elements of: (i) suppression of material facts; (ii) a duty to disclose such material facts; (iii) intent to defraud; (iv) that plaintiff would have acted differently; and (v) damages. *See Cofacredit, S.A., supra*; *Koch v. Dwyer*, 2000 WL 1458803 (S.D.N.Y. 2000); *U.S. v. Ulbricht*, 31 F. Supp.3d 540 (S.D.N.Y. 2014).

At bar, plaintiffs fail to allege any facts that support either of their First or Second Causes of action as against JLC. The First Amended Complaint alleges that JLC aided and/or assisted the so-denominated Deo Defendants' alleged wrongful actions by falsifying financial statements, altering financial records, altering journal entries, and creating or submitting forged instruments or "false financials to create the illusion that Superb was profitable." *See* Lentinello Decl., Ex. "A", ¶¶ 255, 322. Notably absent are any allegations or facts to establish support that JLC directed or operated the Deo Defendants' scheme, which are required. *Id.* Thus, the allegations are

6

insufficient as a matter of law and cannot form the basis of RICO liability claims as against JLC. *See In Re Agape Litig.*, 681 F.Supp.2d 352 (E.D.N.Y. 2010). In *In Re Agape Litig., supra*, the Court dismissed RICO claims, finding that allegations that the financial defendant had actual knowledge of a scheme to defraud the plaintiff and that defendant's actions were insufficient as a matter of law to support a RICO claim in the absence of allegations that the defendant directed or operated the scheme. *Id*.

At bar, there are no allegations that JLC directed or operated any scheme whatsoever. In fact, JLC was only ever engaged in a limited capacity to assist in rectifying and reconciling certain financial schedules and information which was originally prepared internally by Superb and Superb's own controller(s) and sent to JLC for advice and recommendations. *See* Jones Decl., ¶¶ 3-10. The information provided to JLC was prepared either by Superb's Ms. Kernizant or prepared by someone else in her office and sent by her to JLC for their clean up and reconciliation. *Id.*, ¶9, Exs. "2-5". In fact, there were issues with the financial information that was provided to JLC by Ms. Kernizant which caused JLC to render advice and recommendations including correcting an improper cash balance and recommending review of missed postings from the journal of Superb. *Id.*, ¶7, Ex. "4". Moreover, JLC only was engaged for the limited purposes of clean up of the monthly schedules and review of the internally prepared monthly financials prepared by Superb. *Id.*, ¶3. Ex. "6".

Additionally, plaintiffs' allegations lack any specificity whatsoever as against JLC with respect to any alleged wrongdoing by JLC regarding fraudulent activities, which serves as a separate and independent basis or grounds for dismissal of the First Amended Complaint. *See Brookhaven Town Conservative Comm. v. Walsh*, 258 F.Supp.3d 277, 285-286 (E.D.N.Y. 2017); *Anatian; supra*; *Colony at Holbrook, Inc. v. Strata G.C., Inc.*, 928 F.Supp. 1224 (E.D.N.Y. 1996).

7

"When alleging fraudulent activities as predicate acts for a RICO claim, a plaintiff must satisfy the particularity requirements of Federal Rule Civ. P. 9(b)." *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 172-173 (2d Cir. 1999). These allegations cannot be pleaded upon information and belief. *Id.*; *see also Colony at Holbrook, supra*; *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242 (2d Cir. 1987). Nowhere within plaintiffs' First Amended Complaint at bar is there any indication of any place or date where any of their allegations allegedly took place or occurred, further supporting dismissal. *Id.*

At bar, plaintiffs' First Amended Complaint is replete with speculative presumptions, vague and conclusory allegations, all of which are not entitled to a presumption of truth and fail to meet the specificity requirements against JLC. *See* Lentinello Decl., Ex. "A". JLC performed only limited assistance services for Superb including to assist with the monthly end close and review of the internally prepared financial schedules and assistance with reconciliation of schedules prepared internally by Superb and Superb's controller. *See* Jones Decl., ¶3. Therefore, JLC was only engaged to perform limited reconciliations and only performed certain limited monthly reconciliations of financial information presented to JLC by Superb without ever having any authority whatsoever to make any wire transfers from Superb, and JLC was never issued any control over Superb. *Id.* Moreover, no employees of JLC ever prepared any corporate documents for Superb, as JLC only reviewed limited monthly financial reports that were provided by Superb to JLC and offered reconciliation of the reports and monthly schedules. *Id.* Thus, no predicate acts are pleaded, and plaintiffs' allegations of mail or wire fraud are entirely speculative, conclusory, and unsupported by any specificity, requiring dismissal. *See Brookhaven Town Conservatve Comm, supra*; *Anatian, supra*; *Moore, supra; DiVittorio, supra.*

8

Additionally, to the extent that plaintiffs' First Amended Complaint attempts to allege negligence or accounting malpractice,[1] or even general fraud claims, as predicate acts, it is well settled that Civil RICO claims must be based upon actual racketeering conduct and that garden-variety torts, such as negligence/malpractice or even general fraud do not typically qualify. *See Hecht, supra*; *Rajaratnam v. Motley Rice, LLC*, 449 F. Supp.3d 45 (E.D.N.Y. 2020); *JGIAP RH 160 LLC v. CRI Holding Corp.*, 2023 WL 5979125 (E.D.N.Y. 2023); *Zeltser v. Joint Stock Bank Inkombank*, 1998 WL 289739 (S.D.N.Y. 1998); *Browning Ave. Realty Corp. v. Rosenshein*, 774 F. Supp. 129 (S.D.N.Y. 1991). Therefore, to the extent that plaintiffs attempt to assert claims of accounting malpractice and/or negligence on JLC's part as predicate acts for Civil RICO, any attempt would run contrary to settled case law. *Id.*

Similarly, plaintiffs' cause of action for Civil Conspiracy must also be dismissed in its entirety with prejudice as against JLC as plaintiffs have failed to plead any requisite predicate act or to plead any meeting of the minds and intent to agree or to engage in any conduct by JLC in connection with the Deo Defendants in furtherance of any intent to defraud. *See Koch, supra*; *Ulbricht, supra*.

Therefore, plaintiffs' Civil RICO and Conspiracy causes of action should be dismissed in their entirety as a matter of law as against JLC.

**B. Plaintiffs' Common Law and State Law Claims Should Be Dismissed As Against JLC**

In plaintiffs' 11th, 12th, 51st, and 52nd causes of action, plaintiffs allege general, run of the mill state law claims against JLC. *See* Lentinello Decl., Ex. "A". Plaintiffs readily acknowledge and concede that those causes of action for alleged accounting malpractice/negligence and fraud are pending before this Court solely under the doctrine of supplemental jurisdiction. As discussed

---

[1] Plaintiffs' causes of action for negligence/accounting malpractice are general state law claims over which this Court should not exercise supplemental jurisdiction as discussed below.

9

above, plaintiffs' First Amended Complaint is bereft and devoid of any requisite predicate acts and should be dismissed. If the Court dismisses the First and Second causes of action in the First Amended Complaint against JLC for Civil RICO and Civil Conspiracy, this Court should also dismiss the supplemental claims alleged against JLC as case law is well settled that where federal claims are disposed of pursuant to Fed. R. Civ. P. 12(b)(6), courts should abstain from exercising pendant jurisdiction in the interests of comity. *See Eaves v. Levitt-Fuirst Assocs., Ltd.*, 2023 WL 3434987 (E.D.N.Y., May 12, 2023). "In the interests of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Fed. R. Civ. P. 12(b)(6) or summary judgment grounds, Courts should 'abstain from exercising pendant jurisdiction.'" *Eaves, supra*; *see also Kavit v. A.L. Stamm & Co.,* 491 F.2d 1176 (2d. Cir. 1974). "[R]ecognition of a federal Court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a [plaintiffs] effort to impose upon it what is in effect only a state law case. *Kavit, supra*.

Therefore, as plaintiffs remaining claims are solely state law claims, if the Civil RICO and Conspiracy claims are dismissed, this Court should abstain from exercising pendant jurisdiction over causes of action nos. 11, 12, 51, and 52, since exceptional circumstances are not present at bar and there would be no other subject matter jurisdiction basis for doing so.

### POINT II

**PLAINTIFFS' CAUSES OF ACTION SOUNDING FRAUD AGAINST JLC SHOULD BE DISMISSED IN THEIR ENTIRETY FOR FAILURE TO STATE A CLAIM**

Plaintiffs claims for fraud must be dismissed as against JLC in their entirety for failure to state a claim upon which relief can be granted as plaintiffs have failed to show any intent to defraud on the part of JLC and have failed to plead fraud with requisite specificity.

It is well settled that in order to maintain a cause of action sounding in fraud, plaintiffs must plead and prove that: (i) a material act or omission in representation made on the part of JLC induced action or omission by plaintiffs; (ii) JLC intended to deceive plaintiffs with a false statement; (iii) plaintiffs reasonably relied upon a representation by JLC; and (iv) plaintiffs sustained specific injuries or damages as a result of the fraud. *See DeAngelis v. Corzine*, 17 F. Supp.3d 270 (S.D.N.Y. 2014); *Techno-Comp, Inc. v. Arcabascio*, 130 F. Supp.3d 734 (E.D.N.Y.2015). If fraud is plead, as at bar, it must be plead and particularized as to each defendant. *See Protter v. Nathan's Famous Systems, Inc.*, 904 F. Supp. 101 (E.D.N.Y. 1995). Under Fed. R. Civ. P. 9(b) a fraud plaintiff must allege "the time, place, speaker, and sometimes even the content of the alleged misrepresentation." *See Techno-Comp, Inc., supra.*; *In Re Crazy Eddie Securities Litig.*, 802 F. Supp. 804 (E.D.N.Y. 1992). As the court held in *Techno-Comp, Inc., supra*, and *Millis v. Polar Mechanical Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993), Rule 9(b) is not satisfied where the [First Amended] Complaint only vaguely attributes the alleged fraudulent conduct to defendants and the fact that defendants had a relationship is not enough there is a requirement that the defendants personally knew of, or participated in the fraud. New York State Courts have held that where "defendants have strained to read meaning into a plaintiff's complaint in order to assert defenses and bars to maintenance of the actions…..plaintiff has not satisfied the first requirement of pleading facts which give notice of the transactions or occurrences intended to be proved, [thus] there are no facts against which to apply the second requirement of whether the alleged facts state a cognizable cause of action." *Jackson v. Bank of New York Mellon*, 33 Misc.3d 1208(A), 939 N.Y.S.2d 740 (N.Y. Sup. Kings Co. 2011); *see* CPLR § 3013, § 3014 and § 3016; *Stoianoff v. Gahona,* 248 A.D.2d 525, 670 N.Y.S.2d 204 (2d Dep't 1998); *Cadet v. James B. Nutter & Co.*, 133 A.D.3d 561, 19 N.Y.S.3d (2d Dep't 2015).

11

At bar, no such specific acts or requisite specificity are plead. *See* Lentinello Decl., Ex. "A". Plaintiffs' First Amended Complaint makes only conclusory statements such as "Jones made material misrepresentations of fact in providing monthly financials to Urrutia by and through Deo". However, it does not state what those misrepresentations allegedly were, and it fails to take into account that all financial information provided to JLC originated with Superb and was merely reconciled by JLC. *See* Jones Decl. Moreover, no further action or intent is pled in plaintiffs' First Amended Complaint, and, thus, the fraud cause of action must fail as a matter of law. *See Techno-Comp, Inc., supra*. The First Amended Complains fails to identify any alleged "false conduct" on the part of JLC with intent, requiring dismissal. *See Techno-Comp, Inc., supra*; *Millis, supra*. Since the First Amended Complaint only vaguely references any alleged fraudulent conduct on JLC's behalf, it does not satisfy the well settled specific pleading requirements for fraud, and thus, it must be dismissed as a matter of law against JLC. *Id.*

## **CONCLUSION**

For the reasons set forth above, JLC's motion should be granted in its entirety.

Dated: Woodbury, New York
February 9, 2024

By: /s/ John A. Lentinello

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

John A. Lentinello (JAL 0187)
Attorneys for Defendants
*Thomas Jones, CPA and Jones, Little & Co., CPA's, LLP*
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 870-1160
File No.: 446-25080
Jlentinello@milbermakris.com

12