UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HWY AUTO LLC, NORTHSHORE MOTOR
LEASING, LLC, BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR          Case No.: 2:23-cv-6188 (OEM)
(ST)
LEASING, LLC, JOSHUA AARONSON, individually
and derivatively as a member of 189 SUNRISE HWY
AUTO, LLC, JORY BARON, 1581 HYLAN BLVD
AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591
HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD
AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519
HYLAN BLVD AUTO LLC, 76 FISK STREET
REALTY LLC, 446 ROUTE 23 AUTO LLC and
ISLAND AUTO MANAGEMENT, LLC,

                                        Plaintiffs,

        -against-

ANTHONY DEO, SARAH DEO, HARRY
THOMASSON, DWIGHT BLANKENSHIP, MARC
MERCKLING, MICHAEL LAURIE, THOMAS
JONES, CPA, CAR BUYERS NYC INC., GOLD
COAST CARS OF SYOSSET LLC, GOLD COAST
CARS OF SUNRISE LLC, GOLD COAST MOTORS
AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS
CORP., DLA CAPITAL PARTNERS INC., JONES,
LITTLE & CO., CPA'S LLP, FLUSHING BANK,
LIBERTAS FUNDING LLC, and JPMORGAN CHASE
BANK, NA

                                        Defendants.
-----------------------------------------------------------------------X

**<u>MEMORANDUM OF LAW IN FURTHER SUPPORT OF FLUSHING BANK'S MOTION
TO DISMISS THE FIRST AMENDED COMPLAINT AND IN OPPOSITION TO
PLAINTIFFS' CROSS-MOTION TO AMEND THEIR FIRST AMENDED COMPLAINT</u>**



333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
(516) 357-3700

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT .................................................. 1

STATEMENT OF FACTS .................................................. 2

ARGUMENT .................................................. 4

LEGAL STANDARD .................................................. 4

There is No Basis for the Court to Consider the Extrinsic Evidence and Documents on this Motion to Dismiss .................................................. 4

The Legal Standard for a Motion for Leave to Amend .................................................. 6

POINT I

PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR A VIOLATION OF RICO ............ 7

   A.   Plaintiffs Fail to Plead that Flushing Bank was Part of an Enterprise ................................ 8

   B.   Plaintiffs Do Not Sufficiently Allege Wrongdoing on Behalf of Flushing Bank.............. 12

POINT II

PLAINTIFFS' RICO CONSPIRACY CLAIM MUST BE DISMISSED ................................... 15

POINT III

THIS COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE AND COMMON LAW CLAIMS ........................................ 16

POINT IV

PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND THEIR COMPLAINT A SECOND TIME .................................................. 17

CONCLUSION .................................................. 18

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*Abbott Labs v. Adelphia Supply USA*,
   2017 U.S. Dist. LEXIS 1007 (E.D.N.Y. Jan. 4, 2017)................................................. 8

*Am. Transit Ins. Co. v. Bilyk*, 19-cv-5171,
   2020 U.S. Dist. LEXIS 234040 (E.D.N.Y. Dec. 12, 2020)...................................... 11

*AmBase Corp. v. 111 West 57th Sponsor LLC*,
   785 Fed. App'x 886 (2d Cir. 2019) ................................................................. 14, 15

*Anatian v. Coutts Bank Ltd.*,
   193 F.3d 85 (2d Cir. 1999) ................................................................................. 8

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
   69 F. Supp. 3d 342 (S.D.N.Y. 2014) ................................................................ 15

*Calabrese v. CSC Holdings, Inc.*,
   283 F. Supp. 2d 797 (E.D.N.Y. 2008) .............................................................. 13

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*,
   187 F.3d 229 (2d Cir. 1999) ............................................................................ 15

*Continental Petroleum Corp. v. Corporation Funding Partners, LLC*,
   2012 U.S. Dist. LEXIS 51841 (S.D.N.Y. Apr. 12, 2012)...................................... 10

*Discon, Inc. v. NYNEX Corp.*,
   9 F.3d 1055 (2d Cir. 1996) .............................................................................. 15

*Entretelas Americanas S.A. v. Soler*,
   840 F. App'x 601 (2d Cir. 2020) ...................................................................... 12

*Faulkner v. Beer*,
   463 F.3d 130 (2d Cir. 2006) ............................................................................ 4, 5

*Greenberg v. Blake*,
   2010 U.S. Dist. LEXIS 57617 (E.D.N.Y. June 8, 2010)........................................ 11

*H.J. Inc. v. Northwestern Bell Tel. Co.*,
   492 U.S. 229 (1989)........................................................................................ 15

*In re Agape Litig.*,
   681 F. Supp. 2d 352 (E.D.N.Y. 2010) .............................................................. 10

*Lundy v. Catholic Health Sys. Of Long Island Inc.*,
   711 F.3d 106 (2d Cir. 2013) ..................................................................... 8, 12

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd.,*
   *Nig.*, 265 F.R.D. 106 (S.D.N.Y. 2010) ........................................................ 4

*MMA Consultants 1, Inc. v. Republic of Peru*,
   245 F. Supp. 3d 486 (S.D.N.Y. 2017) ........................................................ 5

*Moss v. BMO Harris Bank, N.A.*,
   258 F. Supp.3d 289 (E.D.N.Y 2017) .......................................................... 9

*Nasik Breeding & Research Farm Ltd. V. Merck & Co.*,
   165 F.Supp.2d 514 (S.D.N.Y. 2001) .......................................................... 8

*Reich v. Lopez*,
   858 F.3d 55 (2d Cir. 2017) ...................................................................... 15

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ................................................................................ 10

*Rukoro v. F.R.G.*,
   976 F.3d 218 (2d Cir. 2020) .................................................................. 6, 17

*S B Ice, Ltd. Liab. Co. v. MGN, Ltd. Liab. Co.*,
   2008 U.S. Dist. LEXIS 84143 (S.D.N.Y. Oct. 20, 2008) .............................. 5

*Salahuddin v. Cuomo*,
   861 F.2d 40 (2d Cir. 1988) .................................................................. 7, 17

*Simmons v. Nationstar Mortg.*,
   No. 20-cv-1066, 2021 U.S. Dist. LEXIS 47566 (E.D.N.Y. Mar. 12, 2021) ...... 12, 13

*TechnoMarine SA v. Giftports, Inc.*,
   758 F.3d 493 (2d Cir. 2014) ...................................................................... 6

*United States v. Boyle*,
   556 U.S. 938 (1994) ............................................................................ 8, 10

*Williams v. Dempsey*,
   2023 U.S. Dist. LEXIS 163732 (E.D.N.Y. Sep. 14, 2023) ............................ 7

*Xiang Li v. Morrisville State Coll.*,
   434 Fed. App'x 34 (2d Cir. 2011) ............................................................ 17

*Zamora v. FIT Int'l Group*,
  834 Fed. App'x 622 (2d Cir. 2020) ............................................................................ 8

Statutes

18 U.S.C. §1961 ........................................................................................................... 12
18 U.S.C. §1962 ..................................................................................................... 12, 15
New York Uniform Commercial Code §3-419 .......................................................... 16

Rules

Federal Rule of Civil Procedure Rule 12 ..................................................................... 1
Federal Rule of Civil Procedure Rule 9 ................................................................ 12, 14
Federal Rule of Civil Procedure Rule 15 ................................................................... 17

## PRELIMINARY STATEMENT

Defendant Flushing Bank ("Flushing Bank" or "the Bank") by its attorneys Cullen and Dykman LLP, respectfully submits this memorandum of law: (1) in further support of its motion to dismiss the First Amended Complaint dated October 13, 2023 (the "First Amended Complaint") of Plaintiffs[1] pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure; and (2) in opposition to Plaintiffs' cross-motion for leave to amend the pleadings by the filing of a proposed Second Amended Complaint.

In opposition to Flushing Bank's motion to dismiss, Plaintiffs continue to propound the same baseless, conclusory allegations in support of their RICO claims, which assert that the Bank participated in a "scheme" with the other defendants to defraud Plaintiffs and divest control of certain car dealerships to several of the defendants. In an attempt to save their meritless causes of action against the Bank, Plaintiffs now seek to amend the Complaint[2] for a second time to incorporate unsupported statements and allegations that rely on inference and insinuation and that they curiously omitted the first two times they tried to include Flushing Bank within their RICO claims. A copy of Plaintiffs' proposed Second Amended Complaint is attached as Exhibit A to the Declaration of Emanuel Kataev in Support of Plaintiffs' Cross-Motion for Leave to Amend the Pleadings, dated December 11, 2023 (the "Proposed Second Amended Complaint").

It is noteworthy that the first time Plaintiffs amended the Complaint, it was in response to a Pre-Motion Letter filed by Flushing Bank addressing the weakness of Plaintiffs' claims and

---

[1] The plaintiffs in this case, as set forth in Plaintiffs' First Amended Complaint are as follows: Superb Motors Inc., Team Auto Sales LLC, Robert Anthony Urrutia, 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, Brian Chabrier, *individually and derivatively as a member of* Northshore Motor Leasing, LLC, Joshua Aaronson, *individually and derivatively as a member of* 189 Sunrise Hwy Auto, LLC, Jory Baron, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC and Island Auto Management, LLC (collectively "Plaintiffs").
[2] The initial Complaint was filed in this action on August 17, 2023, at ECF No. 1 (the "Initial Complaint").

discussing how such claims were subject to dismissal. ECF No. 52, 60. Plaintiffs specifically filed the First Amended Complaint to purportedly save their causes of action against Flushing Bank from being dismissed, but apparently did not add all the alleged facts in support of this claim, and now seek to file the Proposed Second Amended Complaint in response to the Bank's motion. It is unclear why Plaintiffs did not include such claims in the First Amended Complaint.

Plaintiffs also seek to have the Court improperly take judicial notice of disputed declarations and exhibits that Plaintiffs have filed with the Court in this proceeding and consider them on the present motion. Such attempts should be disregarded by the Court.

Flushing Bank's motion to dismiss the First Amended Complaint should be granted, and Plaintiffs should not be permitted to yet again amend their Complaint to include unsubstantiated allegations against the Bank. Moreover, as Plaintiffs' RICO claims are subject to dismissal, this Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims.

For all of the reasons discussed below, and in Flushing Bank's Memorandum of Law in Support of its Motion to Dismiss, dated November 13, 2023 (the "Bank's Memo of Law"), this motion should be granted in its entirety and the First Amended Complaint dismissed as to the Bank. Moreover, Plaintiffs' cross-motion for leave to amend the Complaint yet again should be denied.

## STATEMENT OF FACTS

A full recitation of the facts of this matter is set forth at pages 2-3 of the Bank's Memo of Law and the Court is respectfully referred thereto. As discussed above, on September 26, 2023, Flushing Bank filed a letter for a pre-motion conference, setting forth its intent to file a motion to dismiss the Initial Complaint, which was filed on August 17, 2023. ECF No. 52. In that letter, the Bank set forth its position that Plaintiffs had failed to state claims under RICO against Flushing

Bank, because "Plaintiffs fail to allege any facts that support an assertion that Flushing Bank engaged in any wrongful activity, much less any racketeering activity." *See id.* Flushing Bank also noted that it was not a car dealership and claims under the Defense of Trade Secrets Act ("DTSA") alleging it improperly acquired Superb's trade secrets were misplaced, and that supplemental jurisdiction should not be exercised over Plaintiffs' remaining state law claims. *See id.*

In response to the Bank's pre-motion conference letter, Plaintiffs filed the First Amended Complaint, removing the DTSA claims against the Bank but adding and elaborating on various allegations, including that:

> Flushing Bank's employees and agents participated in this scheme by permitting Deo to open a bank account for Superb when they knew he had no authority to do so. Among other things, Flushing Bank was in possession of documentation indicating that Deo has no such authority.

First Amended Complaint, at ¶ 300.

Plaintiffs also included additional claims for a violation of Uniform Commercial Code § 3-419, conversion, negligence, and a claim for "unauthorized payment" against Flushing Bank. *See* First Amended Complaint, at ¶ 608-635.

Despite amending the Initial Complaint to assert additional alleged facts and claims against the Bank, Plaintiffs apparently failed to set forth various statements allegedly made by certain individuals to support their RICO causes of action. Now, in the face of the Bank's well-founded motion to dismiss, Plaintiffs attempt to amend the Complaint a second time, to support their meritless allegations. However, such claims still do not save Plaintiffs' allegations and, thus, their motion for leave to amend the Complaint must be denied, and this motion to dismiss granted in its entirety.

## ARGUMENT

## LEGAL STANDARD

## There is No Basis for the Court to Consider the Extrinsic Evidence and Documents on this Motion to Dismiss

Plaintiffs urge the Court to consider declarations and documents extrinsic to the First Amended Complaint in deciding this motion to dismiss. Specifically, Plaintiffs urge the Court to "take judicial notice of the record in this case, including the declarations of [plaintiff Robert] Urrutia with accompanying exhibits, as well as the declarations of any other party or non-party and accompanying exhibits to those declarations." Plaintiffs' Memorandum of Law in Opposition to Defendant Flushing Bank's Motion to Dismiss and in Support of their Cross-Motion for Leave to Amend the Pleadings, dated December 11, 2023 ("Plaintiffs' Memo of Law") at p. 6. The Plaintiffs seek for the Court to consider the Flushing Bank "application and statements for the account Deo improperly opened – and which Flushing Bank permitted him to open" in deciding this motion to dismiss. *Id.* n. 7.

While it is true that materials outside of the complaint may sometimes be considered on a 12(b)(6) motion, generally, such materials are interposed in such on a motion by the defendants seeking dismissal, not plaintiffs attempting to save poorly plead allegations. *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*, 265 F.R.D. 106, 122 (S.D.N.Y. 2010) (holding that "a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss"). Moreover, several criteria must be met before such documents will be considered by a court. First, for even a document "integral" to the complaint to be considered on a motion to dismiss, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 133-34 (2d Cir.

2006). Additionally, "[i]t must be clear that there exist no material disputed issues of fact regarding the relevance of the document. *Id.*

It is obvious that the declarations filed on behalf of plaintiffs, such as the Declaration of plaintiff Robert Anthony Urrutia, are not "undisputed" as to their accuracy, and that there are obvious disputed issues of fact regarding the assertions made in such declarations. Such contentious submissions may be appropriate to file in support or opposition to a motion for a preliminary injunction. They are not, however, appropriate to be considered in opposition to a motion to dismiss such as the present one.  If these declarations contain allegations that Plaintiffs now believe are necessary to their claims, Plaintiffs should have incorporated them into their Complaint. They cannot ask the Court to take "judicial notice" of disputed statements simply because they are contained within documents filed with the Court in connection with other motions made in this matter. *MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 501 (S.D.N.Y. 2017) (refusing to take judicial notice of document where assertions within that document are disputed).

Additionally, there is no basis for the Court to consider the Flushing Bank application and statements that Plaintiffs filed with the Court at Docket No. 11-9. First, and fundamentally, the document and statements are not contained in the extant pleading.  Plaintiffs go further and ask the Court to assume documentation extrinsic to the Complaint is supportive of allegations against Flushing Bank. Specifically, Plaintiffs ask the Court to adopt their conclusory interpretation of this document—that is, the assumption that it demonstrates an account at Flushing Bank was fraudulently opened as part of a "scheme" to defraud them. This is not permissible. *See S B Ice, Ltd. Liab. Co. v. MGN, Ltd. Liab. Co.*, 2008 U.S. Dist. LEXIS 84143, at *1 n.1 (S.D.N.Y. Oct. 20,

2008) (refusing to consider documents extraneous to the complaint in opposition to a motion to dismiss).

For these reasons, the Court should not consider documents outside of the First Amended Complaint on this motion to dismiss.

### The Legal Standard for a Motion for Leave to Amend

Despite having previously amended the Initial Complaint to include, among other things, additional allegations and causes of action against Flushing Bank, Plaintiffs now seek to amend the Complaint yet again in response to this motion. This time, Plaintiffs specifically seek to include facts alleging that specific individuals at Flushing Bank worked with Robert Deo and other defendants in orchestrating a scheme to allow Deo to fraudulently open a bank account in the name of Superb. The allegations for which Plaintiffs seek to amend the First Amended Complaint are specific to Flushing Bank and include claims that plaintiff Robert Urrutia met with Flushing Bank to open an account prior to the Deo meeting with the Bank and submitted information regarding Superb, and that Deo claimed that a Flushing Bank employee and an unnamed "credit underwriter" were "in [his] pocket." *See* Plaintiffs' Proposed Second Amended Complaint, at ¶¶ 212, 219.

While there is generally a "liberal and permissive" standard granted to motions to amend, such a motion will be denied for "'good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Gang Li. v. Dolar Shop Rest Grp., LLC*, 16-cv-1953(RPK)(TAM), 2023 U.S. Dist. LEXIS 134564, at *21 (E.D.N.Y. Aug. 1, 2023) (quoting *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014)). Leave to amend may be denied when such amendment would not cure substantive deficiencies. *Rukoro v. F.R.G.*, 976 F.3d 218, 227-28 (2d Cir. 2020). This is especially so where, as here, the plaintiffs have already amended their Initial Complaint after Flushing Bank pointed out the deficiencies contained therein

6

with regard to Flushing Bank in a pre-motion letter to the Court. As the court held in *Williams v. Dempsey*, 2023 U.S. Dist. LEXIS 163732, *24 (E.D.N.Y. Sep. 14, 2023), the court is "not obligated to grant [pro se plaintiff] leave to amend a second time after [his] first amended complaint failed to cure the defects that the court identified in its order to amend." (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)))".

As set forth below, Plaintiffs' attempt to amend the First Amended Complaint is a futile attempt to defeat this motion as the proposed changes do not save Plaintiffs' baseless claims from being subject to dismissal. Accordingly, Plaintiffs' motion for leave to amend should be denied.

## POINT I

## PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR A VIOLATION OF RICO

As an initial matter, Flushing Bank categorically denies all allegations of wrongdoing made by Plaintiffs in the Initial Complaint, the First Amended Complaint, and the Proposed Second Amended Complaint. Nevertheless, Flushing Bank addresses the allegations set forth by Plaintiffs herein, as such allegations are insufficient to sustain any of the claims being made against the Bank in this action.

Plaintiffs' opposition to Flushing Bank's motion to dismiss is heavy on case law setting forth the requirements for a RICO claim but fails to establish how Plaintiffs have set forth such a claim against Flushing Bank in the First Amended Complaint. As set forth in the Bank's Memo of Law, Plaintiffs' First Cause of Action alleging a violation of RICO sets forth that a number of individual Defendants and their associated car dealership corporations engaged in wire fraud or assisted in carrying out wire fraud through the use of forged instruments for the purpose of diverting funds for their own benefit, as well as to divest control of the dealerships to Defendants. First Amended Complaint, at ¶¶ 286, 287, 313. The only allegation made against Flushing Bank

7

in the First Cause of Action in the First Amended Complaint is that "Flushing Bank's employees and agents participated in this scheme by permitting Deo to open a bank account for Superb when they knew that he had no authority to do so. Among other things, Flushing Bank was in possession of documentation indicating that Deo had no such authority." First Amended Complaint, at ¶ 315. Again, this is the sole allegation against Flushing Bank in the First Cause of Action.

"To establish a civil RICO claim, a plaintiff must allege '(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity,' as well as 'injury to business or property as a result of the RICO violation.'" *Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (quoting *Anatian v. Coutts Bank Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)). However, Plaintiffs fail to allege facts sufficient to sustain this RICO action against Flushing Bank.

### A.      Plaintiffs Fail to Plead that Flushing Bank was Part of an Enterprise

In Plaintiffs' Memorandum of Law in Opposition to Flushing Bank's Motion to Dismiss and in Support of their Cross-Motion to Amend the Complaint, dated December 11, 2023 ("Plaintiffs' Memo of Law"), Plaintiffs claim they have successfully plead that Flushing Bank was part of an alleged enterprise as required to sustain a RICO claim. Under RICO, to establish an association-in-fact enterprise, Plaintiffs must demonstrate "three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Zamora v. FIT Int'l Group*, 834 Fed. App'x 622, 625 (2d Cir. 2020) (citing *United States v. Boyle*, 556 U.S. 938, 946 (1994)). A plaintiff cannot simply name a "string of entities" and claim they are part of an association-in-fact enterprise. *Nasik Breeding & Research Farm Ltd. V. Merck & Co.*, 165 F.Supp.2d 514, 539 (S.D.N.Y. 2001). Rather, there must be factual allegations asserting that the defendants had an "illicit interpersonal relationship in which they worked together for a common illicit interest." *Abbott Labs v. Adelphia*

8

*Supply USA*, 2017 U.S. Dist. LEXIS 1007, at *15 (E.D.N.Y. Jan. 4, 2017). Moreover, a plaintiff must specifically allege "that members of an association-in-fact enterprise share a wrongful intent to violate RICO." *Moss v. BMO Harris Bank, N.A.*, 258 F. Supp.3d 289, 298 (E.D.N.Y 2017).

There are no such allegations in the First Amended Complaint. Plaintiffs claim that the First Amended Complaint alleges that the "Deo Defendants needed Flushing's assistance in order to carry out their fraudulent schemes against Superb and Urrutia, and through Laurie, Deo was able to form a relationship with Flushing which he used to further the fraudulent schemes." Plaintiffs' Memo of Law, at p. 12. However, what Plaintiffs actually allege in the First Amended Complaint is that "Laurie enabled Defendants by substantially assisting them in opening an account at Flushing Bank, with whom Laurie has a relationship through his business DLA Capital." First Amended Complaint, at ¶ 244. This is not a claim that Flushing Bank shared a "common illicit interest" with any of the other defendants. It is a claim that defendant Michael Laurie had a prior relationship with Flushing Bank and therefore himself assisted in opening an account with Flushing Bank. Despite Plaintiffs' attempt to twist their own words into what they want to say, Plaintiffs do not actually claim that Flushing Bank had an "interpersonal" relationship with any of the Defendants or shared in any intent to violate RICO. Rather, while Plaintiffs' claim is that the Deo Defendants opened accounts at Flushing Bank for the purposes of their own fraudulent activities, there is no claim that Flushing Bank shared any such nefarious intentions, or even had any knowledge of these purported intentions.

Plaintiffs hinge their RICO allegations against Flushing Bank on the claim that "Flushing Bank was in possession of documentation indicating that Deo had no such authority" to open an account in the name of Superb. First Amended Complaint, at ¶ 315. However, this is a conclusory allegation made by Plaintiffs and does not suggest that the Bank played a role in any of the

9

defendants' alleged wrongdoing and is therefore insufficient to sustain a claim of an enterprise-in-fact for the purposes of RICO. *See In re Agape Litig.*, 681 F. Supp. 2d 352, 369 (E.D.N.Y. 2010) ("a plaintiff must show, among other elements, that the defendant has participated in the affairs of the alleged enterprise….[which] [t]he Supreme Court has held that 'to conduct or participate, directly or indirectly, in the conduct' of an enterprise 'one must participate in the operation or management of the enterprise itself.'") (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)).

These unsupported allegations do not sufficiently set forth that Flushing Bank was part of an association-in-fact enterprise for the purposes of a RICO claim. There are no claims that Flushing Bank "participated in the operation or management of the enterprise itself." There is no claim that Flushing Bank shared a "common illicit interest" with the other defendants. Plaintiffs do not even make an attempt to explain why Flushing Bank would participate in the alleged scheme to defraud Plaintiffs. That is, there is no claim that Flushing Bank profited or benefitted in any way from the alleged scheme. *Continental Petroleum Corp. v. Corporation Funding Partners, LLC*, 2012 U.S. Dist. LEXIS 51841, at *16 (S.D.N.Y. Apr. 12, 2012) (dismissing RICO claim and holding that plaintiffs "fail to make any concrete factual assertions as to the mechanics of the interactions among defendants, including facts indicating that the disparate defendants functioned as a unit, or supporting the inference that defendants had a common interest in the success of the so-called enterprise.").

Plaintiffs' reliance on *Boyle v. United States*, 556 U.S. 938, 947 (2009) is misplaced. While in that matter the Supreme Court held that a RICO enterprise need not have a "formal hierarchy," the plaintiffs in *Boyle* produced evidence that the informal group acted in concert for nine years, met before each of their criminal acts, and assigned roles within the group.

As stated above, Plaintiffs in the instant matter have not alleged that the Bank had a common illicit interest with the other defendants nor that the Bank participated in the operation of a RICO enterprise. This Court's holding in *Greenberg v. Blake*, 2010 U.S. Dist. LEXIS 57617, at *21 (E.D.N.Y. June 8, 2010), which Plaintiffs cited to in their Memo of Law, is instructive. In that matter, this Court specifically distinguished *Boyle* and held that a RICO claim could not be sustained when the plaintiff failed to allege facts that supported the plaintiff's claim that the defendants worked together, such as plotting together or sharing in profits, in furtherance of a RICO enterprise. So too is the case here.

Finally, in their Memo of Law, Plaintiffs include factual allegations that they inexplicably omitted from the initial Complaint and the First Amended Complaint, but now seek to interpose in a Proposed Second Amended Complaint. These unsubstantiated allegations include a claim that Urrutia met with David Weinstein, a Vice President and branch manager at Flushing Bank's Borough Park branch and provided him with documentation to open an account, while "at around the same time" Deo met with Robert Puccio, a Vice President of Flushing Bank in the Business Banking Group located in Manhattan and sought to open an account. Proposed Second Amended Complaint, at ¶¶ 212-215. Plaintiffs also claim that "Weinstein asked Urrutia whether [he] wanted to share his personal tax returns with Puccio, and . . . asked Urrutia for the name of Urrutia's partner at Superb" and that Deo, after meeting with Puccio, stated "this guy and the Credit writer are in my pocket," suggesting that he could open up an account for Superb with Flushing Bank. Proposed Second Amended Complaint, at ¶¶ 217-219. These are nothing but unsupported statements for which Plaintiffs ask the Court to infer a RICO claim based upon speculation and surmise. Nothing that Plaintiffs allege establishes that Flushing Bank shared a "common illicit interest" with any of the Defendants. *Am. Transit Ins. Co. v. Bilyk*, 19-cv-5171, 2020 U.S. Dist.

LEXIS 234040, at * 15 (E.D.N.Y. Dec. 12, 2020) (dismissing RICO claim because the plaintiff's allegations supporting an enterprise were based "too much on speculation").

Despite Plaintiffs' claim that they have set forth allegations sufficient to sustain a RICO claim against the Bank, Plaintiffs have failed—even in their Proposed Second Amended Complaint—to adequately plead a RICO claim. Plaintiffs' claims that Flushing Bank was involved in an "enterprise" are nothing but conclusory statements that fail to demonstrate that the Bank shared in a common interest with any other defendant or participated in the "operation or management" of any alleged scheme.

### B.   Plaintiffs Do Not Sufficiently Allege Wrongdoing on Behalf of Flushing Bank

In order to plead a RICO claim, plaintiffs must plead a pattern of racketeering activity. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119; *see also* 18 U.S.C. § 1962(c). "The pattern of racketeering activity must consist of two or more predicate acts of racketeering." *Id.* (citing 18 U.S.C. 1961(5)). Racketeering activity is "any act which is indictable," and includes wire fraud. 18 U.S.C. 1961(1)(B). In order to plead wire fraud as a predicate for a RICO claim, a plaintiff must assert: "(1) the existence of a scheme to defraud, (2) the defendant's knowing or intentional participation in the scheme, (3) the use of interstate mails or transmission facilities in furtherance of the scheme." *Mondelus v. August West Dev., LLC*, 19-cv-4832 (LDH) (LB), 2022 U.S. Dist. LEXIS 10734, at * 16 (E.D.N.Y. Jan. 20, 2022) (quoting *Simmons v. Nationstar Mortg.*, No. 20-cv-1066, 2021 U.S. Dist. LEXIS 47566, at *4 (E.D.N.Y. Mar. 12, 2021)). Allegations of wire fraud must be made with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, "which requires that the complaint allege content, date, place, or intent of any alleged misrepresentation." *Id.* (quoting *Entretelas Americanas S.A. v. Soler*, 840 F. App'x 601, 603 (2d Cir. 2020)). While the communications themselves may not have contained false or misleading

information "'a detailed description of the underlying scheme and the connection therewith of the mail and/or wire communications' is required to satisfy 9(b)." *Id.* at \*17-18 (quoting *Calabrese v. CSC Holdings, Inc.*, 283 F. Supp. 2d 797, 808 (E.D.N.Y. 2008)).

In their Memo of Law, Plaintiffs claim they have met their burden of pleading wire fraud by setting forth "allegations of how the Deo Defendants orchestrated their scheme by utilizing Flushing's principals who were in Deo's 'pocket' to establish a bank account in which they could improperly deposit Superb's monies." Plaintiffs' Memo of Law, at p. 14. Plaintiffs claim that the Deo Defendants used those accounts to "transfer those funds out to themselves" and that Flushing Bank "knew and assisted in this scheme by opening the bank account for Superb despite their knowledge that Deo was not its 100% owner and not authorized to open a bank account for Superb, establishing knowledge." *Id.* Plaintiffs also state that "Flushing, together with the Deo Defendants used interstate transmission facilities in furtherance of the scheme by processing the wires as evidenced in the bank statements, establishing that money is coming in and leaving the bank account in a manner that is not consistent with operating a business." *Id.*

As an initial matter, the allegations that officers of Flushing Bank were supposedly in the "pocket" of Deo is made in the Proposed Second Amended Complaint, which is not true, and were not asserted until Flushing Bank filed this motion pointing out the weaknesses of Plaintiffs' claims. Regardless, these claims fail to assert the necessary elements of a claim of wire fraud. These allegations are conclusory, colloquial and rely on inference and insinuation. They are, in short, the antithesis of well-plead.

The First Amended Complaint contains no specificity whatsoever as to Plaintiffs' claims. Rather, Plaintiffs allege simply that "the fraudulent transfers at issue were not authorized" and that "Deo and the remaining Defendants lacked apparent authority to enter into the fraudulent transfers

because Flushing Bank knew, or should have known" that Deo had no membership interests in Superb, Northshore, or Sunrise, without any explanation as to how Flushing Bank would have had such knowledge. First Amended Complaint, at ¶¶ 440-442. Plaintiffs also assert that wires deposited into accounts at Flushing Bank into an account opened by Deo for Superb were unauthorized without explanation or elaboration. First Amended Complaint, at ¶¶ 620, 632. In a weak attempt to meet the "interstate mails or transmission facilities" pleading requirement, Plaintiffs state that "the Deo Defendants caused delivery of various documents and things by the U.S. mails" and "Defendants . . . transmitted or caused to be transmitted by means of wire communications in interstate commerce various writings, signs, and signals." First Amended Complaint, at ¶¶ 304-305. These allegations are completely devoid of the pleading requirements required by Rule 9(b). There is no specificity as to Plaintiffs' claims of wire fraud, but rather Plaintiffs assert a list of conclusory allegations which warrant dismissal. *See Mondelus*, 19-cv-4832 (LDH) (LB), 2022 U.S. Dist. LEXIS 10734, at * 20 (dismissing a RICO claim for lack of specificity regarding wire fraud where plaintiffs alleged "that several 'wire and mail communications' were used in furtherance of Defendants' scheme to defraud Plaintiff" because "these allegations fail to specify what purposes any of these writings and/or mailings served within the Defendants' alleged scheme—let alone with particularity.")

The Proposed Second Amended Complaint does not add anything additional regarding these wire transfers and, thus, granting Plaintiffs leave to file this Proposed Second Amended Complaint would do nothing to remedy the weaknesses of their allegations.

Additionally, "'[t]o sustain an civil RICO claim, a plaintiff must plausibly allege, among other things, predicate acts that 'amount to or pose a threat of continued criminal activity.'" *AmBase Corp. v. 111 West 57th Sponsor LLC*, 785 Fed. App'x 886, 887 (2d Cir. 2019) (quoting

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). "'Such continuity can be close-ended or open-ended." *Id.* (quoting *Reich v. Lopez*, 858 F.3d 55, 60 (2d Cir. 2017)). "Close-ended continuity refers to criminal activity that stretches over a substantial period of time, generally at least two years, regardless of whether it will continue into the future. . . . Open-ended continuity, on the other hand, refers to criminal activity 'that by its nature projects into the future with a threat of repetition." *Id.* (quoting *Reich v. Lopez*, 858 F.3d 55, 60 (2d Cir. 2017) (internal citations omitted). There are no allegations in the First Amended Complaint or the Proposed Second Amended Complaint suggesting "continued criminal activity," further rendering Plaintiffs' claims subject to dismissal.

## POINT II

## PLAINTIFFS' RICO CONSPIRACY CLAIM MUST BE DISMISSED

A claim for conspiracy under RICO cannot be sustained unless a plaintiff is able to prove "the existence of an agreement to violate RICO's substantive provisions." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999). Additionally, when a plaintiff relies on the same factual predicate to plead both a substantive RICO violation and a conspiracy claim, the failure to state a substantive RICO claim is fatal to a conspiracy claim under 18 U.S.C. § 1962(d). *Black v. Ganieva*, 619 (S.D.N.Y. 2022); *see also Discon, Inc. v. NYNEX Corp.*, 9 F.3d 1055, 1064 (2d Cir. 1996) ("Any claim under § 1962(d) based on conspiracy to violate other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient), *vacated on other grounds*, 525 U.S. 128 (1998); *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 363 (S.D.N.Y. 2014) (dismissing conspiracy claims under RICO because the complaint failed to state a substantive claim under RICO).

15

Plaintiffs' Memo of Law makes clear that their substantive RICO claims and their conspiracy claims are based on the same baseless and conclusory factual allegations, specifically, the claim that "Flushing knew that Deo was not the 100% owner of Superb and had no authority to open a bank account for Superb, and nonetheless assisted Deo in opening an account for Superb." Plaintiffs' Memo of Law, at p. 15. As set forth above, Plaintiffs have failed to plead a substantive RICO claim in the First Amended Complaint, and the Proposed Second Amended Complaint does nothing to save such claims from dismissal.  Accordingly, Plaintiffs' cause of action for conspiracy under RICO must also be dismissed.

## POINT III

### THIS COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE AND COMMON LAW CLAIMS

Plaintiffs allege several state and common law claims against Flushing Bank; the Fourteenth Cause of Action (Violations of Article 4-A of the UCC), the Fifteenth Cause of Action (Negligence – against Flushing Bank), the Forty-Sixth Cause of Action (Violation of New York Uniform Commercial Code § 3-419), the Forty-Seventh Cause of Action (Conversion), the Forty-Eighth Cause of Action (Negligence), and the Forty-Ninth Cause of Action (Unauthorized Payments).  These claims are only before the Court under the doctrine of supplemental jurisdiction.

Plaintiffs argue that the Court should exercise supplemental jurisdiction in this matter because there are multiple defendants and there may be a risk of "inconsistent decisions" if all the claims are not kept before this Court. Here, the concern over "inconsistent decisions" is misplaced. As fully discussed above, Plaintiffs do not set forth valid claims under RICO and do not adequately plead that Flushing Bank was part of any enterprise for carrying out the scheme alleged by Defendants. Thus, the claims against Flushing Bank can be heard independent from the claims against other Defendants. There are no "exceptional circumstances" here which would warrant the

16

Court exercise supplemental jurisdiction over these state law and common law claims. *See Eaves v. Levitt-Fuirst Assocs., Ltd.*, No.22CV5525-JMA-SIL, 2023 WL 3434987, at *4 (E.D.N.Y. May 12, 2023) ("[T]he Second Circuit instructs that 'absent exceptional circumstances,' where federal claims have been disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should abstain from exercising pendent jurisdiction.") (internal citations omitted). Moreover, several other defendants, including JPMorgan Chase Bank, N.A., have moved to dismiss Plaintiffs' claims for similar grounds as Flushing Bank. Accordingly, since Plaintiffs' have failed to assert RICO claims against many of the defendants and such claims are subject to dismissal, there is little risk of "inconsistent decisions" on the state law or common law claims.

## POINT IV

## PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND THEIR COMPLAINT A SECOND TIME

While Federal Rule of Civil Procedure 15(a)(2) requires leave to amend be freely given "when justice so requires," the Court need not grant leave to amend if an amendment would be futile. *Xiang Li v. Morrisville State Coll.*, 434 Fed. App'x 34, 35 (2d Cir. 2011). As stated in detail above, Plaintiffs' proposed amendments are nothing not conclusory statements based on conjecture and surmise, and they do not cure the defects in Plaintiffs' allegations and do not save them from dismissal. Thus, another amendment of the Complaint should be denied. *See Rukoro v. F.R.G.*, 976 F.3d at 227-28; *Williams v. Dempsey*, 2023 U.S. Dist. LEXIS 163732, *24 (a court is "not obligated to grant [pro se plaintiff] leave to amend a second time after [his] first amended complaint failed to cure the defects that the court identified in its order to amend.") (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## <u>CONCLUSION</u>

For all the aforementioned reasons, Plaintiffs' RICO claims should be dismissed against

Flushing Bank, the Court should not exercise supplemental jurisdiction over Plaintiffs' state and

common law claims, and Plaintiffs' motion for leave to amend the Complaint should be denied.

Dated: March 11, 2024
      Uniondale, New York

                        CULLEN AND DYKMAN LLP

                By:    /s/ Ariel E. Ronneburger
                        Ariel E. Ronneburger
                        Thomas S. Baylis
                        Ryan M. Soebke
                        *Attorneys for Defendant Flushing Bank*
                        333 Earle Ovington Boulevard, 2nd Floor
                        Uniondale, New York 11553
                        (516) 357-3700
                        aronneburger@cullenllp.com
                        tbaylis@cullenllp.com
                        rsoebke@cullenllp.com