# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT
ANTHONY URRUTIA, 189 SUNRISE HWY AUTO  LLC,
NORTHSHORE  MOTOR LEASING, LLC, BRIAN CHABRIER,                    Case No.:
individually and derivatively as a member of NORTHSHORE            2:23-cv-6188 (JMW)
MOTOR LEASING, LLC, JOSHUA AARONSON, individually
and derivatively as a member of 189 SUNRISE HWY AUTO, LLC,
JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN
BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN
BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN
BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE
23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                              Plaintiffs,

        - against -

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT
BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE,
THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST
CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE
LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC,
GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS
OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN
LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS
INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK,
LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                              Defendants.
------------------------------------------------------------------------------------X


**<u>FLUSHING BANK'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS</u>**




333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
(516) 357-3700

## <u>TABLE OF CONTENTS</u>

Page(s)

PRELIMINARY STATEMENT.................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT .......................................................................................................................... 3

LEGAL STANDARD ............................................................................................................. 3

FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B)(1) ............................................. 3

FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B)(6) ............................................. 4

POINT I

PLAINTIFFS' FIRST CAUSE OF ACTION FOR A VIOLATION OF RICO MUST BE
DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM .............. 6

POINT II

PLAINTIFFS' CAUSE OF ACTION FOR CONSPIRACY UNDER 18 U.S.C. § 1962(d) MUST
BE DISMISSED PURSUANT TO RULE 12(B)(6) AS TO FLUSHING BANK ...................... 11

POINT III

BECAUSE PLAINTIFFS' RICO CLAIMS MUST BE DISMISSED PURSUANT TO RULE
12(B)(1), THE COURT NO LONGER HAS JURISDICTION OVER PLAINTIFFS' STATE
AND COMMON LAW CLAIMS.............................................................................................. 13

CONCLUSION....................................................................................................................... 15

i

**<u>TABLE OF AUTHORITIES</u>**

Page(s)

<u>Cases</u>

*Acito v. IMCERA Group, Inc.*,
   47 F.3d 47 (2d Cir. 1990) ................................................................................. 10

*Amityville Mobile Home Civic Ass'n v. Town of Babylon*,
   No. 14-CV-2369, 2015 WL 1412655 (E.D.N.Y.  Mar. 26, 2015) ........................... 3

*Anatian v. Coutts Bank Ltd.*,
   193 F.3d 85 (2d Cir. 1999) ................................................................................. 7

*Bell Atl. Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) ...................................................................................... 5

*Black v. Ganieva*,
   619 F.Supp.3d 309 (S.D.N.Y. 2022) ................................................................. 11

*Brownback v. King*,
   141 S. Ct. 740 (2021) ........................................................................................ 4

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
   69 F.Supp.3d 342 (S.D.N.Y. 2014) ................................................................... 11

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343 (1988) ......................................................................................... 14

*City of Chicago v. Int'l Coll. of Surgeons*,
   522 U.S. 156 (1997) ......................................................................................... 13

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*,
   187 F.3d 229 (2d Cir. 1999) ............................................................................. 11

*Crux v. FXDirectDealer, LLC*,
   720 F.3d 115 (2d Cir. 2013) ........................................................................... 8, 9

*Discon, Inc. v. NYNEX Corp.*,
   9 F.3d 1055 (2d Cir. 1996) ............................................................................... 11

*DLJ Mortg. Capital*,
   726 F.Supp.2d 225 (E.D.N.Y. 2010) ................................................................... 7

ii

*Eaves v. Levitt-Fuirst Assocs., Ltd.*,
   No. 22CV5525-JMA-SIL, 2023 WL 3434987  (E.D.N.Y. May 12, 2023) .............................. 14

*Eternity Glob. Master Fund Ltd. V. Morgan Guar. Tr. Co. of N.Y.*,
   375 F.3d 168 (2d Cir. 2004) ................................................................................... 6

*Figueroa Ruiz v. Alegria*,
   896 F.2d 645 (1st Cir. 1990) ................................................................................... 7

*Flexborrow LLC v. TD Auto Fin. LLC*,
   255 F. Supp. 3d 406 (E.D.N.Y. 2017) ................................................................... 7

*Francis v. Fed. Nat'l Mortg. Ass'n*,
   No. 20-CV-5863 (EK)(MMH), 2023 WL 2707098 (E.D.N.Y. Mar. 30, 2023) ........................ 6

*Genesis Healthcare Corp. v. Symczyk*,
   569 U.S. 66, 133 S. Ct. 1523 (2013) ..................................................................... 4

*Gross v. Waywell*,
   628 F.Supp.2d 475 (S.D.N.Y. 2009) ..................................................................... 7

*IKB Int'l S.A. v. Bank of Am. Corp.*,
   584 F. App'x 26 (2d Cir. 2014) .............................................................................. 6

*In re Agape Litig.*,
   681 F.Supp.2d 352 (E.D.N.Y. 2010) ..................................................................... 9

*Inspired Capital, LLC v. Conde Nast*,
   803 F. App'x 436 (2d Cir. 2020) ........................................................................... 6

*Kades v. Organic Inc.*,
   No. 00Civ.3671LTSRLE, 2003 WL 470331 (S.D.N.Y. Feb. 24, 2003) ................................ 14

*Kolari v. New York-Presbyterian Hosp.*,
   455 F.3d 118 (2d Cir. 2006) ................................................................................. 13

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
   711 F.3d 106 (2d Cir. 2013) ............................................................................. 7, 14

*Maine v. PaineWebber, Inc.*,
   189 F.3d 165 (2d Cir. 1999) ................................................................................. 10

*Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*,
   85 F.Supp.2d 282 (S.D.N.Y. 2000) ....................................................................... 11

*Pearl River Union Free Sch. Dist.*,
    56 F. Supp. 3d 330 (S.D.N.Y. 2014) ........................................................ 4

*Sazerac Co., Inc. v. Falk*,
    861 F.Supp.2d 253 (S.D.N.Y. 1994) ........................................................ 10

*Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*,
    17 F.Supp.3d 207 (E.D.N.Y. 2014) .......................................................... 8

*Town Conservative Comm. v Walsh*,
    258 F.Supp.3d 277 (E.D.N.Y. 2017) ........................................................ 10

*U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*,
    152 F. Supp. 2d 443 (S.D.N.Y. 2001) ...................................................... 4

*United States v. Boyle*,
    556 U.S. 938 (1994) ................................................................................. 8

*Zamora v. FIT Int'l Group Corp.*,
    834 Fed. App'x 622 (2d Cir. 2020) ........................................................... 8


Statutes

18 U.S.C. § 1961 ..................................................................................................... 7
18 U.S.C. §1962 ............................................................................................ *passim*
28 U.S.C. §1367 ........................................................................................... 1, 13, 14
New York Uniform Commercial Code § 3-419 .................................................. 13


Rules

Fed. R. Civ. P. 6 ................................................................................................... 1, 4
Fed. R. Civ. P. 8 ...................................................................................................... 5
Fed. R. Civ. P. 9 ................................................................................................. 6, 10
Fed. R. Civ. P. 12 .......................................................................................... 3, 4, 5, 6

iv

## PRELIMINARY STATEMENT

Defendant Flushing Bank ("Flushing Bank" or "the Bank"), by its attorneys Cullen and Dykman LLP, respectfully submits this memorandum of law in support of its motion to dismiss the First Amended Complaint dated October 13, 2023 (the "Amended Complaint") of Plaintiffs[1] (collectively "Plaintiffs"), pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

Plaintiffs' Amended Complaint contains 52 causes of action, eight of which are alleged against Flushing Bank. Of those eight, only two provide the alleged basis for this Court's jurisdiction over Plaintiffs' claims against Flushing Bank: the First (Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1962) and the Second (Conspiracy Under 18 U.S.C. §1962(d)). The remaining six are state law claims brought pursuant to this Court's supplemental jurisdiction authority found in 28 U.S.C. §1367. However, for the reasons set forth in detail below, Plaintiffs' Amended Complaint fails to state a claim against Flushing Bank under either the First or Second Causes of Action, and thus the RICO claims brought against Flushing Bank must be dismissed. As such, there is no basis for federal jurisdiction over Flushing Bank and the Amended Complaint should be dismissed in its entirety and with prejudice as against Flushing Bank.

---

[1] The plaintiffs in this case, as set forth in Plaintiffs' First Amended Complaint are as follows: Superb Motors Inc., Team Auto Sales LLC, Robert Anthony Urrutia, 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, Brian Chabrier, *individually and derivatively as a member of* Northshore Motor Leasing, LLC, Joshua Aaronson, *individually and derivatively as a member of* 189 Sunrise Hwy Auto, LLC, Jory Baron, 1581 Hyland Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC and Island Auto Management, LLC (collectively "Plaintiffs").

**STATEMENT OF FACTS**

Plaintiffs filed their Complaint on August 17, 2023. Flushing Bank was served on September 18, 2023. ECF Docket No. 49. At that time, Plaintiffs alleged only RICO claims and state and common law claims against the Bank. ECF Docket No. 1. Flushing Bank filed its first letter for a pre-motion conference on September 26, 2023. ECF Docket No. 51. In this letter, Flushing Bank set forth its intention to move to dismiss the Complaint on the basis that Plaintiffs failed to allege RICO claims against Flushing Bank, and that Plaintiffs' state and common law claims failed to establish any wrongdoing on behalf of the Bank. ECF Docket No. 52.

Plaintiffs opposed Flushing Bank's request for a pre-motion conference, indicating their intention to file an amended complaint. ECF Docket No. 61. On October 11, 2023, the Court denied Flushing Bank's request for a pre-motion conference in light of Plaintiffs' anticipated filing of an amended complaint. The Amended Complaint was filed on October 13, 2023. *See* Amended Complaint, attached as Exhibit A to the Declaration of Ariel E. Ronneburger, dated November 13, 2023 (the "Ronneburger Dec."). As set forth below, Plaintiff's Amended Complaint fails to correct the deficiencies of the original Complaint and it should be dismissed in its entirety as against Flushing Bank.

In the Amended Complaint, Plaintiffs allege that numerous car dealership defendants and individual defendants associated with those car dealerships committed a series of civil and criminal wrongs, including conversion, theft of trade secrets, theft of vehicles and money and, in essence, tried to steal Plaintiffs' businesses away from Plaintiffs.

As set forth above, Plaintiffs' Amended Complaint contains a total of 52 causes of action, and only eight of those are alleged against Flushing Bank, and only two provide the alleged basis

for this Court's jurisdiction over Plaintiffs' claims against Flushing Bank: The First (Violation of RICO, 18 U.S.C. §1962) and the Second (Conspiracy Under 18 U.S.C. § 1962(d)).

In the "Facts" section of the Amended Complaint, which runs from ¶ 48 through ¶ 280, Flushing Bank is only mentioned three times: in ¶¶ 209 and 210 in which Plaintiffs allege that Anthony Deo misrepresented to Flushing Bank that he was the sole owner of Superb, and in ¶ 214, in which it is alleged that Deo deposited funds into an unauthorized Flushing Bank Account and then transferred those funds into his own accounts. The Bank is mentioned in one paragraph in the First Cause of Action when, in ¶ 315, Plaintiffs make the conclusory assertion that unnamed Flushing Bank employees and agents permitted Deo to open an account for Superb when they knew that Deo had no authority to do so. The Bank is not mentioned at all in the Second Cause of Action.

In their 14th, 15th, 46th, 47th, 48th, and 49th Causes of Action, Plaintiffs allege state and common law claims against the Bank for alleged violations of the New York U.C.C., conversion, and negligence. Plaintiffs acknowledge that those claims are before this Court solely under the doctrine of supplemental jurisdiction. Amended Complaint, at ¶ 46. Thus, in the absence of the First and Second Causes of Action, Plaintiffs admit this Court has no jurisdiction over Plaintiffs' state and common law claims against the Bank.

## ARGUMENT

## LEGAL STANDARD

## FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B)(1)

"Pursuant to Article III, Section 2 of the United States Constitution, 'the jurisdiction of the federal courts is limited to 'Cases' and 'Controversies' which 'restricts the authority of the federal courts to resolving the legal rights of litigants in actual controversies.'" *Amityville Mobile Home*

*Civic Ass'n v. Town of Babylon*, No. 14-CV-2369, 2015 WL 1412655, at * 2 (E.D.N.Y.  Mar. 26, 2015) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 133 S. Ct. 1523, 1528 (2013)). In the absence of such a case or controversy, a party may move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss a case for lack of subject matter jurisdiction. *Id.*; *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.").

In deciding such a motion, "a court must accept as true all material factual allegations in the complaint and refrain from drawing inferences in favor of the party contesting jurisdiction." *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 449 (S.D.N.Y. 2001). "Where subject matter jurisdiction is challenged, . . . a court may consider materials outside the pleadings, such as affidavits, documents and testimony." *Id.* Finally, the party advocating jurisdiction—here, Plaintiff—has the burden of establishing its existence by a preponderance of the evidence. *Pearl River Union Free Sch. Dist.*, 56 F. Supp. 3d 330, 351 (S.D.N.Y. 2014).

When a defendant seeks dismissal of a claim on the basis that the court should not exercise supplemental jurisdiction over state and common law causes of action, dismissal should be sought pursuant to Rule 12(b)(1). *See Brownback v. King*, 141 S. Ct. 740, 749 n. 8 (2021) (where "the court might-lack subject matter jurisdiction for non-merits reasons, it must dismiss the case just under Rule 12(b)(1)."

### FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B)(6)

In *Ashcroft v. Iqbal*, the Supreme Court explained that "to survive a motion to dismiss, a complaint must contain sufficient factual matter… to 'state a claim to relief that is plausible on its

face.'"129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007)). The plausibility standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id*. To adequately state a claim, a party's factual allegations must raise a right to relief above the speculative level. *See id.* (citing *Twombly*, 127 S. Ct. at 1955). Although a plaintiff is not required to make detailed factual allegations, a complaint must show more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

*Iqbal* set forth a two-pronged approach to analyze whether a complaint satisfies the pleading requirement of Federal Rule of Civil Procedure Rule 8. Rule 8 provides that "a pleading which sets forth a claim for relief, whether an original claim, counterclaim, or cross-claim, or third-party claim" shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for relief which the pleader seeks." In *Iqbal*, the Supreme Court determined that, to assess whether a pleading met the Rule 8 requirements, the court must "identify[] the allegations in the complaint that are not entitled to the assumption of truth." Broadly stated, well-plead allegations of fact are accepted as true in deciding a motion to dismiss while legal conclusions are not accorded the same deference, though sometimes it may be difficult to distinguish between the two.

The Court in *Iqbal* found that to allege a cause of action, a plaintiff must plead facts that "plausibly suggest an entitlement to relief."  In this context, "plausibility" requires more than the "mere possibility of misconduct." If, for example, plaintiffs' allegations are "not only compatible with, but indeed … more likely explained by lawful … behavior," then the pleading will be dismissed.

It is not surprising that the number of motions to dismiss pursuant to Rule 12(b)(6) increased after *Iqbal*.  Still, courts are reluctant to grant motions which "deny the plaintiff its day

in court" unless it is clear the complaint lacks merit.  Where, however, the complaint alleges fraud, greater particularity is required.  As to the fraud claims, "Rule 9(b) imposes a heightened pleading standard for fraud allegations, which must be 'pled with particularity.' *Inspired Capital, LLC v. Conde Nast*, 803 F. App'x 436, 440 (2d Cir. 2020); see Fed. R. Civ. P. 9(b). A plaintiff must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *IKB Int'l S.A. v. Bank of Am. Corp.*, 584 F. App'x 26, 27 (2d Cir. 2014) (*citing Eternity Glob. Master Fund Ltd. V. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004))."  *Francis v. Fed. Nat'l Mortg. Ass'n*, No. 20-CV-5863 (EK)(MMH), 2023 WL 2707098, at *9 (E.D.N.Y. Mar. 30, 2023).

## POINT I

### PLAINTIFFS' FIRST CAUSE OF ACTION FOR A VIOLATION OF RICO MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

In their First Cause of Action, Plaintiffs allege that a number of the individual Defendants and their associated car dealership corporations engaged in wire fraud or assisted in carrying out wire fraud through the use of forged instruments for the purpose of diverting funds to their own benefit and to defraud Plaintiffs and divest control of the dealerships to Defendants. Amended Complaint, at ¶¶ 286, 287, 313. The only allegation made against Flushing Bank in Plaintiffs' First Cause of Action is that "Flushing Bank's employees and agents participated in this scheme by permitting Deo to open a bank account for Superb when they knew that he had no authority to do so. Among other things, Flushing Bank was in possession of documentation indicating that Deo had no such authority." Amended Complaint, at ¶ 315. There are no other allegations set forth against Flushing Bank in the First Cause of Action.

Because they carry the possibility of treble damages and also can taint a defendant unfairly, courts carefully analyze civil RICO claims. As the court noted in *Flexborrow LLC v. TD Auto Fin. LLC*, 255 F. Supp. 3d 406, 414–15 (E.D.N.Y. 2017):

> Because the 'mere assertion of a RICO claim ... has an almost inevitable stigmatizing effect on those named as defendants, ... courts should strive to flush out frivolous RICO allegations at an early stage of the litigation.' " Id. (quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990)); see also DLJ Mortg. Capital, 726 F.Supp.2d at 236. Indeed, although civil RICO may be a "potent weapon," plaintiffs wielding RICO almost always miss the mark. See Gross v. Waywell, 628 F.Supp.2d 475, 479–83 (S.D.N.Y. 2009) (conducting survey of 145 civil RICO cases filed in the Southern District of New York from 2004 through 2007, and finding that all thirty-six cases resolved on the merits resulted in judgments against the plaintiffs, mostly at the motion to dismiss stage). Accordingly, courts have expressed skepticism toward civil RICO claims. See, e.g., DLJ Mortg. Capital, 726 F.Supp.2d at 236 ("[P]laintiffs have often been overzealous in pursuing RICO claims, flooding federal courts by dressing up run-of-the-mill fraud claims as RICO violations.").

In addition, the elements of a civil RICO claim are quite specific. "To establish a civil RICO claim [under 18 U.S.C. § 1962(c)], a plaintiff must allege '(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity,' as well as 'injury to business or property as a result of the RICO violation.'" *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (quoting *Anatian v. Coutts Bank Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)). "The pattern of racketeering activity must consist of two or more predicate acts of racketeering." *Id.* (citing 18 U.S.C. § 1961(5)). Racketeering activity is defined as "any act which is indictable" under specified provisions of Title 18, including mail fraud, wire fraud, extortion, and bank fraud. 18 U.S.C. § 1961(1)(B). A RICO claim thus contains three principal elements: "(1) a violation of 18 U.S.C. § 1962; (2) injury to plaintiff's business or property; and (3) causation of the injury by

the violation." *Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.,* 17 F.Supp.3d 207, 222 (E.D.N.Y. 2014).

In *Zamora v. FIT Int'l Group Corp.*, 834 Fed. App'x 622, 625 (2d Cir. 2020), the Second Circuit upheld the dismissal of the plaintiff's RICO claims against JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. ("Chase") because the plaintiffs "failed to allege plausibly" that Chase was part of an association-in-fact enterprise with the other defendants. The court noted that an association-in-fact enterprise is "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id.* (quoting *United States v. Boyle*, 556 U.S. 938, 945 (1994)). An enterprise "must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id.* (citing *United States v. Boyle*, 556 U.S. at 946). "As to the purpose requirement, a plaintiff must demonstrate that the members of the association 'share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes.'" *Id.* (quoting *Crux v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013)).

The Second Circuit held that the *Zamora* plaintiffs' allegations fell "far short" of permitting a plausible inference that Chase shared in the alleged association-in-fact enterprise's common purpose. The plaintiff simply stated in the complaint that Chase "shared in the alleged RICO enterprise's common purpose to defraud investors and convert funds and property for personal gain" and the court considered this a "naked assertion devoid of further factual enhancement." *Id.* at 625. That is, "at best, the allegations in the [Complaint] plausibly suggest that [Chase] entered into a 'routine contractual combination for the provision of financial services'…insufficient on its own to permit a reasonable inference that [Chase] shared in [defendants'] illicit purpose." *Id.*

8

Moreover, the allegations failed to suggest why Chase would share in the goal of defrauding its investors. *Id.*

In the instant matter, Plaintiffs fail in their First Cause of Action to allege any facts against Flushing Bank that suggest the Bank played a role in any of the other defendants' wrongdoing. Read generously, Plaintiffs' Amended Complaint alleges that the Bank failed to prevent the Deo Defendants[2] from taking their alleged wrongful actions. That, however, cannot be the basis of RICO liability against the Bank because Plaintiffs have failed to allege any facts that Flushing Bank directed or operated the scheme. *See In re Agape Litig.*, 681 F.Supp.2d 352 (E.D.N.Y. 2010) (the court dismissed RICO claims against Bank of America finding plaintiff's allegations that the Bank had actual knowledge of a scheme to defraud plaintiff and that the bank's alleged failure to stop the scheme was insufficient as a matter of law to support a RICO claim in the absence of allegations that Bank of America directed or operated the scheme or conspired to do so). The allegation that Flushing Bank permitted the Deo Defendants to open a bank account when it had no authority to do so is, as in *Zamora*, a "naked allegation." Plaintiffs offer no additional support for this statement. Further, Plaintiffs fail to offer any explanation as to why Flushing Bank would have any intent to defraud Plaintiffs or have any interest in the relevant car dealerships. Plaintiffs' RICO claim, as set forth against Flushing Bank, is completely devoid of anything but one conclusory, unsubstantiated claim that does not even actually allege that Flushing Bank was part of any "scheme." This is fatal to Plaintiffs' RICO claim against Flushing Bank.

---

[2] "Deo Defendants" is defined by Plaintiffs as "Anthony Deo, Sarah Deo, Henry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp. *See* Amended Complaint, p. 2.

Moreover, Plaintiffs' lack of specificity as to any wrongdoing by Flushing Bank provides independent grounds for dismissing the Amended Complaint. As the court held in *Brooklyn Town Conservative Comm. v Walsh*, 258 F.Supp.3d 277, 285-86 (E.D.N.Y. 2017). "When alleging fraudulent activities as predicate acts for a RICO claim, a plaintiff must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b)." *Maine v. PaineWebber, Inc.*, 189 F.3d 165, 172-73 (2d Cir. 1999).

Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "'Allegations which fail to specify the time, place, speaker and sometimes even the content of the alleged misrepresentations,' lack the particulars required by Rule 9(b)." *Mills v. Everest Reinsurance Co.*, 410 Supp.2d 243, 248 (S.D.N.Y. 2006) (quoting *Sazerac Co., Inc. v. Falk*, 861 F.Supp.2d 253, 260 (S.D.N.Y. 1994)). Additionally, "in the case of fraud, plaintiffs also must allege facts that give rise to a strong inference of fraudulent intent." *Id.* (citing *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1990)).

Here, Plaintiffs do not allege any specifics of their claim that Flushing Bank worked with other defendants to defraud Plaintiffs and, as set forth above, like the plaintiffs in *Zamora*, no attempt is made to explain why Flushing Bank would aid the Deo Defendants with allegedly diverting funds from Plaintiffs and gaining control of Plaintiffs' car dealerships.

For all of these reasons, Plaintiffs have failed to set forth a RICO claim against Flushing Bank pursuant to 18 U.S.C. § 1962(c) and thus the First Cause of Action must be dismissed as to the Bank.

10

## POINT II

### PLAINTIFFS' CAUSE OF ACTION FOR CONSPIRACY UNDER 18 U.S.C. § 1962(d) MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) AS TO FLUSHING BANK

Plaintiffs' Second Cause of Action alleges conspiracy under 18 U.S.C. § 1962(d) and is asserted against all defendants. Specifically, Plaintiffs claim that the Defendants conspired together to defraud the Plaintiffs and "shared a common purpose, namely, the orchestration, planning, preparation, and execution of the schemes to steal monies and assets of the dealerships, as well as to obtain operational control of the dealerships." Amended Complaint, at ¶ 335. There are no specific allegations made against Flushing Bank. *Id.* at ¶ 46.

To establish the existence of a RICO conspiracy, a plaintiff must prove "the existence of an agreement to violate RICO's substantive provisions." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999). Moreover, under 18 U.S.C. § 1962(d), a plaintiff must plead, as to each alleged co-conspirator: "(1) an agreement to join the conspiracy; (2) the acts of each co-conspirator in furtherance of the conspiracy; (3) that the co-conspirator knowingly participated in the same. *Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F.Supp.2d 282, 303 (S.D.N.Y. 2000). Moreover, when a plaintiff relies on the same factual predicate to plead both a substantive RICO violation and a conspiracy claim, the failure to state a substantive RICO claim is fatal to a conspiracy claim under 18 U.S.C. § 1962(d). *Black v. Ganieva*, 619 F.Supp.3d 309, 349 (S.D.N.Y. 2022); *see also Discon, Inc. v. NYNEX Corp.*, 9 F.3d 1055, 1064 (2d Cir. 1996) ("Any claim under § 1962(d) based on conspiracy to violate other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient.), *vacated on other grounds*, 525 U.S. 128 (1998); *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F.Supp.3d 342, 363 (S.D.N.Y. 2014) (dismissing conspiracy claims under RICO because the complaint failed to state a substantive claim under RICO).

Plaintiffs' conspiracy claim under section 1962(d) is based upon the same facts as their substantive RICO claim in the First Cause of Action. That is, both Plaintiffs' substantive RICO violation (the First Cause of Action) and their conspiracy claim (the Second Cause of Action) are based upon their allegations that the individual defendants and corporate car dealership defendants worked together to defraud Plaintiffs and to divert funds away from Plaintiff and to obtain control of the dealerships. Amended Complaint, at ¶ 335.

As set forth above, the only claim against Flushing Bank in the First Cause of Action is that the Bank failed to prevent the Deo Defendants[3] from taking their allegedly wrongful actions. As discussed in detail above, this is not enough to sustain a substantive RICO claim against Flushing Bank. Because the First Cause of Action is subject to dismissal for all the reasons set forth in Point I, *supra*, Plaintiffs' Second Cause of Action for conspiracy under RICO must also be dismissed. Additionally, Plaintiffs do not plead any facts against Flushing Bank at all in the Second Cause of Action. There are no allegations in the Second Cause of Action that the Bank took part in any of the conspiracies alleged by Plaintiff.

Plaintiffs cannot sustain their claim for conspiracy, as they have failed to set forth substantive claims under RICO, and thus the Second Cause of Action must be dismissed.

---

[3] "Deo Defendants" is defined by Plaintiffs as "Anthony Deo, Sarah Deo, Henry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp. *See* Amended Complaint, p. 2.

## POINT III

## BECAUSE PLAINTIFFS' RICO CLAIMS MUST BE DISMISSED PURSUANT TO RULE 12(B)(1), THE COURT NO LONGER HAS JURISDICTION OVER PLAINTIFFS' STATE AND COMMON LAW CLAIMS

Plaintiffs allege several state and common law claims against Flushing Bank: the Fourteenth Cause of Action (Violations of Article 4-A of the UCC), the Fifteenth Cause of Action (Negligence – against Flushing Bank), the Forty-Sixth Cause of Action (Violation of New York Uniform Commercial Code § 3-419), the Forty-Seventh Cause of Action (Conversion), the Forty-Eighth Cause of Action (Negligence), and the Forty-Ninth Cause of Action (Unauthorized Payments). As admitted by Plaintiffs, these claims are before the Court solely under the doctrine of supplemental jurisdiction.

However, as set forth in detail above, the RICO claims against the Bank which form the basis of the Court's supplemental jurisdiction over these state and common law causes of action should both be dismissed. Thus, the Court should also dismiss the supplemental claims alleged against the Bank.

Federal district courts have supplemental jurisdiction over state claims which are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction is a "doctrine of discretion, not of plaintiff's right." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). A district court "'may decline to exercise supplemental jurisdiction' if it has 'dismissed all claims over which it has original jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1367(c)(3)).

13

In exercising this discretion and determining whether to continue exercising jurisdiction over remaining state law claims, a court should balance the "traditional 'values of judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). In weighing these factors, the Supreme Court has also advised that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Cohill*, U.S. at 350, n. 7. Additionally, "the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims have been disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should abstain from exercising pendent jurisdiction." *Eaves v. Levitt-Fuirst Assocs., Ltd.*, No. 22CV5525-JMA-SIL, 2023 WL 3434987, at *4 (E.D.N.Y. May 12, 2023) (internal citations omitted). Thus, "[o]nce all federal claims have been dismissed, the balance of factors will usually point toward a declination of supplemental jurisdiction." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d at 118.

There are no "exceptional circumstances" here which warrant the Court's exercise of supplemental jurisdiction in this matter. *See Entretelas Americans S.A. v. Soler*, 19 Civ. 03658 (LAK) (RWL), 2020 WL 9815186, at *12 (S.D.N.Y. Feb. 3, 2020) (declining to exercise supplemental jurisdiction over state law claims when plaintiff's RICO claims were dismissed for failure to state a claim); *Kades v. Organic Inc.*, No. 00Civ.3671LTSRLE, 2003 WL 470331, at *14 (S.D.N.Y. Feb. 24, 2003) (declining to exercise supplemental jurisdiction over state law claims for fraudulent misrepresentation, tortious interference, negligent misrepresentation, breach of contract, unjust enrichment, and violation of the New York Wage Act, after dismissal of RICO claims). Plaintiffs' state and common law claims against Flushing Bank are claims involving alleged violations of the UCC, negligence, conversion, and unauthorized payments. There is

14

nothing which warrants the Court exercising supplemental jurisdiction over these claims, when Plaintiffs have failed to sufficiently assert any RICO claims, or any other federal claim, against Flushing Bank.

## **CONCLUSION**

Plaintiffs have failed to allege any facts that support their claim that Flushing Bank participated in an enterprise with the intent of defrauding Plaintiffs, and thus their RICO claims, asserted as the First and Second Causes of Action, must be dismissed. Further., Plaintiffs' state and common law claims against Flushing Bank are before this Court solely under the doctrine of supplemental jurisdiction. These claims, and thus the entire Amended Complaint as to Flushing Bank, should be dismissed as there is no basis for the Court to continue to exercise supplemental jurisdiction over them.

Dated: November 13, 2023
        Uniondale, New York

                        CULLEN AND DYKMAN LLP

        By:     /s/ *Ariel E. Ronneburger*
                Ariel E. Ronneburger
                Thomas S. Baylis
                Attorneys for Defendant Flushing Bank
                333 Earle Ovington Boulevard, 2nd Floor
                Uniondale, New York 11553
                 (516) 357-3700