UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HWY AUTO LLC, NORTHSHORE MOTOR
LEASING, LLC, BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR (ST)      Case No.: 2:23-cv-6188 (OEM)
LEASING, LLC, JOSHUA AARONSON, individually
and derivatively as a member of 189 SUNRISE HWY
AUTO, LLC, JORY BARON, 1581 HYLAN BLVD
AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591
HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD
AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519
HYLAN BLVD AUTO LLC, 76 FISK STREET
REALTY LLC, 446 ROUTE 23 AUTO LLC and
ISLAND AUTO MANAGEMENT, LLC,

                                      Plaintiffs,

   -against-

ANTHONY DEO, SARAH DEO, HARRY
THOMASSON, DWIGHT BLANKENSHIP, MARC
MERCKLING, MICHAEL LAURIE, THOMAS
JONES, CPA, CAR BUYERS NYC INC., GOLD
COAST CARS OF SYOSSET LLC, GOLD COAST
CARS OF SUNRISE LLC, GOLD COAST MOTORS
AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS
CORP., DLA CAPITAL PARTNERS INC., JONES,
LITTLE & CO., CPA'S LLP, FLUSHING BANK,
LIBERTAS FUNDING LLC, and JPMORGAN CHASE
BANK, NA

                                 Defendants.
-------------------------------------------------------------------X

**DEFENDANT FLUSHING BANK'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND THE PLEADINGS AND
FILE A THIRD AMENDED COMPLAINT**



333 Earle Ovington Blvd., 2nd Floor
Uniondale, New York 11553
516.357.3700

## <u>TABLE OF CONTENTS</u>

Page(s)

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 3

ARGUMENT ........................................................................................................ 6

LEGAL STANDARD ............................................................................................ 6

THE LEGAL STANDARD FOR A MOTION FOR LEAVE TO AMEND ................................ 6

POINT I

PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE IT IS IN BAD FAITH .................................................................................................. 8

POINT II

THE ADDITIONAL ALLEGATIONS INCLUDED IN PLAINTIFFS' PROPOSED THIRD AMENDED COMPLAINT DO NOT CURE THE SUBSTANTIVE DEFICIENCIES OF PLAINTIFFS' RICO CLAIMS AGAINST THE BANK .............................................. 10

        A.    Plaintiffs Fail to Plead that Flushing Bank was Part of an Enterprise ................. 12

        B.    Plaintiffs Do Not Sufficiently Allege Wrongdoing on Behalf of Flushing Bank………………………………………………………………………...15

        C.    Plaintiffs' Proposed Amendments Are Futile as to Their RICO Conspiracy Claims……………………………………………………………………………17

        D.    Plaintiffs' Proposed Amendments Provide No Basis for Supplemental Jurisdiction of the State and Common Law Claims against Flushing Bank .......... 18

POINT III

PLAINTIFFS CANNOT INCORPORATE BY REFERENCE STATEMENTS MADE IN NUMEROUS DECLARATIONS FILED IN THIS ACTION INTO THE PROPOSED THIRD AMENDED COMPLAINT ...................................................................................... 19

CONCLUSION ..................................................................................................... 21

i

<u>**TABLE OF AUTHORITIES**</u>

Page(s)

<u>**Cases**</u>

*Abbott Labs v. Adelphia Supply USA*,
  2017 U.S. Dist. LEXIS 1007 (E.D.N.Y. Jan. 4, 2017) ............................................................ 12

*Anatian v. Coutts Bank Ltd.*,
  193 F.3d 85 (2d Cir. 1999) ...................................................................................................... 11

*Bymoen v. Herzog, Heine, Geduld, Inc.*,
  No. 88 Civ. 1796 (KMW), 1991 U.S. Dist. LEXIS 7169 (S.D.N.Y. May 28, 1991) ........... 8, 10

*Cabrega v. Campbell Soup Co.*, 18-CV-3827(SJF)(ARL),
  2019 WL 13215191 (E.D.N.Y. Nov. 18, 2019) ...................................................................... 20

*Calabrese v. CSC Holdings, Inc.*,
  283 F. Supp. 2d 797 (E.D.N.Y. 2008) ..................................................................................... 15

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988) ................................................................................................................. 18

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*,
  187 F.3d 229 (2d Cir. 1999) .................................................................................................... 17

*Continental Petroleum Corp. v. Corporation Funding Partners, LLC*,
  2012 U.S. Dist. LEXIS 51841 (S.D.N.Y. Apr. 12, 2012) ....................................................... 14

*Crosby Cap. USA, LLC v. Amguard Ins. Co.*,
  2024 WL 964709 (E.D.N.Y. Mar. 6, 2024) ............................................................................... 8

*DeFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010) .................................................................................................... 20

*Eaves v. Levitt-Fuirst Assocs., Ltd.*,
  2023 WL 3434987  (E.D.N.Y. May 12, 2023) ........................................................................ 18

*Entretelas Americanas S.A. v. Soler*,
  840 F. App'x 601 (2d Cir. 2020) ............................................................................................. 15

*Goel v. Bunge, Ltd.*,
  850 F.3d 554 (2d Cir. 2016) .................................................................................................... 19

*Hutter v. Countrywide Bank, N.A.*,
   41 F. Supp. 3d 363 (S.D.N.Y. 2014), *vacated in part on other grounds* ................................... 8

*IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*,
   783 F.3d 383 (2d Cir. 2015) ................................................................................................... 11

*In re Agape Litig.*,
   681 F. Supp. 2d 352 (E.D.N.Y. 2010) ..................................................................................... 13

*Kant v. Columbia Univ.*,
   2010 WL 807442 (S.D.N.Y. Mar. 9. 2010) ............................................................................... 8

*Lundy v. Catholic Health Sys. Of Long Island Inc.*,
   711 F.3d 106 (2d Cir. 2013) ....................................................................................... 11, 15, 18

*Mondelus v. August West Dev., LLC*,
   19-cv-4832 (LDH) (LB), 2022 U.S. Dist. LEXIS 10734, at * 16
   (E.D.N.Y. Jan. 20, 2022) .................................................................................................. 17, 18

*Moss v. BMO Harris Bank, N.A.*,
   258 F. Supp.3d 289 (E.D.N.Y 2017) ....................................................................................... 12

*Nasik Breeding & Research Farm Ltd. V. Merck & Co.*,
   165 F.Supp.2d 514 (S.D.N.Y. 2001) ....................................................................................... 12

*Nicosia v. Amazon.com, Inc.*,
   834 F. 3d 220 (2d Cir. 2016) ................................................................................................... 19

*Ong v. Chipotle Mexican Grill, Inc.*,
   294 F. Supp. 3d 199 (2d Cir. 2018) ................................................................................... 19, 20

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ................................................................................................................ 13

*Rukoro v. F.R.G.*,
   976 F.3d 218 (2d Cir. 2020) ............................................................................................... 7, 11

*Salahuddin v. Cuomo*,
   861 F.2d 40 (2d Cir. 1988) ....................................................................................................... 7

*Simmons v. Nationstar Mortg.*,
   No. 20-cv-1066, 2021 U.S. Dist. LEXIS 47566 (E.D.N.Y. Mar. 12, 2021) ............................ 15

*Smith v. Hogan*,
   794 F.3d 249 (2d Cir. 2015) ................................................................................................... 21

*TechnoMarine SA v. Giftports, Inc.*,
    758 F.3d 493 (2d Cir. 2014) ........................................................................... 7

*United States v. Boyle*,
    556 U.S. 938 (1994) ...................................................................................... 12

*Williams v. Dempsey*,
    2023 U.S. Dist. LEXIS 163732 (E.D.N.Y. Sep. 14, 2023) ........................... 7

*Zamora v. FIT Int'l Group*,
    834 Fed. App'x 622 (2d Cir. 2020) .............................................................. 12

## **Statutes**

18 U.S.C. § 1961 ................................................................................................. 15
18 U.S.C. § 1962 ................................................................................... 6, 15, 17
New York Uniform Commercial Code § 3-419 .................................................. 18

## **Rules**

Rule 9(b) of the Federal Rules of Civil Procedure ...................................... 15, 16
Rule 10(c) of the Federal Rules of Civil Procedure ........................................... 20
Rule 12(b)(6) of the Federal Rules of Civil Procedure ..................................... 11

## PRELIMINARY STATEMENT

Defendant Flushing Bank ("Flushing Bank" or "the Bank") by its attorneys Cullen and Dykman LLP, respectfully submits this memorandum of law in opposition to Plaintiffs'[1] cross-motion for leave to amend the pleadings and file a third amended complaint.

The initial Complaint was filed in this matter on August 17, 2023 (the "Initial Complaint"). ECF No. 1. Flushing Bank filed a pre-motion conference letter setting forth its intention to move to dismiss the initial Complaint. ECF No. 52.  In response to this pre-motion conference letter, Plaintiffs filed a First Amended Complaint dated October 13, 2023 (the "First Amended Complaint") to purportedly save their causes of action against Flushing Bank and other defendants from being dismissed. ECF No. 65.

Flushing Bank then filed another pre-motion conference letter, notifying the Court of its intention to file a motion to dismiss the First Amended Complaint. ECF No. 75. The Bank served its motion to dismiss the First Amended Complaint on November 13, 2023. On December 11, 2023, Plaintiffs served their Cross-Motion for Leave to Amend the Pleadings (the "First Cross-Motion to Amend"), seeking to file a Proposed Second Amended Complaint (the "Proposed Second Amended Complaint"). On March 11, 2024, Flushing Bank opposed this motion, and its motion to dismiss and the First Cross-Motion remain pending as of the date of this memorandum of law.

---

[1] The plaintiffs in this case, as set forth in Plaintiffs' First Amended Complaint are as follows: Superb Motors Inc., Team Auto Sales LLC, Robert Anthony Urrutia, 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, Brian Chabrier, *individually and derivatively as a member of* Northshore Motor Leasing, LLC, Joshua Aaronson, *individually and derivatively as a member of* 189 Sunrise Hwy Auto, LLC, Jory Baron, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC and Island Auto Management, LLC (collectively "Plaintiffs").

On February 9, 2024, the Deo Defendants[2], Jones, Little & Co., CPAs, Libertas Funding LLC, and JPMorgan Chase Bank, N.A., all served motions to dismiss the First Amended Complaint. On March 29, 2024, Plaintiffs opposed these motions to dismiss, and served a second Cross-Motion to Amend the Pleadings (the "Second Cross-Motion to Amend"), seeking to file a Proposed Third Amended Complaint (the "Proposed Third Amended Complaint").

While the First Cross-Motion to Amend sought to amend the First Amended Complaint to add additional, meritless factual allegations against Flushing Bank curiously omitted from previous versions of the Complaint, the Proposed Third Amended Complaint includes the addition of parties, additional causes of action, and numerous additional allegations against all defendants, including Flushing Bank. *See generally* Proposed Third Amended Complaint, attached as Exhibit B to the Declaration of Emanuel Kataev in Opposition to the Deo Defendants', Libertas' and J.P. Morgan Chase Bank, N.A.'s motions to dismiss, dated March 29, 2024 (the "Kataev Declaration."). A copy of the Proposed Second Amended Complaint, with the current proposed amendments, is attached to the Kataev Declaration as Exhibit C.

Plaintiffs' repeated attempts to amend the Complaint in response to defendants' motions to dismiss Plaintiffs' baseless claims set forth in the First Amended Complaint should not be countenanced by the Court. While Plaintiffs, both in their First Cross-Motion to Amend and their Second Cross-Motion to Amend, seek to include additional allegations against Flushing Bank, these allegations are without merit and do not save Plaintiffs' claims against Flushing Bank.

For all of the reasons set forth below, Plaintiffs' Second Cross-Motion to Amend should be denied as to Flushing Bank.

---

[2] The Deo Defendants consist of Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

## **STATEMENT OF FACTS**

Plaintiffs filed the Initial Complaint on August 17, 2023. ECF No. 1. Flushing Bank was served on September 18, 2023. ECF No. 49.  Plaintiffs' claim that numerous car dealership defendants and individual defendants associated with those car dealerships committed a series of civil and criminal wrongs, including conversion, theft of trade secrets, theft of vehicles and money and, in essence, tried to steal Plaintiffs' businesses away from Plaintiffs.  In the Initial Complaint, Plaintiffs alleged only RICO claims and state and common law claims against Flushing Bank, as well as a cause of action for violation of the Defend Trade Secrets Act ("DTSA"). ECF No. 1.

On September 26, 2023, Flushing Bank filed a letter requesting a pre-motion conference, setting forth its intent to file a motion to dismiss the Initial Complaint. ECF No. 52. In that letter, the Bank set forth its position that Plaintiffs had failed to state claims under RICO against Flushing Bank, because "Plaintiffs fail to allege any facts that support an assertion that Flushing Bank engaged in any wrongful activity, much less any racketeering activity." *See id.* Flushing Bank also noted that it was not a car dealership and claims under the DTSA, alleging it improperly acquired Superb's trade secrets were misplaced, and that supplemental jurisdiction should not be exercised over Plaintiffs' remaining state law claims. *See id.*

Plaintiffs opposed the request for a pre-motion conference, indicating their intention to file an amended complaint. ECF No. 61. The First Amended Complaint was filed on October 13, 2023. ECF No. 65. In the First Amended Complaint, Plaintiffs removed the DTSA claims against the Bank but added and elaborated on various allegations, including additional claims for a violation of Uniform Commercial Code § 3-419, conversion, negligence, and a claim for "unauthorized payment" against Flushing Bank. *See* First Amended Complaint, at ¶ 608-635.

3

As the First Amended Complaint did not cure the deficiencies of the Initial Complaint, Flushing Bank then filed another pre-motion conference letter on October 26, 2023, notifying the Court of its intention to file a motion to dismiss the First Amended Complaint. ECF No. 75. In accordance with the schedule set forth by the Court, Flushing Bank served its motion to dismiss the First Amended Complaint on November 13, 2023.

Flushing Bank's motion to dismiss is based upon Plaintiffs' failure in the First Amended Complaint to state a claim for a violation of RICO. Copies of Flushing Bank's Memorandum of Law in Support of its Motion to Dismiss dated November 13, 2023, and its Memorandum of Law in Further Support of its Motion to Dismiss the First Amended Complaint and in Opposition to Plaintiffs' Cross-Motion to Amend their First Amended Complaint, dated March 11, 2024, are attached to the Declaration of Ariel E. Ronneburger, dated April 30, 2024, as Exhibits A and B. The arguments regarding the merits of Plaintiffs' claims made in Flushing Bank's memorandums of law are incorporated herein.

Despite amending the Initial Complaint to assert additional alleged facts and claims against Flushing Bank, Plaintiffs apparently failed to set forth various statements allegedly made by certain individuals to support their RICO causes of action and served the First Cross-Motion to Amend, which seeks leave to file the Proposed Second Amended Complaint. Specifically, in the Proposed Second Amended Complaint, Plaintiffs seek to amend the First Amended Complaint to include unsubstantiated allegations including a claim that plaintiff Robert Anthony Urrutia met with David Weinstein, a Vice President and branch manager at Flushing Bank's Borough Park branch, and provided him with documentation to open an account, while "at around the same time" Deo met with Robert Puccio, a Vice President of Flushing Bank in the Business Banking Group located in Manhattan, and sought to open an account. Proposed Second Amended Complaint, at

¶¶ 212-215. Plaintiffs also claim that "Weinstein asked Urrutia whether [he] wanted to share his personal tax returns with Puccio, and . . . asked Urrutia for the name of Urrutia's partner at Superb" and that Deo, after meeting with Puccio, stated "this guy and the Credit underwriter are in my pocket," suggesting that he could open up an account for Superb with Flushing Bank. Proposed Second Amended Complaint, at ¶¶ 217-219. Flushing Bank opposed Plaintiffs' First Cross-Motion, on the basis that allowing Plaintiffs to amend the Complaint again would be futile.

On February 9, 2024, the Deo Defendants, Jones, Little & Co., CPAs, Libertas Funding LLC, and JPMorgan Chase Bank, N.A., all served their own motions to dismiss the First Amended Complaint. In response, on March 29, 2024, Plaintiffs filed a Second Cross-Motion to Amend seeking leave to amend the Complaint, attaching a Proposed Third Amended Complaint.

The Proposed Third Amended Complaint seeks to amend the Complaint to include many of the same claims against Flushing Bank that were included in the Proposed Second Amended Complaint. In addition to those baseless allegations, Plaintiffs now include, in the Proposed Third Amended Complaint, new allegations that Anthony Deo secured a loan for Northshore at Flushing Bank without authorization and that "[d]espite having no demonstrable assets, with [Michael] Laurie's inside connection, Flushing approved and funded the $500,000 loan." *Id.* at ¶ 376. Again, despite having amended the Complaint once, and then seeking to amend it a second time, both in response to Flushing Bank pointing out the inadequacy of Plaintiffs' claims against it, Plaintiffs have not raised such claims until now.

In the Proposed Third Amended Complaint, Plaintiffs again assert as a First Cause of Action a RICO claim against all defendants, the only allegation against Flushing Bank in this Cause of Action being a conclusory and unsubstantiated claim that Flushing Bank permitted Deo

to open an account for Superb "when they knew he had no authority to do so" due to alleged documentation held by the Bank. *See id.* at ¶ 780.

Plaintiffs also now seek to add as a Second Cause of Action a RICO claim specifically under 18 U.S.C. § 1962(a), against the Deo Defendants, Libertas, and Flushing Bank. *See id.* at ¶¶ 799-810. However, there are no allegations set forth against Flushing Bank in this proposed cause of action. In fact, the Bank is not even mentioned at all.

Plaintiffs' desired amendments to the Proposed Third Amended Complaint as to Flushing Bank should not be permitted because such amendments do not cure the substantive deficiencies in Plaintiffs' claims against the Bank. Rather, Plaintiffs' RICO claims against the Bank remain subject to dismissal.

## ARGUMENT

## LEGAL STANDARD

### THE LEGAL STANDARD FOR A MOTION FOR LEAVE TO AMEND

Despite having previously amended the Initial Complaint to include, among other things, additional allegations and causes of action against Flushing Bank, and filing the First Cross-Motion to Amend in response to Flushing Bank's motion to dismiss to include additional alleged facts against the Bank, Plaintiffs now seek to amend the Complaint yet again in response to the motions to dismiss filed by the Deo Defendants, Jones, Little & Co., CPAs, Libertas Funding LLC, and JPMorgan Chase Bank, N.A. This time, Plaintiffs, as they did in the Proposed Second Amended Complaint, seek to include in the Proposed Third Amended Complaint facts alleging that specific individuals at Flushing Bank worked with Anthony Deo and other defendants in orchestrating a scheme to allow Deo to fraudulently open a bank account in the name of Superb. The allegations which Plaintiffs sought to include in the Proposed Second Amended Complaint

were specific to Flushing Bank and included claims that plaintiff Robert Urrutia met with Flushing Bank to open an account prior to Deo meeting with the Bank and submitted information regarding Superb, and that Deo claimed that a Flushing Bank employee and an unnamed "credit underwriter" were "in [his] pocket." *See* Plaintiffs' Proposed Second Amended Complaint, at ¶¶ 212, 219.

Now, in the Proposed Third Amended Complaint, Plaintiffs also seek to allege that Anthony Deo secured a loan for Northshore at Flushing Bank without authorization and that "[d]espite having no demonstrable assets, with [Michael] Laurie's inside connection, Flushing approved and funded the $500,000 loan." Proposed Third Amended Complaint, at ¶ 376. Plaintiffs also seek to include hundreds of new factual allegations against other defendants and seek to add parties and causes of action. *See generally* Proposed Third Amended Complaint.

While there is generally a "liberal and permissive" standard granted to motions to amend, such a motion will be denied for "'good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Gang Li. v. Dolar Shop Rest Grp., LLC*, 16-cv-1953(RPK)(TAM), 2023 U.S. Dist. LEXIS 134564, at *21 (E.D.N.Y. Aug. 1, 2023) (quoting *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014)). Leave to amend may be denied when such amendment would not cure substantive deficiencies. *Rukoro v. F.R.G.*, 976 F.3d 218, 227-28 (2d Cir. 2020). This is especially so where, as here, the plaintiffs have already amended their Initial Complaint after Flushing Bank pointed out the deficiencies contained therein with regard to Flushing Bank in a pre-motion letter to the Court. As the court held in *Williams v. Dempsey*, 2023 U.S. Dist. LEXIS 163732, *24 (E.D.N.Y. Sep. 14, 2023), the court is "not obligated to grant [pro se plaintiff] leave to amend a second time after [his] first amended complaint failed to cure the defects that the court identified in its order to amend." (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)))".

As set forth below, Plaintiffs' second attempt to amend the First Amended Complaint by requesting leave to file the Proposed Third Amended Complaint is a futile attempt to defeat the pending motions to dismiss, including Flushing Bank's, as the proposed changes do not save Plaintiffs' baseless claims from being subject to dismissal. Accordingly, Plaintiffs' motion for leave to amend should be denied.

**POINT I**

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE IT IS IN BAD FAITH**

While a district court has discretion over whether to grant a motion for leave to amend, "[c]ertain factors, 'such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party[,] . . . [and] futility of amendment,' may justify a district court's decision to deny leave to amend." *Crosby Cap. USA, LLC v. Amguard Ins. Co.*, 20-cv-5990 (PKC)(TAM), 2024 U.S. Dist. LEXIS 39517, *8, 2024 WL 964709 (E.D.N.Y. Mar. 6, 2024). "[A] court may deny a motion to amend where the movant knew or should have known facts upon which the amendment is based, especially where the movant does not explain the delay." *Id.* (citing *Hutter v. Countrywide Bank, N.A.*, 41 F. Supp. 3d 363, 371 (S.D.N.Y. 2014), *vacated in part on other grounds* 710 F. App'x 2d (2d Cir. 2018)).

"Bad faith may be revealed through the procedural history of the case, as well as material changes to facts and theories pled if the new facts and theories were known to the plaintiff at the outset of the case." *MacGregor v. Milost Global, Inc.* 1:17-cv-06691-LTS-KHP, 2019 U.S. Dist. LEXIS 68009, at *10 (S.D.N.Y. Apr. 19, 2019); *see also Kant v. Columbia Univ.*, 08 Civ. 7476, 2010 U.S. Dist. LEXIS 21900, at *20, 2010 WL 807442 (S.D.N.Y. Mar. 9. 2010); *Bymoen v.*

*Herzog, Heine, Geduld, Inc.*, No. 88 Civ. 1796 (KMW), 1991 U.S. Dist. LEXIS 7169, 1991 WL 95387, at *1 (S.D.N.Y. May 28, 1991).

The procedural history of this case clearly suggests bad faith on behalf of Plaintiffs. As discussed in detail above, Plaintiffs filed the Initial Complaint on August 17, 2023. ECF No. 1. In response to Flushing Bank's pre-motion letter, Plaintiffs filed the First Amended Complaint, which added numerous additional facts against many of the parties, including Flushing Bank, corrected Plaintiffs' nonsensical attempt to allege Flushing Bank violated the DTSA, and added additional causes of action against Flushing Bank, among other things. *See* ECF No. 65. It is unclear why Plaintiffs did not include the allegations in the First Amended Complaint in the Initial Complaint, as such facts all related to Plaintiffs' claims that the defendants worked together to defraud Plaintiffs and would clearly have been known to Plaintiffs at the time the Initial Complaint was filed.

Despite having already once amended the Complaint in response to Flushing Bank pointing out various deficiencies in Plaintiffs' claims, Plaintiffs filed the First Cross-Motion in response to Flushing Bank's motion to dismiss the First Amended Complaint, once again seeking to amend the Complaint to include additional allegations against the Bank. These amendments include alleged facts which would have been known to Plaintiffs at the time of the filing of the Initial Complaint, however, they were inexplicably omitted until Flushing Bank sought to dismiss the First Amended Complaint.

Now, in response to motions to dismiss filed by the Deo Defendants, JPMorgan Chase Bank, N.A., Jones, Little & Co., CPAs, and Libertas Funding LLC, Plaintiffs have again moved to amend the Complaint to include voluminous new factual claims against nearly all the defendants, as well as to add parties and additional causes of action. As to Flushing Bank, Plaintiffs

seek to include unsubstantiated allegations that Deo worked with Laurie and Laurie's "connections" at Flushing Bank to secure a loan for Northshore and allege that false financial records were presented to Flushing Bank in connection with the loan. Proposed Third Amended Complaint, at ¶¶ 372-374. Plaintiffs also state that Flushing Bank "agreed to work in concert" with various defendants to arrange for such loan, despite Northshore not having any assets. *Id.* at ¶¶ 375-376. Plaintiffs then claim the loan proceeds were used to benefit the Deo Defendants, and not for the benefit of Northshore. *Id.* at ¶¶ 377-378. These allegations, though related to Plaintiffs' initial meritless claim that Flushing Bank was involved in a "scheme" to defraud Plaintiffs, were not asserted in the Initial Complaint, the First Amended Complaint, or the Proposed Second Amended Complaint.

It is unclear why Plaintiffs, who amended the Complaint once in response to a pre-motion conference letter filed by Flushing Bank, and then sought to amend it again in response to Flushing Bank's motion to dismiss, did not include such "facts" until now. It is blatant that Plaintiffs, in their repeated attempts to amend the Complaint to add in claims, are acting in bad faith, amending only to avoid an adverse ruling in the face of defendants' motions to dismiss. *Bymoen v. Herzog, Heine, Geduld, Inc.*, No. 88 Civ. 1796 (KMW), 1991 U.S. Dist. LEXIS 7169, 1991 WL 95387, at *1. Accordingly, Plaintiffs' third attempt to amend the Complaint should be denied.

## POINT II

## THE ADDITIONAL ALLEGATIONS INCLUDED IN PLAINTIFFS' PROPOSED THIRD AMENDED COMPLAINT DO NOT CURE THE SUBSTANTIVE DEFICIENCIES OF PLAINTIFFS' RICO CLAIMS AGAINST THE BANK

In the Proposed Third Amended Complaint, Plaintiffs seek to amend the First Amended Complaint to include conclusory allegations that the Bank approved Anthony Deo's application for a loan for Northshore, despite Northshore not having any assets. Proposed Third Amended

10

Complaint, at ¶ 376. Plaintiffs also claim that Deo was able to open a bank account for plaintiff Superb Motors, despite allegedly not being authorized to do so, and that Flushing Bank should have known Deo lacked such authority because plaintiff Robert Urrutia had previously provided documentation to the Bank. *Id.* at ¶¶ 647-652. Specifically, Plaintiffs claim that Deo stated that "[t]his guy and the Credit underwriter are in my pocket" with regard to opening an account for Superb Motors with Flushing Bank, and that this unsubstantiated statement somehow supports Plaintiffs' claim that Flushing Bank "and its agents were in on the Deo Defendants' schemes to loot and plunder Superb." *Id.* at ¶¶ 653-654.

"To establish a civil RICO claim, a plaintiff must allege '(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity,' as well as 'injury to business or property as a result of the RICO violation.'" *Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (quoting *Anatian v. Coutts Bank Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)). However, Plaintiffs fail to allege facts sufficient to sustain this RICO action against Flushing Bank, even considering their proposed amendments.

A motion for leave to amend a complaint may be denied when such proposed amendments are futile. *Rukoro v. F.R.G.*, 976 F.3d at 227-28. "Proposed amendments are futile when they 'would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *MacGregor v. Milost Global, Inc.* 1:17-cv-06691-LTS-KHP, 2019 U.S. Dist. LEXIS 68009, at *10 (quoting *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015)). Here, Plaintiffs' proposed amendments do not cure the deficiencies in their RICO claims that render such claims subject to dismissal.

**A.      Plaintiffs Fail to Plead that Flushing Bank was Part of an Enterprise**

Under RICO, to establish an association-in-fact enterprise, Plaintiffs must demonstrate "three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Zamora v. FIT Int'l Group*, 834 Fed. App'x 622, 625 (2d Cir. 2020) (citing *United States v. Boyle*, 556 U.S. 938, 946 (1994)). A plaintiff cannot simply name a "string of entities" and claim they are part of an association-in-fact enterprise. *Nasik Breeding & Research Farm Ltd. V. Merck & Co.*, 165 F.Supp.2d 514, 539 (S.D.N.Y. 2001). Rather, there must be factual allegations asserting that the defendants had an "illicit interpersonal relationship in which they worked together for a common illicit interest." *Abbott Labs v. Adelphia Supply USA*, 2017 U.S. Dist. LEXIS 1007, at *15 (E.D.N.Y. Jan. 4, 2017). Moreover, a plaintiff must specifically allege "that members of an association-in-fact enterprise share a wrongful intent to violate RICO." *Moss v. BMO Harris Bank, N.A.*, 258 F. Supp.3d 289, 298 (E.D.N.Y 2017).

There are no such allegations in the First Amended Complaint. Rather, what Plaintiffs allege in the First Amended Complaint is that "Laurie enabled Defendants by substantially assisting them in opening an account at Flushing Bank, with whom Laurie has a relationship through his business DLA Capital." First Amended Complaint, at ¶ 244. This is not a claim that Flushing Bank shared a "common illicit interest" with any of the other defendants. It is a claim that defendant Michael Laurie had a prior relationship with Flushing Bank, and therefore he assisted in opening an account with Flushing Bank. Despite Plaintiffs' attempts to twist their own words into what they want them to say, Plaintiffs do not actually claim that Flushing Bank had an "interpersonal" relationship with any of the Defendants or shared in any intent to violate RICO. Rather, while Plaintiffs' claim is that the Deo Defendants worked with Laurie to open accounts at

Flushing Bank for the purposes of their own fraudulent activities, there is no claim that Flushing Bank shared any such nefarious intentions, or even had any knowledge of these purported intentions.

Plaintiffs hinge their RICO allegations against Flushing Bank on the claim that "Flushing Bank was in possession of documentation indicating that Deo had no such authority" to open an account in the name of Superb. First Amended Complaint, at ¶ 315.  However, this is a conclusory allegation made by Plaintiffs and does not suggest that the Bank played a role in any of the defendants' alleged wrongdoing and is therefore insufficient to sustain a claim of an enterprise-in-fact for the purposes of RICO. *See In re Agape Litig.*, 681 F. Supp. 2d 352, 369 (E.D.N.Y. 2010) ("a plaintiff must show, among other elements, that the defendant has participated in the affairs of the alleged enterprise….[which] [t]he Supreme Court has held that 'to conduct or participate, directly or indirectly, in the conduct' of an enterprise 'one must participate in the operation or management of the enterprise itself.'") (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)).

Plaintiffs' additions in the Proposed Third Amended Complaint also do not allege that Flushing Bank shared a "common illicit interest" with the other defendants for the purposes of establishing an enterprise. Plaintiffs seek to include in the Proposed Third Amended Complaint claims that Deo worked with Laurie and Laurie's "connections" at Flushing Bank to secure a loan for Northshore and allege that false financial records were presented to Flushing Bank for the purposes of seeking loan approval. Proposed Third Amended Complaint, at ¶¶ 372-374. Plaintiffs further claim that Flushing Bank "agreed to work in concert" with various defendants to arrange for such loan, despite Northshore not having any assets. *Id.* At ¶¶ 375-376. Plaintiffs then claim the loan proceeds were used to benefit the Deo Defendants, and not for the benefit of Northshore.

13

*Id.* at ¶¶ 377-378. These are nothing but baseless, conclusory claims set forth by Plaintiffs that do not establish a "common illicit interest."

Moreover, Plaintiffs seek to amend the First Amended Complaint to include the claim that Urrutia met with David Weinstein, a Vice President and branch manager at Flushing Bank's Borough Park branch, that "Weinstein asked Urrutia whether [he] wanted to share his personal tax returns with Puccio, and . . . asked Urrutia for the name of Urrutia's partner at Superb", and that Deo, after meeting with Puccio, stated "this guy and the Credit underwriter are in my pocket." Proposed Third Amended Complaint, at ¶¶ 654-656. These are nothing but unsupported statements for which Plaintiffs ask the Court to infer a RICO claim based upon speculation and surmise. They do not save Plaintiffs' RICO claims against Flushing Bank.

These unsupported allegations do not sufficiently set forth that Flushing Bank was part of an association-in-fact enterprise for the purposes of a RICO claim. There are no claims that Flushing Bank "participated in the operation or management of the enterprise itself." There is no claim that Flushing Bank shared a "common illicit interest" with the other defendants. Plaintiffs do not even make an attempt to explain why Flushing Bank would participate in the alleged scheme to defraud Plaintiffs. *Continental Petroleum Corp. v. Corporation Funding Partners, LLC*, 2012 U.S. Dist. LEXIS 51841, at *16 (S.D.N.Y. Apr. 12, 2012) (dismissing RICO claim and holding that plaintiffs "fail to make any concrete factual assertions as to the mechanics of the interactions among defendants, including facts indicating that the disparate defendants functioned as a unit, or supporting the inference that defendants had a common interest in the success of the so-called enterprise.").

Plaintiffs' motion for leave to amend the Complaint and file the Proposed Third Amended Complaint should be denied as to Flushing Bank because, even with Plaintiffs' proposed

amendments, Plaintiffs do not sufficiently allege a RICO claim. Accordingly, such amendments are futile.

**B.      Plaintiffs Do Not Sufficiently Allege Wrongdoing on Behalf of Flushing Bank**

To plead a RICO claim, plaintiffs must plead a pattern of racketeering activity. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119; *see also* 18 U.S.C. § 1962(c). "The pattern of racketeering activity must consist of two or more predicate acts of racketeering." *Id.* (citing 18 U.S.C. 1961(5)). Racketeering activity is "any act which is indictable," and includes wire fraud. 18 U.S.C. 1961(1)(B). In order to plead wire fraud as a predicate for a RICO claim, a plaintiff must assert: "(1) the existence of a scheme to defraud, (2) the defendant's knowing or intentional participation in the scheme, (3) the use of interstate mails or transmission facilities in furtherance of the scheme." *Mondelus v. August West Dev., LLC*, 19-cv-4832 (LDH) (LB), 2022 U.S. Dist. LEXIS 10734, at * 16 (E.D.N.Y. Jan. 20, 2022) (quoting *Simmons v. Nationstar Mortg.*, No. 20-cv-1066, 2021 U.S. Dist. LEXIS 47566, at *4 (E.D.N.Y. Mar. 12, 2021)). Allegations of wire fraud must be made with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, "which requires that the complaint allege content, date, place, or intent of any alleged misrepresentation." *Id.* (quoting *Entretelas Americanas S.A. v. Soler*, 840 F. App'x 601, 603 (2d Cir. 2020)). While the communications themselves may not have contained false or misleading information "'a detailed description of the underlying scheme and the connection therewith of the mail and/or wire communications' is required to satisfy 9(b)." *Id.* at *17-18 (quoting *Calabrese v. CSC Holdings, Inc.*, 283 F. Supp. 2d 797, 808 (E.D.N.Y. 2008)).

The First Amended Complaint contains no specificity whatsoever as to Plaintiffs' claims. Rather, Plaintiffs allege simply that "the fraudulent transfers at issue were not authorized" and that "Deo and the remaining Defendants lacked apparent authority to enter into the fraudulent transfers

because Flushing Bank knew, or should have known" that Deo had no membership interests in Superb, Northshore, or Sunrise, without any explanation as to how Flushing Bank would have had such knowledge. First Amended Complaint, at ¶¶ 440-442. Plaintiffs also assert that wires deposited into accounts at Flushing Bank into an account opened by Deo for Superb were unauthorized without explanation or elaboration. First Amended Complaint, at ¶¶ 620, 632. In a weak attempt to meet the "interstate mails or transmission facilities" pleading requirement, Plaintiffs state that "the Deo Defendants caused delivery of various documents and things by the U.S. mails" and "Defendants . . . transmitted or caused to be transmitted by means of wire communications in interstate commerce various writings, signs, and signals." First Amended Complaint, at ¶¶ 304-305. These allegations are completely devoid of the pleading requirements required by Rule 9(b). There is no specificity as to Plaintiffs' claims of wire fraud, but rather Plaintiffs assert a list of conclusory allegations which warrant dismissal. *See Mondelus*, 19-cv-4832 (LDH) (LB), 2022 U.S. Dist. LEXIS 10734, at * 20 (dismissing a RICO claim for lack of specificity regarding wire fraud where plaintiffs alleged "that several 'wire and mail communications' were used in furtherance of Defendants' scheme to defraud Plaintiff" because "these allegations fail to specify what purposes any of these writings and/or mailings served within the Defendants' alleged scheme—let alone with particularity.").

The Proposed Third Amended Complaint does not add anything additional regarding these wire transfers and, thus, granting Plaintiffs leave to file this Proposed Third Amended Complaint would do nothing to remedy the weaknesses of their allegations. The allegations that officers of Flushing Bank were supposedly in the "pocket" of Deo is made in the Proposed Third Amended Complaint, are not true, and were not asserted until Flushing Bank filed its motion pointing out the weaknesses of Plaintiffs' claims. Similarly, Plaintiffs' proposed and conclusory statements that

16

Flushing Bank opened a loan for Northshore, despite Northshore lacking assets, are devoid of any substance and thus do not cure the insufficiencies of Plaintiffs' claims.

The requested amendments to the claims continue to fail to assert the necessary elements of a claim of wire fraud, or any wrongdoing on behalf of Flushing Bank whatsoever. These allegations are conclusory, colloquial and rely on inference and insinuation. They are, in short, the antithesis of well-plead.

Plaintiffs' repeated attempts to amend the Complaint to include further allegations against Flushing Bank, curiously omitted previously, demonstrate the complete lack of merit of their RICO claims against the Bank. Despite all these efforts, however, Plaintiffs still do not set forth facts which support a valid RICO claim against Flushing Bank, and their Second Cross-Motion, like their First Cross-Motion, should be denied.

## C.   Plaintiffs' Proposed Amendments Are Futile as to Their RICO Conspiracy Claims

A claim for conspiracy under RICO cannot be sustained unless a plaintiff is able to prove "the existence of an agreement to violate RICO's substantive provisions." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999). Additionally, when a plaintiff relies on the same factual predicate to plead both a substantive RICO violation and a conspiracy claim, the failure to state a substantive RICO claim is fatal to a conspiracy claim under 18 U.S.C. § 1962(d). *Black v. Ganieva*, 619 (S.D.N.Y. 2022).

As set forth above, even considering the proposed amendments to the Complaint included in the Proposed Third Amended Complaint, Plaintiffs have still failed to set forth substantive RICO claims against Flushing Bank. Accordingly, amending the Complaint would also be futile as to Plaintiffs' RICO conspiracy claims against the Bank, and this motion should be denied.

**D.      Plaintiffs' Proposed Amendments Provide No Basis for Supplemental Jurisdiction of the State and Common Law Claims against Flushing Bank**

In the First Amended Complaint, Plaintiffs allege several state and common law claims against Flushing Bank. These same claims are included, without proposed revisions, in the Proposed Third Amended Complaint, as the Sixteenth Cause of Action (Violations of Article 4-A of the UCC), the Seventeenth Cause of Action (Negligence – against Flushing Bank), the Forty-Sixth Cause of Action (Violation of New York Uniform Commercial Code § 3-419), the Forty-Seventh Cause of Action (Conversion), the Forty-Eighth Cause of Action (Negligence), and the Forty-Ninth Cause of Action (Unauthorized Payments).

In exercising this discretion and determining whether to continue exercising jurisdiction over remaining state law claims, a court should balance the "traditional 'values of judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). In weighing these factors, the Supreme Court has also advised that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Cohill*, U.S. at 350, n. 7. Additionally, "the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims have been disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should abstain from exercising pendent jurisdiction." *Eaves v. Levitt-Fuirst Assocs., Ltd.*, No. 22CV5525-JMA-SIL, 2023 WL 3434987, at *4 (E.D.N.Y. May 12, 2023) (internal citations omitted). Thus, "[o]nce all federal claims have been dismissed, the balance of factors will usually point toward a declination of supplemental jurisdiction." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d at 118.

As discussed above, the Proposed Third Amended Complaint does not remedy the various deficiencies in Plaintiffs' claims under RICO and thus permitting an amendment would be a futile

exercise allowing Plaintiffs to continue to assert claims subject to dismissal. The Proposed Third Amended Complaint does not establish any "exceptional circumstances" which would warrant the exercise of supplemental jurisdiction over Plaintiffs' state and common law claims.

Accordingly, because the Proposed Third Amended Complaint contains nothing but more unsubstantiated and conclusory claims under RICO against Flushing Bank, granting this motion to amend would be futile. The proposed amendments do not provide merit to Plaintiffs' substantive RICO claims, and thus Plaintiffs' RICO conspiracy claim lacks merit and there continues to be no basis for the Court to exercise supplemental jurisdiction over Plaintiffs' state and common law claims. Thus, this motion should be denied in its entirety as to Flushing Bank.

## POINT III

### PLAINTIFFS CANNOT INCORPORATE BY REFERENCE STATEMENTS MADE IN NUMEROUS DECLARATIONS FILED IN THIS ACTION INTO THE PROPOSED THIRD AMENDED COMPLAINT

In the Proposed Third Amended Complaint, Plaintiffs state that they "respectfully incorporate the following declarations, bearing ECF Docket Entries 11, 12, 17, 18 (under seal), 38, 40, 56, 80, 86, 95, 112, 155, 156-1, 157-1, and 157-15." Proposed Third Amended Complaint, at ¶ 741.

Initially, this is improper and declarations created within the course of a litigation cannot be incorporated into an amended complaint. That is, "[t]o be incorporated into a complaint by reference, a plaintiff must *rely* on the terms and effect of the document in drafting the complaint.'" *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 223 (2d Cir. 2018) (quoting *Nicosia v. Amazon.com, Inc.*, 834 F. 3d 220, 231 (2d Cir. 2016)) (emphasis in original). "Merely mentioning a document in the complaint will not satisfy this standard[.]" *Id.* (quoting *Goel v. Bunge, Ltd.*, 850 F.3d 554, 559 (2d Cir. 2016) (alterations in original). Further "even if a document is 'integral' to

the complaint, it must be clear that no dispute exists regarding the authenticity [, relevance], or accuracy of the document." *Id.* (quoting *DeFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)) (alterations in original). Additionally, "the court may only consider documents incorporated by reference in a pleading 'only to determine what the documents stated,' and 'not to prove the truth of their contents.'" *Cabrega v. Campbell Soup Co.*, 18-CV-3827(SJF)(ARL), 2019 U.S. Dist. LEXIS 245320, at * 16, 2019 WL 13215191 (E.D.N.Y. Nov. 18, 2019) (quoting *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d at 223.

Here, Plaintiffs seek to incorporate numerous declarations that were submitted in support of various filings in this matter well after the filing of the Initial Complaint, including a motion for a preliminary injunction, a motion for contempt against the Deo Defendants, and a motion to disqualify counsel Henry Thomasson. These documents, created for the purposes of motion practice in this litigation, were clearly not relied upon in the drafting of the Complaint, and the statements made therein by Plaintiffs are not at all undisputed as to their accuracy or relevance. Finally, by incorporating these documents into their Third Proposed Amended Complaint, plaintiffs are obviously submitting them for the purported truth of the statements made therein. All of this is improper, and these documents cannot be incorporated by reference into the Complaint. *See Cabrega v. Campbell Soup Co.*, 18-CV-3827(SJF)(ARL), 2019 U.S. Dist. LEXIS 245320, at * 16; *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d at 223.

In addition, affidavits attached as exhibits to complaints are not "written instruments" deemed part of a complaint pursuant to Rule 10(c) of the Federal Rules of Civil Procedure. Rule 10(c) states that "[a] copy of a written instrument that is an exhibit to the pleading is a part of the pleading for all purposes." However, an affidavit is not a written instrument "because it is not a document evidencing legal rights or duties or giving formal expression to a legal act or agreement,

such as a deed, will, bond, lease, insurance policy, or other agreement." *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015). Moreover, incorporating voluminous affidavits and declarations into a Complaint ignores Rule 8(a)'s "short and concise" pleading requirement. *Id.*

Allowing Plaintiffs to incorporate fifteen (15) declarations into the Third Amended Complaint would be extremely violative of Rule 8(a) and would leave all the defendants with the burdensome task of trying to piece together Plaintiffs' claims from numerous documents. Plaintiffs' attempt to incorporate all these declarations into the Third Amended Complaint should be denied.

## **CONCLUSION**

For all the aforementioned reasons, Plaintiffs' Second Cross-Motion for leave to amend the Complaint should be denied.

Dated: April 30, 2024
       Uniondale, New York

                                        CULLEN AND DYKMAN LLP

                              By:       /s/ Ariel E. Ronneburger
                                        Ariel E. Ronneburger
                                        Thomas S. Baylis
                                        Ryan M. Soebke
                                        *Attorneys for Defendant Flushing Bank*
                                        333 Earle Ovington Boulevard, 2nd Floor
                                        Uniondale, New York 11553
                                         (516) 357-3700
                                        aronneburger@cullenllp.com
                                        tbaylis@cullenllp.com
                                        rsoebke@cullenllp.com