**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

SUPERB MOTORS, INC., TEAM AUTO SALES, LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC AND ISLAND AUTO MANAGEMENT, LLC,

                                Plaintiffs,

           v.

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

                            Defendants.

-----------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**OPPOSITION OF DEFENDANT LIBERTAS FUNDING LLC TO PLAINTIFFS' CROSS -MOTION FOR LEAVE TO FURTHER AMEND COMPLAINT**

Hon. James M. Wicks

Served:  April 30, 2024

WEIR GREENBLATT PIERCE LLP
Bonnie R. Golub, Esquire
667 Madison Avenue, 5th Floor
New York, NY  10065
(917) 475-8885
*bgolub@wgpllp.com*
*Attorneys for Libertas Funding LLC*

## <u>TABLE OF CONTENTS</u>

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT ........................................................................................................3

    A. Legal Standard for Allowing / Disallowing Amendment of Complaint...............3

    B. Libertas' Motion to Dismiss Should Be Granted and Libertas Dismissed............4

    C. Plaintiffs' Motion to Amend is Futile……………………………………………6

III. CONCLUSION .................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                          **Page(s)**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ............................................................................................5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................5

*Chabrier, et al. v. Deo, et al.,*
Index No.: 617224/2022 (Nassau County Supreme Court)......................................5,6

*Conforti v. Sunbelt Rentals, Inc.,*
201 F. Supp. 3d 278, (E.D.N.Y. 2016) .................................................................4

*Dougherty v. Town of North Hempstead Bd. of Zoning Appeals,*
282 F.3d 83 (2d Cir. 2002)...................................................................................6

*Ellis v. Chao,*
336 F.3d 114 (2d Cir. 2003)................................................................................3

*First Nationwide Bank v. Gelt Funding,*
27 F.3d 763 (2d Cir. 1994)..................................................................................4

*Foman v. Davis,*
371 U.S. 178 (1962) ...........................................................................................3

*Hamzik v. Office for People with Developmental Disabilities,*
859 F. Supp. 2d 265 (N.D.N.Y. 2012)................................................................4

*In Re Cedar Hill Cemetery Litigation,*
853 F.Supp 706 (S.D.N.Y 1994)..........................................................................4

*In re Crysen/Montenay Energy Co.,*
226 F.3d 160 (2d Cir. 2000)................................................................................4

*Knick v. Township of Scott,*
139 S. Ct. 2162 (2019)………………………………………………………………7

*Pettaway v. National Recovery Solutions, LLC,*
955 F.3d 299 (2d Cir. 2020)................................................................................3

*Ruderman v. Liberty Mutual Group, Inc.,*
2022 WL  244086 (2d Cir. 2022)........................................................................6

ii

*Ruffolo v. Oppenheimer & Co.,*
987 F. 2d 129 (2d Cir. 1993)..........................................................................................7

*Tocker v. Phillip Morris Companies, Inc.,*
470 F.3d. 481 (2d Cir. 2006)..........................................................................................3

**Statutes**

18 U.S.C. §1962      ..................................................................................................2
18 U.S.C. §1962(d)   ..................................................................................................2

**Rules**

Fed. R. Civ. P. 9(b) ...............................................................................................2,5
Fed. R. Civ. P. 12(b)(1)..........................................................................................2
Fed. R. Civ. P. 12(b)(6)......................................................................................2,4,6
Fed. R. Civ. P. 15..................................................................................................4
Fed. R. Civ. P. 15(a)(1)(B) ....................................................................................1
Fed. R. Civ. P. 15(a)(2)........................................................................................1,3
Fed. R. Civ. P. 26(f) ..............................................................................................3
F.R.E. 201 .............................................................................................................3

723896v3

Libertas Funding LLC ("Libertas") hereby submits this Memorandum of Law in opposition to Plaintiffs' Motion for Leave to Amend the Complaint ("Plaintiffs' Motion to Amend" ) pursuant to Fed. R. Civ. P. 15(a)(2).

## I.   INTRODUCTION.

On August 17, 2023, Plaintiffs[1] commenced this action by the filing of a complaint ("Initial Complaint") against Defendants.[2]  Subsequently, Plaintiffs filed a First Amended Complaint on October 13, 2023 (which, per Plaintiffs, was amended as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B), to which Plaintiffs, among other things, added a defendant, J.P. Morgan Chase Bank, N.A.,[3] embellished the fact pattern against certain of the defendants, including Anthony Deo ("Deo"), and added (or supplemented) causes of actions.  The Initial Complaint lumped all defendants together (including Libertas for the purpose of raising causes of action sounding in

---

[1]     The named plaintiffs (collectively, the "Plaintiffs") in this action are: Superb Motors Inc., Team Auto Sales LLC, Robert Anthony Urrutia (referred to as the "Superb Plaintiffs"), 189 Sunrise Hwy Auto LLC ("Sunrise"), Northshore Motor Leasing, LLC ("Northshore"), Brian Chabrier, *Individually and Derivatively as a Member of* Northshore Motor Leasing, LLC, Joshua Aaronson, *Individually and Derivatively as a Member of* 189 Sunrise Hwy Auto, LLC, Jory Baron, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC, and Island Auto Management, LLC (referred to as the "IAG Plaintiffs").

[2]     Defendants named in the Initial Complaint include: Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Thomas Jones, CPA, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp., DLA Capital Partners Inc., Jones, Little & Co., CPA'S LLP, Flushing Bank, and Libertas Funding LLC.

[3]     Named defendants in the First Amended Complaint include Anthony Deo ("Deo"), Sarah Deo, Harry Thomasson ("Thomasson"), Dwight Blankenship, Marc Merckling ("Merkling"), Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp., (collectively the "Deo Defendants"), DLA Capital Partners Inc. ("DLA"), Jones, Little & Co., CPA'S LLP, Thomas Jones, CPA ("Jones" and without DLA, the "CPA Defendants"), Flushing Bank, Libertas Funding LLC, and J.P. Morgan Chase Bank, N.A. (collectively the "Bank Defendants").

723896v3

RICO, violations of the DTSA ("Defend Trade Secrets Act"), conspiracy, misappropriation of trade secrets and unfair competition.

In contrast, the First Amended Complaint sought to differentiate the claims against each defendant and set forth 52 separate causes of action. Libertas was expressly named in three: i) Cause of Action 1 - RICO under 18 U.S.C. §1962 (as to all Defendants); ii) Cause of Action 2 - conspiracy under 18 U.S.C. §1962(d) (as to all Defendants), and iii) Cause of Action 13 - relief seeking a permanent injunction (as to Libertas' ability to make any claims against the IAG Plaintiffs.)[4] On February 9, 2024, certain of the defendants served Motions to Dismiss against Plaintiffs on Plaintiffs' counsel. Libertas sought to have the First Amended Complaint dismissed pursuant to Rules 12(b)(6) and 12(b)(1), respectively, by virtue of Plaintiffs' failure to establish a RICO claim and conspiracy claim against Libertas, and for lack of subject matter jurisdiction due to Plaintiffs' failure to establish the aforementioned federal claims against Libertas. *See* Fed. R. Civ. P. 12(b)(1) and (6). Plaintiffs' lack of specificity in raising claims against Libertas, *see* Fed.R.Civ. P. 9(b), including Libertas' alleged inclusion in a conspiracy to defraud Plaintiffs, forms the basis of Libertas' Motion to Dismiss (the First Amended Complaint).

---

[4]    The proposed TAC now contains Fifty-Four (54) Counts and 1197 paragraphs as compared to the First Amended Complaint which has merely 52 Counts and 661 paragraphs.

That Plaintiffs[5] now embellish and add additional unsubstantiated facts[6] to their proposed Third Amended Complaint ("TAC")[7], does not alter the fact that the added claims against Libertas must too fail.

## II.   ARGUMENT.

### A.   Legal Standard for Allowing/Disallowing Amendment of Complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure requires the consent of an opposing party, or leave of Court to amend the pleading -- in this instance the First Amended Complaint. A motion for leave to amend can be denied if the amended pleading is deemed futile or patently devoid of merit. *See generally Foman v. Davis,* 371 U.S. 178 (1962). *See also, Tocker v. Phillip Morris Companies, Inc.,* 470 F.3d. 481 (2d Cir. 2006); *Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir. 2003). Granting a party leave to amend is "futile" if it appears that deficiencies in the pleading cannot be rectified.

In 2020, the Second Circuit held that "when a plaintiff … amends [a] complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020). Although an amended pleading typically will supersede the original and render it

---

[5]    The TAC caption adds Asad Khan and eliminates the derivative action of certain Plaintiffs (Northshore and Sunrise) while moving them to below the "against" line and renaming them as defendants.

[6]    Plaintiffs have the benefit of document production from a majority of the defendants, *see* Rule 26(f) Scheduling Order [Docket # 142], setting April 16, 2024 as the deadline to complete responses to Interrogatories and Document Demands; Plaintiffs have yet to produce any documentation requested by Defendants.

[7]    Libertas is not sure why this is the proposed TAC and not the proposed Second Amended Complaint. The Docket is devoid of any Order from the Court permitting a second amendment. *See* F.R.E. 201

of no legal effect, *see  In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000)*, Rule 15 does not suggest that a pending motion to dismiss is rendered moot when a complaint is amended.  District courts in this Circuit have repeatedly explained that, when faced with an amended complaint, they may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the new facts as alleged in the amended pleading.  "Where a plaintiff seeks to amend his complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.' "  *See Conforti v. Sunbelt Rentals, Inc.,* 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016), *quoting Hamzik v. Office for People with Developmental Disabilities,* 859 F. Supp. 2d 265, 273–74 (N.D.N.Y. 2012).  This approach promotes judicial economy by eliminating the need for multiple rounds of briefing for complaints that are determined to be legally insufficient.

In this case, revisions and supplements to the facts alleged in the First Amended Complaint, still fall with the ambit of Libertas' Motion to Dismiss.  It certainly would be inefficient and costly to allow Plaintiffs to amend the First Amended Complaint, only to have it dismissed for the very same reasons posited by Libertas in its Motion to Dismiss.

B.     Libertas' Motion to Dismiss Should Be Granted and Libertas Dismissed.

As above noted, *see,* page 3*, supra.*, on February 9, 2024, Libertas served its Motion to Dismiss (the "Motion to Dismiss").  In it, Libertas argued that a Rule 12(b)(6) motion tested the sufficiency of Plaintiffs' First Amended Complaint to state cognizable claims, and further that the Court need not accept as true "unsupported conclusions and unwarranted inferences cast as factual allegations."  *See generally, First Nationwide Bank v. Gelt Funding,* 27 F.3d 763, 771 (2d Cir. 1994); *In Re Cedar Hill Cemetery Litigation,* 853 F.Supp 706, 709 (S.D.N.Y 1994).  "…[A]

plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, threadbare recitals of a cause of action supported by conclusory statements will not suffice. Thus, a complaint must be non-conclusory, base allegations on factual content, and be believable. *See generally, Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

In its Motion to Dismiss, Libertas first questioned Plaintiffs establishment of a RICO claim in that the First Amended Complaint failed to set forth any predicate acts purportedly committed by Libertas, nor the establishment of a conspiracy among certain of the Defendants to defraud Plaintiffs' commercial establishments or their respective insiders. Second, Libertas questioned Plaintiffs' compliance with Fed. R. Civ. P. 9(b) with regards to the lack of specificity in establishing a fraud claim (or conspiracy to commit fraud) against Plaintiffs. Third, Libertas questioned Plaintiffs' ability to bring a permanent injunction against Libertas for monetary claims/damages that had not yet come to fruition.

In its proposed TAC, Plaintiffs have simply added averments which attempt to form the basis of a RICO action against Libertas premised on concerted actions of the CPA Defendants and DEO, and later Thomasson with Libertas. *See* Plaintiffs' Motion to Amend, pp. 19, 24, TAC, ¶¶324-367, 359-364. This is conjecture on the part of Plaintiffs. (Funds obtained from Libertas were used to "pilfer" Superb's assets and unfairly compete against it. *See* Plaintiffs' Motion to Amend, p.24). Plaintiffs still fail to apprise Libertas of when and how these events purportedly transpired; rather Plaintiffs' rely on pleadings and a counterclaim brought by Libertas (pre-discovery, and not finalized) filed and dismissed in the matter *Chabrier, et al. v. Deo*, *et al.*, Index

5

No.: 617224/2022 (Nassau County Supreme Court)[8] for support of the "newly" founded allegations.  *See also,* TAC,  ¶326-329, 782 ("Libertas accepted….knowingly false financial documentation…") ("Libertas' employees and agents participated in [the] scheme).  Indeed, the proposed First and Second[9] Causes of Action for violations of RICO by Libertas border on the incredulous.

Plaintiffs further attempt in their TAC to bar Libertas from taking any collection action against them (if needed).  In the Fifteenth Cause of Action, Plaintiffs seek a "declaration" that Libertas knew that Deo "was without authority" to act for Northshore.  *See* TAC, ¶¶922-929; Plaintiffs' Motion to Amend, pp. 47-48.  Plaintiffs have simply changed the "cause of action" from Permanent Injunction (*see,* First Amended Complaint ¶435-438) to "Declaratory Judgment" in order to avoid dismissal.  However, in its conclusory Prayer for Relief against all defendants, Plaintiffs continue to seek immediate and permanent injunctive relief.  *See* TAC, p. 143.

C.    Plaintiffs' Motion to Amend is Futile.

"Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies to state a claim." *Ruderman v. Liberty Mutual Group, Inc.*, 2022 WL 244086 (2d Cir. 2022).  Evaluating the Motion to Dismiss in light of Plaintiffs' proposed TAC is functionally equivalent to a futility analysis when assessing whether to allow Plaintiffs leave further to amend the First Amended Complaint.  *See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)"), *abrogated*

---

[8]    Plaintiffs further speculate on what Libertas intends to do with respect to the failure of Northshore, Sunrise (together, "Merchants") and Deo (as owner/guarantor) to repay Libertas for their breach of the Agreement of Sale of Future Receivables and Guaranty of Performance, respectively.  *See* TAC, ¶368.

[9]    Of note, Libertas is not cited in the TAC Second Cause of Action as engaging in "racketeering activity" with the other named defendants.  *See* TAC, ¶¶800-809.

*on other grounds*, *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019).  The proposed TAC reiterates the same or similar unsupported allegations while again omitting requisite particularity. "Where it appears that granting leave to amend is unlikely to be productive…its is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F. 2d 129, 131 (2d Cir. 1993).  Where no new credible and substantial allegations have been raised and the Initial Complaint has been amended twice previously, leave to amend again should be denied as futile.

III.   <u>CONCLUSION</u>

The proposed Third Amended Complaint merely reiterates the same or similar baseless, unsupported allegations without requisite specificity or particularity, and, as such, leave to amend and to serve the Third Amended Complaint should be denied as futile as it applies to Libertas. Moreover, Plaintiffs have had the benefit of repairing the First Amended Complaint based on Motions to Dismiss scrivened by defendants which have handily provided Plaintiffs with a roadmap to fill in the blanks to assert claims "properly".[10]  Libertas' Motion to Dismiss remains applicable to the TAC, and as such, leave to amend the First Amended Complaint should be denied as an exercise in futility.

Dated: April 30, 2024                     Respectfully Submitted,

                                          WEIR GREENBLATT PIERCE LLP

                                          BY: <u>/s/ Bonnie R. Golub            </u>
                                               Bonnie R. Golub, Esquire
                                               667 Madison Avenue, 5th Floor
                                               New York, NY  10065
                                               (917) 475-8885
                                               *bgolub@wgpllp.com*
                                               *Attorneys for Libertas Funding LLC*

---

[10]     How many bites will Plaintiffs take of the apple?

723896v3