**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SUPERB MOTORS INC., TEAM AUTO SALES
LLC, ROBERT ANTHONY URRUTIA, 189
SUNRISE HWY AUTO LLC, NORTHSHORE
MOTOR LEASING, LLC, BRIAN CHABRIER,
*individually and derivatively as a member of*
NORTHSHORE MOTOR LEASING, LLC,
JOSHUA AARONSON, *individually and
derivatively as a member of* 189 SUNRISE HWY
AUTO, LLC, JORY BARON, 1581 HYLAN
BLVD AUTO LLC, 1580 HYLAN BLVD AUTO
LLC, 1591 HYLAN BLVD AUTO LLC, 1632
HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD
AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76
FISK STREET REALTY LLC, 446 ROUTE 23
AUTO LLC and ISLAND AUTO
MANAGEMENT, LLC,

                                        Plaintiffs,

                v.

ANTHONY DEO, SARAH DEO, HARRY
THOMASSON, DWIGHT BLANKENSHIP,
MARC MERCKLING, MICHAEL LAURIE,
THOMAS JONES, CPA, CAR BUYERS NYC
INC., GOLD COAST CARS OF SYOSSET LLC,
GOLD COAST CARS OF SUNRISE LLC, GOLD
COAST MOTORS AUTOMOTIVE GROUP LLC,
GOLD COAST MOTORS OF LIC LLC, GOLD
COAST MOTORS OF ROSLYN LLC, GOLD
COAST MOTORS OF SMITHTOWN LLC, UEA
PREMIER MOTORS CORP., DLA CAPITAL
PARTNERS INC., JONES, LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, LIBERTAS
FUNDING LLC, and J.P. MORGAN CHASE
BANK, N.A.,

                                        Defendants.

Case No.: 2:23-cv-6188 (OEM)(JMW)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS AND IN OPPOSITION TO
PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND**

**SHERMAN ATLAS SYLVESTER
& STAMELMAN LLP**
Anthony C. Valenziano, Esq.
1185 Avenue of the Americas, 2nd Floor
New York, New York 10036
Tel. No: (212) 763-6464
*Attorneys for Defendant
JPMorgan Chase Bank, N.A.*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ......................................................................................1

LEGAL ARGUMENT........................................................................................................2

I.     PLAINTIFFS' RICO CLAIMS SHOULD BE DISMISSED WITH PREJUDICE ...................2

II.    SUPERB'S COMMON LAW CLAIMS OF NEGLIGENCE AND CONVERSION
ARE DISPLACED BY THE UCC AND SHOULD BE DISMISSED.....................................6

III.   PLAINTIFFS' CROSS-MOTION TO AMEND SHOULD BE DENIED AS TO
CHASE ........................................................................................................................7

CONCLUSION....................................................................................................................8

<u>**TABLE OF AUTHORITIES**</u>

Page(s)

Cases

*101 McMurray, LLC v. Porter*,
  No. 10-9037, 2012 WL 997001 (S.D.N.Y. Mar. 26, 2012) ......................................................... 4

*2006 Frank Calandra, Jr. Irrevocable Trust v. Signature Bank Corp.*,
  816 F. Supp. 2d 222 (S.D.N.Y. 2011) ....................................................................................... 6

*Abbott Labs v. Adelphia Supply USA*,
  2017 WL 57802 (E.D.N.Y. Jan. 4, 2017) ................................................................................... 2

*Assam v. Deer Park Spring Water, Inc.*,
  163 F.R.D. 400 (E.D.N.Y. 1995) .............................................................................................. 7

*Bruno v. Zimmer, Inc.*,
  2016 WL 4507004 (E.D.N.Y. Aug. 26, 2016) ........................................................................... 5

*Continental Petroleum Corp. v. Corporation Funding Partners, LLC*,
  2012 WL 1231775 (S.D.N.Y. Apr. 12, 2012) ............................................................................ 4

*Elsevier Inc. v. W.H.P.R., Inc.*,
  692 F. Supp. 2d 297 (S.D.N.Y. 2010) .................................................................................... 5, 6

*Fischer & Mandel, LLP v. Citibank, N.A.*,
  632 F.3d 793 (2d Cir. 2011) .................................................................................................. 6, 7

*Grain Traders, Inc. v. Citibank, N.A.*,
  160 F.3d 97 (2d Cir. 1998) ....................................................................................................... 6

*In re Agape Litig.*,
  681 F. Supp. 2d 352 (E.D.N.Y. 2010) ................................................................................. 2, 3, 5

*Long v. United States Dep't of Defense*,
  616 F. Supp. 1280 (E.D.N.Y. 1985) .......................................................................................... 7

*Martinez v. JPMorgan Chase Bank, N.A.*,
  178 F. Supp. 3d 184 (S.D.N.Y. 2016) ........................................................................................ 3

*MLSMK Inv. Co. v. JP Morgan Chase & Co.*,
  737 F. Supp. 2d 137 (S.D.N.Y. 2010) .................................................................................... 4, 5

*Nasik Breeding & Research Farm Ltd. v. Merck & Co.*,
  165 F. Supp.2d 514 (S.D.N.Y. 2001)........................................................................ 2

*Reves v. Ernst & Young*,
  507 U.S. 170 (1993)............................................................................................... 2

*Rosner v. Bank of China*,
  528 F. Supp. 2d 319 (S.D.N.Y. 2007).................................................................... 3

*Utts v. Bristol-Myers Squibb Co.*,
  251 F. Supp. 3d 644 (S.D.N.Y. 2017).................................................................... 5

*Wellton International Express v. Bank of China (Hong Kong)*,
  612 F. Supp. 3d 358 ............................................................................................... 5

Rules

Federal Rule of Civil Procedure 15(a) ........................................................................ 7

## PRELIMINARY STATEMENT

The First Amended Complaint filed by plaintiffs Superb Motors, Inc. ("Superb") and Island Auto Management, LLC ("IAG")[1] (collectively, "Plaintiffs") contains over 662 allegations. Plaintiffs' opposition to the pending motions to dismiss, including the one filed by defendant JPMorgan Chase Bank, N.A. ("Chase"), is over 78 pages long. And the proposed Third Amended Complaint that Plaintiffs seek to file contains over 1,197 allegations. Yet, despite spilling all of this ink, there is no basis in any of the many, many allegations or pages of opposition that would permit Plaintiffs to pursue RICO claims against Chase. Tasked with identifying any particular allegations that would satisfy Rule 9(b)'s heightened pleading requirement, Plaintiffs come up empty, relying exclusively on vague, conclusory allegations that Chase, a national banking association, was a participant in a widespread RICO conspiracy with a series of parties. These allegations, including the additional proposed allegations, are insufficient to carry Plaintiffs' pleading burden.

Further, Superb's common law claims involving the transaction and negotiation of checks on its account at Chase are preempted by the Uniform Commercial Code (the "UCC"). Well-settled law holds that the UCC preempts common-law causes of action such as conversion and negligence, which Superb improperly seeks to assert in this action against Chase. Critically, Plaintiffs fail to meaningfully oppose dismissal of these claims on those grounds, arguing, unconvincingly, that these claims apparently concern conduct that does not involve the processing of checks drawn without authority. But a review of both the operative and proposed pleading demonstrate that the crux of Superb's common law claims is that Chase permitted

---

[1] Chase uses these terms as defined in the First Amended Complaint to reference the named individual and corporate entities.

1

transactions on the account maintained at Chase without authority -- allegations squarely within the ambit of the UCC.  As set forth below, Chase respectfully submits that these causes of action should be dismissed as to Chase.

Finally, as for Plaintiffs' proposed amended pleading, at least with respect to Chase, the proposed amendments are futile and do not salvage the claims that Chase seeks dismissal of on this motion.  Not a single allegation of the 400 plus proposed additional allegations is directed at Chase's conduct and its purported "participation" in a RICO enterprise.  Plaintiffs do not cite to any specific proposed allegation that remedies the deficiencies in the current pleading. Accordingly, the motion to amend, as to Chase, should be denied.

## LEGAL ARGUMENT

### I.   PLAINTIFFS' RICO CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Plaintiffs' threadbare opposition as it relates to Chase is telling in that it fails to identify any specific allegations contained in either the operative Complaint or the proposed Third Amended Complaint that establish that Chase, working with the other named RICO defendants, agreed and operated with those defendants towards a common illicit purpose.  *See Nasik Breeding & Research Farm Ltd. v. Merck & Co.*, 165 F. Supp.2d 514, 539 (S.D.N.Y. 2001); *Abbott Labs v. Adelphia Supply USA*, 2017 WL 57802, at *4 (E.D.N.Y. Jan. 4, 2017) ("Without factual allegations showing these 300 defendants had an interpersonal relationship in which they worked together for a common illicit interest, [the plaintiff's] pleadings constitute nothing more than the conclusory naming of a string of entities combined with legal conclusions.").  Nor have Plaintiffs identified any allegations in either the current or proposed pleading that show that Chase "participate[d] in the operation or management of the enterprise itself.'"  *In re Agape Litig.*, 681 F. Supp. 2d 352, 369 (E.D.N.Y. 2010) (quoting *Reves v. Ernst & Young*, 507 U.S.

170, 185 (1993)).  Rather than identify such allegations that meet this heightened pleading standard, Plaintiffs simply rehash and recite the same conclusory allegations that Chase, along with these defendants, agreed to engage in a RICO conspiracy.  However, absent specific allegations, the claims must fail and Plaintiffs' attempt to keep Chase in as a RICO defendant should be rejected.

And while Plaintiffs seek to distinguish *Martinez v. JPMorgan Chase Bank, N.A.*, 178 F. Supp. 3d 184 (S.D.N.Y. 2016), which, as set forth *infra*, they cannot, Plaintiffs ignore cases cited by Chase that stand for the well-settled proposition that "e[v]en the provision of services essential to the operation of the RICO enterprise itself is not the same as participating in the conduct of the affairs of the enterprise."  *Rosner v. Bank of China*, 528 F. Supp. 2d 319, 431 (S.D.N.Y. 2007); *In re Agape Litig.*, 681 F. Supp. 2d at 369 (dismissing RICO claim against bank where plaintiff failed to allege that bank "directed the affairs of the purported enterprise" and "[a]t most…allege[d], albeit in conclusory fashion, that [the bank] had actual knowledge of [the] scheme….").  Indeed, Plaintiffs' argument that Chase was aware of the Deo Defendants' "overall schemes" cannot sustain a claim of RICO under settled law.  *See In re Agape Litig.*, 681 F. Supp. 2d at 369.

As for *Martinez*, 178 F. Supp. 3d at 184, Plaintiffs grossly understate the allegations that were asserted in that matter, which included claims of fraud, conversion and fraudulent conveyances against Chase, that were dismissed on statute of limitations grounds, and allegations that Chase "participated in additional prohibited transactions[.]"  Notwithstanding these allegations of intentional conduct, the Court, nonetheless, dismissed the RICO claims against Chase, finding that the allegations were conclusory and insufficient.  The same is true here. While Plaintiff alleges in conclusory fashion that Chase "knew that [Deo] had no authority to

sign checks," such allegation is conclusory and, at best, demonstrates that Chase processed banking transactions without proper authorization.

Plaintiffs also fail to distinguish *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 737 F. Supp. 2d 137 (S.D.N.Y. 2010) in which the Court, in dismissing a RICO claim against a financial institution held that "routine benefits derived in the ordinary course of business do not constitute the type of 'concrete benefit' necessary to allege fraudulent intent under Rule 9(b)." Here, neither the operative Complaint nor the proposed Third Amended Complaint make any reference to any "concrete benefit" that Chase derived from the purported RICO enterprise, let alone the routine benefits attendant with the provision of banking services which would be insufficient in any event. *See 101 McMurray, LLC v. Porter*, No. 10-9037, 2012 WL 997001, at *7 (S.D.N.Y. Mar. 26, 2012) (dismissing RICO claim where only allegations of "enterprise" were "mere legal conclusions without factual support to demonstrate the existence of an 'ongoing organization'"); *Continental Petroleum Corp. v. Corporation Funding Partners, LLC*, 2012 WL 1231775, at *6 (S.D.N.Y. Apr. 12, 2012) (dismissing RICO claim where plaintiffs "fail to make any concrete factual assertions as to the mechanics of the interactions among defendants, including facts indicating that the disparate defendants functioned as a unit, or supporting the inference that defendants had a common interest in the success of the so-called enterprise").

As for Plaintiffs' arguments concerning the sufficiency of their allegations to establish Chase's knowing, willing, and agreed-upon participation in a RICO "enterprise," Plaintiffs effectively concede the allegations are insufficient and claim they are entitled to resort to discovery to perhaps "find" facts that would support such allegations. That has it backwards. It is well-settled that "'discovery is not a fishing expedition for Plaintiffs to try to obtain

information to try to create claims that do not already exist ...[,] Plaintiffs need to have adequate information in their possession at the time they file their complaint to substantiate the claim against a motion to dismiss.'" *Wellton International Express v. Bank of China (Hong Kong)*, 612 F. Supp. 3d 358, 364, n. 4 (S.D.N.Y. 2020) (quoting *Bruno v. Zimmer, Inc.*, 2016 WL 4507004, at *5 (E.D.N.Y. Aug. 26, 2016)); *Utts v. Bristol-Myers Squibb Co.*, 251 F. Supp. 3d 644, 673 (S.D.N.Y. 2017) ("The motion to dismiss mechanism exists to prevent plaintiffs from conducting fishing expeditions to see if they can cobble together meritorious claims."). Plaintiffs should not be permitted to engage in a "fishing expedition" as the claims, even as alleged, are not legally viable for the reasons set forth in Chase's moving papers and reiterated herein.

Plaintiffs also fail to distinguish case law that confirms that, on the facts as alleged, Plaintiffs cannot sustain a RICO claim against Chase as Plaintiffs cannot allege the requisite "pattern of racketeering" because, at most, Chase permitted unauthorized transaction on a bank account, and there are no particular allegations that tether that conduct to the RICO enterprise at large. *See Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, 313 (S.D.N.Y. 2010); *MLSMK Inv. Co.*, 737 F. Supp. 2d at 137.

Plaintiffs also cannot salvage their RICO conspiracy claim. It is axiomatic that a claim for RICO conspiracy cannot survive without an underlying properly pled RICO claim. Further, a claim for RICO conspiracy requires demonstration that Chase, along with all other members of the alleged "enterprise," agreed to commit two predicate acts in furtherance of a pattern of racketeering activity. *See In re Agape Litig.*, 681 F. Supp. 2d at 352. Incredibly, Plaintiffs have failed to identify any allegations that plead, with particularity, that Chase explicitly agreed, along with the other alleged RICO co-conspirators, to engage in a RICO enterprise. And, the law is

5

clear, "parallel conduct by different defendants affords an insufficient basis for inferring that an agreement was reached." *Elsevier*, 692 F. Supp. 2d at 313.

## II. SUPERB'S COMMON LAW CLAIMS OF NEGLIGENCE AND CONVERSION ARE DISPLACED BY THE UCC AND SHOULD BE DISMISSED

Superb's common law claims of negligence and conversion are preempted by the UCC. While Suberb contends that the allegations in the current Complaint somehow involve conduct that has nothing to do with the processing of the checks and withdrawals at issue, a review of the current Complaint and the proposed Third Amended Complaint confirms that is not the case. Specifically, both the current Complaint and proposed Third Amended Complaint, with regard to Superb's common law claim of conversion allege that Chase improperly exercised "dominion and control" over funds maintained by Superb in an account at Chase. (*See* Compl., at ¶¶605-610; Third Am. Compl. at ¶¶1145-1150). But those types of allegations go to the transactions that were conducted on the accounts at issue, which are plainly governed by Article 4 of the UCC. *See Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 103 (2d Cir. 1998) (dismissing common law claims asserted alongside UCC claims brought under Article 4-A); *Fischer & Mandel, LLP v. Citibank, N.A.*, 632 F.3d 793, 801 (2d Cir. 2011) (affirming finding that negligence claim was preempted by UCC); *2006 Frank Calandra, Jr. Irrevocable Trust v. Signature Bank Corp.*, 816 F. Supp. 2d 222, 234-35 (S.D.N.Y. 2011) (same).

The same is true of the negligence claim which focuses on Chase's purported negligence in permitting Deo, who Superb claims lacked authority, to conduct transactions on the account at Chase. (*See* Compl., at ¶¶614-616; Third Am. Compl. at ¶¶1154-1156). While Superb suggests that the account was opened without proper documentation, Superb simultaneously argues that Deo lacked authority to conduct the transactions at issue, which is covered by the UCC. Indeed, Superb has already asserted such claims in this matter, which Chase has not moved to dismiss.

Superb's reliance on the limited exception to displacement of common law claims enunciated in *Fisher*, 632 F.3d at 801 is misplaced.   There, the issue was Article 4A, which governs wire transfers, which are not at issue in this instance as it relates to Chase.  Additionally, as set forth above, the crux of Superb's common law claims against Chase necessarily arise from permitting unauthorized transactions, which are uniquely covered by the UCC.

## III.  PLAINTIFFS' CROSS-MOTION TO AMEND SHOULD BE DENIED AS TO CHASE

Motions to amend are governed by Federal Rule of Civil Procedure 15(a) which provides, in relevant part, that leave to amend a complaint "shall be freely given when justice so requires." However, that liberality is tempered, where, as is the case here, the amendment would be futile. *See Long v. United States Dep't of Defense*, 616 F. Supp. 1280, 1284 (E.D.N.Y. 1985); *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 410 (E.D.N.Y. 1995) (recommending denial of motion to amend where proposed claims were futile).

Here, as set forth *supra*, the proposed Complaint does not remedy the deficiencies in Plaintiffs' deficient allegations and claims as to Chase that Chase seeks to have dismissed. Tellingly, Plaintiffs fail to even cite to specific paragraphs (in any of the 400 additional paragraphs) in opposition to Chase's motions that would rectify the pleading deficiencies outlined in Chase's motion papers.  Accordingly, Chase respectfully requests that the Court deny the motion for leave to amend.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant, JPMorgan Chase Bank, N.A., respectfully requests that Counts One, Two, Forty-Seven and Forty-Eight of Plaintiffs' Amended Complaint be dismissed as against it, with prejudice, pursuant to Rule 12(b)(6) and that Plaintiffs' cross-motion for leave to amend be denied.

Respectfully submitted,

SHERMAN ATLAS SYLVESTER
& STAMELMAN LLP
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*


By: /s/Anthony C. Valenziano
     Anthony C. Valenziano

DATED: April 30, 2024


4889-9993-2088, v. 1