UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (JMW)

                              Plaintiffs,

  -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

                              Defendants.
-----------------------------------------------------------------------X

## DEFENDANTS THOMAS JONES, CPA AND JONES, LITTLE & CO, CPA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND AND SERVE A PROPOSED THIRD AMENDED COMPLAINT

                                           MILBER MAKRIS PLOUSADIS
                                           & SEIDEN, LLP
                                           1000 Woodbury Road, Suite 402
                                           Woodbury, New York 11797

By: John A. Lentinello, on the brief

**TABLE OF CONTENTS**

Page

SUMMARY OF ARGUMENT ................................................................................................1

LEGAL ARGUMENT ............................................................................................................1

POINT I ..................................................................................................................................1
      PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND AND SERVE
      THE PROPOSED THIRD AMENDED COMPLAINT SHOULD BE
      DENIED AS FUTILE WITH RESPECT TO JLC

CONCLUSION .......................................................................................................................4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acito v. IMCERA Group, Inc.*,
 47 F.3d 47 (2d Cir. 1995)......................................................................................................4

*Anatian v. Coutts Bank Ltd.*,
 193 F.3d 85 (2d Cir. 1999)....................................................................................................3

*Doall v. Suffolk County Family Court*,
 2008 WL 11412189 (E.D.N.Y. 2008)............................................................................1, 2, 4

*Hecht v. Commerce Clearing House, Inc.*,
 897 F.2d 21 (2d Cir. 1990)....................................................................................................3

*In Re Sumitomo Copper Litigation*,
 995 F.Supp. 451 (S.D.N.Y. 1998).........................................................................................3

*Jackson v. Wells Fargo Home Mortgage*,
 811 Fed.Appx. 27 (2d Cir. 2020).......................................................................................3, 4

*Kerik v. Tacopina*,
 64 F. Supp.3d 542 (S.D.N.Y. 2014)...................................................................................3, 4

*Landy v. Catholic Health Sys. Of Long Island, Inc.*,
 711 F.3d 106 (2d Cir. 2013)..................................................................................................3

*Nettis v. Levitt*,
 241 F.3d 186 (2d Cir. 2001)..................................................................................................2

*Nielsen v. Rabin*,
 746 F.3d 58 (2d Cir. 2014)....................................................................................................3

*Ruderman v. Liberty Mutual Group, Inc.*,
 2022 WL 244086 (2d Cir. 2022).......................................................................................3, 4

*Ruffolo v. Oppenheimer & Co.*,
 987 F.2d 129 (2d Cir. 1993)..............................................................................................1, 3

*Shapiro v. Cantor*,
 123 F.3d 717 (2d Cir. 1997)..............................................................................................1, 3

*Techno-Comp, Inc., v. Arcabascio*,
 130 F.Supp.3d 734 (E.D.N.Y. 2015).....................................................................................2

## SUMMARY OF ARGUMENT

Plaintiffs' proposed Third Amended Complaint fails to cure deficiencies in the Frist Amended Complaint, and, thus, leave to file the proposed Third Amended Complaint should be denied as futile as a matter of law with respect to defendants Thomas, Jones, CPA and Jones, Little & Co., CPA's, LLP (together, "JLC").

## LEGAL ARGUMENT

### POINT I

### PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND AND SERVE THE PROPOSED THIRD AMENDED COMPLAINT SHOULD BE DENIED AS FUTILE WITH RESPECT TO JLC

Simply put, plaintiffs' proposed Third Amended Complaint fails to remedy the deficiencies in plaintiffs' First Amended Complaint with respect to pleading a cause of action for RICO and civil conspiracy as against JLC. Thus, plaintiffs' cross-motion for leave to amend and serve the proposed Third Amended Complaint should be denied as futile as a matter of settled law.

Secon Circuit law is well settled that "where it appears that granting leave to amend is unlikely to be productive, it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129 (2d Cir. 1993); *Doall v. Suffolk County Family Court*, 2008 WL 11412189 (E.D.N.Y. 2008); *Shapiro v. Cantor*, 123 F.3d 717 (2d Cir. 1997). "If an amendment is futile 'it is not an abuse of discretion to deny leave to amend.'" *Doall, supra*. It is well settled that an appropriate basis for denying leave to amend is that the proposed amended complaint is futile because it fails to state a claim against the defendants. *Doall, supra*; *Nettis v. Levitt*, 241 F.3d 186 (2d Cir. 2001).

At bar, the proposed Third Amended Complaint should be rejected as futile, at least as against JLC, as it fails to state a cause of action as against JLC for RICO and civil conspiracy and it fails to cure the patent defects of plaintiffs' prior pleading, the First Amended Complaint. Despite

1

adding several additional paragraphs concerning JLC, plaintiffs' proposed Third Amended Complaint still lacks requisite sufficient specificity and alleged predicate acts with respect to allegations as against JLC. Thus, the requisite elements of a civil RICO and civil conspiracy cause of action are not plead as against JLC. The proposed Third Amended Complaint, at ¶¶ 275-279, mentions the same or similar allegations as in the First Amended Complaint -- namely that JLC falsified financial information provided to them without any additional detail or specificity as to time, date, place of the alleged falsification as required. Thus, without pleading such requisite specificity, the proposed Third Amended Complaint still fails as a matter of law against JLC and leave to amend should be denied. *See Techno-Comp, Inc., v. Arcabascio,* 130 F.Supp.3d 734 (E.D.N.Y. 2015). At bar, in the proposed Third Amended Complaint, plaintiffs allege solely that JLC altered financial information with adjusting journal entries, but it fails to specify why or the manner in which such transactions were inaccurate and it entirely overlooks that the financial information at issue was originally provided by Superb. *See Techmo-Comp., Inc.*, *Doall, supra*; *see also* Jones Decl.

Moreover, the proposed Third Amended Complaint alleges that JLC intentionally manipulated the date in Superb's system on at least a monthly basis from April 2023-July 2023. However, JLC only provided information and proposed edits to rectify the financial information as necessary and to correct any errors that were made internally by Superb's team. *See* Jones Decl. ¶¶6-9. Nowhere within the four corners of the proposed Third Amended Complaint do plaintiffs allege two requisite predicate acts that JLC committed, which remain a mandatory prerequisite for civil RICO and conspiracy causes of action under well-settled law. *See Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21 (2d Cir. 1990); *Landy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 119 (2d Cir. 2013); *Anatian v. Coutts Bank Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999);

2

*Kerik v. Tacopina*, 64 F. Supp.3d 542 (S.D.N.Y. 2014); *In Re Sumitomo Copper Litigation*, 995 F.Supp. 451 (S.D.N.Y. 1998).

Plaintiffs' proposed Third Amended Complaint, at ¶ 707, alleges that JLC committed wire fraud by submitting allegedly false tax returns on behalf of Superb. However, JLC was never engaged to prepare tax returns for Superb and were only engaged in a limited capacity for Superb. *See* Jones Decl., ¶3. Thus, the proposed Third Amended Complaint merely reiterates the same or similar baseless, unsupported allegations without requisite specificity or particularity, and, as such, leave to amend and to serve the Third Amended Complaint should be denied as futile at least as it applies to JLC. *See Ruffolo, supra*; *Doall, supra*; *Shapiro, supra*; *Nielsen v. Rabin*, 746 F.3d 58 (2d Cir. 2014); *Jackson v. Wells Fargo Home Mortgage*, 811 Fed.Appx. 27 (2d Cir. 2020). Where no new facts have been asserted and the complaint has already been amended previously -- as at bar -- leave to amend again should be denied as futile. *See Nielsen, supra*; *Jackson, supra*. "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies to state a claim." *Ruderman v. Liberty Mutual Group, Inc.*, 2022 WL 244086 (2d Cir. 2022). Second Circuit law is well settled that when courts review proposed amendments and determine them to be subject to dismissal, leave to amend should be denied as futile. *Id.*, *see also Acito v. IMCERA Group, Inc.*, 47 F.3d 47 (2d Cir. 1995).

Therefore, as the Third Amended Complaint posits the same conclusory allegations, without any requisite specificity or delineated of requisite predicate acts to support a civil RICO cause of action, conspiracy, or fraud cause of action as against JLC, leave to amend and serve the proposed Third Amended Complaint should be denied as futile as a matter of law. *See Nielsen, supra*; *Jackson, supra*; *Ruderman, supra*; *Kerik, supra*; *Techmo-Comp., Inc., supra*; *Doall, supra*.

3

## CONCLUSION

For the reasons set forth above, plaintiffs' cross-motion for leave to amend and serve the proposed Third Amended Complaint should be denied in its entirety.

Dated: Woodbury, New York  
       April 26, 2024

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

By: John A. Lentinello (JAL 0187)  
Attorneys for Defendants  
Thomas Jones, CPA and Jones, Little & Co., CPA's, LLP  
1000 Woodbury Road, Suite 402  
Woodbury, New York 11797  
(516) 870-1160

4