UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                    Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

                    Defendants.
------------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) and (6)**

                    MILBER MAKRIS PLOUSADIS
                    & SEIDEN, LLP
                    1000 Woodbury Road, Suite 402
                    Woodbury, New York 11797

By: John A. Lentinello, on the brief

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

SUMMARY OF REPLY ARGUMENT ............................................................................ 1

LEGAL ARGUMENT ......................................................................................................... 1

POINT I ................................................................................................................................. 1
     PLAINTIFFS HAVE FAILED TO RAISE AN ISSUE OF FACT IN OPPOSITION TO PREVENT DISMISSAL OF THE FIRSTAMENDED COMPLAINT AGAINST JLC

POINT II ............................................................................................................................... 6
     PLAINTIFFS HAVE FAILED TO RAISE AN ISSUE OF FACT IN OPPOSITION, REQUIRING DISMISSAL OF THE FRAUD CAUSE OF ACTION AGAINST JLC

POINT III .............................................................................................................................. 8
     PLAINTIFFS HAVE FAILED TO ESTABLISH WHY THIS COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS AGAINST JLC IF THE CIVIL RICO AND CONSPIRACY CAUSES OF ACTION ARE DISMISSED

CONCLUSION ..................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brookhaven Town Conservative Comm. v. Walsh*,
 258 F.Supp.3d 277(E.D.N.Y. 2017) ............................................................................... 4, 5

*Browning Ave. Realty Corp. v. Rosenshein*,
 774 F.Supp. 129 (S.D.N.Y. 1991) ............................................................................. 1, 5, 6

*Cadet v. James B. Nutter & Co.*,
 133 A.D.3d 561 ................................................................................................................ 6, 7

*DiVittorio v. Equidyne Extractive Industries, Inc.*,
 822 F.2d 1242 (2d Cir. 1987) ........................................................................................... 4, 5

*Eaves v. Levitt-Fuirst Assocs., Ltd.*,
 2023 WL 3434987 (E.D.N.Y., May 12, 2023) .................................................................... 8

*Hoatson v. New York Archdiocese*,
 2007 WL 431098 (S.D.N.Y. 2007) ..................................................................................... 1

*In Re Agape Litig.*,
 681 F.Supp.2d 352 (E.D.N.Y. 2010) .................................................................................. 3

*In Re Crazy Eddie Securities Litig.*,
 802 F. Supp. 804 (E.D.N.Y. 1992) ..................................................................................... 6

*In Re Sumitomo Copper Litigation*,
 995 F. Supp., 451 (S.D.N.Y.1998) .................................................................................. 2, 3

*Jackson v. Bank of New York Mellon*,
 33 Misc.3d 1208(A), 939 N.Y.S.2d 740 (N.Y. Sup. Kings Co. 2011) ................................ 6

*JGIAP RH 160 LLC v. CRI Holding Corp.*,
 2023 WL 5979125 (E.D.N.Y. 2023) ................................................................................... 5

*Kavit v. A.L. Stamm & Co.*,
 491 F.2d 1176 (2d. Cir. 1974) ............................................................................................ 8

*Koch v. Dwyer*,
 2000 WL 1458803 (S.D.N.Y. 2000) ................................................................................... 2

*Millis v. Polar Mechanical Corp.*,
 12 F.3d 1170 (2d Cir. 1993) ............................................................................................ 6, 7

*Moore v. PaineWebber, Inc.*,
    189 F.3d 165 (2d Cir. 1999) ...................................................................................4

*Protter v. Nathan's Famous Systems, Inc.*,
    904 F. Supp. 101 (E.D.N.Y. 1995)..........................................................................6

*Rajaratnam v. Motley Rice, LLC*,
    449 F. Supp.3d 45 (E.D.N.Y. 2020).........................................................................5

*Shapiro v. Cantor*,
    123 F.3d 717 (2d Cir. 1997) ....................................................................................7

*Stoianoff v. Gahona,*
    248 A.D.2d 525, 670 N.Y.S.2d 204 (2d Dep't 1998) .............................................6

*supra*; *Colony at Holbrook, Inc. v. Strata G.C.,*
    *Inc.*, 928 F.Supp. 1224 (E.D.N.Y. 1996)..............................................................4, 5

*U.S. v. Ulbricht*,
    31 F. Supp.3d 540 (S.D.N.Y. 2014).........................................................................2

*Zeltser v. Joint Stock Bank Inkombank*,
    1998 WL 289739 (S.D.N.Y. 1998)..........................................................................5

**Rules**

CPLR § 3013, § 3014 and § 3016...................................................................................6

FED. R. CIV. P. 12(b)(1) and (6) ....................................................................................1

Federal Rule Civ. P. 9(b) ...........................................................................................4, 6

Rule 9 ..............................................................................................................................7

## SUMMARY OF REPLY ARGUMENT

Plaintiffs have failed to raise an issue of fact in opposition to prevent dismissal of the First Amended Complaint as against defendants Thomas Jones, CPA and Jones, Little & Co., CPA's, LLP (together, "JLC") for failure to state a claim and set forth two predicate acts as required under Civil RICO and Conspiracy statutes. Moreover, plaintiffs have failed to raise an issue of fact in opposition, mandating dismissal of the fraud cause of action as against JLC.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFFS HAVE FAILED TO RAISE AN ISSUE OF FACT IN OPPOSITION TO PREVENT DISMISSAL OF THE FIRST AMENDED COMPLAINT AGAINST JLC

JLC is entitled to dismissal on the pleadings pursuant to Fed. R. Civ. P. 12(b)(1) and (6) as plaintiffs have failed to raise an issue of fact in opposition and plaintiffs' proposed second amended complaint still fails to state a cause of action as against JLC.

Contrary to plaintiffs' skewed depiction, plaintiffs have not set forth two requisite predicate acts by JLC or that any action or inaction on the part of JLC was a substantial factor in the sequence of responsible causation, and that the alleged injury was not reasonably foreseeable or anticipated as a natural consequence, requiring dismissal. *See Hoatson v. New York Archdiocese*, 2007 WL 431098 (S.D.N.Y. 2007). Moreover, plaintiffs have failed to allege any facts evincing any misrepresentation on JLC's part with respect to JLC's engagements. *See Browning Ave. Realty Corp. v. Rosenshein*, 774 F.Supp. 129 (S.D.N.Y. 1991). Moreover, at bar, plaintiffs allege wire fraud against JLC, but they have failed to delineate any specificity whatsoever regarding JLC's alleged use of wires for fraud. *Id.* JLC merely proffered Superb journal entries to correct any errors that were discovered and all information and decisions regarding financial statements or the posting of any adjusting journal entries always remained solely within Superb's province and control, and were up to Superb's own controller to enact at all times. *See* Jones Decl., ¶11. Plaintiffs

1

entirely overlook that all information reviewed by Mr. Jones and JLC came from Superb and Superb's controller and was reviewed to reconcile the information received. *See* Jones Decl.

Further, it is well settled under Second Circuit law that, to be the subject to Civil RICO liability, a defendant must have participated, directly or indirectly, in the operation or management of the enterprise, with, at a minimum, some part in directing the enterprise's affairs. *See In Re Sumitomo Copper Litigation,* 995 F. Supp., 451, 454 (S.D.N.Y.1998). At bar, plaintiffs have not raised in opposition, and the proposed second amended complaint fails to set forth that JLC participated directly or indirectly in the operation or management of the "enterprise" or that JLC played some part in directing the "enterprise's" affairs in any manner.

Additionally, plaintiffs have failed to raise an issue of fact in opposition that a civil conspiracy exists, and, thus, their second cause of action must fail as against JLC since plaintiffs and the proposed second amended complaint have failed to set forth the requisite elements of: (i) suppression of material facts; (ii) a duty to disclose such material facts; (iii) intent to defraud; (iv) that plaintiff would have acted differently; and (v) damages. *See Cofacredit, S.A., supra*; *Koch v. Dwyer*, 2000 WL 1458803 (S.D.N.Y. 2000); *U.S. v. Ulbricht*, 31 F. Supp.3d 540 (S.D.N.Y. 2014).

At bar, plaintiffs' arguments raised in opposition amount to nothing more than mere reiteration of the allegations in their First Amended Complaint, including allegations that JLC aided and/or assisted the Deo Defendants' alleged wrongful actions by falsifying financial statements, altering financial records, altering journal entries, and creating or submitting forged instruments or "false financials to create the illusion that Superb was profitable." *See* Lentinello Decl. in Support, Ex. "A", ¶¶ 255, 322.  Notably absent are any allegations or facts to establish or support in any manner that JLC directed or operated the Deo Defendants' scheme, as required under settled Second Circuit law. *Id.* In fact, plaintiffs' opposition merely repeats their baseless allegations that "Jones and his firm knew Superb was operating at a loss, they nonetheless altered journal entries in its accounting systems to create the appearance that it was operating profitably

2

in order to deceive Urrutia and maintain his confidence in Deo." *See* Plaintiffs' memorandum of law in opposition, p. 26. Thus, the allegations and arguments raised in opposition are insufficient as a matter of law and cannot form the basis of RICO liability claims as against JLC. *See In Re Agape Litig.*, 681 F.Supp.2d 352 (E.D.N.Y. 2010).

In *In Re Agape Litig.*, *supra*, a RICO claim was dismissed where the Court held that allegations that the financial defendant had actual knowledge of a scheme to defraud the plaintiff and the defendant's actions were insufficient as a matter of law to support a RICO claim. In a manner analogous to *In Re Agape Litig.*, *supra*, this Court should similarly hold that the allegations are insufficient as a matter of law since plaintiffs' pleadings fail to allege or lack support that JLC directed or operated the alleged scheme. *Id.* Furthermore, contrary to plaintiffs' skewed depiction, plaintiffs still fail to allege that JLC directed or operated any scheme whatsoever, which is also a requisite element. *Id.* Plaintiffs' argument that JLC manipulated and altered entries in Superb's accounting system is without basis as the information came from Superb's system and JLC were only ever engaged in a limited capacity to assist in rectifying and reconciling certain financial schedules and information which was originally prepared internally by Superb and Superb's own controllers and sent to JLC for advice and recommendations. *See* Jones Decl., ¶¶3-10. The information provided to JLC was prepared either by Superb's Kendra Kernizant or prepared by someone else in Ms. Kernizant's office and sent by her to JLC for their clean up and reconciliation. *Id.,* ¶ 9, Exs. "2"-"5". In fact, there were even issues with the financial information that was provided to JLC by Ms. Kernizant, which caused JLC to render advice and recommendations including correcting an improper cash balance and recommending review of missed postings from the journal of Superb. *Id.*, ¶7, Ex. "4". Plaintiffs also raised in opposition, albeit without any factual support, that JLC assisted Deo in procuring the Libertas funds and the Flushing loan by preparing falsified financial records, without providing any requisite specificity whatsoever regarding any alleged wrongdoing, including entirely overlooking their own internal financial reporting and

3

responsibilities. Thus, this serves as a separate and independent basis or grounds for dismissal of the First Amended Complaint. *See Brookhaven Town Conservative Comm. v. Walsh*, 258 F.Supp.3d 277, 285-286(E.D.N.Y. 2017); *Anatian; supra*; *Colony at Holbrook, Inc. v. Strata G.C., Inc.*, 928 F.Supp. 1224 (E.D.N.Y. 1996).

Moreover, "[w]hen alleging fraudulent activities as predicate acts for a RICO claim, a plaintiff must satisfy the particularity requirements of Federal Rule Civ. P. 9(b)." *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 172-173 (2d Cir. 1999). These allegations cannot be plead upon information and belief, as they are plead in the First Amended Complaint, or further posited in plaintiffs' opposition to JLC's motion. *Id.*; *see also Colony at Holbrook, supra*; *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242 (2d Cir. 1987). Nowhere within plaintiffs' First Amended Complaint, or in plaintiffs' opposition, is there any indication of any place or date where any of the alleged actions allegedly took place or occurred, further supporting dismissal. *Id.* Furthermore, plaintiffs posit in opposition that JLC enabled wire fraud and the use of forged instruments by submitting false tax returns, bank applications, and false loan applications. However, all information on the tax returns, and in the monthly reports sent to JLC by Superb, came from Superb. *See* Jones Decl., §§ 7-9, 11. Moreover, plaintiffs have the setting forth the requisite level of alleged conscious behavior on JLC's part to support a wire fraud allegation as a predicate for a RICO claim, which plaintiffs at bar fail to do. *See O'Brien v. Price Waterhouse*, 740 F.Supp.276 (S.D.N.Y.1990). Plaintiffs also fail to raise any arguments in opposition that JLC participated in or operated the management of the alleged RICO enterprise, which is a requirement under settled Second Circuit law. Thus, the First Amended Complaint (and any proposed second amended complaint) must be dismissed as against JLC. *Id.*; *see also Reves v. Ernst & Young*, 507 U.S.170 (1993).

Regarding plaintiffs' arguments in opposition that JLC created, or submitted false financial documents to banking institutions, plaintiffs fail to support their allegations with any sort of

4

requisite particularity or specificity as required under the statute as no dates, names, times, or places regarding any alleged creation or submission are set forth in plaintiffs' pleadings. *See, Moore, supra*; *Colony at Holbrook, supra*. Plaintiffs' opposition fails to raise an issue of fact preventing dismissal as the First Amended Complaint (and proposed second amended complaint) is replete with speculative presumptions, and vague and conclusory allegations -- all of which are not entitled to a presumption of truth and fail to meet the specificity requirements against JLC. For the reasons set forth in JLC's moving papers and in the Jones Decl., no requisite predicate acts have been plead, and plaintiffs' allegations of mail or wire fraud as against JLC are specious, entirely speculative, conclusory, and unsupported by any specificity, requiring dismissal at the pleading stage. *See Brookhaven Town Conservatve Comm v. Walsh,* 258 F.Supp.3d 277, 285-286 (E.D.N.Y.2017); *Anatian, supra*; *Moore, supra; DiVittorio, supra*.

Furthermore, JLC reiterates that, to the extent that plaintiffs' First Amended Complaint attempts to allege negligence or accounting malpractice,[1] or even general fraud claims as predicate acts, it is well settled that Civil RICO claims must be based upon actual racketeering conduct and that garden-variety torts, such as negligence/malpractice or even general fraud, do not typically qualify. *See Hecht, supra*; *Rajaratnam v. Motley Rice, LLC*, 449 F. Supp.3d 45 (E.D.N.Y. 2020); *JGIAP RH 160 LLC v. CRI Holding Corp.*, 2023 WL 5979125 (E.D.N.Y. 2023); *Zeltser v. Joint Stock Bank Inkombank*, 1998 WL 289739 (S.D.N.Y. 1998); *Browning Ave. Realty Corp. v. Rosenshein*, 774 F. Supp. 129 (S.D.N.Y. 1991). Therefore, to the extent that plaintiffs attempt to assert claims or accounting malpractice and/or negligence on JLC's part as predicate acts for a Civil RICO cause of action, any attempt would run contrary to settled case law. *Id.*

Therefore, plaintiffs' Civil RICO and conspiracy causes of action should be dismissed in their entirety as a matter of law as against JLC.

---

[1] Plaintiffs' causes of action for negligence/accounting malpractice are general state law claims over which this Court should not exercise supplemental jurisdiction.

5

## POINT II

### PLAINTIFFS HAVE FAILED TO RAISE AN ISSUE OF FACT IN OPPOSITION, REQUIRING DISMISSAL OF THE FRAUD CAUSE OF ACTION AGAINST JLC

If fraud is plead, as at bar, it must be plead and particularized as to each defendant. *See Browning, supra*; *Protter v. Nathan's Famous Systems, Inc.*, 904 F. Supp. 101 (E.D.N.Y. 1995). Under Fed. R. Civ. P. 9(b), a fraud plaintiff must allege "the time, place, speaker, and sometimes even the content of the alleged misrepresentation." *See Techno-Comp, Inc., supra*.; *In Re Crazy Eddie Securities Litig.*, 802 F. Supp. 804 (E.D.N.Y. 1992). As the Court held in *Techno-Comp, Inc., supra*, and *Millis v. Polar Mechanical Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993), Rule 9(b) is not satisfied where the First Amended Complaint only vaguely attributes the alleged fraudulent conduct to the defendants and the fact that the defendants had a relationship is not sufficient -- there is a requirement that the defendants personally knew of, or participated in the fraud. New York courts have held that, where "defendants have strained to read meaning into a plaintiff's complaint in order to assert defenses and bars to maintenance of the actions…..plaintiff has not satisfied the first requirement of pleading facts which give notice of the transactions or occurrences intended to be proved, [thus] there are no facts against which to apply the second requirement of whether the alleged facts state a cognizable cause of action." *Jackson v. Bank of New York Mellon*, 33 Misc.3d 1208(A), 939 N.Y.S.2d 740 (N.Y. Sup. Kings Co. 2011); *see* CPLR § 3013, § 3014 and § 3016; *Stoianoff v. Gahona,* 248 A.D.2d 525, 670 N.Y.S.2d 204 (2d Dep't 1998); *Cadet v. James B. Nutter & Co.*, 133 A.D.3d 561, 19 N.Y.S.3d (2d Dep't 2015).

At bar, plaintiffs' opposition fails to refute that the First Amended Complaint lacks any sufficiently particularized allegations as against JLC. Although the First Amended Complaint and plaintiffs' opposition note alleged steps that Deo took, it fails to specify with particularity any actions by JLC other than that alleging that JLC allegedly manipulated financial information provided to them. However, JLC was only engaged in a limited capacity and all original statements

6

were internally prepared including by Superb's own controller, who always retained final responsibility for justifying any adjusting journal entries. *See* Jones Decl. No other details are specified in plaintiffs' pleading or opposition -- likely because none exist. *Id.* In fact, nothing more was offered in plaintiffs' opposition to JLC's motion than was plead originally in the First Amended Complaint. Thus, in the absence of requisite specificity of acts in its pleading, the First Amended Complaint should be dismissed as a matter of law as against JLC. *See Techno-Comp, Inc., supra*. Plaintiffs' attempt to argue in opposition that Mr. Jones manipulated Superb's monthly financial information which was prepared by Superb's controller to deceive Ally Bank and others does not satisfy the specificity requirement of Rule 9 as a matter of settled law. Plaintiffs fail to allege or support that JLC ever had any requisite intent to defraud or ever provided any of their limited monthly reconciliations to Ally Bank or others, other than Superb. *See* Jones Decl.

Moreover, neither the First Amended Complaint nor plaintiffs' opposition identifies or sets forth any alleged "false conduct" on JLC's part with intent, requiring dismissal. *See Techno-Comp, Inc., supra*; *Millis, supra*. Thus, the First Amended Complaint (and any proposed second amended complaint) must be dismissed as against JLC as a matter of law. *Id.* Second Circuit Courts have held that an accountant cannot subsequently be held responsible for a company's financial information if it does not issue a public opinion or advice about the company, despite having assisted in internal reporting. *See Shapiro v. Cantor*, 123 F.3d 717 (2d Cir. 1997). Here, JLC only offered Suberb journal entries to correct any errors that were discovered by JLC and all information and decisions regarding the financial statements always remained solely with Superb, which plaintiffs did not refute and cannot refute. *See* Jones Decl., ¶11. Thus, no false content is either plead or raised in opposition to refute dismissal of the pleadings as against JLC. *See Shapiro, supra*.

7

## POINT III

### PLAINTIFFS HAVE FAILED TO ESTABLISH WHY THIS COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS AGAINST JLC IF THE CIVIL RICO AND CONSPIRACY CAUSES OF ACTION ARE DISMISSED

It is undisputed that plaintiffs' 11th, 12th, 51st, and 52nd causes of action allege general, run of the mill, state law claims as against JLC. Plaintiffs readily acknowledge and concede in their opposition that those causes of action for alleged accounting malpractice/negligence and fraud are pending before this Court solely under the doctrine of supplemental jurisdiction. The First Amended Complaint (and any proposed second amended complaint) is devoid of any support for Civil RICO or conspiracy causes of action as against JLC, and, if the Court dismisses those causes of action as against JLC, this Court should refrain from exercising pendent or supplemental jurisdiction in the interests of comity. *See Eaves v. Levitt-Fuirst Assocs., Ltd.*, 2023 WL 3434987 (E.D.N.Y., May 12, 2023). "Courts should 'abstain from exercising pendent jurisdiction.'" *Eaves, supra*; *see also Kavit v. A.L. Stamm & Co.,* 491 F.2d 1176 (2d. Cir. 1974). "[R]ecognition of a federal Court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a [plaintiffs] effort to impose upon it what is in effect only a state law case." *Kavit, supra*.

Therefore, as plaintiffs' remaining claims would be solely state law claims, if the RICO and Conspiracy claims are dismissed, this Court should abstain from exercising pendent or supplemental jurisdiction over causes of action nos. 11, 12, 51, and 52, since exceptional circumstances are not present at bar and there would be no other subject matter jurisdiction basis for doing so.

## **CONCLUSION**

For the reasons set forth above and JLC's moving papers, JLC's motion should be granted in its entirety.

Dated: Woodbury, New York  
       April 26, 2024

MILBER MAKRIS PLOUSADIS  
& SEIDEN, LLP

_____  
By: John A. Lentinello (JAL 0187)  
    Attorneys for Defendants  
    Thomas Jones, CPA, and Jones, Little  
    & Co., CPA's, LLP  
    1000 Woodbury Road, Suite 402  
    Woodbury, New York 11797  
    (516) 870-1160