UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                            Plaintiffs,

       -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                            Defendants.
------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR CROSS-MOTION FOR LEAVE TO AMEND THE PLEADINGS**

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**……………………………………………………...1

**FACTS** ........................................................................................................................1

**ARGUMENT** ..............................................................................................................1

    **PLAINTIFFS' CROSS-MOTION TO AMEND MUST BE GRANTED** .....................1

        i. The Documents Referenced in the Third Amended Complaint are Not Extrinsic Evidence……………………………………………………………………3

        ii. The Proposed Amended Pleadings Are Not Futile as Plaintiffs Have Sufficiently Stated a Claim for Violations of RICO as Against Flushing……………………………5

        iii. Plaintiffs' Claim Against Flushing for RICO Conspiracy is Not Futile…………10

        iv. Leave to Amend Should Be Granted a Second Time……………………………11

**CONCLUSION**...........................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

<u>131 Main St. Assocs. v. Manko</u>,
    897 F. Supp. 1507 (S.D.N.Y. 1995)................................................................................ 8

<u>Albright v. Terraform Labs, Pte. Ltd.</u>,
    641 F. Supp. 3d 48 (S.D.N.Y. 2022).................................................................................. 9

<u>Alix v. McKinsey & Co., Inc.</u>,
    No. 18-CIV.-4141 (JMF), 2023 WL 5344892 (S.D.N.Y. Aug. 18, 2023) ........................ 8

<u>Anderson News, L.L.C. v. Am. Media, Inc.</u>,
    680 F.3d 162 (2d Cir. 2012)............................................................................................. 1

<u>Angermeir v. Cohen</u>,
    14 F. Supp. 3d 134 (S.D.N.Y. 2014).............................................................................. 11

<u>Boyle v. United States</u>,
    556 U.S. 938, 945 (2009)................................................................................................. 5

<u>City of New York v. Chavez</u>,
    2012 U.S. Dist. LEXIS 42792 (S.D.N.Y. 2012)............................................................. 11

<u>City of New York v. Hatu</u>,
    2019 U.S. Dist. LEXIS 91576 (S.D.N.Y. 2019)............................................................. 11

<u>Conte v. Newsday, Inc.</u>,
    703 F. Supp. 2d 126 (E.D.N.Y. 2010) ............................................................................. 6

<u>Deluca v. AccessIT Group, Inc.</u>,
    695 F. Supp. 2d 54 (S.D.N.Y. 2010)................................................................................ 3

<u>Environmental Servs. v. Recycle Green Servs.</u>,
    7 F. Supp. 3d 260 (E.D.N.Y. 2014) ............................................................................... 10

<u>Faulkner v. Beer</u>,
    463 F.3d 130 (2d Cir. 2006)............................................................................................. 4

<u>Foster v. 2001 Real Estate</u>,
    2015 U.S. Dist. LEXIS 159489 (S.D.N.Y. Nov. 24, 2015).............................................. 6

<u>Greenberg v. Blake</u>,
    2010 U.S. Dist. LEXIS 57617 (E.D.N.Y. 2010).............................................................. 6

H.J. Inc. v. Northwestern Bell Tel. Co.,
   492 U.S. 229 (1989) ............................................................................................................. 9

Harris v. TD Ameritrade Clearing Inc.,
   2022 U.S. Dist. LEXIS 148390 (S.D.N.Y. 2022) ................................................................. 4

Helprin v. Harcourt, Inc.,
   277 F. Supp. 2d 327 (S.D.N.Y. 2003) ................................................................................. 3

Hussain v. Burton & Doyle of Great Neck LLC,
   2015 U.S. Dist. LEXIS 176551 (E.D.N.Y. 2015) ................................................................ 2

Lewis v. Wells Fargo Bank, N.A.,
   2023 U.S. Dist. LEXIS 48737 (E.D.N.Y. 2023) .................................................................. 3

Liu v. Chan,
   2022 U.S. Dist. LEXIS 130553 (E.D.N.Y. 2022) ................................................................ 2

Lundy v. Cath. Health Sys. of Long Is. Inc.,
   711 F.3d 106 (2d Cir. 2013) ................................................................................................. 9

Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.,
   265 F.R.D. 106 (S.D.N.Y. 2010) ......................................................................................... 3

McLaughlin v. Anderson,
   962 F.2d 187 (2d Cir. 1992) ............................................................................................. 8, 9

Nieves v. City of New York,
   2024 U.S. Dist. LEXIS 59377 (S.D.N.Y. 2024) ................................................................... 4

One World, LLC v. Onoufriadis,
   2021 U.S. App. LEXIS 29370 (2d Cir. Sept. 29, 2021) ..................................................... 10

Pasternack v. Shrader,
   863 F.3d 162 (2d Cir. 2017) ................................................................................................. 1

Ricciuti v. N.Y.C. Transit Auth.,
   941 F.2d 119 (2d Cir. 1991) ................................................................................................. 2

S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.,
   84 F.3d 629 (2d Cir. 1996) ................................................................................................... 9

Singh v. Parnes,
   199 F. Supp. 2d 152 (S.D.N.Y. 2002) .................................................................................. 6

Trump v. Vance,
    977 F.3d 198 (2d Cir. 2020) ............................................................................................... 4

United States ex rel. Foreman v. AECOM,
    19 F.4th 85 (2d Cir. 2021) ................................................................................................. 4

United States Fire Ins. Co. v. United Limousine Serv.,
    303 F. Supp. 2d 432 (S.D.N.Y. 2004) .............................................................................. 11

United States v. McKesson Corp.,
    2023 U.S. Dist. LEXIS 120760 (E.D.N.Y. 2023) .............................................................. 2

United States v. Turkette,
    452 U.S. 576 (1981) ........................................................................................................... 5

Wawa, Inc. v. Mastercard Int'l, Inc.,
    2023 U.S. Dist. LEXIS 167292 (S.D.N.Y. 2023) .............................................................. 4

Wilkov v. Ameriprise Fin. Servs.,
    753 Fed. Appx. 44 (2d Cir. 2018) ...................................................................................... 3

Wood Ex rel. US. v. Applied Research Assocs., Inc.,
    328 F. 17 Appx. 744 (2d Cir. 2009) ................................................................................. 10

**Rules**

Fed. R. Civ. P. 15(a)(2) ................................................................................................................ 11

**PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this reply memorandum of law in further support of their Cross-Motion to Amend the Pleadings ("Cross-Motion") as against Defendant Flushing Bank ("Flushing"). Plaintiffs have submitted a proposed Second Amended Complaint ("SAC"), followed by a Third Amended Complaint ("TAC"), that cures any "deficiencies" in the First Amended Complaint ("FAC"). To the extent that there are any other deficiencies, Plaintiffs cite to ECF docket entries in the TAC, which are incorporated by reference herein, which together are sufficient to state causes of action against Flushing for their RICO claims. Accordingly, and for the reasons set forth below, Plaintiffs' Cross-Motion should be granted in its entirety.

**FACTS**

Plaintiffs filed the SAC in response to Flushing's motion to dismiss and later filed the TAC in response to the remaining defendants' motions to dismiss. These allegations, as set forth in further detail, *infra*, cure any alleged "deficiencies" in the FAC sufficient to defeat the motions to dismiss and, as such, those motions should be denied accordingly.

**ARGUMENT**

**PLAINTIFFS' CROSS-MOTION TO AMEND MUST BE GRANTED**

"[T]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." See Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017); see also Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) ("When a party requests leave to amend its complaint, permission generally should be freely granted"); Liu v. Chan, 2022 U.S. Dist. LEXIS 130553, *9-10 (E.D.N.Y. 2022) (emphasizing that "[t]he party that opposes the motion to amend 'bears the burden of establishing that an amendment would be prejudicial or futile'" (internal citations omitted)).

"Courts have not found undue prejudice where the non-movant has been on notice of the newly alleged facts, [and] the amended allegations arose out of the same conduct, transaction, or occurrence as the earlier-filed pleadings." United States v. McKesson Corp., 2023 U.S. Dist. LEXIS 120760, *20-21 (E.D.N.Y. 2023). Here, there is no undue delay or bad faith by Plaintiffs in amending the FAC given that Plaintiffs' Cross-Motion was filed before discovery commenced, arise out of the complex nature of the claims, and the fact that Flushing has been on notice of the allegations in the SAC and TAC since at least December 11, 2024, when the SAC was submitted to Flushing.

The SAC and TAC are also sufficiently detailed to cure any alleged deficiencies in the FAC. As stated in further detail, *infra*, there are detailed allegations in the FAC and TAC regarding Flushing sufficient to state causes of action as against Flushing for its RICO claims. See Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) (holding that courts should not dismiss complaints for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, and it should not deny leave to file a proposed amended complaint unless that same rigorous standard is met") (internal quotation omitted); see also Hussain v. Burton & Doyle of Great Neck LLC, 2015 U.S. Dist. LEXIS 176551, * 10-11 (E.D.N.Y. 2015).    Thus, the amendment is not futile.

Accordingly, Plaintiffs' Cross-Motion for leave to amend the pleadings should be granted in order to permit a merits-based determination of their claims against Flushing for facilitating the Deo Defendants' fraudulent schemes.

     i.     <u>The Documents Referenced in the TAC are Not Extrinsic Evidence</u>

Rather than address the merits of its motion, Flushing harps on procedural objections designed to avoid permitting this Court to review all of the facts as alleged in the pleadings.

Notwithstanding Flushing's contention that if documents such as the Declaration of Robert Anthony Urrutia "contain allegations that Plaintiffs now believe are necessary to their claims, Plaintiffs should have incorporated them into their Complaint," these documents were in fact incorporated into the FAC. "To be incorporated by reference, the complaint must make 'a clear, definite and substantial reference to the documents.'" Deluca v. AccessIT Group, Inc., 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (quoting Helprin v. Harcourt, Inc., 277 F. Supp. 2d 327, 330-31 (S.D.N.Y. 2003)); see also Lewis v. Wells Fargo Bank, N.A., 2023 U.S. Dist. LEXIS 48737, *6 (E.D.N.Y. 2023). Plaintiffs have also done so in the TAC.

Flushing cites to Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig., 265 F.R.D. 106 (S.D.N.Y. 2010) ("SocketWorks") to argue that Plaintiffs cannot "save poorly plead allegations" through extrinsic evidence. Opposition, p. 4. However, it misrepresents its holding. There, the court held that the "plaintiffs' complaint makes no explicit reference to, nor does it quote at all from, the Edozie Affidavit and Exhibits" and ruled that a "single implicit reference to [] email correspondence" was a "scant reference" that failed to "meet the high bar courts have set to recognize documents extraneous to a complaint as 'incorporated by reference.'" Id. at 124. Not so here, as Plaintiffs do not rely on extrinsic evidence; rather, they explicitly rely on references to the record in this case. Further, unlike in SocketWorks, the declarations are explicitly referenced in both the FAC and the TAC. See Wilkov v. Ameriprise Fin. Servs., 753 Fed. Appx. 44, 46 (2d Cir. 2018) (finding a contract to be properly incorporated by reference where "it was referenced throughout the second amended complaint."); see also Harris v. TD Ameritrade Clearing Inc., 2022 U.S. Dist. LEXIS 148390, *5 n. 2 (S.D.N.Y. 2022) ("The Court considers the 2011 and 2014 Awards [ECF Nos. 17-5 and 17-6] on this Motion because they are incorporated by reference in the SAC … and because the Court may take judicial notice of FINRA public records").

3

The TAC contains hyperlinks to the documents on Pacer that are part of the docket. The references to specific ECF docket entries is "a clear, definite and substantial reference to the documents." See Wawa, Inc. v. Mastercard Int'l, Inc., 2023 U.S. Dist. LEXIS 167292, *14 (S.D.N.Y. 2023) (holding that explicit citations to specific provisions of a document are sufficient to incorporate that document by reference); Nieves v. City of New York, 2024 U.S. Dist. LEXIS 59377, *7 (S.D.N.Y. 2024) ("The Warrant and Summons are incorporated into the Amended Complaint by reference because the pleading makes 'a clear, definite and substantial reference to' these documents … Indeed, the Amended Complaint makes at least five clear references to these documents") (citing Trump v. Vance, 977 F.3d 198, 210 n.8 (2d Cir. 2020)); United States ex rel. Foreman v. AECOM, 19 F.4th 85, 106 (2d Cir. 2021) ("Where a document is not incorporated by reference, the court may [nevertheless] consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint").

Here, because documents such as the Declaration of Robert Anthony Urrutia are explicitly incorporated by reference into the FAC and TAC, Plaintiffs do not need to prove that these documents are integral to the complaint or that there is no dispute regarding their authenticity or accuracy.

In Faulkner v. Beer, 463 F.3d 130, 133-34 (2d Cir. 2006), the Second Circuit held that "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." Id. at 134. Thus, Faulker does not, as Flushing contends, stand for the proposition that a document incorporated by reference must have no dispute regarding its authenticity or accuracy. Rather, it limits this requirement to documents that are "integral" to a complaint, as opposed to "incorporated."

The references to the ECF docket are part of the Complaint: they are not extrinsic.

4

Thus, Flushing's reliance on Faulkner is misplaced, and this Court may properly consider the record as a whole, especially where specific docket entries are referenced, in assessing the sufficiency of the pleadings, notwithstanding Flushing's technical and procedural arguments designed to deflect from the well-pled facts against it.

  ii. The Proposed Amended Pleadings Are Not Futile as Plaintiffs Have Sufficiently Stated a Claim for Violations of RICO as Against Flushing

Flushing argues that Plaintiffs' proposed amendments are futile as they have failed to state a claim against Flushing for violating RICO because they failed to plead that Flushing was part of an enterprise. However, Plaintiffs have sufficiently alleged an association-in-fact enterprise of which Flushing played an important part.

An association-in-fact enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." See Boyle v. United States, 556 U.S. 938, 945 (2009) (quoting United States v. Turkette, 452 U.S. 576, 583 (1981)).

At a minimum, "an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." See Boyle, 556 U.S. at 956 (internal quotations omitted).

The Second Circuit looks to the "'hierarchy, organization, and activities' of the association to determine 'whether its members functioned as a unit.'" See Foster v. 2001 Real Estate, 2015 U.S. Dist. LEXIS 159489, *9 (S.D.N.Y. Nov. 24, 2015) (quoting Conte v. Newsday, Inc., 703 F. Supp. 2d 126, 133-34 (E.D.N.Y. 2010)). Critically, the Supreme Court's holding in Boyle establishes that a RICO enterprise need not have a formal hierarchy. See Greenberg v. Blake, 2010 U.S. Dist. LEXIS 57617, *21 (E.D.N.Y. 2010).

5

The allegations in the complaint must "address[] the relationships among defendants in a manner that distinguishes between the "enterprise' and the 'person' who conducted the affairs of the enterprise through a pattern of racketeering." Singh v. Parnes, 199 F. Supp. 2d 152, 162 (S.D.N.Y. 2002). The pleadings here adequately provide detailed allegations concerning Flushing Bank's participation in the Deo Defendants' fraud: an agent of Flushing opened a bank account in Superb's name that permitted the Deo Defendants to commit unspeakable and unabashed fraud because the Defendant Anthony Deo was paying him to do so.

Flushing also argues that Plaintiffs do not sufficiently allege wrongdoing on behalf of Flushing because they fail to plead wire fraud with particularity. Opposition, p. 12. Flushing further argues that "Plaintiffs' claims that Flushing Bank was involved in an "enterprise" are nothing more than conclusory statements that fail to demonstrate that the Bank shared a common interest with any other defendant or participated in the 'operation or management' of any alleged scheme." Opposition, p. 12. Here, however, Plaintiffs allege that "Defendants Laurie and Jones enabled wire fraud and the use of forged instruments to occur by creating or submitting the forged instruments, *i.e.*, false tax returns, false bank applications, and false loan applications, to assist in the remaining Defendants' scheme to steal from Superb" (FAC ¶ 255) and that "Laurie enabled Defendants by substantially assisting them in opening an account at Flushing Bank" (FAC ¶ 244).

Plaintiffs also allege in the TAC that "Flushing's employees and agents participated in [the Deo Defendants'] scheme by permitting Deo to open a bank account for Superb when they knew that he had no authority to do so" because "Flushing was in possession of documentation indicating that Deo had no such authority." TAC ¶ 780. Thus, Plaintiffs have established the associations and relationships among the Defendants—including Flushing—sufficient to allege an association-in-fact enterprise.

6

Further, Plaintiffs allege in the TAC that: "Urrutia spoke directly with David Weinstein ('Weinstein') – the Vice President and Branch Manager of Flushing's Borough Park branch – and Mr. Weinstein knew that he was the majority shareholder of Superb" (TAC ¶ 648); "Around the same time, on March 31, 2023, Deo had contacted Rober Puccio ('Puccio') – the Vice President of Flushing's Business Banking Group located at 99 Park Avenue in Manhattan, who Deo represented was his 'personal banker' – to open an account" (TAC ¶ 649); "On the same day, Weinstein asked Urrutia whether Urrutia wanted to share his personal tax returns with Puccio, and Weinstein also asked Urrutia for the name of Urrutia's partner at Superb, thereby establishing both that Weinstein and Puccio knew Deo was not the sole shareholder of Superb, given that Weinstein was in contact with Puccio about opening an account at Superb" (TAC ¶ 651); and "The very same day, Deo informed [Bruce] Novicky that he has a person banker ready to open an account for Superb with Flushing and that Deo can obtain a $500,000.00 line of credit as well" (TAC ¶ 652).

The allegations in the TAC thus further set forth the purpose of and relationships among the Defendants sufficient to allege an association-in-fact enterprise of which Flushing played an important part.

Plaintiffs also allege in the TAC that: Deo told Novicky "'Bro. This guy and the Credit underwriter are in my pocket'" (TAC ¶ 653), "Deo's own communications establish that Flushing and its agents were in on the Deo Defendants' schemes to loot and plunder Superb" (TAC 654); "Within days of these communications, Deo successfully opened a bank account with Flushing unbeknownst to Urrutia" (TAC ¶ 655); and "Flushing therefore knowingly participated in the Deo Defendants' fraudulent schemes by permitting him to open an account with Superb despite the fact that they knew he had no authority to do so" (TAC ¶ 656).

7

Thus, Plaintiffs have sufficiently established the continuity and longevity of Flushing's participation in the Deo Defendants' enterprise sufficient to allege an association-in-fact enterprise and Flushing's participation in same.

Finally, Plaintiffs allege that "[t]he transactions in Superb's Flushing account should have raised red flags for Flushing given the nature of the transactions" (TAC ¶ 660); "Flushing therefore knew and had reason to know that the Deo Defendants were utilizing the bank account for Super to launder their ill-gotten gains" (TAC ¶ 661); and "Flushing's agents benefitted from assisting the Deo Defendants because they were in Deo's 'pocket'" (TAC ¶ 662).

As such, Plaintiffs have sufficiently alleged that Flushing has benefited from its participation in the Deo Defendants' enterprise.

The allegations in the TAC sufficiently set forth that Flushing directly assisted in (and aided and abetted) the Deo Defendants in carrying out their schemes, which courts have repeatedly held is sufficient to state a RICO claim under such circumstances.

This is because it is possible to "operate or manage an enterprise and yet, through delegation, avoid directly committing predicate acts." 131 Main St. Assocs. v. Manko, 897 F. Supp. 1507, 1528 n.17 (S.D.N.Y. 1995). Prohibiting RICO liability for aiding and abetting predicate acts would therefore unduly narrow the reach of the statute. See Alix v. McKinsey & Co., Inc., 2023 U.S. Dist. LEXIS 145872, *35 (S.D.N.Y. Aug. 18, 2023).

Thus, a RICO claim may lie against a defendant who "personally committed *or aided and abetted* the commission of two predicate acts." See McLaughlin, 962 F.2d at 192 (emphasis added). See also Albright v. Terraform Labs, Pte. Ltd., 641 F. Supp. 3d 48, 54 (S.D.N.Y. 2022) ("Generally . . . only the existence of a 'complex, multi-faceted scheme[]' is ordinarily sufficient to 'satisfy [the] "pattern" element of a plausible RICO claim'" (internal citations omitted)).

Accordingly, Plaintiffs sufficiently allege that Flushing's predicate acts "share the same or similar purposes, results, participants, victims or methods, or otherwise are interrelated by distinguishing characteristics and are not isolated events." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240 (1989). Flushing is part of the larger, multi-faceted operation that is the Deo Defendants' enterprise.

Consequently, Plaintiffs have established the associations and relationships between and among the Defendants, and the continuity and, thus, longevity of the Defendants' racketeering activity in furtherance of the enterprise, to sufficiently allege that the Deo Defendants' enterprise is an association-in-fact and that Flushing was a member of same.

Finally, Plaintiffs have sufficiently alleged wrongdoing as against Flushing sufficient to satisfy Rule 9(b) of the Federal Rules of Civil Procedure ("Rules" or "Rule"). The Second Circuit has held that the "bare minimum of a RICO charge is that a defendant personally committed or aided and abetted the commission of two predicate acts." See McLaughlin v. Anderson, 962 F.2d 187, 192 (2d Cir. 1992) (emphasis added). In order to plead wire fraud, a plaintiff "must show (1) the existence of a scheme to defraud, (2) [the defendants'] knowing or intentional participation in the scheme, and (3) the use of interstate mails or transmission facilities in furtherance of the scheme." See S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp., 84 F.3d 629, 633 (2d Cir. 1996); see also Lundy v. Cath. Health Sys. of Long Is. Inc., 711 F.3d 106, 119 (2d Cir. 2013). RICO claims in which the predicate act is based on fraud must meet the heightened pleading standard of Rule 9(b). See Wood Ex rel. US. v. Applied Research Assocs., Inc., 328 F. 17 Appx. 744, 747 (2d Cir. 2009). "Where a civil RICO claim is predicated on acts of fraud, a plaintiff must comply with [Rule] 9(b)'s requirement to plead with particularity" See Environmental Servs. v. Recycle Green Servs., 7 F. Supp. 3d 260, 271 (E.D.N.Y. 2014) (internal quotations omitted).

9

Here, Plaintiffs allege in the TAC that "Deo misappropriated customer payments for certain vehicles sold by depositing those funds in to the unauthorized Flushing account and then transmitting those funds into his own accounts" (TAC ¶ 663), that Flushing opened the bank account in Superb's name for Deo despite knowing he was not the 100% owner of Superb, and that these transactions "should have raised red flags for Flushing given the nature of the transactions: (i) money comes in; (ii) money is then immediately transferred out; and (iii) no expenses or payroll are paid out of the sole checking account for a dealership" (TAC ¶ 660). Each wire is a predicate act for purposes of the RICO claims. See ECF Docket Entry 11-9 at 16-23. As set forth in detail, *supra*, these allegations of fraud are sufficiently particular to satisfy Rule 9(b).

  iii. <u>Plaintiffs' Claim Against Flushing for RICO Conspiracy is Not Futile</u>

As set forth, *supra*, Plaintiffs have sufficiently established the existence of an association-in-fact enterprise and have sufficiently alleged the elements of a RICO claim sufficient to sustain a claim. Plaintiffs have also sufficiently alleged a RICO conspiracy claim. To establish a RICO conspiracy claim, a plaintiff must allege that the defendant participated in "an agreement to violate RICO's substantive provisions." See <u>One World, LLC v. Onoufriadis</u>, 2021 U.S. App. LEXIS 29370, *3 (2d Cir. Sept. 29, 2021) (summary order) (internal quotation marks omitted).

Critically, an agreement may be shown "by circumstantial evidence of the defendant's status in the enterprise or knowledge of the wrongdoing." See <u>City of New York v. Chavez</u>, 2012 U.S. Dist. LEXIS 42792 at *21 (S.D.N.Y. 2012) (internal quotation marks omitted).

As set forth in greater detail *supra*, Plaintiffs make specific allegations that Flushing knew of the Deo Defendants' enterprise and facilitated predicate acts in furtherance thereof. Plaintiffs have sufficiently alleged that Flushing committed the predicate acts of wire fraud in furtherance of the Deo Defendants' racketeering scheme.

10

Indeed, "'the inference of an agreement'" on those Defendants' part "to join the conspiracy 'is unmistakable.'" See Angermeir v. Cohen, 14 F. Supp. 3d 134, 154-155 (S.D.N.Y. 2014) (citing cases); see also City of New York v. Hatu, 2019 U.S. Dist. LEXIS 91576, *44-45 (S.D.N.Y. 2019). "Considered as a whole, these allegations 'provide a substantial factual basis from which to infer an agreement among these defendants.'" United States Fire Ins. Co. v. United Limousine Serv., 303 F. Supp. 2d 432, 454 (S.D.N.Y. 2004) (internal citations omitted).

Accordingly, and because the allegations in the FAC and TAC sufficiently show that the Deo Defendants could not carry out their scheme without Flushing's assistance, Plaintiffs adequately state a claim against Flushing under RICO's conspiracy provision.

    iv.    <u>Leave to Amend Should Be Granted a Second Time</u>

Finally, leave to amend should be granted a second (or third) time because, as stated in further detail, *supra*, the proposed amendments in the FAC cure any alleged "deficiencies" in the FAC. Rule 15 provides that "courts should freely give leave when justice so requires." See Fed. R. Civ. P. 15(a)(2).

As set forth above, the interests of justice require granting Plaintiffs' Cross-Motion. Therefore, Plaintiffs' respectfully request that their Cross-Motion be granted in the interests of justice, fairness, and judicial economy.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court deny Flushing's motion to dismiss and grant Plaintiffs' Cross-Motion for leave to amend the pleadings, together with such other and further relief as this honorable Court deems just, equitable, and proper.

Dated: Lake Success, New York
April 30, 2024

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
By: _/s/ Jamie S. Felsen, Esq._
Jamie S. Felsen, Esq.
Nicole M. Koster, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
nkoster@mllaborlaw.com

**SAGE LEGAL LLC**
By: _/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*


**CYRULI SHANKS & ZIZMOR LLP**
By: _/s/ Jeffrey C. Ruderman, Esq._
Jeffrey C. Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*

*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

13