UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                Defendants.
------------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**CONFIDENTIALITY STIPULATION & ORDER**

      It is hereby stipulated and ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a)    The following documents and information may be designated as "confidential," or "confidential-attorneys' eyes only" provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

1. Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

2. Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

3. Documents that contain information received in confidence from third parties.

4. Any other document which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule")

(b) The parties agree that a "Confidential-Attorneys' Eyes Only" designation is reserved for, at most, very select few documents which contain highly sensitive trade secret or confidential information which cannot be adequately protected by the "Confidential" designation and which would subject the party producing the document to irreparable harm absent this designation.

(c) The designation of "Confidential-Attorneys' Eyes Only" information shall not extend to: (i) any correspondence or other communications between the parties or between any of the parties and any third party, unless such correspondence or communication incorporates information that warrants the designation of "Confidential-Attorneys' Eyes Only." Where a document or communication contains an attachment, enclosure, or appendix that would qualify as "Confidential-Attorneys' Eyes Only," then only the attachment, enclosure, or appendix containing the information shall be subject to such a designation, and not the main document. To the extent a producing party is capable of designating only a part of a document as "Confidential-Attorneys' Eyes Only," then the producing party shall used best efforts to restrict the "Confidential-Attorneys' Eyes Only" to only those parts of the document for which the designation is reasonably necessary.

(d) A party may designate documents as "confidential-attorneys' eyes only" if the information is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than attorneys would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party. A designation of documents as "confidential-attorneys' eyes only" constitutes a representation that such confidential information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

(e) If any party believes a document not described in the above paragraph should nevertheless be considered confidential or "confidential-attorneys' eyes only," it may make an application to the Court. Such application shall only be granted for good cause shown.

(f) An attorney for the producing party may designate documents or parts thereof as

2

confidential by stamping the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page. If only parts of a document are designated as "confidential" or "confidential-attorneys' eyes only," then the producing party shall indicate the part of the document that is receiving the designation.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential" or "confidential-attorneys' eyes only" and incorporate by reference the appended material into the responses.

At the time of a deposition or within ten (10) business days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation, except as made during the time of a deposition, shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-business-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter. Receipt shall be defined as the day each particular deposition transcript is sent to each particular party.

(g)  Documents designated "confidential-attorneys' eyes only" shall not be disclosed by the attorneys receiving such documents to any other person, other than the attorneys and of-counsel attorneys employed by the receiving attorney's firm; provided same are first shown a copy of this Order and advised of their obligation to honor the confidentiality designation.

(h)  Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel, and other persons necessary to review the documents for the prosecution or defense of this case, including, but not limited to:

1. the Parties to this action, their insurers, and counsel to their insurers;

2. counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

3. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

4. any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter;

5. as to any document, its author, its addressee, and any other person indicated on

      the face of the document as having received a copy;

6. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

7. any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action;

8. stenographers engaged to transcribe depositions conducted in this action; and

9. this Court, including any appellate court, and the court reporters and support personnel for the same..

Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidentiality designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, the Court, or a stenographer engaged to transcribe depositions conducted in this action, shall be required to sign an agreement to be bound by this Order, annexed hereto as **Exhibit A**. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(i) All documents designated confidential shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in this confidentiality stipulation and Order, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

(j) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(k) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(l) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel by meeting and conferring. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(m)  If a party objects to a document being designated "confidential-attorneys' eyes only", the parties shall engage in a good-faith effort to resolve such a dispute by meeting and conferring. If such effort fails, the party seeking to designate the document as "confidential-attorneys' eyes only" may file a motion seeking a protective order. The burden shall rest on the party seeking to designate the document "confidential-attorneys' eyes only" to demonstrate that such designation is proper.

(n)  When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Rule 26(b)(5)(B) and Rule 502(d) of the Federal Rules of Evidence. Pursuant to same, such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.

(o)  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege or confidentiality if appropriate within a reasonable at any time after receiving notice of the inadvertent or mistaken disclosure.

(p)  The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

(q)  If counsel for a party receiving documents or information designated as "Confidential" or "Confidential – Attorneys Eyes Only" hereunder objects to such designation of any or all of such items, which objection may be made at any time, the following procedure shall apply:

- Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within seven (7) days, and shall state with particularity the grounds for asserting that the document or information is "Confidential" or "Confidential – Attorneys Eyes Only".
- If no timely written response is made to the objection, the challenged designation will be deemed to be void.
- If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.
- If a dispute as to the designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court by sealed letter motion with simultaneous service upon all counsel of record. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute and unless otherwise ordered

5

by the Court.

(r) No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Confidentiality Stipulation & Order.

(s) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned (with tracking information for any mailing or packages sent) to the respective producing parties or destroyed by the recipients with proof of destruction. A sworn statement shall suffice as proof.

(t) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(u) This Confidentiality Stipulation & Order shall survive the termination of this case and shall remain in full force and effect unless modified by an Order of the Court or by the written stipulation of the parties filed with the Court.

(v) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated: June 2, 2024

**MILMAN LABUDA LAW GROUP PLLC**
/s/ Jamie S. Felsen
*Attorneys for Superb Plaintiffs*

**SAGE LEGAL LLC**
/s/ Emanuel Kataev
*Attorneys for Superb Plaintiffs*

**CYRULI SHANKS & ZIZMOR LLP**
/s/ Jeffrey Ruderman
*Attorneys for IAG Plaintiffs*

**LEVINE SINGH, LLP**
/s/ Brian M. Levine
*Attorneys for Deo Defendants*

**SHERMAN ATLAS SYLVESTER & STAMELMAN LLP**
/s/ Anthony C. Valenziano
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

**WEIR GREENBLATT PIERCE LLP**
/s/ Bonnie R. Golub
*Attorneys for Libertas Funding LLC*

**CULLEN AND DYKMAN LLP**
/s/ Ariel E. Ronneburger
*Attorneys for Defendant Flushing Bank*

**SO ORDERED:**

_____
Hon. James M. Wicks, U.S.M.J.

## **EXHIBIT A**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>Superb Motors Inc., et al. v. Anthony Deo, et al.</u>, EDNY Case No. 23-cv-6188 (JMW) have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print Name: _____

Sign Name: _____

Dated: _____

Signed in the presence of:

_____

(Attorney)