# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

September 27, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

    **Re:** **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
          **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

    Together with Milman Labuda Law Group PLLC and Cyruli Shanks Zizmor LLP, this office represents the Plaintiffs in the above-referenced case. Plaintiffs write to respectfully request leave of this Court to file a fourth amended complaint.

**Legal Standard**

    Motions to amend pleadings are governed by the Rule 15 of the Federal Rule of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). <u>See</u> Fed. R. Civ. P. 15(a)(2). Pursuant to Rule 15, "[t]he court should freely give leave when justice so requires." Generally, "[u]nless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." <u>See</u> <u>Adlife Mktg. & Commcns Co., Inc. v. Best Yet Mkt., Inc.</u>, No. 17-CIV.-2987 (ADS) (ARL), 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (<u>citing</u> <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962)).

    The party opposing the proposed amended pleading has the burden of establishing that amendment would be prejudicial or futile. <u>See</u> <u>Block v. First Blood Assocs.</u>, 988 F.2d 344, 350 (2d Cir. 1993); <u>see also</u> <u>Jipeng Du v. Wan Sang Chow</u>, No. 18-CIV.-1692 (ADS) (AKT), 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019). However, the burden to explain the delay rests with the movant. <u>See</u> <u>SATCOM Int'l Grp. PLC v. ORBCOMM Int'l Partners, L.P.</u>, No. 98-CIV.-9095 (DLC), 2000 WL 729110, at *23 (S.D.N.Y. June 6, 2000). The moving party must attach the proposed amended complaint to the motion, as was done here, specifying the new claims and/or parties intended to be added. <u>See</u> <u>Nabatkhorian v. Cnty. of Nassau</u>, No. 12-CIV.-1118 (JS) (GRB), 2012 WL 13113646, at *1 (E.D.N.Y. Aug. 9, 2012).

    Although here, this Court issued a scheduling Order setting a date after which no amendment will be permitted, <u>see</u> ECF Docket Entries 139 and 141, it is still possible for Plaintiff to amend the complaint after such a deadline, upon showing "good cause" as required to modify a scheduling Order under Rule 16(b)(4). <u>See</u> <u>Sacerdote v. NYU</u>, 9 F.4th 95, 115 (2d Cir. 2021). Mere delay does not justify denying leave to amend. <u>See</u> <u>Disability Rights New York v. New York State</u>, No. 17-CIV.-6965 (FB) (MMH), 2024 WL 4189223, at *5 (E.D.N.Y. Sept. 13, 2024).

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
September 27, 2024
P a g e | 2

**Good Cause Exists for this Court to Grant Leave to Amend**

The only substantive change Plaintiffs seek to make in the proposed fourth amended complaint is to correct a ministerial error in ¶ 395 which incorrectly states that both Plaintiff Robert Anthony Urrutia ("Urrutia") and Defendant Anthony Deo ("Deo") executed the Shareholders' Agreement for Superb Motors Inc. ("Superb"). This is incorrect, as only Deo signed the Shareholders' Agreement for Superb. See ECF Docket Entry 11-6. As a result, Plaintiffs respectfully submit that good cause exists to further amend the complaint.

Courts routinely grant motions for leave to amend pleadings in such circumstances. See Tardif v. City of New York, No. 13-CIV.-4056 (KMW), 2018 WL 5816870, at *2 (S.D.N.Y. Nov. 7, 2018) ("Nonetheless, Judge Maas granted Tardif leave to amend her complaint to the extent her desired amendments were "ministerial" or unopposed by Defendants, and so long as the amendments did not add additional claims"). Further, Defendants are not prejudiced by this ministerial change.

Accordingly, Plaintiffs respectfully submit that good cause exists to amend the complaint. Plaintiffs thank this Court for its continued time and attention to this matter.

Dated: Lake Success, New York
      September 27, 2024           Respectfully submitted,

                                    **MILMAN LABUDA LAW GROUP PLLC**
                                    __/s/ Jamie S. Felsen, Esq._____

Dated: Jamaica, New York
      September 27, 2024           **SAGE LEGAL LLC**
                                    _/s/ Emanuel Kataev, Esq.___

                                    *Attorneys for Plaintiffs*
                                    *Superb Motors Inc.*
                                    *Team Auto Sales LLC and*
                                    *Robert Anthony Urrutia*

Dated: New York, New York
      September 27, 2024           **CYRULI SHANKS & ZIZMOR LLP**

                                    __/s/ Jeffrey C. Ruderman, Esq._____

                                    *Attorneys for Plaintiffs*
                                    *189 Sunrise Hwy Auto LLC,*
                                    *Northshore Motor Leasing, LLC,*
                                    *1581 Hylan Blvd Auto LLC,*
                                    *1580 Hylan Blvd Auto LLC,*
                                    *1591 Hylan Blvd Auto LLC,*

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
September 27, 2024
P a g e | 3

*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*