# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

October 27, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

      **Re:** **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
           <u>Case No.: 2:23-cv-6188 (JMW)</u>

Dear Judge Wicks:

      Together with Milman Labuda Law Group PLLC, this office represents Superb Motors Inc ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case. The Superb Plaintiffs write to respectfully request leave of this Court to file a sur-reply to the Deo Defendants' letter reply in further support of their motion for contempt. In the event this Court grants the Superb Plaintiffs leave to do so, they respectfully request that the Court set a deadline of November 6, 2024 for the sur-reply.

## Legal Standard

      Supplemental filings on motions fully submitted require leave of court. <u>See</u> <u>Ruggiero v. Warner-Lambert Co.</u>, 424 F.3d 249, 252 (2d Cir. 2005) (finding that the plaintiff could have "sought to file a responsive sur-reply" in district court); <u>see</u> <u>also</u> <u>Sevilla v. Perez</u>, No. 15-CIV.-3528, 2016 U.S. Dist. LEXIS 131549, at *2 n.5 (E.D.N.Y. Sept. 26, 2016) ("[The plaintiff] did not seek leave to file the sur-reply and the court did not grant permission for the filing of a sur-reply; this contravenes the general principle that supplemental filings require leave of the court."); <u>Endo Pharm. Inc. v. Amneal Pharm., LLC</u>, No. 12-CIV.-8060, 2016 U.S. Dist. LEXIS 57420, at *9 (S.D.N.Y. Apr. 29, 2016) (striking a supplemental filing where the plaintiff "neither sought nor received permission from the court to file a [sur-reply]").

      District courts have discretion to permit a litigant's sur-reply. <u>See</u> <u>Kapiti v. Kelly</u>, No. 07-CIV.-3782, 2008 U.S. Dist. LEXIS 20135, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) ("[T]he decision to permit a litigant to submit a [sur-reply] is a matter left to the Court's discretion, since neither the Federal Rules of Civil Procedure nor the Local Civil Rules of [the] court authorize litigants to file [sur-replies]."); <u>see also</u> <u>SEC v. Xia</u>, 21-CIV.-5350 (PKC) (RER), 2022 U.S. Dist. LEXIS 126176, at *3 (E.D.N.Y. July 15, 2022).

## This Court Should Exercise its Discretion in Favor of Granting Leave to File a Sur-Reply

      On October 9, 2024, the Deo Defendants moved for contempt. <u>See</u> ECF Docket Entry 202. On October 15, 2024, the Superb Plaintiffs opposed the motion, establishing that it is procedurally defective and substantively meritless. <u>See</u> ECF Docket Entry 203.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
October 27, 2024
P a g e | 2

    The following day, this Court entered a scheduling Order setting forth an in-person oral argument date of November 1, 2024, and a deadline of October 25, 2024 for the Deo Defendants to file a reply in further support of their letter motion for contempt.  <u>See</u> Text Only Order dated October 16, 2024.

    On October 25, 2024, this Court rescheduled the in-person oral argument from November 1, 2024 to December 13, 2024 and reiterated that the Deo Defendants' deadline to file a reply remained October 25, 2024.  <u>See</u> Text Only Order dated October 25, 2024.

    Later that day, the Deo Defendants filed their letter reply in further support of their letter motion for contempt.  Falling far short of establishing by clear and convincing evidence the existence of any contempt, the Deo Defendants instead call into question the evidence submitted by the Superb Plaintiffs.  While this alone is unquestionably insufficient to prevail on a motion for contempt, the Superb Plaintiffs welcome and respectfully request the opportunity to conclusively establish that there is no merit whatsoever in the Deo Defendants' arguments, all of which rest on surmise, conjecture, and leaps of logic that even Olympic athletes would find insurmountable.

    Granting leave to file a sur-reply would assist this Court in making a determination on the Deo Defendants' motion for contempt.  The Superb Plaintiffs seek November 6, 2024 as the deadline to do so, such that they may submit a reply letter in further support of their cross-motion to consolidate (ECF Docket Entry 203) together with the sur-reply.  Given that the oral argument date has been moved to December 13, 2024, this Court will have a sufficient opportunity to consider the arguments and evidence raised therein and decide the motion.

    Accordingly, the Superb Plaintiffs respectfully submit that good cause exists to permit a sur-reply, and thank this Court for its continued time and attention to this case.

Dated: Lake Success, New York
       October 27, 2024               Respectfully submitted,

                                              **MILMAN LABUDA LAW GROUP PLLC**

                                              */s/ Jamie S. Felsen, Esq.*

Dated: Jamaica, New York
       October 27, 2024               **SAGE LEGAL LLC**

                                              */s/ Emanuel Kataev, Esq.*

                                              *Attorneys for Plaintiffs*
                                              *Superb Motors Inc.*
                                              *Team Auto Sales LLC and*
                                              *Robert Anthony Urrutia*