**LEVINE SINGH LLP**

Attorneys:
Brian M. Levine Esq.+
Manijt Singh, Esq.+
Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

\+ Admitted in NY
^ Admitted in NJ
\* Of Counsel

October 29, 2024

**Via ECF**
United States District Court
Eastern District of New York
Attn: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

      Re:    Superb Motors, et. al. v. Deo, et. al.
              Case No.: 2:23-cv-6188 (JMW)

Dear Judge Wicks:

      We represent the "Deo Defendants" in the above-referenced matter and submit this letter in opposition to Plaintiffs' cross-letter motion seeking, among other things, to consolidate this case (hereinafter, the "Superb Action") with a related action, initially commenced by the Deos in state court and later removed to the Eastern District of New York (the "Deo Action"). While these two cases may seem suitable for consolidation at first glance, a closer examination reveals numerous factors that render consolidation entirely inappropriate.

      First, this case was assigned to Your Honor based on a stipulation in which all the parties involved consented to its assignment to the Magistrate Judge for all purposes. However, this consent does not extend to the Deo Action. The Deos have not agreed to assign their claims in the Deo Action to the Magistrate Judge, and, further, multiple defendants in the Deo Action have neither appeared nor consented to such an assignment.

      Second, consolidation would either infringe upon the Deos' right to employ counsel of their choice or cause them substantial prejudice. In the Deo Action, the Deos are represented by Mr. Harry Thomasson, Esq, their chosen counsel, who was disqualified from representing all of the "Deo Defendants" in this instant Superb Action under the advocate witness rule due to his role as a potential witness. ([ECF 117](#)). However, no claims in the Deo Action require Mr. Thomasson's testimony, leaving no basis for his disqualification there.

      If the Court were to consolidate this case with the Deo Action, two problematic scenarios would emerge: either (1) the Deos would be compelled to retain new counsel for the Deo Case, thereby depriving them of their right to representation by counsel of their choice, or (2) our firm would continue representing the Deos and Mr. Thomasson as defendants in the instant matter, while Mr. Thomasson would simultaneously represent the Deos in prosecuting claims raised in the complaint in the Deo Action.

In the first scenario, requiring new counsel would violate the Deos' rights, solely for the sake of judicial convenience—a convenience that, as discussed further below, would not address the issues consolidation is meant to resolve. In the second scenario, Mr. Thomasson would be defending himself before the same jury that would be evaluating the Deos' claims, creating insurmountable jury confusion and bias. The jurors' perception of the Deos' counsel, who would simultaneously advocate for the Deos and defend against himself, would inevitably be compromised. The prejudice to the Deos and the extreme level of jury confusion that would result from consolidating these matters far outweigh any perceived efficiency benefits, mandating that consolidation be denied. Although the Court could attempt to resolve the prejudice to the Deos by consolidating the matters only for discovery, that would have the impact of making discovery more inefficient—as discussed further below— and it would not resolve the Plaintiffs' alleged concern of inconsistent judgments.

Third, the complaint in the Deo Action not only names Milman Labuda Law Group, PLLC—Superb's counsel in this Superb Action—but implicates their conduct in connection with the facts that give rise to the claims in the Deo Action. (ECF 1-2, ¶¶ 298-310; ECF 1-3, ¶¶ 445-461). The allegations in the complaint, and the claims asserted against Milman Labuda, make it clear that their testimony will be necessary. Consequently, consolidating the two actions would require the Court to disqualify Superb's current counsel from representing the "Superb Plaintiffs," leading to unnecessary delays.

Fourth, the two matters do not involve the same questions of fact and law. The Deo Action is considerably more expansive, involving distinct federal questions and legal issues. Discovery in the Deo Action is far broader in scope, and consolidating the Deo Action with this Superb Action would unnecessarily complicate discovery in this Superb Action. Even if the Court were to consolidate solely for discovery purposes, as noted in point two above, it would only expand discovery in this Superb Action without addressing Plaintiffs' stated concerns about inconsistent judgments. Not only would consolidation fail to address any concerns about inconsistent judgments, but it would also burden this Court with additional discovery and procedural complications that would hinder, rather than advance, judicial efficiency. In effect, consolidation would achieve the opposite of its intended purpose.

Fifth, if the Court consolidates both actions, multiple parties would appear on both sides of the caption, requiring realignment and/or treatment as counterclaim plaintiffs. This arrangement would interfere with the Deos' procedural right to present their opening statements first and deliver their closing statements last, a right that ensures a fair presentation of their claims and defenses. Consolidation, therefore, would compromise the Deos' ability to strategically structure their case.

LEVINE SINGH LLP

Attorneys:
Brian M. Levine Esq.+
Manijt Singh, Esq.+

Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

Sixth, consolidation would ultimately prejudice Mr. Thomasson, who is an individually named defendant in this Superb Action and has a statutory right to represent himself. Under typical circumstances, Mr. Thomasson could freely choose self-representation based solely on his personal interests. However, if the actions are consolidated, his decision would be constrained by the potential impact on his clients, the Deos, in their claims in the Deo Action. Consolidation would force Mr. Thomasson to make legal strategy decisions that should be free of conflicting interests—decisions about whether to self-represent based on his own best interests, not the interests of third parties. This forced consideration would infringe upon his right to independently determine his defense strategy, as his decision would now be influenced by its repercussions on the Deo Action should he remain counsel for those claims.

Lastly, any decision to consolidate should be held in abeyance pending the Court's ruling on the pending motions to dismiss in this Superb Action. If the Court dismisses all claims, there will be no need to consolidate, as the Deo Action would have no corresponding case with which to be consolidated.

With respect to the portion of the Plaintiffs' cross-letter motion seeking sanctions, it should be denied in its entirety. There are **zero** claims asserted in the Deo Action that would disqualify Mr. Thomasson from representing the Deos, rendering Plaintiffs' assertion that this was an attempt to circumvent the disqualification order entirely baseless. Moreover, even if, as Plaintiffs suggest, the Deos and their counsel were considering a federal filing as of September, 2023, they retained the right to later conclude that their claims were more appropriately suited for State Court, particularly as the claims became more fully developed.

For these reasons, and in the interest of preserving the procedural rights and judicial efficiency at stake, the "Deo Defendants" respectfully request that this Court deny Plaintiffs' cross-letter motion seeking consolidation in all respects.

Dated: Hicksville, New York
October 29, 2024

s/ Brian M. Levine
Brian M. Levine

**VIA ECF**
*All Parties*

260 N. Broadway, Suite #2A
Hicksville, New York 11801
P. (347) 732-4428  P. (516) 597-4418  F. (917) 477-2273  www.levinesingh.com