**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SUPERB MOTORS INC. *et al.*,

                          *Plaintiffs*,

                                                                       **ORDER**
                -against-                                           23-CV-6188 (JMW)

ANTHONY DEO *et. al.*,

                          *Defendants*.
-------------------------------------------------------------X

**A P P E A R A N C E S:**

       Emanuel Kataev, Esq.
       **Sage Legal LLC**
       18211 Jamaica Avenue
       Jamaica, NY 11423
       *Attorneys for all Plaintiffs*

       Brian Levine, Esq.
       **The Levine Firm, P.C.**
       260 North Broadway, Suite 2A
       Hicksville, NY 11801
       *Attorney for Defendants Anthony and Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC, Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp.*

**WICKS**, Magistrate Judge:

On January 10, 2025, Oral Argument was held on: (i) the Deo Defendants[1] motion to modify the Injunction in this matter[2] to permit the relocation of the six vehicles currently stored at Luxsport (hereafter, the "6 Luxsport Vehicles") to a dealership lot operated by Gold Coast Motors of Syosset, LLC ("GCM") at 108 New South Road, Hicksville, New York 11801 (the "GCM Lot"), and to hold the Superb Plaintiffs[3] in both criminal and civil contempt for alleged violations of the Injunction (ECF No. 202); and (ii) the Superb Plaintiff's cross-motion consolidate the instant case with a related case, *Deo et al v. Baron et al*, Case No. 2:24-cv-06903-NJC-JMW (the "*Deo Action*"), and for sanctions against the Deo Defendants for their alleged violation of the undersigned's December 1, 2023 Order (ECF No. 117) disqualifying Defendant Harry R. Thomasson, Esq. ("Thomasson") from representing the Deo Defendants in the instant case. (ECF No. 203.)

For the reasons stated on the record at oral argument, the following rulings are hereby made:

---

[1] The "Deo Defendants" are comprised of: Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp. (ECF No. 152.)

[2] The "Injunction" includes the Injunction issued by the Honorable Orelia E. Merchant, and subsequent modifications. *See Superb Motors Inc. v. Deo*, No. 223CV6188(OEM)(JMW), 2023 WL 7181675, at *15 (E.D.N.Y. Sept. 29, 2023), *modified in part*, No. 23-CV-6188 (JMW), 2024 WL 198398 (E.D.N.Y. Jan. 18, 2024), and *modified in part*, No. 23-CV-6188 (JMW), 2024 WL 2079928 (E.D.N.Y. May 8, 2024).

[3] The Superb Plaintiffs are comprised of Plaintiffs Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia.

- The motion for consolidation of the *Deo* Action[4] and the instant case (ECF No. 203) is denied, without prejudice and with leave to renew pending the outcome of the motions to dismiss in the instant case (*see* ECF Nos. 164, 168, 175-177) and the *Deo* Action.

- The parties agreed to a modification of the Injunction to permit the relocation of the 6 Luxsport Vehicles to a dealership lot operated by GCM at the GCM Lot. The Injunction is modified to provide that the 6 Luxsport Vehicles will be stored *indoors* at the GCM Lot. Accordingly, the Deo Defendant's request to modify the Injunction is **GRANTED**. The Deo Defendants shall arrange to have the 6 Luxsport Vehicles transported to an *indoor* facility at the GMC Lot via flatbed truck on or before **January 17, 2025**. Deo Defendants shall advise Plaintiffs' counsel in writing once the vehicles are transported and in storage at GCM.

- The Court denies the motion to hold the Superb Plaintiffs in contempt for their failure to provide proof of insurance coverage for the Injunted Vehicles[5] and date-stamped photos showing the odometer readings of the Vehicles to date. However, to resolve any purported ambiguity in the undersigned's previously issued Order modifying the Injunction,[6] and to ensure the Superb Plaintiffs' compliance with the Injunction, the Court directs the Superb Plaintiffs to produce proof of insurance and odometer readings to the Deo Defendants by way of declaration or an affidavit on or before **January 13, 2025, at 5:00 PM.** Superb Plaintiffs are forewarned that failure to comply may result in contempt of court. Accordingly, that branch of the contempt motion is denied without prejudice to renew.

- Decision is reserved as to the Deo Defendants' motion to hold the Superb Plaintiffs in contempt for their alleged violation of the Injunction's prohibition on encumbrance of the Injuncted Vehicles[7] (ECF No. 203). The parties are hereby directed to file on ECF letter

---

[4] Relevant here, the Superb Plaintiffs – who are named Defendants in the *Deo* Action currently pending before the Hon. Nusrat Jahan Choudhury and the undersigned – filed a motion to consolidate the two cases (*see Deo et al v. Baron et al*, Case No. 2:24-cv-06903-NJC-JMW, at ECF No. 22), which the undersigned denied without prejudice and with leave to renew, following resolution of the anticipated motions to dismiss in that case. *See id.* at Electronic Order dated November 1, 2024; ECF Nos. 30, 32, 34, 37, 42, 44, 48, 50, 52-53, 60. Moreover, at a November 20, 2024 Status Conference in the *Deo* Action before District Judge Choudhury, the parties informed the Court that there is not unanimous consent to the jurisdiction of the undersigned. *See id.* at Electronic Order dated November 20, 2024.

[5] The "Injuncted Vehicles" referred to are the thirty (30) Superb vehicles specified in Judge Merchant's Injunction Order. *See Superb Motors Inc*, No. 223CV6188(OEM)(JMW), 2023 WL 7181675, at *15.

[6] *See Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2024 WL 2079928, at *8 (E.D.N.Y. May 8, 2024) (directing Plaintiffs to file proof of insurance coverage and date-stamped photos showing the odometer readings of the Injuncted Vehicles).

[7] With respect to the alleged floor plan violation, the Injunction specifically directed that the Injuncted Vehicles were to "Remain[7] at or otherwise be returned to a Cross-Collateralized Urrutia Dealership Lots[,]" which includes the Team Mitsubishi Hartford Lot. *Superb Motors Inc.*, No. 223CV6188OEMJMW, 2023 WL 7181675, at *15. "The term 'Remain' means that the subject injuncted vehicle: a. may not leave the geographic area or bounds of the appointed lot; b. may not be sold, transferred, gifted, disposed, destroyed,

    briefs addressing the sole issue of whether the Superb Plaintiffs' actions after the implementation of the Injunction on September 29, 2023 constituted *encumbrance* of the Injunctive Vehicles in violation of the Injunction, on or before **January 24, 2025.**

- The Superb Plaintiffs' cross-motion for sanctions against the Deo Defendants (ECF No. 203) is **DENIED**, ***without prejudice and with leave to renew***. Any refiling of the motion for sanctions, however, must comply with the undersigned's Individual Practice Rule 3(c), and clearly set forth the specific legal authority and basis upon which sanctions are sought, *e.g.*, Rule 11, 28 U.S.C. 1927 or other authority, and that the preconditions for such application (*i.e.*, safe harbor letter) have been satisfied. The parties are cautioned to refrain from making varied, sweeping requests for relief from the Court via letter motion.

Dated: Central Islip, New York
         January 10, 2025

                                                     **S O   O R D E R E D:**

                                                 /S/ *James M. Wicks*
                                                    JAMES M. WICKS
                                            United States Magistrate Judge

---

or otherwise encumbered; c. may not otherwise change legal or equitable title except as ordered by another court of competent jurisdiction; d. may not be driven or otherwise used or maintained on the lot in such a way that would damage the resale value of the vehicle." *Id*. at *15–16.