# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

January 24, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

   **Re:** **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
      **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

  Together with Milman Labuda Law Group PLLC, this office represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case. The Superb Plaintiffs write[1] to supplement their opposition to the Deo Defendants' letter motion for contempt.

**The Superb Plaintiffs' Actions After the Injunction Do Not Constitute an Encumbrance**

  The Deo Defendants argue without any clear or convincing evidence that the Injunced Vehicles have been encumbered. This argument is meritless, as Urrutia's Supplemental Declaration clearly and convincingly establishes that every single vehicle, except one, was floored on September 8, 2023 or September 15, 2023, well before the September 29, 2023 injunction. <u>See</u> Supplemental Declaration of Robert Anthony Urrutia ("<u>Urrutia Supp. Decl.</u>") ¶¶ 5-39, Exhibits "A" through "I."

  The Deo Defendants' only evidence of an alleged violation of the Injunction is a court exhibit that Nissan Motor Acceptance Company ("NMAC") filed in a lawsuit filed in the Superior Court of the State of Connecticut containing "floor dates" of the Injuncted Vehicles. However, the evidence provided by Urrutia herein refutes that the Injuncted Vehicles were encumbered following the Injunction. <u>See Urrutia Supp. Decl.</u> Exhibit "E" ("[e]ach time a unit changes locations, it is given a new flooring date. If a unit changes plans, for example goes from Used to Used Demo, it gets a new flooring date").

  As such, the Deo Defendants fail to provide any clear or convincing evidence supporting an intent to violate the Injunction.

---

[1] The Superb Plaintiff respectfully request leave of this Court to make the instant request as a letter motion rather than a formal motion (as required by Local Civil Rule ("LCR") 7.1) in accordance with Rule 1 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), which requires that the Rules be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. <u>See</u> Fed. R. Civ. P. 1.

In addition, the Deo Defendants' strained reading of the Injunction does violence to its intent. As set forth in Urrutia's supplemental declaration, the Deo Defendants' removal of vehicles that were floored created the emergency which necessitated the injunctive relief Superb sought. The now-injuncted vehicles were required to be on a Urrutia Cross-Collateralized Dealership lot in order to permit Superb to use the working capital afforded by the NMAC floor plan line of credit. When the Deo Defendants removed the vehicles, Superb was forced to make payoffs with money it did not have in order to avoid termination of NMAC's floor plan for all four (4) dealerships. Thus, the purpose of the injunctive relief sought by Superb was to restore the *status quo* by returning the now-injuncted vehicles to Urrutia Cross-Collateralized Dealership lots and refloor them to regain access to their working capital. See Urrutia Supp. Decl. ¶¶ 23-36.

As stated in the Injunction, Judge Merchant understood that the *status quo* before the Deo Defendants' conduct was that the vehicles were on Superb's lot. See Injunction at 17-18 n. 11 ("Here, it is clear that absent this temporary stipulation, the cars would remain in Deo's lots (as he maintains he has the right and authority to them), and NMAC and Next Gear would once again perform their monthly audits or 'touches' of all the cars on Superb Motors' lots and find Superb Motors in default and likely demand the same accelerated or wholesale payments of the remaining credit lines. *See* PI H'rg Tr. 32:1-20 (explaining monthly 'touches'); 42:1-43:20 (explaining auditors verification processes); 66:18-20 (Deo's counsel stating there have been 'touches on these cars at least [since] since January every month'); *see also* Urrutia Reply Decl. ¶ 58 (48 'vehicles were 'touched' by auditors at NMAC and Next Gear after August 3, 2023, in the days thereafter.'). Accordingly, the Court proceeds and analyzes the motion in its factual posture when it was submitted, notwithstanding the temporary stipulation").

Judge Merchant's focus in the Order issuing the Injunction was on providing the relief necessary for Superb to survive in light of allegations and evidence that the Deo Defendants were using Superb's vehicles to double floor them in an effort to misappropriate funds from banks. The word "encumber" appears only once in the Injunction, and is ambiguous because it does not specify whether it refers to double flooring or simply placing the injuncted vehicle on the floor plan. However, reading the Injunction to prohibit the latter is incongruous to the entire purpose of the Injunction.

Notwithstanding, there is only one instance of a vehicle being refloored following the issuance of the Injunction, which only occurred about a month after the Injunction due to an employee's oversight in not reflooring the vehicle earlier and being unaware of the existence of the Injunction. See Urrutia Supp. Decl." ¶ 24, 24 n, 9. Even though this is a technical violation, it is a far cry from the Deo Defendants' unsubstantiated complaint that the Superb Plaintiffs engaged in outright violations of the Injunction by reflooring all of the vehicles over the course of this past year. Indeed, the Deo Defendants' unsupported assertion is directly refuted by the evidence Urrutia submits in his supplemental declaration, including correspondence with NMAC.

Accordingly, this Court should deny the Deo Defendants' second letter motion for contempt based on their failure to provide clear and convincing evidence of contempt.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
January 24, 2025
P a g e | 3

**The Deo Defendants' Unclean Hands Prohibit Relief for any Alleged Contempt**

At oral argument before this Court on January 10, 2025, this Court questioned whether the issue of unclean hands enters the analysis on a motion for contempt. The Superb Plaintiffs respectfully submit that it does, and provides the following authority in support of that contention.

A finding of contempt is an equitable remedy under Second Circuit law, and "subject to equitable defenses...." See Brennan v. Nassau County, 352 F.3d 60, 63 (2d Cir. 2003). The "unclean hands" doctrine "closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." See Trs. of the Buffalo Laborers' Pension Fund v. Accent Stripe, Inc., No. 01-CV-76C (SC), 2007 WL 1540267 (W.D.N.Y. May 24, 2007) (citing Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. 806, 814 (1945)); see also Comm'n Express Nat'l., Inc. v. Rikhy, No. CV 03 4050CPS, 2005 WL 1397889, at *4 (E.D.N.Y. June 13, 2005) ("Although a motion for contempt is subject to equitable defenses …, Rikhy does not assert a defense of unclean hands") (citing Brennan, 352 F.3d at 63).

Thus, courts routinely find that a party seeking equitable relief must come with clean hands. See Drywall Tapers & Pointers of Greater New York, Loc. 1974 of I.B .P.A.T., AFL-CIO v. Loc. 530 of Operative Plasterers' & Cement Masons' Int'l Ass'n, AFL-CIO, No. 93-CIV.-0154 (JG), 2002 WL 31641597, at *43 (E.D.N.Y. Nov. 19, 2002) ("A party seeking equitable relief, as Local 1974 does here, 'must come with clean hands'") (citing Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945)). Indeed, the remedy of civil contempt is considered to be equitable, such that the unclean hands doctrine indubitably applies. See In re Junod, No. 88-01858, 1991 WL 33257, at *3 (N.D.N.Y. Feb. 25, 1991) ("The court expressly directed Mr. Rice to pay to the Eastern defendants sanctions in the amount of $3,741 by certified check to be delivered to the office of defendants' counsel. As such *the predicate for the imposition of equitable remedies, including civil contempt,* pursuant to Rule 70 of the Federal Rules of Civil Procedure has been established") (emphasis added).

Based on the foregoing authorities, the Superb Plaintiffs would be remiss in not providing <u>additional</u> details[2] concerning the Deo Defendants' bad faith and unclean hands in seeking this relief.

---

[2] The Superb Plaintiffs previously iterated a whole host of conduct by the Deo Defendants which warrants a finding of unclean hands such that they should be deprived of the ability to seek civil contempt for causing the very predicament they complain of. See ECF Docket Entry 203 at 6-7 (citing five instances of their bad faith such that a finding of unclean hands is warranted). Notably, the Deo Defendants have not refuted any of the evidence in support of the Superb Plaintiffs' contentions, which Judge Merchant observed in the Injunction. See ECF Docket Entry 55 at 19 ("Importantly, Deo does not dispute the veracity or validity of any of the foregoing harms").

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
January 24, 2025
P a g e | 4

As set forth in Urrutia's supplemental declaration, and evaluating the evidence based on the totality of the circumstances, there is no question that the Deo Defendants' bad faith deprives them of any relief for civil or criminal contempt against the Superb Plaintiffs.

First, Deo sold Superb vehicles in February 2023 – including the now-injuncted vehicles – which he was prohibited from doing according to an injunction issued by the Hon. Sharon M.J. Gianelli, J.S.C. ("Justice Gianelli") which was in effect from December 14, 2022 through June 13, 2023. See Urrutia Supp. Decl. ¶¶ 56-63, Exhibits "N" and "O." That injunction prohibited Deo from, *inter alia*, using Northshore Motors LLC ("Northshore") and 189 Sunrise Hwy Auto LLC ("Sunrise") to buy vehicles, sell vehicles, use the DMV licenses of the individual Island Auto Group ("IAG") Plaintiffs, and/or use the bank accounts of Northshore and Sunrise. However, that is exactly what the Deo Defendants did in selling vehicles from Northshore and/or Sunrise to Superb, then causing Superb to be forced to pay for some of the vehicles on its floor plan line after failing to transfer the vehicles to Superb in the DMV's NY Verify system, all in violation of Justice Gianelli's injunction. For the vehicles that Deo did transfer, he did so utilizing the individual IAG Plaintiffs' license(s), which was a further violation of Justice Gianelli's injunction.

Second, Deo perjured himself numerous times, but most glaringly concerning the Rolls Royce he sold Superb, which is now an Injuncted Vehicle. In his sworn declaration early on in this case, Deo claimed to be surprised that his Rolls Royce was floored by Superb. However, the documentary evidence shows that Deo was well aware that the Rolls Royce no longer belonged to him because he received a wire of $210,900.00 for the Rolls Royce (and two other vehicles) on April 19, 2023, which he used – at Urrutia's insistence – to pay off Sunrise's floor plan line of credit for the Rolls Royce in the amount of $162,708.94 on the very same day. See Urrutia Supp. Decl. ¶¶ 64-66, Exhibit "P." Indeed, the payment from Urrutia to Deo was made on the premise that Urrutia required Deo to pay off his floor plan line of credit with that money because it came to Urrutia's attention that the Rolls Royce was double-floored. See Id. at ¶ 69 n. 17, Exhibit "Q."

The foregoing instances are highlighted because they directly relate to Superb's plight and predicament at the hands of the Deo Defendants. Indeed, the law requires that the "unclean hands" doctrine "closes the door of a court of equity to one tainted with inequitableness or bad faith [here, the Deo Defendants] relative to the matter in which he seeks relief, however improper may have been the behavior of the [party allegedly in contempt]." See Accent Stripe, Inc., *supra*.

Here, the Deo Defendants sold vehicles to Superb – using the individual IAG Plaintiffs' DMV licenses funneling money through Sunrise's and Northshore's bank accounts, all in violation of Justice Gianelli's injunction – which Superb was subsequently forced to pay off, and caused Superb to pay for vehicles that are now injuncted that later could not be sold, i.e., the Rolls Royce and the other Injuncted Vehicles, all of which taints them with the inequitableness of bad faith.

In light of the foregoing additional evidence and prior cited instances of their bad faith, the Deo Defendants' second letter motion for contempt must be denied.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
January 24, 2025
P a g e | 5

Based on the foregoing, this Court should find that the Deo Defendants' unclean hands deprive them of any relief for the inadvertent reflooring of one (1) vehicle made one month after the Injunction was entered in light of the purpose of the Injunction.

To the extent that this Court is nonetheless inclined to issue any contempt (which it should not), the Superb Plaintiffs respectfully submit that they are entitled to an evidentiary hearing pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter "LCR"). See LCR § 83.6(b) ("If the alleged contemnor puts in issue his or her alleged misconduct or the damages thereby occasioned, *that person will upon demand be entitled to have oral evidence taken*, either before the court or before a master appointed by the court. When by law the alleged contemnor is entitled to a trial by jury, that person must make written demand before the beginning of the hearing on the application; otherwise the alleged contemnor will be deemed to have waived a trial by jury") (emphasis added). Based on the foregoing, the Superb Plaintiffs respectfully demand an evidentiary hearing prior to the issuance of any contempt, which – for the reasons set forth *supra* – are not warranted.

The Superb Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
January 24, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

 /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.*
*Team Auto Sales LLC and*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record