**Attorneys:**
Brian M. Levine Esq.+
Manijt Singh, Esq.+

Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

January 24, 2025

**VIA ECF**
Honorable James M. Wicks, U.S.M.J
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

Re:   **Superb Motors Inc., et al. v. Anthony Deo, et al.**
Case No. 2:23-CV-6188 (JMW)

Dear Judge Wicks:

Our office represents the Deo Defendants in the above-reference matter, and pursuant to your Honor's Order dated January 10, 2025, submit this letter brief addressing the sole issue of whether the Superb Plaintiffs' actions after the implementation of the Injunction on September 29, 2023 constituted encumbrance of the Injunctive Vehicles in violation of the Injunction. Much of the arguments in this brief were addressed in the Deo Defendants' Letter Motion (ECF No. 202) and Reply Letter (ECF No. 210). However, the Deo Defendants restate them here with additional emphasis and in isolation for the Court's consideration. To the extent that terms have been defined in the Letter Motion and the Reply Letter, the Deo Defendants incorporate those definitions by reference..

## I. Background

On September 29, 2023, the Court issued a Preliminary Injunction (ECF No. 55), prohibiting the Superb Plaintiffs from encumbering, transferring, or otherwise disposing of the Injunctive Vehicles without Court approval.

The Injunction, as previously clarified, and as modified by Your Honor's prior Orders, strictly limited how Superb Plaintiffs could handle the Injuncted Vehicles. Specifically, the Court mandated that the Injuncted Vehicles:

- Remain at or otherwise be returned to a designated cross-collateralized Urrutia dealership (*Id.* at 28)
- May not be sold, transferred, gifted, disposed, destroyed, or otherwise encumbered" (*Id.* at 29).

Despite the clear terms of the Injunction, recent developments show that the Superb Plaintiffs engaged in conduct that directly violated the Court's directive.

**L E V I N E   S I N G H** LLP

**Attorneys:**
Brian M. Levine Esq.+    Rosanna Ruotolo Esq.+*^    + Admitted in NY
Manijt Singh, Esq.+      Andrew V. Poznanski, Esq.+*    ^ Admitted in NJ
                                                        * Of Counsel

## II. Evidence of Encumbrance

The evidence presented in the papers filed with this Court, including filings from the NMAC Action, unequivocally demonstrates that the Superb Plaintiffs transferred the Injunctive Vehicles to a floor plan maintained by Hartford – another dealership owned by Urrutia – with NMAC, thereby securing financing against and encumbering the Injunctive Vehicles. Documentation from the NMAC Action confirms that nearly all of the Injunctive Vehicles were listed as collateral under Hartford's floor plan *after* the Injunction was in effect. (See, *Levine Declaration*, ECF No. 202-4; *Exhibit C*, ECF No. 202-5). This conduct constitutes a clear encumbrance of the Injuncted Vehicles, in direct violation of the Injunction's express prohibition.

To be clear, the Injunctive Vehicles were neither subject to nor encumbered by any loan issued under a floor plan line of credit as of September 29, 2023, when Judge Merchant issued the Injunction. Your Honor has already acknowledged this in the Court's Memorandum Order dated January 18, 2024, stating: "Plaintiffs aver that these 43 vehicles ('Remaining Vehicles') are 'fully paid off' and owned 'solely by Superb." (See, *Memorandum Order*, ECF No. 134 at 5, *quoting* ECF No. 111 at 4).

The entire basis of the Superb Plaintiffs' first motion to modify the Injunction and permit the sale of the Injunctive Vehicles was their assertion that Superb's floor plans had been terminated and fully paid off. They claimed that Superb no longer had the capital necessary to continue its business of buying and selling vehicles, as it had expended all available funds to purchase the Injunctive Vehicles, which they were prohibited from selling. As the Superb Plaintiffs argued:

> [t]his Court should further modify the Injunction to permit Superb to operate as a going concern by allowing it to sell the vehicles that it owns. As set forth in the Injunction, Superb's agreement with its floor plan lender has been terminated due to the Deo Defendants' unlawful conduct, causing it irreparable harm. While disaster was averted in obtaining thirty (30) vehicles back, Superb remains limping and cannot purchase any new vehicles due to the termination of its floor plan lines. As a result of these changed circumstances, Superb should be permitted to sell the Superb Injuncted Vehicles in order to continue its operations and continue working towards remaining a going concern as envisioned by the Injunction.

(See, *Memorandum in Support*, ECF 111 at 7).

L E V I N E  S I N G H
L L P

Attorneys:
Brian M. Levine Esq.+
Manjit Singh, Esq.+

Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

This point was further underscored when the Superb Plaintiffs opposed the Deo Defendants' first motion for contempt, asserting:

> Superb was then prohibited from selling the Injuncted Superb Vehicles, which are worth approximately $1.5 million, after it had already paid for those vehicles. Superb was, as a result, unable to sell vehicles in order to remain in business. Superb was thus forced to shut down…
>
> (See, *Letter in Opposition*, ECF 154 at 2; *Novicky Declaration in Opposition,* ECF 155, ¶¶ 4-6).

Nevertheless, despite the fact that all of the Injuncted Vehicles had already been paid off and were expressly free of any encumbrances at the time the Superb Plaintiffs "recovered [the thirty vehicles] from the Deo Defendants on September 15, 2023," (ECF 155 at 5), and despite the Injunction's explicit prohibition against encumbering any of the Injuncted Vehicles as of September 29, 2023, records from the NMAC Action – including the Affidavit in Support, the Application for the Temporary Restraining Order, and the So-Ordered Stipulation – clearly establish that the Superb Plaintiffs began encumbering virtually all of the Injuncted Vehicles under Hartford's floor plan with NMAC within thirty days of the Court's issuance of the Injunction. (See, *Levine Declaration, Exhibit C,* ECF No. 202-5).

The cognitive dissonance in the arguments presented by the Superb Plaintiffs when confronted with the facts is truly irreconcilable. Initially, the Superb Plaintiffs asserted that the Injuncted Vehicles were always encumbered under Superb's own floor plan with NMAC, relying on a UCC-1 financing statement that NMAC filed against Superb in connection with that floor plan. At the same time, they argue that the Injuncted Vehicles were also continuously encumbered under the NMAC floor plan for Urrutia's other cross-collateralized dealerships, claiming that the floor plan is aggregated across all of his dealerships.

First, the UCC-1 financing statement filed by NMAC was associated with the floor plan issued to Superb. However, this filing became ineffective once the floor plan line of credit was terminated and the Superb Plaintiffs purportedly "paid off" the Injuncted Vehicles.

Second, the Superb Plaintiffs have already represented that Superb ceased operating as a dealership, and as a result, the Injuncted Vehicles were no longer considered inventory but rather assets. The Court is reminded that, in opposition to the Deo Defendants' first motion for contempt, the Superb Plaintiffs' entire rationale for transferring title to the Injuncted Vehicles from Superb to Hartford – and then allegedly back to Superb – was based on the claim that Superb was no longer functioning as a dealership. They asserted that these title transfers were temporary and entirely necessary to prevent the Injuncted Vehicles from

260 N. Broadway, Suite #2A      P. (347) 732-4428   |   P. (516) 597-4418   |   F. (917) 477-2273   |   www.levinesingh.com
Hicksville, New York 11801

**Attorneys:**
Brian M. Levine Esq.+
Manijt Singh, Esq.+

Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

remaining in limbo as dealership inventory, which Superb would be unable to sell without a valid license. (See, *Memorandum and Order,* ECF 172, at 8)("Superb removed its vehicles from VERIFI and *temporarily* transferred the cars to Team Mitsubishi Hartford and subsequently back to Superb. Plaintiffs state that the only difference between the entries on VERIFI is that Superb now owns the cars as an asset as opposed to as a licensed dealership").

Third, in the NMAC Action, Superb is not a named party. Instead, NMAC is seeking to foreclose on the Injuncted Vehicles based on its assertion that the vehicles serve as collateral in which it holds a security interest by virtue of their placement under Hartford's floor plan with NMAC. Furthermore, NMAC's claims over the collateral are based solely on the financing agreements between Hartford and NMAC, with no direct connection to Superb.

Lastly, the Superb Plaintiffs rely on a perplexing and baseless argument in which they assert that the words used in the relevant documents mean something entirely different from their plain language. The documents from the NMAC Action explicitly list the Injuncted Vehicles, the outstanding loan balances on those vehicles, and the dates each vehicle was placed on the floor plan – conveniently under a column titled "Floor Date." However, the Superb Plaintiffs now contend that the term "Floor Date" does not actually indicate when the Injuncted Vehicles were floored under the NMAC floor plan, but instead refers to a delivery date. This claim is not only implausible but is wholly unsupported by any evidence. The Superb Plaintiffs fail to provide any basis to substantiate their assertion that the clear and unambiguous language of the documents carries an alternative meaning..

Putting aside the fact that the documentary evidence from the NMAC Action conclusively establishes that the Superb Plaintiffs encumbered the Injuncted Vehicles in violation of the Injunction; going so far as to specify the exact dates of these violations, the Court's attention is respectfully directed to the Plaintiffs' own admission. In their Opposition to the Letter Motion, Plaintiffs explicitly stated that "(ii) the vehicles were already encumbered by NMAC by means of the UCC Financing Statement and the Superb Plaintiffs permissibly placed the vehicles in their possession on the floor plan line of credit to maintain the operations of the Cross-Collateralized Dealerships."  (*Opposition to Letter Motion*, ECF No. 203, at 4).

Indeed, as already established, the Injuncted Vehicles were not encumbered as of September 29, 2023, and the terms of the Injunction expressly prohibited the Superb Plaintiffs from encumbering them. The Superb Plaintiffs' assertion that they were permitted to encumber the Injuncted Vehicles under the terms of the Injunction is entirely without merit. Simply making such a claim does not render it true.

**Attorneys:**
Brian M. Levine Esq.+    Rosanna Ruotolo Esq.+*^    + Admitted in NY
Manijt Singh, Esq.+    Andrew V. Poznanski, Esq.+*    ^ Admitted in NJ
                                                      * Of Counsel

## IV. Conclusion

Thus, despite the Superb Plaintiffs' self-serving claims, the evidence unequivocally establishes that none of the Injuncted Vehicles were subject to any encumbrance as of September 29, 2023, when Judge Merchant issued the Injunction. However, the record further demonstrates that the Superb Plaintiffs encumbered the Injuncted Vehicles in violation of the Injunction's terms beginning on or about October 27, 2023. The Plaintiffs' post-Injunction conduct clearly contravened the Court's Order by encumbering the Injuncted Vehicles without authorization. Their arguments to the contrary are unpersuasive and are directly contradicted by their own prior statements and the documentary evidence in the record.

Accordingly, the Deo Defendants respectfully request that the Court find the Superb Plaintiffs in contempt for their violations of the Injunction and grant appropriate relief, including but not limited to sanctions and further enforcement measures.


Respectfully Submitted,

*Brian Levine*

Brian M. Levine, Esq.

260 N. Broadway, Suite #2A    P. (347) 732-4428    P. (516) 597-4418    F. (917) 477-2273    www.levinesingh.com
Hicksville, New York 11801