**LEVINE SINGH LLP**

Attorneys:
Brian M. Levine Esq.+
Manijt Singh, Esq.+

Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

January 28, 2025

**VIA ECF**
Attn: Honorable James M. Wicks, U.S.M.J
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

      Re:    **Superb Motors Inc., et al. v. Anthony Deo, et al.**
              Case No. 2:23-CV-6188 (JMW)

Dear Judge Wicks:

      Our office represents the Deo Defendants in the above-referenced matter. Pursuant to Your Honor's Order, the Superb Plaintiffs and Deo Defendants were directed to file "letter briefs addressing the sole issue of whether the Superb Plaintiffs' actions after the implementation of the Injunction on September 29, 2023 constituted encumbrance of the Injunctive Vehicles in violation of the Injunction." (ECF 215)

      The Deo Defendants filed their letter brief in accordance with the Court's direction (ECF 221). The Superb Plaintiffs filed their letter brief (ECF 219), but also submitted a Supplemental Declaration from Robert Anthony Urrutia, along with additional evidentiary materials that appear to be responsive to the Deo Defendants' initial letter motion (ECF 220).

      After having the opportunity to review the Superb Plaintiffs' filings, including the submissions beyond their letter brief, we respectfully request that if the Court is inclined to consider the Superb Plaintiffs' additional submissions, that the Deo Defendants be granted leave to file a Supplemental Reply addressing those new materials. We request that the Deo Defendants be given until on or before **Monday, February 3, 2025,** to file a Supplemental Reply.

      The Superb Plaintiffs do not consent to this request for the following reasons:

> this Court previously denied a similar request and the Deo Defendants have not established a sufficient basis for this Court to exercise its discretion in favor of permitting a sur-reply. See ECF Docket Entry 211; see also Text Only Order dated October 28, 2024 (citing Kapiti v. Kelly, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) ("Allowing parties to submit sur-replies is not a regular practice that courts follow, because such a

procedure has the potential for placing a court in the position of refereeing an endless volley of briefs").

We appreciate the Court's consideration of this request and are available to address any questions or concerns at the Court's convenience.

Respectfully Submitted,

*s/ Brian M. Levine*
Brian M. Levine, Esq.