LEVINE SINGH LLP

Attorneys:
Brian M. Levine Esq.+
Manijt Singh, Esq.+

Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

February 5, 2025

**VIA ECF**
Attn: Honorable James M. Wicks, U.S.M.J
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

      Re:    **Superb Motors Inc., et al. v. Anthony Deo, et al.**
              Case No. 2:23-CV-6188 (JMW)

Dear Judge Wicks:

The Deo Defendants respectfully submit this Supplemental Reply Letter Brief in further support of their motion for contempt and in reply to the Superb Plaintiffs' Letter Brief dated January 24, 2025 (ECF No. 219) and the Supplemental Declaration of Robert Anthony Urrutia (ECF No. 220) (collectively, the "Superb Plaintiffs' Opposition"). Although the Superb Plaintiffs were directed to address only whether their actions constituted an encumbrance in violation of the Preliminary Injunction, their submissions exceed this limited scope, requiring this reply to correct the record and address their mischaracterizations and evidentiary deficiencies.

As demonstrated below, the Superb Plaintiffs' Opposition fails to rebut the irrefutable evidence of their contemptuous conduct. Notably, Plaintiffs once again recharacterize the meaning of the term "Floor Date" and rely upon inadmissible hearsay, unsubstantiated interpretations, and irrelevant diversions. Further demonstrating a continued pattern of shifting and inconsistent testimony, Robert Urrutia's Supplemental Declaration now presents yet another account that directly undermines the sworn statements he originally offered to this Court in opposition to the Deo Defendants' motion for contempt.

**I. The Superb Plaintiffs' Continued Reliance on Mischaracterizations and Inadmissible Evidence Fails to Justify Their Violation of the Injunction.**

The Court is reminded that, when confronted with damning proof that the Injuncted Vehicles were encumbered under Hartford's floor plan in violation of the Preliminary Injunction, Robert Urrutia claimed that the "Floor Date" was based on his permissible physical relocation of the Injuncted Vehicles to the Hartford lot:



**Attorneys:**
Brian M. Levine Esq.+
Manijt Singh, Esq.+
Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

\+ Admitted in NY
^ Admitted in NJ
\* Of Counsel

> When I properly and permissibly moved the vehicles…this is recorded by NMAC. To that end, the dates listed in the exhibits provided by the Deo Defendants reflect the **dates that the vehicles were moved to Team Mitsubushi-Hartford's lot in Connecticut**. Contrary to the Deo Defendants' strained inference, the vehicles were not further encumbered; rather, they were already encumbered both by NMAC's UCC Financing Statement and by virtue of my decision to refloor these vehicles to make the NMAC payoff in early August 2023 prior to the existence of the Injunction. **Again, the dates the Deo Defendants point to merely reflect the date the vehicles were moved; this is done, understandably, so that NMAC may properly conduct audits by location when they visit the dealership(s) to "touch" the vehicles.** (Emphasis Added) ([ECF No. 204, ¶¶ 33-36](#)).

He explicitly used the term "moved" and acknowledged that the dates in question were for NMAC's audit purposes, relating to the vehicles' physical location and NMAC's ability to conduct audits. Now, however, in Urrutia's Supplemental Declaration, he claims that the "Floor Dates" actually refer to the dates on which the Injuncted Vehicles were refloored on the NMAC floor plan, asserting – without credible support – that this occurred within a fifteen-day window before the Preliminary Injunction.

No documents produced by Urrutia establish that the Injuncted Vehicles were refloored during this self-created window of amnesty. There is no evidence, such as bank statements reflecting fund transfers for the amounts allegedly used to refloor the Injuncted Vehicles, nor any records from the Superb Plaintiffs' own dealership software to substantiate the claimed reflooring dates. Instead, we are once again presented with Urrutia's self-serving and ever-changing sworn testimony.

Notably, the only support offered to corroborate Urrutia's claim are statements by Tim Gilroy, an NMAC representative, included in email excerpts attached to Mr. Urrutia's Supplemental Declaration. The Superb Plaintiffs fail to establish a proper foundation for the admissibility of those emails or Mr. Gilroy's statements. These statements are clearly hearsay and thus inadmissible. Moreover, the Superb Plaintiffs do not identify any exception to the hearsay rule that would allow these out-of-court statements to be admitted for the truth of the matter asserted – namely, the meaning of "Floor Date" within NMAC's documentation. **Absent a proper foundation and an applicable hearsay exception, these statements should be disregarded by the Court.**

Furthermore, even if they were not hearsay, the Superb Plaintiffs offer no foundation for Mr. Gilroy's personal knowledge regarding NMAC's data fields or the interpretation of "Floor

Date" in the context of NMAC's systems and documentation. There is no indication that Mr. Gilroy is designated as NMAC's corporate representative on this issue, that his statements represent NMAC's official position concerning the term "Floor Date," or that he has any personal knowledge of its meaning. **Absent proper authentication, foundation, and personal knowledge, Mr. Gilroy's statements remain inadmissible**.

**II.  The Admissible Evidence, Which Now Includes the Superb Plaintiffs' Own Admission Establish that the Injunction Was Violated.**

The Superb Plaintiffs continue to attempt to mislead the Court by claiming that the Injuncted Vehicles were already encumbered prior to the Injunction, and thus their actions did not constitute a new encumbrance. As already demonstrated, this assertion is demonstrably false. Indeed, as noted by this Court in its Memorandum Order dated January 18, 2024 (ECF No. 134), the Superb Plaintiffs themselves stated that the vehicles were "fully paid off and owned 'solely by Superb.'" This statement, made under oath in support of their initial motion to modify the Injunction, directly contradicts their current position that the vehicles were already encumbered. The UCC-1 financing statement filed by NMAC against Superb became ineffective once the floor plan line of credit was terminated and purportedly "paid off" with respect to the Injuncted Vehicles.

The Superb Plaintiffs cannot now rewrite history by retroactively encumbering vehicles that were demonstrably unencumbered at the time the Injunction was issued. Their attempt to do so is further evidence of their bad faith and willful disregard of the Court's Order..

Notwithstanding their repeated denials and ever-changing testimony, the Superb Plaintiffs now concede that they violated the Injunction when at least one vehicle was "refloored" after the Injunction, albeit claiming it was a "mistake" (ECF No. 220, ¶ 38, fn. 9). Even accepting their assertion as true for the sake of argument, it remains a violation of the Injunction, which prohibits any encumbrance of the Injuncted Vehicles without Court approval. Moreover, the Superb Plaintiffs provide no details or corroborating evidence to support their attempt to shift blame. Putting aside the fact that the Superb Plaintiffs had a duty to ensure that their employees and agents complied with the Injunction, they do not identify the supposed employee or furnish any declaration from that individual. Thus, this tactical admission, apparently offered in an attempt to recharacterize their contemptuous conduct as a one-off error, should be afforded no credibility.

LEVINE SINGH LLP

Attorneys:
Brian M. Levine Esq.+
Manijt Singh, Esq.+

Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

### III. The Superb Plaintiffs' Unclean Hands Argument is Inapplicable and Irrelevant.

Finally, despite this Court's clear directive not to raise the flawed Unclean Hands defense, the Superb Plaintiffs disregarded the Court's warning and argued that the Court should not hold them in contempt based on a tenuous claim that the Deo Defendants have unclean hands. Their invocation of the unclean hands doctrine is misplaced and irrelevant. As this Court is aware, the doctrine applies only where the alleged wrongful conduct of the party seeking relief is directly connected to the matter for which they seek relief. As stated by the Supreme Court, the doctrine "closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. 806, 814, 65 S. Ct. 993, 89 L. Ed. 1381, 1945 Dec. Comm'r Pat. 582 (1945).

For instance, in *Ferreira v. Aviles-Ramos*, 120 F.4th 323, 332 (2d Cir 2024), the Second Circuit upheld a district court's determination that reimbursement to a parent for increased costs was properly denied because the parent unreasonably contributed to her need for relief by failing to timely inform the school district. The parent could not create the very harm from which she claimed to be suffering and then recover in full for those damages. Yet, the Second Circuit was even clearer on this point in *Zhang v. Zhang*, 2022 U.S. App. LEXIS 15718, at *3-4 (2d Cir. June 8, 2022, Nos. 19-683 (L), 21-1328 (CON), 22-1012 (CON)), where they stated:

> While Yan adequately preserved his unclean hands argument, we have no trouble determining that it is nonetheless meritless. [*4] "Courts apply the maxim requiring clean hands where the party asking for the invocation of an equitable doctrine has committed some unconscionable act that is 'directly related to the subject matter in litigation' and has injured the party attempting to invoke the doctrine." *PenneCom, B.V. v. Merrill Lynch & Co.*, 372 F.3d 488, 493 (2d Cir. 2004) (quoting *Weiss v. Mayflower Doughnut Corp.*, 1 N.Y.2d 310, 316, 135 N.E.2d 208, 152 N.Y.S.2d 471 (1956)); *see also Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814, 65 S. Ct. 993, 89 L. Ed. 1381, 1945 Dec. Comm'r Pat. 582 (1945) (explaining that the doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith *relative to the matter in which he seeks relief*, however improper may have been the behavior of the defendant") (emphasis supplied).

LEVINE SINGH LLP

Attorneys:
Brian M. Levine Esq.+
Manijt Singh, Esq.+

Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

The Superb Plaintiffs attempt to portray the Deo Defendants as having acted wrongfully in the past, but even if such allegations were true (which the Deo Defendants dispute), that conduct is entirely unrelated to the Superb Plaintiffs' current violation of the Preliminary Injunction. Rather than addressing their own contemptuous actions, the Superb Plaintiffs seek to distract the Court by pointing fingers at the Deo Defendants. However, the Court's inquiry is straightforward: did the Superb Plaintiffs violate the Preliminary Injunction by encumbering the Injuncted Vehicles? The evidence overwhelmingly shows that they did. Any alleged past misconduct by the Deo Defendants is a separate matter and irrelevant to the Superb Plaintiffs' direct violation of this Court's Order. If the Superb Plaintiffs believed such allegations had merit, they should have presented them before Judge Gianelli, rather than invoking unclean hands here without basis. Allowing the Superb Plaintiffs to evade accountability for their contempt by raising tangential, unrelated claims would undermine the Court's authority and set a dangerous precedent.

**IV. Conclusion.**

For the foregoing reasons, the Superb Plaintiffs have failed to present any credible or admissible evidence to rebut the Deo Defendants' showing of contempt. Their attempts to redefine "Floor Date" are disingenuous and contradicted by their own prior sworn statements, as well as the weight of industry understanding. The NMAC Action documents, which they themselves rely upon, confirm that the encumbrance occurred after the Preliminary Injunction was issued. Even their admission of mistakenly reflooring one vehicle underscores their violation. Their "unclean hands" argument is legally inapplicable and serves only as a transparent attempt to shift focus away from their own contemptuous conduct.

The Deo Defendants respectfully request that the Court find the Superb Plaintiffs in civil contempt for their violations of the Preliminary Injunction and grant appropriate relief, including sanctions and further enforcement measures, as previously requested.

Respectfully Submitted,

*s/ Brian M. Levine*
Brian M. Levine, Esq.