**LEVINE SINGH LLP**

Attorneys:
Brian M. Levine Esq.+
Manjit Singh, Esq.+

Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

February 7, 2025

**VIA ECF**
Attn: Honorable James M. Wicks, U.S.M.J
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

      Re:    **Superb Motors Inc., et al. v. Anthony Deo, et al.**
              Case No. 2:23-CV-6188 (JMW)

Dear Judge Wicks:

      Our office represents the Deo Defendants in the above-referenced matter. I am writing to you today regarding the Superb Plaintiffs' ongoing non-compliance with this Court's Order dated January 10, 2025 (ECF 215) and their continued violation of the Preliminary Injunction in the above-referenced case.

      By way of background, this Court's January 10, 2025 Order directed the Superb Plaintiffs to produce proof of insurance and date-stamped photographs showing the odometer readings for all of the Injuncted Vehicles to the Deo Defendants by January 13, 2025. This directive resulted from the Court's denying the Deo Defendants' motion to hold the Superb Plaintiffs in contempt for *previous* failures to comply. The Court stated, regarding compliance, that "failure to comply may result in contempt of court." (ECF 215). On January 13, 2025, the Superb Plaintiffs filed a Declaration of Robert Urrutia ("Urrutia Declaration") stating that he had complied with the Court's Order. (ECF 216). In the Urrutia Declaration, Urrutia provided a Dropbox link which he claimed contained true and accurate copies of photographs of the odometer statements for all thirty Injuncted Vehicles, which he averred were taken by his employees on May 20, 2024, May 21, 2024, January 10, 2025, January 11, 2025, and January 12, 2025. (ECF 216).

      However, upon review of the provided photographs, the following deficiencies and violations were discovered:

1. **Missing Vehicle Odometer Readings:** Photographs for three (3) of the Injuncted Vehicles were entirely absent from the provided Dropbox link. Despite the Court's Order, there was no compliance for these vehicles:

    (1)    **2016 Ford F-150** – VIN #1FTEW1EF1GFB67420
    (2)    **2021 Isuzu Flatbed** – VIN #JALE5W162M7301006

260 N. Broadway, Suite #2A    P. (347) 732-4428    P. (516) 597-4418    F. (917) 477-2273    www.levinesingh.com
Hicksville, New York 11801

LEVINE SINGH LLP

Attorneys:
Brian M. Levine Esq.+
Manijt Singh, Esq.+
Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

  **(3)**  **2020 Isuzu Flatbed** – VIN #JALE5W164L7306190

2. **Odometer Reading Discrepancies:** Discrepancies in the mileage for the following vehicles:

  **(1)**  **2019 Mercedes GT** – VIN #WDD7X8KB7KA001866
  **(2)**  **2018 Land Rover Sport** – VIN #SALWR2RV8JA189351
  **(3)**  **2018 Alfa Romeo Gulia** – VIN #ZARFAEDN3J7575105
  **(4)**  **2018 Dodge Durango** – VIN #1C4RDHDG7JC438967
  **(5)**  **2016 Porsche Panamera** – VIN #WP0AF2A74GL082172
  **(6)**  **2020 Mercedes GT** – VIN #W1K7X6BB7LA016406
  **(7)**  **2019 Range Rover** – VIN #SALGS2RE3KA519794
  **(8)**  **2018 Mercedes SL** – VIN #WDDJK7DA4JF052861
  **(9)**  **2019 Maserati Ghibli** – VIN #ZAM57YTA4K1314330

  As this Court is aware, on February 24, 2024, the Deo Defendants filed a letter motion to hold the Superb Plaintiffs in contempt after discovering that Plaintiffs had filed MV-50's with the New York DMV, transferring the Injuncted Vehicles from Superb Motors, Inc. to Urrutia's other dealerships. ([ECF 152](). In Opposition, the Superb Plaintiffs claimed that the transfers were ministerial in nature and produced copies of the transfer documents purportedly showing title being transferred back to Superb. ([ECF 155, ¶ 14](); [ECF 155-1]()). Certified copies of the MV-50s for the Injuncted Vehicles when they were transferred from Superb to the other Urrutia dealerships were also produced as an exhibit to the Reply papers filed by the Deo Defendants. ([ECF 158-2]()). Relevant to the instant letter, however, is that the odometer statements for the above nine (9) vehicles were contained within the documents filed by both the Deo Defendants and the Superb Plaintiffs.

  A simple comparison of the photographs of the odometers produced by the Superb Plaintiffs with the odometer readings that the Plaintiffs certified in the MV-50s and transfer documents filed with this Court demonstrates unequivocally that the Injuncted Vehicles, while in the exclusive possession, custody, and control of the Superb Plaintiffs, were driven in violation of the Court's Preliminary Injunction.

  For the Court's convenience, I have provided a chart below which sets forth the following information: (a) the Injuncted Vehicle; (b) the last four of the Injuncted Vehicle's VIN; (c) the odometer reading certified on the title transfer documents produced by the Superb Plaintiffs, as well as a link and page cite to the ECF filing; (d) the odometer reading stated in the certified copy of the MV-50 Form that the Superb Plaintiffs certified when they filed the form with the DMV, as well as a link and page cite to the ECF filing; (e) the total

260 N. Broadway, Suite #2A  P. (347) 732-4428 | P. (516) 597-4418 | F. (917) 477-2273  www.levinesingh.com
Hicksville, New York 11801

LEVINE SINGH LLP

Attorneys:
Brian M. Levine Esq.+
Manijt Singh, Esq.+
Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

mileage shown on the odometer photographs produced by the Superb Plaintiffs; and (f) the total additional mileage that the Superb Plaintiffs placed on each Injuncted Vehicle.

| Vehicle | Last Four of Vin | Mileage on Transfer Docs | Mileage on MV50 | Mileage in Photos | Mileage Increase |
|---|---|---|---|---|---|
| **2019 Mercedes GT** | 1866 | 69,382 (ECF 155-1, p. 22) | 69,382 (ECF 158-2, p. 16) | 70,249 | **867** |
| **2018 Land Rover Sport** | 9351 | 72,983 (ECF 155-1, p 10) | 72,983 (ECF 158-2, p. 32) | 74,989 | **2,006** |
| **2018 Alfa Romeo Gulia** | 5105 | 54,975 (ECF 155-1, p 13) | 54,975 (ECF 158-2, p.56) | 55,654 | **679** |
| **2018 Dodge Durango** | 8967 | 57,531 (ECF 155-1, p 2) | 57,531 (ECF 158-2, p. 71) | 58,774 | **1,243** |
| **2016 Porsche Panamera** | 2172 | 35,633 (ECF 155-1, p 20) | 35,633 (ECF 158-2, p. 68) | 37,425 | **1,792** |
| **2020 Mercedes GT** | 6406 | 41,147 (ECF 155-1, p. 6) | 41,147 (ECF 158-2, p. 76) | 42,110 | **963** |
| **2019 Range Rover** | 9794 | 59,276 (ECF 155-1, p. 18) | 59,276 (ECF 158-2, p. 80) | 61,274[1] | **1,998** |
| **2018 Mercedes SL** | 2861 | 48,914 (ECF 155-1, p. 24) | 48,914 (ECF 158-2, p. 92) | 55,561 | **6,647** |
| **2019 Maserati Ghibli** | 4330 | 40,421 (ECF 155-1, p. 16 ) | 40,421 (ECF 158-2, p. 100) | 41,115 | **694** |

The previously reported odometer readings for each of the above Injuncted Vehicles were *less* than the odometer readings displayed in the photographs that Plaintiffs filed/exchanged on January 13, 2025. Based on these photographs and the odometer readings previously certified by the Superb Plaintiffs, the Superb Plaintiffs have driven a combined **16,889** miles in contempt!

On January 24, 2025, during a meet-and-confer with the Superb Plaintiffs on a separate issue, Defendants notified Superb Plaintiffs' counsel that, after having an

---

[1] The Court is requested to take judicial notice that 98,611 Kilometers converts to 61,274 miles

260 N. Broadway, Suite #2A
Hicksville, New York 11801
P. (347) 732-4428 | P. (516) 597-4418 | F. (917) 477-2273 | www.levinesingh.com

LEVINE SINGH LLP

Attorneys:
Brian M. Levine Esq.+
Manijt Singh, Esq.+
Rosanna Ruotolo Esq.+*^
Andrew V. Poznanski, Esq.+*

+ Admitted in NY
^ Admitted in NJ
* Of Counsel

opportunity to look through and organize the 1,661 photographs – which took numerous days to accomplish because the files were not labeled or separated to indicate which Injuncted Vehicle they related to – the Deo Defendants discovered that three (3) Injuncted Vehicles were missing and that there were discrepancies in the odometer readings showing substantial increases in mileage.

In lieu of immediately notifying the Court, Defendants' counsel informed Plaintiffs' counsel of these deficiencies **as a courtesy** and requested corrective action regarding the three (3) missing Injuncted Vehicles and an explanation for the mileage discrepancies.

As of January 28, 2025, Plaintiffs had still not provided the odometer photographs for the three (3) missing Injuncted Vehicles or an explanation for the mileage, and therefore, the Deo Defendants sent an email reiterating their request. In response, the Deo Defendants were advised only that the "[Superb Plaintiffs were] looking into the issues [we had] raised."

To date – **three weeks later –** Plaintiffs have neither provided odometer readings for the missing vehicles nor explained the discrepancies. It has been twenty-six (26) days since this Court directed the Superb Plaintiffs to exchange date-stamped odometer photographs for the Injuncted Vehicles and cautioned that the Court may hold them in contempt upon their non-compliance; fifteen (15) days since the Deo Defendants first notified the Superb Plaintiffs of their non-compliance; and eleven (11) days since Plaintiffs claimed they were "looking into the issue."

The Deo Defendants can no longer countenance the Plaintiffs' continued non-compliance with your Order or the unexplained delays. Accordingly, we bring this grave issue to the Court's attention and respectfully request that this Court hold the Superb Plaintiffs in contempt of the Preliminary Injunction, as Your Honor warned the Plaintiffs in this Court's January 10, 2025 Order, and further find them in contempt for violating the Preliminary Injunction based on the odometer photographs that the Superb Plaintiffs have filed or produced[2].

We appreciate the Court's consideration of this request.

Respectfully Submitted,

*s/ Brian M. Levine*
Brian M. Levine, Esq.

---

[2] While the Urrutia Declaration was filed with the Court, the odometer photographs were submitted by reference to a hyperlink directing to a Dropbox folder containing their location. (ECF 216, ¶ 5). To the extent that the Court was not granted the requisite permission to access the Dropbox folder or that the folder's 1,661 unlabeled files hindered review, Defendants have reproduced true and correct copies of the photographs produced by Plaintiffs.

260 N. Broadway, Suite #2A
Hicksville, New York 11801
P. (347) 732-4428  |  P. (516) 597-4418  |  F. (917) 477-2273  |  www.levinesingh.com