# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

March 2, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

      *Re:*    **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
              <u>Case No.: 2:23-cv-6188 (JMW)</u>

Dear Judge Wicks:

      Together with Milman Labuda Law Group PLLC, this office represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case. The Superb Plaintiffs write[1] to respectfully oppose the Deo Defendants'[2] third letter motion for contempt.

      Much like their first two motions, the Deo Defendants seize upon inconclusive evidence to cobble together a contrived motion for contempt for the sole purpose of harassing the Superb Plaintiffs. They do so to ingratiate themselves in scorched earth litigation hoping to kick Urrutia while he is down now that the Deo Defendants have succeeded in demolishing his dealerships to build their own with the money they stole from the Plaintiffs. The Deo Defendants are the proverbial "boy who cried wolf" when it comes to contempt motions. Sadly, in their bloodlust to secure some form of contempt against Urrutia, they miss the forest for the trees because the evidence they submit in support of their motion falls far short of the clear and convincing standard of proof required to prevail on a contempt motion. Either way, the Deo Defendants enjoy victory; win or lose, they force Urrutia to expend unnecessary fees fighting contempt motions for every conceivable potential violation of a preliminary injunction that was, ironically, designed to protect Urrutia's dealerships from the very demise they have come to face at the hands of the Deo Defendants.

---

[1] The Superb Plaintiff respectfully request leave of this Court to make the instant request as a letter motion rather than a formal motion (as required by Local Civil Rule ("LCR") 7.1) in accordance with Rule 1 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), which requires that the Rules be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. <u>See</u> Fed. R. Civ. P. 1.

[2] The Deo Defendants are defined as Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
March 2, 2025
P a g e | 2

**Legal Standard**

"There are three essential elements which must be established before a party can be held in civil[3] contempt: 1) there must be an order that is clear and unambiguous; 2) the proof of non-compliance with that order must be clear and convincing; and 3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered." See Schmidt v. Stone, No. 14-CIV.-2519 (RJD) (CLP), 2019 WL 3253953, at *5 (E.D.N.Y. July 18, 2019) (internal quotations and citations omitted). All three elements must be met. "In the context of civil contempt, the clear and convincing standard requires a *quantum of proof* adequate to demonstrate *'reasonable certainty'* that a violation occurred." See In re Chief Exec. Officers Clubs, 359 B.R. 527, 535 (2d Cir. 1995) (emphasis added). Courts should only resort to civil contempt if there is *no "fair ground of doubt"* about a party's wrongful conduct. See Taggart v. Lorenz, 139 S. Ct. 1795, 1801 (2019) (emphasis added). The standard is an objective one. See Id. at 1797.

Further, civil contempt sanctions "generally may serve either or both of two purposes: to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance." See Perfect Fit Indus., Inc. v. Acme Quilting Co., 673 F.2d 53, 56 (2d Cir. 1982). When the purpose is coercive, "the district court has broad discretion to design a remedy that will bring about compliance." Id. at 57. Still, "a court is obliged to use the least possible power adequate to the end proposed." See Spallone v. United States, 493 U.S. 265, 276 (1990) (internal quotation marks omitted). "Several factors should be considered in the exercise of this discretion, including the 'character and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance,' and the 'amount of the contemnor's financial resources and the consequent seriousness of the burden to him.'" See Perfect Fit Indus., 673 F.2d at 56 (alterations adopted) (quoting United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947)).

**The Deo Defendants' Third Motion for Contempt Must be Denied**

The Deo Defendants argue that "[a] simple comparison of the photographs of the odometers produced by the Superb Plaintiffs with *the odometer readings that the Plaintiffs certified in the MV-50s and transfer documents* filed with this Court *demonstrates unequivocally* that the Injuncted Vehicles, *while in the exclusive possession, custody, and control of the Superb Plaintiffs*, were driven in violation of the Court's Preliminary Injunction." See ECF Docket Entry 225 at 2 (emphasis added).

This is simply not so.

---

[3] Although the Deo Defendants previously sought to hold the Superb Plaintiffs in *criminal* contempt, they do not so here.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
March 2, 2025
P a g e | 3

The odometer readings that the Plaintiffs certified in the transfer documents are dated November 7, 2023, but those documents mirror the exact same mileage listed on the original transfer documents when Superb and/or Team first acquired the vehicles. See Declaration of Robert Anthony Urrutia in Opposition ("Urrutia Decl.") ¶¶ 5-36, Ex. A; see also ECF Docket Entries 38-10 and 112-8, summarized in the chart below.

| Page | Page ID | Date | Miles | Description | VIN |
|---|---|---|---|---|---|
| 38-10 at 168 | 1261 | 7/17/2023 | 69,382 | 2019 Mercedes Benz GT | 1866 |
| 38-10 at 172 | 1265 | 7/17/2023 | 69,382 | 2019 Mercedes Benz GT | 1866 |
| 38-10 at 186 | 1279 | 6/5/2023 | 72,918 | 2018 Land Rover | 9351 |
| 38-10 at 182 | 1275 | 6/29/2023 | 72,928 | 2018 Land Rover | 9351 |
| Urr. Decl. | ¶¶ 10-11 | 6/23/2023 | 54,975 | 2018 Alfa Romeo Gulia[4] | 5105 |
| 38-10 at 140 | 1233 | 6/16/2023 | 57,531 | 2018 Dodge Durango | 8967 |
| 112-8 at 43 | 2556 | 4/28/2023 | 35,633 | 2016 Porsche Panamera | 2172 |
| 112-8 at 32 | 2545 | 3/23/2023 | 41,147 | 2020 Mercedes GT | 6406 |
| 112-8 at 38 | 2551 | 3/24/2023 | 59,276 | 2019 Range Rover | 9794 |
| 112-8 at 22 | 2535 | 2/24/2023 | 48,909 | 2018 Mercedes SL | 2861 |
| 112-8 at 25 | 2538 | 3/14/2023 | 48,914 | 2018 Mercedes SL | 2861 |
| 112-8 at 27 | 2540 | 3/14/2023 | 48,914 | 2018 Mercedes SL | 2861 |
| 112-8 at 11 | 2524 | 11/29/2022 | 40,420 | 2019 Maserati Ghibli | 4330 |
| 112-8 at 15 | 2528 | 12/14/2022 | 40,420 | 2019 Maserati Ghibli | 4330 |
| 112-8 at 17 | 2530 | 3/27/2023 | 40,421 | 2019 Maserati Ghibli | 4330 |

The foregoing miles referenced in these earlier transfer documents virtually mirror the miles referenced in the Deo Defendants' tables. See ECF Docket Entry 225 at 3. Indeed, the dates on the October and November 2023 transfer documents mirror the mileage from the pre-injunction acquisition of the vehicle because the mileage is not updated until a sale is made. See Urrutia Decl. ¶¶ 18-23 (explaining assignment process and that mileage is not part of that process).

Based on the foregoing evidence, the Deo Defendants' representation that the vehicles' mileage do not reflect a change while the Superb Injuncted Vehicles remained in the exclusive possession, custody, and control of the Superb Plaintiffs.

Therefore, the Deo Defendants' purported evidence is simply smoke and mirrors that falls far short of the high standard necessary to establish clear and convincing evidence. Cf. Aquavit Pharmacueticals, Inc. v. U-Bio Med, Inc., No. 19-CIV.-3351 (VEC) (RWL), 2021 WL 4312579, at *9 (S.D.N.Y., 2021) ("[T]he Injunction[ ] prohibit[ed] 'destroying any evidence relating to the Defendants' social media pages' " and 'Defendants do not contest that they intentionally deleted the account ... [p]roof of noncompliance is thus clear and convincing").

---

[4] Superb never received title for the 2018 Alfa Romeo Gulia because Manheim placed a hold on the account due to Deo's conduct. See Urrutia Decl. ¶¶ 10-11.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
March 2, 2025
P a g e | 4

Indeed, courts routinely deny civil contempt motions for a movant's failure to establish by clear and convincing evidence that a violation has occurred.  See, e.g., Clarkson v. Goord, 91-CIV.-1792 (CM), 2014 WL 4290699, at *6 (S.D.N.Y. May 7, 2024) ("The Court agrees with Defendants that there is no clear and convincing evidence in the record to demonstrate that they violated the Consent Decree in connection with Branch's disciplinary proceedings"); see also New York SMSA LP v. City of Rye, No. 19-CIV.-10159 (NSR), 2022 WL 2965981, at *10 (S.D.N.Y. July 27, 2022) ("the Court concludes that Plaintiff has failed to meet its burden in establishing by clear and convincing evidence that holding Defendants in civil contempt is warranted").

Based on the foregoing, the Deo Defendants' contempt motion must be denied.

**Deo Defendants' Unclean Hands & Numerous Violations of Orders Deprive Them of Relief**

The Deo Defendants' third misguided letter motion for contempt must be denied for the separate reason that their conduct after the imposition of the injunction in driving the Deo Injuncted Vehicles deprives them of the relief that they seek.

The doctrine of unclean hands allows a court to deny relief to a party which has entered litigation in bad faith. See Bank v. Dimension Serv. Corp., No. 23-CIV.-2467, 2023 WL 9009315, at *4 (E.D.N.Y. Dec. 29, 2023), report and recommendation adopted, 2024 WL 185316 (E.D.N.Y. Jan. 17, 2024) (citing Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 243 (1933)).

"[It] is an 'ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief.'" See Legal Recovery Associates LLC v. Brenes Law Group, P.C., No. 22-CIV.-1778 (ER) (BCM), 2024 WL 1073119, at *4 (S.D.N.Y. Feb. 13, 2024) (citing Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. M.C.F. Assocs., Inc., 530 F. Supp. 3d 460, 464-65 (S.D.N.Y. 2021) (Nathan, J) (quoting Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co., 324 U.S. 806 (1945))).

Here, the Deo Defendants have repeatedly failed to comply with the Injunction in the very respect that they are seeking to enforce it.

This do-as-the-Court-says-but-not-as-we-do approach is untenable as a matter of law. Indeed, the Deo Defendants repeatedly drove the vehicles in violation of the Injunction.[5] See ECF Docket Entries 58 (requesting permission to drive two of the Deo Injuncted Vehicles and admitting the inability to maintain the vehicles at a Deo Lot), 79 (submitting evidence that the Injuncted Deo Vehicles are not present at Deo's home as asserted), 98 (denying letter motion for contempt but clarifying the Injunction to require that the Injuncted Deo Vehicles are not permitted to be driven or otherwise used).

---

[5] The Superb Plaintiffs respectfully incorporate by reference all of the instances of the Deo Defendants' bad faith.  See ECF Docket Entry 219 at 3-4, 3 n. 2.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
March 2, 2025
P a g e | 5

The Deo Defendants have violated the Injunction repeatedly. Below is a chart summarizing their violations of the Order not to drive the vehicles.

| Vehicle | VIN | Mileage Title | Mileage Photo | Difference | Urrutia Decl. ¶ |
|---|---|---|---|---|---|
| 2016 Audi A6 | 9650 | 40,272 | 48,259 | 7,987 | 39 |
| 2016 Audi Q5 | 0272 | 73,901 | 74,326 | 425 | 40 |
| 2017 Rolls Royce | 2728 | 42,656 | 44,985 | 2,329 | 41 |
| 2019 Land Rover | 3297 | 55,246 | 60,973 | 5,727 | 42 |
| 2023 Suburban | 8675 | 22,254 | 26,180 | 3,926 | 43 |
| 2020 Mercedes | 4078 | 21,005 | 22,311 | 1,360 | 44 |

See Urrutia Decl. ¶¶ 39-46.

Based on the demonstrable evidence of the Deo Defendants' bad faith, and Judge Merchant's prior finding that the Deo Defendants failed to dispute the veracity or validity of the Superb Plaintiffs' claims, this Court should deny the Deo Defendants' letter motion because they have unclean hands. See ECF Docket Entry 55 at 19 ("Importantly, Deo does not dispute the veracity or validity of any of the foregoing harms").

Notwithstanding the foregoing, in the unlikely event that this Court is inclined to further consider the Deo Defendants' motion, the Superb Plaintiffs request – pursuant to LCR 83.6 – to have oral evidence taken, either before the Court or before a master appointed by the Court.

The Superb Plaintiffs thank this Court for its continued time and attention to this matter.

Dated: Lake Success, New York
   March 2, 2025      Respectfully submitted,

                **MILMAN LABUDA LAW GROUP PLLC**
                __/s/ Jamie S. Felsen, Esq.__

Dated: Jamaica, New York
   March 2, 2025      **SAGE LEGAL LLC**
                _/s/ Emanuel Kataev, Esq._

                *Attorneys for Plaintiffs*
                *Superb Motors Inc.*
                *Team Auto Sales LLC and*
                *Robert Anthony Urrutia*

**VIA ECF**
All counsel of record