Michael E. Sims, Esq.
Nicholas A. Savino, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
730 Third Avenue
New York, New York 10017
(212) 223-0400
Attorneys for Proposed Third-Party Intervenor
*Nissan Motor Acceptance Company LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUPERB MOTORS INC. *et. al.*,<br>          Plaintiffs,<br>     - against -<br>ANTHONY DEO *et. al.*,<br>          Defendants. | Case No.:   2:23-cv-6188 (JMW)<br>**DECLARATION OF**<br>**ROBERT ANTHONY URRUTIA** |

        Robert Anthony Urrutia ("Urrutia"), pursuant to 28 U.S.C. § 1746, states the following:

        1.     I am the principal and owner of plaintiff Superb Motors Inc. ("Superb"), plaintiff Team Auto Sales LLC ("Team Auto"),[1] non-party Team Imports LLC d/b/a Team Mitsubishi-Hartford ("Dealer"), non-party Team Auto Group LLC d/b/a Volkswagen of Freehold ("Team Group") and non-party Team Nissan, Inc. d/b/a Nissan of Pittsfield ("Team Nissan," together with Dealer and Team Group, "Borrowers") and make this statement in support of Nissan Motor Acceptance Company LLC's ("NMAC") application to intervene and be heard in these proceedings. I make this declaration based on personal knowledge and Borrowers' books and records.

        2.     Dealer and NMAC entered into agreements by which NMAC agreed to finance the purchase of certain vehicles and, in exchange, Dealer granted NMAC a

---

[1] Urrutia, together with Superb and Team Auto, the "Superb Plaintiffs."

security interest in the vehicles. **Exhibits 1-2** to the Declaration of NMAC dated March 7, 2025 (the "NMAC Decl."), Wholesale Financing and Security Agreement dated February 10, 2021 and Capital Loan Agreement dated same.

3. Thereafter, by the First Amended and Restated Cross-Guaranty Cross-Collateral and Cross-Default Agreement dated November 11, 2022 (the "Cross-Collateralization Agreement"), Borrowers agreed with NMAC, and I guaranteed, *inter alia*, to cross-collateralize all present and future obligations by Borrowers and NMAC. See **Exhibit 3** to the NMAC Decl.

4. By order dated September 29, 2023, the Hon. Orelia E. Merchant, U.S.D.J. ("Judge Merchant") issued a preliminary injunction (the "Injunction") prohibiting the Superb Plaintiffs from encumbering, transferring, or otherwise disposing of (1) two (2) Isuzu flatbed trucks (the "Trucks"); and (2); twenty-eight (28) cars listed at ECF 30-8[2] indicated with "**YES**", with the exception of the 2023 Chevy Suburban with a VIN number ending 8765 (the "Mixed Vehicles," together with the Trucks, the "Injuncted Vehicles" ). ECF No. 55, Injunction at p. 28, Point V(1)(a)-(b).

5. By order dated May 9, 2024, this Court modified the Injunction and permitted the Superb Plaintiffs to sell fourteen (14) of the Mixed Vehicles owned by Superb (the "Superb Vehicles") with all proceeds placed in escrow, and continued to restrain thirteen (13) of the Mixed Vehicles owned by Team Auto (the "Team Auto Vehicles") (the

---

[2] ECF 30-8 identifies the Vehicle Identification Number ("VIN"), year, make, and model.

"Modified Injunction"). ECF No. 172, Modified Injunction at pp. 15-16, Point I(b), (d), pp. 18-19, Conclusion at ¶ 1(b), (e).

6. Subsequent to this Court's issuance of the Modified Injunction, by the Possession and Surrender Agreement dated January 2, 2025 (the "Surrender Agreement"), Dealer agreed, and I guaranteed, *inter alia*, "to surrender possession of the Collateral to NMAC for safekeeping and NMAC is willing to accept possession of the Collateral for storage at a secure auction lot (the "Auction Lot") on the terms and conditions set forth herein." See **Exhibit 4** to the NMAC Decl., Surrender Agreement at Recital ¶ E.

7. The Surrender Agreement expressly incorporates by reference that the Team Auto Vehicles and eleven (11) of the Superb Vehicles (the "Surrendered Superb Vehicles," together with the Team Auto Vehicles, the "Surrendered Vehicles") that were subject to the Injunction in this Action are identified in Schedule C annexed thereto. Id. at Recital ¶ C, Schedule C (identifying twenty (24) vehicles by Stock Type, Stock Number, and VIN).

8. The Modified Injunction presently restrains the Team Auto Vehicles identified in Schedule C. See ECF No. 172, Modified Injunction at p. 16, Point I(d), p. 19, Conclusion at ¶ 1(e); **Exhibit 4** to the NMAC Decl., Schedule C to the Surrender Agreement.

9. The Modified Injunction does not presently restrain the Surrendered Superb Vehicles identified in Schedule C. See id. at p. 15, Point I(b), p. 18, Conclusion at ¶ 1(b); **Exhibit 4** to the NMAC Decl., Schedule C to the Surrender Agreement.

10. With the exception of the vehicle assigned vehicle identification number ZARFAEDN3J7575105 which was moved to the Hartford dealership on October

25, 2023, no other vehicles were encumbered after issuance of the Injunction. See NMAC Decl. at ¶ 7.

11. Specifically, I expressly consent to this Court vacating the Modified Injunction as to the Team Auto Vehicles so that NMAC may take possession of them according to the express terms the Surrender Agreement, and after vacatur, sell them to setoff against the total outstanding debt owed to it by Dealer in the amount of **$4,556,148.11** (the "Debt") as set forth in the NMAC Decl. See NMAC Decl. at ¶ 8.

12. This is because, like Superb, my other dealerships have been shut down and are currently in the process of winding down their affairs.

13. This Court previously found that Superb shutting down was a material change of circumstances warranting modification of the Injunction.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 10, 2025

*Robert Urrutia*
Robert Urrutia (Mar 10, 2025 23:51 EDT)

ROBERT ANTHONY URRUTIA