Michael E. Sims, Esq.
Nicholas A. Savino, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
730 Third Avenue
New York, New York 10017
(212) 223-0400
Attorneys for Proposed Third-Party Intervenor
*Nissan Motor Acceptance Company LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUPERB MOTORS INC. *et. al.*, | Case No.: 2:23-cv-6188 (JMW) |
| Plaintiffs, | |
| - against - | |
| ANTHONY DEO *et. al.*, | |
| Defendants. | |

**PROPOSED THIRD-PARTY INTERVENOR NISSAN MOTOR ACCEPTANCE COMPANY LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE**

ZEICHNER ELLMAN & KRAUSE LLP
730 Third Avenue
New York, New York 10017
Telephone: (212) 223-0400

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

FACTS ...................................................................................................................3

ARGUMENT ........................................................................................................................4

POINT I    NMAC IS PERMITTED TO INTERVENE UNDER FED.
R. CIV. P. 24..................................................................................................4

    A.    NMAC's Motion to Intervene is Timely .........................................................4

    B.    NMAC Has a Direct and Substantial Interest in This Action .........................5

    C.    NMAC's Rights are Not Adequately Protected and Will be Impaired ...........6

    D.    Intervention Will Not Unduly Delay or Prejudice the Adjudication of
the Original Parties' Rights..............................................................................7

CONCLUSION.....................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                                                     **Page(s)**

*Kaliski v. Bacot*
  (In re Bank of N.Y. Derivative Litig.), 320 F.3d 291 (2d Cir. 2003) .................................................... 4, 5

*Trbovich v. UMW*,
  404 U.S. 528 (1972) ................................................................................................................. 6

*United States v. City of N.Y.*,
  198 F.3d 360 (2d Cir. 1999) ...................................................................................................... 4

**Other**

Fed. R. Civ. P. 24 ........................................................................................................ 1, 4, 5, 6, 7

Proposed third-party intervenor Nissan Motor Acceptance Company LLC ("NMAC" or "Intervenor"),[1] by and through its counsel, respectfully submit this Memorandum of Law in support of its motion to intervene (the "Motion to Intervene").

## PRELIMINARY STATEMENT

By this motion NMAC seeks to intervene in the above-captioned action pending in the Eastern District of New York, styled *Superb Motors Inc. et. al. v. Deo et. al.*, bearing Docket Number 2:23-cv-06188-JMW (the "Action") for the limited purpose of (1) vacating the Modified Injunction[2] (ECF No. 172) the Court entered in this Action that prohibits the transfer or sale of thirteen (13) vehicles owned by Team Auto Sales LLC ("Team Auto") in which it has an interest (the "Team Auto Vehicles"); and after vacatur, (2) permitting transfer of the Team Auto Vehicles to NMAC to be sold; and (3) applying the proceeds from the sale to setoff against the outstanding debt owed by Team Imports LLC ("Dealer") to NMAC in the amount of **$4,556,148.11** (the "Debt").

Fed. R. Civ. P. 24(a), in pertinent part, states a court "must permit anyone to intervene" who, on a "timely motion," "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Here, NMAC satisfies the requirements for intervention for the following reasons. First, NMAC's motion is timely. On January 2, 2025, it entered into an agreement with non-party

---

[1] Unless otherwise defined herein all capitalized terms shall be defined as set forth in the Declaration of Nicholas A. Savino, Esq. dated March 18, 2025 (the "Savino Decl.").

[2] Defined hereunder.

Dealer guaranteed by Plaintiff Robert Urrutia ("Urrutia," together with Dealer, "Obligors") whereby Obligors agreed to voluntarily surrender the Team Auto Vehicles along with eleven (11) vehicles owned by Superb Motors Inc. ("Superb") (the "Superb Vehicles," together with the Team Auto Vehicles, the "Surrendered Vehicles") subject to lifting of the Injunction in this Action. The Injunction was later modified by the Modified Injunction which lifted the Injunction as to the Surrendered Superb Vehicles and left all prohibitions in place as to the Team Auto Vehicles. Additionally, the Deo Defendants filed a motion, *inter alia*, seeking further modification of the Modified Injunction (the "Deo Defendants' Motion"), which is currently pending and directly impacts NMAC's interest in the Enjoined Vehicles.

Second, by its agreements with Dealer, NMAC unquestionably has a substantial interest in the Team Auto Vehicles it financed and has a security interest in same. Further, *after* this Court issued the Modified Injunction, Dealer agreed to voluntarily surrender the Team Auto Vehicles subject to the Injunction[3] being lifted. Moreover, NMAC has a superior interest based upon its contractual rights and security interest in the Team Auto Vehicles over the Deo Defendants who have no claim of priority over NMAC. Third, without intervention NMAC's rights under its agreements with Dealer and its interest in the Team Auto Vehicles will be impaired because it is entitled to take possession of them, sell them, and apply proceeds from the sale to satisfy the Dealer's outstanding Debt to NMAC. Moreover, the Deo Defendants' Motion, which awaits a ruling by this Court, directly impacts NMAC's interest as it seeks to further modify the Modified Injunction that NMAC expressly seeks to vacate by this Motion. Finally, NMAC's rights are not adequately protected by the parties to this Action because only NMAC can enforce its

---

[3] The Surrender Agreement does not expressly reference the Modified Injunction which continues the restraint on the Team Auto Vehicles. **Exhibit 4** to the Declaration of NMAC dated March 7, 2025 ("NMAC Decl."), Surrender Agreement.

2

contractual rights and protect its substantial interest in the Team Auto Vehicles and the Debt they secure. Indeed, Dealer is in Debt to NMAC for a significant amount in excess of $5 million dollars (is this true later you say the amount owed is **4,556,148.11**) in connection with NMAC's financing of the Enjoined Vehicles, which if sold, can be setoff against the Debt.

Accordingly, this Court should permit NMAC to intervene in this Action for the limited purpose of vacating the Modified Injunction so that the Dealer may transfer the Team Auto Vehicles to NMAC which will sell them and apply proceeds from the sale to payoff the Debt.

## FACTS

We respectfully refer this court to the NMAC Decl. and the Declaration of Nicholas A. Savino ("Savino Decl.") for a full recitation of the facts.

In sum, this Court issued a Modified Injunction on May 9, 2024 that lifted all prohibitions as to the Surrendered Superb Vehicles but presently restrains the Team Auto Vehicles. ECF No. 172, Modified Injunction at pp. 18-19; Savino Decl. at ¶ 5. Subsequently, on January 2, 2025, the Obligors agreed to voluntarily surrender and turnover possession of the Team Auto Vehicles to NMAC upon lifting of the Injunction which presently restrains the vehicles. (the "Surrender Agreement").[4] **Exhibit 4** to the NMAC Decl. at ¶¶ 5-7. This Court denied Plaintiffs' prior motion seeking to lift the Injunction before Dealer entered into the Surrender Agreement. ECF No. 172., Modified Injunction, p. 19 at Conclusion, ¶1(e); Savino Decl. at ¶ 5. Dealer is presently in debt to NMAC in the amount of **$4,556,148.11** (the "Debt") which is secured in part

---

[4] Dealer and NMAC previously entered into a Wholesale Agreement and Capital Loan Agreement whereby NMAC financed certain vehicles and in exchange Dealer granted a security interest in the vehicles, including the Team Auto Vehicles. **Exhibits 1 and 2** to the NMAC Decl.

3

by the Team Auto Vehicles. NMAC Decl. at ¶ 8. Based upon NMAC's contractual rights and interest in the Team Auto Vehicles it requires intervention to be heard in this Action.

## ARGUMENT

### POINT I

### NMAC IS PERMITTED TO INTERVENE UNDER FED. R. CIV. P. 24

NMAC satisfies the requirements for intervention under the Federal Rules of Civil Procedure. To establish intervention as of right under Fed. R. Civ. P. 24(a), the moving party need only (1) file a timely motion; (2) show an interest in the action; (3) demonstrate that the interest may be impaired by the disposition of the action; and (4) show that the interest is not adequately protected by the parties to the action. United States v. City of N.Y., 198 F.3d 360, 364 (2d Cir. 1999). The Court may also grant permissive intervention in consideration of these four factors as well as whether the proposed intervention will unduly delay or prejudice the adjudication of the parties' rights. See Fed. R. Civ. P. 24(b); Kaliski v. Bacot (In re Bank of N.Y. Derivative Litig.), 320 F.3d 291, 300 n.5 (2d Cir. 2003). NMAC meets each of the factors, and the proposed intervention will not cause undue delay to these proceedings or prejudice to the parties.

**A.    NMAC's Motion to Intervene is Timely**

NMAC's Motion to Intervene is timely, and therefore NMAC should be permitted to intervene. In determining timeliness, courts consider "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances

4

militating for or against a finding of timeliness." <u>Kaliski</u>, 320 F.3d at 300 (citing <u>United States v. Pitney Bowes, Inc.</u>, 25 F.3d 66, 70 (2d Cir. 1994)).

NMAC brings this motion approximately one month after it entered into the Surrender Agreement by which Obligors expressly agreed to surrender the Team Auto Vehicles while "reserv[ing] all rights with respect to the [Surrendered] Vehicles, to be determined at a later date and <u>after either</u> (a) <u>the injunction has been lifted</u>, <u>or</u> (b) another order from a court of competent jurisdiction directs disposition of the [Surrendered] Vehicles." **Exhibit 4** to the NMAC Decl., Surrender Agreement at ¶ 4 (emphasis added). Moreover, NMAC makes this application shortly after the Deo Defendants submitted their reply in further support of the Contempt Motion, which seeks, *inter alia*, to alter the present terms of the Modified Injunction. Savino Decl. at ¶ 32. Accordingly, NMAC promptly makes the instant motion, which satisfies the timeliness requirement of Fed. R. Civ. P. 24. <u>Kaliski</u>, 320 F.3d at 300. As explained below, absent intervention, NMAC will lose the opportunity to be heard and to protect its well-founded interests in the Team Auto Vehicles.

B. <u>**NMAC Has a Direct and Substantial Interest in This Action**</u>

NMAC has a direct and substantial interest in the Action and should therefore be permitted to intervene. Under its Wholesale Agreement and Capital Loan Agreement, NMAC extended financing to Dealer which granted NMAC a security interest in the twenty-four (24) Surrendered Vehicles, including the thirteen (13) Team Auto Vehicles that are presently restrained by the Modified Injunction. **Exhibits 1-2** to the NMAC Decl. Subsequent to this Court's issuance of the Modified Injunction, NMAC and Obligors entered into a Surrender Agreement whereby they reserved their rights as to the disposition of the Surrendered Vehicles until after the Court lifts the Modified Injunction. **Exhibit 4** to the NMAC Decl., Surrender Agreement at ¶ 4. NMAC seeks

5

intervention to vacate the Modied Injunction pursuant to the Surrender Agreement so that Dealer may transfer the Team Auto Vehicles to NMAC so that NMAC may sell them to setoff against Dealer's significant Debt in the amount of **$4,556,148.11**. NMAC Decl. at ¶ 8; Savino Decl. at ¶ 39. Thus, NMAC unquestionably has a substantial interest in the Action based on its contractual rights and it should be granted intervention.

C.  **NMAC's Rights are Not Adequately Protected and Will be Impaired**

Absent intervention, NMAC's substantial interest in the Team Auto Vehicles and the significant debt they secure may be impaired by any delay in NMAC's liquidation of the Team Auto Vehicles. Motor vehicles are depreciating assets which lose value over time due to, among other things, wear and tear and market factors, such as the introduction of new model year vehicles. The Team Auto Vehicles are pre-owned vehicles which, upon information and belief, are presently being stored out of doors. Accordingly, with the passage of time, the Team Auto Vehicles will continue to lose value due to deterioration and depreciation. Given the potential prejudice NMAC would suffer, its interests are not adequately represented in the current litigation. The final prong of Fed. R. Civ. P. 24 "is satisfied if the applicant shows that the representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. UMW, 404 U.S. 528, 538 n.10 (1972).

Here, none of the Deo Defendants are parties to the agreements with NMAC that establishes NMAC's rights and grants a security interest in the Team Auto Vehicles, and therefore the interests of the Deo Defendants clearly do not align with NMAC. **Exhibits 1-4** to the NMAC Decl. As argued above, Plaintiffs agreed to voluntarily surrender the Surrendered Vehicles, which include the Team Auto Vehicles, upon lifting of the Modified Injunction that presently restrains

6

the Team Auto Vehicles. See, supra, at Point I.B. The Deo Defendants, who do not have a claim of greater priority than NMAC to the Enjoined Vehicles, seek to alter the Modified Injunction to which the Team Auto Vehicles are subject. See Savino Decl. at 32. This necessitates that NMAC act to protect its contractual rights and substantial interest in the Team Auto Vehicles by engaging independent counsel as done here. The gravity of NMAC's concerns over its substantial interest in the Team Auto Vehicles and the significant Debt they secure meets the "minimal" requirement to establish that its interests are not adequately represented by the parties in this litigation without its intervention. Thus, intervention is justified to preserve NMAC's specific rights and interests. For the foregoing reasons, this Court should permit NMAC to intervene.

**D.      Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Original Parties' Rights**

As detailed above, NMAC has met all of the factors required to establish its entitlement to intervention as of right under Fed. R. Civ. P. 24(a). Even assuming NMAC were not so entitled, NMAC would, nevertheless, be entitled to permissive intervention pursuant to Fed. R. Civ. P. 24(b), insofar as its intervention will not unduly delay the adjudication of this matter or prejudice the parties' rights. NMAC seeks intervention solely for the limited purpose of lifting what remains of the Injunction as it relates to the Team Auto Vehicles. NMAC's involvement in this matter will, thus, be limited in both time and scope and will not delay the ultimate disposition of this action. Moreover, because Plaintiffs and Dealer have surrendered any rights to the Team Auto Vehicles, and because NMAC's secured interest in these vehicles primes any interests which the Deo Defendants may purport to claim, no parties will be unduly prejudiced by NMAC's intervention and limited involvement in this action.

7

## **CONCLUSION**

For the foregoing reasons, this Court should permit NMAC to intervene, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 18, 2025

ZEICHNER ELLMAN & KRAUSE LLP

By: /s/ *Nicholas A. Savino*
Michael E. Sims
Nicholas A. Savino
Attorneys for Proposed Third-Party Intervenor
 *Nissan Motor Acceptance Company LLC*
730 Third Avenue
New York, New York 10017
(212) 223-0400