IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUPERB MOTOR, INC., *et. al*,<br><br>                              Plaintiffs,<br>                    -against-<br>ANTHONY DEO, *et. al*,<br><br>                              Defendants. | Case No. 2:23-cv-6188 (JMW)<br><br>**DECLARATION OF<br>BRIAN M. LEVINE** |

**Brian M. Levine, Esq.**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.  I am admitted to practice before this Court, and am a partner of Levine Singh, LLP, attorneys for Defendants Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC, INC., Gold Coast Cars of Syosset, LLC., Gold Coast Cars of Sunrise, LLC., Gold Coast Motors Automotive Group, LLC., Gold Coast Motors Of LIC, LLC., Gold Coast Motors of Roslyn, LLC., Gold Coast Motors of Smithtown, LLC., UEA Premier Motors Corp (the "Defendants" or "Deo Defendants") in the instant action, and as such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the file maintained by my office.

2.  I respectfully submit this Declaration in Opposition to Third-Party Nissan Motor Acceptance Company, LLC's motion to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.

3.  On or about September 16, 2024, after discovering that NMAC had filed an action against Team Imports, LLC d/b/a Mitsubishi of Hartford ("Team Mitsubishi") and Robert Urrutia, and that certain vehicles subject to the Preliminary Injunction entered in this case appeared to be

involved in that action, I contacted Pierre-Yves Kolakowski, an attorney at Zeichner, Ellman & Krause LLP, counsel for NMAC.

4. During that telephone conversation, I advised Mr. Kolakowski of the existence of the Preliminary Injunction in this matter, and that several of the vehicles at issue had been represented to the Court by Plaintiffs as having been transferred temporarily to Team Mitsubishi for administrative purposes – not for the purpose of placing them on NMAC's floorplan. I further advised that our clients believed Robert Urrutia had violated the Preliminary Injunction by transferring title to those vehicles, floor-planning them with Team Mitsubishi, and concealing the nature of those transactions from the Court.

5. I informed Mr. Kolakowski that I would email him copies of the relevant court filings related to these issues following our call.

6. Immediately after the call, I emailed counsel for NMAC copies of ECF Documents 154, 155, and 155-1, which contain filings concerning the transfers at issue. Attached hereto as **Exhibit A** is a true and correct copy of the email thread reflecting that communication and the attachments transmitted.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 2, 2025.

*/s/ Brian M. Levine, Esq.*
Brian M. Levine, Esq.

# EXHIBIT A

Case 2:23-cv-06188-JMW   Document 239-1   Filed 04/02/25   Page 3 of 5 PageID #: 6314



Brian Levine <levine@levinesingh.com>

## DEO
4 messages

**Brian M. Levine** <Levine@levinesingh.com>  Mon, Sep 16, 2024 at 1:03 PM
To: Pkolakowski@zeklaw.com

Sincerely,

Brian M. Levine, Esq.
Levine Singh, LLP
260 North Broadway, Suite 2A
Hicksville, New York 11801
Tel. No.: (347) 732-4428 (main)
Tel. No.: (516) 597-4418 (direct)
Fax No: (917) 477-2273
Email: levine@levinesingh.com
Web: www.levinesingh.com

**FINANCIAL TRANSACTIONS**: In an effort to combat fraud, our firm will never provide you with wire instructions or account information within the body of an email. Wire instructions will always be transmitted via a password-protected pdf which you will only be able to open once you call our office to obtain the password. Should you receive an email containing wire instructions in the body, verify the sender's email address and call our office to report it. Don't fall victim to online fraud.

**LEGAL ADVICE**: Unless specified in the contents of the above communication or within the terms of a separate written retainer agreement between you and the firm, this communication does not constitute legal advice, and should not be construed by the recipient as the basis for the formation of an attorney-client relationship.

**CONFIDENTIALITY STATEMENT**: This communication may contain confidential and/or privileged information, and is intended exclusively for the addressee(s). If you received this communication but are neither the named recipient or the employee or agent of the addressee, then it was delivered to you in error. Please notify us of this error by return email, and then permanently delete the communication.

---

**2 attachments**

 **155.pdf**
381K

 **155-1.pdf**
1363K

---

**Brian M. Levine** <levine@levinesingh.com>  Mon, Sep 16, 2024 at 1:03 PM
To: Pkolakowski@zeklaw.com

[Quoted text hidden]

---

**2 attachments**

📄 **155.pdf**
381K

📄 **155-1.pdf**
1363K

---

**Brian M. Levine** <Levine@levinesingh.com>                                    Mon, Sep 16, 2024 at 1:06 PM
To: Pkolakowski@zeklaw.com

[Quoted text hidden]

---

📄 **Opp. Letter.pdf**
217K

---

**Brian M. Levine** <levine@levinesingh.com>                                    Mon, Sep 16, 2024 at 1:06 PM
To: Pkolakowski@zeklaw.com

[Quoted text hidden]

---

📄 **Opp. Letter.pdf**
217K