# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

**VIA ECF**  April 3, 2025
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

      *Re:*    **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
             **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

     This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case. Together with the Island Auto Group Plaintiffs,[1] the Plaintiffs submit this letter motion[2] to respectfully seek; (1) an extension of time in which to file the Amended Complaint pursuant to Rule 6 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"); and (2) reconsideration of this Court's Order dated March 21, 2025 (the "Order") pursuant to Local Civil Rule ("LCR") 6.3 on the grounds of mistake and in the interest of justice concerning: (a) the treatment of those causes of action which implicate Northshore Motor Leasing, LLC ("Northshore") and 189 Sunrise Hwy Auto LLC ("Sunrise") as proposed defendants; and (b) in the interest of justice and in light of the new evidence submitted herein which was received after full briefing of the Defendants' motions to dismiss.

     Based on same, it is respectfully submitted that this Court should reconsider its Order dismissing with prejudice the causes of action related to Northshore and Sunrise as well as for professional malpractice Defendants Jones, Little & Co., CPA'S LLP ("JLCPA") and Thomas Jones, CPA ("Jones") (JLCPA and Jones collectively hereinafter the "CPA Defendants") and fraud (against Jones), asserted by both sets of Plaintiffs in the eleventh, twelfth, fifty-first, and fifty-second causes of action in the first amended complaint. See ECF Docket Entry 65 at ¶¶ 406-434, 642-661.

---

[1] 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, Brian Chabrier, Joshua Aaronson, Jory Baron, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC and Island Auto Management, LLC.

[2] Plaintiffs respectfully request leave of this Court to make the instant request as a letter motion rather than a formal motion (as required by Local Civil Rule 7.1) in accordance with Rule 1 of the Federal Rules of Civil Procedure (hereinafter "Rules"), which requires that the Rules be construed, administered, and <u>employed by the court</u> and the parties to secure the <u>just</u>, <u>speedy</u>, and <u>inexpensive</u> determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added). Due to the emergency nature of the relief requested, Plaintiffs respectfully submit that this Court should grant leave to file the instant motion as a letter motion rather than a formal motion.

**Legal Standard**

A motion for reconsideration may be granted where the moving party shows that the court overlooked controlling law or facts that, had they been considered, would have altered the disposition of the underlying motion. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Gey Assoc. Gen. Partnership v 310 Assoc. (In re 310 Assoc.), 346 F3d 31, 35 (2d Cir. 2003). Reconsideration may also be "granted to correct clear error, *prevent manifest injustice*, or review the court's decision *in light of the availability of new evidence.*" See Mendez-Caton v. Carribean Family Health Center, 340 F.R.D. 60, 74 (E.D.N.Y. Jan. 28, 2022) (emphasis added).

**The Interests of Justice & New Evidence Require Reconsideration as to the CPA Defendants**

On January 26, 2024, this Court entered a Rule 26(f) Scheduling Order. See ECF Docket Entries 139 and 141.[3] On February 22, 2024, the Plaintiffs served discovery demands upon, among others, the CPA Defendants. On April 16, 2024, the CPA Defendants responded and made their first production of documents. On April 17, 2024, the Deo Defendants made their first production of documents. On or about April 26, 2024, Defendant Flushing Bank ("Flushing") also produced documents. The parties submitted fully briefed motions to dismiss on April 30, 2024, with moving papers served on February 9, 2024, opposition papers served on March 29, 2024, and reply papers served and filed with all papers on May 14, 2024. See, e.g., ECF Docket Entries 168, 182, and 192. As such, Plaintiffs opposed the CPA Defendants' motion to dismiss without the benefit of documents later produced by them.

The discovery produced establishes the following. On May 1, 2023, Deo introduced the CPA Defendants to Kendera Kernizant, an employee of Superb. See Declaration of Robert Anthony Urrutia ("Urrutia Decl.") ¶ 5, Exhibit ("Ex.") A. In June 2023, the CPA Defendants completed the May 2023 financial statement for Superb. See Urrutia Decl. ¶ 6, Ex. B. The May 2023 financial statement for Superb showed $9,499,495.00 in revenue. Id. at 2. On July 5, 2023, Deo wrote to Jones to ask about "*creating* a P&L for Superb thru [*sic*] May 2023," and asked him to do so "ASAP *to show* … a. Gross Sales $13,400,000.00 b. Net Income $1,332,948.00." Id. at ¶ 7, Ex C. On July 7, 2023, the CPA Defendants comply with this request and produce the requested financial statement which directly conflicts with the earlier-prepared May 2023 financial statement to the tune of $4M. Id. at ¶ 8, Ex D. Separately, on June 14, 2023, Deo sent an email to the CPA Defendants asking them to "HELP Kendra close out the statement today *showing a profit. That is an absolute must.*" Id. at ¶ 9, Ex E.

This Court dismissed the Plaintiffs' fraud and malpractice claims against the CPA Defendants on the grounds that: (i) the allegations of fraud are insufficient because they do not establish knowledge of falsity and intent to defraud; (ii) the allegations of malpractice are insufficient because Plaintiffs fail to allege that "but for" the CPA Defendants' malpractice, they would not have sustained some ascertainable damages and, separately, that Plaintiffs fail to allege with any degree of specificity *how* the CPA Defendants' conduct fell below standards of care in the accounting industry. See ECF Docket Entry 230 at 73 and 87.

---

[3] This Court previously entered a scheduling Order on October 17, 2023, but no discovery had taken place yet due to motion practice. See ECF Docket Entry 69.

In light of the foregoing evidence, which was unavailable to Plaintiffs and were peculiarly in the possession of the Defendants, it is clear that the CPA Defendants had knowledge of the falsity of their statements concerning Superb's financial condition, and made those statements with the intent to defraud at the behest of the Deo Defendants. Indeed, how do the CPA Defendants make $4M magically appear? This evidence establishes that the CPA Defendants falsified financial statements. Similarly, the newly available evidence establishes that, but for the CPA Defendants' conduct, the Superb Plaintiffs would not have suffered ascertainable damages because they would not be lulled into a false sense of security that Superb was profitable. Without the CPA Defendants' assistance, the Superb Plaintiffs would have discovered Deo's fraud sooner.

Moreover, the evidence convincingly demonstrates that the CPA Defendants' conduct falls well below standards of care in the accounting industry. This is because the CPA Defendants acquiesced to Deo's requests to "create" financial statements and ensure, at all costs, that Superb "show[ed] a profit."

In circumstances such as here, where new evidence supports the Plaintiffs' allegations, the Second Circuit has held that reconsideration is warranted. See LaBow v. C.I.R., 763 F.2d 125, 126 (2d Cir. 1985) ("We hold that the Tax Court did abuse its discretion in denying Myrna's motion and consequently reverse and remand on those issues affected by Myrna's new evidence"); see also Seales v. Panamanian Aviation Co., 356 Fed. Appx. 461, 465 (2d Cir. 2009) (unpublished) ("Here, however, the introduction of new evidence altered the balance of the convenience factors and justified the district court's reconsideration of the issue").

Plaintiffs therefore respectfully request reconsideration of this Court's Order to permit them leave to amend their complaint to include allegations based on newly available evidence which was peculiarly within the Defendants' possession. This is especially the case where Plaintiffs specifically sought leave to replead in the event of dismissal, and where this Court did not address that request for relief. See ECF Docket Entry 182 at 77-78.

**A Mistake as to the Amended Allegations in the Proposed Pleadings Requires Reconsideration**

Plaintiffs respectfully request reconsideration of the Order concerning its decision and directive of the following Counts: 16 through 37 and 42 through 44.

In addressing the IAG Plaintiffs' various claims as amended in the proposed Third Amended Complaint (the "TAC"), the IAG Plaintiffs respectfully submit that the Order misapprehends certain claims and the amendments sought therein, and therefore issues a decision and directive which Plaintiffs believe does not reconcile with the proposed amendment.

Generally, the Order states that Plaintiffs seek "to add Northshore and Sunrise as defendants for the alternative claims, correcting the alleged deficiency in the previously submitted complaint" … in that "the TAC asserts the prerequisite demand and adds Northshore [or Sunrise] as a nominal defendant."(At 114).

That is not the case.

The alleged deficiency, as noted in Plaintiffs' Memorandum of Law (the "Memo"), was the "Deo Defendants, asserting that those claims raised as derivative on behalf of Northshore or Sunrise must be dismissed because the FAC fails to allege that a request was first made by their members requesting the board of directors to take direct action or that such request would have been futile. And that, as a derivative claim the respective entities, Northshore and Sunrise, must be named as nominal defendants." ECF Docket Entry 182 at 37. The TAC remedies the alleged deficiency, as stated in the Memo, but not by asserting the prerequisite demand or adding Northshore or Sunrise as a nominal defendant.

Plaintiffs Memo explains, as supported by the TAC, the allegations were amended so that all derivative claims in the First Amended Complaint (the "Operative Complaint") were replaced with direct claims of Northshore or Sunrise,[4] therefore obviating the need for any prerequisite demand or adding Northshore or Sunrise a nominal defendant. ECF Docket Entries 65, 182. This point was made in the Memo as follows:

> A review of the salient facts and allegations reveal that there was no necessity to assert these claims derivatively, and the TAC seeks to recast these claims as direct claims asserted by Northshore or Sunrise, as appropriate. And, because these claims are asserted directly, there is no need to name the entities as nominal defendants for this purpose. At 37

The Order seems to conflate adding Northshore and Sunrise as defendants for the "alternative claims" and adding them as "nominal defendants", which are not meant to be synonymous.

More specifically the Order, at 21-22, states, *inter alia*, the following concerning the proposed amendment:

> Counts 16, 17, 18, 21, 23, 26, and 42: The TAC adds the prerequisite demand to the derivative claims and adds the necessary plaintiffs and Northshore and Sunrise as defendants. (*Id.* at 38-39.)
> Count 28: *First*, the TAC asserts the prerequisite demand and adds Northshore as a nominal defendant. (*Id.* at 40.) *Second*, Plaintiffs note that Libertas Funding has discontinued its claim against IAG Plaintiffs in state court to pursue the claim in this Court; thus in the interest of judicial economy, the claim should stand. (*Id.* at 41.)
> Counts 29 to 37: In TAC, Counts 29, 20, 34, and 36 are now brought against Northshore directly, and Counts 31, 32, 33, and 35 as standard indemnification claims "should be successful against any indemnified party." (*Id.* at 41.)

---

[4] Both plaintiffs since the filing of the original complaint.

4

> Counts 38 and 40: The TAC alleges a contractual relationship between IAG and Northshore and Sunrise, such that an agreement obligated the former to cover the duties of the latter. (*Id*. at 42.)
> Counts 43 and 44: The TAC addresses the prerequisite demand and joins Northshore and Sunrise as nominal defendants. Moreover, it alleges that Deo owed Northshore and Sunrise accurate accounting through his role as manager. (*Id*. at 43.)

The Order then analyzes each of the relevant causes of action through the lens of the above stated understanding of the proposed amendment. However, the TAC neither asserts the prerequisite demand nor adds, nor seeks to add, Northshore or Sunrise as a nominal defendant. Instead, the TAC replaced the derivative claims with direct claims by Northshore or Sunrise.

Counts 16 and 17 were not derivative claims, and were brought by the members of Northshore and Sunrise seeking declaratory judgment of their ownership over the claimed ownership of Deo. The TAC alleges no derivative action "prerequisite demand". Nor to add Northshore or Sunrise as a nominal defendant.

Counts 18 through 37 of the Operative Complaint were all originally brought as derivative claims.[5] The TAC amended all of them to be a direct claim by either Northshore or Sunrise [or the IAG Plaintiffs]. As such, none of these Counts makes reference to a prerequisite demand. Nor do any of these Counts rely upon or refer to either Northshore or Sunrise as a nominal defendant.

Counts 29, 20, 34, and 36, referenced in the Order as "now brought against Northshore directly" are not brought <u>against</u> Northshore directly, but <u>by</u> Northshore directly.

Counts 43 and 44 also do not address the prerequisite demand nor join Northshore and Sunrise as nominal defendants. These claims are for an accounting against Deo by Northshore and Sunrise directly, as original plaintiffs.

As to Counts 38 and 40, these are the alternative claims against Northshore and Sunrise as actual, not nominal defendants, in the event the Court were to find that Deo was the owner of Northshore and/or Sunrise. These two (2) counts are the only counts for which Plaintiffs sought to amend to add Northshore and Sunrise as defendants. Crucially, these "alternative claims" against Northshore and Sunrise already existed in the Operative Complaint as Counts 38 and 40 and filed on October 13, 2023.[6] Plaintiffs inadvertently omitted to add Northshore and Sunrise as defendants in October 2023 although actually asserting these claims at that time. The TAC sought to correct that oversight.

---

[5] Due to other amendments in the TAC, each of Counts 18 through 37 is two digits higher than in the Operative Complaint (i.e. Count 18 in the Operative Complaint is Count 20 in the TAC).

[6] They appear as Counts 40 and 41 in the TAC.

5

The Order ultimately held:

> These above-mentioned requests with respect to joining Northshore and Sunrise as nominal defendants, and the proposed claims that follow on their behalf and against them, are ***denied***. Aside from the fact that the scheduling order set a deadline of April 5, 2024 (ECF No. 142 at 3) for motions to join new parties or amend the pleadings, and Plaintiffs did not file this until May 14, 2024, Plaintiffs fail to provide any explanation that would excuse this delay given Plaintiffs have been aware of Northshore and Sunrise as the dealerships which are largely at the center of these claims since the initial complaint was filed on August 17, 2023. At 115

Being that the Order directed Plaintiffs "to file an Amended Complaint consistent with the rulings," Plaintiffs were unsure how to comply as there were no "requests with respect to joining Northshore and Sunrise as nominal defendants," or any "proposed claims that follow on their behalf and against them."

Plaintiffs respectfully request reconsideration as noted above, in addition to an extension of time to file the amended complaint to a date two weeks following the Court's decision on the above application.

**Good Cause Exists for an Extension of Time to Amend the Complaint**

Since the foregoing items should be resolved and clarified before Plaintiffs file an amended complaint, Plaintiffs respectfully submit that this Court should exercise its discretion in favor of granting an extension of time *sine die* pending resolution of the instant motion. See Fed. R. Civ. P. 6(b)(1)(A).

Plaintiffs thank this Court for its continued time and attention to this case.[7]

---

[7] Plaintiffs respectfully seek leave to file this letter motion in excess of the 1,500 word count limit set forth in this Court's Individual Practice Rules on account of the fact that it consists of two separate motions for reconsideration. The current word count of approximately 2,600 words is less than the 3,000 word limit had these motions been filed separately.

Dated: New York, New York
       April 3, 2025

Respectfully submitted,
**CYRULI SHANKS & ZIZMOR LLP**

      /s                   
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

Dated: Jamaica, New York
       April 3, 2025

Respectfully submitted,
**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Superb Motors Inc.*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record