UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (JMW)

**DECLARATION OF ROBERT ANTHONY URRUTIA IN SUPPORT OF PLAINTIFFS' LETTER MOTION FOR RECONSIDERATION**

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

Defendants.
-------------------------------------------------------------------X

Robert Anthony Urrutia declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.	I am the majority shareholder and President of Superb Motors Inc. ("Superb"), what used to be a high-end used car dealership in Great Neck on Long Island, and the sole member of Team Auto Sales LLC ("Team"), a wholesale used car operation that I own and operate out of New Jersey.[1]

2.	Superb, Team, and I (the "Superb Plaintiffs") consist of one group of Plaintiffs in this case who have been defrauded and harmed by Defendant Anthony Deo ("Deo") and his cohort.

3.	As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of documents I maintain at Superb and Team in addition to information I have learned from employees, customers, vendors, and other third parties concerning the Defendants and their conduct.

4.	I respectfully submit this declaration in support of the Plaintiffs' letter motion for reconsideration.

5.	Attached hereto as **Exhibit "A"** is a true and correct copy of a May 1, 2023 email produced by the Deo Defendants Bates stamped DEO1198-DEO1199.

6.	Attached hereto as **Exhibit "B"** is a true and correct copy of the May 2023 financial statement produced by the CPA Defendants Bates stamped Jones71, Jones77-Jones79.

7.	Attached hereto as **Exhibit "C"** is a true and correct copy of a July 5, 2023 email produced by the CPA Defendants Bates stamped Jones271.

8.	Attached hereto as **Exhibit "D"** is a true and correct copy of a July 7, 2023 email with accompanying attachment produced by the CPA Defendants Bates stamped Jones272-Jones275.

---

[1] I was also the owner of Volkswagen of Freehold in New Jersey, Team Mitsubishi-Hartford in Connecticut, and Team Nissan of Pittsfield, Massachusetts.

9. Attached hereto as **Exhibit "E"** is a true and correct copy of a June 14, 2023 email produced by the CPA Defendants Bates stamped Jones269.

10. The evidence submitted herewith underscores the materiality of the CPA Defendants' misconduct: they did not just aid a fraud; they provided the very documentation on which the fraud was built.

11. Jones himself, despite having received and reviewed all relevant financial data for May 2023—including the general ledger, trial balance, and the original May P&L—as confirmed in his own discovery responses, chose to participate in Deo's fraud by providing him a falsified financial statement showing $13M in revenue after having completed the May 2023 financial statement showing just weeks prior showing only $9M in revenue.

12. Based on the foregoing, Jones knowingly submitted the fabricated P&L to this Court and falsely attested to its truth and accuracy in his own sworn declaration. See ECF Docket Entries 169-5 (sworn declaration) and 170-3 (standalone email *sans* accompanying email from Deo asking Jones to "create" a falsified financial statement); cf. Ex. C.

13. In short, Jones was not duped or misled—he was complicit.

14. He had the real numbers in hand and deliberately chose to perpetuate Deo's fraud on the Plaintiffs and, subsequently, this Court.

15. This conduct is not merely negligent; it is willful, deceptive, and grounds for reinstating the fraud and malpractice claims.

16. This newly discovered evidence directly contradicts the rationale for the Court's prior dismissal.

17. The March 21, 2024 Order found the fraud allegations insufficient due to lack of scienter and the malpractice claims deficient for lack of proximate damages and specificity.

3

18. These deficiencies are now cured.

19. The emails plainly establish that Jones knew the figures were false and created the statements at Deo's direction.

20. The newly fabricated P&L materially distorted the company's financial condition and concealed Deo's misconduct from me.

21. The consequences of this fraud are concrete and severe.

22. The CPA Defendants' misconduct directly delayed the discovery of Deo's scheme, allowing him to remain in control longer than he otherwise would have.

23. Their conduct also clearly violated basic industry standards: no competent accountant, faced with such instructions, would fabricate revenue figures or misstate profits to satisfy a client's whim.

24. I humbly thank this Court for its time and attention to this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 3, 2025.

*robert urrutia*
robert urrutia (Apr 3, 2025 20:32 EDT)
Robert Anthony Urrutia