Brian M. Levine, Esq.
**LEVINE SINGH, LLP**
260 N. Broadway, Suite 2A
Hicksville, NY 11801
Tel: 347-732-4428
Fax: 917-477-2273
levine@levinesingh.com
*Attorneys for the Deo Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUPERB MOTOR, INC., *et. al*,<br><br>                                              Plaintiffs,<br>                    -against-<br><br>ANTHONY DEO, *et. al*,<br><br>                                              Defendants. | Case No. 2:23-cv-6188 (JMW) |

---

**MEMORANDUM OF LAW IN SUPPORT OF LEVINE SINGH, LLP'S MOTION TO BE RELIEVED AS COUNSEL FOR THE DEO DEFENDANTS**

---

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL ARGUMENT ...................................................................................................................1

    A.   Levine Singh's Motion Should Be Granted................................................................. 1

CONCLUSION ............................................................................................................................. 3

## **TABLE OF AUTHORITIES**

**CASES**

*Alvarez v. Michael Anthony George Constr. Corp.*,
    2014 WL 12921226 (E.D.N.Y. June 18, 2014) .................................................................. 2

*Chase Bank USA, N.A. v. Allegro Law, LLC*,
    2011 WL 13302729 (E.D.N.Y. June 23, 2011) .................................................................. 2

*Farmer v. Hyde Your Eyes Optical, Inc.*,
    60 F. Supp. 3d 441 (S.D.N.Y. 2014) ................................................................................. 2

*Federal Home Loan Mortg. Corp. v. 41-50 78th St. Corp.*,
    1997 WL 177862 (E.D.N.Y. Apr. 4, 1997) ....................................................................... 2

*Stair v. Calhoun*,
    722 F. Supp. 2d 258 (E.D.N.Y. 2010) ............................................................................... 3

*Team Obsolete, Ltd. v. A.H.R.M.A., Ltd.*,
    464 F. Supp. 2d 164 (E.D.N.Y. 2006) ............................................................................... 2

*United States v. Estate of Wiesner*,
    2017 WL 14505994 (E.D.N.Y. Mar. 15, 2017) ............................................................ 2, 3

*United States v. Lawrence Aviation Indus.*,
    2011 WL 601415 (E.D.N.Y. Feb. 11, 2011) ..................................................................... 2

**STATUTES & RULES**

Local Rule 1.4 ........................................................................................................................ 1

N.Y. Comp. Codes R. & Regs. tit. 22, §§ 1200.0,
Rules of Professional Conduct, Rules 1.16(c)(5), 1.16(c)(7) .........................................................1

## PRELIMINARY STATEMENT

Levine Singh, LLP ("Levine Singh"), attorneys for Defendants Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC, Inc., Gold Coast Cars of Syosset, LLC., Gold Coast Cars of Sunrise, LLC., Gold Coast Motors Automotive Group, LLC, Gold Coast Motors of LIC, LLC., Gold Coast Motors of Roslyn, LLC., Gold Coast Motors of Smithtown, LLC., and UEA Premier Motors Corp (collectively, the "Deo Defendants"), respectfully submit this memorandum of law in support of its motion to be relieved as counsel for the Deo Defendants

For these reasons set forth in the accompanying Declaration of Brian M. Levine, as well as those set forth more fully below, Levine Singh's motion should be granted.

## LEGAL ARGUMENT

**A. Levine Singh's Motion Should Be Granted**

Pursuant to Local Rule 1.4,

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Pursuant to the Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 22, § 1200, a "lawyer may withdraw from representing a client when: . . . the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees . . . [or] the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." See Rule 1.16(c)(5), 1.16(c)(7); *Farmer v.*

1

*Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (citing *United States v. Lawrence Aviation Indus.*, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011)) ("It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively"); *Alvarez v. Michael Anthony George Constr. Corp.*, 2014 WL 12921226, at *1 (E.D.N.Y. June 18, 2014) (granting motion to withdraw as counsel for defendants on the basis of the clients' refusal to pay legal fees). "Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4." *Team Obsolete, Ltd. v. A.H.R.M.A., Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (collecting cases); *United States v. Estate of Wiesner*, 2017 WL 14505994, at *9 (E.D.N.Y. Mar. 15, 2017) (citing *Alvarado-Vargas v. 6422 Holding Corp.*, 85 A.D. 3d 829, 830 (2d Dep't 2011) (holding the court providently granted the law firm's motion to withdraw where it was undisputed that insurer will no longer pay the law firm's legal fees for the insured's defense), adopted, 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017); *Federal Home Loan Mortgage Corp. v. 41-50 78th St. Corp.*, 1997 WL 177862, at *5 (E.D.N.Y. Apr. 4, 1997) ("where a client has deliberately disregarded its obligation to pay attorney's fees, it is appropriate to permit an attorney to withdraw"); *Chase Bank USA, N.A. v. Allegro Law, LLC*, No. 08-CV-4039 (DRH) (WDW), 2011 WL 13302729, at *1 (E.D.N.Y. June 23, 2011) (finding that clients failure to pay legal fees constituted a basis for granting motion to withdraw) (collecting cases).

As set forth in the accompanying Declaration of Brian M. Levine, the Deo Defendants have been unable to pay a considerable amount of past-due legal fees incurred in connection with this matter and have advised that they will be unable to pay for future legal services. Levine Singh has made every effort to continue its representation of the Deo Defendants, including working without sufficient funds in the firm's IOLA account, carrying outstanding invoices, extending payment

2

deadlines, underbilling, and, in many instances, foregoing billing altogether for work performed in this case. Levine Singh is a small firm, and the time and resources required to continue representation without compensation for past and future legal services would impose a financial burden the firm cannot sustain. Based on the foregoing, it is respectfully submitted that satisfactory reason for withdrawal has been demonstrated.

Finally, the Court should stay this action for a period of sixty (60) days so as to allow the Deo Defendants time to obtain other Counsel. Neither Plaintiffs nor the Defendants would be prejudiced by the withdrawal of Levine Singh. Presently, formal discovery has been stayed by the Court during the pendency of the motions to dismiss and has yet to resume; a trial is not yet scheduled in this matter, and the parties are still waiting on the Plaintiffs to serve an amended pleading. To that end, the Firm further requests that the Court stay proceedings in this action for a period of sixty (60) days to permit Defendants to secure new counsel. See *United States v. Estate of Wiesner*, 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017) (granting stay of sixty days to permit defendant to obtain new counsel); *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010) (withdrawal permitted as court determined it would not significantly prejudice plaintiffs because the litigation had only passed the motion to dismiss stage and discovery had not been conducted).

## CONCLUSION

For the foregoing reasons, Levine Singh thanks the Court for its time and attention to this application and respectfully requests that the Court grant its motion to withdraw as counsel of record for the Deo Defendants in this matter and stay the case for a period of sixty days so as to permit the Deo Defendants time to obtain other counsel.

Dated: Hicksville, New York
April 9, 2025

                                                    LEVINE SINGH, LLP

By:    /s/     Brian M. Levine
        Brian M. Levine, Esq.
        260 N. Broadway, Suite 2A
        Hicksville, New York 11801
        Tel. No.: (347) 732-4428
        Fax No.: (917) 477-2273