IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUPERB MOTOR, INC., *et. al*,<br><br>                                    Plaintiffs,<br><br>            -against-<br><br>ANTHONY DEO, *et. al*,<br><br>                                    Defendants. | Case No. 2:23-cv-6188 (JMW)<br><br>**DECLARATION OF<br>BRIAN M. LEVINE** |

**Brian M. Levine, Esq.**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.    I am admitted to practice before this Court, and am a partner of Levine Singh, LLP, attorneys for Defendants Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC, INC., Gold Coast Cars of Syosset, LLC., Gold Coast Cars of Sunrise, LLC., Gold Coast Motors Automotive Group, LLC., Gold Coast Motors Of LIC, LLC., Gold Coast Motors of Roslyn, LLC., Gold Coast Motors of Smithtown, LLC., UEA Premier Motors Corp (the "Defendants" or "Deo Defendants") in the instant action, and as such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the file maintained by my office.

2.    I respectfully submit this Declaration in Support of Levine Singh, LLP's ("Levine Singh," or the "Firm") motion to be relieved as counsel for the Deo Defendants.

3.    Levine Singh has represented the Deo Defendants in this action since it was retained in January 2024. Throughout that time, the Firm has consistently and diligently provided legal services to the Deo Defendants. Those services included, but were not limited to, drafting

discovery demand and responses, drafting motions and letter motions, drafting correspondences to opposing counsel and the Court, and preparing and appearing for oral arguments.

4. Pursuant to the terms of the retainer agreement, the Firm agreed to provide the above-referenced legal services, and the Deo Defendants agreed to, among other things, pay for the Firm's services based on an hourly rate, promptly restore the balance of the funds on deposit in the Firm's IOLA account, and pay any outstanding invoices promptly upon receipt.

5. After locking the Deo Defendants out of their own business and cutting them off from their source of income, the Superb Plaintiffs proceeded to file motion after motion and forced unnecessary hearings – seeking information they could have obtained from their own records – the cumulative toll of which has placed the Deo Defendants in a strained financial condition. As a result of the foregoing, the Deo Defendants have been unable to pay the invoices rendered for the past legal services rendered by the Firm and have advised that they are unable to pay for future legal services.

6. Levine Singh has made every effort to continue its representation under increasingly difficult circumstances. This includes: (a) continuing to work without sufficient funds in our IOLA account; (b) carrying outstanding invoices for extended periods; (c) granting extended time to remit payment; (d) underbilling for actual time spent; and (e) in many cases, foregoing billing entirely for substantial work performed.

7. Despite these efforts by the Firm, and despite the Firm's repeated requests, the Deo Defendants have failed to pay a considerable amount of past-due legal fees incurred in connection with this litigation.

8. Pursuant to the retainer agreement, the Deo Defendants were to pay the Firm's fees on an hourly basis. While we will gladly provide the Court with more detail on an ex parte basis should the Court require it, so as not to disclose the specifics of any confidential material, for purposes

here it is sufficient to state that, to date, the Firm has performed substantial work on the Deo Defendants' behalf and they owe the Firm a substantial sum of money for services rendered[1]. Indeed, invoices, the Deo Defendants have failed and continue to fail to pay the balance, and owe the Firm for its work. The Deo Defendants have held outstanding invoices since February 2024.

9. Levine Singh is a small law firm with limited financial and personnel resources. Continuing representation in this matter, and carrying the costs and expenses of this Action, particularly in light of the scope of anticipated discovery and future litigation, would impose a financial and operational burden that the Firm cannot sustain without compensation.

10. Furthermore, discovery will soon start up again soon, as the Court has rendered decisions on all of the defendants' motions to dismiss, and the parties are awaiting plaintiff's service of an amended complaint. As a result, the Firm will be required to perform substantial additional work with no reasonable expectation of payment. In addition, this outstanding balance has strained the relationship with the Firm, making it unreasonable for the Firm to carry out its employment effectively. The Firm is not asserting a charging lien against Defendants.

11. Finally, the Court should stay this action for a period of sixty days so as to allow the Deo Defendants time to obtain other counsel. Neither Plaintiffs nor the Defendants would be prejudiced by the withdrawal of the Firm. Presently, formal discovery has been stayed by the Court during the pendency of the motions to dismiss and has yet to resume; a trial is not yet scheduled in this matter, and the parties are still waiting on the Plaintiffs to serve an amended pleading. To that end, the Firm further requests that the Court stay proceedings in this action for a period of sixty (60) days to permit Defendants to secure new counsel.

---

[1] The undersigned will disclose the exact amount to the Court on an ex parte basis should the Court require.

12. Presently, formal discovery has not yet started, nor has the Court entered a Discovery Plan and Scheduling Order, and trial is not yet scheduled in this matter. To that end, the Firm further requests that the Court stay proceedings in this action for a period of thirty days to permit Defendants to secure new counsel.

13. Accordingly, Levine Singh respectfully requests that the Court grant its motion to withdraw as counsel of record for the Deo Defendants in this matter and stay the case for a period of sixty (60) days so as to permit the Deo Defendants time to obtain other counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 9, 2025.

*/s/ Brian M. Levine, Esq.*
Brian M. Levine, Esq.