Michael E. Sims, Esq.
Nicholas A. Savino, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
730 Third Avenue
New York, New York 10017
(212) 223-0400
Attorneys for Proposed Third-Party Intervenor
*Nissan Motor Acceptance Company LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUPERB MOTORS INC. *et. al.*, | Case No.:  2:23-cv-6188 (JMW) |
| Plaintiffs, | |
| - against - | |
| ANTHONY DEO *et. al.,* | |
| Defendants. | |

**PROPOSED THIRD-PARTY INTERVENOR NISSAN MOTOR
ACCEPTANCE COMPANY LLC'S REPLY MEMORANDUM
<u>OF LAW IN FURTHER SUPPORT OF ITS MOTION TO INTERVENE</u>**

**ZEICHNER ELLMAN & KRAUSE LLP**
730 Third Avenue
New York, New York 10017
Telephone: (212) 223-0400

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT.......................................................................................................................2

    A.    NMAC's Motion to Intervene is Timely Because it Was Made Shortly After its Interest in the Team Auto Vehicles Became Direct by Virtue of the Surrender Agreement ..........................................................2

    B.    The Agreements Firmly Establish NMAC's Direct and Substantial Interest in the Team Auto Vehicles Which Are Restrained by the Modified Injunction in this Action ...............................................................4

    C.    Without Intervention NMAC Cannot Exercise its Rights Under the Surrender Agreement Which Would Severely Adversely Impact It ..............6

    D.    This Court Previously Held that the Rights of Third Parties Like NMAC Are Not Adequately Represented by the Parties ...............................6

    E.    NMAC May Intervene for the Limited Purpose of Seeking Vacatur of the Injunction Without Filing a Pleading Because its Motion Papers Contain Sufficient Facts and Allegations and Constitute Notice to the Parties ........................................................................................7

CONCLUSION....................................................................................................................8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Kaliski v. Bacot*
  320 F.3d 291 (2d Cir. 2003) ............................................................................................... 3

*Restor - A - Dent Dental Laboratories, Inc. v. Certified Alloy Prod. Inc.*,
  725 F.2d 871 (2d Cir. 1984) ............................................................................................ 4,

*United States v. Pitney Bowes, Inc.*,
  25 F.3d 66 (2d Cir. 1994) .............................................................................................. 3, 4

*Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.*,
  782 F. Supp. 870 (S.D.N.Y. 1991) ............................................................................ 2, 3, 8

**Other**

Fed. R. Civ. P. 24 ................................................................................................................ 1, 4,7

Proposed third-party intervenor Nissan Motor Acceptance Company LLC ("NMAC" or "Intervenor"),[1] by and through its counsel, respectfully submits this Reply Memorandum of Law in further support of its motion to intervene (the "Motion").

**PRELIMINARY STATEMENT**

NMAC is entitled to intervene in his Action for the sole purpose of lifting the Modified Injunction as to the thirteen (13) vehicles owned by Team Auto Sales LLC (the "Team Auto Vehicles"). NMAC's moving papers established that (1) NMAC's request for limited intervention is timely; (2) NMAC has an interest in this Action because it has a perfected security interest in the Team Auto Vehicles and Robert Urrutia ("Urrutia") agreed NMAC may take possession of those vehicles upon lifting of the Modified Injunction so they may be sold to satisfy non-party Team Imports LLC's ("Dealer") Debt of $4,556,148.11 to NMAC; (3) which interest may be impaired without intervention because it would be unable to protect its interest in the Team Auto Vehicles and right to repayment of the Debt they secure; and (4) the parties do not adequately represent its interest because this Court held that it must hear from third parties like NMAC to determine whether it should modify or lift the Modified Injunction. Fed. R. Civ. P. 24(a); Savino Decl. at ¶¶ 10, 20; ECF No. 172, Modified Injunction at p. 16, Point I.d. Declaration of Robert Urrutia dated March 10, 2025 ("Urrutia Decl.") at ¶ 11. Defendants' opposition to the Motion dated April 2, 2025 (the "Opp.") fails to rebut NMAC's arguments that it satisfied each of those factors and is therefore entitled to intervene in this Action for the reasons stated below.

---

[1] Unless otherwise defined herein all capitalized terms shall be defined as set forth in the Declaration of Nicholas A. Savino, Esq. dated March 18, 2025 (the "Savino Decl.").

Accordingly, this Court should grant NMAC's motion to intervene in this Action for the limited purpose of moving to lift the Modified Injunction with respect to the Team Auto Vehicles.

## ARGUMENT

### A. NMAC's Motion to Intervene is Timely Because it Was Made Shortly After its Interest in the Team Auto Vehicles Became Direct by Virtue of the Surrender Agreement

NMAC timely moved to intervene in March 2025 after it entered into the Surrender Agreement in January 2025 with Dealer and subsequently secured Urrutia's agreement in March 2025 that after vacatur of the Modified Injunction as to the Team Auto Vehicles, NMAC may take possession and sell them to satisfy Dealer's Debt to NMAC. **Ex. 4** to Declaration of Gregory Brown dated March 7, 2025 (the "NMAC Decl."), Surrender Agreement; ECF. No. 239, the Motion; Urrutia Decl. at ¶ 11. Contrary to Defendants' assertion, the date NMAC purportedly had notice of the Injunction is not the operative date for determining timeliness of NMAC's motion to intervene. Opp. at p. 4. Even if it was, Courts have granted intervention under much longer time periods on similar facts. See, e.g., Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd., 782 F. Supp. 870 (S.D.N.Y. 1991) (application timely when filed almost two years after notice of interest in case because filed shortly after interest became direct).

Only after it entered the Surrender Agreement and Urrutia agreed that NMAC may take possession of and sell the Team Auto Vehicles upon lifting of the Modified Injunction could NMAC have met its burden to show that it had a direct interest in the vehicles to succeed on its motion. See, supra. By the Surrender Agreement, NMAC and Obligors expressly reserved their rights as to the Enjoined Vehicles identified on Schedule C thereto, which includes the Team Auto Vehicles that are the subject of the Modified Injunction. **Ex. 4** to NMAC Decl., Surrender Agreement, ¶ 4, Schedule C. Thereafter, Urrutia expressly consented to this Court "vacating the

Modified Injunction as to the Team Auto Vehicles so that NMAC may take possession of them according to the express terms of the Surrender Agreement, and after vacatur, sell them to setoff against the total outstanding debt owed to it by Dealer in the amount of $4,556,148.11." Urrutia Decl. at ¶ 11.  Analogous to Werbungs, where the applicant's interest in collateral for a letter of credit securing a bond did not become direct until a creditor made a motion to compel payment of the bond, NMAC's interest did not become direct until it entered into the Surrender Agreement and secured Urrutia's subsequent agreement that NMAC may take possession and sell the Team Auto Vehicles after vacatur of the Modified Injunction.  Werbungs, 782 F. Supp. at 874.  Indeed, the Opp. admits that were NMAC's interest "contingent upon the occurrence of a sequence events before it bec[ame] colorable, [it would] not satisfy the rule."  Opp. at p. 5 (citing United States v. Peoples Benefit Life Ins. Co., 271 F.3d 411, 415 (2d Cir. 2001) (internal citations omitted)).  Thus, NMAC's motion is timely because it promptly moved after its interest in the Team Auto Vehicles became direct and no longer contingent on any future event or occurrence.

    The Opp. solely focuses on one of four factors the Court reviews when deciding a motion to intervene (how long the applicant had notice of an interest in the action), but makes no argument that any purported delay has prejudiced the existing parties, that NMAC would not be prejudiced by denial of its motion, or that any unusual circumstances exists that impact a finding of timeliness.  Kaliski v. Bacot (In re Bank of N.Y. Derivative Litig.),  320 F.3d 291, 300 (2d Cir. 2003) (internal citations omitted); see also United States v. Pitney Bowes, Inc., 25 F.3d 66 (2d Cir. 1994) (highlighting that the time lapsed between notice of an interest in pending litigation and an application to intervene is only one of several factors a district court must weigh when deciding the issue of timeliness).

Here, the moving papers establish that NMAC would be severely prejudiced by a denial of the Motion which would prevent NMAC from exercising its rights under the Surrender Agreement because without intervention it cannot seek vacatur of the Modified Injunction which prevents sale of the Team Auto Vehicles. NMAC's Memorandum of Law dated March 18, 2025 (the "MOL"), Point I.D. Defendants fail to make any showing that they suffered or would suffer any prejudice if NMAC is permitted to intervene now versus when it purportedly had notice of the Injunction. See Opp., Point I.B. Moreover, NMAC does not argue that any unusual circumstances exist that warrant a finding against timeliness. See id. Rather, given that the Court denied plaintiffs' prior motion to lift the Injunction as to the Team Auto Vehicles (ECF No. 172, Modified Injunction at p. 19, Conclusion, Section ¶ 1(e)), and Obligors' subsequent agreement to surrender and release those vehicles upon lifting of the Modified Injunction, such unusual circumstances warrant intervention. **Ex. 4** to NMAC Decl., Surrender Agreement at Recital C, ¶ 4.

Accordingly, NMAC's motion is timely and this Court should grant it intervention in this action for the limited purpose of seeking vacatur of the Modified Injunction.

**B. The Agreements Firmly Establish NMAC's Direct and Substantial Interest in the Team Auto Vehicles Which Are Restrained by the Modified Injunction in this Action**

Under Rule 24(a), the "interest" of the intervenor-applicant must be significantly protectable such that it will be directly and immediately affected by the litigation. See Restor - A - Dent Dental Laboratories, Inc. v. Certified Alloy Prod. Inc., 725 F.2d 871, 874 (2d Cir. 1984). An applicant's interest is not significantly protectable if it will be affected only remotely or contingently by the litigation. See id.

As set forth in its moving papers, NMAC has a substantial interest in the property by virtue of the agreements it entered to finance the Team Auto Vehicles, the perfected security

interest it has in those vehicles, the cross-collateralization across Urrutia's dealerships, and the Surrender Agreement, which expressly permits the surrender and release of the Team Auto Vehicles upon lifting of the Modified Injunction. **Exs. 1-4** to the NMAC Decl., Wholesale Agreement, Capital Loan Agreement, Cross-Collateralization Agreement, and the Surrender Agreement (collectively, the "Agreements"); Savino Decl. ¶¶ 14-27; MOL at Point I.B.  NMAC's interest is significantly protectable because if the Injunction remains in place it cannot exercise its contractual rights under the Surrender Agreement to take possession of the Team Auto Vehicles which are presently restrained by the Modified Injunction entered in this Action. **Ex. 4** to the NMAC Decl., Surrender Agreement at Recital C, ¶ 4.  Therefore, NMAC is directly and immediately affected by the litigation.  See, supra, Restor-A-Dent Dental Laboratories, Inc., 725 F.2d at 874.

Moreover, Defendants' evidentiary objections are meritless. Opp. at p. 5.  There is no dispute concerning NMAC's legal interest in the Team Auto Vehicles.  Indeed, the Court has already credited this evidence in connection with its Order dated March 21, 2025 (the "Contempt Order"). ECF No. 231, Contempt Order at p. 28 ("[A] late filing from NMAC seeking to intervene in this matter confirmed that Plaintiffs' allegation that only one car was moved after the injunction came into effect.  This additional evidence suggests that the remaining cars listed in the NMAC action were encumbered prior to the injunction.").  In any event, the NMAC Decl. properly authenticates the Agreements by annexing them as true and correct copies along with Schedule A based upon his personal knowledge of NMAC's books and records.  NMAC Decl., ¶¶ 1-7.

Additionally, Defendants do not even attempt to argue that the Agreements do not establish that NMAC has a direct and substantial interest in the Team Auto Vehicles or the debt

5

they secure in excess of $4MM.  See Opp., Point I.C.  Accordingly, NMAC has a direct and substantial interest in this Action and is entitled to intervention.

### C. Without Intervention NMAC Cannot Exercise its Rights Under the Surrender Agreement Which Would Severely Adversely Impact It

Without intervention, NMAC's will be adversely impacted because it cannot protect its interest in the Team Auto Vehicles and right to repayment of the Debt they secure.  As set forth in the Motion, the Surrender Agreement is expressly contingent upon the lifting of the Injunction. MOL at Point I.A., **Ex. 4** to the NMAC Decl., Surrender Agreement at Recital C, ¶ 4.  The Opp. contends without citing any legal precedent that NMAC cannot intervene because the litigation does not "adjudicate its rights" and that it must instead initiate a separate proceeding. Opp., pp. 7-8.  Effectively, Defendants argue that NMAC must commence a separate proceeding to have a different court address the lifting of an Injunction issued by this Court in this Action.  This makes no sense.  NMAC has properly sought to intervene in this action for the limited purpose of requesting that the Court lift or modify the injunction to permit the surrender of the Team Auto Vehicles.  Accordingly, NMAC has shown it would be adversely impacted absent intervention and this Court should grant its motion.

### D. This Court Previously Held that the Rights of Third Parties Like NMAC Are Not Adequately Represented by the Parties

As set forth in its moving papers, NMAC must intervene to protect its rights because the Court denied plaintiffs' motion to lift the Injunction on the express basis that "[T]hird parties have not submitted their position as to whether these vehicles should be sold for the Court to determine whether it should grant or deny this request"). Savino Decl. at ¶ 10, ECF No. 172, Modified Injunction at p. 16, Point I.d. As NMAC is a third-party, by the express terms of the

6

Modified Injunction, NMAC must submit its position which it seeks to do by intervening in this Action. Defendants completely overlook this fact and make the baffling argument that plaintiffs' purported interest adequately represents NMAC when the Court expressly held otherwise. Opp. at Point I.D. Thus, this Court should permit NMAC to intervene so that it can adequately represent its interests because this Court has held that the existing parties cannot.

**E. NMAC May Intervene for the Limited Purpose of Seeking Vacatur of the Injunction Without Filing a Pleading Because its Motion Papers Contain Sufficient Facts and Allegations and Constitute Notice to the Parties**

The Opp. states without any factual or legal basis that intervention for the limited purpose of seeking vacatur of an injunction that impacts property in which a party has a substantial interest is improper. Opp. p. 9. This is another red herring. NMAC's interest in the Team Auto Vehicles which are the subject of the Injunction is the basis for intervention. Fed. Civ. P. 24 does not limit the purpose of intervention. Absent the Modified Injunction, NMAC would have already taken possession of the Team Auto Vehicles pursuant to the Surrender Agreement without seeking Court intervention. See, supra, Point D. Indeed, Borrowers expressly joined the Motion to permit NMAC to sell the vehicles to setoff against the substantial outstanding debt owed to NMAC. Urrutia Decl., ¶ 11.

The Opp. is also wrong that intervention requires a formal pleading document under Rule 24(c) without qualification. Opp. at pp. 9-10. Contrary to Defendants' contention, NMAC's intention to intervene for the limited purpose of seeking vacatur of the Injunction is clearly stated throughout its moving papers and this reply. A pleading would add no more detail and under such circumstances this Court has discretion to excuse the absence of pleading and rely exclusively upon the motion papers because the parties will not be prejudiced as the Motion provides sufficient

7

facts and allegations to give the parties notice of NMAC's interest in the Team Auto Vehicles and intention to seek vacatur of the Modified Injunction. Werbungs, 782 F. Supp. at 874 (citing Spring Construction Co. v. Harris, 614 F.2d 374 (4th Cir. 1980) (intervention granted despite failure to submit pleading because intervenor's petition and accompanying affidavit set forth sufficient facts and allegations to give plaintiff notice, thus making the error nonprejudicial); McCausland v. Shareholders Mgt. Co., 52 F.R.D. 521 (S.D.N.Y. 1971) (failure to provide pleading not fatal when counsel's affidavit in support of motion stated that each intervenor would adopt present complaint). That is exactly the case here. Accordingly, this Court should grant NMAC's motion to intervene.

## CONCLUSION

For the foregoing reasons, this Court should permit NMAC to intervene, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 9, 2025

ZEICHNER ELLMAN & KRAUSE LLP

By: /s/ *Nicholas A. Savino*
Michael E. Sims
Nicholas A. Savino
Attorneys for Proposed Third-Party Intervenor
  *Nissan Motor Acceptance Company LLC*
730 Third Avenue
New York, New York 10017
(212) 223-0400

8