UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                    Plaintiffs,

  -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

                    Defendants.
------------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (OEM)(ST)

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR REARGUMENT/RECONSIDERATION

                    MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
                    1000 Woodbury Road, Suite 402
                    Woodbury, New York 11797
                    By: John A. Lentinello, on the brief

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii
PRELIMINARY STATEMENT ......................................................................................................... 1
LEGAL ARGUMENT ........................................................................................................................ 1
PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DENIED IN ITS
ENTIRETY ........................................................................................................................................ 1
    A.    Reconsideration Is Unwarranted As No New Evidence Is Offered .................................... 2
    B.    The Court's Order Did Not Overlook Controlling Law ....................................................... 4
CONCLUSION ................................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
    684 F.3d 36 (2d Cir. 2012) ................................................................................................ 2, 5

*Aquino by Convergent Distributors of Texas, LLC v. Alexander Capital, L.P.*, 2023 WL 2751541 (S.D.N.Y. 2023) ............................................................................ 4

*Balk v. New York Institute of Technology*,
    2015 WL 6985119 (E.D.N.Y. 2015) .................................................................................... 5

*Cho v. Blackberry, Ltd.*,
    991 F.3d 155 (2d Cir. 2021) .................................................................................................. 2

*Corpac v. Rubin & Rothman, LLC*,
    10 F.Supp. 3d 349 (E.D.N.Y. 2013) ..................................................................................... 2

*DeJesus v. Malloy*,
    582 F.Supp.3d 82 (W.D.N.Y. 2022) ..................................................................................... 2

*Hicksville Water Dist. v. Jerry Spiegel Assocs.*,
    2022 WL 4072683 (E.D.N.Y. 2022) ................................................................................ 3, 4

*Hoeffner v. D'Amato*,
    664 F.Supp.3d 269 (E.D.N.Y. 2023) ................................................................................ 2, 3

*Omar v. 1 Front Street Grimaldi, Inc.*,
    2019 WL 7496569 (E.D.N.Y. 2019) .................................................................................... 2

*Shrader v. CSX Trans., Inc.*,
    70 F.3d 255 (2d Cir. 1995) .................................................................................................... 2

**Rules**

Local Civil Rule 6.3 ....................................................................................................................... 1

**PRELIMINARY STATEMENT**

Defendants Thomas Jones, CPA and Jones, Little & Co., CPA's LLP (together, "JLC") respectfully submit this Memorandum of Law, and the accompanying Declaration of John A. Lentinello dated April 11, 2025, (the "Lentinello Decl.") in opposition to plaintiffs' motion for reconsideration pursuant to Local Civil Rule 6.3, and upon reconsideration, the Court should affirm the Court's decision which properly dismissed JLC and all causes of action against JLC with prejudice pursuant to the Court's Order dated March 21, 2025. For the reasons set forth below, plaintiffs' motion should be denied in its entirety as no new evidence that was not already in plaintiffs' possession has been presented, and plaintiffs' argument entirely fails to establish what if any, facts or controlling case law were overlooked or misinterpreted by this Court in rendering its March 21, 2025 decision and Order.

Simply stated, for the reasons set forth below, the First Amended Complaint fails to state a cause of action against JLC, and plaintiffs' motion for reconsideration should be denied in its entirety.

JLC respectfully refers this Court to its moving papers for a full and accurate description of facts and procedural history.

**LEGAL ARGUMENT**

**PLAINTIFFS' MOTION FOR RECONSIDERATION
SHOULD BE DENIED IN ITS ENTIRETY**

Plaintiffs' motion for reconsideration should be denied in its entirety as plaintiffs have failed to set forth or point to any controlling law or facts that the Court overlooked in its March 21, 2025 decision and Order, and plaintiffs fail to present any new evidence that would alter the Court's decision in any manner.

1

New York law is well settled that the standard for granting a motion for reconsideration is strict, and reconsideration should be denied unless the moving party can point to controlling decisions, data or facts that the Court overlooked, or matters that might be expected to alter the conclusion reached by the Court. *See DeJesus v. Malloy*, 582 F.Supp.3d 82 (W.D.N.Y. 2022); *Shrader v. CSX Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Corpac v. Rubin & Rothman, LLC*, 10 F.Supp. 3d 349 (E.D.N.Y. 2013); *Hoeffner v. D'Amato*, 664 F.Supp.3d 269 (E.D.N.Y. 2023). "The manifest injustice standard is, by definition, deferential to district courts and provides relief only in the proverbial rare case." *Hoeffner, supra; Corsar, supra*. "Courts have repeatedly warned that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Hoeffner, supra*, p. 272. Moreover, the Second Circuit has held that "a party moving for reconsideration cannot rely upon facts, issues, or arguments that were previously available but not presented to the Court or reargue issues that have already been considered." *Id.*; *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36 (2d Cir. 2012); *Corsair Special Situations Fund, L.P., Nat.l' Res.*, 595 R. App'x. 40 (2d Cir. 2014); *Cho v. Blackberry, Ltd.*, 991 F.3d 155 (2d Cir. 2021); *Omar v. 1 Front Street Grimaldi, Inc.*, 2019 WL 7496569 (E.D.N.Y. 2019).

A. <u>**Reconsideration Is Unwarranted As No New Evidence Is Offered**</u>

Plaintiffs' motion for reconsideration is unwarranted at bar as it fails to identify any controlling case law allegedly overlooked, any intervening change of law, or any newly available evidence that would have altered the Court's decision and Order. The sole alleged new evidence upon which plaintiffs' moving declaration of Robert Urrutia relies includes a series of emails which again reconfirm that all financial information used by JLC came from or otherwise was provided by plaintiffs. *See* Jones Moving Decl. (ECF No. 169). The Court came to the correct conclusion based upon the evidence, which has not changed, including that all financial information provided

2

to JLC was given to JLC by plaintiffs' own Kendra Kernizant. *Id.* This is not and does not constitute new evidence, but rather the same failed attempt by plaintiffs to create an issue of fact where one does not exist. Moreover, contrary to plaintiffs' skewed depiction, the exhibits annexed to plaintiffs' Mr. Urrutia's declaration do not present evidence overlooked or new evidence that would alter the opinion of the Court. The evidence presented by plaintiffs to seek reconsideration reaffirms the same thing already determined by the Court – namely that financial information was in plaintiffs' possession, then provided to JLC by plaintiffs' Ms. Kernizant and placed in the prospective forms came from plaintiffs. *See* ECF No. 169.

The Court's Order did not overlook any controlling law in holding that the allegations of fraud are insufficient because they do not establish knowledge of intent to defraud and the accounting malpractice allegations failed to show how such conduct fell below the applicable standard of care. Moreover, nothing submitted with plaintiffs' motion seeking reconsideration alters the decision in any manner, and there is no new evidence offered to indicate or support any departure or deviation from the applicable standard of care by JLC. As to the fraud allegations, no exhibits or arguments submitted with plaintiffs' motion show or support any intent to defraud, because none exists. In fact, quite the contrary, the exhibits state that the prospective statements provided by JLC to Deo as requested were prepared "per the information you provided to me" which is evidence already considered by the Court and before the Court. (Emphasis added). More importantly, and contrary to plaintiffs' motion's depiction, there is no new information presented as plaintiffs entirely overlook that that this financial information from Ms. Kernizant was already in their possession and JLC, and that this information does not rise to the level of error or manifest injustice in any manner. *See Hoeffner, supra*; *Corsair Special Situations Fund, L.P., supra;*

3

*Hicksville Water Dist. v. Jerry Spiegel Assocs.*, 2022 WL 4072683 (E.D.N.Y. 2022). Thus, plaintiffs' motion for reconsideration should be denied as a matter of law. *Id.*

### B. The Court's Order Did Not Overlook Controlling Law

Plaintiffs' motion for reconsideration represents nothing more than a feigned attempt to get a "second bite of the apple" and fails to show what, if any, facts or law the Court overlooked in its March 21, 2025 Order, requiring the motion's denial as a matter of law. *Id.* As well settled law holds, "a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc., supra*; *Aquino by Convergent Distributors of Texas, LLC v. Alexander Capital, L.P.*, 2023 WL 2751541 (S.D.N.Y. 2023). As it is absent of any overlooked facts or law, plaintiffs' motion is deficient as a matter of law, mandating denial of plaintiffs' motion. *Id.*

Contrary to plaintiffs' depiction, this Court held that the fraud cause of action was properly dismissed as against JLC for failure to establish knowledge of falsity, and plaintiffs' motion similarly fails to establish knowledge of falsity. Here, the financial information still originated with plaintiffs – a fact that plaintiffs continue to overlook in arguments for reconsideration. *See* ECF No. 241-4. Plaintiffs' Mr. Urrutia's declaration is nothing more than self-serving in that regard. All that the exhibits show, if anything, is that the documents provided to Deo were prepared based upon information that plaintiffs provided and were based on internal information provided to JLC by plaintiffs. Moreover, and contrary to plaintiffs' skewed depiction, nothing in the motion for reconsideration sets forth negligence, willfulness or deceptive conduct by JLC to contravene the law already established in this case. Furthermore, plaintiffs fail to present any evidence or new facts that would either show intent on JLC's part or that indicate any alleged deviation from the applicable standard of care to support their accounting malpractice cause of action. Thus, their

4

motion for reconsideration should fail on this basis as a matter of law. *See Analytical Surveys, Inc., supra*; *Balk v. New York Institute of Technology*, 2015 WL 6985119 (E.D.N.Y. 2015). Since no new information is presented regarding intent, or to support that any alleged actions fell below the standard of care or even how any actions fell below the standard of care, it is not in the interests of justice to grant plaintiffs' motion for reconsideration, and, thus, the motion should be denied as a matter of law. *Id.* Moreover, as no manifest injustice is present here or argued or established by plaintiffs, their motion for reconsideration fails as a matter of law. *Id.*

Furthermore, as evidenced in plaintiffs' motion for reconsideration, the same repeated allegations and claims that were already raised in the Complaint, First Amended Complaint, and in plaintiffs' arguments in opposition before this Court remain replete with speculative presumptions, vague and conclusory allegations, all of which are not entitled to a presumption of truth and fail to meet specificity requirements against JLC.

## **CONCLUSION**

Considering the foregoing, plaintiffs' motion for reconsideration should be denied in its entirety.

Dated: Woodbury, New York  
      April 11, 2025

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

By: _/s/ John A. Lentinello_____  
John A. Lentinello (JAL 0187)  
Attorneys for Defendants  
*Thomas Jones, CPA and Jones, Little & Co., CPA's, LLP*  
1000 Woodbury Road, Suite 402  
Woodbury, New York 11797  
(516) 870-1160  
File No.: 446-25080  
Jlentinello@milbermakris.com

5