# Sage Legal LLC

18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc

<u>VIA ECF</u>                                                                                                April 18, 2025
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

    *Re:* **<u>Superb Motors Inc.,</u>** *et al.* **<u>v. Deo,</u>** *et al.*
       **<u>Case No.: 2:23-cv-6188 (JMW)</u>**

Dear Judge Wicks:

   This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case. The Superb Plaintiffs, along with the IAG Plaintiffs[1] (collectively "Plaintiffs") write in accordance with this Court's April 9, 2025 Memorandum and Order (hereinafter the "Order") to submit the instant opposition to Levine Singh, LLP's motion to withdraw as counsel for the Deo Defendants.[2]

**<u>Legal Standard</u>**

   "Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." <u>See</u> <u>Finkel v. Fraterrelli Brothers, Inc.</u>, 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (<u>citing</u> <u>Whiting v. Lacara</u>, 187 F.3d 317, 320 (2d Cir. 1999)). In determining whether to grant a motion to withdraw as counsel, "district courts ... analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." <u>See</u> <u>Blue Angel Films, Ltd. v. First Look Studios, Inc.</u>, 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011); <u>see</u> also <u>Marciano v. DCH Auto Grp.</u>, No. 11-CV-9635 (KMK), 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016) (explaining that when deciding motions to withdraw, district courts consider "the reasons for withdrawal[ ] and the impact of the withdrawal on the timing of the proceeding" and "[i]n weighing the impact of the withdrawal on the proceeding, courts consider the immediacy and degree of potential harm— whether to the client, the lawyer or the judicial system—from the continuation of the representation ... together with the impact that the grant of the motion to withdraw would have on the progress of the case").

---

[1] 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, Brian Chabrier, *individually and derivatively as a member of* Northshore Motor Leasing, LLC, Joshua Aaronson, *individually and derivatively as a member of* 189 Sunrise Hwy Auto, LLC, Jory Baron, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC and Island Auto Management, LLC

[2] Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp.

"A court may establish conditions before permitting withdrawal." See Monteleone v. Leverage Grp., No. CV-08-1986 (CPS) (SMG), 2009 WL 909820, at *2 (E.D.N.Y. Apr. 1, 2009) (brackets and quotations omitted). Courts have conditioned attorney withdrawal on the requirement to continue representation through certain stages of the litigation and the requirement to provide a copy of the order permitting withdrawal to the client and to explain to the client what it means. See, e.g., Beshansky v. First Nat'l Entertainment Corp., 140 F.R.D. 272, 274 (S.D.N.Y. 1990) (conditioning defendants' counsel's withdrawal on counsel providing defendants with a copy of the Court's order regarding the withdrawal, discovery delays, and sanctions, and "explain[ing] its requirements and significance to them"); see also Emile v. Browner, No. 95 CIV. 3836(SS) (THK), 1996 WL 724715, at *2 (S.D.N.Y. Dec. 17, 1996) (collecting cases); see also Ally Fin. Inc. v. Comfort Auto Group NY LLC, No. 20-CV-1281 (MKB), 2021 WL 4033249, at *1 (E.D.N.Y. Sept. 3, 2021) ("On June 17, 2021, Magistrate Judge Roanne L. Mann granted Comfort Auto's attorney's motion to withdraw as counsel following 'an irremediable breakdown in the attorney-client relationship' and declined to stay the case because Comfort Auto, Route 206, and Gottdiener had 'for months, obstruct[ed] discovery and the progress of this case'").

**Although Plaintiffs do Not Object to the Motion to Withdraw, Appropriate Conditions Must be Applied to Withdrawal**

Levine Singh, LLP's the motion to withdraw (the "Withdrawal Motion") comes at a critical juncture in this case which has the ability to tie up the proceedings in a way that harms Plaintiffs and the judicial system from permitting this case to be brought to its conclusion in a timely manner. In that regard, Plaintiffs respectfully submit that the Withdrawal Motion will further delay and frustrate Plaintiffs from having their day in Court on the heels of a decision in which their RICO claims survived against the Deo Defendants. Critically, Plaintiffs are now handicapped from filing an amended complaint [consistent with this Court's March 21, 2025 Decision & Order. See ECF Docket Entry 230 at 119 n. 7] because the deadline to oppose their letter motion for reconsideration (the "Reconsideration Motion")(ECF Docket Entry 240) has been stayed. See Text Only Order dated April 11, 2025. Without a ruling on same, Plaintiffs cannot proceed with this case.

As such, Plaintiffs object to the broad stay of the litigation concerning the Withdrawal Motion, and respectfully request that any such relief be conditioned upon Levine Singh, LLP submitting, or waiving, on behalf of the Deo Defendants, any opposition to the Reconsideration Motion.

The Reconsideration Motion is of a limited scope and the filing of the amended complaint is dependent upon its resolution. Such resolution is necessary in order for Plaintiffs, and all parties, to appreciate the issues and parties that remain in this case and so that the matter may move forward expeditiously following the expiration of any stay granted by the Court should the Withdrawal Motion be granted. Should the Withdrawal Motion be granted without the Deo Defendants' submission (or waiver) of a response to the Reconsideration Motion, new counsel would certainly seek additional time to respond to the Reconsideration Motion as it would need to become intimately familiar with the lengthy and complex motions to dismiss and amend, further delaying the case.

Contrarily, Levine Singh, LLP is already deeply familiar with the motions, the Court's decision and the issues raised in the Reconsideration Motion and could respond more rapidly and efficiently. Notably, one of the two issues in the Reconsideration Motion only concerns the CPA Defendants,[3] which has already filed their opposition, rendering that portion of the Reconsideration Motion ripe for a determination.

As such, in order not to further cause inordinate delays of this matter and cause prejudice to Plaintiffs, any withdrawal should be conditioned upon Levine Singh, LLP submitting, or waiving, a response to the Reconsideration Motion.[4]

Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
April 18, 2025

Respectfully submitted,

**SAGE LEGAL LLC**
By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

---

[3] Jones, Little & Co., CPA'S LLP and Thomas Jones, CPA

[4] Plaintiffs do bring to the Court's attention that the Withdrawal Motion should provide certain minimum details for the parties to be able to consider, such as the total amount of the unpaid bills and the amount of time it has been outstanding.

3