UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: **2:23-cv-6188 (JMW)**

                                   Plaintiffs,

    -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                                   Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' SUPERB MOTORS INC, TEAM AUTO SALES LLC, AND ROBERT ANTHONY URRUTIA'S MOTION TO <u>MODIFY THE PRELIMINARY INJUNCTION</u>**

## **FACTUAL BACKGROUND**

On September 29, 2023, the Hon. Orelia E. Merchant, U.S.D.J. ("Judge Merchant") issued a preliminary injunction. See Superb Motors Inc. v. Deo, No. 2:23-CIV.-6188 (OEM) (JMW), 2023 WL 7181675 (E.D.N.Y. Sept. 29, 2023) (hereinafter the "Injunction"), ECF Docket Entry 55.

Judge Merchant issued the Injunction, which provides, in relevant part, that:

> 1) The following thirty (30) vehicles (the "Injuncted Superb Vehicles") are to Remain at or otherwise be returned to a Cross-Collateralized Urrutia Dealership Lots:
>
>> a. Two (2) Isuzu flatbed trucks;
>>
>> b. Twenty-eight (28) cars listed on the list at ECF 30-8 ("Markup List") indicated with "YES",
>>
>>> i. with the exception of the 2023 Chevy Suburban with a Vehicle Identification Number (VIN #) ending in "8675."
>
> …
>
> 6) No injuncted vehicle may be removed from the appointed lot absent this Court's Order.
>
>> a. In the event an injuncted vehicle must be moved from its lot due to emergency or any other good cause, the current possessor must inform the Court prior to the removal in writing on the docket and explain any good cause for the movement of the vehicle. The same writing must be electronically served on the other party.

See Injunction at *15-*16.

Read as a whole, the Injunction's main purpose is to protect the resale value of the vehicles. This interpretation is supported by the prohibition against driving or otherwise using or maintaining the vehicles on the lot in such a way that would damage the resale value of the vehicles.

1

This Court previously modified the Injunction to permit Superb to sell the Superb Injuncted Vehicles it owned based on the fact Superb shut down and went out of business. Now, Team-Mitsubishi Hartford and Team have both similarly shut down and have gone out of business. As a result, this Court should similarly permit those remaining vehicles to similarly be sold.

More importantly, and because time is of the essence, the Superb Plaintiffs respectfully submit that they must be permitted to deliver possession of the Superb Injuncted Vehicles to Nissan Motor Acceptance Company LLC ("NMAC") who the Superb Plaintiffs understand are prepared to store and insure them in accordance with the Injunction and any other requirements set by this Court. This is because the landlord of Team Mitsubishi-Hartford has sold the property the dealership leased and needs all the Superb Injuncted Vehicles stored there removed on or before May 9, 2025.

For the foregoing reasons, this Court should modify the Injunction to permit Team and Team Mitsubishi-Hartford to sell the Superb Injuncted Vehicles, and for leave to remove the Superb Injuncted Vehicles from the Urrutia Cross-Collateralized Dealership lot to NMAC for storage and safekeeping pending the Injunction.

## **LEGAL STANDARD**

"The power of a court of equity to modify a decree of injunctive relief is long-established, broad, and flexible." See Brown v. Plata, 563 U.S. 493, 542 (2011) (citation and quotation marks omitted). The district court derives this power in part from Rule 54(b) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), which provides that injunctive orders "may be revised at any time." See Floyd v. City of New York, No. 08 CIV. 1034 (AT), 2023 WL 2663374, at *3 (S.D.N.Y. Mar. 28, 2023) (citing Fed. R. Civ. P. 54(b).

More broadly, the district court has inherent authority to revise or modify such orders. See United States v. LoRusso, 695 F.2d 45, 53 (2d Cir. 1982). Critically, in exercising its discretion to modify an injunctive order, a court should not impose or decline to make modifications that "thwart[ ] the purpose behind the injunction." See Sierra Club v. U.S. Army Corps of Eng'rs, 732 F.2d 253, 257 (2d Cir. 1984). Indeed, "[t]he power of a district court to modify its past injunctive decrees in order to accommodate changed circumstances is well established." See Ass'n Against Discrimination in Employment, Inc. v. City of Bridgeport, 710 F.2d 69, 74 (2d Cir. 1983).

"While changes in fact or in law afford the clearest bases for altering an injunction, the power of equity has repeatedly been recognized as extending also to cases where a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes." See King-Seeley Thermos Co. v. Aladdin Indus., Inc., 418 F.2d 31, 35 (2d Cir. 1969).

Of import, a court may modify an injunction even in the absence of changed conditions. See Lego A/S v. Zuru Inc., No. 3:18-CV-2045 (AWT), 2023 WL 2727552, at *4 (D. Conn. Mar. 31, 2023). If the injunction is "preliminary," as it is here, the court would be "charged with the exercise of the same discretion it exercised in granting or denying injunctive relief in the first place." See Greater Chautauqua Fed. Credit Union v. Quattrone, No. 1:22-CV-2753 (MKV), 2023 WL 6037949, at *3 (S.D.N.Y. Sept. 15, 2023) (citing Sierra Club v. Army Corps of Engineers, 732 F.2d 253 (2d Cir. 1984)). Indeed, the heightened standard in Rule 60(b)(5) only applies to "a final judgment, order, or proceeding." See Fed. R. Civ. P. 60(b); see also Huk-A-Poo Sportswear, Inc. v. Little Lisa, Ltd., 74 F.R.D. 621, 623 (S.D.N.Y. 1977) ("Rule 60(b) applies only to final orders and not to interlocutory de[c]rees" and district courts have

3

"continuing plenary power over its interlocutory orders under which the Court is not bound by Rule 60(b)(5)'s strict standard of 'changed circumstances'" (citations omitted)).

Crucially, Judge Merchant recognized, in issuing the Injunction, that she continued to assess the scope and terms of such an injunction. See Injunction at *15 (citing Conn. Office of Prot. & Advocacy for Persons with Disabilities v. Hartford Bd. of Educ., 464 F.3d 229, 245 (2d Cir. 2006)).

For the reasons set forth below, this Court should modify the Injunction as requested.

**ARGUMENT**

A.   **Team and Team Mitsubishi-Hartford Should be Permitted to Sell the Vehicles**

This Court should further modify the Injunction to permit Team and Team Mitsubishi-Hartford to wind down their affairs in light of their closure by allowing them to sell the vehicles that it owns.

As set forth in various declarations, these dealerships have closed. Under similar circumstances, this Court previously permitted Superb to sell the Superb Injunction Vehicles belonging to it. See ECF Docket Entry 172 at 14-15, 18.

The circumstances here are no different; in fact, they are precisely the same. As a result, Team and Team Mitsubishi-Hartford should be permitted to sell the Superb Injuncted Vehicles they own under the same conditions as those set for Superb.

B.   **This Court Should Grant Leave to Move the Superb Injuncted Vehicles**

As set forth in the accompanying Declaration of Robert Anthony Urrutia, the Superb Plaintiffs can no longer store the vehicles on any Urrutia Cross-Collateralized Dealership lot. Accordingly, sufficient good cause exists as envisioned by Judge Merchant's Order to permit the Superb Plaintiffs to move the Superb Injuncted Vehicles pending this case.

4

Indeed, Judge Merchant specifically foresaw that circumstances may warrant that the parties be permitted to move the injuncted vehicles and expressly provided a mechanism by which to do so.

In this case, because the Superb Injuncted Vehicles may no longer be stored at the Hartford lot, this Court should grant the Superb Plaintiffs leave to deliver possession of the Superb Injuncted Vehicles to NMAC (who recently moved to intervene), who is prepared to store and insure the vehicles as required by this Court's Orders. Indeed, under similar circumstances, this Court permitted the Deo Defendants to move the Deo Injuncted Vehicles to another lot. See ECF Docket Entry 215 at 3.

## CONCLUSION

For the foregoing reasons, the Superb Plaintiffs' Order to show cause to modify the Injunction must be granted.

Dated: Jamaica, New York
      April 29, 2025    Respectfully submitted,

           **SAGE LEGAL LLC**
           __/s/ Emanuel Kataev, Esq.____
           Emanuel Kataev, Esq.
           18211 Jamaica Avenue
           Jamaica, NY 11423-2327
           (718) 412-2421 (office)
           (917) 807-7819 (cellular)
           (718) 489-4155 (facsimile)
           emanual@sagelegal.com

           *Attorneys for Plaintiffs*
           *Superb Motors Inc.,*
           *Team Auto Sales LLC, and*
           *Robert Anthony Urrutia*

**VIA ECF**
All counsel of record