# EXHIBIT A

# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  
Wantagh, New York  11793  
Tel. 516-557-5459  
hrtatty@verizon.net

Admitted:  
Massachusetts  
New York

April 21, 2025

VIA ECF ONLY

Honorable Nusrat J. Choudhury  
Honorable James M. Wicks  
U.S. Federal District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

      Re:   *Anthony Deo, et al., v. Ronald Baron, et al.*  
              Case No. 2:24-cv-06903 (NJC) (JW)

Your Honors:

Please be reminded that this office represents Anthony Deo, Sara Deo, 189 Sunrise Hwy Auto LLC (hereinafter "189 Sunrise") and NorthShore Motor Leasing LLC (hereinafter "NorthShore"), plaintiffs in the above referenced action (the "Deo Plaintiffs"). I am writing with respect to the Courts' local rules to request a pre-motion conference to file a Motion for Declaratory Judgment.  Please be advised, as follows:

## RELEVANT BACKGROUND

After more than a year and a half long investigation by undersigned, the Deo Plaintiffs filed a Verified Complaint in September 2024, in Nassau County (New York) Supreme Court against the Defendants in the instant action.  In early October 2024, the so-called Aaronson Defendants removed said Complaint to the U.S. District Court for the Eastern District of New York, thereby creating the instant action.  During a break in the conference before the Honorable Nusrat J. Choudhury during November 2024, counsel for Defendants offered to allow Plaintiffs to amend their Complaint, and undersigned accepted said offer given, *inter alia,* that undersigned's investigation continued even after the initial filing of the Complaint in September 2024, and additional, relevant information was obtained by undersigned after the initial Complaint filing shedding light on the ownership of 189 Sunrise and NorthShore, including Exhibit Z to the Amended Complaint filed on January 31, 2025.

Since December, 2022, various Defendants from this action filed and pursued three (3) different Complaints in Nassau (New York) Supreme Court against one or more of the Deo Plaintiffs from this action (one original Complaint plus one Amended Complaint in the action

1

styled as *Brian Chabrier, et al., v. Anthony Deo, et al.,* Nassau (NY) Supreme Court index number 617224/2022; one original Complaint in the action styled as *Urrutia v. Anthony Deo,* Nassau (NY) Supreme Court index number 618608/2023). Since August, 2023, various Defendants from this action filed and pursued two (2) different Complaints (one original Complaint and one Amended Complaint) in the separate action filed in this Court against the Deos and various employees or professionals of the Deos in the EDNY action styled as *Superb Motors, Inc., et al., v. Anthony Deo, et al.,* EDNY docket number 23-cv-6188.

To date, there has been no discovery conducted in these actions, largely due to the non-stop barrage of Motions/Stays brought by the Aaronson and Urrutia parties in these actions. And yet again, there are Stays and renewed apple bites being attempted for consolidation, which is merely a transparent attempt to remove undersigned from representing the Deo parties in the instant action, despite undersigned's absence of first-hand knowledge of the relevant facts advanced in the instant Amended Complaint (hence, the multi-year investigation commenced in December 2022). But now that undersigned's investigation has yielded the instant Complaint and Amended Complaint, and given the extensive knowledge gleaned about ownership of 189 Sunrise and NorthShore from that investigation, the time has come to resolve the issue of ownership for multiple reasons, including streamlining the litigations between the parties for judicial efficiency, and allowing resolution of the preliminary issue of ownership of 189 Sunrise and NorthShore before the parties conduct discovery on the ultimate issues of liability and damages on each party's respective claims and defenses.

## UNDISPUTED FACTS

The following Exhibits to the Complaint/Amended Complaint brought by and verified by the Deo parties bear directly and indisputably upon the issue of ownership and have not been disputed in any action at any time by any of the Aaronson Defendants[1] (Please be reminded: The Aaronson Defendants took all relevant files from the two dealerships when they wrongfully shuttered and ruined 189 Sunrise and NorthShore; the Exhibits were mostly obtained by the Deos over time by wading through thousands of emails since 2017):

Exhibit A is a true and accurate copy of the EIN number/papers the Deos obtained when they originally formed NorthShore;

Exhibit B is a true and accurate copy of the lease the Deos obtained for NorthShore, including the Deo owned lease for NorthShore's predecessor in the leasehold, known as Premier;

---

[1] The so-called Urrutia Defendants have no first-hand knowledge of the Deos' ownership of these two corporations, and Anthony Urrutia has not responded to the Deos' Complaint in this action, despite having been served same last year. If/when the issue of Declaratory Judgment is determined by this Court, it is the Deo Plaintiffs' intent to move to default Anthony Urrutia herein. Given Urrutia's absence of any first-hand knowledge of the Deos' ownership of 189 Sunrise and NorthShore, Anthony Deo is also moving on that basis for Declaratory Judgment in Urrutia's Nassau Supreme Court case against just Anthony Deo. *See, Urrutia v. Deo,* Nassau (New York) Supreme Court index number 618608/2023.

Exhibit C are true and accurate copies of the documents produced when Sara Deo opened NorthShore's bank account with Chase Bank;

Exhibit D are true and accurate copies of the checks utilized by the Deos to purchase 189 Sunrise in February 2021;

Exhibit E is a true and accurate copy of the lease Anthony Deo executed for 189 Sunrise upon purchasing same;

Exhibit G is a true and accurate copy of the email exchange in which Josh Aaronson himself "approved" the tax returns for NorthShore and 189 Sunrise listing the Deos as owners of the two companies;

Exhibit H are true and accurate copies of the tax returns, one each for NorthShore and 189 Sunrise, that Josh Aaronson "approved" in Exhibit G; these two tax returns were prepared at Josh Aaronson's direction by Josh Aaronson's accountants at Citrin Cooperman;

Exhibit N is a true and accurate copy of Judge Gianelli's order in the original Aaronson case in Nassau Supreme Court denying the Aaronson group's Order to Show Cause claiming ownership of 189 Sunrise and NorthShore since the Aaronson Plaintiffs (in that case, the Aaronson group were the Plaintiffs) "…failed to establish a likelihood of success on the merits, as well as irreparably injury in the face of the Court's denial.  Further, [the Aaronson] Plaintiffs have also fallen short in demonstrating that the equities balance in their favor…."  Exhibit N, page 7, top;

Exhibit R are true and accurate copies of Chase Bank documents adding Aaronson group members to the Chase account; these documents would not exist if the Aaronson individuals added in Exhibit R were the owners; simply put, they would not need Sara Deo to add them to the account if they were the owners;

Exhibit U is a true and accurate copy of the receipt from Anthony Deo's purchase of the corporate book for NorthShore; and

Exhibit X are true and accurate copies of NESNA (Nissan's warranty company) contracts the Aaronson group made Anthony Deo assume when the Deos purchased 189 Sunrise in February 2021; these contracts were previously held by the Aaronson group and were transferred to Anthony Deo with the Aaronson group's full cooperation and desire since Anthony Deo was the new owner of 189 Sunrise at that time.

     This Court should know that the Aaronson Defendants never maintained offices at NorthShore, and never maintained any offices at 189 Sunrise after Anthony Deo purchased same in February 2021.  We expect the evidence to show that since 2020 through the present, the Deos filed all tax documents on behalf of NorthShore, and the Deos filed all tax documents for 189 Sunrise since they purchased same in February 2021.  The Deos firmly maintain that they never sold NorthShore to anyone, and no one ever paid a penny in consideration for NorthShore.

We expect that none of the within facts and documents are disputed by the Aaronson Defendants, and cannot in good faith be disputed by the other Defendants herein since none of the non-Aaronson co-Defendants have any first-hand knowledge of the ownership of 189 Sunrise or NorthShore.

## APPLICABLE LAW

Federal Rule of Civil Procedure Rule 57 provides as follows:

Declaratory Judgment: These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201 . Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action. (As amended Dec. 29, 1948, eff. Oct. 20, 1949; Apr. 30, 2007, eff. Dec. 1, 2007.)

Notes of Advisory Committee on Rules—1937:

The fact that a declaratory judgment may be granted "whether or not further relief is or could be prayed" indicates that declaratory relief is alternative or cumulative and not exclusive or extraordinary. A declaratory judgment is appropriate when it will "terminate the controversy" giving rise to the proceeding. Inasmuch as it often involves only an issue of law on undisputed or relatively undisputed facts, it operates frequently as a summary proceeding, justifying docketing the case for early hearing as on a motion, as provided for in California (Code Civ.Proc. (Deering, 1937) §1062a), Michigan (3 Comp.Laws (1929) §13904), and Kentucky (Codes (Carroll, 1932) Civ.Pract. §639a–3).

The "controversy" must necessarily be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." *Ashwander v. Tennessee Valley Authority* , 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688, 699 (1936). The existence or nonexistence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared. The petitioner must have a practical interest in the declaration sought and all parties having an interest therein or adversely affected must be made parties or be cited. A declaration may not be rendered if a special statutory proceeding has been provided for the adjudication of some special type of case, but general ordinary or extraordinary legal remedies, whether regulated by statute or not, are not deemed special statutory proceedings.

When declaratory relief will not be effective in settling the controversy, the court may decline to grant it. But the fact that another remedy would be equally effective affords no ground for declining declaratory relief. The demand for relief shall state with precision the declaratory judgment desired, to which may be joined a demand for coercive relief, cumulatively or in the alternative; but when coercive relief only is sought but is deemed ungrantable or inappropriate, the court may *sua sponte* , if it serves a useful purpose, grant instead a declaration of rights. *Hasselbring v. Koepke* , 263 Mich. 466, 248 N.W. 869, 93 A.L.R. 1170 (1933). Written instruments, including ordinances and statutes, may be construed before or after breach at the

4

petition of a properly interested party, process being served on the private parties or public officials interested. In other respects the Uniform Declaratory Judgment Act affords a guide to the scope and function of the Federal act. Compare *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461 (1937); *Nashville, Chattanooga & St. Louis Ry. v. Wallace*, 288 U.S. 249 (1933); *Gully, Tax Collector v. Interstate Natural Gas Co*., 82 F.(2d) 145 (C.C.A.5th, 1936); *Ohio Casualty Ins. Co. v. Plummer*, 13 F.Supp. 169 (S.D.Tex., 1935); Borchard, Declaratory Judgments (1934), *passim.*

FRCP Rule 57 and its powerful advisory committee notes demonstrate *on point* that declaratory relief is necessary as a preliminary issue needing determination at this time regarding ownership of 189 Sunrise and NorthShore. Accordingly, we request the within pre-motion conference to obtain the following specific relief:

## **REQUESTED RELIEF**

With respect to NorthShore: 1) That the Deos are the owners (Anthony 99% and Sara 1% as set forth in the Josh Aaronson produced tax returns in Exhibit H, as he personally approved those returns in Exhibit G) since forming the company in November 2017; or, in the alternative, 2) that the Deos are the owners of the company since tax year 2020 given that Josh Aaronson approved (in Exhibit G to the Amended Complaint) his accountants' preparation of the tax returns for tax year 2020 (that tax return is set forth in Exhibit H to the Amended Complaint); or, in the alternative, 3) that the Deos are the owners of NorthShore since October 6, 2022, the date Josh Aaronson approved the tax returns listing the Deos as owners thereof in Exhibit G to the Amended Complaint.

With respect to 189 Sunrise: 1) That the Deos are the owners of 189 Sunrise (Anthony 99% and Sara 1% as set forth in the Josh Aaronson produced tax returns in Exhibit H to the Amended Complaint, as he personally approved those returns in Exhibit G) since their purchase of same on February 12, 2021 (as set forth in Exhibit D to the Amended Complaint); or, in the alternative, 2) that the Deos are the owners of 189 Sunrise since October 6, 2022, the date Josh Aaronson approved the returns his accountants prepared as set forth in Exhibits G and H to the Amended Complaint.

## **CONCLUSION**

Allowing the Deo Plaintiffs to file a Motion for Declaratory Judgment solves a myriad of issues for the parties as well as the Court. The Aaronson Defendants have indicated to this Court that they intend to file RICO counterclaims and defenses (as set forth in their correspondence to this Court dated March 19, 2025 at document 74 in the docket herein) in this action whenever they file their Answer; they can only do so if they are the owners of NorthShore and 189 Sunrise, which the Deos adamantly maintain that the Aaronson Defendants are not. Whichever party is correct, the facts set forth in this correspondence are not disputed, your Honors, and suggest that the Deos are the ones telling the truth. But it is necessary to determine this issue before proceeding, and deciding ownership of these two companies simplifies all litigation between the parties as called for in the advisory committee notes to FRCP Rule 57.

      The Deos are being irreparably harmed daily, still, by the Aaronson Defendants' actions in shuttering and ruining 189 Sunrise and NorthShore.  The Deos' home is in foreclosure, and they face imminent eviction from their residence due to the loss of their businesses.  It is time for all parties to "put up or shut up" and resolve the preliminary issue of ownership to streamline this litigation.  Candidly, every party to this action should want the issue of ownership of these two businesses resolved as soon as possible, and each party to this litigation had ample notice to prepare to resolve this justiciable controversy.  The Aaronson Defendants should be anxious to prove to this Court that the Deos fooled undersigned into believing that the Deos are the owners of these two businesses, and the Aaronson Defendants should be even more anxious to take positions on the Exhibits attached to the Amended Complaint if they are the parties that are actually proceeding in good faith.  This Court should not continence any further delays:  Please allow undersigned to forthwith file a Motion for Declaratory Judgment in this case, your Honors.

      Awaiting the Court's decision, we remain,

                        Very truly yours,

                        *Harry R. Thomasson*

                        Harry R. Thomasson, Esq.