# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

**VIA ECF**                                                                                     May 16, 2025

United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

        *Re:*     **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
                      **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

      This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.

      The Plaintiffs write jointly in accordance with this Court's May 9, 2025 Order to submit the instant opposition to Harry R. Thomasson, Esq.'s ("Thomasson") omnibus letter motion: (i) for a pre-motion conference to file a motion for a declaratory judgment; (ii) to stay proceedings pending determination of the declaratory judgment motion; (iii) for a pre-motion conference to reconsider Thomasson's disqualification; (iv) to conduct two (2) depositions on an emergency basis "as an exception to the requested stay," or alternatively for a pre-motion conference to file a motion to compel the aforesaid depositions.

      For the reasons set forth below, Thomasson's requests should be denied.

## **Thomasson's Bid for a Declaratory Judgment Must be Denied**

      First, there is no request for declaratory relief before the Court. On March 21, 2025 this Court dismissed Plaintiff's request for declaratory relief. Defendants have not yet filed an answer as the matter has been stayed pending the appearance of new counsel for Defendants,[1] and the amended complaint will not be filed until the Court rules on the current motion for reconsideration. As such, the Court may not address a motion for declaratory judgment as no request for such relief is before the Court. See Suez Treatment Solutions, Inc. v ACE Am. Ins. Co., 2022 US Dist. LEXIS 59044, at *27 (S.D.N.Y. Mar. 30, 2022, No. 1:20-cv-06082 (MKV)] ("The Court cannot, on a motion for judgment on the pleadings, grant Suez a declaratory judgment as to Chubb's duty to defend under Coverage B for the simple reason that Suez did not ask for such relief in its Complaint").

      Second, this Court has already dismissed the exact same declaratory judgment claim raised by Plaintiffs. As this Court previously held:

---

[1] Thomasson, though, is appearing *pro se*.

> The Declaratory Judgment Act provides that, "[i]n a case of actual controversy," a federal court "may declare the rights ... of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Second Circuit courts apply a two-pronged test to determine if an actual controversy exists in a declaratory judgment action. Beacher v. Estate of Beacher, 756 F. Supp. 2d 254, 272 (E.D.N.Y. 2010). The ripeness standard for a declaratory judgement action is that there must be "substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 388 (2d Cir. 2005). First, "the defendant's conduct must have 'created a real and reasonable apprehension of liability on the part of the plaintiff.'" Ritz Hotel, Ltd. v. Shen Mfg. Co., 384 F. Supp. 2d 678, 682 (S.D.N.Y. 2005) (quoting Starter Corp. V. Converse, Inc., 84 F.3d 592, 595 (2d Cir. 1996)). Second, "the plaintiff must have 'engaged in a course of conduct which has brought it into adversarial conflict with the defendant.'" Id.
>
> Once it has been established that an actual controversy exists, federal courts have discretion in issuing a declaratory judgment and among relevant considerations in exercising this discretion is "whether the judgement will serve a useful purpose in clarifying or settling the legal issues involved." Id. (quoting Duane Reade, Inc. 411 F.3d at 389). A decision should be made on the merits of the parties' dispute only with regard to pure questions of law. Duane Reade, Inc., 411 F.3d at 388. However, relevant here, Courts often reject declaratory judgment claims when other claims in the suit will resolve the same issues because under those circumstances, a declaratory judgment does not serve any useful purpose. Brunckhorst v. Bischoff, No. 21 Civ. 4362 (JPC), 2024 WL 4277788 at *20 (S.D.N.Y. Sept. 24, 2024). For example, Courts in the Second Circuit "routinely dismiss requests for declaratory judgment when the parties' rights will be adjudicated through a breach of contract claim in the same action." Id. (citing StandardAero Aviation Holdings, Inc. v. Signature Aviation Ltd., No. 22 Civ. 7515 (AT), 2024 WL 125574, at *5 (S.D.N.Y. Jan. 11, 2024)) (quoting Com Lubricants, LLC v. Safety-Kleen Sys., Inc., No. 14 Civ. 7483 (MKB), 2017 WL 343 2073, at *17 (E.D.N.Y. Aug. 8, 2017)).

See Superb Motors Inc. v. Deo, No. 23-CV-6188 (JMW), 2025 WL 888464, at *48 (E.D.N.Y. Mar. 21, 2025).

Plaintiffs raised the very same request for declaratory relief for which Thomasson now seeks expedited resolution, determining the ownership of Northshore Motors LLC ("Northshore") and 189 Sunrise Hwy Auto LLC ("Sunrise") have both indisputably shut down. See ECF Docket Entry 202-1 ¶ 3. In dismissing Plaintiff's declaratory judgment causes of action, this Court held, "Given the extensive causes of action set forth by Plaintiffs related to these issues and rights, the Court dismisses this request for declaratory judgment given other claims in the suit will likely resolve the same issues set forth here." See Superb Motors Inc., 2025 WL 888464, at *103. Similarly, this Court should exercise its discretion against entertaining a declaratory judgment for the same reasons it previously did so: other claims in the suit will resolve the same issues. Here, the RICO claims and related causes of action will resolve the issue of who the true owners of Northshore and Sunrise are. As such, because the parties' rights will be adjudicated through those claims, a declaratory judgment motion should not be considered.

Fourth, there is an issue of fact concerning the ownership of Northshore and Sunrise such that a declaratory judgment motion would be inappropriate, as it is reserved for "pure questions of law." See Duane Reade, Inc., 411 F.3d at 388.

Fifth, even if the Court were to find that Deo was the owner of Northshore and 189 Sunrise (which it should not), it would not resolve the numerous issues in this case. Deo operated Northshore and 189 Sunrise using the IAG Plaintiff's credit line, defrauding the IAG Plaintiffs by falsifying the dealerships' financial statements to make the dealerships appear profitable and continue to draw on the line, leaving the IAG Plaintiffs to cover the millions of dollars owed to their lender.

Finally, the law-of-the-case doctrine precludes relitigating this issue. That discretionary doctrine provides that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." See United States v. Uccio, 940 F.2d 753, 758 (2d Cir. 1991).

Accordingly, Thomasson's request[2] for a pre-motion conference should be denied.

---

[2] Thomasson supports his request with arguments that your undersigned made arguments without personal knowledge in a related state court action. That argument is meritless, as your undersigned cited to evidentiary material supporting the factual contentions in his moving papers. See Urrutia v. Deo, Index No.: 618608/2023 (Nassau County Supreme Court), NYSCEF Docket Entries 76, 77, and 78.

Thomasson further argues that your undersigned threw Plaintiff Joshua Aaronson ("Aaronson") "under the bus" by arguing in the state court action that he did not have the authority to declare Defendant Anthony Deo ("Deo") the owner of Northshore and Sunrise. However, Thomasson ignores the dictates of the operating agreements for both entities, which provide that a written unanimous consent must be provided (or a meeting must be held) in order to transfer a membership interest. See Chabrier v. Deo, Index No.: 617224/2022 (Nassau County Supreme Court), NYSCEF Docket Entries 4 at Article IX and 28 at Article IX ("A Member may transfer his interest in the Company to another person or entity only with the prior unanimous consent of the other Members either in writing or at a meeting called for such purpose").

**<u>Thomasson's Request for a Stay Must be Denied</u>**

Because the motion for a declaratory judgment should not proceed, so too should Thomasson's request for a stay be denied.

It is well established that a stay of a civil proceeding is an "extraordinary remedy," <u>SEC v. Collector's Coffee, Inc.</u>, No. 19 CV 4355, 2023 WL 3686173, at *2 (S.D.N.Y. May 26, 2023) (<u>citing</u> <u>Louis Vuitton Malletier S.A. v. LY USA, Inc.</u>, 676 F.3d 83, 98-100 (2d Cir. 2012)). Although courts can stay proceedings as part of their inherent power to control the disposition of cases on their dockets, <u>see</u> <u>Harrington v. Crater</u>, No. 17 CV 2343, 2021 WL 1091911, at *3 (E.D.N.Y. Mar. 22, 2021) (citations omitted), a stay is only warranted where denial would "'cause substantial prejudice to the defendant in violation of their constitutional rights,' and such cases are 'few and far between.'" <u>SEC v. Collector's Coffee, Inc.</u>, 2023 WL 3686173, at *2 (<u>quoting</u> <u>Louis Vuitton Malletier S.A. v. LY USA, Inc.</u>, 676 F.3d at 98, 100, 100 n.15). The party seeking the stay bears the burden of demonstrating that a stay is needed. <u>See</u> <u>Louis Vuitton Malletier S.A. v. LY USA, Inc.</u>, 676 F.3d at 97 (<u>citing</u> <u>Clinton v. Jones</u>, 520 U.S. 681, 708 (1997)).

Here, Thomasson seeks to stay all proceedings in this case to obtain a determination on this motion but, paradoxically, wants discovery to proceed in the form of two (2) depositions. However, Thomasson fails to make any showing that a stay is necessary. He does not argue that denial would result in substantial prejudice such that this extraordinary remedy is warranted, and the mere fact that Thomasson would like a stay is insufficient. Critically, the mere filing of a dispositive motion[3] does not warrant the issuance of a stay under Rule 26(c). <u>See</u> <u>United States v. County of Nassau</u>, 188 F.R.D. 187, 188 (E.D.N.Y. 1999). Other than Thomasson's anticipated motion, he points to no other compelling reason to warrant a stay.

As such, the request for a stay must be denied.

**<u>Thomasson's Untimely Request to Reconsider his Disqualification Must be Denied</u>**

Thomasson also bafflingly seeks reconsideration of the motion to disqualify him 524 days after he was disqualified.

Local Civil Rule 6.3 provides that "[u]nless otherwise provided by the court or by statute or rule …, a notice of motion for reconsideration must be served within *14* days after the entry of the court's order being challenged." <u>See</u> Local Civ. R. 6.3 (emphasis added).

This Court's Order disqualifying Thomasson was filed on December 1, 2023, and Thomasson filed his motion for reconsideration on May 8, 2025. Accordingly, Plaintiff's motion

---

Thomasson argues that the Plaintiffs "have no documents" to support their claims of ownership of Northshore and Sunrise. This argument myopically ignores the existence of the operating agreements and the Island Auto Group Plaintiffs' sworn statements, among other evidence.

[3] The Superb Plaintiffs respectfully submit that Thomasson's anticipated declaratory judgment motion would not be considered a dispositive motion.

4

for reconsideration fails procedurally because it was not filed within fourteen days of this Court's December 1, 2023 Order.  See Harte v. Pace U., No. 22-CV-03820 (JAV), 2025 WL 1265625, at *5 (S.D.N.Y. May 1, 2025).  Should this Court nonetheless wish to consider Thomasson's procedurally defective motion (which it should not), the Superb Plaintiffs reserve the right to do so in formal motion practice.

**Thomasson's Request to Compel Depositions is Procedurally Improper & Warrants Denial**

Because Thomasson's request for a stay must be denied, his motion to conduct "emergency" depositions of Urrutia and non-party Wendy Kwun ("Kwun") is moot and in any event procedurally defective.

As an initial matter, Thomasson (nor any other Defendant) have noticed the deposition of Urrutia or Kwun.  Moreover, Thomasson has completely and utterly failed to comply with Local Civil Rule 37.3 nor Rule 37 in meeting-and-conferring over any such discovery dispute as required prior to filing the instant request.

Moreover, neither Urrutia nor Kwun present any "flight risk."  As outlined in an affirmation seeking, *inter alia*, sanctions against Thomasson and Deo for perpetuating the perjurious statement that Urrutia has "fled" the country, Urrutia has lived in Costa Rica well before the events giving rise to these claims occurred and even before Urrutia first met Deo.  See Urrutia v. Deo, Index No.: 618608/2023 (Nassau County Supreme Court), NYSCEF Docket Entry 74 ¶¶ 70-74 (outlining Thomasson's and Deo's knowledge that Urrutia resided in Costa Rica before and seeking sanctions for the knowingly false statements that he fled the country).

Similarly, your undersigned personally knows Kwun from his prior representation of Island Auto Group in unrelated matters.  Kwun resides on Long Island, is a controller at IAG, and presents no flight risk at all.  Like virtually every assertion by Thomasson, the notion that either Urrutia or Kwun present any flight risk warranting an Order for their depositions is entirely false.  The apparent bad faith is all the more palpable in light of Thomasson's irrefutable failure to ever notice the deposition of either witness in this case.

Accordingly, Thomasson's misguided motion for the "emergency" depositions of Urrutia and Kwun must be denied, and this Court should issue appropriate sanctions for Thomasson's repeated frivolous and baseless assertions concerning Urrutia and Kwun.

Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
       May 16, 2025

                                Respectfully submitted,
                                **SAGE LEGAL LLC**
                                By: */s/ Emanuel Kataev, Esq.*
                                Emanuel Kataev, Esq.
                                18211 Jamaica Avenue
                                Jamaica, NY 11423-2327
                                (718) 412-2421 (office)
                                (917) 807-7819 (cellular)
                                (718) 489-4155 (facsimile)
                                emanuel@sagelegal.nyc

                                *Attorneys for Plaintiffs*
                                *Superb Motors Inc.*
                                *Team Auto Sales LLC, &*
                                *Robert Anthony Urrutia*

Dated: New York, New York
       May 16, 2025                **CYRULI SHANKS & ZIZMOR LLP**
                                */s/ Jeffrey C. Ruderman, Esq.*
                                Jeffrey Ruderman, Esq.
                                420 Lexington Avenue, Suite 2320
                                New York, NY 10170-0002
                                (212) 661-6800 (office)
                                (347) 379-4622 (direct dial)
                                (212) 661-5350 (facsimile)
                                jruderman@cszlaw.com

                                *Attorneys for Plaintiffs*
                                *189 Sunrise Hwy Auto LLC,*
                                *Northshore Motor Leasing, LLC,*
                                *1581 Hylan Blvd Auto LLC,*
                                *1580 Hylan Blvd Auto LLC,*
                                *1591 Hylan Blvd Auto LLC,*
                                *1632 Hylan Blvd Auto LLC,*
                                *1239 Hylan Blvd Auto LLC,*
                                *2519 Hylan Blvd Auto LLC,*
                                *76 Fisk Street Realty LLC,*
                                *446 Route 23 Auto LLC,*
                                *Island Auto Management, LLC,*
                                *Brian Chabrier,*
                                *Joshua Aaronson, and*
                                *Jory Baron*

**VIA ECF**
All counsel of record