# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

**VIA ECF**                                                                                                       May 20, 2025

United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

      *Re:*    <u>**Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*</u>
              <u>**Case No.: 2:23-cv-6188 (JMW)**</u>

Dear Judge Wicks:

      This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case. The Superb Plaintiffs submit this Order to show cause[1] to respectfully seek reconsideration of this Court's Order dated May 9, 2025 (the "Order") requiring the Superb Injuncted Vehicles to be delivered to the Deo Defendants by Friday, May 23, 2025 pursuant to Local Civil Rule ("LCR") 6.3 on the grounds that this Court overlooked certain facts, the availability of new evidence, and in the interest of justice.

      Based on same, it is respectfully submitted that this Court should reconsider its Order granting in part and denying in part the Superb Plaintiffs' Order to show cause to modify the preliminary injunction to permit them to move the Superb Injuncted Vehicles from the Urrutia Cross-Collateralized Dealership Lot located in Hartford, Connecticut. <u>See</u> ECF Docket Entry 267 and Text Only Order dated May 9, 2025.

**<u>Legal Standard</u>**

      A motion for reconsideration may be granted where the moving party shows that the court overlooked controlling law or facts that, had they been considered, would have altered the disposition of the underlying motion. <u>See</u> <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995); <u>see also</u> <u>Gey Assoc. Gen. Partnership v 310 Assoc. (In re 310 Assoc.)</u>, 346 F3d 31, 35 (2d Cir. 2003). Reconsideration may also be "granted to correct clear error, *prevent manifest injustice*, or review the court's decision *in light of the availability of new evidence*." <u>See</u> <u>Mendez-Caton v. Carribean Family Health Center</u>, 340 F.R.D. 60, 74 (E.D.N.Y. Jan. 28, 2022) (emphasis added).

---

[1] Plaintiffs respectfully request leave of this Court to make the instant request as a letter motion rather than a formal motion (as required by LCR 7.1) in accordance with Rule 1 of the Federal Rules of Civil Procedure (hereinafter "Rules"), which requires that the Rules be construed, administered, and <u>employed by the court</u> and the parties to secure the <u>just</u>, <u>speedy</u>, and <u>inexpensive</u> determination of every action and proceeding. <u>See</u> Fed. R. Civ. P. 1 (emphasis added). Due to the emergency nature of the relief requested, Plaintiffs respectfully submit that this Court should grant leave to file the instant motion as a letter motion rather than a formal motion. Because the Superb Plaintiffs seek injunctive relief, this motion is made by Order to show cause.

**The Interests of Justice & New Evidence Require Reconsideration of the Order**

On April 29, 2025, the Superb Plaintiffs moved by Order to show cause for an Order modifying the September 29, 2023 preliminary injunction (the "Injunction") permitting them to move the Superb Injected Vehicles to a lot controlled by non-party proposed intervenor Nissan Motor Acceptance Company, LLC d/b/a NMAC ("NMAC"). See ECF Docket Entry 256.

Prior to that time, on May 8, 2024, this Court entered an Order modifying the Injunction to permit Superb to sell its vehicles upon conditions set by the Court. See ECF Docket Entry 172.

While this Court granted the Superb Plaintiffs' request to move the Superb Injected Vehicles, it did not permit[2] the Superb Plaintiffs to tender the vehicles to NMAC because the Court was not provided with any information as to *where* the vehicles would be located. See copy of transcript from May 9, 2025 proceedings annexed hereto as **Exhibit "A"** at 19:20-21:9, 29:16-30:3. As a result, this Court denied that branch of the motion and directed the Superb Plaintiffs to arrange for the Superb Injected Vehicles to be moved to a lot controlled by Defendant Anthony Deo ("Deo"). See ECF Docket Entry 267 and Text Only Order dated May 9, 2025. Critically, the Court provided the Superb Plaintiffs with the option of keeping the vehicles where they are or moving them to the lot controlled by Deo. See **Exhibit "A"** at 27:16-21, 30:4-12. Moreover, the Court inquired with the Superb Plaintiffs about the existence of any alternatives. Id. at 25:22-25, 27:8-14.

The Superb Plaintiffs respectfully submit that moving the vehicles to a lot controlled by Deo will stymie and prevent the Superb Plaintiffs from selling the vehicles this Court previously permitted Superb to sell, as they will have no means to show the vehicles to any prospective purchasers. Indeed, given the level of acrimony between the parties, it is more than likely that the Deo Defendants will do everything in their power to prevent the Superb Plaintiffs from selling the vehicles. See Superb Motors Inc. v. Deo, No. 23-CV-6188 (JMW), 2023 WL 8358062, at *1, *3 (E.D.N.Y. Dec. 1, 2023) ("Plaintiffs seek damages and injunctive relief claiming a pattern of fraudulent misconduct, ripe with knavery, in connection with defendants' attempts to obtain operational control of plaintiffs' automobile dealerships … Every procedural step in this case thus far has been fraught with foofaraw, … every procedural step in the case is met with fisticuffs"). Furthermore, this Court informed the Deo Defendants that the Superb Plaintiffs will be permitted to sell the remaining Superb Injected Vehicles should they fail to appear by counsel. See **Exhibit "A"** at 14:19-15:9. In the event the Deo Defendants default, the Superb Plaintiffs would need to have the Superb Injected Vehicles returned, which would be costly, wasteful, and impractical.

Indeed, when the Deo Defendants took vehicles owned by the Island Auto Group Plaintiffs ("IAG") hostage in a similar fashion, they were ultimately returned to IAG damaged. See Chabrier v. Deo, Index No.: 617224/2022 (Nassau County Supreme Court), NYSCEF Docket Entries 3 ¶ 22 and 21 (photos of damaged vehicles).

---

[2] The Court also denied without prejudice the Superb Plaintiffs' request to sell the vehicles owned by Team and Team Imports LLC d/b/a Team Mitsubishi-Hartford ("Team Mitsubishi") until such time that Deo and his cohort are represented by counsel. See Exhibit "A."

2

There was similar damage done to the Superb Injuncted Vehicles when they were returned on September 15, 2023. See Declaration of Robert Anthony Urrutia ("Urrutia Decl.") ¶¶ 5-7. The Deo Defendants' penchant for damaging the vehicles is unsurprising as they have never paid for any of the vehicles, another factor the Superb Plaintiffs respectfully submit this Court overlooked. See ECF Docket Entry 204 ¶¶ 46-78.

Further, the transportation costs to move the vehicles from Hartford, CT to Hicksville, NY will be in excess of $12,000.00, which money Urrutia does not have. See Declaration of Robert Anthony Urrutia ("Urrutia Decl.") ¶ 8; see also ECF Docket Entry 251 ¶¶ 45-47.

Last but not least, the Deo Defendants have a demonstrated disregard for Court Orders. See ECF Docket Entry 220 ¶¶ 59-69 (highlighting numerous instances that the Deo Defendants repeatedly violated a prior injunction issued by the Hon. Sharon M.J. Gianelli, J.S.C.).

As a result, this Court should reconsider that aspect of its Order requiring the Superb Injuncted Vehicles to be moved to a lot controlled by Deo and, upon reconsideration, permit the vehicles to Remain at the Team Mitsubishi lot at 412 New Park Avenue, Hartford, CT 06106 (the "Hartford Lot") for a period of four (4) weeks. As detailed in the accompanying declaration of Urrutia, the Superb Plaintiffs have negotiated a deal with the landlord of the Hartford Lot for the Superb Injuncted Vehicles to remain there until the closing date, currently scheduled for June 9, 2025, and thereafter to either remain at the Hartford Lot pending a deal with the purchaser of the Hartford Lot, or to be moved less than fifteen (15) miles away to 223 Broad Street, Bristol, CT 06010 (the "New Premises") subject to the Superb Plaintiffs' agreement with the landlord for the New Premises. See Urrutia Decl. ¶¶ 9-18.

In circumstances such as here, where new evidence supports the Plaintiffs' allegations, the Second Circuit has held that reconsideration is warranted. See LaBow v. C.I.R., 763 F.2d 125, 126 (2d Cir. 1985) ("We hold that the Tax Court did abuse its discretion in denying Myrna's motion and consequently reverse and remand on those issues affected by Myrna's new evidence"); see also Seales v. Panamanian Aviation Co., 356 Fed. Appx. 461, 465 (2d Cir. 2009) (unpublished) ("Here, however, the introduction of new evidence altered the balance of the convenience factors and justified the district court's reconsideration of the issue").

The Superb Plaintiffs therefore respectfully request reconsideration of this Court's Order to permit them to keep the Superb Injuncted vehicles at the Hartford Lot, and – upon securing a deal with either the purchaser of the Hartford Lot or the landlord of the New Premises, to move the vehicles there.

The Superb Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
      May 20, 2025                      Respectfully submitted,

                                         **SAGE LEGAL LLC**

                                         By:   */s/ Emanuel Kataev, Esq.*
                                         Emanuel Kataev, Esq.
                                         18211 Jamaica Avenue
                                         Jamaica, NY 11423-2327
                                         (718) 412-2421 (office)
                                         (917) 807-7819 (cellular)
                                         (718) 489-4155 (facsimile)
                                         emanuel@sagelegal.nyc

                                         *Attorneys for Defendants*
                                         *Superb Motors Inc.*
                                         *Team Auto Sales LLC, &*
                                         *Robert Anthony Urrutia*

**VIA ECF**
All counsel of record