
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (JMW)

**DECLARATION OF ROBERT ANTHONY URRUTIA IN SUPPORT OF THE SUPERB PLAINTIFFS' ORDER TO SHOW CAUSE FOR RECONSIDERATION**

                              Plaintiffs,

        -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                              Defendants.
-------------------------------------------------------------------X

        Robert Anthony Urrutia declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am the President of Superb Motors Inc. ("Superb") and the sole member of Team Auto Sales LLC ("Team").[1]

2. Superb, Team, and I (the "Superb Plaintiffs") consist of one group of Plaintiffs in this case who have been defrauded and harmed by Defendant Anthony Deo ("Deo") and his cohort.

3. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of documents I maintain at Superb and Team in addition to information I have learned from employees, customers, vendors, and other third parties concerning the Defendants and their conduct.

4. I respectfully submit this declaration in support of the Superb Plaintiffs' Order to show cause for reconsideration of this Court's Order dated May 9, 2025 (the "Order").

5. When the Deo Defendants returned the Superb Injuncted Vehicles that they wrongfully removed from my lot at Superb, they purposefully damaged them out of spite.

6. For example, the two trucks owned by Team Imports LLC d/b/a Team Mitsubishi Hartford ("Team Mitsubishi") each had compressors that were removed from the trucks, which damaged their resale value.

7. There were other instances of damage to the remaining Superb Injuncted Vehicles reminiscent of the damage the Deo Defendants inflicted on the Island Auto Group Plaintiffs' vehicles.

8. As previously averred to by me, I have effectively been bankrupted due to the Deo Defendants' conduct such that I cannot afford the exorbitant cost of thousands of dollars to transport the Superb Injuncted Vehicles from Hartford, CT to Hicksville, NY.

---

[1] I was also the owner of Volkswagen of Freehold in New Jersey, Team Mitsubishi-Hartford in Connecticut, and Team Nissan of Pittsfield, Massachusetts.

9. I understand that this Court denied the Superb Plaintiffs' motion to move the vehicles to a lot controlled by NMAC because I did not provide a location as to where the vehicles may be moved.

10. I am actively working on obtaining a viable location where the Superb Injuncted Vehicles may be stored.

11. Meanwhile, in light of the development of this Court's May 9, 2025 Order and ongoing discussions with the landlord at the Hartford Lot concerning same, I have been able to secure at least an additional four (4) weeks – and possibly up to six (6) weeks – for the Superb Injuncted Vehicles to remain indoors at the Hartford Lot.

12. In continuing discussions, the purchaser of the Hartford Lot has also indicated a willingness to allow the vehicles to continue to remain at the Hartford Lot following the closing, subject to an appropriate agreement.

13. Meanwhile, and as a contingency, I have had preliminary discussions with the landlord at Crowley Kia, less than fifteen miles away, who may be able to store the Superb Injuncted Vehicles on its lot located at 223 Broad Street, Bristol, CT 06010 (the "New Premises").

14. Regrettably, although non-party Nissan Motor Acceptance Company LLC d/b/a NMAC ("Nissan") initially expressed an interest in taking possession of the vehicles as originally sought by the Superb Plaintiffs, NMAC has not provided the Superb Plaintiffs with a proposed location for the vehicles such that this may be a consideration at this time.[2]

---

[2] The Superb Plaintiffs remain open to delivering the vehicles, with the Court's permission, to NMAC pending resolution of the injunction

3

15. Allowing the Superb Injuncted Vehicles to remain at the Hartford Lot while I determine whether they may continue to be stored there or be moved to the New Premises, with the Court's permission, will allow me to sell the vehicles owned by Superb, which this Court previously permitted me to do, and to later sell the vehicles owned by Team Mitsubishi and Team, which this Court may permit me to do once the Deo Defendants retain counsel.

16. Should the Superb Plaintiffs incur the expense of moving the Superb Injuncted Vehicles to Defendant Anthony Deo's ("Deo") lot, they will be unable to sell any of the vehicles, and the vehicles will be subject to the risk of loss at Deo's hands or patrons at the establishments surrounding Deo's leased premises there.

17. More importantly, if the Deo Defendants default and fail to retain new counsel, the Superb Plaintiffs will request to have the vehicles returned so that they may be sold, which will result in a costly and impractical game of musical vehicles that should be avoided for the sheer purpose of avoiding the risk of loss inherent in moving vehicles around unnecessarily.

18. For these reasons and those discussed in the accompanying letter brief, the Superb Plaintiffs' Order to show cause should be granted.

19. I thank this Court for its time and attention to this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 20, 2025.

*Robert Anthony Urrutia*
Robert Anthony Urrutia (May 20, 2025 22:30 EDT)

Robert Anthony Urrutia