**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

SUPERB MOTORS INC. *et al.*,

                  *Plaintiffs*,

                  **MEMORANDUM**
                  <u>**AND ORDER**</u>
     -against-               23-CV-6188 (JMW)

ANTHONY DEO *et al.*,

                  *Defendants*.
-------------------------------------------------------------X

**A P P E A R A N C E S:**

    Emanuel Kataev
    **Sage Legal LLC**
    18211 Jamaica Avenue
    Jamaica, NY 11423
    *Attorneys for Plaintiffs Superb Motors Inc.,*
    *Team Auto Sales LLC and Robert Anthony Urrutia*

    Jeffrey Ruderman
    **Cyruli Shanks & Zizmor LLP**
    420 Lexington Avenue, Suite 2320
    New York, NY 10170
    *Attorneys for Plaintiffs 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC,*
    *1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC,*
    *1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC,*
    *76 Fisk Street Realty LLC, 446 Route 23 Auto LLC, Island Auto Management, LLC,*
    *Brian Chabrier, Joshua Aaronson, and Jory Baron*

    **Harry R. Thomasson**
    3280 Sunrise Highway, Ste Box 112
    Wantagh, NY 11793
    *Appearing Pro Se*

    *No appearances by other Defendants*

**WICKS**, Magistrate Judge:

Harry R. Thomasson ("Mr. Thomasson" or "Counsel"), a previously disqualified attorney and a named Defendant in this action, writes to the Court requesting quite the laundry list. Specifically he seeks: (i) a pre-motion conference to file a Motion for Declaratory Judgment; (ii) a stay of the proceedings pending the Court's ruling on Declaratory Judgment; (iii) a pre-motion conference for this Court to reconsider the disqualification of Mr. Thomasson as counsel for the Deo Defendants;[1] and (iv) to conduct two depositions "on an emergency basis as an exception to the requested stay," or, alternatively, a pre-motion conference "to file an appropriate Motion/Order to Show Cause to Compel the Depositions of Wendy Kwun and Robert Anthony Urrutia." (ECF No. 266 at 1.) Paramount is request number three, namely, Mr. Thomasson's Motion for Reconsideration, the resolution of which impacts the remaining requests. On December 1, 2023, this Court granted Plaintiffs' Motion to Disqualify Counsel Mr. Thomasson based upon the advocate-witness rule as to the Deo Defendants and allowed Mr. Thomasson to continue self-representation. *See Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2023 WL 8358062 (E.D.N.Y. Dec. 1, 2023); ECF No. 117 at 16.) However, now the Court is tasked with deciding whether Mr. Thomasson should be allowed to represent Deo Defendants again (ECF No. 266), which is opposed by Plaintiffs (ECF No. 268). Mr. Thomasson's Motion is **DENIED** for the reasons set forth below.

---

[1] "Deo Defendants" are Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

## **LEGAL FRAMEWORK**

Motions for reconsideration may be filed pursuant to Fed. R. Civ. P. 59(e) or 60(b), as well as Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Under Local Rule 6.3, a party has fourteen (14) days following the entry of a court order to serve a notice of motion with an accompanying memorandum, that sets forth succinctly the issues, facts, or laws that were overlooked. Loc. Civ. R. 6.3. Failure to comply with these requirements, such as here, warrants denial of the motion. *See Bishop v. Cnty. of Suffolk*, No. 13-CV-446 (JS) (AKT), 2018 WL 4623016, at *2 (E.D.N.Y. Sept. 25, 2018) (denying plaintiff's motions dated September 12, 2017 based on untimeliness as plaintiff sought reconsideration on Orders dated August 18, 2014 and March 31, 2017); *see also R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment."). Likewise, the standards for reconsideration under Local Rule 6.3 and Fed. R. Civ. P. 59 are identical. *Id.* at 508 (citing *Farez–Espinoza v. Napolitano*, No. 08-CV-11060, 2009 WL 1118098, at *3 (S.D.N.Y. Apr. 27, 2009)).

Even if considered, a motion for reconsideration "is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted). Notably, "a party may not advance new facts, issues, or arguments not previously presented to the Court on a motion for reconsideration." *Superior Site Work, Inc. v. NASDI, LLC,* No. 14-cv-01061 (ADS) (SIL), 2017 U.S. Dist. LEXIS 77453, at *4 (E.D.N.Y. May 22, 2017) (internal quotations

3

omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (noting that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple). Put simply, a reconsideration motion is not appropriate to simply secure a "do-over."

Reconsideration is warranted only when: (i) the moving party points to an intervening change in controlling law, (ii) newly available evidence is identified, (iii) clear error is established, or (iv) reconsideration is necessary to avoid a manifest injustice. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (same); *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) (same). Moreover, Rule 60(b) permits relief from an order or judgment for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b). The question, therefore, is whether any of these grounds have been met. And, it is also within the sound discretion of the district court to decide whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); *Rivas v. Melecio*, No. 23-CV-05718 (JMA), 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024).

Keeping these principles in mind, the Court considers the instant motion.

## DISCUSSION

### I.     Mr. Thomasson's Motion for Reconsideration

Mr. Thomasson's request fails both procedurally and substantively. *First*, Local Rule 6.3 states "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged," which here, the time to do so has grossly passed. *See* Loc. Civ. R. 6.3; *see also In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-

4

MD-1720, 2025 WL 927059, at *8 (E.D.N.Y. Mar. 27, 2025) (finding a motion for reconsideration filed 48 days after the Court's order is untimely); *United States v. One Etched Ivory Tusk of Afr. Elephant*, No. 10-CV-308 (NGG) (SMG), 2012 WL 4076160, at *1 (E.D.N.Y. Aug. 27, 2012) (collecting cases) ("A party's failure to abide by this schedule is a basis for denying a motion for reconsideration."). So, from a timing standpoint, the motion is far too late.

      Counsel avers that circumstances have changed while citing to the Nassau Supreme Court case captioned *Urrutia v. Anthony Deo*, bearing the index number of 618608/2023 ("Action 2") and another pending case in this Court, captioned *Anthony Deo, et al., v. Ronald Baron, et al.*, Case No. 2:24-cv-06903 (NJC) (JMW) ("Action 3"). (ECF No. 266 at 5.) What is absent here, however, are circumstances in *this action* that may have changed. That is because there have been none. As the Court concluded almost two years ago, Mr. Thomasson is likely to be called as a witness due to his first-hand knowledge of certain events such as the funds received from Defendant Libertas Funding LLC and the vehicles taken by his co-Defendants. (ECF No. 117 at 13-15.) Furthermore, Mr. Thomasson does not identify anything the Court might have overlooked or misapprehended in the motion filed over two years ago. With this, the substantive portion of Rule 6.3 has not been satisfied. *See* Loc. Civ. R. 6.3 ("There must be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked."); *see also JOHN PALLADINO, GARIB KARAPETYAN, STEVE PALLADINO, & JOHN NYPL, on behalf of themselves & all others similarly situated, Plaintiffs*, v. *JPMORGAN CHASE & CO., et al*, No. 23-CV-1215 (MKB), 2025 WL 1371786, at *5 (E.D.N.Y. May 12, 2025) (denying Plaintiff's motion for reconsideration as it lacked any facts or laws that the Court overlooked); *Blue Castle (Cayman)*

5

*Ltd. v. Jones*, No. 2:24-CV-953 (NJC) (ARL), 2025 WL 51215, at *1 (E.D.N.Y. Jan. 8, 2025) (same).

*Second*, there are two other avenues for reconsideration, Fed. R. Civ. P. 59(e) or 60(b). Mr. Thomasson seeks relief for reconsideration pursuant to Rule 60(b)(6). Fed. R. Civ. P. 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Again, the motion fails to identify how the Court overlooked facts that would change the previous outcome. *See Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."); *B & R Supermarket, Inc. v. Visa Inc.*, No. 17-CV-2738 (MKB), 2025 WL 510041, at *2 (E.D.N.Y. Feb. 14, 2025) (same). The absence of any allegations that the Court overlooked any material facts, misapplied the law, or that circumstances have changed, leads to denial. In addition, reviewing the reasons in Rule 60(b) that allow for reconsideration, listed above, it remains clear that none apply here.

*Third*, out of an abundance of caution, the undersigned considered Rule 59 as well. However, that too fails. Relief may not be granted under Rule 59(e) as it has been well over 28

days since the decision was entered. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Indeed, the motion was filed 524 days after the issuance of the Order disqualifying him (ECF Nos. 117 and 266). Therefore, Mr. Thomasson's Motion for Reconsideration is denied.

## II.     The Remaining Relief

Mr. Thomasson also requests a pre-motion conference regarding declaratory judgment, a stay pending a ruling on the declaratory judgment, and to conduct two depositions. (ECF No. 266 at 1.) As for the declaratory judgment, Counsel writes,

> On April 21, 2025, I filed a letter to this Court and Judge Choudhury in Action 3, a true and accurate copy of which is hereby incorporated herein by reference and attached hereto as Exhibit A. Judge Choudhury denied the requested relief, without prejudice, until at least such time as jurisdictional questions are resolved in Action 3. There is no need to rewrite what is written in that correspondence again, here.

(Id. at 2.)

"Action 3" is before the undersigned and the Hon. Judge Nusrat J. Choudhury, though neighboring, it is not deemed a related matter. In fact, the undersigned denied the previous motion for consolidation of these two matters (ECF No. 203) with leave to renew. (ECF No. 215 at 3.) To date, there has been no motion to renew that application. Therefore, the premise of Mr. Thomasson's argument fails, and such relief is denied.

Next, given that the undersigned denies the pre-motion conference, a stay is not warranted. Finally, as to the request for depositions, Mr. Thomasson as a party to this action may depose Robert Anthony Urrutia, another party to this action. *See* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court except

7

as provided in Rule 30(a)(2)."). The second request is to depose third-party Wendy Kwun.[2] Similar to Mr. Urrutia, Ms. Kwun may also be deposed by Mr. Thomasson under Rule 30 so long as a deposition notice is served. If there are issues raised as to the taking of her deposition, then Counsel may seek intervention from this Court. *See* Fed. R. Civ. P. 30(a)(2) ("A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) : (A) if the parties have not stipulated to the deposition."). To the extent that Mr. Thomasson argues that Mr. Urrutia or Ms. Kwun is a flight risk (ECF No. 266 at 7), which Plaintiffs deny (ECF No. 268 at 5), this argument is premature as no depositions as alleged have been attempted. Moreover, Counsel again seeks to introduce the matters of Action 3 in this underlying motion, which will not be entertained.

## CONCLUSION

For the reasons stated herein, Mr. Thomasson's motion for reconsideration of the prior disqualification order and other requested relief (ECF No. 266) is **DENIED**.

Dated: Central Islip, New York
     May 21, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
     JAMES M. WICKS
United States Magistrate Judge

---

[2] It is alleged that Ms. Kwun is the Chief Financial Officer of Island Auto Group ("IAG") but does not give explanation as to the relevance of this deposition. (ECF Nos. 266 at 7; 268 at 5.) The Court will not engage in an expedition to determine this as the undersigned nonetheless, denies this request.