# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  
Wantagh, New York  11793  
Tel. 516-557-5459  
hrtatty@verizon.net

Admitted:  
Massachusetts  
New York

May 21, 2025

Honorable James M. Wicks  
U.S. Federal District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

    Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*  
             Case No. 2:23-cv-6188 (JW)

Your Honor:

     I am writing in response to Mr. Kataev's Order to Show Cause filed earlier today on behalf of the Superb Plaintiffs.  Please be advised of my opposition to that filing, as follows:

1. Yet again, Plaintiffs seek another bite of the apple through an untimely, improperly formatted OSC/memorandum.  This issue was briefed and argued before the Court, and an order was issued rejecting, *inter alia,* Plaintiffs' request to transfer the cars at issue to Nissan Motor Acceptance Corp. ("NMAC").

2. In this latest bite of the apple, Plaintiffs seek to keep the cars in order to give control over the cars to another non-party, a current landlord or neighboring dealership, both unknown to everyone other than Urrutia in this case.  But there is no firsthand Affidavit or other documentation from Urrutia's landlord or neighboring dealer, rendering Urrutia's position either moot or merely hope.

3. This Court is keenly aware of NMAC's position that Plaintiff Urrutia stole in excess of twenty million dollars ($20,000,000.00+) and shut down all four (4) of his dealerships (Anthony Deo was a minority owner in only Superb, Urrutia kept complete control of Superb's finances in what turned out to be the theft of Deo's investment, and Urrutia had to approve each transaction Deo did participate in prior to the Lock Out through his token and texting system Urrutia solely controlled through and with the company's accounts with Chase Bank); it is my position that upon information and belief, Urrutia then absconded from the country to Costa Rica.  He complains (late) to this Court about compressors taken from two (2) trucks (which I know Anthony Deo denies) that co-Defendant Mark Merckling personally watched Urrutia and his helpers drive away from NorthShore when Deo cooperated and gave back the vehicles in 2023.  Urrutia's cries of bankruptcy ring false not only because he has not filed for bankruptcy, but also because of NMAC's firsthand knowledge of Urrutia's theft of over twenty million dollars ($20,000,000.00+).

1

4. This is a transparent attempt to delay and/or circumvent this Court's order after briefing and oral argument that Urrutia give back the vehicles to a party in this action who now has his own car lot upon which the vehicles may be properly stored. I ask this Court to immediately reject this bite of the automobile injunction and again order Plaintiff to transfer the vehicles by this Friday (May 23, 2025) to Deo's Hicksville lot along with all car keys and titles.

5. If the Court is inclined to allow the Urrutia/Superb Plaintiffs to delay this Court's recent Order for any reason, which I adamantly oppose, I ask this Court to order an immediate evidentiary hearing on this issue, and to order Defendants Anthony Deo and Mark Merckling along with Plaintiff Urrutia to personally attend that hearing inside your courtroom, your Honor. I can inform this Court that Anthony Deo caused an inspection on March 12th of this year of the Hartford Connecticut lot in question, which was shuttered, locked, and empty of any business, people, or cars on that date. There is not and cannot be any firsthand security for these vehicles if Urrutia's present request is allowed by this Court, whether on that vacated lot and especially if the cars are stored on someone else's lot. This request must be immediately denied, your Honor, it is simply improper to even request this relief. If the Court has any reason to allow Urrutia to avoid transferring the vehicles to Deo by this Friday (and I doubt that Urrutia even has the cars at this point), I want the opportunity to question Urrutia and Deo and Merckling on this issue because someone is lying yet again to this Court, and I believe that by questioning those three parties, I can get to the bottom of the lying easily.

I hereby inform this Court that if and when the time finally arrives for the Deo Defendants to answer some Complaint in this action (whichever Complaint, as Amended, that eventually needs an Answer), I will be asserting one or more counts and/or Affirmative defenses for Declaratory Judgment directly relating to the issue of the injuncted vehicles (I do not want to be limited to that issue via this correspondence, I certainly will seek other Declaratory relief including, but not limited to, the ownership of the three dealerships at issue, Superb, NorthShore, and 189 Sunrise).

Respectfully submitted, I remain,

Very truly yours,

*Harry R. Thomasson*

Harry R. Thomasson, Esq.