**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SUPERB MOTORS INC. *et al.*,

                             *Plaintiffs*,

            -against-

ANTHONY DEO *et al.*,

                            *Defendants*.
-------------------------------------------------------------X

<u>**ORDER**</u>
23-CV-6188 (JMW)

**A P P E A R A N C E S:**

    Emanuel Kataev
    **Sage Legal LLC**
    18211 Jamaica Avenue
    Jamaica, NY 11423
    *Attorneys for Plaintiffs Superb Motors Inc.,*
    *Team Auto Sales LLC and Robert Anthony Urrutia*

    Brian M. Levine
    **The Levine Firm, P.C.**
    260 North Broadway, Suite 2a
    Hicksville, NY 11801
    *Previous Attorneys for Defendants Anthony and Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC, Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp.*

1

**WICKS**, Magistrate Judge:

On March 21, 2025, the Second Motion for Contempt (ECF No. 202) filed by the Deo Defendants[1] was granted, and Superb Plaintiffs[2] were found in civil contempt.[3] (ECF No. 231.) The parties were directed to file letter briefs on the sole issue of damages and remedies available to the Deo Defendants for Superb Plaintiffs' violation of the preliminary injunction and appear for an evidentiary hearing. (*Id.* at 31.) On April 11, 2025, the parties filed their letters. (ECF Nos. 249-250.) The evidentiary hearing was adjourned *sine die* until Deo Defendants retained counsel. (Electronic Order dated 04/09/2025.)[4]

"[T]he district courts have the inherent power to find a party in contempt for bad faith conduct violating the court's orders." *CBS Broad. Inc. v. FilmOn.com, Inc.*, No. 10-CV-7532 (NRB), 2014 WL 3702568, at *3 (S.D.N.Y. July 24, 2014), *aff'd*, 814 F.3d 91 (2d Cir. 2016) (quoting *S. New England Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 144 (2d Cir. 2010)). The Court has the discretion to impose either compensatory or coercive sanctions. "It is basic law that a civil contempt sanction must only be compensatory or coercive, and may not be punitive." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 144 (2d Cir. 2014). For coercive sanctions, a court has broad discretion to design a remedy that will bring about compliance. In doing so, the court must consider: "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about

---

[1] The "Deo Defendants" are Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

[2] The "Superb Plaintiffs" are Superb Motors Inc., Team Auto Sales LLC and Robert Anthony Urrutia.

[3] For background on the underlying Motion for Contempt, *see* ECF No. 231.

[4] In light of the letter submissions, there are no issues of fact warranting an evidentiary hearing.

compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987). "A sanction coerces a defendant when it 'forces the contemnor to conform his conduct to the court's order.'" *CBS Broad.*, 814 F.3d at 101 (quoting *New York State National Organization For Women v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998)). "A per-diem fine is widely recognized as an effective coercive tool." *Raghavendra v. Trs. of Columbia Univ.*, 06-CV-6841 (PAC) (HBP), 2017 WL 6000553, at *4 (S.D.N.Y. Dec. 1, 2017). "The contemnor bears the burden of establishing a lack of financial resources to prevent imposition of monetary sanctions." *Jolen, Inc. v. Kundan Rice Mills, Ltd.*, No. 19-CV-1296 (PKC), 2019 WL 2949988, at *4 (S.D.N.Y. July 9, 2019). For compensatory sanctions, "a court should reimburse the injured party for its actual damages." *Id.* (internal citations omitted). "Though compensatory sanctions need not precisely match losses, the sanction should correspond at least to some degree with the amount of damages." *Id*.

The Deo Defendants request sanctions that are coercive as well as compensatory including attorneys' fees. (ECF No. 249 at 3-7.) However, the parties are reminded that "[s]uch sanctions may not be imposed as a purely punitive measure." *AMMEX Corp. v. NY Healthlife, LLC*, No. 24-MC-84 (KMK), 2024 WL 3102181, at *2 (S.D.N.Y. June 24, 2024) (quoting *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs.*, 369 F.3d 645, 657 (2d Cir. 2004)).

Superb Plaintiffs admit to their conduct violative of the Court Order, while at the same time stating it was a mistake. (ECF No. 220 at 6, 16.) An admission of mistake, however, does not relieve Plaintiffs from a finding of civil contempt. *See In re Kwok*, 653 B.R. 480, 505 (Bankr. D. Conn. 2023), *leave to appeal denied*, No. 3:23-CV-1068 (KAD), 2023 WL 7385571 (D.

Conn. Nov. 8, 2023) (internal citations omitted) (cleaned up) ("Generally, absent a requirement of willfulness or intention, mistake of law is not a defense to civil liability. The absence of wilfulness does not relieve from civil contempt."); *see also Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 896302, at *14 (E.D.N.Y. Mar. 21, 2025) (quoting *Yurman Studio, Inc. v. Castaneda*, Nos. 07-cv-1241 (SAS), 07-cv-7862 (SAS), 2009 WL 454275, at *2, 2009 U.S. Dist. LEXIS 13870, at *6 (S.D.N.Y. Feb. 23, 2009) ("Plaintiffs are reminded that their 'conduct need not be willful in order for the defendant to be found in contempt.'")). The representation that the conduct was an oversight or mistake, coupled with a review of the record does support a finding that the conduct did not rise to the level of willfulness. Compensatory sanctions *may* include an award of attorneys' fees and costs if the Court finds willful violation, however, "whether willfulness or bad faith is required to order attorney fees as a sanction for violating a court order "remain[s] an open one in our Circuit[.]" *See Broker Genius Inc. v. Seat Scouts LLC*, 17 cv 8627 (SHS), 2019 WL 2462333, at *3 (S.D.N.Y. June 13, 2019); *Jacobs v. Citibank, N.A.*, 318 Fed. App'x 3, 5 n.3 (2d Cir. 2008). "[W]hile willfulness may not necessarily be a prerequisite to an award of fees and costs, a finding of willfulness strongly supports granting them. Indeed, … a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996); *see also IME Watchdog, Inc. v. Gelardi*, No. 22-CV-1032 (PKC) (JRC), 2024 WL 4287244, at *2 (E.D.N.Y. Sept. 25, 2024) (same). As such, the undersigned denies Deo Defendants request for attorneys' fees.

As for compensatory damages, Deo Defendants "urge the Court to order the Superb Plaintiffs to immediately pay off (satisfy) the floorplan loan that was taken out on the subject vehicle in violation of the Injunction, thereby removing the encumbrance." (ECF No. 249 at 3.)

4

Whereas Superb Plaintiffs state "Team Mitsubishi-Hartford received $23,325.00 from reflooring this vehicle; an amount hardly worth risking contempt sanctions." (ECF No. 250 at 3.) Also, these funds were used for the operation of Mr. Urrutia's dealerships, and "the balance due for this particular vehicle was paid down by $9,330.00 for a remaining balance of $13,995.00." (*Id.*) Lastly, Plaintiffs assert that they are "prepared to purge the contempt, which was achieved by borrowing the funds, by paying back to [Nissan] the $13,995.00 to pay off the floor plan line for this vehicle." (*Id.*) Therefore, on or before June 3, 2025 Plaintiffs are to file on ECF proof that the payment was made, and failure to do so, will result in the undersigned imposing a compensatory fine.

Finally, in light of the admitted violation of the Court's Order, the undersigned imposes coercive per-diem sanctions to ensure compliance with this Order. If Plaintiffs do not provide the proof as directed above by June 3, 2025, the Court will fine Plaintiffs $500 per day for each day that Plaintiffs do not comply. *See e.g., Walsh v. Five Corners Food, Inc.*, No. 2:21-MC-00237 (DRH) (ST), 2022 WL 874461, at *5 (E.D.N.Y. Feb. 1, 2022), *report and recommendation adopted*, No. 2:21-MC-237 (DRH) (ST), 2022 WL 866885 (E.D.N.Y. Mar. 23, 2022) (imposing "a $250 per diem fine during the first fourteen days after the Court rules on this Motion; a $500 per diem fine beginning on day fifteen; and a $1,000 per diem fine beginning on the thirty-first day"); *Valencia v. 3108 N. BLVD LLC*, No. 1:20-CV-05293 (OEM) (VMS), 2024 WL 1327314, at *2 (E.D.N.Y. Mar. 28, 2024) (Court imposed daily civil fines of $500.00 until proof of compliance was submitted); *Leser v. U.S. Bank Nat. Ass'n*, No. 09-CV-2362 (KAM) (ALC), 2011 WL 1004708, at *12 (E.D.N.Y. Mar. 18, 2011) (imposing $500 per day sanctions until compliance was met); *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, No. 96-CV-9721 (PKL)

(THK), 2002 WL 2012618, at *11 (S.D.N.Y. Sept. 3, 2002) (imposing a $2,000 fine each day until defendants complied with the Court's Order).

## **CONCLUSION**

For the reasons stated, the sanctions imposed on Superb Plaintiffs are as follows: Plaintiffs are to file proof of the payment to Nissan that allegedly satisfied the floorplan loan on ECF on or before **June 3, 2025**, and failure to do so, will result in the undersigned imposing a compensatory fine. In the event Plaintiffs fail to file on or before June 3 as ordered, per-diem fine of $500.00 for each day of non-compliance will be imposed.

Dated: Central Islip, New York
       May 22, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
    JAMES M. WICKS
  United States Magistrate Judge

6