UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SUPERB MOTORS INC. *et al.*,

                *Plaintiffs*,

                **MEMORANDUM AND ORDER**

    -against-                23-CV-6188 (JMW)

ANTHONY DEO *et al.*,

                *Defendants*.
-------------------------------------------------------------X

**A P P E A R A N C E S:**

    Emanuel Kataev
    **Sage Legal LLC**
    18211 Jamaica Avenue
    Jamaica, NY 11423
    *Attorneys for Plaintiffs Superb Motors Inc.,*
    *Team Auto Sales LLC and Robert Anthony Urrutia*

    Jamie S. Felsen,
    **Milman Labuda Law Group PLLC**
    3000 Marcus Avenue, Suite 3w8
    Lake Success, NY 11042
    *Previous Attorneys for Plaintiffs Superb Motors Inc.,*
    *Team Auto Sales LLC and Robert Anthony Urrutia*

    Brian M. Levine
    **The Levine Firm, P.C.**
    260 North Broadway, Suite 2a
    Hicksville, NY 11801
    *Previous Attorneys for Defendants Anthony and Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC, Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp.*

1

**WICKS**, Magistrate Judge:

This is the fourth motion for contempt filed (ECF Nos. 79, 152, 202, and 225), becoming the "rinse and repeat" application in this case. This time, the alleged non-compliance is with the Court's Order directing Plaintiffs to provide proof of insurance and odometer readings on the Injuncted Vehicles.[1] On February 7, 2025, Deo Defendants[2] filed the instant motion, which is styled the Third Motion for Contempt (ECF No. 225) against Plaintiffs Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia (collectively "Plaintiffs"). The Deo Defendants claim, *inter alia*, that there are deficiencies in Plaintiffs' submissions following the undersigned's directive in an Order (ECF No. 215 at 3), to Plaintiffs to submit "proof of insurance and odometer readings to the Deo Defendants by way of declaration or an affidavit on or before January 13, 2025, at 5:00 PM" which is vehemently opposed by Plaintiffs (ECF Nos. 227-28). (ECF No. 225 at 1.) Familiarity with this action's procedural and factual histories is assumed and as such, the undersigned moves on to the issues at hand. For the reasons stated herein, Defendants' Motion for Contempt (ECF No. 225) is **GRANTED** *in part* and **DENIED** *in part*.

## THE LEGAL FRAMEWORK

Fed. R. Civ. P. 70 states in relevant part that "[i]f a judgment requires a party to…perform any other specific act and the party fails to comply within the time specified, the

---

[1] "Injuncted Vehicles" is a defined term in the Injunction (ECF No. 55) which refers to the vehicles that are subject to the terms and conditions listed in the Injunction. (*Id.* at 28-30.)

[2] The "Deo Defendants" are comprised of: Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

2

court may order the act to be done—at the disobedient party's expense—by another person appointed by the court." Fed. R. Civ. P. 70(a). In addition, the court can hold the disobedient party in contempt. Fed. R. Civ. P. 70(e). "There are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is clear and unambiguous; 2) the proof of non-compliance with that order must be clear and convincing; and 3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Schmidt v. Stone*, No. 14-CV-2519 (RJD) (CLP), 2019 WL 3253953, at *3 (E.D.N.Y. July 18, 2019) (internal quotations and citations omitted); *see also Manus v. Pincione*, No. 23-CV-6149 (JGLC), 2025 WL 560750 (S.D.N.Y. Feb. 20, 2025) (internal citations omitted) ("The power to punish parties for contempt is inherent in all court. . . .") "A defendant's conduct need not be willful in order for the defendant to be found in contempt." *Yurman Studio, Inc. v. Castaneda*, Nos. 07-cv-1241 (SAS), 07-cv-7862 (SAS), 2009 U.S. Dist. LEXIS 13870, at *6 (S.D.N.Y. Feb. 23, 2009). All three elements must be met.

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Manus*, 2025 WL 560750, at *3 (citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)); *see also CBS Broad. Inc. v. FilmOn.com, Inc.*, No. 10-CV-7532 (NRB), 2014 WL 3702568, at *3 (S.D.N.Y. July 24, 2014), *aff'd*, 814 F.3d 91 (2d Cir. 2016) (internal citation omitted) ("Upon finding that a party is in civil contempt, this Court retains 'broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions.) "The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to

3

compensate the party that has been wronged." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs.*, 369 F.3d 645, 657 (2d Cir. 2004). The Court has the discretion to impose either compensatory or coercive sanctions. "It is basic law that a civil contempt sanction must only be compensatory or coercive and may not be punitive." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 144 (2d Cir. 2014). For any compensatory sanction, "some proof of loss must be present to justify its compensatory aspects." *Id.* at 658. And to the extent a contempt sanction is coercive, the court has "broad discretion to design a remedy that will bring about compliance." *Id.* (citing *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)).

For coercive sanctions, a court has broad discretion to design a remedy that will bring about compliance. In doing so, the court must consider: "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987). "A sanction coerces a defendant when it 'forces the contemnor to conform his conduct to the court's order.'" *CBS Broad.*, 814 F.3d at 101 (quoting *New York State National Organization For Women v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998)); *In Re Stockbridge Funding Corp.*, 158 B.R. 914, 918 (S.D.N.Y. 1993) (internal citations omitted) ("Coercive sanctions afford a contemnor an opportunity to purge his contempt, and end as soon as that contemnor ceases his contumacious behavior") (quoting *Ochoa v. United States*, 819 F.2d 366, 369 (2d Cir. 1987)); *Aquavit Pharmacueticals, Inc.*, No. 19-CV-3351 (VEC) (RWL), 2021 WL 4312579, at *23 (S.D.N.Y. July 16, 2021) ("In contrast to compensatory sanctions, which look to the past, coercive sanctions take aim at the future."). "A per-diem fine is widely recognized as an effective coercive tool." *Raghavendra v. Trs. of Columbia Univ.*, 06-

4

CV-6841 (PAC) (HBP), 2017 WL 6000553, at *4 (S.D.N.Y. Dec. 1, 2017). "The contemnor bears the burden of establishing a lack of financial resources to prevent imposition of monetary sanctions." *Jolen, Inc. v. Kundan Rice Mills, Ltd.*, No. 19-CV-1296 (PKC), 2019 WL 2949988, at *4 (S.D.N.Y. July 9, 2019).

For compensatory sanctions, "a court should reimburse the injured party for its actual damages." *Id*. (internal citations omitted). "Though compensatory sanctions need not precisely match losses, the sanction should correspond at least to some degree with the amount of damages." *Id*. Compensatory sanctions may include an award of attorneys' fees and costs if the Court finds willful violation, however, "whether willfulness or bad faith is required to order attorney fees as a sanction for violating a court order "remain[s] an open one in our Circuit[.]" *See Broker Genius Inc. v. Seat Scouts LLC*, 17 cv 8627 (SHS), 2019 WL 2462333, at *3 (S.D.N.Y. June 13, 2019); *Jacobs v. Citibank, N.A.*, 318 Fed. App'x 3, 5 n.3 (2d Cir. 2008).

Lastly, Courts can also award "attorney's fees in an amount to be determined." *See e.g.*, *CBS Broad. Inc.*, 2014 WL 3702568, at *6–7 ("Plaintiffs' counsel shall submit on notice a proposed form of judgment, supported by an affidavit detailing their attorneys' fee request, to this Court on or before July 30, 2014."); *A.V. by Versace, Inc.*, No. 96-CV-9721 (PKL) (THK), 2002 WL 2012618, at *10–11 (holding plaintiff entitled to attorney's fees and costs associated with bringing the motion for contempt where defendant's violation of the preliminary injunction was "willful" and directing Plaintiff to serve and file, within thirty days of the order issued by the district court, a memorandum and affidavits in support itemizing its total attorneys' fees and costs associated with its motion for contempt); *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir.1996) ("Indeed, to survive review in this court, a district court, having found willful contempt, would

5

need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt.").

It is with these legal principles in mind that the Court considers the instant motion for contempt.

## DISCUSSION

Deo Defendants argue that once Plaintiffs provided proof of insurance and odometer readings, violations and deficiencies were uncovered. (ECF No. 225 at 1.) First, they state there are three missing odometer readings for the following vehicles:

(1) 2016 Ford F-150 – VIN #1FTEW1EF1GFB67420,
(2) 2021 Isuzu Flatbed – VIN #JALE5W162M7301006, and
(3) 2020 Isuzu Flatbed – VIN #JALE5W164L7306190.

(*Id.* at 1-2.) Second, the odometer readings that were provided included discrepancies for the following vehicles:

(1) 2019 Mercedes GT – VIN #WDD7X8KB7KA001866,
(2) 2018 Land Rover Sport – VIN #SALWR2RV8JA189351,
(3) 2018 Alfa Romeo Gulia – VIN #ZARFAEDN3J7575105,
(4) 2018 Dodge Durango – VIN #1C4RDHDG7JC438967,
(5) 2016 Porsche Panamera – VIN #WP0AF2A74GL082172,
(6) 2020 Mercedes GT – VIN #W1K7X6BB7LA016406,
(7) 2019 Range Rover – VIN #SALGS2RE3KA519794,
(8) 2018 Mercedes SL – VIN #WDDJK7DA4JF052861, and
(9) 2019 Maserati Ghibli – VIN #ZAM57YTA4K1314330.

(*Id.* at 2.) Plaintiffs point the Court to previous docket entries (ECF Nos. 38-10, 112-8) that mirror the mileage that the Deo Defendants reference in the instant motion as they are the "exact same mileage listed on the original transfer documents when Superb and/or Team first acquired the vehicles." (ECF No. 227 at 3.) Plaintiffs also state that "the dates on the October and November 2023 transfer documents mirror the mileage from the pre-injunction acquisition of the

6

vehicle because the mileage is not updated until a sale is made." (*Id.*) Plaintiffs provide the following chart for reference:

| Page | Page ID | Date | Miles | Description | VIN |
|---|---|---|---|---|---|
| 38-10 at 168 | 1261 | 7/17/2023 | 69,382 | 2019 Mercedes Benz GT | 1866 |
| 38-10 at 172 | 1265 | 7/17/2023 | 69,382 | 2019 Mercedes Benz GT | 1866 |
| 38-10 at 186 | 1279 | 6/5/2023 | 72,918 | 2018 Land Rover | 9351 |
| 38-10 at 182 | 1275 | 6/29/2023 | 72,928 | 2018 Land Rover | 9351 |
| Urr. Decl. | ¶¶ 10-11 | 6/23/2023 | 54,975 | 2018 Alfa Romeo Gulia[4] | 5105 |
| 38-10 at 140 | 1233 | 6/16/2023 | 57,531 | 2018 Dodge Durango | 8967 |
| 112-8 at 43 | 2556 | 4/28/2023 | 35,633 | 2016 Porsche Panamera | 2172 |
| 112-8 at 32 | 2545 | 3/23/2023 | 41,147 | 2020 Mercedes GT | 6406 |
| 112-8 at 38 | 2551 | 3/24/2023 | 59,276 | 2019 Range Rover | 9794 |
| 112-8 at 22 | 2535 | 2/24/2023 | 48,909 | 2018 Mercedes SL | 2861 |
| 112-8 at 25 | 2538 | 3/14/2023 | 48,914 | 2018 Mercedes SL | 2861 |
| 112-8 at 27 | 2540 | 3/14/2023 | 48,914 | 2018 Mercedes SL | 2861 |
| 112-8 at 11 | 2524 | 11/29/2022 | 40,420 | 2019 Maserati Ghibli | 4330 |
| 112-8 at 15 | 2528 | 12/14/2022 | 40,420 | 2019 Maserati Ghibli | 4330 |
| 112-8 at 17 | 2530 | 3/27/2023 | 40,421 | 2019 Maserati Ghibli | 4330 |

(*Id.*) Deo Defendants likewise provide their own chart to show the mileage increases in the Injuncted Vehicles and state that the odometer readings were less in prior filings than the photos provided by Plaintiffs. (ECF No. 225 at 3.) The chart that was provided is attached here:

| Vehicle | Last Four of Vin | Mileage on Transfer Docs | Mileage on MV50 | Mileage in Photos | Mileage Increase |
|---|---|---|---|---|---|
| 2019 Mercedes GT | 1866 | 69,382 (ECF 155-1, p. 22) | 69,382 (ECF 158-2, p. 16) | 70,249 | 867 |
| 2018 Land Rover Sport | 9351 | 72,983 (ECF 155-1, p 10) | 72,983 (ECF 158-2, p. 32) | 74,989 | 2,006 |
| 2018 Alfa Romeo Gulia | 5105 | 54,975 (ECF 155-1, p 13) | 54,975 (ECF 158-2, p.56) | 55,654 | 679 |
| 2018 Dodge Durango | 8967 | 57,531 (ECF 155-1, p 2) | 57,531 (ECF 158-2, p. 71) | 58,774 | 1,243 |
| 2016 Porsche Panamera | 2172 | 35,633 (ECF 155-1, p 20) | 35,633 (ECF 158-2, p. 68) | 37,425 | 1,792 |
| 2020 Mercedes GT | 6406 | 41,147 (ECF 155-1, p. 6) | 41,147 (ECF 158-2, p. 76) | 42,110 | 963 |
| 2019 Range Rover | 9794 | 59,276 (ECF 155-1, p. 18) | 59,276 (ECF 158-2, p. 80) | 61,274[1] | 1,998 |
| 2018 Mercedes SL | 2861 | 48,914 (ECF 155-1, p. 24) | 48,914 (ECF 158-2, p. 92) | 55,561 | 6,647 |
| 2019 Maserati Ghibli | 4330 | 40,421 (ECF 155-1, p. 16 ) | 40,421 (ECF 158-2, p. 100) | 41,115 | 694 |

(*Id.*) Although the mileage is either identical or substantially close in the docket entry filings, the mileage in the photos (ECF No. 225-2) does reflect an increase as illustrated in Deo Defendants' chart. Plaintiffs also argue that when the Vehicles were moved to Team Imports LLC, there was no requirement to provide the odometer readings. (ECF No. 228 at 5.) Further, Plaintiffs explain that until a sale is complete, mileage is not considered or provided. (*Id.*; ECF No. 227 at 3.)

Upon review of the supporting documents submitted by both parties, the Deo Defendants have not established by *clear and convincing* evidence that Plaintiffs violated the Injunction. Absent side-by-side comparisons of pictures taken at the time of the granting of the Injunction in 2023 to the recent odometer readings provided, the undersigned does not find Plaintiffs in civil contempt.

The three elements required for civil contempt as set forth in *Schmidt* have not all been met. 2019 WL 3253953, at *3. *First,* the preliminary injunction clearly and unambiguously

prohibited any of the injuncted vehicles from being driven. *See DeBruhl v. Keyes*, No. 23-CV-06324 (GRB) (JMW), 2025 WL 959024, at *5 (E.D.N.Y. Feb. 10, 2025) (quoting *S.E.C. v. Mattera*, No. 11-CV-8323 (PKC), 2012 WL 4450999, at *11 (S.D.N.Y. Sept. 26, 2012) (quoting *Terry*, 886 F.2d at 1352)) ("An order is 'clear and unambiguous' where it is 'specific and definite enough to apprise those within its scope of the conduct that is being proscribed.'"). The preliminary injunction unquestionably stated that the Injuncted vehicles "may not be driven or otherwise used or maintained on the lot in such a way that would damage the resale value of the vehicle." (ECF No. 55 at 29.)

*Second*, and most important here, is that the "proof" of Plaintiffs' non-compliance with the order is *not* clear and convincing as stated above. *See Pension Benefit Guar. Corp. v. Trees R' US, Inc.*, No. 23-MC-101 (JS) (AYS), 2023 WL 4564873, at *2 (E.D.N.Y. July 17, 2023) (quoting *In re Chief Exec. Officers Club Inc.*, 359 B.R. 527, 535 (Bankr. S.D.N.Y. 2007) (quoting *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cr. 2002))) (explaining that this standard requires proof "that a violation occurred" with "reasonable certainty"). Such proof was not submitted here.

*Third*, Deo Defendants have not provided evidence to the contrary that Plaintiffs have not been "reasonably diligent and energetic in attempting to accomplish what was ordered." *Schmidt*, 2019 WL 3253953, at *5 (internal quotations and citations omitted). As such, the undersigned finds holding Plaintiffs in civil contempt for the unexplained mileage increase is not warranted here.

However, when it comes to the odometer readings for the 2016 Ford F-150, 2021 Isuzu Flatbed, and 2020 Isuzu Flatbed, there is radio silence in Plaintiffs' submission. This Court expressly directed Plaintiffs to send the odometer readings on or before January 13, 2025 and

9

failure to comply may result in contempt of court. (ECF No. 215 at 3.) Given that Plaintiffs do not dispute Deo Defendants' claim that these were not provided, the Court is left with no choice but to find Applying the factors above, the Court finds Plaintiffs in civil contempt as to those three vehicles.

*First,* the January 10, 2025 Order was clear and unambiguous with both the deadlines and exceptions of what was to be done.[3] *Second*, Plaintiffs do not dispute Deo Defendants' argument that there was non-compliance as to this Order by not providing the three odometer readings. *Third*, it is clear that Plaintiffs have not acted with reasonable diligence given the lack of compliance with this Court's Order. *See Gov't Emps. Ins. Co. v. Boatswain*, No. 21 CV 1702 (DG)(LB), 2023 WL 2969283, at *3 (E.D.N.Y. Jan. 5, 2023), report and recommendation adopted, No. 21-CV-01702 (DG) (LB), 2023 WL 4557667 (E.D.N.Y. July 17, 2023) ("While the Court cannot hold a party in contempt if the party has 'been reasonably diligent and energetic in attempting to accomplish what was ordered[,]' no attempt, much less a diligent one, has been made to comply with the Court's Order here."). Therefore, Plaintiffs are in civil contempt for failing to comply with the January 10, 2025 Order. Given this finding, the Court imposes the following sanctions.

As a result, the Court imposes compensatory sanctions in the amount of $1,000 upon Plaintiffs for the direct violation of this Court's Order. *See SD Prot., Inc. v. Del Rio*, 587 F.

---

[3] The relevant part of the Order stated "[t]he Court denies the motion to hold the Superb Plaintiffs in contempt for their failure to provide proof of insurance coverage for the Injuncted Vehicles and date-stamped photos showing the odometer readings of the Vehicles to date. However, to resolve any purported ambiguity in the undersigned's previously issued Order modifying the Injunction,6 and to ensure the Superb Plaintiffs' compliance with the Injunction, the Court directs the Superb Plaintiffs to produce proof of insurance and odometer readings to the Deo Defendants by way of declaration or an affidavit on or before January 13, 2025, at 5:00 PM. Superb Plaintiffs are forewarned that failure to comply may result in contempt of court. Accordingly, that branch of the contempt motion is denied without prejudice to renew." (*Id.*)

Supp. 2d 429, 436 (E.D.N.Y. 2008) (imposing a $1,000 discovery sanction). Next, Plaintiffs are directed to provide Deo Defendants with the three missing odometer readings on or before **June 2, 2025**. Failure to comply will result in daily sanctions of $100.00 beginning **June 3, 2025**, until compliance is proven by an affidavit of both Deo Defendants and Superb Plaintiffs. *See Leser v. U.S. Bank Nat. Ass'n*, No. 09-CV-2362 (KAM) (ALC), 2011 WL 1004708, at *12 (E.D.N.Y. Mar. 18, 2011) (imposing $500 per day sanctions until compliance was met); *Bank of Credit & Com. Int'l (Overseas) Ltd. v. Tamraz*, No. 97-CV-4759 (SHS), 2006 WL 1643202, at *1, *5 (S.D.N.Y. June 13, 2006) (same); *Rodriguez v. New Generation Hardware Store Corp.*, No. 22-CV-4422 (LJL), 2024 WL 1406953, at *2 (S.D.N.Y. Apr. 2, 2024) (same); *see also Raghavendra*, 2017 WL 6000553, at *4 (discussing per-diem fines are used "to induce compliance with the Court's orders").

Finally, Deo Defendants are awarded attorney's fees for the cost of having to prepare and file this latest motion. *See Roytlender v. D. Malek Realty, LLC*, No. 21-CV-00052 (JMW), 2024 WL 2891749, at *3 (E.D.N.Y. June 10, 2024) (awarding reasonable fees and costs that Defendants incurred while moving for contempt). The Deo Defendants are directed to file an application with supporting documents for the fees and costs incurred in connection with the instant motion on or before June 3, 2025.

## CONCLUSION

For the reasons stated, the Deo Defendants' Motion for Contempt (ECF No. 225) is **GRANTED** *in part* and **DENIED** *in part*. Accordingly, it is **HEREBY ORDERED** that Superb Plaintiffs are held in civil contempt for failing to comply with an express order of this Court. Based on this finding of civil contempt, the undersigned imposes the following sanctions:

(i)    A fine in the amount of $1,000.00 to be paid to the Deo Defendants on or before **June 2, 2025**;

 (ii) Attorneys' fees and costs, which are to be awarded upon a formal application submitted by Deo Defendants on or before **June 3, 2025**; and

 (iii) Per-diem sanctions of $100.00, for each weekday that Plaintiffs are non-complaint with this Court's Order beginning **June 3, 2025**.

Dated: Central Islip, New York
   May 22, 2025

                S O  O R D E R E D:

                /S/ *James M. Wicks*
                  JAMES M. WICKS
               United States Magistrate Judge