UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (JMW)

                                             Plaintiffs,

           -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                                             Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' SUPERB MOTORS INC, TEAM AUTO SALES LLC, AND ROBERT ANTHONY URRUTIA'S MOTION TO <u>MODIFY THE PRELIMINARY INJUNCTION</u>**

**FACTUAL BACKGROUND**

On September 29, 2023, the Hon. Orelia E. Merchant, U.S.D.J. ("Judge Merchant") issued a preliminary injunction. See Superb Motors Inc. v. Deo, No. 2:23-CIV.-6188 (OEM) (JMW), 2023 WL 7181675 (E.D.N.Y. Sept. 29, 2023) (hereinafter the "Injunction"), ECF Docket Entry 55.

Judge Merchant issued the Injunction, which provides, in relevant part, that:

> 1) The following thirty (30) vehicles (the "Injuncted Superb Vehicles") are to Remain at or otherwise be returned to a Cross-Collateralized Urrutia Dealership Lots:
>
> a. Two (2) Isuzu flatbed trucks;
>
> b. Twenty-eight (28) cars listed on the list at ECF 30-8 ("Markup List") indicated with "YES",
>
> > i. with the exception of the 2023 Chevy Suburban with a Vehicle Identification Number (VIN #) ending in "8675."
>
> …
>
> 6) No injuncted vehicle may be removed from the appointed lot absent this Court's Order.
>
> > a. In the event an injuncted vehicle must be moved from its lot due to emergency or any other good cause, the current possessor must inform the Court prior to the removal in writing on the docket and explain any good cause for the movement of the vehicle. The same writing must be electronically served on the other party.

See Injunction at *15-*16.

Read as a whole, the Injunction's main purpose is to protect the resale value of the vehicles. This interpretation is supported by the prohibition against driving or otherwise using or maintaining the vehicles on the lot in such a way that would damage the resale value of the vehicles.

This Court previously modified the Injunction to permit Superb to sell the Superb Injuncted Vehicles it owned based on the fact Superb shut down and went out of business. Now, Team-Mitsubishi Hartford and Team have both similarly shut down and have gone out of business. As a result, this Court should similarly permit those remaining vehicles to similarly be sold.

This Court previously denied the Superb Plaintiffs' request to sell the vehicles *without prejudice* on the grounds that the Deo Defendants were not represented by counsel. However, as of yesterday, the Deo Defendants are now represented by counsel.[1] Notably, Thomasson offered at the May 9, 2025 conference to sell all the injuncted vehicles and place the proceeds in escrow; this offer constituted the Deo Defendants' consent to the instant application. Accordingly, the Superb Plaintiffs respectfully renew their Order to show cause to sell the remaining Superb Injuncted Vehicles.

Finally, because the sale of the vehicles will be impeded by the exorbitant cost of moving them from Hartford, CT to Hicksville, NY and because the Superb Plaintiffs have secured an agreement to store the Superb Injuncted Vehicles at 9 Barber Street, Bristol, CT 06010-7027 (the "Bristol Lot"), in an enclosed lot less than fifteen (15) miles away, this Court should permit the Superb Plaintiffs to move the vehicles to the Bristol Lot. For the foregoing reasons, this Court should modify the Injunction to permit Team and Team Mitsubishi-Hartford to sell the Superb Injuncted Vehicles, and for leave to remove the Superb Injuncted Vehicles from the Urrutia Cross-Collateralized Dealership lot to the Bristol Lot for storage and safekeeping pending either the determination of this motion, sale, or for the pendency of the Injunction.

---

[1] Notably, Defendant Harry R. Thomasson, Esq. ("Thomasson") has chosen to proceed *pro se*. In doing so, Thomasson has taken the tack that his *pro se* appearance to represent himself somehow permits him to make arguments on behalf of his client. This is inaccurate, and constitutes an end-run around this Court's disqualification Order. Further attempts by Thomasson to raise arguments on behalf of the Deo Defendants will result in a contempt application by the Superb Plaintiffs.

## **LEGAL STANDARD**

"The power of a court of equity to modify a decree of injunctive relief is long-established, broad, and flexible." See Brown v. Plata, 563 U.S. 493, 542 (2011) (citation and quotation marks omitted). The district court derives this power in part from Rule 54(b) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), which provides that injunctive orders "may be revised at any time." See Floyd v. City of New York, No. 08 CIV. 1034 (AT), 2023 WL 2663374, at *3 (S.D.N.Y. Mar. 28, 2023) (citing Fed. R. Civ. P. 54(b).

More broadly, the district court has inherent authority to revise or modify such orders. See United States v. LoRusso, 695 F.2d 45, 53 (2d Cir. 1982). Critically, in exercising its discretion to modify an injunctive order, a court should not impose or decline to make modifications that "thwart[ ] the purpose behind the injunction." See Sierra Club v. U.S. Army Corps of Eng'rs, 732 F.2d 253, 257 (2d Cir. 1984). Indeed, "[t]he power of a district court to modify its past injunctive decrees in order to accommodate changed circumstances is well established." See Ass'n Against Discrimination in Employment, Inc. v. City of Bridgeport, 710 F.2d 69, 74 (2d Cir. 1983).

"While changes in fact or in law afford the clearest bases for altering an injunction, the power of equity has repeatedly been recognized as extending also to cases where a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes." See King-Seeley Thermos Co. v. Aladdin Indus., Inc., 418 F.2d 31, 35 (2d Cir. 1969).

Of import, a court may modify an injunction even in the absence of changed conditions. See Lego A/S v. Zuru Inc., No. 3:18-CV-2045 (AWT), 2023 WL 2727552, at *4 (D. Conn. Mar. 31, 2023).

If the injunction is "preliminary," as it is here, the court would be "charged with the exercise of the same discretion it exercised in granting or denying injunctive relief in the first place." See Greater Chautauqua Fed. Credit Union v. Quattrone, No. 1:22-CV-2753 (MKV), 2023 WL 6037949, at *3 (S.D.N.Y. Sept. 15, 2023) (citing Sierra Club v. Army Corps of Engineers, 732 F.2d 253 (2d Cir. 1984)). Indeed, the heightened standard in Rule 60(b)(5) only applies to "a final judgment, order, or proceeding." See Fed. R. Civ. P. 60(b); see also Huk-A-Poo Sportswear, Inc. v. Little Lisa, Ltd., 74 F.R.D. 621, 623 (S.D.N.Y. 1977) ("Rule 60(b) applies only to final orders and not to interlocutory de[c]rees" and district courts have "continuing plenary power over its interlocutory orders under which the Court is not bound by Rule 60(b)(5)'s strict standard of 'changed circumstances'" (citations omitted)).

Crucially, Judge Merchant recognized, in issuing the Injunction, that she continued to assess the scope and terms of such an injunction. See Injunction at *15 (citing Conn. Office of Prot. & Advocacy for Persons with Disabilities v. Hartford Bd. of Educ., 464 F.3d 229, 245 (2d Cir. 2006)).

Moreover, although changes in fact or law often "afford the clearest bases for altering an injunction," a court's equitable power "extend[s] also to cases where a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes." See King-Seeley Thermos Co. v. Aladdin Indus., Inc., 418 F.2d 31, 35 (2d Cir. 1969) (citations omitted). Moreover, a court may vacate "when a decree proves to be unworkable because of unforeseen obstacles; or when enforcement of the decree without modification would be detrimental to the public interest." See Rufo v. Inmates of Suffolk Cty. Jail, 502 U.S. 367, 383 (1992) (citations omitted); Wright & Miller § 2942 ("[B]ecause of its discretionary character, an injunction ... may be modified if circumstances change after it is issued or in the

4

event that it fails to achieve its objectives."); Timothy Stoltzfus Jost, From Swift to Stotts and Beyond: Modification of Injunctions in the Federal Courts, 64 Tex. L. Rev. 1101, 1138 (1986) (arguing that, if an injunction becomes "a tool of oppression" or "obviously inefficient," "the court ultimately has the power to, and should, modify a decree that imposes a burden disproportionate to the benefit it assures").

Here, the Injunction – which was, ironically, placed into effect to save the Superb Plaintiffs' dealerships – has now instead served as a tool of oppression against Urrutia, who has lost all four of his dealerships due to the Deo Defendants' fraudulent conduct, and the Injunction is repeatedly being wielded as a sword by the Deo Defendants.

For the reasons set forth below, this Court should modify the Injunction as requested.

## ARGUMENT

### A.    Team and Team Mitsubishi-Hartford Should be Permitted to Sell the Vehicles

This Court should modify the Injunction to permit Team and Team Mitsubishi-Hartford to wind down their affairs in light of their closure by allowing them to sell the vehicles that it owns.

As set forth in various declarations, these dealerships have closed. Under similar circumstances, this Court previously permitted Superb to sell the Superb Injuncted Vehicles belonging to it. See ECF Docket Entry 172 at 14-15, 18.

The circumstances here are no different; in fact, they are precisely the same. As a result, Team and Team Mitsubishi-Hartford should be permitted to sell the Superb Injuncted Vehicles they own under the same conditions as those set for Superb.

The only reason this Court previously denied this request was because the Deo Defendants did not have counsel. See ECF Docket Entry 272-1 at 27:8-11, 34:14-25. As of yesterday, counsel has appeared. See ECF Docket Entry 276.

The Superb Plaintiffs thus respectfully renew their motion to sell the remaining Superb Injunted Vehicles and place all proceeds in escrow. See ECF Docket Entry 172 at 15 ("Given the change in financial circumstances that has occurred—i.e., Superb's closure— Plaintiffs' request to sell the Superb vehicles (with the exception of the Isuzu flatbeds and the thirteen (13) vehicles that belong to third parties) and hold the funds in escrow for the remainder of these proceedings is granted. Plaintiff shall account to the Court as to the sales when made. Plaintiffs shall further file proof of the monies in escrow immediately following the sale of each of the vehicles"). The Deo Defendants have no basis to oppose this motion; in fact, they have consented to it. See ECF Docket Entry 272-1 at 13:20-14:1 ("And the other alternative in addition to taking 24 them and preserving the cars is he's happy to take the 25 cars and sell them and put any proceeds into escrow. We're happy to do that as well").[2]

**B.      This Court Should Grant Leave to Move the Superb Injuncted Vehicles**

As set forth in the accompanying Declaration of Robert Anthony Urrutia, the Superb Plaintiffs can no longer store the vehicles on any Urrutia Cross-Collateralized Dealership lot. Accordingly, sufficient good cause exists as envisioned by Judge Merchant's Order to permit the Superb Plaintiffs to move the Superb Injuncted Vehicles pending this case.

Indeed, Judge Merchant specifically foresaw that circumstances may warrant that the parties be permitted to move the injuncted vehicles and expressly provided a mechanism by which to do so.

---

[2] This Court should therefore consider requiring that the Deo Injuncted Vehicles be sold and placed into escrow as well. The vehicles have been injuncted since September 29, 2023, a period of 601 days or one year, seven months, and twenty-three (23) days. Every day the vehicles go unsold, they are depreciating in value. This Court has repeatedly held and stated that the purpose of the Injunction is to preserve the assets. See ECF Docket Entry 272-1 at 11:17-18 ("That's the whole purpose of the injunction is to preserve the assets"). However, by permitting the Injunction to languish any further, the purposes of the Injunction is not served. It is nigh time to permit a sale.

6

In this case, because the Superb Injuncted Vehicles may no longer be stored at the Hartford lot, this Court should grant the Superb Plaintiffs leave to store the vehicles at the Bristol Lot. The details concerning same may be found in the accompanying declaration of Urrutia. Indeed, under similar circumstances, this Court permitted the Deo Defendants to move the Deo Injuncted Vehicles to another lot. See ECF Docket Entry 215 at 3.

## CONCLUSION

For the foregoing reasons, the Superb Plaintiffs' Order to show cause to modify the Injunction must be granted.

Dated: Jamaica, New York
       May 22, 2025                       Respectfully submitted,

**SAGE LEGAL LLC**
  /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanual@sagelegal.com

*Attorneys for Plaintiffs
Superb Motors Inc.,
Team Auto Sales LLC, and
Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

7