UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                              Plaintiffs,

       -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

                              Defendants.
-------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**DECLARATION OF ROBERT ANTHONY URRUTIA IN SUPPORT OF SUBERB PLAINTIFFS' ORDER TO SHOW CAUSE TO MODIFY <u>PRELIMINARY INJUNCTION</u>**

      Robert Anthony Urrutia declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

**Background**

1. I am the majority shareholder and President of Superb Motors Inc. ("Superb") and the sole member of Team Auto Sales LLC ("Team").

2. Superb, Team, and I (the "Superb Plaintiffs") consist of one group of Plaintiffs in this case.

3. I was also the owner of Volkswagen of Freehold in New Jersey, Team Mitsubishi-Hartford in Connecticut, and Team Nissan of Pittsfield, Massachusetts (the "Cross-Collateralized Dealerships").

4. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of documents I maintain at Superb and Team in addition to information I have learned from employees, customers, vendors, and other third parties concerning the Defendants and their conduct.

5. I respectfully submit this declaration in support of the instant Order to show cause to modify the preliminary injunction entered by the Hon. Orelia E. Merchant, U.S.D.J. ("Judge Merchant") on September 29, 2023 (hereinafter the "Injunction").[1]

**All the Cross-Collateralized Dealerships Have Shut Down, Warranting Modification**

6. As this Court may recall from my prior declarations, due to Deo's conduct, I have been forced to shut down all four of my dealerships.

7. Currently, the Superb Injuncted Vehicles are being stored at the lot of Team Mitsubishi-Hartford in Hartford, Connecticut.

8. The landlord of the property for the dealership has sold the property.

---

[1] See ECF Docket Entry 55.

9. As a result of the sale, I have been asked to move the Superb Injuncted Vehicles off the property in order for the landlord to close on the sale.

10. Although the landlord previously set a deadline of May 9, 2025 for the Superb Injuncted Vehicles to be removed, after discussing the circumstances following the conference this Court held on May 9, 2025, I am advised that the sale of the property is not scheduled to proceed until in or about mid-June.

11. The Injunction requires me to keep the Superb Injuncted Vehicles on any Cross-Collateralized Urrutia Dealership lot.

12. However, I no longer have access to any of those lots, and the Superb Injuncted Vehicles remain on Team Mitsubishi's lot solely due to my fizzling good will with the landlord there.

13. The Injunction expressly permits me to seek leave to move the Superb Injuncted Vehicles from a Cross-Collateralized Urrutia Dealership lot for good cause. See ECF Docket Entry 55 at 30 ¶ 6 ("No injuncted vehicle may be removed from the appointed lot absent this Court's Order. a. In the event an injuncted vehicle must be moved from its lot due to emergency or any other good cause, the current possessor must inform the Court prior to the removal in writing on the docket and explain any good cause for the movement of the vehicle. The same writing must be electronically served on the other party").

14. Should the Superb Plaintiffs be unable to remove the Superb Injuncted Vehicles from that lot, they would be forced to defend litigation brought by the landlord and face contempt sanctions.

15. I am a personal guarantor under the lease Team Mitsubishi-Hartford has with the landlord and would therefore stand to suffer a great deal if I do not obtain relief.

16. Based on the foregoing, it is my understanding that there is sufficient good cause for the Superb Injuncted Vehicles to be moved.

17. I have reached an agreement with the landlord at 9 Barber Street, Bristol, CT 06010-7027 (the "Bristol Lot"), which is less than fifteen (15) miles away from the Team Mitsubishi lot.

18. I have permission to store the vehicles there as of tomorrow, and the agreement between the Superb Plaintiffs and the landlord of the Bristol Lot has been finalized.

19. The Bristol Lot is open air lot that is fenced, and is not surrounded by neighboring tenants and their licensees.

20. As such, unlike the Deo lot, the Superb Injuncted Vehicles will not subjected to any risk of loss with passersby.

21. Further, the cost of moving the Superb Injuncted Vehicles will be substantially less than the five figure sums it will cost to move them from Hartford, CT to Hicksville, NY.

22. I have repeatedly informed this Court that I simply do not have these funds to pay for the transportation of the Superb Injuncted Vehicles.

23. Denying the Superb Plaintiffs' instant Order to show cause would cause the Injunction to serve as a tool of oppression because I would be subject to contempt sanctions for failing to deliver vehicles that I cannot afford to move.

24. In light of the foregoing, I respectfully request that this Court permit me to relocate the Superb Injuncted Vehicles to the Bristol Lot, where they will be safer.

**The Court Should Permit Team to Sell the Superb Injuncted Vehicles**

25. For the reasons stated in the Superb Plaintiffs' memorandum of law in support, Superb should be able to sell all of the vehicles recovered on September 15, 2023.

26. As set forth above, on September 15, 2023, the Superb Plaintiffs recovered from the Deo Defendants two (2) Isuzu flatbed trucks.

27. Those vehicles are titled to Team Imports, LLC d/b/a Team Mitsubishi Hartford and do not belong to Superb.

28. Thus, the injunction against selling the two (2) Isuzu flatbed trucks should be lifted.

29. In addition, thirteen (13) of the twenty-eight (28) vehicles recovered belong to Team, not Superb.

30. Both Team-Mitsubishi Hartford and Team have closed and shut down operations.

31. This Court previously permitted Superb to sell the Superb Injuncted Vehicles because Superb had closed and shut down operations. See ECF Docket Entry 172 at 14-15, 18.

32. Given that Team-Mitsubishi Hartford and Team are in the same position as Superb, this Court should modify the Injunction in the same manner.

33. I respectfully request that this Court grant the relief requested herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 22, 2025.

Robert Anthony Urrutia (May 22, 2025 16:31 MDT)
Robert Anthony Urrutia