# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112　　　Admitted:
Wantagh, New York  11793　　　Massachusetts
Tel. 516-557-5459　　　New York
hrtatty@verizon.net

May 23, 2025

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

　　　Re:　*Superb Motors, Inc., et al. v. Anthony Deo, et al.*
　　　　　Case No. 2:23-cv-6188 (JW)

Your Honor:

　　　I am writing as a *pro se* Deo Defendant to Move that all Plaintiffs subject to the Injunction (*at* ECF No. 55) for the thirty (30) automobiles purportedly in the possession, custody and control of the Superb Plaintiffs be held in Contempt of this Court's Orders (issued on May 9, 2025; May 21, 2025; and May 22, 2025, along with the underlying Injunction itself as set forth at ECF No. 55) regarding 1) the failures associated with the delivery of the thirty (30) automobiles to the lot operated by Anthony Deo; and 2) the wrongful encumbrances set forth *at* page 9 in this Court's Order dated May 20, 2025, denying, *inter alia,* Nissan's intervention.  Please be advised, as follows:

1. On May 9, 2025, on May 21, 2025, and May 22, 2025, this Court issued Orders regarding the delivery of thirty (30) injuncted automobiles from the Superb Plaintiffs to the lot operated by Anthony Deo in Hicksville, New York.  In sum and substance, this Court Ordered the thirty (30) injuncted automobiles to be delivered to Deo's lot by 6:00 p.m. on May 23, 2025, along with the keys and title to each automobile.  The Court also requested the parties to "coordinate" the transfer of the cars, keys and titles.

2. As of the writing of this correspondence, the Superb Plaintiffs are in violation of this Order as follows:  1) no cars were transferred; 2) no keys were transferred; 3) no titles were transferred; 4) we now know through the Nissan letter submitted to this Court immediately *after* the May 23 court hearing that it was not possible to transfer all of the cars, as two or more have been sold and/or disappeared, facts which the Superb Plaintiffs and their counsel knew or should have known yet failed to reveal to this Court; and 5) there was no attempt by the Plaintiffs or their counsel to live up to the spirit and intent of this Court's orders at issue, as there was no attempt to coordinate the transfer, and it appears in all respects that the Plaintiffs and their counsel never intended to make the transfer.  At this time, the location of the vehicles and whether or not they are insured and protected as intended by the injunction at issue are quite simply unknown to everyone except one or more of the Plaintiffs and their counsel.

3. On May 20, 2025, in an Order denying Nissan's application to intervene in the instant action, this Court found in relevant part that:

   "…the Injuncted Superb Vehicles 'are to Remain at or otherwise be returned to a Cross-Collateralized Urrutia Dealership Lots.' [*sic*] "Remain" was defined as the subject injuncted vehicles: …b) may not be sold, transferred, gifted, disposed, destroyed, or **otherwise encumbered;** [*sic.*] c) may not otherwise change legal or equitable title except as ordered by another court of competent jurisdiction; d) may not be driven or otherwise used or maintained on the lot in such a way that would damage the resale value of the vehicle." The Court thereafter concluded that "…the most recent Surrender Agreement demonstrates an additional encumbrance by agreeing to grant possession to Nissan without this Court's approval. As such, Plaintiffs are in violation of the Injunction." *See* this Court's May 20 2025 Order *at* page 9, citing ECF No. 55.

4. Your Honor, it is entirely wrong that the Superb Plaintiffs are running roughshod over 1) the Deo Defendants against whom (including me) the Superb Plaintiffs sought the injunction; 2) the injunction/law itself; and 3) the Court by blatantly violating this Court's multiple Orders. And as this Court is well aware, the Superb Plaintiffs have already been found in Contempt of this Court's Orders two (2) times previously.

## **REQUESTED RELIEF**

Accordingly, I ask for the following relief to be Ordered by the Court:

1. Find the Superb Plaintiffs in Contempt of this Court's Orders as set forth herein;
2. Order an immediate evidentiary hearing with all Plaintiffs and their attorneys present so that undersigned may question any and all Plaintiffs and their attorneys regarding their knowledge of Superb's contemptuous conduct set forth herein, and to establish the proper damages for the Contempt finding, including, but not limited to, all attorney fees, costs, interest, and proper security Ordered against the Plaintiffs as is proper and just;
3. After the Contempt hearing, that this Court default the Superb Plaintiffs for the within failures and contemptuous conduct; and
4. Order such other and further relief as this Court deems necessary and just.

Respectfully submitted, I remain,

               Very truly yours,

               *Harry R. Thomasson*

               Harry R. Thomasson, Esq.