FILED
CLERK
5/28/2025 11:37 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-------------------------------X  Docket#
SUPERB MOTORS, INC. et al.,     : 23-cv-06188-JMW
                                :
            Plaintiffs,         :
                                :
   - versus -                   : U.S. Courthouse
                                : Central Islip, New York
DEO et al.,                     :
                                : May 23, 2025
            Defendants          : 12:36 p.m.
-------------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE JAMES M. WICKS
UNITED STATES MAGISTRATE JUDGE

**A    P    P    E    A    R    A    N    C    E    S:**
**(VIA VIDEO/AUDIO)**

<u>For the Plaintiff:</u>        **Emanuel Kataev, Esq.**
                              Sage Legal LLC
                              18211 Jamaica Avenue
                              Jamaica, NY 114232327


<u>For the Defendants</u>:       **Jeffrey Benjamin, Esq.**
                              The Linden Law Group, PC
                              250 Park Avenue, 7th Floor
                              New York, NY 10177

                              **Harry R. Thomasson, Jr., pro se**
                              3280 Sunrise Highway, Box 112
                              Wantagh, NY 11793

                              **Anthony Deo, pro se**


<u>Transcription Service</u>:    Transcriptions Plus II, Inc.
                              61 Beatrice Avenue
                              West Islip, New York 11795
                              RL.Transcriptions2@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1    THE COURT: Good afternoon, everyone. Jim, can
2 you call the case, please?
3    THE CLERK: Yes, Judge. Civil Cause for an
4 Order to Show Cause in Civil 23-6188, *Superb Motors, Inc.*
5 *et al. v. Deo et al.*
6    Counsel, please state -- will the parties
7 please state their appearances starting with plaintiff's
8 counsel?
9    MR. KATAEV: Good afternoon, everyone. Emanuel
10 Kataev of Sage Legal LLC for the plaintiffs Superb
11 Motors, Inc., Team Auto Sales LLC, and Robert Anthony
12 Urrutia.
13    THE COURT: Good afternoon, Mr. Kataev.
14    MR. BENJAMIN: Good afternoon, your Honor.
15 It's Jeff Benjamin from the Linden Law Group for the Deo
16 defendants and Gold Coast defendants.
17    THE COURT: Good afternoon, Mr. Benjamin, and
18 welcome.
19    MR. BENJAMIN: Well thank you. Thank you much.
20    MR. THOMASSON: Harry Thomasson, 3280 Sunrise
21 Highway, Box 112, Wantagh, New York. I am pro se, your
22 Honor.
23    THE COURT: And good afternoon, Mr. Thomasson.
24    MR. THOMASSON: Good afternoon, your Honor.
25    THE COURT: And also on it looks like Anthony

Proceedings 3

1 and Sarah Deo. Is that correct?
2        MS. DEO: Yes, sir.
3        MR. DEO: Yes, your Honor.
4        THE COURT: Okay. All right. So I called this
5 conference in response to the filing by the plaintiff's
6 lawyer, Mr. Kataev, at a little bit before 7 last night.
7 It was an order to show cause filed at ECF 280, 281, 282.
8 Mr. Thomasson opposed it at 283. So I set this up for a
9 hearing.
10        Now, just to set the stage, on April 29th a
11 motion was filed by Superb at ECF 256 to modify the
12 injunction which has been modified in the past.
13        On May 9th we had a hearing and in fact it was
14 modified. That was granted in part, denied in part, and
15 it was a modification to the injunction.
16        On the 20th of May Superb filed a motion for
17 reconsideration. That's at ECF 271. That was denied by
18 electronic order posted on May 21st.
19        And now the latest is another, it's a second
20 motion for reconsideration filed as an emergency motion
21 to permit the sale.
22        What's the emergency, Mr. Kataev?
23        MR. KATAEV: Judge, I want to address the fact
24 that you referred to this as a motion for
25 reconsideration. It is not. It's an order to show

```
                           Proceedings                        4
 1  cause, a renewed motion to --
 2           THE COURT:  If it sounds like a duck, walks
 3  like a duck, it is a duck.
 4           MR. KATAEV:  Okay.  Fair enough.  The
 5  emergency, your Honor --
 6           THE COURT:  Are you not looking to change the
 7  terms of the injunction?
 8           MR. KATAEV:  Yes, your Honor.
 9           THE COURT:  Okay.
10           MR. KATAEV:  And the emergency is that we have
11  a court order to deliver vehicles today that my client --
12           THE COURT:  Yes.
13           MR. KATAEV:  -- is incapable of doing.
14           THE COURT:  That's been in place for weeks.
15           MR. KATAEV:  For two weeks, your Honor, just
16  about.
17           THE COURT:  Correct.  And that's how much time
18  you told me you needed to do that.
19           MR. KATAEV:  My client can't do it, your Honor.
20  Can't afford to do it.  There's just no way.  It's going
21  to cost over $12,000 to do it.
22           THE COURT:  Okay.  So where's the irreparable
23  harm?  And that's when I look at, irreparable harm.
24  Right?  This is an application in effect for an
25  injunction.  Where's the irreparable harm?  You just
```

5

Proceedings

1 talked about money damages.
2     MR. KATAEV: So the irreparable harm is my
3 client stands to be held in contempt by this Court for
4 his failure and inability --
5     THE COURT: That's not irreparable harm. You
6 got a case that says the fact that someone knows they're
7 not going to comply with a court order that that is
8 irreparable harm? You got a case for that?
9     MR. KATAEV: Judge, this case is punctuated by
10 irreparable harm. Four dealerships have been shut down.
11 The irreparable --
12     THE COURT: Okay. Let's focus on your
13 application that you filed last night. Where's the
14 irreparable harm?
15     MR. KATAEV: Judge, this Court already issued
16 an order permitting the sale of vehicles because the
17 dealership shut down.
18     THE COURT: You were directed two weeks ago to
19 make arrangements to get these vehicles in the lot in
20 Hicksville by 6 p.m. tonight. I get the application
21 almost 7 o'clock last night.
22     Now, my rules require two days ahead of time
23 for adjournments, extensions, things like that. And the
24 reason is when you post that, I don't see it until first
25 thing in the morning. Okay? You're lucky I was able to

Proceedings

6

1  squeeze you in.  I have oral arguments later not long
2  after this, but we were able to squeeze you in at lunch
3  time.  Now, I'm happy to do that, but you've got to
4  establish irreparable harm because I'm going to act on
5  this today because you asked me to and I'm going to.
6  Where's the irreparable harm?
7           MR. KATAEV:  The irreparable harm is the
8  vehicles will continue to lose their value, that --
9           THE COURT:  Okay.  Pause.  That's money
10 damages.  Where's the irreparable harm?
11          MR. KATAEV:  Judge, the irreparable harm
12 already occurred.  Four dealerships shut down as a result
13 of this injunction.
14          THE COURT:  And isn't that compensable by money
15 damages if you win this case?
16          MR. KATAEV:  The problem is the vehicles have
17 to be moved now.
18          THE COURT:  No, no, no, you're not listening to
19 me.  I want to hear the irreparable harm.  Is there none?
20 Is it just a money damages case at this point?
21          MR. KATAEV:  Well, I don't know that it's just
22 a money damages case at this point.  There is injunctive
23 relief requested in the complaint.  What I know is he
24 can't physically do it.  And so if he --
25          THE COURT:  Why can't he physically do it?

7

Proceedings

1  This was directed over two weeks ago.
2              MR. KATAEV:  The reason why --
3              THE COURT:  Two weeks ago this was directed.
4              MR. KATAEV:  The reason why he can't do it,
5  your Honor, is because it's going to cost over $12,000 to
6  move these vehicles.  He doesn't have the funds to do it.
7  There's no --
8              THE COURT:  Okay.  And then so that's whose
9  problem?
10             MR. KATAEV:  That's my client's problem.
11             THE COURT:  Okay.  And you want, just so I
12 understand what the application is for, you're seeking
13 this injunction because it will cause him monetary harm
14 to move the cars?
15             MR. KATAEV:  No.
16             THE COURT:  If you told me you've checked out
17 the Deo lot and it's not secure enough or, you know,
18 there was a collapse in the parking lot that would
19 endanger these vehicles -- that's not what I'm hearing.
20             MR. KATAEV:  Well Judge --
21             THE COURT:  You're telling me the night
22 before -- you're telling me the day that these vehicles
23 have to be delivered that your client now can't afford
24 the $12,000 to move these vehicles that they were ordered
25 to move on May 9th.

Proceedings

8

1  MR. KATAEV: Judge, that issue that you just
2  raised as an example is raised in the papers. The
3  Bristol lot that we have a signed agreement, a storage
4  agreement for, is fenced off and gated. There are no
5  people that can be driving within that gated fence off
6  lot --
7  THE COURT: These were directed to be placed in
8  the Deo lot in Hicksville, not the Bristol lot. In fact,
9  on May 9th I asked you if you had any alternatives. You
10  didn't have any.
11  MR. KATAEV: I didn't at that time. We now
12  have an alternative.
13  THE COURT: Okay. Okay. Well, it's too late.
14  It's too late. It's too late. I'm not modifying, I'm
15  not signing this order to show cause and I'm denying any
16  application for relief. You have failed to establish
17  irreparable harm other than money damages. And your
18  argument that he can't comply, therefore he should be
19  relieved is no argument.
20  Anything else, Mr. Kataev?
21  MR. KATAEV: I don't know what to do, your
22  Honor. He can't move them so what's going to happen is
23  my client is going to be held in contempt for something
24  that --
25  THE COURT: That is correct, that is correct.

9

Proceedings

1   MR. KATAEV: And this injunction is being used
2   as a tool of oppression against him when it was designed
3   to protect this dealership. So I'm not sure where to go
4   from here, your Honor, but I'm going to have to speak to
5   him about it and see what we can do.
6   THE COURT: You're going to have to tell them
7   they've got a court order they're going to have to comply
8   with which is what was in place as of May 9th.
9   MR. KATAEV: Judge, it just makes no sense to
10  move these cars three states over from Connecticut to
11  Hicksville when they can be moved --
12  THE COURT: You lost that argument on May 9th.
13  And now here you are the morning that they're to be moved
14  telling me it makes no sense. Well, a little bit late.
15  MR. KATAEV: I respectfully disagree, your
16  Honor. I don't think it's too late.
17  THE COURT: I'm sure you do and I understand
18  the position you're in but you haven't established
19  irreparable harm and that's what I have to look at. If
20  it's compensable my money damages, then by definition
21  it's not irreparable harm. The fact that this is going
22  to cost your client, you knew May 9th it was going to
23  cost your client to move these cars.
24  MR. KATAEV: We didn't know on May 9th that you
25  would order them to be moved three states over at a cost

10
Proceedings

1 of over $12,000.
2     THE COURT: You knew when you walked out of
3 this courtroom. You knew that day when you walked out of
4 this courtroom I ordered them to go to the Deo lots. You
5 knew that.
6     MR. KATAEV: All I could ask for then if we're
7 required to have them moved at least to have the Deo
8 defendants to pay for it and then have my client
9 reimbursed over time because he doesn't have the funds to
10 do it. He can't comply with this order. He physically
11 is incapable of doing it. I haven't been paid in six
12 months so --
13     THE COURT: I sympathize having been in private
14 practice for many years, but it's the chart, you've
15 charted the course here. And these are at your lot
16 because of the injunction to begin with. And then you've
17 lost the ability to keep them at the lot. You know, you
18 have charted the course here.
19     MR. KATAEV: We lost --
20     THE COURT: Unless there's an agreement, and
21 I'll hear from Mr. Benjamin, Mr. Thomasson, unless
22 there's some agreement to keep these in Hartford at least
23 in the interim, we'll see.
24     MR. KATAEV: Judge, may I address two points?
25     One, I have attempted to secure an agreement

11

Proceedings

1   directly with them.  They refused to do so.  This is
2   (indiscernible).
3          THE COURT:  Okay.  That's why I have the call
4   set for 12:30 today.  Okay.
5          MR. KATAEV:  And then second, how does the
6   Court reconcile its prior decision permitting the sale
7   where the dealership shut down with the fact that these
8   two dealerships now that own these vehicles have shut
9   down --
10         THE COURT:  Mr. Kataev, you self-create
11  emergencies.  You realize that.  I look at this docket.
12  You have self-created emergencies.  And here you file
13  this thing 7 o'clock.  You're telling me this couldn't
14  have been filed earlier in the week and we couldn't have
15  had everyone in here and try to come to some resolution?
16         So no, I'm treating it like you filed it.  It's
17  an emergency application.  You have failed to establish,
18  I'll say it again, irreparable harm let alone likelihood
19  of success, but you have failed to establish irreparable
20  harm and that's fatal in this application.  So I don't
21  know what to say other than that.
22         Mr. Thomasson, do you want to weigh in on this?
23  Is there --
24         MR. THOMASSON:  I would just --
25         THE COURT:  Go ahead.

```
                                                              12
                         Proceedings
```

1        MR. THOMASSON:  I would just say the following,
2   your Honor.  Number one, it's their injunction, their
3   injunction that they want to modify.
4        THE COURT:  Yes.
5        MR. THOMASSON:  They're saying that the
6   injunction that they asked this Court for is too hard for
7   them.  They asked for it.
8        Number two, they already lost the argument that
9   the Deos should pay for this.  They already lost that
10  argument.
11       THE COURT:  Yes.
12       MR. THOMASSON:  There's nothing new that's come
13  up regarding that.
14       THE COURT:  Yes.
15       MR. THOMASSON:  Number three, how can they
16  afford insurance, storage, and security on these cars if
17  they can't afford to move them?
18       And I would add you had other arguments that I
19  was going to bring up, Judge.  You already did.  I won't
20  repeat that.  I'll just say there's clearly no
21  irreparable harm.  There's also clearly no emergency.
22  They've had plenty of time.  And when I tried to speak
23  with Mr. Kataev about this in emails yesterday, he
24  wouldn't even speak to me.  It's not right.  We were told
25  by this Court to coordinate this delivery.  And when I

Proceedings

13

1  tried to do so, he wouldn't even talk to me.  I don't
2  think there's a shred of good faith here, your Honor.
3  None.
4           MR. KATAEV:  Judge, why are we permitting a
5  disqualified attorney for arguing on behalf of the Deo
6  defendants?  Who's Mr. Benjamin and why isn't he arguing
7  this?
8           THE COURT:  He's arguing on behalf of himself
9  and I'm going to hear from Mr. Benjamin.  He can argue on
10 behalf of himself.  He's here pro se.  Right, Mr.
11 Thomasson?
12          MR. THOMASSON:  That's correct, your Honor.  I
13 think I get to say almost anything I want.
14          THE COURT:  Well, not almost anything.
15          MR. THOMASSON:  If it's not --
16          THE COURT:  There are some limits.  But so far
17 you've been within the bounds.
18          Let me hear from Mr. Benjamin.
19          MR. THOMASSON:  I think so.  Thank you.
20          MR. BENJAMIN:  Yes, your Honor.  I mean the Deo
21 defendants, they're not settling this.  This is just -- I
22 just joined, you know, just joined the case now.
23          THE COURT:  I know.
24          MR. BENJAMIN:  But there's no real difference
25 in argument here.  I mean Mr. Kataev -- we've already

Transcriptions Plus II, Inc.

```
                                                          14
                         Proceedings
```

1 told Mr. Kataev that we're not settling. They knew about
2 this I think arguably before May 9th if I'm not mistaken.
3 The cost, the $12,000 cost of this comes up now, you
4 know, the eve before compliance? It's just all bad faith
5 as far as I can tell at this early stage in review of
6 this. And I just, you know, we're here just -- I have
7 nothing further to contribute other than what Mr.
8 Thomasson said and with what you said, your Honor.
9         THE COURT: Okay. Anything else, Mr. Kataev?
10         MR. KATAEV: My client reserves all rights.
11 I'll speak to him. I'll see what we can do.
12         THE COURT: I'm sorry?
13         MR. KATAEV: Forgive me. The Superb plaintiffs
14 reserve all rights. I'll speak to him and I'll see what
15 I can do.
16         THE COURT: You always have your rights
17 reserved.
18         Okay. I'm going to deny the application and
19 those vehicles are -- the order as modified on May 9th
20 remains in effect and that is the vehicles must be
21 delivered with keys, with titles by 6 p.m. tonight to the
22 Deo Hicksville lot. All right?
23         Anything further while we're on that we need to
24 address, Mr. Kataev --
25         MR. KATAEV: Just to confirm --

```
                                                                    15
                            Proceedings
 1           THE COURT:  -- other than this motion?
 2           MR. KATAEV:  Just to confirm, may the vehicles
 3   be sold?
 4           THE COURT:  Whatever the injunction has in
 5   place remains in place.  There's been no change.
 6           MR. KATAEV:  Okay.  So some vehicles may be
 7   sold but others may not.
 8           THE COURT:  Anything else, Mr. Thomasson?
 9           MR. THOMASSON:  I have nothing further, your
10   Honor.
11           THE COURT: All right.  And Mr. Benjamin?
12           MR. BENJAMIN:  No.  Thank you, Judge.  Thank
13   you.
14           THE COURT:  All right.  Thank you all for
15   getting on on such short notice and hope all have a nice
16   weekend.  Take care.  I'll post this later today.
17           ALL:  Thank you.
18                       (Matter concluded)
19                            -oOo-
20
21
22
23
24
25
```

16

**C E R T I F I C A T E**

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **27th** day of **May**, 2025.

*Mary Greco*

Transcriptions Plus II, Inc.