# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

<u>**VIA ECF**</u>                                                                                                   May 30, 2025
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

>          *Re:*      **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
>                     <u>**Case No.: 2:23-cv-6188 (JMW)**</u>

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.

The Superb Plaintiffs submit this letter to: (i) inform the Court of its compliance with the Orders dated May 22, 2025 (ECF Docket Entries 278 and 279); (ii) inform the Court of the sale of twelve (12) vehicles as expressly permitted by this Court's May 8, 2024 Order (ECF Docket Entry 172); (iii) oppose the Deo Defendants' deficient letter motions for contempt (ECF Docket Entries 288 and 289); and (iv) request that this Court reconsider its findings of contempt as to one particular finding as well as its denial of the Superb Plaintiffs' request to sell all the injuncted vehicles with all proceeds placed in escrow.

## <u>The Superb Plaintiffs have Complied with this Court's Contempt Orders</u>

First, the Superb Plaintiffs respectfully report that payment to non-party Nissan Motor Acceptance Company LLC d/b/a NMAC (hereinafter "Nissan") was made on Friday, May 30, 2025 in the amount of $13,995.00.  <u>See</u> copy of proof of payment annexed hereto as **Exhibit "A."**

Second, the Superb Plaintiffs further report that payment to the Deo Defendants was made on Wednesday, May 29, 2025 in the amount of $1,000.00.  <u>See</u> copy of proof of payment annexed hereto as **Exhibit "B."**

Third, the Superb Plaintiffs hereby provide odometer readings of the two (2) Isuzu trucks as required by this Court's Order.  <u>See</u> copy of odometer readings annexed hereto as **Exhibit "C."** However, and for good cause, the Superb Plaintiffs are unable to provide an odometer reading for the 2016 Ford F150 bearing Vehicle Identification Number ("VIN") 1FTEW1EF1GFB67420 (hereinafter the "2016 F150").  This is because, as disclosed on March 22, 2024, the 2016 F150 was repossessed by Lendbuzz Funding LLC ("Lendbuzz").  <u>See</u> ECF Docket Entry 157-1 at ¶ 74 n. 9 ("For example, one Injuncted Superb Vehicle bearing VIN No.: 1FTEW1EF1GFB67420 was recently repossessed by a repo company because the Deo Defendants never paid the outstanding lien on it, which they obtained as a trade-in"); <u>see also</u> Declaration of Robert Anthony Urrutia ("<u>Urrutia Decl.</u>") ¶¶ 83-91 (explaining the history of the 2016 F150 and how Deo's fraudulent conduct has caused problems for Superb, its customers, and Urrutia personally).

In light of the foregoing, and as further addressed *infra*, this Court should reconsider its finding of contempt as to the Superb Plaintiffs' failure to provide an odometer reading for the 2016 F150. The Superb Plaintiffs apologize for not sooner providing an odometer reading for the two (2) Isuzu trucks, and respectfully submit that this failure has now been cured. Further, Urrutia did send your undersigned photographs of the odometer readings for the two (2) Isuzu trucks on February 24, 2025, but I regrettably failed to submit proof of same in what amounts to an oversight. See Urrutia Decl. ¶¶ 78-81.

## The Superb Plaintiffs Provide Notice of Sale in Accordance with May 8, 2024 Order

Next, and as expressly permitted by this Court,[1] Superb hereby provides notice of sale of the following vehicles as of May 29, 2025: (i) 1FDWX37R38ED27725 2008 Ford; (ii) 1C4RDHDG7JC438967 2018 DODGE; (iii) WBXHT3C59K5L90009 2019 BMW; (iv) ZARFAEDN3J7575105 2018 ALPHA; (v) 5UXWX9C50H0T04666 2017 BMW; (vi) 1FATP8UH1K5152260 2019 FORD; (vii) 2C3CDXHG6MH531592 2021 DODGE; (viii) 2C3CDXHG1MH505823 2021 DODGE; (ix) ZN661XUAXHX252844 2017 MASERATI; (x) SALWR2RV8JA189351 2018 LAND ROVER; (xi) WBXHT3C57K5L90705 2019 BMW; and (xii) WDBUF56X99B373460 2009 Mercedes. See ECF Docket Entry 172 ("Plaintiffs' request to sell the Superb vehicles (with the exception of the Isuzu flatbeds and the thirteen (13) vehicles that belong to third parties) and hold the funds in escrow for the remainder of these proceedings is granted. Plaintiff shall account to the Court as to the sales when made. Plaintiffs shall further file proof of the monies in escrow immediately following the sale of each of the vehicles").

The Superb Plaintiffs shall file a separate letter confirming with the Court once the proceeds of $110,000.00 for the foregoing vehicles are placed in escrow in accordance with the May 8, 2024 Order. Further, the Superb Plaintiffs respectfully request leave of the Court to place the funds in a separate interest-bearing account owned by Sage Legal LLC in which it will not be commingled with any other funds.

## The Deo Defendants' Latest Contempt Motions Should be Denied

The Superb Plaintiffs respectfully oppose the Deo Defendants' latest letter motion for contempt. As an initial matter, the Deo Defendants' motion must be denied on procedural grounds.

*First*, the Deo Defendants improperly filed their motion for contempt by letter, when both the Local Civil Rules ("LCR") and this Court's Individual Practice Rules require such motions to be made by notice of motion with a memorandum of law in support. See LCR 7.1; see also ¶ 3(A) of the Individual Rules ("Any motion seeking … other non-dispositive relief … shall be made in accordance with Rule [3(C)] … *and not be letter motion* …") (emphasis added). Similarly, LCR 83.6 requires motions for contempt to be "commenced by the service of a notice of motion or order to show cause." This was not done here, nor did the Deo Defendant seek leave to move by letter motion. Moreover, in a related case, this Court has repeatedly denied such letter motions for failure

---

[1] This Court also confirmed at the May 23, 2025 virtual conference that all prior Orders modifying the injunction remain in effect, which includes the May 8, 2024 Order. See copy of transcript annexed hereto as **Exhibit "D"** at 14:23-15:7.

to comply with the LCR.  See, e.g., Deo, *et al.* v. Baron, *et al.*, No.: 2:24-cv-6903 (NJC) (JMW), Text Only Order dated November 1, 2024 ("ORDER denying [22] Motion to Consolidate Cases; denying [22] Motion for Sanctions *without prejudice and with leave to renew*, following resolution of the anticipated motions to dismiss in this") (emphasis in original) and November 18, 2024 ("ORDER denying [36] Motion to Disqualify Counsel, *without prejudice and with leave to renew*. … To the extent Plaintiffs seek relief from the Court … they are directed to make a formal motion … in accordance with the … Individual Practice Rules …The parties are cautioned to refrain from making varied, sweeping requests for relief from the Court via letter motion") (emphasis in original).

*Second*, the movant seeking contempt must submit an affidavit upon which such notice of motion or order to show cause is based setting out the damages occasioned by the alleged contempt and such evidence as to the amount of damages as may be available to the moving party.  See LCR 83.6. The Deo Defendants have, once more, not done so.  As such, relief must be denied.

*Third*, given the Superb Plaintiffs' notice of appeal and emergency motion for a stay, it is respectfully submitted that a stay pending a determination by the Second Circuit of the emergency motion is warranted.  See Kreisberg v. Healthbridge Mgt., LLC, No. 3:12-CV-1299 (RNC), 2014 WL 12652479, at *4 (D. Conn. May 30, 2014) ("In view of the pending appeals of the Bankruptcy Court's recent decisions, however, as well as HealthBridge's expedited appeal of the contempt order, a stay of further proceedings in this Court is sensible and appropriate. Therefore, petitioner's motion for a stay is granted").  Much like it was in Kreisberg, a stay is similarly sensible and appropriate here, to afford the Second Circuit an opportunity to hear the Superb Plaintiffs' emergency motion for a stay on the merits prior to entertaining any deficient contempt motions filed by the Deo Defendants.

That said, the Superb Plaintiffs recognize that the existence of a pending appeal does not divest this Court of jurisdiction to enforce its judgments. See United States v. Pescatore, 637 F.3d 128, 144 (2d Cir. 2011) (stating "[i]t is 'a basic proposition that all orders and judgments of courts must be complied with promptly'" before elaborating "'[i]f a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, *absent a stay*, he must comply promptly with the order pending appeal'") (emphasis added).  To that end, in the event the Second Circuit denies the Superb Plaintiffs' emergency motion for a stay and expedited appeal, the Superb Plaintiffs respectfully seek an extension of time of two (2) weeks from the date of the Second Circuit's Order to arrange to have the remaining injuncted vehicles delivered to the Deo Defendants, unless this Court otherwise reconsiders its decision.

Moving to the merits of their motion, the Superb Plaintiffs address their points *seriatim*.

Defendant Harry R. Thomasson, Esq. ("Thomasson") argues that the Superb Plaintiffs are in contempt of this Court's Orders based on this Court's finding in its May 20, 2025 Order that the Superb Plaintiffs encumbered the injuncted vehicles by entering into the "Surrender Agreement." See ECF Docket Entry 270 at 9 (finding that "the most recent Surrender Agreement demonstrates an additional encumbrance by agreeing to grant possession to Nissan without this Court's approval").

The Superb Plaintiffs respectfully submit that the Court erred in making this determination.

The January 2025 Possession and Surrender Agreement expressly provides that:

> The Parties hereby agree that *nothing within this Possession and Surrender Agreement addresses, disposes of, or otherwise changes the legal status, possession, or location of the Enjoined Vehicles*. The Parties agree that NMAC and Obligors reserve all rights with respect to the Enjoined Vehicles, to be determined at a later date and *after either (a) the injunction has been lifted, or (b) another order from a court of competent jurisdiction directs disposition of the Enjoined Vehicles.*

See ECF Docket Entry 220-13 ¶ 4 (emphasis added).

The foregoing language readily demonstrates that the Superb Plaintiffs did not violate the Injunction by entering into the agreement, as the agreement relates to all other vehicles owned by the Superb Plaintiffs' Cross-Collateralized Dealerships, and expressly carved out any disposition, encumbrance, or removal of the injuncted vehicles. Id. Moreover, as set forth in Nissan's May 23, 2025 letter to this Court, two injuncted vehicles were sold by Nissan – not the Superb Plaintiffs. See ECF Docket Entry 287. The existence of the January 2025 Possession and Surrender Agreement is proof positive that the Superb Plaintiffs notified Nissan of the existence of the Injunction.

Further, the Superb Plaintiffs did not agree to permit Nissan nor Next Gear Capital Inc ("Next Gear") to remove the vehicles, nor did the Superb Plaintiffs agree to allow either of them to sell the vehicles. See Urrutia Decl. ¶¶ 63-77. Nissan and Next Gear just did so of their own accord while recovering possession of the remaining vehicles, which are not subject to the Injunction, that are owned by Urrutia's Cross-Collateralized Dealerships. Id. at ¶ 77.

The Second Circuit has held, in relation to contempt, that "it is not the act described which the decree may forbid, but only that act *when the defendant does it.*" See Havens v. James, 76 F.4th 103, 118–19 (2d Cir. 2023) (citing Alemite Mfg. Corp. v. Staff, 42 F.2d 832, 833 (2d Cir. 1930) (L. Hand, J.) (emphasis added). In other words, only a named party's actions may be enjoined, and it is therefore the named party who must be *the principal and moving force of the proscribed conduct*. See Lindland v. U.S. Wrestling Ass'n, Inc., 227 F.3d 1000, 1006 (7th Cir. 2000) (Easterbrook, J.) ("The 'active concert or participation' clause is designed to prevent what may well have happened here: the addressee of an injunction ... persuades a friendly third party to take steps that frustrate the injunction's effectiveness.") (emphasis added). But when the proscribed conduct is aiding and abetting a nonparty (which the Superb Plaintiffs did not do here), the named party cannot be the principal actor. See United States v. Williams, 341 U.S. 58, 64 (1951) ("Aiding and abetting means to assist the perpetrator of the crime."); Twitter, Inc. v. Taamneh, 598 U.S. 471, 503 (identifying "the essence of aiding and abetting: participation in another's wrongdoing that is both significant and culpable enough to justify attributing the principal wrongdoing to the aider and abettor"). Here, the Superb Plaintiffs played no role whatsoever in Nissan's and Next Gear's decision to sell four (4) injuncted vehicles. In fact, both Nissan and Next Gear unquestionably received actual notice of the injunction from the Superb Plaintiffs, establishing that the Superb Plaintiffs were not complicit.

4

The Superb Plaintiffs thus cannot be said to be guilty of aiding or abetting nor acting in concert with Nissan nor Next Gear, and the facts at hand readily demonstrate that this is so. First, Nissan is in active litigation against the Superb Plaintiffs and Urrutia's Cross-Collateralized Dealerships, undermining any notion of collusion between the parties. Second, both Nissan and Next Gear acted on their own without any assistance from the Superb Plaintiffs in taking the vehicles and then selling them. Accordingly, there can be no finding that the Superb Plaintiffs aided or abetted Nissan and Next Gear, nor that they acted in concert with Nissan and Next Gear. Indeed, as this Court is aware, Superb and the remaining Cross-Collateralized Dealerships have shut down, do not have these long-ago-closed dealerships staffed, and Urrutia resides outside of the United States. Accordingly, the Superb Plaintiffs cannot be held in contempt for the unilateral acts of Nissan and Next Gear. In any event, some of the vehicles were already permitted to be sold by this Court's May 8, 2024 Order.

The Deo Defendants' remaining arguments do not address the legal standard of a motion for contempt and thus need not be entertained.

## In Light of Facts Overlooked, Reconsideration of the Contempt

The Superb Plaintiffs respectfully seek reconsideration of this Court's contempt findings limited to the award of attorneys' fees in light of facts overlooked by the Court. A motion for reconsideration may be granted where the moving party shows that the court overlooked controlling law *or facts that, had they been considered, would have altered the disposition* of the underlying motion. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Gey Assoc. Gen. Partnership v 310 Assoc. (In re 310 Assoc.), 346 F3d 31, 35 (2d Cir. 2003). Reconsideration may also be "granted to *correct clear error*, *prevent manifest injustice*, …." See Mendez-Caton v. Carribean Family Health Center, 340 F.R.D. 60, 74 (E.D.N.Y. Jan. 28, 2022) (emphasis added). A contempt finding is a "potent weapon to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the [parties'] conduct." See Cohen v. Metro. Life Ins. Co., 334 Fed. Appx. 375, 378 (2d Cir. 2009) (citing King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)).

Here, because the Superb Plaintiffs: (i) respectfully submit that this Court overlooked the fact the Superb Plaintiffs previously reported to this Court that the 2016 F150 was repossessed in March 2024 such that they could not submit odometer readings by January 2025; and (ii) failed to submit odometer readings for the two (2) Isuzu trucks due to an oversight by your undersigned, reconsideration of an award of attorneys' fees for the failure to provide the odometer readings for the three (3) vehicles is warranted. Such a harsh sanction is hardly justifiable in light of these circumstances, and the imposition of fees would be manifestly unjust, as it would require Urrutia to do the impossible, i.e., obtain odometer readings for a vehicle that was repossessed through no fault of his own, but that of the parties seeking to impose sanctions on him. It is worthy to emphasize, in that regard, that the Deo Defendants came to this Court empty handed to provide any evidence of contempt making broad and sweeping assertions of alleged violations which this Court declined to find occurred. See ECF Docket Entry 279 at 8 ("Upon review of the supporting documents submitted by both parties, the Deo Defendants have not established by clear and convincing evidence that Plaintiffs violated the Injunction. … The three elements required for civil contempt as set forth in Schmidt have not all been met").

In light of the foregoing, the Superb Plaintiffs respectfully request that this Court reconsider its decision awarding attorneys' fees as a contempt sanction.

Further, because Team is a party to this case, and since Superb was found to have established irreparable harm due to its closure to permit the sale of the vehicles it owns, Team should similarly be found to have established irreparable harm due to its closure in March 2025 such that this Court should reconsider its May 23, 2025 denial of the Superb Plaintiffs' Order to show cause and permit the vehicles Team owns to similarly be sold.

The Superb Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
      May 30, 2025                 Respectfully submitted,

                                          **SAGE LEGAL LLC**

                                          By:   */s/ Emanuel Kataev, Esq.*
                                          Emanuel Kataev, Esq.
                                          18211 Jamaica Avenue
                                          Jamaica, NY 11423-2327
                                          (718) 412-2421 (office)
                                          (917) 807-7819 (cellular)
                                          (718) 489-4155 (facsimile)
                                          emanuel@sagelegal.nyc

                                          *Attorneys for Defendants*
                                          *Superb Motors Inc.*
                                          *Team Auto Sales LLC, &*
                                          *Robert Anthony Urrutia*

**<u>VIA ECF</u>**
All counsel of record