# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

<u>VIA ECF</u>                                                                                                 June 12, 2025
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

> *Re:*    **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
> <u>**Case No.: 2:23-cv-6188 (JMW)**</u>

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.

The Superb Plaintiffs respectfully submit this letter in opposition to the Deo Defendants' application for attorneys' fees.

## <u>Legal Standard</u>

In determining appropriate attorneys' fees, the district court calculates a "presumptively reasonable fee" by finding: (1) a reasonable hourly rate for the attorneys' work; and (2) a reasonable number of hours of work required by the case. <u>See Millea v. Metro-North R.R.</u>, 658 F.3d 154, 166-67 (2d Cir. 2011).

"[W]hether the calculation is referred to as the lodestar or the presumptively reasonable fee, courts will take into account case-specific factors to help determine the reasonableness of the hourly rates and the number of hours expended." <u>See</u> <u>Pinzon v. Paul Lent Mech. Sys.</u>, 2012 U.S. Dist. LEXIS 134122 (Aug. 21, 2012), adopted by 2012 U.S. Dist. LEXIS 134125 (E.D.N.Y.Sept.19,2012). These factors include:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono(such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2d Cir. 2007).

Ultimately, the party seeking fees bears "the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." See Savoie v. Merchants Bank, 166 F.3d 456, 463 (2d Cir. 1999).

**The Deo Defendants' Degree of Success was Marginal to the Massive Contempt they Alleged**

It is widely held that "the most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." See Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (internal citations omitted); see also Farrar v. Hobby, 506 U.S. 103, 114 (1992).

Here, the Deo Defendants' degree of success was minimal. They asserted that the Superb Plaintiffs drove all the vehicles in violation of the injunction and entirely failed to prove that. They averred that the Superb Plaintiffs failed to provide odometer readings, but this Court only found that the Superb Plaintiffs failed to do so for three (3) out of thirty (30) vehicles, two (2) of which they ultimately provided, and one (1) of which was impossible to provide because it was repossessed due to the Deo Defendants' fraud. See ECF Docket Entries 293-3 and 294 ¶¶ 83-95.

Because the Deo Defendants failed to have any significant degree of success in their motion, winning only about one percent (1%) of the vast amounts of contempt claimed, this Court should reduce the claimed attorneys' fees award to one percent (1%) of same, i.e., $20.00.

**The Rates Requested & Time Expended by Deo Defendants' Counsel is Unreasonable**

In determining appropriate attorneys' fees, the district court calculates a "presumptively reasonable fee" by finding: (1) a reasonable hourly rate for the attorneys' work; and (2) a reasonable number of hours of work required by the case. See Millea, 658 F.3d at 166-67 (2d Cir. 2011). The party seeking fees bears "the burden of 'establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" See Savoie, 166 F.3d at 463. As discussed below, the hourly rate for the work the Deo Defendants' attorneys performed is unreasonable. A reasonable hourly rate is one which a "paying client would be willing to pay … bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively" See Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 184.

Here, Deo Defendants' counsel failed to provide a copy of the retainer agreement to prove that his clients agreed to pay $500.00 per hour. Moreover, the heavily redacted invoice excludes the rate for all work billed except for one (1) entry. Given the fact that its template was largely copied from your undersigned's prior letter motion for contempt, there was a minimal amount of time spent on the motion, such that four (4) hours is excessive. Compare ECF Docket Entry 79 with ECF Docket Entry 152. Further, taking the Deo Defendants' counsel at his word, he is essentially asserting that he spent one (1) hour per page to draft the regurgitated motion for contempt. This is inherently unreasonable.

Indeed, a review of the letter at ECF Docket Entry 225 reveals a neat chart, for which no billing records from any paralegal are provided.  This provides for the inescapable conclusion that Mr. Levine, as counsel, drafted the chart.  However, the fees sought should be reduced to the rate of an associate or paralegal for such mundane tasks. See Dajbabic v. Rick's Cafe, 995 F. Supp. 2d 210, 214 (E.D.N.Y. 2014) (reducing fee award based on, *inter alia*, partner time billed to preparing and filing the summons); see also Small v. New York City Transit Auth., 2014 U.S. Dist. LEXIS 39582 at 36-37 (reducing fees for tasks performed by attorney where tasks such as filing the complaint, affidavit of service of the complaint, document review, review of deposition transcripts, could have been performed by an attorney billing at a much lower rate).  It is respectfully submitted that a paralegal or law clerk should have prepared the chart instead of Mr. Levine as counsel himself, and the Deo Defendants should not be entitled to any fees for such clerical tasks as clerical tasks are not even compensated at a paralegal rate because they are normally subsumed into an attorney's overhead expenses. See Bridges v. Eastman Kodak Co., 1996 U.S. Dist. LEXIS 809, 1996 WL 47304, at *7 (S.D.N.Y. Feb. 06, 1996), aff'd, 102 F.3d 56 (2d Cir. 1996) (filing, delivery, service of papers, and other secretarial tasks not compensable); see also Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 477 (S.D.N.Y. 2009) (*no fees* for time attorney spent executing purely clerical tasks) (emphasis added).

For the foregoing reasons, the fees awarded for the Deo Defendants' just-barely-successful letter motion for contempt should be just as minimal as their success on same.

The Superb Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
      June 12, 2025               Respectfully submitted,

                                       **SAGE LEGAL LLC**

                                       By:  */s/ Emanuel Kataev, Esq.*
                                       Emanuel Kataev, Esq.
                                       18211 Jamaica Avenue
                                       Jamaica, NY 11423-2327
                                       (718) 412-2421 (office)
                                       (917) 807-7819 (cellular)
                                       (718) 489-4155 (facsimile)
                                       emanuel@sagelegal.nyc

                                       *Attorneys for Defendants*
                                       *Superb Motors Inc.*
                                       *Team Auto Sales LLC, &*
                                       *Robert Anthony Urrutia*

**VIA ECF**
All counsel of record