UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                        Case No. 2:23-cv-6188  (OEM)(ST)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC., ROBERT ANTHONY URRUTIA, 189 SUNRISE HIGHWAY AUTO LLC., NORTHSHORE MOTOR LEASING, LLC., BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC, and ISLAND AUTO MANAGEMENT, LLC,

                              Plaintiffs,

      -against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON, DWIGHT BLAKENSHIP, MARC MERCKLING, MICHAEL LAURIE, TOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING, LLC,

                              Defendants.

----------------------------------------------------------------------X

**DECLARATION OF HARRY THOMASSON IN OPPOSITION TO SUPERB PLAINTIFFS' LATEST MOTION FOR RECONSIDERATION**

1

Harry Thomasson, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury that the following is true and correct:

1. I am an attorney in good standing in the State of New York, I am admitted to practice before this Court, and I am a *pro se* Defendant in the above captioned action. At the insistence of the Plaintiffs, I am subjected to the injunction at issue. I have first-hand knowledge of the facts recited herein.

2. This Declaration is submitted in opposition to the Superb Plaintiffs' latest Motion for Reconsideration.

3. First, there is not a single sentence of Plaintiff Urrutia's Declaration that contains any new information/facts, and in particular his Declaration does not contain any information that was unavailable to the Superb Plaintiffs or their counsel for the various Court appearances and rulings at issue during May 2025.

4. As I re-enter this case now representing myself, I keep finding peculiar evidence suggesting unclean hands by the Superb Plaintiffs and at least one former employee not a party to this case, Bruce Novicky.

5. On May 20, 2025, in an Order denying Nissan's application to intervene in the instant action, this Court found in relevant part that:

"…the Injucted Superb Vehicles 'are to Remain at or otherwise be returned to a Cross-Collateralized Urrutia Dealership Lots.' [*sic*] "Remain" was defined as the subject injucted vehicles: …b) may not be sold, transferred, gifted, disposed, destroyed, or **otherwise encumbered;** [*sic*.] c) may not otherwise change legal or equitable title except as ordered by another court of competent jurisdiction; d) may not be driven or otherwise used or maintained on the lot in such a way that would damage the resale value of the vehicle." The Court thereafter concluded that "…the most recent Surrender Agreement demonstrates an additional encumbrance by agreeing to grant possession to Nissan without this Court's approval. As such, Plaintiffs are in violation of the Injunction." *See* this Court's May 20, 2025, Order *at* page 9, citing ECF No. 55.

6. Mr. Urrutia's Declaration does not address this violation of the injunction at issue in any way.

7. Attached hereto as Exhibit A to this Declaration are four (4) Retail Certificates of Sale regarding some of the cars at issue in this case. These documents were uploaded to the ECF system by the Superb Plaintiffs on November 25, 2023, in document No. 112-8, and exist at pages 9, 27, 40, and 44 of ECF No. 112-8. Please note the Certificate numbers on these documents located at the top center of each page: Pages 40 and 44 share the same certificate number (62512165); pages 9 and 27 also share an identical certificate number (62512171). These certificates are called MV50's for the form number as issued by the New York State Department of Motor Vehicles; a separate form is *required* for each vehicle sold, and in my experience, it is criminal fraud to utilize the same certificates with the same numbers for different vehicles. It is called "washing" a title, and these four Certificates of Sale contain *prima facie* evidence of criminal fraud by the Superb Plaintiffs and their unclean hands in relation to the instant Motion for Reconsideration.

8. Urrutia's Declaration continues the habit of all of the Plaintiffs in each of the actions in which many of the same parties appear over the last two and a half years: Mr. Urrutia proclaims the Deo Defendants' broad wrongdoings, but does not ever provide any specificity or proof. Bear in mind please, your Honor, that Mr. Urrutia and Mr. Novicky had and utilized daily oversight/approval on every company transaction at Superb by and through the token and texting system *they* put in place on Superb's bank accounts, another fact specified by me and other co-Defendants since the inception of

these actions, yet this important fact is continuously, intentionally, and purposefully ignored by every Plaintiff in this action as well as their attorneys.

9. This Court made certain orders clear in its filing on May 8, 2024, at ECF No. 172. Amongst the clear holdings by the Court in that Order, the Court made clear that: 1) The Superb Plaintiffs "shall account to the Court as to the sales when made" (ECF No. 172 *at* page 15); 2) The Superb Plaintiffs "shall further file proof of the monies in escrow immediately following the sale of each of the vehicles" (*id.*); and 3) The Court denied the Superb Plaintiff their requested relief to sell the two Isuzu trucks at issue. (*id. at* page 16).

10. It is incomprehensible that the Superb Plaintiff and their attorney failed to disclose at this Court's conference on May 23, 2025, the two vehicle sales that Nissan Motor Acceptance Corp. ("NMAC") disclosed immediately upon the close of the conference that day *at* ECF No. 287. Incidentally, your Honor, the BMW (WBXHT3C57K5L90705) Nissan tells us it sold is on the do not sell list as Ordered by this Court.

11. The Superb Plaintiffs pursued me with their injunction, so I have questions that need answering, preferably at an evidentiary hearing at which Mr. Urrutia is ordered to attend in person (remember your Honor, it's my position that given apparent criminal wrongdoing, he is never going to attend any Court appearance in this district again, even if Ordered to do so after subjecting himself to this Court's jurisdiction with the instant frivolous lawsuit): How many cars have been sold? When were the cars sold? Where and by whom were the cars sold? Can Urrutia provide proof such as MV-50's and titles? Were the cars sold for full value (e.g., the approximate $110,000

purportedly held in escrow by Mr. Kataev is for cars estimated to be worth nearly $300,000), so given the existence of Exhibit A hereto, are they washing titles now and pocketing money unknown to the Defendants and Court herein? Where are all of the cars now? How can Urrutia truthfully claim poverty here, yet since this Court's Order on May 23, 2025, Urrutia has filed 1) extensive motion dockets here; 2) extensive appeal documents and motion documents with the Court of Appeals for the 2nd Circuit; and 3) a new lawsuit with two Orders to Show Cause in Nassau County, New York, against Anthony Deo. In addition, the stated reason of money problems for Urrutia being the main reason for non-delivery of the thirty (30) vehicles rings hollow, your Honor, given all of his attorney's activities since May 23, 2025, given the extensive filing fees at the Court of Appeals and Nassau County, and especially given the on-going duty to store, safeguard, and insure the vehicles pursuant to the injunction at issue.

12. In Mr. Kataev's filing at ECF No. 293, page 2, Mr. Kataev innocently gives notice of the 2019 BMW sale bearing vehicle identification number WBXHT3C57K5L90705, yet this vehicle is on the so-called do not sell list covering Team Auto. That's not just unclean hands, that's filthy hands, your Honor.

13. According to Urrutia's Declaration (*at* pages 63-77), Urrutia actually claims that Nissan and NextGear sold vehicles of their own accord while recovering those vehicles from the Superb Plaintiffs, and that a company called "Lendbuzz" repossessed an injuncted Ford F-150 injuncted truck. How is that possibly permitted under the injunction? The Superb Plaintiffs are responsible for the safekeeping of these vehicles,

5

and their game- playing in violation of the injunction should not be tolerated by this Court.

14. Attached hereto as Exhibit B is a true and accurate copy of a NextGear Audit Report, meaning that listed vehicles have been put on NextGear's Floor Plan as of the date of the report (October 15, 2024), thereby encumbering each such vehicle in violation of the injunction. On this page the two injuncted Isuzu flatbeds are listed as being on the floor plan yet not at the lot in question. Again, how can this possibly be permitted under the injunction?

15. Attached hereto as Exhibit C is a true and accurate copy of the CarFax run to check on the two Isuzu trucks at issue. As this Court can plainly see, those vehicles (which were supposed to be delivered to Anthony Deo for safekeeping) are gone and "repossessed" (which means they were somehow put on a Floor Plan in violation of this Court's injunction) and no one was ever told a word, neither the Deo Defendants nor this Court, prior to the May 23, 2025 deadline to deliver the trucks. The instant Motion and Appeal are not designed to right any wrongs, your Honor, they are designed to prevent any determination of the clear civil and criminal wrongdoing by the Superb Plaintiffs and their attorney, who failed and refused to disclose of the within wrongdoing at either of the May 2025 conferences before this Court at issue now.

16. At ECF No. 154 and 155, the Superb Plaintiffs inform this Court that the injuncted vehicles were paid off and ownership "returned" to Superb…how can any vehicles under the injunction since before the filing of ECF documents No. 154 and 155 (on March 18, 2024) be repossessed or even possessed by NMAC or NextGear if they were given to Superb on or before that date at a time when Superb had no license (as the

Superb Plaintiffs admit in ECF No. 154 *at* page 2) and therefore the vehicles were not and could not be on a floor plan at the time of the transfer to a licenseless Superb? They are being hoisted by their own petard here, your Honor.

17. In the transcript of the proceedings before this Court on May 9th, 2025, the Superb Plaintiffs had full knowledge that they did not possess all thirty (30) of the vehicles, yet failed and refused to disclose same. They also falsely suggested that the reasons for their reluctance to transfer the vehicles were their (unfounded and unspecified) fear of Anthony Deo and lack of funds to transfer. ECF document No. 272-1 pages *at* pages 11-14, without any mention at all of not having all thirty (30) vehicles, which is an utterly contemptuous failure on the part of the Plaintiffs and especially their attorney. Absent knowledge that the vehicles could not, in fact, be delivered since the Plaintiff no longer possessed all thirty vehicles, this Court Ordered the vehicles to be delivered to Anthony Deo at page 29 of ECF-1, with the Plaintiffs to coordinate with Anthony Deo (no coordination ever took place, there was no contact with Deo at all).

18. This entire exercise by the Superb Plaintiffs seem to be a massive coverup of the Superb Plaintiffs duties as Ordered in the injunction. I entirely oppose the Motion for Reconsideration and requested relief and ask this Court to Order the Superb Plaintiff to Court for a three (3) day evidentiary hearing, and further ask that this Court Order the Superb Plaintiff to make available all proof of sales of all injuncted vehicles forthwith in advance of any hearing.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 13, 2025.

/S/ *Harry R. Thomasson*
_____
Harry R. Thomasson