UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

                                                          Case No. 2:23-cv-6188 (JW)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC.,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HIGHWAY AUTO LLC., NORTHSHORE MOTOR
LEASING, LLC., BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR
LEASING, LLC, JOSHUA AARONSON, individually and
derivatively as a member of 189 SUNRISE HWY AUTO,
LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, and ISLAND AUTO
MANAGEMENT, LLC,

                              Plaintiffs,

       -against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON,
DWIGHT BLANKENSHIP, MARC MERCKLING,
MICHAEL LAURIE, TOMAS JONES, CPA, CAR BUYERS
NYC INC., GOLD COAST CARS OF SYOSSET LLC,
GOLD COAST CARS OF SUNRISE LLC, GOLD COAST
MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS CORP.,
DLA CAPITAL PARTNERS INC., JONES LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING,
LLC, and J.P. MORGAN CHASE BANK, N.A.,

                              Defendants.

------------------------------------------------------------------------X

**DEFENDANT HARRY THOMASSON'S MEMORANDUM OF LAW IN OPPOSITION TO THE SUPERB PLAINTIFFS' LATEST MOTION FOR RECONSIDERATION**

1

NOW COMES Defendant HARRY THOMASSON, *pro se,* an attorney duly admitted to practice before this Court, and hereby submits the within Memorandum of Law in Opposition to the Superb Plaintiffs' latest Motion for Reconsideration of this Court's orders, as follows:

**RELEVANT FACTS**

This Court entered Orders on May 9, 2025, May 21, 2025, again on May 23, 2025, for which the Superb Plaintiffs seek Reconsideration. In support of Reconsideration, the Superb Plaintiffs submit the Declaration of Plaintiff Urrutia, who outlines his alleged (though unsupported) financial woes. It is undersigned position that absolutely *nothing* has been submitted to this Court that supports Reconsideration.

**ANALYSIS**

Local Civil Rule 6.3 permits reconsideration or reargument of a court's order in certain limited circumstances. The rule provides that a party's notice of motion for reconsideration must be served within fourteen (14) days after the entry of the Court's determination of the original motion. The standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked… matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). A motion for reconsideration should be denied if the moving party "merely offers substantially the same arguments he offered on the original motion." *United States v. Kerik*, 615 F. Supp. 2d 256,

n.27 (S.D.N.Y. 2009) (citation omitted). The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell,* No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

The Superb Plaintiffs have submitted no "change of controlling law or evidence" to disturb this Court's Orders, or shown that there is some new evidence unavailable previously, or that it was "clear error" or that this Court's decisions were wrought with "manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. Mere disagreement with this Court's interpretation and analysis of the facts advanced is not an appropriate ground for reconsideration. *Mina Inv. Holdings Ltd. v. Lefkowitz*, 184 F.R.D. 245, 251 (S.D.N.Y. 1999); *cf.Ballard v. Parkstone Energy, LLC*, No. 06 Civ. 13099(RWS), 2008 WL 4298572, at *1–2 (S.D.N.Y. Sept. 19, 2008) (denying motion for reconsideration of opinion denying summary judgment where it was based on "disagree[ment] with the Court's assessment of the evidence"). A Rule 6.3 motion "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *Lehmuller v. Inc. Vill. of Sag Harbor*, 982 F. Supp. 132, 135 (E.D.N.Y. 1997) (citing *Walsh v. McGee*, 918 F. Supp. 107, 110 (S.D.N.Y. 1996)); *see also Tatum v. City of New York*, No. 06 Cv. 4290(BSJ)(GWG), 2009 WL 976840, at *2 (S.D.N.Y. Apr. 9, 2009) (rehashing of previous arguments, demeaning evidentiary value of testimony, and asserting that the court may have overlooked controlling case law or the record as a whole, was "precisely the type of practice that is not permitted in a motion for reconsideration").

Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'" A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced. *Grand Crossing, L.P. v. United States Underwriters Ins. Co*., No. 0333 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v.Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y.May 31, 2001)). Accord *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc*., 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered."). *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *134(S.D.N.Y. Jan. 8, 2009)(quotation marks and citation omitted). Accord *Shraderv CSX Transp. Inc*., 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided"). *Makas v. Orlando,* No. 06 Civ. 14305, 2008 WL 2139131, at *135(S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc*., 914 F. Supp. 997, 1001(S.D.N.Y. 1996)).

Here, the Court specifically held at the Court conference on May 23, 2025 that Plaintiff was "creating his own emergency." As set forth in the accompanying Declaration of Harry Thomasson, there was no (Court Ordered) coordination of the delivery of the injuncted vehicles to Anthony Deo from the Superb Plaintiffs, because quite obviously, they could not, would not, and did not deliver any of the vehicles, nor their keys and titles, as Ordered by this Court. Plaintiff raised the issue of money and affordability in the Court conferences on May 9 and May

4

23, 2025, and the Court rejected those arguments. Making the same argument again fails on Reconsideration, it is simply not permitted. The cars were injuncted to preserve the assets for all parties to this action, yet the Superb Plaintiffs just ignore this Court's Orders in a manifestly unjust fashion towards each of the Deo Defendants, which they very wrongfully made me one. At this time, the Superb Plaintiffs no longer possess all thirty cars, the whereabouts of all thirty vehicles are unknown, cars have been sold on unknown dates for less than fair market value and without any consultation with any of the Deo Defendants let alone all of us, and one or more vehicles not permitted to be sold have in fact been sold.

Candidly, the Superb Plaintiffs' argument for reconsideration essentially affirms this Court's ruling *ab initio*. For the Plaintiffs to (again) complain about finances is all the more reason for the cars to be transferred to Anthony Deo's new lot, where an interested party is under the control of this Court and can protect the cars for all parties concerned. That the Superb Plaintiffs demand to either give the cars to a non-party (they've conveniently argued NMAC should be involved, a non-party creditor of the Superb Plaintiffs) or sell all cars outright should not be trusted by this Court. The Superb Plaintiffs have been found in contempt of this Court's Orders regarding injuncted vehicles already, and the decision to deny NMAC's requested intervention includes a finding by this Court that another contempt is a virtual certainty, separate and apart from the Superb Plaintiffs' failure to deliver the cars, titles and keys as already Ordered and violated.

## **CONCLUSION**

I oppose the Motion for Reconsideration in all respects. The Superb Plaintiffs have unclean hands, and have not followed any of the (narrow) guidelines for moving for Reconsideration. I ask that this Court deny the Motion in all respects, find the Superb Plaintiffs

in contempt for their conduct with the injuncted vehicles, and Order an immediate evidentiary hearing with at least the Superb Plaintiffs and their attorney Ordered to that hearing in-person to be examined on what they know and when they knew it regarding each injuncted vehicle at issue.

Dated: Wantagh, New York
June 13, 2025

Respectfully submitted,

/S/ *Harry R. Thomasson*
_____
Harry R. Thomasson, Esq.
3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel.  516-557-5459
Email:  hrtatty@verizon.net