UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HWY AUTO LLC, NORTHSHORE MOTOR
LEASING, LLC, BRIABRIAN CHABRIER,
individually and derivatively as a member of
NORTHSHORE MOTOR LEASING, LLC,
JOSHUA AARONSON, individually and derivatively
as a member of 189 SUNRISE HWY AUTO, LLC,
JORY BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC,
1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD
AUTO LLC, 1239 HYLAN BLVD AUTO LLC,
2519 HYLAN BLVD AUTO LLC, 76 FISK STREET
REALTY LLC, 446 ROUTE 23 AUTO LLC and
ISLAND AUTO MANAGEMENT, LLC,

Case No: 23-cv-6188 (OEM)(JMW)

**DECLARATION OF THE DEO
DEFENDANTS**

        Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY
THOMASSON, DWIGHT BLANKENSHIP, MARC
MERCKLING, MICHAEL LAURIE, THOMAS
JONES, CPACPA, CAR BUYERS NYC INC., GOLD
COAST CARS OF SYOSSET LLC, GOLD COAST
CARS OF SUNRISE LLC, GOLD COAST MOTORS
AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS
OF ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS
CORP., DLA CAPITAL PARTNERS INC., JONES,
LITTLE & CO., CPA'S LLP, FLUSHING BANK,
LIBERTAS FUNDING LLC, and J.P. MORGAN
CHASE BANK, N.A.,

        Defendants.
-------------------------------------------------------------------X

1

**DECLARATION OF THE DEO DEFENDANTS IN OPPOSITION TO SUPERB
PLAINTIFFS' MOTION FOR RECONSIDERATION**

JEFFREY BENJAMIN, Esq., pursuant to 28 U.S.C. §1746, declares the following under penalties provided by law:

1. I am member of the firm The Linden Law Group, P.C., attorneys for the Deo Defendants in this action.

2. I herein respectfully adopt and incorporate by reference the opposition papers of co-Defendant Harry Thomasson filed collectively at ECF Doc #299, without the need to burden the Court with additional papers against what appears to be a facially frivolous, or at least bad faith, motion by the Plaintiff.

3. I wish only to respectfully highlight to the Court that again, after feigning insolvency to the Court in prior conferences, Plaintiff continues to engage in a campaign of motion practice with an ostensibly limitless litigation budget. After alleging in Conference that Plaintiff "did not even have the $12,000 necessary to transport the vehicles" and that "counsel has not been paid in months", Plaintiff persists in an onslaught of baseless motion practice, appeal practice including an injunction, and now this motion for reconsideration.

4. Perhaps it is respectfully time for the Court to issue a motion restriction rule upon Plaintiff only (requiring Plaintiff to ask permission for any future motion) to curb its abuse of this process, cease Plaintiff's attack on judicial economy, and even save Plaintiff from itself from expending its allegedly limited funds, while Plaintiff fails to address its obligations under prior Court injunctions.

5. Plaintiff's current motion should respectfully be denied in all respects, with an issuance of costs to Defendants if the Court deems appropriate.

Dated: New York, New York
      June 13, 2025

                                    Yours etc.
                                    **THE LINDEN LAW GROUP, P.C.**

                                    *Jeffrey Benjamin*
                                    BY:  JEFFREY BENJAMIN, ESQ.
                                    *Attorneys for Deo Defendants*
                                    250 Park Avenue, 7th Floor
                                    New York, New York 10177
                                    (212) 655-9536