# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  
Wantagh, New York  11793  
Tel. 516-557-5459  
hrtatty@verizon.net

Admitted:  
Massachusetts  
New York

June 17, 2025

Honorable James M. Wicks  
U.S. Federal District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

Re:  *Superb Motors, Inc., et al. v. Anthony Deo, et al.*  
Case No. 2:23-cv-6188 (JW)

Your Honor:

I am writing in response to the Superb Plaintiffs' positions/request(s) set forth in their attorney's correspondence to this Court dated June 10, 2025 (document #297)  Please be advised, as follows:

1. I incorporate herein by reference my position advanced in my filing on June 13, 2025, at ECF No. 299.  Without restating everything here, needless to say, I believe that the Superb Plaintiffs and maybe even their attorney are engaging in criminal fraud upon me, my co-Deo Defendants, and this Court with respect to the injuncted automobiles in the Superb Plaintiffs' control (I cannot rightly say possession, custody and control because they certainly do not have as many cars in their possession and custody as they are supposed to under the injunction at issue). E.G., in his correspondence to this Court dated June 10, 2025, Mr. Kataev on behalf of the Superb Plaintiffs indicates in the 2nd paragraph *at* line "xi" that a 2019 BMW bearing vehicle identification number WBXHT3C57K5L90705 was sold "as of" May 29, 2025.  This vehicle is on this Court's "do not sell" list, and telling everyone in this case that the vehicles were sold "as of" May 29, 2025, does not prove anything with respect to the vehicles listed.  Please understand, your Honor, that my legal research (including discussions with co-Defendants/automobile dealers in this case) indicates that the amount of money obtained for the listed vehicles is about 40% of their true worth, and my submissions and exhibits at ECF No. 299 clearly indicate title washing taking place with these very same vehicles.  What I set forth in ECF No. 299 remains true today:  We have no *proof* of when the vehicles sold or were disposed of, how much each vehicle was sold for, to whom vehicles were sold, who or what entity sold vehicles, and how the vehicles were sold (wholesale v. retail; private sales v. sales at auction; etc.).  No documents with respect to these sales have been presented, and we have no proof as to whether any monies were given to any Floor Plan provider (notably NextGear and NMAC) to help wrongfully with the Superb Plaintiffs' debts.

2. I am opposed to Mr. Kataev's request to keep monies that appear to be wrongfully gotten at least until such time as some answers to apparent contemptuous/fraudulent conduct are provided, preferably through my requested evidentiary hearing at which the Superb Plaintiffs and their attorneys are ordered to appear in Court and give live testimony on a broad range of questions concerning the injuncted automobiles. The wrongdoing includes, but is not limited to, 1) the wrongful disposal last year of the two Isuzu Flatbed trucks; 2) the wrongful disposal of the 2019 BMW; 3) the wrongful encumbrances placed on the injuncted vehicles; 4) underselling the injuncted vehicles; and 5) washing titles to skim money on the injuncted vehicles via, *inter alia,* the criminal re-use of Retail Certificates of Sale. These *prima facie* indications of criminal wrongdoing involving the injuncted vehicles are *in addition* to this Court's prior findings of contempt by these very same Superb Plaintiffs.

Accordingly, I ask that this Court refrain from making any decision on the requested escrow of funds until there is a full and final investigation and Order into the Superb Plaintiffs' and/or their attorney's wrongdoing that seems readily apparent, and that constitutes multiple instances of wrongdoing against me and my fellow Deo Defendants *yet again*. I anticipate asking this Court for that money to be transferred to me and/or my fellow Deo Defendants upon receiving a final Order on Contempt and/or sanctions.

Respectfully submitted, I remain,

Very truly yours,

*Harry R. Thomasson*

Harry R. Thomasson, Esq.