# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

**VIA ECF**                                                                                                                    June 20, 2025
United States District Court
Eastern District of New York
Attn: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

            *Re*:     **Superb Motors Inc.**, *et al.* **v. Deo**, *et al.*
                    **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.

The Superb Plaintiffs respectfully submit this reply letter in further support of their motion for reconsideration.

In opposing the relief sought, the Deo Defendants argue that the Superb Plaintiffs "have submitted no 'change of controlling law or evidence' to disturb this Court's Orders, or shown that there is some new evidence unavailable previously, or that it was 'clear error' or that this Court's decisions were wrought with 'manifest injustice.'" But this is belied by the Superb Plaintiffs' submission, which clearly presents: (i) that the record of this case establishes the Superb Plaintiffs lost one of the vehicles through no fault of their own and immediately reported same to the Court in March 2024; (ii) controlling Second Circuit authority providing that a fair ground of doubt as to the wrongfulness of the Superb Plaintiffs' conduct; (iii) an additional fact the Superb Plaintiffs believe the Court overlooked in that Team Auto is a party to this case; and (iv) a convincing argument that the Superb Plaintiffs should not be held in contempt for failure to perform an impossible act, i.e., provide odometer readings in January 2025 for a vehicle that was repossessed due to the Deo Defendants' conduct in March 2024. See ECF Docket Entry 293. As a result, the Superb Plaintiffs do not present arguments reflecting a mere disagreement with the Court; instead, they provide actual facts they respectfully submit this Court overlooked and binding Second Circuit authority which Plaintiff respectfully submits this Court misapprehended in light of those facts.

Similarly, the Deo Defendants argue that a Rule 6.3 motion is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved. However, the Superb Plaintiffs respectfully submit that this Court did *not* consider that: (i) the 2016 F150 was repossessed prior to the issuance of an Order requiring the submission of odometer readings; and (ii) Team Auto is a party just like Superb in that it should have received the same relief Superb did in being permitted to sell the injucted vehicles to wind down its business. As such, the Superb Plaintiffs do not seek solely to relitigate an issue already decided; they provide facts which they respectfully submit the Court overlooked as well as authority in support of their position which they respectfully request that this Court consider.

The Deo Defendants also argue that the injuncted vehicles were sold on unknown dates for less than fair market value without any consultation of any of the Deo Defendants. However, this is untrue as the Superb Plaintiffs reported that the sale occurred on May 29, 2025. Moreover, this Court's Order permitting the sale did not place any such restrictions or conditions on the sale. Critically, the Deo Defendants never asked for the aforesaid conditions when the parties briefed the motion resulting in the May 8, 2024 Order. That Order merely provides that the Superb Plaintiffs must provide notice upon the sale, and a separate notice once the funds are placed in escrow. The Superb Plaintiffs complied with the letter and spirit of the Order. See ECF Docket Entries 293 at 2 and 297 at 1.

In Defendant Harry R. Thomasson, Esq.'s ("Thomasson") declaration in opposition, he submits four (4) Retail Certificates of Sale and argue that two sets "share an identical certificate number," and argue that a separate form is required for each vehicle sold. See ECF Docket Entry 299 ¶ 7. As is consistent with his practice, Thomasson cites no authority in support of this position and instead relies on his unqualified "experience." But Thomasson's presentation of this evidence only demonstrates his and his clients' complete lack of regard for the truth, as he has unwittingly perjured himself. The retail certificates of sale Thomasson provides are all dated in June 2023, at a time when Deo "fully took over day to day operations at Superb." See ECF Docket Entries 30 ¶ 15 and 299-2. Because Deo handled day-to-day operations at Superb at this time as a general manager who claims ownership in Superb, he was responsible for creating these duplicate certificates. Critically those certificates cover four (4) vehicles: (i) 2016 Porsche bearing VIN No.: WPDAF2A74GL082172; (ii) 2019 Land Rover bearing VIN No.: SALGS2RE3KA519794; (iii) 2018 Mercedes Benz bearing VIN No.: WDDJK7DA4JF052861; and (iv) 2017 BMW bearing VIN No.: WBA2H9C36HV986948. These same vehicles are listed on a double-floor report issued by NMAC dated July 31, 2023, the same report which led to the Superb Plaintiffs to uncover Deo's fraud.[1] See Reply Declaration of Robert Anthony Urrutia ("Urrutia Reply Decl.") ¶¶ 48-53, Exhibit B (July 2023 correspondence with Nissan). Based on the foregoing, Deo double floored the foregoing vehicles and, ergo, created the duplicate certificates in order to enable his fraudulent conduct.[2] Id., Exhibit B (July 19, 2023 text messages in which Deo instructs Kendra Kernizant to floor vehicles with Next Gear and NMAC which vehicles match with the vehicles referenced in Nissan's July 31, 2023 correspondence).

Separately, Thomasson croons that the Superb Plaintiffs "failed to disclose" that *Nissan*[3] sold two (2) Isuzu flatbed trucks that they repossessed at the May 23, 2025 conference.

---

[1] See ECF Docket Entry 65 ¶¶ 199-204.

[2] After double-flooring these vehicles, Deo impermissibly removed them from Superb's lot to his "grand opening" event. While the Superb Plaintiffs deny "washing" any title, they would stand to gain nothing by engaging in such conduct because Deo had possession of the vehicles from July 2023 until September 2023 when the Injunction went into effect, at which point the Superb Plaintiffs had no ability to sell the vehicles. Deo's claim of washing titles thus makes no sense whatsoever, as someone would only wash a title upon a sale of a vehicle, which did not occur.

[3] Nissan did not sell these vehicles; non-party Next Gear Capital sold them. See ECF Docket Entry 294 ¶ 71 ("I recently learned that Next Gear had already sold those vehicles").

However, Thomasson fails to provide any evidence that your undersigned knew that the trucks were sold by Next Gear on May 23, 2025. Thomasson further argues that the trucks were impermissibly encumbered based on a June 2024 floor plan report. See ECF Docket Entry 299-3. However, this date merely reflects the day the trucks were moved from one floor plan line to another. See Urrutia Reply Decl. ¶¶ 97-103; see also ECF Docket Entry 220 ¶¶ 38, 38 n. 13 (explaining how a floored vehicle's physical location changing updates the "floor date" while remaining floored from the get-go) and 220-5.

In addition, Thomasson argues that *Nissan* sold a BMW bearing VIN No.: WBXHT3C57K5L90705. Again, the Superb Plaintiffs had nothing to do with this unilateral conduct by Nissan. See ECF Docket Entry 294 ¶¶ 63-66. More importantly, Nissan did not sell a BMW with a VIN ending in 0705; they sold a BMW with a VIN ending in 1091 and a Mercedes with a VIN ending in 6948. See ECF Docket Entry 287. That said, Thomasson is correct that the BMW was not supposed to be sold; as a result, the Superb Plaintiffs secured the return of the vehicle and replaced it with the correct vehicle that was permitted to be sold. See Urrutia Reply Decl. ¶¶ 80-81. Notably, this was an error on the purchaser's part, which error has now been rectified. Id. ¶ 82.

As for Thomasson's request for an evidentiary hearing, no such relief is warranted as the questions raised may be resolved in discovery.

The Superb Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
       June 20, 2025                         Respectfully submitted,

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Superb Motors Inc.*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

3