**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SUPERB MOTORS INC. *et al.*,

                                    *Plaintiffs*,

                                                                        **ORDER**

            -against-                                          23-CV-6188 (JMW)

ANTHONY DEO *et al.*,

                                    *Defendants*.
-----------------------------------------------------------X
**A P P E A R A N C E S:**

            Emanuel Kataev
            **Sage Legal LLC**
            18211 Jamaica Avenue
            Jamaica, NY 11423
            *Attorneys for Plaintiffs Superb Motors Inc.,*
            *Team Auto Sales LLC and Robert Anthony Urrutia*

            Jeffrey Benjamin
            **The Linden Law Group, PC**
            250 Park Avenue
            Ste 7th Floor
            New York, NY 10177
            *Prior Counsel for Deo Defendants*

            **Harry R. Thomasson**
            3280 Sunrise Highway, Ste Box 112
            Wantagh, NY 11793
            *Defendant Appearing Pro Se*

            *No appearances by other Parties*

**WICKS,** Magistrate Judge:

            In a recently issued Memorandum and Order, the undersigned granted *in part* and denied

*in part*, the Deo Defendants' Third Motion for Contempt (ECF No. 225), and directed Deo

Defendants to submit a formal application for attorneys' fees and costs.[1] (ECF No. 279.) Before

the Court now is the Application for Attorneys' Fees and Costs (ECF No. 296) filed by Brian M.

Levine ("Mr. Levine"), prior counsel to Deo Defendants and *Pro se* Defendant Harry

Thomasson, which is opposed by Superb Plaintiffs.[2]  For the reasons stated below, Plaintiff's

Motion for Attorneys' Fees (ECF No. 35) is **GRANTED** in part.

## DISCUSSION

Deo Defendants seek a total of $2,000.00 in fees for the worked performed in connection

with Deo Defendants' Third Motion for Contempt (ECF No. 225). Courts have "broad discretion

in determining the amount of a fee award."  *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307

(2d Cir. 2011).  "To determine the appropriate attorney's fees award, courts calculate the

'lodestar, which 'is derived by multiplying the number of hours reasonably expended on the

litigation by a reasonable hourly rate.'" *Access Bio, Inc. v. Div. 5 Labs, Inc.*, No. 23 CIV. 4820

(LGS), 2024 WL 3084990, at *2 (S.D.N.Y. June 20, 2024) (quoting *H.C. v. New York City Dep't

of Educ.*, 71 F.4th 120, 126 (2d Cir. 2023)); *see also Millea v. Metro-N. R. Co.*, 658 F.3d 154,

166 (2d Cir. 2011) (discussing that the lodestar calculation, is "the product of a reasonable hourly

rate and the reasonable number of hours required by the case," giving rise to "a presumptively

reasonable fee.")  A party seeking an award of attorney's fees bears the burden to document 'the

hours reasonably spent by counsel, and thus must support its request by providing

contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours

---

[1] "Deo Defendants" are Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc
Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of
Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast
Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.
However, Harry Thomasson now represents himself as a *pro se* defendant.

[2] Superb Plaintiffs are Superb Motors Inc., Team Auto Sales LLC and Robert Anthony Urrutia.

expended, and the nature of the work done.'" *Bds. Trs. Ins., Annuity, Scholarship, & Apprenticeship Training Funds Sheetmetal Workers' Int'l Ass'n, Loc. Union No. 137 v. Liberty Signs, Inc.*, No. 10-cv-1737 (ADS) (AKT), 2011 WL 4374519, at *6 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4373893 (E.D.N.Y. Sept. 19, 2011).  "[A] party moving for attorneys' fees must [also] provide the credentials law school matriculation, practice area, and years of experience in the relevant practice area to substantiate the requested hourly rate for each individual." *Desly Int'l Corp. v. Spartak*, No. 13-CV-2303 (ENV) (LB), 2018 WL 4522081, at *8 n.11 (E.D.N.Y. Aug. 1, 2018).  Upon review of all of these documents, "[t]he court must assess whether the hours expended by plaintiff's counsel were reasonable, and exclude any hours that were excessive, redundant, or otherwise unnecessary to the litigation." *See Nuriddinov v. Masada III, Inc*., No. 15-CV-5875, 2017 WL 9253401, at *12 (E.D.N.Y. July 24, 2017), *report and recommendation adopted*, 2018 WL 1251335, at *1 (Mar. 12, 2018).

It is with this framework in mind that the undersigned reviews the instant application for fees.

### i.    Hourly Rates

Mr. Levine seeks fees for the hours spent on the Third Motion for Contempt at a rate of $500 per hour. (ECF No. 296-1 at 2-3.)  A reasonable hourly rate is "'the rate a paying client would be willing to pay,' based on the 'prevailing [hourly rate] in the community . . . where the district court sits.'" *E. Sav. Bank, FSB v. Whyte,* No. 13-cv-6111 (CBA) (LB), 2014 U.S. Dist. LEXIS 196448, at *10-11 (E.D.N.Y. Aug. 11, 2014) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007)).  In assessing a reasonable hourly rate, the court takes into consideration the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and

reputation." *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Gesualdi v. Bestech Transp., LLC*, No. 14-CV-1110 (JS) (ARL), 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022) ("The party applying for fees must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates."). The relevant "'community' for purposes of this calculation is the district where the district court sits." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190. "Courts in this Circuit employ the 'forum rule,' where 'the hourly rates [in the] district in which the [ ] court sits' are presumptively reasonable, as well as on 'evidence proffered by the parties.'" *Gordon v. Chambers*, No. 20-CV-696, 2024 WL 3533876, at *14 (E.D.N.Y. July 25, 2024) (collecting cases).

Hourly rates in the Eastern District of New York, appear to "generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience." *Perrone v. Amato*, No. 09-CV-316 (SIL), 2022 WL 595187, at *3 (E.D.N.Y. Feb. 27, 2022); *Liu v. Little Saigon Cuisine Inc.*, No. 18-CV-2181 (RPK), 2023 WL 1785544, at *2 (E.D.N.Y. Feb. 6, 2023) (citations omitted) ("In this district, 'approved hourly rates for attorneys normally range from $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals.'"); *see also Pilitz v. Inc. Freeport*, No. 07- CV 4078 ETB, 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011) (collecting cases); *Hall v. Prosource Techs., LLC*, No. 14-CV-2502 (SIL), 2016 WL 1555128, at *12 (E.D.N.Y. Apr. 11, 2016) (citation omitted) (noting that "[c]ourts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners"); *Libaire v. Kaplan*, No. 06-CV-1500 (DRH) (ETB), 2011 WL 7114006, at *4 (E.D.N.Y. June 17, 2011), *report and recommendation adopted as modified*, No. 06-CV-1500 (DRH) (ETB), 2012 WL 273080

(E.D.N.Y. Jan. 30, 2012) (Awarding fees of $400 to $475 in 2011 for attorneys with sixteen to thirty years of experience in complex commercial litigation disputes).

This standard has been reaffirmed over the years. *See Holiday Park Drive, LLC v. Newist Corp.*, No. 23-CV-2623 (AMD) (JMW), 2024 WL 4802751, at *8 (E.D.N.Y. Nov. 15, 2024) (finding that hourly rates of $300.00 to $450.00 remain to be reasonable as of July 2024). Recently, this District has awarded higher hourly rates, where there are complex matters, such as here. *See Ammann v. Sharestates, Inc.*, No. 21-CV-2766 (JS) (ST), 2025 WL 974574, at *7-8 (E.D.N.Y. Apr. 1, 2025) (citing *Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 2025 WL 248253, at *6 (E.D.N.Y. Jan. 21, 2025) (awarding hourly rates of $550 for partners in the complex matter and noting "at least one court in this District has recently held that the rates applicable to standard (*i.e.*, non-complex) actions require an increase to account for inflation.")); *Everetts v. Pers. Touch Holding Corp.*, No. 21-CV-2061 (JMA) (ARL), 2025 WL 942800, at *5 (E.D.N.Y. Mar. 28, 2025) (quoting *Alcon Vision, LLC v. Lens.com, Inc.*, No. 18-CV-407, 2023 WL 8072507, at *7 (E.D.N.Y. Nov. 21, 2023) (collecting cases) ("[I]n complex matters, courts [in recent cases] have awarded rates that have ranged from approximately $375 to $630 for partners.")).

Mr. Levine is a partner at the firm of Levine Singh, LLP and has practiced for over fifteen years. (ECF No. 296-1 at 1-2.) Mr. Levine has worked on similar matters and is well-versed in complex commercial litigation cases. (*Id.* at 2.) Counsel has appeared to handle such matters in the Southern and Eastern Districts of New York, the First and Second Departments of New York, as well as the Commercial Divisions within the State. (*Id.*) Although Mr. Levine failed to provide any information regarding his law school matriculation, that is not enough to warrant denial of the application. *See Desly Int'l Corp.*, 2018 WL 4522081, at *8 n.11 ("While Spartak failed to

5

provide all the information regarding its attorneys' credentials, this is not enough to deny Spartak's motion.")

Superb Plaintiffs argue that Mr. Levine's rate is unreasonable and minimal fees should be awarded for the "just-barely-successful letter motion for contempt." (ECF No. 298 at 2-3.) However, Superb Plaintiffs do not address the complexity of the matter – which is amply demonstrated by the flurry of motions and orders issued in this case -- which has required substantial work at every step. *See Aptive Env't, LLC v. Vill. of E. Rockaway, New York*, No. 19-CV-3365 (JMA) (SIL), 2022 WL 4376618, at *3 (E.D.N.Y. Sept. 22, 2022) ("None of Defendant's points address the bases for the rates Judge Locke approved, e.g., 'the complexity of the case, the attorneys' experience litigating similar matters, zealous litigation of this matter from both sides, successful results by Plaintiff at every stage of litigation, and the fact that [Plaintiff] has been a longstanding client of the firms for over five years,' as well as the fact that these rates matched those charged in the community where the district court sits, i.e., the Eastern District of New York.")

Accordingly, the undersigned finds that the rate charged by Mr. Levine is reasonable and in conformance with the forum rule. *Parsons v. Bong Mines Ent. LLC*, No. CV-19-0813 (JMA)(AKT), 2021 WL 931506, at *11 (E.D.N.Y. Feb. 18, 2021), *report and recommendation adopted*, No. 19-CV-0813 (JMA) (AKT), 2021 WL 930259 (E.D.N.Y. Mar. 11, 2021).

The undersigned next looks to whether Mr. Levine's hours were reasonably billed.

**ii.    Number of Hours Billed**

As for the hours billed in this matter, the Second Circuit has focused on "factors such as the time and labor required on the matter and the number of attorneys involved." *Tessemae's LLC v. Atlantis Cap. LLC*, No. 18-CV-4902 (KHP), 2019 WL 2635956, at *5 (S.D.N.Y. June 27,

2019). Mr. Levine dedicated four hours for the Third Motion for Contempt. (ECF No. 296-1 at 2.) Counsel states that "[t]his work involved reviewing the relevant court orders, analyzing Plaintiffs' non-compliance, drafting the detailed arguments for the letter motion, preparing supporting documentation, and ensuring electronic filings with the Court. The time spent was proportionate to the complexity of the issues and the importance of compelling compliance with prior Court orders." (*Id.*)

Judges in this District have awarded fees when the work performed "appears reasonably related to the instant motion for attorneys' fees, such as research about the standards for recovery and drafting portions of the memorandum of law." *New Falls Corp. v. Soni Holdings, LLC*, No. 19-CV-00449 (HG) (LGD), 2023 WL 5806294, at *10 (E.D.N.Y. July 6, 2023), *report and recommendation adopted*, No. 19-CV-00449 (HG) (LGD), 2023 WL 5806257 (E.D.N.Y. Sept. 7, 2023) (citing *Li Rong Gao v. Perfect Team Corp.*, No. 10-CV-1637 (ENV) (CLP), 2017 WL 9481011, at *15 (E.D.N.Y. Jan. 11, 2017), *report and recommendation adopted*, No. 10-CIV-1637 (ENV) (CLP), 2017 WL 1857234 (E.D.N.Y. May 8, 2017) (awarding attorneys' fees for multiple contempt motions)); *see also IME Watchdog, Inc. v. Gelardi*, No. 22-CV-1032 (PKC) (JRC), 2024 WL 4287244, at *10 (E.D.N.Y. Sept. 25, 2024) (awarding attorneys' fees in connection with a contempt motion); *Treyger v. First Class Furniture & Rugs Inc.*, No. 21-CV-2902 (EK), 2022 WL 18356256, at *8 (E.D.N.Y. July 14, 2022), *report and recommendation adopted*, No. 21-CV-2902(EK)(RLM), 2023 WL 199698 (E.D.N.Y. Jan. 17, 2023) (recommending attorneys' fees for a motion for contempt); *Trs. of Pavers Dist. Council Apprenticeship, Skill Improvement & Training Fund v. Lavin Inc.*, No. 22-CV-1023 (LDH) (LKE), 2025 WL 1640496, at *4 n.1 (E.D.N.Y. Mar. 24, 2025) (same).

However, discretion lies with the Court to reduce fees, where entries are broad, or an attorney uses block billing methods¡ *Zaslavskiy v. Weltman, Weinberg & Reis Co.*, No. 18-CV-4747 (DLI) (RER), 2022 WL 1003589, at *14 (E.D.N.Y. Jan. 5, 2022) (quoting *Dagostino v. Computer Credit, Inc.,* 238 F. Supp. 3d 404, 416–17 (E.D.N.Y. 2017)). "Block billing—as noted above, the practice of lumping multiple distinct tasks into a single billing entry—is generally disfavored because it can complicate the district court's task of determining the reasonableness of the billed hours. … But the practice is by no means prohibited in this Circuit because block billing will not always result in inadequate documentation of an attorney's hours. We have found block billing to be permissible as long as the district court is still able "to conduct a meaningful review of the hours" for which counsel seeks reimbursement." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (citing *Restivo v. Hessemann*, 846 F.3d 547, 591 (2d Cir. 2017)).

Here, Mr. Levine lumps together the tasks conducted in relation to the contempt motion. (*See* ECF No. 296-2.) The bill description states "[d]rafted and filed a letter/letter motion with the Court regarding the Plaintiff's contempt of Court re driving the injuncted vehicles." (*Id.* at 2.) However, the undersigned is still able to review and understand the scope of Mr. Levine's fee application. Thus, the Court finds that the billing records are reasonable in the context one motion for contempt and the four hours spent is likewise reasonable. *See Citigroup Inc. v. Seade, No. 21 CIV. 10413 (JPC),* 2023 WL 1971827, at *4 (S.D.N.Y. Jan. 6, 2023) (awarding attorneys' fees for a motion to contempt, where there were thirty-six hours billed).

As noted, in support of the instant application for attorney's fees, Mr. Levine provided billing records. (ECF No. 296-2.); *see New York Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (noting that fee applications should include "contemporaneous time records . . . [that] specify, for each attorney, the date, the hours

expended, and the nature of the work done.").  These records are authenticated by the supporting declaration.  (ECF No. 296-1.)

Superb Plaintiffs argue that the detailed chart contained in the Third Motion for Contempt should have been completed by an associate or paralegal and thus, the fee award must be reduced. (ECF No. 298 at 3.) The Court agrees. *See Lilly v. City of New York*, 934 F.3d 222, 233–34 (2d Cir. 2019) (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer [or paralegal] may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer [or paralegal] does it.") As a result, the undersigned finds that a reduction of an hour is appropriate and necessary. *See Brinkmann v. Town of Southold, New York*, No. 21-CV-2468 (LDH) (JMW), 2023 WL 11969895, at *11 (E.D.N.Y. June 20, 2023), *report and recommendation adopted*, No. 21-CV-2468 (LDH) (JMW), 2024 WL 4355514 (E.D.N.Y. Sept. 30, 2024) (citing *Raja*, 43 F.4th at 87) ("The court may also 'reduce an attorney's hourly rate for time spent on clerical tasks or apply an across-the-board reduction ... to account for time spent on clerical tasks (or block-billed time entries reflecting a mix of clerical and legal work),' although the 'court is not required to make such reductions.'")

Accordingly, Mr. Levine's fee application is reduced to $1,500—representing the hourly rate of $500 times the three hours awarded.

## <u>CONCLUSION</u>

For the foregoing reasons, Deo Defendants' Application for Fees and Costs (ECF No. 296) is **GRANTED**. Deo Defendants are awarded attorneys' fees in the amount of $1,500.00 to be paid by Superb Plaintiffs on or before July 11, 2025.

Dated: Central Islip, New York
　　　June 26, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge