UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                                                   Case No. 2:23-cv-6188 (JW)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC.,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HIGHWAY AUTO LLC., NORTHSHORE MOTOR
LEASING, LLC., BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR
LEASING, LLC, JOSHUA AARONSON, individually and
derivatively as a member of 189 SUNRISE HWY AUTO,
LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, and ISLAND AUTO
MANAGEMENT, LLC,

                                          Plaintiffs,

       -against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON,
DWIGHT BLANKENSHIP, MARC MERCKLING,
MICHAEL LAURIE, TOMAS JONES, CPA, CAR BUYERS
NYC INC., GOLD COAST CARS OF SYOSSET LLC,
GOLD COAST CARS OF SUNRISE LLC, GOLD COAST
MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS CORP.,
DLA CAPITAL PARTNERS INC., JONES LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING,
LLC, and J.P. MORGAN CHASE BANK, N.A.,

                                          Defendants.
----------------------------------------------------------------------X


## **NOTICE OF MOTION FOR CONTEMPT**

**PLEASE TAKE NOTICE**, that pursuant to Local Civil Rule 83.6 and 18 U.S. Code § 401, and upon the accompanying declaration of Harry Thomasson, the Memorandum of Law submitted in support hereof, and all the prior papers and proceedings herein, Harry Thomasson, a *pro se* Defendant, will move this Court, before the Hon. James M. Wicks, U.S.M.J. ("Judge Wicks"), at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Courtroom 1020, Central Islip, New York 11722, Ordering the Superb Plaintiffs  1) to appear for an evidentiary hearing at a date/time to be determined by the Court to determine the present location and condition of the thirty (30) injuncted vehicles at issue, the present location of the keys and titles to said vehicles, and the extent of contemptuous conduct given that the full knowledge of wrongdoing is solely in the possession of the Superb Plaintiffs; 2) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for wrongfully transferring ownership of one or more of the thirty (30) injuncted vehicles in violation of the injunction(s) at ECF # 55, as amended, at issue;  3) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for allowing one or more of the thirty (30) injuncted vehicles to be repossessed by one or more of the Floor Plan Lenders, including, but not limited to NMAC and/or NextGear, in violation of the injunction(s) at ECF # 55, as amended; 4) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for failing to timely deliver the thirty (30) injuncted vehicles to a lot operated by Anthony Deo in Hicksville, New York, as ordered by this Court in its several related orders issued on May 9, 2025,  May 21, 2025, and May 22, 2025; 5) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for failing to timely deliver the keys to the thirty (30) injuncted vehicles to Anthony Deo in Hicksville, New York, as ordered by this Court in its several related orders issued on May 9, 2025; May 21, 2025; and May 22, 2025; 6) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for failing to timely deliver the titles to the thirty (30) injuncted vehicles to Anthony Deo in Hicksville,

New York, as ordered by this Court in its several related orders issued on May 9, 2025; May 21, 2025; and May 22, 2025; 7) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for washing vehicle titles in violation of the injunction(s) at ECF # 55, as amended, at issue; 8) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for wrongfully encumbering the injuncted vehicles in violation of the injunction(s) at ECF # 55, as amended, at issue, and as already found and ordered by this Court set forth *at* page 9 in this Court's Order dated May 20, 2025, denying, *inter alia,* Nissan's intervention; 9) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for failing to insure/safeguard/locate the thirty (30) injuncted vehicles in violation of the injunction(s) at ECF # 55, as amended, at issue; 10) to be held in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for purposely undervaluing the thirty (30) injuncted vehicles for the purpose of skimming money as part of the transactions that the Superb Plaintiffs were permitted to make under the injunction(s) at ECF #55, as amended, at issue; and 11) for such other and further relief as the Court deems necessary, just, equitable and proper.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to ¶ 3(A) of Judge Wicks' Individual Practice Rules, this motion may be made without a pre-motion conference.

**PLEASE TAKE FURTHER NOTICE**, pursuant to Local Civil Rule 6.1, Plaintiffs' opposition papers are due on Monday, July 14, 2025, and Defendants' reply papers in further support are due on Monday, July 21, 2025, unless otherwise ordered by this Court.

Dated: Wantagh, New York
      June 30, 2025

Respectfully submitted,

/S/ *Harry R. Thomasson*
_____
Harry R. Thomasson, Esq.
3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel.  516-557-5459
Email:  hrtatty@verizon.net

3