UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                               Case No. 2:23-cv-6188 (JW)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC.,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HIGHWAY AUTO LLC., NORTHSHORE MOTOR
LEASING, LLC., BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR
LEASING, LLC, JOSHUA AARONSON, individually and
derivatively as a member of 189 SUNRISE HWY AUTO,
LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, and ISLAND AUTO
MANAGEMENT, LLC,

                                  Plaintiffs,

         -against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON,
DWIGHT BLANKENSHIP, MARC MERCKLING,
MICHAEL LAURIE, TOMAS JONES, CPA, CAR BUYERS
NYC INC., GOLD COAST CARS OF SYOSSET LLC,
GOLD COAST CARS OF SUNRISE LLC, GOLD COAST
MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS CORP.,
DLA CAPITAL PARTNERS INC., JONES LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING,
LLC, and J.P. MORGAN CHASE BANK, N.A.,

                                  Defendants.

----------------------------------------------------------------------X

## DEFENDANT HARRY THOMASSON'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR CONTEMPT AGAINST THE SUPERB PLAINTIFFS

NOW COMES Defendant HARRY THOMASSON, *pro se,* an attorney duly admitted to practice before this Court, and hereby submits the within Memorandum of Law in Support of the Motion for Contempt against the Superb Plaintiffs, as follows:

## **RELEVANT FACTS**

The injunction at issue is located at ECF # 55, and was modified in relevant part by subsequent orders issued on May 9, 2025, May 21, 2025, and May 22, 2025. In sum and substance, this Court ordered thirty (30) injuncted vehicles to be delivered to the automobile dealership lot owned and operated by Anthony Deo in Hicksville, New York, along with those vehicles' titles and keys, by or before May 23, 2025. The Court also ordered the Superb Plaintiffs to "coordinate" the delivery; since there never was any coordination of the delivery made as between anyone on behalf of the Superb Plaintiffs with anyone on behalf of the Deo Defendants, there should be a presumption formed by this Court that there never was any intent to comply with this Court's orders at issue.

Instead, the Superb Plaintiffs (while complaining of a lack of funds) filed multiple motions, an Order to Show Cause, and an appeal constituting tens of thousands of dollars in attorney fees and costs to *avoid* complying with this Court's Orders. We also now know that multiple vehicles were sold or repossessed without anyone on behalf of the Superb Plaintiffs timely notifying the Deo Defendants or this Court.

Astonishingly, the failed intervening party, NMAC, instead was the first to inform the Court via letter an hour *after* the last hearing on the Superb Plaintiffs' multiple attempts to avoid complying with this Court's orders that one or more vehicles were sold by NMAC, notwithstanding the Superb Plaintiffs' duty under the injunction(s) (as amended) to protect all of the injuncted vehicles in their possession. In that letter, NMAC informs the Court that an

2

attorney for NMAC "spoke" with an unnamed attorney for the Superb Plaintiffs on May 22, 2025, about these very sales, yet no attorney for the Superb Plaintiffs informed the Court or the Deo Defendants of these sales during the hearing the next day in which this Court kept the order in place for the delivery of thirty (30) injucted vehicles to Anthony Deo.  Clearly and indisputably, the Superb Plaintiffs and their attorney knew that they could not and would not make such a delivery, yet failed and refused knowingly to so inform the Court and the Deo Defendants.

Subsequent investigation and review of this Court's orders and filings have determined that there are multiple violations of this Court's injunction(s) by the Superb Plaintiffs and/or their attorney, leading to the instant Motion. Preliminarily, the Superb Plaintiffs failed and refused to deliver the thirty (30) injucted vehicles to the Deo lot; the Superb Plaintiffs have also failed and refused to deliver those vehicles keys and titles to the Deo lot.

Moreover, On May 20, 2025, in an Order denying Nissan's application to intervene in the instant action, this Court found in relevant part that:

"…the Injucted Superb Vehicles 'are to Remain at or otherwise be returned to a Cross-Collateralized Urrutia Dealership Lots.' [*sic*] "Remain" was defined as the subject injucted vehicles: …b) may not be sold, transferred, gifted, disposed, destroyed, or **otherwise encumbered;** [*sic.*] c) may not otherwise change legal or equitable title except as ordered by another court of competent jurisdiction; d) may not be driven or otherwise used or maintained on the lot in such a way that would damage the resale value of the vehicle."  The Court thereafter concluded that "…the most recent Surrender Agreement demonstrates an additional encumbrance by agreeing to grant possession to Nissan

3

without this Court's approval. As such, Plaintiffs are in violation of the Injunction." *See* this Court's May 20 2025 Order *at* page 9, citing ECF No. 55.

As set forth in the attached Declaration of Harry Thomasson, it is clear that the vehicles that have been sold purportedly lawfully were sold for approximately 40% of their actual retail value, and Exhibit A hereto demonstrates indisputably that title washing is occurring with these vehicles (multiple uses of the same Certificate of Retail Sale numbers). It is strange and suspicious that ECF # 155 clearly indicates that Superb owned/owns all injuncted vehicles (a closed, non-operating dealership), yet these injuncted vehicles need to have insurance, and since Superb is closed and no longer a dealership, it cannot obtain insurance and it cannot place any vehicles on to any Floor Plans, yet in plain sight, the Superb Plaintiffs and their counsel keep filing documents telling the Deo Defendants and this Court that there are repossessions and sales involving Floor Plan providers NMAC and NextGear (*see, e.g.,* Exhibits B and C).

As also set forth in the attached Declaration of Harry Thomasson in support of the instant Motion, no one including the Court currently knows of the location of these vehicles, how many are left, are they secured and insured, who purchased the sold vehicles, where are the titles, bills of sale and Certificates of Retail Sale or the equivalent, and given the comments of someone named Shane Davis on June 16, 2025 to undersigned, in short, we no longer have any knowledge of the location, custody, ownership, insurance, or security of any of the thirty (30) vehicles, keys and titles that were ordered to be delivered to the lot operated by Anthony Deo on or before May 23, 2025.

Simply put, the extent of the wrongdoing is known only by the Superb Plaintiffs and their counsel, who have repeatedly and undeniably been less than forthcoming with the Deo Defendants and this Court regarding the injuncted vehicles.

4

## ANALYSIS

Local Civil Rule 83.6, Contempt Proceedings in Civil Cases [formerly Local Civil Rule 83.9] provides as follows:

(a) A proceeding to adjudicate a person in civil contempt, including a case provided for in Fed. R. Civ. P. 37(b)(1) and 37(b)(2)(A)(vii), shall be commenced by the service of a notice of motion or order to show cause. The affidavit upon which such notice of motion or order to show cause is based shall set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby and such evidence as to the amount of damages as may be available to the moving party. A reasonable counsel fee, necessitated by the contempt proceedings, may be included as an item of damage. Where the alleged contemnor has appeared in the action by an attorney, the notice of motion or order to show cause and the papers upon which it is based may be served upon said attorney; otherwise service shall be made personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons. If an order to show cause is sought, such order may, upon necessity shown, embody a direction to the United States marshal to arrest the alleged contemnor and hold such person unless bail is posted in an amount fixed by the order, conditioned on the appearance of such person in all further proceedings on the motion, and further conditioned that the alleged contemnor will hold himself or herself amenable to all orders of the Court for surrender.

b) If the alleged contemnor puts in issue his or her alleged misconduct or the damages thereby occasioned, said person shall upon demand be entitled to have oral evidence taken, either before the Court or before a master appointed by the Court. When by law

5

such alleged contemnor is entitled to a trial by jury, said person shall make written demand before the beginning of the hearing on the application; otherwise the alleged contemnor will be deemed to have waived a trial by jury.

(c)  If the alleged contemnor is found to be in contempt of court, an order shall be entered (1) reciting or referring to the verdict or findings of fact upon which the adjudication is based; (2) setting forth the amount of damages, if any, to which the complainant is entitled; (3) fixing the fine, if any, imposed by the Court, which fine shall include the damages found and naming the person to whom such fine shall be payable; (4) stating any other conditions, the performance of which will operate to purge the contempt; and (5) directing, where appropriate, the arrest of the contemnor by the United States marshal and confinement until the performance of the condition fixed in the order and the payment of the fine, or until the contemnor be otherwise discharged pursuant to law.  A certified copy of the order committing the contemnor shall be sufficient warrant to the marshal for the arrest and confinement of the contemnor.  The complainant shall also have the same remedies against the property of the contemnor as if the order awarding the fine were a final judgment.

(d)  If the alleged contemnor is found not guilty of the charges, said person shall be discharged from the proceedings and, in the discretion of the Court, may have judgment against the complainant for costs and disbursements and a reasonable counsel fee.

18 U.S. Code § 401 provides as follows:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—

6

(1)Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2)Misbehavior of any of its officers in their official transactions;

(3)Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

I am writing as a *pro se* Deo Defendant to Move that all Plaintiffs subject to the Injunction (*at* ECF No. 55, as amended) for the thirty (30) automobiles purportedly in the possession, custody and control of the Superb Plaintiffs be held in at least civil contempt if not willful criminal Contempt of this Court's Orders (issued on May 9, 2025; May 21, 2025; and May 22, 2025, along with the underlying Injunction itself as set forth at ECF No. 55) regarding 1) the failures associated with the non-delivery of the thirty (30) automobiles to the lot operated by Anthony Deo; 2) the failures associated with the non-delivery of the thirty (30) keys to Anthony Deo for those injuncted vehicles; 3) the failures associated with the non-delivery of the thirty (30) titles to Anthony Deo for those injuncted vehicles; 4) the wrongful encumbrances set forth *at* page 9 in this Court's Order dated May 20, 2025, denying, *inter alia,* Nissan's intervention; 5) the intentional failure to timely notify the Deo Defendants and this Court of certain transfers made prior to the last Court hearing on May 23, 2025, including the vehicles set forth in the attached Exhibits B-C, and the vehicles set forth in the NMAC letter filed with this Court approximately one (1) hour after the last Court hearing on May 23, 2025; 6) the clear washing of titles evidenced by Exhibit A hereto and the undervalue sales by at least 60% of the vehicles that have been sold to date; 7) the failure to timely and completely notify the Court and the Deo Defendants of the supposed allowed vehicle transfers, including but not limited to the failure to date to provide titles, bills of sale, dates of sale, seller's identity, buyers' identity, and Certificates of Retail Sales with proper numbers to this Court and to the Deo Defendants of those

7

transfers; 8) the Superb Plaintiffs' allowance of repossessions of the vehicles undoubtedly repossessed to date as set forth in Exhibits B and C hereto, as well as set forth in the letter submitted by NMAC's attorney an hour after the last Court hearing; 9) the impossibility to insure and even sell the vehicles not yet sold given that Superb owns the vehicles at issue (ECF #155) but has no license required to sell or insure these vehicles; 10) given the statements made by Shane Davis to undersigned on June 16, 2025, the impropriety of the cars no longer being at the Hartford lot formerly operated by the Superb Plaintiffs, no longer owned (despite being on the no sell list) by the Superb Plaintiffs, and no longer secured by the Superb Plaintiffs; 11) the impropriety of Anthony Urrutia complaining of money woes to this Court to defend the Superb Plaintiffs' wrongful conduct, yet then proceeding to file multiple motions in this Court, filing an Order to Show Cause in this Court, filing a new baseless action against Anthony Deo in Nassau Supreme Court (index number 2025/ 611909), filing an appeal of this Court's orders to the second circuit along with an Order to Show Cause in that Court, and necessarily incurring tens of thousands of dollars of attorney fees and costs thereby; 12) the clear washing of titles evidenced by the undervalue sales (by at least 60%) of the vehicles that have been sold to date, and the highly improper submission of multiple identical Certificates of Retail Sale numbers as set forth in Exhibit A; and 13) the sales of multiple cars from the do not sell list, including those on Exhibits B and C (the Isuzu Flatbed trucks are gone, as are two other vehicles from the do not sell list of injunctive cars, including a BMW).

  This Court has the power and authority to find the Superb Plaintiffs in criminal contempt pursuant to 18 U.S.C. § 401(1), since the Superb Plaintiffs have undoubtedly 1) engaged in misconduct; 2) obstructed the administration of justice by and through the injunction at issue; 3) the obstruction absolutely interferes with and hinders the Court's proceedings and effectiveness;

8

and 4) the misconduct necessarily entails intent in multiple instances, even after this Court has already found these very same Plaintiffs in contempt previously.

Accordingly, I ask that the Superb Plaintiffs are found in civil and/or criminal (preferred) contempt and for the following relief as set forth in the Notice of Motion to be ordered by this court with (preferred) or without an evidentiary hearing: 1) to appear for an evidentiary hearing at a date/time to be determined by the Court to determine the present location and condition of the thirty (30) injuncted vehicles at issue, the present location of the keys and titles to said vehicles, and the extent of contemptuous conduct given that the full knowledge of wrongdoing is solely in the possession of the Superb Plaintiffs; 2) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for wrongfully transferring ownership of one or more of the thirty (30) injuncted vehicles in violation of the injunction(s) at ECF # 55, as amended, at issue; 3) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for allowing one or more of the thirty (30) injuncted vehicles to be repossessed by one or more of the Floor Plan Lenders, including, but not limited to NMAC and/or NextGear, in violation of the injunction(s) at ECF # 55, as amended; 4) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for failing to timely deliver the thirty (30) injuncted vehicles to a lot operated by Anthony Deo in Hicksville, New York, as ordered by this Court in its several related orders issued on May 9, 2025, May 21, 2025, and May 22, 2025; 5) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for failing to timely deliver the keys to the thirty (30) injuncted vehicles to Anthony Deo in Hicksville, New York, as ordered by this Court in its several related orders issued on May 9, 2025; May 21, 2025; and May 22, 2025; 6) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for failing to timely deliver the titles to the thirty (30) injuncted vehicles to Anthony Deo in Hicksville, New York, as ordered by this Court in its several related orders issued on May 9, 2025; May 21, 2025; and May 22, 2025; 7) to be in civil and/or

9

criminal Contempt before or after the evidentiary hearing, if ordered, for washing vehicle titles in violation of the injunction(s) at ECF # 55, as amended, at issue; 8) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for wrongfully encumbering the injuncted vehicles in violation of the injunction(s) at ECF # 55, as amended, at issue, and as already found and ordered by this Court set forth *at* page 9 in this Court's Order dated May 20, 2025, denying, *inter alia,* Nissan's intervention; 9) to be in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for failing to insure/safeguard/locate the thirty (30) injuncted vehicles in violation of the injunction(s) at ECF # 55, as amended, at issue; 10) to be held in civil and/or criminal Contempt before or after the evidentiary hearing, if ordered, for purposely undervaluing the thirty (30) injuncted vehicles for the purpose of skimming money as part of the transactions that the Superb Plaintiffs were permitted to make under the injunction(s) at ECF #55, as amended, at issue; and 11) for such other and further relief as the Court deems necessary, just, equitable and proper.

After the conduct of the hearing, if allowed, I will request to submit a memorandum further outlining penalties and damages. My accompanying Declaration sets forth the value of the cars and the amount of time I had to spend on this set of papers, but the exact penalties are unknown until and unless the situation with the injuncted vehicles is fully and transparently presented at hearing.

Dated: Wantagh, New York
       June 30, 2025

                                          Respectfully submitted,


                                          /S/ *Harry R. Thomasson*
                                          _____
                                          Harry R. Thomasson, Esq.
                                          3280 Sunrise Highway, Box 112
                                          Wantagh, New York  11793
                                          Tel. 516-557-5459
                                          Email:  hrtatty@verizon.net

10