UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SUPERB MOTORS INC. *et al.*,

                    *Plaintiffs*,

        -against-

ANTHONY DEO *et al.*,

                    *Defendants*.
-------------------------------------------------------------X

**ORDER**
23-CV-6188 (JMW)

**A P P E A R A N C E S:**

    Emanuel Kataev
    **Sage Legal LLC**
    18211 Jamaica Avenue
    Jamaica, NY 11423
    *Attorneys for Plaintiffs Superb Motors Inc.,*
    *Team Auto Sales LLC and Robert Anthony Urrutia*

    **Harry R. Thomasson**
    3280 Sunrise Highway, Ste Box 112
    Wantagh, NY 11793
    *Appearing Pro Se*

    *No appearances by other Parties*

**WICKS**, Magistrate Judge:

On May 8, 2024, the undersigned granted the sale of the "Superb Injuncted" Vehicles with the exception of the Isuzu flatbeds and the thirteen vehicles that belong to third parties.[1] (ECF No. 172 at 14-15.) Superb Plaintiffs ("Plaintiffs") provided notice of this sale on May 30, 2025, which as represented occurred on May 29, 2025.[2] (ECF No. 293 at 2.) Now before the

---

[1] The Vehicles at issue here are 30 vehicles that are subject to the Injunction as defined in ECF No. 55 at 28.

[2] Superb Plaintiffs are Superb Motors Inc., Team Auto Sales LLC and Robert Anthony Urrutia.

1

Court is Plaintiffs' request for leave to place the sale funds into an escrow account (ECF No. 297), which Defendant Harry R. Thomasson ("Mr. Thomasson") opposes (ECF No. 302). For the reasons that follow, the application to transfer funds is **GRANTED**.

## DISCUSSION

On November 25, 2023, Plaintiffs sought relief to modify the Injunction, which included among other things, the sale of the Superb Injuncted Vehicles due to the termination of its floor plan lender allegedly caused by Defendants and in order to preserve the value of the vehicles. (ECF No. 111 at 7-9.) In connection with that motion, the undersigned granted the sale and wrote:

> Given the change in financial circumstances that has occurred—*i.e.*, Superb's closure—Plaintiffs' request to sell the *Superb* vehicles (with the exception of the Isuzu flatbeds and the thirteen (13) vehicles that belong to third parties) and hold the funds in escrow for the remainder of these proceedings is granted. Plaintiff shall account to the Court as to the sales when made. Plaintiffs shall further file proof of the monies in escrow *immediately* following the sale of each of the vehicles.

(ECF No. 172 at 15.)

Recently, Plaintiffs provided notice of the sale and now would like to transfer the funds to an interest-bearing escrow account as this Court directed Plaintiffs to. Specifically, Plaintiffs sold twelve (12) vehicles for a total of $110,000.[3] (ECF No. 297 at 1.)

Mr. Thomasson's opposition addresses the merits of the sale rather than the propriety of transferring funds to escrow. Mr. Thomasson argues that the Court should "refrain from making any decision on the requested escrow of funds until there is a full and final investigation and Order into the Superb Plaintiffs' and/or their attorney's wrongdoing that seems readily apparent.

---

[3] The twelve vehicles sold held the following VIN numbers: (i) 1FDWX37R38ED27725; (ii) 1C4RDHDG7JC438967; (iii) WBXHT3C59K5L90009; (iv) ZARFAEDN3J7575105; (v) 5UXWX9C50H0T04666; (vi) 1FATP8UH1K5152260; (vii) 2C3CDXHG6MH531592; (viii) 2C3CDXHG1MH505823; (ix) ZN661XUAXHX252844; (x) SALWR2RV8JA189351; (xi) WBXHT3C57K5L90705; and (xii) WDBUF56X99B373460. (*Id.*)

…" (ECF No. 301 at 2.) While the Court is cognizant of the concerns raised by Mr. Thomasson, placing the funds into an escrow account at this juncture under these circumstances is the safest course. Having the proceeds secured in Counsel for Plaintiff's escrow account allows for safekeeping and later disbursement of the funds upon court order. *See E.E.O.C. v. Loc. 638 (3)27 Loc. 28 of the Sheet Metal Workers' Int'l Ass'n*, 117 F. Supp. 2d 386, 394 (S.D.N.Y. 2000), *aff'd sub nom. E.E.O.C. v. Loc. 28 of Sheet Metal Workers Int'l Ass'n*, 247 F.3d 333 (2d Cir. 2001) ("an escrow fund would provide the flexibility to easily disperse funds to those individuals who, through the hearings, are determined to be entitled to [the funds].")

Therefore, Plaintiffs are granted leave to transfer the $110,000 from the sale proceeds into an interest-bearing escrow account held by Mr. Kataev, Counsel for Plaintiffs. The proceeds shall remain in that escrow account, unencumbered and shall not be used, transferred or disbursed without application on notice to all counsel and leave of Court.

## CONCLUSION

For the reasons stated herein, Superb Plaintiffs' Motion to deposit funds in a separate interest-bearing account (ECF No. 297) is **GRANTED**.

Dated: Central Islip, New York
July 1, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

3