# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  
Wantagh, New York  11793  
Tel. 516-557-5459  
hrtatty@verizon.net

Admitted:  
Massachusetts  
New York

June 8, 2025

Honorable James M. Wicks  
U.S. Federal District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

      Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*  
             Case No. 2:23-cv-6188 (JW)

Your Honor:

      I am writing in response to the letter Motion for Reconsideration submitted to this Court's docket *at* ECF #240 by the Superb Plaintiffs.  Plaintiffs utterly fail to satisfy the rigorous standard for reconsideration under Local Civil Rule 6.3 and binding Second Circuit precedent. Their motion does not identify any controlling law or material fact overlooked by the Court, nor does it present any genuinely new evidence that was previously unavailable despite the exercise of reasonable diligence.

      Instead, Plaintiffs improperly attempt to reargue points that were fully briefed and adjudicated, to revive legally deficient claims, and to obscure their own contradictory conduct in this and other proceedings. This is a textbook example of an improper motion to relitigate issues already decided. Courts consistently reject such tactics. *See Davidson v. Scully*, 172 F. Supp. 2d 458, 463 (S.D.N.Y. 2001) ("A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced, nor is it a substitute for appeal.")

      Moreover, Plaintiffs' credibility is now in tatters. Their principal, Anthony Urrutia, has filed a verified complaint in Nassau (New York) Supreme Court (*Urrutia, et al., v. Gold Coast/Syosset,* Index No. 611909/2025) asserting direct ownership and control over Gold Coast Motors of Syosset LLC ("GCM")—a company he previously alleged in this case was fraudulently created and operated by the Defendants. This self-contradiction eviscerates Plaintiffs' RICO and unfair competition theories and constitutes a fraud on this Court.

      Motions for reconsideration are disfavored and granted only in extraordinary circumstances.  *Analytical Surveys, Inc. v. Tonga Partners, L.P*., 684 F.3d 36, 52 (2d Cir. 2012) ("Reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."); *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).  To succeed, the moving party must show either: (1) an intervening change of controlling law; (2) the availability of new

evidence not previously available; or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992).

I.  Plaintiffs' Motion Fails to Satisfy Any Ground for Reconsideration

The motion should be denied because it neither presents newly discovered evidence nor identifies any legal error or oversight by this Court. Courts have repeatedly emphasized that dissatisfaction with an outcome does not warrant reconsideration. *In re Facebook, Inc., IPO Sec. & Derivative Litig*., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) ("[R]econsideration is not an invitation for parties to treat the court's initial decision as the opening round of a dialogue.") Plaintiffs' assertions regarding their intention to bring direct rather than derivative claims are belied by their own prior pleadings, which repeatedly framed the causes of action as derivative in nature. The Court's reading of the pleadings was entirely reasonable. A party cannot create a basis for reconsideration by retroactively revising the framing of its claims.

II.  Plaintiffs' "New Evidence" Against CPA Defendants Is Neither New Nor Material

The emails attached to Plaintiffs' motion are not new evidence within the meaning of Rule 60(b) or Local Civil Rule 6.3. These communications, dating back to mid-2023, were either already in Plaintiffs' possession or could have been obtained through ordinary discovery diligence: The person with whom Anthony Deo was communicating was a Superb/Urrutia employee hired by Plaintiff Urrutia; the emails were sent via the Superb computer system still entirely owned, possessed, and controlled by Plaintiff Urrutia.

In addition, the content of these emails does not alter the Court's sound reasoning in dismissing the CPA-related claims. At most, the correspondence reflects Defendants' attempt to prepare internal financial documents based on data provided by Superb/Urrutia produced financials as reviewed by an accountant—not falsify records for fraudulent purposes as conveniently and inaccurately concluded by the Superb Plaintiffs here. E.g., courts have repeatedly held that professional malpractice and fraud claims against accountants require specific allegations of knowledge, scienter, and causation. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, 1994 WL 88129 (S.D.N.Y. 1994); *Houbigant, Inc. v. Deloitte & Touche LLP*, 303 A.D.2d 92, 100 (1st Dep't 2003).

Even taken at face value, Plaintiffs' theory of injury—"we were misled into thinking we were profitable"—is insufficient to state a cognizable injury. Courts reject generalized allegations of being "lulled" into complacency as insufficient under Rule 9(b). *See Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc*., 39 F. Supp. 3d 516, 521 (S.D.N.Y. 2014).

III.  Plaintiffs' RICO and Unfair Competition Theories Are Now Demonstrably False

Plaintiffs' foundational theory—that Defendant Deo secretly established and operated the Gold Coast dealerships to compete with Superb Motors—has been exposed as false by Plaintiff Urrutia's own sworn statements in his June 2025 Verified Complaint in *Urrutia v. Gold Coast Motors of Syosset LLC*, Index No. 611909/2025.

In that filing, Urrutia: 1) Asserts he owns 80% of GCM of Syosset, LLC (a named "competing" entity in this action);  2) Asserts derivative claims on behalf of that entity; and 3) Seeks declaratory relief establishing his managerial control and majority interest in GCM.  These assertions directly contradicts Urrutia's position here that Gold Coast was fraudulently established and operated by Deo to the exclusion and detriment of the Plaintiffs. Such sworn "facts" are directly contradictory and cannot both be true.  This is a textbook case for judicial estoppel, which bars a party from taking inconsistent positions in judicial proceedings to manipulate outcomes. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1038 (2d Cir. 1993) ("Where a party asserts a position in a legal proceeding…he may not thereafter... assume a contrary position, simply because his interests have changed.")

Plaintiffs' misrepresentations go to the heart of their RICO and unfair competition claims here. Those claims should be dismissed—they should now be deemed frivolous and sanctionable.

IV. Reconsideration Should Not Be Used to Evade the Court's Deadlines or Undermine Judicial Economy

Plaintiffs failed to timely raise their present arguments in opposition to the motions to dismiss. They now improperly use this motion to advance alternative theories and explanations that could have—and should have—been presented earlier. This flouts the orderly litigation process and the Court's discretion to manage its docket.  *Gallop v. Cheney*, 645 F.3d 519, 521 (2d Cir. 2011).  Permitting this reconsideration would encourage Plaintiffs to continue asserting contradictory legal positions in parallel proceedings, burdening both courts and parties. Reconsideration should not serve as a safety net for inconsistent litigation tactics, which the Plaintiffs continually and improperly employ in this proceeding, including here again.

V. The Court Did Not Misunderstand Plaintiffs' Claims Regarding Northshore and Sunrise

Plaintiffs also argue that the Court erred by treating certain claims as derivative rather than direct. However, Plaintiffs' own Third Amended Complaint and their motion papers failed to clearly identify those claims as direct claims asserted by Northshore and Sunrise in their own right. The Court's reading of the TAC was logical and based on how Plaintiffs themselves framed the case.  Even if Plaintiffs now wish to assert direct claims on behalf of those entities, the appropriate vehicle was a motion to amend—which has already been decided. Plaintiffs cannot use a motion for reconsideration to relitigate or circumvent that ruling. *Aquino v. Alexander Capital*, 2023 WL 2751541 (S.D.N.Y. 2023).  Even if the Court were to revisit this issue, the challenged claims remain legally deficient due to a lack of standing, corporate authority, and factual support.

## CONCLUSION

For the foregoing reasons, I respectfully ask the Court to deny Plaintiffs' (most recent of many improperly brought) motion for reconsideration in its entirety. Plaintiffs have failed to meet the high burden required to disturb this Court's detailed and well-reasoned March 21, 2025 Order. Their motion is not only legally insufficient—it is factually undermined by their own duplicity.

Respectfully submitted, I remain,

Very truly yours,

*Harry R. Thomasson*

Harry R. Thomasson, Esq.