# Sage Legal LLC
**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

**VIA ECF**                                                                                                          July 22, 2025

United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

    *Re:* **<u>Superb Motors Inc., *et al.* v. Deo, *et al.*
       Case No.: 2:23-cv-6188 (JMW)</u>**

Dear Judge Wicks:

  This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.

  Together with the Island Auto Group Plaintiffs,[1] the Plaintiffs submit this reply letter[2] in further support of their letter motion to respectfully seek: (1) an extension of time in which to file the Amended Complaint pursuant to Rule 6 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"); and (2) reconsideration of this Court's Order dated March 21, 2025 (the "Order") pursuant to Local Civil Rule ("LCR") 6.3 on the grounds of mistake and in the interest of justice concerning: (a) the treatment of those causes of action which implicate Northshore Motor Leasing, LLC ("Northshore") and 189 Sunrise Hwy Auto LLC ("Sunrise") as proposed defendants; and (b) in the interest of justice and in light of the new evidence submitted herein which was received after full briefing of the Defendants' motions to dismiss.

**<u>The CPA Defendants Offer No Basis to Deny Reconsideration</u>**

  Defendants Jones, Little & Co., CPA'S LLP ("JLCPA") and Thomas Jones, CPA ("Jones") (JLCPA and Jones collectively hereinafter the "CPA Defendants") initially argue that "no new evidence that was not already in plaintiffs' possession has been presented as a basis to deny Plaintiffs' letter motion for reconsideration. However, this conclusory statement is simply untrue.

---

[1] 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, Brian Chabrier, Joshua Aaronson, Jory Baron, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC and Island Auto Management, LLC.

[2] Plaintiffs respectfully request leave of this Court to submit the instant reply as a letter rather than a formal memorandum of law (as required by Local Civil Rule 7.1) in accordance with Rule 1 of the Federal Rules of Civil Procedure (hereinafter "Rules"), which requires that the Rules be construed, administered, and <u>employed</u> <u>by</u> <u>the</u> <u>court</u> and the parties to secure the <u>just</u>, <u>speedy</u>, and <u>inexpensive</u> determination of every action and proceeding. <u>See</u> Fed. R. Civ. P. 1 (emphasis added). Due to the emergency nature of the relief requested, Plaintiffs respectfully submit that this Court should grant leave to file the instant motion as a letter motion rather than a formal motion.

As discussed in Plaintiffs' letter motion, the CPA Defendants and the Deo Defendants each produced documents in mid-April 2024, while the Plaintiffs' opposition to the motion to dismiss was filed on March 29, 2024. The CPA Defendants offer no evidentiary basis for their assertion that Plaintiffs were in possession of documents and communications exchanged between their co-Defendants in this case. As such, the CPA Defendants' argument that "a party moving for reconsideration cannot rely upon facts, issues, or arguments that were previously available but not presented to the Court or reargue issues that have already been considered" is unavailing, as the documents were *not* previously available to the Plaintiffs.

The CPA Defendants argue that they, themselves, produced the evidence Plaintiffs rely on in their moving papers, but this is similarly untrue. As set forth in the Declaration of Robert Anthony Urrutia ("Urrutia Declaration"), Plaintiffs produced only one piece of the puzzle without producing the accompanying request by Defendant Anthony Deo ("Deo") to falsify financial statements. See ECF Docket Entry 241 ¶ 12 ("Jones knowingly submitted the fabricated P&L to this Court and falsely attested to its truth and accuracy in his own sworn declaration. See ECF Docket Entries 169-5 (sworn declaration) and 170-3 (standalone email sans accompanying email from Deo asking Jones to create a falsified financial statement); cf. Ex. C [ECF Docket Entry 241-3]").

The CPA Defendants also argue that Plaintiffs fail to establish "what if any, facts or controlling case law were overlooked or misinterpreted by this Court." But this argument is directly contradicted by the Urrutia Declaration, which provides actual evidence that was necessarily overlooked by this Court because Plaintiffs were unable to present same in opposition to the CPA Defendants' motion to dismiss. The facts this Court overlooked consist of the email exchanges between Deo and Jones wherein Deo requests that Jones prepare falsified financial statements. Rather than providing accurate accounting reports that Jones is required to do as a professional, Jones acquiesced to Deo's request to provide a statement which "shows a profit" notwithstanding his direct knowledge that the dealership did not turn a profit.

The CPA Defendants further argue that there is nothing to show or support any intent to defraud. However, this argument ignores that the CPA Defendants facilitated the apparition of $4 million dollars in revenue that was not present. The email communications between Deo and Jones constitutes evidence of their collusion with each other because Jones provided falsified financial statements without verifying the accuracy of the information. In that regard, Jones' averment that the statements provided by JLCPA to Deo as requested were prepared "per the information you provided to [Jones by Deo]" is meaningless and constitutes nothing more than an attempt to deflect blame for professional malpractice on Deo, a client of Jones who has a criminal history for engaging in fraud. See Anwar v. Fairfield Greenwich Ltd., 728 F. Supp. 2d 372, 423 (S.D.N.Y. 2010) (denying motion to dismiss and discussing accountants' independent duty to verify information provided to it while ignoring red flags).

The CPA Defendants argument that they can be absolved of liability for malpractice because they relied on "information" provided by Deo ignore the fact that there was no basis to add an additional $4M in revenue, nor do the CPA Defendants provide this Court with any basis to believe that their financial statement was properly prepared.

To that end, the CPA Defendants' assertion that nothing in Plaintiffs' letter motion for reconsideration presents evidence that they were negligent is as misguided as it is meritless; the CPA Defendants have failed to properly justify upon what grounds they were able to issue a financial statement that was clearly falsified.

The CPA Defendants' final argument, that plaintiffs fail to present any evidence or new facts that would either show intent on JLC's part or that indicate any alleged deviation from the applicable standard of care in support of an accounting malpractice claim, is – once more – belied by the evidence submitted by the Plaintiffs. Deo asked Jones to *create* a statement showing a profit and provided figures without supporting them; Jones blindly did Deo's bidding without investigating the basis for the figures provided. This is manifest malpractice.

The Deo Defendants,[3] led by their disqualified counsel (who nonetheless continues representing them and making arguments on their behalf) make the same arguments that the CPA Defendants make. These arguments are meritless for the same reasons discussed *supra*. There are only two (2) new arguments raised by the Deo Defendants which Plaintiffs address herein.

As an initial matter, setting aside the fact that Defendant Harry R. Thomasson, Esq. ("Thomasson") should not be raising arguments on behalf of the Deo Defendants, Thomasson has no standing to raise arguments on behalf of the CPA Defendants. See S.E.C. v. Lines, No. 07-CIV.-11387 (DLC), 2009 WL 2431976, at *2 (S.D.N.Y. Aug. 7, 2009) ("the Litigating Defendants do not explain why they have standing to raise claims on the Unserved Defendants' behalf") (citing Farrell v. Burke, 449 F.3d 470, 494 (2d Cir.2006) ("Federal courts as a general rule allow litigants to assert only their own legal rights and interests, and not the legal rights and interests of third parties").

Turning to the merits of their submission, the Deo Defendants argue that Plaintiffs knew about the new discovery they rely upon because one of their employees was a recipient of those emails. But the email between Deo and Jones does not have employees of Superb copied, nor are those emails stored on Plaintiffs' computers, as they are between Jones and Deo using his @northshoremotors1.com email address. See ECF Docket Entry 241-3.

The Deo Defendants cite to Am. Federated Title Corp. v. GFI Mgt. Services, Inc. for the general proposition that being lulled into complacency is insufficient to state a claim for fraud. See 39 F. Supp. 3d 516, 520-523 (S.D.N.Y. 2014). However, this case does not stand for that proposition, and the court there found that there were sufficient allegations to give rise to a claim for fraud. Id. at 527 ("Plaintiff's factual allegations are sufficiently particularized, … and by describing a scheme to collect subtenant rents while deferring and ultimately breaching the purchase and sale agreement with Plaintiff, the complaint generates a sufficiently "strong inference" of fraudulent intent, as required by Rule 9(b)").

---

[3] Thomasson also argues on the Deo Defendants' behalf that Urrutia's subsequent filing of a complaint against Gold Coast Motors of Syosset LLC ("GCM") undermine his claims here. However, this argument fails to hold water. Urrutia's verified complaint expressly provides that Deo began operating GCM without his knowledge or consent. See ¶¶ 13-14 of Complaint.

Accordingly, the Deo Defendants provide no basis to deny reconsideration.

**Defendants Fail to Raise a Basis in which to Deny the Motion for Reconsideration Concerning the Amended Allegations in the Proposed Pleadings**

In Thomasson's opposition, which is merely adopted by counsel by the Deo Defendants,[4] he wrongly argues that the Court did not misapprehend Plaintiffs' arguments; that Plaintiff was no longer asserting claims derivatively on behalf of Northshore and Sunrise, but was asserting direct claims that did not need to allege the prerequisite language or name them as nominal defendants. In so arguing, Thomasson states that the "motion papers failed to clearly identify those claims as direct claims asserted by Northshore and Sunrise in their own right. The Court's reading of the TAC was logical and based on how Plaintiffs themselves framed the case."

To the contrary, both Plaintiffs' motion and TAC made clear that the derivative claims were now being amended as direct claims, and as such there was no need to name Northshore and Sunrise as nominal defendants nor was that relief sought by Plaintiffs. As such, the Order, which denied "joining Northshore and Sunrise as nominal defendants, and the proposed claims that follow on their behalf and against them," was based upon a misapprehension of the relief sought by Plaintiffs in the TAC.

As noted in the letter motion for reconsideration (ECF Docket Entry 240), Plaintiffs' memorandum in support explained that the TAC was no longer asserting derivative claims, and was, instead, filing these claims as direct claims. (Plaintiffs Memo Page 37).[5]

Plaintiffs' memorandum drew attention to, and argued, that although the FAC originally framed these claims as derivative, the TAC amended them and specified that each claim was now being raised as a direct claim, therefore obviating the need to satisfy the requirements of a derivative claim (such as adding nominal defendants), which was the only basis raised by Defendants in seeking to dismiss these claims. Despite Thomasson's insistence, these amended claims in the TAC cannot be read as derivative.

In fact, in order to highlight the changes in the TAC, a black lined copy was annexed as Exhibit B to Plaintiffs' Declaration in Support of the Second Cross Motion. (ECF Docket Entry 183-2). In it, every reference to "derivative" was visibly stricken from the proposed TAC, making it clear that all derivative claims were being amended in favor of direct claims. As such, except for counts 38 and 40 of the FAC (40 and 41 of the TAC), all of these direct claims neither sought, nor required, Northshore or Sunrise to be defendants, nominal or otherwise.

---

[4] Despite having been disqualified from representing the Deo Defendants, it appears that Thomasson continues to act as their attorney, drafting the arguments which are merely adopted by the Deo Defendants' new counsel, who offers no independent arguments.

[5] "A review of the salient facts and allegations reveal that there was no necessity to assert these claims derivatively, and the TAC seeks to recast these claims as direct claims asserted by Northshore or Sunrise, as appropriate. And, because these claims are asserted directly, there is no need to name the entities as nominal defendants for this purpose." (ECF Docket Entry 182)

Consequently, as no relief to join Northshore and Sunrise as nominal defendants was sought, the Order denying the right to join Northshore and Sunrise as nominal defendants, and the proposed claims that follow on their behalf and against them, requires reconsideration, and – in so doing – granting leave to amend the FAC's derivative claims to be stated as direct claims in the TAC.

Further, as noted in the letter motion, as to counts 38 and 40 of the FAC (40 and 41 of the TAC), the FAC filed on October 13, 2023 already specifically named both Northshore and Sunrise as alternate defendants in these causes of action. It was just the caption of the case which inadvertently omitted listing them as such. As such, the motion seeking to add the parties to the caption, which parties had already been named in the pleading, should have been granted.

**Good Cause Exists for an Extension of Time to Amend the Complaint**

Defendants do not address Plaintiffs' argument concerning an extension of time. As such, they concede that Plaintiffs are entitled to an Order extending their time to file an amended complaint until such time that this motion is decided.

Plaintiffs thank this Court for its continued time and attention to this case.[6]

Dated: New York, New York
July 22, 2025

Respectfully submitted,
**CYRULI SHANKS & ZIZMOR LLP**
_____/s_____
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*

---

[6] Plaintiffs respectfully seek leave to file this letter motion in excess of the 1,500 word count limit set forth in this Court's Individual Practice Rules on account of the fact that it consists of two separate motions for reconsideration. The current word count of approximately 2,693 words is less than the 3,000 word limit had these motions been filed separately.

5

                                            *76 Fisk Street Realty LLC,*
                                            *446 Route 23 Auto LLC,*
                                            *Island Auto Management, LLC,*
                                            *Brian Chabrier,*
                                            *Joshua Aaronson, and*
                                            *Jory Baron*

Dated:  Jamaica, New York
         July 22, 2025                  Respectfully submitted,
                                            **SAGE LEGAL LLC**
                                            By:  */s/ Emanuel Kataev, Esq.*
                                            Emanuel Kataev, Esq.
                                            18211 Jamaica Avenue
                                            Jamaica, NY 11423-2327
                                            (718) 412-2421 (office)
                                            (917) 807-7819 (cellular)
                                            (718) 489-4155 (facsimile)
                                            emanuel@sagelegal.nyc

                                            *Attorneys for Defendants*
                                            *Superb Motors Inc.*
                                            *Team Auto Sales LLC, &*
                                            *Robert Anthony Urrutia*

**VIA ECF**
All counsel of record