# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:

Massachusetts
New York

August 22, 2025

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
            Case No. 2:23-cv-6188 (JW)

Your Honor:

Please be reminded that I am a *pro-se* Defendant in the above-referenced matter.  I am writing to Move to Extend Certain Dates applicable in the above-referenced matter, as follows:

1. During February 2025, and again in July 2025, I suffered strokes that required hospitalizations and recovery.  The second stroke in July necessitated bed rest and very little work this summer.  Yesterday, one of my doctors finally cleared me to begin to get back to work, a process that is expected to take about two (2) weeks and includes having to gain clearance from other doctors in the interim.  Beginning this week, my health is finally approaching 100%, and I expect to return to my normal schedule, work, and activities in about two (2) weeks.  If the Court requires any further details about my health, I am happy to speak with the Court, *in camera,* at the Court's convenience.

2. On August 8, 2025 *at* ECF #316 on the docket of this case, Plaintiffs filed their latest Amended Complaint, which was corrected and re-filed on August 11, 2025.  On September 26, 2023 *at* ECF #51 on the docket of this case, I and the Deo co-Defendants filed a Waiver of Service of the Complaint in this action, and the Court immediately ordered the Answer or other responsive pleadings to be filed within sixty (60) days of that filing (November 27, 2023).  Also on September 26, 2023, the first of the Defendants to file a pre-Motion conference request to dismiss the Complaint, Flushing Bank, filed their pre-Motion conference request *at* ECF #52.  As this Court well knows, all of the Defendants eventually moved for dismissal, leading eventually to the Plaintiffs' filings of the latest Amended Complaint on August 8, 2025, and correction/re-filing on August 11, 2025.  As a result of the dates in this paragraph, it is my position that any Answers or pre-Motion conference requests to dismiss in response to the latest Amended Complaint must be filed by October 10, 2025, sixty (60) days from the August 11, 2025, refiling/correction of the latest Amended Complaint.

1

3.  Regardless of whether there is unanimity regarding my calculations for the due date for responses to the latest Amended Complaint, I am hereby moving to extend the date for the filing of responses to the latest Amended Complaint to October 31, 2025, due to the following two reasons:  1) my health has not permitted me to perform any substantive work this summer, which is expected to extend and continue for two (2) more weeks; and 2) the holidays this year at the end of September extend into mid-October.  Accordingly, I hereby move to allow responses to the latest Amended Complaint to be filed on or before October 31, 2025.

4.  As a separate Motion, I am also hereby moving to extend the dates set forth by this Court in its scheduling order entered on July 2, 2025, just after ECF docket #309 and just before ECF docket #310 on the docket of this case.  By the time I fully get back to work in the near future, I will have missed more than sixty (60) days of work on this case since the Court entered its scheduling order on July 2, 2025.  Given the upcoming holidays, given on-going (endless) doctor visits, and given the time already missed working on this case, I hereby move to extend each of the dates set forth in this Court's July 2, 2025 scheduling order, by sixty (60) days each.  I argue that there is no prejudice in this brief delay, especially not after the endless delays and Motion practices foisted on everyone associated with this case by the Plaintiffs; I need the extra sixty days to comply with each of the dates set forth by the Court given my health, this year's holidays, and the fact that I am a solo practitioner, so I hereby request that each of the dates in this Court's July 2, 2025 scheduling order be extended by sixty (60) days under the circumstances.

Awaiting the Court's decision, I remain,

Very truly yours,

*Harry R. Thomasson*

Harry R. Thomasson, Esq.

2