# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

<u>VIA ECF</u>                                                                                                         August 27, 2025
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

        *Re:*    **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
               <u>**Case No.: 2:23-cv-6188 (JMW)**</u>

Dear Judge Wicks:

      This firm, together with Cyruli Shanks & Zizmor LLP, represents the Plaintiffs in the above-referenced case. The parties write jointly consistent with this Court's August 22, 2025 Order to submit a joint status report concerning their efforts to meet-and-confer about the issues raised in Defendant Harry R. Thomasson, Esq.'s ("Thomasson") letter motion for an extension of time to respond to the Third Amended Complaint. <u>See</u> ECF Docket Entries [317](#), [316](#), and Text Only Order dated August 22, 2025. The parties met-and-conferred virtually for approximately thirty (30) minutes on Tuesday, August 26, 2025. Present at the meeting was Thomasson, Bonnie Golub, Esq. for Libertas Funding LLC ("Libertas"), Ariel E. Ronneberger, Esq. for Flushing Bank ("Flushing"), and your undersigned attorneys.

      Notably, despite being invited to participate in the virtual meet-and-confer, Jeffrey Benjamin, Esq. ("Benjamin"), representing the bulk of the defendants, all of whom Thomasson was disqualified from representing, simply stated in his email that he was unavailable at that time, "but [we] can go forward without [him, as Thomasson] can talk scheduling *for us*." (emphasis added). Despite Benjamin failing to join in the meet-and-confer, relegating his authority on behalf of his clients to Thomasson notwithstanding his disqualification, Thomasson claimed that he saw Benjamin's demurer but that they had not spoken in advance and he therefore could not comment on Benjamin's position concerning extensions and scheduling. This resulted in wasting all counsel's time at the virtual meet-and-confer, as Thomasson was unprepared to address his request for an extension.

      The parties discussed Thomasson's request for a sixty (60) extension of time to respond to the complaint. As an initial matter, it must be noted that the answer to Plaintiffs' Third Amended Complaint was due on Friday, August 22, 2025. <u>See</u> Fed. R. Civ. P. 15(a)(3) (providing that "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later"); <u>see also</u> ECF Docket Entry [316](#) (amended complaint filed on Friday, August 8, 2025). Notwithstanding the fact that the Defendants have defaulted, Plaintiffs agreed with Libertas and Flushing to extend their deadline to respond to the complaint to Monday, September 15, 2025, and offered Thomasson the same extension.

Thomasson unreasonably refused, citing to his original request for sixty (60) days, repeatedly raised his voice and speaking in an irate manner that he allegedly suffered two strokes, and because he may decide to move to dismiss the complaint again[1] (which he could not provide any basis for because he admitted that he has not yet reviewed the complaint).[2]

Despite informing Thomasson that a sixty (60) day extension of time is unwarranted because he only represents himself, and Benjamin has not appeared at the virtual meet-and-confer as required by this Court's Order, as well as offering Thomasson until September 15, 2025 to respond to the complaint, the parties could not reach agreement on when Thomasson must respond to the complaint.

It is therefore Plaintiffs' position that Thomasson, Libertas, and Flushing should receive an extension of time to respond to the complaint until Monday, September 15, 2025, and that the Deo Defendants should be held in default due to their failure to request[3] an extension of time or appear at the virtual meet-and-confer on August 26, 2025. Plaintiffs anticipate filing their request for a certificate of default on or before Friday, August 29, 2025.

As to discovery, the parties broadly agreed that all deadlines in the July 2, 2025 Scheduling Order be extended and/or adjourned by sixty (60) days. Once a firm answer deadline is set for the non-defaulting Defendants, the parties intend to submit a proposed revised case management plan within seven (7) days.

Plaintiffs thank this Court for its continued time and attention to this case.

Dated: New York, New York
August 27, 2025

Respectfully submitted,

**CYRULI SHANKS & ZIZMOR LLP**

_____/s_____
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

---

[1] Libertas indicated a possible similar intention during the virtual meet-and-confer.

[2] Thomasson also claimed that he did no work this summer due to his health issues, but conceded this was untrue when your undersigned pointed out that he submitted a motion in a related action on August 4, 2025. See Urrutia v. Gold Coast Motors of Syosset LLC, et al.; Index No.: 611909/2025 (Nassau County Supreme Court), NYSCEF Docket Entries 37-42.

[3] As acknowledged by Thomasson in his letter, he is a *pro se* Defendant who does not represent any of the remaining Defendants by virtue of this Court's Order disqualifying him from representing the Deo Defendants in this case. Notwithstanding the foregoing, Thomasson has taken the lead as counsel in this case with Benjamin failing to be involved in this case. This conduct smacks of evading this Court's disqualification Order and must be stopped.

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

Dated: Jamaica, New York
August 27, 2025

Respectfully submitted,
**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Superb Motors Inc.*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record