UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SUPERB MOTORS, INC., TEAM AUTO SALES LLC., ROBERT ANTHONY URRUTIA, 189 SUNRISE HIGHWAY AUTO LLC., NORTHSHORE MOTOR LEASING, LLC., BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC, and ISLAND AUTO MANAGEMENT, LLC,

Docket No. 2:23-cv-6188(OEM)(ST)

**DECLARATION OF COUNSEL FOR DEO DEFENDANTS IN OPPOSITION TO MOTION FOR SANCTIONS and IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFFS' and PLAINTIFFS' COUNSEL**

Plaintiffs

-against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, TOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING, LLC,

Defendants

------------------------------------------------------------------X

1

Jeffrey Benjamin, pursuant to 28 U.S.C. § 1746, declares under the penalties provided by law that the following is true and correct:

1. I am counsel to the Deo Defendants and have knowledge of the facts recited herein.

2. The purpose of this Declaration is to 1) respond to the utterly frivolous motion for sanctions conjured up by counsel for Plaintiffs and Mr. Urrutia, 2) oppose same and 3) ask for a monetary and injunctive sanctions against the Plaintiffs and their counsel.

3. The Deo Defendants respectfully request a monetary sanction against Plaintiff and his counsel jointly for making an utterly baseless, vexatious and bad-faith motion in an amount deemed appropriate by the Court, or after submission of a time billing report for the waste of judicial resources presented by this motion.

4. In opposition however, fatal to the Plaintiffs' absurd motion is the absence of any Court order or other directive that it was improper for me to simply join Mr. Thomasson's papers, in the primary interest of judicial economy. This Court has accepted those statements and never once indicated same was improper; and respectfully neither should it. Indeed, there is not even a good-faith request by Plaintiffs' counsel to the Court, to have me respond further to all prior papers, before making this utterly frivolous motion. But of course, that is consistent with the Plaintiffs *modus operandi* of churning this case for attorneys' fees for themselves, and the desperate wish that Defendants' incur the same.

5. Judicial economy is a foreign concept to the Plaintiffs and their counsel Mr. Kataev. This "cross"- motion goes to the very essence of 28 U.S.C. §1927 and the Court's inherent power to issue sanctions. It is foreign to Plaintiffs and their counsel especially due to their feigned insolvency represented at conference to this Court in light of two

(2) ridiculous appeals of this Court's prior Orders against them, and the motion practice in both the Second Circuit and this Court.

6. Plaintiffs seem to want to spend their alleged limited resources to fuel motion practice in multiple courts, rather than on compliance with the court ordered injunction against them.

7. With respect to this motion, and in addition to the arguments herein, I join the Declaration of Harry Thomasson, Esq. as to this case's history, its status and absence of any merit of Plaintiffs' motion here.

8. Defendants and myself generally deny all allegations of perjury and any other nefarious conduct ludicrously put forward in this motion.

9. Additionally, these Defendants seek immediate injunctive relief from the Court to require Plaintiffs only, to seek permission from the Court before making any future motions herein. Plaintiffs incessant, bad-faith, and disingenuous handling of this case coupled with a clear lack of candor with the Court, respectfully demand that the Court put a stop to what is clearly vexatious litigation. At very least, Defendants beseech the Court to exercise its inherent power to control its calendar by placing a unilateral restriction on Plaintiffs and their counsel to seek permission for any motion in the future.

10. I need not remind the Court of the prior sanctions issued against these Plaintiffs for violating prior Court Orders. This motion is Plaintiff and his counsel's bad-faith exercise of "reverse psychology."

11. I note to the Court that Plaintiffs have sought sanctions against the undersigned in the Second Circuit for my mere asking for an adjournment of the Mediation there.

12. On behalf of the Deo Defendants, I respectfully request this Court deny the motion for sanctions with prejudice, and issue an appropriate counter-sanction, both monetary and injunctive as described above for the bringing of such a frivolous and vexatious motion, along with such other and further relief as the Court deems necessary, just, equitable and proper.

Dated: New York, New York
October 22, 2025

Yours etc.
THE LINDEN LAW GROUP, P.C.

*Jeffrey Benjamin*

BY: JEFFREY BENJAMIN, ESQ.
*Attorneys for Deo Defendants*
250 Park Avenue, 7th Floor
New York, New York 10177
(212) 655-9536