# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:

Massachusetts
New York

October 27, 2025

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
              Case No. 2:23-cv-6188 (JW)

Your Honor:

    I am writing to (provisionally) request a Stay of the time to file an Answer in the above referenced case.  Please be advised, as follows:

1. On August 8, 2025, Plaintiffs filed their 3rd Amended Complaint in the instant action. *See* ECF document number 316

2. On August 27, 2025, this Court entered an Order for responses/answers to the 3rd Amended Complaint to be filed by today, October 27, 2025.

3. I remind this Court that I conducted a two-year investigation into the situations involving the parties in the instant and other related actions, resulting in the Amended Complaint I filed in the action styled as *Deo, et al. v. Baron, et al.,* EDNY docket number 2:24-cv-06903 (NJC/JMW).  The Amended Complaint in that action was filed on January 31, 2025, *at* ECF document number 67 in that case. That investigation, and the resulting Amended Complaint with Exhibits (A-Z) therefrom, was necessary given both the complexity of the situation and my lack of first-hand knowledge of the facts and parties relating hereto.  As of November, 2022, when the Aaronson parties shuttered and ruined both NorthShore and 189 Sunrise, I had performed work for those two businesses consisting of less than a dozen combined cases before Long Island Consumer Affairs departments regarding allegations of used car troubles by purchasers. I barely knew Anthony Deo, and did not know any of the other Deo co-Defendants or other individuals involved in these cases.  At that point in time (end of November, 2022), I had been introduced to Sara Deo, *but not another individual in these eventual cases.*  So the starting point for me in what turned out to be a two-year investigation was simply this:  I knew then, as I continue to know since, that the allegations against me were and are *entirely* false.

1

4. And then the investigation proved to me, particularly by and through the Exhibits A-Z attached to the Amended Complaint in that action before Judge Choudhury, that the allegations by the Plaintiffs in this action against all of the Defendants are also *entirely* false.

5. While I believe that yet another (partial) Motion to Dismiss is appropriate regarding the Plaintiffs' 3rd Amended Complaint in this case, the decision has been made that since such a Motion would only attack part of the 3rd Amended Complaint, such a Motion to Dismiss would therefore not be economical for various reasons. Accordingly, and since the entirety of the Plaintiffs' 3rd Amended Complaint is so vitally linked to Plaintiffs' false allegations, especially that the Aaronson Plaintiffs falsely allege ownership of NorthShore and 189 Sunrise Highway, Mr. Benjamin on behalf of the Deo co-Defendants and I have agreed that a Rule 11 application is the better, more economical course. Accordingly, Mr. Benjamin has initiated (and I join his Notices in all respects) Rule 11 Notices to the Plaintiffs demanding the withdrawal of their 3rd Amended Complaint as a necessary first step to initiating Motions under Rule 11.

6. It is my position that the Rule 11 Notices initiating Rule 11 Motion practice for the fraud perpetrated upon the Court by and through the 3rd Amended Complaint, are responses sufficient to satisfy this Court's August 27, 2025 scheduling Order regarding responses/answers to the 3rd Amended Complaint. However, out of an abundance of caution and fully expecting objections from the Plaintiffs, I am writing to this Court to specifically and timely obtain Court Ordered relief regarding the filing of an Answer today, which is why I characterize my request as "provisional," *supra*.

7. Please understand, your Honor, that the Plaintiffs/Billionaires are transparently utilizing their financial might and fraudulent allegations to harm the Defendants, and they have certainly succeeded to date. The investigation I conducted resulting in the Amended Complaint filed in Judge Choudhury's case made clear to me that the Plaintiffs are engaged in a broad, undeniable fraud upon this Court, and I believe that any fair reading of that Complaint with Exhibits would result in agreement with my position. I believe that it is necessary to obtain a Court Order on the ownership of NorthShore and 189 Sunrise to put an end to the fraud that is the Plaintiffs' case; thus, Mr. Benjamin and I are pursuing Rule 11 Notices and eventual Motion practice.

Therefore, I am writing to obtain a Court Order staying the necessity of filing an Answer in the instant case until either the Complaint is withdrawn pursuant to the Rule 11 Notices demanding same and already given to all counsel of record for the Plaintiffs earlier today, or, in the alternative, until five (5) days after a decision is made by the Court on the within application and/or on the imminent Rule 11 Motion practice. The fraud that is this case must end, your Honor; the Plaintiffs are wrongfully, needlessly, yet purposely harming everyone through a fraud upon the Court. For ease of purpose and to keep the Court informed, attached hereto as Exhibit A is a true and accurate copy of the Rule 11 Notice sent to all counsel of record in this action.

Respectfully submitted, I remain,

Very truly yours,

*Harry R. Thomasson*

Harry R. Thomasson, Esq.