# EXHIBIT A

# THE LINDEN LAW GROUP, P.C.

**250 Park Avenue, 7th Floor**
**New York, New York 10177**
**(212) 655-9536**

---

October 27, 2025

**Via E-Mail**

Emanuel Kataev, Esq.
Sage Legal
emanuel@sagelegal.nyc

      Re:    Superb Motors, Inc., et al. v. Anthony Deo, et al.
              Case No. 2:23-cv-6188 (JW)

Dear Mr. Kataev:

      As you know, this firm represents the Deo Defendants in the above-referenced matter. After careful review of your Third Amended Complaint filed by Plaintiffs on August 8, 2025, we have concluded that the pleading violates Rule 11(b) of the Federal Rules of Civil Procedure in multiple and independent respects, and demand you withdraw your Third Amended Complaint with prejudice. I am advised that Mr. Thomasson joins in this letter demand.

      Annexed immediately hereto are the Complaint and Exhibits you were served with in January, 2025 in the related matter of *Deo, et al. v. Baron, et al.*, 2:24-cv-06903 (NJC/JMW). Your clients are parties to and you are counsel in that case, and I need not explain its extensive allegations and Exhibits to you. To date, you have not answered that Complaint either denying or admitting to its contents. I suggest you read that Complaint again and carefully review its Exhibits, and once done, reconsider your filing of this utterly frivolous pleading.

      In summary however, that Complaint, supported by its Exhibits (A-Z), sets forth in detail how the Superb Plaintiffs in the instant action have no legal standing or capacity to sue, and how they attempted to steal the Deos' corporations known as NorthShore Motors and 189 Sunrise Highway.

      Exhibits (A-Z) attached to the Amended Complaint in that action filed on January 31, 2025, prove unequivocally that 1) the Deos formed NorthShore Motors; 2) the Deos still own NorthShore Motors; 3) the Deos purchased 189 Sunrise Hwy from the Aaronson parties; 4) the Deos still own 189 Sunrise Hwy; 5) at all relevant times, the Deos were the leaseholders for NorthShore Motors and made all lease payments thereon; 6) since their purchase of 189 Sunrise Hwy., the Deos were the leaseholders for 189 Sunrise Hwy., and made all lease payments thereon; 7) in conjunction with the purchase of 189 Sunrise Hwy., the Deos also took over the payments and responsibility of all warranties issued by 189 Sunrise Hwy., which Nissan's warranty department can only assign with the full knowledge and authority of the outgoing owners (various Aaronson parties) who necessarily assigned and had to assign the warranties only to the incoming owners (the Deos); 8) the Deos caused and continue to cause all tax returns and documents (both state and federal) to be filed for both corporations; and 9) there are a series of Exhibits proving various frauds by all of the Plaintiffs in their respective attempts to

wrongfully blame all of the Deo Defendants, wrongfully ruin the Deo Defendants' lives and businesses, and escape their own extensive wrongdoing. Your clients cannot dispute this evidence in the instant matter. As such, your filing of the Third Amended Complaint violates FRCP Rule 11(b) in the following summary respects.

1. **Rule 11(b)(1) – Improper Purpose**

As indicated in the *Deo, et al v. Baron, et al.* action, but more particularly in its Exhibits, the Third Amended Complaint you filed is calculated to harass the Deo Defendants and needlessly increase the cost of litigation. The Complaint and its Exhibits comprehensively show the utter lack of merit and documentary support in your clients' case herein. We demand you withdraw the Third Amended Complaint immediately and with prejudice as it was clearly filed for this improper purpose.

2. **Rule 11(b)(2) – Unsupported Legal Contentions**

Your Third Amended Complaint is rife with unsupported legal contentions, and was knowingly filed in the face of an utter absence of a required showing of standing and ownership of the property in question, and therefore an utter lack of capacity to sue. Further, the Third Amended Complaint fails to state a cause of action because it does not plead the alleged fraud and RICO causes with particularity. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir.2004); *Logfret, Inc. v. Gerber Finance, Inc.*, 559 F.Supp.3d 348 (S.D.N.Y.2021) (complaint must specify statements plaintiff contends were fraudulent, identify speaker, state where and when statements were made, and explain why statements were fraudulent).

Even if the particularity requirement were satisfied, these counts still fail to state a cause of action due to a lack of reasonable reliance. There is no colorable argument that your clients could have reasonably relied on a statement they knew to be false. *See Banque Franco–Hellenique de Commerce v. Christophides*, 106 F.3d 22, 27 (2d Cir.1997).

3. **Rule 11(b)(3) – Lack of Evidentiary Support**.

All material factual assertions in your Third Amended Complaint lack any evidentiary basis, and numerous of them appear conclusory. *See Cellucci v. O'Leary*, No. 19-CV-2752 (VEC), 2020 WL 977986, at *1 (S.D.N.Y. Feb. 28, 2020) (Allegations are accepted only if they are non-conclusory.). Indeed, conclusory pleadings on information and belief are inadequate as a matter of law to survive a motion to dismiss. See *Egan v. TradingScreen, Inc.*, No. 10 Civ. 8202(LBS), 2011 WL 1672066, at *9 (S.D.N.Y. May 4, 2011).

Court filings must be "warranted under existing law and have evidentiary support" and not be presented "for any improper purpose." *Source Vagabond Sys. Ltd. v. Hydrapak, Inc.*, 2012 WL 1223928, at *7 (S.D.N.Y. Apr. 11, 2012), *aff'd* 488 F. App'x 471 (Fed. Cir. 2013) (granting motion for sanctions). Attorneys have an "affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Perry St. Software, Inc. v. Jedi Techs., Inc.*, 2020 WL 6064158, at *6 (S.D.N.Y Oct. 14, 2020).

Pursuant to Rule 11(c)(2), we hereby serve this safe-harbor notice and warn that we intend to file a motion for sanctions should you not withdraw the Third Amended Complaint. Unless the Complaint is withdrawn in its entirety within 21 days after service of this letter is complete – that is on or before **November 18, 2025** – we will thereafter file our motion with the Court. Upon filing, we will seek all appropriate sanctions, including without limitation dismissal of the action with prejudice, an award of the Defendants' attorneys' fees and costs incurred in responding to the Complaint and preparing the Rule 11 motion; and any additional relief the Court deems just and proper.

Please confirm in writing when you have withdrawn the Complaint. Failure to do so will leave us no choice but to file the sanctions motion.

Nothing herein can or shall be construed as a waiver of the defendants' rights, all of which are expressly reserved.

Very truly yours,

*Jeffrey Benjamin*

Jeffrey Benjamin, Esq.

cc: All Parties appearing herein