UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA,  189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

**Case No.: 2:23-cv-6188 (JMW)**

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP,  FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

Defendants.

-------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
SUPERB MOTORS INC, TEAM AUTO SALES LLC, AND ROBERT ANTHONY
URRUTIA'S MOTION FOR CONTEMPT & SANCTIONS AND IN OPPOSITION TO
THE DEO DEFENDANTS' CROSS-MOTION FOR SANCTIONS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT.................................................................................................................... 2

A. Deo, Thomasson, and Benjamin Have Failed to Refute That They Repeatedly Engaged in Bad Faith Conduct by Submitting Demonstrably False Testimony, Committing Perjury ........ 2

B. This Court Should Deny the Deo Defendants' Defective Cross-Motion for Sanctions......... 7

CONCLUSION................................................................................................................ 11

**TABLE OF AUTHORITIES**

**Cases**

Anhui Konka Green Lighting Co., LTD. v. Green Logic LED Elec. Supply, Inc.,
    No. 18-CIV.-12255, 2021 WL 621205 (S.D.N.Y. Feb. 17, 2021) ....................................9

Bombard v. Central Hudson Gas & Elec.,
    614 N.Y.S.3d 577 (3d Dept. 1994) ..................................................................................6

Dejana Indus., Inc. v. Vill. of Manorhaven,
    No. 12-CIV.-5140, 2015 WL 1275474 (E.D.N.Y. Mar. 18, 2015) ..................................8

Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc.,
    No. 07-CV-3662, (KAM) (MDG), 2009 WL 2997382 (E.D.N.Y. Sept. 15, 2009) …….6

Lopez v. Metro & Graham LLC,
    No. 22-CIV.-332, 2022 WL 18809176 (E.D.N.Y. Dec. 16, 2022).....................................8

Lopez v. Metro & Graham LLC,
    No. 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) ...............................................................8

Molina v. Xia,
    No. 22-CIV.-864, 2025 WL 2950626 (E.D.N.Y. Oct. 20, 2025) ......................................7

Randall v. Dish Network, LLC,
    No. 217CV05428ADSGRB, 2018 WL 3235543 (E.D.N.Y. July 2, 2018) ......................7

Samtech LLC v. Brooklyn Armed Forces, LLC,
    No. 23-CIV.-1185 (NCM) (RML), 2025 WL 2582501 (E.D.N.Y. Aug. 13, 2025) ....... 7-8

Samtech LLC v. Brooklyn Armed Forces, LLC,
    No. 23-CIV.-1185 (NCM) (RML), 2025 WL 2576481 (E.D.N.Y. Sept. 5, 2025) ......... 7-8

Superb Motors Inc., *et al.* v. Deo, *et al.*,
    Docket No.: 25-1330 (2d Cir.)........................................................................................2

Urrutia v. Deo,
    Index No.: 618608/2023 (Nassau County Supreme Court) .............................................3

Wilmington PT Corp. v. Danialian,
    No. 19-CIV.-1972 (GRB) (JMW), 2023 WL 2632499 (E.D.N.Y. Mar. 24, 2023)……..6

Woo Hee Cho v. Oquendo,
    No. 16-CIV.-4811, 2018 WL 9945701 (E.D.N.Y. Aug. 25, 2018) ...................................8

**Rules**

Fed. R. Civ. P. 11 ............................................................................................................7

Local Civil Rule 7.1 ........................................................................................................7

Local Rule 33.1(e) ...........................................................................................................2

## PRELIMINARY STATEMENT

Defendants Anthony Deo ("Deo"), Harry R. Thomasson, Esq. ("Thomasson"), and Jeffrey Benjamin, Esq. ("Benjamin") have utterly failed to show that the declarations they have submitted in this case under penalty of perjury contained true statements. Instead, the ringleaders of the Deo Defendants duck, dither, and dawdle in an effort to defend themselves despite the demonstrably definitive evidence they have repeatedly perjured themselves. Indeed, out of the nine (9) specific outright lies they have infested the docket with, Deo, Thomasson, and Benjamin only bother to address two (2) or three (3) of them, and poorly at that, cluttering the case with *more* falsehoods.

To add insult to injury, the Deo Defendants have collectively ganged up on Plaintiffs Superb Motors, Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs") by filing a cross-motion for sanctions, but did not bother to file any memorandum of law in support as required by the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules" or "LCR"). Based on this, alone, their poorly cobbled-together cross-motion must be denied. However, even were this Court to consider the Deo Defendants' motion on the merits, it must be denied.

This is because the motion is supported by controlling Second Circuit authority, which the Deo Defendants fail to challenge or refute both on the facts and the law. Glaringly, the Deo Defendants' cross-motion *fails to cite a single case or any authority* in support of their cross-motion (or in opposition to the Superb Plaintiffs' motion, for that matter). Courts have consistently found that the failure of an opposing party to challenge facts presented and/or legal arguments made by the moving party constitutes a concession by the opposing party. Thus, as argued further below, the Superb Plaintiffs' motion should be granted, and the Defendants' cross-motion denied.

## ARGUMENT

### A.    Deo, Thomasson, and Benjamin Have Failed to Refute That They Repeatedly Engaged in Bad Faith Conduct by Submitting Demonstrably False Testimony, Committing Perjury

In Thomasson's declaration in opposition, he first argues – without any citation to evidence or authority – that the Superb Plaintiffs' accusations against him are false "as only [he] could know with complete first-hand knowledge." See ECF Docket Entry 327 ¶ 3. In other words, Thomasson tells this Court that he is telling the truth because he is telling the truth. The absurdity of this contention alone requires no further argument.

Thomasson next parries the Superb Plaintiffs' motion for contempt and/or sanctions due to his perjury by making arguments in opposition to the Superb Plaintiffs' motion before the United States Second Circuit Court of Appeals ("Second Circuit") for non-compliance sanctions pursuant to Local Rule 33.1(g) of the Local Rules and Internal Operating Procedures of the Court of Appeals for the Second Circuit ("Local Rules"). See Superb Motors Inc., *et al.* v. Deo, *et al.*, Docket No.: 25-1330 (2d Cir.), ECF Docket Entry 41.

But that motion, related to the Deo Defendants' failure to comply with a CAMP[1] Order, is not before this Court. Indeed, the Superb Plaintiffs do not even mention the Second Circuit CAMP conference in the instant motion. As a result, Thomasson's arguments[2] concerning the proceedings before the Second Circuit are irrelevant to this motion.

---

[1] CAMP is an acronym for the Civil Appeals Mediation Program.

[2] Thomasson clearly has not read Local Rule 33.1, despite facing a contempt motion related to that Local Rule since September 9, 2025. Had he done so, he would have learned it provides that "[t]he attorneys and other participants are prohibited from disclosing what is said in a CAMP proceeding to anyone other than clients, principals or co-counsel, and then, only upon receiving due assurance that the recipient will honor confidentiality." See Local Rule 33.1(e). Thomasson will have to explain his second violation of Local Rule 33.1 to the Second Circuit in a separate motion.

2

Thomasson also addresses a recent decision issued on September 23, 2025 in a related lawsuit in which the Hon. Jerome C. Murphy, J.S.C. ("Justice Murphy") granted Urrutia summary judgment against Deo for his myriad breaches of warranties and representations in their Cross-Purchase Agreement, rescinding the agreement.  See Urrutia v. Deo, Index No.: 618608/2023[3] (Nassau County Supreme Court), NYSCEF Docket Entry 134.  However, while the Superb Plaintiffs respectfully submit that Justice Murphy's decision should have a *res judicata* effect on defenses raised by Deo in this case (to be addressed in separate motion practice), it is irrelevant to the Court's disposition of the motion currently before it.

Perhaps in an effort to deflect from the undeniable evidence of his perjury in this case, Thomasson next raises issues with the Superb Plaintiffs' alleged non-compliance with the injunction and questioning the Superb Plaintiffs' ability to muster resources to continue litigating. Both of these arguments are irrelevant (as they are inappropriate) to resolving the issue of whether Thomasson, Deo, and Benjamin have engaged in perjury warranting a finding of contempt and/or sanctions.  Thomasson finally devotes attention to some of the arguments raised by the Superb Plaintiffs in their motion in *four* of the twenty-two paragraphs of his declaration.

First, Thomasson denies having any involvement in the operations of Superb when Deo operated the dealership despite the fact Thomasson had his own office within the dealership. See ECF Docket Entries 86 ¶¶ 3-7 (discussing observations by an officer of Superb of Thomasson's presence at dealership) and 88 ¶¶ 14-15, 17 (Thomasson himself admitting "I asked for and was given a small office at Superb Motors' dealership…"), 28, 29(d).

---

[3] As discussed in the operative complaint, Urrutia did not pursue claims against Deo for his breaches of the representations and warranties contained in their Cross-Purchase Agreement because that agreement required any dispute arising under it be litigated in the Supreme Court of the State of New York, Nassau County.  See ECF Docket Entries 316 ¶ 379 n. 6 and 11-1 § 15.

Bewilderingly, Thomasson denies having *any* involvement in any audit of Superb despite Deo's inclusion of Thomasson in an email instigating the audit, and notwithstanding the fact Thomasson was copied on all 250 emails providing documents in response to the request for an audit.  See ECF Docket Entry 38-6 at 6 ("To aid with this research, I have included Thomas Jones *and Harry Thomasson* in this email.  *They are part of my forensic team*") (emphasis added); see also ECF Docket Entry 95-1 (screenshot depicting a summary of 250 emails sent to Thomasson with the financials for Urrutia's dealerships).  In essence, Thomasson has chosen to double down on his perjury without any adequate explanation.

Thomasson meekly explains in his declaration that "[a]t most, others occasionally copied me on emails that I rarely, if ever, read in real time, since Mr. Deo informed me[4] (when I was included on an email) that there were times he included me on emails so that others knew he was informing an attorney of the contents of the email, and since he concurrently would tell me that he didn't need me to perform any work thereon."

However, Thomasson cannot simply feign ignorance or duck his head in the sand to address the unmistakable evidence that, contrary to his self-serving perjurious statements, he was constructively on notice that Deo sought an audit and Urrutia submitted documents in response to that request.  Thomasson's prior declarations unequivocally carried Deo's lies that Urrutia engaged in some sort of chicanery with financials at Superb when the evidence demonstrates exactly the opposite.  Indeed, had any financial improprieties existed, the Deo Defendants would be sure to harp on this.  They have not because there were no improprieties, despite the fact they possess these documents to this very day.

---

[4] The Superb Plaintiffs respectfully submit that this statement constitutes a waiver of the attorney-client privilege between Thomasson and Deo.

4

As such, Thomasson's alleged abandonment of his own email inbox can serve as no defense to his demonstrable perjury.

Next, Thomasson argues with respect to the Rolls Royce that the check allegedly issued by Urrutia for it was never cashed. See ECF Docket Entry 327 ¶ 19. However, there was no check; Urrutia issued a wire to pay for the Rolls Royce. See ECF Docket Entry 38-9 at 12 ("*Wire to CAR BUYERS NYC INC*" with "Memo PAYOFF 3 NXTGR VEH *17ROLLS* 18Q7 19C300") (emphasis added). In that regard, Thomasson's opposition is baffling, as the evidence irrefutably establishes a payment was made for the Rolls Royce while Thomasson continues to lie to this Court that it was not. Even more stunning, Thomasson tells this Court that he reviewed documents to confirm the alleged check was never cashed but entirely *failed to present this Court with any of the evidence he allegedly reviewed*.

Last, Thomasson argues that even though Cayer *did* produce the documents requested (which he and Deo both lied about to this Court when they submitted sworn declarations Urrutia fired Cayer to *prevent* an audit such that they never received *any* documents), an audit was not possible to perform because Urrutia engaged in a document dump. Setting aside the obvious point that this argument, itself, proves Thomasson and Deo perjured themselves in their declarations, Thomasson and Deo wrote to Urrutia and Cayer that *their forensic team* was involved in reviewing the documents they sought. Forensic teams frequently work with document dumps to discern the data retrieved and make sense of it; the fact that Deo's forensic team is apparently incompetent (assuming *arguendo* that there were improprieties, which there were not) does nothing to change the fact that Thomasson and Deo committed perjury in their declarations when they each averred that Urrutia fired Cayer to prevent an audit from occurring.

5

Benjamin also submitted a declaration[5] in opposition to the instant motion.  See ECF Docket Entry 328.  There, Benjamin only defends the propriety of his joinder to Thomasson's "papers," and submits he did so for the sake of judicial economy.  Id. ¶ 4.  Rather than address the serious allegations of perjury against Deo, he simply issues a general denial.  Id. ¶ 8.

In other words, Thomasson, Deo, and Benjamin each failed to address the documented perjury concerning: (i) the alleged unawareness of the $650,000.00 NESNA advance; (ii) the alleged theft of $760,000.00; (iii) Deo's alleged lack of control[6] over the finances at Superb; (iv) Merckling's alleged lack of involvement at Superb; (v) the alleged improvement of Superb's financial condition at the hands of Deo; (vi) Urrutia's alleged title washing; and (vii) Urrutia's fleeing to Costa Rica.   As such, Deo, Thomasson, and Benjamin have conceded that they have engaged in perjury on these points.  See Wilmington PT Corp. v. Danialian, No. 19-CIV.-1972 (GRB) (JMW), 2023 WL 2632499, at *3 (E.D.N.Y. Mar. 24, 2023) ("Defendants' Answer purports to allege ten affirmative defenses. … In its motion for summary judgment, Plaintiff addresses the ten affirmative defenses, seeking to have each affirmative defense stricken. … However, Defendants have not addressed or made any arguments in opposition to Plaintiff's motion with respect to their first, second, fourth, sixth, seventh, eighth, ninth and tenth affirmative defenses. … Accordingly, the Court deems that Defendants have abandoned these defenses, and Plaintiff's motion to strike the aforementioned affirmative defenses is granted") (citing Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc., No. 07-CV-3662, (KAM) (MDG), 2009 WL 2997382, at *9 (E.D.N.Y. Sept. 15, 2009) ("Federal courts may

---

[5] Benjamin unnecessarily refiled an identical declaration in support of the Deo Defendants' cross-motion.

[6] Glaringly, Deo failed to submit any declaration addressing his financial misconduct.

deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way"); see also Bombard v. Central Hudson Gas & Elec., 614 N.Y.S.3d 577, 580 (3d Dept. 1994) (holding under New York state law, the failure to provide argument on a point at issue constitutes abandonment of the issue).

It is worthy to note that courts apply this maxim outside of motions for summary judgment. See, e.g., Randall v. Dish Network, LLC, No. 2:17-CIV.-5428 (ADS) (GRB), 2018 WL 3235543, at *5 (E.D.N.Y. July 2, 2018) (Spatt, J.) ("In light of the Plaintiff's failure to address these claims in his opposition papers to this motion [to dismiss pursuant to Rule 12(b)(6)], the above-mentioned claims are deemed abandoned") (collecting cases).

It also bears repeating that the crux of the Superb Plaintiffs' motion lies in 28 U.S.C. § 1927 and this Court's inherent power, both of which are analyzed to determine whether a party's vexatious conduct was designed to unnecessarily multiply the proceedings. In that regard, the Deo Defendants' most recent stunt in seeking a stay pending the completion of a twenty-one (21) day safe harbor period provided by Rule 11 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), resulting in an Order finding that this Court "independently [has not] been able to find authority for the proposition that a stay to respond to a pleading that is the subject of a Rule 11 letter is justified" only bolsters the Superb Plaintiffs' position that the Deo Defendants' strategy to delay, delay, delay in hopes that the Superb Plaintiffs throw in the towel on their claims is being done in bad faith, warranting relief.

Accordingly, this Court should find that Deo, Thomasson, and Benjamin each engaged in perjury by providing false testimony to this Court in multiple declarations and issue appropriate relief.

**B.**     **This Court Should Deny the Deo Defendants' Defective Cross-Motion for Sanctions**

As a procedural matter, this Court should dispense[7] with reviewing the Deo Defendants' cross-motion for sanctions because they failed to file, as required, a memorandum of law in support of their motion.  Local Civil Rule 7.1 provides that "[e]xcept for letter-motions as permitted by this or any other Rule, or as otherwise directed by the court: … [a]ll motions must include the following motion papers … [a] memorandum of law, setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined …"  See LCR 7.1(a)(2).

Courts routinely deny motions for a party's failure to comply with Local Civil Rule 7.1.  See, e.g., Molina v. Xia, No. 22-CIV.-864, 2025 WL 2950626, at *9 (E.D.N.Y. Oct. 20, 2025) ("As stated above, Plaintiffs failed to file a memorandum of law with their motion for default judgement, pursuant to Local Rule 7.1. … This resulted in the denial of Plaintiffs' first motion for default judgment"); see also Samtech LLC v. Brooklyn Armed Forces, LLC, No. 23-CIV.-1185 (NCM) (RML), 2025 WL 2582501, at *2 (E.D.N.Y. Aug. 13, 2025), report and recommendation adopted, 2025 WL 2576481 (E.D.N.Y. Sept. 5, 2025) ("The omission of a memorandum of law is sufficient to warrant denial of a motion …") (citing Lopez v. Metro & Graham LLC, No. 22-CIV.-332, 2022 WL 18809176, at *3 (E.D.N.Y. Dec. 16, 2022), report and recommendation adopted, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) ("The failure to comply with Local Rule 7.1 is enough on its own for a court to deny the motion"); Woo Hee Cho v. Oquendo, No. 16-CIV.-4811, 2018 WL 9945701, at *1 n.2 (E.D.N.Y. Aug. 25, 2018) (denying a motion on grounds that plaintiff violated Local Rule 7.1 by failing to file a memorandum of law).

---

[7] Indeed, because the Local Civil Rules extend this requirement to opposition papers, this Court should deem that the Deo Defendants abandon any defense to the Superb Plaintiffs' motion.  See LCR 7.1(a)(4)

The Deo Defendants may assert at oral argument that their declarations should constitute a memorandum of law; such an argument would be unavailing. Setting aside the fact that their declarations cite no "cases or authorities relied on in support" of their cross-motion, courts have routinely rejected the use of declarations as substitutes for memoranda of law in context of compliance with the Local Civil Rules. See Samtech LLC, 2025 WL 2582501, at *2 ("Although plaintiff submitted an attorney declaration and the declaration of plaintiff's [representative], those declarations do not take the place of a memorandum of law") (citing Lopez, 2022 WL 18809176, at *3 ("Although Plaintiff's counsel submitted an attorney declaration in support of the Motion containing his legal argument, such an affirmation does not take the place of a memorandum of law"); Dejana Indus., Inc. v. Vill. of Manorhaven, No. 12-CIV.-5140, 2015 WL 1275474, at *3 (E.D.N.Y. Mar. 18, 2015) ("[U]nder [LCR] 7.1, legal argument must be set forth in a memorandum of law, not in an attorney affirmation"). Because the Deo Defendants unquestionably failed to submit a memorandum of law in support of their cross-motion in compliance with the Local Civil Rules, it must be denied on that ground alone. Notwithstanding the foregoing, because courts in the Second Circuit "have been reluctant" to dismiss motions for violating the rule, reasoning that "it would serve the interests of justice to resolve the motion ... on the merits rather than on procedural deficiencies,"[8] the Superb Plaintiffs respectfully address the cross-motion on the merits. The Deo Defendants seek sanctions against the Superb Plaintiffs and your undersigned for filing "utterly baseless, vexatious and bad-faith motion in an amount deemed appropriate by the Court" and a filing injunction against the Superb Plaintiffs because of "Plaintiffs incessant, bad-faith, and disingenuous handling of this case coupled with a clear lack of candor with the Court."

---

[8] See Anhui Konka Green Lighting Co., LTD. v. Green Logic LED Elec. Supply, Inc., No. 18-CIV.-12255, 2021 WL 621205, at *1 (S.D.N.Y. Feb. 17, 2021) (collecting cases).

However, the Deo Defendants fail to explain *why* the Superb Plaintiffs' motion is utterly baseless, vexatious, or made in bad faith. Further, they fail to address the standard required to obtain a filing injunction, let alone *how* the Deo Defendants meet any such standard.

Despite being forced to operate in the dark as to the basis of the Deo Defendants' cross-motion, the Superb Plaintiffs respectfully submit that their moving papers in support shine a bright light as to the basis of their motion. The law provides that parties must tell the truth when submitting sworn declarations under penalty of perjury to the court, a tribunal invested with the power to assist parties in uncovering the truth.

This truth-seeking function has been repeatedly hampered by the submission of false declarations with known lies designed to stymie the Plaintiffs from having their day in court. The Deo Defendants' campaign of lies must come to an end, with the law upheld, and an Order issued that will not only remedy their bad faith conduct, but serve as a deterrent to other parties in unrelated cases from engaging in such conduct to the opposing party's detriment and their benefit.

The Superb Plaintiffs' motion carries a wealth of authority, both binding and persuasive, in support of their position. Similarly, the evidence submitted by the Superb Plaintiffs demonstrably proves that Deo, Thomasson, and Benjamin engaged in perjury when they submitted sworn declarations riddled with falsehoods. Indeed, as noted above, Deo, Thomasson, and Benjamin failed to address seven (7) of the outright lies they put before this Court.

Because the Superb Plaintiffs' motion is supported by binding authority and demonstrable evidence, they respectfully submit that the cross-motion must be denied.

## CONCLUSION

For the foregoing reasons, the Superb Plaintiffs' motion for contempt and sanctions should be granted.

Dated: Jamaica, New York
    October 27, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

   */s/ Emanuel Kataev, Esq.*

Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanual@sagelegal.com

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

11