```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
```

| | |
|---|---|
| SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC, | Case No.: 2:23-cv-6188 (JMW)<br><br>**REPLY DECLARATION OF ROBERT ANTHONY URRUTIA IN FURTHER SUPPORT OF PLAINTIFFS' SUPERB MOTORS INC, TEAM AUTO SALES LLC, AND ROBERT ANTHONY URRUTIA'S MOTION FOR CONTEMPT & SANCTIONS AND IN OPPOSITION TO THE DEO DEFENDANTS' CROSS-MOTION FOR SANCTIONS** |

                                        Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                                        Defendants.
------------------------------------------------------------------X

        Robert Anthony Urrutia declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am the President of Plaintiffs Superb Motors Inc. ("Superb") and the sole member of Team Auto Sales LLC ("Team").[1]

2. Superb, Team, and I (the "Superb Plaintiffs") consist of one group of Plaintiffs in this case who have been defrauded and harmed by Defendant Anthony Deo ("Deo") and his cohort.

3. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of documents I maintain at Superb and Team in addition to information I have learned from employees, customers, vendors, and other third parties concerning the Defendants and their conduct.

4. I respectfully submit this reply declaration in further support of the Superb Plaintiffs' motion for contempt & sanctions for defendants' Deo's and Harry R. Thomasson, Esq.'s ("Thomasson") repeated perjury together with their counsel Jeffrey Benjamin, Esq. ("Benjamin"), and in opposition to the Deo Defendants' cross-motion for sanctions.

5. The Deo Defendants fail to address a single factual allegation or exhibit submitted with my October 8, 2025 declaration (hereinafter the "Declaration"). See ECF Docket Entry 324.

6. Instead, they submit new falsehoods and contradictions that further confirm their ongoing perjury and bad faith.

7. Every act of perjury identified in the Declaration – including the forged Flushing Bank account, unauthorized checks and ACH withdrawals, false DMV certifications, fabricated profit-and-loss statements, and the Libertas loan misuse – remains completely unrebutted.

8. Deo's inability to rebut these points should result in this Court deeming them true.

---

[1] I was also the owner of Volkswagen of Freehold in New Jersey, Team Mitsubishi-Hartford in Connecticut, and Team Nissan of Pittsfield, Massachusetts.

9. Notably, in similar circumstances, the Hon. Jerome C. Murphy, J.S.C. ("Justice Murphy") found in a related action (identified in the accompanying reply memorandum of law) that Deo's failure to refute such proof constitutes abandonment of his defenses on those issues.

10. Defendants' silence here mirrors the same pattern: they offer no evidence, no meaningful declarations, and no exhibits to dispute the specific facts I provide this Court, i.e., that Deo, Thomasson, and Benjamin have repeatedly perjured themselves.

11. Defendants now claim that the 2017 Rolls-Royce payoff was "made up" or paid with a "check that may not be real."

12. That is categorically (and, more importantly, demonstrably) false.

13. On April 18, 2023, Superb Motors wired $210,900.00 to pay off Deo's NextGear loan for that vehicle. See ECF Docket Entry 38-9 at 12 ("Wire to CAR BUYERS NYC INC" with "Memo PAYOFF 3 NXTGR VEH 17ROLLS 18Q7 19C300") (emphasis added).

14. On April 19, 2023, Deo provided proof that NextGear received those funds in full. See ECF Docket Entry 220-16.

15. This one-day sequence is documented as set forth above and it irrefutably disproves Deo's, Thomasson's, and Benjamin's new claim.

16. The payment was real, timely, and originated from Superb Motors, not from Deo.

17. Deo's sworn statements about Alysia Cayer ("Cayer") are mutually exclusive and provably false.

18. In his September 11, 2023 Declaration, Deo swore that I "fired Cayer to prevent a forensic review." See ECF Docket Entry 30 ¶ 23.

19. But in his October 22, 2025 filing, Thomasson for the first time claims Cayer "sent a massive data dump" and was unavailable after being fired. See ECF Docket Entry 327 ¶ 21.

3

20. Both cannot be true.

21. On or about March 22, 2023, over 2,000 pages of financial records were transmitted by Cayer at my direction to Deo, Thomas Jones, and Thomasson, and are all records that are already part of this case.

22. This proves both Deo and Thomasson received full access to each of the documents Deo specifically demanded and that their current claims to the contrary are knowingly false.

23. The Deo Defendants also repeatedly reference settlement discussions from the Second Circuit's CAMP Mediation Program.

24. However, I am advised that such statements are strictly prohibited under Federal Rule of Evidence 408, EDNY Local Civil Rule 83.8, and Second Circuit Local Rule 33.1.

25. Those paragraphs should be stricken and it is respectfully submitted that this Court should therefore not consider those statements.

26. Incredibly, the Deo Defendants do not deny:

   a. Opening the Flushing Bank account falsely listing Deo as 100% owner of Superb;
   b. Executing unauthorized ACH withdrawals exceeding $500,000.00;
   c. Misusing Libertas Funding proceeds;
   d. Failing to deposit a single cash or check deposit in Superb's legitimate Chase account since April 2023; or
   e. Submitting false DMV certifications and perjured statements to this Court.

27. Their refusal to address these core facts amounts to further abandonment and tacit admission.

28. Critically, this Court should infer that the reason the Deo Defendants fail to deny the foregoing facts and those set forth in the moving papers is because they cannot do so, and therefore presume them to be true.

4

29. Similarly, I respectfully ask that this Court take judicial notice of Justice Murphy's September 23, 2025 decision, which conclusively found, *inter alia*, that:

   a. Deo misrepresented ownership in the Cross-Purchase Agreement;
   b. He failed to transfer interests as required; and
   c. He abandoned every defense by not submitting any admissible evidence.

30. Deo now threatens an "appeal" but cites no legal or factual error.

31. If anything, his threat to carry this litigation through 2027 is evidence of his violations of 28 U.S.C. § 1927.

32. Indeed, just yesterday, Deo's, Thomasson's, and Benjamin's latest filing indicates the same bad faith attempt to unnecessarily delay and prolong these proceedings by failing to answer the complaint as required and instead seeking a stay on grounds not permitted under the law.

33. I am grateful to the Court that these actions were seen for what they were, and appreciate both this Court's Orders addressing their misconduct, as well as the speed with which they were addressed.

34. Moreover, given Justice Murphy's ruling that Deo has no ownership interest in Superb, all enjoined vehicles and proceeds should be released to me for lawful disposition.

35. I am advised that this will require a separate motion to this Court.

36. Further, although beyond the scope of this motion, I am compelled to address Thomasson's argument that my "lack a dealer license" proscribes me from selling Superb's remaining vehicles.

37. Should I be given permission to sell the vehicles to recoup the millions of dollars of losses I was forced to suffer at Deo's hands, I would not be retailing the vehicles to the public but instead liquidating Superb's and Team's titled inventory.

38. Under New York Vehicle & Traffic Law § 415 and DMV guidance, a titled corporate owner may transfer its vehicles upon proof of ownership because only those who are *engaged in the business* of buying, selling, or dealing in motor vehicles must be registered dealers.

39. Superb has long ago shut down and is no longer engaged in the business of buying, selling, or dealing in motor vehicles such that it would be required to reregister.

40. Instead, Superb would be well within its authority as part of winding up its corporate affairs to sell its fleet of vehicles.

41. Indeed, this Court has previously issued an Order permitting Superb to do just that. See ECF Docket Entry 172 at 14-15, 18.

42. Moreover, in the very same Order, this Court required Deo to comply with Superb's efforts to wind down its affairs. Id. at 15, 19.

43. Accordingly, Superb Motors would be well within its authority to sell and transfer its own assets to mitigate the losses it sustained at the hands of Deo and his cohort.

44. Deo's, Thomasson's, and Benjamin's conduct – false filings, fabricated exhibits, and deliberate references to mediation – continues a pattern of perjury and obstruction first identified in the Declaration.

45. The Court's authority to impose sanctions for such misconduct is well established.

46. For these reasons and those discussed in the accompanying memorandum of law, the Superb Plaintiffs' motion for contempt and sanctions should be granted, and the Deo Defendants' cross-motion for sanctions should be denied.

47. I thank this Court for its continued time and attention to this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 28, 2025.

                                                  *Robert Anthony Urrutia*
                                              Robert Anthony Urrutia (Oct 28, 2025 20:17:32 EDT)
                                              Robert Anthony Urrutia