# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

November 24, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

> *Re:*   **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
> **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This office, together with Cyruli, Shanks & Zizmor LLP, represent the Plaintiffs in the above-referenced case.  Plaintiffs write in accordance with ¶ 3(B) and 3(D)(1) of this Court's Individual Practice Rules (the "Individual Rules") to request a pre-motion conference in anticipation of their motion to dismiss the counterclaims asserted by Defendant Harry R. Thomasson, Esq. ("Thomasson") and the remaining Deo Defendants[1] in their answers with counterclaims.  See ECF Docket Entries 335 and 336.

## Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  *First*, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id.</u> at 678; <u>see also</u> <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010).  *Second*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>See</u> <u>Iqbal</u>, 556 U.S. at 679.  To survive a Rule 12(b)(6) motion, the allegations must meet a standard of "plausibility." <u>See</u> <u>Iqbal</u>, 556 U.S. at 678; <u>see</u> also <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 554, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>See</u> <u>Iqbal</u>, 556 U.S. at 678.

## Thomasson's and the Deo Defendants' Counterclaims Fail to State Claims for Relief

In the Deo Defendants' answer to the Plaintiffs' complaint, they assert a counterclaim for defamation on the grounds that the allegations in the Plaintiffs' pleadings are defamatory *per se*.

---

[1]  The Deo Defendants consist of Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp. (collectively hereinafter the "Deo Defendants").

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
November 24, 2025
P a g e | 2

See Docket Entries 335 at 71 ¶¶ 20-22, 74 ¶ 47 ("Publishing to third parties for the world to see through this Court such allegations constitute Defamation *per se*"), 76 ¶¶ 53-54 and 336 at 71 ¶¶ 20-24, 73 ¶ 30 (same), 75 ¶¶ 36-37.  Public policy mandates that certain communications, even if defamatory, cannot serve as the basis for the imposition of liability for defamation. See Toker v. Pollak, 44 N.Y.2d 211, 218 (1978).  Indeed, communications afforded an absolute privilege are perhaps more appropriately thought of as cloaked with an immunity, rather than a privilege against the imposition of liability in a defamation action. See Prosser, Torts (4th ed.), s 114, n. 66.  This immunity, which protects communications irrespective of the communicant's motives, has been stringently applied; its protective shield has been granted to those individuals participating in a judicial proceeding. See, e.g., Pecue v. West, 233 N.Y. 316 (1922).

Critically, statements made in the course of judicial proceedings are *absolutely privileged* and therefore may not form the basis of a claim for defamation. See Conte v. Newsday, Inc., 703 F. Supp. 2d 126, 146 (E.D.N.Y.2010).  This includes statements made in a complaint. See Lader v. Delgado, 941 F. Supp. 2d 267, 273 (E.D.N.Y. 2013) (defamation claim subject to dismissal because the allegedly defamatory statements were made in pleadings that relate to the subject matter of the lawsuit, and are therefore absolutely privileged); see also Pezhman v. Chanel, 157 A.D.3d 417 (1st Dept. 2018) (allegedly defamatory statements of law firm and its attorneys were made in the course of firm's representation of client in prior action, and were therefore protected by absolute privilege).   Here, there is no question that absolute immunity applies for Plaintiffs' filing of the complaint in this case, and the Deo Defendants have not adequately pled that Plaintiffs published any statement concerning the pleadings outside of the Court filings (which they have not), warranting dismissal of the counterclaims for failure to state a claim.

Although the statements made by Plaintiffs in the Court filings are absolutely privileged, and immune from defamation claims, the Deo Defendants' claims also fail as they offer no supporting factual information, i.e., who, what, when, where, why, and are thus conclusory.  "The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation *per se*" See Greenberg v. Spitzer, 155 A.D.3d 27, 41 (2d Dept. 2017). When a defamation claim is not pled with the requisite specificity, it will be dismissed. See Rabushka v. Marks, 256 A.D.2d 562 (2d Dept. 1998). And a counterclaim alleging slander is insufficient as a matter of law where the defendants' pleadings specify neither the particular words complained of nor identified to whom they were allegedly published. See Bell v. Alden Owners, Inc., 299 A.D.2d 207 (1st Dept. 2002).

Accordingly, the Deo Defendants' counterclaims fail to state a claim.  In accordance with ¶ 3(C)(1), the parties propose the following briefing schedule: (i) moving papers due by December 19, 2025; (ii) opposition papers due by January 9, 2026; and (iii) reply papers due by January 23, 2026.  Further, Plaintiffs respectfully submit that the instant letter motion is ripe for disposition pursuant to ¶ 3(D)(1) of the Individual Rules.  The Defendants thank this Court for its time and attention to this matter.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
November 24, 2025
P a g e | 3

Dated: New York, New York
      November 24, 2025

Respectfully submitted,

**CYRULI SHANKS & ZIZMOR LLP**

  */s/ Jeffrey C. Ruderman, Esq.*

Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

Dated: Jamaica, New York
      November 24, 2025

**SAGE LEGAL LLC**

By:  */s/ Emanuel Kataev, Esq.*

Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

3