UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                            Plaintiffs,

      -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                            Defendants.
-------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' SUPERB MOTORS INC, TEAM AUTO SALES LLC, AND ROBERT ANTHONY URRUTIA'S MOTION TO DISSOLVE THE <u>PRELIMINARY INJUNCTION</u>**

1

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ........................................................................................................... 1

**FACTS** ............................................................................................................................................ 2

**LEGAL STANDARD** ........................................................................................................................ 4

**ARGUMENT** ................................................................................................................................... 6

    **A. Justice Murphy's Decision Must be Given *Res Judicata* Effect** ........................................ 6

    **B.   Justice Murphy's Decision Requires Dissolution or Vacatur of the Injunction** ......... 10

**CONCLUSION** ............................................................................................................................... 12

i

## TABLE OF AUTHORITIES

**Cases**

7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.,
    314 F. Supp. 3d 497 (S.D.N.Y. 2018) ............................................................ 8 n. 4

7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.,
    771 Fed. Appx. 498 (2d Cir. 2019) ................................................................ 8 n. 4

Aerogroup Int'l, Inc. v. The Shoe Show, Inc.,
    966 F. Supp. 175 (W.D.N.Y.1997) ........................................................................ 5

Bank of N.Y. v. First Millennium, Inc.,
    607 F.3d 905 (2d Cir. 2010) .................................................................................. 6

Brooks v. Giuliani,
    84 F.3d 1454 (2d Cir. 1996) ............................................................................ 5, 11

Burgos v. Hopkins,
    14 F.3d 787 (2d Cir. 1994) .................................................................................. 11

Denver Homeless Out Loud v. Denver, Colorado,
    32 F.4th 1259 (10th Cir. 2022) ............................................................................ 11

Green v. Santa Fe Indus., Inc.,
    519 N.Y.S.2d 793 (1987) ...................................................................................... 8

Helmer v. Briody,
    721 F. Supp. 498 (S.D.N.Y. 1989) ........................................................................ 4

Hoblock v. Albany Cnty. Bd. of Elections,
    422 F.3d 77 (2d Cir. 2005) .................................................................................... 5

ICICI Bank Ltd., New York Branch v. Doshi,
    No. 19-CV-11788 (LTS) (SLC), 2024 WL 1242531 (S.D.N.Y. Mar. 22, 2024) ........ 8 n. 4

Int'l Equity Investments, Inc. v. Opportunity Equity Partners, Ltd.,
    427 F. Supp. 2d 491 (S.D.N.Y. 2006) .................................................................... 4

JLM Couture, Inc. v. Gutman,
    No. 20 Civ. 10575 (LTS), 2021 WL 2227205 (S.D.N.Y. June 2, 2021) .................. 4

Kremer v. Chem. Constr. Corp.,
    456 U.S. 461 (1982) .............................................................................................. 5

Landau v. LaRossa, Mitchell & Ross,
    11 N.Y.3d 8 (2008) .......................................................................................................... 7

Lawsky v. Condor Capital Corp.,
    No. 14 Civ. 2863 (CM), 2014 WL 3858496 (S.D.N.Y. Aug. 1, 2014) ............................ 4

Marinelli Assocs. v. Helmsley–Noyes Co.,
    265 A.D.2d. 1 (1st Dept 2000) ........................................................................................ 6

Matsushita Elec. Indus. Co., v. Esptein,
    516 U.S. 367 (1996) ........................................................................................................ 5

Matter of Grainger (Shea Enters.),
    309 N.Y. 605 (1956) ....................................................................................................... 7

Matter of the State of New York v. Seaport Manor A.C.F.,
    797 N.Y.S.2d 538 (2d Dept. 2005) ................................................................................. 8

McDaniel v. Green Dot Corp.,
    No. 23-CV-406-D, 2024 WL 102866 (E.D.N.C. Jan. 9, 2024) ................................. 8 n. 4

Migra v. Warren City School Dist. Bd. of Educ.,
    465 U.S. 75 (1984) ..................................................................................................... 7 n. 3

Niagara Frontier Tariff Bureau, Inc. v. United States,
    826 F.2d 1186 (2d Cir.1987) ........................................................................................... 5

Nilsen v. City of Moss Point,
    701 F.2d 556 (5th Cir. 1983) .......................................................................................... 6

Parker v. Blauvelt Volunteer Fire Co.,
    93 NY2d 343 (1999) ....................................................................................................... 7

Railway Labor Executives' Ass'n v. Metro-North Commuter R. Co.,
    759 F. Supp. 1019 (S.D.N.Y. 1990) ............................................................................... 4

Sathianathan v. Smith Barney, Inc.,
    No. 04-CIV-7122 (DAB) (FM), 2006 WL 538152 (S.D.N.Y. Feb. 24, 2006) ................ 8

Sathianathan v. Smith Barney, Inc.,
    2007 WL 576097 (S.D.N.Y. Feb. 21, 2007) ................................................................... 8

Sierra Club v. United States Army Corps of Eng'rs,
    732 F.2d 253 (2d Cir. 1984) ............................................................................................ 4

Sosa v. J.P. Morgan Chase Bank,
	33 A.D.3d. 609 (2d Dept 2006) .................................................................................. 6

State Farm Mut. Automobile Ins. Co. v. Tri-Borough NY Med. Prac. P.C.,
	120 F.4th 59 (2d Cir. 2024) ....................................................................................... 5

Suffolk Parents of Handicapped Adults v. Wingate,
	101 F.3d 818 (2d Cir. 1996) ....................................................................................... 5

Superb Motors Inc. v. Deo,
	No. 2:23-CIV.-6188 (OEM) (JMW), 2023 WL 7181675 (E.D.N.Y. Sept. 29, 2023) .... 2, 9

Urrutia v. Deo,
	Index No.: 618608/2023 (Nassau County Supreme Court) ........................................... 1, 9

Weight Watchers Int'l, Inc. v. Luigino's, Inc.,
	423 F.3d 137 (2d Cir. 2005) ....................................................................................... 4

Weir v. Montefiore Med. Ctr.,
	No. 24-1527, 2025 WL 289497 (2d Cir. Jan. 24, 2025) ............................................... 7

Weir v. Montefiore Med. Ctr.,
	2025 WL 3198606 (Nov. 17, 2025) ............................................................................ 7

Whitfield v. City of New York,
	96 F.4th 504 (2d Cir. 2024) ....................................................................................... 5

Yeiser v. GMAC Mortg. Corp.,
	535 F. Supp. 2d 413 (S.D.N.Y. 2008) ......................................................................... 7

**Statutes**

28 U.S.C. § 1738 ..............................................................................................................11

**Rules**

Fed. R. Civ. P. 60 .............................................................................................................. 4

**PRELIMINARY STATEMENT**

Plaintiffs Superb Motors, Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs") respectfully submit the instant motion to vacate or dissolve the preliminary injunction prohibiting the sale, transfer, encumbrance, or relocation of vehicles injuncted by the September 29, 2023 Order of the Hon. Orelia E. Merchant, U.S.D.J. ("Judge Merchant"), as further modified by this Court. See ECF Docket Entries 55, 134, 172,

The basis for the Superb Plaintiffs' motion is a September 23, 2025 Decision & Order by the Hon. Jerome C. Murphy, J.S.C. ("Justice Murphy") granting summary judgment in favor of Urrutia against Defendant Anthony Deo ("Deo") and finding that Deo breached the representations and warranties he made in a Cross-Purchase Agreement (the "Agreement") such that rescissory damages are warranted, and – ergo – that Urrutia's agreement with Deo has been rescinded. See Urrutia v. Deo, Index No.: 618608/2023[1] (Nassau County Supreme Court), NYSCEF Docket Entry 134. This decision constitutes a material change in circumstances such that the injunction is no longer justified, as the injunction was entered due to the parties' competing claims to ownership over Superb, which have been fully and finally conclusively resolved by Justice Murphy's decision in the foregoing state court action. Based on Justice Murphy's decision, this Court should vacate or otherwise dissolve the preliminary injunction, direct Deo and his co-Defendants to return the injuncted vehicles in their possession, and permit Superb and/or Team sell the injuncted vehicles in order to wind up the affairs of those now long-ago shuttered entities.

---

[1] As discussed in the operative complaint, Urrutia did not pursue claims against Deo for his breaches of the representations and warranties contained in their Cross-Purchase Agreement because that agreement required any dispute arising under it be litigated in the Supreme Court of the State of New York, Nassau County. See ECF Docket Entries 316 ¶ 379 n. 6 and 11-1 § 15.

1

## FACTS

On August 17, 2023, Plaintiffs commenced this case against the Defendants. See ECF Docket Entry 1. Three (3) days later, Superb, Team, and Urrutia filed a motion for a temporary restraining Order and preliminary injunction. See ECF Docket Entry 10. In response, Defendant Harry R. Thomasson, Esq. ("Thomasson") and Deo repeatedly argued that Deo was an owner of Superb. See ECF Docket Entries 13 ("at the heart of this dispute is a *shareholder dispute* between Superb …, and ... *Deo, the co-shareholder* of that company, brought on by … Urrutia as the other shareholder of that company. This is a corporate dispute …") and 30-1 at ¶ 14(i) (emphasis added).

On September 29, 2023, Judge Merchant issued a preliminary injunction. See Superb Motors Inc. v. Deo, No. 2:23-CIV.-6188 (OEM) (JMW), 2023 WL 7181675 (E.D.N.Y. Sept. 29, 2023) (hereinafter the "Injunction"), ECF Docket Entry 55. At the time, Superb was a going concern and sought relief, i.e., an Order requiring the Deo Defendants[2] to return missing vehicles to Superb's lot, because the Deo Defendants' actions put Superb and related dealerships owned by Urrutia in jeopardy. Instead, in light of the Deo Defendants' wrongful and false assertion of ownership over Superb, the vehicles were injuncted. See Id. at 17 n. 11 ("it is clear that absent this temporary stipulation, the cars would remain in Deo's lots (*as he maintains he has the right and authority to them*)" (emphasis added)); see also ECF Docket Entry 134 ("Plaintiffs do not have the right to sell them at this juncture due to the ongoing dispute between the parties"). This Court later modified the Injunction to permit Superb to sell the Superb Injuncted Vehicles it owned based on the fact Superb shut down and went out of business. See ECF Docket Entry 172 at 14-15, 18.

---

[2] The Deo Defendants are Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

On November 14, 2023, Urrutia filed suit against Deo in the Supreme Court of the State of New York, Nassau County, seeking – *inter alia* – rescission of the Cross-Purchase Agreement Deo entered into with Urrutia. See NYSCEF Docket Entry 1.

On January 31, 2024, Deo appeared by counsel in that state court action, and later substituted his counsel on March 11, 2024. See NYSCEF Docket Entries 4 and 8. On February 4, 2025, Urrutia moved for summary judgment on his claims in the state court action. See NYSCEF Docket Entry 75. On April 1, 2025, Deo opposed Urrutia's motion and was afforded a full and fair opportunity to oppose the relief requested. See NYSCEF Docket Entries 96 and 130.

On September 23, 2025, Justice Murphy issued a decision and made findings, *inter alia*, that Deo: (i) misrepresented that he was unaware of any threat of litigation; (ii) misrepresented that he owned a one-hundred percent (100%) interest in Northshore Motors LLC ("Northshore") and 189 Sunrise Hwy Auto LLC ("Sunrise") outright, free and clear of any liens and encumbrances; and (iii) Deo failed to transfer partial ownership of Northshore or Sunrise to Urrutia (because he did not own 100% of Northshore or Sunrise). See NYSCEF Docket Entry 134.

This decision constitutes a finding that Deo was not the owner of Northshore and Sunrise such that he breached the Cross-Purchase Agreement. As set forth below, because Deo breached the agreement and Justice Murphy specifically found that Deo "failed to consummate" the transaction contemplated in the Cross-Purchase Agreement, Deo fails to establish any ownership interest over Superb such that the injunction should be dissolved in light of this decision.

## **LEGAL STANDARD**

"An injunction is an ambulatory remedy that marches along according to the nature of the proceeding. It is executory and subject to adaption as events may shape the need, except where rights are fully accrued or facts are so nearly permanent as to be substantially impervious to change." See Sierra Club v. United States Army Corps of Eng'rs, 732 F.2d 253, 256 (2d Cir. 1984); see also Lawsky v. Condor Capital Corp., No. 14 Civ. 2863 (CM), 2014 WL 3858496, at *5 (S.D.N.Y. Aug. 1, 2014) (same).

District courts have "continuing power to vacate or modify injunctions where there is a showing of a change in the operative facts so that the injunction is no longer justified." See Helmer v. Briody, 721 F. Supp. 498, 505 (S.D.N.Y. 1989); see also JLM Couture, Inc. v. Gutman, No. 20 Civ. 10575 (LTS), 2021 WL 2227205, at *2 (S.D.N.Y. June 2, 2021) (same); Int'l Equity Investments, Inc. v. Opportunity Equity Partners, Ltd., 427 F. Supp. 2d 491, 501 (S.D.N.Y. 2006) ("A preliminary injunction may be modified if the moving party demonstrates that a material change in circumstances justifies the alteration."); Railway Labor Executives' Ass'n v. Metro-North Commuter R. Co., 759 F. Supp. 1019, 1021 (S.D.N.Y. 1990) (same).

A district court's decision whether to modify a preliminary injunction "'involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary injunction.'" See Lawsky, 2014 WL 3858496, at *5 (quoting Weight Watchers Int'l, Inc. v. Luigino's, Inc., 423 F.3d 137, 141 (2d Cir. 2005)). Notwithstanding the Court's well-recognized inherent power, the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") state this inherent power as a rule by noting that a court may relieve a party from a judgment where "it is no longer equitable that the judgment should have prospective application" or "for any other reason that justifies relief." See Fed. R. Civ. P. 60(b)(5), (6).

It is settled law that state-court judgments can have a preclusive effect in federal court. See State Farm Mut. Automobile Ins. Co. v. Tri-Borough NY Med. Prac. P.C., 120 F.4th 59, 81 (2d Cir. 2024) (citing Whitfield v. City of New York, 96 F.4th 504, 522 (2d Cir. 2024) (noting that federal courts are required "to give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered" (internal quotation marks omitted))); see also Suffolk Parents of Handicapped Adults v. Wingate, 101 F.3d 818, 823 (2d Cir. 1996) ("On appeal, we held that since the plaintiffs had the opportunity to seek the same relief in their state court proceedings, many of their claims were barred by *res judicata*") (citing Brooks v. Giuliani, 84 F.3d 1454, 1463-64 (2d Cir. 1996)).

"Federal courts may not 'employ their own rules ... in determining the effect of state judgments," but must 'accept the rules chosen by the State from which the judgment is taken.'" See Matsushita Elec. Indus. Co., v. Esptein, 516 U.S. 367 (1996) (quoting Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481–82 (1982))).

Under New York law, issue preclusion will apply only if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the first proceeding. See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 94 (2d Cir. 2005) (citation and quotation omitted).  Meanwhile, collateral estoppel applies "where (1) the issues presented are in substance the same as those resolved in the prior litigation; (2) no controlling facts or legal principles have changed significantly since the prior proceeding; and (3) no special circumstances warrant an exception to the normal rules of preclusion." See Aerogroup Int'l, Inc. v. The Shoe Show, Inc., 966 F.Supp. 175, 179 (W.D.N.Y.1997) (citing Niagara Frontier Tariff Bureau, Inc. v. United States, 826 F.2d 1186 (2d Cir.1987)).

5

**ARGUMENT**

A.   **Justice Murphy's Decision Must be Given *Res Judicata* Effect**

In his decision, Justice Murphy found that Deo failed to consummate his transaction with Urrutia in order to become an owner or shareholder of Superb. Deo's interest in Superb has therefore been conclusively determined, such that he has no interest in Superb at all. Because Deo's interest in Superb has been fully and finally determined as a matter of law on summary judgment, Deo is now estopped from claiming any interest in Superb or its assets, including the injuncted vehicles. Indeed, all of the elements for *res judicata* to apply have been met.

*Res judicata* and claim preclusion bar the "relitigation ... of claims that were, or could have been, brought in an earlier litigation between the same parties or their privies." See Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 919 (2d Cir. 2010); see also Nilsen v. City of Moss Point, 701 F.2d 556, 560 (5th Cir. 1983) ("it is black-letter law that *res judicata*, by contrast to narrower doctrines of issue preclusion, bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication ... not merely those that were adjudicated").

New York takes a transactional approach to *res judicata*: "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." See Sosa v. J.P. Morgan Chase Bank, 33 A.D.3d. 609, 611 (2d Dept 2006) (internal quotation marks and citation omitted). In determining what qualifies as the "same transaction," courts look to: "how the facts are related in time, space, origin or motivation; whether they form a convenient trial unit; and whether treating them as a unit conforms to the parties' expectations." See Marinelli Assocs. v. Helmsley–Noyes Co., 265 A.D.2d. 1, 5 (1st Dept 2000).

Even if there are variations in the facts alleged or different relief is sought, if the actions are grounded on the same gravamen of the wrong, *res judicata* applies. See Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008).  In New York, the doctrine of *res judicata*,[3] or claim preclusion bars actions where: (i) there is a final judgment on the merits, (ii) involving the same parties or their privies, and (iii) involving the same cause of action. See Landau v. LaRossa, Mitchell & Ross, 11 N.Y.3d 8, 12–13 (2008) (citing Parker v. Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 (1999)) ("a valid final judgment bars future actions between the same parties on the same cause of action. As a general rule, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy"); see also Matter of Grainger (Shea Enters.), 309 N.Y. 605, 616 (1956) (noting "[t]he general doctrine of *res judicata* gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently re-litigating any questions that were necessarily decided therein").

Here, it is plain to see that *res judicata*, issue preclusion, and collateral estoppel each apply to bar any claim by Deo to ownership of Superb such that the preliminary injunction must be vacated or otherwise dissolved.  As to the first element, Justice Murphy's grant of summary judgment constitutes a final judgment on the merits. See Weir v. Montefiore Med. Ctr., No. 24-1527, 2025 WL 289497, at *2 (2d Cir. Jan. 24, 2025), cert. denied, 2025 WL 3198606 (Nov. 17, 2025) (holding that, as to a state court judgment, a "grant of summary judgment, the procedural equivalent of a trial, results in a final judgment on the merits").

---

[3] A prior state court judgment has the same claim preclusive effect in any federal court as it would in another court of that state.  See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984).

Thus, the first element is indisputably met.

As to the second element, it is plain to see that the final judgment involves the same parties, as Urrutia prevailed against Deo in the state court action, and both of these individuals are parties in this case. Critically, the existence of other parties in this case not present in the state court action does not preclude the application of *res judicata*. See Sathianathan v. Smith Barney, Inc., No. 04-CIV-7122 (DAB) (FM), 2006 WL 538152, at *16 (S.D.N.Y. Feb. 24, 2006), report and recommendation adopted as modified, 2007 WL 576097 (S.D.N.Y. Feb. 21, 2007) ("The parties to both suits *need not be* identical, however, for the doctrine of *res judicata* to apply") (emphasis added) (citing Matter of the State of New York v. Seaport Manor A.C.F., 797 N.Y.S.2d 538, 539-40 (2d Dept. 2005) ("the doctrine of *res judicata* not only applies to the parties of record in the prior action, or administrative proceeding, but also to those in privity[4] with them"); see also Green v. Santa Fe Indus., Inc., 519 N.Y.S.2d 793, 796 (1987) ("to establish privity the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding").

---

[4] See ICICI Bank Ltd., New York Branch v. Doshi, No. 19-CV-11788 (LTS) (SLC), 2024 WL 1242531, at *4 (S.D.N.Y. Mar. 22, 2024) ("The fact that only Mr. Parikh was named as a defendant in the Seattle Third Party Proceeding does not alter this conclusion. *In RICO cases like this one, courts have consistently "held that alleged co-conspirators are 'in privity' with one another* for *res judicata* purposes ...." ... Because the Amended Complaint alleges that all four Defaulting Defendants "act[ed] in concert as co-conspirators" in this "RICO action" ..., it demonstrates that the three Defaulting Defendants who were not named in the Seattle Third Party Proceeding—Mr. Doshi, Mr. S. Shah, and Mr. H. Shah—are in privity with Mr. Parikh, who was named in that action. This conclusion is bolstered by exhibits attached to the pleadings, which indicate that all four Defaulting Defendants *participated in the alleged conspiracy* that was discovered in the Seattle Receivership Proceeding") (emphasis added) (citing 7 W. 57th St. Realty Co., LLC v. Citigroup, Inc., 314 F. Supp. 3d 497 (S.D.N.Y. 2018), aff'd, 771 Fed. Appx. 498 (2d Cir. 2019) (unpublished); see also McDaniel v. Green Dot Corp., No. 23-CV-406-D, 2024 WL 102866, at *4 (E.D.N.C. Jan. 9, 2024) ("Rule 41 applies to defendants in privity with the named defendants")).

In other words, what is necessary is that the persons seeking to invoke *res judicata* (or other parties in privity with them) have been parties to both actions.  Here, there is no dispute that this is so.  Indeed, only Deo claims that he is an owner of Superb, and none of the other Deo Defendants can make any plausible claim of ownership in Superb due to the lack of any evidence supporting such a claim.  Moreover, only Deo was a signatory to the Cross-Purchase Agreement and Shareholders' Agreement evidencing some basis to claim ownership of Superb (albeit, due to Justice Murphy's decision finding that he is not an owner, he can no longer make any such claim).  Accordingly, the second element to make a finding of *res judicata* is easily met.

Last but not least, as to the third element, both cases involve the same causes of action.  In the state court action, Urrutia sued Deo, *inter alia*, for rescission based on *fraudulent inducement*.  See Urrutia v. Deo, Index No.: 618608/2023 (Nassau County Supreme Court), NYSCEF Docket Entry 1 ¶¶ 28-31 (emphasis added).  In this case, Urrutia sued Deo for *fraud*.  See ECF Docket Entry 316 ¶¶ 837-847.  These causes of action are the same.  See Comolli v. Huntington Learning Ctrs., Inc., 117 F. Supp. 3d 343, 349 (2d Cir. 2015) (noting that fraudulent inducement claims must satisfy the same elements as a fraud claim).  As such, the third element necessary to make a finding of *res judicata* has also been met.

Because all three (3) elements for *res judicata* to apply have been met, this Court should apply Justice Murphy's holding to find that the injunction must be dissolved on the grounds that there is no longer a dispute as to who is entitled to the remaining assets of Superb, namely, the injuncted vehicles.  The same result would apply on an analysis of whether issue preclusion applies.  This is because ownership of Superb was actually and necessarily decided in the state court action, and Deo, as the party against whom issue preclusion is asserted, had a full and fair opportunity to litigate the issue in that proceeding.

9

An analysis of the application of collateral estoppel yields no different result. This is because the issues presented in this case on the viability of the injunction (based on the competing claims of ownership in Superb) are, in substance, the same as those resolved in the state court action before Justice Murphy, satisfying the first element for collateral estoppel. Further, there are no controlling facts or legal principles that have changed significantly since the state court action, satisfying the second element for collateral estoppel. Finally, there are no special circumstances warranting an exception to the normal rules of preclusion, satisfying the third element for collateral estoppel.

Accordingly, and as set forth further below, Deo is barred from asserting any ownership interest so as to maintain an injunction on *res judicata*, issue preclusion, and collateral estoppel grounds, such that the injunction must be dissolved, with Urrutia to wind up the affairs of Superb.

**B.      Justice Murphy's Decision Requires Dissolution or Vacatur of the Injunction**

Because a finding was made that Deo failed to consummate the transaction set forth in the Cross-Purchase Agreement, he cannot be an owner of Superb with any interest in its assets. See Point A, *supra*. In this case, Superb has repeatedly demonstrated that it has legal and equitable ownership of the injuncted vehicles by virtue of the fact it paid for them and were maintained on Superb's lot for sale. See ECF Docket Entries 11, 14-1, 14-2, 17, 30-8, 38, 38-1, 38-10, 112, 112-6, 112-8, 134, 155, 157, 157-14, 172, 204, 216, 216-1, 220, 220-8, 220-9, 220-15, 228, 228-1, 228-2, 228-3, 228-4, 228-5, 228-6, 228-7, 251, 294, 304, 324, and 334. Deo concedes that the vehicles belong to Superb and only objected to their disposition on the grounds that they own some portion of Superb. See ECF Docket Entries 13 at 2, 30 ¶¶ 18, 38, and 54, and 30-1 ¶¶ 14(k) and 24. Moreover, the Deo Defendants previously stated they were okay with the vehicles being sold. See ECF Docket Entry 272-1 at 13:20-14:1.

Justice Murphy's decision is a full and final determination that Deo is not an owner of Superb because he failed to consummate the transaction. As a result, because Deo cannot be an owner of Superb, the purpose of the injunction has been frustrated such that it must be dissolved. This Court should therefore dissolve the injunction and permit the injuncted vehicles to be sold, with the proceeds to be disbursed to Superb in order to allow it to wind up its affairs. Specifically, this Court should require the Deo Defendants to return the Deo Injuncted Vehicles, permit Superb to sell all the injuncted vehicles with the proceeds to be released to Superb, and authorize the release of funds held in escrow for the vehicles this Court previously permitted Superb to sell. See ECF Docket Entry 172. The Superb Plaintiffs' request is well grounded based on binding and persuasive authority. In Brooks v. Giuliani, the Second Circuit held that it must accord a state court judgment from a related action the preclusive effect that would be given it by the New York courts, see 84 F.3d at 1463 (citing 28 U.S.C. § 1738; Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)), and vacated a preliminary injunction entered by the district court based on *res judicata* because it barred "the claims on which the injunction rests." Id. at 1463-68.

Similarly, the Tenth Circuit recently held that a preliminary injunction must be vacated where a claim was precluded, as it has in this case. See Denver Homeless Out Loud v. Denver, Colorado, 32 F.4th 1259, 1279 (10th Cir. 2022) ("[a] precluded claim is, by definition, incapable of succeeding on the merits because the court is barred from resolving it").

Based on the foregoing authorities, the Superb Plaintiffs respectfully submit that there is an ample basis to find that *res judicata* warrants vacatur or dissolution of the preliminary injunction, and respectfully request an Order effecting same, directing direct the Deo Defendants to return the injuncted vehicles in their possession, and permit Superb and/or Team sell the injuncted vehicles in order to wind up the affairs of those now long-ago shuttered entities

## **CONCLUSION**

For the foregoing reasons, the Superb Plaintiffs' motion to dissolve the injunction should be granted.

Dated: Jamaica, New York
      December 1, 2025

Respectfully submitted,

**SAGE LEGAL LLC**
  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanual@sagelegal.com

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record