# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  
Wantagh, New York  11793  
Tel. 516-557-5459  
hrtatty@verizon.net

Admitted:  
Massachusetts  
New York

December 5, 2025

VIA ECF ONLY

Honorable James M. Wicks  
U.S. Federal District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

      Re:   *Superb Motors, Inc., et al. v. Anthony Deo, et al.*  
               Case No. 2:23-cv-6188 (JW)

Your Honor:

      I am writing to oppose the Plaintiffs' request to file a Motion to Dismiss the Counterclaims brought against them in my Answer with Counterclaims, as set forth in the correspondence filed with this Court dated November 24, 2025, by attorney Kataev *at* document number 339 on the above referenced action's docket.  Please be advised as follows:

## RELEVANT LAW

      The Answers with Counterclaims at issue were filed on November 4, 2025, *at* document numbers 335 (by undersigned) and 336 (by Mr. Benjamin for the Deo co-Defendants).  My Counterclaims are for Libel (a/k/a written defamation) and Defamation *per se.* These are New York State Court claims subject to this Court's venue and jurisdiction as set forth in the Answer with Counterclaims *at* paragraphs 1 and 2.

      New York courts recognize four types of statements as defamation *per se*: 1) Statements charging a plaintiff with a serious crime (as here); 2) Statements that tend to injure another in their trade, business, or profession (as here); 3) Statements imputing a loathsome disease on a plaintiff; and 4) Statements imputing unchastity on a woman.  *Liberman v. Gelstein*, 80 NY2d 429 (NYCA 1992).

      In *Four Star Stage Lighting v. Merrick*, the Court expanded on the types of defamatory statements that might injure another in their business or profession. In New York, statements imputing "any kind of fraud, dishonesty, misconduct, incapacity, unfitness, or want of any necessary qualifications" can be presumed to injure another's professional reputation (as here). *Four Star Stage Lighting Inc. v. Merrick* 56 A.D. 767 (N.Y.App.Div., 1st Dept. 1977)

In *Davis v. Boeheim, 110 A.D.3d 1431 (N.Y. 2014)*, that court held that a court must look at whether the "contested statements are reasonably susceptible of a defamatory connotation." Notably here, the *Davis* court also held that because the courts recognize a plaintiff's (in counterclaim here) right to seek redress as well, many courts have declined from dismissing the case for failure to state a claim, as long as the pleading meets the "minimum standard necessary to resist dismissal of the complaint."

CPLR section 3016(b) requires strict particularity in pleading defamation, identifying the exact words (in *haec verba*), time, place, and people involved. *Dillon v. City of New York*, 261 A.D.2d 34, 38 (1st Dept. 1999)  The failure to make such allegations is fatal to a defamation cause of action. *E.g.*, *CSI Grp., LLP v. Harper*, 153 A.D.3d 1314, 1321 (2d Dept. 2017) ("[f]ailure to state the particular person or persons to whom the allegedly defamatory statements were made … warrants dismissal" of a complaint for defamation); *Arvanitakis v. Lester*, 145 A.D.3d 650, 652 (2d Dept. 2016) (failure to plead when the false statement was made).

The state law on libel, or written defamation, requires that 1) The statement(s) must be untrue and presented as fact, not opinion (such as the multiple generalized, broad brush statements in the Third Amended Complaint here against undersigned); 2) The false statement(s) must be communicated to someone other than the plaintiff (the Third Amended Complaint is published in this Court and on its website for all time to come); 3) A private individual, as undersigned, must show the Defendants in counterclaim acted at least negligently (throughout the counterclaims, it is repeatedly alleged that the Defendants in Counterclaims acted intentionally in spewing false criminal allegations against undersigned); and 4) with regard to damages, the needs to be allegations of harm to reputation, financial loss, or emotional distress (as set forth throughout the Counterclaims at issue). *Id.  See also Yesner v. Spinner*, 765 F. Supp. 48 (E.D.N.Y. 1991)

The *Yesner* Court further held that whether or not particular spoken or written words are reasonably susceptible to a defamatory meaning is a question of law for the Court to determine in the first instance (*Kelly v. Schmidberger,* 806 F.2d 44, 46 [2d Cir.1986] [construing New York law]; *see also Weiner v. Doubleday & Co.,* 74 N.Y.2d 586, 549 N.E.2d 453, 550 N.Y.S.2d 251 [1989]; *Aronson v. Wiersma,* 65 N.Y.2d 592, 483 N.E.2d 1138, 493 N.Y.S.2d 1006 [1985]; *Russo v. Padovano,* 84 A.D.2d 925, 446 N.Y.S.2d 645 [4th Dep't 1981]). In making this determination, the Court must consider the alleged defamatory statements when read in context of the entire document within which they appear (*Sharon v. Time, Inc.,* 575 F. Supp. 1162, 1165 [S.D.N.Y.1983], *citing James v. Gannett Co.,* 40 N.Y.2d 415, 419, 353 N.E.2d 834, 837, 386 N.Y.S.2d 871, 874 [1976]), "and the statements should be construed together and measured by the effect they would have on the average reader" (*Russo v. Padovano, supra,* 446 N.Y.S.2d at p. 647 [citing cases]).  Words are libelous if they affect a person in his profession, trade, or business, by imputing to him any kind of fraud, dishonesty, misconduct, incapacity, unfitness or want of any necessary qualification in the exercise thereof. (*Four Star Stage Lighting, Inc. v. Merrick,* 56 A.D.2d 767, 392 N.Y.S.2d 297, 298 [1st Dep't 1977], *citing* 34 N.Y.Jur., *Libel and Slander* § 36, at p. 507).

In *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,* 472 U.S. 749, 105 S. Ct. 2939, 86 L. Ed. 2d 593 (1985), the Court held that if the person allegedly defamed is *not* a public figure and the matter is *not* of public concern, such a private plaintiff may recover presumed damages without proving "actual malice", which, is nonetheless alleged in the counterclaims.

The Counterclaims include the following allegations *at* paragraphs 20, 21, and 22:

20. At all times relevant hereto, each of the allegations made by the Defendants in Counterclaim in each of their Complaints filed against the undersigned Plaintiff in Counterclaim were false, knowingly false, intentionally false, defamatory, libelous, slanderous, were at least made negligently, and caused and continue to cause undersigned harm and economic loss.

21. Even if such allegations against the Deo co-Defendants in the Defendants in Counterclaims' underlying Complaints were true, and it is specifically and vigorously advanced that such allegations of wrongdoing by undersigned's co-Defendants are false, the allegations advanced against undersigned are and remain false, and are knowingly false to each of the Defendants in Counterclaim.

22. The allegations of criminal wrongdoing by undersigned advanced by each of the Defendants in Counterclaim in each of their Complaints filed and published against the undersigned Plaintiff in Counterclaim also constitute defamation per se by virtue of being entirely false, outrageous, shocking, and knowingly advanced to harm undersigned, who has been and continues to be harmed in an on-going basis by such false allegations; the Complaints filed by the Defendants in Counterclaim against undersigned constitute frauds upon the Court all to advance the Plan and the sinister greediness of the Defendants in Counterclaim.

## ARGUMENT

Your Honor, the allegations set forth in the Counterclaims at issue set forth a dispute of facts that requires a trial. This Court cannot settle that factual debate via a Motion to Dismiss. The elements of Libel and in particular Defamation *per se* are all met in the pleading; this is just another in a long list of non-stop Motion practice this Court just warned against in its latest decision on the Defendants in Counterclaim most recent Motion for Sanctions. I ask that this Court deny the request to file a Motion to Dismiss in all respects. If this Court nonetheless allows the Motion to be brought, I request leave to file a cross Motion to Amend in the event the Court is inclined to allow any or all of the Motion to Dismiss.

Respectfully submitted, I remain,

Very truly yours,

*Harry R. Thomasson*

Harry R. Thomasson, Esq.