# CYRULI SHANKS
### CYRULI SHANKS & ZIZMOR LLP

Jeffrey C. Ruderman
email: jruderman@cszlaw.com
Admitted NY, NJ and CT

December 10, 2025

Via ECF

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

  Re: Superb Motors Inc. et. al. v. Deo, et. al., Case No. 2:23-cv-6188 (JMW)

Dear Magistrate Judge Wicks:

  This firm represents the "Island Auto Plaintiffs", being all Plaintiffs in the above referenced matter <u>other than</u> the "Superb Plaintiffs" (being Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia) (and together with the Island Auto Plaintiffs, "Plaintiffs"). We write this letter along with the Superb Plaintiffs respectfully requesting a stay of depositions and stay of Plaintiffs' time to respond to the counterclaims of Defendant Harry Thomasson ("Thomasson") and the Deo Defendants, pending the decision of the Second Circuit on the Order on the motion to dismiss (ECF 230) and the Order on the motion for reconsideration (ECF 314) (the "Appeal"). Of the remaining parties, only Thomasson has responded to our request for consent, and he has objected.

  After extensive motion practice, the Third Amended Complaint (the "TAC") herein was filed on August 8, 2025. At the request of Defendants, the Court granted Defendants until October 27, 2025, later extended *sua sponte* to November 4, 2025, to file their respective answers. Defendant Flushing Bank filed its answer on October 27, 2025. Defendant Thomasson and the Deo Defendants each filed an answer with counterclaims (the "Counterclaims") on November 4, 2025. Libertas Funding LLC did not file an answer and a request to enter default has been filed.

  When granting Defendants' request to extend their time to respond to the TAC, the Court further issued an Order that "(i) all discovery, including expert discovery shall be completed on or before December 30, 2025, [and] (ii) the first steps in summary judgment motion practice shall be on or before January 20, 2026." But the Court adjourned the Final Pretrial Conference and obligation to file a joint pretrial order *sine die* pending the Second Circuit ruling.

## CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

The Court has now denied Plaintiffs' request for a premotion conference seeking to dismiss the Counterclaims, without prejudice, pending the decision on the Appeal, finding that this Court is deprived of jurisdiction concerning any issues pertaining to those aspects of the case involved in the appeal.[1] As the Court has deemed to include all filings related to the pleadings as beyond its current jurisdiction, Plaintiffs right to seek dismissal of the Counterclaims has been curtailed pending the Appeal. Being that the Court has already adjourned the Final Pretrial Conference and obligation to file a joint pretrial order *sine die* pending the Second Circuit ruling, and the current lack of clarity of the parties and scope of the matter and prejudice to Plaintiffs in limiting its ability to respond to the Counterclaims, Plaintiffs respectfully seek a stay of both the depositions and their time to respond to the Counterclaims pending the decision on the Appeal.

On a further note, although the parties had previously exchanged certain documentary production, the production was incomplete. On November 26, 2025 Thomasson served a request for production directed to Plaintiffs and on December 3, 20025 served deposition notices for six (6) plaintiffs, to occur on consecutive dates between December 17 and December 24, 2025. For their part, Plaintiffs are preparing and serving a number of non-party subpoenas *duces tecum* and *ad testificandum* on various businesses and financial institutions. Plaintiffs will also be noticing at least eight (8) depositions of Defendants.

In addition to respective counsels' existing caseload, completing discovery, conducting numerous depositions and coordinating witness availability cannot be completed within the current time frame provided. As such, should the request to stay discovery be denied, an extension of the discovery deadline is respectfully requested.

Consistent with ¶ 1(D) of this Court's Individual Practice Rules, Plaintiffs respectfully submit that: (i) the original date by which to complete discovery is December 30, 2025; (ii-iii) there has been at least one (1) previous request for an extension of this deadline, which was granted, although there has not been any prior request to stay discovery since the filing of the TAC; (iv) a stay of discovery and the time in which to respond to the Counterclaims is warranted pending the decision from the Second Circuit due to the Appeal depriving this Court of jurisdiction to decide certain material issues, and due to the current lack of clarity of the parties, scope of the matter, and prejudice to Plaintiffs in limiting its ability to respond to the Counterclaims, which directly affect the scope of discovery. Alternatively, if the stay is not granted, an extension of time is necessary to complete documentary production and complete numerous depositions; and (v) only Thomasson responded, and expressed an objection to this request.

---

[1] The Superb Plaintiffs respectfully submit that their pending motion to dissolve the injunction, ECF Docket Entries 340-341, should not be subject to the stay pending appeal. See Fed. R. App. 4(a)(4)(A)(vi) (discussing effect of timely filed motion under Rule 60 on pending appeal).

# CYRULI SHANKS
### CYRULI SHANKS & ZIZMOR LLP

  For the foregoing reasons, the Plaintiffs respectfully submit that sufficient good cause exists to warrant this Court's exercise of discretion in favor of granting the requests sought herein.

  We thank the Court for its consideration in this regard.

            Respectfully yours,

            */s/ Jeffrey C. Ruderman*
            Jeffrey C. Ruderman

cc: All counsel via ECF