UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                          Case No. 2:23-cv-6188 (JMW)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC.,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HIGHWAY AUTO LLC., NORTHSHORE MOTOR
LEASING, LLC., BRIAN CHABRIER, JOSHUA
AARONSON, JORY BARON, ASAD KHAN, IRIS
BARON REPRESENTATIVE OF THE ESTATE OF
DAVID BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, and ISLAND AUTO
MANAGEMENT, LLC,

                              Plaintiffs,

      -against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON,
DWIGHT BLAKENSHIP, MARC MERCKLING,
MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS
NYC INC., GOLD COAST CARS OF SYOSSET LLC,
GOLD COAST CARS OF SUNRISE LLC, GOLD COAST
MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS CORP.,
DLA CAPITAL PARTNERS INC., JONES LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING,
LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE
HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC

                              Defendants.

------------------------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION TO MODIFY OR DISSOLVE THE PRELIMINARY INJUNCTION**

1

# **TABLE OF CONTENTS**

|  | PAGE |
|---|---|
| TABLE OF AUTHORITIES……………………………………………… | 3 |
| PRELIMINARY STATEMENT…………………………………………….. | 4 |
| RELEVANT LAW……………………………………………………………... | 5 |
| ARGUMENT………………………………………………………………… | 7 |
| IN THE ALTERNATIVE……………………………………………………. | 8 |
| CONCLUSION……………………………………………………………. | 10 |

# TABLE OF AUTHORITIES

## Cases

PAGE

*CFTC v. American Metals Exchange*, 991 F.2d 71 (3rd Cir. 1993)………………. 7

*Donovan v. City of Dallas*, 377 U.S. 408 (1964)…………………………………... 6

*Gucci America*, 768 F.3d 122 (2nd Cir. 2014)……………………………………... 7

*In re Amica Mut. Ins. Co.,* 85 A.D.3d 1510 (3rd Dept. 2011)…………………… 5, 6

*In re Marcus*, 491 F.2d 56, 60 (2nd Cir. 1974)…………………………………… 10

*Liss v. Trans Auto Sys.*, 68 N.Y.2d 15 (N.Y.C.A. 1986)…………………………... 6

*New York v. Shore Realty Corp.*, 759 F.2d 1032 (2nd Cir. 1985)…………………... 6, 7

*Paramedics Electromedicina*, 369 F.3d 645 (2nd Cir. 2004)……………………… 6

*Parker v. Blauvelt Fire Co.*, 93 N.Y.2d 343 (N.Y.C.A.1999)…………………….. 6

*Perfect Fit Industries Inc. v. Acme Quilting*, 673 F.2d 53 (2nd Cir. 1982)…………. 6

*Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co*………... 5
324 U.S. 806 (1945)

*Zino Davidoff v. CVS Corp.*, 571 F.3d 238 (2nd Cir. 2009)…………………………. 6

## Rules

CPLR 2221(d)…………………………………………………………………... 5

FRCP Rule 60…………………………………………………………………... 6

## **PRELIMINARY STATEMENT**

Plaintiffs Superb Motors, Team Auto Sales, and Robert Anthony Urrutia ("Superb Plaintiffs"), seek to modify or dissolve the Preliminary Injunction (ECF 55) that they requested. The instant application comes only after 1) the Superb Plaintiffs have been repeatedly found in contempt of that injunction; 2) the Superb Plaintiffs still face unresolved claims of contempt of the injunction (unresolved due to the stay afforded the Superb Plaintiffs due to their own appeal(s)); 3) ample allegations of wrongdoing regarding the storage, insurance, and location of the vehicles are yet to come once the stay is lifted; and 4) leaving these Plaintiffs as seeking equitable relief with unclean hands.

At this Court's conferences in May, 2025, Plaintiffs expressly admitted their inability to comply, with the injunction, to which this Court stated from the bench "then you'll be found in contempt." Plaintiffs no longer maintain any meaningful control over the vehicles at issue, no longer maintain a car lot sufficient to sustain insurance on the vehicles, and only filed an appeal and sought a stay of contempt proceedings when this Court ordered the vehicles to be delivered to the Deos, who since prior to the May conferences, maintain a used car lot that now also includes safety fencing. At and prior to those May 2025 Court conferences, Plaintiffs through counsel admitted that several cars are missing, several were sold without authorization, several were repossessed, and twelve were then still located on Plaintiff Urrutia's *former* lot in Hartford, Connecticut, which, since the May conferences, is open, unsecured, and vacated. The Plaintiffs appealed this Court's May orders regarding the injuncted vehicles, failed to timely deliver those vehicles to the Deo Defendants prior to the appeal(s), and further failed to even deliver titles/keys to the injuncted vehicles or give any *indicia* of insurance and location of those vehicles.

4

Moreover, Plaintiffs now seek relief from their own injunction despite stays in place related to their own appeals, raising the specter that the instant Motion is in violation of the stay(s) afforded the Plaintiffs from their own appeal(s). Lastly, and importantly, Plaintiffs fail to indicate to this Court how *res judicata* applies to the state Court Order from Judge Murphy (the "Murphy Order") that is not final, still subject to months of reconsideration (the reconsideration Motion is not even *sub* judice yet and is also subject to a Court ordered conference on February 19, 2026, to discuss, *inter alia,* reconsideration). It should also be noted by this Court that the Murphy Order contemplates and reserves Anthony Deo's rights to determine damages and offsets which should still impact this Court's decision to vacate an Injunction designed to provide security to all parties to that injunction, and not just the Plaintiffs.

## **RELEVANT LAW**

The Unclean Hands doctrine derives from the maxim: "'He who comes into Equity must come with clean hands." The Supreme Court explained in *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.* (324 U.S. 806 (1945)): "This maxim is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. That doctrine is rooted in the historical concept of the court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith." *Id. at* 809

The Murphy Order is not final — Plaintiffs readily admit that Deo moved for reargument under CPLR 2221(d) (and further filed a notice of appeal, as well) in the cited state Court action. Given the non-final status of the Murphy Order, it cannot have a preclusive effect in State Court, and should not therefore be able to have a preclusive effect on this (Federal) Court. *See In re Amica Mut. Ins. Co.,* 85 A.D.3d 1510, 1511 (3d Dep't 2011). A state-court judgment cannot

5

nullify or modify this federal injunction; Only this Court may alter its own equitable orders, consistent with the principles of equity (such as the unclean hands doctrine). *See Donovan v. City of Dallas*, 377 U.S. 408, 413 (1964).

The Superb Plaintiffs' appeal(s) stayed this Court's and undersigned's pursuit of further contempt proceedings. If that stay is now lifted such that Plaintiffs are even permitted to pursue the within relief, then before any decisions are made herein, equity and fairness suggests that the Deo Defendants, including undersigned, should be permitted to finish the contempt proceedings before any decision is made on the within Motion.

A party seeking relief under FRCP Rule 60(b)(5) or 60(b)(6) must demonstrate:

1. a meaningful change in circumstances;
2. that such a change was not the result of the party's own conduct;
3. that the party has acted with clean hands;
4. that the party remains capable of compliance; and
5. that continued enforcement of the injunction would be inequitable.

The Superb Plaintiffs do not meet any of these requirements.

Under New York law, a judgment or order is not final while a motion to reargue or renew is pending. *In re Amica Mut. Ins. Co.*, 85 A.D.3d *at* 1511. Likewise, the pendency of a motion to reargue renders the order nonfinal. *Liss v. Trans Auto Sys.*, 68 N.Y.2d 15, 20 (1986). Res judicata applies only when the "same transaction or series of transactions" is at issue. *Parker v. Blauvelt Fire Co.*, 93 N.Y.2d 343, 347 (1999).

Contemptuous conduct does not aid nor should it reward the Superb Plaintiffs here. *Paramedics Electromedicina*, 369 F.3d at 655 (Equity will not aid a contemnor.); *Perfect Fit Industries*, 673 F.2d at 57 (A party who violates an injunction cannot seek to modify it.); *Zino Davidoff*, 571 F.3d 238 (Failure to control enjoined goods warrants contempt.) *Shore Realty*, 759

6

F.2d 1032 (Party must maintain dominion over regulated property.); *Gucci America*, 768 F.3d 122 (Loss of control over assets under an injunction is a violation.); and *CFTC v. American Metals Exchange*, 991 F.2d 71 (Failure to safeguard collateral = contempt.)

## ARGUMENT

The Superb Plaintiffs' misconduct regarding the injuncted vehicles is extensive, and the Deo Defendants were prevented from fully pursuing same due to the Superb Plaintiffs' appeal(s) and Stay(s) stemming therefrom. It is grossly unfair for the Superb Plaintiffs to avoid responsibility for contemptuous conduct due to a non-final state Court Order that nonetheless contemplates protecting Anthony Deo's rights to (*inter alia*) damages. The injunction at issue deals specifically and predominantly with protecting all parties' financial interests, and could still be overturned on the pending Motion for Reconsideration.

Plaintiffs' unresolved misconduct bears directly on these injuncted vehicles, invoking the Unclean Hands doctrine herein. Plaintiffs have repeatedly violated this injunction, and many instances of contemptuous misconduct are unresolved. Plaintiffs have violated the duty to act in good faith regarding the injunction, and, if any party herein is allowed to essentially liquidate the injuncted vehicles, it should be the Deo Defendants given their standing as still operating a car lot and being licensed to liquidate these vehicles, which the Superb Plaintiffs inarguably are not. Without being licensed, there is no lawful way for the Superb Plaintiffs to sell these vehicles, and there is no way for those vehicles to be insured absence any appropriate DMV licensing. Effectively, the Superb Plaintiffs are asking this Court for permission to break the law given their absence of DMV issued car sales license(s), which cannot be permitted by this Court.

This Court knows from the Deo Complaint before it that the Deos claim that the Aaronson parties were caught trying to steal the Deos' businesses, and that the within Complaint against the Deo Defendants is false and entirely unexpected. Judge Murphy's

7

decision bears on whether or not Deo knew of the instant lawsuit when contracting with the Superb Plaintiffs, and the Motion for Reconsideration bears directly on the fact that the contract between the Deos and the Superb Plaintiffs and moneys paid therefore came *before this lawsuit and its predecessor state action was even commenced.* Therefore, *res judicata* should not apply here even if the Murphy Order was final; the issues in that state Court case differ from the injunction and its variety of purposes, here.  The purposes of the injunction still are valid and ongoing today.

## IN THE ALTERNATIVE

If this Court nonetheless is inclined to allow part or all of the instant Motion, undersigned requests that 1) Anthony Deo with a valid DMV sales license (unlike the Superb Plaintiffs) be delivered the vehicles, titles, and keys as previously Ordered by this Court for Deo to liquidate same; and 2) for any resulting funds to be placed in escrow with the Deos' attorney, Jeff Benjamin, pending final resolution of the Murphy Order and/or this action.  The Superb Plaintiffs cannot protect or sell these vehicles at this time, they certainly should not benefit from their own misconduct and mismanagement.

Please be reminded of the misconduct by the Superb Plaintiffs not yet fully resolved before this Court, which includes, but is not limited to:

1. The Superb Plaintiffs have lost all physical, legal, and practical control over the vehicles that were expressly placed under federal protection. A party who cannot control the subject matter of an injunction, as here, should not be permitted relief relating to it;

2. The injunction at issue prohibited the sale, transfer, encumbrance, or repossession of the injuncted vehicles, and that the injuncted vehicles must remain insured, stored at approved locations, must remain secured, and must be available for inspection. At

8

this time, it is undersigned's position that the Superb Plaintiffs are in violation of each of these provisions/Orders, and I want to inspect such vehicles and their titles with their keys before any potential sale occurs, if the Court Orders the sale of these vehicles;

3. The Superb Plaintiffs have already been found in contempt for failing to provide required status reports, failing to provide odometer readings, failing to disclose the location and condition of the vehicles; and failing to comply with other obligations under the injunction. If this Court nonetheless Orders the sale of these vehicles, I ask for a transparent process that includes my own ability to inspect the vehicles and see them for myself. The Superb Plaintiffs already informed this Court in May that some injuncted vehicles were sold and/or cannot located; I ask for transparency if this Court grants Plaintiffs any relief;

4. The Superb Plaintiffs acknowledged in a letter to the Court dated May 30, 2025, that twelve vehicles were sold, but one or more of the vehicles the Superb Plaintiffs identified were never authorized for sale by this Court given the injunction. Given the appeal(s) made by the Superb Plaintiffs thereafter, this issue of contempt is still unresolved;

5. Plaintiffs further disclosed in that correspondence that several vehicles were repossessed by lenders, including a specifically identified 2016 Ford F-150. These repossessions occurred because the vehicles had been placed on post-injunction floorplan arrangements, activity prohibited under the injunction, and this issue remains unresolved;

6. Plaintiffs also disclosed that one or more titles to injuncted vehicles were surrendered to lender(s). This is specifically prohibited by the injunction and is still

9

unresolved due to the stay(s) from the pending appeal(s);

7. At this time, and upon information and belief that includes a first-hand inspection of Plaintiff Urrutia's former lot in Hartford, Connecticut by undersigned during mid-June, 2025, the remaining vehicles totaled only 12, were outside on a back property line next to a train track, with the premises itself abandoned. There was no security, no cameras seen, and no then-operating business on the premises. Moreover, given the existence of a real estate sign on the property, undersigned contacted the agent and discovered that the property has been sold to an unknown, unrelated third party. These violations remain unresolved before this Court. Given the closures of Plaintiff Urrutia's former businesses and necessary surrender of all DMV licenses, the Superb Plaintiffs do not have the ability and have not had the ability to comply in any way either with the injunction or to sell these vehicles if so permitted by this Court;

8. During the May 23, 2025 conference before this Court, the Superb Plaintiffs' counsel (Mr. Kataev) admitted that "my client can't do it" regarding the Court's directive to deliver the cars to Anthony Deo, and further added specifically "he can't comply" and "he doesn't have the funds." Indeed, the Superb Plaintiffs did not comply with this Court's Orders to deliver the cars, keys and titles to Anthony Deo, and therefore, only Anthony Deo should be permitted to handle any liquidation of the vehicles hereafter;

9. Simply put, a party in contempt, as here with the Superb Plaintiffs, is not entitled to equitable relief. *In re Marcus*, 491 F.2d 56, 60 (2d Cir. 1974).

## **CONCLUSION**

The motion to dissolve the preliminary injunction should be **DENIED** because:

1. The state Court Order is not final.

2. Res Judicata does not apply, particularly given that the Order is not final and the parties and issues are not identical between this action and Judge Murphy's case.

3. The Superb Plaintiffs seek equity with unclean hands.

4. The Superb Plaintiffs' misconduct and contemptuous conduct is unresolved but should be resolved, first.

5. Anthony Deo is the only party to this Motion qualified and licenses to conduct the sale of the injuncted vehicles.

6. FRCP Rule 60's requirements are unmet by the Superb Plaintiffs.

7. The underlying purposes of the injunction still exist and have worsened.

Accordingly, the injunction should remain in full force and effect, or, in the alternative, Anthony Deo should conduct the liquidation of the vehicles and any funds derived therefrom should be held in escrow after a full accounting, and undersigned demands an inspection of the vehicles while they are still in the Superb Plaintiffs' possession, custody and control.

Dated: December 12, 2025                              Respectfully submitted,

                                                      /S/ *Harry R. Thomasson*
                                                      _____
                                                      Harry R. Thomasson, *Pro Se*
                                                      3280 Sunrise Highway, Box 112
                                                      Wantagh, New York  11793
                                                      Tel.  516-557-5459
                                              Email:  hrtatty@verizon.net

11