# CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

Jeffrey C. Ruderman<br>
email: jruderman@cszlaw.com<br>
Admitted NY, NJ and CT

December 15, 2025

Via ECF

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

  Re: Superb Motors Inc. et. al. v. Deo, et. al., Case No. 2:23-cv-6188 (JMW)

Dear Magistrate Judge Wicks:

  This firm represents the "Island Auto Plaintiffs", being all Plaintiffs in the above referenced matter <u>other than</u> the "Superb Plaintiffs" (being Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia) (and together with the Island Auto Plaintiffs, "Plaintiffs"). We write this letter along with the Superb Plaintiffs to respectfully seek reconsideration of this Court's Order dated December 8, 2025, denying, without prejudice, plaintiffs' request for a pre-motion conference (ECF 339, 342, 343) in anticipation of their motion to dismiss the counterclaims asserted by Defendant Harry R. Thomasson, Esq. and the remaining Deo Defendants in their answers with counterclaims (the "Counterclaims") <u>See</u> ECF Docket Entries 335, 336)

  The Court denied the request for the pre-motion conference stating that, due to Plaintiffs' filing a notice of appeal of the Opinion & Order on motions to dismiss/motion to amend (ECF 230) and Order on Motion for Reconsideration (ECF 314) (collectively the "Decisions"), it has been deprived of jurisdiction over those aspects of the case involved in the appeal. Plaintiffs respectfully maintain that the issues on appeal are wholly unrelated to the Counterclaims or the basis for seeking dismissal.

  The appeal only concerns the Third Amended Complaint as to the dismissal of certain claims and certain parties in the action. The Counterclaims, though, are not reliant on the matters or parties dismissed. Whether this Court's Decisions are affirmed or reversed should have no implication as to Counterclaims for alleged defamation arising from the TAC's allegations.

## CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

      The basis in seeking to dismiss the Counterclaims is also not factual, but legal: there is absolute immunity to the defamation claim for allegations raised in the TAC. The issues on appeal have no impact on, and are not impacted by, this argument. Consequently, Plaintiffs respectfully posit that the Court is not deprived of jurisdiction to hold a pre-motion conference.

      In addition, although this Court previously adjourned the Final Pretrial Conference and obligation to file a joint pretrial order *sine die* pending the Second Circuit ruling, it has since set such dates. Plaintiffs will be prejudiced if a pre-motion conference is rejected by the Court.

      Plaintiffs thus respectfully request that this Court reconsider its Order denying Plaintiffs' letter motion for a pre-motion conference, and – further – extend their time to respond to the Counterclaims *sine die* pending this Court's decision on the instant application.  See Fed. R. Civ. P. 6(b)(1)(A).  Technically, given the Court's denial of the letter motion, a reply to the Counterclaims is due in accordance with the Federal Rules of Civil Procedure.  However, Plaintiffs should not be burdened with preparing a formal reply given the clear lack of merit to the Counterclaims.  Accordingly, good cause exists for this Court to exercise its discretion in favor of granting the requested extension of time *sine die*.

      We thank the Court for its consideration in this regard.

                                                        Respectfully yours,

                                                        */s/ Jeffrey C. Ruderman*
                                                        Jeffrey C. Ruderman

cc:    All counsel via ECF

ATTORNEYS AT LAW
420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350