# CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

Jeffrey C. Ruderman<br>
email: jruderman@cszlaw.com<br>
Admitted NY, NJ and CT

December 16, 2025

Via ECF

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

    Re:    Superb Motors Inc. et. al. v. Deo, et. al., Case No. 2:23-cv-6188 (JMW)

Dear Magistrate Judge Wicks:

    This firm represents the "Island Auto Plaintiffs", being all Plaintiffs in the above referenced matter <u>other than</u> the "Superb Plaintiffs" (being Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia) (and together with the Island Auto Plaintiffs, "Plaintiffs"). We write this letter along with the Superb Plaintiffs to respectfully seek an Order compelling the Deo Defendants to proceed "out of order" with depositions they noticed so they may accommodate the unavailability of certain Plaintiffs.

    On December 3, 2025, Defendant Harry R. Thomasson, Esq. ("Thomasson") served via email a deposition notice for the following Plaintiffs with the following dates:

| | |
|---|---|
| Iris Baron | December 17, 2025 10:00 a.m. |
| Joshua Aaronson | December 18, 2025 10:00 a.m. |
| Robert Anthony Urrutia | December 19, 2025 10:00 a.m. |
| Brian Chabrier | December 24, 2025 10:00 a.m. |
| Jory Baron | December 23, 2025 10:00 a.m. |
| Asad Khan | December 22, 2025 10:00 a.m. |

    On December 15, 2025, Plaintiffs explained that they are unable to proceed with Iris Baron and Joshua Aaronson on December 17 and 18, respectively, but offered Brian Chabrier ("Chabrier") and Jory Baron ("Jory") in their stead. Thomasson refused to proceed with these depositions on the mistaken ground that the depositions he noticed were "so Ordered" by the Court and based on the notion that he is entitled to some sort of priority in his depositions. Plaintiffs offered to meet-and-confer, but Thomasson has refused. The Deo Defendants' counsel Jeffrey Benjamin, Esq. has not chimed in on his position as their counsel.

<u>C YRULI  S HANKS</u>
C YRULI  S HANKS  &  Z IZMOR  LLP

  Local Civil Rule 26.4 requires cooperation amongst counsel in discovery and scheduling.  Thomasson's refusal to cooperate in light of Plaintiffs' willingness to move depositions forward constitutes a violation of the Local Civil Rules.

  Moreover, there is no priority in depositions.  <u>See</u> <u>Convolve, Inc. v. Compaq Computer Corp.</u>, No. 00-CV-5141, 2000 WL 1480363, at *1 (S.D.N.Y. Oct. 6, 2000) ("Under the Federal Rules' liberal discovery regime, without judicial intervention a party can neither assert priority in discovery ... The appropriate remedy to another party's intransigence is not mutuality of non-performance, but rather a motion brought pursuant to Rule 37"); <u>see</u> <u>also</u> <u>Guidehouse LLP v. Shah</u>, No. 19-cv-9470 (MKV), 2020 WL 13927593, at *2 (S.D.N.Y. Oct. 27, 2020) ("there is no  rule of discovery priority, and the order regarding the sequence of discovery is at the discretion of the trial judge").

  Accordingly, this Court should require Thomasson to proceed with the depositions of Chabrier on December 17, 2025 and Jory on December 18, 2025 as offered.  Doing so will permit discovery to be completed and allow this case to move swiftly to trial, while denying this motion will permit this case to languish and stall.  <u>See</u> Fed. R. Civ. P. 1.

  We thank the Court for its consideration in this regard.

            Respectfully yours,

            <u>/s/ Jeffrey C. Ruderman</u>
            Jeffrey C. Ruderman

cc: All counsel via ECF