# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  
Wantagh, New York  11793  
Tel. 516-557-5459  
hrtatty@verizon.net

Admitted:  
Massachusetts  
New York

December 16, 2025

Honorable James M. Wicks  
U.S. Federal District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

    Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*  
            Case No. 2:23-cv-6188 (JW)

Your Honor:

    I am writing with regard to my deposition Notice attached hereto as Exhibit A.  Please be advised, as follows:

1. Attached hereto as Exhibit A is a true and accurate copy of my Notice of Depositions served upon the attorneys on the docket in the above referenced action.  Please understand that I noticed the depositions carefully, as follows:  1) The depositions are noticed in the order of importance to me; 2) I carefully fit the depositions between the December holidays for everyone's accommodation; 3) I waited as long as I could for anyone else to file discovery in this case, but at the time I served the Notice of Depositions, no depositions were scheduled to date by any other party hereto, despite a then-discovery deadline of the end of December, 2025, later this month; and 4) I made sure to Notice the Depositions as virtual/zoom depositions to accommodate everyone in this case.  I have told the Court repeatedly that I will never believe that Plaintiff Urrutia is ever going to return to this District given other parties (e.g., NMAC) and quite possibly federal investigators are and/or will be seeking to serve him, yet I still noticed his deposition via zoom/virtual appearance to avoid headaches over trying to force him to appear for the deposition when I do not believe he will ever return to Long Island.

2. As the Court knows, Mr. Ruderman (with others joining) sought various discovery/ deadline relief last week.  A copy of Mr. Ruderman's original email to me along with my response is attached hereto as Exhibit B.  That was our only "meet and confer" under the rules before he sought relief from the Court.  At the moment Mr. Ruderman sent me that email, no discovery was served in this case this year other than my Request for Documents served on the Plaintiffs and my Notice of Depositions attached hereto as Exhibit A.  Please be reminded that I previously provided my Request for Documents to the Court last week; responses to that request are due before the completion of my Noticed depositions.  Of course, that is not an accident.

3.  Last Thursday, December 11, 2025, I informed the attorneys on this case that I needed the identity and email addresses of each party and attorney who intend to participate in these Depositions. A true and accurate copy of that email is attached hereto as Exhibit C.

4.  Attached hereto as Exhibit D are all of the emails I have received since, notably Mr. Ruderman's email yesterday afternoon informing me with about forty hours to go before the commencement of my Noticed Depositions that at most one of my depositions will be going forward as Noticed, and he wants me to confirm that deposition for Mr. Urrutia (giving no reason for such confirmation being required). I find that this is unreasonable, particularly in light of the fact that at the moment Mr. Ruderman informed me of his intent to delay, stay, and extend various dates last week, only my Requests for Documents and Notices of Depositions had been served by anyone in this lawsuit this year. To wait until now to tell me what my schedule will have to be whether I like it or not after I just spent the entire weekend getting ready for these Depositions as Noticed is not right, your Honor. Please also note that the two depositions Mr. Ruderman offers this week are for 11:30 a.m. My Notice of Depositions provides for a 10:00 a.m. start time as I intend to utilize a full day on each deposition, as is my right after waiting three years to take these depositions. Please also note that the emails that provide email addresses for depositions do not confirm any of the six depositions, and do not inform me which depositions will be attended by which parties, attorneys, and email addresses, as needed by the stenographer.

5.  I needed to provide email addresses for these depositions to my stenographer first thing this morning, and I cannot since basically nothing is confirmed by the attorneys for these deponents. At this time, I consider the depositions as Noticed in Exhibit A to be blown by the Plaintiffs and no longer scheduled given these circumstances.

6.  I wanted this work done before Christmas. My January schedule is literally full with having to deal with the depositions that the Plaintiffs will be conducting, two more depositions I intend to take, having to deal with appellate briefing for an appeal filed by Mr. Urrutia and Mr. Kataev after telling this Court that there was no money to move some cars (they've actually filed two appeals since telling the Court that there was no money to move cars, along with a new state case, along with endless Motion practice in this case), along with my usual caseload, all as the only solo practitioner in this case. I do not have the ability nor desire to accommodate the Plaintiffs' last-minute requests to do the depositions out of order and on someone else's (shorter) schedule, your Honor.

7.  It is my position that it is the duty of the deponents to request relief from the deposition schedule, and no request has been made despite my repeated urgings in the attached emails. Nonetheless, we are now 25 hours from the first scheduled deposition and the Plaintiffs have carefully maneuvered themselves into a position of wanting to "confer" further despite their clear position that the depositions are not

      occurring as noticed.  I am left with no option other than the within correspondence to the Court.

8. To be clear, I made good faith efforts to confer through the attached emails over this situation, your Honor.  I have a schedule that the Plaintiffs have informed me is not going to take place as I noticed the depositions, and I have no other options at this point than the within Motion to Compel and Sanction pursuant to FRCP 37.

    Accordingly, I ask this Court for whatever relief in the Court's experience seems appropriate in light of this Court's order regarding discovery last week, when this Court said that the schedule (including discovery) is "final final final."  Specifically, I ask for the Plaintiffs to be compelled to appear as Noticed for their depositions or, failing that, they either be defaulted outright or at least barred from producing testimonial evidence in this case for this inappropriate twisting of my discovery schedule to meet their needs.  These Plaintiffs have avoided spelling out their cases for years (and at least one of them, Iris Baron, according to Mr. Shanks in his email attached in Exhibit D, has no knowledge of the claims against me, a point I desperately want spelled out under oath in the very first deposition as scheduled for tomorrow). This Court denied the Plaintiffs' requests to stay my discovery just last week, yet are now wrongfully avoiding providing the Depositions as Noticed on a schedule that I can deal with despite all I did to accommodate everyone else's schedule and geographic locations.  And I'm sure I'll have to reach out to the Court again when I receive their document (non-) responses next week.  This is nothing short of intentional interference with my case and bad faith, especially to suggest Plaintiffs are not ready for this schedule after 3 years and being turned down for (another) stay of my discovery.

    A last-minute email telling me that my depositions are not going to take place as noticed, absent any specific reasoning, and given the staggering amounts of time to be prepared for these depositions, should not be tolerated by the Court, your Honor.

    Awaiting the Court's decision, I remain,

                                  Very truly yours,

                                  *Harry R. Thomasson*

                                  Harry R. Thomasson, Esq.