# EXHIBIT D

# Harry Thomasson

| | |
|---|---|
| **From:** | Jeffrey Ruderman <jruderman@cszlaw.com> |
| **Sent:** | Monday, December 15, 2025 4:43 PM |
| **To:** | hrtatty@verizon.net; Steven Shanks; Russell Shanks; alivia@sagelegal.nyc; ekesq2014 @recap.email; nicholasasavino@gmail.com; imarciniszyn@weirpartners.com; john.lentinello@gmail.com; Peter Seiden; Baylis, Thomas; Jeffrey Benjamin; Emanuel Kataev; Nicholas A. Savino; Bonnie Golub; John Lentinello; Anthony Valenziano; nicole.koster17@stjohns.edu; bsuarez@riker.com; jcianciulli@weirlawllp.com; Ronneburger, Ariel |
| **Subject:** | RE: [EXTERNAL]Re: Superb Motors v. Deo  EDNY 23-cv-6188 |

Harry:

Pursuant to FRCP 26(f), we suggest a meet and confer to attempt to resolve this issue. Please let us know when you are available.

Jeffrey C. Ruderman, Esq.
CYRULI SHANKS
420 Lexington Avenue, Suite 2320
New York, New York 10170
Tel (212) 661-6800 ext. 205
Direct (347) 379-4622
Fax (212) 661-5350
Email jruderman@cszlaw.com

This transmission, together with any attachments, is intended only for the use of the individual(s) or entity(ies) to which it is addressed, and may contain information that is legally privileged, confidential and/or exempt from disclosure.  If you are not an intended recipient, you are hereby notified that any dissemination, distribution, publication or reproduction of this message and/or any attachments is strictly prohibited.  If you have received this message in error, kindly notify the original sender immediately by telephone, email or fax at the location set forth above and delete from your computer this transmission and any attachments.  This transmission does not reflect an intention by the sender or by the sender's client to conduct or enter into a transaction or enter into any obligation by electronic means.  Nothing contained in this transmission or in any attachment shall be deemed to satisfy the requirements for a writing and nothing contained herein shall be deemed to constitute a contract or an electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or under any other statute governing electronic transmissions or transactions.  Thank you.

NOTE TO CLIENTS: In order to preserve your entitlement to the attorney-client privilege regarding the information contained herein and any related subject matter, please refrain from sharing, forwarding or disclosing this email or the substance hereof to any third party not in your employ.

**From:** hrtatty@verizon.net <hrtatty@verizon.net>
**Sent:** Monday, December 15, 2025 3:48 PM
**To:** Steven Shanks <sshanks@cszlaw.com>; Russell Shanks <rshanks@cszlaw.com>; alivia@sagelegal.nyc; ekesq2014@recap.email; nicholasasavino@gmail.com; imarciniszyn@weirpartners.com; john.lentinello@gmail.com; Peter Seiden <pseiden@milbermakris.com>; Baylis, Thomas <tbaylis@cullenllp.com>; Jeffrey Benjamin <jbenjamin@nyfraudlaw.com>; Emanuel Kataev <emanuel@sagelegal.nyc>; Nicholas A. Savino <nsavino@zeklaw.com>; Bonnie Golub <bgolub@wgpllp.com>; John Lentinello <jlentinello@milbermakris.com>; Anthony Valenziano <avalenziano@shermanatlas.com>; nicole.koster17@stjohns.edu; bsuarez@riker.com; jcianciulli@weirlawllp.com; Jeffrey Ruderman <jruderman@cszlaw.com>; Ronneburger, Ariel <aronneburger@cullenllp.com>
**Subject:** Re: [EXTERNAL]Re: Superb Motors v. Deo EDNY 23-cv-6188

**CAUTION: EXTERNAL EMAIL**

I disagree entirely.  Jeff Ruderman asked me to comment on his letter requesting 1) a stay of discovery; 2) an extension of discovery; and 3) other dates to be extended.  At the moment Mr. Ruderman asked me for my position on that letter, there was no other discovery scheduled.  None.  So his request to stay discovery was inarguably a stay of my discovery, which was denied by the Court.  He even told the Court about my depositions in his request, so it's not as though the Court didn't know I noticed discovery.  I'm sticking with my schedule, as there is only another month to go, and that month is already close to full for me. I need to do these depositions this month, and requesting (another) change to my schedule after the Court already said no to changing that schedule is not reasonable, and especially not reasonable with less than 40 hours to go.  I get to take the depositions in my order, not everyone else's.  If you need relief, you'll have to ask the Court, because I am sticking with my schedule.

HARRY R. THOMASSON, Esq.
3280 Sunrise Highway
Box 112
Wantagh, NY  11793
516-557-5459

If you are not the intended recipient of this email, please discard same and notify the sender immediately.  This office does not give tax advice; please consult an accountant or other expert for tax planning.  No privilege is waived by receiving this email in error.

On Monday, December 15, 2025 at 03:28:58 PM EST, Ronneburger, Ariel <aronneburger@cullenllp.com> wrote:

Harry,

I echo Jeffrey's understanding that the Court Order did nothing to uphold your proposed schedule – rather it merely extended the discovery date to accommodate the scheduling of these depositions to later dates, which includes the depositions you noticed on very short notice, including one on Christmas Eve.

That said, the depositions this week will be ended by either myself (aronneburger@cullenllp.com) or my partner Tom Baylis (tbaylis@cullenllp.com), depending on our availability – so please copy us both on any invitations.

**Ariel E. Ronneburger**
Partner
**Cullen and Dykman LLP**
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
T: 516.296.9182 | F: 516.357.3792
E: aronneburger@cullenllp.com
Pronouns: she/her

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is

intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.

**From:** hrtatty@verizon.net <hrtatty@verizon.net>
**Sent:** Monday, December 15, 2025 3:15 PM
**To:** Steven Shanks <sshanks@cszlaw.com>; Russell Shanks <rshanks@cszlaw.com>; aronneburger@gmail.com; alivia@sagelegal.nyc; ekesq2014@recap.email; nicholasasavino@gmail.com; imarciniszyn@weirpartners.com; john.lentinello@gmail.com; Peter Seiden <pseiden@milbermakris.com>; Baylis, Thomas <TBaylis@cullenllp.com>; Jeffrey Benjamin <jbenjamin@nyfraudlaw.com>; Ronneburger, Ariel <aronneburger@cullenllp.com>; Emanuel Kataev <emanuel@sagelegal.nyc>; Nicholas A. Savino <nsavino@zeklaw.com>; Bonnie Golub <bgolub@wgpllp.com>; John Lentinello <jlentinello@milbermakris.com>; Anthony Valenziano <avalenziano@shermanatlas.com>; nicole.koster17@stjohns.edu; bsuarez@riker.com; jcianciulli@weirlawllp.com; Jeffrey Ruderman <jruderman@cszlaw.com>
**Subject:** [EXTERNAL]Re: Superb Motors v. Deo EDNY 23-cv-6188

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

That is a false statement, Mr. Ruderman.  Don't tell me that you didn't seek to change the schedule, you asked, inter alia, to stay/stop these depositions to do them on your schedule, and the Court wrote that the request for any stay is "denied."  Changing the schedule less than two days before the depositions commence was denied by the Court, and I am not agreeing to change it, either.  I have a schedule that I need to keep, and two days is not enough time for me to make changes to that schedule, which the Court already denied anyway.  The schedule stands, and under the rules it is your duty to obtain relief, which would obviously constitute yet another bite of the apple since that request was denied.  I need the emails for each deposition, and confirmation of which lawyers are also attending.  I now have less than two hours to notify the stenographer for those six depositions regarding the emails of all who are attending.

HARRY R. THOMASSON, Esq.

3280 Sunrise Highway

Box 112

Wantagh, NY  11793

516-557-5459

If you are not the intended recipient of this email, please discard same and notify the sender immediately.  This office does not give tax advice; please consult an accountant or other expert for tax planning.  No privilege is waived by receiving this email in error.

On Monday, December 15, 2025 at 02:57:56 PM EST, Jeffrey Ruderman <jruderman@cszlaw.com> wrote:

Harry:

Under a tight time frame, we are making efforts to accommodate and produce the witnesses you have requested. All within the extended time frame granted by the Court. Below is the Court Order, which merely extends the date by which to complete discovery. There is nothing within the Order that addresses any particular witness or their deposition dates. There is certainly no "court ordered" deposition dates, other than an end date by which to complete depositions. As no such order exists, no relief from the Court is necessary, or appropriate. As we have responded reasonably, providing the dates and availability of witnesses, please advise if you intend to take the depositions of the witnesses that we have noted that we will produce.

**ORDER granting [346] Motion for Extension of Time. In light of the representations in ECF Nos. 346-51, dates and deadlines are extended as follows: (i) all discovery, including expert discovery is to be completed by January 31, 2026, (ii) the last date in first steps of summary judgment motion practice is February 20, 2026, (iii) an in-person Final Pretrial Conference will be scheduled for April 30, 2026 at 10:00 AM, (iv) a Joint Pretrial Order shall be filed on or before April 23, 2026, and (v) Jury Selection and Trial will begin July 6, 2026 at 9:00 AM. These dates are FINAL.** *See In re Harris*, **228 B.R. 740, 745 (Bankr. D. Ariz. 1998) ("the word 'final' means final"). No further extensions will be permitted absent extraordinary circumstances. To the extent that a stay was requested, that application is denied. So Ordered by Magistrate Judge James M. Wicks on 12/11/2025. (JAF)**

Jeffrey C. Ruderman, Esq.
CYRULI SHANKS
420 Lexington Avenue, Suite 2320
New York, New York 10170
Tel (212) 661-6800 ext. 205
Direct (347) 379-4622
Fax (212) 661-5350
Email jruderman@cszlaw.com

This transmission, together with any attachments, is intended only for the use of the individual(s) or entity(ies) to which it is addressed, and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, publication or reproduction of this message and/or any attachments is strictly prohibited. If you have received this message in error, kindly notify the original sender immediately by telephone, email or fax at the location set forth above and delete from your computer this transmission and any attachments. This transmission does not reflect an intention by the sender or by the sender's client to conduct or enter into a transaction or enter into any obligation by electronic means. Nothing contained in this transmission or in any attachment shall be deemed to satisfy the requirements for a writing and nothing contained herein shall be deemed to constitute a contract or an electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or under any other statute governing electronic transmissions or transactions. Thank you.

NOTE TO CLIENTS: In order to preserve your entitlement to the attorney-client privilege regarding the information contained herein and any related subject matter, please refrain from sharing, forwarding or disclosing this email or the substance hereof to any third party not in your employ.

**From:** hrtatty@verizon.net <hrtatty@verizon.net>
**Sent:** Monday, December 15, 2025 2:38 PM
**To:** Steven Shanks <sshanks@cszlaw.com>; Russell Shanks <rshanks@cszlaw.com>; aronneburger@gmail.com; alivia@sagelegal.nyc; ekesq2014@recap.email; nicholasasavino@gmail.com; imarciniszyn@weirpartners.com; john.lentinello@gmail.com; Peter Seiden <pseiden@milbermakris.com>; tbaylis@cullenanddykman.com; Jeffrey Benjamin <jbenjamin@nyfraudlaw.com>; aronneburger@cullenanddykman.com; Emanuel Kataev <emanuel@sagelegal.nyc>; Nicholas A. Savino <nsavino@zeklaw.com>; Bonnie Golub <bgolub@wgpllp.com>; John Lentinello <jlentinello@milbermakris.com>; Anthony Valenziano <avalenziano@shermanatlas.com>; nicole.koster17@stjohns.edu; bsuarez@riker.com; jcianciulli@weirlawllp.com; Jeffrey Ruderman <jruderman@cszlaw.com>
**Subject:** Re: Superb Motors v. Deo EDNY 23-cv-6188

**CAUTION: EXTERNAL EMAIL**

Dear Counsel:

I am in receipt of Mr. Ruderman's request about 40 hours before the beginning of the Noticed Depositions to change the schedule that I Noticed and that Magistrate Wicks already upheld. I am proceeding with my schedule, and it is incumbent upon anyone who wishes to change that (now Court ordered) schedule to obtain relief from the Court. I carefully chose the order of the depositions, and the Defendants in Counterclaim do not get to change a Court ordered schedule. Iris Baron is Wednesday, and I need email addresses for whomever intends to attend that virtual deposition, and the depositions of the other five Defendants in Counterclaim. No one has yet made clear to me what emails are for which depositions, and I need to forward the emails by the end of today to the stenographer. I made these depositions virtual to accommodate everyone, not for the Defendants in Counterclaim to tell me when I'm taking the depositions. If you intend to seek relief from the schedule at this late hour, please be sure to include this email in your filing with Magistrate Wicks.

HARRY R. THOMASSON, Esq.
3280 Sunrise Highway
Box 112
Wantagh, NY 11793
516-557-5459

If you are not the intended recipient of this email, please discard same and notify the sender immediately. This office does not give tax advice; please consult an accountant or other expert for tax planning. No privilege is waived by receiving this email in error.

On Monday, December 15, 2025 at 01:09:39 PM EST, Jeffrey Ruderman <jruderman@cszlaw.com> wrote:

Harry:

We have been looking at our own schedules and that of our clients as to the production for depositions. This week we can produce Brian Chabrier on 12/17 at 11:30 and Jory Baron on 12/18 at 11:30. You can confirm Tony's deposition on 12/19 with Emanuel. We will get back to you later in the week about who and when we can produce the other witnesses.

Jeffrey C. Ruderman, Esq.
CYRULI SHANKS
420 Lexington Avenue, Suite 2320
New York, New York 10170
Tel (212) 661-6800 ext. 205
Direct (347) 379-4622
Fax (212) 661-5350
Email jruderman@cszlaw.com

This transmission, together with any attachments, is intended only for the use of the individual(s) or entity(ies) to which it is addressed, and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, publication or reproduction of this message and/or any attachments is strictly prohibited. If you have received this message in error, kindly notify the original sender immediately by telephone, email or fax at the location set forth above and delete from your computer this transmission and any attachments. This transmission does not reflect an intention by the sender or by the sender's client to conduct or enter into a transaction or enter into any obligation by electronic means. Nothing contained in this transmission or in any attachment shall be deemed to satisfy the requirements for a writing and nothing contained herein shall be deemed to constitute a contract or an electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or under any other statute governing electronic transmissions or transactions. Thank you.

NOTE TO CLIENTS: In order to preserve your entitlement to the attorney-client privilege regarding the information contained herein and any related subject matter, please refrain from sharing, forwarding or disclosing this email or the substance hereof to any third party not in your employ.

**From:** hrtatty@verizon.net <hrtatty@verizon.net>
**Sent:** Thursday, December 11, 2025 10:12 PM
**To:** Jeffrey Ruderman <jruderman@cszlaw.com>; Steven Shanks <sshanks@cszlaw.com>; Russell Shanks <rshanks@cszlaw.com>; aronneburger@gmail.com; alivia@sagelegal.nyc; ekesq2014@recap.email; nicholasasavino@gmail.com; imarciniszyn@weirpartners.com; john.lentinello@gmail.com; Peter Seiden <pseiden@milbermakris.com>; tbaylis@cullenanddykman.com;

Jeffrey Benjamin <jbenjamin@nyfraudlaw.com>; aronneburger@cullenanddykman.com; Emanuel Kataev <emanuel@sagelegal.nyc>; Nicholas A. Savino <nsavino@zeklaw.com>; Bonnie Golub <bgolub@wgpllp.com>; John Lentinello <jlentinello@milbermakris.com>; Anthony Valenziano <avalenziano@shermanatlas.com>; nicole.koster17@stjohns.edu; bsuarez@riker.com
**Subject:** Superb Motors v. Deo EDNY 23-cv-6188

**CAUTION: EXTERNAL EMAIL**

Dear Counsel:

Given the Court's ruling this evening that my discovery is going forward, please be advised that I need the email addresses for all attorneys and parties noticed for depositions next week and the week after sent to me by the close of business on Monday, December 15, 2025, so that the stenographer can provide links to everyone for these remote depositions. Please do not be late, I need to forward these to the stenographer as early as possible on Tuesday, December 16, 2025, before the depositions begin the next day. Thank you for your timely response by the close of business Monday.

HARRY R. THOMASSON, Esq.
3280 Sunrise Highway
Box 112
Wantagh, NY 11793
516-557-5459

If you are not the intended recipient of this email, please discard same and notify the sender immediately. This office does not give tax advice; please consult an accountant or other expert for tax planning. No privilege is waived by receiving this email in error.

## Harry Thomasson

| | |
|---|---|
| **From:** | Jeffrey Ruderman <jruderman@cszlaw.com> |
| **Sent:** | Monday, December 15, 2025 4:27 PM |
| **To:** | hrtatty@verizon.net; Steven Shanks; Russell Shanks; alivia@sagelegal.nyc; ekesq2014 @recap.email; nicholasasavino@gmail.com; imarciniszyn@weirpartners.com; john.lentinello@gmail.com; Peter Seiden; Baylis, Thomas; Jeffrey Benjamin; Emanuel Kataev; Nicholas A. Savino; Bonnie Golub; John Lentinello; Anthony Valenziano; nicole.koster17@stjohns.edu; bsuarez@riker.com; jcianciulli@weirlawllp.com; Ronneburger, Ariel |
| **Subject:** | RE: [EXTERNAL]Re: Superb Motors v. Deo   EDNY 23-cv-6188 |

I will not argue. There is no order for specific depositions dates. We have advised when we can produce and will further update as to the other witnesses' availability.

Jeffrey C. Ruderman, Esq.
CYRULI SHANKS
420 Lexington Avenue, Suite 2320
New York, New York 10170
Tel (212) 661-6800 ext. 205
Direct (347) 379-4622
Fax (212) 661-5350
Email jruderman@cszlaw.com

This transmission, together with any attachments, is intended only for the use of the individual(s) or entity(ies) to which it is addressed, and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, publication or reproduction of this message and/or any attachments is strictly prohibited. If you have received this message in error, kindly notify the original sender immediately by telephone, email or fax at the location set forth above and delete from your computer this transmission and any attachments. This transmission does not reflect an intention by the sender or by the sender's client to conduct or enter into a transaction or enter into any obligation by electronic means. Nothing contained in this transmission or in any attachment shall be deemed to satisfy the requirements for a writing and nothing contained herein shall be deemed to constitute a contract or an electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or under any other statute governing electronic transmissions or transactions. Thank you.

NOTE TO CLIENTS: In order to preserve your entitlement to the attorney-client privilege regarding the information contained herein and any related subject matter, please refrain from sharing, forwarding or disclosing this email or the substance hereof to any third party not in your employ.

**From:** hrtatty@verizon.net <hrtatty@verizon.net>
**Sent:** Monday, December 15, 2025 3:48 PM
**To:** Steven Shanks <sshanks@cszlaw.com>; Russell Shanks <rshanks@cszlaw.com>; alivia@sagelegal.nyc; ekesq2014@recap.email; nicholasasavino@gmail.com; imarciniszyn@weirpartners.com; john.lentinello@gmail.com; Peter Seiden <pseiden@milbermakris.com>; Baylis, Thomas <tbaylis@cullenllp.com>; Jeffrey Benjamin <jbenjamin@nyfraudlaw.com>; Emanuel Kataev <emanuel@sagelegal.nyc>; Nicholas A. Savino <nsavino@zeklaw.com>; Bonnie Golub <bgolub@wgpllp.com>; John Lentinello <jlentinello@milbermakris.com>; Anthony Valenziano <avalenziano@shermanatlas.com>; nicole.koster17@stjohns.edu; bsuarez@riker.com; jcianciulli@weirlawllp.com; Jeffrey Ruderman <jruderman@cszlaw.com>; Ronneburger, Ariel <aronneburger@cullenllp.com>
**Subject:** Re: [EXTERNAL]Re: Superb Motors v. Deo EDNY 23-cv-6188

**CAUTION: EXTERNAL EMAIL**

I disagree entirely. Jeff Ruderman asked me to comment on his letter requesting 1) a stay of discovery; 2) an extension of discovery; and 3) other dates to be extended. At the moment Mr. Ruderman asked me for my position on that letter, there was no other discovery

scheduled.  None.  So his request to stay discovery was inarguably a stay of my discovery, which was denied by the Court.  He even told the Court about my depositions in his request, so it's not as though the Court didn't know I noticed discovery.  I'm sticking with my schedule, as there is only another month to go, and that month is already close to full for me. I need to do these depositions this month, and requesting (another) change to my schedule after the Court already said no to changing that schedule is not reasonable, and especially not reasonable with less than 40 hours to go.  I get to take the depositions in my order, not everyone else's.  If you need relief, you'll have to ask the Court, because I am sticking with my schedule.

HARRY R. THOMASSON, Esq.
3280 Sunrise Highway
Box 112
Wantagh, NY  11793
516-557-5459

If you are not the intended recipient of this email, please discard same and notify the sender immediately.  This office does not give tax advice; please consult an accountant or other expert for tax planning.  No privilege is waived by receiving this email in error.


On Monday, December 15, 2025 at 03:28:58 PM EST, Ronneburger, Ariel <aronneburger@cullenllp.com> wrote:


Harry,


I echo Jeffrey's understanding that the Court Order did nothing to uphold your proposed schedule – rather it merely extended the discovery date to accommodate the scheduling of these depositions to later dates, which includes the depositions you noticed on very short notice, including one on Christmas Eve.


That said, the depositions this week will be ended by either myself (aronneburger@cullenllp.com) or my partner Tom Baylis (tbaylis@cullenllp.com), depending on our availability – so please copy us both on any invitations.


**Ariel E. Ronneburger**
Partner
**Cullen and Dykman LLP**
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
T: 516.296.9182 | F: 516.357.3792
E: aronneburger@cullenllp.com
Pronouns: she/her

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION - DO NOT FORWARD OR COPY - CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the personal and confidential use of the recipient(s) named above. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments.

# Harry Thomasson

| | |
|---|---|
| **From:** | Russell Shanks <rshanks@cszlaw.com> |
| **Sent:** | Monday, December 15, 2025 4:01 PM |
| **To:** | hrtatty@verizon.net |
| **Cc:** | Steven Shanks; alivia@sagelegal.nyc; ekesq2014@recap.email; nicholasasavino@gmail.com; imarciniszyn@weirpartners.com; john.lentinello@gmail.com; Peter Seiden; Thomas Baylis; Jeffrey Benjamin; Emanuel Kataev; Nicholas A. Savino; Bonnie Golub; John Lentinello; Anthony Valenziano; nicole.koster17@stjohns.edu; bsuarez@riker.com; jcianciulli@weirlawllp.com; Jeffrey Ruderman; Ariel Ronneburger |
| **Subject:** | Re: [EXTERNAL]Re: Superb Motors v. Deo  EDNY 23-cv-6188 |

It is probably unlikely that as a representative of the Estate that Iris Baron would have much useful information. She is 77 and I believe is currently in Florida. I am waiting for word back. We are offering to produce three witnesses this week so we are trying to move this along

Sent from my iPhone


On Dec 15, 2025, at 3:49 PM, hrtatty@verizon.net wrote:


**CAUTION: EXTERNAL EMAIL**

I disagree entirely.  Jeff Ruderman asked me to comment on his letter requesting 1) a stay of discovery; 2) an extension of discovery; and 3) other dates to be extended.  At the moment Mr. Ruderman asked me for my position on that letter, there was no other discovery scheduled.  None.  So his request to stay discovery was inarguably a stay of my discovery, which was denied by the Court.  He even told the Court about my depositions in his request, so it's not as though the Court didn't know I noticed discovery.  I'm sticking with my schedule, as there is only another month to go, and that month is already close to full for me. I need to do these depositions this month, and requesting (another) change to my schedule after the Court already said no to changing that schedule is not reasonable, and especially not reasonable with less than 40 hours to go.  I get to take the depositions in my order, not everyone else's.  If you need relief, you'll have to ask the Court, because I am sticking with my schedule.

HARRY R. THOMASSON, Esq.
3280 Sunrise Highway
Box 112
Wantagh, NY  11793
516-557-5459

If you are not the intended recipient of this email, please discard same and notify the sender immediately.  This office does not give tax advice; please consult an accountant or other expert for tax planning.  No privilege is waived by receiving this email in error.

1