UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (JMW)

**DECLARATION IN SUPPORT**

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC

Defendants.
-----------------------------------------------------------------------X

Jeffrey C. Ruderman, Esq. declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am admitted to practice before this Court and am a partner in Cyruli Shanks & Zizmor LLP, attorneys for the "IAG Plaintiffs", being all Plaintiffs in the above referenced matter <u>other than</u> the "Superb Plaintiffs" (being Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia). Superb Plaintiffs are represented by Sage Legal LLC. (the IAG Plaintiffs and Superb Plaintiffs, collectively "Plaintiffs").

2. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the file maintained by this office.

3. On August 8, 2025 Plaintiffs filed the Third Amended Complaint ("the "TAC") (ECF 316).

4. On August 27, 2025 the Court granted the request to extend, until October 27, 2025, the time by which defendants were to respond to the TAC.

5. Defendants Harry Thomasson and the Deo Defendants[1] having failed to file a response to the TAC by October 27, 2025, the Court, *sua sponte*, ordered them to file a response to the TAC by November 4, 2025.

6. In Thomasson's and the Deo Defendants' answer filed on November 4, 2025, they each assert a counterclaim for defamation on the grounds that the allegations in the Plaintiffs' pleadings are defamatory *per se*. (the "Counterclaims") <u>See</u> Docket Entries 335 at 71 ¶¶ 20-22, 74 ¶ 47 ("Publishing to third parties for the world to see through this Court such allegations constitute Defamation *per se*"), 76 ¶¶ 53-54 and 336 at 71 ¶¶ 20-24, 73 ¶ 30 (same), 75 ¶¶ 36-37.

---

[1] The Deo Defendants consist of Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp..

2

7. In response to the Counterclaims, pursuant to the Par. 3(D)(1) of Judge Wicks' Individual Practices and Rules, on November 24, 2025 Plaintiffs filed a request for a pre-motion conference (ECF 339) in anticipation of their motion to dismiss the Counterclaims (the "Request").

8. Opposition to the Request was filed by Thomasson on December 5, 2025 (ECF 342).

9. Plaintiffs filed a reply letter in further support of the Request on December 5, 2025. (ECF 343)

10. On December 8, 2025 the Court issued a Text Order denying, without prejudice, the Request stating that, due to Plaintiffs' filing a notice of appeal of the Opinion & Order on motions to dismiss/motion to amend (ECF 230) and Order on Motion for Reconsideration (ECF 314) (collectively the "Decisions"), it has been deprived of jurisdiction over those aspects of the case involved in the appeal.

11. Technically, given the Court's denial of the letter motion, a response to the Counterclaims is due on December 22, 2025 in accordance with the Federal Rules of Civil Procedure.

12. Plaintiffs respectfully maintain that the issues on appeal are wholly unrelated to the Counterclaims, or the basis for seeking dismissal, and seek reconsideration of the denial of the Request.

13. Due to the impending date by which Plaintiffs must respond to the Counterclaims, and the loss of a substantive right to seek dismissal of the Counterclaims, pursuant to Par. 3(E) of Judge Wicks' Individual Practices and Rules, this motion may be made without a pre-motion conference.

14. Plaintiffs also respectfully request that this Court extend their time to respond to the Counterclaims *sine die* pending this Court's decision on the instant application. See Fed. R. Civ. P. 6(b)(1)(A).

15. I respectfully request that this Court grant the relief requested herein.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 17, 2025.

                                                */s/ Jeffrey C. Ruderman, Esq.*
                                                Jeffrey C. Ruderman, Esq.