UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (JMW)

                             Plaintiffs,

     -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC

                             Defendants.
------------------------------------------------------------------------X

# PLAINTIFFS' MEMORANDUM OF LAW IN
# SUPPORT OF ITS MOTION FOR RECONSIDERATION

        **CYRULI SHANKS & ZIZMOR LLP**
            Attorneys for IAG Plaintiffs
            420 Lexington Ave., Suite 2320
            New York, NY 10170
            (212) 661-6800

        **SAGE LEGAL LLC**
            Attorneys for Superb Plaintiffs
            18211 Jamaica Avenue
            Jamaica, NY 11423-2327
            (718) 412-2421

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this motion for reconsideration of this Court's December 8, 2025 Order (the "Order") denying, without prejudice, Plaintiffs' request for a pre-motion conference (the "Request"), the Court stating that due to Plaintiffs' filing a notice of appeal of the Opinion & Order on motions to dismiss/motion to amend (ECF 230) and Order on Motion for Reconsideration (ECF 314) (collectively the "Decisions"), the Court has been deprived of jurisdiction over those aspects of the case involved in the appeal.

The Request was in anticipation of Plaintiffs' motion to dismiss counterclaims asserted by Defendant Harry R. Thomasson ("Thomasson") and the Deo Defendants (the "Counterclaims").

Plaintiffs respectfully submit that the Court's reasoning presupposes that the Request implicates the issues on appeal. This motion seeks reconsideration of the Order in that Plaintiffs respectfully maintain that the Counterclaims are wholly unrelated to the issues on appeal, or Plaintiffs' basis for seeking dismissal. And as such, the Court is not deprived of jurisdiction to consider the Request.

## STATEMENT OF FACTS

Plaintiffs rely upon the Declaration of Jeffrey C. Ruderman in support of this motion, and respectfully refer the Court to same for a statement of the relevant facts.

## LEGAL STANDARD

A motion for reconsideration may be granted where the moving party shows that the court overlooked controlling law or facts that, had they been considered, would have altered the disposition of the motion. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Reconsideration may also be "granted to correct clear error, prevent manifest injustice, or review the court's decision in light of the availability of new evidence." See Mendez-Caton v.

2

Carribean Family Health Center, 340 F.R.D. 60, 74 (E.D.N.Y. Jan. 28, 2022) (citing Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

## ARGUMENT

### THE ISSUES TO BE ADDRESSED IN THE REQUEST FOR THE PRE-MOTION CONFERENCE ARE UNRELATED TO THE ISSUES ON APPEAL

In denying the Request, the Court stated that because the Court has been deprived of jurisdiction over those aspects of the case involved in the appeal of the Decisions, it may not consider the Request. By implication, such decision by the Court must presume that the Request touches upon aspects of the case involved in the appeal of the Decisions. Plaintiffs move for reconsideration herein in that it appears that the Court overlooked that the issues raised in the Counterclaims, and the basis upon which Plaintiffs seek to dismiss the Counterclaims, do not touch upon aspects of the case involved in the appeal of the Decisions.

The Amended Notice of Appeal (ECF 321) seeks to appeal the following:

> Orders of the Court dated: **(i)** March 21, 2025 (ECF Docket Entry 230) solely to the extent it *(a)* granted Defendants' Thomas Jones, CPA ("Jones"), and Jones, Little & Co., CPA's LLP ("JLC CPA") (Jones and JLC CPA collectively hereinafter the "CPA Defendants") motion to dismiss in its entirety; *(b)* granted Defendant Flushing Bank's motion to dismiss in its entirety; *(c)* granted Defendant J.P. Morgan Chase Bank, N.A.'s motion to dismiss in its entirety; *(d)* granted Defendant Anthony Deo's ("Deo") motion to dismiss Plaintiffs' cause of action to pierce the corporate veil against him; *(e)* denied Plaintiffs' cross-motions for leave to amend the pleadings; and *(f)* denied Plaintiffs' request for leave to replead in the event of dismissal; as well as **(ii)** August 1, 2025 (ECF Docket Entry 314) to the extent that it denied the motion of *(a)* the Plaintiffs for reconsideration of the March 21, 2025 Order as it pertains to the dismissal of the CPA Defendants; and *(b)* the for reconsideration of the March 21, 2025 Order as it pertains to the dismissal of Northshore Motors LLC and 189 Sunrise Hwy Auto LLC as defendants, to have direct claims against them, if the motion court ultimately found that Deo was the true owner of those entities.

The Counterclaims asserted by Thomasson and the Deo Defendants allege defamation by the Plaintiffs premised upon the allegations in the Third Amended Complaint.

3

These Counterclaims are not raised by or against, or concern, any party dismissed by the Court. Nor do the Counterclaims concern any claim that was dismissed by the Court.

The basis upon which Plaintiffs seek to dismiss the Counterclaims is a strictly legal position; that statements made in the course of judicial proceedings are *absolutely privileged* and therefore may not form the basis of a claim for defamation. See Conte v. Newsday, Inc., 703 F. Supp. 2d 126, 146 (E.D.N.Y.2010). This includes statements made in a complaint. See Lader v. Delgado, 941 F. Supp. 2d 267, 273 (E.D.N.Y. 2013) (defamation claim subject to dismissal because the allegedly defamatory statements were made in pleadings that relate to the subject matter of the lawsuit, and are therefore absolutely privileged); see also Pezhman v. Chanel, 157 A.D.3d 417 (1st Dept. 2018) (allegedly defamatory statements of law firm and its attorneys were made in the course of firm's representation of client in prior action, and were therefore protected by absolute privilege).

Plaintiffs' argument is therefore unrelated to any issue raised in the appeal.

Ultimately, whether the Decisions are affirmed or reversed will have no impact on the Counterclaims or the anticipated motion to dismiss the Counterclaims. Consequently, neither the Request, nor the Court's consideration of the Request, touches upon aspects of the case involved in the appeal of the Decisions. As such, the Court is not deprived of jurisdiction to address the Request. This is because "[t]he filing of a notice of appeal only 'divests the district court of its control over those aspects of the case involved in the appeal.'" See Zhao v. State Univ. of N.Y., 613 Fed. Appx. 61, 62 (2d Cir. 2015) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)).

This Court has not yet issued a decision on the merits with regards to the Counterclaims. Indeed, the Counterclaims did not exist at the time the notice of appeal was filed.

4

Accordingly, it follows that this Court retains jurisdiction over the Counterclaims. See, e.g., Zhao, 613 Fed. Appx. at 62 ("Because the fee appeal did not give [the Second Circuit] jurisdiction to consider the settlement agreement, the District Court retained jurisdiction over a motion seeking to vacate the settlement" ); see also N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989) ("[W]e have held that the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal").

Based on the foregoing, Plaintiff's motion for reconsideration should be granted to the extent that the Court should address the Request as presented in ECF 339, 341 and 342.

Further, Due to the impending date by which Plaintiffs must respond to the Counterclaims, and the loss of a substantive right to seek dismissal of the Counterclaims, pursuant to Par. 3(E) of the Court's Individual Practices and Rules, Plaintiffs move herein without a pre-motion conference.

Plaintiffs also respectfully request that this Court extend their time to respond to the Counterclaims *sine die* pending this Court's decision on the instant application. See Fed. R. Civ. P. 6(b)(1)(A). Good cause exists for same because Plaintiffs should not be forced to expend time drafting and filing a reply to the Counterclaims, and litigating the Counterclaims in this action when they so clearly lack merit. See Fed. R. Civ. P. 1.

Plaintiffs thank this honorable Court for its time and attention to this case.

Dated: New York, New York
      December 17, 2025　　　　　　　　Respectfully submitted,

**CYRULI SHANKS & ZIZMOR LLP**

By:   <u>/s/ Jeffrey C. Ruderman, Esq.</u>
      Attorneys for IAG Plaintiffs
      420 Lexington Ave., Suite 2320
      New York, NY 10170
      (212) 661-6800

Dated: Lake Success, New York
      December 17, 2025　　　　　　　　**SAGE LEGAL LLC**

By:   <u>/s/ Emanuel Kataev, Esq.</u>
      Attorneys for Superb Plaintiffs
      18211 Jamaica Avenue
      Jamaica, NY 11423-2327
      (718) 412-2421