# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  　　Admitted:
Wantagh, New York  11793  　　Massachusetts
Tel. 516-557-5459  　　New York
hrtatty@verizon.net

December 18, 2025

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

　　Re:　*Superb Motors, Inc., et al. v. Anthony Deo, et al.*
　　　　Case No. 2:23-cv-6188 (JW)

Your Honor:

　　I am writing in response to this Court's Order that the attorneys and I submit a joint letter to the Court today regarding deposition scheduling.  Certain attorneys and I met and conferred this morning regarding the depositions via a Teams virtual conference (myself, Ariel Ronneburger, Emmanuel Kataev, Jeffrey Ruderman, Jeffrey Cianciulli, Russell Shanks, and Bonnie Golub).  In that conference the parties reached agreement in part regarding the depositions, and the parties still disagree in part on the depositions.  The parties on the conference agreed that I would circulate the first draft of the Joint Letter in Word format; attached hereto as Exhibit A is a true and accurate copy of the letter that I drafted and sent to everyone in Word.

　　After sending that letter to everyone, I was informed by the other participants on the call that they find the way I wrote my section of the Joint Letter unacceptable, as they think that the Court should essentially just be told what it is that we agree upon.  Then the Plaintiffs a short time ago sent me a draft of a so-called "joint letter" that I do not agree upon and have been informed they are filing with the Court.   So regretfully, I have to write separately.

　　I steadfastly tried to be as accurate as possible in drafting what is attached as Exhibit A, and the attorneys listed above have not told me it is inaccurate; they merely suggest that I included too much information, but I have not been told it is inaccurate.  So I stand by what I wrote in Exhibit A hereto, and point out the following to the Court:

1. The other attorneys on the call received my agreement on everything they proposed, and also received my agreement on three (3) of the six (6) depositions I previously Noticed (Jory Baron, Brian Chabrier, and Anthony Urrutia I agreed to push into the New Year).

1

2. I also agreed to take the deposition of Asad Kahn on Monday, December 22, 2025; although I previously Noticed precisely that deposition, it was the fourth in order of six that I wanted, not the first.

3. Our only disagreement on depositions is that I only agreed to push one of two depositions into the New Year between Iris Baron and Joshua Aaronson, but still want one of them on Tuesday, December 23, 2025. Other than this point, I agreed to everything proposed by these attorneys. But the Court should be told that we are not in agreement on this point, and we are not.

4. I disagree that there is any basis for a protective order for Iris Baron after she maintained these (criminal) claims against me and the co-Defendants for the last nearly three years. First, whether or not she was actively involved in any of these businesses, I am aware that she benefited financially from one or more of the corporate parties in this case and/or one or more transactions between the parties herein. Whatever she knows and the extent of her knowledge and benefits should be put on the record since she is an actual party hereto, no matter in what capacity. But as to her availability otherwise, I was actually told today, for the first time, that the attorneys do not know what her availability is, even after the date for her deposition as Noticed has now passed. That's bad faith, as is writing the Court and refusing to include my section of the Joint Letter as written in the attached Exhibit A.

5. All I have been told about the unavailability of Joshua Aaronson is that at various times until the New Year he "has business" and "a trip." For both Joshua Aaronson and Iris Baron, I offered to take their deposition virtually on Tuesday (whichever one I could get the other attorneys to agree to), but to no avail. Nonetheless, if the Court is not inclined to order one of them to a deposition on Tuesday, I agreed to other dates for same.

6. After the meet and confer took place this morning, I was advised that Jory Baron is not available for the agreed upon date of January 19, 2026, but would be available on January 21, 2026 for his deposition. That is agreeable to me, your Honor, provided that January 19, 2026 is now reserved for one of the two subpoenaed depositions that I intend to serve before the end of the year.

My deposition schedule has been completely and unilaterally busted by other attorneys in this case. Their proposed schedules have been completely accepted by me. I've even offered to cancel my holiday with my 90-year-old mother, though I did tell everyone I would rather not. Please be guided accordingly, your Honor.

Respectfully submitted,

/S/ *Harry R. Thomasson*

Harry R. Thomasson, Esq.

2