# EXHIBIT A

# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112     Admitted:
Wantagh, New York  11793     Massachusetts
Tel. 516-557-5459     New York
hrtatty@verizon.net

December 18, 2025

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

    Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
            Case No. 2:23-cv-6188 (JW)

Your Honor:

    I am writing in response to this Court's Order that the attorneys and I submit a joint letter to the Court today regarding deposition scheduling.  Certain attorneys and I met and conferred this morning regarding the depositions via a Teams virtual conference (myself, Ariel Ronneburger, Emmanuel Kataev, Jeffrey Ruderman, Jeffrey Cianciulli, Russell Shanks, and Bonnie Golub).  In that conference the parties reached agreement in part regarding the depositions, and the parties still disagree in part on the depositions.  Please be advised, as follows:

HARRY THOMASSON'S POSITION

1. Agreement Between Everyone:

    The parties agree that the following depositions shall take place as follows:  Sara Deo virtually on January 30, 2026; Michael Laurie on January 29, 2026 (not yet decided whether this will occur virtually or in person); Harry Thomasson on January 27, 2026 (not yet decided whether this will occur virtually or in person); Marc Merckling and Dwight Blankenship virtually on January 26, 2026; 1 or more Flushing Bank depositions on January 23, 2026 (not yet decided whether this will occur virtually or in person); 1 or more Libertas depositions on January 23, 2026 (not yet decided whether this will occur virtually or in person); Anthony Deo on January 12, 2026, in person; and Asad Kahn on December 22, 2026.  These positions were all proposed by other attorneys to which I agreed.

1

In addition, I informed everyone of the following three to be subpoenaed depositions and the dates are acceptable, subject to availability of the parties and other attorneys not on the conference call (e.g., Chase's attorney was not on the call since Chase has been dismissed from the action, and I have not yet decided on the other two depositions given, inter alia, the number of choices I have amongst non-parties, but I also wanted everyone to have notice of these dates, on which the attorneys on the call are currently available):  Chase Bank on January 20, 2026, by subpoena to be served by Harry Thomasson; two other individual non-party depositions on January 21, 2026, and January 22, 2026, by subpoenas to be served by Harry Thomasson and subject to availability of those parties once served, but I informed everyone of those dates on the conference this morning without any objection to those dates from the conference participants.

I proposed the following depositions to which all those on the call agreed: Anthony Urrutia in-person on January 8, 2026; Brian Chabrier virtually on January 9, 2026; Jory Baron virtually on January 19, 2026.

The in-person depositions will occur in Ms. Ronneburger's office in Uniondale, New York.  Although not discussed on the call this morning, I hereby propose that all depositions start at 9:00 a.m. on the dates of each deposition taken herein since each of the Notices proposed by the Plaintiffs for depositions begin at that time, and I agree to that start time for each, including Mr. Kahn's deposition on Monday, December 22, 2025.

2. Disagreement:

I find it unacceptable that I cannot have a second deposition before Christmas.  Not until today was I informed of the following:  1) Mr. Kataev will not agree to any deposition on Tuesday, December 23, 2025, due to other business commitments; 2) Mr. Shanks will not agree to any deposition on Wednesday, December 24, 2025, due to other business commitments; 3) Joshua Aaronson is not available due to a trip and business commitments until after the New Year; 4) It is unknown whether or not Iris Baron is available prior to December 25, 2025, but 5) The Plaintiffs intend to seek a protective order claiming, inter alia, that "she doesn't know anything about this case" and is merely a representative of the Estate of David Baron. I find these positions unreasonable given my agreement to almost everything proposed by the Plaintiffs regarding depositions, and given that I have no desire and little time to be taking depositions of the Plaintiffs in January given, inter alia, all of the work to be done both on this case and related cases, as well as my usual workload as a solo practitioner. So I ask that the Court order the deposition of one of these two individuals (either Joshua Aaronson or Iris Baron) for Tuesday, December 22, 2025, at 9:00 a.m.  I am willing to do this virtually to accommodate everyone, but I need to get some more work done before January on my own depositions, which have now been reduced through no fault of my own from six (6) to two (2) if the Court orders same, or even one (1) if the Court does not order same.

If the Court does not order one of those depositions for Tuesday, December 23, 2025, then we have agreed to "placeholder/alternative" dates as follows:  Iris Baron virtually on January 5, 2026 (subject to this newly expected protective order, which I oppose in all respects); Joshua Aaronson in-person on January 7, 2026 (if I cannot have Mr. Aaronson virtually before the holiday and am forced to wait weeks more, then I want his deposition at that time in person.  I was going to propose that all depositions be virtual, but since Mr. Kataev insists on some of the depositions being in person, then we largely reached agreement on which are virtual and which are in-person as set forth herein).   FYI:  I have months-long plans to leave the state to see my elderly mother between Christmas and January 4, 2026.  If the Court orders depositions during that time frame, I am prepared to cancel my plans, but then I ask that the depositions take place at the Courthouse and in-person for everyone.

/S/ *Harry R. Thomasson*
Harry R. Thomasson, *pro se*