UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                         Plaintiffs,

    -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                         Defendants.
-------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR FINAL JUDGMENT PURSUANT TO RULE 54(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND TO CERTIFY AN INTERLOCUTARY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………..……4
I. BACKGROUND…………………………………………………………..…………….4
II. ARGUMENT…………………………………………………………..……………….5

A. FINAL JUDGMENT SHOULD BE ENTERED AGAINST DEFAULTING DEFENDANTS UNDER RULE 54(b) …………………………………………………………..………………5
1. The Court's Order Satisfies the Finality Requirement of Rule 54(b) …..……………………...6
2. There is No Just Reason to Delay Entry of Judgment…..……………………........................7

B. CERTIFICATION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) SHOULD BE GRANTED AS TO REMAINING DEFENDANTS…..………………….........8
1. Legal Standard for Certification…..…………….....................................................8
2. Defendants' Motion to Dismiss presented a Controlling Question of Law................................8
3. There is Substantial Ground for Difference of Opinion…..……………….........................9
4. Timing of this Motion for Certification under § 1292(b) …..………………….....................9

CONCLUSION…………………………………………………………………………..11

## TABLE OF AUTHORITIES

**Cases**

Ahrenholz v. Bd. of Trustees of U. of Illinois,
 219 F.3d 674 (7th Cir. 2000) ............................................................................10

Batalla Vidal v. Nielsen,
 2018 WL 333515 (E.D.N.Y. Jan. 8, 2018)..........................................................11

B & R Supermarket, Inc. v. Visa Inc.,
 2025 WL 845109 (E.D.N.Y. Mar. 18, 2025).......................................................11

Curtis-Wright Corp. v. GeneNal Elec. Co.,
 446 U.S. 1 (1980)..................................................................................................7

Dayton Superior Corp. v. Spa Steel Prod., Inc.,
 2010 WL 3825619 (N.D.N.Y. Sept. 24, 2010) ....................................................8

Eldredge v. Martin Marietta Corp.,
 207 F.3d 737 (5th Cir. 2000)................................................................................7

Flo & Eddie, Inc v. Sirius XM Radio Inc.,
 2015 WL 585641 (S.D.N.Y.,2015) ...................................................................10

Ginett v. Computer Task Group, Inc.,
 962 F.2d 1085 (2d Cir. 1992)...............................................................................7

Harriscom Svenska AB v. Harris Corp.,
 947 F.2d 627 (2d Cir. 1991).................................................................................8

Nat'l Union Fzre Ins. Co. of Pittsburgh, Pa.,
 28 F.3d 376 (3d Cir. 1994)...................................................................................7

Pioneer Inv. Servs. v. Brunswick Assocs.,
 507 U.S. 380 (1993)............................................................................................11

Silivanch v. Celebrity Cruises,
 333 F.3d 355 (2d Cir. 2003)...............................................................................11

U.S. ex rel. Quartararo v. Catholic Health System of Long Island Inc.,
 521 F. Supp. 3d 265 (E.D.N.Y. 2021)................................................................10

U.S. Underwriters Ins. Co. v. Kenfa Madison, LLC,
 2023 WL 5617772 (E.D.N.Y. Aug. 30, 2023) ...................................................10

**Rules**

Fed R. Civ. P. 54(b)……………………………………………………………………………5-8
Fed R. Civ. P. 55(c)……………………………………………………………………………..8
Fed R. Civ. P. 60(b)……………………………………………………………………………..8
28 U.S.C. § 1292(b) …………………………………………………………………………..9-12

## **PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this memorandum in support of their motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or the "Rule") for an Order directing that final judgment be entered against Plaintiffs in favor of Defendants Thomas Jones, CPA ("Jones"), Jones Little & Co., CPA's LLP ("JLC CPA"), and J.P. Morgan Chase Bank, N.A. ("Chase") in relation to this Court's Order dated March 21, 2025 (ECF Docket Entry 230) (hereinafter the "Opinion and Order"), which granted Jones, JLC CPA, and Chase's motions to dismiss the claims against them in their entirety.

Although there are extant claims against the remaining Defendants, given that no claims remain against Jones, JLC CPA, and Chase, Plaintiffs respectfully submit that entry of a final judgment against these Defendants is now warranted so that Plaintiffs may perfect their appeal currently pending before the United States Court of Appeals for the Second Circuit (hereinafter the "Second Circuit"). A copy of the proposed Judgment is filed herewith.

In a suit involving multiple claims or parties, an Order granting final judgment as to one or more but fewer than all of the claims or parties terminates the action as to such claims or parties if the court expressly determines that there is no just reason for delay and directs entry of judgment. In the absence of such a determination here, efforts to appeal this Court's decision dismissing the claims against Jones, JLC CPA, and Chase must wait until conclusion of claims against all Defendants. For the reasons set forth herein, Plaintiffs respectfully contend that there is "no just reason" for delaying certification and entry of final judgment against Jones, JLC CPA, and Chase, especially in light of the earlier filed notice of appeal concerning this Court's denial of injunctive relief. Such relief can benefit both Plaintiffs and Defendants to secure finality and avoid being brought back into the litigation years later after this case is decided and appealed from.

5

Further, in light of the questions presented concerning this Court's dismissal of certain (but not all) claims against the remaining Defendants, where controlling questions of law as to which there is substantial ground for difference of opinion exists, Plaintiffs respectfully seek this Court's certification pursuant to 28 U.S.C. 1292(b) that an immediate appeal from this Order may materially advance the ultimate termination of this case.

For the reasons set forth below, Plaintiffs' motion should be granted in both respects.

## I.   BACKGROUND

This case was commenced by Plaintiffs on August 17, 2023 (ECF Docket Entry 1), demanding judgment against Defendants for engaging in plethora of schemes to defraud, usurp, and shut down Plaintiffs' businesses.

Specifically, this is an action for damages and injunctive relief related to Defendants' unlawful conspiracy and scheme to engage in wire fraud by, among other things, signing checks they had no authority to sign, and opening bank accounts by providing false and misleading information to financial institutions resulting in Defendants' violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO") and an amalgam of related state law claims.

On March 21, 2025, this Court granted Defendants' motions to dismiss against Thomas Jones, CPA ("Jones"), Jones Little & Co., CPA's LLP ("JLC CPA"), and J.P. Morgan Chase Bank, N.A. ("Chase").  See ECF Docket Entry 230; see also ECF Docket Entry 314 (reconsideration denied).  There are extant claims against the remaining Defendants, only some of which were dismissed by this Court in the March 21, 2025 Order.

Accordingly, the Opinion and Order ended all claims against Defendants Jones, JLC CPA, and Chase.

As such, there is no reason to delay entry of judgment against these Defendants, especially given that any appeal against them would have to wait until final judgment over the entire case, which would be unjust given the long passage of time that would yield, and in light of the existence of a pending appeal before the Second Circuit concerning the denial of a motion to modify a preliminary injunction.

## II.     ARGUMENT

### A.     FINAL JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANTS JONES, JLC CPA, AND CHASE UNDER RULE 54(b)

The Court's Opinion and Order satisfies the requirements for entry of a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure.

Rule 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—*or* when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is *no just reason for delay*.

See Fed. R. Civ. P. 54(b) (emphasis added).

In determining whether entry of judgment under Rule 54(b) is proper, the Court addresses the two issues set forth by the Supreme Court of the United States in Curtis-Wright Corp. v. GeneNal Elec. Co., 446 U.S. 1 (1980): "A district court must first determine that it is dealing with a 'final judgment.' […] Once having found finality, the district court must go on to determine whether there is any just reason for delay." Id. at 7-8.

As demonstrated below, (1) this Court's Opinion & Order satisfies the finality requirement, and (2) there is no compelling reason for delay.

7

1. **The Court's Order Satisfies the Finality Requirement of Rule 54(b)**

Rule 54(b) allows entry of a final judgment when it "ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment" See Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1092 (2d Cir. 1992); see also Eldredge v. Martin Marietta Corp., 207 F.3d 737, 740 (5th Cir. 2000) (Rule 54(b) final judgment was "properly entered as to certain defendants who were completely dismissed", but "was improperly entered as to certain rulings because they did not dispose of distinct claims"). Rule 54(b) allows entry of a final judgment with respect to a single party even though the judgment does not terminate the litigation with respect to other parties. See Nat'l Union Fzre Ins. Co. of Pittsburgh, Pa., 28 F.3d 376, 382 (3d Cir. 1994); see also Eldredge, *Supra*. 207 F.3d at 740.

The Opinion & Order in this case satisfies the finality requirement of Rule 54(b) because it ended the litigation against Defendants Jones, JLC CPA, and Chase. Accordingly, entry of a final judgment under Rule 54(b) against these Defendants, given that the claims against the remaining Defendants will continue to exist, will not result in piecemeal appeals of the same issues on the merits and the finality requirement is thus met.

2. **There is No Just Reason to Delay Entry of Judgment**

In determining whether there is any just reason for delay, "the court must balance the judicial administrative interests and relevant equitable concerns." See Dayton Superior Corp. v. Spa Steel Prod., Inc., No. 1:08-CV-1312 (FJS) (RFT), 2010 WL 3825619, at *5 (N.D.N.Y. Sept. 24, 2010). "The relevant equitable considerations include the possibility of setoff, the financial solvency of the parties, the ability of a party to collect a judgment, the length of the delay if judgment is not entered immediately, and the size of the appeal bond required if judgment is entered immediately." Id.

8

The "determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court and will be set aside only for an abuse of discretion." See Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991).

Each of the foregoing factors is addressed *seriatim*.

First, the possibility of a setoff is minimal as a majority of the Defendants did not raise counterclaims and any Defendant who did raise a counterclaim is unlikely to succeed.

Second, the remaining factors – the financial solvency of the parties militates in favor of granting the relief requested, the ability of a party to collect a judgment, the length of the delay if judgment is not entered immediately, and the size of the appeal bond required if judgment is entered immediately – do not apply as the Opinion & Order granted dismissal of all claims against certain Defendants.

Third, judicial administrative interests militate in favor of granting the relief requested as this case was stayed pending the appeal for some time, and the appeal cannot be decided without a final judgment.

Accordingly, entry of a final judgment pursuant to Rule 54(b) is warranted, and this Court should exercise its discretion in favor of granting same.

B.  **CERTIFICATION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) SHOULD BE GRANTED AS TO REMAINING DEFENDANTS**

1.  **Legal Standard for Certification**

Under 28 U.S.C. § 1292(b), a district court may certify a question for interlocutory appeal where (1) the decision to be appealed "involves a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate determination of the litigation." See Republic of Colombia v. Diageo N.A. Inc., 619 F. Supp. 2d 7, 9 (E.D.N.Y. 2007)

9

Once the district court certifies an Order for interlocutory appeal pursuant to Section 1292(b), the Court of Appeals is free to accept or reject the interlocutory appeal. See 28 U.S.C. § 1292(b). If the Court of Appeals accepts the appeal, it "'may address any issue fairly included within the certified order,' as 'it is the order that is appealable and not the controlling question identified by the district court.'" See California Pub. Employees' Retirement Sys. v. WorldCom, Inc., 368 F.3d 86, 95 (2d Cir.2004) (quoting Yamaha Motor Corp. v. Calhoun, 516 U.S. 199, 205 (1996)).

Whether to certify a question for interlocutory appeal is trusted to the sound discretion of the district court. See Morris v. Flaig, 511 F. Supp. 2d 282 (E.D.N.Y. 2007). Critically, "district courts should not hesitate to certify an interlocutory appeal." See Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 111 (2009). Some courts primarily consider efficiency in determining whether to certify an order for interlocutory appeal:

> The institutional efficiency of the federal court system is among the chief concerns underlying Section 1292(b). See Forsyth v. Kleindienst, 599 F.2d 1203 (3d Cir.), cert. denied, 453 U.S. 913 … (1979). Because the district court's efficiency concerns are greatest in *large, complex cases*, *certification may be more freely granted in so-called "big" cases*. See Bruce v. Martin, 712 F. Supp. 442, 445 (S.D.N.Y.1989). …

See In re Lloyd's Am. Trust Fund Litig., No. 96 Civ. 1262 (RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997).

All three (3) elements necessary to certify an interlocutory appeal are satisfied here.

### 2. Defendants' Motion to Dismiss presents Controlling Questions of Law

The Opinion & Order turns on a legal issue that is controlling because resolution of this question will determine the viability of Plaintiffs' claims and thus the scope, if any, of further proceedings.

"'A controlling question of law exists if: (1) reversal of the district court's opinion could result in dismissal of the action, (2) reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified issue has precedential value for a large number of cases.'" See Flo & Eddie, Inc v. Sirius XM Radio Inc., 2015 WL 585641, at *1 (S.D.N.Y.,2015) (internal citations omitted).

Here, the question is whether certain claims were properly dismissed against the remaining Defendants. Courts have held that such decisions resolving RICO claims are pure questions of law. See Republic of Colombia, 619 F. Supp. 2d at 11 (holding that "how Supreme Court and Second Circuit cases addressing the RICO proximate cause requirement should be reconciled with each other is a pure question of law").

This is cleanly a controlling question of law, within the scope of 28 U.S.C. § 1292(b). Furthermore, considering the forthcoming caselaw provided, the certification of this issue would have precedential value for a large number of cases. See Hengle v. Asner, No. 3:19CV250 (DJN), 2020 WL 855970, at *11 (E.D. Va. Feb. 20, 2020) (holding that the early resolution of the question will avoid protracted appeals after a final judgment).

### 3. There is Substantial Ground for Difference of Opinion

There is substantial ground for difference of opinion because the question presented is "'particularly difficult and of first impression for the Second Circuit,' [and] 'there is conflicting authority on the issue.'", entailing "more than a 'simple disagreement[.]'" See U.S. Underwriters Ins. Co. v. Kenfa Madison, LLC, No. 20-CIV.-2761 (NGG) (LB), 2023 WL 5617772, at *4 (E.D.N.Y. Aug. 30, 2023) (internal citations omitted). Here, a question presented is whether Plaintiffs sufficiently pled that Flushing Bank deliberately disregarded earmarks of fraud to satisfy the operation and management test to plausibly plead a RICO claim against it.

Courts across the nation have certified interlocutory appeals concerning the viability of RICO claims. See Gamboa v. Velez, 457 F.3d 703, 705 (7th Cir. 2006) ("The legal dispute here centered upon whether Gamboa adequately alleged a pattern of racketeering activity, an element of his RICO claim described in greater detail below. With respect to that issue, the detectives, at the district court's suggestion, filed a motion requesting permission to pursue an interlocutory appeal … The district court granted their request"); see also Rodriguez v. Banco Cent., 917 F.2d 664, 665 (1st Cir. 1990) (discussing certification of interlocutory appeal under RICO); Laborers Loc. 17 Health & Ben. Fund v. Philip Morris, Inc., 7 F. Supp. 2d 294, 296 (S.D.N.Y. 1998) (certifying for interlocutory appeal three (3) questions under RICO); In re Managed Care Litig., No. 00-1334MDMORENO, 2002 WL 1359736, at *2 (S.D. Fla. Mar. 25, 2002) (certifying RICO questions under 28 U.S.C. § 1292(b)).

Indeed, the very fact that the March 21, 2025 Decision & Order is 121 pages long is itself proof positive that there are novel and difficult questions presented. See Republic of Colombia, 619 F. Supp. 2d at 11. ("it would be very unusual for this court to issue an Order that is 145 pages if no novel and difficult questions were presented. Several of the issues addressed in the Order were close and difficult questions about which courts could disagree").

Based on the foregoing, it is clear that there is an abundance of conflicting authority on this pivotal issue under RICO, constituting more than mere "simple disagreement." An interlocutory appeal is justified on this ground.

### 4. Timing of this Motion for Certification under § 1292(b)

Generally, there is no fixed statutory deadline to seek certification, beyond the expectation that the motion be filed within a "reasonable time" after entry of the order sought to be appealed. See Ahrenholz v. Bd. of Trustees of U. of Illinois, 219 F.3d 674, 675 (7th Cir. 2000).

Generally, a reasonable time should be less than two months. See U.S. ex rel. Quartararo v. Catholic Health System of Long Island Inc., 521 F. Supp. 3d 265, 274 (E.D.N.Y. 2021). Upon the Court's certification, the moving party must file a petition for permission to appeal "within ten days after the entry of the order." See 28 U.S.C. § 1292(b).

When a deadline is missed, courts often look to Rule 6 "excusable neglect" standard, which considers prejudice, length of delay, reason for delay, and good faith of the movant. See Fed. R. Civ. P. 6(b)(1)(B); see also Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 394-395 (1993), applied in the Second Circuit in Silivanch v. Celebrity Cruises, 333 F.3d 355, 366–67 (2d Cir. 2003) (holding that "excusable neglect" is a "liberal" and "elastic concept") (internal citations omitted). These factors support an argument that a slight delay causing no unfair prejudice should not be fatal. Such motions may be considered where the opposing party will not be unfairly prejudiced by the slight delay, largely *because* immediate resolution of the legal issue will still materially advance the case. See Batalla Vidal v. Nielsen, No. 16CV4756NGGJO, 2018 WL 333515, at *3 (E.D.N.Y. Jan. 8, 2018) (where, unlike the instant case, there was "extraordinary urgency", because interlocutory appeal would have meant that "beneficiaries […] will begin to lose their right to work in this country and to face the possibility of deportation"). Courts have discretion to grant certification, particularly where the other § 1292(b) criteria have been met. See B & R Supermarket, Inc. v. Visa Inc., No. 17-CV-2738 (MKB), 2025 WL 845109, at *2 (E.D.N.Y. Mar. 18, 2025).

Here, the question of law continues to meet the criteria for § 1292(b) certification. Although the instant motion is being filed over months following the order at issue, Defendants' slight delay constitutes "excusable neglect," in that Plaintiffs timely appealed from a final Order dismissing claims in their entirety against certain Defendants.

13

Plaintiffs timely sought reconsideration and thereafter timely filed an appeal. Upon being presented with the question of whether the Orders appealed from are considered final Orders pursuant to 28 U.S.C. § 1292, Plaintiffs immediately filed the instant motion.

Regardless, any delay resulting from an interlocutory appeal will not prejudice the remaining Defendants, because to Plaintiff's knowledge, Defendants are not subject to any "extraordinary circumstances" like those in <u>Batalla</u>. Rather, an interlocutory appeal is more likely to advance litigation.

For the same reasons, this Court should permit an interlocutory appeal on the remaining claims it dismissed against Flushing Bank for negligence, violation of New York Uniform Commercial Code §3-419, conversion, unauthorized payments, and related causes of action.

Finally, pursuant to ¶ 3(A) of Judge Wicks' Individual Practice Rules, this motion may be made without a pre-motion conference as it is intended to be filed prior to the filing of the Brief on Appeal.

## **CONCLUSION**

There being no just reason for delay, Plaintiffs respectfully request that this Court direct that final judgment be entered against Defendants Jones, JLC CPA, and Chase in the amount of $0.00.

Moreover, based on the foregoing, Plaintiffs respectfully submit that their motion requesting certification for interlocutory appeal under 28 U.S.C. § 1292(b) be granted as to the remaining Defendants.

Dated: Jamaica, New York
      December 19, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanual@sagelegal.com

*Attorneys for Appellants*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

Dated: New York, New York
      December 19, 2025

**CYRULI SHANKS & ZIZMOR LLP**

      /s
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Remaining Plaintiffs*

**VIA ECF**
All counsel of record

15