UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (OEM)(ST)

        Plaintiffs,

 -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING LLC,

        Defendants.
------------------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION PURSUANT TO FED. R. CIV. P. 54(b)

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
By: John A. Lentinello, on the brief

## TABLE OF CONTENTS

                                                            **Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................... 1

PLAINTIFFS' MOTION SHOULD BE DENIED IN ITS ENTIRETY ....................................... 1

CONCLUSION ............................................................................................................................... 6

i

# **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*Ansam Associates, Inc. v. Cola Petroleum, Ltd.*,
    760 F.2d 442 (2d Cir. 1985) ............................................................................................... 2

*Brunswick Corp. v. Sheridan*,
    582 F.2d 175 (2d Cir. 1978) ............................................................................................... 2

*Crespo v. Carvajal*,
    2021 WL 4237002.............................................................................................................. 4

*Curtiss-Wright Corp. v. General Elec. Co.*,
    446 U.S.1, 100 S.Ct. 1460 (1980)..................................................................................... 1

*Gottesman v. General Motors Corp.*,
    268 F.2d 194 (2d Cir. 1959) ............................................................................................... 6

*Harriscom Svenska AB v. Harris Corp.*,
    947 F.2d 627(2d Cir. 1991) ............................................................................................ 1, 2

*In Re Facebook, Inc., IPO Securities and Derivative Litigation*,
    986 F.Supp.2d 524 (S.D.N.Y. 2014) ................................................................................. 5

*Jeffery v. City of New York*,
    2022 WL 2704760 (E.D.N.Y. 2022) ................................................................................. 2

*Novick v. AXA Network, LLC*,
    642 F.3d 304 (2d Cir. 2011) ............................................................................................ 1, 2

*Pearson Educ., Inc. v. Helliosbooks, Inc.*,
    2022 WL 970454 (S.D.N.Y. 2022) ................................................................................... 2

*Steinle v. City & Cty. of San Francisco*,
    2017 WL 2021360 (N.D. Cal. 2017).................................................................................. 5

*Sussman v. I.C. System, Inc.*,
    2013 WL 5863664 (S.D.N.Y. 2013) ................................................................................. 6

*TADCO Constr. Group Corp. v. Dormitory Auth. of New York*,
    2012 WL 3011735, p. (E.D.N.Y. July 23, 2012)............................................................... 3

*Toyo Tire Corp. v. Atturo Tire Corp.*,
    2021 WL 1853310, p. (N.D. Ill. May 10, 2021) ............................................................... 4

*Transp. Workers Union Am., Local 100 v. New York City Transit Auth.*,
    358 F.Supp.2d 347 (S.D.N.Y. 2005) ................................................................................. 5

*United States v. Dico, Inc.*,
    2013 WL 12084742, p. (S.D. Iowa Jun. 7, 2013) ............................................................. 4

*Vann v. City of Rochester*,
    2025 WL 3079230 (2d Cir. 2025) ..................................................................................... 5

**Statutes**

28 U.S.C. § 1292(b) ............................................................................................................. 5, 6

**Rules**

FED. R. CIV. P. 54(b) ........................................................................................................ passim

**PRELIMINARY STATEMENT**

Defendants Thomas Jones, CPA and Jones, Little & Co., CPA's LLP (together, "JLC") respectfully submit this Memorandum of Law, and the accompanying Declaration of John A. Lentinello dated December 23, 2025, (the "Lentinello Decl.") in opposition to plaintiffs' motion seeking to direct final judgment and certification for an immediate interlocutory appeal against JLC in relation to the Court's Order dated March 21, 2025 (ECF#230), which granted JLC's motion to dismiss the claims against JLC in their entirety and seeking to allow plaintiffs to immediately appeal the decision to the Second Circuit Court of Appeals.

Plaintiffs have failed to provide a reasoned explanation for why the claims against JLC should proceed to an immediate appeal and judgment including for why they should be separated from the underlying causes of actions against the other Defendants requiring denial.

**LEGAL ARGUMENT**

**PLAINTIFFS' MOTION
SHOULD BE DENIED IN ITS ENTIRETY**

Plaintiffs' motion seeking final judgment against JLC for purposes of filing an immediate appeal of this Court's March 21, 2025 Order and Decision should be denied in its entirety as the remaining actions against the other defendants involve similar causes of action, Civil RICO and allegations.

Second Circuit and federal case law is well settled that there is a "historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S.1, 100 S.Ct. 1460 (1980); *Novick v. AXA Network, LLC*, 642 F.3d 304 (2d Cir. 2011). "The entry of a final judgment is generally appropriate only after all claims have been adjudicated." *Novick, supra; see also Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627(2d Cir. 1991). "The policy against piecemeal appeals "requires that the court's power to enter such a final judgment before the entire case is

1

concluded, thereby permitting an aggrieved party to take an immediate appeal, by exercised sparingly." *Id.* "The requirement that the district court make an express determination that there is no just reason for delay pursuant to Fed. R. Civ. P.54(b) means that the court must provide a reasoned, even if brief, explanation of its considerations. *Id.* "It is. . . essential that a reviewing court have some basis for distinguishing between well-reasoned conclusions arrived at after a comprehensive consideration of all relevant factors, and mere boilerplate approval phrased in appropriate language but unsupported evaluation of facts of analysis of law…is insufficient." *Id.*; *see also Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442 (2d Cir. 1985); *Brunswick Corp. v. Sheridan*, 582 F.2d 175 (2d Cir. 1978). Accordingly, in the analysis of whether a Rule 54(b) certification is appropriate, is to be judged is the "interest of sound judicial administration." *Novick, supra*. "In light of the policy against piecemeal appeals, it is incumbent upon a party seeking immediate relief in the form of a Rule 54(b) judgment to show not only that the issues are sufficiently separable to avoid judicial inefficiency but also that the equities favor entry of such judgment." *Novick, supra*. "Certification of a final judgment pursuant to Rule 54(b) is a permissive, not mandatory mechanism." *Jeffery v. City of New York*, 2022 WL 2704760 (E.D.N.Y. 2022).

    Rule 54(b) "authorizes a district court to enter partial final judgment when three requirements have been satisfied: (i) there are multiple claims or parties; (ii) at least one claim or the rights and liabilities of at least one party has been finally determined, and (iii) the court makes an express determination that there is no just reason for the delay." *Id., see also Pearson Educ., Inc. v. Helliosbooks, Inc.,* 2022 WL 970454 (S.D.N.Y. 2022). At bar, the first requirement is met, while the second requirement was met with respect to the Court's Order and decision dated March 21, 2025 dismissing JLC from the action only.

However, the equities involved along with judicial interests warrant denial at this time for immediate appeal as reason exists to deny the motion at this time. If the action proceeds and it is determined that the fraud and/or Civil RICO causes of action are improper or dismissed at summary judgment against the remaining defendants there is a potential to prejudice JLC in that the appeal could overturn this Court's dismissal while the underlying action and the claims upon which the appeal is founded against other defendants are dismissed, which is an inequitable outcome. Moreover, for purposes of judicial comity, efficiency and interest, immediate judgment and appeal should be denied at this time. Additionally, allowing an appeal to proceed now against JLC could lead to simultaneous appeals in the Second Circuit Court as the issues against the remaining defendants are related in that the original allegations against JLC were based upon actions allegedly undertaken by the remaining defendants, specifically, the Deo Defendants.

Furthermore, there will be no undue prejudice or hardship to plaintiffs in requiring them to wait for appeal at bar. Simply delay from waiting until after final judgment has been entered is not sufficient reason as Courts have held. *See Jefferey, supra*. At bar, plaintiffs have not identified any hardship in their moving papers that would warrant entry of judgment. Plaintiffs argue it would harm both parties to wait for adjudication on appeal of the parties' rights by waiting, however, the issues presented at bar are not new when considering R. 54(b) certification. Indeed, arguably every case raises some claims that are more substantial than others, for example, in terms of potential damages or scope of relief sought., but plaintiffs' argument, if accepted, would severely undermine the policy that Rule 54(b) certification is the exception, not the rule. *See TADCO Constr. Group Corp. v. Dormitory Auth. of New York*, 2012 WL 3011735, p.6 (E.D.N.Y. July 23, 2012) (*holding that the prejudice caused by having to wait until completion of a trial to pursue plaintiff's other claim is a hardship inherent in every denial of Rule 54(b) certification, and hardly rise[s] to the*

3

*level of hardships that warrant immediate appeal*). It is also notable that the claimed hardship is directed toward JLC, but JLC is not harmed by having to wait to have the appeal of their dismissal heard, quite the contrary. Certainly, there is nothing precluding plaintiffs from undertaking their own analysis of the case at this juncture and abandoning what they believe to be "insubstantial" claims to advance claims of greater "magnitude and importance," since the claims against JLC if any, are likely not "substantial." Thus, plaintiffs' hardship in this regard is not only irrelevant, but significantly overstated.

Plaintiffs also argue that in the absence of an immediate appeal, they will be delayed in obtaining discovery on the dismissed claims against JLC and that such delays will purportedly cause already faded memories as to details of certain events to fade even more. However, such basis for R. 54(b) certification is routinely argued and routinely denied. *See Crespo v. Carvajal*, 2021 WL 4237002, pp.5-6 (E.D.N.Y. Sept. 14, 2021) (rejecting plaintiffs' equitable considerations for Rule 54(b) certification, including that "witness memories will certainly fade" if "forced to wait several more years to appeal their claims"); *Toyo Tire Corp. v. Atturo Tire Corp.*, 2021 WL 1853310, p.4 (N.D. Ill. May 10, 2021) (rejecting a "broad statement that an appeal should be permitted . . . because of the 'potential risks of witnesses becoming unavailable and memories fading'"); *United States v. Dico, Inc.*, 2013 WL 12084742, p.4 (S.D. Iowa Jun. 7, 2013) ("The Court cannot agree with [the] assertion that the danger of loss of testimony due to witnesses' fading memories . . . is the type of hardship or injustice demanding a Rule 54(b) certification.").

Moreover, plaintiffs argue that R. 54(b) certification will promote judicial efficiency because it would eliminate the possibility of duplicative discovery and duplicative trials. However, this is belied by plaintiffs' argument that the claims against JLC are separate when in fact they are being related to claims against other remaining defendants. Plaintiffs also attempted to argue that

4

given the size of the Court's March 21, 2025 Order and decision and extensive case law and findings an immediate appeal should be allowed, is contrary to well settled law holding that "the Rule 54(b) test does not require this Court to consider whether there are any substantial grounds for a difference of opinion," and for which this Court should similarly decline to speculate. *Steinle v. City & Cty. of San Francisco*, 2017 WL 2021360 (N.D. Cal. 2017).

Therefore, plaintiffs have not identified any circumstances to override standing judicial policy to avoid piecemeal appeals or to allow for an early appeal at this juncture, requiring denial of their motion in its entirety as against JLC.

Contrary to plaintiffs' skewed depiction, at bar, the question of law alleged by plaintiffs does not meet the criteria for 28 U.S.C. § 1292(b) and would not advance the ultimate determination of the instant litigation. *See Vann v. City of Rochester*, 2025 WL 3079230 (2d Cir. 2025); *see also In Re Facebook, Inc., IPO Securities and Derivative Litigation*, 986 F.Supp.2d 524 (S.D.N.Y. 2014). Even if, the Court deems that the three criteria required under 28 U.S.C. § 1292(b) are met, district courts have unfettered discretion to deny certification if other factors counsel against it. *Id., see also Transp. Workers Union Am., Local 100 v. New York City Transit Auth*., 358 F.Supp.2d 347 (S.D.N.Y. 2005). "District Courts should exercise great care in making a § 1292(b) certification." *In Re Facebook Inc., IPO Securities and Derivative Lit., supra.* "The power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law ….only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* "Challenges relating to the sufficiency of pleadings are not generally the appropriate subjects of an interlocutory review as an interlocutory appeal at most could lead only to a remand for repleading with possibilities of further interlocutory appears

5

thereafter. *See Gottesman v. General Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959). Thus, denial of plaintiffs' motion is warranted at this juncture.

At bar no exceptional circumstances are present, and the appeal would not advance the ultimate termination of the litigation. Even if, plaintiffs' appeal would be allowed and was successful, which JLC strongly opposes and refutes, but even if,…it would still not advance the termination nor allow discovery to proceed earlier or later than normal as JLC would just be a party. Therefore, the Court should in the interests of justice and strongly favored policy deny certification at this juncture as a matter of law. *Id.; see also Sussman v. I.C. System, Inc.*, 2013 WL 5863664 (S.D.N.Y. 2013); *Gottesman, supra*.

For the reasons set forth herein, plaintiffs' motion should be denied in its entirety.

## CONCLUSION

Considering the foregoing, plaintiffs' motion seeking final judgment pursuant to Fed. R. Civ. P. 54(b) and certification pursuant to 28 U.S.C. § 1292(b) should be denied in its entirety.

Dated: Woodbury, New York
December 23, 2025

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

By: _____
John A. Lentinello (JAL 0187)
Attorneys for Defendants
*Thomas Jones, CPA and Jones, Little & Co., CPA's, LLP*
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 870-1160
File No.: 446-25080
Jlentinello@milbermakris.com

6