UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                            Case No. 2:23-cv-6188  (JMW)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC.,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HIGHWAY AUTO LLC., NORTHSHORE MOTOR
LEASING, LLC., BRIAN CHABRIER, JOSHUA
AARONSON, JORY BARON, ASAD KHAN, IRIS
BARON REPRESENTATIVE OF THE ESTATE  OF
DAVID BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, and ISLAND AUTO
MANAGEMENT, LLC,

                              Plaintiffs,

      -against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON,
DWIGHT BLAKENSHIP, MARC MERCKLING,
MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS
NYC INC., GOLD COAST CARS OF SYOSSET LLC,
GOLD COAST CARS OF SUNRISE LLC, GOLD COAST
MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS CORP.,
DLA CAPITAL PARTNERS INC., JONES LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING,
LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE
HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC

                              Defendants.

----------------------------------------------------------------------X

# DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' LATEST MOTION FOR RECONSIDERATION

1

NOW COMES Defendant Harry Thomasson, *pro se,* and submits the within Memorandum of Law in opposition to Plaintiffs' most recent Motion for Reconsideration, as follows:

## PRELIMINARY STATEMENT

As this Court is well aware, undersigned has maintained for years that the accusations of wrongdoing in the instant action by the Plaintiffs against the Defendants are entirely false, are knowingly false, and are mere wrongful strategies to engage in the "best defense is a good offense" strategy by each of the Plaintiffs herein. For the Plaintiffs to try to divide this argument into a piecemeal discussion about the claims and counterclaims being unrelated is just plain false and misleading at a minimum. The Counterclaims at issue are related in every way to the dismissed and non-dismissed claims of the Plaintiffs, because the claims by the Plaintiffs against the Defendants are false in all respects, and the action being maintained herein is in bad faith, as undersigned has argued for years in this and multiple actions brought wrongfully by these Plaintiffs here and by some of these Plaintiffs elsewhere.

## RELEVANT LAW

Motions for reconsideration may be filed pursuant to Fed. R. Civ. P. 59(e) or 60(b), as well as Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Under Local Rule 6.3, a party has fourteen (14) days following the entry of a court order to serve a notice of motion with an accompanying memorandum, that sets forth succinctly the issues, facts, or laws that were overlooked. Loc. Civ. R. 6.3. Failure to comply with these requirements warrants denial of the motion. *See R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative

rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment."). The standards for reconsideration under Local Rule 6.3 and Fed. R. Civ. P. 59 are one of the same. *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 394 n.2 (S.D.N.Y. 2016).

Even if considered, a motion for reconsideration "is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted).  Notably, "a party may not advance new facts, issues, or arguments not previously presented to the Court on a motion for reconsideration." *Superior Site Work, Inc. v. NASDI, LLC,* No. 14-cv-01061 (ADS) (SIL), 2017 U.S. Dist. LEXIS 77453, at *4 (E.D.N.Y. May 22, 2017) (internal quotations omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted) (noting that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple).  Put simply, a reconsideration motion is not appropriate to simply secure a "do-over." *See Schansman v. Sberbank of Russia PJSC*, No. 19-CV-2985 (ALC) (GWG), 2025 WL 1288670, at *2 (S.D.N.Y. May 5, 2025) (collecting cases) (Parties are "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.")

3

All that said, reconsideration is warranted only when: (i) the moving party points to an intervening change in controlling law, (ii) newly available evidence is identified, (iii) clear error is established, or (iv) reconsideration is necessary to avoid a manifest injustice. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. 4 YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (same); *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) (same). Moreover, Rule 60(b) permits relief from an order or judgment for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b). The question, therefore, is whether any of these grounds have been met. And, it is also within the sound discretion of the district court to decide whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); *Rivas v. Melecio*, No. 23-CV-05718 (JMA), 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024).

Reconsideration "must be narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." *In re Bouka*, 654 F. Supp. 3d 283, 286 (S.D.N.Y. 2023) (quoting *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016)). Thus, "[a] narrow application of the rule not only 'helps [] to ensure the finality of decisions,' but also 'prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Id.* (quoting *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007)).

4

## **ARGUMENT**

Here, Plaintiffs seek a "do-over" on their application for a pre-Motion conference on their desire to dismiss counterclaims. Whether this Court views the previous application as having ignored (to their own detriment) the issues Plaintiffs now present for reconsideration, or, whether this Court did consider these issues already either on its own or from the Plaintiffs' underlying pre-Motion request, it is inappropriate both to suggest that the (false) dismissed claims on appeal are unrelated to the counterclaims complaining of those (false) dismissed and non-dismissed claims, as well as it is inappropriate to seek another bite of the apple on reconsideration now.

It simply cannot be suggested with any degree of seriousness that this Court is unaware of the claims and counterclaims in this action, just as it is inappropriate to suggest that the Court did not consider the relationship between the dismissed/non-dismissed claims and the counterclaims stemming therefrom when this Court determined that the Plaintiffs' appeal impacts the jurisdiction this Court maintains to seek dismissal of undersigned's and co-Defendants' counterclaims. Candidly, it looks like the Plaintiffs are being hoisted by their own petard, and that quite simply is not good reason for reconsideration. *See Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."); *B & R Supermarket, Inc. v. Visa Inc.*, No. 17-CV-2738 (MKB), 2025 WL 510041, at *2 (E.D.N.Y. Feb. 14, 2025) (same).

## **CONCLUSION**

Undersigned respectfully requests that this Court deny the latest Motion for Reconsideration and grant such other and further relief which this Court deems necessary and just.

Dated: December 29, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/S/ *Harry R. Thomasson*
　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Harry R. Thomasson, *Pro Se*
　　　　　　　　　　　　　　　　　　　　　　3280 Sunrise Highway, Box 112
　　　　　　　　　　　　　　　　　　　　　　Wantagh, New York  11793
　　　　　　　　　　　　　　　　　　　　　　Tel.  516-557-5459
　　　　　　　　　　　　　　　　　　Email:  hrtatty@verizon.net