UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                       Plaintiffs,

    -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

                       Defendants.
-------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' SUPERB MOTORS INC, TEAM AUTO SALES LLC, AND ROBERT ANTHONY URRUTIA'S MOTION TO DISSOLVE THE <u>PRELIMINARY INJUNCTION</u>**

## PRELIMINARY STATEMENT

Defendant Harry R. Thomasson, Esq.'s ("Thomasson") opposition provides no basis to deny Plaintiffs Superb Motors, Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs") motion to vacate or dissolve the preliminary injunction prohibiting the sale, transfer, encumbrance, or relocation of vehicles injuncted by the September 29, 2023 Order of the Hon. Orelia E. Merchant, U.S.D.J. ("Judge Merchant"), as further modified by this Court. See ECF Docket Entries 55, 134, 172.

As an initial matter, Thomasson was disqualified from representing the Deo Defendants in this case.[1] As such, this Court should treat Thomasson's opposition as filed only on behalf of himself as a Defendant here, and regard the Deo Defendants' lack of a response to the instant motion as an abandonment of any objection to same, or otherwise do not oppose the relief sought.

To deflect away from the natural conclusion drawn by the Hon. Jerome C. Murphy, J.S.C.'s ("Justice Murphy") September 23, 2025 Decision & Order granting summary judgment in favor of Urrutia against Deo finding that Urrutia's agreement with Deo has been rescinded, Thomasson argues that the Superb Plaintiffs: (i) have repeatedly been found in contempt of the Injunction; (ii) engaged in additional contempt Thomasson intends to raise once their appeal[2] has been resolved; and (iii) ask for equitable relief with unclean hands.

---

[1] The Deo Defendants are Anthony Deo ("Deo"), Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

[2] The Superb Plaintiffs perfected their combined appeal on Monday, December 22, 2025. See Superb Motors Inc., et al. v. Deo, et al.; Docket No.: 25-1330(L), 25-2189(Con), ECF Docket Entry 72.

But none of these issues warrant denial of the relief sought.

Indeed, the first two issues raised only serve to bolster the reasons why the injunction should be dissolved, as Thomasson has seen fit to wield the injunction as a tool of oppression over the Superb Plaintiffs when it was primarily designed to permit Superb and Urrutia's remaining dealerships to remain a going concern.

The third issue Thomasson raises has already been decided by this Court and the law-of-the-case doctrine precludes the unclean hands argument.  Moreover, the Superb Plaintiffs have not engaged in any bad faith with respect to the injunction.  They inadvertently albeit impermissibly floored one vehicle which they have rectified and failed to provide photographs and odometer readings for three (3) vehicles, one of which was repossessed due to Deo's criminal conduct.

Thomasson also argues that the stay imposed by the Superb Plaintiffs' appeal of this Court's prior Orders seeking leave to sell the remaining injuncted vehicles precludes the relief sought.  But this argument is incorrect.  The Superb Plaintiffs' prior motion sought leave to sell the vehicles, while the instant motion seeks to dissolve or vacate the injunction based on *res judicata*.  Because the relief sought differs from that of the Orders appealed from, this Court is well within its authority to consider the instant motion.  To the extent relief is granted, the Superb Plaintiffs' appeal would be mooted and withdrawn.  To the extent it is denied, the Superb Plaintiffs would be entitled to a decision from the Second Circuit on the pending appeal.

Finally, Thomasson argues that Justice Murphy's decision was not final by virtue of his appeal and motion to renew and/or reargue same.  He cites artificial-intelligence generated hallucinations of cases to support this contention, which warrant this Court's *sua sponte* issuance of sanctions, and to reevaluate Plaintiffs' repeated arguments that Thomasson has effectively evaded the December 1, 2023 decision disqualifying him from representing the Deo Defendants.

## ARGUMENT

A.     **Thomasson's Qualms about Non-Compliance with Injunction Not a Basis to Deny Relief**

Thomasson argues that the Superb Plaintiffs' alleged non-compliance with the injunction warrants denial of their motion to dissolve the injunction by itself. Thomasson is wrong.

"[Rule] 60(b)(5) [of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule")] permits a party to obtain relief from a judgment or order if, among other things, 'applying [the judgment or order] prospectively is no longer equitable.'" See Horne v. Flores, 557 U.S. 433, 447 (2009) (quoting Fed. R. Civ. P. 60(b)(5)). Under Rule 60(b)(5), a party may request modification of a judgment or order if "'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" Id. (quoting Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 384 (1992)); Davis v. N.Y.C. Hous. Auth., 278 F.3d 64, 88 (2d Cir. 2002) ("It is ... well established that a district court has the power, in the exercise of its discretion, to modify its past injunctive decrees in order to accommodate changed circumstances"). "The source of the power to modify is of course the fact that an injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief." See System Fed'n No. 91 v. Wright, 364 U.S. 642, 647 (1961); see also Benjamin v. Jacobson, 172 F.3d 144, 161–62 (2d Cir. 1999).

Here, based on the foregoing, there exist numerous bases to grant the relief sought by the Superb Plaintiffs, namely, Justice Murphy's decision finding that Deo breached his agreement with Urrutia eliminates any basis upon which Deo could claim an interest in Superb. In addition, Deo never paid for any of the vehicles, caused the collapse of all of Urrutia's dealerships, and asserts nonexistent rights over Superb's assets to the detriment of the Superb Plaintiffs, all of which militate in favor of granting the Superb Plaintiffs' motion to dissolve the injunction.

3

B.     **The Law of the Case Doctrine Precludes Thomasson's Unclean Hands Argument**

Thomasson argues that the unclean hands doctrine warrants denial of the relief sought by the Superb Plaintiffs. But Thomasson ignores the fact that this Court has already held the unclean hands doctrine inapplicable to the instant dispute. See Superb Motors Inc. v. Deo, No. 23-CIV.-6188 (JMW), 2025 WL 896302, at *10–13 (E.D.N.Y. Mar. 21, 2025) (finding that Superb Plaintiffs' alleged misconduct by the Deo Defendants does not deprive them of the relief they seek).

This Court should therefore apply the law-of-the-case doctrine, which "posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case," to dispense with this argument. See In re Crysen/Montenay Energy Co., 226 F.3d 160, 165 (2d Cir. 2000). The purpose of the doctrine is to promote finality and efficiency of the judicial process by "protecting the agitation of settled issues." See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). However, the law of the case doctrine "does not rigidly bind a court to its former decisions, but is only addressed to its good sense." See Johnson v. Holder, 564 F.3d 95 (2d Cir. 2009).

Thus, "unlike the doctrines of *res judicata* and collateral estoppel, which a court cannot ignore where they apply, the law of the case, as Justice Holmes remarked, 'merely expresses the practice of the courts generally to refuse to reopen what has been decided.'" See Devilla v. Schriver, 245 F.3d 192, 197 (2d Cir. 2001) (emphasis added).

Here, this Court should apply the law of the case doctrine to bar the unclean hands argument raised by Thomasson.

However, even if this Court were to consider this argument, the Superb Plaintiffs do not have unclean hands. Urrutia has been victimized by Deo's unlawful conduct and breaches of his agreements, forced to suffer the loss of all four (4) of his dealerships.

4

Although he has been found in contempt of court for inadvertently flooring one (1) vehicle and failing to provide photographs of three (3) vehicles together with their odometer readings, these hyper-technical violations, all of which have been remedied or explained, ignore the context in which the Deo Defendants sought to hold the Superb Plaintiffs in contempt. Indeed, the one vehicle that was floored was discovered in defending against the Deo Defendants' false and disproven claim that all the vehicles were impermissibly floored. Urrutia borrowed funds to pay off the remaining amount due to the floor plan lender for that vehicle after his dealerships were shut down, purging the contempt against all odds. As for the three (3) vehicles out of approximately thirty (30) that Urrutia failed to provide photographs and odometer readings for, two (2) were ultimately provided and were earlier not provided due to Urrutia's counsel's inadvertence, and one (1) could not be provided due to Deo's criminal conduct resulting in the repossession of that vehicle.

In light of these circumstances, the unclean hands doctrine should not serve to deprive the Superb Plaintiffs of the relief sought here, especially in light of binding authority requiring this Court to apply doctrines of *res judicata* and collateral estoppel to effectuate the terms of Justice Murphy's decision & Order.

C.   **The Stay Pending Appeal is Not Applicable to this Motion**

Thomasson also argues that the stay pending appeal of this Court's May 2025 Orders seeking permission to relocate the vehicles and/or to sell them precludes the relief sought here. He is incorrect, as the Superb Plaintiffs previously sought to *modify* the injunction, but now seek to dissolve it. "The filing of a notice of appeal only 'divests the district court of its control over those aspects of the case involved in the appeal.'" See Zhao v. State Univ. of N.Y., 613 Fed. Appx. 61, 62 (2d Cir. 2015) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)).

5

This Court never issued a decision on the merits of the Superb Plaintiffs' argument that the injunction should be dissolved or vacated based on Justice Murphy's September 23, 2025 Decision & Order; indeed, that Order did not even exist at the time this Court issued its May 2025 rulings and the Superb Plaintiffs filed their notice of appeal. Accordingly, it follows that this Court retains jurisdiction over the pending motion which seeks different relief from the relief sought in the May 2025 motions. See, e.g., Zhao, 613 Fed. Appx. at 62 ("Because the fee appeal did not give [the Second Circuit] jurisdiction to consider the settlement agreement, the District Court retained jurisdiction over a motion seeking to vacate the settlement" ); see also N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989) ("[W]e have held that the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal").

Further, Rule 4 of the Federal Rules of Appellate Procedure contemplates that a Rule 60 motion may be considered by the district court pending appeal and that a stay of the appeal may be granted pending a decision by the district court concerning same. See Fed. R. App. 4(a)(4)(A)(vi).

Accordingly, this argument provides no basis to deny the relief sought.

### D. Justice Murphy's Decision is Final for *Res Judicata* Purposes

Perhaps the most incredible argument raised by Thomasson is that Justice Murphy's decision is not final because he has seen fit to both appeal it and move to renew or reargue it. In support of this contention, Thomasson cites to several inapposite and inapplicable cases, one of which does not even exist. Given the lack of any actual controlling authority refuting the finality of a decision granting summary judgment pending an appeal or motion to renew or reargue, Thomasson's argument disintegrates before takeoff.

The cases cited by Thomasson are In re Amica Mut. Ins. Co., a non-existent case apparently aided by artificial intelligence,[3] Donovan v. City of Dallas, and Liss v. Trans Auto Sys.

None of these authorities stand for the proposition that noticing an appeal or that moving to renew or argue takes away the finality of a decision granting summary judgment.

Amica is a non-existent case. It therefore cannot be considered for the proposition Thomasson argues.

Donovan discusses the interplay between federal and state courts as it relates to injunctions in which the Supreme Court of the United States decided that an Order restraining the petitioners from prosecuting their case in the federal courts was not valid, effectively granting the relief the Superb Plaintiffs seek here, i.e., dissolving an injunction. See Donovan v. City of Dallas, 377 U.S. 408, 414 (1964) ("Since we hold the order restraining petitioners from prosecuting their case in the federal courts was not valid, but was invalid, petitioners have been punished for disobeying an invalid order"). It is therefore inapposite to this case, where no such facts are present.

Finally, Liss discusses nothing of motions to renew and argue or an appeal rendering a decision non-final for purposes of *res judicata*. Instead, the Court of Appeals simply held there that courts retain continuing jurisdiction to reconsider its prior *interlocutory* orders during the pendency of the action. See Liss v. Trans Auto Sys., Inc., 68 N.Y.2d 15, 20 (1986). This case is therefore similarly inapplicable.

---

[3] The use of long en-dashes are a tell-tale sign of same. While the Superb Plaintiffs are not surprised by Thomasson's use of artificial intelligence, given his prior repeated habit of supporting his contentions by rhetoric and hyperbole without any case law, this conduct warrants sanctions. . This Court has dealt with such conduct previously. See Hall v. Acad. Charter Sch., No. 2:24-CV-08630-JMW, 2025 WL 2256653, at *5 (E.D.N.Y. Aug. 7, 2025) ("By far, the majority of courts impose sanctions upon the offending lawyer for this sort of conduct"); see also Benjamin v. Costco Wholesale Corp., 779 F. Supp. 3d 341, 351 (E.D.N.Y. 2025) courts have imposed financial sanctions on similarly situated attorneys ranging from approximately $1,500 to $5,000).

Based on the foregoing, Thomasson has failed to cite any valid legal authority in support of his contentions.

However, even if this Court finds that Justice Murphy's decision is somehow not "final" (it is), relief is nonetheless warranted based on both issue preclusion and collateral estoppel. Thomasson does not address these arguments, and has thus abandoned them. See Wilmington PT Corp. v. Danialian, No. 19-CIV.-1972 (GRB) (JMW), 2023 WL 2632499, at *3 (E.D.N.Y. Mar. 24, 2023) ("Defendants' Answer purports to allege ten affirmative defenses. … In its motion for summary judgment, Plaintiff addresses the ten affirmative defenses, seeking to have each affirmative defense stricken. … However, Defendants have not addressed or made any arguments in opposition to Plaintiff's motion with respect to their first, second, fourth, sixth, seventh, eighth, ninth and tenth affirmative defenses. … Accordingly, the Court deems that Defendants have abandoned these defenses, and Plaintiff's motion to strike the aforementioned affirmative defenses is granted") (citing Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc., No. 07-CV-3662, (KAM) (MDG), 2009 WL 2997382, at *9 (E.D.N.Y. Sept. 15, 2009) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way"); see also Bombard v. Central Hudson Gas & Elec., 614 N.Y.S.3d 577, 580 (3d Dept. 1994) (holding under New York state law, the failure to provide argument on a point at issue constitutes abandonment of the issue).

Based on the foregoing, the Superb Plaintiffs respectfully submit that there is an ample basis to find that *res judicata* warrants vacatur or dissolution of the preliminary injunction, and respectfully request an Order effecting same, directing the Deo Defendants to return the injuncted vehicles in their possession, and permit Superb and/or Team sell the injuncted vehicles.

This relief is necessary in order to wind up the affairs of those now long-ago shuttered entities.

### E.     Thomasson's Request for Alternative Relief Must be Denied

Thomasson argues that should this Court award the relief requested by the Superb Plaintiffs, which he opposes, that this Court require the injuncted vehicles to be delivered to him, sold by him, and permit the proceeds of any such sale to be held in escrow by Deo's attorney Jeffrey Benjamin, Esq., who has failed to oppose the motion on behalf of Deo.

Thomasson is disqualified from representing Deo and has no standing to make arguments on his behalf. See, e.g., DePonceau v. Pataki, 315 F.Supp.2d 338, 341–42 (W.D.N.Y.2004) (finding that *pro se* plaintiff lacked standing to file § 1983 complaint on behalf of other individuals, even though they had given him power of attorney); see also Richardson v. Griffin, No. 13-CIV.-6189, 2013 WL 5663073, at *1 (S.D.N.Y. Oct.17, 2013) ("As a *pro se* litigant, Plaintiff, the sole signatory of the Complaint, cannot represent or otherwise appear on behalf of others"); United States *ex rel.* Mergent Servs. v. Flaherty, 540 F.3d 89, 92 (2d Cir.2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause") (internal quotation marks omitted).

Here, because Thomasson has been disqualified, he is effectively "not licensed as an attorney" in this particular case as the Second Circuit found in Flaherty. This alternative request for relief made on behalf of the Deo Defendants must therefore be denied on this ground alone.

On the substantive merits, giving Deo these vehicles would be tantamount to giving a convicted bank robber the keys to the safe in a financial institution. Deo has caused devastating damage to not only the Plaintiffs in this case, but a third victim who has recently sued him.

This Court cannot in good conscience permit Deo to take possession of any of the vehicles.

9

Moreover, Thomasson's argument that Superb is no longer licensed as a dealership is a red herring.  Superb (with respect to the Deo Injuncted Vehicles) and Team (with respect to the Superb Injuncted Vehicles), as the owner of the remaining vehicles, are entitled to sell their respective assets without the need for a license.  See ECF Docket Entry 334 ¶¶ 36-43 (citing VTL § 415(1)(a) (statute requiring registration of dealers defining "Dealer" as a person *engaged in the business of buying, selling or dealing in motor vehicles …*")).

The injunction should therefore be vacated and dissolved, with all vehicles returned to Superb and/or Team, such that they may be disposed of by sale, with all proceeds retained by Superb and/or Team to wind down their respective affairs, and the prior proceeds held in escrow released to Superb.

## CONCLUSION

For the foregoing reasons, the Superb Plaintiffs' motion to dissolve the injunction should be granted.

Dated: Jamaica, New York
       December 29, 2025                       Respectfully submitted,

                                             **SAGE LEGAL LLC**
                                              /s/ *Emanuel Kataev, Esq.*
                                             Emanuel Kataev, Esq.
                                             18211 Jamaica Avenue
                                             Jamaica, NY 11423-2327
                                             (718) 412-2421 (office)
                                             (917) 807-7819 (cellular)
                                             (718) 489-4155 (facsimile)
                                             emanual@sagelegal.com

                                             *Attorneys for Plaintiffs*
                                             *Superb Motors Inc.,*
                                             *Team Auto Sales LLC, and*
                                             *Robert Anthony Urrutia*

**VIA ECF**
All counsel of record