# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112     Admitted:
Wantagh, New York  11793    Massachusetts
Tel. 516-557-5459    New York
hrtatty@verizon.net

December 30, 2025

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re: *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
           Case No. 2:23-cv-6188 (JW)

Your Honor:

    I am writing to request an emergency Protective Order regarding certain discovery subpoenaed by Mr. Kataev on behalf of the Superb Plaintiffs.  I am writing pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 26.2, in pursuit of the instant Protective Order, as these rules allow the court to shield sensitive info from undue annoyance, expense, or embarrassment, etc., upon a showing of "good cause" for protection.  Please be advised, as follows:

1. On December 26, 2025, at nearly midnight, Mr. Kataev emailed the attached subpoena to the attorneys in this action, and informed us in the email that the subpoena would be served on the next business day, Monday, December 29, 2025.

2. As explained to this Court and all attorneys herein during the kerfuffle over discovery in the last two weeks, I have long-standing plans to be out of state between the Christmas and New Year holidays, so it is no coincidence that Mr. Kataev emailed this subpoena in the dead of night on the business day immediately preceding service of the attached subpoena and immediately after Christmas day.

3. This subpoena is nothing more than a fishing expedition meant to harass and distract me over legitimate, privileged, and unrelated business records.   During late November 2022, Josh Aaronson utilized a dead man's (David Baron's) electronic credentials to steal $735,000.00 placed into the NorthShore account by Anthony Deo.  Mr. Deo contacted the police, who threatened Aaronson with arrest if he did not give the money back.  Deo obtained and personally guaranteed the money as a loan after Josh Aaronson not only "approved" Anthony Deo as owner of NorthShore, but Aaronson also authorized his own accountants (Citrin Cooperman) to prepare the tax

      returns indicating Deo as 99% owner thereof (Sara Deo was placed on the return as 1% owner for accounting purposes). That email authorization by Aaronson is attached as Exhibit G to the Amended Complaint in the case Judge Choudhury just remanded back to Nassau Supreme Court, *Deo, et al. v. Baron, et al.,* EDNY docket number 24-cv-06903; the tax return authorized by Aaronson and prepared at his direction by his own and IAG's accountants is attached to the Amended Complaint from that action as Exhibit H. Both Exhibits G and H from that Complaint are attached hereto and incorporated herein by reference for ease of purpose.

4. After the police threatened Aaronson with arrest, Aaronson's attorney, Russell Shanks, emailed undersigned and asked for IOLA bank information. He informed me the money would be returned to me through my IOLA account, and wanted the money held in escrow without any reason given therefore. In writing, I informed Mr. Shanks that I would not hold the money in escrow and would give it back to Deo if sent to me. Thereafter, that is exactly what happened: Shanks sent the money to my account after being informed it would be returned to Deo and not held in escrow, and it was then forwarded to Deo in its entirety, less whatever was charged to or due from Deo at that time. This has been known throughout the case by everyone, hidden from no one, and admitted to my own detriment, since that is the fact that resulted in my own disqualification herein.

5. The attached subpoena seeks information beyond this one (1) transaction from my legitimate business records. These records contain other client's information and records, and no other clients of mine authorize the release of these records to Mr. Kataev. This account consists of private business records, and contain privileged information, both attorney-client privileged information and attorney work product records. Moreover, there is nothing else related in any relevant way to the instant action that can be in those records that in any way is relevant to the instant action.

    Accordingly, I ask as an emergency (I am indisposed this week and the subpoena has apparently already been served) that this Court enter a protective order regarding the entirety of my IOLA account's records as sought in the attached subpoena, and order the Plaintiffs to so inform the Bank of America. I am happy to provide a redacted copy of the statement(s) for that account for the money coming in and going out regarding the above referenced transactions (it may just be November 2022, but I will include December 2022 if upon searching those records, which I have not to date, I discover that the money went to Mr. Deo in December 2022, but I do not have access to those records this week).

    If this Court determines that pleadings are required for the within relief, then I ask that in the interim, the Court Orders Mr. Kataev to notify the Bank of America that there is a dispute over that subpoena and that until that dispute is resolved, Bank of America is instructed to not comply with that subpoena. Plaintiffs seek records to which they are not entitled and are merely engaged in an unwarranted fishing expedition. The subpoena is overly broad and seeks legitimate, privileged, unrelated and irrelevant records and should be quashed.

    Thank you for your consideration, your Honor.

Respectfully submitted,

/S/ *Harry R. Thomasson*

Harry R. Thomasson, Esq.