UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC,   Case No. 2:23-cv-6188(JMW)
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HWY AUTO LLC, NORTHSHORE MOTOR
LEASING, LLC, BRIAN CHABRIER, JOSHUA
AARONSON, JORY BARON, ASAD KHAN, IRIS
BARON REPRESENTATIVE OF THE ESTATE OF
DAVID BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN
BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC,
1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC,
446 ROUTE 23 AUTO LLC and ISLAND AUTO
MANAGEMENT, LLC,
                              Plaintiffs,

   -against-

ANTHONY DEO, SARAH DEO, HARRY
THOMASSON, DWIGHT BLANKENSHIP, MARC
MERCKLING, MICHAEL LAURIE, THOMAS
JONES, CPA, CAR BUYERS NYC INC., GOLD
COAST CARS OF SYOSSET LLC, GOLD COST
CARS OF SUNRISE LLC, GOLD COAST MOTORS
AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS
OF LIC LLC, GOLD COAST MOTORS OF ROSLYN
LLC, GOLD COAST MOTORS OF SMITHTOWN LLC,
UEA PREMIER MOTORS CORP., DLA CAPITAL
PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP,
FLUSHING BANK, LIBERTAS FUNDING LLC,
J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY
AUTO LLC, AND NORTHSHORE MOTOR LEASING, LLC,

                              Defendants.
-------------------------------------------------------------------X

**FLUSHING BANK'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION SEEKING A FINAL JUDGMENT PURSUANT TO FEDERAL RULE 54(B) OF
THE FRCP AND TO CERTIFY AN INTERLOCUTORY APPEAL
<u>PURSUANT TO 28 U.S.C. § 1292(B)</u>**



## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT……………………………………………………………...1

ARGUMENT……………………………………………………………………………........1

PLAINTIFFS' MOTION SHOULD BE DENIED IN
ITS ENTIRETY AND THEY SHOULD NOT BE
PERMITTED TO PROCEED WITH AN INTERLOCUTORY
OPINION AND ORDER………………………………………………………………….1

    A.  Plaintiffs Have Failed to Demonstrate that there is
       a Controlling Question of Law……………………………………………………2

    B.  There is no Substantial Ground for Difference of Opinion……………………….3

    C.  An Immediate Appeal will not Materially Advance the Litigation……………….5

    D.  There is no "Excusable Neglect" and this Motion Should be
       Considered Untimely……………………………………………………………...5

CONCLUSION……………………………………………………………………………7

# **TABLE OF AUTHORITIES**

**Cases** Page

*Alkhatib v. New York Motor Group*,
　　2015 WL 3507340 (E.D.N.Y. June 3, 2015)…………………………………………………4

*Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C.*,
　　No. 05-5934 (DRH) (MLO), 2008 WL 4856103 (E.D.N.Y. Oct. 31, 2008)………………3

*B&R Supermarket, Inc. v. Visa Inc.*, 17-cv-2738 (MKB),
　　2025 WL 845109 (E.D.N.Y. Mar. 18, 2025)……………………………………………1, 2

*Curtiss-Wright Corp. v. General Elec. Co.*,
　　446 U.S. 1 (1980)……………………………………………………………………………….5

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Montonave Achille Lauro in Ammisnistrazione Stradordinaria*,
　　91 F.2d 21, 25 (2d Cir. 1990)…………………………………………………………………...2

*Koehler v. Bank of Berm Ltd.*,
　　101 F.3d 863, 865 (2d Cir. 1996)……………………………………………………………….2

*McGraw-Hill Glob. Educ. Holding, LLC v. Mathrani*,
　　293 F. Supp. 3d 394, 399 (S.D.N.Y. 2018)………………………………...……………1, 2

*Novik v. AXA Network, LLC*,
　　642 F.3d 304 (2d Cir. 2011)…………………………………………………………………….5

*Republic of Colombia v. Diageo North America Inc.*,
　　619 F. Supp.2d 7, 9 (E.D.N.Y. 2007)…………………………………………………...2, 5

*Sec. & Exch. Comm'n v. Coinbase, Inc.*,
　　761 F. Supp.3d 702, 712 (S.D.N.Y. 2025)…………………………………………………...2

*Sec. & Exch. Comm'n v. Ripple Labs Inc.*,
　　697 F. Supp. 3d 126, 132 (S.D.N.Y. 2023)…………………………………………………..2

*U.S. v. Catholic Health System of Long Island Inc.*,
　　521 F. Supp. 3d 265, 274 (E.D.N.Y. 2021)…………………………………………...5-6

**Statutes**

18 U.S.C. § 1961(4)……………………………………………………………………….4

28 U.S.C. § 1292(b)……………………………………………………………*passim*

**PRELIMINARY STATEMENT**

Defendant Flushing Bank ("Flushing Bank") respectfully submits this Memorandum of Law and the accompanying Declaration of Ariel E. Ronneburger, dated January 2, 2026 (the "Ronneburger Dec.") in opposition to the plaintiffs' motion seeking a final judgment pursuant to Rule 54(B) of the Federal Rules of Civil Procedure and to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), in relation to this Court's Order dated March 21, 2025 (ECF #230) (the "Opinion and Order"). The Opinion and Order granted Flushing Bank's motion to dismiss plaintiffs' claims against Flushing Bank, with the exception of one cause of action under Uniform Commercial Code Article 4-A-204(1), which was permitted to proceed and remains part of plaintiffs' Third Amended Complaint (ECF # 316). Flushing Bank timely filed its Answer to the Third Amended Complaint on October 27, 2025 (ECF # 330).

Plaintiffs now seek permission to proceed with an interlocutory appeal against Flushing Bank, arguing that they have met the criteria for an interlocutory appeal set forth under 28 U.S.C. § 1292(b). However, for the reasons set forth below, this motion should be denied in its entirety.

**ARGUMENT**

**PLAINTIFFS' MOTION SHOULD BE DENIED IN ITS ENTIRETY AND THEY SHOULD NOT BE PERMITTED TO PROCEED WITH AN INTERLOCUTORY APPEAL OF THE OPINION & ORDER**

Initially, Flushing Bank agrees with and joins in the arguments made by defendants Thomas Jones, CPA and Jones, Little & Co., CPA's LLP (collectively referred to herein as "JLC") in JLC's Memorandum of Law in Opposition to Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 54(b), dated December 19, 2025, and filed at ECF # 369.

It is well-settled that "[i]nterlocutory appeals are 'presumptively disfavored.'" *B&R Supermarket, Inc. v. Visa Inc.*, 17-cv-2738 (MKB), 2025 WL 845109, at *1 (E.D.N.Y. Mar. 18, 2025) (quoting *McGraw-Hill Glob. Educ. Holding, LLC v. Mathrani*, 293 F. Supp. 3d 394, 399

1

(S.D.N.Y. 2018)). That is, "district courts 'have unfettered discretion to deny certification,' for 'any reason, including docket congestion' and the 'system-wide costs and benefits of allowing the appeal,' even 'where the three legislative criteria of [s]ection 1292(b) appear to be met." *Id.* (quoting *Sec. & Exch. Comm'n v. Coinbase, Inc.*, 761 F. Supp.3d 702, 712 (S.D.N.Y. 2025). "It is a basic tenant of federal law to delay appellate review until a final judgment has been entered" and 28 U.S.C. § 1292(b) is a "rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Berm Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). "Because interlocutory appeals are strongly disfavored, 'only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Sec. & Exch. Comm'n v. Ripple Labs Inc.*, 697 F. Supp. 3d 126, 132 (S.D.N.Y. 2023) (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Montonave Achille Lauro in Ammisnistrazione Stradordinaria*, 91 F.2d 21, 25 (2d Cir. 1990)).

Pursuant to 28 U.S.C. § 1292(b), "a district court may certify a question for interlocutory appeal where (1) the decision to be appealed 'involves a controlling question of law,' (2) 'as to which there is a substantial difference of opinion,' and (3) 'an immediate appeal may materially advance the ultimate determination of the litigation.'" *Republic of Colombia v. Diageo North America Inc.*, 619 F. Supp.2d 7, 9 (E.D.N.Y. 2007) (denying defendants' motion for certification of an interlocutory appeal). Despite plaintiffs' arguments to the contrary, none of these requirements have been met here.

### A. Plaintiffs Have Failed to Demonstrate that there is a Controlling Question of Law

"In determining whether a controlling question of law exists, the district court should consider whether reversal of the district court's opinion would result in a dismissal of this action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly

affect the conduct of the action; or the certified issue has precedential value for a large number of cases." *Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C.*, No. 05-5934 (DRH) (MLO), 2008 WL 4856103, *3 (E.D.N.Y. Oct. 31, 2008). Reversal of the Order & Opinion would not result in a complete dismissal of this action, nor would it significantly affect the conduct of this action. This is plainly reflected in the fact that plaintiffs still have twenty-eight causes of action (including several causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") asserted against the Deo Defendants) in their Third Amended Complaint, and the fact that the parties will be conducting over a dozen depositions in the next month. *See* ECF # 330 and ECF # 363. Moreover, the issues presented in the appeal include whether plaintiffs set forth facts sufficient to sustain causes of action under RICO, as well as causes of action for conversion and negligence. The certification of such issues would not provide any "precedential value" in a large number of cases, as claimed by plaintiffs. Rather, any impact would be limited to this case, based upon the facts alleged by plaintiffs in their Complaint.

### B. There is no Substantial Ground for Difference of Opinion

As against Flushing Bank, the main issue plaintiffs seek to appeal to the Second Circuit is whether they adequately pled a cause of action under RICO against Flushing Bank. In determining that the plaintiffs failed to sustain their RICO claims against Flushing Bank, this Court held that RICO claims against Flushing Bank "consist of baseless conclusory factual allegations, for example, that 'Flushing knew that Deo was not the 100% owner of Superb and had no authority to open a bank account' without any specific factual allegations to corroborate this supposed knowledge.'" Opinion & Order, at p. 37. Moreover, the Court held that, "Plaintiffs' only supported allegation with respect to Flushing Bank was that it substantially assisted Deo in opening a bank account" but "do not claim any interpersonal relationship between Flushing and the Deo

3

Defendants or that Flushing Bank had any nefarious intention, nor had any knowledge of Deo's scheme nor means of benefitting from it." *Id.*

There is no "substantial ground" for a difference of opinion on the plaintiffs' complete failure to plead a RICO claim against Flushing Bank. A RICO enterprise 'includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Alkhatib v. New York Motor Group*, 2015 WL 3507340, at * 9 (E.D.N.Y. June 3, 2015) (quoting 18 U.S.C. § 1961(4)). In order to constitute an association-in-fact, there must be: (1) a purpose, (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit the association to pursue the enterprise's purpose.'" *Id.* RICO liability does not extend to everyone associated with the enterprise, but only to those who participate "directly or indirectly through a pattern of racketeering activity." 18 U.S.C. § 1962(c). Members of an association-in-fact must share a wrongful intent to violate RICO and must be involved in the "operation and management" of the alleged enterprise. However, the Court determined that "Flushing Bank purely provided banking services when Deo misrepresented himself and opened accounts in the name of Superb," and dismissed the RICO claims asserted by Plaintiffs against the Bank. Opinion & Order, at p. 38.

There is no "difficult question" presented here regarding plaintiffs' dismissed claims against Flushing Bank. There are no grounds at all for the opinion that a RICO claim may be asserted against an entity that did nothing but provide banking services, which is what plaintiffs proffered in support of their claim. And thus, there is no basis for the certification of an interlocutory appeal.

### C. An Immediate Appeal will not Materially Advance the Litigation

As set forth above, this case currently involves twenty-eight causes of action set forth in a Third Amended Complaint that is 113 pages long. The parties have engaged in document discovery and are conducting more than a dozen depositions in the next month. The immediate appeal of the Opinion & Order will not "advance" the litigation in any way. Rather, it will likely only cause more delay in a case that has been wrought with delays.

There is a "historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980); *Novik v. AXA Network, LLC*, 642 F.3d 304 (2d Cir. 2011). While 28 U.S.C. § 1292(b) provides an exception to the general rule against interlocutory appeals, plaintiffs have abjectly failed to meet any of the requirements that would warrant the certification of an appeal of the Opinion & Order.

Moreover, even when such requirements have been met, this Court still has the discretion to deny this motion. *Republic of Colombia v. Diageo North America Inc.*, 619 F. Supp.2d at 9. In the event the Court should find that the plaintiffs did meet the requirements of 28 U.S.C. § 1292(b), it should still deny this motion. The Opinion & Order did not dismiss the RICO claims against the majority of the defendants. It did not dismiss the matter against Flushing Bank. This matter is ongoing and the parties are actively involved in the discovery phase of the case. There is simply no reason at all that the plaintiffs should be able to piecemeal appeal various issues.

### D. There is no "Excusable Neglect" and this Motion Should be Considered Untimely

Plaintiffs admit that, while there is no fixed deadline to file a motion for certification of an interlocutory appeal, a "reasonable time should be less than two months." *See U.S. v. Catholic Health System of Long Island Inc.*, 521 F. Supp. 3d 265, 274 (E.D.N.Y. 2021). The Opinion &

Order was issued by this Court on March 21, 2025. Plaintiffs waited over nine (9) months to file this motion (which plaintiffs attempt to claim is a mere "slight delay") and filed their brief in this appeal with the Second Circuit three (3) days later on December 22, 2025. *See Superb Motors Inc. v. Deo*, Second Circuit Case Nos. 25-1330-cv(L) and 25-2189-cv(con).

Plaintiffs do not even attempt to explain what their "excusable neglect" constitutes, other than they were "presented with the question of whether the Orders appealed from are considered final Orders." How plaintiffs ever thought there was a question as to whether the Opinion & Order was final as to the numerous defendants, including Flushing Bank, who remain in this case, is, bluntly, baffling.

Permitting an interlocutory appeal of this case would certainly be prejudicial to Flushing Bank and the other remaining defendants, because they must now spend extra time and resources litigating this appeal which, as discussed above, will not advance this litigation in any way, while simultaneously conducting discovery and addressing the issues remaining in the Third Amended Complaint. It is also a waste of judicial resources, causing the Court of Appeals to deal with issues piecemeal, rather than all at once, when a final decision has been rendered against all defendants in the action. For these reasons, this motion must be denied.

## **CONCLUSION**

For all the aforementioned reasons, the plaintiffs' motion seeking a final judgment pursuant to Rule 54(B) of the Federal Rules of Civil Procedure and to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), should be denied in its entirety. Plaintiffs have failed to set forth any basis for the certification of an appeal of the Opinion & Order.

Dated: Uniondale, New York
January 2, 2026

CULLEN AND DYKMAN LLP

/s/ *Ariel E. Ronneburger*

Ariel E. Ronneburger
*Attorneys for Defendant*
*Flushing Bank*
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, New York 11553
aronneburger@cullenllp.com