UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC, | Case No.: 2:23-cv-6188 (JMW) |

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC

Defendants.
------------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN
<u>FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION</u>**

## **PRELIMINARY STATEMENT**

Contrary to the opposition of the Deo Defendants,[1] including Defendant Harry R. Thomasson, Esq. ("Thomasson"), this motion for reconsideration does not ask this Court for a "do over," but instead, respectfully brings this Court's attention to caselaw that it overlooked when holding that it was deprived of jurisdiction to address Plaintiffs' request for a premotion conference to dismiss Thomasson's and Deo's counterclaims for defamation due to the current appeal of the Opinion & Order on motions to dismiss/motion to amend (ECF 230) and Order on Motion for Reconsideration (ECF 314) (collectively the "Decisions").

The caselaw overlooked specifically clarifies that the district court is only deprived of those aspects of the case on appeal, but not other issues which are not on appeal.

Thomasson does not address this argument. Instead, he appears to argue that because some of the claims against him and the Deo Defendants have been dismissed, they may maintain their defamation claims. This is not an accurate statement under the law. Nor does the suggestion that the pleadings contain allegedly false statements permit a different outcome.

Indeed, because Plaintiffs' alleged defamatory statements were made within the confines of this case, the absolute litigation privilege applies to bar the Deo Defendants' defamation claims.

Accordingly, having provided no basis to argue that the pending appeal deprives this Court of jurisdiction to determine the counterclaims, the Plaintiffs respectfully submit that their motion for reconsideration of the December 8, 2025 Order should be granted.

---

[1] The Deo Defendants consist of Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp. (collectively hereinafter the "Deo Defendants")

1

**ARGUMENT**

**IN ITS ORIGINAL ORDER THE COURT OVERLOOKED
APPLICABLE CASE LAW PERMITTING IT TO ADDRESS
THE REQUEST FOR THE PRE-MOTION CONFERENCE
FOR MATTERS UNRELATED TO THE ISSUES ON APPEAL**

In their opposition to this motion for reconsideration, Thomasson and the Deo Defendants wrongfully refer to this motion as simply seeking a "do over."[2] Such is not the case.

In denying the request for a premotion conference to dismiss Thomasson's and Deo's counterclaims for defamation, without prejudice, the Court cited to Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) for the general proposition that "The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." In Griggs, the Supreme Court stated that "it was generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.". Id. at 58.

This Court, applying that general principle, denied the request for a premotion conference, seemingly deeming itself without jurisdiction to address any matter concerning the pleadings themselves, as an appeal had been filed concerning only certain limited rulings of this Court on Plaintiffs' complaint. However, as noted in Plaintiffs' motion for reconsideration, the Court overlooked the holding in Zhao v. State Univ. of N.Y., 613 Fed. Appx. 61 (2d Cir. 2015) and N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989).

---

[2] In their continued mockery of this Court's disqualification of Thomasson from representing the Deo Defendants (ECF Docket Entry 117), Thomasson's opposition setting forth his argument for denial of the motion (although quoting back to this Court, verbatim, the Court's standard of review from its August 1, 2025 decision (See ECF Docket Entry 314)), Jeffrey Benjamin, supposedly representing the Deo Defendants, merely filed a "me too" letter, and six (6) hours late because he is on vacation. See ECF Docket Entry 373.

In Zhao, the Second Circuit reversed the district court's denial of plaintiff's post-judgment motions under Fed. R. Civ. P. 60(b) in an employment discrimination suit which had held that a pending fee appeal divested the district court of jurisdiction to consider them. The Second Circuit found that the district court was deprived of jurisdiction "only" concerning "those aspects of the case involved in the appeal." Id. at 62. (emphasis added). The Second Circuit held similarly in N.Y. State Nat'l Org. for Women.

Herein, the Court is only deprived of jurisdiction concerning those aspects of the case involved in the appeal.

As fully presented in Plaintiffs' motion, the issues presented in the request for the premotion conference are unrelated to, and do not bear upon, those aspects of the case involved in the appeal, which only concern limited claims or parties the Court dismissed from this case, not the broader complaint. Certainly, the Court could not look at the issues on appeal so broadly, as being any matter concerning the complaint. If so, the Court could not address any procedural or substantive matter in the case which may rely upon the pleadings, such as summary judgment or trial.

The basis upon which Plaintiffs seek to dismiss the Counterclaims is a strictly legal position; that statements made in the course of judicial proceedings are *absolutely privileged* and therefore may not form the basis of a claim for defamation. See Conte v. Newsday, Inc., 703 F. Supp. 2d 126, 146 (E.D.N.Y.2010). These issues do concern those aspects of the case involved in the appeal.

Nor can Thomasson and Deo oppose this motion by asserting that, since their counterclaims may concern the matters previously dismissed, because they had once been part of the original pleading, their counterclaims are involved in the appeal.

3

First, their counterclaims were not raised until months following the appeal.

Second, even if their alleged counterclaims rest upon a dismissed claim, they intend to rely upon the dismissed claim whether the dismissal is affirmed or reversed, so the appeal to restore that claim has no bearing on the viability of the counterclaims as a matter of law. Indeed, dismissed or not, the alleged defamatory statements were made within pleadings in this case, and Plaintiffs are entitled to the absolute litigation privilege to bar those claims.

Based on the foregoing, Plaintiff's motion for reconsideration should be granted to the extent that the Court should address the Request as presented in ECF Docket Entries 339, 342, and 343.

Plaintiffs thank this honorable Court for its time and attention to this case.

Dated: New York, New York
     January 4, 2026          Respectfully submitted,

**CYRULI SHANKS & ZIZMOR LLP**

By:   /s/ Jeffrey C. Ruderman, Esq.
       Attorneys for IAG Plaintiffs
       420 Lexington Ave., Suite 2320
       New York, NY 10170
       (212) 661-6800

Dated: Lake Success, New York
     January 4, 2026          **SAGE LEGAL LLC**

By:   /s/ Emanuel Kataev, Esq.
       Attorneys for Superb Plaintiffs
       18211 Jamaica Avenue
       Jamaica, NY 11423-2327
       (718) 412-2421