# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

<u>**VIA ECF**</u>                                                                                    January 7, 2026
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

>    *Re:*    **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
>              <u>**Case No.: 2:23-cv-6188 (JMW)**</u>

Dear Judge Wicks:

      This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.  The Plaintiffs write jointly[1] in accordance with this Court's December 31, 2025 Order to submit the instant opposition to Harry R. Thomasson, Esq.'s ("Thomasson") letter motion to quash the subpoena seeking Thomasson's IOLA account records for the limited time period of October 2022 through January 2023. For the reasons set forth below, Thomasson's motion should be denied.

<u>**Legal Standard**</u>

      Parties seeking cover from discovery may avail themselves of a motion for a protective order which, in effect, is the flip side of a motion to compel.  <u>Multi-State Partn. for Prevention, LLC v. Kennedy</u>, 2024 WL 5146067, at *2 (E.D.N.Y. Dec. 17, 2024).

      Rule 26 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") affords protection for abusive or embarrassing discovery, providing that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." <u>Id.</u> (<u>citing</u> Fed. R. Civ. P. 26(c)(1); <u>Gordon v. Target Corp.</u>, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("[T]he touchstone for determining whether to issue a protective order under Rule 26(c) lies, in the first instance, on a party's ability to establish good cause").  "Ordinarily, good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" <u>In re Terrorist Attacks on Sept. 11, 2001</u>, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (<u>quoting</u> <u>Shingara v. Skiles</u>, 420 F.3d 301, 306 (3d Cir. 2005)). "To establish 'good cause' under Rule 26(c), courts require a *particular* and *specific* demonstration of fact, as distinguished from *stereotyped and conclusory statements*.... Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." <u>Burgess v. Town of Wallingford</u>, 2012 WL 4344194, at *6 (D. Conn. Sep. 21, 2012) (citations and quotation marks omitted) (emphasis added).

---

[1] Thomasson argues in his letter motion that the Superb Plaintiffs seek this discovery.  This is inaccurate; both sets of Plaintiffs jointly seek this discovery.

The burden is on the party seeking issuance of the order to show "good cause" through "particular and specific facts" as opposed to "conclusory assertions." Rofail v. United States, 227 F.R.D. 53, 54–55 (E.D.N.Y. 2005). "If the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." Id. at 55. "Because of the interest in broad discovery, the party opposing the discovery of relevant information, whether through a privilege or protective order, bears the burden of showing that based on the balance of interests the information should not be disclosed." Fowler-Washington v. City of New York, 2020 WL 5893817, at *3 (E.D.N.Y. Oct. 5, 2020) (internal quotation and citation omitted).

A court is given broad discretion regarding whether to issue a protective order under Rule 26(c). Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

### Thomasson's Motion for a Protective Order Fails to Meet the Good Cause Standard

As an initial matter, Thomasson has completely and utterly failed to comply with Local Civil Rules nor Rule 37 in meeting-and-conferring over any such discovery dispute as required prior to filing the instant request by those Rules and ¶ 3(a) of this Court's Individual Practice Rules, requiring parties to make a good faith effort, pursuant to Local Civil Rules 26.4 and 37.3(a), to resolve disputes before making a motion. For that reason alone, his motion must be denied.

Moving to the merits, Thomasson's motion fails to meet the "good cause" standard necessary to secure relief on numerous grounds.

Contrary to Thomasson's argument, Plaintiffs' subpoena does not seek to engage in a fishing expedition. Rather, it seeks to discover relevant information concerning the wire fraud the Deo Defendants engaged in to infiltrate the Superb Plaintiffs' dealership at Superb using the funds stolen from the Island Auto Group Plaintiffs. As extensively detailed in the complaint, Thomasson played a key role in facilitating Deo's widespread schemes to defraud the Plaintiffs. ECF 316 ¶¶ 323-356. However, this case is rife with instances of missing money and vehicles, and Plaintiffs are therefore well within their right to secure evidence concerning both the $735,000.00 that Thomasson facilitated as well as any other transactions Thomasson engaged in with the Deo Defendants. Notably, the subpoena seeks records only from the surrounding months of October 2022 through January 2023 in light of the fact that the transactions pled in the complaint took place in November 2022. The information sought is thus reasonable in temporal scope.

Thomasson's argument that the information sought is confidential fares no better.

The Second Circuit has "consistently held that, absent special circumstances, client identity and fee information are not privileged ...." In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 247–48 (2d Cir.1986) (en banc); Bria v. U.S., 2002 WL 663862, at *5 (D.Conn. Mar. 26, 2002) (same) (collecting cases). Similarly, "the attorney-client privilege does not extend to billing records and expense reports" unless they "reveal the motive of the client seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law[...]"Bria, 2002 WL 663862, *5 (citations and internal quotation marks omitted).

Other courts in this circuit have also found that, "[a]dministrative documents including billing records, expense reports, correspondence, bills, ledgers, statements, time records, diary entries, time sheets, billing reports and telephone logs fall under the attorney-client privilege only if they reveal litigation strategy or other confidential information." In re Kelley, 2003 WL 24144575, at *6 (Bankr. D.Vt. Apr. 24, 2003) (collecting cases).

Here, Plaintiffs seek IOLA records which Thomasson made discoverable by facilitating Deo's fraud. Those financial records are "administrative documents" which are afforded no privilege that Thomasson incorrectly argues is applicable here.

In any event, the parties long ago entered into a confidentiality stipulation & Order. ECF 197. There, the parties agreed – and this Court Ordered – inter alia: (i) the parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation; and (ii) the inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality. Id. The confidentiality stipulation & Order sufficiently protects against Thomasson's concerns. Accordingly, this argument does not serve as a basis to grant relief.

As for Thomasson's offer to produce the documents himself, this cannot be seriously considered, either. As an initial matter, Thomasson is untrustworthy[2] and frequently makes misrepresentations to further his interests. For example, despite the fact he operates his law practice from a post office box at the UPS Store, which is evident from his reference to "Box 112"in his letterhead, he frequently replaces "Box" with "Suite" when he wishes to impress the addressee of his correspondence. Urrutia v. Deo, Index No.: 618608/2023, NYSCEF 147. This speaks volumes of Thomasson's lack of candor.

Critically, parties are free to seek discovery from whatever procedural devices are available. U.S. v. New York City Transit Auth., 2006 WL 8435476, at *3 (E.D.N.Y. Apr. 19, 2006) ("The Federal Rules do not limit litigants in their choice of discovery devices"). Indeed, Rule 45 permits a party to obtain documents from a non-party that is in its "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). "The discovery parameters set forth in Rule 26 also apply to subpoenas served upon non-parties." Citizens Union of City of New York v. Attorney Gen. of New York, 269 F. Supp. 3d 124, 138–39 (S.D.N.Y. 2017); In re Refco Sec. Litig., 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011).

Further, Plaintiffs are entitled to obtain documentation which may be authenticated by the bank itself, free from any manipulation or alteration.

Accordingly, Thomasson's motion must be denied. Plaintiffs thank this Court for its time and attention to this case.

---

[2] Most recently, Thomasson represented to all counsel during a virtual meet-and-confer concerning depositions that he would submit a joint letter. At the last minute, he unilaterally reneged and filed his own submission in violation of this Court's Order requiring a joint letter. This is not the first time he has engaged in this conduct.

Dated: Jamaica, New York
          January 7, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

Dated: New York, New York
          January 7, 2026

**CYRULI SHANKS & ZIZMOR LLP**
  */s/ Jeffrey C. Ruderman, Esq.*
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

**VIA ECF**
All counsel of record

## WORD COUNT CERTIFICATION

I, Emanuel Kataev, Esq., hereby certify – under penalty of perjury – that the foregoing letter response in opposition to Defendants Harry R. Thomasson, Esq.'s ("Thomasson") emergency letter motion for a protective Order, which was prepared using the Times New Roman 12-point typeface, complies with ¶ IV(A) of this Court's Individual Practice Rules in that it contains 1,500 words, excluding the parts of the document that are exempted by such rules. In preparing this certification, I have relied on the word count of the word processing system (i.e., Microsoft Word) used to prepare this certification.

Dated:  Jamaica, New York
January 7, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

Dated:  New York, New York
January 7, 2026

**CYRULI SHANKS & ZIZMOR LLP**
*/s/ Jeffrey C. Ruderman, Esq.*
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*

5

*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

**VIA ECF**
All counsel of record