UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

SUPERB MOTORS INC. *et al.*,

                    *Plaintiffs*,

      -against-

ANTHONY DEO *et al.*,

                    *Defendants*.
----------------------------------------------------------------X

FILED
CLERK
1/8/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
23-CV-6188 (JMW)

**A P P E A R A N C E S:**

    **Harry R. Thomasson**
    3280 Sunrise Highway, Ste Box 112
    Wantagh, NY 11793
    *Defendant Appearing Pro Se*

    Emanuel Kataev
    **Sage Legal LLC**
    18211 Jamaica Avenue
    Jamaica, NY 11423
    *Attorneys for Plaintiffs Superb Motors Inc.,*
    *Team Auto Sales LLC and Robert Anthony Urrutia*

    *No appearances by other Parties*

**WICKS**, Magistrate Judge:

    The parties are in the midst of completing all discovery (fact and expert), set to be closed by January 31, 2026. (*See* Electronic Order dated 12/11/2025.) Deadlines in this action have been extended far too many times and the Court made clear that the current dates are final. Given the upcoming deadline, the parties seem to be racing to the finish line to complete all the necessary discovery. Now before the Court is an application from Defendant Harry Thomasson ("Thomasson"), proceeding pro se, for a protective order shielding him from the documents to be collected in connection with a subpoena served by Plaintiffs Superb Motors Inc., Team Auto

1

Sales LLC and Robert Anthony Urrutia (the "Superb Plaintiffs") on Bank of America. (*See* ECF Nos. 374, 374-1.) Superb Plaintiffs oppose arguing no good cause is established to grant this request. [1] (ECF No. 382.) The subpoena seeks "[a]ll statements, documents, transactions, communications, and electronically stored information related to the attorney IOLA account(s) of Harry Thomasson for the months of October 2022 and January 2023." (ECF No. 374-1 at 5.) Notably, Thomasson's motion lacks any authority or support for the relief sought rather there is a blanket statement that this sensitive information would cause "undue annoyance, expense, or embarrassment, etc." (ECF No. 374 at 1.) For the reasons that follow, the Motion for a Protective Order (ECF No. 374) is **DENIED**.

## **LEGAL FRAMEWORK**

"Parties seeking cover from discovery may avail themselves of a motion for a protective order which, in effect, is the flip side of a motion to compel." *C.K. through P.K. v. McDonald*, 345 F.R.D. 262, 268 (E.D.N.Y. 2023). Rule 26(c) affords protection for abusive or embarrassing discovery, providing that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ... The court may, for good cause, issue

---

[1] It is apparent from the instant application and the opposition that the parties again did not have a meaningful meet and confer prior to raising this issue. Nor is there an indication that any meet and confer was conducted. On that ground alone the Court is well within its discretion to deny the application. *See Baez Duran v. E L G Parking Inc.*, No. 18-CV-6685 (GBD)(SLC), 2021 WL 1338982, at *2 (S.D.N.Y. Apr. 9, 2021) (denying motion for protective order) ("The Court denies the Motion because Moving Defendants failed to make any attempt to meet and confer in the first instance with Plaintiffs or to comply with the Federal Rules, the Local Rules, or the Court's Individual Practices in filing the Motion."); *Mentus v. Gallina Dev. Corp.*, No. 25-CV-06122 (EAW)(CDH), 2025 WL 3088926, at *7 (W.D.N.Y. Nov. 5, 2025) ("the meet and confer requirement is not merely a box to be checked"); *Williams v. City of Rochester*, No. 13-CV-6152W (MWP), 2018 WL 739097, at *1 (W.D.N.Y. Feb. 7, 2018) ("The failure to meet and confer is unacceptable, contravenes the parties' obligations under the Federal Rules of Civil Procedure, and justifies the denial of Williams's motion"); *Excess Ins. Co. v. Rochdale Ins. Co.*, No. 05-CV-10174, 2007 WL 2900217, at *1 (S.D.N.Y. Oct. 4, 2007) ("The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible. Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a [discovery motion]."). However, due to the upcoming deadlines that as previously stated will not be extended absent extraordinary circumstances, the Court reviews the instant application.

an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1); *see Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("[T]he touchstone for determining whether to issue a protective order under Rule 26(c) lies, in the first instance, on a party's ability to establish good cause.").

The burden is on the party seeking issuance of the order to show "good cause" through "particular and specific facts" as opposed to "conclusory assertions." *Rofail v. United States*, 227 F.R.D. 53, 54–55 (E.D.N.Y. 2005). "If the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Id.* at 55. "Because of the interest in broad discovery, the party opposing the discovery of relevant information, whether through a privilege or protective order, bears the burden of showing that based on the balance of interests the information should not be disclosed." *Fowler-Washington v. City of New York*, No. 19-CV-6590 (KAM) (JO), 2020 WL 5893817, at *3 (E.D.N.Y. Oct. 5, 2020) (internal quotation and citation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle." *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010) (quoting *Schiller v. City of New York,* 04 Civ. 7922(KMK)(JCF), 04 Civ. 7921(KMK)(JCF), 2007 WL 136149 at *5 (S.D.N.Y. Jan. 17, 2007)).

It is within this framework that the Court considers the instant motion.

## **DISCUSSION**

Thomasson begins his motion arguing that "it is no coincidence that [Superb Plaintiffs] emailed this subpoena in the dead of night on the business day immediately preceding service of the attached subpoena and immediately after Christmas day." (ECF No. 374 at 1.) A fact that is

3

of no relevance to this Court when determining such an application. It is the parties own doing that the clock is ticking fast, and deadlines are approaching. Next, Thomasson argues that the subpoena is a fishing expedition intended to harass him and obtain unrelated business records, (*Id.* at 2.) Superb Plaintiffs in contrast argue that the subpoena seeks relevant information connected to the fraudulent allegations in the complaint and the timeframe is limited to the transactions pled in the complaint. (ECF No. 382 at 2; *see also* ECF No. 316 at ¶¶ 352, 383-84.) The remaining allegations set forth in the instant motion are to be dealt with during the next stage of this matter – summary judgment or trial – not in connection with a proposed protective order. (*See* ECF No. 374 at 2-3.)

"Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *Cerco Bridge Loans 6 LLC v. Schenker*, No. 23-CV-11093 (DEH), 2024 WL 3319509, at *1 (S.D.N.Y. June 13, 2024) (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)). That is absent here. The only argument that could be construed as an injury is that the information sought contains privileged information between Thomasson and his clients. However, that argument fails.

> "As a general rule, a client's identity and fee information are not privileged." *Lefcourt v. U.S.*, 125 F.3d 79, 86 (2d Cir. 1997); *see also In re Grand Jury Subpoena Served upon Doe*, 781 F.2d 238, 247–48 (2d Cir. 1986) ("While consultation with an attorney, and payment of a fee, may be necessary to obtain legal advice, their disclosure does not inhibit the ordinary communication necessary for an attorney to act effectively, justly, and expeditiously. For this reason ... disclosure of fee information and client identity is not privileged even though it might incriminate the client."); *see also, e.g., Avalon Holdings Corp.*, 350 F.R.D. at 9, 14 (denying a law firm's motion for a protective order over a subpoena issued as to information such as "payment of attorney's fees, including the means and sources of payment" from a former client and judgment debtor).

*In re Eletson Holdings Inc.*, No. 23-10322(JPM), 2025 WL 3766148, at *6 (Bankr. S.D.N.Y. Dec. 30, 2025); *see also Baker v. Dorfman*, No. 99-CV-9385 (DLC), 2001 WL 55437, at *2 (S.D.N.Y. Jan. 23, 2001) ("The attorney-client privilege protects confidential client information

that is contained in legal bills, but fee statements that do not contain 'detailed accounts of the legal services rendered' are not protected from disclosure.").

Thomasson does not illustrate how privileged or protected information would be disclosed in bank records that may be sent from Bank of America. *See Benthos Master Fund, Ltd. v. Etra*, No. 20-CV-3384 (VEC), 2022 WL 4467249, at *6 (S.D.N.Y. Sept. 26, 2022) (quoting *In re Grand Jury Subpoena Served upon Doe*, 781 F.2d 238, 247 (2d Cir. 1986) ("The Second Circuit has 'consistently held that, absent special circumstances, client identity and fee information are not privileged.'")). Moreover, Thomasson likely "lacks standing to challenge the subpoena because the records sought do not belong to it." *Medequa LLC v. O'Neill & Partners LLC*, No. 21-CV-6135 (AKH), 2022 WL 16852214, at *1 (S.D.N.Y. Oct. 12, 2022) (discussing that the bank, not the movant has the right to contest the records sought).[2] Lastly, pursuant to the parties' so-ordered confidentiality stipulation, the parties may designate the produced documents as confidential if they so wish.[3] (*See* ECF No. 197.)

Accordingly, Thomasson has not provided the Court with good cause and the application for a protective order is denied.

---

[2] While it is true that the non-recipient of a subpoena may move for relief of a third-party subpoena, when that objecting party has a personal right, interest or privilege in the documents to be produced, conclusory statements establishing that do not suffice. *See Merida Cap. Partners III LP v. Fernane*, No. 25-CV-01235 (JAV), 2025 WL 1541072, at *5 (S.D.N.Y. May 30, 2025). That is exactly what Thomasson has done here—make conclusions.

[3] As set forth in the confidentiality stipulation, "[t]he following documents and information may be designated as 'confidential,' or 'confidential-attorneys' eyes only' provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it: … Sensitive Commercial Data, such as … commercial or business information … Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records." (ECF No. 197 at 2-3.)

## **CONCLUSION**

For the reasons stated, Thomasson's Motion for a Protective Order (ECF No. 374) is **DENIED**.

Dated: Central Islip, New York
      January 8, 2026

                                      **S O   O R D E R E D:**

                                      /S/ *James M. Wicks*
                                        JAMES M. WICKS
                                 United States Magistrate Judge