**Sage Legal LLC**

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

January 13, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

***Re:*** **Superb Motors Inc., *et al.* v. Deo, *et al.***
**Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case. Together with the Island Auto Group Plaintiffs (being all remaining plaintiffs) (collectively "Plaintiffs"), the Plaintiffs submit this letter motion to compel deposition testimony of Defendant Anthony Deo ("Deo") or any related written communications, pursuant to the Oral and Text Order of this Court, dated January 12, 2026.

This motion seeks to compel Deo to respond to follow-up questions at his deposition yesterday concerning Deo's testimony that he relied upon advice of his criminal attorney, Anthony Colleluori, Esq. ("Colleluori"), when, on his application to the New York State Department of Motor Vehicles ("DMV") for an automobile dealer's license (a "DMV License"), he falsely denied that he had previously been convicted of a felony. (An uncertified copy of the January 12, 2026 transcript of Anthony Deo's deposition testimony is annexed hereto as Exhibit A).

In order to be issued a DMV License the applicant (which must be an individual associated with the dealership), must be of high moral character and must disclose on the application any prior felony convictions.

As this Court is aware, this matter concerns allegations by Plaintiffs that Deo, along with other defendants, through a pattern of racketeering, destroyed the Plaintiffs automobile dealerships by engaging in various schemes to defraud Plaintiffs, their principals, banks, and consumers at large. When Plaintiffs first engaged with Deo, he did not have his own DMV License for any dealership, and although unknown to Plaintiffs at the time, he could not obtain a DMV License due to his prior felony conviction in the Southern District of New York for wire fraud and conspiracy to commit wire fraud arising from a fraudulent mortgage scheme.[1] (See criminal judgment annexed hereto as Exhibit B).

[1] Deo plead guilty and was sentenced to five (5) years' probation, $300,000.00 restitution (which he testified yesterday he has not repaid) and a five (5) year restriction on his obtaining any new credit lines or card charges.

Deo's failure to have, and inability to obtain, a DMV License of his own connects to many of the issues in this matter concerning Deo's involvement with plaintiffs Northshore Motor Leasing LLC ("Northshore"), 189 Sunrise Hwy Auto LLC ("Sunrise") and Superb Motors Inc, as well as Deo's claim of ownership therein. This information is therefore highly relevant to the claims and defenses in this case.

Also integral to the wrongful actions alleged, was Deo's later formation and opening of dealerships held under his own DMV License, applied for in February 2023 and issued to defendants Gold Coast Motors of Sunrise LLC and Gold Coast Motors of Syosset LLC (the "Gold Coast Dealerships). The Gold Coast Dealerships operated at the same locations as Northshore and Sunrise after defendants' actions caused Northshore and Sunrise to close. It is also alleged that Deo relocated virtually all of the Superb vehicle inventory to the Gold Coast Dealerships. The Gold Coast Dealerships were instrumental in carrying out or facilitating many of the wrongful activities alleged, and were the beneficiary businesses operating from Plaintiffs' bilked assets.

A review of Deo's DMV applications for the DMV License for the Gold Coast Dealerships revealed that in Part 3(D) of the application Deo falsely denied that he had been convicted of a felony. (See DMV applications annexed hereto as Exhibit C). At his deposition Deo was asked:

> Q. Did you disclose your felony conviction to the DMV when you applied for and were approved to get a license from the DMV?

Deo responded and himself volunteered:

> A. My attorney at the time said my case was sealed and I never have to check that box.

Deo was then asked:

> Q. Who was that?

Deo pointed to the Criminal Judgment exhibit on the screen, stating:

> A. Yeah. That's his name.

And I noted on the record, Deo pointed to the Colleluori's name. There was no objection by Jeffrey Benjamin, Deo's attorney, nor any effort to retract that testimony following his answer to that question.

I followed up the testimony with following question, to which Mr. Benjamin objected:

> Q. You're telling me that this attorney advised you that you don't have to disclose your conviction --

MR. BENJAMIN: Objection.
Q. -- on any application, correct?

See Exhibit A.

After Benjamin instructed Deo not to answer the question, the parties then conducted a meet and confer on the record, and unable to resolve the matter, reached out to the Court, this motion being filed at the direction of the Order of the Court.

Plaintiffs respectfully request that, under the "subject-matter waiver" rule, Deo be compelled to provide testimony and documentation of all communications with his attorney Colleluori concerning Deo's claim that he did not have to disclose his felony conviction on the DMV application as a result of advice from his attorney.

The "subject-matter waiver" rule provides that "where there is a partial disclosure [of privileged material] in the context the litigation *for the benefit of the privilege holder*, there may be a complete subject matter waiver as to all communications on the same subject." See Brewer v. Hall, No. 00-Civ.-6072 (ADS) (ARL), 2005 U.S. Dist. LEXIS 44908 *6 (EDNY 2005) (emphasis added) (quoting Tribune Co. v. Purcigliotti, No. 93 Civ. 7222 (LAP), 1997 U.S. Dist. LEXIS 228 (SDNY Jan. 10, 1997)**.** (holding that testimony indicating that the bank made its decisions to terminate based, at least in part, on the legal advice provided by the attorney, the factual truth of the bank's defense "can only be assessed by examination of a privileged communication").

For purposes of this motion, Plaintiffs will presume, without conceding, that Deo's communications with Colleluori concerning his advice to Deo that allowed Deo to falsely state on the DMV application that he was never convicted of a felony, was a privileged communication. But, '[t]he attorney-client privilege, however, is not absolute." See Speedfit LLC v Woodway USA Inc., No. 17-CIV.-768, 2019 US Dist. LEXIS 56559, *12 (EDNY Mar. 28, 2019) (citing Neogenix Oncology, Inc. v. Gordon, No. 14-cv-4427, 2015 WL 13735953, *6 (EDNY July 31, 2015)). "In limited circumstances, it can be waived." Id. at *12 citing Scott v. Chipotle Mexican Grill, Inc., 94 F.Supp.3d 585, 598 (SDNY 2015) ("With some exceptions, the attorney-client privilege is automatically waived when a privileged communication is disclosed to a third party or litigation adversary"). "[B]ecause the waiver question involves an allegation of disclosure of privileged material, its resolution is governed by Rule 502 of the Federal Rules of Evidence ("FRE"), notwithstanding the fact that the substantive privilege is governed by state law." See Parneros v Barnes & Noble, Inc., 332 FRD 482, 504 (SDNY 2019) (citing Seyler v. T-Sys. N.A., Inc., 771 F. Supp. 2d 284, 287-88 (SDNY 2011) ("Unlike the scope of the privilege, the waiver question is governed by [FRE] 502(a), which applies when a "disclosure is made in a Federal proceeding")). "Generally, '[c]ourts have found waiver by implication when a client testifies concerning portions of the attorney-client communication, . . . when a client places the attorney-client relationship directly at issue, . . . *and when a client asserts reliance on an attorney's advice as an element of a claim or defense*. . . .'" See Pritchard v County of Erie (In re County of Erie, 546 F3d 222, 228 (2d Cir 2008) (emphasis added) (quoting Sedco Int'l S.A. v. Cory, 683 F.2d 1201, 1206 (8th Cir. 1982)).

"The key to a finding of implied waiver in the third instance is some showing by the party arguing for a waiver that the opposing party relies on the privileged communication as a claim or defense or as an element of a claim or defense. The assertion of an 'advice-of-counsel' defense has been properly described as a 'quintessential example' of an implied waiver of the privilege." Id. at 228 (citing In re Kidder Peabody Sec. Litig., 168 F.R.D. 459, 470 (SDNY 1996); United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991) ("the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications"). "By asserting the defense, 'that advice becomes a factual issue,' and 'factual issues must be produced on request.'" See Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 96-Civ.-7874 (RWS), 2002 U.S. Dist. LEXIS 7290 *5 (SDNY 2002) (quoting Vicinanzo v. Brunschwig & Fils, 739 F. Supp. 891, 894 (SDNY 1990) (citing Hickman v. Taylor, 495 U.S. 507 (1947) for the latter proposition))).

In response to, and defense of, the claim that Deo submitted a false DMV application, defrauding the DMV and wrongfully obtaining a DMV License to open and operate the Gold Coast Dealerships, Deo claims to have relied upon the advice of his attorney. Yet, when Plaintiffs followed up to inquire further on this specific topic, Deo's attorney objected and directed Deo not to answer the question or discuss the attorney communication notwithstanding the fact he voluntarily waived privilege by disclosing his attorney-client communication. See Exhibit A ("My attorney at the time said my case was sealed and I never have to check that box").

"It has long been settled in this Circuit that 'the attorney-client privilege cannot at once be used as a shield and a sword.'" See In re Residential Capital, LLC, Chapter 11, Case No. 12-12020 (MG), 491 B.R. 63, 68 (US Bank. Ct, SDNY 2013) (citing Bilzerian, 926 F.2d at 1292; see also In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000). "The rationale for this rule is simple: 'A [party] may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.'" Id at 68 (quotation omitted). "'[A] party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party.'" See Barbini v. First Niagara Bank, N.A., 16 Civ. 7887 (NSR) (JCM), 2018 U.S. Dist. LEXIS 247225 *8 (SDNY 2018) (quoting In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000) ("Whether fairness requires disclosure has been decided by the courts on a case-by case basis, and depends primarily on the specific context in which the privilege is asserted")).

Deo's testimony of his reliance on the advice of his attorney in his false DMV application filing therefore requires that he be compelled to fully testify about any such communications. See Ingenito v. Riri USA, Inc., 11-CV-2569 (MKB) (RLM), 2015 U.S. Dist. LEXIS 171728 * (EDNY 2015) (permitting testimony of the attorney upon whose advice the party claimed to have relied); see also Brewer v. Hall, *supra* (finding defendants waived the attorney-client privilege when they disclosed the opinion of the Village Attorney); In re Residential Capital, LLC, *supra* ("failing to make full disclosure of the advice that was given is that the Debtors are now precluded from offering any evidence of the legal advice provided to the Debtors' officers and directors that was considered in connection with the decision to enter into the RMBS Trust Settlement") (emphasis original).

Based on the foregoing, Deo should be compelled to testify about his communications with Colleluori at his continued deposition.[2] Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
January 13, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
By: *<u>/s/ Emanuel Kataev, Esq.</u>*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Superb Motors Inc.*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

**CYRULI SHANKS & ZIZMOR LLP**

/s
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Remaining Plaintiffs*

**<u>VIA ECF</u>**
All counsel of record

[2] Notably, at Deo's deposition, the parties agreed on the record following an in-person meet-and-confer that Deo would be produced for a second day of deposition for the Superb Plaintiffs to complete fifty-seven (57) minutes of remaining testimonial time, and for Deo to be deposed by the Island Auto Group Plaintiffs as well as Defendants Flushing Bank and Libertas Funding LLC. Deo can therefore claim no prejudice for being required to return for a second day of depositions.