# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112     Admitted:
Wantagh, New York  11793     Massachusetts
Tel. 516-557-5459     New York
hrtatty@verizon.net

January 14, 2026

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
              Case No. 2:23-cv-6188 (JW)

Your Honor:

    Please be reminded that I am *pro se* in the above referenced action.  I am writing in Opposition to the Superb Plaintiff's pending application to compel deposition testimony of Anthony Deo regarding an issue outlined at docket number 385 regarding privilege with a former attorney of Anthony Deo's, Anthony Colleluori.  Please be advised, as follows:

1. It is my position that the application is premature.  There was a single exchange between Mr. Kataev and Mr. Deo in which Anthony Deo said his attorney told Deo that he didn't need to admit to a conviction.  When Mr. Kataev asked about the conversation between Deo and his attorney with specificity, Mr. Benjamin objected on the grounds of privilege, *and there were no further questions about the circumstances involving the disclosure of the conversation* between Anthony Deo and his former attorney.  It seems to me to be incumbent upon Mr. Kataev to establish that it was, in fact, a privileged conversation (e.g., "who was present for the conversation?" was not asked), as opposed to a conversation in open Court, which would obviate the necessity of any ruling by this Court.  Mr. Benjamin has no first hand knowledge of the conversation between Deo and his former attorney, as I know Mr. Benjamin just met Mr. Deo within the last year, and could not have been present at the time of the conversation between Deo and his former attorney.

2. Please be advised that the date of the conviction at issue, January 16, 2016, is imminently more than ten (10) years old.  Under Federal Rule of Evidence 609(b), this issue may be precluded from evidence in the future, given that in the depositions of Asad Kahn, Iris Baron, Joshua Aaronson, and Brian Chabrier already taken to date, they each admitted that 1) Joshua Aaronson was fully authorized to have the IAG accountants, Citrin Cooperman, prepare the tax returns indicating that Anthony Deo

1

(99%) and Sara Deo (1% for accounting purposes) were the owners of NorthShore and 189 Sunrise/Auto Outlet; 2) Aaronson did, in fact, authorize Citrin Cooperman to prepare tax returns (submitted repeatedly to this Court in the instant action and the action filed by the Deos formerly before Judge Choudhury and known as *Deo, et al. v. Baron, et al.,* EDNY index number 24-cv-06903, in the Amended Complaint *at* Exhibits G and H) indicating the Deos are the combined 100% owners of NorthShore and 189 Sunrise; 3) Citrin Cooperman did, in fact, produce such tax returns as repeatedly submitted to this Court as Exhibits G (the Joshua Aaronson email authorization) and H (the tax returns for NorthShore and 189 Sunrise/Auto Outlet indicating the Deos as 100% owners of those two corporations) after being directed by Joshua Aaronson to do so; 4) Joshua Aaronson was fully authorized to have the IAG accountants, Citrin Cooperman, produce K-1 tax forms indicating that the Deos were the owners of NorthShore and 189 Sunrise; 5) Joshua Aaronson did authorize the IAG accountants, Citrin Cooperman, to produce K-1 tax forms indicating that the Deos were the owners of NorthShore and 189 Sunrise; 6) the IAG accountants, Citrin Cooperman, did, in fact, produce K-1 tax forms as attached and presented to this Court repeatedly as Exhibit H that indicate the Deos are the owners of 189 Sunrise and NorthShore since at least 2021; 7) the tax returns and K-1 documents were produced with the knowledge and expectation that the they would be filed; 8) the IAG deponents indicate no knowledge of any incorrect information provided in the tax documents presented repeatedly to this Court as Exhibit H; and importantly, 9) the IAG deponents did not receive K-1 tax documents and have presented no tax documents indicating that they ever claimed ownership in their own tax documents nor have any present knowledge of filing any tax documents indicating their own ownership of 189 Sunrise and NorthShore on and after the dates of ownership by the Deos indicated in the (filed) tax documents repeatedly given to this Court as Exhibit H.

3. In Mr. Urrutia's deposition, he admits to reading the Complaint filed in the former Judge Choudhury case "cover to cover" the same month it was filed in Court (September, 2024), which of course, contains Exhibits G and H, he knew of the "differences" between Anthony Deo and Joshua Aaronson while dealing with Deo over Superb, and completely failed to indicate any crime with any specificity supposedly committed by the Deo Defendants beyond claiming that 1) each of the Deo Defendants "played their role" as part of a "gang" (not a cause of action); 2) the original allegation made to law enforcement that the Deo Defendants "stole" 102 cars is incorrect; 3) the actual number of "stolen" cars is 43, less than half of what was incorrectly reported to law enforcement by Urrutia and his CFO, Bruce Novicky; 4) he does not possess proof that the 43 cars were stolen and he doesn't know where they are today; and 5) he had no allegations of wrongdoing with specificity purportedly committed by me.

4. I point out the testimony provided in points 1-9 in paragraphs 2 and 3, *supra,* because the "criminal" allegations in this case against me and my Deo co-Defendants are necessarily dependent upon 1) the Deos *not* being the owners of 189 Sunrise and NorthShore on and after February 2021 (but that the admissions over Exhibits G and

2

    H prove that the Deos were the owners for all purposes); and 2) the RICO allegations that invoke fraud and honesty/dishonesty for the purposes of the instant Motion are likely to be defeated during Motion practice commencing next month, after the receipt of transcripts that can be relied upon by the parties and this Court (the drafts relied upon by Mr. Kataev for the purposes of this Motion cannot be relied upon).

 Thus, I ask that this Court wait until the deposition of Anthony Deo is finished and eagerly anticipated Motion practice based upon official deposition transcripts is presented to this Court before making any orders relevant to waiving attorney-client privilege as applied for by Mr. Kataev.  For the record, not that Mr. Kataev has attempted the following (yet), I also object to the within application as a precursor for any attempt to waive attorney-client privilege as between me and any of the Deo co-Defendants.

 Awaiting the Court's decision, I remain,

        Very truly yours,

        *Harry R. Thomasson*

        Harry R. Thomasson, Esq.