# THE LINDEN LAW GROUP, P.C.

**250 Park Avenue, 7th Floor**
**New York, New York 10177**
**(212) 655-9536**

January 14, 2026

<u>**Via ECF**</u>

Honorable James M. Wicks
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
             Case No. 2:23-cv-6188 (JW)

Dear Judge Wicks:

On behalf of the Deo Defendants, I herein respond to Plaintiffs' Motion at ECF Doc. #385. This letter is respectfully submitted in opposition to the Plaintiffs' letter motion seeking to compel Anthony Deo to respond to follow up deposition questions, and to produce attorney client privileged documents, purportedly concerning the reasons he did not disclose a prior conviction in his application for a DMV license. Of course, this line of questioning was utterly irrelevant on any issue of Defendant's alleged liability or damages, and not proportional to the needs of the case. The subject of the motion is Plaintiffs' counsel's allegation that Deo's testimony constituted a blanket waiver of the attorney client privilege related to the filling out of DMV form, but this allegation is incorrect.

The testimony at issue was as follows:

Q. Did you disclose your felony conviction to the DMV when you
applied for and were approved to get a license from the DMV?
A. My attorney at the time said my case was sealed and I never
have to check that box.
Q. Who was that?
Deo pointed to the Criminal Judgment exhibit on the screen, stating:
A. Yeah. That's his name.

With the above question asked and candidly answered by Deo, Plaintiffs' attorney continued with:

"<u>**You're telling me that this attorney advised you that you don't have to disclose your conviction.**</u>" Emphasis Added.

At that point, I immediately objected to further questioning about communications between Deo and his former counsel and advised him not to answer such questions.

Plaintiffs now argue that the "subject-matter waiver" rule supports compelling Deo to provide testimony and documentation of all communications with his former (criminal defense) attorney concerning Deo's claim that he did not have to disclose his felony conviction on the DMV application as a result of advice from his attorney. This argument should be rejected. Plaintiffs' counsel's initial question to Deo did not relate to Deo's communications with his attorney; the question was a simple inquiry requiring a yes or no answer as to whether Deo had disclosed his felony conviction. His brief, and candid response, which provided an explanation for Deo's not having made the disclosure should not subject Deo to broad and potentially limitless questions concerning his communications with his attorney, nor should it force disclosure of attorney client privileged documents which were not even the subject of Deo's testimony. Plaintiffs' counsel asked whether the conviction disclosure had been made, and received an answer. It strains credulity to think that additional questioning on this narrow issue is necessary or warranted. It appears that Plaintiffs' counsel's true purpose in seeking to compel this testimony (and document production) is an attempt to obtain additional inadvertent privileged disclosures from Deo and to conduct an impermissible fishing expedition.

Plaintiffs' counsel would have the Court rule that the Attorney-Client privilege means nothing at all and is not truly a privilege. It is not unreasonable, "opening the door", nor a blanket waiver for a witness to say that he did something "on advice of his counsel." Nor is it for a non-lawyer witness to come to the legal conclusion to assert the privilege when faced with an innocuous question as to filling out a form. It is for his lawyer defending him to do so, and I immediately did just that, when counsel's follow-up was "what did your lawyer advise you."

It is beyond question that the attorney client privilege seeks to encourage full and frank communication between attorneys and their clients and promote broader public interests in the observance of law and administration of justice, and that the privilege encourages clients to make full disclosure to their attorneys. *United States Securities and Exchange Commission v. Collector's Coffee, Inc.*, 19 CV 4355 (SDNY April 16, 2021).

FRE Rule 502(a) extends a waiver of attorney client privilege to undisclosed communications or information only when (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together. The Advisory Committee notes to Rule 502(a) indicate that waiver is not nearly as far reaching as Plaintiffs' counsel argues it is. Rather, it is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary. *Collector's Coffee, Id.* Here, Deo was not seeking any such tactical advantage. As noted in *United States v. Anthem, Inc.*, 20 CV 2593 (SDNY Aug. 22, 2025), the scope of a waiver of attorney client privilege is determined based upon the "fairness doctrine" as set forth in *In re Von Bulow*, 828 F2d 94 (2d Cir. 1987). In *Von Bulow*, the court considered it unfair for a party to make use of privileged information as a sword, and also as a shield in the courtroom. But this situation does not implicate this fairness doctrine. The facts relating to disclosures made on Deo's DMV application are essentially undisputed. He submitted an application that speaks for itself, and has explained why a disclosure was not made. FRCP Rule 26(b)(1) requires the Court to consider whether discovery sought is proportional to the needs of the case, the importance of issues at stake in the action, the importance of the discovery

in resolving the issues and whether the burden of the proposed discovery outweighs its benefit. *Collector's Coffee, Id.* Permissible discovery is defined to consist of discovery that, in addition to being relevant to claims and defenses, is proportional to the needs of the case. *In re Symbol Technologies, Inc. Securities Litigation*, 05 CV 3923 (EDNY March 31, 2017).

Plaintiffs' counsel's motion indicates that the issues in this case revolve around Plaintiffs' allegations that Defendants engaged in a pattern of racketeering that injured Plaintiffs' businesses, and concern Deo's involvement with Plaintiffs' dealerships, and his alleged operation of Gold Coast dealerships to the detriment of Plaintiffs' dealerships. The Court should reject any argument that the specific discovery Plaintiffs are seeking in their motion concern the same subject matter as these broader issues that remain to be resolved, which they do not.

It is apparent from Plaintiffs' motion that the real reason they are seeking this discovery (besides the earlier mentioned fishing expedition) is to impeach Deo's credibility. While impeachment discovery may be relevant, the Courts have recognized that there must be limits to same, since a party's effort to seek impeachment material would justify unlimited discovery thereby vitiating the proportionality requirement. *Collective Coffee, Id.*

Based on the foregoing, the Court should deny Plaintiffs' motion to compel Deo to testify and produce documents in its entirety and with prejudice.

Thanking the Court for its consideration of this matter.

Very truly yours,

*Jeffrey Benjamin*

Jeffrey Benjamin, Esq.
Attorneys for the Deo Defendants