UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

SUPERB MOTORS INC. *et al.*,

                       *Plaintiffs*,

         -against-

ANTHONY DEO *et al.*,

                     *Defendants*.

----------------------------------------------------------X

**FILED**
**CLERK**

**1/16/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM**
**AND ORDER**

23-CV-6188 (JMW)

**A P P E A R A N C E S:**

Emanuel Kataev
**Sage Legal LLC**
18211 Jamaica Avenue
Jamaica, NY 11423
*Attorneys for Plaintiffs Superb Motors Inc., Team Auto Sales LLC and Robert A. Urrutia*

Jeffrey Ruderman
**Cyruli Shanks & Zizmor LLP**
420 Lexington Avenue, Suite 2320
New York, NY 10170
*Attorneys for Plaintiffs 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC, Island Auto Management, LLC, Brian Chabrier, Joshua Aaronson, and Jory Baron*

Jeffrey Benjamin
**The Linden Law Group, PC**
250 Park Avenue, Ste 7th Floor
New York, NY 10177
*Attorneys for Defendants Anthony and Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC, Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp.*

**Harry R. Thomasson**
3280 Sunrise Highway, Ste Box 112
Wantagh, NY 11793
*Defendant Appearing Pro Se*

**WICKS**, Magistrate Judge:

On January 12, 2026, the deposition of Defendant Anthony Deo ("Mr. Deo") began. A dispute arose during the deposition and the parties contacted the Court. Present on the call were Emanuel Kataev for Plaintiffs and Jeffrey Benjamin for the Deo Defendants.[1] The dispute arose in connection with an assertion of attorney client privilege as raised by Mr. Deo's counsel in response to questions posed inquiring into conversations Deo had with his former counsel. The Court reserved a ruling on this issue allowing the parties to brief the issue. (*See* Electronic Order dated 1/12/2026.) Now before the Court is Plaintiffs' Motion to Compel Mr. Deo's testimony regarding his communications with his prior counsel, Anthony Colleluori ("Mr. Colleluori"), who allegedly informed him not to disclose a prior felony conviction on a Department of Motor Vehicles ("DMV") application. (ECF No. 385.) Defendant Harry Thomasson, proceeding pro se, and Deo Defendants oppose this motion.[2] (ECF Nos. 386-87.) For the reasons that follow, Plaintiffs' Motion to Compel (ECF No. 385) is **GRANTED** in part.

---

[1] The "Deo Defendants" are Anthony Deo, Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

[2] Mr. Thomasson's opposition (ECF No. 386) will not be considered by the Court. Mr. Thomasson makes arguments purportedly on behalf of the Deo Defendants—something he is prohibited from doing in light of his disqualification. (*See* ECF No. 117.) The Court has informed the parties that as a pro se litigant, Mr. Thomasson has the ability to represent himself and participate in depositions as any other represented party. (*See* Electronic Orders dated 1/5/2026 and 1/12/2026.) That right, however, is not unbridled. He cannot make arguments on behalf of others. *See In re Texaco Inc. S'holder Derivative Litig.*, 123 F. Supp. 2d 169, 172 (S.D.N.Y. 2000), *aff'd*, 28 F. App'x 83 (2d Cir. 2002) ("The right to proceed *pro se* in civil actions is guaranteed by 28 U.S.C. § 1654. It is well-established, however, that this right to proceed *pro se* does not encompass the right to proceed *pro se* on behalf of the interests of another.") Mr. Thomasson was cautioned by the Court on May 9, 2025, at an unrelated hearing, that he may not represent Deo Defendants and is forewarned again not to advance arguments on behalf of others.

## THE LEGAL FRAMEWORK AND DISCUSSION

The attorney-client privilege is an important and well-recognized privilege meant to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) (quoting *Swidler & Berlin v. United States,* 524 U.S. 399, 403 (1998)). It therefore follows, that when addressing issues of privileged matters, Courts should tread with caution. Here, Plaintiffs aver that Mr. Deo voluntarily waived the attorney-client privilege with his prior attorney, Mr. Colleluori, at the January 12th deposition when he disclosed prior communications. (ECF No. 385 at 4.)  The relevant portion of the deposition is below.

```
 5        Q.  Did you disclose your felony
 6   conviction to the DMV when you applied
 7   for and were approved to get a license
 8   from the DMV?
 9        A.  My attorney at the time said my
10   case was sealed and I never have to
11   check that box.
12        Q.  Who was that?
13           MR. RUDERMAN:  You're
14        pointing to the screen.
15        A.  Yeah.  That's his name.
16           MR. KATAEV:  Let the record
17        reflect that the witness pointed
18        to the name Anthony Colleluori,
19        C-O-L-L-E-L-U-O-R-I.
20        Q.  You're telling me that this
21   attorney advised you that you don't
22   have to disclose your conviction --
23           MR. BENJAMIN:  Objection.
```

3

(ECF No. 385-1 at 10.)

The party invoking the privilege also has the burden to show that the privilege has not been waived. *Universal Standard Inc. v. Target Corp.*, 331 F.R.D. 80, 86 (S.D.N.Y. 2019) (citing *Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 391 (S.D.N.Y. 2015)); *In re Actos Antitrust Litig.*, 703 F. Supp. 3d 468, 471 (S.D.N.Y. 2023) (same).  Here, the Deo Defendants have not met that burden.

The Second Circuit informs us that,

> courts have found waiver by implication when a client testifies concerning portions of the attorney-client communication, when a client places the attorney-client relationship directly at issue, and when a client asserts reliance on an attorney's advice as an element of a claim or defense. The key to a finding of implied waiver in the third instance is some showing by the party arguing for a waiver that the opposing party *relies* on the privileged communication as a claim or defense or as an element of a claim or defense. The assertion of an advice-of-counsel defense has been properly described as a quintessential example of an implied waiver of the privilege.

*In re Cnty. of Erie*, 546 F.3d at 228 (internal citations and quotations omitted) (cleaned up).

To summarize, Mr. Deo was asked a question on whether he disclosed his prior conviction on his DMV application.  He answered he did not, but on the advice of counsel. "[B]y mounting an advice of counsel defense, a party impliedly waives the attorney-client privilege that ordinarily protects from disclosure the party's communications with counsel." *Oklahoma Firefighters Pension & Ret. Sys. v. Musk*, No. 22-CV-3026 (ALC) (GWG), 2025 WL 2982003, at *2 (S.D.N.Y. Oct. 23, 2025) (stating that "the Second Circuit made clear in *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991), an implied waiver of privileged communications — sometimes called 'at issue' waiver — arises not merely when a party intends to rely on advice given by counsel in aid of its defense [but also] arises … where a party 'asserts a claim that in fairness requires examination of protected communications.' *Id.* at 1292.")

4

Indeed, "a party may be deemed to have waived privilege or work product protection by asserting a defense of good faith reliance on counsel. The rule is that a party cannot assert reliance on counsel as a defense or selectively proffer protected information in litigation without waiving privilege." *Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 649 (S.D.N.Y. 2019), *aff'd*, No. 16-CV-07333 (MKV) (KHP), 2020 WL 5037573 (S.D.N.Y. Aug. 26, 2020), and *aff'd*, No. 16-CV-07333 (MKV) (KHP), 2020 WL 5037573 (S.D.N.Y. Aug. 26, 2020) (internal citations omitted).

A witness cannot claim "reliance on advice of counsel" to explain conduct while at the same time asserting privilege as to that advice given. Put differently, it is "unfair for a party who has asserted facts that place privileged communications at issue to deprive the opposing party of the means to test those factual assertions through discovery of those communications." *Windsor Sec., LLC v. Arent Fox LLP*, 273 F. Supp. 3d 512, 518 (S.D.N.Y. 2017) (collecting cases) (discussing that fairness is determined case-by-case). Defendants contend that Plaintiffs are attempting to obtain more privileged information and conduct "an impermissible fishing expedition." (ECF No. 387 at 2.)

While both parties argue whether the requested testimony is relevant, that is not the appropriate inquiry in a privilege analysis. (*See* ECF No. 385 at 1-2 (arguing relevancy); ECF No. 387 at 2-3 (arguing against relevancy).) "Broad though it is, the 'at-issue' waiver doctrine does not apply 'merely because privileged information is relevant to the issues being litigated;' to apply, the party asserting privilege must have 'asserted a claim or defense that he intends to prove by use of the privileged materials.'" *Charbern Mgmt. Grp. LLC v. Borah, Goldstein, Altschuler, Nahins & Goidel, P.C.*, No. 22-CV-8137 (VEC), 2023 WL 3945599, at *3 (S.D.N.Y. June 12, 2023) (quoting *Leviton Mfg. Co. v. Greenberg Traurig LLP*, 09-CV-8083 (GBD)(THK),

2010 WL 4983183, at *4 (S.D.N.Y. Dec. 6, 2010)); *see also AngioDynamics, Inc. v. Biolitec, Inc.*, No. 08-CV-004 (LEK) RFT), 2010 WL 11541926, at *4 (N.D.N.Y. May 25, 2010) ("The Second Circuit made clear in *Erie* that relevance is not the correct standard to determine whether the privilege has been waived, but rather, *reliance* on privileged advice in the assertion of the claim or defense is the crucial factor.")

Here, upon review of the transcript, Mr. Deo placed the attorney-client privilege "at issue" by uttering the words "my attorney at the time said …" as a defense for nondisclosure of his prior felony, which Plaintiffs argue is directly related to their racketeering and fraud claims against Defendants. (ECF No. 385 at 1-2.) Thus, Mr. Deo put the contents of his legal advice provided by Mr. Colleluori at issue when he insinuated that he relied on that advice. *See Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 945 F. Supp. 2d 431, 436 (S.D.N.Y. 2013) (quoting *In re Cnty. of Erie*, 546 F.3d at 229) ("A party puts the content of legal advice at issue, waiving the attorney-client privilege, if it 'rel[ies] on privileged advice from [its] counsel to make [its] claim or defense.'")). Now, Mr. Deo attempts to hide behind the attorney-client privilege after paving the way for Plaintiffs to ask certain questions in connection with that communication. That cannot be so. "It is well established in this Circuit that a party may not use the privilege as both a sword and a shield." *Favors v. Cuomo*, 285 F.R.D. 187, 198 (E.D.N.Y. 2012).

Plaintiffs also claim there has been a subject-matter waiver, and therefore seek to compel Mr. Deo "to provide testimony and documentation of all communications with his attorney Colleluori concerning Deo's claim that he did not have to disclose his felony conviction on the DMV application as a result of advice from his attorney." (ECF No. 385 at 3.) This rule applies when "considerations of fairness should allow the attacking party to reach all privileged

conversations regarding a particular subject once one privileged conversation on that topic has been disclosed, in order to avoid prejudice to the adversary party and distortion of the judicial process that may result from selective disclosure." *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 94 (W.D.N.Y. 2011) (internal citations and quotations omitted). Contrary to Deo Defendants' position that Mr. Deo provided a "brief, and candid response," Mr. Deo voluntarily admitted that his nondisclosure was due to advice of counsel. (*See* ECF No. 387 at 2.) That answer alone, however, does not give Plaintiffs or any other party unfettered access to all prior communications.  It does, however, open the door to further explanation about why he answered the way he did on the DMV application. *See Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 40 (E.D.N.Y. 2013), *aff'd*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014) (quoting *In re Grand Jury Proc.*, 219 F.3d 175, 182 (2d Cir. 2000) ("In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party.")); *see also Thai-Lao Lignite (Thailand) Co.*, 945 F. Supp. 2d at 436 ("After *Erie,* courts within this circuit have found that, where a party relies on privileged communications to explain the reason for its actions, it does not waive privilege as to communications that might indicate *additional* reasons.")

Moreover, Fed. R. Evid. 502 provides,

[w]hen the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Fed. R. Evid. 502(a).

The circumstances here do not support a finding of subject matter waiver. The statement made by Mr. Deo does not go as far as to disclose the entire scope of the privileged communications. Nor does the one statement by Mr. Deo give rise to any particular subject as the answer was quite vague.  Put another way, the camel's nose was not that far under the tent.

Finally, the Court must also consider the fairness aspect. Plaintiffs only seek information as to what Mr. Deo has already testified to, which was his reasoning not to disclose his prior conviction on the DMV application. With that, any continuation of questioning as to advice of counsel at Mr. Deo's deposition shall be limited to that subject matter already disclosed. That is, Mr. Deo's understanding that his case was sealed and not having to disclose his prior conviction.

Accordingly, Plaintiffs' Motion to Compel is granted in part and is limited in accordance with this Order.

## <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff's Motion to Compel (ECF No. 385) is **GRANTED** in part, and Mr. Deo is directed to answer questions limited to his decision not to disclose his prior conviction on the DMV application.

Dated: Central Islip, New York
        January 16, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*
        JAMES M. WICKS
United States Magistrate Judge