UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (JMW)

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR FINAL JUDGMENT PURSUANT TO RULE 54(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND TO CERTIFY AN INTERLOCUTARY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

Defendants.
------------------------------------------------------------------X

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    A.  FINAL JUDGMENT SHOULD BE ENTERED AGAINST THE CPA DEFENDANTS UNDER RULE 54(b) ARGUMENT ............................................................................. 2

    B.  CERTIFICATION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) SHOULD BE GRANTED AS TO REMAINING DEFENDANTS ............................... 11

CONCLUSION ............................................................................................................................ 14

# **TABLE OF AUTHORITIES**

**Cases**

Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.,
 769 F.3d 135 (2d Cir. 2014) ........................................................................................ 8

Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,
 106 F.3d 11 (2d Cir. 1997) ..................................................................................... 4, 6

Atkinson v. Singh,
 2022 WL 1204559 (S.D.N.Y. 2022) ........................................................................... 9

Bowne of NY City v AmBase Corp.,
 161 F.R.D. 270 (SDNY 1995) ................................................................................ 3, 4

Cayuga Indian Nation of N.Y. v. Pataki,
 188 F.Supp.2d 223 (N.D.N.Y. 2002) .......................................................................... 3

Curtiss-Wright Corp. v. General Elec. Co.,
 446 U.S. 1 (1980) ....................................................................................................... 3

Dickinson v. Petroleum Conversion Corp.,
 338 U.S. 507 (1950) ................................................................................................. 10

In re Doc. Techs. Litig.,
 2017 WL 5133292 (S.D.N.Y. Oct. 16, 2017) ............................................................. 9

In re Gentiva Sec. Litig.,
 2 F. Supp. 3d 384 (E.D.N.Y. 2014) ........................................................................ 4, 7

In re Vivendi Universal, S.A., Sec. Litig.,
 2012 WL 362028 (S.D.N.Y. Feb. 6, 2012) ................................................................. 4

Gelboim v. Bank of Am. Corp.,
 574 U.S. 405 (2015) ................................................................................................. 10

Ginett v. Computer Task Group, Inc.,
 962 F.2d 1085 (2d Cir. 1992) ............................................................................ 3, 4, 9

Grand River Enterprises Six Nations v. Pryor,
 425 F.3d 158 (2nd Cir. 2005) ..................................................................................... 6

Gumer v. Shearson, Hammill & Co., Inc.,
 516 F.2d 283 (2d Cir. 1974) ..................................................................................... 13

Hoffenberg v. United States,
    2004 WL 2338144 ................................................................................................ 13

Horn v. Med. Marijuana, Inc.,
    2022 WL 206235 (W.D.N.Y. Jan. 24, 2022) ........................................................ 9

Kronfeld v. Advest, Inc.,
    675 F. Supp. 1449 (S.D.N.Y. 1987) ...................................................................... 5

Mangouras v. Squire Patton Boggs,
    740 F. App'x 757 (2d Cir. 2018) ......................................................................... 13

Marrese v. Am. Acad. of Orthopaedic Surgeons,
    470 U.S. 373 (1985) ............................................................................................ 13

O'Bert v. Vargo,
    331 F.3d 29 (2d Cir. 2003) ............................................................................... 3, 4

Okla. Tpk. Auth. v. Bruner,
    259 F.3d 1236 (10th Cir. 2001) ............................................................................ 3

R.O v. Ithaca City Sch. Dist.,
    2010 U.S. Dist. LEXIS 164873 ................................................................... 10, 11

Reves v. Ernst & Young,
    507 U.S. 170 (1993) ............................................................................................ 12

Smith v. Local 819 I.B.T. Pension Plan,
    291 F.3d 236 (2d Cir. 2002) ............................................................................... 10

Superb Motors Inc, et al. v. Deo, et al.; Docket No.: 25-1330(L), 25-2189(Con)
    291 F.3d 236 (2d Cir. 2002) ........................................................................... 2, 13

Timperio v. Bronx-Lebanon Hosp. Ctr.,
    2020 WL 9211177 (S.D.N.Y. Mar. 9, 2020) ........................................................ 4

Topps Co. v. Cadbury Stani, S.A.I.C.,
    2006 WL 3247360 (S.D.N.Y. 2006) .................................................................... 3

**Statutes**

28 U.S.C. § 1292(b) ................................................................................................. 1, 2, 11, 12

**Rules**

Fed R. Civ. P. 54(b) ........................................................................ 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12

**Other Authorities**

Report of Advisory Committee on Proposed Amendments to Rules of Civil Procedure 70
    (1946) ............................................................................................................................ 10

**PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this reply memorandum of law in further support of their motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or the "Rule") for an Order directing that final judgment be entered against Plaintiffs in favor of Defendants Thomas Jones, CPA ("Jones"), Jones Little & Co., CPA's LLP ("JLC CPA") (Jones and JLC CPA collectively hereinafter the "CPA Defendants" or the "CPAs"), and J.P. Morgan Chase Bank, N.A. ("Chase") in relation to this Court's Order dated March 21, 2025 (ECF Docket Entry 230) (hereinafter the "Opinion and Order"), which granted Jones, JLC CPA, and Chase's motions to dismiss the claims against them in their entirety.

The CPAs concede that the two of the three elements required for a Rule 54(b) judgment have been met, but contest that the third element – that there is no just cause for delay – has been satisfied. The CPA Defendants are wrong, as the appeal may be decided in time before trial given the unquestionable likelihood that the Defendants will seek summary judgment in this fact-intensive case which will inherently delay the trial in this case, permitting the appeal to be timely decided. Further, although the CPAs are technically no longer a party to this case, they will remain involved because the Plaintiffs seek third-party discovery from the CPA Defendants. Finally, the Superb Plaintiffs will undoubtedly suffer extreme prejudice in being able to recover a monetary award, and an expensive and duplicative trial can be avoided by granting the practical and pragmatic relief sought herein. Accordingly, this Court should issue a judgment under Rule 54(b).

Plaintiffs, however, are puzzled and perplexed by the CPA Defendants' response in opposition to relief under 28 U.S.C. § 1292(b); this is because no such relief is sought against the CPAs, and the only relief sought against them is pursuant to Rule 54(b).

1

For the reasons set forth below, the CPAs offer no valid basis to deny the relief requested.

Plaintiffs also respectfully submit this reply memorandum of law in further support of their motion pursuant to 28 U.S.C. § 1292(b) to certify an interlocutory appeal in connection with its claims against Defendant Flushing Bank ("Flushing").

Flushing mirrors the arguments made by the CPAs as it relates to Plaintiffs' motion pursuant to Rule 54(b), and further argues that an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) must be denied because: (i) Plaintiffs have failed to demonstrate that there is a controlling question of law; (ii) Plaintiffs have failed to demonstrate that there is no substantial ground for difference of opinion; and (iii) an immediate appeal will not materially advance the litigation.

However, for the reasons set forth in Plaintiffs' motion, there is indisputably a controlling question of law as well as substantial ground for difference of opinion because Plaintiffs set forth sufficient allegations that, given the benefit of every reasonable inference, plausibly pleads that Flushing's agents played a critical and substantial role in effectuating the fraudulent schemes complained of such that courts have found constituted sufficient to state a RICO claim due to their knowingly advancing a RICO scheme. See Superb Motors Inc, et al. v. Deo, et al.; Docket No.: 25-1330(L), 25-2189(Con), ECF Docket Entry 72 at 31-37 (CPAs), 37-40 (Flushing), and 40-41 (both). Plaintiffs respectfully incorporate by reference herein those arguments setting forth the controlling questions of law, i.e., whether the conduct complained of against Flushing is sufficient to state a RICO claim.

Flushing also argues that Plaintiffs' motion is untimely. However, courts have held that this constitutes a curable defect, and – as such – Flushing's argument is meritless.

For the foregoing reasons, this Court should grant Plaintiffs' motion for final judgment pursuant to Rule 54(b) and certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

2

## ARGUMENT

### A.   FINAL JUDGMENT SHOULD BE ENTERED AGAINST THE CPA DEFENDANTS UNDER RULE 54(b)

The only basis the CPA Defendants offer to deny the instant motion is that Plaintiffs have not satisfied the element that "there is no just reason for delay" in awaiting a final judgment as to all parties. But this argument is meritless.

Rule 54(b) "attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in a multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." See Cayuga Indian Nation of N.Y. v. Pataki, 188 F.Supp.2d 223, 237-38 (N.D.N.Y. 2002) (citing Okla. Tpk. Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001)). If the district court certifies a matter ripe for immediate appeal, the certification must be accompanied by a reasoned, even if brief, explanation of its conclusions. See Topps Co. v. Cadbury Stani, S.A.I.C., 2006 WL 3247360, at *1 (S.D.N.Y. 2006) (citing O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003)).

In the current environment of a Rule 54(b) motion, "[a]lthough the Advisory Committee's comment to Rule 54(b) implied that the rule was originally intended to apply only to the 'infrequent harsh case,' the Second Circuit has ruled that with the advent of complex litigation involving numerous parties and claims this standard is no longer 'workable.'" See Bowne of NY City v AmBase Corp., 161 F.R.D. 270, 272 (SDNY 1995) (citing Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1094 (2d Cir. 1992)).

"Courts should not restrict the use of Rule 54(b) to cases which are "'unusual,' "exceptional," or "extraordinary," but should instead be guided by the "'interest of sound judicial administration.'" Id. at 272 (quoting Ginett at 1095) (further quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980)).

3

"Thus, district courts should consider the possibility that 'the ultimate dispositions of the claims remaining . . . could either moot [the decision of the appellate court] on the appealed claim or require [the appellate court] to decide issues twice.'" Id. at 272 (quoting Ginett at 1095).

Rule 54(b) motions should also be granted "'when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal ....'" See Timperio v. Bronx-Lebanon Hosp. Ctr., No. 18-CIV.-1804, 2020 WL 9211177, at *2 (S.D.N.Y. Mar. 9, 2020) (quoting Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997)).

Entry of partial judgment may be appropriate, "for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award, *or where an expensive and duplicative trial could be avoided* if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." Id. (emphasis added) (quoting Advanced Magnetics, 106 F.3d at 16); see also O'Bert *ex rel.* Estate of O'Bert v. Vargo, 331 F.3d 29, 40–41 (2d Cir. 2003) ("Rule 54(b) certification should be granted "if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal").

It follows that, to prevail on a Rule 54(b) motion, in applying the "no just reason for delay" analysis, the moving party must satisfy one of the two prongs of the court's "required Rule 54(b) inquiry—judicial efficiency [or] prejudice." See In re Vivendi Universal, S.A., Sec. Litig., 02-CV-5571, 2012 WL 362028, at *5 (S.D.N.Y. Feb. 6, 2012); see also In re Gentiva Sec. Litig., 2 F. Supp. 3d 384, 387 (E.D.N.Y. 2014). Specifically, the moving party must demonstrate either that (1) judicial efficiency would be best served by entering partial final judgment before the entire case is concluded; or, if the party cannot make this showing, that (2) the party will suffer "prejudice of such a character as to offset the [c]ourt's efficiency conclusion." See In re Gentiva, 2 F. Supp. 3d at 387, 390 (quoting In re Vivendi Universal, 2012 WL 362028, at *4).

4

This case fits well within the criteria identified by the Second Circuit as justifying certification under Rule 54(b), given the high risk of danger of hardship and injustice by letting the case against the CPA Defendants and Flushing languish to potentially have the Plaintiffs in this case subjected to a second trial.

As an initial matter, judicial efficiency will be served by the appeal, which will be decided well before a trial in this case.

Although discovery is currently set to conclude at the end of January 2026 pursuant to this Court's Order dated December 11, 2025, with jury selection and trial scheduled to begin on July 6, 2026, the Defendants will undoubtedly seek summary judgment in this case upon the conclusion of discovery.

Notably, the last date to take first steps in summary judgment[1] practice is February 20, 2026, which is subject to a pre-motion conference requirement, briefing schedule of approximately ninety (90) days, and – given that the issues in this case are complex, just as in the motions to dismiss, the length of time it will take this Court to decide such a motion will be similarly protracted.  Indeed, at least one (1) Defendant has already indicated that he intends on moving for summary judgment, which will inherently delay a trial from proceeding in this case.  See ECF Docket Entry 386 at 3.

Further, conducting a second trial years later in a case where the parties' interactions with each other are so critical should be avoided because witnesses' memories will fade.  See Kronfeld v. Advest, Inc., 675 F. Supp. 1449, 1461 (S.D.N.Y. 1987) ("Failing to use our Rule 54(b) power

---

[1] Should any of the remaining Defendants argue that they will not seek summary judgment in this case, they should file a notice with the Court waiving their right to do so.  In any event, Plaintiffs would be well within their right to seek partial or outright summary judgment in this case depending on the facts adduced in discovery following the completion of depositions.

5

to enter final judgment would force them to await the outcome of what promises to be a lengthy pretrial and trial period in order to obtain a final ruling on their pleadings. Delay would be particularly egregious because plaintiffs' cases depend on the memories and credibility of individual brokers and customers in recalling what was represented in face-to-face conversations").

Moreover, in cases with many claims and parties, courts have found that a final judgment pursuant to Rule 54(b) would serve judicial economy.  See Grand River Enterprises Six Nations v. Pryor, 425 F.3d 158 (2nd Cir. 2005).  Grand River was a suit against 31 current and former state attorneys general in their official capacities, which was before the Second Circuit following the district court's dismissal of the claims against every non-New York defendant for lack of personal jurisdiction. There, the Second Circuit found that the district court did not abuse its discretion in granting the plaintiffs' subsequent Rule 54(b) motion, and in so doing agreed with the district judge that "it would make no sense to try the antitrust count against New York State alone if the dismissals of the other states ... turned out to be in error." See Grand River, 425 F.3d at 165.

The same analysis applies here.  It makes little sense to try this case against the Deo Defendants alone if the Second Circuit decides that the dismissal of the same claims against the CPAs and Flushing constituted error.  In light of this, since it is likely that the Second Circuit will decide the appeal well before  a trial in this case (because at least one (1) Defendant will move for summary judgment, delaying a trial) such that judicial economy would be served, and because courts have granted relief in precisely these circumstances in multiple-party, multiple-claim contexts, this Court should grant the motion for final judgment pursuant to Rule 54(b) on this ground alone. See Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11 (2d Cir. 1997) ("In concluding that such certification was warranted in order to permit AMI to appeal the

dismissal of the assignment claims immediately, the district court principally cited the interests of judicial efficiency. AMI's own claims under § 10(b) and Rules 10b-5 and 10b-21 have not been dismissed and remain to be tried. Those claims and the claims of the selling shareholders center on a single offering of AMI stock, as affected by a single course of conduct by defendants. If the selling shareholders' claims are to be reinstated, it plainly will be more efficient for that reinstatement to occur in time for trial of AMI's and the selling shareholders' claims together, for then only one jury, rather than two, will be required to become familiar with the terms of and the events surrounding the offering and defendants' short sale. In addition, there may well be other similar, albeit perhaps not identical as to all of the sellers, issues to be tried with respect to affirmative defenses asserted by defendants, which include waiver, estoppel, and failure to exercise due diligence. It would be more efficient for such issues to be tried together rather than piecemeal").

To the extent that this Court does not find judicial economy would be served by granting this motion (which it should so find), Plaintiffs are nonetheless entitled to this relief if they can establish prejudice. See In re Gentiva, 2 F. Supp. 3d at 390 ("Although the Court has determined that judicial efficiency will not be served by certifying an appeal," Westhampton Beach "could still prevail with respect to this aspect of its Rule 54(b) motion if it demonstrates prejudice of such a character as to offset the Court's efficiency conclusion" (internal quotation marks omitted)").

Here, this Court may so find. This is because Robert Anthony Urrutia ("Urrutia") will suffer prejudice of such a character as to offset the court's efficiency conclusion.

Notably, Urrutia has been victimized by the Defendants' conduct in the most gruesome manner.

7

He has spent three (3) decades in the automobile sales industry, amassing four (4) dealerships under his belt, to be completely shunned therefrom through the Deo Defendants' conduct with the assistance of the CPA Defendants. See ECF Docket Entry 304 ¶¶ 25-27.

Similarly, Urrutia does not have the financial wherewithal to conduct two (2) separate trials in the event his appeal is later successful against the CPAs following a true final judgment in this case. See ECF Docket Entry 304 ¶ 29.

Furthermore, this Court should consider the fact that the claims against Flushing and the CPAs differ significantly from those against the Deo Defendants on an important question of law. This is because the role played by Flushing and the CPAs is less direct, and turns on whether they each knowingly facilitated the fraud or otherwise directed the affairs of the enterprise in some manner. The Second Circuit "has articulated several standards to aid in determining whether claims are separate for Rule 54(b) purposes." See Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co., 769 F.3d 135, 141 (2d Cir. 2014) (citations omitted) (holding that only "[w]hen the certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court" may the certified claims "be considered separate claims under Rule 54(b)." We examine the relationships among a plaintiff's theories of recovery to determine whether they "lend themselves to review as single units, or whether they are so interrelated and dependent upon each other as to be one indivisible whole … We have also suggested that the existence of multiple claims turns on "whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced. …").

In light of this standard, Plaintiffs easily demonstrate that their claims against Flushing and CPAs are sufficiently different to warrant interlocutory review by the Second Circuit.

Critically, this Court analyzed the claims against Flushing and the CPAs in a different lens compared to the Deo Defendants. Indeed, where the issue is, as here, a narrow one that this Court could decide separate from the other claims, the motion should be granted. See Atkinson v. Singh, No. 19-CV-3779 (VSB), 2022 WL 1204559, at *2 (S.D.N.Y. 2022) ("As to the Dismissed Plaintiffs, I find that their claims are all separable from the remaining claims in the action because "the issues which make up" the claims do not overlap the issues of the remaining claims in this action. … Indeed, the issues relevant to each Dismissed Plaintiff's claims are unique to them and do not overlap with remaining claims") (citation omitted); see also Horn v. Med. Marijuana, Inc., No. 15-CV-701, 2022 WL 206235, at *2-*3 (W.D.N.Y. Jan. 24, 2022) (granting motion where plaintiff sought to appeal a "narrow, dispositive issue" that presented "a discrete question of statutory interpretation" which would "demand little analysis of the underlying facts"); In re Doc. Techs. Litig., No. 17-CV-2405, 2017 WL 5133292, at *2 (S.D.N.Y. Oct. 16, 2017) (holding that "this Court's July 22 decision granting the LDiscovery Defendants' motion to dismiss plaintiffs' complaint was based solely on the pleadings. Were the Court to find that the Employee Defendants did not breach their contract with plaintiffs, it would, at best, provide an alternative ground for the Second Circuit to affirm that dismissal, nothing more. As there are already strong grounds for the Second Circuit to affirm that dismissal in the form of this Court's July 22 Memorandum Order, the Court hereby grants plaintiffs' application to certify the judgment").

Moreover, as the Second Circuit noted, there is always an underlying "interrelatedness" of the claims between the parties in a multi-party civil action. See Ginett, 962 F.2d at 1091 (holding that the garden-variety civil complaint often involves multiple claims and/or multiple parties as Rule 20(a) permits joinder only if the asserted claims for relief arise out of the same occurrences).

However, this "interrelatedness" cannot preclude appellate review otherwise every multi-party and multi-claim case would be exempt from Rule 54(b) rendering the rule meaningless. Id.

In addition, it merits note that Rule 54(b) was adopted in view of the breadth of the "civil action" the Rules allow, specifically "to avoid the possible injustice" of "delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case." See Gelboim v. Bank of Am. Corp., 574 U.S. 405, 409-10 (2015) (citing Report of Advisory Committee on Proposed Amendments to Rules of Civil Procedure 70 (1946) (explaining Rule 54(b) was recast in 1946 to avoid confusion and misapplication)); see also Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511 (1950) (Rule 54(b) responded to liberalized joinder of claims and parties under the Rules, which "increased the danger of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before a final judgment can be had").

Critically, the Rule thus aimed to augment, not diminish, appeal opportunity. Gelboim, *supra*.

Courts routinely grant certification of a final judgment under Rule 54(b). See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236 (2d Cir. 2002) ("The district court's discretionary certification was appropriate. Certification in this case avoids [i] potentially duplicative litigation, and [ii] an insufficiency of Plan funds to support a possible judgment"); see also R.O v. Ithaca City Sch. Dist., No. 5:05-CV-695 (NAM) (GJD), 2010 U.S. Dist. LEXIS 164873 ("Based upon the record, the Court finds that an immediate appeal of the March 24, 2009 Order is in the interest of sound judicial administration. A resolution of the first, second and third causes of action by the Circuit Court would confine and clarify the issues at trial and reduce the burden and expense of a trial for both the Court and the parties. If the Circuit Court affirms the judgment, any trial of the remaining causes of action will not involve an analysis of defendants' censorship of the cartoon,

defendants' requirement that articles be submitted to a faculty advisor for prior approval, or the distribution of *The March Issue*. Rather, additional proceedings would be limited to the fourth and fifth causes of action only and confined to an examination of the 2005 Guidelines. Conversely, if the Circuit Court concludes that defendants' actions were constitutionally repugnant, based upon defendants' assertion, it may be unnecessary for this court to expend any further resources to resolve the remaining causes of action involving the constitutionality of the 2005 Guidelines. Defendants have averred to this Court that the 2005 Guidelines have been revoked. Therefore, an immediate appeal could facilitate a settlement or discontinuance of the remaining causes of action"). As the Court held in R.O v. Ithaca, the Second Circuit's decision on the underlying appeal here will only serve to clarify the path forward for the parties.

Accordingly, this Court should issue a final judgment pursuant to Rule 54(b).

**B.     CERTIFICATION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) SHOULD BE GRANTED AS TO REMAINING DEFENDANTS**

The CPAs argue against certification pursuant to 28 U.S.C. § 1292(b). However, their arguments are misplaced, as Plaintiffs' only basis to challenge the decision dismissing all claims against them lies under Rule 54(b).

They argue, nonetheless, that the questions presented in the appeal would not advance the ultimate determination of the instant litigation, and that district courts should exercise great caution in issuing certification under 28 U.S.C. § 1292(b). For the reasons set forth below, these arguments fail.

Flushing argues that Plaintiffs fail to meet each element to satisfy certification of an interlocutory appeal, namely, that: (i) Plaintiffs have failed to plead that there is a controlling question of law; (ii) there is no substantial ground for difference of opinion; and (iii) an immediate appeal will not materially advance the litigation. Each of these arguments similarly fail.

11

Flushing argues that there is no controlling question of law presented. This argument is meritless. The reason this Court granted Flushing's and the CPAs' motions to dismiss was because it found that the pleadings did not provide a sufficient basis to plausibly allege that Flushing and the CPAs directed the affairs of the enterprise. However, Plaintiffs have argued in their perfected appeal that they have met that standard because the pleadings adequately allege that both Flushing and the CPAs knowingly facilitated the Deo Defendants' fraud or otherwise directed the affairs of the enterprise by giving the Deo Defendants access to a bank account for Superb knowing he had no authority to open one (for Flushing), and altering and/or forging the financial statements to hide their schemes (for the CPAs). This is unquestionably a controlling question of law; indeed, the Supreme Court of the United States saw fit to grant *certiorari* on this question in Reves v. Ernst & Young, 507 U.S. 170 (1993).

In that regard, because the Plaintiffs presented sufficient authority to permit the Second Circuit to reverse this court's opinion, it is beyond cavil that such reversal would significantly affect the conduct of this case. Moreover, should Plaintiffs prevail, they may create binding precedent about the pleading standard for the liability of outside institutions under RICO where they are alleged to engage in conduct which knowingly facilitates the perpetration of a scheme. Accordingly, a controlling question of law is presented by this interlocutory appeal such that it should be certified.

As to the next element, whether there is a substantial ground for difference of opinion, Flushing argues that there is none because this Court found that Plaintiffs' allegations are baseless and conclusory. However, the Plaintiffs presented authority in their appeal finding that outside institutions such as banks and accounting firms can be held liable where they knowingly advance a RICO scheme as pled in the complaint.

12

Further, as argued in the appeal, there is record evidence to suggest that Plaintiffs' proposed third amended complaint's additional factual allegations were not considered in deciding the motion (and that, instead, an earlier amended complaint was considered).

Flushing argues that there was no association-in-fact but ignores the fact that Plaintiffs were in no position to know all the facts and were entitled, as argued in the appeal, to discovery on the nature and extent of the Defendants' relationships given that this information is exclusively in the Defendants' possession. See Superb Motors Inc, *et al.* v. Deo, *et al.*; Docket No.: 25-1330(L), 25-2189(Con), ECF Docket Entry 72 at 40-41 (citing cases that held dismissal was unwarranted where the role of the defendants was unclear such that discovery was warranted on the issue). Indeed, discovery has shown that Flushing's relationship with the Deo Defendants extended to their criminal conduct at Northshore and Sunrise, and that Deo failed to sign any certification that he is authorized to act on behalf of Superb in opening the account as he did for Northshore and Sunrise. As a result, in light of the authorities cited by Plaintiffs in their perfected appeal as well as the discovery adduced thus far, there is unquestionably a substantial ground for a difference of opinion on the issue of Flushing and the CPAs' liability under RICO.

As to the last element, contrary to Flushing's argument, an immediate appeal will materially advance litigation. Flushing argues that permitting the appeal will not advance the litigation because it will only result in more delay. However, as discussed *supra*, it is more than conceivable that the Second Circuit will rule on the appeal prior to this Court's decision on the anticipated motion for summary judgment by at least one (1) defendant thus far. In light of the foregoing, and given Urrutia's financial circumstances, this element tips in favor of certifying an interlocutory appeal.

Finally, Flushing argues that Plaintiffs' motion is untimely. Flushing is incorrect.

13

"Where … a notice of appeal has been filed from an order that is not appealable, jurisdiction does not rest with the Court of Appeals but remains with the district court." See Hoffenberg v. United States, No. 00-CIV.-1686 (RWS), 2004 WL 2338144, at *2 (S.D.N.Y. Oct. 18, 2004) (quoting Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985)).

"In keeping with the principle of judicial economy, where a notice of appeal from a non-final order has been filed, belated actions by the district court rendering the order appealed from final have been allowed and deemed to cure the defect of the premature notice of appeal." Id. at *4 (citing cases); see also Gumer v. Shearson, Hammill & Co., Inc., 516 F.2d 283, 285 (2d Cir. 1974); see also Mangouras v. Squire Patton Boggs, 740 Fed. Appx. 757, 758 (2d Cir. 2018) (explaining that once a court supplements the record with a Rule 54(b) certification pursuant to a Jacobson remand, the appeal is automatically reinstated).

Accordingly, because Plaintiffs took action, however belated, to place this issue before this Court, they cannot be deemed to have waived their right to pursue certification of an interlocutory appeal given the foregoing authorities.

## **CONCLUSION**

There being no just reason for delay, Plaintiffs respectfully request that this Court direct that final judgment be entered against Defendants Jones, JLC CPA, and Chase in the amount of $0.00. Moreover, based on the foregoing, Plaintiffs respectfully submit that their motion requesting certification for interlocutory appeal under 28 U.S.C. § 1292(b) be granted as to the remaining Defendants.

Dated: Jamaica, New York
       January 16, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
   /s/ *Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanual@sagelegal.com

*Attorneys for Appellants*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

Dated: New York, New York
       January 16, 2026

**CYRULI SHANKS & ZIZMOR LLP**
      /s
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Remaining Plaintiffs*

**VIA ECF**
All counsel of record

15