UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

SUPERB MOTORS INC. *et al.*,

                         *Plaintiffs*,

       -against-

ANTHONY DEO *et al.*,

                        *Defendants*.
---------------------------------------------------------------X

**FILED**
**CLERK**

**1/19/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

MEMORANDUM
<u>AND ORDER</u>

23-CV-6188 (JMW)

A P P E A R A N C E S:

    Emanuel Kataev
    **Sage Legal LLC**
    18211 Jamaica Avenue
    Jamaica, NY 11423
    *Attorneys for Plaintiffs Superb Motors Inc., Team Auto Sales LLC and Robert A. Urrutia*

    Jeffrey Ruderman
    **Cyruli Shanks & Zizmor LLP**
    420 Lexington Avenue, Suite 2320
    New York, NY 10170
    *Attorneys for Plaintiffs 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC, Island Auto Management, LLC, Brian Chabrier, Joshua Aaronson, and Jory Baron*

    John A. Lentinello
    **Milber Makris Plousadis & Seiden, LLP**
    1000 Woodbury Road, Suite 402
    Woodbury, New York 11797
    *Attorneys for Defendants Thomas Jones, CPA and Jones, Little & Co., CPA's, LLP*

    Jeffrey Benjamin
    **The Linden Law Group, PC**
    250 Park Avenue, Ste 7th Floor
    New York, NY 10177
    *Attorneys for Defendants Anthony and Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC, Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of*

*LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp.*

**Harry R. Thomasson**
3280 Sunrise Highway, Ste Box 112
Wantagh, NY 11793
*Defendant Appearing Pro Se*

Ariel E. Ronneburger
**Cullen and Dykman LLP**
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, NY 11553
*Attorneys for Defendant Flushing Bank*

Anthony C. Valenziano
**Sherman Atlas Sylvester & Stamelman LLP**
1185 Avenue of Americas, 3rd Floor
New York, NY 10036
*Attorney for J.P. Morgan Chase Bank, N.A.*

*No appearances by the remaining Parties*

**WICKS**, Magistrate Judge:

On March 21, 2025, this Court issued an Opinion and Order that addressed several Motions to Dismiss (ECF Nos. 164, 168, 175, 176, and 177), and Motions to Amend (ECF Nos. 178, 181). (ECF No. 230.) In relevant part, the Court concluded as such:

> Deo Defendants' Motion to Dismiss (ECF No. 176 ) is **GRANTED** *in part* and **DENIED** *in part*. The following claims are dismissed with prejudice: (a) Tortious Interference with Contracts, Business Relations, and Prospective Economic Advantage against the Deo Defendants;(b) Defend Trade Secrets Act Claims, including Misappropriation under the DTSA against the Deo Defendants; (c) Violation of New York Judiciary Law § 487 against Thomasson; (d) Piercing the Corporate Veil against Deo;(e) Violation of New York GBL § 349 against Deo; (f) Permanent Injunction against Deo; Libertas Funding (g) Declaratory Judgment against Deo (h) Contribution and Indemnification for Fraud, Breach of Fiduciary Duty, Breach of Loyalty and Conversion against Deo; and (i) Contribution and Indemnification for Conversion and Aiding and Abetting Conversion, Fraud, Breach of Fiduciary Duty, Bready of Fiduciary Duty against Thomasson. (ii)the Bank Defendants' Motions to Dismiss (ECF Nos. 164, 175 and 177) are **GRANTED** *in part* and **DENIED** *in part*. The following claims are dismissed with prejudice: (a) Permanent Injunction against Libertas Funding; (b) Plaintiffs' RICO Claims against Bank Defendants; (c) Conversion claims against the Bank

Defendants; (d) Negligence and Unauthorized Payments against the Bank Defendants; (e) Drawee Liability against Chase Bank; (f) New York UCC §3-419 against the Bank Defendants; (iii) the CPA Defendants' Motions to Dismiss (ECF No. 168) is **GRANTED**. The following claims are dismissed with prejudice: (a) Plaintiffs' RICO Claims against CPA Defendants; (b) Plaintiffs' Fraud Claims against Jones; and (c) Professional Malpractice against the CPA Defendants; (iv) Plaintiffs' Motions for Leave to Amend (ECF Nos. 178 and 181) are **GRANTED** *in part* and **DENIED** *in part*, consistent with this Order. Plaintiffs are directed to file an Amended Complaint consistent with the rulings in the Order on or before April 4, 2025.

(*Id.* at 119-121.)

Now before the Court is Plaintiffs'[1] Motion for Entry of Judgment under Federal Civil Rule 54(b) and to certify an interlocutory appeal under 28 U.S.C. § 1292(b) (ECF No. 365) in connection with the above Order (ECF No. 230), that granted motions to dismiss brought by Defendants Thomas Jones, CPA ("Jones"), Jones Little & Co., CPA's LLP ("JLC"), and JPMorgan Chase Bank, N.A. ("Chase"). The following parties oppose this application: Defendants Jones and JLC (collectively, the "CPA Defendants") (ECF Nos. 368-69), Deo Defendants[2] (ECF No. 375), Harry Thomasson[3] (ECF No. 376), Flushing Bank (ECF Nos. 377-78), and Chase[4] (ECF No. 379). Plaintiffs also filed their reply. (ECF No. 389.) For the reasons that follow, Plaintiffs' Motion for Entry of Judgment and to certify an interlocutory appeal under 28 U.S.C. § 1292(b) (ECF No. 365) is **DENIED**.

---

[1] All Plaintiffs jointly filed the instant motion. (*See* ECF No. 365.)

[2] The "Deo Defendants" are Anthony Deo, Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp. Their opposition adds no substantive arguments and simply just adds that they join in on the CPA Defendants' arguments. (*See* ECF No. 375 at 2.)

[3] Mr. Thomasson's opposition adds no substantive arguments and similarly joins in on the CPA Defendants' arguments. (*See* ECF No. 376 at 2.)

[4] Defendant Chase's opposition adds no substantive arguments and joints in on the arguments made in the substantive oppositions filed by the CPA Defendants and Flushing Bank. (*See* ECF No. 379 at 2.)

## LEGAL FRAMEWORK

Fed. R. Civ. P. 54 provides that,

> [w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Rule 54(b) certifications "should not be granted routinely." *Ruffolo v. Oppenheimer & Co.*, 949 F.2d 33, 36 (2d Cir. 1991). Indeed, there is a "historic federal policy against piecemeal appeals." *Id.* (quoting *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8 (1980)). "Rather, certification should be 'granted only if there exists [] some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Id.* (quoting *Cullen v. Margiotta,* 618 F.2d 226, 228 (2d Cir.1980)).

To that end, the Second Circuit considers appeals either by final judgments that are timely presented under 28 U.S.C. § 1291,[5] or partial judgments under Fed. R. Civ. P. 54(b). *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). "A final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Id.* An appealable partial final judgment is one that adjudicates fewer than all of the pending claims and is entered upon the court's "express

---

[5] 28 U.S.C. § 1291 provides that "[t]he courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States…." 28 U.S.C. § 1291; *see also Vera v. Republic of Cuba*, 651 F. App'x 22, 24, 26 (2d Cir. 2016) ("Our appellate jurisdiction is generally limited to "final decisions" of the district court. 28 U.S.C. § 1291. … However, § 1292(a)(1) functions only as a narrowly tailored exception to the policy against piecemeal appellate review.")

4

determination that there is no just reason for delay," *Id.* (quoting Fed. R. Civ. P. 54(b)) (cleaned up); *see also Poplardo v. Adelberg*, No. 23-604, 2023 WL 4504459, at *1 (2d Cir. June 8, 2023) (denying appeal and finding Circuit lacked jurisdiction as an order granting in part a motion to dismiss was not a final order pursuant to 28 U.S.C. § 1291).

Therefore, for a district court to enter a final judgment pursuant to Fed. R. Civ. P. 54(b), the following must be met:

(1) multiple *claims* or multiple *parties* must be present,

(2) at least one claim, or the rights and liabilities of at least one party, must finally be decided within the meaning of 28 U.S.C. § 1291, and

(3) the district court must make "an express determination that there is no just reason for delay" and expressly direct the clerk to enter judgment.

*Lankler Siffert & Wohl, LLP v. Rossi*, No. 02-CV-10055(RWS), 2004 WL 541842, at *3–4 (S.D.N.Y. Mar. 19, 2004), *aff'd*, 125 F. App'x 371 (2d Cir. 2005); *see id.* (quoting *Ginett v. Computer Task Group,* 962 F.2d 1085, 1092 (2d Cir.1992) ("A claim is deemed to be finally decided '[i]f the decision ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment entered on that claim.'")).

The Court must carefully determine whether the above is satisfied, or a party's proposed appeal will be dismissed. *See Zanghi v. Callegari*, No. 22-266, 2023 WL 1097560, at *1 (2d Cir. Jan. 30, 2023) (dismissing appeal as all claims were not finalized); *Pearson v. City of New York*, No. 24-1167, 2024 WL 5679217, at *1 (2d Cir. Sept. 18, 2024) (same). "The Second Circuit has cautioned that Rule 54(b) motions should be granted only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal. ... Rule 54(b) is to be invoked sparingly." *Medina v. AAM 15 Mgmt. LLC*, No. 21-CV-7492 (KMK), 2025 WL 2658615, at *1–2 (S.D.N.Y. Sept. 17, 2025) (internal citations omitted) (denying Rule 54(b) motion).

Another route to appealability is pursuant to 28 U.S.C. § 1292. Under that statute, when an order is not otherwise appealable, the district court may certify an appeal when "such order

5

involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation…." 28 U.S.C. § 1292(b). However, similar to Rule 54(b), this is used in *exceptional* circumstances. In other words, "§ 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996). "[I]nterlocutory appeals are presumptively disfavored, [and] district courts have broad discretion to deny certification even where the statutory criteria are met." *United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 273 (E.D.N.Y. 2021) (internal citations and quotations omitted).

Keeping these principles in mind, the Court considers the instant motion.

## DISCUSSION

### I. *Entering of a Final Judgment Pursuant to Fed. R. Civ. P. 54(b)*

Plaintiffs first ask this Court to enter a final judgment in favor of the CPA Defendants and Defendant Chase pursuant to Rule 54(b) because there are "no claims remain[ing]" against these Defendants such that would allow Plaintiffs to perfect their appeal currently before the Second Circuit. (ECF No. 365-1 at 5.) The CPA Defendants oppose arguing that Plaintiffs have not provided a justified reason to have this Court grant this request or separate these claims from the rest of the case. (ECF No. 369 at 1.) As further discussed below, a review of the relevant three factors warrants denial.

*First*, there are multiple claims parties here. Thus, the first factor is easily satisfied. *Second*, the claims against the CPA Defendants and Defendant Chase are dismissed at this stage as the Court granted their respective motions to dismiss and found the same on reconsideration. (*See* ECF Nos. 230, 314.) However, "[e]ven when the first two factors are satisfied, the district court must still make a finding that entry of partial judgment is appropriate." *Lara-Grimaldi v.*

*Cnty. of Putnam*, No. 17-CV-622 (KMK), 2022 WL 736427, at *2 (S.D.N.Y. Mar. 11, 2022) (quoting *Lankler Siffert & Wohl, LLP v. Rossi*, No. 02-CV-10055, 2004 WL 541842, at *4 (S.D.N.Y. Mar. 19, 2004), *aff'd*, 125 F. App'x 371 (2d Cir. 2005)). Therefore, as for the *third* factor, there is reason to delay an appeal or final judgment. That is because separability of claims is not enough and "not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Danaher Corp. v. The Travelers Indem. Co.*, No. 10-CV-121 (JPO), 2016 WL 1255739, at *2 (S.D.N.Y. Mar. 30, 2016) (internal citations omitted). The third factor is satisfied

> *only* when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal, for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award, or where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims.

*Timperio v. Bronx-Lebanon Hosp. Ctr.*, No. 18-CV-1804 (PGG), 2020 WL 9211177, at *2 (S.D.N.Y. Mar. 9, 2020) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997)) (emphasis added).

None of those circumstances are present here. Notably, Plaintiffs do not argue that such a situation exists here. Rather, Plaintiffs aver "judicial administrative interests militate in favor of granting the relief requested as this case was stayed pending the appeal for some time, and the appeal cannot be decided without a final judgment." (ECF No. 365-1 at 9.) However, allowing another possible appeal would further stall this matter, which has already seen far too many delays and is at odds with Fed. R. Civ. P. 1.[6] *See Netrebko v. Metro. Opera Ass'n, Inc.*, No. 23-CV-6857 (AT), 2025 WL 2161448, at *7 (S.D.N.Y. July 29, 2025) ("When this matter concludes, the parties will have a final judgment from which a consolidated appeal may be

---

[6] Fed. R. Civ. P. 1 provides in relevant part that the federal rules "should be construed, administered, and employed by the court and the parties to secure *the just, speedy, and inexpensive determination of every action and proceeding.*" Fed. R. Civ. P. 1 (emphasis added).

7

taken.") Given the absence of real prejudice to Plaintiffs, and the Second Circuit's disfavoring of "piecemeal" appeals, denial is required here. *See Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1093 (2d Cir. 1992) (stating "federal policy generally disfavors "piecemeal" appellate litigation"); *Krandle v. United States*, No. 22-CV-4977 (KMK), 2025 WL 674328, at *2 (S.D.N.Y. Mar. 3, 2025) (same).

Plaintiffs further argue in their reply that *inter alia* there will be no delay because the appeal may be decided prior to trial as there will likely be summary judgment. (ECF No. 389 at 1, 5.) However, Plaintiffs nor this Court can determine the timeline in the Circuit.

Accordingly, the Court denies the entry of a final judgment pursuant to Fed. R. Civ. P. 54(b).

## II.     *Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)*

Next, Plaintiffs request the Court to certify an interlocutory appeal under 28 U.S.C. § 1292(b). This application is likewise denied as no exceptional circumstances are present that should alter the traditional appellate review after finality of this action. *See In re Actos End-Payor Antitrust Litig.*, No. 13-CV-9244 (RA), 2020 WL 433710, at *2 (S.D.N.Y. Jan. 28, 2020) (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (granting an interlocutory appeal due to novel issues) ("only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'")).

*First*, Plaintiffs' argument that this case involves novel issues because the March 21, 2025 Order was a 121 page decision is meritless. (*See* ECF No. 365-1 at 12.) The parties are well aware of the different legal theories as well as different parties that are part of this case leading to the lengths of some decisions. All of which are created by the parties' doings when filing

8

numerous motions. Nonetheless, "[a] controlling question of law exists where a reviewing court could decide an issue 'quickly and cleanly without having to study the record,' and where reversal would terminate the action, or at least 'materially affect the litigation's outcome.'" *DeSimone v. Select Portfolio Servicing, Inc.*, 786 F. Supp. 3d 509, 514 (E.D.N.Y. 2025) (quoting *Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013)). Based on the above, no controlling question of law is present here as the Second Circuit would have to "study the record" given the size of the docket, reversal would not terminate this case and an appeal as noted below would not materially affect the outcome here. As Flushing Bank also argues, "[P]laintiffs still have twenty-eight causes of action (including several causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") asserted against the Deo Defendants) in their Third Amended Complaint." (ECF No. 378 at 3.)

*Second*, just as any other case, adversaries will have differing opinions. Indeed, Plaintiffs argue that is the case here. (ECF No. 389 at 13.) Yet, to call this a "substantial ground" would allow the parties to seek interlocutory appeals after each unfavorable ruling. Indeed, "it is not sufficient that the relevant case law is less than clear or allegedly not in accord, or that there is a strong disagreement among the parties. A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." *In re Enron Corp.*, No. 01-CV-16034 (SAS), 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007) (internal citations and quotations omitted) (denying certification).

*Third*, the immediate appeal will not materially advance the final disposition of this action. "An interlocutory appeal will be deemed to advance the ultimate termination of litigation if the 'appeal promises to advance the time for trial or to shorten the time required for trial.'" *Pasha v. New York State Dep't of Health*, No. 22-CV-3355 (ER), 2024 WL 3730238, at *2

9

(S.D.N.Y. July 26, 2024) (quoting *In re Facebook, Inc., IPO Securities & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014)). There are many parties and claims that are to be litigated. Approving this appeal would delay this action that is now reaching its third year and quickly approaching 400 docket entries. If upon finality, an appeal is taken and any order is reversed, this Court may easily deal with any remaining claims at that point.

Accordingly, Plaintiffs' request to certify an interlocutory appeal is denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Entry of Judgment under Federal Civil Rule 54(b) and to certify an interlocutory appeal under 28 U.S.C. § 1292(b) (ECF No. 365) is **DENIED**.

Dated: Central Islip, New York
January 19, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge