# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

January 28, 2026

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

   *Re:* **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
      <u>Case No.: 2:23-cv-6188 (JMW)</u>

Dear Judge Wicks:

  This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case. Together with the Island Auto Group Plaintiffs (being all remaining plaintiffs) (collectively "Plaintiffs"), the Plaintiffs respectfully submit this letter motion to compel deposition testimony of Defendant Marc Merckling ("Merkling") pursuant to the Text Order of this Court, dated January 26, 2026.

  This motion seeks to compel Merckling to respond to questions at his deposition from Monday, January 26, 2026 concerning certain communications with, or the source of information from, Defendant Harry Thomasson ("Thomasson"). (An uncertified copy of the relevant portions of the January 26, 2026 rough transcript of Merckling's deposition testimony is annexed hereto as Exhibit A).

  The first question surrounded a conversation between Merckling and Thomasson on August 3, 2023. To remind the Court, after the Superb Plaintiffs became aware of the massive fraud and theft that had been perpetrated on them by Defendants, the Superb Plaintiffs contacted the Nassau County Police Department which came to Superb at 215 Northern Boulevard, Great Neck, NY and the Superb Plaintiffs thereafter locked the Deo Defendants out of the dealership. <u>See</u> ECF Docket Entry [316](#) ¶¶ 628-634, 344 n. 5.

  At that time, no action had been commenced against any defendants, including Merckling. The Superb Plaintiffs were also not aware of all of the respective defendants' roles at the dealership at that time. There was no threat at that time of seeking to hold everyone physically at the premises liable for anything at that time. All defendants were simply removed from the property. The instant action was not commenced until August 17, 2023, two (2) weeks later. <u>See</u> ECF Docket Entry [1](#).

  At his deposition, Merckling was not represented by his attorney, Jeffrey Benjamin ("Benjamin"), despite the deposition being virtual. Both Benjamin and Merckling confirmed that Merckling waived his right to have an attorney represent him at the deposition, and that the deposition should move forward.

Merckling was asked:

MR. KATAEV: What did you speak about with Mr. Thomasson on August 3, 2023?

MR. MERCKLING: About being locked out of the business.

Thomasson then objected, directing Merckling not answer any questions concerning any of their conversations on or after August 3, 2023 in order to protect Merckling's attorney client privilege, stating "That was the first conversation I ever had with him, and it was strictly business."[1] (See Exhibit A at 8-9.)

Thomasson's direction to Merckling was patently improper for numerous reasons.

As the Court noted in its decision concerning the privilege dispute over the objection by Benjamin for Deo not to answer certain questions, asserting privilege, the Court would not consider the opposition of Thomasson to Plaintiffs' motion to compel. See ECF Docket Entry 388 at 2 n. 2 ("Mr. Thomasson makes arguments purportedly on behalf of the Deo Defendants—something he is prohibited from doing in light of his disqualification"). The Court noted Thomasson's prior disqualification only permits him "to represent himself and participate in depositions as any other represented party." But he "cannot make arguments on behalf of others." Thomasson was cautioned by the Court on May 9, 2025 not to do so, and again in this Court's January 16, 2026 Order. Notwithstanding the foregoing, Thomasson continued to act as counsel for Merckling by both making objections and instructing Merckling not to answer in order to preserve *Merckling's* privilege. See Ex A at 9 ("MR. KATAEV: I understood that. But my question is, are you instructing him not to answer in order to preserve *his* privilege? MR. THOMASSON: *Yes*") (emphasis added).

While a party may direct a witness not to answer a question to protect the *objecting party's privilege*, only a witnesses' attorney may direct a witness not to answer a question to protect his own privilege. See Fed. R. Civ. P. 30(c)(2). The procedure concerning the assertion of a claim of privilege is clearly delineated in Local Civil Rule ("LCR") 26.2. When an assertion of privilege is made "(1) The person asserting the privilege must identify the nature of the privilege (including work product) which is being claimed." See LCR 26.2.

---

[1] At the deposition, Thomasson also raised the attorney work product privilege. "The work product privilege, protects 'all written materials obtained or prepared by an adversary's counsel' prepared by an attorney 'with an eye toward litigation.'" See Lynch v City of NY, 2021 US Dist LEXIS 213938, at *8 (SDNY Nov. 4, 2021, No. 16-CV-7355 (LAP)) (quoting Upjohn Co. v. United States, 449 U.S. 383, 399 (1984) (quoting Hickman, 329 U.S. at 511). However, there were no written materials at issue for the questions posed to Merckling in his deposition.

2

In this instance, it was Merckling, or his legal representative, being the person asserting the privilege. Thomasson, disqualified from representing Merckling, may not. As such, the direction of Thomasson for Merckling not to answer questions asserting Merckling's privilege was improper, and the objection should not be sustained. Further, Merckling has failed to establish that every communication he had with Thomasson on and after August 3, 2023 was a privileged communication.

"[T]he burden of establishing the existence of the attorney-client relationship and its applicability to the particular circumstances presented is upon the party claiming the privilege. See In re Katz, 623 F2d 122, 125 (2d Cir. 1980).

"The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." See In re County of Erie, 473 F.3d 413, 418 (2d Cir. 2007) (citing United States v. Const. Prod. Research, Inc.,73 F.3d 464, 473 (2d Cir. 1996)). "[T]he party invoking the privilege must show '(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice.'" See Schiller v City of NY, 245 FRD 112, 115 (SDNY 2007) (quoting Erie, 473 F.3d at 419).

As stated by Thomasson, his first communication with Merckling was on August 3, 2023, when Deo and other members of his cohort that were present at Superb were locked out. Merckling was not then a defendant in a lawsuit, nor was there any expressed basis at that time for him to believe that he required any legal representation. There did not appear, at that time, to be any reason Merckling would have engaged in any conversation with Thomasson as a client, and Thomasson as his attorney. There was no indication that at that time Merckling had engaged Thomasson as his attorney. Nor was there any indication that at that time any communication made before Merckling became aware that he was a defendant in this lawsuit, which was not filed until August 17, 2023, that he had any conversation with Thomasson for the purpose of obtaining or providing legal advice. As such, Merckling has failed to establish, as is his burden, that prior to his becoming aware that he was a defendant in this action, that he had any attorney-client relationship with Thomasson.

Further, "not all [attorney-client] communications are protected by the privilege." See Grullon v. Lewis, 2025 US Dist LEXIS 115720, at *5 (SDNY June 17, 2025, No. 24-CV-04892 (VEC)(SN)) (quoting Shahinian v. Tankian, 242 FRD 255, 257 (SDNY 2007). Thomasson's objections and repeated directions for Merckling not to answer any questions about any of his conversations with Thomasson is all encompassing of every communication he and Merckling ever had, irrespective of the topic. Again, there is a complete failure to establish that the questions not yet asked are covered by attorney-client privilege in that there was no indication that the August 3, 2023 conversations were intended to be kept confidential.

The second objection by Thomasson directed Meckling not to answer questions following an inquiry as to Merckling's knowledge of where Plaintiff Anthony Urrutia lived:

> MR. KATAEV: Do you have any knowledge about where Mr. Urrutia lives?
> MR. MERCKLING: Do I have any knowledge?
> MR. KATAEV: Yeah.
> MR. MERCKLING: I believe Costa Rica, or something like that I was told. I don't know.

When asked who told Merckling where Urrutia lived, Thomasson again objected that if Meckling was told this information by Thomasson, it was protected by privilege and he was not to answer any questions about their communications. (See Ex A at 10-11 of the transcript excerpt).

This was similarly inappropriate for the same reasons previously discussed.

In addition to the foregoing arguments, the answer to this question does not concern any privileged communication. "'[A]lthough an attorney-client communication is privileged and may not be divulged, the underlying information or substance of the communication is not, as [plaintiffs here] incorrectly believe, so privileged …. *The factual information is not protected by the attorney-client privilege just because the information was developed in anticipation of litigation.*'" See Masters v Wilhelmina Model Agency, Inc., 2003 US Dist LEXIS 7143, at *11 (SDNY Apr. 28, 2003) (quoting In re Six Grand Jury Witnesses, 979 F.2d 939, 945 (2d Cir. 1992) (emphasis original); also citing Upjohn Co., 449 U.S. at 395-96 ("[the] protection of the privilege extends only to communications and not to facts")".

The final objection concerned a question to Merckling about conversations he had with Thomasson about Superb. Having now had an opportunity to review the transcript, and upon further consideration, Plaintiffs withdraw the question.

Based on the foregoing, Merckling should be compelled to testify about his communications with Thomasson at his continued deposition, and Thomasson should be directed that he may not instruct any witness that he is disqualified from representing not to answer a question.

Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
January 28, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327

4

        (718) 412-2421 (office)
        (917) 807-7819 (cellular)
        (718) 489-4155 (facsimile)
        emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Superb Motors Inc.*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*


CYRULI SHANKS & ZIZMOR LLP

       /s_____
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Remaining Plaintiffs*

**VIA ECF**
All counsel of record