# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

**VIA ECF**  January 29, 2026
United States District Court
Eastern District of New York
Attn: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

      *Re:*   **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
            **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively the "Superb Plaintiffs") in the above-referenced case.  Together with the Island Auto Group Plaintiffs (being all remaining plaintiffs) (collectively "Plaintiffs"), the Plaintiffs submit this letter motion for sanctions against Defendant Michael Laurie ("Laurie").

**Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct." See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 158 (2d Cir. 2012).

Rule 37(b)(2)(A) provides that "[i]f a party ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," which may include various enumerated sanctions. See Fed. R. Civ. P. 37(b)(2)(A). These include providing adverse inference instructions, precluding evidence, and striking pleadings. See Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii).

The Second Circuit has articulated four (4) factors to guide a court's consideration of sanctions under Rule 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted) (cleaned up). The four Agiwal factors "are not exclusive, and they need not each be resolved against" a party to warrant sanctions. See S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010).

Under Rule 37, "a district court has wide discretion in sanctioning a party for discovery abuses." See Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 267 (2d Cir. 1999) (citation omitted). Nonetheless, because "Rule 37 permits the imposition of 'just' sanctions[,] the severity of sanction[s] must be commensurate with the non-compliance." See Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007).

Further, the district court should be guided by the purposes of discovery sanctions, namely, "(1) to ensure that a party will not benefit from its own failure to comply; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well." See Erdman v. Victor, 345 F.R.D. 60, 62 (S.D.N.Y. 2024) (citation and internal quotation marks omitted); accord Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979).

Finally, Rule 16(f)(1) provides in relevant part that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a scheduling or other pretrial order." See Fed. R. Civ. P. 16(f)(1)(C). "[T]he standards to be applied in imposing sanctions under Rule 16 are identical to the familiar standards contained in Rule 37." See Fonar Corp. v. Magnetic Plus, Inc., 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (collecting cases); accord Icon Int'l, Inc. v. Elevation Health LLC, 347 F.R.D. 274, 285-86 (S.D.N.Y. 2024).

**Relevant Facts & Procedural History**

On December 19, 2025, this Court so Ordered the parties' proposed deposition schedule. See ECF Docket Entry 363.  That schedule provided that Laurie's deposition will proceed in person at Defendant Flushing Bank ("Flushing") counsel's office on Thursday, January 29, 2026. Id.  Following the parties' joint letter motion for an extension of time to complete discovery, defendant Harry R. Thomasson, Esq. ("Thomasson") advised that due to recent surgery, he would be unable to attend his in-person deposition scheduled to proceed on Tuesday, January 27, 2026. The parties met-and-conferred concerning depositions and scheduling, and agreed to take Laurie's deposition on Tuesday, January 27, 2026 virtually rather than in-person on Thursday, January 29, 2026 as originally scheduled.

During Laurie's deposition, Laurie testified that he was unaware of his requirement to appear in person on Thursday, January 29, 2026 as ordered.  He further testified that he is currently out of the country in Trinidad, would not be back in the United States until the following week, and did not "have all day" to conduct the deposition.  He was deposed for approximately one-and-a-half (1.5) hours whereupon the parties met-and-conferred and agreed that Laurie would appear for his continued deposition virtually today at 8:30 AM until 12:30 PM at which time he would no longer be available for the day.

At 7:59 AM this morning, Thomasson, who has been disqualified from representing Laurie, wrote to all counsel of record as follows:

> Dear Counselors:
> Dear Counsel: [sic]
> Good morning.  A short time ago I received a text from Michael Laurie that reads as follows: "Good morning Harry location that I'm at has terrible service and we've had rain storms.  The Internet is terrible here.  I will not have enough signal to participate this morning.  Please inform the attorney and we will reschedule for when I return to the US."

2

Neither Thomasson nor Laurie's attorney, Jeffrey Benjamin, Esq. ("Benjamin"), appeared at 8:30 AM. Plaintiffs' counsel placed on the record what had transpired and ended the deposition. See copy of on-the-record statement annexed hereto as **Exhibit "A."**

In addition, the Deo Defendants have repeatedly refused to confirm the depositions of Anthony Deo ("Deo") (continued), Sara Deo ("Sara"),[1] and Dwight Blankenship ("Blankenship").[2] On Monday, January 26, 2026, following the deposition of Defendant Marc Merckling ("Merckling"), the parties met-and-conferred and proposed, as relevant here, the following deposition schedule: (i) Deo's continued deposition to proceed on Thursday, February 12, 2026 (continuing to February 13, 2026 if necessary); (ii) Sara's deposition to proceed on Friday, February 13, 2026; (iii) Blankenship's deposition to proceed on Wednesday, February 18, 2026; and (iv) Thomasson's deposition to proceed on Wednesday, March 4, 2026. The parties also agreed to conduct the deposition of Flushing Bank (four (4) witnesses) on Thursday, February 26, 2026 and Friday, February 27, 2026. Benjamin, who waived his appearance at the depositions of his clients Merckling and Laurie, was not present for this and other meet-and-confers. Benjamin has, notwithstanding, refused to confirm these dates, citing the fact he was not present for the meet-and-confer. Benjamin's objections are unfounded.

**Laurie and Benjamin Should be Sanctioned for Failure to Appear for a Deposition**

"The plain language of Rule 37(b) requires that a court order be in effect before sanctions are imposed." See Salahuddin v. Harris, 782 F.2d 1127, 1131 (2d Cir. 1986); accord Loc. 3621, EMS Officers Union, DD-37, AFSCME, AFL-CIO v. City of New York, 2021 WL 134566, at *3 (S.D.N.Y. Jan. 14, 2021). "The party seeking sanctions bears the initial burden of demonstrating non-compliance with a court order." See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., 328 F.R.D. 100, 119 (S.D.N.Y. 2018) (citation omitted).

Here, Plaintiffs easily meet their burden to establish sanctions are warranted under Rule 37(b). A court order was in effect related to Laurie's deposition pursuant to this Court's December 19, 2025 Text Only Order. Laurie did not comply with the Order by failing to appear for a deposition in-person at Flushing's counsel's office. Critically, Laurie was not even aware of his requirement to do so and was out of the country on the date of his deposition, giving rise to a strong inference that both Benjamin and Thomasson failed to apprise him of his court ordered obligation to be available for his deposition.

---

[1] Sara was originally scheduled to testify tomorrow. However, after conducting the deposition of two (2) corporate representatives of Defendant Libertas Funding, LLC ("Libertas") on January 23, 2026 as scheduled, Plaintiffs sought an additional witness to testify about matters the two (2) corporate representatives had no knowledge of. As a result, Libertas is producing another witness tomorrow.

[2] Blankenship was unavailable to proceed on Monday, January 26, 2026 because, as Thomasson claims, he is engaged in SWAT training. In any event, the deposition of Defendant Merckling took the entire day on January 26, 2026. Notably, Blankenship did not seek leave from this Court to adjourn his deposition as required by this Court's December 19, 2025 Order.

3

Then, notwithstanding the fact Plaintiffs worked with Laurie by meeting-and-conferring with him to conduct his deposition virtually on separate days to accommodate his vacation schedule (when he should not have been on vacation at all), Laurie failed to appear for his deposition as agreed to on Thursday, January 29, 2026, providing only half an hour's notice, imposing a bust fee from the court reporter on Plaintiffs.

As a result, this court should issue appropriate sanctions as argued further *infra*. Notably, the Agiwal factors "are not exclusive, and they need not each be resolved against" a party to warrant the imposition of sanctions. See S. New England Tel. Co., 624 F.3d at 144. Nonetheless, Plaintiffs address each factor *seriatim* below.

As to willfulness and reason for non-compliance, Plaintiffs respectfully submit that Benjamin, Thomasson, and Laurie willfully failed to comply with this Court's December 19, 2025 Order by having Laurie fly and remain out of the country on the day that he was to be deposed in-person at Flushing's counsel's office. The parties negotiated Laurie's deposition to proceed in person in exchange for Urrutia[3] to appear in person for his deposition on Thursday, January 8, 2026, who took great pains to be away from his family and incur the costly expense of travel to do so. In light of the foregoing, Laurie's, Benjamin's, and Thomasson's willfulness is all the more apparent in light of their failure to abide by the parties' agreement, depriving Urrutia of the benefit of the bargain.

As to duration of non-compliance, neither Laurie, Thomasson, or Benjamin have offered any other available dates. Critically, the parties are operating on an already-tight schedule and have had significant trouble completing depositions by the end of February 2026. Laurie's non-compliance should therefore militate in favor of sanctions notwithstanding the short duration of non-compliance due to the greater impact on the parties' deadline to complete discovery, which this Court has already graciously extended multiple times.

As to whether Laurie was warned about the consequences for failure to comply, no such requirement precludes Plaintiffs relief here. "Although formal warnings often precede the imposition of serious sanctions," warnings are not "an absolute condition precedent." See Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991). "Parties and counsel have no absolute entitlement to be 'warned' that they disobey court orders at their peril." Id. That said, "severe sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from continued non-compliance and has nevertheless refused to comply." See Urbont v. Sony Music Ent., 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) (citations omitted); see also Grammar v. Sharinn & Lipshie, P.C., 2016 WL 525478, at *4 (S.D.N.Y. Feb. 8, 2016) ("Courts are generally hesitant to impose terminating sanctions before warning the offending litigant") (citation omitted).

---

[3] Thomasson has repeatedly informed this Court that Urrutia is on the lam and will never return to the United States of America. This has been repeatedly proven false, as Urrutia appeared before the United States Court of Appeals for the Second Circuit on Tuesday, January 6, 2026, for his own deposition on Thursday, January 8, 2026, and for Deo's deposition on Monday, January 12, 2026. Thomasson's repeated arguments about Urrutia have always been and are confirmed to be false.

In light of the foregoing, Plaintiffs respectfully submit that the following sanctions are warranted: (i) Laurie should appear for a deposition in person on [date]; (ii) Laurie, Benjamin, and Thomasson should pay the bust fee issued by the court reporter; and (iii) upon obtaining an Order awarding sanctions, Plaintiffs should be granted leave to seek attorneys' fees pursuant to Rules 37(b)(2)(C) and 16(f).

In addition, because Benjamin has repeatedly refused to appear for depositions and virtual meet-and-confers concerning discovery and scheduling, this Court should issue an Order requiring Deo, Sara, and Blankenship to appear for their depositions on February 12, 13, and 18, respectively.

Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
January 29, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Superb Motors Inc.*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

**CYRULI SHANKS & ZIZMOR LLP**

_____/s_____
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Remaining Plaintiffs*

**VIA ECF**
All counsel of record