# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

January 29, 2026

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

> *Re:* **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
> **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.  Together with the Island Auto Group Plaintiffs (being all remaining plaintiffs) (collectively "Plaintiffs"), the Plaintiffs submit this letter motion to compel deposition testimony of Defendants Anthony Deo ("Deo") and Harry R. Thomasson, Esq. ("Thomasson") concerning all communications between them pursuant to the crime-fraud exception to privilege.

As this Court is aware, this matter concerns allegations by Plaintiffs that Deo, along with other defendants, through a pattern of racketeering, destroyed the Plaintiffs' automobile dealerships by engaging in various schemes to defraud Plaintiffs, their principals, banks, and consumers at large. <u>See</u> ECF Docket Entry <u>316</u>.  They did so primarily through engaging in wire fraud in violation of 18 U.S.C. § 1343 by, *inter alia*, providing false financial information to obtain lender financing which was not repaid, requiring various Plaintiff loan guarantors to satisfy the lenders bankrupting the businesses, obtaining financing from Defendant Libertas Funding LLC ("Libertas") by the sale of receivables for two (2) dealership entities Deo did not own, for the stated purpose of advancing the business of both dealerships, but using the funds instead to invest in Superb, and similarly borrowing funds for the stated purpose of advancing the business and for the benefit of Superb, but using the funds to infiltrate Superb and siphon money out of it by, among other things, misappropriating cash and check payments to a separate bank account improperly opened by Deo at Flushing Bank.

Thomasson was instrumental in carrying out this scheme when Plaintiff Joshua Aaronson ("Aaronson") intercepted the Libertas funds; without the Libertas funds, Deo would never have gotten his foot in the door at Superb.  Thomasson made demands to Aaronson to turn over the Libertas funds and coordinated with Deo to make a criminal complaint, have the Nassau County Police Department ("NCPD") (when two of Deo's conspirators were NCPD police officers) threaten Aaronson with arrest if he did not return the funds, receive the funds in Thomasson's IOLA account, and immediately wire the funds to Deo's bank account for Defendant Car Buyers NYC Inc to be disbursed to Superb.  <u>See</u> ECF Docket Entry <u>316</u>.

Based on the foregoing events alone, Plaintiffs are entitled to disclosure of all communications between Thomasson and Deo, as well as the other Deo Defendants, concerning these events and all surrounding and related events. It is anticipated that Thomasson may disclaim any knowledge of Deo's dastardly deeds, as he has repeatedly done so in the past to unsuccessfully avoid disqualification. However, as set forth below, this is irrelevant for purposes of the instant motion.

"The crime-fraud exception strips the privilege from attorney-client communications that relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." See In re John Doe, Inc., 13 F.3d 633, 636 (2d Cir. 1994) (quoting In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983, 731 F.2d 1032, 1038 (2d Cir. 1984)).

Thus, documents that "would otherwise be protected from disclosure by the attorney-client privilege are not protected if they relate to communications in furtherance of a crime or fraud." See Zimmerman v. Poly Prep Country Day Sch., 2012 WL 2049493, at *6 (E.D.N.Y. June 6, 2012) (quoting Duttle v. Bandler & Kass, 127 F.R.D. 46, 53. (S.D.N.Y. 1989)); see also, e.g., Clark v. United States, 289 U.S. 1, 15 (1933) ("The [attorney-client] privilege takes flight if the relation is abused. A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law"); Madanes v. Madanes, 199 F.R.D. 135, 151 (S.D.N.Y. 2001) ("The crime-fraud exception applies to the work product doctrine just as it does to the attorney-client privilege").

Critically, this is true regardless of whether the attorney knows or suspects the client's fraudulent objectives.[1] See, e.g., Chevron Corp. v. Donziger, 2013 WL 1087236, *3 (S.D.N.Y. March 15, 2013) ("If probable cause exists as to the commission of a fraud or crime, it is not necessary to show also that a lawyer from whom otherwise privileged or protected documents may be sought was a culpable or knowing participant in the fraud or crime.").

"A party wishing to invoke the crime-fraud exception must demonstrate that there is a factual basis for a showing of probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime." See United States v. Jacobs, 117 F.3d 82, 87 (2d Cir. 1997).

---

[1] Plaintiffs respectfully submit there is no light to any anticipated argument that Thomasson did not know about Deo's fraudulent and criminal objectives. Besides working in close quarters with Deo, repeatedly raising rejected arguments in support of ownership that have already been decided by a Justice in the Nassau County Supreme Court, and relentlessly wielding tax returns which case law squarely provides is not dispositive of ownership, Thomasson stands accused of advising his own client in another matter to commit arson and suggesting he may introduce him to individuals who may assist him in this endeavor. See Jill and Mike Enterprises, Inc. v. Thomasson, Index No.: 615345/2023 (Nassau County Supreme Court), ECF Docket Entry 1 ¶ 8 ("[Thomasson's] delays [in getting the restaurant to a closing] were so bad that when [Plaintiff's principal] repeatedly complained to Thomasson about the delays and that it was costing [the restaurant] additional monies each month, Thomasson suggested that [they] meet with someone Thomasson knew to commit arson").

To discharge that burden, the proponent must show "that a 'prudent person' [would] have a 'reasonable basis' for believing that the objective of the client's communication with the attorney was to further a fraudulent scheme." See Amusement Indus. Inc. v. Stern, 293 F.R.D. 420, 426 (S.D.N.Y. 2013) (quoting In re Grand Jury Subpoena, 731 F.2d 1032, 1039 (2d Cir. 1984)). "[T]he probable cause necessary to sustain the exception is not an overly demanding standard," and "[t]he fact that an innocent explanation may be consistent with the facts alleged does not negate probable cause." See A.I.A. Holdings v. Lehman Bros. Inc., 1999 WL 61442, *5 (S.D.N.Y. Feb. 3, 1999) (citation omitted); see, e.g., In re Omnicom Grp., Sec. Litig., 2007 WL 2376170, *11 (S.D.N.Y. Aug. 10, 2007) (application of crime-fraud exception "does not require proof by a preponderance of the evidence").

The rationale for the exclusion is closely tied to the policies underlying these privileges. See In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983, 731 F.2d 1032, 1038 (2d Cir. 1984). Whereas confidentiality of communications and work product facilitates the rendering of sound legal advice, advice in furtherance of a fraudulent or unlawful goal cannot be considered "sound." Id. (citation omitted). Rather advice in furtherance of such goals is socially perverse, and the client's communications seeking such advice are not worthy of protection. See In re International Systems, supra, 693 F.2d at 1242; see also In re Sealed Cases, 676 F.2d 793, 812–13 (D.C. Cir. 1982); Model Code of Professional Responsibility DR 7–102(A)(7) (1976). Such communications are properly excluded from the scope of the privilege even if the attorney is unaware that his advice is sought in furtherance of such an improper purpose. United States v. Hodge and Zweig, 548 F.2d 1347, 1354 (9th Cir.1977).

Once there is a showing of a factual basis, the decision whether to engage in an *in camera* review of the evidence lies in the discretion of the district court. See U.S. v. Zolin, 491 U.S. 554, 572 (1989). Second, if and when there has been an *in camera* review, the district court exercises its discretion again to determine whether the facts are such that the exception applies. See Jacobs, 117 F.3d at 87. These factual determinations are governed by the clearly erroneous standard. Id.

Here, under both prongs required to invoke the crime-fraud exception, and in light of the policy rationale of the exception, disclosure of Deo's attorney-client communications with Thomasson, on the subject of their dealings with each other, are warranted.

*First*, there is reasonable basis to suspect that Deo's communications were in furtherance of the wire fraud they engaged in. Thomasson worked out of an office at Superb in close quarters with Deo, and was present with Deo when the Superb Plaintiffs called the police to report dozens of Superb's missing vehicles and cash.

*Second*, the *in camera* review of any such communications, by an impartial expert such as a special master or forensic examiner, will prevent any improper invocation of this exception. This review will reveal that this exception in fact applies, and that the facts are not so clearly erroneous as to prevent their disclosure. Deo's use of legal advice to assist his breaking of the law is precisely the kind of social perversion that this exception exists to prevent.

The parties met-and-conferred on this subject following the deposition of Plaintiff Jory Baron on Wednesday, January 21, 2026.  While Thomasson would not agree that the crime-fraud exception applied, the parties agreed that a special master and/or forensic examiner be appointed to conduct an *in camera* review, although Thomasson insists that any such costs should be borne by Plaintiffs, while Plaintiffs submit that the costs should be borne equally between the Plaintiffs and the Deo Defendants.

Based on the foregoing, Deo should be compelled to testify about his communications with Thomasson at his continued deposition, as should Thomasson at his deposition, as their assertion of attorney-client privilege should be waived under the crime-fraud exception.

Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
      January 29, 2026                         Respectfully submitted,

**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Superb Motors Inc.*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

**CYRULI SHANKS & ZIZMOR LLP**

            /s_____
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Remaining Plaintiffs*

**VIA ECF**
All counsel of record