# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

**VIA ECF**                                                                 February 2, 2026
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

>    *Re:*    **Superb Motors Inc.**, *et al.* **v. Deo**, *et al.*
>             **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

  This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively the "Superb Plaintiffs") in the above-referenced case.    Together with the Island Auto Group Plaintiffs (being all remaining plaintiffs) (collectively "Plaintiffs"), the Plaintiffs submit this reply letter in further support of their motion to compel deposition testimony of Defendant Marc Merckling ("Merkling").

  For the reasons set forth below, Defendant Harry R. Thomasson, Esq.'s ("Thomasson") opposition should not be considered because his prior disqualification only permits him "to represent himself and participate in depositions as any other represented party", but he "cannot make arguments on behalf of others," it is of no evidentiary value, contains outright falsehoods, and otherwise raises meritless arguments in opposition.  As a result, this Court should compel the deposition testimony of Defendant Marc Merckling ("Merkling").

  *First*, Thomasson was cautioned by the Court on May 9, 2025 not to make arguments on behalf of others, and again in this Court's January 16, 2026 Order. <u>See</u> ECF Docket Entry 388 at 2 n. 2. The impropriety of Thomasson's actions, and that of his replacement counsel, Jeffrey Benjamin ("Benjamin"), to skirt the Court's Order of Thomasson's disqualification is palpable. Benjamin does not attend the various "meet and confer" meetings between counsel, in which Thomasson halfway commits to the appearances of Benjamin's clients. Benjamin chooses not to appear and defend the depositions of his clients, except for Anthony and Sara Deo, deferring to Thomasson to "*de facto*" defend the other depositions of his former clients, directing them not to answer questions. Indeed, Thomasson has, for the second time, submitted arguments on behalf of a former client, concerning an issue of privilege, after previously being admonished by this Court not to do so. And Benjamin did not even submit any argument on behalf of his own client, except a letter, which was untimely, adopting the arguments of Thomasson. It is time for this charade to end. This Court should disregard both opposition letters of Thomasson and Benjamin.

  *Second*, Thomasson's statements and averments in his letter response in opposition may not be considered by this Court because they are of no evidentiary value.  <u>See</u> ECF Docket Entry 396 at 1 (citations omitted).

*Third*, Thomasson claims that the Nassau County Police Department ("NCPD") confronted him with accusations that Deo, Merckling, and Dwight Blankenship ("Blankenship") were being accused by Bruce Novicky ("Novicky") of criminal theft of more than 102 vehicles. However, this is unsupported by the evidence in the Plaintiffs' position, and directly contradicted by Novicky himself.  See Reply Declaration of Bruce Novicky ("<u>Novicky Decl.</u>") ¶¶ 4-15, Reply Exhibit "A."

*Fourth*, Thomasson argues that he verbally confirmed that very night on August 3, 2023 that he would represent Deo, Merckling, and Blankenship for any criminal complaint and, presciently, civil litigation.  However, there is no corroborating testimony of this by Merckling. And Thomasson fails to provide any written evidence of this, notwithstanding the requirement that every lawyer must make a written record of its engagements at or near the time of each new engagement.  <u>See</u> Rule 1.10(e) of the New York Rules of Professional Conduct ("RPC").

*Fifth*, Thomasson's own written submissions make it evident that he did not represent Merckling nor Blankenship following the August 3, 2023 report to the NCPD.  On August 9, 2023, Thomasson submitted a letter to Urrutia and Novicky directly in which he stated that he represents Deo and, bizarrely, Superb.  <u>See</u> ECF Docket Entry <u>12-1</u> ("Please be reminded that this office represents Anthony Deo and Superb Motors ...").  In subsequent letters from Thomasson dated August 11 and August 15 in 2023, each submitted *before* the August 17, 2023 complaint in this case was filed, Thomasson repeats that he represents only Deo and Superb.  <u>See</u> ECF Docket Entries <u>12-2</u> and <u>12-3</u>.  Thomasson only submitted a notice of appearance asserting that he represents Merckling and Blankenship, together with the other Deo Defendants, on September 11, 2023, after Plaintiffs filed the August 17, 2023 complaint against them, and only after Thomasson's failed bid to avoid injunctive relief being entered against them on the grounds that they were not properly served.  <u>See</u> ECF Docket Entries <u>29</u>, 21, 22, and <u>154-1</u> at 9:9-18:5.

For the foregoing reasons, Plaintiffs' letter motion to compel testimony regarding Thomasson's communications with the Deo Defendants must be granted.  Plaintiffs thank this Court for its continued time and attention to this case.

Dated:  Jamaica, New York
       February 2, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.*
*Team Auto Sales LLC, &*
*Robert Anthony Urrutia*

CYRULI SHANKS & ZIZMOR LLP

_____/s_____

Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Remaining Plaintiffs*

**VIA ECF**
All counsel of record