UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP,  FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC

Defendants.

-------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**REPLY DECLARATION OF BRUCE NOVICKY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL TESTIMONY UNDER THE CRIME-FRAUD EXCEPTION TO THE ATTORNEY-CLIENT PRIVILEGE**

Bruce Novicky declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.      I am the former Chief Operating Officer ("COO") of Superb Motors Inc. ("Superb") and Team Auto Sales LLC ("Team").[1]

2.      Superb, Team, and Robert Anthony Urrutia ("Urrutia") consist of one group of Plaintiffs in this case.

3.      As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of documents I maintained at Superb and Team in addition to information I have learned from employees, customers, vendors, and other third parties concerning the Defendants and their conduct.

4.      I have read and reviewed Defendant Harry R. Thomasson, Esq.'s ("Thomasson") letter dated January 28, 2026.  See ECF Docket Entry 393.

5.      In it, Thomasson first claims that I made a criminal complaint against Defendants Anthony Deo ("Deo"), Marc Merckling ("Merckling"), and Dwight Blankenship ("Blankenship") with the Nassau County Police Department ("NCPD").

6.      This is demonstrably untrue, as I only made a criminal complaint against Deo.

7.      During the time the NCPD was present at Superb, Thomasson did show up and asked to sit with the police privately.

8.      He ultimately did so, but because he did not seem to get what he wanted, he instead started cleaning out what was his office.

9.      To the best of my memory, at the time, our criminal complaint was solely against Deo in relation to the missing vehicles.

---

[1] I also served as a COO to Volkswagen of Freehold in New Jersey, Team Mitsubishi-Hartford in Connecticut, and Team Nissan of Pittsfield, Massachusetts.

10.    To the best of my knowledge, there was a supporting deposition drafted by Detective Fisher, but I cannot locate a copy of it.

11.    To the best of my memory, the criminal complaint dealt with missing vehicles naming Deo as the individual responsible for same without reference to Merckling nor Blankenship.

12.    A week later, on or about August 10, 2023, Detective Fisher drafted a second supporting deposition for my review, which I later signed.  See copy of draft unsigned supporting deposition in my possession annexed hereto as **Reply Exhibit "A."**

13.    In the supporting deposition, I only asked that Deo be arrested – not Merckling or Blankenship – as, at the time, I was unaware of their involvement in Deo's conduct.

14.    This exhibit supports my memory that neither Merckling or Blankenship were implicated in our criminal complaint against Deo.

15.    As an aside, I do recall that Merckling was present with Deo during the time the NCPD was present.

16.    Similarly, while Blankenship was also present, he did not stick around and appeared not to want to encounter anyone from the NCPD there; I recall him leaving shortly after first seeing him.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 2, 2026.



Bruce Novicky