# THE LINDEN LAW GROUP, P.C.
**250 Park Avenue, 7th Floor**
**New York, New York 10177**
**(212) 655-9536**

---

February 4, 2026

**Via ECF**

Honorable James M. Wicks
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
              Case No. 2:23-cv-6188 (JW)

Dear Judge Wicks:

    On behalf of the Deo Defendants, I respond to yet another baseless motion for sanctions at ECF Doc #397. Plaintiff's counsel should remember that the "already-tight schedule" (Para 4, page 4 of Doc #397) and need for their mad dash to conduct depositions, was a crisis of their own making, i.e. their failure to proceed with discovery over years of their own case.

    As to Doc. #398, I take no position as Mr. Thomasson is the focus of Plaintiff's counsel's ire, and defer to his response.

    By way of background and as an initial matter, there is simply no case against any of the "Defendants" Merckling, Laurie and Blankenship. Involving those individuals was simply a harassment technique by desperate Plaintiff's counsel to sow dissension between them, to increase cost on the Defendants, the Deos, and drum up further legal fees for themselves. In reality, these individuals are arguably third parties who should have been subpoenaed.

    Nonetheless, it is each of these individuals' prerogative to waive my appearance at their depositions and save the cost of same for an utterly useless endeavor. Plaintiff's counsel's ostensible need to bill the file is not a reason to drag the Court into multiple motions for sanctions attacking their adversaries' and their attorney-client relationships. Mr. Laurie's connection problems as he was out of the country are not a reason for sanctions; neither is my non-appearance with the consent of the witness.

    Plaintiff's counsel also needs a primer on the definition of "meet and confer." As my client waived my appearance at the deposition, it was incumbent on counsel to make a minimal attempt to contact me as to their [*proposed*] schedule for the balance of the depositions. But of course, perhaps tactically, no email and no phone call. Counsel simply imposed their [proposed] schedule as to my clients continued depositions after the fact, and under the time-pressure they created over the years of this case. Plaintiff's counsel seems to be arguing that my client's waiver of appearance at a deposition actually translates into a waiver of the meet-and-confer requirement.

It is simply a misrepresentation to the Court that I "refused to confirm" the [*proposed*] dates (Page 3, Para 2). Scant contact between us indicates only counsel's unilateral imposition of a proposed deposition schedule, and upon my clients without even an attempt to contact me in advance.

The instant motions are yet another example of Plaintiff's counsel looking to mire the Court in the mud of lawyer bickering, harassment of witnesses given a self-imposed time crunch, and Plaintiff's pervasive bad faith litigation tactics. I hope the Court tires of Plaintiff's counsel's baseless and vexatious motion practice made simply to harass, annoy and multiply cost on its adversary.

Thanking the Court for its consideration in this matter.

Very truly yours,

*Jeffrey Benjamin*
Jeffrey Benjamin, Esq.