# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  
Wantagh, New York  11793  
Tel. 516-557-5459  
hrtatty@verizon.net

Admitted:  
Massachusetts  
New York

VIA ECF ONLY         February 4, 2026

Honorable James M. Wicks  
U.S. Federal District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

    Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*  
            Case No. 2:23-cv-6188 (JW)

Your Honor:

    Please be reminded that I am a *pro-se* Defendant in the above-referenced matter.  I am writing in opposition to Plaintiffs' pending Motion *at* ECF docket #398 for sanctions over the deposition of Michal Laurie.  Please be advised, as follows:

1. I join the opposition filed by Mr. Benjamin on behalf of the Deo co-Defendants in all respects as it opposes the Motion for Sanctions.

2. The deposition of Michael Laurie commenced on January 27, 2026.  At other depositions on January 23 and January 26, 2026 (both in this lawsuit), Mr. Kataev (on January 23) and Mr. Ruderman (on January 26) offered to adjourn my deposition previously scheduled for January 27 due to recent surgery I had along with minor complications therefrom.  I offered to do my deposition as scheduled, but only if I could do the deposition remotely, as most of the depositions have been conducted in this case (remotely).  They indicated that they wanted to conduct my deposition in person, only, so they asked if I could arrange anyone else to do a deposition on January 27, and I was able to reach Mr. Laurie who agreed to commence his deposition that day remotely.  I informed all of the attorneys on this case that Mr. Laurie's deposition could commence remotely on January 27, and that deposition did commence that day.

3. At that deposition, we all learned that Mr. Laurie was in Trinidad dealing with a sickness in his family, and that it is necessary in Trinidad to schedule appointments to visit the sick in hospitals in Trinidad, and that Mr. Laurie had to leave the deposition early due to an appointment to go to the hospital.  Mr. Ruderman asked Mr. Laurie if he could still continue his deposition as previously scheduled on January 29th, and Mr. Laurie agreed as long as it could be remote, which the lawyers in his January 27th deposition all agreed to do (conduct his deposition remotely on January 29).

1

4. On the morning of January 29, Mr. Laurie sent me a text that read exactly as follows: "Good morning Harry location that I'm at has terrible service and we've had rain storms. The Internet is terrible here. I will not have enough signal to participate this morning. Please inform the attorney and we will reschedule for when I return to the US." I sent that wording in its exact form to all attorneys of record in an email, and the instant Motion ensued, needlessly.

5. The Plaintiffs by and through counsel agreed to conduct the Laurie deposition remotely on January 27, and again agreed to conduct his deposition remotely on January 29, 2026. Mr. Laurie indicated on the 27th that he would be returning to New York this week, yet the Plaintiffs by and through counsel agreed to conduct the deposition remotely on January 29, and Mr. Laurie clearly agreed to same. Unfortunately, he indicated in his text to me on the morning of January 29 that he encountered difficulties while in a less developed, foreign country. I have no idea what I did wrong that is sanctionable, so I join Mr. Benjamin's opposition in all respects. Please deny this ridiculous Motion in all respects. Mr. Laurie tried to cooperate, I tried to cooperate, and no one intentionally did anything wrong here, your Honor. There was no meet and confer that took place, and no one is attempting to prevent the deposition of Mr. Laurie. Simply put, this is a discovery kerfuffle that need not involve an unnecessary Motion for Sanctions.

Awaiting the Court's decision, I remain,

> Very truly yours,
>
> *Harry R. Thomasson*
>
> Harry R. Thomasson, Esq.