# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

<u>VIA ECF</u>                                                                                                                                February 9, 2026
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

        *Re:*    <u>**Superb Motors Inc.**, *et al.* **v. Deo**, *et al.*</u>
               <u>**Case No.: 2:23-cv-6188 (JMW)**</u>

Dear Judge Wicks:

      This firm together with Cyruli Shanks & Zizmor LLP represents the Plaintiffs in this case, who write in further support of their letter motion for Rule 37 sanctions against Defendant Michael Laurie ("Laurie") in accordance with this Court's February 5, 2026 Order permitting Plaintiffs to file a two-page double spaced reply letter in further support.

      First, as this Court has done in the past, it should decline to consider Defendant Harry R. Thomasson, Esq.'s ("Thomasson") arguments made on behalf of Laurie due to his disqualification. <u>See</u> ECF Docket Entry 388 at 2 n. 2.

      As for Laurie's counsel Jeffrey Benjamin, Esq. ("Benjamin"), he provides no basis to deny the relief Plaintiffs seek. Although he bemoans Laurie's involvement in this case and speculates as to alleged improper motives, the Deo Defendants altogether ignore Laurie's central role in securing financing for Deo to execute his schemes to defraud and Laurie's prior fraud conviction. Benjamin also argues that Laurie's internet connection problems from Trinidad are not a reason for sanctions, but ignores the fact this Court's December 19, 2025 Order required Laurie to appear for his deposition in person. Yet, Laurie claims he was not even aware of the December 19, 2025 Order.

      Benjamin also absurdly argues that despite waiving his appearance for Laurie's deposition, Plaintiffs must make an independent effort to meet-and-confer with him. Benjamin

has consistently abdicated his involvement in this case, such as being absent at the Court-ordered meet-and-confer to initially schedule depositions, to which he offered no input. Plaintiffs cannot be tasked with tracking him down each time all other counsel have scheduled gatherings.

Indeed, Benjamin's waiver of his appearance at Laurie's deposition disposed of that obligation. Necessarily all counsel, being together and aware of the limited time to complete depositions, conferred following depositions to work with each other's schedules and address other discovery issues. Benjamin's persistent and deliberate absences, after which he remains unengaged, do not warrant extraordinary efforts of engagement on our part, and he should be deemed to have waived any general attorney meetings, and for which, historically, he played no role. See Veleron Holding, B.V. v. BNP Paribas SA, No. 12-CIV.-5966 (CM) (RLE), 2014 WL 4184806, at *2 (S.D.N.Y. Aug. 22, 2014) ("Courts have excused the meet-and-confer requirement where...efforts at informal compromise would have been clearly futile") (internal quotation omitted); see also Marsh USA LLC v. Parrish, No. 25-CIV.-6208 (GBD) (GS), 2025 WL 3650773, at *3 (S.D.N.Y. Dec. 17, 2025) (citing, e.g., Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd., No. 07-CIV.-7983 (DAB) (HBP), 2017 WL 4129644, at *2 (S.D.N.Y. Sept. 18, 2017) ("Ordering the parties to meet and confer at this point would only 'further delay ... resolving these issues on the merits.'" (quoting Time Inc. v. Simpson, 02-CIV.-4917 (MBM) (JCF), 2002 WL 31844914, at *2 (S.D.N.Y. Dec. 18, 2002)); Gibbons v. Smith, 01-CIV.-1224 (LAP), 2010 WL 582354, at *2 (S.D.N.Y. Feb. 11, 2010) (finding relief from the meet-and-confer requirement warranted where "any attempt to resolve the dispute informally would have been futile"). Accordingly, if this Court finds that Benjamin's non-appearance did not waive the requirement to meet-and-confer, it should find doing so would be futile and issue appropriate sanctions under Rule 37. Plaintiffs thank this Court for its time and attention to this case.

Dated: Jamaica, New York  
       February 9, 2026

Respectfully submitted,  
**SAGE LEGAL LLC**  
By:  */s/ Emanuel Kataev, Esq.*

Dated: New York, New York  
       February 9, 2026

**CYRULI SHANKS & ZIZMOR LLP**  
      /s  
Jeffrey Ruderman, Esq.

**VIA ECF**  
All counsel of record

*Attorneys for Plaintiffs*