# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

<u>**VIA ECF**</u>                                                                                    February 9, 2026
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

> *Re:*     **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
>              <u>**Case No.: 2:23-cv-6188 (JMW)**</u>

Dear Judge Wicks:

This firm together with Cyruli Shanks & Zizmor LLP represents the Plaintiffs in this case, who write in further support of their letter motion to compel deposition testimony of Defendants Anthony Deo ("Deo") and Harry R. Thomasson, Esq. ("Thomasson") concerning all communications between them pursuant to the crime-fraud exception to privilege, in accordance with this Court's February 5, 2026 Order permitting Plaintiffs to file a two-page double spaced reply letter in further support.

*First*, Deo's counsel Jeffrey Benjamin, Esq. ("Benjamin") "take[s] no position" on the request and thus does not oppose the relief sought on behalf of Deo, and Thomasson is forbidden from making any arguments on Deo's behalf, such that Deo's attorney-client privilege with Thomasson should be deemed waived on this independent ground.

*Second*, to the extent this Court does not find that privilege has been waived on this ground and will consider Thomasson's opposition, Thomasson ignores that his conduct is central in this case as he, himself, engaged in bank and wire fraud by delivering the Libertas Funds to Defendant Car Buyers NYC Inc (as opposed to Northshore, the entity which procured the financing at Deo's behest and represented and was contractually required to use the funds solely for Northshore's operations). Thomasson also kept $12,000.00 of those funds, representing to Libertas that the funds should not be returned to it pending the Order to Show Cause filed by

Island Auto Group Plaintiffs in the state court action before the Hon. Sharon M.J. Gianielli, J.S.C. ("Justice Gianelli").  <u>See</u> Reply Declaration of Emanuel Kataev, Esq. ¶¶ 4-19, Exhibits A-C.

*Third*, Thomasson argues his lack of knowledge, despite conceding that Plaintiffs "state the elements of the crime/fraud exception on point," which standard <u>does not require knowledge</u> by Thomasson concerning Deo's crimes or frauds.

*Fourth*, Thomasson also argues that individually named Plaintiffs were unable to testify as to what wrongs he engaged in, which, besides being irrelevant to the instant dispute, is a mischaracterization of the record.  <u>See</u> ECF Docket Entries 406-6 at 29:19-30:21, 46:14-49:10, 91:8-96:7, 134:7-136:25, 220:2-223:9 and 406-4 at 20:19-25:7, 30:15-20.

*Finally*, Thomasson's argument concerning pleading deficiencies under Rule 9(b) is baffling in that Plaintiffs' RICO claims already survived a motion to dismiss.

Accordingly, because Plaintiffs provide a factual basis to conclude that a crime has occurred in relation to Thomasson's conduct, as set forth in the reply declaration and accompanying exhibits, and since Thomasson fails to provide any basis to deny the relief requested, this Court should find that the attorney-client privilege between Thomasson and the Deo Defendants has been waived under the crime-fraud exception.

Plaintiffs thank this Court for its time and attention to this case.

Dated: Jamaica, New York
       February 9, 2026

Dated: New York, New York
       February 9, 2026

**VIA ECF**
All counsel of record

Respectfully submitted,
**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*

**CYRULI SHANKS & ZIZMOR LLP**
_____/s_____
Jeffrey Ruderman, Esq.

*Attorneys for Plaintiffs*