UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No.: 2:23-cv-6188 (JMW)

**REPLY DECLARATION OF EMANUEL KATAEV, ESQ. IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL TESTIMONY PURSUANT TO THE CRIME-FRAUD EXCEPTION TO <u>ATTORNEY-CLIENT PRIVILEGE</u>**

                                     Plaintiffs,

        -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC,

                                     Defendants.
-------------------------------------------------------------------X

Emanuel Kataev, Esq., declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.  I am admitted to practice before this Court and am a member of Sage Legal LLC, attorneys for the Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") in this case.

2.  As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the file maintained by this office.

3.  Together with Cyruli Shanks & Zizmor LLP, our firms represent the Plaintiffs in this case.

4.  The evidence adduced in discovery is sufficient to find probable cause to believe that a crime or fraud had been committed and that there were communications in furtherance thereof. See In re Grand Jury Subpoena Duces Tecum (Mark Rich), 731 F.2d 1032, 1039 (2d Cir. 1984).

5.  Namely, Defendant Anthony Deo ("Deo") applied for $750,000.00 in funding from Defendant Libertas Funding LLC ("Libertas") on behalf of Defendant Northshore Motor Leasing LLC ("Northshore") on November 15, 2022 and Deo made a representation and warranty within his agreement with Libertas that he is entering into the agreement solely for business purposes and not for personal, family or household purposes. See copy of agreement annexed hereto as **Exhibit "A"** bearing Bates stamps LIB1-LIB17 at LIB5 ¶ V(16)(A).

6.  Similarly, Deo represented and warranted that Northshore agreed to use the funds "exclusively for the benefit and advancement of [Northshore's] business operations and for no other purpose." Id.

7.  Upon information and belief, Libertas deposited $735,000.00 after deducting a $15,000.00 origination fee in an account owned by Defendant 189 Sunrise Hwy Auto LLC ("Sunrise").

2

8. Upon information and belief, Plaintiff Joshua Aaronson removed the funds from the Sunrise account, and later returned them to Defendant Harry R. Thomasson, Esq. ("Thomasson") by depositing the funds in Thomasson's escrow account. See copy of correspondence between Thomasson, counsel for Island Auto Group Plaintiffs, and Detective Marx annexed hereto as **Exhibit "B"**

9. Despite being directed to hold the funds in his escrow account, Thomasson immediately released $723,000.00 of the funds to Defendant Car Buyers NYC Inc ("Car Buyers") on November 22, 2022. See copy of subpoenaed bank statement from Bank of America for Car Buyers annexed hereto as **Exhibit "C"** at 3.

10. In doing so, Thomasson kept $12,000.00 of the Libertas funds for himself. Id.

11. Upon receiving the funds at Car Buyers, Deo made several payments.

12. First, Deo paid $500,000.00 to Superb as part of the Cross-Purchase Agreement. Id. at 3 and 4 ($300,000.00 payment on November 22, 2022 and $200,000.00 payment on November 29, 2022); see also ECF Docket Entry 11-1 at 1.

13. In doing so, Deo violated the agreement with Libertas because he did not use the funds to benefit and advance Northshore's business operations, as the $500,000.00 only benefitted and advanced Superb's business operations.

14. Separately, Deo's payment of $500,000.00 constituted a breach of his representation and warranty that Northshore's assets were not encumbered as set forth in the Cross-Purchase Agreement. See ECF Docket Entry 11-1 at 3-4 ¶¶ 3 and 4.

15. Deo's payment of the $500,000.00 to Superb thus constitutes fraud.

16. Second, Deo also paid $15,000.00 to DLA Capital Partners Inc, which was essentially to Defendant Michael Laurie. See **Exhibit "C"** at 3.

17. Third, Deo paid $213,000.00 to Jun Wang and Associates towards the purchase of the residence he was renting at 3 Hunting Lane, Old Westbury, NY 11568. See Id. at 3 (showing two (2) payments on November 28, 2022 in the amounts of $173,000.00 and $40,000.00, respectively); see also Deo, *et al.* v. Wei, Index No.: 612890/2025, NYSCEF Docket Entries 9 (first contract of sale), 10 (lease), 11 (contract rider), 72 (Order), 77 (amended Order).[1]

18. In doing so, Deo violated the agreement with Libertas because he used the funds for personal purposes.

19. Based on the foregoing, Deo's conduct constitutes fraud on multiple levels.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 9, 2026.

                         */s/ Emanuel Kataev, Esq.*
                         Emanuel Kataev, Esq.

---

[1] Deo never closed on the Old Westbury, NY home and stopped paying rent there, resulting in litigation.