UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                Plaintiffs,

    -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC,

                Defendants.
------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**SUPPLEMENTAL REPLY DECLARATION OF EMANUEL KATAEV, ESQ. IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL TESTIMONY PURSUANT TO THE CRIME-FRAUD EXCEPTION TO ATTORNEY-CLIENT PRIVILEGE**

        Emanuel Kataev, Esq., declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am admitted to practice before this Court and am a member of Sage Legal LLC, attorneys for the Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") in this case.

2. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the file maintained by this office.

3. Together with Cyruli Shanks & Zizmor LLP, our firms represent the Plaintiffs in this case.

4. In Plaintiffs' reply letter in further support, Plaintiffs argued that Defendant Harry R. Thomasson, Esq. ("Thomasson") "represent[ed] to Libertas that the funds should not be returned to it pending the Order to Show Cause filed by the Island Auto Group Plaintiffs in the state court action before [Justice Gianelli]." See ECF Docket Entry 409 at 1-2.

5. Your undersigned neglected to include evidence of Thomasson's representation to Libertas in the original reply declaration.

6. Evidence of this representation is contained in the Rule 30(b)(6) deposition transcript of Libertas representative, a rough transcript of which is annexed hereto as **Supplemental Exhibit "A."**

7. At pages 51 to 53[1] of the transcript, the 30(b)(6) representative of Libertas explains that Thomasson sent an email stating "It seems it would be a serious mistake for my client to move money that we have been notified as the subject of a judicial proceeding," when all the while, Thomasson already had $12,000.00 of the Libertas funds.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 9, 2026.

                                                                                                     */s/ Emanuel Kataev, Esq.*
                                                                                                     Emanuel Kataev, Esq.

---

[1] Referring to the page numbers from the rough transcript rather than the page numbers of the actual PDF document.