UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

        Plaintiffs,

  -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC,

        Defendants.
-------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE DEO DEFENDANTS' COUNTERCLAIMS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................1

LEGAL STANDARD ......................................................................................................................1

ARGUMENT ...................................................................................................................................2

    I.       Thomasson's and the Deo Defendants' Counterclaims Fail to State Claims for Relief ...................................................................................................................................2

           A.  Thomasson and the Deo Defendants Fail to State a Claim for Defamation *Per Se* ...........................................................................................2

           B.  Thomasson and the Deo Defendants Fail to State a Claim for Libel ... 4

CONCLUSION ................................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

Albert v. Loksen,
    239 F.3d 256 (2d Cir. 2001) ................................................................................................ 4

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ..................................................................................................... 1, 2

Bell v. Alden Owners, Inc.,
    299 A.D.2d 207 (1st Dept. 2002) ......................................................................................... 4

Bell Atl. Corp. v. Twombly,
    550 U.S. 554 (2007) ........................................................................................................... 1

Conte v. Newsday, Inc.,
    703 F. Supp. 2d 126 (E.D.N.Y.2010) .................................................................................. 3

Evans v. Waldo,
    No. 04-CIV.-566, 2006 WL 2689819 (E.D.N.Y. Sept. 18, 2006) ...................................... 6

Greenberg v. Spitzer,
    155 A.D.3d 27 (2d Dept. 2017) .......................................................................................... 2

Hayden v. Paterson,
    594 F.3d 150 (2d Cir. 2010) ........................................................................................... 1, 3

Lader v. Delgado,
    941 F. Supp. 2d 267 (E.D.N.Y. 2013) ................................................................................. 3

Lue v. JPMorgan Chase & Co.,
    No. 19 Civ. 9784, 2021 WL 1108558 (S.D.N.Y. Mar. 23, 2021) ................................... 5, 6

McGough v. Phillips & Associates, PLLC,
    No. 153216/24, 2026 WL 173973 (1st Dept. Jan. 22, 2026) ............................................... 4

Pecue v. West,
    233 N.Y. 316 (1922) ........................................................................................................... 3

Pezhman v. Chanel,
    157 A.D.3d 417 (1st Dept. 2018) ........................................................................................ 3

Rabushka v. Marks,
    256 A.D.2d 562 (2d Dept. 1998) ......................................................................................... 2

Rakocevic v. Koutsoudakis & Iakovou L. Grp., PLLC,
    No. 24 CIV.2567 (LGS), 2025 WL 327924 (S.D.N.Y. Jan. 28, 2025) .............................. 4

Shenkman v. O'Malley,
    2 A.D.2d 567 (1956) ......................................................................................................... 2

Toker v. Pollak,
    44 N.Y.2d 211 (1978) ....................................................................................................... 2

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 3, 4, 5, 6

**Secondary Authorities**

35 NY Jur, Libel and Slander, § 91 ........................................................................................... 2

Restatement, Torts (2d), § 584, *et. seq.* ..................................................................................... 2

Prosser, Torts (4th ed.), s 114 .................................................................................................... 2

**PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this memorandum in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or the "Rule"), for an Order dismissing the counterclaims asserted by Defendant Harry R. Thomasson, Esq. ("Thomasson") and the remaining Deo Defendants[1] in their answers with counterclaims, and for such other and further relief as the Court may deem just and proper. See ECF Docket Entries 335 and 336.

For the reasons set forth below, Plaintiffs' motion should be granted.

**LEGAL STANDARD**

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). *First*, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; see also Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). *Second*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." See Iqbal, 556 U.S. at 679. To survive a Rule 12(b)(6) motion, the allegations must meet a standard of "plausibility." See Iqbal, 556 U.S. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 554, 557 (2007).

---

[1] The Deo Defendants consist of Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp. (collectively hereinafter the "Deo Defendants").

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678.

## ARGUMENT

### I. Thomasson's and the Deo Defendants' Counterclaims Fail to State a Claim

#### A. Thomasson and the Deo Defendants Fail to State a Claim for Defamation *per se*

"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation *per se*" See Greenberg v. Spitzer, 155 A.D.3d 27, 41 (2d Dept. 2017). When a defamation claim is not pled with the requisite specificity, it will be dismissed. See Rabushka v. Marks, 256 A.D.2d 562 (2d Dept. 1998).

"Public policy mandates that certain communications, although defamatory, cannot serve as the basis for the imposition of liability in a defamation action." See Toker v. Pollak, 44 N.Y.2d 211, 218 (1978), citing Shenkman v. O'Malley, 2 A.D.2d 567, 572 (1956); Restatement, Torts (2d), § 584, *et. seq.;* Prosser, Torts (4th ed.), s 114; 35 NY Jur, Libel and Slander, § 91. "Communications falling within this category are deemed privileged, either absolutely or qualifiedly." Id. (citing Shenkman, 2 A.D.2d at 572 and 35 NY Jur, Libel and Slander, § 91).

Indeed, communications afforded an absolute privilege are perhaps more appropriately thought of as cloaked with an immunity, rather than a privilege against the imposition of liability in a defamation action. See Prosser, Torts (4th ed.), s 114, n. 66.

2

This immunity, which protects communications irrespective of the communicant's motives, has been stringently applied; its protective shield has been granted to those individuals participating in a judicial proceeding. See, e.g., Pecue v. West, 233 N.Y. 316, 319-320, 325 (1922) ("If [the judge] decide that the occasion was one of absolute privilege, the defendant is entitled to judgment, however maliciously and treacherously he may have acted").

Critically, "[s]tatements made in the course of judicial proceedings are *absolutely privileged*" and therefore may not form the basis of a claim for defamation. See Conte v. Newsday, Inc., 703 F. Supp. 2d 126, 146 (E.D.N.Y.2010). This includes statements made in a complaint. See Lader v. Delgado, 941 F. Supp. 2d 267, 273 (E.D.N.Y. 2013) (defamation claim "subject to dismissal because the allegedly defamatory statements were made in pleadings that relate to the subject matter" of the lawsuit, and are therefore absolutely privileged); see also Pezhman v. Chanel, 157 A.D.3d 417, 418 (1st Dept. 2018) (allegedly defamatory statements of law firm and its attorneys were made in the course of firm's representation of client in prior action, and were therefore protected by absolute privilege).

Here, this counterclaim fails because Thomasson and the Deo Defendants offer no supporting factual information, i.e., who, what, when, where, why, regarding their *prima facie* case for defamation *per se*, and are thus conclusory. This renders this counterclaim no more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," which is not sufficient to withstand a motion to dismiss under Rule 12(b)(6). Id. at 678; see also Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).

Even if this counterclaim were adequately pled – which it was not – the statements in question made by Plaintiffs in the Court filings are immune from defamation claims.

3

In Thomasson's and the Deo Defendants' pleadings, they each assert a counterclaim for defamation on the grounds that the allegations in the Plaintiffs' *pleadings* are defamatory *per se*. See Docket Entries 335 at 71 ¶¶ 20-22, 74 ¶ 47 ("Publishing to third parties for the world to see through this Court such allegations constitute Defamation *per se*"), 76 ¶¶ 53-54 and 336 at 71 ¶¶ 20-24, 73 ¶ 30 (same), 75 ¶¶ 36-37. Since pleadings are part and parcel of the litigation privilege, and the Deo Defendants point to no allegedly defamatory statements outside of the pleadings, the litigation privilege bars their defamation claim.

Moreover, there is no question that absolute immunity applies for Plaintiffs' filing of the complaint in this case, and the Deo Defendants have not adequately pled that Plaintiffs published any statement concerning the pleadings outside of the Court filings (which they have not), warranting dismissal of the counterclaims for failure to state a claim. See McGough v. Phillips & Associates, PLLC, No. 153216/24, 2026 WL 173973, at *1 (1st Dept. Jan. 22, 2026) ("The court's dismissal of the defamation claim on the basis of the litigation privilege was correct only insofar as premised on statements made in the complaint (or otherwise to the court)").

**B. Thomasson and the Deo Defendants Fail to State a Claim for Libel**

A counterclaim alleging slander is insufficient as a matter of law where the defendants' pleadings specify neither the particular words complained of nor identified to whom they were allegedly published. See Bell v. Alden Owners, Inc., 299 A.D.2d 207, 208-209 (1st Dept. 2002).

Moreover, to the extent Defendants purport to assert separate claims for "libel" and "defamation *per se*," such claims are duplicative, as libel is a form of defamation and defamation *per se* concerns damages, not a distinct cause of action. See Albert v. Loksen, 239 F.3d 256, 265 (2d Cir. 2001); see also Rakocevic v. Koutsoudakis & Iakovou L. Grp., PLLC, No. 24 CIV.2567 (LGS), 2025 WL 327924, at *2 (S.D.N.Y. Jan. 28, 2025).

4

The second counterclaim must therefore be dismissed due to these deficiencies. Indeed, Thomasson's and the Deo Defendants' claim for libel has not been sufficiently pleaded, such that it may defeat a motion under Rule 12(b)(6). They merely state such conclusory statements as "[t]he allegations of criminal wrongdoing against Plaintiffs in Counterclaim by Defendants in Counterclaim [*sic*] pursuant to their Plan are outrageous, shocking, intentional, knowing, wrongful, fraudulent, and published repeatedly through the Complaints in the instant and prior actions," and "all allegations made to date by the Defendants in Counterclaim against the Plaintiffs in Counterclaim and published to the world by and through the Complaints filed in this and prior actions pursuant to their Plan are false, outrageous, defamatory, shocking, intentional, knowing, wrongful, and fraudulent," without bothering to specify *which* allegations in question are so outrageous, shocking, fraudulent, *et al*, and why. See Docket Entries 335 at 75-76 ¶¶ 52-53, and 336 at 74-75 ¶¶ 35-36.

Irrespective of this, the claim for libel is duplicative of the claim for defamation *per se*.

Moreover, Plaintiffs' arguments set forth *supra* regarding the absolute privilege of statements made in the judicial and pleadings context from claims for defamation are equally applicable to the libel claim.

As argued *supra*, New York law recognizes an "absolute privilege" that "prohibits defamation claims arising out of statements made in litigation if, by any view or under any circumstances, [the statements] may be considered pertinent to the litigation." See Lue v. JPMorgan Chase & Co., No. 19 Civ. 9784, 2021 WL 1108558, at *4 (S.D.N.Y. Mar. 23, 2021) (citation omitted). "The test of pertinency is extremely broad, and the privilege embraces anything that may possibly or plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability." Id. (citation omitted).

5

This absolute privilege "protect[s] the public interest in encouraging participants in litigation to speak with [the] free and open mind which the administration of justice demands." Id. at *5 (citation omitted).

Here, any allegedly defamatory statements made by Plaintiffs in their complaint are absolutely privileged. See Evans v. Waldo, No. 04-CIV.-566, 2006 WL 2689819, at *3 (E.D.N.Y. Sept. 18, 2006). The Deo Defendants nor Thomasson identify any statements made by Plaintiffs that are unrelated or irrelevant to this case. To the extent their pleadings can be construed to identify any such statements, they are relevant and pertinent to Plaintiffs' claims in this case, and are therefore absolutely privileged. See Lue, 2021 WL 1108558, at *4 (citation omitted); see also Evans, 2006 WL 2689819, at *3 ("[A]ny alleged defamatory statements relate directly to plaintiff's sexual harassment complaint and, thus, are absolutely privileged").

In light of the foregoing, this counterclaim should thus be dismissed.

## CONCLUSION

Accordingly, Defendants counterclaims fail to state any claim(s) for relief.

For the reasons set forth *supra*, Plaintiffs respectfully request that this Court grant Plaintiffs' motion pursuant to Rule 12(b)(6), for an Order dismissing Defendants' Counterclaims in their entirety for failure to state a claim upon which relief can be granted, and for such other and further relief as the Court may deem just, equitable and proper.

Dated: Jamaica, New York
       February 13, 2026                   Respectfully submitted,

                                           **SAGE LEGAL LLC**

                                           */s/ Emanuel Kataev, Esq.*
                                           Emanuel Kataev, Esq.
                                           18211 Jamaica Avenue
                                           Jamaica, NY 11423-2327
                                           (718) 412-2421 (office)
                                           (917) 807-7819 (cellular)
                                           (718) 489-4155 (facsimile)
                                           emanuel@sagelegal.com

                                           *Attorneys for Plaintiffs*
                                           *Superb Motors Inc.,*
                                           *Team Auto Sales LLC, and*
                                           *Robert Anthony Urrutia*

                                           **CYRULI SHANKS & ZIZMOR LLP**

                                           /s
                                           Jeffrey Ruderman, Esq.
                                           420 Lexington Avenue, Suite 2320
                                           New York, NY 10170-0002
                                           (212) 661-6800 (office)
                                           (347) 379-4622 (direct dial)
                                           (212) 661-5350 (facsimile)
                                           jruderman@cszlaw.com

                                           *Attorneys for Remaining Plaintiffs*

**VIA ECF**
All counsel of record