FILED
CLERK

2/18/2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

SUPERB MOTORS INC. *et al.*,

                      *Plaintiffs*,

     -against-

ANTHONY DEO *et al.*,

                     *Defendants*.
----------------------------------------------------------------X

**ORDER**

23-CV-6188 (JMW)

**A P P E A R A N C E S:**

    Emanuel Kataev
    **Sage Legal LLC**
    18211 Jamaica Avenue
    Jamaica, NY 11423
    *Attorneys for Plaintiffs Superb Motors Inc., Team Auto Sales LLC and Robert A. Urrutia*

    Jeffrey Ruderman
    **Cyruli Shanks & Zizmor LLP**
    420 Lexington Avenue, Suite 2320
    New York, NY 10170
    *Attorneys for Plaintiffs 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC, Island Auto Management, LLC, Brian Chabrier, Joshua Aaronson, and Jory Baron*

    Jeffrey Benjamin
    **The Linden Law Group, PC**
    250 Park Avenue, Ste 7th Floor
    New York, NY 10177
    *Attorneys for Defendants Anthony and Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC, Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp.*

    **Harry R. Thomasson**
    3280 Sunrise Highway, Ste Box 112
    Wantagh, NY 11793
    *Defendant Appearing Pro Se*

**WICKS**, Magistrate Judge:

The latest motion for discovery sanctions is based upon the failure or refusal of a party defendant to appear for the second session of his deposition on the court-ordered date. Plaintiffs seek Rule 37 sanctions against the deponent who failed to appear, as well as his counsel and pro se co-defendant. For reasons that follow, Plaintiffs' Motion for Sanctions (ECF No. 397) is **granted** in part, and **denied** in part.

### RELEVANT BACKGROUND

On December 19, 2025, the Court adopted a schedule of dates for party depositions (the "December Order"). The Court made clear that the dates set were final and could not be changed *without leave*. (*See* Electronic Order dated 12/19/2025.) Included in this schedule was the deposition of Defendant Michael Laurie ("Laurie"), which was to take place in person on January 29, 2026, "at Defendant Flushing Bank's counsel's office." (*See* ECF No. 363 at 1.) Unbeknownst to the Court, the parties independently made schedule changes due to Defendant Harry R. Thomasson's ("Thomasson") inability to appear for his scheduled deposition. (ECF No. 397 at 2.) As such, the parties agreed among themselves to take Laurie's deposition instead on January 27, 2026, virtually, not in person. (*Id.*) According to Plaintiffs, Laurie testified that he was unaware of the original scheduled date, was out the country, and could not be deposed all day. (*Id.*)

The deposition was taken for only an hour and a half on the 27th. Laurie apparently agreed to appear again for an additional four hours (8:30 a.m. to 12:30 p.m.) on the 29th. (*Id.*) On January 29th, Plaintiffs were informed at 7:59 a.m. through Thomasson that Laurie sent a text stating, "*Good morning Harry location that I'm at has terrible service and we've had rain storms. The Internet is terrible here. I will not have enough signal to participate this morning.*

2

*Please inform the attorney and we will reschedule for when I return to the US.*" (*Id.*; *see also* ECF No. 405-1.) Thus, when the clock struck 8:30 a.m., neither Laurie nor his attorney, Jeffrey Benjamin ("Benjamin") appeared. (ECF No. 397 at 3.)

Plaintiffs[1] now move for sanctions for Laurie's failure to appear at the deposition. (ECF Nos. 397, 408.) Plaintiffs specifically seek the following: "(i) Laurie should appear for a deposition in person on [date]; (ii) Laurie, Benjamin, and Thomasson should pay the bust fee issued by the court reporter; and (iii) upon obtaining an Order awarding sanctions, Plaintiffs should be granted leave to seek attorneys' fees pursuant to Rules 37(b)(2)(C) and 16(f)." (*Id.* at 5.) Thomasson, appearing pro se,[2] opposes although he does not dispute the above facts. He simply urges the Court to deny the instant application on the basis of that he has done no wrong to be sanctioned and "this is a discovery kerfuffle that need not involve an unnecessary Motion for Sanctions." (ECF No. 405.) Benjamin on behalf of the Deo Defendants[3], submits an opposition stating that (i) Laurie and other Defendants have waived his appearance to save costs in this action, (ii) Laurie's "connection problems as he was out of the country are not a reason for sanctions; neither is my non-appearance with the consent of the witness", (iii) the waiver of his appearance at depositions is not a waiver of the meet-and-confer requirement, and Benjamin alleges Plaintiffs did not include him in these meetings. (ECF No. 403 at 1.) Thus, he too, urges the Court to deny this "baseless" motion. (*Id.* at 2.)

---

[1] All Plaintiffs collectively move for the following requested relief.

[2] Thomasson does not represent Laurie. However, as Plaintiffs seek sanctions against Thomasson as well for Laurie's non-appearance, he has standing to oppose this motion.

[3] The "Deo Defendants" are Anthony Deo, Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

3

## DISCUSSION

As an initial matter, the parties decided to take the rescheduling of depositions into their own hands, notwithstanding the court ordered dates where all deposition dates were deemed final and could not be altered without the Court's leave. (*See* Electronic Order dated 12/19/2025.)

Here, Plaintiffs specifically request that the Court order,

(i) Laurie to appear for an in-person deposition on a court issued date,

(ii) Laurie, Benjamin, and Thomasson to pay the "bust fee issued by the court reporter" for Laurie's non-appearance as "Laurie was not even aware of his requirement to [appear] … was out of the country … giving rise to a strong inference that that both Benjamin and Thomasson failed to apprise him of his court ordered obligation, … and [had him fly] on the day that he was to be deposed in-person," and

(iii) to grant leave to seek attorneys' fees pursuant to Fed. R. Civ. P. 37(b)(2)(C) and 16(f).

(ECF No. 397 at 3-5.)

Fed. R. Civ. P. 37 governs the relief sought. There is no dispute regarding Laurie's non-appearance for day two of his continued deposition. As such, the Court is preliminary tasked with the appropriate remedy of this conduct, and the appropriate parties to be sanctioned.

Rule 37(b) addresses failure to comply with court orders and thereafter, issuing sanctions. *See* Fed. R. Civ. P. 37(b) (entitled "Failure to Comply with a Court Order"). That Rule, in relevant part provides that "[i]f a party . . . fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Similarly, Rule 16 also allows "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1); *see also United States v. Veeraswamy*, 350 F.R.D. 355, 362 (E.D.N.Y. 2025) (same). "The types of sanctions include any of the orders listed in [Rule] 37(b)(2)(a)(i) through (vi). … [which include] prohibiting the

4

disobedient party ... from introducing designated matters in evidence." *Id.* (internal citations and quotation marks omitted). When imposing Rule 37 sanctions, the Court "must include the absent party paying 'the reasonable expenses, including attorney's fees, caused by [its] failure [to attend its deposition], unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" *Burks v. Stickney*, 837 F. App'x 829, 832–33 (2d Cir. 2020) (quoting Fed. R. Civ. P. 37(d)(3)).[4] Rule 16 and Rule 37 sanction standards are one of the same. *See Icon Int'l, Inc. v. Elevation Health LLC*, 347 F.R.D. 274, 285 (S.D.N.Y. 2024). Therefore, in either case, the Court follows the Second Circuit's guidance in *Agiwal v. Mid Island Mortg. Corp.*, which enunciated four factors when considering sanctions under Rule 37,

> (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance. The four *Agiwal* factors are not exclusive, and they need not each be resolved against a party to warrant sanctions.

*United Prob. Officers Ass'n v. City of New York*, No. 21-CV-218 (RA) (GWG), 2026 WL 81671, at *2 (S.D.N.Y. Jan. 12, 2026) (internal citations and quotations omitted) (citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)); *see also Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-04438 (JLR)(BCM), 2025 WL 2528301, at *6 (S.D.N.Y. Sept. 3, 2025) (discussing that courts have wide discretion when imposing discovery sanction).

Here, Plaintiffs seek sanctions pursuant to the December Order. The December Order directed that Laurie was to appear on "January 29, 2026 – in person at Defendant Flushing Bank's counsel's office." (*See* Electronic Order dated December 19, 2026; ECF No. 363.)

---

[4] Rule 37(d) also provides a ground for sanctions when a party after being properly served with notice, does not appear for that person's deposition. *See* Fed. R. Civ. P. 37(d). "It is well-established, however, that a party applying for sanctions under Rule 37(d) is not required to prove that the party who failed to attend the deposition acted in bad faith." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 149 (S.D.N.Y. 2014); *see also Cerco Bridge Loans 6 LLC v. Schenker*, 768 F. Supp. 3d 559, 583 (S.D.N.Y. 2025) (internal citation omitted) (Notably, "[a] party's failure to appear for its own deposition can also 'justify the imposition of sanctions pursuant to the court's inherent power to impose sanctions against parties and their counsel who abuse the litigation process.'")). Interestingly here, Plaintiffs do not move under Rule 37(d). And, in the event that the parties had moved under this subsection, no proof is provided indicating proper service on Laurie.

5

"A court order directing compliance with discovery requests is a required predicate to Rule 37(b) sanctions." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD)(BCM), 2017 WL 3671036, at *18 (S.D.N.Y. July 18, 2017), *report and recommendation adopted,* No. 16-CV-1318 (GBD)(BCM), 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017); *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15-CV-3533 (CM) (BCM), 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017) ("A predicate court order directing compliance with discovery requests, and non-compliance with that order, are required."); *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991) ("[T]here must be a valid court order in force before sanctions may be imposed pursuant to Rule 37(b)(2).") While the parties unilaterally began the deposition earlier on January 27, 2026, the continued deposition was to be on the court-ordered date of January 29. Neither Laurie nor his attorney were present. Therefore, the December Order was clear, in force, and undisputedly not complied with. No request for relief from the December Order was ever filed by Benjamin.

A review of the *Agiwal* factors leads to the inescapable conclusion that sanctions are warranted and justified here. Laurie agreed to continue the deposition on January 29, 2026, at 8:30 a.m. until 12:30 p.m., and yet chose not to appear. Benjamin, as counsel of record for Laurie also did not appear. To the extent that Laurie and Benjamin have agreed to waive representation at depositions (*see* ECF No. 403 at 1), the Court was not made aware of such an arrangement and nor is it a substantially justified reason to avoid sanctions. This willful conduct without any reason offered for noncompliance is inexcusable given the Court's discovery deadlines. While the duration of noncompliance cannot be said to be long, and it is unclear if Benjamin informed Laurie of his discovery obligations to place him on notice, the factors are not exclusive. *See S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (discussing that the

6

factors are not exclusive); *Sahebdin v. Khelawan*, No. 21-CV-2956 (MKB) (VMS), 2025 WL 2933001, at *2 (E.D.N.Y. Aug. 13, 2025), *report and recommendation adopted*, No. 21-CV-2956 (MKB) (VMS), 2025 WL 2642133 (E.D.N.Y. Sept. 15, 2025) (discussing that the factors are not exclusive and noting that courts "enjoy 'wide discretion' in their consideration of the *Agiwal* factors"). In addition, this case has been protracted far too long. *See J.C. v. Zimmerman*, 150 F.4th 136, 148 (2d Cir. 2025) (discussing the procedural history of the case and non-compliance with orders and affirming Rule 37 sanctions).

The first request compelling Laurie to attend an in-person deposition is granted. Laurie as a party to this case is to complete his deposition. *See* Fed. R. Civ. P. 30(a) ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.") Laurie shall appear for an in-person deposition at a time and place agreed upon by the parties.[5]

Second, Plaintiffs' application for sanctions against Laurie and Benjamin are granted as further discussed below. Laurie's non-appearance at the January 29 deposition is a direct violation of the December Order under both Rules 16 and 37. Next, as to Benjamin, sanctions under Rule 16 are warranted.[6] As noted, Benjamin is the counsel of record for Laurie. Benjamin avers that sanctions should not be imposed because he has received the consent of Laurie to not appear at the depositions in order to save costs. (ECF No. 403 at 1.) However, as counsel of record for Laurie, he is an "agent" for his client. *Chevron Corp. v. Salazar*, 275 F.R.D. 422, 426 (S.D.N.Y. 2011); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 58 (2d Cir. 2016) (same); *see*

---

[5] At the Court supervised deposition held on February 13, 2026, counsel for the Superb Plaintiffs represented that they no longer seek a Court order setting a specific date for Laurie's deposition. (*See* Electronic Order dated 2/13/2026.)

[6] Rule 37 sanctions are only permitted as to the individual party or the witness, whereas Rule 16 allows for attorney sanctions in addition to party sanctions.

7

*also Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) (internal citation omitted) ("'A litigant chooses counsel at his peril, and here, as in countless other contexts, counsel's disregard of his professional responsibilities can lead to extinction of his client's claim.'") Additionally, even if the Court was aware of the agreement for Benjamin not to appear and represent Laurie at the deposition, Benjamin should have ensured Laurie's appearance to a court-ordered deposition date. Benjamin may not selectively choose when to be Laurie's counsel or when to appear.

However, the requests made by Plaintiffs pursuant to Fed. R. Civ. P. 16(f)(1) and 37(b)(2) are misguided as to Thomasson. Laurie is not represented by Thomasson and thus, no Rule 16 sanction may be imposed. Indeed, Plaintiffs point to Thomasson's disqualification as Laurie's counsel and his inability to represent him and the other Deo Defendants in numerous court filings including the reply to the instant motion. (*See e.g.*, ECF Nos. 284, 408; Electronic Orders dated 1/5/2026 and 1/12/2026.) Likewise, Thomasson is proceeding pro se, and Laurie, not Thomasson, disobeyed the Court's order which would warrant Rule 37 sanctions. Therefore, the request for sanctions under Rules 37 and 16 as to Thomasson is denied.

Plaintiffs' third request for leave to seek attorneys' fees for appearing at the scheduled deposition is granted. *See J.C.* 150 F.4th at 148 (quoting *Thani v. Hanke*, No. 20-CV-4765 (JPC), 2023 WL 5744288, at *12 (S.D.N.Y. Sept. 6, 2023) (discussing that monetary sanctions is the "mildest of sanctions")). Likewise, any court reporter fees or costs associated with the non-appearance on January 29 are to be reimbursed. *See Martinenko v. 212 Steakhouse, Inc.*, No. 22-CV-518 (JLR) (RWL), 2023 WL 2919559, at *13 (S.D.N.Y. Apr. 12, 2023), *report and recommendation adopted*, No. 22-CV-00518 (JLR) (RWL), 2023 WL 11938820 (S.D.N.Y. Apr. 28, 2023) (granting court reporter fees for non-appearance at deposition); *Guan v. Long Island*

8

*Bus. Inst., Inc.*, No. 15-CV-2215 (CBA) (VMS), 2017 WL 11703881, at *4 (E.D.N.Y. Mar. 2, 2017) (collecting cases) ("Courts routinely order reimbursement of court reporters costs when imposing sanctions.") Indeed, Plaintiffs may seek attorneys' fees for the bringing of this motion as well. *See Adler v. Sonotec US Inc.*, No. 23-CV-1634 (GRB) (ST), 2025 WL 2614993, at *9 (E.D.N.Y. Sept. 10, 2025) (citing Fed. R. Civ. P. 37(a)(5)(A) ("when a discovery motion is granted pursuant to Rule 37, the Court must 'require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees.'")). In some instances, courts have directed attorneys, rather than their clients, to pay for the violations. *See Adams v. Cont'l Serv. Grp., LLC*, No. 23-CV-6396 (EAW), 2024 WL 3384881, at *7 (W.D.N.Y. July 12, 2024) (collecting cases) ("On this record, I find that [counsel] – not Adams – was primarily responsible for the failed deposition and should bear the attendant fees and costs.") The Court declines to do so here, as the record demonstrates Laurie's willful decision not to appear. Therefore, Laurie and Bejamin are jointly responsible for the court reporter fees and attorneys' fees.

Accordingly, Plaintiffs' Motion for Sanctions as to Laurie and Benjamin are granted but denied as to Thomasson.[7]

## CONCLUSION

For the reasons stated, Plaintiffs' Motion for Sanctions (ECF No. 397) is **GRANTED in part**. In addition,

(i) Counsel for Plaintiffs are directed to submit an affidavit or declaration setting forth the basis for costs and attorney's fees for attendance at the scheduled deposition, with the appropriate supporting documentation, on or before **February 27, 2026**.

(ii) Any opposition to the fees requested shall be filed on or before **March 6, 2026.**

---

[7] The final portion of the instant motion seeks an order to compel certain defendants to appear for their depositions. (ECF No. 397 at 5.) However, that portion is now *moot* following the representations made at the supervised deposition. (*See* Electronic Order dated 2/13/2026.)

(iii) The parties are reminded of the fact and expert discovery deadlines in this case, which are <u>final</u> and are to be concluded by **March 6, 2026**. (*See* Electronic Order dated 1/22/2026.)

(iv) The parties are further forewarned that leave of court is required before moving or changing any court-ordered dates.

Dated: Central Islip, New York
　　　　February 18, 2026

　　　　　　　　　　　　　　　　　　　　　　　　**S O   O R D E R E D:**

　　　　　　　　　　　　　　　　　　　　　　　　/S/ *James M. Wicks*
　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES M. WICKS
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge