# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112  
Wantagh, New York  11793  
Tel. 516-557-5459  
hrtatty@verizon.net

Admitted:  
Massachusetts  
New York

February 19, 2026

VIA ECF ONLY

Honorable James M. Wicks  
U.S. Federal District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

      Re:   *Superb Motors, Inc., et al. v. Anthony Deo, et al.*  
              Case No. 2:23-cv-6188 (JW)

Your Honor:

      Please be reminded that I am a *pro-se* Defendant in the above-referenced matter.  I am writing pursuant to this Court's Order on February 18, 2026, relayed to the parties by Ms. Fink for the Court while on a conference call initiated by Mr. Kataev for the Team Plaintiffs during the deposition of Dwight Blankenship.  Specifically, Mr. Kataev asked Mr. Blankenship about his discussions with me on the night of the LockOut at Superb Motors, to which I object on the basis of attorney-client privilege and attorney work product privilege.  Please be advised, as follows:

      First, I incorporate herein my previous correspondence to the Court dated January 28, 2026, and February 4, 2026, which I also attach hereto for ease of purpose.  My arguments in those letter briefs are adopted herein in their entirety.

      I also wish to make clear to the Court (again) that as a matter of fact/evidence/proof, the allegations against me are entirely false and worse, vapid. There is no substance to the Plaintiffs' claims against me:  I never worked on any of the various dealerships' automobile deals, not one from any corporation named in this lawsuit, a fact confirmed in the deposition transcripts attached to my correspondence (and filed with the Court) dated February 4, 2026, which I incorporate herein by reference. It also became abundantly clear from the deposition transcripts that the Plaintiffs' claims of ownership of NorthShore and 189 Sunrise are vapid and without any substance whatsoever; simply put, the Deos own those businesses, your Honor.  Thus, the claims of impropriety involving Anthony Deo's $735,000.00 he obtained while *utilizing the Josh Aaronson approved tax returns* (and the IAG Plaintiffs all confirmed in their depositions both Josh Aaronson's authorization to act for them in these dealerships and the authenticity of the tax returns and email approval demonstrating the Deos' ownership of these dealerships as specifically approved and created by Josh Aaronson and the IAG accountants from Citrin Cooperman) are vapid and without any substance as a matter of testimonial fact in those transcripts.  Additionally, I tell this Court on my oath that I had no knowledge of that

1

loan/financing before Josh Aaronson stole the money; I had nothing to do with Anthony Deo obtaining that money, and the Libertas depositions demonstrate inarguably that no one from Libertas ever spoke with me until after the IAG Plaintiffs commenced a lawsuit (wrongfully) alleging ownership of the two corporations, and when they did speak to me, I contacted the Deos' accountant (for the first time), Tom Jones, only to learn (for the first time) of the existence of the tax returns and Aaronson email approval of same, which I relayed to Libertas after speaking with Jones.

Moving forward chronologically, I had no knowledge of the Superb purchase by Anthony Deo until sometime in 2023 (meaning, *after* that already occurred, as with the Libertas' loan/financing), and Plaintiff Urrutia in his deposition could not and did not specify *anything* I did wrong to hurt him or Superb. It is also important for this Court to be reminded that I *never* had a substantive conversation in my life with Marc Merckling, Dwight Blankenship, or Michael Laurie until *after* the Superb LockOut on or about the evening of August 3, 2023.

Thus, there is no basis for obtaining testimony or documents through the crime/fraud exception. It is and remains my position that there are no crimes (nor civil wrongs) committed against these Plaintiffs by any of the Deo Defendants, but even *arguendo*, if this Court refuses to consider making a ruling to that effect pre-summary judgment, the simple fact of the matter is that I knew *nothing* of the allegations against the Deo Defendants until *after* each of the relevant allegations occurred, which defeats the purpose of the crime-fraud exception.

As I set forth in my attached previous letter briefs to the Court, this is a fishing expedition by these Plaintiffs, only. Moreover, these Plaintiffs are over-litigating this case to death despite this Court's admonitions to all of us last Fall; and are attempting to gain an inch to gain a mile. My work product and conversations with the Deo co-Defendants have been and remain 100% professional, only, and I never in my life tried to commit any crime, let alone tried to help anyone else commit crimes, and I am the only person in this case that has personal knowledge of these relevant facts.

I incorporate the facts and law set forth in my prior correspondence attached to this letter, and I add that the case of *United States v. Jacobs* (117 F.3d 82, 2d Cir. 1997) reaffirms that the exception applies only to communications "related to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct," which did not happen here, and that *In re Two Grand Jury Subpoenas* (2025 WL, 2d Cir. 2025) holds that while the exception applies when a client (such as a CEO) uses an attorney to conceal ongoing or future criminal activity, such as circumventing internal controls, that simply did not happen here, either. I was always just outside counsel handling such matters as civil cases/consumer affairs complaints against these businesses, I was never consulted on and have no knowledge ahead of time of the facts of this case, your Honor. There is no basis to provide privileged information to the Plaintiffs, and I urge and strongly request that the Court deny same. Awaiting the Court's decision, I remain,

        Very truly yours,

        *Harry R. Thomasson*

        Harry R. Thomasson, Esq.