# CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

Jeffrey C. Ruderman<br>
email: jruderman@cszlaw.com<br>
Admitted NY, NJ and CT

**VIA ECF**  February 19, 2026
Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

      Re:    Superb Motors Inc. et. al. v. Deo, et. al., Case No. 2:23-cv-6188 (JMW)

Dear Magistrate Judge Wicks:

      This firm, together with Sage Legal LLC, represents the Plaintiffs in the above-referenced case. Plaintiffs write pursuant to this Court's Order dated February 18, 2026 for an Order compelling the testimony of Defendant Dwight Blankenship ("Blankenship") concerning his conversations with Defendants Anthony Deo ("Deo"), Marc Merckling ("Merckling"), and Harry R. Thomasson, Esq. ("Thomasson") on August 3, 2023 outside of Superb Motors Inc. ("Superb") when the Nassau County Police Department ("NCPD") was present.

      For the reasons set forth below, this Court should overrule Thomasson's improper objections on the grounds that: (i) he has no standing to assert objections on behalf of Blankenship because he was disqualified from representing him; (ii) the privilege objection is otherwise improper due to the crime-fraud exception; (iii) Blankenship's testimony unequivocally establishes he did not seek legal advice from Thomasson on August 3, 2023 and was not under any impression that he was subject to any civil suit or criminal case on August 3, 2023; and (iv) Thomasson's objection based on the attorney work-product doctrine are baseless because he did not establish the existence of any notes he took on August 3, 2023, nor was the production of any of Thomasson's notes requested.

**Relevant Factual Background**

      On February 18, 2026, Plaintiffs conducted Blankenship's deposition virtually. Notably, Blankenship waived his attorney Jeffrey Benjamin, Esq.'s ("Benjamin") appearance and proceeded with the deposition without the aid of counsel. During the deposition, Plaintiffs inquired of Blankenship regarding his conversations with Deo, Merckling, and Thomasson outside of Superb. See Declaration of Emanuel Kataev, Esq. ("Kataev Decl.") ¶7 (highlighting relevant portions). Thomasson improperly instructed Blankenship not to answer on the grounds of attorney-client privilege and the attorney work-product doctrine. Id. Thereafter, Blankenship testified that, on August 3, 2023, he was not under any impression that he was going to be brought into the instant lawsuit, and did not seek legal advice from Thomasson. Id. ¶ 8.

CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

**Blankenship Should be Compelled to Testify about the August 3, 2023 Conversations**

As previously held by this Court, Thomasson has no standing to raise objections on behalf of any party he was disqualified from representing. See ECF Docket Entry 388 at 2 n. 2. Further, Thomasson has no basis to raise an objection regarding privilege to preserve *Blankenship's* privilege as only Blankenship may do so.[1] See Fed. R. Civ. P. 30(c)(2). The procedure concerning the assertion of a claim of privilege is clearly delineated in Local Civil Rule ("LCR") 26.2. When an assertion of privilege is made "(1) The person asserting the privilege must identify the nature of the privilege (including work product) which is being claimed." See LCR 26.2. Neither Blankenship nor his legal representative asserted the privilege objection. As a result, Thomasson's argument is meritless.

Second, for the reasons argued in Plaintiffs' motion to compel testimony pursuant to the crime-fraud exception, ECF Docket Entry 398, which Plaintiffs respectfully incorporate by reference herein, any asserted privilege should be deemed waived.

Third, Blankenship confirmed that he did not seek any legal advice from Thomasson on August 3, 2023 because he did not perceive any threat to him of any civil suit or criminal investigation. See Kataev Decl. ¶ 8. In light of this critical admission, there is no privilege to protect in the first place and the objection should be overruled to the extent this Court considers it, notwithstanding Thomasson's lack of standing to assert it.

Fourth, and finally, Thomasson's other basis to object – the attorney work-product doctrine – fares no better because Plaintiffs were not seeking production of Thomasson's notes, only conversations by Blankenship, and Thomasson himself represented during the deposition that he does not know whether he was taking notes on August 3, 2023. "The work product privilege, only protects 'written materials obtained or prepared by an adversary's counsel' prepared by an attorney 'with an eye toward litigation.'" See Lynch v City of NY, 2021 US Dist LEXIS 213938, at *8 (SDNY Nov. 4, 2021, No. 16-CV-7355 (LAP)) (quoting Upjohn Co. v. United States, 449 U.S. 383, 399 (1984) (quoting Hickman, 329 U.S. at 511). The lack of notes or other writing, which were not even sought by Plaintiffs, deprives one of the ability to assert an objection due to privilege based on the attorney work-product doctrine.

For these reasons, and those cited in papers incorporated by reference, Plaintiffs respectfully submit that their motion to compel the testimony of Blankenship concerning his conversations with Deo, Merckling, and/or Thomasson on August 3, 2023 should be granted, together with any other conversations they had between each other.

---

[1] Blankenship never asserted any objection based on privilege *pro se* during the deposition, and he knowingly and voluntarily waived the appearance of Benjamin, his attorney, for the deposition. As this Court informed Blankenship during the parties' first dispute raised during his deposition, Kataev Decl. ¶ 7, he did so at his own risk. Kataev Decl. ¶ 6.

# CYRULI SHANKS
##### CYRULI SHANKS & ZIZMOR LLP

                          Respectfully yours,

                          */s/ Jeffrey C. Ruderman*
                          Jeffrey C. Ruderman

cc:    All counsel via ECF