# CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

Jeffrey C. Ruderman<br>
email: jruderman@cszlaw.com<br>
Admitted NY, NJ and CT

February 21, 2026

**VIA ECF**
Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

      Re:    Superb Motors Inc. et. al. v. Deo, et. al., Case No. 2:23-cv-6188 (JMW)

Dear Magistrate Judge Wicks:

      This firm represents the "Island Auto Plaintiffs", being all Plaintiffs in the above referenced matter <u>other than</u> the "Superb Plaintiffs" (being Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia) (and together with the Island Auto Plaintiffs, "Plaintiffs"). We write this letter jointly with all parties except Jeffrey Benjamin ("Benjamin"), attorney for the Deo Defendants, after meeting-and-conferring following a deposition in this case on Wednesday, February 18, 2026, to respectfully request an extension of time to complete discovery. Benjamin has noted his objection.

      As to Benjamin's objection, before Wednesday's deposition of Defendant Dwight Blankenship ("Blankenship"), Blankenship's attorney, Benjamin advised us by email that he would not be appearing at Blankenship's deposition. Benjamin was advised that there would be a meet-and-confer following the deposition and was requested to attend. Benjamin asked that he be called at that time and provided his telephone number. At the meet-and-confer following the deposition, Benjamin was called, but he did not answer. Benjamin was emailed and was provided our zoom link. Benjamin responded that he was in a court zoom hearing and could not attend, and asked for proposed deposition dates. He was advised that all counsel were available to continue his client Michael Laurie's ("Laurie") deposition on February 27, 2026 in person, and Benjamin, by email, confirmed that Laurie would attend, but without Benjamin.

      During the meet-and-confer the remaining attorneys discussed what depositions, both party and non-party, were still to be completed and each attorney's availability. All in attendance agreed that this request to the Court to extend discovery, for the reasons set forth below, would be filed. Notably, it was Benjamin's non-appearance at the depositions which resulted in many of the discovery disputes, and corresponding delays, now before the Court.

<u>CYRULI SHANKS</u>
CYRULI SHANKS & ZIZMOR LLP

Currently, all discovery is to be completed by March 6, 2026; (ii) last date in first steps of summary judgment motion practice is March 21, 2026; (iii) joint pretrial Order is due on April 23, 2026; (iv) in-person final pretrial conference is on April 30, 2026; and (v) jury selection and trial is to begin on July 6, 2026. <u>See</u> Text Only Orders dated December 11, 2025.

The parties have, for the most part, been able to work together to complete depositions. In addition to those depositions completed as set forth in the parties' prior joint letter motion, the parties have completed the following additional depositions: (i) Jessica Patrovic as 30(b)(6) representative of Defendant Libertas Funding LLC ("Libertas"); (ii) Defendant Anthony Deo ("Deo"); and (iii) Defendant Blankenship. Further, the parties met and conferred following Blankenship's deposition, and, except for Benjamin have agreed (or previously agreed) on the following additional dates for depositions: (i) Defendant Flushing Bank ("Flushing") on Thursday February 26, 2026 for its 30(b)(6) representative; (ii) Defendant Michael Laurie on Friday, February 27, 2026 in-person at Flushing's counsel's office; (iii) Defendant Harry R. Thomasson, Esq. on Wednesday, March 4, 2026 in-person at Flushing counsel's office; (iv) non-party Wendy Kwun on Thursday, March 5, 2026.

The parties, however, need additional dates to complete the following depositions: (i) Defendant Sara Deo ("Sara"); (ii) non-party Robert Puccio ("Puccio"), a former Flushing employee; (iii) J.P. Morgan Chase Bank, N.A. ("Chase"); (iv) Thomas Jones, CPA and his company; (v) payroll companies of Northshore and Sunrise, and (vi) Detective Eric Marx, NCPD ("Marx").

As the Court may recall, the parties were unable to complete Sara's deposition because her slotted day was taken up by Deo's continued deposition in the courtroom on February 13, 2026. Additionally, while the deposition of Flushing's 30(b)(6) witness was originally scheduled for January 23, 2026 (after the deposition of Libertas' corporate representative), Plaintiffs took the entire day deposing Libertas' two (2) corporate representatives, and the deposition of Flushing's witness could not proceed, despite the witness appearing at the office of Flushing's counsel in anticipation of the deposition. Plaintiffs are in the process of subpoenaing Puccio, who no longer works for Flushing. Thomasson has represented to us that he has not been able to secure a date for Chase, who he subpoenaed. Jones' counsel accepted service of Plaintiffs' subpoena but has not provided dates. Thomasson has not yet served the payroll companies of Northshore and Sunrise and Plaintiffs have not yet served Marx. Moreover, to the extent that this Court's rulings on the pending motions are granted in Plaintiffs' favor, Plaintiffs expect to call Blankenship and Defendant Marc Merckling to complete their depositions.

ATTORNEYS AT LAW
420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350

## CYRULI SHANKS
CYRULI SHANKS & ZIZMOR LLP

In addition to respective counsels' existing caseload, completing discovery, conducting numerous depositions and coordinating witness availability cannot be completed within the current time frame provided. As such, an extension of the discovery deadline is respectfully requested jointly by all parties, who respectfully submit they have worked diligently and done well to complete depositions notwithstanding the difficulties the parties have faced in light of various disputes that arose.

Consistent with ¶ 1(D) of this Court's Individual Practice Rules, Plaintiffs respectfully submit that: (i) the original date by which to complete discovery is currently March 6, 2026; (ii-iii) there have been at three (3) previous requests for an extension of this deadline, all of which were granted; (iv) an extension of time is necessary to complete numerous depositions as outlined above; and (v) all parties, except Benjamin, join in this request.

The parties joining in this letter propose the following extended dates: (i) all discovery to be completed by March 31, 2026; (ii) last date in first steps of summary judgment motion practice is April 30, 2026; (iii) joint pretrial Order due on May 29, 2026; (iv) in-person final pretrial conference on a date to be selected by the Court. To the extent that no party moves for summary judgment, the parties agree to begin trial on July 6, 2026.

For the foregoing reasons, the parties respectfully submit that sufficient good cause exists to warrant this Court's exercise of discretion in favor of granting an extension of time to complete discovery until March 31, 2026. See Fed. R. Civ. P. 6(b)(1)(A).

We thank the Court for its consideration in this regard.

Respectfully yours,

*/s/ Jeffrey C. Ruderman*
Jeffrey C. Ruderman

cc:    All counsel via ECF