# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112     Admitted:
Wantagh, New York  11793           Massachusetts
Tel. 516-557-5459                  New York
hrtatty@verizon.net

February 28, 2026

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

    Re:   *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
           Case No. 2:23-cv-6188 (JW)

Your Honor:

    I am writing pursuant to this Court's individual practice rules to request a Pre-Motion conference to file a Cross Motion to Amend Counterclaims and Extend the Time to Respond to the Plaintiffs' Motion to Dismiss Counterclaims until March 13, 2026.  As reason therefore, please be advised as follows:

1. On February 3, 2026, this Court entered an Order Granting Plaintiffs' Pre Motion Conference request regarding Plaintiffs' Motion to Dismiss Counterclaims.  On February 24, 2026, this Court entered an Order extending the time for responses to the Motion to Dismiss until March 2, 2026.

2. In preparing Opposition to the Motion to Dismiss, it is apparent that an Amendment to the Counterclaims filed by the Deo Defendants has become necessary.  The Counterclaims at issue were filed on November 4, 2025, at ECF docket numbers 335 and 336. Specifically, it has been learned through depositions/discovery during January 2026, that both the Team Auto Plaintiffs (by and through the admissions of Plaintiff Urrutia at his deposition on January 8, 2026) and the Island Auto Group Plaintiffs (by and through the admissions of Plaintiff Aaronson on January 7, 2026), that the Plaintiffs published their disparaging statements leading to the Counterclaims for Defamation *per se* and Libel not only in their Pleadings throughout this and other actions, but also falsely reported claims to various state and federal law enforcement authorities.   This last point (Plaintiffs' publishing false criminal accusations to law enforcement authorities) was unknown to all of the Deo Defendants until the depositions of Aaronson and Urrutia as set forth *supra*.

1

3. Plaintiffs in this action filed two (2) Complaints in the state action that was the prequel to the instant action; the Plaintiffs have filed four (4) Complaints to date in this action. In contrast, the Deo Defendants have only filed one (1) set of Counterclaims each, less than four (4) months ago, and before formal discovery was commenced in this action.

4. Motions to amend pleadings are governed by the Rule 15 of the Federal Rule of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). See Fed. R. Civ. P. 15(a)(2). Pursuant to Rule 15, "[t]he court should freely give leave when justice so requires." Generally, "[u]nless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *See Adlife Mktg. & Commcns Co., Inc. v. Best Yet Mkt., Inc.*, No. 17-CIV.-2987 (ADS) (ARL), 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing the proposed amended pleading has the burden of establishing that amendment would be prejudicial or futile. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see also Jipeng Du v. Wan Sang Chow*, No. 18-CIV.-1692 (ADS) (AKT), 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019).

5. Here, the only change/amendment intended by the Deo Defendants is to expand the facts relevant to all counterclaims to include what was just learned last month regarding the Plaintiffs' reporting to law enforcement false accusations of criminal conduct by the Deo Defendants. No new Counts nor new or different parties are intended.

6. It has been less than four (4) months since the first Answer/Counterclaims were filed by the Deo Defendants, and less than two (2) months since the Plaintiffs admitted to publishing false criminal accusations against all of the Deo Defendants to law enforcement for both the State of New York (Nassau County District Attorneys) and the Federal Government (the F.B.I.). Although the Defendants have informed this Court of the existence of a federal grand jury since October, 2024 when Defendant Marc Merckling was served a grand jury subpoena by the F.B.I., no one knew who made the false reports to the F.B.I. or other law enforcement agencies until the depositions of Aaronson and Urrutia during January 2026. Should a deadline need to be extended in connection with the within request, it is still possible for Defendants to amend the counterclaims after such a deadline upon showing "good cause" as required to modify a scheduling Order under Rule 16(b)(4). *See Sacerdote v. NYU*, 9 F.4th 95, 115 (2d Cir. 2021). Mere delay does not justify denying leave to amend. *See Disability Rights New York v. New York State*, No. 17-CIV.-6965 (FB) (MMH), 2024 WL 4189223, at *5 (E.D.N.Y. Sept. 13, 2024).

7. Plaintiffs cannot suffer prejudice by allowing the within proposed Amendment less than four (4) months from the filing of the Counterclaims. It is the Plaintiffs that have, to date, multiple bites of the apple insofar as they have brought six (6) complaints in this case and its state forerunner, while the Defendants have only filed

one (1) set of counterclaims each just less than four (4) months ago, and only learned of the Plaintiffs' admissions to extensive publishing of their false criminal accusations less than two (2) months ago at the depositions of Plaintiffs Aaronson and Urrutia.

As a result of the foregoing, Defendants respectfully submit that good cause exists to amend the counterclaims for the 1st time.  Courts routinely grant motions for leave to amend pleadings in such circumstances. *See Tardif v. City of New York*, No. 13-CIV.-4056 (KMW), 2018 WL 5816870, at *2 (S.D.N.Y. Nov. 7, 2018) ("Nonetheless, Judge Maas granted Tardif leave to amend her complaint to the extent her desired amendments were "ministerial" or unopposed by Defendants, and so long as the amendments did not add additional claims"). Please note, your Honor, that the issue of a Cross Motion to Amend was preserved at the end of the Letter Opposition dated December 5, 2025 (at ECF docket #342) to the Plaintiffs' original Pre-Motion request.

In order to accommodate the within, Defendants request that this Court extend the date to file opposition to Plaintiffs' Motion to Dismiss the Counterclaims and a cross Motion to Amend the Counterclaims until March 13, 2026, with whatever extension the Court and/or the Plaintiffs want for their opposition to the Motion to Amend and reply to the Defendants' opposition to their Motion to Dismiss.  Respectfully submitted,

/S/ *Jeffrey Benjamin*            /S/ *Harry R. Thomasson*

_____        _____
Jeffrey Benjamin, Esq.            Harry R. Thomasson, Esq.
Deo Defendants            *Pro Se*