UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

                Plaintiffs,

    -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC,

                Defendants.
-----------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**SUPPLEMENTAL DECLARATION OF EMANUEL KATAEV, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS**

      Emanuel Kataev, Esq., declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am admitted to practice before this Court and am a member of Sage Legal LLC, attorneys for the Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") in this case.

2. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the file maintained by this office.

3. I respectfully submit this supplemental declaration in support of Plaintiffs' motions for sanctions in connection with Defendant Michael Laurie's ("Laurie") and his counsel Jeffrey Benjamin, Esq.'s ("Benjamin") failure to produce Laurie for a deposition. See ECF Docket Entry 416.

4. I am admitted to practice law in New York since 2013, New Jersey since 2021, and Connecticut since 2014. I am also admitted to practice in the United States District Courts for the Eastern and Southern Districts of New York, the District of New Jersey, District of Connecticut, and the United States Court of Appeals for the Second Circuit.

5. I have been practicing law since being admitted to practice in 2013 and have been practicing litigation since then.

6. I am primarily responsible for the representing the Superb Plaintiffs in this matter.

7. On January 26, 2024, Superb, Team, and Urrutia executed a retainer agreement with my firm providing that litigation services will be billed at $350.00 per hour for all attorneys and $100.00 per hour for support staff.

8. Since then, up until Superb and Team shut down and Urrutia suffered financial difficulties, I have billed and the Superb, Team, and/or Urrutia have paid my legal fees according to these rates.

9. A copy of my billing spreadsheet containing only the entries relevant to this motion are annexed hereto as **Exhibit "A."**

10. Although in light of the complexity of this case and your undersigned's nearly thirteen (13) years of litigation experience alone is sufficient to find that these rates are reasonable, to the extent the Deo Defendants argue that those rates (or the time spent on the matters identified herein) are not, Plaintiffs respectfully reserve the right to submit a reply letter in further support of their application for fees addressing any such arguments.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 2, 2026.

                                                                       */s/ Emanuel Kataev, Esq.*
                                                                         Emanuel Kataev, Esq.