UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUPERB MOTORS INC., et al.,

                      Plaintiffs,        2:23-cv-6188 (JMW)

  - against -

ANTHONY DEO, et al.,

                      Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO THE**
**APPLICATIONS FOR THE AWARD OF FEES**

**THE LINDEN LAW GROUP, P.C.**
Attorneys for the Deo Defendants
250 Park Avenue, 7th Floor
New York, New York 10177
(212) 655-9536

## Table of Contents

Background ........................................................................................................................ 1

The Submissions ............................................................................................................. 22

Discussion ......................................................................................................................... 2

    1. Application of Cyruli Shanks & Zizmor LLP ......................................................... 2

    2. Application of Sage Legal LLC ................................................................................ 3

        (a) Jan. 26: Time/Charge: 4.1 hours/$1,435 ........................................................... 4

        (b) Jan. 27: Time/Charge: 2.5 hours/$875 .............................................................. 5

        (c) Jan. 28: Time/Charge: 1.9/$665 ........................................................................ 5

        (d) Jan. 29: Time/Charge: 3.2/$1,120 ..................................................................... 5

        (e) Feb. 4: Time/Charge: 0.4/$140 .......................................................................... 6

        (f) Feb. 27: Time/Charge: 3.5/$1,225 ..................................................................... 6

        (g) March 2: Time/Charge: 1.1/$385 ...................................................................... 7

In Sum ............................................................................................................................... 7

Conclusion ........................................................................................................................ 7

Certification pursuant to Local Civil Rule 7.1(c) and Individual Rule 3(c)(2) ............. 8

## Table of Authorities

      There are no authorities herein other than references to the Court's February 18 Order related to fees, (ECF No. 416)

Defendant Michael Laurie, by his attorneys The Linden Law Group, and Attorney Jeffrey Benjamin ("Opponents") submit this memorandum of law in opposition to the submissions made by the law firms of (i) Cyruli Shanks & Zizmor LLP, (ECF No. 427), and (ii) Sage Legal LLC, (ECF No. 428), in support of those firms' applications for the award of fees and costs pursuant to the Court's February 18 Order related to fees, (ECF No. 416) (the "Fee Order").

## Background

The Order said in pertinent part:

> "Plaintiffs' third request for leave to seek attorneys' fees for appearing at the scheduled deposition is granted. Likewise, any court reporter fees or costs associated with the nonappearance on January 29 are to be reimbursed."

(Fee Order, at 8-9 (ECF No. 416) (citations omitted).)

It further provided:

> "Counsel for Plaintiffs are directed to submit an affidavit or declaration setting forth the basis for costs and attorney's fees for attendance at the scheduled deposition, with the appropriate supporting documentation, on or before February 27, 2026."

(*Ibid*, at 9.) The February 27 date was extended on Plaintiffs' attorneys' motion.

Specifically, the conduct by counsel the Court punished is housed on Page 8 of ECF 416:

> " . . .even if the Court was aware of the agreement for Benjamin not to appear and represent Laurie at the deposition, Benjamin should have ensured Laurie's appearance to a court-ordered deposition date. Benjamin may not selectively choose when to be Laurie's counsel or when to appear."

As a threshold matter and as the Court decides the extent of the sanction for conduct of counsel with respect to the witness's non-appearance, the Court should respectfully consider that the undersigned counsel was not aware of a Court requirement to make it aware of the communication between client and his counsel as to his waiver of appearance at the deposition. More importantly, it is uncertain as to how the Court expected counsel to "ensure Laurie's appearance" other than making sure he knew of the date, time, place, and manner of its occurrence.

Last, as indicated at the most recent court conference in another context, it was not the undersigned who "selectively chose when to be Laurie's counsel or when to appear." That is the exclusive right of the client who did exercise it.

With the above said, the Court should find that the extent of the attorney time is far less than Mr. Kataev alleges. This is most notably shown by his billing statement's overall and vast conflict with Mr. Ruderman's time for the same legal work.

### The Submissions

As directed by the Court, two firms representing various Plaintiffs have submitted declarations and supporting documents purporting to itemize, as the Order instructed, the "costs and attorney's fees for attendance at the scheduled [January 29 Laurie] deposition, with the appropriate supporting documentation." Opponents address them in turn.

### Discussion

#### 1. Application of Cyruli Shanks & Zizmor LLP

Jeffrey C. Ruderman, has submitted a declaration and supporting documents for his firm Cyruli Shanks & Zizmor LLP. (ECF No. 427 *et seq*.). That firm represents the IAG Plaintiffs.

Opponents wish only to point out to the Court the vast discrepancy when comparing the two attorney billing statements that Mr. Ruderman billed 39% of Mr. Kataev's bill for the same legal work. Put differently, how can one attorney, on equal footing with the other with respect to their work against Defendants, bill 5.2 hours, and the other bill 20.5 hours for the same work. An overall comparison of the two billing statements shows Mr. Kataev's billing statement to be, in large part, not credible.

Opponents do not object to the $685 charge incurred by the court reporter for the events of January 29, as reflected in the Veritext invoice of that date, (ECF No. 427-2). This was a cost allowed by the Court.

2

## 2. **Application of Sage Legal LLC**

Emanuel Kataev has submitted a declaration and a supporting document in support of Sage Legal LLC's submission. (ECF No. 428 *et seq.*). That firm represents Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia.

Unlike Mr. Ruderman's curated material, Mr. Kataev appears to have simply taken time charges that relate to the deposition of Mr. Laurie and labeled them as "relevant to this motion," (¶ 9, Kataev Decl.). Mr. Kataev, in fact, claims to have spent nearly five times as much time as did Mr. Ruderman (20.5 v. 5.2.) The time-charges spreadsheet is Exhibit A to his declaration. (ECF No. 428-1.) They are not.

His spreadsheet includes fees his clients incurred that are far in excess of the limited nature of the Court's Fee Order. That Order was meant to compensate Plaintiffs (through fees allegedly incurred by their counsel) for the time and costs incurred by them because of Mr. Laurie's failure to continue his deposition on January 29 as well as the time spent on making their motion.

Marked in yellow below are time charges that while incurred would have been, and in some cases were, incurred for the second day of Laurie's deposition, which was held in person (although some participants appeared remotely) on February 27.

Apart from the patently inappropriate inclusion of things like "conduct deposition of Laurie" on January 27, insofar as these highlighted charges were initially to prepare for the January 29 deposition that did not happen, that time was not wasted or spent for no purpose. It was transferred and applied for when Mr. Laurie was ultimately deposed for a second day, that is, on February 27.

This time incurred by Sage Legal charges was not included in the Fee Order and should not be allowed. What follows is an itemization of the time charges to which Opponents object.

3

| Date | Client | Rate | x | Description | Time (Hourly) | Amount |
|---|---|---|---|---|---|---|
| Monday, January 26, 2026 | Superb | $350.00 | x | Correspondence with co-counsel regarding virtual deposition link; conduct virtual meeting with client to prepare for deposition of Michael Laurie; correspondence with client regarding exhibits for deposition; correspondence with client and co-counsel regarding deposition outline for Laurie. | 4.1 | $ 1,435.00 |
| Tuesday, January 27, 2026 | Superb | $350.00 | x | Correspondence with client regarding virtual deposition link; correspondence with all counsel of record regarding attendance at deposition; conduct deposition of Laurie; conduct virtual meet-and-confer following deposition of Laurie; extensive correspondence with all counsel of record regarding continued Laurie deposition and dates for other witnesses; forward same to client via email; correspondence with all counsel of record regarding link for continued deposition of Laurie and Benjamin's confirmation he will not attend. | 2.5 | $ 875.00 |
| Wednesday, January 28, 2026 | Superb | $350.00 | x | Correspondence with all counsel of record regarding depositions and Benjamin's failure to meet-and-confer; correspondence with Ruderman and Benjamin regarding depositions; forward same to client via email; correspondence with all counsel of record regarding link for deposition of Laurie; correspondence with client and co-counsel regarding strategy related to Laurie deposition; conduct virtual meeting with client to further prepare for Laurie deposition; review numerous other lawsuits filed against Laurie for fraud in connection with same. | 1.9 | $ 665.00 |
| Thursday, January 29, 2026 | Superb | $350.00 | x | Correspondence with all counsel of record regarding Laurie's inability to appear; forward same to client via email; appear for deposition and place status of events on the record, including failure of Thomasson and Benjamin to appear; correspondence with co-counsel regarding rough transcript for same; calendar and conduct virtual meeting with client and co-counsel regarding failure of Laurie to appear; draft letter motion for Rule 37 sanctions; submit same to client and co-counsel via email; correspondence with co-counsel and client regarding revisions to same; review revisions and further revise letter motion for Rule 37 sanctions; submit further revised draft to client and co-counsel via email with correspondence regarding same; finalize and file letter motion for Rule 37 sanctions with Court via ECF; review ECF bounce from Court with Order regarding deadline to oppose motions; review and accept calendared deadlines. | 3.2 | $ 1,120.00 |
| Wednesday, February 4, 2026 | Superb | $350.00 | x | Review ECF bounce from Thomasson with opposition to Rule 37 motion for sanctions; discussion with co-counsel and client regarding seeking leave to file reply. | 0.4 | $ 140.00 |
| Thursday, February 5, 2026 | Superb | $350.00 | x | Review ECF bounce from co-counsel with letter motion for leave to file reply; review ECF bounce from Court with USMJ Order granting same; correspondence with co-counsel regarding same; review and accept calendared deadline regarding same. | 0.1 | $ 35.00 |
| Sunday, February 8, 2026 | Superb | $350.00 | x | Draft reply letter in further support of Rule 37 motion for sanctions; submit same to client and co-counsel via email with correspondence regarding same. | 1.3 | $ 455.00 |
| Monday, February 9, 2026 | Superb | $350.00 | x | Correspondence with client and co-counsel regarding revisions to reply letter; review and further revise reply letter; submit same to client and co-counsel via email with correspondence regarding same; finalize and file reply letter in further support of Rule 37 motion for sanctions. | 0.9 | $ 315.00 |
| Wednesday, February 18, 2026 | Superb | $350.00 | x | Correspondence with all counsel of record regarding scheduling deposition for Laurie. | 0.1 | $ 35.00 |
| Thursday, February 19, 2026 | Superb | $350.00 | x | Review ECF bounce from Court with USMJ Order granting motion for sanctions in part; review and accept calendared deadlines regarding same; discussion with client regarding same. | 0.3 | $ 105.00 |

| Date | Client | Rate | x | Description | Time (Hourly) | Amount |
|---|---|---|---|---|---|---|
| Monday, February 23, 2026 | Superb | $350.00 | x | Correspondence with co-counsel regarding preparation for Laurie deposition; correspondence with client regarding same; correspondence with court reporter and co-counsel regarding continued deposition of Laurie. | 0.1 | $ 35.00 |
| Tuesday, February 24, 2026 | Superb | $350.00 | x | Correspondence with court reporter and co-counsel regarding continued deposition of Laurie; forward same to client via email. | 0.1 | $ 35.00 |
| Thursday, February 26, 2026 | Superb | $350.00 | x | Correspondence with court reporter and co-counsel regarding continued deposition of Laurie; correspondence with all counsel of record regarding link for continued deposition of Laurie; prepare for continued Laurie deposition. | 0.9 | $ 315.00 |
| Friday, February 27, 2026 | Superb | $350.00 | x | Correspondence with court reporter and co-counsel regarding continued deposition of Laurie; conduct continued deposition of Laurie in-person; correspondence with co-counsel regarding draft letter motion for extension of time; forward same to client via email; review and revise same; submit same to co-counsel via email with correspondence regarding same; correspondence with all counsel of record regarding same; correspondence with court reporter and co-counsel regarding Laurie deposition exhibits; correspondence with co-counsel regarding further revised letter motion for extension of time; finalize and file letter motion for extension of time with Court via ECF. | 3.5 | $ 1,225.00 |
| Monday, March 2, 2026 | Superb | $350.00 | x | Conduct motion hearing on, *inter alia*, letter motion for extension of time; draft declaration and compile billing records in support of motion for attorneys' fees; correspondence with client and co-counsel regarding same. | 1.1 | $ 385.00 |
| TOTALS | | | | | 20.5 | $ 7,175.00 |

**(a) Jan. 26: Time/Charge: 4.1 hours/$1,435**

Correspondence with co-counsel regarding virtual deposition link; conduct virtual meeting with client to prepare for deposition of Michael Laurie; correspondence with client regarding exhibits for deposition; correspondence with client and co-counsel regarding deposition outline for Laurie.

4

This unreasonably excessive time was for alleged preparation for the Laurie deposition. When the second day of that deposition did not go forward on January 29, this work that was not spent on the first deposition day (Jan. 27) rolled over as preparation for when Laurie's deposition actually continued, which was on, according to the spreadsheet, February 27.

**(b) Jan. 27: Time/Charge: 2.5 hours/$875**

> Correspondence with client regarding virtual deposition link; correspondence with all counsel of record regarding attendance at deposition; conduct deposition of Laurie; conduct virtual meet-and-confer following deposition of Laurie; extensive correspondence with all counsel of record regarding continued Laurie deposition and dates for other witnesses; forward same to client via email; correspondence with all counsel of record regarding link for continued deposition of Laurie and Benjamin's confirmation he will not attend.

As with the prior item, this is unreasonably excessive time spent for the initial day of the Laurie deposition and has nothing to do with the witness's non-appearance for its continuation two days later.

**(c) Jan. 28: Time/Charge: 1.9/$665**

> Correspondence with all counsel of record regarding depositions and Benjamin's failure to meet-and-confer; correspondence with Ruderman and Benjamin regarding depositions; forward same to client via email; correspondence with all counsel of record regarding link for deposition of Laurie; correspondence with client and co-counsel regarding strategy related to Laurie deposition; conduct virtual meeting with client to further prepare for Laurie deposition; review numerous other lawsuits filed against Laurie for fraud in connection with same.

As with January 26, while this is time that was spent for the preparation of the January 29 deposition that did not go forward, it was mostly if not entirely applicable to Laurie's actual deposition on Feb. 27. Insofar as some of this time can be attributed to *and only to* the January 29 non-appearance, Plaintiffs' counsel should specify it.

**(d) Jan. 29: Time/Charge: 3.2/$1,120**

> Correspondence with all counsel of record regarding Laurie's inability to appear; forward same to client via email; appear for deposition and place status of events on the record, including failure of Thomasson and Benjamin to appear;

5

>correspondence with co-counsel regarding rough transcript for same; calendar and conduct virtual meeting with client and co-counsel regarding failure of Laurie to appear; draft letter motion for Rule 37 sanctions; submit same to client and co-counsel via email; correspondence with co-counsel and client regarding revisions to same; review revisions and further revise letter motion for Rule 37 sanctions; submit further revised draft to client and co-counsel via email with correspondence regarding same; finalize and file letter motion for Rule 37 sanctions with Court via ECF; review ECF bounce from Court with Order regarding deadline to oppose motions; review and accept calendared deadlines.

The chief objection to this entry is that it makes no effort to distinguish among the particular tasks performed on January 29 as to which related to the busted deposition (and are thus recoverable) and which did not (which are not). At the least, it is necessary that Mr. Kataev provide specificity as to the time that was actually spent on these particular tasks. Otherwise, the list of alleged work in the entry was ostensibly excessive and not reasonable.

Although the spreadsheet refers only to "Rule 37," Opponents assume that this is shorthand for their motion, which was made under both that rule and Rule 16. Benjamin was sanctioned only under Rule 16. Such ambiguity on this issue should move to Court to decline any award against counsel that Mr. Kataev notes as Rule 37, since the award as to counsel triggered under Rule 16. This is not set out in Mr. Kataev's billing statement. This same flaw in billing was made in Mr. Kataev's February 8 and 9 entries.

**(e) Feb. 4: Time/Charge: 0.4/$140**

>Review ECF bounce from Thomasson with opposition to Rule 37 motion for sanctions; discussion with co-counsel and client regarding seeking leave to file reply.

The problem with this entry, of course, is that it relates to the sanctions motion made against Harry Thomasson and not against either Laurie or Benjamin. This time is not recoverable.

**(f) Feb. 27: Time/Charge: 3.5/$1,225**

>Correspondence with court reporter and co-counsel regarding continued deposition of Laurie; conduct continued deposition of Laurie in-person; correspondence with co-counsel regarding draft letter motion for extension of time; forward same to

6

>client via email; review and revise same; submit same to co-counsel via email with correspondence regarding same; correspondence with all counsel of record regarding same; correspondence with court reporter and cocounsel regarding Laurie deposition exhibits; correspondence with co-counsel regarding further revised letter motion for extension of time; finalize and file letter motion for extension of time with Court via ECF.

This is unreasonably excessive time allegedly spent either taking Laurie's deposition on Feb. 27 (not at issue here) or making Plaintiffs' motion for an extension of time to file its time as mandated by the Fee Order. As to the former, that is not recoverable from Opponents. As to the latter, although the Court is allowing Plaintiffs to recover the cost of making the motion, neither Laurie nor Benjamin should have to pay for the extra time Plaintiffs requested to do that. If they are entitled, Plaintiffs should submit a revised spreadsheet identifying how much of the Feb. 27 time was spent for that purpose.

**(g) March 2: Time/Charge: 1.1/$385**

>Conduct motion hearing on, inter alia, letter motion for extension of time; draft declaration and compile billing records in support of motion for attorneys' fees; correspondence with client and co-counsel regarding same.

Opponents object to this charge in part. The preparation of material on the motion was allowed by the Court. But material related to the "letter motion for extension of time" was not.

### In Sum

In summary, the amount sought to be awarded to Plaintiffs pursuant to the Fee Order should be reduced by an amount the Court deems appropriate given the above overreach by Mr. Kateav.

### Conclusion

As set forth herein, Opponents object to some of the time charges that Plaintiffs' counsel submitted as being the responsibility of Opponents.

7

Dated: New York, New York
March 13, 2026

> THE LINDEN LAW GROUP, P.C.
>
> *Jeffrey Benjamin*
>
> By: Jeffrey Benjamin, Esq.
> Attorneys for the Deo Defendants
> 250 Park Avenue, 7th Floor
> New York, New York 10177
> (212) 655-9536

**Certification pursuant to Local Civil Rule 7.1(c) and Individual Rule 3(c)(2)**

The number of words in this memorandum of law is less than 6,500 as required by Judge Wicks's Individual Rule 3(c)(2).

> THE LINDEN LAW GROUP, P.C.
>
> *Jeffrey Benjamin*
>
> By: Jeffrey Benjamin, Esq.
> Attorneys for the Deo Defendants
> 250 Park Avenue, 7th Floor
> New York, New York 10177
> (212) 655-9536

8