**FILED
CLERK**

**3/18/2026**

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

SUPERB MOTORS INC., et al.,

                *Plaintiffs*,

        -against-

ANTHONY DEO, et al.,

                *Defendants*.

------------------------------------------------------------------X

**ORDER**

23-cv-06188 (JMW)

**A P P E A R A N C E S:**

Emanuel Kataev
**Sage Legal LLC**
18211 Jamaica Avenue
Jamaica, NY 11423
*Attorneys for Plaintiffs Superb Motors Inc., Team Auto Sales LLC and Robert A. Urrutia*

Jeffrey Ruderman
**Cyruli Shanks & Zizmor LLP**
420 Lexington Avenue, Suite 2320
New York, NY 10170
*Attorneys for Plaintiffs 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC, Island Auto Management, LLC, Brian Chabrier, Joshua Aaronson, and Jory Baron*

Jeffrey Benjamin
**The Linden Law Group, PC**
250 Park Avenue, Ste 7th Floor
New York, NY 10177
*Attorney for Defendant Michael Laurie*

**WICKS,** Magistrate Judge:

On February 18, 2026, the Court issued an Order (the "February Order") granting in part and denying in part, Plaintiffs' Motions for Sanctions (ECF No. 397), which stemmed from Defendant Michael Laurie's ("Laurie") failure to appear for the second session of his deposition

1

scheduled for January 29, 2026. (ECF No. 416.) As discussed in the February Order, the Court determined that sanctions were warranted against Laurie, and his counsel, Jeffrey Benjamin ("Benjamin"). *See Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2026 WL 467775, at *4 (E.D.N.Y. Feb. 18, 2026). In granting Plaintiffs' motion, the Court held that Plaintiffs were entitled to (i) seek attorneys' fees for appearing at the scheduled deposition, (ii) any court reporter fees or costs associated with the non-appearance at the deposition are to be reimbursed, and (iii) attorneys' fees for the bringing of the motion for sanctions. *Id.*

Before the Court are Plaintiffs' applications for attorneys' fees and expenses in connection with the February Order. (ECF Nos. 427-28.) Plaintiffs have submitted two applications. First, the "IAG"[1] Plaintiffs represented by Jeffrey Ruderman ("Ruderman") from the firm of Cyruli Shanks & Zizmor LLP seek a total award of $3,519.00, consisting of $2,834.00 in attorneys' fees and $685.00 in court reporter expenses. (ECF No. 427.) Second, the "Superb"[2] Plaintiffs represented by Emanuel Kataev ("Kataev") from the firm of Sage Legal LLC seek $7,175.00 in attorneys' fees in connection with the sanctions motion. (ECF No. 428.) Laurie and Benjamin oppose the fee applications. (ECF No. 431.) For the following reasons, the Court awards attorneys' fees and expenses in the total amount of $9,644.00, specifically $3,519.00 to IAG Plaintiffs and $6,125.00 to the Superb Plaintiffs.

**DISCUSSION**

Having already determined that attorneys' fees and expenses incurred in bringing the prior motion for sanctions are the appropriate discovery sanction under Fed. R. Civ. P. 16 and 37 for Defendant Laurie's failure to appear for his court-ordered deposition on January 29, 2026, the

---

[1] The "IAG Plaintiffs" include all Plaintiffs apart from the Superb Plaintiffs.

[2] The "Superb Plaintiffs" include Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia.

Court must determine the reasonable fee to be awarded to Plaintiffs' counsel. *See Hunter v. City of New York*, No. 12-CV-6139 (MKB), 2021 WL 4942769, at *8 (E.D.N.Y. Oct. 22, 2021) (granting a sanctions motion and thereafter awarding attorneys' fees); *H.B. v. Cnty. of Suffolk*, No. 24-CV-07067 (SJB) (JMW), 2026 WL 111676, at *2 (E.D.N.Y. Jan. 15, 2026) (finding plaintiffs were entitled to fees incurred in bringing the prior motion to compel and then analyzing the reasonableness of the requested fees).

"Where Rule 37 expenses are awarded they must be reasonable. A reasonable award reflects the result of the 'lodestar' analysis, i.e., the product of a reasonable hourly rate (which rate reflects the hourly rate in the District for similar cases) and the reasonable number of hours spent on the tasks for which expenses are sought." *Jackson v. Nassau County*, 602 F. Supp. 3d 352, 355–56 (E.D.N.Y. 2022). This presumptively reasonable fee is essentially "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citations omitted).

"The method for determining reasonable attorneys' fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases." *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 WL 6065768, at *2 (E.D.N.Y. Dec. 22, 2021) (referencing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184, 186 n.3, 190 (2d Cir. 2008)). Once a reasonable hourly rate is determined, the Court must then "multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee." *Id.* (referencing *Arbor Hill*, 522 F.3d at 190). When analyzing an application for attorneys'

3

fees, "excessive, redundant or otherwise unnecessary hours" will be excluded. *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-35, 440 (1983)).

"Additionally, the party seeking expenses must support the award sought with the submission of contemporaneous time records reflecting the hours for each professional, the date and number of hours each spent, and a description of the work performed." *Jackson*, 602 F. Supp. 3d at 356. Here, Plaintiffs have submitted contemporaneous billing records in support of their fee applications reflecting the hours expended in connection with the January 29, 2026 deposition and the resulting sanctions motion. (ECF Nos. 427-1, 428-1.) The submitted records span from January 26, 2026 through March 2, 2026, identify the date and number of hours billed, describe the work performed, and indicate the attorney performing the work and the applicable hourly rates.

## I.    Reasonable Hourly Rate

Courts in the Eastern District of New York have recognized that reasonable hourly rates for experienced attorneys may range from approximately $450 to $650, with the highest rates generally reserved for highly experienced trial attorneys recognized as leaders in their fields. *See Rubin v. HSBC Bank USA,* NA, 763 F. Supp. 3d 233, 243–44 (E.D.N.Y. 2025) ("Adjusted for inflation and market conditions, I have rounded out the forum rates in the Eastern District to now be $450-$650 for partners….") Courts also consider an attorney's experience in the field and other factors when assessing the reasonableness of a requested hourly rate. *Holiday Park Drive, LLC v. Newist Corp.*, No. 23-CV-02623 (AMD) (JMW), 2025 WL 990165, at *3 (E.D.N.Y. Apr. 2, 2025) (finding hourly rates reasonable where counsel's practice included "complex commercial litigation" and other specialized litigation matters).

4

IAG Plaintiffs request attorneys' fees in the amount of $2,834.00 for work performed by Ruderman, a partner with his firm. (ECF No. 427 at ¶¶ 1, 5.) Ruderman has practiced law since 1990 and has been a litigator since 1992. (*Id.* at ¶ 4.) He is admitted in numerous courts, including state and federal courts. (*Id.* at ¶ 4.) His hourly billing rate for this matter is $545.00 per hour. (*Id.*) Courts in this District have approved the requested hourly rate for partners. *See Alcon Vision, LLC v. Lens.com, Inc.*, No. 18-CV-407 (NG) (SJB), 2023 WL 8072507, at *7 (E.D.N.Y. Nov. 21, 2023) ("In the Eastern District of New York, in complex matters, courts have awarded rates that have ranged from approximately $375 to $630 for partners, $200 to $400 for associates, and $100 to $125 for paralegals."); *Everetts v. Pers. Touch Holding Corp.*, No. 21-CV-2061 (JMA) (ARL), 2025 WL 942800, at *5 (E.D.N.Y. Mar. 28, 2025) (same). Given Ruderman's decades of litigation experience, his partner-level role, and the nature of this action, which involves multiple parties and corporate entities in a commercial dispute, the Court finds that the requested hourly rate of $545.00 is reasonable.

Next, Superb Plaintiffs seek attorneys' fees totaling $7,175.00 for work performed by Kataev. (ECF No. 428.) Kataev represents that he has been practicing law since 2013 and is admitted to practice in multiple state and federal courts. (ECF No. 428 at ¶¶ 4–5.) Kataev represents that the requested rate for this work of $350.00 per hour, reflects the rate set forth in the retainer agreement. (ECF No. 428 at ¶ 7.) Consistent with Courts in this District, such hourly rates are routinely approved and range from approximately $300 to $450 for attorneys litigating comparable matters, including commercial litigation disputes involving complex discovery and motion practice. [3] *See e.g., Ammann v. Sharestates, Inc.*, No. 21-CV-2766 (JS) (ST), 2025 WL 974574, at *7 (E.D.N.Y. Apr. 1, 2025) (granting similar rates stating that "the Court has found

---

[3] While Kataev is the Managing Partner of Sage Legal LLC (*see* https://sagelegal.nyc/), it appears he does not seek partner rates, and bills at a rate of $350.00 for this matter. (*See* ECF No. 428 at ¶ 7.)

that the complexity of this action warrants such rates"); *Rubin*, 763 F. Supp. 3d at 243–44; *Holiday Park Drive, LLC,* 2025 WL 990165, at *2–3. Accordingly, the Court finds that the requested hourly rate of $350.00 reasonable.

## II.    <u>Reasonable Hours Billed</u>

After determining the appropriate hourly billing rate, the Court must then calculate the hours reasonably expended. *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195 (LLS) (JLC), 2012 WL 1669341, at *13 (E.D.N.Y. May 14, 2012). In making this determination, "[t]he relevant issue ... is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Ballard v. James Dzurenda, Sheriff, et al.*, No. 20-CV-05241 (MKB) (JMW), 2026 WL 673249, at *3 (E.D.N.Y. Mar. 10, 2026) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). As such, courts consider attorneys' hours "in light of the extent and nature of the legal tasks they performed." *CIT Bank, N.A. v. Ayers*, No. 15-CV-7256 (JFB) (SIL), 2017 WL 6816486, at *4 (E.D.N.Y. Dec. 5, 2017). Courts also look to what is billed and whether the work performed is in connection with the instant motion for attorneys' fees. *See Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 1770553, at *3-4 (E.D.N.Y. June 26, 2025) ("discretion lies with the Court to reduce fees, where entries are broad, or an attorney uses block billing methods … [and] "the work performed []appears reasonably related to the instant motion for attorneys' fees").

First, IAG Plaintiffs seek attorneys' fees for 5.2 hours of work performed in connection with the scheduling and appearance at the January 29, 2026 deposition of Laurie, as well as preparation of the motion for sanctions, totalling $2,834.00. (ECF No. 427 at ¶ 5.) The billing records submitted reflect tasks including correspondence regarding deposition scheduling,

attendance at the deposition session at which Laurie failed to appear, and legal research and drafting associated with the sanctions motion. (ECF No. 427-1.) Upon review, the Court finds that the hours expended were reasonable, not redundant, nor excessive. *See H.B.*, 2026 WL 111676, at *3 (awarding attorneys' fees after a motion for discovery sanctions was granted and finding that the 5.5 hours expended was reasonable). Laurie and Benjamin do not oppose this portion of the fee application. (ECF No. 431 at 2.) Therefore, the IAG Plaintiffs requested fee application of 5.2 hours times the reasonable hourly rate of $545.00, totalling $2,834.00 is approved.

Second, Superb Plaintiffs seek attorneys' fees for 20.5 hours totalling $7,175.00. (ECF No. 428-1.)  The submitted billing spreadsheet reflects work performed from January 26, 2026, through March 2, 2026, including preparing for Laurie's deposition, corresponding with counsel regarding Laurie's non-appearance, placing the non-appearance on the record during the deposition session, drafting the sanctions motion, preparing the reply submission, as well as other related matters. (*See id.*) While majority of the descriptions are detailed enough so as to specify the description of the work performed, there are some redundant, excessive, or otherwise unnecessary time entries. Laurie and Benjamin take issue with numerous time entries. (ECF No. 431 at 3-7.)

Majority of the entries contain block billing. Some examples of the block billing are:

| | | | | | | |
|---|---|---|---|---|---|---|
| Monday, January 26, 2026 | Superb | $350.00 | x | Correspondence with co-counsel regarding virtual deposition link; conduct virtual meeting with client to prepare for deposition of Michael Laurie; correspondence with client regarding exhibits for deposition; correspondence with client and co-counsel regarding deposition outline for Laurie. | 4.1 | $ 1,435.00 |
| Tuesday, January 27, 2026 | Superb | $350.00 | x | Correspondence with client regarding virtual deposition link; correspondence with all counsel of record regarding attendance at deposition; conduct deposition of Laurie; conduct virtual meet-and-confer following deposition of Laurie; extensive correspondence with all counsel of record regarding continued Laurie deposition and dates for other witnesses; forward same to client via email; correspondence with all counsel of record regarding link for continued deposition of Laurie and Benjamin's confirmation he will not attend. | 2.5 | $ 875.00 |
| Wednesday, January 28, 2026 | Superb | $350.00 | x | Correspondence with all counsel of record regarding depositions and Benjamin's failure to meet-and-confer; correspondence with Ruderman and Benjamin regarding depositions; forward same to client via email; correspondence with all counsel of record regarding link for deposition of Laurie; correspondence with client and co-counsel regarding strategy related to Laurie deposition; conduct virtual meeting with client to further prepare for Laurie deposition; review numerous other lawsuits filed against Laurie for fraud in connection with same. | 1.9 | $ 665.00 |
| Thursday, January 29, 2026 | Superb | $350.00 | x | Correspondence with all counsel of record regarding Laurie's inability to appear; forward same to client via email; appear for deposition and place status of events on the record, including failure of Thomasson and Benjamin to appear; correspondence with co-counsel regarding rough transcript for same; calendar and conduct virtual meeting with client and co-counsel regarding failure of Laurie to appear; draft letter motion for Rule 37 sanctions; submit same to client and co-counsel via email; correspondence with co-counsel and client regarding revisions to same; review revisions and further revise letter motion for Rule 37 sanctions; submit further revised draft to client and co-counsel via email with correspondence regarding same; finalize and file letter motion for Rule 37 sanctions with Court via ECF; review ECF bounce from Court with Order regarding deadline to oppose motions; review and accept calendared deadlines. | 3.2 | $ 1,120.00 |

(ECF No. 428-1 at 1.)

Discretion lies with the Court to reduce fees, where entries are broad, or an attorney uses block billing methods. *Zaslavskiy v. Weltman, Weinberg & Reis Co.*, No. 18-CV-4747 (DLI) (RER), 2022 WL 1003589, at *14 (E.D.N.Y. Jan. 5, 2022) (quoting *Dagostino v. Computer Credit, Inc.,* 238 F. Supp. 3d 404, 416–17 (E.D.N.Y. 2017)). "Block billing—as noted above, the practice of lumping multiple distinct tasks into a single billing entry—is generally disfavored because it can complicate the district court's task of determining the reasonableness of the billed hours. ... But the practice is by no means prohibited in this Circuit because block billing will not always result in inadequate documentation of an attorney's hours. We have found block billing to be permissible as long as the district court may 'conduct a meaningful review of the hours' for which counsel seeks reimbursement." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (citing *Restivo v. Hessemann*, 846 F.3d 547, 591 (2d Cir. 2017)). Here, the Court is still able to conduct a review of the hours billed but finds the time expended unreasonable for some of the entries. For example, entries for requesting extensions of time on February 27, 2026 and March 2, 2026, shall not be awarded as that is not relevant and counsel's own doing. In addition, there are redundant entries consisting of "correspondence with court reporter", and

8

"correspondence with co-counsel regarding deposition of Laurie". A reduction for this entry is appropriate.

Laurie and Benjamin also take issue with the entries referencing Thomasson and argue that related to a different motion for sanctions. (ECF No. 431 at 6.) However, the Motion for Sanctions (ECF No. 397) sought sanctions against Thomasson, Laurie, and Benjamin. The Court, though, found sanctions were not warranted against Thomasson and that does not negate Kataev's ability to include this entry of .4 hours. (*See* ECF No. 416 at 8.) The Court finds any other arguments made by Laurie and Benjamin without merit as the arguments merely restate that the entries are excessive. This matter is undoubtedly of a complex nature and the continuous filings demonstrates the substantial work required at every step of discovery. *See Aptive Env't, LLC v. Vill. of E. Rockaway, New York*, No. 19-CV-3365 (JMA) (SIL), 2022 WL 4376618, at *3 (E.D.N.Y. Sept. 22, 2022) ("None of Defendant's points address …'the complexity of the case, the attorneys' experience litigating similar matters, zealous litigation of this matter from both sides, … and the fact that [Plaintiff] has been a longstanding client of the firm….")

Accordingly, the Court reduces the requested fee by three hours for the unnecessary and redundant entries. Therefore, the Superb Plaintiffs requested fee application, now reduced by the Court, of 17.5 hours times the reasonable hourly rate of $350.00, totalling $6,125.00 is approved.

### III.   Reasonable Costs

Lastly, the IAG Plaintiffs seek reimbursement of $685.00 in court reporter expenses incurred for the January 29, 2026 deposition session at which Laurie failed to appear. (ECF No. 427 at ¶ 6.) The submitted invoice reflects charges for the reporter's attendance and the statement placed on the record for the scheduled deposition. (ECF Nos. 427-2, 427-3.) Indeed, in the February Order, the Court discussed that court reporter costs are routinely awarded. *Superb*

*Motors Inc.*, 2026 WL 467775, at *4 (collecting cases) ("Courts routinely order reimbursement of court reporters costs when imposing sanctions.") Moreover, the opposition contends that this a proper fee allowed by the Court and supported by documentation. (ECF No. 431 at 2.)

Accordingly, the Court awards the IAG Plaintiffs $685.00 in costs.

### CONCLUSION

For the foregoing reasons, Plaintiffs are awarded attorneys' fees and costs totaling $9,644.00 as summarized below:

| Attorney: | Hourly Rate: | Hours Billed: | Hours Awarded: | Total Fee Requested: | Costs | Final Fee Award: |
|---|---|---|---|---|---|---|
| Jeffrey Ruderman | $545.00 | 5.2 | 5.2 | $2,834.00 | $685.00 | $3,519.00 |
| Emanuel Kataev | $350.00 | 20.5 | 17.5 | $7,175.00 | _____ | $6,125.00 |
| **Total:** | _____ | 25.7 | 22.7 | $10,009.00 | $685.00 | $9,644.00 |

Defendant Laurie and Banjamin are directed to make payments to Plaintiffs' counsel on or before April 10, 2026.

Dated:   Central Islip, New York
         March 18, 2026

SO ORDERED:

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

10