UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

|  | Case No.: 2:23-cv-6188 (JMW) |
|---|---|

                    Plaintiffs,

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ENTRY OF JUDGMENT IN CONNECTION WITH DEFENDANT MICHAEL LAURIE AND JEFFREY BENJAMIN, ESQ.'S FAILURE TO PAY ATTORNEYS' FEES AND COSTS AS ORDERED BY THIS COURT IN ITS MARCH 18, 2026 ORDER**

        -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC,

                    Defendants.
--------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiffs respectfully request that the Court direct the Clerk of the Court to enter judgments against Laurie and Benjamin in connection with their failure to make the payments this Court ordered them on March 18, 2026 to pay to Plaintiffs $9,644.00,[1] an amount which remains unpaid. Where a court issues an Order for attorneys' fees and costs, the clerk is required pursuant to Rule 54 and Rule 58 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") to enter judgment. Because this Court required payment and Laurie and Benjamin failed to so pay as required, a judgment must be issued in accordance with the Rules.

## FACTS

Following Plaintiffs' successful Rule 37(b) motion to sanction Laurie and Benjamin for failure to attend their deposition as required by this Court's December 19, 2025 Order, on March 18, 2026, this Court granted Plaintiffs' motion for attorneys' fees and costs in the amount of $9,644.00. See ECF Docket Entry 434. Laurie and Benjamin have failed to make the payment to Plaintiffs, and the entire balance remains unpaid. Indeed, Laurie has a default judgment entered against him in another action totaling $101,980.82 which has not yet been paid in any amount. See Savasta v. Laurie, Index No.: 655330/2023, NYSCEF Docket Entry 23; see also Declaration of Emanuel Kataev, Esq., ¶ 3, **Exhibit "A"** at 89:8-93:13 (testifying that the Savasta judgment which remains outstanding).

---

[1] The Court awarded Plaintiffs: (i) 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC, Island Auto Management, LLC, Brian Chabrier, Joshua Aaronson, Asad Khan, Iris Baron Representative of the Estate of David Baron, and Jory Baron (collectively hereinafter the "IAG Plaintiffs") $3,519.00; and (ii) Superb Motors Inc, Team Auto Sales LLC, and Robert Anthony Urrutia (collectively hereinafter the "Superb Plaintiffs") $6,125.00.

Thus, this Court[2] should direct the clerk to enter judgment as required by the Rules.

## LEGAL STANDARD

Under Rule 58, "the court must promptly approve the form of the judgment, which the clerk must promptly enter, when … the court grants other relief not described in this subdivision (b)" (i.e. when, subject to Rule 54, the jury does not return a general verdict, when the court does not award costs or a sum certain, when the court does not deny all relief, or when the jury returns a special verdict or a general verdict with answers to written question). See Fed. R. Civ. P. 58(b)(2)(B); see also Fed. R. Civ. P. 54(d)(2).

## ARGUMENT

### I.    Judgment Should be Entered Against Laurie and Benjamin

Here, the Court granted other relief not described in Rule 58(b) when, on March 18, 2026, it awarded (i) the IAG Plaintiffs $3,519.00 in attorneys' fees and costs; and (ii) the Superb Plaintiffs $6,125.00 in attorneys' fees in connection with their Rule 37(b) motion and Defendants' violation of this Court's discovery orders.  Because Laurie and Benjamin have failed to pay these amounts as required, Plaintiffs are entitled to interest on their delinquent payment.

The method by which interest is imposed is by entering judgment. Indeed, "[c]ourts routinely enter judgment in the amount of sanctions when an attorney fails to satisfy the amount of the sanction award, even when the overarching litigation is not yet terminated." See, e.g., Burgie v. Euro Brokers, Inc., 2008 U.S. Dist. LEXIS 71386 (E.D.N.Y. Sep. 5, 2008); see also Stingray Music USA, Inc. v. uCast LLC, 2020 U.S. Dist. LEXIS 85174 (S.D.N.Y. May 14, 2020); Sistem Mühendislik Insaat Sanayi Ve Ticaret, A.Ş. v. Kyrgyz Republic, 2019 U.S. Dist. LEXIS 171590

---

[2] This Court may take judicial notice of publicly filed state court documents.  See Blue Tree Hotels Inv. (Can.), Ltd., v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

(S.D.N.Y. Oct. 1, 2019); <u>Caidor v. Fed-Ex Home Delivery</u>, 2007 U.S. Dist. LEXIS 67096, 2007 WL 2693609, at *6 (N.D.N.Y. Sept. 11, 2007); <u>SEC v. Credit Bancorp, Ltd.</u>, 2000 U.S. Dist. LEXIS 9755 (S.D.N.Y. July 3, 2000); <u>Knipe v. Skinner</u>, 1993 U.S. Dist. LEXIS 9029, 1993 WL 241329, at *1 (N.D.N.Y. June 25, 1993).  Due to Defendants' failure to pay the amounts ordered in the March 18, 2026 Order, judgments are warranted (i) in favor of the IAG Plaintiffs and against Laurie and Benjamin in the amount of $3,519.00 in addition to pre-judgment interest and post judgment interest at the statutory rate computed as provided under 28 U.S.C. § 1961, commencing March 18, 2026; and (ii) in favor of the Superb Plaintiffs against Laurie and Benjamin in the amount of $6,125.00 in addition to pre-judgment interest and post-judgment interest at the statutory rate, computed as provided under 28 U.S.C. § 1961, commencing March 22, 2026.

## II.      <u>Sanctions Should be Imposed for Laurie's and Benjamin's Failure to Pay</u>

In addition, because Defendants violated this Court's March 18, 2026 Order by failing to pay the awarded attorneys' fees and costs, Plaintiffs respectfully submit that the Court should impose further contempt sanctions in the amount of $500.00 per day until the judgment is satisfied. <u>See</u> ECF Docket Entry <u>278</u> (automatically imposing a $500.00 *per diem* fine if not paid by a date certain); <u>see</u> <u>also</u> <u>Sistem Mühendislik Insaat Sanayi Ve Ticaret, A.Ş. v. Kyrgyz Republic</u>, 2019 U.S. Dist. LEXIS 171590 (S.D.N.Y. Oct. 1, 2019) (issuing further contempt sanctions of $5,000.00 per day for failure to pay contempt sanctions and concluding that "[e]ntering periodic judgments based on accumulated sanctions or fines is appropriate where a contemnor, like the Republic, refuses to comply"); <u>Paramedics Electromedicina Comercial Ltda. v. GE Medical Systems Information Technologies, Inc.</u>, No. 02 Civ. 9369, 2004 WL 1810597, at *5 (S.D.N.Y. Aug. 12, 2004) (entering judgment and permitting defendant "every three months . . . [to] serve and file a letter requesting an interim judgment confirming . . . a specific dollar amount").

**CONCLUSION**

Accordingly, Plaintiffs respectfully request that their motion for entry of a judgment with additional sanctions for failure to comply with this Court's March 18, 2026 Order be granted, and for such other and further relief as the Court may deem just, equitable and proper.

Dated: Jamaica, New York
      March 26, 2026                   Respectfully submitted,

**SAGE LEGAL LLC**

__/s/ Emanuel Kataev, Esq.____
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.com

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**CYRULI SHANKS & ZIZMOR LLP**

_____/s_____
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Remaining Plaintiffs*

**VIA ECF**
All counsel of record