# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:

Massachusetts
New York

March 27, 2026

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

> Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
> Case No. 2:23-cv-6188 (JW)

Your Honor:

Please be reminded that I am a *pro-se* Defendant in the above-referenced matter.  I am writing pursuant to this Court's Individual Practice Rules (3A) and Local Civil Rules 37.1 and 37.3 to Compel Responses to each of the Requests made by undersigned to each of the Plaintiffs. The parties met and conferred over this issue twice; on the second occasion after the court ordered a full meet and confer, we went over my requests one at a time, and then I received some documents that may or may not be responsive to one or more of my requests, but I have not received *any* formal Response to my Defendant's Request to Each Plaintiff for the Production of Documents since our meet and confer; my Request is attached hereto as Exhibit A.  The only formal response I ever received from the Plaintiffs is attached hereto as Exhibit B, which does not respond meaningfully to my requests and fails to categorize any documents produced as requested in various requests.  Please be advised, as follows:

Attached hereto please find true and accurate copies of my Request to Each Plaintiff for the Production of Documents (Exhibit A hereto[1]) and the Plaintiffs' Responses and Objections thereto (Exhibit B hereto).

As set forth in this Court's manual entitled Representing Yourself in the Eastern District of New York: A Manual for *Pro Se* Litigants, I am *entitled* to conduct discovery under F.R.C.P. 34:

> "…you may request production of any document (or electronically stored information, such as emails) containing information relevant to issues

---

[1] There is a transcription error in that there are two requests numbered "1", this does not change the substantive requests for any of these requests, which total eleven, even though as written, the last request is numbered "10" due to the duplicity of two requests numbered "1".

1

in the lawsuit. You may use this discovery method to obtain documents (such as records, letters, contracts), electronically stored information (such as emails), and other tangible items (such as physical things). Document requests can be served on any person, including individuals or organizations that are not parties to the lawsuit…. The document request must be made in writing, and it must contain a description of the documents you want, as well as the date, time, place, and manner for their production…." *Id. at* pp. 81, citing F.R.C.P. Rule 34

In addition, this Court has overruled previous objections several times indicating that as *pro se* party, I am entitled to essentially the same discovery as any party represented by counsel. Please also bear in mind, your Honor, that the nature of the claims against me include non-specific allegations of theft, RICO violations, and conspiracy with my co-Defendants to harm the Plaintiffs. Accordingly, it is the Plaintiffs who made all of the allegations against all of the Deo Defendants relevant for the purposes of discovery by any Deo Defendant.

The Requests and Responses are attached hereto and merely listing each herein would put this Motion beyond the permitted number of words. However, I will address each Request generally for the purposes of demonstrating to this Court the likelihood of leading to relevant documentation of each Request, and the inadequacy of and wrongful/needless objections in each of the Responses. Although Emanuel Kataev produced certain documents (essentially a document dump) which he readily admitted constituted mainly documents already produced in Motion practice absent any written response explaining any of the documents, and then after our second meet and confer, Mr. Ruderman did the same thing: He produced some documents that have predominately been produced throughout the case, but no formal response to my requests have been forthcoming, other than Exhibit B, which fails to address my requests directly. My requests are as follows:

1. Request for Contracts/Agreements between the parties: In order to understand which party owns which corporation, and what exactly the Plaintiffs consider to be agreements between the parties, I need to see what agreements are in writing, which also necessarily means that when there is no contract or agreement produced, then any agreement would be at most verbal, which allows me to prepare for (*inter alia*) statute of frauds defenses, which are plead. In their depositions, the Plaintiffs claim "unwritten" agreements involving the purchase of 189 Sunrise by Anthony Deo, so I need to make sure what contract is and is not in writing through this request.

2. Request for additions/subtractions of people from Superb's, 189 Sunrise's, and NorthShore's bank accounts: This is highly relevant to issues of ownership given that at the heart of the Deo Defendants' defenses to the claims of wrongdoing at these dealerships is that Anthony and Sara Deo were the owners of NorthShore and 189 Sunrise but caught the Aaronson parties attempting to steal ownership thereof through control of finances. E.g., Exhibit Q presented to this Court and other Courts throughout these actions indicates that the Aaronson parties switched ownership of the NorthShore accounts on the evening of the so-called David Baron incident, which appears in all respects to be fraudulent conduct caught by the Deos and directly

leading to the resolution of ownership issues by Plaintiff Aaronson's creation of and approval of tax returns demonstrating the Deos' ownership of NorthShore and 189 Sunrise.  The Plaintiffs at this time retain control of those accounts but refuse to respond to this request.

3. Documents exhibiting crimes by the Defendants:  The Plaintiffs claim crimes committed in conspiracy by the Deo Defendants; this request forces the Plaintiffs to spell out what crimes were actually committed and by whom.  In their depositions, there were no specific crimes spelled out by Plaintiffs, just merely general allegations leaving me without any knowledge of what it is I supposedly did wrong.

4. Documents exhibiting timely complaints by the Plaintiffs of wrongdoing by the Defendants:  This is highly relevant to determining what the Plaintiffs knew and when and how they knew it regarding their allegations of criminal wrongdoing/ conspiracy by the Defendants.

5. Documents indicating approval/disapproval of bank account transactions:  One of the most important defenses in this case for each Deo Defendant is the defense that all transactions in each of the three dealerships at issue were approved by the Plaintiffs directly or indirectly through the security features the Plaintiffs insisted upon at the dealerships.  These security features are Positive Pay, texting, and/or the token systems the Deos will testify that were placed upon each account by the Plaintiffs. Simply put, if the Plaintiffs approved any given transaction, it was known and approved in real time and cannot easily (if at all) be claimed as criminal.  This request is vital to proving either the Plaintiffs' cases or the Defendants' defenses/denials.

6. NorthShore, 189 Sunrise, and Superb's tax returns and related tax documents (e.g., K-1's):  These documents and the filers thereof are relevant to issues of ownership and knowledge of and positions regarding ownership at all relevant times, and none of these documents (other than the Aaronson approved and created tax returns attached throughout this action as Exhibits G and H) are in the possession of any Deo Defendant.

1. (This is the transcription/Scrivner's error indicating a second request numbered "1"): This request asks for individual tax returns and other tax related documents from the individual Plaintiffs demonstrating their ownership interests as claimed on their own personal returns, if any, of the three corporations directly at issue.  If Plaintiffs ever claimed ownership, or never claimed ownership, or only sometimes claimed ownership in their own returns would have a huge impact and be highly relevant to deciding the ownership issues of these corporations.

7. Pandemic Relief documents:  The Deos know that the Plaintiffs received government forgiveness for Pandemic aid to these three corporations; the documents submitted by the Plaintiffs in relation thereto are highly relevant to the issues of the Plaintiffs' ownership positions taken in those documents. The Deos are also well aware of improprieties that they believe took place involving the Plaintiffs relating to such

relief, and this also bears upon Plaintiffs' motivations in blaming the Defendants in this action. Plaintiffs admitted to making criminal accusations against all of the Deo Defendants in their depositions, which undersigned believes (strongly) suggests merely that the Plaintiffs are engaging in the best defense is a good offense to avoid responsibility for their own criminal actions.

8. Documents indicating bank account withdrawals by Plaintiffs from the corporate banks accounts at issue: This request involves the defense that the Plaintiffs misappropriated funds to help themselves and/or other businesses at the expense of the corporations at issue, which, when combined with requests, above, that ask for documents indicating wrongful crimes/conduct/withdrawals by the Deo Defendants, will give a full picture of which parties were committing wrongful conduct of any type involving the monies/accounts of these businesses. If there was any such conduct, undersigned asserts firmly that it is the Plaintiffs who stole money, certainly not me, and also not likely any other Deo Defendant.

9. Documents indicating where withdrawn money by Plaintiffs went after removal from the accounts of the three corporations at issue: The Deo Defendants position in these actions remains consistent that the Plaintiffs wrongly appropriated monies from the corporate accounts at issue for their own and/or other owned business interests. This request goes hand in hand with the prior request.

10. Documents indicating assignments of contracts from any Plaintiff to any Defendant: This request again bears on ownership issues of the three businesses, your Honor. These assignments (e.g., Exhibit X in these cases submitted by undersigned indicates warranty contracts that were assigned to the Deos in connection with their purchase of 189 Sunrise) show the intent of the Plaintiffs to convey ownership to the Deos.

I ask the Court to compel production of documents to each request along with the specifications/categorizations (some *indicia* of which documents pertain to which Defendants) requested to allow undersigned to understand the full picture of claims and defenses in this action. There is a confidentiality order already in place. I ask that the Court order a full response within one (1) week of its order. I asked the Plaintiffs to lay out their case in their responses by telling me which documents apply to which Defendants; to date, they have failed and clearly refuse to do so. Plaintiffs had three plus years to prove their case already, so they should be prepared to do so quickly now, unless they don't have a case, of course.

Very truly yours,

*Harry R. Thomasson*

Harry R. Thomasson, Esq.

4