# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

                           Case No. 2:23-cv-6188 (JMW)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC.,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HIGHWAY AUTO LLC., NORTHSHORE MOTOR
LEASING, LLC., BRIAN CHABRIER, JOSHUA
AARONSON, JORY BARON, ASAD KHAN, IRIS
BARON REPRESENTATIVE OF THE ESTATE  OF
DAVID BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, and ISLAND AUTO
MANAGEMENT, LLC,

                     Plaintiffs,

        -against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON,
DWIGHT BLAKENSHIP, MARC MERCKLING,
MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS
NYC INC., GOLD COAST CARS OF SYOSSET LLC,
GOLD COAST CARS OF SUNRISE LLC, GOLD COAST
MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS CORP.,
DLA CAPITAL PARTNERS INC., JONES LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING,
LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE
HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC

                   Defendants.

--------------------------------------------------------------------X

### DEFENDANT'S REQUEST TO EACH PLAINTIFF
### FOR THE PRODUCTION OF DOCUMENTS

      PLEASE TAKE NOTICE that pursuant to F.R.C.P. Rules 26 and 34, Defendant

Harry Thomasson, *pro se,* hereby requests that each Plaintiff in the instant action produce

2

copies of the documents and electronic information requested herein and deliver same to

Harry Thomasson, c/o 3280 Sunrise Highway, Box 112, Wantagh, New York, 11793,

within thirty (30) days hereof.  Defendant reserves the right to amend, supplement, and/or

modify the within requests and/or serve additional discovery requests.

## DEFINITIONS AND INSTRUCTIONS

1. "Accounts" means any financial account (regardless of whether such account is a checking, savings, brokerage, CD, or any other type of financial account), on which Plaintiffs Superb Motors, Inc., 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Northshore Motor Leasing LLC are named or otherwise have an interest in, whether or not such financial accounts are held jointly with any other person or entity.

2. "Bank Account Documents" means all documents, writings, records, forms, files, correspondence, notes, memoranda, drafts, emails, fax/facsimile reports, communications, and bank statements for checking or savings accounts in the name of Plaintiffs Superb Motors, Inc. (since and including November, 2021), 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC (since and including February 2020), and/or Northshore Motor Leasing LLC (since and including November, 2017) at any financial institution or bank.

3. "Banking Records" means all Documents concerning any financial account or safe deposit box (regardless of whether such account is a checking, savings, brokerage, CD, or any other type of account), including but not limited to account agreements, signature cards, opening, monthly, and closing statements, deposit slips, withdrawal slips, wire transfer confirmations and documents, receipts from ATM

machine transactions, debit and credit card statements, copies of any debit, credit, or ATM cards (both front and back), online banking confirmations, checks written or deposited (front and back of each check), or otherwise evidencing deposits, withdrawals, or loans to, from, or against such Account in the name of Plaintiffs Superb Motors, Inc. (since and including November, 2021), 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC (since and including February 2020), and/or Northshore Motor Leasing LLC (since and including November, 2017) at any financial institution or bank.

4.      "Communication" means every disclosure, transfer, transmittal, exchange, or receipt of information (regardless of the manner, means or medium by which it occurred), in the form of facts, statements, ideas, opinions, recollections, inquiries or otherwise, whether orally or written, and whether by document or electronic transmission, and whether in person or remotely or otherwise, between or among the designated persons or their past or present employees, agents, counsel, accountant, or representatives. The term "Communication" includes, but is not limited to, letters, memoranda, postcards, correspondence, notes (including notes to oneself), phone calls, and any communications by electronic means, including but not limited to e-mails, text messages, direct messages, instant messages, messages sent via any social media platform, application, or gaming interface, facsimiles, e-faxes, or any other means. The term "Communication" includes but is not limited to documentation such as phone records or calendar entries reflecting such calls.

5.      "Concerning" means, in whole or in part, directly or indirectly, relating to referring to, in connection with, commenting on, responding to, showing, describing, evidencing or constituting.

6.    "Correspondence" means any writing or document that either constitutes a communication between two or more persons or summarizes the substance of such a communication between two or more persons, whether made directly to the author or recipient of the document or otherwise.

7.    "Plaintiff" and "Plaintiffs" mean the Plaintiffs in the instant action.

8.    "Document" means any document or electronically stored information, including without limitation Communications, Correspondence, Banking Records, Billing Records, writings, photographs, sound recordings, images, video and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by You into a reasonably usable form (including (i) materials on or in computer tapes, disks, and memory, and (ii) backup copies and "deleted" files on a computer or computer storage device or media) whether located on-site or off-site. "Document" further means all underlying supporting or preparatory materials, versions or drafts and both originals and non-identical copies thereof (whether different from the original because of notes made on such copy or otherwise).

9.    "Person" means any natural person or any business, corporation, legal, or government entity, association or organization including, but not limited to, corporations, limited liability companies, partnerships, joint ventures and trusts.

10.   "Relating to" means, in whole or in part, concerning, constituting, containing, evidencing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

11.   "Verified Amended Complaint" means the Third Amended Complaint

filed by Plaintiffs in the instant action; "Other Complaints" means each of the Complaints filed by the Plaintiffs in the instant action prior to the filing of the Third Amended Complaint.

12.     "You" means each and every Plaintiff and anyone acting on behalf of each Plaintiff.

13.     The following rules of construction apply to all Requests:

a.     All/Each. The terms "all" and "each" shall be construed as all and each.

b.     And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

c.     Number. The use of the singular form of any word includes the plural, and vice versa.

14.     This Request calls for the production of all Documents that are known or available to You, including Documents in Your possession, custody or control or in the possession, custody or control of any person acting on Your behalf. The originals or, if the originals are unavailable, genuine copies of Documents in your possession, custody or control are to be produced in accordance with these Definitions and Instructions.

15.     Whenever necessary to bring within the scope of this Request Documents that might otherwise be construed as being outside such scope, the use of a verb in any tense shall be construed as the use of that verb in all other tenses.

16.     Each Request for a Document to be produced contemplates production of

the Document in its entirety, without abbreviations or deletions.

17. If a claim of privilege or other purported exemption from disclosure is asserted in objection to the production of any Documents, the basis and nature of the privilege or other exemption should be identified and the following information is to be provided with respect to any objection based thereon:

(a) The title and type of Document;

(b) The author and date of the Document;

(c) The general subject matter of the Document;

(d) The category of Document;

(e) The name and address of the present custodian of the Document; and

(f) Specific grounds upon which each such Document is considered privileged or otherwise exempt from disclosure

18. If any Documents herein requested were formerly in your possession, custody, or control and have been lost or destroyed, you are requested to submit in lieu of each such Document, a written statement that:

(a) Describes in detail the nature of the Document and its contents;

(b) Identifies the person who prepared or other authored the Document and if applicable, the person to whom the Document was sent;

(c) Specifies the date on which the Document was prepared or transmitted or both;

(d) Specifies, if possible, the date on which the Document was lost or destroyed, and, if destroyed, the conditions of, or reasons for, such destruction and the persons requesting and performing the destruction.

19.    Any Documents produced must bear Bates numbers. If Documents are produced in electronic format, then the Documents must be text-searchable.

20.    Documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to identify the Request or Requests to which it is responsive.

21.    Except as otherwise specified in these Requests, all electronically stored information covered by the Demands or produced in response thereto shall be produced in searchable, multi-page TIFF format with full text extracts. In addition, all electronically stored information covered by the Demands or produced in response thereto shall include the following fields of metadata (where available): (1) custodian name, (2) author, (3) recipient, (4) cc and bcc fields, (5) subject/title, (6) date and time created, (7) date and time last modified, (8) date and time sent (for e-mails), (9) file name, (10) source device, (11) path/location.

22.    Documents that are segregated or separated from other Documents in the Ordinary course of business shall be produced as individual Documents so segregated or separated.

23.    Spreadsheets responsive to these Requests that are maintained in electronic format in the usual course of business shall be produced in native format in addition to searchable, multi- page TIFF format. All speaker notes, comments, track changes, and hidden text should be expanded, extracted, and rendered in the TIFF file.

24.    Images of electronic files shall be produced with a load file that indicates the appropriate document boundaries.

25.    These Requests shall be deemed to be of an ongoing nature and should

8

you acquire additional documents responsive to these Requests which would have been subject to production had such document been available or its existence known at the time of production, you shall produce such additional documents within seven days.

26.    These Requests are continuing and require further and supplemental production of all responsive Documents obtained after the date of initial production.

27.    If any Document is responsive to more than one demand herein, it need only be produced once; however, You must identify the Document Request to which it responds.

28.    If You claim any ambiguity in interpreting either a Document Request or a definition or instruction, You should not use that claim as a basis for refusing to respond, but shall set forth as part of Your response the language deemed to be ambiguous.

29.    Documents in possession of a party include documents in possession of the party's agents, spouse, children, employees, representatives, predecessors, successors and assigns, and, unless privileged, the party's attorneys and all other persons acting on or purporting to act on the party's behalf.

30.    Unless otherwise noted, the time period covered by these Requests shall be as for or relating to Plaintiff Superb Motors, Inc.: since and including November 2021; as for or relating to Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC: since and including February 2020; as for or relating to Plaintiff Northshore Motor Leasing LLC: since and including November 2017.

## **DOCUMENTS REQUESTED**

1.  Each document in the possession, custody or control of each Plaintiff that evidences any contract or agreement between any Plaintiff and any Defendant; please indicate in your response which Plaintiff(s) and which Defendant(s) Plaintiffs' allege that the contract or agreement is between.

2.  Each document and/or bank record that indicates any person's addition or subtraction from any bank account belonging to Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC.

3.  Each document that evidences any crime allegedly committed by any Defendant in any Plaintiff's possession, custody or control.  Please indicate in your Answer which Defendant(s) the document purportedly indicates committed one or more crimes, and also indicate which crimes Plaintiffs allege is evidenced by each such document produced.

4.  Each document in each Plaintiff's possession, custody or control communicating to any Defendant complaints of or protests for any action taken or not taken by that Defendant relating to Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC.

5.  Each document in each Plaintiff's possession, custody or control indicating approval or disapproval of any financial transaction conducted at or for Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC,

by and through each company's bank accounts.  This request refers to all approvals and disapprovals for each company's bank account transactions by and through any token, texting, and/or Positive Pay system in place on each of the company's bank accounts, and further refers to all documents approving or disapproving the transactions conducted at or for Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC, by and through any token, texting, and/or Positive Pay oversight on each of the companies' bank accounts.  Please indicate in your response who approved or disapproved each transaction subject to the token, texting, and/or Positive Pay systems on each of the companies' bank accounts, whether or not they are a named party herein.

6. Each state and federal tax document including, but not limited to, income tax returns, filed by any Plaintiff herein for Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC.  Please indicate in your response who filed each such document.  Defendant stands prepared to execute any appropriate confidentiality agreement relating to the production in response to this request.

1. Each state and federal tax document including, but not limited to, income tax returns, filed by any Plaintiff herein personally that indicates any ownership interest in Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor

11

Leasing LLC. Please indicate in your response who filed each such document. Defendant stands prepared to execute any appropriate confidentiality agreement relating to the production in response to this request.

7. Each document relating to the application for, approval or disapproval of, and/or payments made for Pandemic Relief funding (a/k/a/ "PPP" funding) of any type through or for Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, Plaintiff Northshore Motor Leasing LLC, and/or any individuals working for and/or employed by those companies.  This request relates to any entity whatsoever to whom any Plaintiff or anyone acting for any Plaintiff made application for any and every type of relief funding in response to the COVID pandemic which commenced during or about March 2020, and includes all applications, approvals, disapprovals, and payments made by any/all governmental entities, whether state or Federal, and any private lenders, such as Ally Bank, for the three companies and their then employees.  Please include in your response the identity of the person(s) who requested such funds and any individuals or companies that received such funds.

8. Each document that indicates withdrawals made by any Plaintiff from any account belonging to Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, Plaintiff Northshore Motor Leasing LLC.  As to such documents indicating withdrawals from the accounts of the three companies, please indicate as to each such document

12

which Plaintiff or Plaintiffs made such withdrawals or, who made the withdrawal for each person obtaining such withdrawals.

9.  As to any money withdrawn as indicated in the prior request, please provide all documents relating to the deposit of such funds by or for any Plaintiff, including, but not limited to, document that indicate account identifying information as to where the withdrawn funds were next deposited, including both the name of the bank and/or financial institution and the account holder(s) for such deposits.

10. Each document indicating the assignment of any contract or agreement from any Plaintiff to any Defendant.

Defendant, *Pro Se,*

/S/ *Harry R. Thomasson*

Dated:  November 26, 2025

_____
HARRY R. THOMASSON
3280 Sunrise Highway
Box 112
Wantagh, NY  11793
Tel. 516-557-5459
hrtatty@verizon.net

13