# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

|  |  |
|---|---|
|  | Case No.: 2:23-cv-6188 (JMW) |
|  | **PLAINTIFFS' RESPONSES & OBJECTIONS TO DEFENDANT HARRY R. THOMASSON, ESQ.'S FIRST REQUEST FOR <u>PRODUCTION OF DOCUMENTS</u>** |

                                      Plaintiffs,

          -against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP,  FLUSHING BANK, and LIBERTAS FUNDING LLC,

                                      Defendants.
------------------------------------------------------------------------X

          Plaintiffs Superb Motors Inc., Team Auto Sales LLC, Robert Anthony Urrutia (the "Superb Plaintiffs"), 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, Brian Chabrier, Joshua Aaronson, Jory Baron, Asad Khan, Iris Baron Representative of the Estate of David Baron, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC and Island Auto Management, LLC (collectively "IAG Plaintiffs") (Superb Plaintiffs and IAG Plaintiffs collectively hereinafter the "Plaintiffs") by their respective attorneys Sage Legal LLC and Cyruli, Shanks & Zizmor LLP respond to Defendant Harry

1

Thomasson's ("Defendant") "Request To Each Plaintiff For The Production Of Documents" dated November 26, 2025 (the "Document Demands"), as follows:

**<u>GENERAL OBJECTIONS</u>**

Plaintiffs' responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each document demand. The production of information encompassed within Plaintiffs' General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5. Plaintiffs object to these uniformly overbroad discovery demands to the extent that they seek information that is not relevant to any claim or defense or proportional to the needs of the case.

6. Plaintiffs object to the demands to the extent they are so overly broad or impose an undue burden.

7. Plaintiffs object to the demands to the extent they are unreasonably vague and ambiguous.

2

8. Plaintiffs object to the demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, attorney work product doctrine, self-critical analysis privilege, or any other privilege.

9. Plaintiffs object to the demands to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Plaintiffs' right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Plaintiffs object to the demands to the extent they assume facts that have not been established. Plaintiffs specifically reserve the right to object to the factual assumption made in these demands.

12. Plaintiffs object to the demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure ("Rules" or "Rule") and the local rules of the Eastern District and (ii) attempt to place obligations upon Plaintiffs which are inconsistent with the Rules. Plaintiffs will respond to the demands in accordance with the Rules.

All of Plaintiffs' answers are made subject to the above comments and qualifications.

## SPECIFIC DEMANDS AND RESPONSES

1. Each document in the possession, custody or control of each Plaintiff that evidences any contract or agreement between any Plaintiff and any Defendant; please indicate in your response which Plaintiff(s) and which Defendant(s) Plaintiffs' allege that the contract or agreement is between.

3

**Response: IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and not relevant to any claim or defense of the demand's proponent, Harry Thomasson, *pro-se* ("Thomasson"). Subject to and without waiving any objections, IAG Plaintiffs and Superb Plaintiffs are not in possession, custody or control of responsive documents concerning Thomasson.**

2.      Each document and/or bank record that indicates any person's addition or subtraction from any bank account belonging to Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC.

**Response: IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and to the extent that it is not relevant to any claim or defense of Thomasson. Subject to and without waiving any objections, IAG Plaintiffs and Superb Plaintiffs shall conduct a diligent search for non-privileged responsive documents that concern Thomasson.**

3.      Each document that evidences any crime allegedly committed by any Defendant in any Plaintiff's possession, custody or control. Please indicate in your Answer which Defendant(s) the document purportedly indicates committed one or more crimes, and also indicate which crimes Plaintiffs allege is evidenced by each such document produced.

**Response: IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and not relevant to any claim or defense of Thomasson. Subject to and without waiving any objections, IAG Plaintiffs and Superb Plaintiffs are not in possession, custody or control of responsive documents concerning Thomasson.**

4

4.      Each document in each Plaintiff's possession, custody or control communicating to any Defendant complaints of or protests for any action taken or not taken by that Defendant relating to Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC.

**Response: IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and to the extent that it is not relevant to any claim or defense of Thomasson. Subject to and without waiving any objections, IAG Plaintiffs and Superb Plaintiffs shall conduct a diligent search for non-privileged responsive documents that concern Thomasson.**

5.      Each document in each Plaintiff's possession, custody or control indicating approval or disapproval of any financial transaction conducted at or for Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC,  by and through each company's bank accounts. This request refers to all approvals and disapprovals for each company's bank account transactions by and through any token, texting, and/or Positive Pay system in place on each of the company's bank accounts, and further refers to all documents approving or disapproving the transactions conducted at or for Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC, by and through any token, texting, and/or Positive Pay oversight on each of the companies' bank accounts. Please indicate in your response who approved or disapproved each transaction subject to the token, texting, and/or Positive Paysystems on each of the companies' bank accounts, whether or not they area named party herein.

5

**Response: IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and to the extent that it is not relevant to any claim or defense of Thomasson. Subject to and without waiving any objections, IAG Plaintiffs and Superb Plaintiffs shall conduct a diligent search for non-privileged responsive documents that concern Thomasson.**

6.      Each state and federal tax document including, but not limited to, income tax returns, filed by any Plaintiff herein for Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC. Please indicate in your response who filed each such document. Defendant stands prepared to execute any appropriate confidentiality agreement relating to the production in response to this request.

**Response: IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and not relevant to any claim or defense of Thomasson. Subject to and without waiving any objections, IAG Plaintiffs and Superb Plaintiffs are not in possession, custody or control of responsive documents concerning Thomasson.**

7.      [*sic*] Each state and federal tax document including, but not limited to, income tax returns, filed by any Plaintiff herein personally that indicates any ownership interest in Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC. Please indicate in your response who filed each such document. Defendant stands prepared to execute any appropriate confidentiality agreement relating to the production in response to this request.

**Response: IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and not relevant to any claim or defense of Thomasson. Subject to and without waiving any objections, IAG Plaintiffs and Superb Plaintiffs are not in possession, custody or control of responsive documents concerning Thomasson.**

8.    Each document relating to the application for, approval or disapproval of, and/or payments made for Pandemic Relief funding (a/k/a/ "PPP" funding) of any type through or for Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, Plaintiff Northshore Motor Leasing LLC, and/or any individuals working for and/or employed by those companies. This request relates to any entity whatsoever to whom any Plaintiff or anyone acting for any Plaintiff made application for any and every type of relief funding in response to the COVID pandemic which commenced during or about March 2020, and includes all applications, approvals, disapprovals, and payments made by any/all governmental entities, whether state or Federal, and any private lenders, such as Ally Bank, for the three companies and their then employees. Please include in your response the identity of the person(s) who requested such funds and any individuals or companies that received such funds.

**Response: IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and not relevant to any claim or defense of Thomasson. Subject to and without waiving any objections, IAG Plaintiffs and Superb Plaintiffs are not in possession, custody or control of responsive documents concerning Thomasson.**

7

9.    Each document that indicates withdrawals made by any Plaintiff from any account belonging to Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, Plaintiff Northshore Motor Leasing LLC. As to such documents indicating withdrawals from the accounts of the three companies, please indicate as to each such document which Plaintiff or Plaintiffs made such withdrawals or, who made the withdrawal for each person obtaining such withdrawals.

**Response: IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and to the extent that it is not relevant to any claim or defense of Thomasson. Subject to and without waiving any objections, IAG Plaintiffs and Superb Plaintiffs shall conduct a diligent search for non-privileged responsive documents that concern Thomasson.**

10.    As to any money withdrawn as indicated in the prior request, please provide all documents relating to the deposit of such funds by or for any Plaintiff, including, but not limited to, document that indicate account identifying information as to where the withdrawn funds were next deposited, including both the name of the bank and/or financial institution and the account holder(s) for such deposits.

**Response: IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and to the extent that it is not relevant to any claim or defense of Thomasson. Subject to and without waiving any objections, IAG Plaintiffs and Superb Plaintiffs shall conduct a diligent search for non-privileged responsive documents that concern Thomasson.**

8

11. Each document indicating the assignment of any contract or agreement from any Plaintiff to any Defendant.

**Response: IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and not relevant to any claim or defense of Thomasson. Subject to and without waiving any objections, IAG Plaintiffs and Superb Plaintiffs are not in possession, custody or control of responsive documents concerning Thomasson.**

Dated: New York, New York
January 7, 2026      **CYRULI SHANKS & ZIZMOR LLP**

_____/s_____

Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

Dated:  New Hyde Park, New York
       January 7, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*