# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:

Massachusetts
New York

March 28, 2026

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

> Re:  *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
>      Case No. 2:23-cv-6188 (JW)

Your Honor:

I am writing with regard to the correspondence filed with the Court by Mr. Ruderman earlier today at ECF #449, a so-called "joint" letter Motion.  Please be advised, as follows:

1. I've had one (1) meet and confer with Plaintiffs' counsel regarding this discovery extension.  They asked me at a deposition two (2) days ago if I would consent to another extension on discovery, and I said yes, but only for two weeks.  That is the entirety of the "meet and confer" that I participated in with Plaintiffs' counsel.

2. In fact, I still have some work to do, in part because of having missed a week of work due to health reasons.  However, for the Plaintiffs to rely on my health as a reason for this extension was not discussed amongst us, and more important, definitely did not impact the Plaintiffs at all.  Two examples of the lack of impact of my hospitalization are that 1) the deposition of Defendant Tom Jones went forward on March 25, 2026, without the Plaintiffs inquiring to see if I wanted or could attend; and 2) Emanuel Kataev went to a Court date earlier this week on one of the related state court actions without knowing I was in the hospital; he called to see where I was when I didn't appear in a timely fashion.  So it is misleading for the Plaintiffs to tell this Court in a so-called "joint" letter motion that my health impacted their discovery.  It did not.

3. I am also concerned about the Plaintiffs indicating in this "joint" letter Motion that "[t]o the extent that no party moves for summary judgment, the parties agree to begin trial on July 6, 2026."  At no time did anyone discuss that statement with me, and I am firmly opposed to its implication:  If and when I move for summary judgment, Plaintiffs intend to ask for an adjournment of the trial.  I do not want the trial date moved, your Honor, and no one met and conferred with me on that sentence.

1

4. This Court should also be aware that from my observation and personal knowledge of the case, Sara Deo agreed to at least three (3) dates for her deposition previously, and all such dates were adjourned by the Plaintiffs for various reasons. Other dates were also provided to the Plaintiffs by Mr. Benjamin, but were unacceptable to the Plaintiffs. This is not the action of anyone being uncooperative with discovery, and the implications to the contrary in a so-called "joint" letter are inappropriate.

5. I am agreeable to requesting an additional two (2) weeks for discovery through and including April 14, 2026. I just missed a week of work at a bad time for this case (e.g., I certainly intended to file my Motion to Compel more than a week ago instead of yesterday), so I can use a little more time to finish. I have outstanding subpoenas with NextGear and Chase Bank that are (slowly) being dealt with, but will not be fully complied with until after the current deadline of March 31, 2026. I am opposed to any other dates changing, and I am adamantly opposed to changing the trial date at all.

Awaiting the Court's decision, I remain,

Very truly yours,

*Harry R. Thomasson*

Harry R. Thomasson, Esq.