

**MARWAHA**
LAW GROUP, PLLC

Nipun Marwaha, Esq.
Nipun@MarwahaLaw.com
Admitted NY, EDNY, SDNY

March 28, 2026

**VIA ECF**
Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

> Re:   Superb Motors, Inc., et al. v. Anthony Deo, et al.
>        Case No. 2-23-cv-6188 (JMW)

Dear Judge Wicks,

As the Honorable Court is aware, this firm represents "Deo Defendants" in the above referenced matter. We respectfully submit this letter in Opposition to the erroneously named "Joint" Motion for an Extension of Time to Complete Discovery. (ECF 449).

The undersigned would have deemed it sufficient to simply join Pro Se Defendant Harry Thomasson's Opposition, (ECF 450), but for the false and disparaging comments made in Island Auto Plaintiffs' Letter that cannot be allowed to go without a response.

In the interests of judicial economy, which based on a brief glance of the PACER Docket Report seems to a concept wholly disregarded by certain litigants in this matter, the undersigned will not repeat any facts already provided by Harry Thomasson and joins fully in his argument.

There are only two facts the undersigned wishes to bring to the Court's attention.

On March 26, 2026, during a break in the deposition of Mr. Merckling, the undersigned asked of all of the attorneys on the zoom call "why Sara Deo had not been deposed?". Plaintiff's counsel stated in sum and substance that other depositions going longer than expected was the reason for the delay. At no point did anyone ever state it was due to her unavailability. This is especially infuriating given that the attorney that provided the above response was also the author of the instant Letter Motion stating that it is entirely the fault of counsel for Deo Defendants. Indeed, this is false as dates were provided and it was one attorney or another for the Plaintiffs that claimed unavailability, not Defendant Sara Deo.

Furthermore, the instant "Joint" motion was never circulated to the undersigned for approval. In fact, I was told that if I did not write the letter consenting to the extension and take the brunt of the blowback from the Court's probable discontentment with a FOURTH request for an extension, that Plaintiffs' counsel would file without circulating a copy for review. A promise they fulfilled.

Page 2

The undersigned is authorized to consent to a two-week extension as that will provide sufficient time to be familiarized with the case and file, *if needed*, motions to resolve outstanding disputes and the matter as a whole.

We thank the Court for its time and consideration of this matter.

Respectfully Submitted,

Nipun Marwaha
Managing Partner
Marwaha Law Group, PLLC