

Cullen and Dykman LLP
The Omni Building
333 Earle Ovington Blvd, 2nd Floor
Uniondale, NY 11553
T: 516.357.3700
F: 516.357.3792

Ariel E. Ronneburger
Partner
Phone: 516-296-9182
Email: aronneburger@cullenllp.com                    March 29, 2026

**VIA ECF**
Honorable James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York

> **Re:    *Superb Motors Inc., et al. v. Anthony Deo, et al.,***
> **Docket No: 2:23-cv-6188-JMW**

Dear Judge Wicks:

This firm represents defendant Flushing Bank. We write in response to the incorrectly termed "joint" letter motion for an extension of time filed by counsel for Plaintiffs at 1:14 am yesterday. Flushing Bank writes to object to the request for yet another extension of time to the extent that Plaintiffs seek to depose another corporate witness from Flushing Bank, and to the characterization of its appointed corporate witness, Michael Buccino, as "unfamiliar with significant functions of Flushing." Flushing Bank takes no position as to the remaining requests for an extension of time.

While at the end of the first day of Mr. Buccino's deposition, counsel for Flushing Bank stated that they would take the production of another witness under consideration, and did not believe there would be an objection, the second day of Mr. Buccino's testimony has made it apparent this request is simply Plaintiffs' attempt at "another bite of the apple" and Flushing Bank will not agree to produce another corporate witness. A copy of Mr. Buccino's February 26, 2026 testimony is attached hereto as Exhibit A. Flushing Bank is not yet in possession of the transcript for the second day of testimony, which occurred on March 24, 2026.

As an initial matter, Federal Rule of Civil Procedure 30(b)(6) allows for a party to notice a corporate defendant, and "must describe with reasonable particularity the matters for examination." The Notice of Deposition to Flushing Bank contained **no description** of any subjects for examination. *See* Exhibit B. As such, Flushing Bank produced Michael Buccino, Legal Processing & Support Attorney. Over the course of two days, Mr. Buccino, who is intimately familiar with this action, testified in detail about the opening of accounts relevant to this matter, as well as Flushing Bank policies and procedures.



Mr. Buccino testified over seven (7) hours total. Despite Flushing Bank's counsel noting to Plaintiffs' counsel when the time limitation was reached, Plaintiffs' counsel immediately threatened to make an application to the Court to request more time. Rather than waste the Court's resources and time, as has been done so many times in this matter, Mr. Buccino was deposed for approximately an additional twenty (20) minutes. Additionally, Plaintiffs' counsel asked questions that were repetitive of what Mr. Buccino had been asked on his previous day of testimony. Again, when Flushing Bank's counsel raised an objection to this line of questioning as "asked and answered", read Plaintiffs' counsel the portion of the prior transcript where the question had been asked, and pointed out that this Court had noted, when the parties conducted the deposition of Anthony Deo in the Courtroom, that repetitive questions could not be asked by different parties, Plaintiffs' counsel threatened to call the Court if Mr. Buccino refused to answer. This is Plaintiffs' counsel's *modus operandi*—to threaten to contact this Court with frivolous matters and waste the time and resources of the other parties if they do not immediately get their way.

This Court dismissed every single one of Plaintiffs' causes of action against Flushing Bank, except for a cause of action under Uniform Commercial Code Article 4-A-204(1), which regards whether "Flushing Bank knew or should have known that Deo had no membership interest in Northshore or Sunrise to authorize such transactions, or at the very least, that a commercially reasonable actor, or in this case a sophisticated bank, would have been alerted to the fact that the transfers were fraudulent and unauthorized." *See* Opinion and Order, dated March 21, 2025, at pp. 76-77. While, because Plaintiffs failed to comply with the requirements of particularity required by Federal Rule of Civil Procedure 30(b)(6) it is difficult to tell exactly what they request additional testimony on, Plaintiffs asked Mr. Buccino questions regarding loan amount requirements along with Flushing Bank's policies on collecting on defaulted loans, to which he stated the business banking department would have that information. *See* Exhibit A, p. 22:17-23; 76:17-23. These questions are not relevant to the remaining claim.

Plaintiffs also asked Mr. Buccino a long line of questions regarding Mr. Deo's statement that he had someone from Flushing Bank "in his pocket," and asked numerous questions regarding Flushing Bank's policies with regard to employees who accept bribes. *See* Exhibit A, pp. 161:18-25; 164:4-24. Plaintiffs disregard this Courts' Opinion and Order dismissing the Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against Flushing Bank and continue to act like this Order was not rendered.

Admittedly, none of this should be surprising given Plaintiffs' complete disregard for other orders of this Court, the Federal Rules of Civil Procedure, and the Federal Rules of Appellate Procedure. Plaintiffs continue to pursue a nonfinal and interlocutory appeal at the Second Circuit, despite this Court's decision denying entry of a final judgment and certification of an interlocutory order. Flushing Bank's motion to dismiss this appeal, as well as the motions to dismiss of JPMorgan Chase Bank, NA, and Thomas Jones, CPA, and Jones, Little & Co., CPA's LLP, are pending. Moreover, Plaintiffs' counsel has misrepresented the rules permitting seven hours of testimony per witness on the record during depositions. *See* Exhibit C, relevant portions of the deposition transcript of Anthony D. Deo, at pp. 12:3-10 ("[E]very party is entitled to seven hours. So we're one party. This is another party….But they're all entitled to seven hours each.").



Plaintiffs' request for the testimony of yet another corporate witness from Flushing Bank is representative of the tactics they have taken throughout the course of this matter, which included serving another 99 post-deposition requests for documents on the defendants at 12:29 am on March 26, 2026. This Court should deny the request for an extension of time to the extent Plaintiffs seek another corporate witness from Flushing Bank, as Flushing Bank has more than met its obligations to produce a witness with knowledge of the outstanding claims in this matter.

During a recent deposition, Plaintiffs' counsel Emanuel Kataev noted that he was "becoming seasick from this fishing expedition." The irony of this statement is astounding. There is surely a fishing expedition occurring here, and it is Plaintiffs' counsel steering the ship.

We thank the Court for its courtesy and patience in this matter.

Respectfully,

*Ariel E. Ronneburger*

Ariel E. Ronneburger