# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

**VIA ECF**                                                                                   March 29, 2026
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

>    ***Re:***    **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
>             <u>**Case No.: 2:23-cv-6188 (JMW)**</u>

Dear Judge Wicks:

This firm together with Cyruli Shanks & Zizmor LLP represents the Plaintiffs in this case, who submit this reply letter in further support of their motion for an extension of time to complete discovery, and to oppose Flushing Bank's ("Flushing") diatribe disguised as a cross-motion for a protective Order.  For the reasons set forth below, an extension of time should be granted and Flushing should be required to comply with Rule 30(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") by producing a knowledgeable witness.

## Flushing Waived any Objection to Plaintiffs' Notice of Deposition & Must Produce a Witness

Flushing is correct that Plaintiffs' notice fails to list any topics.  <u>See</u> ECF Docket Entry <u>453-2</u>.  Notably, the notice is dated December 10, 2025 and Flushing's deposition began on February 26, 2026.  <u>Compare</u> ECF Docket Entry <u>453-2</u> with <u>453-1</u>.  In that span of two-and-a-half months, see <u>Date Calculator</u>, Flushing sat idly by and failed to avail itself of the opportunity to quash the deposition notice or seek to meet-and-confer with Plaintiffs concerning the scope of the deposition notice as required by Rule 30(b)(6).  <u>See</u>, <u>e.g.</u>, <u>Henderson v. Rite Aid of New York, Inc.</u>, No. 16-CV-785V(SR), 2018 WL 3031880, at *2 (W.D.N.Y. June 18, 2018) ("On June 5, 2017, Rite Aid Corporation filed a motion to quash the deposition notice because 'it has no unique personal knowledge that is relevant to Plaintiff's individual claims of discrimination' and plaintiff offered 'no specific allegations in the Complaint against RAC and she fails to describe even the topics for deposition'"); <u>see</u> <u>also</u> Fed. R. Civ. P. 30(b)(6) ("Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination").

Flushing's failure to seek relief for what it now submits was a defective notice of deposition in light of its compounded failure to meet-and-confer about topics as required by Rule 30(b)(6) cannot now be countenanced.  Indeed, by proceeding with the deposition on February 26, 2026, Flushing waived any objection it had to the notice.  In so waiving objections, Flushing learned about the topics Plaintiffs sought to depose Michael Buccino ("Buccino"), an *attorney* who works at Flushing who was designated by it instead of individuals who directly dealt with the Deo Defendants.  Against that backdrop, this Court should determine that Flushing failed to produce a witness with knowledge of the topics identified during Plaintiffs' deposition of Buccino as corporate representative of Flushing.

As an initial matter, Flushing's cross-motion in disguise, is long on rhetoric and lacks *any* authority whatsoever in support of its position.

Moreover, while Plaintiffs met-and-conferred with Flushing at the conclusion of the February 26, 2026 deposition, as is evidenced by the deposition transcript, Flushing failed to meet-and-confer with Plaintiffs regarding her about-face on producing a witness that is knowledgeable.  See ECF Docket Entry 453-1 at 242:11-243:5.  As noted in the transcript, after Buccino answered "I don't know" over one hundred (100) times to relevant questions, Flushing's counsel noted that Flushing did not think that they would note an objection to producing another 30(b)(6) witness. And, to your undersigned's recollection, there was no objection to producing another witness at the conclusion of the March 24, 2026 deposition.  In that regard, Flushing's application must be denied as premature for failing to meet-and-confer as required, and this Court should not countenance this obvious attempt to ambush the Plaintiffs by springing an objection at the proverbial eleventh hour and relying on objections to a notice of deposition which should have been raised more than two months ago.  See, e.g., In re Namenda Direct Purchaser Antitrust Litigation, No. 15-CIV.-7488 (CM) (JCF), 2017 WL 3314233, at *4 (S.D.N.Y. Aug. 2, 2017) (noting that any motion filed prior to a meaningful meet -and-confer process "may be denied on that basis alone"); see also Noel v. Clouston, No. 21-cv-6559CJS, 2024 WL 1326299, at *2 (W.D.N.Y. Mar. 28, 2024) (denying the motion for discovery based on the failure to meet and confer in violation of Rule 37(a)(1)).

Moving to the merits, Rule 30(b)(6) requires a party to prepare its witness sufficiently to "give knowledgeable answers," see Spanski Enterprises, Inc. v. Telewizja Polska, S.A., No. 07-CIV.-930 (GEL), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009), and "allow[s] a party to offer multiple witnesses to address topics identified by the party noticing the ... deposition," see Bush v. Element Financial Corp., No. 16-CIV.-1007 (RJS), 2016 WL 8814347, at *2 (S.D.N.Y. Dec. 13, 2016).

If it turns out that the witness could not testify about discrete pieces of relevant information of sufficient significance to justify further inquiry, the discovered institutional litigant may be required to undertake reasonable post-deposition efforts to provide that information if it is known to the litigant.  See Anthropologie, Inc. v. Forever 21, Inc., No. 07-CIV.-7873 (RJS) (MHD), 2009 WL 9087188, at *1 (S.D.N.Y. Mar. 18, 2009).

Rule 30(b)(6) provides in pertinent part:

> A party *may* in the party's notice and in a subpoena name as the deponent a public or private corporation ... *and* describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or the persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.... The persons so designated shall testify as to matters known or reasonably available to the organization. …

Fed.R.Civ.P. 30(b)(6).  Rule 30(b)(6) is meant to serve several purposes:

> reduc[ing] the difficulties ... encountered in determining, prior to the deposition, whether a particular employee or agent is a 'managing agent' ....; curb[ing] the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization ....; [and] assist[ing] organizations which find that an unnecessarily large number of their agents are being deposed by a party uncertain of who in the organization has knowledge.

See S.E.C. v. Morelli, 143 F.R.D. 42, 44–45 (S.D.N.Y.1992) (quoting Advisory Committee Notes on Rule 30(b)(6)).

At a Rule 30(b)(6) deposition, (1) the deponent "must testify about information known or reasonably available to the organization," and (2) the "corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf" See Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 268 (2d Cir.1999); see also Moore's Federal Practice, at ¶ 30.25.  The corporation is obligated to make a good faith effort to prepare the representative witness to be able to "answer fully, completely, [and] unevasively the questions posed ... as to the relevant subject matters." See S.E.C. v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992) (alteration in original) (citations and internal quotations omitted).

A party may also have an interest in getting the corporation's testimony on an issue, rather than the testimony of an individual. In such a case, courts have allowed 30(b)(6) depositions in order to obtain testimony binding on the corporation even though that testimony was likely to essentially duplicate information which had already been stated in an individual deposition. See State of New Jersey v. Sprint Corp., 2010 WL 610671, at *2 (D. Kan. Feb. 19, 2010).  A Rule 30(b)(6) Notice is subject to limitations under Rule 26 which requires that the information sought not be unduly burdensome or duplicative. See Dealer Computer Services, Inc. v. Curry, No. 12-CIV.-3457 (JMF) (JLC), 2013 WL 499520, at *2 (S.D.N.Y. Feb. 7, 2013).

Critically, the burden of proof lies with the party *opposing* discovery to show good cause to deny the discovery sought. See Chamberlain v. Farmington Sav. Bank, 247 F.R.D. 288, 290 (D. Conn. 2007) (emphasis added). The party opposing the discovery sought must support its position with a "particular and specific demonstration of fact." See Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 (1981). It is not enough for the party to merely make conclusory statements. Id.

With the foregoing law in mind, Flushing's ambush application falls woefully short of the standard required to deny Plaintiffs the discovery sought.  Flushing's first argument about an attempt at "another bite of the apple" fails because it produced a witness that prevented a first bite as demonstrated by the number of times Buccino testified he did not know in response to a question.  Flushing's second argument, that Buccino testified for more than seven (7) hours, is equally unavailing because he, once again, failed to have knowledge about topics raised at the deposition.

3

Flushing's third argument, that Plaintiffs repeated questions, provides no basis for relief. As an initial matter, Flushing's objection coupled with a gratuitous statement as what Buccino testified about previously on the same subject constitutes coaching in violation of Rule 30(c)(2). More importantly, Plaintiffs are entitled to ask the same questions again because, as a corporate representative, Flushing had a duty to charge Buccino with knowledge of the relevant topics. This is because Rule 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice, see Gucci Am ., Inc. v. Exclusive Imports Intern., No. 99 Civ. 11490, 2002 WL 1870293, at *8 (S.D.N.Y. Aug. 13, 2002), and if they do not possess such personal knowledge, the corporation is obligated to prepare them so that they may give knowledgeable answers. See Twentieth Century Fox Film Corp. v. Marvel Enters., Inc., No. 01-CIV.-3016(AGS)(HB), 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002).  Thus, in re-asking questions, Plaintiffs sought to avoid the need to call another witness.  Regrettably, Flushing once again failed in its obligation to adequately prepare a witness with knowledge despite learning of the topics to be discussed on February 26, 2026, nearly an entire month prior to the continued deposition on March 24, 2026.  Therefore, this objection serves as no basis for granting Flushing relief.

Flushing also argues that Plaintiffs' questions concern a dismissed RICO claim when there is only one cause of action remaining against it.  Flushing is wrong on this argument.  The facts and circumstances surrounding the evidence presented of Flushing employees accepting bribes from Defendant Anthony Deo ("Deo") is directly relevant to the question of whether Flushing knew or should have known that Deo was authorized to open a bank account for Superb Motors Inc.  Flushing otherwise fails to satisfy its burden to establish the numerous topics Buccino failed to have knowledge of are not relevant to the claim, and also ignores the reality that the discovery sought may be used to establish Plaintiffs' claims against the Deo Defendants.

Critically, Flushing failed to point out which topics were improper for Plaintiffs to seek discovery on.  Suffice it to say that the deposition transcript of Buccino voluntarily produced by Flushing demonstrates a plethora of relevant topics, none of which Flushing outlined.  For that separate reason, Flushing failed to satisfy its burden of proof in opposing discovery sought.[1]

## Thomasson's Objections in Response Provide no Basis to Deny Relief

Plaintiffs met-and-conferred with Jeffrey Benjamin, Esq. the first time, who stated he would speak with Thomasson.  Plaintiffs never heard back from Benjamin or Thomasson and thus proceeded with the depositions of Flushing and Thomas Jones.  Thomasson's health issues did impact discovery; incoming counsel Nipum Marwaha, Esq. expressly stated as much in email correspondence with all counsel of record.

---

[1] Flushing's digressions about the appeal should be disregarded as irrelevant to the instant motion.  Nevertheless, Plaintiffs respectfully submit they have argued an adequate basis for the Second Circuit to exercise its discretion to assume jurisdiction over the appeal in their opposition papers to Flushing's motion to dismiss.  See Superb Motors Inc, et al. v. Deo, et al.; Docket No.: 25-1330, ACMS Docket Entry 103.

4

Indeed, statements such as: (i) "[g]iven that Harry is still in the hospital and was intending on being present at these depositions, I recommend we confer about scheduling them for a time after he is discharged [*sic*] from the hospital;" and (ii) "[l]ike I stated on the call during our meet and confer, I am going to speak with Harry before agreeing to anything. I've been on the case for less than 48 hours and would not want to do something without discussing with other attorneys on my side of the caption" give rise to the inevitable conclusion that Thomasson's health issues impeded and delayed discovery. In response to Thomasson, Plaintiffs are forced to state "it did."

**The Deo Defendants' Objections in Response Provide no Basis to Deny Relief**

The Deo Defendants have seen fit to dilly dally and delay the completion of discovery throughout this case, and their new counsel has joined in this pattern and practice. Mr. Marwaha sought to delay depositions due to Thomasson's health issues, whereupon Plaintiffs stated that they have no problem doing so as long as the Deo Defendants send an appropriate letter motion to complete discovery. Your undersigned personally followed up with Mr. Marwaha approximately three (3) times requesting a copy of the letter, which Mr. Marwaha kept providing excuses for failing to provide. This behavior was deliberately designed to put Plaintiffs in the position of filing their own letter, having met-and-conferred as required, when it was incumbent on the Deo Defendants to file the instant motion given that they are the cause for the delay here.

Plaintiffs will spare the Court from providing dozens of pages of emails in which they sought dates for Sara Deo's deposition, consisting of repeated follow ups and responses from Benjamin in dribs and drabs that made it impossible to properly schedule depositions. The Deo Defendants' history of discovery abuses contained in the record is sufficient to infer that they have engaged in the same conduct with respect to Sara Deo's deposition, warranting the relief sought.

**Plaintiffs Properly Served Post-Deposition Demands**

Obliquely objected to by Flushing, was Plaintiffs' properly served post-deposition demands. During the varied depositions it became apparent that many parties had not complied with their obligations to produce all relevant documents in response to Plaintiffs' discovery demands, or that a witnesses' answer made clear that there were additional documents relevant to the action. At these deposition Plaintiffs noted on the record various discovery deficiencies, and made oral requests at the time for the document production and have followed these requests in writing. These demands were properly served prior to the close of discovery and were necessitated by the information adduced at the deposition. Responses should be served within thirty (30) days, as required by the Rules.

For the foregoing reasons, Plaintiffs' joint letter motion for an extension of time to complete discovery should be granted. Plaintiffs thank this Court for its time and attention to this case.

Dated: Jamaica, New York
      March 29, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
By:   */s/ Emanuel Kataev, Esq.*

Dated: New York, New York
      March 29, 2026

**VIA ECF**
All counsel of record

**CYRULI SHANKS & ZIZMOR LLP**
       /s            
Jeffrey Ruderman, Esq.

*Attorneys for Plaintiffs*

6