# THE LINDEN LAW GROUP, P.C.

**250 Park Avenue, 7th Floor**
**New York, New York 10177**
**(212) 655-9536**

April 1, 2026

**<u>Via ECF</u>**

Honorable James M. Wicks
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

       Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
              Case No. 2:23-cv-6188 (JW)

Dear Judge Wicks:

On behalf of the myself and Michael Laurie, I write in response to Plaintiffs' counsel's recent motion papers at ECF Docs. #445-447 seeking a judgment and penalty effective April 1, 2026 despite the Court deadline of April 10, 2026. I write this letter motion to strike the subject motion, and for a sanction as the Court deems appropriate for Plaintiffs' counsel combined intentional misconduct. Mr. Kataev claims:

1) We "failed to so pay as required" p.2 of Plaintiffs' Memo of Law;
2) That they are entitled to interest on their "delinquent payment." Pg 3;
3) Interest "commencing March 22, 2026." Pg 4;
4) A per diem fine of $500 for the "delinquent payment" after April 1, 2026. pg 4;

However, the very last line of the Court's Order in Doc #434 states:

"Defendant Laurie and Banjamin are directed to make payments to Plaintiffs' counsel on or before April 10, 2026."

Mr. Kataev, in his Declaration in Doc #447 stated:

"I declare under penalty of perjury that the foregoing is true and correct."

The motion papers at #445-#447 are not true and correct given the Court's April 10, 2026 deadline.

While the Plaintiffs' counsel's flouting of the Court deadline might appear to be inadvertent and a careless reading of the Order[1], on March 27, 2026, I alerted Mr. Kataev of his ignorance, or more likely intentional misreading, of the Court deadline in Doc #434. Mr.

---

[1] Perhaps the most important term of the Order to Plaintiffs: the deadline for payment in the very last line.

Kataev's response was "pay it and we will withdraw [the motion]." When I pressed further to withdraw his facially frivolous motion, Mr. Kataev's response was "We're not withdrawing."

After giving him a third opportunity to withdraw the motion, I received the following response from Mr. Kataev:

"Upon due consideration, we will give you an extension of time to oppose the motion for seven (7) days after **'you claim'** the payment is due. For what it is worth, we honestly did not see any deadline to make the payment." Emphasis added.

"Once the payment is made, we will voluntarily withdraw the motion. If it is not made, you will file your opposition."

It is absolutely incredulous that even if Mr. Kataev "did not see any deadline", that Mr. Ruderman did not catch it. This is especially so after I alerted them to their mis-filing and gave them three (3) opportunities to retract it.

Messrs. Kataev and Ruderman utterly ignore the Court's deadline for payment of April 10, 2026. After I gave him three (3) opportunities to withdraw their motion, Mr. Kataev's response chose to "triple-down" and suggests that his ignorance of the Court Order was not unintentional. Plaintiffs' counsel simply continues mad and baseless motion practice of now, former counsel in this case.

Instead, Mr. Kataev and Ruderman's clear intent is to extort an early payment of fees, after ignoring the Court deadline for same, and refusing to withdraw after being given now six (6) days of opportunity to do so. Perhaps the Court should find this intentional flouting of its prior Order to be sanctionable. If the Court so finds, I request the Court issue an Order that counsel has forfeited its fee amount of $9,644 i.e. that they forfeit the very fees upon which they seek premature payment and penalty, or an amount the Court deems appropriate.

I note further that if Messrs. Kataev and Ruderman were unhappy with the "law of the case" in Doc. #434, they have improperly not moved to reconsider the Court's deadline therein.

In the case that the Court does not find both Plaintiff's counsel's motion and intentional conduct sanctionable to any extent, the Court has required a formal response by Mr. Laurie and I by April 6, 2026.

Currently, I am out of the office and away until April 13, 2026.

If the Court does indeed require a formal response given the above, I request that such time be extended to April, 17, 2026. Further, I request the Court extend the deadline for the payment in Doc. 434 to coincide with that opposition and also be due April 17, 2026.

Further, should Plaintiff's counsel continue their mad motion practice in this matter that involve me from now until April 13, 2026, I request any future motions by them be put over to

the week of April 20, 2026 to allow me to fully respond with Declarations and Memorandums of Law if they are necessary.

Very truly yours,

*Jeffrey Benjamin*

Jeffrey Benjamin, Esq.