# CYRULI SHANKS
### CYRULI SHANKS & ZIZMOR LLP

Jeffrey C. Ruderman
email: jruderman@cszlaw.com
Admitted NY, NJ and CT

April 1, 2026

Via ECF

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

      Re:    Superb Motors Inc. et. al. v. Deo, et. al., Case No. 2:23-cv-6188 (JMW)

Dear Judge Wicks:

This firm represents the "Island Auto Plaintiffs", being all Plaintiffs in the above referenced matter other than the "Superb Plaintiffs" (being Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia) (and together with the Island Auto Plaintiffs, "Plaintiffs"). We write this letter along with the Superb Plaintiffs responding to Defendant Harry R. Thomasson, Esq.'s ("Thomasson") motion (ECF 448) to compel amended responses to Thomasson's discovery demand dated November 26, 2025 (the "Demands").

On or about January 7, 2026, Plaintiffs served a written response to the Demands. See ECF Docket Entry 448-2. At some point later Thomasson raised an objection to Plaintiffs concerning the response. As such, following one of the depositions held in February 2026, Plaintiff held a video meet and confer to try to resolve Thomasson's objections to Plaintiffs' response.[1] At that meet and confer Plaintiffs offered several times to review each of the demands individually to see how to overcome our differences. Thomasson refused to do so, simply repeating that he believed he is entitled to everything requested.

Plaintiffs did not hear further from Thomasson on this matter until he filed a motion to compel on February 20, 2026 (ECF 419) seeking an amended response to the Demands. In that letter motion, Thomasson mentioned that the parties met and conferred over this issue, but were unable to resolve their issues.

---

[1] Plaintiffs apologize to the Court as to the lack of specificity of the date, but we do not have a writing that will refresh our recollection of the exact day of the meet and confer. As set forth below, it is irrelevant because this Court denied the motion due to Thomasson's failure to meet-and-confer as required.

ATTORNEYS AT LAW

420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350

# CYRULI SHANKS

## CYRULI SHANKS & ZIZMOR LLP

This Court denied that motion because Thomasson failed to properly meet-and-confer. See Text Only Order dated February 21, 2026 ("it is apparent that the parties did not have meaningful meet and confers prior to raising the discovery issue with the Court").

After the Court denied that motion "*with leave to renew* upon a meaningful meet and confer," Thomasson reached out to the IAG Plaintiffs to meet and confer, but not reach out to the Superb Plaintiffs.

Thomasson and the IAG Plaintiffs held a telephonic meet-and-confer in which we reviewed each of the Demands. In that conversation, as to certain Demands, the IAG Plaintiffs agreed to respond that responsive documents are either: (i) not in the possession, custody, or control of the IAG Plaintiffs; or (ii) that they would conduct a diligent search and produce any non-privileged responsive documents. I noted objections to certain demands which the IAG Plaintiffs and Thomasson could not resolve and that an inquiry had to be made as to others. We concluded our conversation that I would prepare and serve a written amended response. Unfortunately, due to the numerous depositions and compressed time to complete discovery, I inadvertently neglected to prepare the amended responses.

I never received any further follow up from Thomasson that I still owed him the amended responses despite numerous appearances with Thomasson at depositions and other conferences. The next time this issue came up was with this filing on March 27, 2026, seeking to compel.

Annexed hereto is Plaintiffs' amended response to the Demands which was served on Thomasson today. I note the remaining objections below.

As to Demand 3, the IAG Plaintiffs advised Thomasson that this Demand was not proper in that it sought their production of documents that support an allegation that a crime has been committed by any Defendant. The matter before the Court is not a criminal matter and such demand or response it not only irrelevant but would not lead to discovery of relevant evidence. Further, any response would require a supposition based upon a legal conclusion as to what constitutes a crime. As such, the IAG Plaintiffs advised Thomasson that they object to Demand 3.

As to Demand 4, the IAG Plaintiffs advised Thomasson that the Demand was too broad, vague, and indefinite to conduct an appropriate search for responsive documents. The Demand seeks any complaints of or protests for any action taken or not taken by that Defendant concerning the dealership entities. There are numerous electronic communications with certain defendants and a manual review would not only be prohibitively expensive, but the content of complaints or protests is too subjective and indefinite.

# CYRULI SHANKS

### CYRULI SHANKS & ZIZMOR LLP

As such, the IAG Plaintiffs requested that Thomasson provide them with a list of custodians and search terms for them to consider so that they could conduct an electronic search for responsive documents. Thomasson refused, simply repeating that he wants what he asked for the way he asked for them. The IAG Plaintiffs remain ready to conduct an electronic search upon being provided with agreeable custodians and search terms.

As to Demand 9, the IAG Plaintiffs advised Thomasson that the Demand was improper. While Demand 8 seeks documents concerning any withdrawals that may have been made by any Plaintiff from the dealership bank accounts and the IAG Plaintiffs have agreed to conduct a diligent search for responsive documents, Demand 9 seeks documents as to where any such withdrawal was deposited. If any of the IAG Plaintiffs withdrew any funds from the dealership accounts, the Defendants may allege that such withdrawal was improper. There is no basis in this case for the additional request in Demand 9.

As to the Superb Plaintiffs, because there was no meaningful attempt to meet-and-confer with them prior to filing the latest motion to compel by Thomasson, to the extent Thomasson seeks any additional documents from the Superb Plaintiffs (which is unclear to them), any such request must be denied on the grounds that Thomasson failed to meet-and-confer with the Superb Plaintiffs, let alone meaningfully.

For the foregoing reasons, Plaintiffs respectfully request that the motion to compel Plaintiffs to serve an amended response to the Demands be denied.

We thank the Court for its consideration in this regard.

Respectfully yours,

**CYRULI, SHANKS & ZIZMOR, LLP**

*/s/ Jeffrey C. Ruderman*
Jeffrey C. Ruderman

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.

cc:    All counsel via ECF

ATTORNEYS AT LAW
420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350