# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

April 1, 2026

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

> Re:   **Superb Motors Inc,** *et al.* **v. Deo,** *et al.*
>        **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This office represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.  We write this letter along with the IAG Plaintiffs, being all Plaintiffs in the above referenced matter <u>other than</u> the "Superb Plaintiffs" (and together with the IAG Plaintiffs, "Plaintiffs") to respectfully renew their request for an extension of time of two (2) weeks to file a response to the Deo Defendants' answer with counterclaims.  <u>See</u> ECF Docket Entry 433.

Rule 6 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect."  <u>See</u> Fed. R. Civ. P. 6(b)(1)(B).

Consistent with ¶ 1(D) of this Court's Individual Practice Rules, Plaintiffs respectfully submit that: (i) the original date the Plaintiffs have to file a response to the Deo Defendants' answer with counterclaims was Monday, March 30, 2026; (ii-iii) there has been one (1) previous request for an extension of this deadline, which was denied with leave to renew; (iv) sufficient good cause and excusable neglect exists for this Court to exercise its discretion in granting an extension of time for the reasons set forth *infra*; and (v) the Deo Defendants do not consent to this request because they sought to improperly condition their consent on other issues not relevant to their counterclaims.

To establish good cause, Plaintiffs respectfully submit as follows.  The Deo Defendants filed their answer with counterclaims on Monday, March 16, 2026.  Pursuant to Rule 15(a)(3), the Plaintiffs' response to the counterclaims was due on Monday, March 30, 2026.  Counsel for the Superb Plaintiffs was engaged as follows during that period: (i) initial conference before the Hon. Michael J. Truncale, U.S.D.J. in Case No.: 1:25-cv-572 (MJT) in the United States District Court for the Eastern District of Texas, Beaumont Division on Monday, March 16, 2026; (ii) an appearance in the Civil Court of the City of New York, Kings County on Tuesday, March 17, 2026; (iii) a settlement conference before the Hon. Taryn A. Merkl, U.S.M.J. in Case No.: 1:24-cv-4201 (LDH) (TAM) on March 19, 2026; (iv) a CAMP conference in an appeal of this case pending before the Second Circuit on March 19, 2026; (v) an appearance before the Hon. Aaron

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
April 1, 2026
P a g e | 2

D. Maslow, J.S.C. in the Supreme Court of the State of New York, Kings County on March 20, 2026; (vi) an appearance before the Hon. Julie G. Denton, J.S.C. in the Supreme Court of the State of New York, Oneida County on March 23, 2026, which required four (4) hours of travel; (vii) depositions in this case on March 24, 2026, March 25, 2026, and March 26, 2026; and (viii) a deposition in Case No.: 3:25-cv-376 (BAJ) (RLB) in the United States District Court for the Middle District of Louisiana on March 27, 2026.  Each of these engagements required significant preparation time which prevented your undersigned from preparing a response to the answer with counterclaims.

So as not to duplicate efforts, Jeffrey Ruderman, Esq. ("Ruderman") representing the IAG Plaintiffs, and your undersigned agreed that I would take the lead in preparing and filing a response to the Deo Defendants' answer with counterclaims. Ruderman has expended substantial time in taking the lead on preparing for, and taking the depositions of, certain witnesses in this matter, including the depositions of Thomas Jones, CPA (Deo's accountant who was a former Defendant in this case) on March 25, 2026 and Daniel O'Sullivan, the former controller for Northshore Motor Leasing LLC ("Northshore") and 189 Sunrise Hwy Auto LLC ("Sunrise"), on March 30, 2026. Ruderman was also engaged in preparation for, and attendance at, a mediation before Hon. Shirley Kornreich (Ret.) on March 24, 2026. Ruderman is also the lead defendants' attorney in a matter in the Supreme Court of the State of New York, County of New York, Commercial Division before Hon. Jennifer Shechter, J.S.C. He is further involved in significant electronic discovery of which he had to re-focus his attention because of delays in his clients' ESI production in that matter due to the time devoted to the completion of discovery in this matter.

Furthermore, Defendant Harry R. Thomasson, Esq. ("Thomasson") filed his answer with counterclaims – asserting virtually identical counterclaims to those asserted by the Deo Defendants – was filed on Monday, March 30, 2026 (which extension Plaintiffs consented to at the request of the Deo Defendants), such that a response to same is due on Monday, April 13, 2026.  Plaintiffs respectfully submit that judicial economy favors a combined response to the identical counterclaims rather than in multiple submissions, especially in light of this Court's observation that this case has exceeded four hundred docket entries.  See Fed. R. Civ. P. 1 (requiring the parties and this Court to construe the Rules in a manner so as to secure the just, speedy, and inexpensive determination of every civil judicial proceeding).

Plaintiffs also respectfully submit that there exists sufficient excusable neglect in light of the fact that the deadline to respond has passed.  As an initial matter, Plaintiffs timely sought the extension of time in accordance with Rule 6 in their first request for an extension of time.  Plaintiffs concede, however, that they failed to timely request the extension in accordance with this Court's Individual Practice Rules, which requires that any request for an extension of time be made forty-eight (48) hours prior to the expiration of the deadline.  Plaintiffs apologize, and respectfully submit that in light of the significant engagements addressed *supra*, this Court should find that there was excusable neglect given that Plaintiffs previously timely responded to the counterclaims prior to amendment of the pleadings and have hitherto consented to the Deo Defendants' and Thomasson's numerous requests for extensions.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
April 1, 2026
P a g e | 3

For the foregoing reasons, the Plaintiffs respectfully submit that sufficient good cause and excusable neglect exists for this Court's exercise of discretion in favor of granting the requested extension of time.

Plaintiffs thank this Court for its time and attention to this case.

Dated: Jamaica, New York
      April 1, 2026                     Respectfully submitted,

**SAGE LEGAL LLC**

By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**CYRULI SHANKS & ZIZMOR LLP**

           /s
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Remaining Plaintiffs*

**VIA ECF**
All counsel of record