# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

<u>VIA ECF</u>                                                                                                    April 3, 2026
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

> **Re:   Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
> **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.   The Superb Plaintiffs write in accordance with this Court's March 31, 2026 Order to submit the instant opposition to the Deo Defendants' letter motion for leave to move the Deo Injuncted Vehicles from the Hicksville Lot to the West Babylon Lot.

For the reasons set forth below, the Deo Defendants' motion should be denied.

As an initial matter, the Deo Defendants fail to establish good cause.  The reason they had to move was because they failed to pay rent, and used an alleged "death threat" as an excuse not to pay rent.  <u>See</u> <u>Udayan, *et al.* v. 108-122 New South Road Realty Corp., *et al.*</u>; Index No.: 608820/2025 (Nassau County Supreme Court), ECF Docket Entry <u>1</u>.  This is another example in a long line of victims at the hands of Defendant Anthony Deo ("Deo").  Since Deo is not honorable enough to keep his financial commitments, this Court should see he cannot be entrusted with half-a-million dollars'[1] worth of vehicles.

Second, while the Deo Defendants claim that no settlement was reached at the CAMP Conference before the Second Circuit on March 19, 2026, the Superb Plaintiffs beg to differ, as the parties there *did* reach a settlement in principle as it relates to the vehicles.  The Superb Plaintiffs thus respectfully request a virtual hearing to discuss this settlement in principle as directly authorized by the CAMP Mediator.

---

[1] Because this case has languished, the vehicles are probably worth closer to $250,000.00 to $300,000.00.  This is another reason this Court should grant the Superb Plaintiffs' pending motion to vacate the injunction and direct the sale of the injuncted vehicles.  Indeed, there is no dispute that the Deo Defendants did not pay for the vehicles.  Keeping the vehicles injuncted only serves to further harm the Superb Plaintiffs and their principal, Urrutia.  While the pending motion to vacate the injunction seeks possession of the funds upon selling the injuncted vehicles in order to wind down Superb's and Urrutia's remaining dealerships' affairs, given that this motion has not yet been decided, this Court should – at a minimum – direct the sale of the vehicles and direct that all funds from any such sale be held in escrow.  As repeatedly referenced in motion papers, the Deo Defendants stated that they would be amenable to a sale of the vehicles.

In another example of their lack of honor, and as a demonstration that they do not care how much the vehicles are depreciating, the Deo Defendants decided to back out of the settlement in principle that was reached.  As a result, a conference is necessary to discuss these issues prior to a determination of this motion.  To that end, Rule 16 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") authorizes a federal court to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as ... expediting disposition of the action [or] facilitating settlement." See Fed. R. Civ. P. 16(a)(1), (a)(5).  Mandatory attendance at such conferences is not, however, limited to attorneys and *pro se* litigants, as the Rule further provides that, where appropriate, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." See Chen v. Marvel Food Servs., LLC, No. 15-CIV.-6206 (JMA) (AYS), 2016 WL 6872626, at *2 (E.D.N.Y. Nov. 21, 2016) (citing Fed. R. Civ. P. 16(c)(1); see also 28 U.S.C. § 473(b)(5) (discussing mandatory appearance of representative with binding authority at settlement conferences)).  Based on the foregoing authority, and to eliminate the need for judicial resources spent on deliberating and deciding this motion, a settlement conference should be held to discuss what transpired at the CAMP conference and whether a settlement may be reached.

Third, to the extent this Court is inclined to grant the relief requested as it had previously done so (which it should not do this time), the Deo Defendants fail to explain how they plan to transport the vehicles.  If this Court grants their request, the Deo Defendants should be ordered not to drive the vehicles and instead transport them by towing them on flatbeds.

Fourth, the Superb Plaintiffs conducted a site inspection on Tuesday, April 2, 2026 and observed only five (5) of the six (6) Deo Injuncted Vehicles, with the Audi A6 missing.  See ECF Docket Entry 55 at 29; see also copies of pictures of the Deo Injuncted Vehicles, with one vehicle conspicuously missing from in between, annexed hereto as **Exhibit "A."**  The Deo Defendants should be directed to explain in a sworn statement the whereabouts of the missing Audi A6.

For the foregoing reasons, the Deo Defendants' motion should be denied or a ruling should be deferred pending a settlement conference.

The Superb Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
       April 3, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

**VIA ECF**
All counsel of record

*Attorneys for the Superb Plaintiffs*

2