# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112                    Admitted:
Wantagh, New York  11793                         Massachusetts
Tel. 516-557-5459                                New York
hrtatty@verizon.net

April 6, 2026

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

> Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
>        Case No. 2:23-cv-6188 (JW)

Your Honor:

I am writing in response to the letter Opposition/Cross Motion submitted by the Superb Plaintiffs at ECF #461, and Cross Move herein for sanctions against the Superb Plaintiffs and Attorney Kataev for flat out lying to this Court about my position on the injuncted cars as advanced in their letter at ECF #461.  Please be advised, as follows:

## THE SUPERB PLAINTIFFS CROSS MOTION FOR A SETTLEMENT CONFERENCE

1. As to the Superb Plaintiffs' Cross Motion for a settlement conference pursuant to F.R.C.P. 16, such Motion is, at best, premature.  While the Superb Plaintiffs undoubtedly have some reason for pushing to dissolve the injunction they fought so hard to obtain and keep in place after nearly three (3) years, they also are the parties that decided to vest jurisdiction over the issue with the 2nd Circuit Court of Appeals; said appeal is still moving forward and has not been dismissed at this time.  At and from the CAMP conference, all parties agreed to submit the ***Joint*** (emphasis added) Motion for Hearing to conference the Plaintiffs' and Deo Defendants' request for an indicative ruling pursuant to Fed. R. App. P. 12.1(b), which all parties believed was a necessary first step in trying to resolve the injunction, and this Court denied that Joint Motion (albeit with leave to renew).[1]  It is beyond dispute, therefore, that I jointly participated in the submission of that Joint Motion.

---

[1] The Court indicated that the parties may submit *ex parte* emails regarding the confidential proceedings before the CAMP mediation; since I have been unfortunately hospitalized after that CAMP conference and am still recovering, I ask that the Court allow me to still file an *ex parte* communication on the matter later this month, by whatever deadline the Court may impose.

1

2. However, without any further contact with me regarding the injuncted cars since the CAMP conference,[2] the Superb Plaintiffs now suggest the need to involve this Court in resolving *their* issue over *their* injunction despite *their* appeal via a mandatory settlement conference. This is inappropriate for multiple reasons. First, no one conferenced *anything* with me involving this case since the CAMP conference that resulted in a joint motion submitted to this Court at ECF #438; if they want to reach me to discuss resolution of that injunction, they know how to reach me. Second, as this Court previously ruled, the 2nd Circuit has jurisdiction over the injuncted cars at this time due to the Superb Plaintiffs' appeal, which is why everyone decided to submit the joint motion at ECF #438; everyone thought it was a necessary first step to resolving the injunction if we can. Lastly, I cannot think of any reason why the Court is needed to resolve the issue via negotiation; rather, it sounds to me as though the Superb Plaintiffs want the Court to forcibly resolve the issue, which is what Motion practice is for, not a settlement conference.

## <u>MY INSTANT CROSS MOTION FOR SANCTIONS</u>

I argue to this Court that sanctions are appropriate in this instance against the Superb Plaintiffs and their counsel, as follows:

1. For the Superb Plaintiffs to report to this Court that "[i]n another example of their lack of honor, and as a demonstration that they do not care how much the vehicles are depreciating, the Deo Defendants decided to back out of the settlement in principle that was reached… ECF #461, page 2, paragraph 1. This is both false and inappropriately reported to this Court. First, the very same parties and attorney who adamantly (though unsuccessfully) sought sanctions against me and the Deo co-Defendants from both this Court and the 2nd Circuit Court of appeals for allegedly disclosing confidential CAMP discussions inappropriately (and lost in both Courts), are now reporting to this Court entirely inappropriately that there was a settlement in the CAMP conference *and* that the "Deo Defendants decided to back out of" that settlement, notwithstanding that there is another CAMP conference/continuing mediation scheduled in the Plaintiffs' appeal on April 14, 2026.

2. As this Court well knows, CAMP proceedings are confidential. It is entirely inappropriate to report publicly to this Court *anything* that took place in the CAMP conference, especially when 1) Plaintiffs have (unsuccessfully) made such accusations against me before, 2) this Court *invited* private, *ex parte* communications with the Court on this very subject in its Order on March 20, 2026, and 3) it is necessarily false that I am lumped into the accusation despite no communication

---

[2] Mr. Kataev and I did have brief contact since 3/19/26 when I missed a court appearance in one of the related state court proceedings since I was hospitalized. Such communication(s) was/were limited in all respects to the subject matter of my hospitalization causing me to miss one Court appearance in a state court matter, which was subsequently rescheduled.

between me and the Plaintiffs regarding the injuncted cars since the CAMP conference on 3/19/2026.

3. Regardless of what was agreed to at the CAMP conference, it is entirely inappropriate and violative of the confidentiality for these very Plaintiffs to previously (and unsuccessfully) complain that I violated CAMP confidentiality, yet now publish to this Court the status of settlement negotiations before the 2nd Circuit CAMP mediator. Even worse, it is entirely and necessarily false to report that I "back[ed] out" of any settlement when there has been no contact with me on the subject since that conference. I haven't backed out of anything since the March 19, 2026 conference, I haven't discussed settling the injunction with any Plaintiff or their attorneys since the March 19, 2026 conference (and will not have such discussions until the within issues are resolved by this Court), it is entirely false to report to this Court that I "back[ed] out" of any settlement regarding the injuncted cars, and there is still an ongoing mediation before the 2nd Circuit on the subject of the injuncted cars. This goes beyond mere hypocrisy; the Superb Plaintiffs and their counsel are flat out lying to this Court.

4. Moreover, I have reason to believe that once again, the Plaintiffs are engaged in the "best defense is a good offense" strategy. It has been reported to me that the Superb Plaintiffs are, themselves, in violation of the injunction, as the Deo co-Defendants performed (on Easter Sunday) their own check on the injuncted cars in the Superb Plaintiffs' alleged possession in Hartford, Connecticut, only to find gross violations of the injunction as well as the presence of at least two (2) cars previously (and falsely) reported to this Court by the Superb Plaintiffs as having been stolen by the Deos. After conversations about this with Mr. Marwaha, I anticipate the Deo co-Defendants will seek their own Motion on this subject separate from this letter Motion, I nonetheless point out to this Court as an officer of the Court that there are gross violations of the injunction by the Superb Plaintiffs, as well as unmistakable evidence that the Superb Plaintiffs lied to this Court about two more cars (falsely) reported to various elements of law enforcement on the state and federal levels by the Superb Plaintiffs; please be reminded that the original (false) reports were for 103 cars (falsely) reported as having been stolen by all of the Deo Defendants, then it was 90 some odd cars, then it was 80 some odd cars, then slowly the number was reduced all the way to 43 cars (including the injuncted cars), now that number will be reduced, again, to two fewer cars, since those two cars are sitting on a vacant, unsecured lot formerly controlled by Plaintiff Urrutia.

5. Lastly, although I have nothing to do with repairs on any automobile other than my own, given the accusation by the Superb Plaintiffs that there is a missing "Audi A6" automobile under the injunction, I checked yesterday on the status of that car and found it right where it was supposed to be pending this Court's decision on moving the injuncted automobiles. Apparently, it was getting a repair regarding its battery, but is on the Hicksville lot as it is supposed to be under the injunction. And as to the Deos' moving from that lot, it is false to suggest that the Deos had to move because

3

of rent.  In fact, as part of the resolution reached by the Deos with the current landlord in Hicksville, no rent will be paid by the Deos for possession of those Premises. As to the case cited by Mr. Kataev, please note, your Honor, that he fails to make clear that the Deos brought a case against a *prior* landlord who attempted to force the Deos out of that property via death threats actually attempted by that landlord *on video and actually prosecuted by the Nassau district attorney.*  So the case cited by Mr. Kataev actually has nothing to do with the agreement reached with the current landlord for the Deos to move their business, absent *any* rent for the indoor facilities possessed by the Deos in Hicksville.

<u>CONCLUSION</u>

For the foregoing reasons, I respectfully ask the Court to deny Plaintiffs' cross-motion for a settlement conference, allow the instant motion for sanctions in all respects and set a briefing schedule and/or oral argument for damages, and enter an Order for such other and further relief as to this Court seems necessary and just.

Respectfully submitted, I remain,

Very truly yours,

*Harry R. Thomasson*

Harry R. Thomasson, Esq.