# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

<u>VIA ECF</u>                                                                                      April 7, 2026
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

>        *Re:*      **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
>                 <u>**Case No.: 2:23-cv-6188 (JMW)**</u>

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.   The Superb Plaintiffs write in accordance with this Court's April 7, 2026 Order to submit the instant opposition to the Defendant Harry R. Thomasson's ("Thomasson") cross-letter-motion for sanctions.  See ECF Docket Entry 462.  For the reasons set forth below, Thomasson's motion should be denied.

Like someone digging a hole just to prove they cannot climb out, Thomasson digs his heels deeper into a dispute he has no business poking his nose in.  As repeatedly referenced throughout this case, Thomasson is disqualified from representing the Deo Defendants and cannot raise arguments on their behalf.  Moreover, Thomasson has repeatedly been warned by this Court that his letter motions for sanctions are inappropriate and must comply with Local Civil Rule 7.1 by being filed with a formal notice of motion and a memorandum of law in support with the authorities relied upon in cited therein.  Thomasson eschews with these requirements and relies on rhetoric and conjecture to support an otherwise facially invalid cross-motion for sanctions, which does not even bother to cite the rule under which sanctions are sought.

Digressing from the foregoing fatal infirmities in Thomasson's defective and reactive cross-motion, the Superb Plaintiffs respectfully address the "merits" of Thomasson's motion.

Thomasson first argues that the Superb Plaintiffs fought so hard to obtain an injunction that has been kept in place for years but now seek to dissolve it.  Thomasson ignores the reason the injunction was first sought, which was to keep Superb and Urrutia's remaining cross-collateralized dealerships a going concern.  Thomasson and his clients the Deo Defendants saw to it that those dealerships were decimated and destroyed, years ago at this point, just like their latest victim JCJD Inc d/b/a Cherrywood Auto Sales (which was also demolished),[1] such that the injunction no longer serves any purpose for the Superb Plaintiffs and is hindering them from winding down the affairs of their dealerships.  This Court has previously modified the injunctions on such grounds. Thomasson's first argument is therefore meritless and misses the forest for the trees.

---

[1] <u>See</u> JCJD Inc v. Deo, *et al.*; Index No.: 616451/2025 (Nassau County Supreme Court), ECF Docket Entry 16.

Thomasson's second argument, that this Court is divested of jurisdiction, similarly fails. This is because, at the conclusion of the CAMP conference, the Mediator directed the parties to submit a joint letter in contemplation of a motion pursuant to Rule 12.1(b) of the Federal Rules of Appellate Procedure, which would give this Court jurisdiction over the issues in the appeal in order to issue an indicative ruling.  Indeed, the parties filed a *joint* motion – meaning that Thomasson joined in that motion – seeking exactly that.  See ECF Docket Entry 438.

Thomasson's third argument, that he has not been consulted with since the March 19, 2026 CAMP conference, is belied by documentary evidence.  See copies of redacted correspondence annexed hereto as **Exhibits "A" and "B."** The foregoing demonstrates that Thomasson is the liar, not your undersigned, as he was privy to all of the communications[2] occurring on March 22, 2026, March 23, 2026,  April 1, 2026, and April 3, 2026 concerning this matter leading up to the Superb Plaintiffs' motion for a settlement conference pursuant to Rule 16.  Thomasson makes hay of the fact that the Superb Plaintiffs reported a settlement in principle, but ignores the fact that none of the material terms of any such settlement have been disclosed, as well as the fact that the CAMP Mediator expressly authorized the parties to disclose the terms of the settlement in principle to discuss the Rule 12.1(b) motion, in addition to ignoring the common practice of reporting a settlement in principle (or lack thereof) following a mediation both at CAMP in the Second Circuit and through the EDNY Mediation Program.  In that regard, Thomasson's arguments ring hollow and the Superb Plaintiffs have committed no improprieties in their circumspect and limited disclosures concerning what transpired at the CAMP conference and thereafter, outside of the CAMP conference, as expressly authorized by the CAMP Mediator.

Thomasson's fourth argument, that the Superb Plaintiffs have themselves violated the injunction is even more confusing.  Compounding his failure to cite any law or authority in support of his contentions or relief sought, Thomasson has decided to forego providing any detail or evidentiary support for the facts he cites in support of his defective cross-motion for sanctions.  As a result, and as usual, the Superb Plaintiffs are left scratching their heads in seeking to understand what, exactly, Thomasson is saying.

For example, Thomasson states that "the Deo co-Defendants performed … their own check on the injuncted cars in the Superb Plaintiffs' … possession in Harford, Connecticut" but fails to identify *who* performed the check and provide a declaration supporting same.  Without same, among other infirmities, this statement is hearsay.

---

[2] The Deo Defendants have done a dandy job in dilly-dallying and delaying this case from proceeding to the merits, and have similarly succeeded in stalling the settlement in principle reached at the March 19, 2026 CAMP conference from coming to fruition.  Their new counsel, Mr. Marwaha, refused to make himself available to meet-and-confer telephonically to discuss this matter as is evidenced in **Exhibit "B,"** and – as such – Thomasson was privy to *all* the correspondence concerning this issue notwithstanding his hospitalization.  Critically, although the Deo Defendants' new counsel represented that he has redlines to your undersigned's proposed confidential joint submission, and promised to submit them to me by Monday, April 6, 2026, the Superb Plaintiffs have not received any such correspondence.  The Deo Defendants' conduct smacks of bad faith.

As another example, Thomasson states that "two (2) cars previously (and falsely) reported to this Court by the Superb Plaintiffs as having been stolen by the Deos" are present in Hartford, Connecticut, but he does not bother to identify *which* cars he is referring to, let alone provide any evidence in support of this contention.[3]

Lastly, Thomasson has, unwittingly, admitted to violating the injunction by informing this Court that the Audi A6 was, indeed, missing and moved from the Hicksville Lot without leave of this Court. See ECF Docket Entry 55 at 29 ("The term "Remain" means that the subject injuncted vehicle … *may not leave the geographic area or bounds* of the appointed lot"); see also ECF Docket Entry 97 at 2 ("the six Injuncted Deo Vehicles are *not* to be used or driven") (emphasis in original). As such, this Court should *sua sponte* issue appropriate sanctions for such cavalier conduct.

For the foregoing reasons, Thomasson's defective and unsupported cross-motion for sanctions must be denied.

The Superb Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
     April 3, 2026                         Respectfully submitted,

                                        **SAGE LEGAL LLC**
                                        By: */s/ Emanuel Kataev, Esq.*
                                        Emanuel Kataev, Esq.
                                        18211 Jamaica Avenue
                                        Jamaica, NY 11423-2327
                                        (718) 412-2421 (office)
                                        (917) 807-7819 (cellular)
                                        (718) 489-4155 (facsimile)
                                        emanuel@sagelegal.nyc

                                        *Attorneys for Plaintiffs*
                                        *Superb Motors Inc,*
                                        *Team Auto Sales LLC, and*
                                        *Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

---

[3] Thomasson also reports that the Deo Defendants' new counsel, who has not bothered to respond to your undersigned's request to revise the proposed confidential joint letter, is instead working on his own motion for contempt. The Superb Plaintiffs truly hope and trust this anticipated motion will be supported by authorities and evidence to undergird same. In the event that it is not, the Superb Plaintiffs respectfully request that the motion be rejected as this Court has previously done numerous times concerning such motions filed by the Deo Defendants' and their innumerable prior counsel who have each either been disqualified, withdrew for not being paid, or substituted themselves out of this case.