**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

SUPERB MOTORS INC. *et al.*,

                          *Plaintiffs*,

        -against-

ANTHONY DEO *et al.*,

                          *Defendants*.

-------------------------------------------------------------X

**FILED**
**CLERK**

**4/8/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
23-CV-6188 (JMW)

**A P P E A R A N C E S:**

Emanuel Kataev
**Sage Legal LLC**
18211 Jamaica Avenue
Jamaica, NY 11423
*Attorneys for Plaintiffs Superb Motors Inc., Team Auto Sales LLC and Robert A. Urrutia*

Jeffrey Ruderman
**Cyruli Shanks & Zizmor LLP**
420 Lexington Avenue, Suite 2320
New York, NY 10170
*Attorneys for Plaintiffs 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC, Island Auto Management, LLC, Brian Chabrier, Joshua Aaronson, and Jory Baron*

**Harry R. Thomasson**
3280 Sunrise Highway, Ste Box 112
Wantagh, NY 11793
*Defendant Appearing Pro Se*

*No appearances by other Parties*

**WICKS**, Magistrate Judge:

Before the Court is the latest discovery dispute between all Plaintiffs and pro se

Defendant Harry R. Thomasson ("Thomasson") in which Thomasson seeks to compel document

production. Plaintiffs oppose the application and attach amended responses and objections, some

of which moot out certain portions of Thomasson's motion. (ECF No. 459.) For reasons that follow Thomasson's Motion to Compel (ECF No. 448) is **GRANTED in part and DENIED in part**.

### LEGAL STANDARD

"Motions to compel are left to the court's sound discretion." *Bartlett v. DeJoy*, No. 22-CV-03398 (GRB)(JMW), 2023 WL 3306963, at *1 (E.D.N.Y. May 7, 2023) (citation omitted). Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Pincus Law Group, PLLC v. MJ Connections, Inc.*, No. 23-cv-05528 (SJB)(JMW), 2025 WL 1070384, at *2 (E.D.N.Y. Apr. 9, 2025) (quoting *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088 (RMB)(HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)) (quoting Fed. R. Evid. 401). "Under the amended rules, '[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'" *Muslims on Long Island, Inc. v. Town of Oyster Bay*, No. 25-cv-00428 (SJB) (JMW), 2025 WL 1808677, at *3 (E.D.N.Y. July 1, 2025) (quoting *Goss v. E.S.I. Cases & Accessories, Inc.*, No. 18-CV-2159 (GBD)(JLC), 2019 WL 3416856, at *2 (S.D.N.Y. July 30, 2019)).

Moreover, Fed. R. Civ. P. 34 mandates production of responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1).  Encompassed within this mandate is the obligation to make efforts to obtain information within its legal reach. If a party has the "practical ability to obtain and produce the documents" then it has "possession, custody, or control" over such document. *Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, No. 21-CV-9472 (JGK)(KHP), 2022 WL 3704001, at *2 (S.D.N.Y. Aug. 26, 2022).

The Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the undersigned's Individual Practice Rules concomitantly require that parties meet and confer in a good faith attempt to resolve discovery disputes before formally initiating motion practice or raising disputes with the Court. *See* Individual Practice Rule 3(A); Loc. Civ. Rule 26.4(a); Fed R. Civ. P. 37(a). This requires the parties to:

> Meet, *in person or by telephone*, and make a *genuine effort* to resolve the dispute by determining: (i) what the requesting party is actually seeking; (ii) what the discovering party is reasonably capable of producing that is responsive to the request; and (iii) what specific genuine issues, if any, cannot be resolved without judicial intervention.

*Williams v. E. Meadow Union Free Sch. Dist.*, No. 21-CV-3310 (NJC) (JMW), 2024 WL 4198503, at *4 (E.D.N.Y. Sept. 16, 2024) (quoting *Excess Ins. Co. v. Rochdale Ins. Co.*, No. 05-CV-10174 (RWS), 2007 WL 2900217, at *12 (S.D.N.Y. Oct. 4, 2007) (emphasis in original) (explaining the meet and confer requirement)).

It is apparent from the instant applications that the parties did not have any meaningful meet and confer prior to raising the various disputes with the Court as it pertains to the Superb Plaintiffs. (*See* ECF No. 459 at 2.) On that ground alone the Court is well within its discretion to partially deny the application. *See Baez Duran v. E L G Parking Inc.*, No. 18-CV-6685 (GBD)(SLC), 2021 WL 1338982, at *2 (S.D.N.Y. Apr. 9, 2021) (denying motion for protective order) ("The Court denies the Motion because Moving Defendants failed to make any attempt to meet and confer in the first instance with Plaintiffs or to comply with the Federal Rules, the

3

Local Rules, or the Court's Individual Practices in filing the Motion."); *Mentus v. Gallina Dev. Corp.*, No. 25-CV-06122 (EAW)(CDH), 2025 WL 3088926, at *7 (W.D.N.Y. Nov. 5, 2025) (denying motion to compel for "failure to make a serious good faith effort to meet and confer," as "the meet and confer requirement is not merely a box to be checked");*Williams v. City of Rochester*, No. 13-CV-6152W (MWP), 2018 WL 739097, at *1 (W.D.N.Y. Feb. 7, 2018) ("The failure to meet and confer is unacceptable, contravenes the parties' obligations under the Federal Rules of Civil Procedure, and justifies the denial of Williams's motion"); *Multi-State P'ship for Prevention, LLC v. Kennedy*, No. 24-CV-00013 (JMW), 2025 WL 847830, at *3 (E.D.N.Y. Feb. 20, 2025) (denying motion to compel with leave to renew upon a meaningful meet and confer); *see also S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 162 n.1 (S.D.N.Y. 2014) (quoting *Time Inc. v. Simpson,* 02 Civ. 4917(MBM)(JCF), 2002 WL 31844914 at *2 (S.D.N.Y. Dec. 18, 2002) (excusing failure to meet and confer) ("Ordering the parties to meet and confer at this juncture would only result in 'further delay in resolving these issues on the merits.'") Notwithstanding, in the interest of moving this case forward in light of imminent deadlines, the motion will be considered and ruled upon as follows.

## **DISCUSSION**

Thomasson asserts that Plaintiffs while producing some documents that were already produced in motion practice, no written or formal responses explaining the documents were provided. (ECF No. 448 at 2.) In addition, Thomasson claims the objections are "wrongful/needless". (*Id.*) Thus, Thomasson seeks an order compelling document production in connection with his November 26, 2025 discovery demands. (*Id*. at 4.) In Plaintiffs' opposition, they attach amended responses and objections, which were served on April 1, 2026. (ECF No.

4

459-1.) Upon review of the amended responses, Plaintiffs object only to Document Demands 3, 4, and 9. The remaining arguments are now deemed *moot*.

Thomasson's demands include a list of eleven items, all of which Thomasson asserts are relevant to the allegations made against him by Plaintiffs. (ECF No. 448-1.) The demands are:

1.  Each document in the possession, custody or control of each Plaintiff that evidences any contract or agreement between any Plaintiff and any Defendant; please indicate in your response which Plaintiff(s) and which Defendant(s) Plaintiffs' allege that the contract or agreement is between.

2.  Each document and/or bank record that indicates any person's addition or subtraction from any bank account belonging to Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC.

3.  Each document that evidences any crime allegedly committed by any Defendant in any Plaintiff's possession, custody or control. Please indicate in your Answer which Defendant(s) the document purportedly indicates committed one or more crimes, and also indicate which crimes Plaintiffs allege is evidenced by each such document produced.

4.  Each document in each Plaintiff's possession, custody or control communicating to any Defendant complaints of or protests for any action taken or not taken by that Defendant relating to Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC.

5.  Each document in each Plaintiff's possession, custody or control indicating approval or disapproval of any financial transaction conducted at or for Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC, by and through each company's bank accounts. This request refers to all approvals and disapprovals for each company's bank account transactions by and through any token, texting, and/or Positive Pay system in place on each of the company's bank accounts, and further refers to all documents approving or disapproving the transactions conducted at or for Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC, by and through any token, texting, and/or Positive Pay oversight on each of the companies' bank accounts. Please indicate in your response who approved or disapproved each transaction subject to the token, texting, and/or Positive Pay systems on each of the companies' bank accounts, whether or not they are a named party herein.

6.  Each state and federal tax document including, but not limited to, income tax returns, filed by any Plaintiff herein for Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise

5

Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC. Please indicate in your response who filed each such document. Defendant stands prepared to execute any appropriate confidentiality agreement relating to the production in response to this request.

    a.   [] Each state and federal tax document including, but not limited to, income tax returns, filed by any Plaintiff herein personally that indicates any ownership interest in Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC. Please indicate in your response who filed each such document. Defendant stands prepared to execute any appropriate confidentiality agreement relating to the production in response to this request.[1]

7. Each document relating to the application for, approval or disapproval of, and/or payments made for Pandemic Relief funding (a/k/a/ "PPP" funding) of any type through or for Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, Plaintiff Northshore Motor Leasing LLC, and/or any individuals working for and/or employed by those companies. This request relates to any entity whatsoever to whom any Plaintiff or anyone acting for any Plaintiff made application for any and every type of relief funding in response to the COVID pandemic which commenced during or about March 2020, and includes all applications, approvals, disapprovals, and payments made by any/all governmental entities, whether state or Federal, and any private lenders, such as Ally Bank, for the three companies and their then employees. Please include in your response the identity of the person(s) who requested such funds and any individuals or companies that received such funds.

8. Each document that indicates withdrawals made by any Plaintiff from any account belonging to Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, Plaintiff Northshore Motor Leasing LLC. As to such documents indicating withdrawals from the accounts of the three companies, please indicate as to each such document which Plaintiff or Plaintiffs made such withdrawals or, who made the withdrawal for each person obtaining such withdrawals.

9. As to any money withdrawn as indicated in the prior request, please provide all documents relating to the deposit of such funds by or for any Plaintiff, including, but not limited to, document that indicate account identifying information as to where the withdrawn funds were next deposited, including both the name of the bank and/or financial institution and the account holder(s) for such deposits.

10. Each document indicating the assignment of any contract or agreement from any Plaintiff to any Defendant.

---

[1] This appears to be numbered "1." as an error, and as such, the Court notes it as 6(a). Indeed, Thomasson reflects this error in the instant application. (ECF No. 448 at 1 n.1.)

At this stage, discovery is approaching its final deadline of **April 14, 2026**. (*See* Electronic Order dated 3/30/2026.) As indicated above, upon the amended responses and objections (ECF No. 459-1), only three out of the eleven demands are at issue. Each is analyzed below.

### *Document Demand Three*

Document Demand 3 states "[e]ach document that evidences any crime allegedly committed by any Defendant in any Plaintiff's possession, custody or control. Please indicate in your Answer which Defendant(s) the document purportedly indicates committed one or more crimes, and also indicate which crimes Plaintiffs allege is evidenced by each such document produced." (ECF No. 459-1 at 4.) Plaintiffs' objection states "IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, the action herein concerns civil claims, not criminal claims, and the request improperly seeks information based upon a legal conclusion." (*Id.* at 4-5.) Interestingly here, Plaintiffs object to this request while at the same time in other motions have provided the Court with criminal complaints or have made criminal allegations against the Defendants. (*See e.g.*, ECF Nos. 385-2, 385-3, 398.) Therefore, any documents that are responsive to this demand are relevant and Plaintiffs have opened the door to entitlement of these documents through their motion practice.

Accordingly, Plaintiffs shall produce responsive documents to Document Demand 3.

### *Document Demand Four*

Document Demand 4 states "[e]ach document in each Plaintiff's possession, custody or control communicating to any Defendant complaints of or protests for any action taken or not taken by that Defendant relating to Plaintiff Superb Motors, Inc., Plaintiff 189 Sunrise Highway

Auto LLC a/k/a/ 189 Sunrise Hwy Auto LLC, and/or Plaintiff Northshore Motor Leasing LLC."

(ECF No. 459-1 at 5.) Plaintiffs' response is,

> IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections: Due to the significant number of electronic documents and the broad, vague and indefinite information sought, IAG Plaintiffs have requested of Thomasson to suggest electronic search terms and custodians for consideration, a request Thomasson has refused to provide. Upon receipt of suggested custodians and electronic search terms, and reaching agreeable search terms and custodians, the IAG Plaintiffs shall conduct an electronic search and produce non-privileged responsive documents.

(*Id.*)

Thomasson asserts that these documents are highly relevant to determine what Plaintiffs allege of any wrongdoing or conspiracies committed by Defendants. (ECF No. 448 at 3.) It appears Plaintiffs do not argue against relevancy but rather the scope. The Court has discretion to limit a discovery request in order to make it proportional to the needs of the case. *See Milan v. Sprint Corp.*, No. 16-CV-4451 (DRH)(SIL), 2018 WL 1665690, at *4 (E.D.N.Y. Apr. 6, 2018) ("Judge Locke tailored the initial broad request to a scope that is now proportional to the needs of the case.") Plaintiffs argue that without a list of custodians or search terms, a manual review would be expensive, and Thomasson "refused" to agree to this. (ECF No. 459 at 2-3.) The use of search terms and custodians are useful tools to assist in document production and narrowing down relevant documents. *See In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, 347 F.R.D. 572, 586–87 (E.D.N.Y. 2024) (quoting *Blackrock Allocation Target Shares: Series S Portfolio v. Bank of New York Mellon*, No. 14-CIV-9372 (GBD)(HBP), 2018 WL 2215510, at *7 (S.D.N.Y. May 15, 2018) ("Discovery disputes concerning the collection, review and production of ESI present special challenges that standard discovery disputes do not, including the substantial likelihood that the data possessed by the responding party is voluminous, stored in

8

multiple formats and is duplicative across custodians.")); *see also C.K. through P.K. v. Bassett*, No. 22-CV-1791 (BMC)(JMW), 2023 WL 4086333, at *6 (E.D.N.Y. June 20, 2023) (discussing proposed search terms and the importance and relevance of the requested documents).

Accordingly, Thomasson shall propose search terms and custodians to Plaintiffs by **April 10, 2026**, and Plaintiffs upon receipt shall conduct the electronic search and produce the documents by **April 17, 2026**.

### *Document Demand Nine*

Document Demand 9 states "[a]s to any money withdrawn as indicated in the prior request, please provide all documents relating to the deposit of such funds by or for any Plaintiff, including, but not limited to, document that indicate account identifying information as to where the withdrawn funds were next deposited, including both the name of the bank and/or financial institution and the account holder(s) for such deposits." (ECF No. 459-1 at 9.) Plaintiffs object stating "IAG Plaintiffs and Superb Plaintiffs object to this Request on the grounds that it is vague, overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*) Plaintiffs also argue that Demand 8 seeks documents of any withdrawals, and that this additional demand of any funds that were then deposited is improper and there is no basis for this demand. (ECF No. 459 at 3.)

As an initial matter, it is time worn proposition that objections must be specific and not boilerplate. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."); *see also See v. Gov't Emps. Ins. Co.*, No. 21-CV-00547 (PKC) (JMW), 2025 WL 2917100, at *4 (E.D.N.Y. Oct. 11, 2025), *reconsideration denied*, No. 21-CV-00547 (PKC) (JMW), 2025 WL 3083866 (E.D.N.Y. Nov. 5, 2025), *appeal*

9

*denied sub nom. See et al. v. Gov't Emps. Ins. Co. et al*, No. 21-CV-0547 (PKC) (JMW), 2026 WL 891603 (E.D.N.Y. Apr. 1, 2026) (discussing the same); *Sound Around, Inc. v. Friedman*, No. 24-CV-1986 (DLC) (KHP), 2025 WL 2588637, at *3 (S.D.N.Y. Sept. 8, 2025); *see also Cranmore v. Parts Auth., LLC*, No. 24-CV-5842 (LJL), 2025 WL 622607, at *1 (S.D.N.Y. Feb. 26, 2025) (quoting *Pegoraro v. Marrero*, 281 F.R.D. 122, 128–29 (S.D.N.Y. 2012) ("Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, while producing no documents and answering no interrogatories are a paradigm of discovery abuse.")). Likewise, as Plaintiffs will produce withdrawal documents, then documents regarding the next step of deposits appears relevant and must be produced.

### ***Production of Documents***

Moreover, Plaintiffs represent that "due to the numerous depositions and compressed time to complete discovery, [counsel] inadvertently neglected to prepare the amended responses." (ECF No. 459 at 2.) As the Court has noted numerous times, the countless motions and on-going discovery disputes have all occurred due to the parties' own conduct. The parties have deliberately charted their own procedural course in this case. Accordingly, given the absence of any excusable delay or timely production of documents, and the plain relevance and proportionality of the demands, Plaintiffs are directed to produce the outstanding documents no later than **April 17, 2026,** and file a letter on ECF within two business days of compliance. *See Bartlett*, 2023 WL 3306963, at *3 ("Defendant has not provided any information demonstrating that the documents are not reasonably accessible or would consist of exorbitant costs or otherwise 'unduly burdensome.'")

As a final matter, Plaintiffs have noted in their objections that certain documents are not in their possession, custody or control. That is simply not sufficient. Plaintiffs are directed to

provide Thomasson with a *Jackson* affidavit with respect those documents.[2] The affidavit -- deriving its name from a New York state case *Jackson v. City of New York*, 586 N.Y.S.2d 952 (App. Div. 1st Dep't 1992) -- must include statements that (i) a thorough search has been conducted where the documents would likely reside, (ii) the results of the search, and (iii) an explanation of where and how the documents would have been maintained. Therefore, Plaintiffs in their "*Jackson* Affidavit" shall detail the good faith search efforts taken to obtain the requested documents, explaining, at a minimum, where these records were likely to be kept, what efforts were made to preserve them, whether these records were routinely destroyed, or whether a search has been conducted in every location where the records were likely to be found **on or before April 13, 2026**.

### <u>CONCLUSION</u>

For the reasons stated, Thomasson's Motion to Compel (ECF No. 448) is **GRANTED in part and DENIED in part**, as set forth above.

Dated: Central Islip, New York
      April 8, 2026

**S O   O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

---

[2] A "*Jackson* affidavit" refers to an affidavit or declaration filed by a party that claims that the documents sought do not exist.