# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

April 11, 2026

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

> *Re:*   **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
> **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This office, together with Cyruli, Shanks & Zizmor LLP, represent the Plaintiffs in the above-referenced case.  Plaintiffs write in accordance with ¶ 3(B) and 3(D)(1) of this Court's Individual Practice Rules (the "Individual Rules") and this Court's Text Only Order dated  April 2, 2026 to renew Plaintiffs' request for a pre-motion conference in anticipation of their motion to dismiss the counterclaims asserted by Defendant Harry R. Thomasson, Esq. ("Thomasson") and the remaining Deo Defendants[1] in their answers with counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as the "Rules" or "Rule").  <u>See</u> ECF Docket Entries <u>433</u> and <u>454</u>.

## **<u>Legal Standard</u>**

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  *First*, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id.</u> at 678; <u>see</u> <u>also</u> <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010).  *Second*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>See</u> <u>Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations must meet a standard of "plausibility." <u>See</u> <u>Iqbal</u>, 556 U.S. at 678; <u>see</u> <u>also</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 554, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>See</u> <u>Iqbal</u>, 556 U.S. at 678.

---

[1] The Deo Defendants consist of Anthony Deo, Sarah Deo, Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp. (collectively hereinafter the "Deo Defendants").

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
April 11, 2026
P a g e | 2

**Thomasson's and the Deo Defendants' Counterclaims Fail to State Claims for Relief**

In the Deo Defendants' answer to the Plaintiffs' complaint, they assert a counterclaim for defamation on the grounds that the allegations in the Plaintiffs' pleadings are defamatory *per se*. See Docket Entries 433 at 74-75 ¶¶ 26-27, 76 ¶ 33 ("Publishing to third parties for the world to see through this Court such allegations constitute Defamation *per se*"), 78 ¶¶ 40 and 454 at 76-77 ¶¶ 24-25, 81 ¶ 52 (same), 82-83 ¶¶ 59.

Their amended counterclaims add allegations that Plaintiffs "[spread] false allegations against the Deo Defendants throughout the law enforcement, courts, and automobile industries in and around Long Island, Nassau County, and Suffolk County, New York"). See Docket Entries 433 at 65 ¶ 2 ("all wrongs committed by the Plaintiffs stem from written and verbal, false allegations reported to law enforcement (both state and federal), courts (both state and federal), and the automobile industry in and for the counties of Nassau (NY) and Suffolk (NY)") and 454 at 65-66 ¶ 4 (referring to "false statements made to various individuals working in the automobile industry in and around Long Island, New York, as well as false statements made to various individuals in the law enforcement industries in and around Long Island, New York, including but not limited to various individuals working in the Nassau and/or Suffolk County District Attorneys' offices as well as the police departments in and for Nassau and/or Suffolk Counties, as well as various individuals working in and for the Federal Bureau of Investigation (hereinafter, 'F.B.I.') and the United States Attorneys' Office in and through the United States Department of Justice")

Public policy mandates that certain communications, even if defamatory, cannot serve as the basis for the imposition of liability for defamation. See Toker v. Pollak, 44 N.Y.2d 211, 218 (1978). Indeed, communications afforded an absolute privilege are perhaps more appropriately thought of as cloaked with an immunity, rather than a privilege against the imposition of liability in a defamation action. See Prosser, Torts (4th ed.), s 114, n. 66. This immunity, which protects communications irrespective of the communicant's motives, has been stringently applied; its protective shield has been granted to those individuals participating in a judicial proceeding. See, e.g., Pecue v. West, 233 N.Y. 316 (1922).

Critically, statements made in the course of judicial proceedings are *absolutely privileged* and therefore may not form the basis of a claim for defamation. See Conte v. Newsday, Inc., 703 F. Supp. 2d 126, 146 (E.D.N.Y.2010). This includes statements made in a complaint. See Lader v. Delgado, 941 F. Supp. 2d 267, 273 (E.D.N.Y. 2013) (defamation claim subject to dismissal because the allegedly defamatory statements were made in pleadings that relate to the subject matter of the lawsuit, and are therefore absolutely privileged); see also Pezhman v. Chanel, 157 A.D.3d 417 (1st Dept. 2018) (allegedly defamatory statements of law firm and its attorneys were made in the course of firm's representation of client in prior action, and were therefore protected by absolute privilege). Here, there is no question that absolute immunity applies for Plaintiffs' filing of the complaint in this case, and the Deo Defendants have not adequately pled that Plaintiffs published any statement concerning the pleadings outside of the Court filings (which they have not), warranting dismissal of the counterclaims for failure to state a claim.

2

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
April 11, 2026
P a g e | 3

Although the statements made by Plaintiffs in the Court filings are absolutely privileged, and immune from defamation claims, the Deo Defendants' claims also fail as they offer no supporting factual information, i.e., who, what, when, where, why, and are thus conclusory. "The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation *per se*" See Greenberg v. Spitzer, 155 A.D.3d 27, 41 (2d Dept. 2017). When a defamation claim is not pled with the requisite specificity, it will be dismissed. See Rabushka v. Marks, 256 A.D.2d 562 (2d Dept. 1998). And a counterclaim alleging slander is insufficient as a matter of law where the defendants' pleadings specify neither the particular words complained of nor identified to whom they were allegedly published. See Bell v. Alden Owners, Inc., 299 A.D.2d 207 (1st Dept. 2002).

The Deo Defendants attempt to get around this by adding allegations that Plaintiffs have falsely told law enforcement authorities, courts, and individuals working in the automobile industry alleged falsehoods regarding their criminal conduct. But these allegations fare no better for a multitude of reasons.

First, as discussed *supra*, the allegations made in the pleadings and court filings are absolutely privileged.

Second, the Deo Defendants' claims as to statements made to law enforcement or "the industry" fail for lack of specificity. A plaintiff must plead the defamatory statements with some particularity. See CPLR § 3016(a) ("In an action for libel or slander, the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally.") (emphasis added). Under Rule 8's liberal pleading standards, this requires a plaintiff to "identify the allegedly defamatory statements, the person who made the statements, the time when the statements were made, and the third parties to whom the statements were published." See Neal v. Asta Funding, Inc., No. 13-CIV.-2176 (VB), 2014 WL 3887760, at *3 (S.D.N.Y. June 17, 2014); see also Caulfield v. Imagine Advisors, Inc., No. 07 CIV. 1257 (DC), 2007 WL 4615504, at *10 (S.D.N.Y. Dec. 27, 2007) (where plaintiff "ma[de] no effort" to identify defamatory words, "it would be inappropriate to permit [plaintiff] to engage in discovery to find support now for allegations that should not have been made in the absence of support in the first place"); Swanhart v. Jackson, No. 20-CIV.-6819 (NSR), 2023 U.S. Dist. LEXIS 120971, 2023 WL 4534638, at *13 (S.D.N.Y. July 13, 2023) (dismissing defamation claim for "fall[ing] short of the requisite pleading requirements").

Third, the claims as to law enforcement have qualified privilege. "New York courts recognize a qualified privilege for statements made to police officers about suspected crimes." See Udechukwu v. City of New York, 333 F. Supp. 3d 161, 172 (E.D.N.Y. 2018) (citing cases); see also Remley v. State, 174 Misc. 2d 523 (Ct. Cl. 1997) ("A person filing a formal complaint charging another with a crime is . . . entitled to absolute immunity from a civil suit for defamation"). Because the pleadings reference crime reports by Plaintiffs, the counterclaims fail.

3

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
April 11, 2026
P a g e | 4

Fourth, the claims arguably fail due to the statute of limitations as the alleged statements made (albeit not specified in the complaint) have been made more than one (1) year ago. See McKenzie v. Dow Jones & Co., 355 Fed. Appx. 533, 535 (2d Cir. 2009) ("Under New York law, the statute of limitations for a defamation claim is one year") (citing CPLR § 215(3)).

Fifth, Deo's new claim for tortious interference is duplicative of the claim raised by Deo in his action in the Supreme Court of the State of New York, Nassau County, Index No. 615683/2024 (the "State Court Action"). Deo successfully moved to remand the State Court Action, which is now pending in that Court, and to which a briefing schedule for motions to dismiss the complaint has been set.[2] This Court should decline exercising supplemental jurisdiction over this existing state-based claim, for which Deo sought remand, and dismiss the claim as lacking subject matter jurisdiction. See Bentivegna v. People's United Bank, No. 14-cv-599 (ADS)(GRB), 2016 US Dist. LEXIS 80893 (E.D.N.Y. June 21, 2016).

Sixth, Deo's new claim entitled "abuse of process" also refers to "malicious prosecution," which requires an initiation or continuation of a criminal proceeding against Deo and termination of the proceeding in Deo's favor, neither of which exists. See Hauser v. Bartow, 273 N.Y. 370, 374 (1973) ("If [one] uses the process of the court for its proper purpose, though there is malice in his heart, there is no abuse of process"). Moreover, the Deo Defendants' allegations fail to set forth any collateral objective sought by the Plaintiffs in filing the complaint in this case, which is often referred to as "[t]he crux of a malicious abuse of process claim." See Kraft v. City of New York, 696 F. Supp. 2d 403, 416 (S.D.N.Y. 2010), aff'd, 441 Fed. Appx. 24 (2d Cir. 2011).

Accordingly, the Deo Defendants' counterclaims fail to state a claim. In accordance with ¶ 3(C)(1), Plaintiffs propose the following briefing schedule: (i) moving papers due by April 24, 2026; (ii) opposition papers due by May 8, 2026; and (iii) reply papers due by May 15, 2026. Further, Plaintiffs respectfully submit that the instant letter motion is ripe for disposition pursuant to ¶ 3(D)(1) of the Individual Rules.

Plaintiffs thank this Court for its time and attention to this matter.

---

[2] See decision of Hon. Nusrat J. Choudhury, U.S.D.J. dated December 22, 2025 in 2:24-cv-6903 (NJC) (JMW), (ECF Doc. 96) exercising the Court's discretion to deny subject matter jurisdiction for various reasons, including judicial economy, and remanding to State Court.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
April 11, 2026
P a g e | 5

Dated: New York, New York
      April 11, 2026

Respectfully submitted,

**CYRULI SHANKS & ZIZMOR LLP**

 */s/ Jeffrey C. Ruderman, Esq.*_____

Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

Dated: Jamaica, New York
      April 11, 2026

**SAGE LEGAL LLC**

By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

5