# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112          Admitted:
Wantagh, New York  11793               Massachusetts
Tel. 516-557-5459                      New York
hrtatty@verizon.net

April 14, 2026

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

    Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
           Case No. 2:23-cv-6188 (JW)

Your Honor:

    I am writing pursuant to Rule 3A of this Court's individual practice rules to Move for Sanctions against NextGear Capital (hereinafter, "NextGear") and its employee, Vincent Fallacaro, and to Compel NextGear by and through Vincent Fallacaro to continue his deposition before the Court at a date and time convenient to the Court, and to extend discovery for the limited purpose of continuing this deposition.  Please be advised, as follows:

## **LEGAL STANDARD**

    Rule 3A of this Court's individual practice rules permits the within discovery motion without the necessity of a pre-motion conference request.  F.R.C.P. Rule 37(a) specifically provides the legal standard for compelling Mr. Fallacaro's continued deposition (Rule 37(a)(1), and also/alternatively Rule 37(a)(3)(B)(i)). When taking an oral deposition, the party asking a question (in this instance, undersigned as a *pro se* party) may complete or adjourn the examination before moving for an order.  Rule 37(a)(3)(C)  If the within Motion is granted…the court *must* (emphasis added), after giving an opportunity to be heard, require…the deponent (Vincent Fallacaro here) whose conduct necessitated the motion…to pay the movant's (undersigned) reasonable expenses incurred in making the motion….F.R.C.P. Rule 37(a)(5)(A). A motion for an order to a nonparty must be made in the court where the discovery is or will be taken, in this instance, before this Court, E.D.N.Y., which is where this morning's initial deposition of Mr. Fallacaro was taken (virtually), and is also where the continuing deposition will be taken.  F.R.C.P. Rule 37(a)(2)  For purposes of F.R.C.P. Rule 37(a), an evasive or incomplete disclosure, answer, or response *must* (emphasis added) be treated as a failure to disclose, answer, or respond.  F.R.C.P. Rule 37(a)(4)   Sanctions are sought pursuant to F.R.C.P. Rule 37(a) generally, and also/alternatively pursuant to F.R.C.P. Rule 37(a)(3)(A), and also/alternatively pursuant to F.R.C.P. Rule 37(a)(5).

1

For all purposes herein, I hereby certify that during the afternoon of April 14, 2026, after the morning deposition of Mr. Fallacaro, I met and conferred with two (2) attorneys for NextGear/Mr. Fallacaro, Mr. Nick Gaunce and Mr. Anthony Bush in order to meet the "meet and confer" requirements of F.R.C.P. Rule 37.  Both attorneys work for Eckert Seamans Cherin & Mellott, LLC, the firm that represents NextGear.  I arranged the deposition originally with and through Mr. Bush, and Mr. Gaunce actually represented Mr. Fallacaro at his deposition this morning.  Specifically, I spoke with Mr. Guance on the telephone, and I texted with Mr. Bush.  Both attorneys deny the allegations set forth herein, and specifically deny that Mr. Fallacaro lied about denying having spoken to anyone regarding Anthony Deo. They do not agree with the sanctions/costs set forth herein, so there was no agreement on how to handle the situation.  I informed both attorneys of the deadline for discovery in this case (today), that I have no choice but to file the within today in order to timely file this discovery motion before the end of discovery, and I also informed Mr. Gaunce that the identity of the case and the magistrate handling same is indicated on this correspondence, which I emailed (with the attachment) to both attorneys immediately after filing this letter Motion with the Court.

### **FACTS IN SUPPORT OF THE WITHIN MOTION(S)**

On April 14, 2026, I took the deposition of Vincent Fallacaro, an employee/Portfolio Manager with NextGear Capital since about 2018 (as he testified).  The deposition took place by agreement after service of the Subpoena attached hereto as Exhibit A; I received emails and/or telephone calls from and with Anthony Bush, an attorney with Eckert Seamans Cherin & Mellott, LLC, the firm that represents NextGear, to schedule this deposition.  Initially, Mr. Bush wanted to do the deposition on or about April 20, 2026, but agreed to do the deposition today after I explained that today is the discovery deadline in the case.  The deposition testimony lasted just less than one (1) hour, given both that I just wanted to know what Mr. Fallacaro knew and discussed with anyone regarding the facts in this and related litigations, and also given that we needed to finish the Fallacaro deposition in time for the previously/first scheduled deposition of Sara Deo at 10:00 a.m., also this morning.

I have ordered an expedited transcript of this morning's deposition of Mr. Fallacaro, and will upload same to the Court upon receipt.  In sum and substance, Mr. Fallacaro indicated familiarity with Anthony Deo and "Tony" Urrutia (but not Robert Anthony Urrutia), indicates that he may have spoken with each, but claims to have no memory of any specific conversations with either man.  He denied knowing any other individual from any of the cases related hereto, whether in EDNY or New York State Supreme Court.

I have in my possession two brief video snippets that indicate the following conversation(s) between this morning's deponent, Vincent Fallacaro, and Nimalan Rajakumaran, admittedly known to the deponent as "Raj" or "Roger"; this individual was, at the time of the video in 2023, a business associate of Anthony Deo, who subsequently dissolved their relationship and filed broad, general, unsupported claims in a state court action strikingly similar to the Plaintiffs' claims herein against Anthony Deo.  Upon information and belief, it is believed that Mr. Rajakumaran and/or his attorney spoke with one of more of the Plaintiffs herein or their attorney(s) before filing that action.  Mr. Rajakumaran's secretary, Linda, also speaks thereon.

I have reduced the relevant statements on the two snippets of video to this brief, but accurate, transcript that I prepared after obtaining these two videos earlier this month:

**Video 1**:

Vinny: He is selling the cars and take the money. And uhhhh

Nimalan: Looks like what is going on, that's why he popped up

Vinny: But that is what Anthony does, he has done this before. That's when Paul asks me if he should get involved with Anthony. He called me. I said "do not get involved."  He has stolen from so many people, it's not even funny.  He is a criminal, I am shocked that he is not even in prison.

Linda:  You are telling me that they are telling you that the tow truck with the cars just vanished?

**Video 2**:

Vinny: I would watch out with Ben, Nimalyan: Ben is so stupid.  I think you need to separate from Ben and Anthony. [Note to the Court:  Ben as referred to herein is an automobile salesperson working with and for Anthony Deo.]

## REQUESTS TO THE COURT

Specifically, I ask that the Court 1) extend the deadline for discovery to allow for the continuation of the Fallacaro deposition on a date certain to be conducted at the Court's convenience in the Courtroom; 2) Order NextGear and/or Vincent Fallacaro to pay for this morning's deposition transcript, which bill I will upload to the Court immediately upon receipt; 3) Order NextGear and/or Vincent Fallacaro to pay for the continuing videotaped deposition of Vincent Fallacaro to be conducted on the date/place convenient to the Court in its Order; 4) Order NextGear and/or Vincent Fallacaro to pay for the service of the attached subpoena, which I will upload to the Court upon receipt; and 5) Order such other and further relief as this Court deems necessary and just.

Simply put your Honor, I cannot and do not believe that this deponent simply forgot his disparagement of Anthony Deo, nor can I or will I believe that this is an event limited to this one instance.  I have always believed that the within individual Plaintiffs engaged in a whisper campaign against all of the Deo Defendants herein, and continue to do so.  The Plaintiffs have all been involved in the automobile dealership business on Long Island for decades, and know all of the players, including floor plan providers, directly or indirectly.  There is no justification, substantial or otherwise, permitting the statements set forth from the video snippets of Mr. Fallacaro intentionally interfering with Anthony Deo's business and business relationships as set forth herein, and I will never believe that this and other conversations were simply forgotten.  It is my position that Mr. Fallacaro outright lied in his deposition this morning, and I can only turn to the Court as set forth herein to timely do something about it.

There is no justification for Mr. Fallacaro to have made the statements he made to Mr. Deo's then business partner and his secretary, and there is no justification for lying about it at his deposition this morning.  I await the Court's decision.

Respectfully submitted,

/S/  *Harry R. Thomasson*

_____
Harry R. Thomasson, Esq.
*Pro Se*

cc:    Nick Gaunce, Esq. (via email only to ngaunce@eckertseamans.com)
       Anthony Bush, Esq. (via email only to abush@eckertseamans.com)

4