# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

April 14, 2026

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

> *Re:*    **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
> <u>**Case No.: 2:23-cv-6188 (JMW)**</u>

Dear Judge Wicks:

This office, together with Cyruli, Shanks & Zizmor LLP, represent the Plaintiffs in the above-referenced case.  Plaintiffs write to compel the compliance of various non-parties set forth below with subpoenas *ad testificandum* and/or *duces tecum*.

Rule 45 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") authorizes subpoenas to be issued to non-parties directing them to produce designated documents in that person's possession, custody, or control and to attend a deposition. <u>See</u> Fed. R. Civ. P. 45(a)(1)(A)-(B). Rule 45 grants the Court power to hold a party in contempt "simply on the basis of failure to comply with a subpoena." <u>See</u> <u>PainWebber Inc. v. Acstar Ins. Co.</u>, 211 F.R.D. 247, 249 (S.D.N.Y. 2022).

Flagstar Bank, N.A. has failed to respond to numerous subpoenas *duces tecum*.  <u>See</u> copy of subpoena with proof of service annexed hereto as **Exhibit "A."**

The United States Small Business Administration has failed to respond to a subpoena *duces tecum*.  <u>See</u> copy of subpoena with proof of service annexed hereto as **Exhibit "B."**

The Nassau County Police Department has failed to respond to a subpoena *duces tecum*. <u>See</u> copy of subpoena with proof of service annexed hereto as **Exhibit "C."**

Westlake Financial ("Westlake") has failed to meaningfully respond to a subpoena *duces tecum*.  <u>See</u> copy of subpoena with proof of service annexed hereto as **Exhibit "D."**  While Westlake produced some documents, they failed to provide all documents called for in the subpoena.  Westlake did not submit any objections and therefore must comply with the subpoena in its entirety.

J.P. Morgan Chase Bank, N.A. has failed to respond to a subpoena *duces tecum*.  <u>See</u> copy of subpoena annexed hereto as **Exhibit "E."**

Citibank, N.A. has failed to respond to a subpoena *duces tecum*.  <u>See</u> copy of subpoena with proof of service annexed hereto as **Exhibit "F."**

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
April 14, 2026
P a g e | 2

Bank of America, N.A. has failed to respond to multiple subpoenas *duces tecum*. See copy of subpoena with proof of service annexed hereto as **Exhibit "G."**

Luis Beria failed to respond to a subpoena *ad testificandum*. See copy of subpoena with proof of service annexed hereto as **Exhibit "H."**

Ronnie "Ron" Das ("Das") responded in objection to a subpoena *ad testificandum*. See copy of subpoena with proof of service annexed hereto as **Exhibit "I."** Based on his objections, the Superb Plaintiffs intend to move pursuant to Rule 32 for a deposition of Das.

Thomas Jones, CPA ("Jones") and Jones, Little & Co, CPA's LLP ("JLC CPA") have respond to a subpoena *ad testificandum* and *duces tecum* by appearing for a deposition but have failed to respond to both the request for production that came with the subpoena and post-deposition discovery demands. See copy of subpoena with proof of service annexed hereto as **Exhibit "J."**

Here, the above-referenced non-parties were served with subpoenas but have (mostly) not responded to the subpoena issued to them with objections, produced any documents, or contacted Plaintiffs regarding their deposition (except Jones and JLC CPA), and their responses are now overdue. By failing to respond within fourteen (14) days of service, as set forth in Rule 45, the below referenced non-parties have failed to comply with the subpoenas.

Given the subpoenas were properly served, are reasonable, and no objections have been asserted, the below referenced non-parties should be ordered to appear before the Court and show cause why they should not be held in contempt for failing to comply with the subpoena. See Fed. R. Civ. Pro. 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena"); see also Leser v. U.S. Bank Nat. Ass'n, 2011 WL 1004708, at *1 (E.D.N.Y. 2011) (finding non-party in contempt for failure to comply with subpoena, and subsequently failing to appear at show cause hearing).

Plaintiffs thank this Court for its time and attention to this matter.

Dated: New York, New York
     April 14, 2026

Respectfully submitted,
**CYRULI SHANKS & ZIZMOR LLP**
 */s/ Jeffrey C. Ruderman, Esq.*
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

2

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
April 14, 2026
P a g e | 3

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

Dated:  Jamaica, New York
        April 14, 2026

**SAGE LEGAL LLC**
By:   */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

3