

Eckert Seamans Cherin & Mellott, LLC
Princeton Pike Corporate Center
2000 Lenox Drive, Suite 203
Lawrenceville, NJ 08648

TEL   609 392 2100
FAX   609 392 7956
www.eckertseamans.com

Mailing Address:
P.O. Box 5404
Princeton, NJ 08543

File No.: 308729-39

Nicholas M. Gaunce, Esq.
609-989-5058
ngaunce@eckertseamans.com

April 16, 2026

*__Via ECF__*
Hon. James M. Wick, U.S.M.J.
U.S.D.C. for the Eastern Dist. of N.Y.
100 Federal Plaza, Courtroom 1020
Central Islip, NY  11722

> **RE:   Superb Motors, et. al. v. Anthony Deo, et. al.**
> **Case No. 2:23-cv-6188**
> **Opposition to Deos' Letter Motion Seeking Discovery Sanctions**

Dear Judge Wick:

We represent non-parties, NextGear Capital, Inc. ("NextGear") and Vincent Fallacaro ("Fallacaro"), a NextGear representative, in the above matter.  We write today in response to the April 14, 2026 letter motion submitted by Defendants, Anthony Deo and Sara Deo (the "Deos"), seeking discovery sanctions against NextGear in relation to Fallacaro's deposition that occurred on Tuesday.  As a basis for their request, the Deos contend, based upon speculation, that Fallacaro knowingly offered false testimony because his proffered testimony is contradicted by purported video evidence currently in the possession of the Deos and not disclosed to NextGear.  In their motion, the Deos acknowledge that these short videos are from 2023 and produce nothing to show that these videos were provided to Fallacaro and NextGear prior to Fallacaro's deposition or that these videos were in NextGear's possession, such that Fallacaro could answer questions about them.  Because the Deos strategically chose not to disclose relevant information to NextGear prior to Fallacaro's deposition, the Deos' request for sanctions should be denied.



**LEGAL ARGUMENT**

**THE DEOS HAVE NOT SATISFIED ANY OF THE NECESSARY ELEMENTS TO JUSTIFY A FINDING OF CIVIL CONTEMPT AGAINST NEXTGEAR.**

Federal Rule of Civil Procedure 45 governs subpoena practice and applies to the current discovery dispute between parties to this action, the Deos, and non-parties, NextGear and Fallacaro. *See Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No. 20-CV-1214, 2021 *WL* 7906537 at *1, *1 (E.D.N.Y. Nov. 3, 2021)(stating that "Rule 45 applies to non-parties like Mr. Livzemnieks").  Subsection (g) of Rule 45 provides:

> **(g) Contempt…**the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena[.][*Fed.R.Civ.P.* 45(g).]

This Court has stated that there are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is clear and unambiguous; 2) the proof of non-compliance must be clear and convincing; and 3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered.  *Schmidt v. Stone*, No. 14-CV-2519, 2019 *WL* 3253953 at *1, *5 (E.D.N.Y. July 18, 2019).  This Court has described the clear and convincing evidentiary standard as:

> [E]vidence that produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. [*Kladny v. Deza*, 25-CV-5754, 2026 *WL* 472631 at *1, *11 (E.D.N.Y. Feb. 19, 2026).]



Notably, "Rule 45 itself contains no express provision for awarding attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena *duces tecum*, nor does Rule 45 allow the court to turn to the terms of Rule 37(a) for such authorization." *Davis v. Speechworks Int'l, Inc.*, No. 03-CV-533S(F), 2005 *U.S. Dist. LEXIS* 42527 at *1, *12 (W.D.N.Y. May 20, 2005). As such, under Rule 45, an award of attorneys' fees and costs must be accompanied with a finding of "willfulness [weighing in favor of] granting them." *Concepts Nrec, LLC* v. *Xuwen Qiu*, 5:20-cv-133, 2024 *U.S. Dist. LEXIS* 88542 at *1, *41 (D. Vt. May 24, 2024).

In this matter, the Deos filed a letter motion seeking sanctions against NextGear for an alleged failure to comply with a subpoena issued in March. However, the Deos have done so without any proof that NextGear, or its witness, Fallacaro, failed to comply with the March 12, 2026 subpoena that was issued (the "Subpoena"), let alone done so in a fashion that presents clear and convincing evidence of a willful violation. NextGear and Fallacaro should not be held in contempt for several reasons.

First, the Subpoena is plain, on its face, that the production of video evidence is not requested from NextGear. The Subpoena asked NextGear to provide "[e]ach and every contract to provide floor plans to NorthShore Motor Leasing LLC; Superb Motors, Inc.; and 189 Sunrise HWY. Auto LLC." (*Exhibit "A,"* Subpoena at p. 1). In response, NextGear produced the Promissory Note, Guaranty, and UCC-1 statement for 189 Sunrise Hwy Auto LLC d/b/a Sunrise Auto Outlet ("Sunrise"), the only dealership with which it had a lending relationship. Thus,



NextGear produced the documentation actually requested, which did not include video evidence. For clarity's sake, no one alleges that NextGear or Fallacaro were ever in possession of the video snippets identified in the Deos' motion.

Secondly, the Deos do not have proof of non-compliance, let alone clear and convincing evidence of it. As detailed in the Deos' letter motion, NextGear produced Fallacaro for a deposition within the discovery end date and on a mutually agreeable date and time. (*Apr. 14, 2026 Letter* at p. 2). At the time of Fallacaro's deposition, the Deos had not disclosed the existence of the video snippets referenced in their motion. (*Id.* at p. 2 – 3). Thus, the Deos voluntarily chose not to produce them before Fallacaro's deposition. Having done so, the Deos cannot now complain that Fallacaro failed to address those snippets (the essence of the Deos' motion) because NextGear, Fallacaro, nor their counsel were made aware of their existence. If the Deos believed that they had strong evidence on which to impeach Fallacaro, they should have disclosed the existence of that evidence prior to Fallacaro's deposition and questioned Fallacaro directly about it. Having made the strategic decision to do otherwise, the Deos cannot now assert that NextGear failed to follow its discovery obligations.

Additionally, NextGear acted with reasonable diligence in responding to the Subpoena. As indicated above, NextGear produced the requested contract documents. Plus, NextGear made the requested representative available for a deposition. Additionally, NextGear has now located the application for Sunrise's line of credit held with NextGear and will be producing that



document today.  This document was requested during Fallacaro's deposition.  Neither NextGear nor Fallacaro have failed to comply with the Subpoena in any way.

Finally, there is no evidence that NextGear or Fallacaro acted in a willfully disobedient manner.  Indeed, the evidence presented by the Deos are transcribed snippets from alleged videos that exist (not the videos themselves) and which were supposedly created in 2023, or three years prior to Fallacaro's deposition.  The mere fact that Fallacaro did not recall unverified, alleged conversations from three years ago when the Deos failed to present him with supposed video evidence about those conversations does not equate to civil contempt.  In fact, it shows that the Deos consciously chose to withhold that supposed evidence to gain a perceived strategic advantage over NextGear and Fallacaro (and, presumably, the plaintiffs).  Notably, this case has been pending since 2023 as well, and, yet, knowing the discovery deadline was fast approaching, the Deos still chose not to present the videos to Fallacaro, nor even to inquire of Fallacaro under oath whether his memory might be refreshed through the alleged video snippets, which could have been shown to Fallacaro had counsel been provided adequate time to review them.  Instead, the Deos chose a different path that they believed would result in the extension of the discovery period.  Under the circumstances, the Deos should not get the opportunity to depose Fallacaro a second time when they admit that they intentionally withheld potentially relevant evidence the first time.  The Court should not reward such strategic, "gotcha" behavior.



April 16, 2026
Hon. James M. Wick, U.S.M.J.
Page 6

## **CONCLUSION**

This Court should deny the Deos' motion, in full.  The Deos made the strategic decision to withhold video evidence that is supposedly relevant to Fallacaro's testimony.  Having consciously chosen to withhold this evidence, the Deos cannot now complain that Fallacaro's testimony was supposedly inaccurate when they had the full opportunity to present the alleged videos to him prior to his deposition.  Having voluntarily failed to engage in this disclosure, the Deos are entitled to no relief from this Court.

Thank you.

Respectfully submitted,

**ECKERT   SEAMANS   CHERIN   & MELLOTT, LLC**

By:   */s/ Nicholas M. Gaunce*
Nicholas M. Gaunce, Esq.

cc:   All counsel of record (**via ECF**)

## **WORD COUNT CERTIFICATION**

I certify, under penalty of perjury, that the foregoing document has a total word count of 1,431.

By:   */s/ Nicholas M. Gaunce*
Nicholas M. Gaunce, Esq.