# MMP&S

### MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

ATTORNEYS AT LAW

1000 WOODBURY ROAD    SUITE 402    WOODBURY, NY 11797
TELEPHONE: 516.712.4000    FAX: 516.712.4013
MAIL@MILBERMAKRIS.COM
HTTP://WWW.MILBERMAKRIS.COM

April 15, 2026

**VIA ECF**

Hon. James M. Wicks, U.S.M.J.
U.S. District Court, Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

> Re:    *Superb Motors Inc., et al. v. Deo, et al.*
> Case No. 2:23-cv-6188 (JMW)

Dear Judge Wicks:

We represent non-parties Thomas Jones, CPA and Jones, Little & Company, CPAs, LLP (together, "JLC") in the above-captioned action. Please accept this letter brief in lieu of a more formal opposition on JLC's behalf to plaintiffs' motion to compel compliance with a subpoena *ad testificandum* and *duces tecum* and for contempt sanctions.

Simply put, with respect to JLC, plaintiffs' motion should be denied in its entirety. As a threshold matter, plaintiffs' motion readily concedes that JLC has fully complied with the subpoena *ad testificandum* as JLC's Thomas Jones, CPA appeared for a deposition on March 25, 2026 and testified jn full compliance with the subpoena *ad testificandum*. Moreover, contrary to plaintiffs' skewed depiction, to date, plaintiffs have not provided JLC's Mr. Jones with any transcript of his March 25, 2026 deposition testimony in full compliance with the subpoena *ad testificandum* for his review and execution, and, accordingly, plaintiffs have not yet issued any post-deposition discovery demands to JLC. As such, plaintiffs' assertion that JLC has failed to respond to any post-deposition discovery demands is entirely without basis and completely contravened.

Finally, regarding the subpoena *duces tecum*, by February 18, 2026 email correspondence to plaintiffs' counsel with respect to subpoena compliance, JLC's undersigned counsel confirmed to plaintiffs' counsel in writing that JLC had previously produced all documents in JLC's possession, custody and control responsive to the subpoena *duces tecum* on April 16, 2024 when JLC were still party defendants in the action. Plaintiffs' counsel did not object and proceeded to depose non-party JLC's Mr. Jones in compliance with the subpoena on March 25, 2026. Accordingly, plaintiffs must concede that, and cannot refute that, JLC complied in full with the subpoena *duces tecum* by JLC's production, as party defendants, on April 16, 2024, of all documents in JLC's possession, custody and control responsive to the subpoena.

Considering the foregoing, plaintiffs' contempt motion must be denied in its entirety as against JLC. Non-party JLC has complied in full with the subpoena, plaintiffs cannot establish any non-compliance, willful or otherwise, or bad faith on JLC's part, and plaintiffs have not been prejudiced in any manner whatsoever. Thus, plaintiffs' request for contempt sanctions against JLC

WOODBURY, NEW YORK   ▪   PURCHASE, NEW YORK   ▪   ROSELAND, NEW JERSEY

NEWTOWN, CONNECTICUT   ▪   BOCA RATON, FLORIDA   ▪   MIAMI, FLORIDA   ▪   BERWYN, PENNSYLVANIA

Hon. James M. Wicks, U.S.M.J.
April 15, 2026
Page **2** of **2**

and to compel compliance is wholly unwarranted. For all of these reasons, plaintiffs' motion should be denied in its entirety.

       Thank you for your kind consideration in this matter.

                              Respectfully submitted,

                              John A. Lentinello