UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP,  FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC,

Defendants.

-------------------------------------------------------------------X

**Case No.: 2:23-cv-6188 (JMW)**

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE DEO DEFENDANTS' FIRST AMENDED <u>COUNTERCLAIMS</u>**

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** .................................................................................................. 1

**LEGAL STANDARD** ................................................................................................................ 2

**FACTS**…………………………………………………………………………………………3

**ARGUMENT** ........................................................................................................................... 4

    I.      **Thomasson's and the Deo Defendants' Counterclaims Fail to State a Claim** ................................... 4

        A.  **The Deo Defendants Fail to State a Claim for Defamation *Per Se*** ............................... 4

        B.  **The Deo Defendants Fail to State a Claim for Libel** ...................................................... 9

        C.  **The Deo Defendants Fail to State a Claim For Tortious Interference**………..……..11

        D.  **The Deo Defendants Fail to State a Claim For Abuse of Process or Malicious Prosecution** ………………………………………………………………..…………12

        E.  **The Deo Defendants Should Not be Afforded Another Opportunity to Amend**…...12

**CONCLUSION**................................................................................................................................ 14

**Table of Authorities**

Cases

Albert v. Loksen,
239 F.3d 256 (2d Cir. 2001)...................................................................................... 9

Ashcroft v. Iqbal,
556 U.S. 662 ................................................................................................... 2, 3

Banco Safra S.A.-Cayman Is. Branch v Samarco Mineracao S.A.,
No. 19-3976-CV, 2021 WL 825743 (2d Cir. Mar. 4, 2021)............................................. 13

Bell Atl. Corp. v. Twombly,
550 U.S. 554 (2007)................................................................................................ 3

Bell v. Alden Owners, Inc.,
299 A.D.2d 207 (1st Dept. 2002)................................................................................ 9

Bentivegna v. People's United Bank,
No. 14-cv-599 (ADS)(GRB), 2016 US Dist. LEXIS 80893 (E.D.N.Y. June 21, 2016) .. 11

Biro v. Conde Nast,
883 F. Supp. 2d 441 (S.D.N.Y. 2012) ....................................................................... 8

Caulfield v. Imagine Advisors, Inc.,
No. 07 CIV. 1257 (DC), 2007 WL 4615504 (S.D.N.Y. Dec. 27, 2007) ........................... 7

City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,
752 F.3d 173 (2d Cir. 2014)..................................................................................... 13

Conte v. Newsday, Inc.,
703 F. Supp. 2d 126 (E.D.N.Y.2010) ....................................................................... 5

D'Annunzio v. Ayken, Inc.,
876 F. Supp. 2d 211 (E.D.N.Y. 2012) ...................................................................... 8

Evans v. Waldo,
No. 04-CIV.-566, 2006 WL 2689819 (E.D.N.Y. Sept. 18, 2006)................................... 11

Greenberg v. Spitzer,
155 A.D.3d 27 (2d Dept. 2017) ............................................................................... 4

Hauser v. Bartow,
273 N.Y. 370 (1973) ............................................................................................ 12

Hayden v. Paterson,

594 F.3d 150 (2d Cir. 2010)............................................................................................. 2,6

Kelly v. Schmidberger,
    806 F.2d 44 (2d Cir. 1986)...................................................................................... 8

Komatsu v. City of New York,
    2021 WL 3038498 (S.D.N.Y. July 16, 2021) ...................................................... 8

Kraft v. City of New York,
    696 F. Supp. 2d 403 (S.D.N.Y. 2010) ............................................................... 12

Lader v. Delgado,
    941 F. Supp. 2d 267 (E.D.N.Y. 2013) ................................................................. 5

Lively v. Wayfarer Studios LLC,
    786 F.Supp. 3d 695 (S.D.N.Y. 2025) .................................................................. 7

Lue v. JPMorgan Chase & Co.,
    No. 19 Civ. 9784, 2021 WL 1108558 (S.D.N.Y. Mar. 23, 2021) .............................. 10, 11

McKenzie v. Dow Jones & Co.,
    355 Fed. Appx. 533 (2d Cir. 2009)...................................................................... 9

Neal v. Asta Funding, Inc.,
    No. 13-CIV.-2176 (VB), 2014 WL 3887760 (S.D.N.Y. June 17, 2014)........................... 7

Pecue v. West,
    233 N.Y. 316 (1922) ............................................................................................. 5

Pezhman v. Chanel,
    157 A.D.3d 417 (1st Dept. 2018)......................................................................... 5

Porat v. Lincoln Towers Cmty. Ass'n,
    464 F.3d 274 (2d Cir. 2006).............................................................................. 13

Rabushka v. Marks,
    256 A.D.2d 562 (2d Dept. 1998) ......................................................................... 5

Rakocevic v. Koutsoudakis & Iakovou L. Grp., PLLC,
    No. 24 CIV.2567 (LGS), 2025 WL 327924 (S.D.N.Y. Jan. 28, 2025) ........................... 9

Remley v. State,
    174 Misc. 2d 523 (Ct. Cl. 1997) .......................................................................... 8

Salahuddin v. Cuomo,
    861 F.2d 40 (2d Cir. 1988)................................................................................... 8

Shenkman v. O'Malley,
        2 A.D.2d 567 (1956) .................................................................................. 5

Swanhart v. Jackson,
        No. 20-CIV.-6819 (NSR), 2023 U.S. Dist. LEXIS 120971, 2023 WL 4534638 (S.D.N.Y.
        July 13, 2023).......................................................................................... 7

TechnoMarine SA v. Giftports, Inc.,
        758 F.3d 493 (2d Cir. 2014)..................................................................... 12

Thai v. Cayre Grp., Ltd.,
        726 F.Supp. 2d 323 (S.D.N.Y. 2010) ......................................................... 7

Toker v. Pollak,
        44 N.Y.2d 211 (1978) ............................................................................... 5

Udechukwu v. City of New York,
        333 F. Supp. 3d 161 (E.D.N.Y. 2018) ........................................................ 8

Uribe v. Nieves,
        2022 WL 17770288 (E.D.N.Y. Sept. 13, 2022) ......................................... 12

Wade Park Land Holdings, LLC v. Kalikow,
        2023 WL 2614243 (S.D.N.Y. Mar. 23, 2023) .............................................. 8

Statutes

CPLR § 215 ............................................................................................................ 9

CPLR § 3016 .......................................................................................................... 7

Fed. R. Civ. P. 12(b)(6)........................................................................... 1, 2, 3,9 14

Other Authorities

35 NY Jur, Libel and Slander, § 91 ......................................................................... 5

Prosser, Torts (4th ed.), s 114 ................................................................................. 5

Restatement, Torts (2d), § 584................................................................................. 5

v

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this memorandum of law in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or the "Rule"), for an Order dismissing the first amended counterclaims asserted by Defendant Harry R. Thomasson, Esq. ("Thomasson") and the remaining Deo Defendants[1] (collectively the "Deo Defendants") in their respective answers with counterclaims, and for such other and further relief as the Court may deem just and proper. See ECF Docket Entries 433 and 454.

In an implicit concession that their earlier filed counterclaims fail as a matter of law, the Deo Defendants have opted to amend their counterclaims by adding allegations of alleged defamatory statements made to law enforcement authorities, people in the automobile dealership industry, and courts. But this attempt to bolster the deficient counterclaims fails.

This is because the alleged defamatory statements are privileged (both by an absolute litigation privilege and a qualified privilege for communications with law enforcement), fail for lack of specificity, and are untimely on statutes of limitations grounds.

Moreover, the Deo Defendants' newly-added causes of action for tortious interference as well as a hybrid abuse of process/malicious prosecution similarly fail as a matter of law because one claim has already been pled in a related action and the other fails to plead facts supporting those claims as further set forth below.

---

[1] The Deo Defendants consist of Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp..

Preliminarily, the tortious interference claim has already been pled in Thomasson's manifesto[2] filed on behalf of Anthony Deo and Sara Deo (collectively hereinafter the "Deos") in the removed-then-remanded[3] state court action pending before the Hon. Timothy J. Driscoll, J.S.C. ("Justice Driscoll")[4]

As to the hybrid abuse of process and malicious prosecution claim, both fail because the precondition of a prior action or proceeding in the Deos' favor for the malicious prosecution claim and the existence of a collateral objective for the abuse of process claim have each, respectively, not been met.  For these reasons and those set forth below, Plaintiffs' motion should be granted.

**LEGAL STANDARD**

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  *First*, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; see also Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).

---

[2] See Deo, *et ano.* v. Baron, *et al.*; Index No.: 615683/2024 (Nassau County Supreme Court), NYSCEF Docket Entry 1.  The Plaintiffs in that action later amended their complaint after the action was removed to the United States District Court for the Eastern District of New York.  See Id., NYSCEF Docket Entry 53.  This complaint, which was filed in the federal case after removal, is the current operative complaint in the state court action. See Fouad v. Milton Hershey Sch. and Sch. Tr., 165 N.Y.S.3d 317, 318 (1st Dept. 2022).

[3] See Deo, *et ano.* v. Baron, *et al.*; Case No.: 2:24-cv-6903 (NJC) (JMW), ECF Docket Entries 1-2 and 67.

[4] The Deo v. Baron action was originally before the Hon. Jerome C. Murphy, J.S.C. ("Justice Murphy") because of its relationship to other actions between some of the parties, but Justice Murphy recused himself.  See Deo, *et ano.* v. Baron, *et al.*; Index No.: 615683/2024 (Nassau County Supreme Court), NYSCEF Docket Entry 45.

2

*Second*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." See Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations must meet a standard of "plausibility." See Iqbal, 556 U.S. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 554, 557 (2007).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678.

### FACTS

In a desperate attempt to save them from the inevitable dismissal of their contrived counterclaims, the Deo Defendants have alleged facts,[5] presumed true for purposes of this motion (but which are expressly denied by the Plaintiffs), as follows.

The Deo Defendants allege that Plaintiffs spread false allegations against them throughout the "law enforcement, courts, and automobile industries in and around Long Island." See ECF Docket Entries 433 at 64 ¶ 1, 70 ¶ 12 and 454 at 64-65 ¶ 2, 71-72 ¶ 10.

They allege in a tad bit more detail that defamatory statements were made to "Nassau and Suffolk County police departments, Nassau and Suffolk County district attorneys, the F.B.I., the United States Department of Justice, and various professionals in and for the automobile industry," although no name is provided for any of the foregoing recipients. Id., 433 at 65 ¶ 2 and 454 at 75 ¶ 22.

---

[5] In typical fashion by Thomasson, the counterclaims he drafted for himself and, presumably, the Deo Defendants, are overly verbose whilst managing not to say much. Plaintiffs therefore summarize the allegations as concisely as possible for the sake of brevity and sanity.

In another allegation, the Deo Defendants expand the parties to whom allegedly defamatory statements were published to include: (i) the Nassau County Police Department ("NCPD"); (ii) the Nassau County District Attorneys' Office; (iii) the Suffolk County Police Department; (iv) the Suffolk County District Attorneys' Office; (v) the Federal Bureau of Investigation; (vi) the United States Attorneys' Office and/or the United States Department of Justice; (vii) federal grand juries; (viii) automobile wholesalers, including Nethanel Orgad ("Orgad");[6] (ix) various local automobile industry floor plan providers, including Nissan Motor Acceptance Company LLC ("NMAC"), NextGear Capital, Inc. ("Next Gear"), and Ally Financial, Inc. ("Ally"); (x) various banks and lenders such as Flushing Bank ("Flushing"), Libertas Funding LLC ("Libertas"), and J.P. Morgan Chase Bank, N.A. ("Chase"); (xi) accountants that provide services to Citrin Cooperman, Jones Little & Co, CPA's LLP, and Richards, Witt & Charles, LLP; and (xii) other unknown individuals in the local automobile industry.   See Id., 433 at 72-73 ¶ 21 and 454 at 75-76 ¶ 22.

The Deo Defendants allege that the defamatory statements were made "repeatedly," but fail to allege *what* was said, *when*, nor specifically to *whom*, except Orgad.  See Id.

## **ARGUMENT**

### I.    **Thomasson's and the Deo Defendants' Counterclaims Fail to State a Claim**

#### A.  **The Deo Defendants Fail to State a Claim for Defamation *per se***

"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation *per se*" See Greenberg v. Spitzer, 155 A.D.3d 27, 41 (2d Dept. 2017).

---

[6] Orgad provided a declaration in this case in September 2023.  See ECF Docket Entry 40.

When a defamation claim is not pled with the requisite specificity, it will be dismissed. See Rabushka v. Marks, 256 A.D.2d 562 (2d Dept. 1998).

"Public policy mandates that certain communications, although defamatory, cannot serve as the basis for the imposition of liability in a defamation action." See Toker v. Pollak, 44 N.Y.2d 211, 218 (1978), citing Shenkman v. O'Malley, 2 A.D.2d 567, 572 (1956); Restatement, Torts (2d), § 584, *et. seq.;* Prosser, Torts (4th ed.), s 114; 35 NY Jur, Libel and Slander, § 91. "Communications falling within this category are deemed privileged, either absolutely or qualifiedly." Id. (citing Shenkman, 2 A.D.2d at 572 and 35 NY Jur, Libel and Slander, § 91).

Indeed, communications afforded an absolute privilege are perhaps more appropriately thought of as cloaked with an immunity, rather than a privilege against the imposition of liability in a defamation action. See Prosser, Torts (4th ed.), s 114, n. 66.  This immunity, which protects communications irrespective of the communicant's motives, has been stringently applied; its protective shield has been granted to those individuals participating in a judicial proceeding. See, e.g., Pecue v. West, 233 N.Y. 316, 319-320, 325 (1922) ("If [the judge] decide that the occasion was one of absolute privilege, the defendant is entitled to judgment, however maliciously and treacherously he may have acted").  Critically, "[s]tatements made in the course of judicial proceedings are *absolutely privileged*" and therefore may not form the basis of a claim for defamation. See Conte v. Newsday, Inc., 703 F. Supp. 2d 126, 146 (E.D.N.Y.2010). This includes statements made in a complaint. See Lader v. Delgado, 941 F. Supp. 2d 267, 273 (E.D.N.Y. 2013) (defamation claim "subject to dismissal because the allegedly defamatory statements were made in pleadings that relate to the subject matter" of the lawsuit, and are therefore absolutely privileged); see also Pezhman v. Chanel, 157 A.D.3d 417, 418 (1st Dept. 2018).

Here, this counterclaim fails because Thomasson and the Deo Defendants offer no supporting factual information, i.e., who, what, when, where, why, regarding their *prima facie* case for defamation *per se*, and are thus conclusory. This renders this counterclaim no more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," which is not sufficient to withstand a motion to dismiss under Rule 12(b)(6). Id. at 678; see also Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).

Even if this counterclaim were adequately pled – which it was not – the statements in question made by Plaintiffs in the Court filings are immune from defamation claims.

In Thomasson's and the Deo Defendants' pleadings, they each assert a counterclaim for defamation on the grounds that the allegations in the Plaintiffs' *pleadings* and statements to the court are defamatory *per se*. Since pleadings are part and parcel of the litigation privilege, and the Deo Defendants point to no allegedly defamatory statements outside of the pleadings, the litigation privilege bars their defamation claim.

Moreover, there is no question that absolute immunity applies for Plaintiffs' filing of the complaint in this case, and the Deo Defendants have not adequately pled that Plaintiffs published any statement concerning the pleadings outside of the Court filings (which they have not), warranting dismissal of the counterclaims for failure to state a claim. See McGough v. Phillips & Associates, PLLC, No. 153216/24, 2026 WL 173973, at *1 (1st Dept. Jan. 22, 2026) ("The court's dismissal of the defamation claim on the basis of the litigation privilege was correct only insofar as premised on statements made in the complaint (or otherwise to the court)").

Recognizing that the foregoing absolute litigation privilege serves as the death knell for their previously pled claims, the Deo Defendants attempt to resuscitate them by adding allegations that the Plaintiffs in this case made defamatory statements outside of this lawsuit to others.

6

However, they fail to identify any individual to whom such defamatory statements were made (except as to Orgad, discussed *infra*), what those statements were and – critically – *when* those statements were made.

A plaintiff must plead the defamatory statements with some particularity. See CPLR § 3016(a) ("In an action for libel or slander, *the particular words complained of* shall be set forth in the complaint, but their application to the plaintiff may be stated generally") (emphasis added). Under Rule 8's liberal pleading standards, this requires a plaintiff to "*identify the allegedly defamatory statements, the person who made the statements, the time when the statements were made, and the third parties to whom the statements were published.*" See Neal v. Asta Funding, Inc., No. 13-CIV.-2176 (VB), 2014 WL 3887760, at *3 (S.D.N.Y. June 17, 2014); see also Caulfield v. Imagine Advisors, Inc., No. 07 CIV. 1257 (DC), 2007 WL 4615504, at *10 (S.D.N.Y. Dec. 27, 2007) (emphasis added) (where plaintiff "ma[de] no effort" to identify defamatory words, "it would be inappropriate to permit [plaintiff] to engage in discovery to find support now for allegations that should not have been made in the absence of support in the first place"); Swanhart v. Jackson, No. 20-CIV.-6819 (NSR), 2023 U.S. Dist. LEXIS 120971, 2023 WL 4534638, at *13 (S.D.N.Y. July 13, 2023) (dismissing defamation claim for "fall[ing] short of the requisite pleading requirements"); Lively v. Wayfarer Studios LLC, 786 F.Supp. 3d 695, 739-40 (S.D.N.Y. 2025) (holding that the parties "have an obligation to identify the statements which harmed them, rather than gesturing at a ... category of statements and forcing the defendant to guess at which ones are actionable"); see also Thai v. Cayre Grp., Ltd., 726 F.Supp. 2d 323, 329 (S.D.N.Y. 2010) (internal quotation marks omitted) ("A defamation claim is only sufficient if it adequately identifies the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated").

Here, even assuming *arguendo* that identifying various entities in the complaint satisfies the requirement to identify "the third parties to whom the statements were published" (which it does not), the Deo Defendants fail to allege specifically what was stated, the person(s) who made the statements (as the counterclaims engage in shotgun pleading),[7] and the *time* when the statements were made. Based on these pleading deficiencies alone, the defamation claim must be dismissed.

Moreover, as to the allegedly false statements made to law enforcement authorities, the exact content of which is not described, they must be dismissed because they are subject to a qualified privilege. "New York courts recognize a qualified privilege for statements made to police officers about *suspected* crimes." See Udechukwu v. City of New York, 333 F. Supp. 3d 161, 172 (E.D.N.Y. 2018) (citing cases); see also Remley v. State, 174 Misc. 2d 523 (Ct. Cl. 1997) ("A person filing a formal complaint charging another with a crime is . . . entitled to absolute immunity from a civil suit for defamation"). Because the pleadings reference crime reports by Plaintiffs, the defamation claim as to any such statements to law enforcement authorities fail.

---

[7] "Dismissal [under Rule 8 for impermissible group pleading] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." See Komatsu v. City of New York, 2021 WL 3038498, at *3 (S.D.N.Y. July 16, 2021) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)). Here, the counterclaims pled are as unintelligible as they can be. The Deo Defendants have an obligation to identify the statements which harmed them, rather than gesturing at a document or category of statements and forcing the Plaintiffs to guess at which ones are actionable. See D'Annunzio v. Ayken, Inc., 876 F. Supp. 2d 211, 216 (E.D.N.Y. 2012) ("[T]he pleadings must be sufficient to afford the defendant sufficient notice of the communications complained of to enable him to defend himself") (quoting Kelly v. Schmidberger, 806 F.2d 44, 46 (2d Cir. 1986)); see also Biro v. Conde Nast, 883 F. Supp. 2d 441, 456 (S.D.N.Y. 2012). Likewise, if the complaint uses the Plaintiffs in a context where a particular plaintiff or defendant is not clearly indicated, the Court nor the Plaintiffs should have to guess at what claim the Amended Counterclaims are attempting to make. Such a course would "promote litigation by ambush," allowing the Deo Defendants to use vague pleading to hide their claims only to spring them on Plaintiffs in opposition briefing or at trial. See Wade Park Land Holdings, LLC v. Kalikow, 2023 WL 2614243, at *10 (S.D.N.Y. Mar. 23, 2023), aff'd *sub nom.* In re Wade Park Land Holdings, 2024 WL 3024648 (2d Cir. June 17, 2024).

8

Finally, the claims arguably fail due to the statute of limitations as the alleged statements made (albeit not specified in the complaint) have been made more than one (1) year ago. See McKenzie v. Dow Jones & Co., 355 Fed. Appx. 533, 535 (2d Cir. 2009) ("Under New York law, the statute of limitations for a defamation claim is one year") (citing CPLR § 215(3)).  The Court may take judicial notice that Orgad provided a declaration in September 2023, which was three years ago.  Further, the Court may take judicial notice of the NCPD complaint was also submitted in August 2023.  See ECF Docket Entry 401-1.  Even the Deo Defendants' own submissions indicate that any alleged defamatory statements occurred in 2023.  See ECF Docket Entry 466 at 2-3 (identifying statements made on video by one Vincent Fallarco of NextGear in 2023).

Because the Deo Defendants fail to specify any alleged defamatory statement made within a year of filing their counterclaims, they are subject to dismissal on statute of limitations grounds.

### B.  The Deo Defendants Fail to State a Claim for Libel

A counterclaim alleging slander is insufficient as a matter of law where the defendants' pleadings specify neither the particular words complained of nor identified to whom they were allegedly published. See Bell v. Alden Owners, Inc., 299 A.D.2d 207, 208-209 (1st Dept. 2002).

Moreover, to the extent Defendants purport to assert separate claims for "libel" and "defamation *per se*," such claims are duplicative, as libel is a form of defamation and defamation *per se* concerns damages, not a distinct cause of action. See Albert v. Loksen, 239 F.3d 256, 265 (2d Cir. 2001); see also Rakocevic v. Koutsoudakis & Iakovou L. Grp., PLLC, No. 24 CIV.2567 (LGS), 2025 WL 327924, at *2 (S.D.N.Y. Jan. 28, 2025).

The second counterclaim must therefore be dismissed due to these deficiencies and those deficiencies raised in Point A, *supra*.  Indeed, Thomasson's and the Deo Defendants' claim for libel has not been sufficiently pleaded, such that it cannot defeat a motion under Rule 12(b)(6).

9

They merely state such conclusory statements as "[t]he allegations of criminal wrongdoing against Plaintiffs in Counterclaim by Defendants in Counterclaim [*sic*] pursuant to their Plan are outrageous, shocking, intentional, knowing, wrongful, fraudulent, and published repeatedly through the Complaints in the instant and prior actions," and "all allegations made to date by the Defendants in Counterclaim against the Plaintiffs in Counterclaim and published to the world by and through the Complaints filed in this and prior actions pursuant to their Plan are false, outrageous, defamatory, shocking, intentional, knowing, wrongful, and fraudulent," without bothering to specify *which* allegations in question are so outrageous, shocking, fraudulent, *et al*, and why.

Irrespective of this, the claim for libel is duplicative of the claim for defamation *per se*.

Moreover, Plaintiffs' arguments set forth *supra* regarding: (i) the absolute privilege of statements made in the judicial and pleadings context from claims for defamation; (ii) the lack of specificity; (iii) the qualified privilege as to statements made to law enforcement authorities; and (iv) the statute of limitations are equally applicable to the libel claim.

As argued *supra*, New York law recognizes an "absolute privilege" that "prohibits defamation claims arising out of statements made in litigation if, by any view or under any circumstances, [the statements] may be considered pertinent to the litigation." See Lue v. JPMorgan Chase & Co., No. 19 Civ. 9784, 2021 WL 1108558, at *4 (S.D.N.Y. Mar. 23, 2021) (citation omitted). "The test of pertinency is extremely broad, and the privilege embraces anything that may possibly or plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability." Id. (citation omitted).

10

This absolute privilege "protect[s] the public interest in encouraging participants in litigation to speak with [the] free and open mind which the administration of justice demands." Id. at *5 (citation omitted).

Here, any allegedly defamatory statements made by Plaintiffs in their complaint are absolutely privileged. See Evans v. Waldo, No. 04-CIV.-566, 2006 WL 2689819, at *3 (E.D.N.Y. Sept. 18, 2006). Neither the Deo Defendants nor Thomasson identify any statements made by Plaintiffs that are unrelated or irrelevant to this case. To the extent their pleadings can be construed to identify any such statements, they are relevant and pertinent to Plaintiffs' claims in this case, and are therefore absolutely privileged. See Lue, 2021 WL 1108558, at *4 (citation omitted); see also Evans, 2006 WL 2689819, at *3 ("[A]ny alleged defamatory statements relate directly to plaintiff's sexual harassment complaint and, thus, are absolutely privileged").

In light of the foregoing and the other arguments raised in Point A (incorporated by reference herein), the second counterclaim for libel should thus be dismissed.

### C. The Deo Defendants Fail to State a Claim for Tortious Interference

The Deo Defendants' new claim for tortious interference is duplicative of the claim raised by the Deos in their separate action filed against the Plaintiffs and others. See Deo, *et ano.* v. Baron, *et al.*; Index No.: 615683/2024 (Nassau County Supreme Court), NYSCEF Docket Entries 1 and 53.

This Court should decline exercising supplemental jurisdiction over this existing state-based claim, for which the Deos sought remand, and dismiss the claim as lacking subject matter jurisdiction. See Bentivegna v. People's United Bank, No. 14-cv-599 (ADS)(GRB), 2016 US Dist. LEXIS 80893 (E.D.N.Y. June 21, 2016).

11

In any event, the tortious interference claim is duplicative of the defamation claim because the Deo Defendants fail to specify any conduct other than the defamatory statements which allegedly interfered with their business relationships.  See Uribe v. Nieves, 2022 WL 17770288, at *8 (E.D.N.Y. Sept. 13, 2022) (recommending dismissal of tortious interference claim as duplicative of defamation claim)

### D. **The Deo Defendants Fail to State a Claim for Abuse of Process or Malicious Prosecution**

The Deo Defendants' new claim entitled "abuse of process" also refers to "malicious prosecution," which requires an initiation or continuation of a criminal proceeding against Deo and termination of the proceeding in Deo's favor, neither of which is pled and, more importantly, does not exist. See Hauser v. Bartow, 273 N.Y. 370, 374 (1973) ("If [one] uses the process of the court for its proper purpose, though there is malice in his heart, there is no abuse of process").

Moreover, the Deo Defendants' allegations fail to set forth any collateral objective sought by the Plaintiffs in filing the complaint in this case, which is often referred to as "[t]he crux of a malicious abuse of process claim." See Kraft v. City of New York, 696 F. Supp. 2d 403, 416 (S.D.N.Y. 2010), aff'd, 441 Fed. Appx. 24 (2d Cir. 2011).  Indeed, in light of the overwhelming evidence of Deo's persistent and pervasive pattern of fraud with the assistance of his capable cohort, the objective of this lawsuit is clear: to properly seek justice against the Defendants.

### E. **The Deo Defendants Should not be Afforded Another Opportunity to Amend**

If requested, the Deo Defendants should not be granted leave to further amend. Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) (quotation marks omitted)

To the extent that any of the counterclaims would fail as a matter of law, even if satisfying the factual predicate for the claims, any proposed amended counterclaims would be futile and no leave to replead allowed.

Further, despite Plaintiffs' premotion filings with the Court that the original counterclaims failed as a matter of law, the Deo Defendants did not seek to amend the original counterclaims until after the motion to dismiss had been filed and should not be afforded another opportunity now, in the face of a second motion to dismiss.

Notably, whatever facts allegedly support the allegations in the amended complaint were well known to the Deo Defendants well before they filed the initial counterclaims, let alone the amended counterclaims. Yet, they waited months before asserting the deficient counterclaims, and failed to provide any of the specify the counterclaims require, and should not be permitted to further amend. See Porat v. Lincoln Towers Cmty. Ass'n, 464 F.3d 274, 276 (2d Cir. 2006); see also City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 188 (2d Cir. 2014) (a district court is not required to grant leave to amend when it grants a motion to dismiss based on pleading deficiencies)

Finally, the Deo Defendants were well aware of many of the pleading deficiencies complained of and it was not unforeseen that further leave would not be granted once more to amend. See Banco Safra S.A.-Cayman Is. Branch v Samarco Mineracao S.A., No. 19-3976-CV, 2021 WL 825743, at *5 (2d Cir. Mar. 4, 2021) ("And Banco Safra had ample opportunity to amend its complaint to cure the … deficiencies. It is thus "unlikely that the deficiencies ... were unforeseen") (citing City of Pontiac Policemen's & Firemen's Ret. Sys., 752 F.3d at 188.

Accordingly, the Couret should not grant leave to amend.

13

## CONCLUSION

Accordingly, Defendants counterclaims fail to state any claim(s) for relief.

For the reasons set forth *supra*, Plaintiffs respectfully request that this Court grant Plaintiffs' motion pursuant to Rule 12(b)(6), for an Order dismissing Defendants' Counterclaims in their entirety for failure to state a claim upon which relief can be granted, and for such other and further relief as the Court may deem just, equitable and proper.

Dated: Jamaica, New York
      April 17, 2026            Respectfully submitted,

**SAGE LEGAL LLC**

   */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.com

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**CYRULI SHANKS & ZIZMOR LLP**

      /s
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Remaining Plaintiffs*

**VIA ECF**
All counsel of record

14