# CYRULI SHANKS
### CYRULI SHANKS & ZIZMOR LLP

Jeffrey C. Ruderman
email: jruderman@cszlaw.com
Admitted NY, NJ and CT

April 21, 2026

**VIA ECF**
Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

      Re:    Superb Motors Inc. et. al. v. Deo, et. al., Case No. 2:23-cv-6188 (JMW)

Dear Magistrate Judge Wicks:

This firm represents the "Island Auto Plaintiffs", being all Plaintiffs in the above referenced matter other than the "Superb Plaintiffs" (being Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia) (and together with the Island Auto Plaintiffs, "Plaintiffs"). Plaintiffs write this letter pursuant to the Order of this Court dated April 8, 2026 (ECF Doc. 464) (the "Order") and Text Order of the Court dated April 21, 2026, to submit a letter of compliance with the directives of Order.

Pursuant to the Order, by April 14, 2026, all responses in Plaintiffs' April 1, 2026 Amended Response to Harry Thomasson's ("Thomasson") First Request for Production of Documents dated November 26, 2025 (the "Demand"), in which Plaintiffs responded that they were not in possession custody or control of responsive documents, required the service of a proper Jackson Affidavit. Plaintiffs complied with the Order in serving all parties with the required Jackson Affidavits on Monday, April 13, 2026.

The Order also ruled on three (3) objections raised by the Island Auto Plaintiffs, directing the production of the documents sought in Demand numbers three (3) and nine (9), and, as to Demand number four (4), for Thomasson to provide a list of custodians and search terms for the Island Auto Plaintiffs to employ as part of an electronic discovery search. Thomasson and counsel for the Island Auto Plaintiffs met and conferred and agreed upon a list of custodians and search terms. The Island Auto Plaintiffs conducted an electronic search of the custodians' records employing use of the agreed search terms. The Court did not rule on any objections raised by the Superb Plaintiffs as Thomasson had not previously met and conferred on those objections. However, the Superb Plaintiffs searched for and produced documents according to the same search terms, and responded to the same requests.

# CYRULI SHANKS

### CYRULI SHANKS & ZIZMOR LLP

Pursuant to the Order, by April 17, 2026, Plaintiffs were to produce all documents responsive to the Demand, subject to privilege and the objections of the Superb Plaintiffs, which have not been resolved. On April 17, 2026, both sets of Plaintiffs produced all documents responsive to the Demand, subject to privilege and the objections of the Superb Plaintiffs, which have not been resolved. Plaintiffs also served a Second Amended Response to the Demand to conform to the Order. Thomasson has not raised any objections or deficiencies with respect to either sets of Plaintiffs' responses.

We thank the Court for its consideration in this regard.

Respectfully yours,

*/s/ Jeffrey C. Ruderman*
Jeffrey C. Ruderman

cc:    All counsel via ECF

ATTORNEYS AT LAW
420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350