FILED
CLERK

4/22/2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SUPERB MOTORS INC. *et al.*,

                         *Plaintiffs,*

        -against-

ANTHONY DEO *et al.*,

                         *Defendants.*
-------------------------------------------------------------X

**ORDER**

23-CV-6188 (JMW)

**A P P E A R A N C E S:**

      **Harry R. Thomasson, Esq.**
      3280 Sunrise Highway, Ste Box 112
      Wantagh, NY 11793
      *Defendant Appearing Pro Se*

      Nicholas Gaunce, Esq.
      **Eckert Seamans Cherin & Mellott LLC**
      2000 Lenox Drive, Suite 203
      Lawrenceville, NJ 08648
      *Attorneys for Non-parties NextGear Capital, Inc. and Vincent Fallacaro*

**WICKS**, Magistrate Judge:

This latest motion for discovery sanctions is based upon alleged misconduct, namely, allegations that non-party Vincent Fallacaro ("Fallacaro"), an employee of another non-party NextGear Capital Inc. ("NextGear" and together with Fallacaro, the "non-parties"), lied in a deposition. The motion, brought by Defendant Harry R. Thomasson, Esq. ("Thomasson"), seeks (i) Rule 37 sanctions against both NextGear and Fallacaro, (ii) to compel a continued deposition of Fallacaro, (iii) for the non-parties to pay costs of the first deposition transcript, continued deposition costs, and subpoena service fees, and (iv) extend the discovery deadline to continue the deposition. (ECF No. 466.) The non-parties oppose the instant application. (ECF No. 471.)

1

For reasons that follow, Thomasson's Motion for Sanctions (ECF No. 466) and the related requested relief therein is **DENIED**.

## DISCUSSION

On March 12, 2026, Thomasson issued a subpoena to non-parties, which commanded Fallacaro to appear for a deposition and produce at the deposition,

> "[e]ach and every contract to provide floor plans to NorthShore Motor Leasing LLC; Superb Motors, Inc; and 189 Sunrise Hwy. Auto LLC at any time since and including 2018 forward in time (for NorthShore Motor Leasing LLC), since and including 2020 forward in time (for 189 Sunrise Hwy. Auto LLC), and since and including 2022 (for Superb Motors Inc.) by and from NextGear Capital Inc."

(ECF No. 466-1.)

The non-parties complied and the parties agreed on a mutually convenient date of April 14, 2026, to conduct the deposition before the deadline of completion of fact discovery. (ECF No. 471 at 4.) In addition, the non-parties produced documents before the deposition and upon locating additional documents, represent to have produced the further documents on April 16, 2026. (*Id.* at 4-5.) However, Thomasson asserts that Fallacaro lied during the deposition. Specifically, Thomasson states that the purpose of the deposition was to learn what "Fallacaro knew and discussed with anyone regarding the facts in this and related litigations." (ECF No. 466 at 2.) During the deposition, "Fallacaro indicated familiarity with Anthony Deo and 'Ton' Urrutia (but not Robert Anthony Urrutia), indicates that he may have spoken with each, but claims to have no memory of any specific conversations with either man [and] … denied knowing any other individual from any of the cases related." (*Id.*) Thomasson further asserts that he has video clips to the contrary but has yet to provide the Court nor the non-parties with such "evidence". (*Id.* at 2-3; ECF No. 471 at 5.)

2

There is a common theme in this litigation of the parties running to Court when one believes another has "lied" (*see, e.g.,* ECF Nos. 275, 323-24, 462, 468). Indeed, in this latest missive motion which reads again like "liar, liar pants on fire", Thomasson asserts, "[i]t is my position that Mr. Fallacaro outright lied in his deposition this morning, and I can only turn to the Court as set forth herein to timely do something about it." (ECF No. 466 at 3.) The authority upon which Thomasson relies – Rule 37 – simply does not create an avenue for the relief he seeks. (ECF No. 466 at 1.)

Fed. R. Civ. P. 37(a) entitled "Motion for an Order Compelling Disclosure or Discovery" provides,

> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

> (2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

> (3) *Specific Motions.*

> (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

> (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

> (i) a deponent fails to answer a question asked under Rule 30 or 31;

> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

> (iii) a party fails to answer an interrogatory submitted under Rule 33; or

> (iv) a party fails to produce documents or fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

> (C) *Related to a Deposition.* When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

3

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders.*

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a).

A plain reading of the above provides no basis for sanctions under the circumstances presented here. Thomasson's application is devoid of any support for imposing sanctions when one party argues that a deponent has lied during a deposition. Nor has the Court independently found such authority. Credibility issues such as that asserted here, are best suited for trial, where Thomasson may call the non-party as a witness, cross-exam and try to impeach the witness. While "Rule 37 sets forth the Court's procedures for enforcing discovery and sanctioning misconduct," Courts award Rule 37 sanctions when it would serve the following "three purposes:

4

(1) obtaining compliance with discovery orders; (2) ensuring the disobedient party does not benefit from non-compliance; and (3) providing a general deterrent in the particular case and litigation in general." *Abreu v. City of New York*, 208 F.R.D. 526, 528-29 (S.D.N.Y. 2002). Evening assuming that sanctions were appropriate here – though they are not – none of these purposes would be effectuated by granting this motion. Therefore, all other related relief sought herein is not addressed.

       Accordingly, the motion is denied.

**CONCLUSION**

       For the reasons stated, Thomasson's Motion for Sanctions (ECF No. 466) is **DENIED**.

Dated: Central Islip, New York
      April 22, 2026

S O  O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge