

Nipun Marwaha, Esq.
Nipun@MarwahaLaw.com
Admitted NY, EDNY, SDNY

April 22, 2026

**VIA ECF**
Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

> Re: Superb Motors, Inc., et al. v. Anthony Deo, et al.
> Case No. 2-23-cv-6188 (JMW)

Dear Judge Wicks,

As the Honorable Court is aware, the undersigned firm, Marwaha Law Group, PLLC, is counsel for Deo Defendants and submits the following renewed Letter Motion for Leave to Relocate the Six (6) Injuncted Deo Vehicles, pursuant to this Court's April 7, 2026 Order.

Deo Defendants further move, pursuant to this Court's inherent authority, (See Chambers v. NASCO, Inc., 501 U.S. 32 (1991)), for an Order holding Plaintiffs in civil contempt of the Preliminary Injunction entered September 15, 2023, (ECF 55), and this Court's subsequent Orders imposing custodial duties on Plaintiffs, (ECF 172, 231, 278, 279), and imposing compensatory, coercive, and punitive sanctions, including an award of Deo Defendants' reasonable attorneys' fees and costs, for Plaintiffs' willful failure to safeguard, insure, account for, and disclose dispositions of the Injuncted Vehicles, a pattern this Court has already sanctioned twice. (ECF 231, 279).

**LEAVE TO RELOCATE DEO VEHICLES SHOULD BE GRANTED AS RENEWED APPLICATION CURES DEFICIENCIES NOTED IN THE APRIL 7, 2026 ORDER**

The Injuncted Vehicles must be relocated because Deo Defendants are no longer permitted to remain at their current Hicksville location. As previously stated, (ECF 451), Anthony Deo received death threats that have rendered continued occupancy of that site untenable. Further, the owners of the property demand that all vehicles be removed by April 30, 2026.

Accordingly, Deo Defendants secured a facility located at 869 Route 109, West Babylon, NY 11704, which satisfies each of the criteria identified in this Court's Orders. The facility is an enclosed, privately-owned lot with an iron perimeter fence, and monitored by security cameras. (Exhibit "A"). Deo Defendants have sectioned off an area within the lot, delineated by traffic cones, where all six (6) Injuncted Vehicles will be parked. (Exhibit "A" – Pg. 2).

The Injuncted Vehicles will be insured under a Dealer Open Lot policy issued by Atlantic Casualty Insurance Company (Policy No. 3570000270-0) with a $1,000,000 limit, supplemented

by a $1,000,000 Commercial General Liability policy and a $1,000,000 Umbrella Liability policy, each issued by U.S. Underwriters Insurance Company, all naming Gold Coast Motors of Syosset LLC d/b/a Regal Autohaus, a Deo Defendant and the owner/operator of the 869 Route 109, West Babylon facility, as the insured. (Exhibit "B").

Finally, Deo Defendants object to the anticipated demand from Plaintiffs that they flatbed the Vehicles for an 8-mile drive from Hicksville to West Babylon. Such a tiny trip would have no effect on the value of any of these vehicles. Further, in the unlikely event of any damage, it would be fully covered by the $1,000,000 Dealer Open Lot policy. *Id.* At roughly $250 per vehicle placed on a flat bed, demanding that Deo Defendants, whom Plaintiffs have already bled dry through years of litigation, spend $1,500 to flatbed six cars to avoid a fifteen-minute covered-by-insurance drive is not a safety concern; it is simply another tactic in Plaintiffs' vexatious war of attrition. As such, Defendants respectfully request this Court's permission to have individuals insured by the insurance policy move the vehicles to West Babylon.

## PLAINTIFFS ABANDONED THE INJUNCTED VEHICLES IN AN UNSECURED LOT, SOLD ONE VEHICLE AND DESECRATED ANOTHER, NONE ARE INSURED, THEY MUST BE HELD IN CONTEMPT FOR VIOLATING THE COURT'S ORDERS

On April 5, 2026, the undersigned and a witness inspected the Hartford lot where Plaintiffs abandoned the Injuncted Vehicles for which they are responsible. What was observed is so egregiously contemptuous it would inflame the senses of even the most patient jurist. There is no security whatsoever. Three ne'er-do-wells with a pickup truck, a chain, and a few spare hours could make off with every remaining vehicle with no one noticing.

Performatively, Plaintiffs have recently parked construction vehicles to block one path to where the vehicles have been abandoned; however, there is another gate through which the vehicles could be removed. (Exhibit "C" – Photo of Hartford Lot and Gate Location). Said gate is standing only by the grace of the overgrown shrubbery that has taken over the responsibility of a support pillar which has long since eroded away. (Exhibit "C" – Pg. 2). Similarly, the vehicles have been left to rust and rot, each with a dead battery, multiple with flat tires, and even more showing visible physical damage. (Exhibit "D").

Indeed, this was willful. Plaintiff Urrutia admitted he has no idea what, if any, security protects the Injuncted Vehicles at the Hartford lot. When asked directly, Urrutia conceded "I don't know that. [...] he's been gracious enough to let me hold the vehicles there […]". (ECF 406-6 Deposition of Urrutia Pg. 24 Ln. 5-14). **Bafflingly, "he" is someone Urrutia has NEVER met.** The Hartford property was sold, and Urrutia has never spoken with the new owner, relying instead on a second non-party, the old owner, to shepherd this "gracious" arrangement. (*Id.* Pg. 24 Ln. 15-18). Given the abandoned state of the property, it is a fact that no meaningful security exists. (Exhibit "E" – Pictures of Dilapidated Interior).

In a show of pure defiance of the Court by Plaintiffs, not a single vehicle remaining on the lot is insured by Plaintiffs and no proof of insurance by anyone else was ever provided to this Court, (ECF 406-6, Pg. 24 Ln. 19-22), and cannot be provided given that every commercial entity that could purchase such an insurance policy has ceased to exist.

Given Plaintiffs' unceasing complaints regarding Deo Defendants' handling of Injuncted Vehicles, it is respectfully submitted that the time has come for the Court to evaluate which party in this litigation has actually discharged its custodial duties and which has presided over the slow-motion disappearance of the very property it demanded be protected.

Worse still, of the thirteen Injuncted Vehicles Plaintiffs swore under oath remained on the Hartford lot, (Id. Pg. 19 Ln. 21-24), two are not where Plaintiffs represented. The first, a Lexus NX, has been sold. (Exhibit "F" – Carfax Report for 2018 Lexus NX VIN: JTJBARBZ9J2171144). This Court permitted such sales only on the express conditions that Plaintiffs "account to the Court as to the sales **when made**" and "file proof of the monies in escrow immediately following the sale of each of the vehicles." (ECF 172 at 15). Plaintiffs sold the vehicle in June 2025, pocketed the proceeds, and said nothing.  Another clearly willful disregard for the Court's Order.

The second, a 2018 Mercedes SL VIN WDDJK7DA4JF052861, is technically present but relegated to a dumpster area inside the building and is being used as a makeshift storage surface, with a soda can and sandpaper resting on it, and a broom propped against it. (Exhibit "G"). Plaintiffs have never disclosed this treatment of an Injuncted Vehicle to this Court.

**WHEREFORE**, Deo Defendants respectfully request that this Court enter an Order:

(i) **GRANTING** Deo Defendants leave to relocate the Six (6) Injuncted Deo Vehicles from their current location in Hicksville, New York, to 869 Route 109, West Babylon, NY 11704, to be parked in the sectioned-off area depicted in Exhibit "A" and insured under the policies described in Exhibit "B";

(ii) **PERMITTING** Deo Defendants to transport the Injuncted Vehicles by driver rather than by flatbed, with transportation to be performed by individuals covered under the commercial insurance policies annexed as Exhibit "B";

(iii) **HOLDING** Plaintiffs in civil contempt of this Court's Preliminary Injunction (ECF 55) and subsequent Orders (ECF 172, 231, 278, 279) for their willful failure to safeguard, insure, account for, and disclose dispositions of the Injuncted Vehicles;

(iv) **IMPOSING** compensatory and coercive sanctions against Plaintiffs, including per-diem sanctions consistent with this Court's prior practice in this litigation (see ECF 278, 279), to continue until compliance is achieved;

(v) **AWARDING** Deo Defendants their reasonable attorneys' fees and costs incurred in bringing this motion;

(vi) **DIRECTING** Plaintiffs to provide, within seven (7) days, all certified documents reflecting every transfer of the Lexus NX (VIN: JTJBARBZ9J2171144) between any parties, whether dealer, commercial, or private, from August 3, 2023 through and including the sale of the vehicle in June 2025, including certified DMV transfer records, certified titles, certified bills of

sale, certified MV-50 forms, certified Retail Certificates of Sale, and any other certified proof of ownership or transfer;

(vii) **DIRECTING** Plaintiffs to provide unredacted proof of all escrow deposit of the sale proceeds for all Injuncted Vehicles, and if the source of the proceeds is not the buyer of the vehicle, unredacted certified bank records tracing the funds from their true originating account through every intermediary account to the escrow account, pursuant to this Court's May 8, 2024 Order (ECF 172 at 15); and

(viii) **GRANTING** such other, further, and different relief as this Court deems just and proper.

We thank the Court for its time and consideration of this matter.

Respectfully Submitted,

*Nipun Marwaha*

Nipun Marwaha
Managing Partner
Marwaha Law Group, PLLC