UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

Case No. 2:23-cv-6188 (JW)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC.,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HIGHWAY AUTO LLC., NORTHSHORE MOTOR
LEASING, LLC., BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR
LEASING, LLC, JOSHUA AARONSON, individually and
derivatively as a member of 189 SUNRISE HWY AUTO,
LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, and ISLAND AUTO
MANAGEMENT, LLC,

Plaintiffs,

-against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON,
DWIGHT BLANKENSHIP, MARC MERCKLING,
MICHAEL LAURIE, TOMAS JONES, CPA, CAR BUYERS
NYC INC., GOLD COAST CARS OF SYOSSET LLC,
GOLD COAST CARS OF SUNRISE LLC, GOLD COAST
MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS CORP.,
DLA CAPITAL PARTNERS INC., JONES LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING,
LLC, and J.P. MORGAN CHASE BANK, N.A.,

Defendants.

----------------------------------------------------------------------X

## DEO DEFENDANTS JOINT MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS

1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT…………………………………………………………………….5

LEGAL STANDARDS………………………………………………………………………...6

DEFAMATION *per se*…………………………………………………………………………7

LIBEL……………………………………………………………………………………..9

TORTIOUS INTERFERENCE……………………………………………………………….11

ABUSE OF PROCESS…………………………………………………………………..12

MALICIOUS PROSECUTION…………………………………………………………….13

STATUTE OF LIMITATION………………………………………………………………..13

LITIGATION AND LAW ENFORCEMENT REPORTING PRIVILEGES…………………...14

ARGUMENT…………………………………………………………………………….E **rror! Bookmark not defined.**6

CONCLUSION…………………………………………………………………………..E **rror! Bookmark not defined.**8

**TABLE OF AUTHORITIES**

**Cases**

*Albert v. Loksen*, 239 F.3d 256 (2d Cir. 2001)  15

*Aronson v. Wiersma*, 65 N.Y.2d 592 (1985)  10

*Arvanitakis v. Lester*, 145 A.D.3d 650 (2d Dep't 2016)  8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)  5, 6

*Bankers Trust Co. v. Rhoades*, 859 F.2d 1096 (2d Cir. 1988)  7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)  5, 6

*Branum v. Clark*, 927 F.2d 698 (2d Cir. 1991)  6

*Colon v. City of New York*, 60 N.Y.2d 78 (1983)  13

*Cruz v. Robert Abbey, Inc.*, 778 F. Supp. 605 (E.D.N.Y. 1991)  7

*CSI Grp., LLP v. Harper*, 153 A.D.3d 1314 (2d Dep't 2017)  8

*Davis v. Boeheim*, 24 N.Y.3d 262 (2014)  8

*Dillon v. City of New York*, 261 A.D.2d 34 (1st Dep't 1999)  8

*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749 (1985) — 10

*E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247 (2d Cir. 2014) — 6

*Fine v. Dudley D. Doernberg & Co., Inc.*, 203 A.D.2d 419 (2d Dep't 1994) — 11

*Four Star Stage Lighting, Inc. v. Merrick*, 56 A.D.2d 767 (1st Dep't 1977) — 7, 8

*Front, Inc. v. Khalil*, 24 N.Y.3d 713 (2015) — 14

*G.K.A. Beverage Corp. v. Honickman*, 55 F.3d 762 (2d Cir. 1995), *cert. denied*, 516 U.S. 944 (1995) — 11

*Gertler v. Goodgold*, 107 A.D.2d 481 (1st Dep't 1985), *aff'd*, 66 N.Y.2d 946 (1985) — 11

*Goldman v. Belden*, 754 F.2d 1059 (2d Cir. 1985) — 6

*Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183 (1980) — 11

*Howell v. New York Post Co.*, 81 N.Y.2d 115 (1993) — 15, 16

*In re NYSE Specialists Sec. Litig.*, 503 F.3d 89 (2d Cir. 2007) — 6

*James v. Gannett Co.*, 40 N.Y.2d 415 (1976) — 10

*Kelly v. Albarino*, 485 F.3d 664 (2d Cir. 2007) — 14

*Kelly v. Schmidberger*, 806 F.2d 44 (2d Cir. 1986) — 9

*Kinsey v. N.Y. Times Co.*, 991 F.3d 171 (2d Cir. 2021) — 7

*Konikoff v. Prudential Insurance Co.*, 234 F.3d 92 (2d Cir. 2000) — 15

*La Bounty v. Adler*, 933 F.2d 121 (2d Cir. 1991) — 7

*Liberman v. Gelstein*, 80 N.Y.2d 429 (1992) — 7

*Mandelblatt v. Devon Stores, Inc.*, 132 A.D.2d 162 (1st Dep't 1987) — 11

*Mann v. Abel*, 10 N.Y.3d 271 (2008) — 9

*Meloff v. New York Life Insurance Co.*, 240 F.3d 138 (2d Cir. 2001) — 15

*Mosesson v. Jacob D. Fuchsberg L. Firm*, 257 A.D.2d 381 (1st Dep't 1999) — 14, 15

*NBT Bancorp v. Fleet/Norstar*, 87 N.Y.2d 614 (1996) — 11

*Palin v. N.Y. Times Co.*, 940 F.3d 804 (2d Cir. 2019) — 6

*Purgess v. Sharrock*, 33 F.3d 134 (2d Cir. 1994) — 10, 11

3

*Raysor v. Port Authority of N.Y. & N.J.*, 768 F.2d 34 (2d Cir. 1985), *cert. denied*, 475 U.S. 1027 (1986) ................................................................................ 13

*Russo v. Padovano*, 84 A.D.2d 925 (4th Dep't 1981) ................................................ 10

*Sacerdote v. N.Y. Univ.*, 9 F.4th 95 (2d Cir. 2021) ................................................... 6

*Savino v. City of New York*, 331 F.3d 63 (2d Cir. 2003) ........................................... 12

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ................................................................... 7

*Sharon v. Time, Inc.*, 575 F. Supp. 1162 (S.D.N.Y. 1983) ....................................... 10

*Strapex Corp. v. Metaverpa N.V.*, 607 F. Supp. 1047 (S.D.N.Y. 1985) .................. 11

*United States v. Seeger*, 380 U.S. 163 (1965) ........................................................... 16

*Weiner v. Doubleday & Co.*, 74 N.Y.2d 586 (1989), *cert. denied*, 495 U.S. 930 (1990) ................................................................................................................ 9

*Weldy v. Piedmont Airlines, Inc.*, 985 F.2d 57 (2d Cir. 1993) ................................. 15

*Yesner v. Spinner*, 765 F. Supp. 48 (E.D.N.Y. 1991) ............................................... 9

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 5, 6

Fed. R. Civ. P. 15(c) ................................................................................................ 13, 17

N.Y. C.P.L.R. § 3016(a) .............................................................................................. 8

NOW COME the Deo Defendants, jointly with Harry Thomasson, *pro se,* (hereinafter, jointly, the "Deo Defendants") and hereby submit the within Memorandum of Law in Opposition to the Plaintiffs' Motion to Dismiss Counterclaims pursuant to F.R.C.P. Rule 12(b)(6), as follows:

**PRELIMINARY STATEMENT**

Combined, the Deo Defendants' Answers with Counterclaims include counts against the Plaintiffs for defamation *per se,* libel, tortious interference, and abuse of process/malicious prosecution.  As this Court is well aware, the Deo Defendants have consistently throughout this and other related actions maintain that the Plaintiffs are lying and dishonest in maintaining their claims of criminal conduct by the Deo Defendants at and through the dealerships known as Superb Motors, NorthShore, and 189 Sunrise; the Court is also well aware that the Deo Defendants maintain not only innocence in the face of Plaintiffs' criminal allegations, but also that such allegations are also necessarily false given the ownership of NorthShore and 189 Sunrise by the Deos at all relevant times.  Accordingly, it is the Deo Defendants' position that when this Court gives the well plead/thorough counterclaims the assumption of veracity and plausibility called for in *Ashcroft v. Iqbal*, 556 U.S. 662, *at* 678, 679 (2009), and also in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), since it is inarguably the case that the counterclaims are facially plausible given that said counterclaims allow the Court to draw the reasonable inference that the defendants in counterclaim are liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.  Please also take judicial notice that this Court already determined recently in deciding the crime-fraud exception that there is a "paucity" of evidence of criminal misconduct by the Deo Defendants as presented by the Plaintiffs/Defendants in Counterclaims after three and a half years of litigation.  Please also take notice that Judge Gianelli's June, 2023

decision determined that the Plaintiffs did not have a likelihood of success on the Plaintiffs' within claims against the Deo Defendants.

## **LEGAL STANDARDS**

To survive the instant F.R.C.P. Rule 12(b)(6) motion, undersigned must "support the viability of its claims by pleading sufficient nonconclusory factual matter to set forth a claim that is plausible on its face." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept all allegations in the complaint [counterclaims here] as true and draw all inferences in the light most favorable to the non-moving party's favor," but need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal quotation marks omitted).

The counterclaims here must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal at* 678 (*quoting Twombly*, 550 U.S. *at* 570). The counterclaims must be construed liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the pleader's favor. *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019); *Sacerdote v. N.Y. Univ.* 9 F.4th 95 (2d Cir. 2021) (emphasizes liberal construction of pleadings in pleader's favor).

On a motion to dismiss for failure to state a claim, "the court should not dismiss the complaint pursuant to Rule 12(b) (6) unless it appears `beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985); *see also Branum v. Clark*, 927 F.2d 698 (2d Cir.1991). In addition, such a motion is addressed solely to the face of a pleading, and "[t]he court's function ...

6

is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman*, 754 F.2d *at* 1067.

In assessing the sufficiency of a pleading on a motion to dismiss, it is well settled that "all factual allegations in the complaint must be taken as true," *La Bounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991); *Branum*, 927 F.2d *at* 698; *Cruz v. Robert Abbey, Inc.,* 778 F. Supp. 605, 607 (E.D.N.Y. 1991), and all reasonable inferences must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied sub nom. Soifer v. Bankers Trust Co.,* 490 U.S. 1007, 109 S. Ct. 1642, 104 L. Ed. 2d 158 (1989).

Almost all of Plaintiffs' claims against the Deo Defendants both inside the case and in their reports throughout the Long Island state and federal law enforcement and prosecutorial industries, as well as the automobile industry on Long Island, allege a state-law tort. "A federal court sitting in diversity applies the choice-of-law rules of the forum state." *See Kinsey v. N.Y. Times Co*., 991 F.3d 171, 176 (2d Cir. 2021). Thus, New York's choice-of-law rules govern, as applied to each tort as set out below.

## DEFAMATION *per se*

There are four types of statements as defamation *per se*, a claim falling under New York state law: 1) Statements charging a plaintiff with a serious crime (as here); 2) Statements that tend to injure another in their trade, business, or profession (as here); 3) Statements imputing a loathsome disease on a plaintiff; and 4) Statements imputing unchastity on a woman.  *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992).

In *Four Star Stage Lighting v. Merrick*, the Court expanded on the types of defamatory statements that might injure another in their business or profession. In New York, statements

7

imputing "any kind of fraud, dishonesty, misconduct, incapacity, unfitness, or want of any necessary qualifications" can be presumed to injure another's professional reputation (as here as against the Deos in the car industry, Michael Laurie in the finance industry, Dwight Blankenship and Marc Merckling in the law enforcement industry, and Harry Thomasson in the legal industry). *Four Star Stage Lighting, Inc. v. Merrick* 56 A.D.2d 767, 392 N.Y.S.2d 297 (1st Dep't 1977)

In *Davis v. Boeheim,* 24 N.Y.3d 262, 268 (2014), rev'g 110 A.D.3d 1431 (4th Dep't 2013) that court held that a court must look at whether the "contested statements are reasonably susceptible of a defamatory connotation." Notably here, the *Davis* court also held that because the courts recognize a plaintiff's (in counterclaim here) right to seek redress as well, many courts have declined from dismissing the case for failure to state a claim, as long as the pleading meets the "minimum standard necessary to resist dismissal of the complaint."

CPLR section 3016(a) requires strict particularity in pleading defamation, identifying the exact words, time, place, and people involved. *Dillon v. City of New York*, 261 A.D.2d 34, 38 704 N.Y.S.2d 1 (1st Dep't. 1999)  The failure to make such allegations is fatal to a defamation cause of action.  *E.g.*, *CSI Grp., LLP v. Harper*, 153 A.D.3d 1314, 1320, 61 N.Y.S.3d 592 (2d Dep't. 2017) ("[f]ailure to state the particular person or persons to whom the allegedly defamatory statements were made … warrants dismissal" of a complaint for defamation); *Arvanitakis v. Lester*, 145 A.D.3d 650, 652, 44 N.Y.S.3d 73 (2d Dep't. 2016) (failure to plead when the false statement was made).  In this instance, the Plaintiffs readily admit throughout this case and in discovery (notably the depositions of Plaintiffs Urrutia and Aaronson, the transcripts for which are in the Court's possession), that they reported their (false) allegations of criminal misconduct throughout the law enforcement and legal and automobile

8

industries on Long Island, but that even they don't know with any particularity the dates, times, and people to whom they made the false allegations.

Lastly, in deciding whether a statement is defamatory, a court "must consider the content of the communication as a whole, as well as its tone and apparent purpose and in particular should look to the over-all context in which the assertions were made and determine on that basis whether the reasonable reader would have believed that the challenged statements were actually conveying facts about the plaintiff," *Mann v. Abel*, 10 NY3d 271, 276; 856 N.Y.S.2d 31, 885 N.E.2d 884 (N.Y. 2008).

## LIBEL

The state law on libel, or written defamation, requires that 1) The statement(s) must be untrue and presented as fact, not opinion; 2) The false statement(s) must be communicated to someone other than the plaintiff; 3) A private individual, as undersigned, must show the Defendants in counterclaim acted at least negligently (throughout the counterclaims, it is repeatedly alleged that the Defendants in Counterclaims acted intentionally in spewing false criminal allegations against the Deo Defendants); and 4) with regard to damages, the needs to be allegations of harm to reputation, financial loss, or emotional distress (as set forth throughout the Counterclaims at issue). *Id. See also Yesner v. Spinner*, 765 F. Supp. 48, 51–52 (E.D.N.Y. 1991)

The *Yesner* Court further held that whether or not particular spoken or written words are reasonably susceptible to a defamatory meaning is a question of law for the Court to determine in the first instance (*Kelly v. Schmidberger,* 806 F.2d 44, 46 [2d Cir.1986] [construing New York law]; *see also Weiner v. Doubleday & Co.,* 74 N.Y.2d 586, 549 N.E.2d 453, 550 N.Y.S.2d 251 (1989), *cert. denied*, 495 U.S. 930 (1990); *Aronson v. Wiersma,* 65 N.Y.2d 592, 483 N.E.2d

1138, 493 N.Y.S.2d 1006 [1985]; *Russo v. Padovano,* 84 A.D.2d 925, 446 N.Y.S.2d 645 [4th Dep't 1981]).  In making this determination, the Court must consider the alleged defamatory statements when read in context of the entire document within which they appear (*Sharon v. Time, Inc.,* 575 F. Supp. 1162, 1165 [S.D.N.Y.1983], *citing James v. Gannett Co.,* 40 N.Y.2d 415, 419, 353 N.E.2d 834, 837, 386 N.Y.S.2d 871, 874 [1976]), "and the statements should be construed together and measured by the effect they would have on the average reader" (*Russo v. Padovano, supra,* 446 N.Y.S.2d at p. 647 [citing cases]).  Words are libelous if they affect a person in his profession, trade, or business, by imputing to him any kind of fraud, dishonesty, misconduct, incapacity, unfitness or want of any necessary qualification in the exercise thereof. (*Four Star Stage Lighting, Inc. v. Merrick,* 56 A.D.2d 767, 392 N.Y.S.2d 297, 298 [1st Dep't 1977], *citing* 34 N.Y.Jur., *Libel and Slander* § 36, at p. 507).

In *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,* 472 U.S. 749, 761, 105 S. Ct. 2939, 86 L. Ed. 2d 593 (1985), the Court held that if the person allegedly defamed is *not* a public figure and the matter is *not* of public concern, such a private plaintiff may recover presumed damages without proving "actual malice", which, is nonetheless alleged in the counterclaims.

In deciding whether the jury should be allowed to pass upon statements alleged to be defamatory, the court need only determine that the contested statements "are reasonably susceptible of defamatory connotation." If any defamatory construction is possible, it is a question of fact for the jury whether the statements were understood as defamatory. *Purgess v. Sharrock*, 33 F.3d 134, 140 (2d Cir. 1994) (*citations omitted*); *see also Weiner v. Doubleday & Co.*, 74 N.Y.2d 586, 592, 549 N.E.2d 453, 455, 550 N.Y.S.2d 251, 253 (1989) ("Whether the contested statements are reasonably susceptible of a defamatory connotation is in the first instance a legal determination for the court"), *cert. denied*, 495 U.S. 930 (1990). The question for

this court thus becomes whether false allegations of crimes were capable of a defamatory meaning; in this instance, false allegations of crimes are one of the express violations of defamation *per se*.

## TORTIOUS INTERFERENCE

New York recognizes a cause of action for interference with precontractual relations. *Gertler v. Goodgold*, 107 A.D.2d 481, 487 N.Y.S.2d 565, 572 (1st Dep't 1985), *aff'd*, 66 N.Y.2d 946 (1985). Under New York law, a claim of tortious interference with such prospective business relations requires a showing that the defendant interfered with business relations existing between a plaintiff and a third party, either with the sole purpose of harming the plaintiff or by means that are dishonest, unfair, or improper. *G.K.A. Beverage Corp. v. Honickman*, 55 F.3d 762 767–68 (2d Cir. 1995), *cert. denied,* 516 U.S. 944, (1995); *see also Guard-Life v. S. Parker Hardware*, 50 N.Y.2d 183 (1980), and *NBT Bancorp v. Fleet/Norstar*, 87 N.Y.2d 614 (1996); *Strapex Corporation v. Metaverpa N.V.*, 607 F. Supp. 1047, 1050 (S.D.N.Y.1985).

While New York courts continue to hold that the plaintiff must show that an actual contract would have been entered but for defendant's malicious, fraudulent, or deceitful acts, *Fine v. Dudley D. Doernberg & Co., Inc*., 203 A.D.2d 419, 610 N.Y.S.2d 566 (2d Dep't 1994); *Mandelblatt v. Devon Stores, Inc.,* 132 A.D.2d 162, 521 N.Y.S.2d 672, 676 (1st Dep't 1987), the Second Circuit has held that the plaintiff must only show that particular prospective business relations were lost due to the defendant's improper interference. *Purgess v. Sharrock*, 33 F.3d 134, 141 (2d Cir.1994).  There is certainly sufficient pleadings made in the counterclaims for a rational juror to conclude that Plaintiffs acted both with their case against the Deo Defendants and with their widespread reporting of non-existent crimes to the various industries in which the Deo Defendants work with the sole purpose of harming the Deo Defendants by means that are

11

dishonest, unfair, and improper. *G.K.A. Beverage Corp. v. Honickman*, 55 F.3d 762 (2d Cir.1995), *cert. denied*, 516 U.S. 944, 116 S. Ct. 381, 133 L. Ed. 2d 304 (1995)

Please note:  Plaintiffs' references to tortious interference having been alleged in a state court proceeding involving only Sara and Anthony Deo as parties (and none of the other Deo Defendants are parties in any other proceeding involving any of the Defendants in Counterclaims, here), are insufficient before this Court given both that four of the Deo Defendants (Laurie, Merckling, Blankenship, and Thomasson) are not parties elsewhere and the Counterclaims here predate any other action by the Deo Defendants due to Rule 15(c) of the Federal Rules of Civil Procedure providing for the filing of the Counterclaims to revert to the filing of this action initially on August 17, 2023.

## ABUSE OF PROCESS

In reference to Abuse of Process count(s), EDNY courts frequently apply the standard from *Savino v. City of New York*, 331 F.3d 63, 76-77 (2d Cir. 2003), requiring that a plaintiff show not just improper motive, but a "collateral objective" (i.e., a purpose other than the lawful resolution of the case).  In *Curiano v. Suozzi*, 63 N.Y.2d 113, 117, 469 N.E.2d 1324, 480 N.Y.S.2d 466 (1984), the court determined that issuing a summons and complaint to initiate a civil action is not "regularly issued process" that can be abused; rather, the process must compel specific performance or forbearance, such as an arrest, attachment, or injunction.  Here, Defendants in Counterclaims have wrongfully sought process and succeeded through their false allegations of theft and RICO violations in commencing a federal grand jury inquiry (we ask the Court to take judicial notice of the fall 2024 Marc Merckling grand jury subpoena in the Court's possession for more than a year), attempted to have one or more of the Deo Defendants arrested on the night of LockOut, and have committed widespread, malicious and reckless allegations of

12

157 stolen cars, 103 stolen cars, over 90 stolen cars, over 80 stolen cars, and 43 stolen cars absent any proof whatsoever made by the Plaintiffs against the Deo Defendants to this Court, to state and federal law enforcement and legal industries on Long Island, and to the automobile industry on Long Island (e.g., Vincent Fallacaro's statements calling Anthony Deo a "criminal who should be in prison," which only could have come from one or more of the Plaintiffs in their whispering campaigns against the Deo Defendants).

## MALICIOUS PROSECUTION

The elements of a malicious prosecution claim are that 1) defendants (in Counterclaims, here) either commenced or continued a criminal proceeding against Plaintiff(s) in Counterclaim, 2) the proceeding terminated in plaintiff's favor (as here, state police/prosecutors never prosecuted the claims against the Deo Defendants, and the DOJ/FBI ceased pursuing the previously convened grand jury after being presented with the Deos' complaint against the IAG and Team Auto Defendants), 3) it was not based on probable cause and 4) was brought because of Defendants' in Counterclaims' actual malice. *See Raysor v. Port Authority of New York and New Jersey,* 768 F.2d 34 (2d Cir. 1985), *cert. denied* 475 U.S. 1027, 106 S. Ct. 1227, 89 L. Ed. 2d 337 (1986).768 F.2d at 39; *Colon v. City of New York*, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455, 455 N.E.2d 1248, 1250 (1983).  This Court is well aware that the Plaintiffs in Counterclaims have always maintained that the Defendants in Counterclaims' allegations of criminal misconduct by the Deo Defendants is false, reckless and maliciously pursued, as plead in the Counterclaims.

## STATUTE OF LIMITATIONS

Under Rule 15(c) of the Federal Rules of Civil Procedure an amendment relates back to the date of the original pleading "whenever the claim or defense asserted in the amended

13

pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Here, the within claims arise out of the exact same set of facts that have existed since November, 2022 when the Aaronson parties first shuttered and ruined the businesses of NorthShore and 189 Sunrise, followed by the LockOut by the Team Auto parties on August 3, 2023, with the instant federal action/original Complaint filed within one (1) year of both dates, the filing made on August 17, 2023. With the revert back provisions of Rule 15(c) of the Federal Rules of Civil Procedure, the allegations in the Counterclaims are certainly within any statute of limitation cited by the Defendants in Counterclaims since the filing should be given the benefit of the litigation having been filed within one (1) year of all allegations by all parties hereto having accrued on or about November 2022 for the IAG parties, and August 2023 for the Team Auto parties. Please also note that the first Answer with Counterclaims was not filed in this action until the fall of 2025, and the instant Answer with Amended Counterclaims was filed just this year; the Plaintiffs in Counterclaim should be given the initial filing date of the Complaint as the filing date for the Answer with Amended Counterclaims due to the provisions of F.R.C.P. Rule 15(c).

## LITIGATION AND LAW ENFORCEMENT REPORTING PRIVILEGES

In New York, courts apply the litigation privilege to statements regarding "any matter which, by any possibility, under any circumstances, at any stage of the proceeding, _may be or may become material or pertinent._" (emphasis added) *Kelly v. Albarino*, 485 F.3d 664, 666 (2d Cir. 2007) (per curiam). The inquiry into a statement's materiality or pertinence examines its relation "to the issue[s] to be resolved in the proceeding." *See Front, Inc. v. Khalil,* 24 N.Y.3d 713 (2015). "Pertinenc[e] is a question of law for the court to decide." *Mosesson v. Jacob D. Fuchsberg L. Firm*, 257 A.D.2d 381, 683 N.Y.S.2d 88, 89 (1st Dep't 1999).

14

The privilege is not absolute; it can be overcome if the Plaintiffs in Counterclaims demonstrate that the communications were made with malice, meaning spite or "reckless disregard of whether [it was] false or not".  *Albert v. Loksen,* 239 F.3d 256, 272 (2d Cir. 2001): The *Albert* court noted that a qualified privilege is defeated if the plaintiff shows that the statement was made with "common-law malice" (spite or ill will) or "actual malice" (knowledge of falsity or reckless disregard of whether it was false or not). The court emphasized that a "reckless disregard" means the statement was "made with [a] high degree of awareness of [the publication's] probable falsity" or while the "defendant in fact entertained serious doubts as to the truth of [the] publication". *Id.*

*Weldy v. Piedmont Airlines, Inc.,* 985 F.2d 57, 62 (2d Cir. 1993): The court held that to overcome a qualified privilege, a plaintiff must show that the defendant abused the privilege by acting beyond its scope, acting with common-law malice (spite or ill will), or acting with "knowledge that the statement was false or with a reckless disregard as to its truth".

*Meloff v. New York Life Insurance Co*., 240 F.3d 138, 145 (2d Cir. 2001): This case confirmed that the qualified privilege in New York can be overcome if the defendant made the statement knowing it was false or with a reckless disregard for its truthfulness.

*Konikoff v. Prudential Insurance Co*., 234 F.3d 92, 98-99 (2d Cir. 2000): This court recognized the general rule that a qualified privilege can be defeated by a showing of malice, which includes both "spite or ill will" and reckless disregard for the truth.

The Counterclaims here specifically allege "extreme and outrageous conduct" by the Defendants in Counterclaims; *See Howell, et al. v. The New York Post Company, Inc., et al*., 81 N.Y.2d 115, 121-122, 596 N.Y.S.2d 350, 612 N.E.2d 699, 702 (1993)  To be "extreme and outrageous," such conduct must be "so outrageous in character, and so extreme in degree, as to

15

go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell*, 612 N.E.2d at 702.

The Defendants in Counterclaims' empty allegations of criminal wrongdoing were malicious, reckless, and/or intentional as a wrongful, impermissible strategy against the Deo Defendants. As the Supreme Court declared in *United States v. Seeger,* 380 U.S. 163, 185, 85 S. Ct. 850, 863, 13 L. Ed. 2d 733 (1965), the "significant question" is whether a belief (of criminal wrongdoing here) is "truly held". "This is the threshold question of sincerity which must be resolved in every case." *Id.* Given the paucity of evidence of crimes already determined by this Court, the Defendants in Counterclaims had to be, at a bare minimum, reckless in making their allegations in this case, and spread all over the Deo Defendants' respective professional fields on Long Island.

## ARGUMENT

This Court is well acquainted from previous filings with/of 1) the Merckling grand jury subpoena involving both the United States Department of Justice and the Federal Bureau of Investigation, 2) the reports of car thefts to the Nassau Police Department and Nassau County Prosecutors, 3) the transcript of the video snippet of Vincent Fallacaro (NextGear Long Island Automobile Floor Plan representative) alleging Anthony Deo is a "criminal" who should be in prison, 4) the widespread and admittedly inaccurate allegations against the Deo Defendants of ever changing numbers of stolen cars, including, but not limited to, 157 cars stolen, 103 cars stolen, and 43 cars stolen as advanced throughout this action by the Defendants in Counterclaim; and 5) the Defendants in Counterclaims' own wrongdoings/unclean hands including, but not limited to the violations of the injunction repeatedly advanced to this Court and pending once again as set forth by undersigned/attorney Marwaha. The Court is also asked to take judicial

16

notice of its own determination that there is a "paucity" of evidence of criminal wrongdoing by the Deo Defendants.

We argue to this Court that the Counterclaims sufficiently plead and fulfill the required elements of defamation *per se,* libel, tortious interference, malicious prosecution and abuse of process, and that the Defendants in Counterclaims are not afforded the opportunity to dismiss any of the counterclaims due to the statute of limitation (due to the revert back rule for the date of filing as set forth in F.R.C.P. Rule 15), the (not quite) absolute litigation privilege rule (which does not afford privilege to malicious and reckless allegations/filings, as here), and/or the qualified privilege for reporting to law enforcement which, again, is not protected by malicious/ reckless reporting, as here.  Simply put, the Plaintiffs in Counterclaims have alleged that the allegations of criminal wrongdoing admittedly widespread by the Defendants in Counterclaims is actionable, and this Court should be loathe to eliminate that opportunity to fully prove such allegations given the within, notably the "paucity" of evidence of criminal wrongdoing by the Deo Defendants before the Court, still.

The allegations of criminal wrongdoing absolutely violate defamation *per se*; false allegations of criminal wrongdoing, as here, are at the heart of the required elements of defamation *per se,* and likewise, libel.

The Defendants in Counterclaims misplace their arguments of tortious interference being plead elsewhere; only Sara and Anthony Deo make such allegations, and those allegations are unrelated to the allegations, here, of actionable misconduct by the Defendants in Counterclaims making false allegations of criminal misconduct against the Deo parties throughout this action. Likewise, as set forth above, F.R.C.P. Rule 15 does not permit the statute of limitation argument advanced by the Defendants in Counterclaim.

17

Indeed, each required element of each of the counterclaims for defamation *per se,* libel, tortious interference, abuse of process and malicious prosecution are met in the Counterclaims at issue; at most, the Defendants in Counterclaim do have some merit in arguing insufficient specificity, although this Court should weigh and balance that argument against the fact that only the Defendants in Counterclaims can know of when and to whom they spread their lies about the Deo Defendants' falsely alleged criminal misconduct, and in their depositions (the transcripts of Plaintiffs Urrutia and Aaronson have been provided to the Court to take judicial notice of them), the Defendants in Counterclaims deny knowing or remembering to whom and when they made such allegations (while nonetheless admitting that such allegations were made).  The Defendants in Counterclaim certainly should not be permitted to play keep away with such information and wrongfully benefit now, through dismissal of the Counterclaims at issue.

## CONCLUSION

We ask that the Court deny the Motion to Dismiss Counterclaims in all respects, and to award such other and further relief as to this Court seems necessary and just.

Dated: April 24, 2026

Respectfully submitted,

/S/ *Nipun Marwaha*

_____
Nipun Marwaha, Esq.
1539 Franklin Avenue, Ste. 201
Mineola, New York  11501
Tel. 516-503-4624
Email:  nipun@marwahalaw.com

/S/ *Harry R. Thomasson*

_____
Harry R. Thomasson, *Pro Se*
3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel.  516-557-5459
Email:  hrtatty@verizon.net