

Nipun Marwaha, Esq.
Nipun@MarwahaLaw.com
Admitted NY, EDNY, SDNY

April 26, 2026

**VIA ECF**
Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

>      Re:      <u>Superb Motors, Inc., et al. v. Anthony Deo, et al.</u>
>               Case No. 2-23-cv-6188 (JMW)

Dear Judge Wicks,

As the Honorable Court is aware, the undersigned firm, Marwaha Law Group, PLLC, is counsel for Deo Defendants and submits the following Letter Motion for Contempt and Sanctions for violations of the Court Order and Willful Acts of Fraud on the Tribunal.

This is a letter motion for relief pursuant to 28 U.S.C. § 1927, 18 U.S.C. § 401, and the Court's inherent authority and powers, recognized in Chambers v. NASCO, 501 U.S. 32 (1991), to *sua sponte* remedy yet another fraud the record itself reveals.

### <u>PLAINTIFF'S SWORN REPRESENTATIONS REGARDING VEHICLE SALES AND IOLA PROCEEDS ARE *PER SE* FALSE</u>

In direct response to this Court's Order, Plaintiff Urrutia swore and his attorney Emanuel Kataev represented that twelve specific injuncted vehicles had been sold and that the proceeds had been deposited into Kataev's IOLA account. (ECF 294 at 61, 297). (Exhibit "A" – Kataev IOLA).

On April 5, 2026, one of the 12 vehicles, a BMW X1 VIN WBXHT3C57K5L90705, (ECF 297), was discovered on the abandoned Hartford Mitsubishi lot.  **The vehicle is still there. The declaration and signed attorney letter are on the docket. Only one of them is telling the truth.**



(Exhibit "B-2")

The undersigned does not wish to overcomplicate something so blatantly straightforward.

- Plaintiffs swore to this Court that they sold specific 12 vehicles as of May 30, 2025. (ECF 294 at 61).

- Defendants have irrefutable photographic proof that one of those specific 12 vehicles was not sold as of April 5, 2026, 10 months after ECF 294 was filed. (Exhibit "B").

- Plaintiffs represented to this Court that the proceeds of the sale of those specific 12 vehicles were deposited into Attorney Kataev's IOLA account. (ECF 297).

- No certified government record exists confirming the BMW X1 was transferred to Superb as a non-Dealer nor that it was subsequently sold to a 3rd party. (Exhibit "C").

- Therefore, the $110,000 deposited into Attorney Kataev's IOLA account cannot represent the sale of the aforesaid 12 vehicles.

ECF 172 required an *accounting*, not a list. This logically means Plaintiffs were ordered to demonstrate, with documentation, who purchased each vehicle, when the sale occurred, for how much, and that the proceeds had in fact entered escrow.

Plaintiffs provided none of that. They provided a list of twelve VINs (ECF 293), a sworn declaration that the sales had occurred (ECF 294 at 61), and a single heavily redacted screenshot showing one $110,000 wire transfer into an IOLA account from a payor whose identity was blacked out (ECF 297, Ex. A). No purchaser was identified for any of the twelve vehicles. No sale dates were provided. No bills of sale, no titles, and no transfer records were submitted.

**That is not an accounting. At best it is a placeholder, at worst it is obfuscation.** Plaintiffs provided information in this vague format because a true accounting would have made apparent that the BMW X1 was never transferred back to non-Dealer Superb from Hartford, never sold to any third party, and never generated any portion of the $110,000.

Under the long-recognized doctrine of *falsus in uno, falsus in omnibus*, a party proven to have lied under oath as to one material fact forfeits the presumption of truthfulness as to every other representation made in the same proceeding. Plaintiffs' sworn representation as to the BMW X1 has been documentarily disproven. Their sworn representations as to the remaining eleven vehicles, and as to the source and character of the $110,000 in the IOLA account, can no longer be credited on Plaintiffs' word alone.

For the past 980 days, Plaintiffs have been using this litigation like their own personal game of three-card monte. The table is rickety. The alley is dark. The hustle is constant. The targets for their con, this Court and Defendants, have been asked, over and over, to guess *which card holds the cars, compliance, and contempt.* Just as a shady dealer palms the card at the last second, Plaintiffs have the truth in the palm of their hands and are concealing it from this Court.

Three-card monte does not end because the operator confesses. It ends when someone flips all three cards at once and exposes that the truth was never on the table.  Now is that moment.

This Court must flip the cards.  Plaintiffs must be compelled, by the Court once again imposing coercive sanctions, to produce certified DMV title transfer records and certified bank records of every transaction associated with each of the twelve vehicles identified in ECF 297. Importantly, those records must be delivered directly from the issuing institutions to the Court. Not to Plaintiffs. Not to Plaintiffs' counsel. Not through any intermediary with access to a redaction marker or Photoshop.

To quote the namesake of the undersigned's alma mater: ***"Sunlight is the best of disinfectants; electric light the most efficient policeman."*** Louis D. Brandeis.  It is time for this Court to shine its light directly upon Plaintiffs' back-alley game of three-card monte and disinfect the record of every misrepresentation Plaintiffs have placed upon it.

**WHEREFORE**, the Deo Defendants respectfully request that this Court enter an Order:

1. **Finding** Plaintiffs in civil contempt of this Court's Order at ECF 172 (May 8, 2024), pursuant to 18 U.S.C. § 401(3) and the Court's inherent authority, on the ground that Plaintiffs' sworn certification of compliance (ECF 297) is documentarily false as to at least one of the twelve vehicles identified therein;

2. **Finding** that Plaintiff Robert Anthony Urrutia and the Superb Plaintiffs have committed fraud upon this tribunal, pursuant to the Court's inherent authority recognized in *Chambers v. NASCO*, 501 U.S. 32 (1991), through sworn representations regarding the sale of twelve injuncted vehicles and the disposition of the resulting proceeds;

3. **Compelling** production, by coercive sanction, of certified DMV title transfer records for each of the twelve vehicles identified in ECF 297, covering the period from August 1, 2023 to the present, including every transfer of title, registration, and ownership in any jurisdiction in which any such vehicle has been titled or registered;

4. **Compelling** production, by coercive sanction, of certified bank records reflecting every transaction associated with the purported sale of each of the twelve vehicles identified in ECF 297, including but not limited to wire transfer records, deposit records, and originating account information for the $110,000 deposited into Attorney Kataev's IOLA Checking 1019 account on June 9, 2025;

5. **Ordering** that all records produced pursuant to paragraphs 3 and 4 above be delivered directly from the issuing institutions (the relevant Departments of Motor Vehicles and Financial Institutions) to this Court's Chambers, in their original certified form, and that no such records pass through the hands of Plaintiffs, Plaintiffs' counsel, or any intermediary prior to delivery to the Court;

6. **Imposing** per diem coercive sanctions of $1,000.00 per day, jointly and severally against all Plaintiffs, for each day beyond fourteen (14) days from entry of this Court's Order that

the certified records described in paragraphs 3 and 4 above remain outstanding;

7. **Awarding** the Deo Defendants their attorneys' fees and costs incurred in investigating, documenting, and litigating the misconduct described in this letter motion, including but not limited to the site inspection at the Hartford Mitsubishi lot, the procurement of Carfax records, title searches, and the preparation of this motion, in an amount to be determined upon submission of a fee application;

8. **Preserving** the status quo by ordering that the BMW X1 (VIN WBXHT3C57K5L90705) and each of the remaining eleven vehicles identified in ECF 297 not be moved, sold, transferred, encumbered, or otherwise disposed of pending further Order of this Court, and that Plaintiffs and any party acting in concert with them take no action that would alter the present location, condition, title status, or registration status of any such vehicle;

9. **Reserving** to the Deo Defendants the right to seek additional relief, including but not limited to terminating sanctions, upon receipt and review of the certified records ordered pursuant to paragraphs 3 and 4 above; and

10. **Granting** such other, further, and different relief as this Court deems just and proper.


Respectfully Submitted,

*Nipun Marwaha*

Nipun Marwaha, Esq.
Marwaha Law Group, PLLC
1539 Franklin Ave. Suite 201
Mineola, NY 11501
Nipun@MarwahaLaw.com
*xAttorneys for Deo Defendants*