

Nipun Marwaha, Esq.
Nipun@MarwahaLaw.com
Admitted NY, EDNY, SDNY

April 29, 2026

**VIA ECF**
Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

> Re:  Superb Motors, Inc., et al. v. Anthony Deo, et al.
>     Case No. 2-23-cv-6188 (JMW)

Dear Judge Wicks,

As the Honorable Court is aware, the undersigned firm, Marwaha Law Group, PLLC, is counsel for Deo Defendants and submits the following Opposition to Plaintiffs' Letter Motion for an Extension of Time to File Opposition (ECF 488.

## 1. Attorney Kataev's Reference is a Disingenuous Conflation with a Separate Matter

Plaintiffs twice assert that the Deo Defendants "previously consented" to a May 8, 2026 opposition deadline, and frame the present request as a compromise from that baseline. (ECF 488 at 2, ¶¶ (iv)–(v).) They did not.

The May 8 date was agreed to in an email exchange concerning the briefing schedule for a still-*forthcoming* pre-motion conference letter on three discrete instances of fraud upon the tribunal, a different motion on a different track. ECF 477 addresses non-dispositive relocation, security, insurance, and contempt issues that the Deo Defendants do not intend to request relief for in the forthcoming PMC.  **Plaintiffs are importing a date from that unrelated schedule and presenting it to this Court as if it controls the instant motion practice. It does not.**

Plaintiffs invoke this Court's Order with regard to ECF 468.  Not only do they blatantly misrepresent the Order, they fail to realize that the pervasive frauds discussed therein are distinct from the misconduct identified in ECF 477.

## 2. Attorney Kataev's Letter is Procedurally Defective

This Court's Individual Practice Rule 1(D) provides that "[a]ll requests for […] extensions of time […] absent an emergency, shall be made in writing at least two (2) business days prior to the scheduled appearance." Plaintiffs' opposition was due April 29, 2026. Plaintiffs filed the present request at 12:09 a.m. on April 29, 2026, zero business days in advance.  The two-business-day requirement is not satisfied.

Further, Plaintiffs do not invoke the emergency exception, nor could they. The four scheduling events identified in support of the request (a deposition on April 22, 2026 and mediations on April 23, 24, and 28, 2026) were on Plaintiffs' calendar well in advance and are routine litigation activities, not emergencies of the kind contemplated by Rule 1(D).

Moreover, Rule 1(D) requires that every extension request state "whether all parties consent (including reasons why any party is withholding consent)." Plaintiffs' letter does not comply. Attorney Kataev did not contact the undersigned to seek consent to this specific extension before filing. Plaintiffs' letter does not state that consent was sought, does not state whether the Deo Defendants consent, and does not provide reasons for any withheld consent. Instead, Plaintiffs reach back to a date discussed in connection with an unrelated motion (see Point 1, supra) and present it to this Court as a substitute for the consent inquiry the Rule actually requires. It is not.

**Plaintiffs wholly ignore this Court's Individual Practice Rules in another attempt to play three-card monte by trying to distract the Court with FRCP 6 and an unrelated and now obviously abandoned motion schedule.**

Rule 6 is a mechanism to ensure good faith practice by litigants, not a weapon Plaintiffs can deploy against the Court to vexatiously extend the proceedings to avoid facing hard truths.

### 3. Plaintiffs' Request to Merge the Issues is Purely Tactical Not Economical

Plaintiffs' sudden appreciation for "judicial economy" (ECF 488 at 2) does not survive scrutiny. The relief Plaintiffs actually seek is the consolidation of two distinct, separately scheduled letter motions into a single opposition filing. This Court declined that consolidation when it set the briefing schedules. The separation was by the Court's own design.

First, consolidation collapses the Deo Defendants' preparation window from eight days to three. Given the nature of the allegations made against Plaintiffs' conduct, it is respectfully submitted that three days is too short a time to scrutinize any new facts or fabrications offered by Plaintiffs in their opposition.

Second, consolidation cuts Plaintiffs' word count in half. Instead of two oppositions, Plaintiffs would have one, limited to 1,500 words. While at first glance this might appear a noble gesture in favor of judicial economy, it is in fact a tactical attempt to bundle two sanctions motions together as if they were a two-for-one deal, the result of which, Plaintiffs hope, would be a softening of the blow of each individual sanction.

It is respectfully submitted that this is Plaintiffs' tactical angle, because there is no opposition possible to photographic evidence of fraud. Plaintiffs are trying to shrink the blast radius and fallout to mitigate the damages caused by sanctions this Court may impose.

**WHEREFORE**, the Deo Defendants respectfully request that this Court enter an Order:

**Denying** all of the relief requested by Plaintiffs;

**Directing** Plaintiffs to file their Opposition by the original deadline of April 29, 2026;

**Ordering** that the Oral Arguments will move forward on the same scheduled date; and

**Granting** such other, further, and different relief as this Court deems just and proper.

Respectfully Submitted,

*Nipun Marwaha*

Nipun Marwaha, Esq.
Marwaha Law Group, PLLC
1539 Franklin Ave. Suite 201
Mineola, NY 11501
Nipun@MarwahaLaw.com
*Attorneys for Deo Defendants*