# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

**VIA ECF**                                                                                                            May 1, 2026
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

> *Re:* **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
> **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.   The Superb Plaintiffs write to oppose the Deo Defendants'[1] omnibus letter motion to modify the preliminary injunction and for civil contempt, and a subsequent letter motion for contempt and sanctions.  <u>See</u> ECF Docket Entries 477 and 486.  For the reasons set forth below, the motions should be denied.

**Relevant Factual Background and Procedural History**

On September 29, 2023, the Hon. Orelia E. Merchant, U.S.D.J. ("Judge Merchant") entered a preliminary injunction requiring that the Deo Injunced Vehicles, defined therein, "Remain," also as defined therein, on an appointed lot, and specifically provided that no injuncted vehicle may be removed from the appointed lot absent a court Order.  <u>See</u> ECF Docket Entry 55 at 29-30.  On November 9, 2023, this Court issued an Order clarifying that the injuncted vehicles may not be used or driven.  <u>See</u> ECF Docket Entry 97.  On May 9, 2025, this Court issued an Order requiring, *inter alia*, that the 30 Superb Injuncted Vehicles shall be removed from the Hartford location to the Hicksville location ("Deo Lot") owned by Anthony Deo (108 New South Road, Hicksville, NY 11801).  <u>See</u> Text Only Order dated May 9, 2025.  That Order is the subject of a pending appeal before the United States Court of Appeals for the Second Circuit.  <u>See</u> ECF Docket Entry 285.

On March 28, 2026, the Deo Defendants filed a letter motion to relocate the Deo Injuncted Vehicles.  <u>See</u> ECF Docket Entry 451.  There, the Deo Defendants eschew the requirement to show good cause or follow this Court's Individual Rules, and filed a one-and-a-half page letter motion requesting the vehicles to be moved because Deo failed to pay rent and was threatened over same. The Superb Plaintiffs opposed.  <u>See</u> ECF Docket Entry 461.

---

[1] The Deo Defendants consist of Anthony Deo, Sarah Deo, Harry R. Thomasson, Esq. ("Thomasson"), Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp. (collectively hereinafter the "Deo Defendants").

This Court denied the Deo Defendants' initial request on April 7, 2026 because the Court did not have sufficient information in order to make a decision as to whether the new proposed location is safe and meets all the requirements in place.  See Text Only Order dated April 7, 2026 (granting leave to file a renewed application with specific instructions).  Critically, the Court's Order did not provide any deadline to renew the Deo Defendants' application.

Separately, on April 15, 2026, the Deo Defendants submitted a "Letter Notification of Fraud on the Tribunal" to this Court.  See ECF Docket Entry 468.  There, the Deo Defendants make sweeping allegations of fraud following their esteemed *fourth* counsel's – Nipun Marwaha, Esq. ("Marwaha") – representation to this Court therein that he has "view[ed] everything that has been filed thus far" in the docket.  As is evident by the sporadically bolded and capitalized words, as well as references to Latin phrases Marwaha has evinced in conversation he could not feign to pronounce, Marwaha relies heavily on artificial intelligence to prepare his papers.

A day after filing their "Letter Notification," this Court properly denied the Deo Defendants' requests for relief therein as violative of Local Civil Rule ("LCR") 7.1, requiring that a formal motion be filed.  See Text Only Order dated April 16, 2026.

On April 22, 2026 – fifteen (15) days after this Court denied their initial letter motion to modify the preliminary injunction – the Deo Defendants moved once more by letter motion to renew their request to modify the preliminary injunction.  See ECF Docket Entry 477. This time, however, they included a request that the Superb Plaintiffs be held in civil contempt, deviating from their prior position of not asking for any specific relief. Id.

On April 26, 2026, perhaps because Marwaha took another long look at the docket in this case, the Deo Defendants filed another letter motion for contempt and for sanctions.  See ECF Docket Entry 486.

## The Deo Defendants' Motion to Modify the Preliminary Injunction Must be Denied

As an initial matter, the Deo Defendants' renewed letter motion is effectively a motion for reconsideration.  Such motions are required to be filed within fourteen (14) days of a Court's denial of the original request.  See LCR 6.3; see also ECF Docket Entry 274 (citing LCR 6.3 in denying a severely belated motion for reconsideration in disguise) (citations omitted).

Because the Deo Defendants failed to file their renewed letter motion for modification of a preliminary injunction within fourteen (14) days, and instead filed it a day late, their motion must be denied on this ground alone.  See Bishop v. Cnty. of Suffolk, No. 13-CV-446 (JS) (AKT), 2018 WL 4623016, at *2 (E.D.N.Y. Sept. 25, 2018) (denying plaintiff's motions dated September 12, 2017 based on untimeliness as plaintiff sought reconsideration on Orders dated August 18, 2014 and March 31, 2017); see also R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment").

Even were this Court to relax the narrow construction and strict application of LCR 6.3 (which it should not), the Deo Defendants' motion nonetheless fails on the merits.

The Deo Defendants make representations about death threats, state in a conclusory manner that their proposed relocation site for the Deo Injucted Vehicles is safe, and provide photographs without any evidentiary foundation or declaration supporting the notion that the photographs constitute admissible evidence for a court to consider.  See Markowitz Jewelry Co., Inc. v. Chapal/Zenray, Inc., 988 F. Supp. 404, 407 (S.D.N.Y. 1997) (declining to consider unauthenticated evidence on preliminary injunction motion) (citing 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2723, at 65 (1983) ( "court may not take cognizance of positions regarding the facts based on exhibits that are merely a part of the brief and have not been otherwise verified or supported"). They should therefore not be considered.  Moreover, the Deo Defendants' application is supported by nothing more than their counsel's unsworn representations and unauthenticated exhibits.  This is not evidence.  See Skyline Corp. v. NLRB, 613 F.2d 1328, 1337 (5th Cir.1980) ("Statements by counsel in briefs are not evidence"); Dept. of Econ. Development, 924 F. Supp. 449, 471 (S.D.N.Y.1996) (same); Rubinberg v. Hydronic Fabrications, Inc., 775 F. Supp. 56, 63 (E.D.N.Y.1991) (same); Ortiz v. Regan, 749 F. Supp. 1254, 1263 (S.D.N.Y.1990) (same); see also Fed. R. Civ. P. 43(e); 9 Charles Alan Rright et al., Federal Practice and Procedure: Civil 2d § 2416 (1995); id. § 2949, at 214–16 ("All affidavits should state the facts supporting the litigant's position clearly and specifically. Preliminary injunctions frequently are denied if the affidavits are too vague or conclusory to demonstrate a clear right to relief under Rule 65").  Here, because there is no affidavit or declaration supporting any right to relief, the Deo Defendants' motion must be denied.

If there was any other reason to deny the Deo Defendants' defective and unsupported motion to modify the preliminary injunction, it is their stated intention to violate the injunction by specifically requesting to drive the vehicles eight (8) miles between the Deo Hicksville Lot and the Deo West Babylon Lot when this Court has already unequivocally issued an Order that the vehicles are not to be used nor driven.  See ECF Docket Entry 97.[2]

For the foregoing reasons, and those stated in the Superb Plaintiffs' prior letter response in opposition (ECF Docket Entry 461), the Deo Defendants' untimely, defective, and unsupported renewed letter motion to modify the preliminary injunction must be denied.

**The Deo Defendants' Contrived Motion for Contempt Must be Denied**

The Deo Defendants' latest motion for contempt demonstrates that while the genius of artificial intelligence has its limits, human stupidity has no bounds.  The Deo Defendants first lament that the Superb Injucted Vehicles have been abandoned and are unprotected on the Hartford Lot (where Judge Merchant expressly held they may Remain), while twisting themselves into pretzels to argue why the construction vehicles and gates are insufficient to protect the vehicles while the Hicksville Lot was open to the public where the vehicles are not cordoned off.

---

[2] Marwaha must have missed this when he "view[ed] everything that has been filed thus far" in the docket.  See ECF Docket Entry 468.

3

Their argument is meritless for innumerable reasons.  First, three construction vehicles are blocking access to the vehicles.  Second, they are hidden in the back of the building out of plain sight.  Third, a Jeep has been placed in front of the vehicles preventing their egress.  Fourth, the vehicles are in an enclosed area which is fenced off and the Deo Defendants have presented no evidence to support the notion that the fence is in any state of disrepair.

Next, the Deo Defendants accuse the Superb Plaintiffs of not securing insurance for the injuncted vehicles in their possession.  However, this is untrue.  See ECF Docket Entry 216-1.[3] Since the expiration of that policy, the Superb Plaintiffs have confirmed that non-party Nissan Motor Acceptance Company LLC ("NMAC") has the vehicles insured because they remain on NMAC's floor plan line of credit.  See Declaration of Robert Anthony Urrutia ("Urrutia Decl.") ¶¶ 83-89.

Lastly, the Deo Defendants accuse the Superb Plaintiffs of selling a vehicle – a 2018 Lexus NX – without accounting to the Court as to sales when made and to file proof of the monies in escrow immediately following the sale of each of the vehicles.  But the Superb Plaintiffs have done precisely that.  See ECF Docket Entry 304 ¶¶ 80-82[4] (explaining that the 2019 BMW X1 was inadvertently taken instead of the 2018 Lexus NX by the purchaser, but that this error was rectified once it was brought to Urrutia's attention).

### The Deo Defendants' Successive Letter Motion for Contempt & Sanctions Should be Denied

Not to be undone by their prior ingenuity with the use of artificial intelligence tools that have served to embolden them with significantly improved writing skills, the Deo Defendants have doubled down on their antics by raising an issue they could have raised in their prior motion, but chose to raise in a separate motion altogether, unnecessarily multiplying these proceedings.

In their most recent motion for contempt and sanctions, the Deo Defendants accuse the Superb Plaintiffs of lying about selling a vehicle that remains at the Hartford Lot.  See ECF Docket Entry 486.  In a wicked display of advanced use of artificial intelligence tools, they analogize their perceived fraud on the Superb Plaintiffs' part to three-card monte.  But in doing so, they have come to the chess table with checker pieces.  This is because, as described above, the 2019 BMW X1 was inadvertently sold, and – after Thomasson raised hay[5] about it – Urrutia rectified the error by having the vehicle returned and permissibly selling the 2018 Lexus NX in its place, as allowed by this Court.  See ECF Docket Entry 304 ¶¶ 80-82; see also ECF Docket Entry 172.

---

[3] Marwaha must have also missed this when he "view[ed] everything that has been filed thus far" in the docket.  See ECF Docket Entry 468.

[4] Curiously, Marwaha similarly missed this when he "view[ed] everything that has been filed thus far" in the docket.  See ECF Docket Entry 468.

[5] See ECF Docket Entry 301 ("in his correspondence to this Court dated June 10, 2025, Mr. Kataev on behalf of the Superb Plaintiffs indicates in the 2nd paragraph at line 'xi' that a 2019 BMW bearing vehicle identification number WBXHT3C57K5L90705 was sold 'as of' May 29, 2025. This vehicle is on this Court's 'do not sell' list, …")

**The Superb Plaintiffs' Cross-Motion for Sanctions Must be Granted**

As is evident from a review of the docket and the arguments set forth herein, the Deo Defendants prefer to sling mud and indiscriminately shoot accusations of fraud and contempt without sharpening their pencils or bothering to read the docket as they represented to this Court they did. Their new counsel has indisputably and abjectly failed to comply with his obligations under Rule 11 of the Federal Rules of Civil Procedure (hereinafter "Rules" or Rule").[6]

The Deo Defendants and their new counsel have similarly seen fit to continue their barrage of baseless motions which have served only to multiply the proceedings in this case unreasonably and vexatiously, with the apparent underlying motive to stymie this Court from granting the Superb Plaintiffs' motion to vacate the injunction based on the Hon. Jerome C. Murphy, J.S.C.'s ("Justice Murphy") decision and Order granting summary judgment in favor of Urrutia and against Deo for the fraud Deo committed against Urrutia. The recent spate of motions should be seen for what they are: an attempt to sway this Court into believing that Urrutia has committed some wrongdoing – when, in fact, he has not – to deprive him of the relief he seeks in vacating the injunction based on Justice Murphy's decision.

Attorneys and parties who make improper or false representations to the court may be subject to sanctions. See Kalwasinski v. Ryan, No. 96-CIV.-6475, 2007 WL 2743434, at *2 (W.D.N.Y. Sept. 17, 2007). Sanctions may also be imposed against attorneys who "unreasonably and vexatiously" multiply proceedings, in bad faith. See 28 U.S.C. § 1927. Public policy mandates integrity in judicial proceedings, and courts employ a range of sanction mechanisms when that integrity is threatened. See CAT3, LLC v. Black Lineage, Inc., 164 F. Supp. 3d 488, 498 (S.D.N.Y. 2016) ("A party's falsification of evidence … threatens the integrity of judicial proceedings …."); see also Patsy's Brand, Inc. v. I.O.B. Realty, Inc., No. 99CIV.-10175 (JSM), 2001 WL 1154669, at *1 (S.D.N.Y. Oct. 1, 2001), aff'd as modified, 317 F.3d 209 (2d Cir. 2003) (citing In re Weiss, 703 F.2d 653, 666-67 (2d Cir. 1983) (recognizing that perjury and the knowing submission of fraudulent documents may constitute contempt of court, justifying sanctions where they obstruct the judicial process). Courts have also utilized their inherent powers to impose sanctions for civil contempt, including requiring the contemnor reimbursing the injured party for the attorneys' fees that resulted from the contumacious conduct. See Id. (citing Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996)).

Here, there is no question that Marwaha has overplayed his hand in asserting alleged improprieties on the part of the Superb Plaintiffs without actually having read the docket and instead relying on artificial intelligence to do so for him.

---

[6] Contemporaneously herewith, the Superb Plaintiffs have served a Rule 11 Safe Harbor Notice upon the Deo Defendants and their counsel demanding the withdrawal of their motions for sanctions. The Superb Plaintiffs therefore respectfully request that a decision on these pending motions be held in abeyance until after May 15, 2026, whereupon their safe harbor will evaporate and the Superb Plaintiffs will subsequently formally move for sanctions for filing frivolous motions.

To add insult to injury, the Deo Defendants' most recent motion fails to contain any authorities in support of the relief they seek. The legal standard for civil contempt is not even remotely addressed, let alone discussed. Marwaha should cancel his subscription to artificial intelligence tools and take the time to actually read the docket, with a sworn certification that he has done so, before he files any motion for contempt in the future.

For the foregoing reasons, the Deo Defendants' motions must be denied in its entirety, and the Superb Plaintiffs' cross-motion for sanctions[7] should be granted, with an award of attorneys' fees for having to address these baseless, frivolous, artificial-intelligence-created motions. Relatedly, no portion of this letter response in opposition was generated by artificial intelligence. The Superb Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
May 1, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

---

[7] A district court can also "impose monetary sanctions against a litigant (or its counsel) for misconduct" through its "inherent power" to "impose silence, respect, and decorum in their presence, and submission to their lawful mandates." See Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd., 991 F.3d 361, 367 (2d Cir. 2021). This authority derives from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630–631 (1962)). "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." See Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999); see also Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986) (an award of sanction under the court's inherent power may be imposed for actions taken "in bad faith, vexatiously, wantonly, or for oppressive reasons"). The foregoing standard is clearly met here, where there is no colorable basis to the assertions made herein, and the Deo Defendants have filed multiple motions merely to harass the Superb Plaintiffs and sway this Court against granting them the relief they seek.

6