**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

SUPERB MOTORS INC. *et al.*,

                    *Plaintiffs,*

          -against-

ANTHONY DEO *et al.*,

                    *Defendants.*

-------------------------------------------------------------X

**FILED**
**CLERK**

**5/4/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>**ORDER**</u>
23-CV-6188 (JMW)

**A P P E A R A N C E S:**

Emanuel Kataev
**Sage Legal LLC**
18211 Jamaica Avenue
Jamaica, NY 11423
*Attorneys for Plaintiffs Superb Motors Inc., Team Auto Sales LLC and Robert A. Urrutia*

Jeffrey Ruderman
**Cyruli Shanks & Zizmor LLP**
420 Lexington Avenue, Suite 2320
New York, NY 10170
*Attorneys for Plaintiffs 189 Sunrise Hwy Auto LLC, Northshore Motor Leasing, LLC, 1581 Hylan Blvd Auto LLC, 1580 Hylan Blvd Auto LLC, 1591 Hylan Blvd Auto LLC, 1632 Hylan Blvd Auto LLC, 1239 Hylan Blvd Auto LLC, 2519 Hylan Blvd Auto LLC, 76 Fisk Street Realty LLC, 446 Route 23 Auto LLC, Island Auto Management, LLC, Brian Chabrier, Joshua Aaronson, and Jory Baron*

Nipun Marwaha[1]
**Marwaha Law Group, PLLC**
4940 Merrick Road, Ste 179
Massapequa Park, NY 11762
*Attorneys for Defendants Anthony and Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC, Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp.*

---

[1] The address in Counsel's Notice of Appearance is different than that of the signature block contained in the instant motion. Counsel shall change and update the firm's contact information to reflect the correct information on ECF.

1

**Harry R. Thomasson**
3280 Sunrise Highway, Ste Box 112
Wantagh, NY 11793
*Defendant Appearing Pro Se*

*No appearances by other Parties*

**WICKS**, Magistrate Judge:

On March 4, 2026, this Court issued a Memorandum and Order that addressed several Motions to Compel (ECF Nos. 392, 398, 418). (ECF No. 429.) In relevant part, the Court concluded that Plaintiffs' Motion to Compel testimony based on the crime-fraud exception (ECF No. 398) had to be denied. (ECF No. 429 at 19.) Now before the Court is Plaintiffs'[2] Motion for Reconsideration (ECF Nos. 435-37), and a joint opposition by pro se Defendant Harry R. Thomasson's ("Thomasson") and Deo Defendants'[3] (ECF No. 499). For the reasons that follow, Plaintiffs' Motion for Reconsideration (ECF No. 435) is **GRANTED** and, upon reconsideration, the Court adheres to its original decision.

## LEGAL FRAMEWORK

Motions for reconsideration may be filed pursuant to Fed. R. Civ. P. 59(e) or 60(b), as well as Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Under Local Rule 6.3, a party has fourteen (14) days following the entry of a court order to serve a notice of motion with an accompanying memorandum, that sets forth succinctly the issues, facts, or laws that were overlooked. Loc. Civ. R. 6.3. Failure to comply with these requirements warrants denial of the motion. *See R.F.M.A.S., Inc. v. Mimi So*,

---

[2] All Plaintiffs jointly filed the instant motion. (*See* ECF No. 435.)

[3] "Deo Defendants" are Anthony Deo, Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

2

640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment."). The standards for reconsideration under Local Rule 6.3 and Fed. R. Civ. P. 59 are one of the same. *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 394 n.2 (S.D.N.Y. 2016).

Even if considered, a motion for reconsideration "is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted).  Notably, "[a] party may not advance new facts, issues, or arguments not previously presented to the Court on a motion for reconsideration." party may not advance new facts, issues[,] or arguments not previously presented to the Court on a motion for reconsideration." *Superior Site Work, Inc. v. NASDI, LLC*, No. 14-CV-01061 (ADS) (SIL), 2017 WL 2242872, at *2 (E.D.N.Y. May 22, 2017) (quoting *Steinberg v. Elkman*, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016))  (internal quotations omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted) (noting that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple).  Put simply, a reconsideration motion is not appropriate to simply secure a "do-over." *See Schansman v. Sberbank of Russia PJSC*, No. 19-CV-2985 (ALC) (GWG), 2025 WL 1288670, at *2 (S.D.N.Y. May 5, 2025) (collecting cases)

(Parties are "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.")

Reconsideration is warranted only when: (i) the moving party points to an intervening change in controlling law, (ii) newly available evidence is identified, (iii) clear error is established, or (iv) reconsideration is necessary to avoid a manifest injustice. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (same); *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) (same). The question, therefore, is whether any of these grounds have been met. And, it is also within the sound discretion of the district court to decide whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); *Rivas v. Melecio*, No. 23-CV-05718 (JMA), 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024).

Reconsideration "must be narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." *In re Bouka*, 654 F. Supp. 3d 283, 286 (S.D.N.Y. 2023) (quoting *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016)). Thus, "[a] narrow application of the rule not only 'helps [] to ensure the finality of decisions,' but also 'prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Id.* (quoting *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007)).

Keeping these principles in mind, the Court considers the instant motion.

## DISCUSSION

Plaintiffs seek reconsideration of this Court's March 4, 2025 Memorandum & Order (*see* ECF No. 429) that granted *in part* and denied *in part*, three motions to compel filed (ECF Nos.

4

392, 398, 418). Plaintiffs seek reconsideration specifically as to the denial of Plaintiffs' Motion to Compel testimony based on the crime-fraud exception (ECF No. 398).

Plaintiffs move the Court for reconsideration under Local Rule 6.3 and Fed. R. Civ. P. 59(e). (ECF No. 435.) Local Rule 6.3 states "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged," which is complied with here. *See* Loc. Civ. R. 6.3. Likewise, under Fed. R. Civ. P. 59(e), the motion is procedurally proper. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"); *see also Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 256 (S.D.N.Y. 2017) (internal citations omitted) (collecting cases) ("Sigmon's motion papers state that his motion arises under Local Civil Rule 6.3. The Court will consider case law arising under both Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), because the standards for both are identical"). Since Rule 59 outlines the same standard for reconsideration as Local Rule 6.3 requires, the undersigned analyzes this motion under these rules together. *See Naiman v. New York Univ. Hosps. Ctr.*, No. 95-CV-6469 (RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) ("Motions for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure are governed by the same standards as those governing motions under Rule 6.3 of the Local Civil Rules of the U.S. District Courts for the Southern and Eastern Districts of New York."); *Henderson*, 502 F. Supp. 2d at 375 (same); *Levitant v. Workers Comp. Bd. of New York*, No. 16-CV-6990 (ER), 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019) ("'The standards for relief' under Rule 59(e) are 'identical' to those for motions for reconsideration under Local Civil Rule 6.3.")

Having determined that procedure was followed, the Court proceeds to analyze the merits of the motion. "The standard for granting a motion for reconsideration is strict: 'reconsideration

5

will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Cuomo v. Off. of the New York State Att'y Gen.*, 727 F. Supp. 3d 231, 234 (E.D.N.Y. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

The two grounds offered are (i) that the Court overlooked evidence that was submitted to the Court in the original motion and (ii) that new evidence now exists following depositions. (ECF No. 436 at 3-9.) As to the first point, while Plaintiffs represent that the Court overlooked evidence, it did not. The Court upon a careful review of all the relevant filings found that probable cause was not established. *See United States ex rel. Omni Healthcare Inc. v. McKesson Corp.*, No. 12-CV-6440 (NG) (ST), 2026 WL 202495, at *1–2 (E.D.N.Y. Jan. 27, 2026) (concluding that reconsideration was not warranted because it was a mere disagreement with the Court's earlier decision). Thus, the Court now only reviews if the new evidence warrants reconsideration of its original decision.

The arguments made as to second ground of the requested relief satisfy grounds for reconsideration. A review of the exhibits attached, which Plaintiffs contend is "new evidence" demonstrates through deposition testimony, Thomasson and Defendant Anthony Deo testified as to "violations" of restraining orders after the original motion was filed. (*See* ECF No. 437.) However, Plaintiffs mischaracterize the deposition testimony. Plaintiffs contend that the testimony shows Thomasson's involvement in Anthony Deo's admitted fraudulent conduct. (*See* ECF No. 436 at 4-9.) A review of the deposition testimony of Thomasson shows that Thomasson testified that "I do not believe I would have done anything that violated the restraining order." (ECF No. 437-2 at 308.) Thomasson also testified that he had never made a determination that a

6

violation of a retraining order was done by Anthony Deo nor has any Judge ever found a violation. (*Id.* at 138-40, 307.) While Thomasson did admit that upon looking at the documents provided at the deposition of prior orders that "on its face it looks like that would be a violation of this order," the Court finds that alone is not enough to overcome the attorney-client privilege as previously ruled. (*Id.* at 302.) Likewise, Anthony Deo testified that he did not think financing and the sales with Northshore would violate a court order. (ECF No. 437-1 at 147.) "Thus, the Court declines to consider this newly advanced argument…." *Guotaiqixing Biomedical Int'l (S) Pte. Ltd. v. Dai*, No. 24-CV-03142 (ER), 2026 WL 408031, at \*4 (S.D.N.Y. Feb. 13, 2026).

Put simply, Plaintiffs are seeking a do-over of the Court's prior decision and have other opportunities to prove their case on fraud—either at the summary judgment stage or at trial. *See Maldonado v. Town of Greenburgh*, No. 18-CV-11077 (KMK), 2025 WL 1898950, at \*3 (S.D.N.Y. July 9, 2025) ("Defendants' arguments are, in general, a disfavored second bite at the summary judgment apple.  ... To the extent applicable, Defendants are free to bring up these arguments at the close of Plaintiff's case or in a motion in limine."); *Brikman v. Westchester Med. Ctr. Advanced Physician Servs., P.C.*, No. 23-CV-10749 (PMH), 2026 WL 836810, at \*1 (S.D.N.Y. Mar. 26, 2026) (quoting *Premium Sports Inc. v. Connell*, No. 10-CV-03753, 2012 WL 2878085, at \*1 (S.D.N.Y. July 11, 2012) ("Therefore, a motion for reconsideration should be denied if the moving party merely offers substantially the same arguments he offered on the original motion.")). Moreover, discovery has closed as of April 14, 2026, and the Court will not reopen discovery. See *Columbo v. Philips Bryant Park LLC*, No. 22-CV-775 (RA) (JW), 2026 WL 688888, at \*2 (S.D.N.Y. Mar. 11, 2026) (denying reconsideration) ("The Court has made clear that *all* discovery disputes raised to the Court have been resolved and that discovery is closed.")

Therefore, the Court does not find any reason to change its original decision and delay the case any further. *See In re Crane Enters.*, No. 25-10405 (DSJ), 2025 WL 2416461, at \*3 (Bankr. S.D.N.Y. Aug. 20, 2025), *aff'd sub nom. In Re: Crane, et al., v. Crane Enterprises LLC*, No. 25-CV-6793 (DLC), 2026 WL 924070 (S.D.N.Y. Apr. 6, 2026) (quoting *Devon Mobile Commc'ns Liquidating Tr. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 324 B.R. 492, 494 (Bankr. S.D.N.Y. 2005) ("Motions for reconsideration are disfavored, because [c]omplete disposition of discrete issues and claims is often essential to effective case management. If a court is forced to revisit earlier interlocutory rulings, much of the advantage in making the early rulings would be lost.")).

**<u>CONCLUSION</u>**

For the reasons stated herein, Plaintiff's Motion for Reconsideration (ECF No. 435) is **granted,** and the Court adheres to its original decision denying testimony under the crime-fraud exception.

Dated: Central Islip, New York
      May 4, 2026

**S O   O R D E R E D:**

/S/ *James M. Wicks*
   JAMES M. WICKS
United States Magistrate Judge
