

**MARWAHA**
LAW GROUP, PLLC

Nipun Marwaha, Esq.
Nipun@MarwahaLaw.com
Admitted NY, EDNY, SDNY

May 8, 2026

**VIA ECF**
Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

> Re:  <u>Superb Motors, Inc., et al. v. Anthony Deo, et al.</u>
> Case No. 2-23-cv-6188 (JMW)

Dear Judge Wicks,

As the Honorable Court is aware, the undersigned firm, Marwaha Law Group, PLLC, is counsel for Deo Defendants and submits the following Opposition to Plaintiffs' Motion for Sanctions which was filed pursuant to this Court's inherent powers and 28 U.S.C. § 1927.

Plaintiffs' cross motion does not want for rhetorical flourish. It wants for an accurate account of the record, devoid of tactical mischaracterizations. This is not a new strategy for Plaintiffs.  The Court has seen this before. (see ECF 502 at 6 where this Court highlighted that Plaintiffs mischaracterized testimony).  In fact, your Honor personally observed this practice live and in person. Plaintiffs' counsel sullied the record during oral argument by purposefully ignoring a direct quote from Justice Murphy's summary judgment decision that defeats his arguments.

The majority of Plaintiffs' submission, ECF No. 495, is comprised of baseless, unsubstantiated, nonsensical, and erroneous personal attacks made by Plaintiffs' counsel and directed at the undersigned.  To the extent that they add nothing of substance to the instant analysis, the undersigned chooses to ignore them.

The only purpose those attacks serve is to chill defense counsel from pursuing issues based on documented evidence of contemptuous and/or fraudulent conduct, similar to the issues this Court has invited defense counsel to develop further at today's oral argument.

## <u>PLAINTIFFS' CROSS MOTION FOR SANCTIONS IS MERITLESS</u>

Plaintiffs' cross motion seeks sanctions under 28 U.S.C. § 1927 and the Court's inherent powers but does not engage the standards governing either.  Section 1927 states "Any attorney […] who so multiplies the proceedings in any case unreasonably and vexatiously…".  28 U.S.C. § 1927.  This section does not describe the undersigned, especially when placed side-by-side with the conduct of an attorney who has filed numerous failed motions for reconsideration as part of their war of attrition.

In support of their cross motion for sanctions, Plaintiffs accuse defense counsel of relying on artificial intelligence yet point to a three-line so-called correction buried at paragraphs 80-82 of a 110-paragraph unrelated declaration. Ironically, artificial intelligence tools excel at exactly that kind of comprehensive cross-reference review and if the undersigned were "heavily" relying on artificial intelligence such a minuscule reference would have been found.

Importantly, the supposed "correction" at ECF 304 ¶¶ 80-82 illuminates more than it resolves. The proceeds from the sale of the 2019 BMW X1 were transferred into Mr. Kataev's IOLA account before that vehicle's purported return and the substitute sale of the 2018 Lexus NX. The question follows of its own force: where are the proceeds of the Lexus NX sale, and where is the refund of the BMW X1 proceeds? No accounting for either transaction has been placed before this Court, notwithstanding the express directive at ECF 172 page 15 that Plaintiffs "account to the Court as to the sales when made" and "file proof of the monies in escrow immediately following the sale of each of the vehicles."

Even assuming *arguendo* that Plaintiffs' counsel's characterizations of the precedent he cited are accurate, which is genuinely a gamble given his track record, he still fails to point to, much less establish, any sanctionable conduct, because no such conduct has occurred.

Plaintiffs' counsel offers a string of citations describing sanctionable conduct in the abstract but applies that precedent to no specific facts in this case. Plaintiffs identify no specific motion filed by defense counsel that lacked a colorable basis, no specific representation that was false, and no specific conduct meeting the § 1927 standard. A string cite without factual application is not a sanctions motion; it is an incomplete recitation of the rule of law.

Plaintiffs' cross motion is procedurally improper. While styled as a § 1927 motion, the cross motion seeks sanctions for the same conduct as a forthcoming Rule 11 motion that Plaintiffs preview at ECF 495 pg. 5 footnote 6.  Plaintiffs represent that they served a Rule 11 Safe Harbor Notice contemporaneously with this cross motion on May 1, 2026, and ask the Court to hold the instant § 1927 cross motion in abeyance until the Rule 11 safe harbor expires.

The safe harbor exists to give an opposing party an opportunity to withdraw or correct a challenged paper before facing sanctions. That purpose is defeated when the moving party simultaneously pursues the identical sanctions on the identical conduct under a different procedural vehicle. Plaintiffs cannot use the cross motion as a parallel track to circumvent Rule 11's procedural protections. Separately, Plaintiffs' calculation of the safe harbor period is incorrect: 21 days from May 1, 2026 is May 22, 2026, not May 15, 2026 as Plaintiffs state.

Moreover, when defense counsel filed ECF 468, Plaintiffs' counsel's only response was that the undersigned should "take a deeper dive" into the docket. Plaintiffs' counsel did not serve a Rule 11 Safe Harbor Notice at that time, did not identify ECF 304 ¶¶ 80-82 as dispositive of any argument, and did not give defense counsel any structured opportunity to withdraw or modify the filing before pursuing sanctions. Now, weeks later, Plaintiffs invoke § 1927 to sanction defense counsel for filings that the Rule 11 safe harbor process, had Plaintiffs followed it, was designed to address quietly and procedurally and without "unreasonably and vexatiously" "multipl[ying] the proceedings".  28 U.S.C. § 1927.

Prior to commencing oral argument this morning, this Court cautioned the parties against multiplying motion practice on a docket already exceeding five hundred entries. The instant cross motion is precisely the kind of filing that caution was designed to prevent.

### THE RECORD CONTAINS DOCUMENTED, IRRECONCILABLE CONTRADICTIONS IN PLAINTIFFS' SWORN SUBMISSIONS

Through their papers, Plaintiffs have created two realities that cannot exist simultaneously.

**PLAINTIFF "REALITY" 1:**

- On March 18, 2024, Emanuel Kataev and Jamie Felsen filed a letter opposition to a motion for contempt wherein they state unequivocally that Superb "owns the injuncted Superb Vehicles solely as an asset, as it is required under the Injunction." (ECF No. 154 pg. 2).

- On March 18, 2024, Bruce Novicky the COO of Superb caused to be filed a declaration wherein he stated: "We then immediately transferred title of the Injuncted Superb Vehicles back to Superb, which now held the title as an owner rather than a licensed automobile dealer.  See copies of transfer documents as Exhibit A." (ECF No. 155 ¶ 14).

- On March 18, 2024, Emanuel Kataev and Jamie Felsen filed 30 Connecticut Q-1 transfer forms that purported to show a transfer of ownership interest of all 30 Superb Injuncted Vehicles back to Superb as an owner.  (ECF No. 155-1).

- For the Court's convenience, Exhibit A: the 30 Q-1 forms are paired with their accompanying certified DMV transfer records and can be found at ECF No. 468-4, 468-5, 468-6.

**PLAINTIFF "REALITY" 2:**

- On March 22, 2024, Emanuel Kataev and Jamie Felsen filed a proposed findings of fact in support of their motion to modify the preliminary injunction wherein they state unequivocally that "…thirteen (13) of the Remaining Vehicles [are] owned by Team Auto Sales LLC ("Team") […] Superb never had any interest." (ECF No. 157 pg. 5).

- On March 22, 2024, Bruce Novicky the COO of Superb caused to be filed a declaration wherein he stated: "Thirteen (13) of the twenty-eight (28) vehicles recovered on September 15, 2023 belong to Team, not Superb.  See ECF Docket Entry 112 ¶ 44; see also ECF Docket Entry 112-8." (ECF No. 157-1 Pg.  13 ¶ 77).

- On May 22, 2025, Plaintiff Robert Anthony Urrutia caused to be filed a declaration wherein he stated: "In addition, thirteen (13) of the twenty-eight (28) vehicles recovered belong to Team, not Superb." (ECF 282 Pg. 5 ¶ 29).

- On November 25, 2023, Plaintiff Robert Anthony Urrutia caused to be filed a declaration wherein he stated: "In addition, thirteen (13) of the twenty-eight (28) vehicles recovered belong to Team, not Superb. See copy of spreadsheet of vehicles owned by Team together with documents supporting ownership for each vehicle annexed hereto as Exhibit H." (ECF 112 Pg.75 ¶ 44).

- For the Court's convenience, Exhibit H: the nine (9) handwritten MV-50 forms can be found with their accompanying certified DMV transfer records at ECF No. 468-3.

**ACTUAL REALITY**

- Plaintiff Urrutia by declaration and with the support of counsel filed with this Court nine (9) MV-50 vehicle transfer forms purporting to reflect a transfer of ownership of the vehicles from Superb to Team in June of 2023, prior to the initiation of the instant action by Plaintiffs. (ECF Nos. 468-3, 112-8). They attempt to use these documents to influence the outcomes of the instant proceedings by suggesting that they are true and accurate representations of ownership rights.

- Certified DMV record of those nine (9) vehicles show that the transfer reflected in Plaintiffs' ECF 112-8 filing <u>never occurred</u>. Instead, the certified DMV records show that these vehicles were owned by Superb and not transferred to a Plaintiff Urrutia owned company until after the TRO was Ordered and in full effect. (ECF 468-3).

- This is proof that Emanuel Kataev, Jamie Felsen, and Plaintiff Urrutia filed forged government instruments on the Tribunal in effort to obtain relief for which they were not entitled. They have been relying on these forged instruments since they were initially filed in November of 2023 and have referred back to them on a nearly constant basis since. Specifically, they used these forged instruments every time they attempted to convince the Court that they should be permitted to sell the remaining vehicles.

- Additionally, the Q-1 forms warrant the same level of skepticism. No records exist showing that the title of the 30 injuncted vehicles was ever transferred back to New York State, much less to Superb as an owner of an asset as alleged by Emanuel Kataev, Jamie Felsen, and Bruce Novicky.

- Given the definitive proof of fraud upon the tribunal filed with ECF No. 112-8 and compounded with each of the many frivolous and fraudulent motions for reconsideration and modification of the TRO that heavily relied on those forged instruments, this Court cannot rely on the representations of Emanuel Kataev, Jamie Felsen, Bruce Novicky, and Plaintiff Urrutia when assessing the credibility of the 30 Q-1 forms.

As alluded to above regarding the chilling effect of frivolous motions for contempt and sanctions, Plaintiffs' counsel's only tactic to try and stop the undersigned from pulling at the loose threads in their poorly woven tapestry of lies is to bury the undersigned under a mountain of unnecessary litigation. As such, the Court must deny the cross-motion and demand answers to the questions hanging over Plaintiffs' arguments.

**WHEREFORE**, the Deo Defendants respectfully request that this Court enter an Order:

1. **Denying** Plaintiffs' Cross Motion for Sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent powers;

2. **Awarding** the Deo Defendants their attorneys' fees and costs incurred in investigating, documenting, and litigating the misconduct described in this letter motion, including but not limited to the site inspection at the Hartford Mitsubishi lot, the procurement of Carfax records, title searches, and the preparation of this motion, in an amount to be determined upon submission of a fee application;

3. **Reserving** to the Deo Defendants the right to seek additional relief, including but not limited to terminating sanctions, upon receipt and review of additional certified records; and

4. **Granting** such other, further, and different relief as this Court deems just and proper.

Respectfully Submitted,

/s/ *Nipun Marwaha*

Nipun Marwaha, Esq.
Marwaha Law Group, PLLC
1539 Franklin Ave. Suite 201
Mineola, NY 11501
Nipun@MarwahaLaw.com
*Attorneys for Deo Defendants*