# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

**VIA ECF**                                                                 May 10, 2026
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

>        *Re:*    **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
>                 **Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.    The Superb Plaintiffs write to seek leave to submit this supplemental letter providing authority for the proposition that an Order granting summary judgment on liability is considered final for purposes of *res judicata* notwithstanding a pending appeal.

**Legal Standard**

Supplemental filings on motions fully submitted require leave of court. <u>See</u> <u>Ruggiero v. Warner-Lambert Co.</u>, 424 F.3d 249, 252 (2d Cir. 2005) (finding that the plaintiff could have "sought to file a responsive sur-reply" in district court); <u>see</u> <u>also</u> <u>Sevilla v. Perez</u>, No. 15-CIV.-3528, 2016 U.S. Dist. LEXIS 131549, at *2 n.5 (E.D.N.Y. Sept. 26, 2016) ("[The plaintiff] did not seek leave to file the sur-reply and the court did not grant permission for the filing of a sur-reply; this contravenes the general principle that supplemental filings require leave of the court"); <u>Endo Pharm. Inc. v. Amneal Pharm., LLC</u>, No. 12-CIV.-8060, 2016 U.S. Dist. LEXIS 57420, at *9 (S.D.N.Y. Apr. 29, 2016) (striking a supplemental filing where the plaintiff "neither sought nor received permission from the court to file a [sur-reply]").

District courts have discretion to permit a litigant's supplemental papers. <u>See</u> <u>Kapiti v. Kelly</u>, No. 07-CIV.-3782, 2008 U.S. Dist. LEXIS 20135, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) ("[T]he decision to permit a litigant to submit a [supplemental reply] is a matter left to the Court's discretion, since neither the Federal Rules of Civil Procedure nor the Local Civil Rules of [the] court authorize litigants to file [same]"); <u>see</u> <u>also</u> <u>SEC v. Xia</u>, 21-CIV.-5350 (PKC) (RER), 2022 U.S. Dist. LEXIS 126176, at *3 (E.D.N.Y. July 15, 2022).

**<u>The Court Should Grant Leave to Superb Plaintiffs to File the Instant Supplemental Reply</u>**

This Court is deciding a critical issue which has plagued the docket in this case and has given the Deo Defendants the ability to abuse the court system to wield an injunction designed to protect the Superb Plaintiffs as a tool of oppression against them, to literally beat the Superb Plaintiffs while they are down because all four (4) dealerships owned by Urrutia were shut down due to the Deo Defendants' fraudulent schemes.

The Court raised an important issue argued by the Deo Defendants: is an Order granting summary judgment on liability "final" for the purposes of applying *res judicata*? Critically, the Deo Defendants failed to support their contention with any authority in support of this proposition. Instead, they cited artificial-intelligence-generated cases which they did not even have the forthrightness to admit occurred under such circumstances. This Court should therefore exercise its discretion to grant leave to file the instant supplemental reply in order to receive the below cited authorities such that it may appropriately decide the pending motion to vacate or dissolve the injunction.

It is settled black-letter law that a pending appeal does not affect the finality of an Order granting judgment for *res judicata* purposes. See Shekhem'El-Bey v. New York, 464 F. Supp. 2d 329, 334 (S.D.N.Y. 2006) ("Mr. El–Bey's pending appeal of the Court's March 3, 2006 decision does not affect the finality of that judgment for *res judicata* purposes") (citing Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 189 (1941); Sherman v. Jacobson, 247 F. Supp. 261, 268–70 (S.D.N.Y. 1965)).

Based on the foregoing, the Superb Plaintiffs are entitled to vacate or dissolve the injunction.

The Superb Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
May 10, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

2