**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SUPERB MOTORS INC. *et al.*,

          *Plaintiffs*,


      -against-



ANTHONY DEO *et al.*,

         *Defendants*.
-----------------------------------------------------------------X

FILED
CLERK

**5/15/2026**

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**MEMORANDUM
AND ORDER**

23-CV-6188 (JMW)

**WICKS**, Magistrate Judge:

On September 29, 2023, a preliminary injunction (the "Injunction") was issued by the

Hon. Orelia E. Merchant (ECF No. 55). In short, the Injunction prohibits the sale, transfer,

encumbrance, or relocation of certain vehicles known to the parties as the ""Injuncted Superb

Vehicles"[1], which has been modified several times. Specifically, modifications were granted on

January 18, 2024 (ECF No. 134), May 8, 2024 (ECF No. 172), January 10, 2025 (ECF No. 215),

and May 9, 2025 (*see* Electronic Order dated 5/9/2025). Now, Plaintiffs Superb Motors Inc.,

Team Auto Sales LLC, and Robert Anthony Urrutia (collectively "Superb Plaintiffs" or

"Plaintiffs"), ask this Court to vacate or dissolve the Injunction alleging that a September 23,

2025 Decision & Order ("Decision & Order") by the Hon. Jerome C. Murphy, J.S.C. ("Justice

Murphy") granted summary judgment in favor of Robert Anthony Urrutia against Defendant

Anthony Deo ("Deo") and "found that Deo breached the representations and warranties he made

---

[1] *See* ECF No. 55 for a full definition.

1

in a Cross-Purchase Agreement (the 'Agreement') such that rescissory damages are warranted, and – ergo – that Urrutia's agreement with Deo has been rescinded." (ECF Nos. 340, 341 at 1 (citing *Urrutia v. Deo*, Index No. 618608/2023 (Nassau County Supreme Court), Docket Entry No. 134)). Thus, Plaintiffs argue that the Decision & Order constitutes a material change in circumstances such that the injunction is no longer necessary and requires vacatur. (*Id.*) Deo Defendants[2] and Defendant Harry Thomasson ("Thomasson") oppose.[3] (ECF Nos. 353-54.) Plaintiffs also submitted a reply. (ECF No. 372.) This Court deferred a ruling pending a motion for reconsideration for the State Court and upon denial of that motion, the instant application is now ripe for decision. (*See* Electronic Order dated 1/26/2026; ECF No. 469.) Oral argument on the instant motion was held on May 8, 2026 (the "May 8, 2026 Hearing"). (*See* Electronic Order dated 5/8/2026.)

For the reasons that follow, the Motion to Vacate the Preliminary Injunction (ECF No. 340) is **GRANTED**.

## LEGAL STANDARD

"A trial court's power to modify an injunction, like the power over all its orders,' is inherent." *New Falls Corp. v. Soni Holdings, LLC*, No. 19-CV-0449 (ADS) (AKT), 2020 WL 9211146, at *9 (E.D.N.Y. Sept. 30, 2020), *report and recommendation adopted sub nom. New Falls Corporaton v. Soni Holdings, LLC*, No. 19-CV-0449 (SJF) (AKT), 2021 WL 855939 (E.D.N.Y. Mar. 5, 2021), *aff'd sub nom. New Falls Corp. v. Soni Holdings, LLC*, No. 21-CV-865,

---

[2] The "Deo Defendants" are Anthony Deo, Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

[3] Deo Defendants adopt Harry Thomasson's opposition rather than submitting their own papers. (*See* ECF No. 354.)

2022 WL 2720517 (2d Cir. July 14, 2022). Preliminary injunctions are governed by Fed. R. Civ. P. 65. A court may grant a preliminary injunction if the "plaintiff has shown (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [the plaintiff's] favor; and (4) that an injunction is in the public interest." *Abbott Lab'ys v. H&H Wholesale Servs., Inc.*, 670 F. App'x 6, 8 (2d Cir. 2016) (quotes omitted); *Capstone Logistics Holdings, Inc. v. Navarrete*, 736 F. App'x 25, 26 (2d Cir. 2018) (same).

District courts in this Circuit have applied the following standard for modifying the preliminary injunctions, which the undersigned follows, namely, the movant must demonstrate "a material change in circumstances justifies the alteration." *New Falls Corp*, 2020 WL 9211146, at *10; *see also Lawsky v. Condor Cap. Corp.*, No. 14-CV-2863 (CM), 2014 WL 3858496, at *5 (S.D.N.Y. Aug. 1, 2014) (stating that parties must show a change in circumstances warranting such relief). "An injunction should be modified only when the changed circumstances demonstrate that continuance of the injunction is no longer justified and/or [] will work oppressively against the enjoined parties." *Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*, 427 F. Supp. 2d 491, 501 (S.D.N.Y. 2006).

"The decision whether to modify a preliminary injunction involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary injunction." *City of New York v. Lopez*, No. 21-CV-7862 (JPO), 2025 WL 1638033, at *1 (S.D.N.Y. June 10, 2025) (quoting *Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005)). The burden to establish that the preliminary injunction should be vacated lies with the movant. *See id.* Courts when deciding issues in connection with preliminary injunctions (issuance or vacatur) "may rely on affidavits, depositions, and sworn testimony, even

3

when they include hearsay." *Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010) (quoting *United States v. Buddhu*, No. 08-CV-0074 (CFD), 2008 WL 2355930, at *1 n. 2 (D. Conn. June 5, 2008).

It is under this legal framework, that the Court analyzes the instant motion.

## **DISCUSSION**

The Court outlines the relevant background. On September 29, 2023, this Court issued the Injunction, which required the thirty (30) Injuncted Superb Vehicles to remain at certain dealerships. (*See* ECF No. 55 at 28-30.) The Injunction related to the Superb Plaintiffs and the Deo Defendants and their vehicles only. (*See generally, id.*) The Court, after analyzing the required elements found that "preliminary injunctions are justified in these circumstances to keep the status quo ante until the merits can be further determined," and ordered the following injunctive relief:

> 1) The following thirty (30) vehicles (the "Injuncted Superb Vehicles") are to Remain at or otherwise be returned to a Cross-Collateralized Urrutia Dealership Lots;

> ***

> 3) The following vehicles ("Injuncted Deo Vehicles") shall Remain or otherwise be at Deo Defendants' Deo Lots;

> ***

> 6) No injuncted vehicle may be removed from the appointed lot absent this Court's Order.
> a. In the event an injuncted vehicle must be moved from its lot due to emergency or any other good cause, the current possessor must inform the Court prior to the removal in writing on the docket and explain any good cause for the movement of the vehicle. The same writing must be electronically served on the other party.

> ***

4

8) This injunction shall last until the case has settled or dismissed or until the Court resolves the dispute. Any party seeking to modify the injunction must file a pre-motion conference letter with the Court pursuant to the Court's individual practice rules.

(*See id.* at 28-30.)

The Injunction was later modified on January 18, 2024 (ECF No. 134), May 8, 2024 (ECF No. 172), January 10, 2025 (ECF No. 215), and May 9, 2025 (*see* Electronic Order dated 5/9/2025). Meanwhile, in a state-court case entitled *Urrutia v. Deo*, Index No. 618608/2023 (Sup. Ct. Nassau County) ("State Court Action"), Plaintiff Robert A. Urrutia ("Urrutia") in this matter, filed an action against Defendant Anthony Deo ("Deo"), a defendant in this matter as well as in the State Court Action alleging claims for *inter alia*, breach of contract, recission based on fraudulent inducement, and recission based on breach of contract. (*See* State Court Action, Docket Entry No. 1.) On September 23, 2025, Justice Jerome C. Murphy issued a decision granting summary judgment in favor of Plaintiff, and specifically found that Deo breached representations and warranties of the agreement with Urrutia as he was not the 100% owner of the Northshore or Sunrise dealerships, "at no point [did] the record demonstrate that Deo transferred partial ownership of Northshore or Sunrise to Urrutia, and that it was clear that "Deo's breach by way of his failure to perform and consummate [the] Cross-Purchase Agreement by failing to transfer ownership of Northshore and Sunrise." (*See id.*, Docket Entry No. 134 at 6-10.) A motion for reconsideration by Deo was filed in the State Court Action, which was ultimately denied. (*See id.*, Docket Entry No. 164.) Therefore, the instant application is ripe for decision.

Plaintiffs rely on Federal Rules 60(b)(5), 60(b)(6)[4], and 65(b) for relief. In particular, Plaintiffs argue that "[n]otwithstanding the Court's well-recognized inherent power, the Federal

---

[4] Fed. R. Civ. P. 60(b) in relevant part provides,

Rules of Civil Procedure … state this inherent power as a rule by noting that a court may relieve a party from a judgment where 'it is no longer equitable that the judgment should have prospective application" or "for any other reason that justifies relief.' *See* Fed. R. Civ. P. 60(b)(5), (6)." (ECF No. 341 at 4.) However, "[b]y its express terms, Rule 60(b) applies only to final orders, not interlocutory orders." *Sound Around Inc. v. Shenzhen Keenray Innovations Ltd.*, No. 22-CV-6943 (HG), 2023 WL 5670679, at *2 (E.D.N.Y. July 28, 2023) (citing *New Falls*, 2020 WL 9211146, at *4. While "[c]ourts in this Circuit have found that a preliminary injunction is not a final order, … the Second Circuit has declined to address whether the Rule 60 standard for final orders or the more flexible Rule 54(b) standard for interlocutory orders applies to preliminary injunctions." *See id.* (collecting cases) (stating that the "Court will consider whether to vacate its Preliminary Injunction Order under both standards").

First, Plaintiffs argue that based on the State Court Action decision granting summary judgment, it has been determined that Deo has no interest in Superb and that the elements of res judicata have been met thereby allowing this Court to give full effect to the state court ruling and dissolve the Preliminary Injunction. (ECF No. 341 at 6.) Thomasson argues that res judicata does not apply as the decision is not final, and that damages are still to be determined at the state level. (ECF No. 353 at 5.) As an initial matter, now that reconsideration has been denied, the

---

"[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons …
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b)(5)-(6).

summary judgment decision at the trial level court is now final[5] and any damages that are to be considered later in the state court do not affect the instant application seeking different relief. Plaintiffs' reply further outlines that res judicata is appropriate here and all cases cited by Thomasson do not support his propositions.[6] (ECF No. 372 at 8.)

"*Res judicata* bars re-litigation if '(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'" *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). A "federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) (internal citation omitted). The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Importantly, "[t]o determine the preclusive effect of a state court decision on claims or issues, a federal court will look to the law of the state that rendered the decision." *Li v. China Merchants Bank Co.*, No. 22-CV-9309 (KPF), 2024 WL 3848558, at *5 (S.D.N.Y. Aug. 13, 2024).

Here, the previous action is the State Court Action. In addition, the granting of summary judgment is considered an adjudication on the merits. *See Carr v. Health Ins. Plan of Greater*

---

[5] A Notice of Appeal has been filed. (*See* State Court Action, Docket Entry No. 166.) However, at this stage, no index number has been assigned at the Second Department.

[6] Plaintiffs indicated that in Thomasson's opposition, a non-existent case was cited. (ECF No. 372 at 7.) As a result, the Court issued an Order to Show Cause on April 20, 2026, which will be the subject of a separate Court order. Notably, while Plaintiffs found one non-existent case (*see id.* at 5-6 (citing "*In re Amica Mut. Ins. Co.*, 85 A.D.3d 1510, 1511 (3d Dep't 2011)"), the Court sua sponte discovered another (*see id.* at 10 (citing "*In re Marcus*, 491 F.2d 56, 60 (2d Cir. 1974)").

*New York, Inc.*, 111 F. Supp. 2d 403, 410 n.11 (S.D.N.Y. 2000) (discussing in New York, a grant of summary judgment is an adjudication on the merits); *Li*, 2024 WL 3848558, at *8 (collecting numerous New York cases and federal cases that establish "[a]n order granting a motion for summary judgment is made on the merits and has preclusive effect"). Thus, the first element is easily satisfied given the above.

Thomasson's argument that the state court decision is not final due to a pending reconsideration motion is now moot due to the denial of that motion. The argument made at the May 8, 2026 Hearing by Defendants that the appeal to the Second Department – which is not perfected yet precludes this Court's ability to rule on the instant application – is misguided.

"The rule in New York, unlike that in other jurisdictions, is that the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding." *Corsini v. Nast*, 613 F. App'x 1, 3–4 (2d Cir. 2015) (quoting *In the Matter of Amica Mut. Ins. Co.,* 85 A.D.2d 727, 445 N.Y.S.2d 820, 822 (2d Dep't 1981) (finding "Corsini's argument that the adverse state court decision does not preclude his federal claims because an appeal was pending misapprehends the application of *res judicata* under New York law")); *see also Anonymous v. Dobbs Ferry Union Free Sch. Dist.*, 797 N.Y.S.2d 120, 121 (N.Y. App. Div. 2d Dep't 2005) (same); *In re Crane Enters., LLC*, 673 B.R. 51, 65 (Bankr. S.D.N.Y. 2025), *reconsideration denied sub nom. In re Crane Enters.*, No. 25-10405 (DSJ), 2025 WL 2416461 (Bankr. S.D.N.Y. Aug. 20, 2025) ("And as a matter of New York law, a final judgment from a prior case has collateral estoppel effect even if there is a pending appeal from that judgment.")[7]

---

[7] The Court notes that "[a]lthough preclusion is not affected by the fact that an appeal has been taken, the nature of the ultimate final judgment in a case ordinarily is controlled by the actual appellate disposition." *See* 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4432 (3d. ed. updated Sep. 2025). However, that is not of issue here.

To that same end, Thomasson's argument that the Second Circuit appeals divest this Court's jurisdiction is also misplaced. That is because, "[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*." *Martinez v. Hasper*, No. 15-CV-5724 (EK)(LB), 2022 WL 118720, at *1 (E.D.N.Y. Jan. 12, 2022) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The appeal deals with a prior and different denial of modifying the Preliminary Injunction – not the relief sought here – that is to vacate the Preliminary Injunction entirely as to the Injuncted Superb Vehicles. Indeed, as Plaintiffs move pursuant to Fed. R. Civ. P. 60, "District courts in the Southern and Eastern Districts of New York have generally concluded that they have jurisdiction to resolve timely filed motions under Rule 59(e) and Rule 60(b) even where a notice of appeal is filed before one of those motions." *Martinez*, 2022 WL 118720, at *1; *see also Straw v. Dentons US LLP*, No. 20-CV-3312 (JGK), 2020 WL 3962067, at *2 (S.D.N.Y. July 11, 2020), adhered to on reconsideration, No. 20-CV-3312 (JGK), 2020 WL 4004128 (S.D.N.Y. July 15, 2020) ("However, if a party files a timely motion … for relief under Federal Rule of Civil Procedure 60 … and files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become effective until the order disposing of that motion is entered.")

Likewise, as Superb Plaintiffs pointed out at the May 8, 2026 Hearing, pursuant to Fed. R. Civ. P. 62.1 , "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may …state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Therefore, out of an abundance of caution, Plaintiffs as the movants here, are directed to "promptly notify the circuit clerk under Federal Rule of

Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue." *Id.* at 62.1(b).

Next, the State Court Action involves the same parties as in this matter to the extent of the parties involved in the instant application — Defendant Deo and Plaintiff Urrutia. However, in the instant action, the Preliminary Injunction relates to the other Superb Plaintiffs and Deo Defendants, which include individuals and entities.

> It has been said that the term privity does not have a technical and well-defined meaning. It denominates a rule, however, to the effect that under the circumstances, … a person may be bound by a prior judgment to which he was not a party of record. It includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action.

*Watts v. Swiss Bank Corp.*, 265 N.E.2d 739, 743 (N.Y. 1970) (internal citations omitted); *see also Bayer v. City of New York*, 983 N.Y.S.2d 61, 63 (N.Y. App. Div. 2d Dep't 2014) (internal citation omitted) ("[P]ersons in privity include those whose interests are represented by a party to the previous action and those '[whose] own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation.'")

Courts have found that for res judicata, privity is viewed broadly. *See Sweeper v. Tavera*, No. 08-CV-6372 (HB), 2009 WL 2999702, at *4 (S.D.N.Y. Sept. 21, 2009) (collecting cases); *In re RJT Food & Rest., LLC*, 670 B.R. 657, 670–71 (Bankr. E.D.N.Y. 2025) ("Privity extends the effects of a judgment to parties with closely aligned interests.") Indeed, "[p]rivity may also be found where the claims in the prior action and the subsequent action are identical, the same witnesses, facts and legal theories are involved, and the first action did not involve any defense unique to those parties." *Id.*

Here, while the corporate entities of Superb Plaintiffs and Deo Defendants as well as the individual Deo Defendants were not part of the State Court Action, their interest align. As alleged in the operative pleadings, the Superb Plaintiffs corporate entities are owned by the

Plaintiff Robert A. Urrutia, and the Deo Defendant corporate entities are owned and/or operated by Anthony Deo. (*See generally*, ECF No. 316, 335-36.) Likewise, it is alleged that the other individual Deo Defendants have interests in the companies and/or have worked with Anthony Deo. (*See generally*, ECF No. 316.) Notably, at the May 8, 2026 Hearing, while Defendants stated that the interests are not the same, but they are aligned and conceded that there is a unity of interest. Therefore, in "this Court's view the concept of privity in the context of a *res judicata* analysis is broad enough to include the [above parties]." *In re RJT Food & Rest., LLC*, 670 B.R. at 671 (Bankr. E.D.N.Y. 2025) (finding that while the parties were distinct legal entities, they had "some interest or connection", which satisfied *res judicata*). [8]

And, lastly, as Plaintiffs here point out both actions include claims for fraud. (ECF No. 341 at 9.) "In determining whether a factual grouping constitutes a transaction for res judicata purposes, a court must apply a pragmatic test and analyze how the facts are related as to time, space, origin or motivation, whether they form a convenient trial unit and whether treating them as a unit conforms to the parties' expectations or business understanding" *Bayer*, 983 N.Y.S.2d at 64. The State Court Action includes a claim for recission based on fraudulent inducement and it is alleged that Anthony Deo among other things, "falsely represented that he owned Northshore and Sunrise and presented Urrutia with fraudulent financial statements for each of those dealerships, [and] Urrutia entered into the Agreement with Deo justifiably relying on Deo's fraudulent representations and fraudulently altered financial statements." (*See* State Court Action, Docket Entry No. 1 at 5.) In the instant action, there are numerous causes of actions asserted. However, of relevance here is the Ninth Cause of Action for fraud, which *inter alia*

---

[8] At the May 8, 2026 Hearing, Thomasson asserted that the Cross-Purchase Agreement is not the only agreement that is relevant here but rather, an important document is the shareholders agreement. However, the Court finds that is not relevant to the instant application nor was it relevant to the State Court Action.

11

alleges that Deo made misrepresentations of financial records with the intent to defraud Plaintiffs. (ECF No. 316 at 99-100.) The operative Complaint in large alleges fraudulent conduct. (*See generally, id.*) The allegations in both cases stem from the same subset of facts and circumstances. Therefore, res judicata elements have been met and the State Court Action decision has the same preclusive effect.

Moreover, any argument by Thomasson regarding the doctrine of unclean hands is moot as any motions for contempt or sanctions have been decided already by this Court. Finally, Thomasson's alternative argument is that if the Court grants the application then (i) Deo should be the one to have the vehicles, titles, and keys, and (ii) any funds should be placed in Deo Defendants' escrow account pending final resolution of this action and the State Court Action. (ECF No. 372 at 8.) However, no authority or support is cited.

"It is well-established that the purpose of a preliminary injunction is 'not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo.'" *City of Newburgh v. Sarna,* 690 F. Supp. 2d 136, 175 (S.D.N.Y. 2010) (internal citation omitted). Here, if the Court were to dissolve the Preliminary Injunction, there are many claims to be tried at trial and such a result would not award the ultimate relief sought, i.e., damages. However, as this Court decided earlier "that the return of the vehicles goes to Plaintiffs' ultimate requested relief which is to 'return[ ] operational control, vehicles, dealer plates, and any other assets of Plaintiffs.' (ECF No. 134 at 6.)" *Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2024 WL 2079928, at *6 (E.D.N.Y. May 8, 2024). Indeed, the operative pleading seeks "injunctive relief in returning operational control, vehicles, dealer plates, and any other assets of Plaintiffs pursuant to 18 U.S.C. § 1964(a)." (ECF No. 316 at 111.) Yet, as the State Court Action decision is a material change in circumstances,  Plaintiffs' request to sell the Vehicles is permitted but

Plaintiffs must hold the funds in escrow for the remainder of this action. *See Superb Motors Inc.*, 2024 WL 2079928, at *7 (allowing the sale of vehicles); *see also New Falls Corp*, 2020 WL 9211146, at *10 (discussing that the movant must show a material change in circumstances in order for the Court to determine if modification is allowed). Plaintiff shall account to the Court as to the sales when made. Plaintiffs shall further file proof of the monies in escrow *immediately* following the sale of each of the vehicles. Importantly, Thomasson's opposition and the lack of a proper opposition by Deo Defendants does not provide the Court with reason to deny the instant application. *See Bayoh v. Afropunk LLC*, No. 18-CV-5820 (DLC), 2020 WL 7482994, at *1 (S.D.N.Y. Dec. 18, 2020) ("Since [Defendants] cannot establish any irreparable harm, it is both necessary and appropriate to vacate the preliminary injunction.")

**<u>CONCLUSION</u>**

For the reasons stated, Plaintiffs' Motion to Vacate the Preliminary Injunction (ECF No. 340) is **GRANTED** to the extent that the Plaintiffs may sell the Injuncted Superb Vehicles. However, the sale is subject to the following Court imposed conditions: (i) Plaintiffs must hold the funds in escrow for the remainder of this action, (ii) Plaintiff shall account to the Court as to the sales when made, and (iii) file proof of the monies in escrow *immediately* following the sale of each of the vehicles.

As a result of the vacatur of the Injunction, the Court's prior ruling made on May 8, 2026, on the motion filed at ECF No. 477 which granted relocation of Deo Injuncted Vehicleses, is vacated as well.

Dated: Central Islip, New York
     May 15, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
