# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**


**VIA ECF** May 15, 2026

United States District Court
Eastern District of New York
Attn: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

***Re:*** **Superb Motors Inc., *et al.* v. Deo, *et al.***
**Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case. The Superb Plaintiffs submit this reply letter in further support of their cross-motion and to oppose the Deo Defendants'[1] transmogrified omnibus letter motions for civil contempt. See ECF Docket Entries 477, 486, and 503. For the reasons set forth below, the cross-motion for sanctions should be granted given the Deo Defendants' unwitting failure to accept this Court's generous offer at oral argument to withdraw it in light of their failure to address the Superb Plaintiffs' arguments in opposition at oral argument and in their reply, and their modified letter motion for contempt and/or sanctions designed to pivot and side-step their earlier failed motions must be denied for failure to establish by clear and convincing evidence that the Superb Plaintiffs have engaged in any contempt of this Court's Orders.

**Preliminary Statement**

Struggling to come up with something – anything – to cause mischief and mayhem after being unable to come up with a single argument in response to the Superb Plaintiffs' opposition papers, the Deo Defendants have resorted to labeling the opposition "rhetorical" and "tactical." To bolster their assertions, they cite to this Court's reference of mischaracterized testimony in an unrelated matter.[2]

---

[1] The Deo Defendants consist of Anthony Deo, Sarah Deo, Harry R. Thomasson, Esq. ("Thomasson"), Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp. (collectively hereinafter the "Deo Defendants").

[2] As the Court notes in the same decision, "Thomasson did admit that upon looking at the documents provided at the deposition of prior orders that 'on its face it looks like that would be a violation of this order[.]'" See ECF Docket Entry 502. That this Court gave this less weight due to other self-serving testimony by Thomasson, it is respectfully submitted that it does not amount to a misrepresentation.

The Deo Defendants also accuse the Superb Plaintiffs of "sullying" the record in reading the Hon. Jerome C. Murphy, J.S.C.'s decision & Order when, as is becoming par for the course, their failure to read leads to these problematically perplexing positions.

In that regard, the Deo Defendants' counsel would be wise not to ignore the Superb Plaintiffs' attacks on his failure to read the docket in full as he represented he did, because this is precisely the reason the Superb Plaintiffs are forced to address – and this Court is unnecessarily burdened with – baseless motions which raise questions (that the Superb Plaintiffs handedly answer) when their motions should instead be presenting clear and convincing evidence supporting their calls for findings of contempt.

Accordingly, the only thing the Deo Defendants' counsel should be chilled from doing is firing off another motion without reading the entire docket as he said he did.

**The Superb Plaintiffs' Cross-Motion for Sanctions Must be Granted**

At oral argument, this Court referred to the Deo Defendants' motion for contempt and sanctions as frivolous. Notwithstanding this frank assessment and a generous offer to withdraw the motion without consequences, the Deo Defendants have doubled down on their meritless motion made with an obvious failure to read the entire docket by: (i) failing to address in any measure the Superb Plaintiffs' response in opposition, effectively abandoning[3] their initial claims of contempt; and (ii) pulling out of their pocket a brand-new contention of contempt not previously raised in their initial moving papers. The Superb Plaintiffs would like to refer to this maniacal maneuver as three-card monte, but the Deo Defendants have only pulled two cards so far.

In opposition, the Deo Defendants deny that they utilize artificial intelligence in failing to review the record prior to firing off their misguided motion, effectively conceding that they failed to read the record as their counsel represents he did.

As set forth in the accompanying supplemental declaration of Urrutia, the Superb Plaintiffs did receive an additional $2,500.00 on June 30, 2025 for the 2018 Lexus NX when the inadvertently picked-up 2019 BMW X1 was returned, and there was no refund provided.

---

[3] The Deo Defendants' failure to address arguments in opposition, and have thus abandoned and conceded it. See Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc., No. 07-CV-3662, (KAM) (MDG), 2009 WL 2997382, at *9 (E.D.N.Y. Sept. 15, 2009) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way"); see also Bombard v. Central Hudson Gas & Elec., 614 N.Y.S.3d 577, 580 (3d Dept. 1994) (holding under New York state law, the failure to provide argument on a point at issue constitutes abandonment of the issue). It is worthy to note that courts apply this maxim outside of motions for summary judgment. See, e.g., Randall v. Dish Network, LLC, No. 2:17-CIV.-5428 (ADS) (GRB), 2018 WL 3235543, at *5 (E.D.N.Y. July 2, 2018) (Spatt, J.) ("In light of the Plaintiff's failure to address these claims in his opposition papers to this motion [to dismiss pursuant to Rule 12(b)(6)], the above-mentioned claims are deemed abandoned") (collecting cases).

A review of your undersigned's IOLA[4] bank records confirms this, which may be provided to the Court for *in camera* inspection if the Court seeks same. The total amount held in escrow is thus $112,500.00.

The Deo Defendants also argue that they have not engaged in any sanctionable conduct. However, they fail to explain why they raised assertions of contempt that they have effectively abandoned. They did not cite the relevant standard for contempt in making their motion. They did not address the elements required to establish contempt in their motion. All they did was raise questions and ask the Court to summarily assume that contempt must have occurred based on their conceded failure to read the entire docket before filing their motion. This is the quintessential definition of unreasonable and vexatious conduct as codified in 28 U.S.C. § 1927. Their motion papers amount to a improper and false representations which courts have held warrant the imposition of sanctions. See, e.g., Kalwasinski v. Ryan, No. 96-CIV.-6475, 2007 WL 2743434, at *2 (W.D.N.Y. Sept. 17, 2007).

The Deo Defendants further argue that Plaintiffs identify (i) no specific motion filed by defense counsel that lacked a colorable basis, (ii) no specific representation that was false, and (iii) no specific conduct meeting the § 1927 standard. But the Superb Plaintiffs have.

The specific motion filed by the Deo Defendants that lack a colorable basis are the contempt and sanctions motions at ECF Docket Entries 477 and 486. The specific representations that are false were that the BMW X1 remained on the lot after being represented as sold (when it fact it was returned) and the Lexus NX was missing (when in fact it was sold, and appropriately reported as sold on June 20, 2025 (ECF Docket Entry 304)). The specific conduct meeting the standard under 28 U.S.C. § 1927 was making the instant motion without reading the record, and doing so in an apparent attempt to frustrate the Superb Plaintiffs from obtaining the relief they sought in vacating the injunction. All of these elements were already addressed in the Superb Plaintiffs' moving papers in support of their cross-motion, and are only reiterated to address the Deo Defendants' artificial-intelligence-generated arguments in opposition.

The Deo Defendants argue that the cross-motion for sanctions under 28 U.S.C. § 1927 and this Court's inherent powers are improper given their anticipated motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure (hereinafter "Rules" or Rule"). As usual, they fail to provide any authority in support of their position. Given their failure and refusal to withdraw the instant motion, the Superb Plaintiffs agree that a decision on this motion should be held in abeyance pending the briefing of the Rule 11 motion.

---

[4] This Court previously permitted the Superb Plaintiffs to place the funds in an interest-bearing escrow account. See ECF Docket Entry 309. However, the account your undersigned opened is an interest-bearing account which is not characterized as an "escrow" account. In an abundance of caution, the Superb Plaintiffs therefore respectfully seek leave from this Court to transfer the funds to the interest-bearing account in the name of Emanuel Kataev, Esq., P.C., where the funds will be segregated from any other funds and remain until further Order of the Court. See ECF Docket Entry 505.

However, there is no basis to argue that the cross-motion is procedurally improper. See, e.g., Galonsky v. Williams, 96-CIV.-6207 (JSM), 1997 WL 759445, at *20 (S.D.N.Y. Dec. 10, 1997) (awarding sanctions under § 1927 despite finding that Rule 11's safe harbor provision barred sanctions); see also Chatham v. Fid. & Deposit Co. of Md., 99-CIV.-12308 (JSM), 2001 WL 1262960 (S.D.N.Y. Oct. 18, 2001) (awarding sanctions under § 1927 even though Rule 11 sanctions were procedurally barred).

Accordingly, there is ample basis to award sanctions pursuant to 28 U.S.C. § 1927 and this Court's inherent powers, and the Superb Plaintiffs have demonstrated their entitlement to same given the Deo Defendants' concession that their motions are frivolous as found by this Court at oral argument on May 8, 2026.

**The Deo Defendants' Latest Motion for Contempt & Sanctions Should Also be Denied**

The Deo Defendants argue that the Superb Plaintiffs have provided inconsistent declarations concerning the entity which owns the Superb Injuncted Vehicles. As an initial matter, in light of this Court's Order vacating the preliminary injunction, this argument is moot, and the Deo Defendants now lack standing to assert any alleged impropriety. Indeed, by vacating the injunction, there is now no justiciable controversy that is ripe for review, and any decision on the instant motion would be tantamount to an advisory opinion.

Nonetheless, and solely to demonstrate that the Superb Plaintiffs have engaged in no wrongdoing as raised – but not proven – by the Deo Defendants' latest assertion, the Superb Plaintiffs incorporate by reference the supplemental declaration of Urrutia. As expressed therein and summarized here, the thirteen (13) vehicles in question were always owned by Team. This is demonstrated by the fact they were on a floor plan line of credit with NextGear Capital ("NextGear"), which was the floor plan lender for Team.

Notwithstanding the foregoing, Deo caused these Team-owned vehicles which were floored on the NextGear line to be transferred to Superb through use of MV-50 forms in order to double-floor them on Superb's floor plan line of credit with Nissan Motor Acceptance Company LLC ("NMAC") in July 2023 on the heels of his planned exit from Superb while Urrutia was on vacation. This resulted in Superb being forced to pay those vehicles off because they were double-floored on NextGear and NMAC simultaneously. See ECF Docket Entry 11-14 (demand from NMAC to payoff vehicles owned by Team which were floored by Deo on Superb's line).

This is why Team-owned vehicles have MV-50s listing Superb as the owner of the vehicles, because this is the fraud that Deo perpetrated upon Urrutia. This $760,868.75 was the first blow to Superb as a going concern, followed by many more due to the chaos and carnage Deo caused thereafter, resulting in millions of dollars lost, four dealerships closed, and 125 layoffs of hardworking staff. This is why the Deo Defendants' latest motion must be denied, and it is why the Superb Plaintiffs' cross-motion for sanctions should be granted.

The Deo Defendants' new counsel's failure to read the entire docket and get the full picture of his client's conduct only amplifies the need to issue appropriate sanctions.

**Conclusion**

For the foregoing reasons, the Deo Defendants' motions must be denied in their entirety, and the Superb Plaintiffs' cross-motion for sanctions should be granted, with an award of attorneys' fees

The Superb Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
May 15, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

By: /s/ *Emanuel Kataev, Esq.*

Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record