# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

**VIA ECF**                                                                              May 18, 2026

United States District Court
Eastern District of New York
<u>Attn</u>: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

> *Re:*   **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
> <u>**Case No.: 2:23-cv-6188 (JMW)**</u>

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team Auto"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team Auto, and Urrutia collectively hereinafter the "Superb Plaintiffs") in the above-referenced case.

The Superb Plaintiffs write to respectfully notify this Court that they have complied with its direction to notify the circuit clerk of this Court's May 15, 2026 Memorandum and Order, ECF Docket Entry 505, in accordance with the aforesaid Memorandum and Order, Rule 12.1 of the Federal Rules of Appellate Procedure, and Rule 62.1 of the Federal Rules of Civil Procedure. <u>See</u> <u>Superb Motors Inc</u>, <u>*et al.*</u> <u>v. Deo</u>, <u>*et al.*</u>; Docket No.: 25-1330, ECF Docket Entry 120; <u>see</u> <u>also</u> copy of submission, *sans* exhibit, annexed hereto as **Exhibit "A."**

The Superb Plaintiffs thank this Court for its continued time and attention to this case.

Dated: Jamaica, New York
      May 18, 2026                                        Respectfully submitted,

                                                      **SAGE LEGAL LLC**

By:   */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

# EXHIBIT A

# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

May 18, 2026

**VIA ACMS**
United States Court of Appeals
for the Second Circuit
40 Foley Square
New York, NY 10007

>    *Re:*   **Superb Motors Inc.,** *et al.* **v. Deo,** *et al.*
>            **Docket No.: 25-1330-cv(L), 25-2189-cv(CON)**

Dear Sir or Madam, and may it please the Court:

This firm represents Plaintiff-Appellants Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") (Superb, Team, and Urrutia collectively hereinafter the "Superb Appellants") in the above-referenced appeal.

The Superb Appellants respectfully submit this letter in accordance with Rule 12.1 of the Federal Rules of Appellate Procedure (hereinafter referred to as "Appellate Rules" or "Appellate Rule") and Rule 62.1 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") to notify this Court of an indicative ruling made by the lower court in which the Hon. James M. Wicks, U.S.M.J. ("Judge Wicks") vacated the preliminary injunction in this case which is subject to the initial appeal filed under Docket No.: 25-1330.  See Superb Motors Inc, *et al.* v. Deo, *et al.*; Case No.: 2:23-cv-6188 (JMW), ECF Docket Entry 505; see also copy of May 15, 2026 Order annexed hereto as **Exhibit "A."**

## Relevant Factual Background and Procedural History

By way of background, this is a case brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO") in which two sets of dealerships, as co-Plaintiffs, seek relief against Defendant Anthony Deo ("Deo") and a host of co-conspirators for engaging in massive fraud which has harmed the Plaintiffs, banks, and customers.

A preliminary injunction was sought (and obtained) to save Superb and three other cross-collateralized non-party dealerships from closing.  Regrettably, Superb and the remaining dealerships associated with Superb were forced to shut down due to the Defendants' conduct.  The preliminary injunction was modified several times over the course of the last three (3) years, with one such modification permitting the sale of some of the vehicles.  Last year, the Superb Plaintiffs sought to modify the injunction to permit the relocation and/or sale of the remaining injuncted vehicles and that motion, as well as two subsequent related motions, were denied.  The Superb Plaintiffs noticed an appeal and moved for a stay as well as an expedited briefing schedule.  While the latter was denied, the former was effectively granted as the lower court issued a stay.  See Docket No.: 25-1330, ECF Docket Entry 20.

Subsequently, the Superb Plaintiffs noticed an appeal of the lower court's decision and Order granting in part and denying in part the Defendants' motions to dismiss the complaint for failure to state a claim upon which relief can be granted and Plaintiffs' cross-motion for leave to amend the complaint, as well as the Plaintiffs' motion for reconsideration concerning same.

The subsequent appeal was consolidated with the initial appeal on October 15, 2025. See Docket No.: 25-2189, ECF Docket Entry 29.

On December 1, 2025, the Superb Plaintiffs moved to vacate the injunction in the lower court pursuant to Rule 60. See Superb Motors Inc, *et al.* v. Deo, *et al.*; Case No.: 2:23-cv-6188 (JMW), ECF Docket Entry 340. As a result, the Plaintiffs sought an extension of time to perfect the appeal here, but this request was denied. See Docket No.: 25-1330, ECF Docket Entries 62 and 63.

The Superb Plaintiffs perfected a combined appeal on December 22, 2025. See ECF Docket Entry 72. The appeal is currently awaiting a decision on three (3) motions to dismiss, which are fully briefed and remain *sub judice*. See Docket No.: 25-1330, ECF Docket Entries 93, 95, and 97. No appellate briefs in opposition have been filed by any party.

On May 15, 2026, Judge Wicks granted the Superb Plaintiffs' motion to vacate the injunction and directed them to promptly notify the circuit clerk. See Superb Motors Inc, *et al.* v. Deo, *et al.*; Case No.: 2:23-cv-6188 (JMW), ECF Docket Entry 505 at 9-10.

**This Court Should Remand 25-1330 but Retain Jurisdiction over 25-2189**

Appellate Rule 12.1 provides, in pertinent part, that if a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states that it would grant the motion. See Fed. R. App. P. 12.1(a). Appellate Rule 12.1 further provides, in pertinent part, that if the district court states that it would grant the motion, the court of appeals may remand for further proceedings but retain jurisdiction unless it expressly dismisses the appeal. See Fed. R. App. P. 12.1(b).

Here, because the lower court has stated it would grant the motion to vacate the preliminary injunction, the Superb Plaintiffs respectfully submit that their appeal in Docket No.: 25-1330 should be remanded and a determination of same is rendered moot. However, for the reasons discussed in the Plaintiffs' opposition papers to the various defendant-appellees' motions to dismiss, the Superb Plaintiffs' respectfully submit that this Court should retain jurisdiction over the appeal in Docket No.: 25-2189. See Docket No.: 25-1330, ECF Docket Entry 101.

The Superb Appellants thank this honorable Court for its time and attention to this combined appeal.

2

Dated: Jamaica, New York
      May 18, 2026

                                  Respectfully submitted,

                                  **SAGE LEGAL LLC**

                                  */s/ Emanuel Kataev, Esq.*
                                  Emanuel Kataev, Esq.
                                  18211 Jamaica Avenue
                                  Jamaica, NY 11423-2327
                                  (718) 412-2421 (office)
                                  (917) 807-7819 (cellular)
                                  (718) 489-4155 (facsimile)
                                  emanuel@sagelegal.nyc

                                  *Attorneys for Plaintiff-Appellants*
                                  *Superb Motors Inc,*
                                  *Team Auto Sales LLC, and*
                                  *Robert Anthony Urrutia*

**VIA ACMS**
All counsel of record

3