**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

SUPERB MOTORS INC. *et al.*,

                        *Plaintiffs*,

          -against-

ANTHONY DEO *et al.*,

                        *Defendants*.

------------------------------------------------------------------X

**FILED**
**CLERK**

**5/19/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
23-CV-6188 (JMW)

**A P P E A R A N C E S:**

Emanuel Kataev
**Sage Legal LLC**
18211 Jamaica Avenue
Jamaica, NY 11423
*Attorneys for Plaintiffs Superb Motors Inc., Team Auto Sales LLC and Robert A. Urrutia*

Nipun Marwaha
**Marwaha Law Group, PLLC**
1539 Franklin Avenue, Ste 201
Mineola, NY 11501
*Attorney for Defendants Anthony and Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC, Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, UEA Premier Motors Corp.*

**WICKS**, Magistrate Judge:

Before the Court are three more motions seeking contempt and sanctions, two filed by the

Deo Defendants[1] and another cross motion for sanctions filed by Superb Plaintiffs.[2] (ECF Nos.

---

[1] "Deo Defendants" are Anthony Deo, Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

[2] "Superb Plaintiffs" are Superb Motors Inc., Team Auto Sales LLC and Robert Anthony Urrutia.

477, 486, 494.) Oral argument was held on May 8, 2026 (the "May 8 Hearing") and the Court allowed further briefing. Upon review of all the relevant filings (ECF Nos. 477, 486, 494-97, 503-04, 506-07), and for the reasons that follow, the Motions filed at ECF Nos. 477, 486, 494 are all **DENIED**.

## **LEGAL FRAMEWORK**

Every district court "has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (citing *Mickle v. Morin,* 297 F.3d 114, 125 (2d Cir. 2002)). Likewise, "[a] court may sanction a party under its inherent power to deter abuse of the judicial process and prevent a party from perpetrating a fraud on the court." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020). 28 U.S.C. § 1927 states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Sanctions under either 28 U.S.C. § 1927 or the court's inherent authority have the same requirements, and

> [t]he only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is ... that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both.

*James v. Kuhnle*, No. 19-CV-1175(KAM)(JMW), 2022 WL 1525488, at *3 (E.D.N.Y. May 13, 2022), *report and recommendation adopted*, No. 19-CV-1175(KAM)(JMW), 2022 WL 2046679 (E.D.N.Y. June 7, 2022) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)).

2

A court must find that the offending party's claims or actions were entirely without color and were brought in bad faith, meaning motivated by improper purposes such as harassment and delay or for other improper purposes. *Chabra v. MapleWood Partners, L.P.*, No. 12-CV-1113 (JS) (ARL), 2016 WL 11480706, at *7 (E.D.N.Y. Jan. 12, 2016), *report and recommendation adopted*, 2016 WL 868207 (E.D.N.Y. Mar. 7, 2016); *see Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012) (per curiam) (requiring "clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes." (cleaned up)); *see also Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-cv-9612 (LJL), 2024 WL 3824394, at *12 (S.D.N.Y. Aug. 14, 2024) (quoting *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)) (noting courts may utilize their inherent power and impose sanctions against a "party who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"). The courts use their inherent power "to award monetary sanctions against a party for that party's 'bad faith, vexatious, or wanton' misconduct." *Google LLC v. Starovikov*, No. 21-CV-10260 (DLC), 2022 WL 16948296, at *12 (S.D.N.Y. Nov. 15, 2022) (citing *Int'l Techs. Marketing, Inc. v. Verint Sys. Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021)).

Prior to imposing sanctions "due process requires that the party to be sanctioned … 'receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter, and must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges.'" *Rothman v. Complete Packing & Shipping Supplies, Inc.*, No. 22-CV-2821 (OEM) (ST), 2024 WL 4350433, at *3 (E.D.N.Y. Sept. 30, 2024) (collecting cases).

> [Minimally], the notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense. The opportunity

3

> to respond is judged under a reasonableness standard: a full evidentiary hearing is not required; the opportunity to respond by brief or oral argument may suffice.

*In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000) (internal citations omitted).

Lastly, "[p]ursuant to 18 U.S.C. § 401(3), a court is empowered to enforce compliance with its orders through civil contempt." *Guadalupe v. Chase Auto Fin. Corp.*, No. 25-CV-00718 (HG) (JMW), 2026 WL 472623, at *3 (E.D.N.Y. Feb. 19, 2026). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a reasonable certainty that a violation occurred." *Cricut, Inc. v. APA Tech. Co.*, 698 F. Supp. 3d 538, 547 (E.D.N.Y. 2023) (internal citations and quotations omitted).

Keeping these principles in mind, the Court considers the instant motions.

## **DISCUSSION**

The Court will not reiterate what was stated on the record at the May 8 Hearing for purposes of judicial economy and only outlines the general propositions of the arguments made.

First, the remaining portion of Deo Defendants' Motion at ECF No. 477,[3] seeks to hold Superb Plaintiffs in contempt for allegedly violating this Court's Orders by selling the "Lexus NX" vehicle as well as imposing sanctions. (ECF No. 477 at 3.) As already stated on the record at the May 8 Hearing, the Court found no grounds for the relief sought because the docket indicated that the Lexus vehicle was allowed to be sold. However, due to a mistake, another vehicle was sold inadvertently instead of the Lexus NX but that issue was fixed and reported to the Court. (*See* ECF No. 304 at 10.)

---

[3] The first portion seeking relocation of vehicles has now been deemed moot due to the vacatur of the Preliminary Injunction. (*See* ECF No. 505.)

Second, the subsequent motion filed by Deo Defendants seeks sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. (ECF No. 486.) As discussed at the May 8 Hearing, there are similar issues in both motions made by the Deo Defendants, which *inter alia* argue that Superb Plaintiffs have lied to the Court and/or made false representations. While the Court allowed the parties to submit additional briefings on this issue after the May 8 Hearing, the new filings do not meet the required standards. Thus, the Court's position has not changed.

Third, Superb Plaintiffs' cross-motion for sanctions in sum alleges that Deo Defendants have used artificial intelligence ("AI") and should be sanctioned due to the frivolous above filings. (ECF Nos. 494-95.) Here, there is no evidence or support that artificial intelligence tools have been used. Indeed, such a serious accusation should not be taken lightly. Superb Plaintiffs are warned not to make allegations of this nature without further evidence.

Put simply, neither side has met the standards for sanctions or civil contempt. There is a paucity of support for finding *convincing evidence* bad faith, or disobedience of Court Orders. The parties continue to point fingers at each other and shift the blame of "wrongdoings" which in turn has led to the unnecessarily voluminous docket. And pointing fingers does not point the case forward. All the allegations apart from the AI accusations are issues to be dealt with at trial such as allegations of fraudulent conduct connected with the vehicles at issues. This Court has dealt with similar issues which appear to surface on a semestral basis, where the Court denied analogous requests. On November 5, 2025, this Court wrote:

> [n]onetheless, a review of the above, leads the Court to a finding that sanctions are not warranted. What is clear is the fact that generalized allegations are spewed by the parties. "[T]he imposition of sanctions pursuant to a court's inherent authority is truly discretionary." *Livevideo.AI Corp.*, 2025 WL 2933706, at *21 (internal citations omitted). Before a Court exercises this inherent authority, a clear and convincing standard of evidence must be met to demonstrate that the conduct was made in bad faith. *See Wager v. Secure Integration, LLC*, No. 19-CV-3547 (MKV)(KNF), 2021 WL 4311373 at *7-8 (S.D.N.Y. Sept. 21, 2021) (finding that

5

the moving party did not establish by clear and convincing evidence that the other party's actions were made in bad faith, which is "a prerequisite to an award of sanctions under the court's inherent power"). Indeed, Superb Plaintiffs provide the Court with a laundry list of alleged perjury that the named Defendants "committed". Such allegations are better suited for the fact finder once this matter finally meets its way to trial. At this stage, allegations of "[p]erjury alone does not constitute fraud upon the court." *Skywark v. Isaacson*, No. 96-CV-2815 JFK, 1999 WL 1489038, at *14 (S.D.N.Y. Oct. 14, 1999), *aff'd,* No. 96-CV-2815 (JFK), 2000 WL 145465 (S.D.N.Y. Feb. 9, 2000) (internal citations omitted). ("Rather, such an affront occurs where a party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his adversary's defense of the action.")

*Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 3083867, at *5 (E.D.N.Y. Nov. 5, 2025).

The Court is cognizant that it has the power to impose sanctions prior to trial that "go to the merits of the case" but declines to do so given the lack of evidence and support marshalled on the current application. *See Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 138 (2d Cir. 2023) (quoting *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983) (stating that "a motion for sanctions, when premised on a party's fraud on the court or discovery misconduct under Rule 37, does not implicate the Seventh Amendment's jury trial guarantee. Resolving such a motion, including by imposing a case-terminating sanction, is solely within the purview of the district court as trier of fact. … even if … "issues raised [in the motion for sanctions] go to the merits of the case")).

6

**CONCLUSION**

For the reasons stated herein, the Deo Defendants' Motions for Sanctions and Contempt (ECF Nos. 477, 486) are **DENIED**, and the Superb Plaintiffs' Cross-Motion for Sanctions (ECF No. 494) is likewise **DENIED**.  The parties were forewarned at oral argument to refrain from filing unnecessary motions and vexatious litigation conduct which, if it persists, could lead to an anti-filing injunction. *See Orego v. Knipfing*, 20CV3361 (SJB)(AYS), 2026 WL 1265642, at *12 (E.D.N.Y. May 8, 2026) (issuing anti-filing injunction based upon the litigation history).

Dated: Central Islip, New York
        May 19, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge