# Sage Legal LLC

**1981 Marcus Avenue ● Suite C129 ● New Hyde Park, NY 11042-1017 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

May 21, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

> **Re:    Superb Motors Inc, *et al.* v. Deo, *et al.*
>         Case No.: 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This office, together with Cyruli, Shanks & Zizmor LLP, represent the Plaintiffs in the above-referenced case.  Plaintiffs write in accordance with Rule 37 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Local Civil Rules 37.1 and 37.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter "Local Civil Rules" or "LCR"), and ¶ 3(A) of this Court's Individual Practice Rules (the "Individual Rules") to compel responses to post-deposition discovery demands against the Deo Defendants[1] and Libertas Funding LLC ("Libertas").

## Relevant Factual Background and Procedural History

Depositions in this case were taken from December 2025 through April 14, 2026.  On March 26, 2026, Plaintiffs served combined post-deposition discovery demands upon the Deo Defendants, Libertas, and Flushing Bank ("Flushing").  See copy of demands annexed hereto as **Exhibit "A."**

In accordance with Rule 34, responses thereto were due on Monday, April 27, 2026, as the thirty (30) day deadline fell on Saturday, April 25, 2026.  See Fed. R. Civ. P. 34(b)(2)(A); see also Fed. R. Civ. P. 6(a)(1)(C).

Flushing requested and received an extension of time until Friday, May 1, 2026 to provide responses.  Flushing submitted their responses and an additional production of documents on Friday, May 1, 2026.[2]  Libertas similarly asked for an extension of time, but failed to provide any responses.  The Deo Defendants did not request any extension and failed to provide responses.

---

[1] The Deo Defendants consist of Anthony Deo, Sarah Deo, Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp. (collectively hereinafter the "Deo Defendants").

[2] Plaintiffs are reviewing Flushing's responses and this motion is made without prejudice to asserting any deficiency against it.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
May 21, 2026
P a g e | 2

On May 4, 2026, Plaintiffs wrote to counsel for the Deo Defendants and Libertas, as well as Thomasson, requesting availability to meet-and-confer in accordance with Rule 37. Plaintiffs received no response.

## Deo Defendants, Thomasson, & Libertas Waived Objections & Responses Must be Compelled

When a party fails to timely respond to discovery demands, all objections have been waived. See Ballard v. Dzurenda, No. 20-CV-05241 (MKB) (JMW), 2026 WL 472575, at *3 (E.D.N.Y. Feb. 19, 2026) (citing Fed. R. Civ. P. 34(b)(2); Tedaldi v. Am. Paving Inc., No. 24-CV-5011 (SJB) (JMW), 2025 WL 1349033, at *2 (E.D.N.Y. Apr. 23, 2025) (collecting cases on this principle); C.K. through P.K. v. Bassett, No. 22-CV-1791 (BMC) (JMW), 2023 WL 4086333, at *5 (E.D.N.Y. June 20, 2023) (same); Eldaghar v. City of New York Department of Citywide Administrative Services, No. 02-CV-9151 (KMW) (HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests.... Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences")). Accordingly, objections –with the exception of any privileged matters – should be waived. Id. (citing Fed. R. Civ. P. 34(b)(2)).

Where a defendant fails to respond to discovery requests, courts routinely grant relief by compelling responses by an Order. See Sadowski v. Yeshiva World News, LLC, No. 21CV7207AMDMMH, 2023 WL 6812273, at *2 (E.D.N.Y. Oct. 16, 2023) ("In this case, Defendant has not responded at all to any of Plaintiff's propounded discovery requests or any other communications. For these reasons, Plaintiff's motion to compel production is granted"). Accordingly, Plaintiffs' motion to compel should be granted.

## Deo Defendants, Thomasson, & Libertas Should be Sanctioned for Failure to Timely Respond

"The imposition of sanctions under Rule 37 lies within the broad discretion of the district court." See Ballard, 2026 WL 472575, at *3 (citing Perros v. Cnty of Nassau, CV 15-5598 (GRB) (AKT), 2021 WL 4480666, at *7 (E.D.N.Y. Sep. 30, 2021) (noting that "Rule 37 is most relevant when a party fails to comply with a court order to produce discovery or fails to produce to an adversary relevant, requested information") (internal quotation and citation omitted)) (citing also Charles v. Cnty. of Nassau, 116 F. Supp. 3d 107, 121 (E.D.N.Y. 2015) ("Failure to timely produce documents during the discovery period is a violation of discovery rules, subject to sanctions pursuant to Rule 37"); Samonte v. Wanat, No. 13-CV-226 (MKB), 2014 WL 1817605, at *6 (E.D.N.Y. May 6, 2014) (same)).

With this discretion, the Court is afforded a wide panoply of options once it is determined that discovery sanctions are warranted. See Ballard, 2026 WL 472575, at *3.

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
May 21, 2026
P a g e | 3

"Rule 37 provides a district court with a wide range of sanctions which it may apply to a wide range of circumstances – potential sanctions extend from payment of expenses and similar monetary sanctions at one end of the spectrum to default judgment on the other." Id. (citing Abante Rooter & Plumbing, Inc. v. Shore Funding Sols., Inc., No. 17-CV-6499 (ADS) (AKT), 2019 WL 2436239, at *5 (E.D.N.Y. Mar. 6, 2019), report and recommendation adopted, 2019 WL 1986606 (E.D.N.Y. May 6, 2019)).

Pursuant to Rule 37, the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Id. (citing Fed. R. Civ. P. 37(d)(1)(A)(ii)).

Rule 37 explicitly provides that if a discovery motion is granted, a court must require the non-compliant party to pay attorney's fees or the moving party's reasonable expenses. Id. (citing Fed. R. Civ. P. 37(a)(5); Adler v. Sonotec US Inc., No. 23-CV-1634 (GRB) (ST), 2025 WL 2614993, at *9 (E.D.N.Y. Sept. 10, 2025) (citing Fed. R. Civ. P. 37(a)(5)(A) ("when a discovery motion is granted pursuant to Rule 37, the Court must 'require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees'")).

In light of the Deo Defendants and Libertas failure to timely respond to the post-deposition discovery demands, Plaintiffs respectfully seek an Order issuing appropriate relief.

Plaintiffs thank this Court for its time and attention to this case.

Dated: Jamaica, New York
      May 21, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record

3