UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HWY AUTO LLC, NORTHSHORE MOTOR
LEASING, LLC, BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR
LEASING, LLC, JOSHUA AARONSON, individually
and derivatively as a member of 189 SUNRISE HWY
AUTO, LLC, JORY BARON, 1581 HYLAN BLVD
AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591
HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD
AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519
HYLAN BLVD AUTO LLC, 76 FISK STREET
REALTY LLC, 446 ROUTE 23 AUTO LLC and
ISLAND AUTO MANAGEMENT, LLC,

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY
THOMASSON, DWIGHT BLANKENSHIP, MARC
MERCKLING, MICHAEL LAURIE, THOMAS
JONES, CPA, CAR BUYERS NYC INC., GOLD
COAST CARS OF SYOSSET LLC, GOLD COAST
CARS OF SUNRISE LLC, GOLD COAST MOTORS
AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS
CORP., DLA CAPITAL PARTNERS INC., JONES,
LITTLE & CO., CPA'S LLP, FLUSHING BANK,
LIBERTAS FUNDING LLC, and J.P. MORGAN
CHASE BANK, N.A.,

Defendants.
-------------------------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**PLAINTIFFS' COMBINED POST-
DEPOSITION REQUEST FOR
PRODUCTION OF DOCUMENTS**

**PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Plaintiffs demand that Defendants produce for inspection and copying the documents described herein. Production shall be made at the office of Plaintiffs' attorneys, Sage Legal LLC, 18211 Jamaica Avenue, Jamaica, NY 11423-2327, within thirty (30) days of receipt of this notice.

The demands that follow are to be considered as continuing, and Defendants are requested to provide, by way of amendment or supplementation of their responses, such additional information as they, or any person acting on their behalf, may hereafter obtain which will augment, clarify, correct, or otherwise modify the responses now given to these Requests, as set forth in Rule 26(e).

## DEFINITIONS AND INSTRUCTIONS

A.      As used herein, the following terms shall have the meanings indicated below:

"Superb" refers to Superb Motors, Inc.

1.      "Ally Bank Floor Plan" refers to the floor plan credit line maintained by Island Auto Group with Ally Bank and used to purchase inventory.

2.      "Blankenship" refers to Dwight Blankenship.

3.      "Chase Bank" refers to J.P. Morgan Chase Bank, N.A.

4.      "Deo" refers to Anthony Deo.

5.      "Deo Defendants" refer, collectively, to Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

2

6.      "Efaz" refers to Efaz Deo.

7.      "Flushing Bank" refers to Flushing Bank.

8.      "Laurie" refers to Michael Laurie.

9.      "Libertas" refers to Libertas Funding LLC.

10.     "Merckling" refers to Marc Merckling.

11.     "Northshore" refers to Northshore Motor Leasing LLC.

12.     "Puccio" refers to Robert Puccio.

13.     "S. Deo" refers to Sarah Deo.

14.     "Sunrise" refers to 189 Sunrise HWY Auto LLC.

15.     "Superb" refers to Superb Motors, Inc.

16.     "Team Auto Sales" refers to Team Auto Sales LLC.

17.     "Thomasson" refers to Harry Thomasson.

18.     "Urrutia" refers to Robert Anthony Urrutia.

B.      "Complaint" refers to Plaintiffs' third amended complaint, filed on August 8, 2025.

See ECF Docket Entry 316.

C.      Unless otherwise specified in a specific Request, these Requests cover the time period from January 1, 2016 through and including the present.

D.      The term "document" includes, but is not limited to, all originals, copies or drafts, whether written, printed, taped or otherwise recorded, of any matter in the possession, custody or control of Defendants or their representatives, including but not limited to all of the following: agreements, communications, personal calendars, correspondence, text messages, e-mails, telegrams, memoranda, summaries or records of telephone conversations or interviews, diaries, drafts, reports, notebooks, notes, charts, plans, drawings, sketches, maps, computer printouts,

3

summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, electronically recorded sound in the form of tapes or cassettes, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, and all other writings.

E.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

F.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

G.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.  The term "any" shall include the word "all" and "all" shall include "any."

H.    The use of the singular form of any word includes the plural and vice versa.

I.    The term "identify" when used with reference to an individual or entity, means to state his/her or its full name and present address, present or last-known position and business affiliation, position and business affiliation at the time in question, and telephone number.

J.    Where a date is requested, it shall mean to provide the exact day, month and year; if such information cannot be ascertained, it shall mean to the best approximation.

K.    All requested documents in Defendants' possession, custody or control are to be produced.  This includes documents in the possession, custody or control of Defendants' attorneys, their investigators, or any third party or parties to whom Defendants have surrendered possession, custody or control of documents, anyone acting on Defendants' behalf, anyone who has otherwise

4

obtained possession, custody or control of these documents, or anyone who, upon request, would surrender possession, custody or control of documents to Defendants.

L.       In the event that any document responsive to this request is withheld, in whole or in part, pursuant to a claim of attorney-client privilege, work-product privilege, immunity or other such bases, Defendants are directed to specify the basis for non-production of the information or document, the date of the preparation or transmission of the information or document, its generic description (e.g., letter, memorandum, etc.), the identity of all persons who prepared and received the information or document, and its general subject matter.

M.       Each request for disclosure of documents contemplates production of the document in its entirety, without abbreviation or expurgation.  If Defendants are unable to produce a complete version of a document, they are to state so in writing and to produce whatever portion of said document that they are able to produce, specifying their inability to produce the remaining portion of said document, and stating whatever information or knowledge they have concerning the documents they are unable to produce, including, but not limited to, the content of such document. If any such document was but is no longer in their possession, custody or control, they must state the disposition that was made of it, the individual or entity currently in possession of the document, and the reason for such disposition.

N.       Where an objection is made to any request or subpart thereof, the objection shall state with specificity all grounds.  Any ground not stated in an objection shall be waived.

O.       In the event that any document called for by this request has been destroyed, that document is to be identified in writing as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments, exhibits or appendices, all persons to whom

distributed, shown, explained, or discussed, date of destruction, manner of destruction, person who authorized destruction, and person who destroyed the document.

P.      In responding to these requests, Defendants must furnish all information available to them, including information in the possession of their attorneys, or their investigators, and all persons acting on their behalf.  Responses should not be limited to Plaintiff's personal knowledge. If Defendants cannot response any request in full after exercising due diligence to secure the information sought, they should so state and response to the extent possible, specifying the reason(s) for their inability to respond to the remainder, and providing any information or knowledge that they have concerning the portions not responded to.

Q.      Each request and each subpart of each request shall be responded to separately. Each response shall first set forth verbatim the request to which it is responsive.  Requests or subparts thereof shall not be combined for the purpose of supplying a common response thereto. The response to a request or a subpart thereof shall not be supplied by referring to the response to another request or subpart thereof, unless the request or subpart referred to supplies a complete and accurate response to the request or subpart thereof being responded to.

R.      Where a claim of privilege is asserted in objecting to any request, or subpart thereof, and an response is not provided on the basis of such assertion: (a) identify the nature of the privilege (including work-product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicating the privilege rule being invoked; and (b) provide the following information: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; (iii) the general subject matter of the communication.

**REQUESTS FOR PRODUCTION**

**PLAINTIFFS' REQUESTS TO BLANKENSHIP**

**REQUEST FOR PRODUCTION NO. 1:** All documents concerning any patrol guide issued by the Nassau County Police Department.

>  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents concerning any requests by Blankenship, and related authorization, concerning off-duty employment and/or work for Deo.

>  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents concerning any bank statements from Deeg LLC, including those pertaining to any monies paid by Deo.

>  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All documents concerning any screenshots and/or compilations of text messages between Blankenship and Joe the mechanic.

>  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All tax returns for Deeg LLC.

>  **RESPONSE:**

**PLAINTIFFS' REQUESTS TO DEO DEFENDANTS**

**REQUEST FOR PRODUCTION NO. 6:** Any retainer agreement(s) between Thomasson and Deo, S. Deo, and any entities owned by Deo.

>  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Any agreement concerning the leasing, renting, owning, buying, or other transactions pertaining to Deo's house at 3 Hunting Lane, Old Westbury, 11568.

7

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Any plea agreement concerning Deo's criminal case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All entity/corporate organization and formation documents for UEA Premier Motors Corp.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All applications and documents for any floor plan line opened with NextGear as a floor plan lender, or any other floor plan lender, for any dealerships owned, operated, and/or managed by Deo.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All documents concerning DMV license application(s) for any dealerships owned or operated by Deo, including any correspondence regarding those applications between Deo and DMV, as well as any correspondence between or among the Defendants in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All entity/corporate organization and formation documents for Universal Exotic Autos Inc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All banking records of Universal Exotic Autos Inc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All documents concerning requests to return DMV license, including any related correspondence for Universal Exotic Autos Inc. or UAE Premier.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Any application(s) concerning floor plan lenders, including but not limited to NextGear, Ally, NMAC, and Westlake.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All bank statements for Northshore Funding and Management LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All entity/corporate organization and formation documents for Northshore Motor Leasing LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All payments to Jones, Little & Co., CPA's, LLP and Thomas Jones, CPA by Deo and any entities owned or operated by Deo.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** The application for the $500,000.00 EIDL loan with Chase or any other financial institution, and any related documents concerning that loan application.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All monthly statements from Westlake or any other floor plan lender, and any other statements from Westlake or any other floor plan lender for any entity owned or controlled by Deo.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** All documents and communications with NESNA.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** All K-1s in which Deo has an ownership interest in Northshore, from 2017 through and including the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All documents pertaining to any intercompany or intercorporate loans for any entity owned or controlled by Deo, including any prefilled 4506-T forms.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All tax documents for Car Buyers NYC Inc., including form W-2s, form 1099s, and any other documents which may indicate any consultant(s) other than Deo.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All documents showing that Deo placed any money into Superb from any of his corporate accounts or from his personal name.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All documents concerning the fee agreement, and any other agreement(s), signed between Deo and Laurie (and/or any other individual member of the Deo Defendants).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All documents concerning written communications, including but not limited to emails and text messages, between Deo and Urrutia, concerning Deo following up with Urrutia to clarify information regarding communications concerning financial information.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All documents concerning any loan application(s) in the possession, custody, and control of Deo for any entity which he owned or controlled.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** All documents concerning any loan application(s) to Flushing Bank by Deo, through Superb.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** All documents concerning/showing any money coming from Deo, or any entity owned or controlled by Deo, into Superb.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** All personal tax returns for Deo since 2016.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** All documents concerning any written communications concerning the reduction in the floor plan line of Northshore and Sunrise, as testified by Deo.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** All tax returns of Deo Defendants from 2022.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** All documents concerning any communications in which Deo asked for K-1's for Northshore or Sunrise.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** All documents, including related communications, concerning any agreement which Ron Baron signed stating that he agreed to sell his interest in Baron Nissan to Deo.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** All documents which have not yet been produced concerning Deo's ownership of Northshore and Sunrise.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** All documents concerning any agreement(s) between Deo and Urrutia regarding monthly payments for the purchase of Superb, starting in February of 2023.

**RESPONSE:**

**PLAINTIFFS' REQUESTS TO FLUSHING BANK**

**REQUEST FOR PRODUCTION NO. 38:** All documents concerning any written protocols Flushing Bank has in connection with the business bankers' rules and regulations concerning their processes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** All Deo's tax returns that are in possession of Flushing Bank.

**REQUEST FOR PRODUCTION NO. 40:** All documents concerning the checklist involved in the loan transaction(s) between Deo and Flushing Bank.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** All documents concerning the checklist that Flushing Bank used for loan transaction(s) in 2023 (at the time of Deo's transaction).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** All documents concerning bank statements of Superb, Northshore or Sunrise by Flushing Bank, in connection with the subpoena or lawsuit, which have not yet been produced.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** All documents concerning any agreement(s) between Flushing Bank and Robert Puccio concerning his separation from employment or this lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** All documents concerning any policies that Flushing Bank has concerning kickbacks, bribes, or similar types of incidents.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** All documents concerning David Weinstein, including but not limited to correspondence (whether in the form of e-mails, text messages, or otherwise), which were withheld on the basis of privilege.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** All documents concerning Puccio's personnel file, including but not limited to any disciplinary history.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** All documents concerning all written performance evaluations of Messrs. Weinstein and Puccio.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** All documents concerning any agreement(s) between Flushing Bank and Synergy, including but not limited to any user manuals and/or related user documentation concerning such a program.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** All documents concerning any agreement(s) between Flushing Bank and Oasis, including but not limited to any user manuals and/or related user documentation concerning such a program.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** All documents concerning any agreement(s) between Flushing Bank and any third-party entity that was used to detect, deter, and prevent ACH transaction fraud.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** All documents concerning any SARS reports filed in relation to this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:** All documents concerning Flushing Bank's Bank Secrecy Act ("BSA") policy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** All documents concerning any agreement(s) Flushing Bank has with the owner of any third-party system, as well as any related user manuals or documentation concerning use of such system.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** All documents concerning any entries in Flushing Bank's fraud prevention system related to Northshore, Sunrise, Superb, Deo, any entity owned by Deo, and/or Urrutia.

**RESPONSE:**

14

**REQUEST FOR PRODUCTION NO. 55:** All documents concerning all information contained in the MISER profile, which has not already been produced.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** All documents concerning any search results in MISER for any profile maintained by Superb.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:** All documents concerning all search results of MISER regarding the tax ID of Superb, the name "Superb Motors Inc," and any related CIF numbers.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:** All documents concerning Flushing Bank's data retention policy.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:** All documents concerning any shareholders agreement(s) produced to Flushing by Deo, in connection with the bank account opened in April 2023.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:** All documents concerning any policy by Flushing Bank concerning the requirements for opening up a bank account for a corporation.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:** All documents concerning any security features which were activated for the account that Flushing Bank had opened for Superb.

    **RESPONSE:**

## PLAINTIFFS' REQUESTS TO LAURIE

**REQUEST FOR PRODUCTION NO. 62:** All documents concerning any written agreement covering the brokerage for Deo's deal with Albert Hakim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:** All documents concerning any agreement(s) between Deo and Laurie concerning obtaining a Flushing Bank loan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:** All documents concerning any agreement(s) concerning the personal loan obtained by Laurie.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:** All documents concerning all payment records between Laurie, Deo, and any entity owned by Deo.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:** All documents concerning any communications regarding Urrutia giving Deo authority to run Superb.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:** All documents concerning monies paid by Deo to Laurie or DLA Capital Partners.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:** All documents concerning any written agreement(s) between Deo, DLA Capital Partners, and Laurie's customer.

**RESPONSE:**

**PLAINTIFFS' REQUESTS TO LIBERTAS**

**REQUEST FOR PRODUCTION NO. 69:** All documents concerning the checklist that was used in connection with Northshore or Sunrise.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:** All documents which may indicate who the Libertas individual was who dealt with National Business Capital on the transaction at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:** All documents and communications, via email or in writing, between anyone at Libertas and National Business Capital concerning the transactions at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:** All documents which are used to indicate the computer-generated system to allow for certain funding to Northshore or Sunrise.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:** Any application form submitted either to Libertas or the ISO or prepared by the customer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:** All documents in the Libertas file for Northshore and/or Sunrise not already produced.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:** All financial statements that D'Aprile claims he did not have access to in reviewing the transaction at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:** All documents concerning Northshore's year-to-date financial statement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:** Recording of interview between Libertas (D'Aprile) and Deo, as well as any other virtual meeting or telephonic conference regarding Northshore, Sunrise, and/or Deo.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:** All documents concerning Libertas' document and video retention policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:** The written employment agreement/contract between D'Aprile and Libertas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:** All documents and videos referenced by Manzueta and/or that may be maintained in the files of Libertas in connection with this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:** All documents concerning the pre-approval letter by Libertas for Northshore or Libertas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:** All documents concerning Slack communications by Libertas concerning the account(s) for Northshore, Sunrise, Deo, and/or any entity owned by Deo.

**RESPONSE:**

18

**REQUEST FOR PRODUCTION NO. 83:** All documents concerning notes electronically stored by Libertas in connection with Northshore, Sunrise, Deo, and/or any entity owned by Deo.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:** All documents concerning all communications between Libertas and Deo, Thomasson, and/or Phil Fernandes concerning the account(s) Northshore, Sunrise, Deo, and/or any entity owned by Deo.

**RESPONSE:**

## PLAINTIFFS' REQUESTS TO MERCKLING

**REQUEST FOR PRODUCTION NO. 85:** All documents concerning all payments from Deo to Merckling and/or Merck27 Inc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:** All documents concerning the written request for authorization with NCPD, and any other related documents, including the patrol guide.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:** All documents concerning check payments from any wholesaler, including but not limited to Nethanel Orgad, for payments made on vehicles.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:** The document left with Merckling by the FBI.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:** All documents concerning any communications between Merckling, Deo, and any other of the individual defendants.

**RESPONSE:**

**PLAINTIFFS' REQUESTS TO THOMASSON**

**REQUEST FOR PRODUCTION NO. 90:** All documents concerning e-mails exchanged between Thomasson and any United States Attorney, including but not limited to AUSA Mirabile.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:** All documents concerning any notes taken by Thomasson at his deposition.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:** All documents concerning any agreement(s) between the Deos and Credit Acceptance Corp., related to Northshore.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:** All documents concerning any written communication with Ally concerning UCC liens placed on Northshore and/or Sunrise.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 94:** All documents concerning any written request to process a wire at your bank for the Libertas funds.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:** All documents concerning any retainer agreement(s) or other agreement(s) relating to the provision of legal services for Deo and any of his business interests.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 96:** All documents concerning any notes from the day that Thomasson visited Northshore while a floor plan audit was ongoing.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 97:** All documents concerning the un-redacted payment receipt for the lamp that had been in the office of Superb.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 98:** The document concerning Ron Baron's signature which Thomasson believes he handed to Justice Timothy Driscoll and the other parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 99:** The document concerning the submission of the DMV change of ownership application for Northshore and/or Sunrise completed by Deo and sent back to Plaintiffs to be filed with the DMV.

**RESPONSE:**

Dated:  Jamaica, New York
　　　　March 26, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

21

Dated: New York, New York
 March 26, 2026

**CYRULI SHANKS & ZIZMOR LLP**

<u>     /s/ Jeffrey C. Ruderman, Esq.     </u>
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

**<u>VIA E-MAIL</u>**
All counsel of record