UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HWY AUTO LLC, NORTHSHORE MOTOR
LEASING, LLC, BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR
LEASING, LLC, JOSHUA AARONSON, individually
and derivatively as a member of 189 SUNRISE HWY
AUTO, LLC, JORY BARON, 1581 HYLAN BLVD
AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591
HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD
AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519
HYLAN BLVD AUTO LLC, 76 FISK STREET
REALTY LLC, 446 ROUTE 23 AUTO LLC and
ISLAND AUTO MANAGEMENT, LLC,

                                    Plaintiffs,

      -against-

ANTHONY DEO, SARAH DEO, HARRY
THOMASSON, DWIGHT BLANKENSHIP, MARC
MERCKLING, MICHAEL LAURIE, THOMAS
JONES, CPA, CAR BUYERS NYC INC., GOLD
COAST CARS OF SYOSSET LLC, GOLD COAST
CARS OF SUNRISE LLC, GOLD COAST MOTORS
AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS
CORP., DLA CAPITAL PARTNERS INC., JONES,
LITTLE & CO., CPA'S LLP, FLUSHING BANK,
LIBERTAS FUNDING LLC, and J.P. MORGAN
CHASE BANK, N.A.,

                                  Defendants.

-------------------------------------------------------------------X

**Case No.: 2:23-cv-6188 (JMW)**

**PLAINTIFFS' COMBINED
POST-DEPOSITION
INTERROGATORIES**

1

**PLEASE TAKE NOTICE** that pursuant to Rule 33 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Plaintiffs propound the following interrogatories upon Defendants, to be answered in writing and under oath within thirty (30) days of service hereof.

The interrogatories that follow are to be considered as continuing, and Defendants are requested to provide, by way of amendment or supplementation of their responses, such additional information as they, or any person acting on their behalf, may hereafter obtain which will augment, clarify, correct, or otherwise modify the answers now given to these Interrogatories, as set forth in Rule 26(e).

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

A.      As used herein, the following terms shall have the meanings indicated below:

1.      "Ally Bank Floor Plan" refers to the floor plan credit line maintained by Island Auto Group with Ally Bank and used to purchase inventory.

2.      "Blankenship" refers to Dwight Blankenship.

3.      "Chase Bank" refers to J.P. Morgan Chase Bank, N.A.

4.      "Deo" refers to Anthony Deo.

5.      "Deo Defendants" refer, collectively, to Anthony Deo, Sarah Deo, Harry Thomasson, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

6.      "Efaz" refers to Efaz Deo.

7.      "Flushing Bank" refers to Flushing Bank.

8.      "Laurie" refers to Michael Laurie.

9.      "Libertas" refers to Libertas Funding LLC.

10.     "Merckling" refers to Marc Merckling.

11.     "Northshore" refers to Northshore Motor Leasing LLC.

12.     "Puccio" refers to Robert Puccio.

13.     "S. Deo" refers to Sarah Deo.

14.     "Sunrise" refers to 189 Sunrise HWY Auto LLC.

15.     "Superb" refers to Superb Motors, Inc.

16.     "Team Auto Sales" refers to Team Auto Sales LLC.

17.     "Thomasson" refers to Harry Thomasson.

18.     "Urrutia" refers to Robert Anthony Urrutia.

B.      "Complaint" refers to Plaintiffs' third amended complaint, filed on August 8, 2025.

See ECF Docket Entry 316.

C.      Unless otherwise specified in a specific interrogatory, these interrogatories cover the time period from January 1, 2016 through and including the present.

D.      The term "document" includes, but is not limited to, all originals, copies or drafts, whether written, printed, taped or otherwise recorded, of any matter in the possession, custody or control of Defendants or their representatives, including but not limited to all of the following: agreements, communications, personal calendars, correspondence, text messages, e-mails, telegrams, memoranda, summaries or records of telephone conversations or interviews, diaries, drafts, reports, notebooks, notes, charts, plans, drawings, sketches, maps, computer printouts, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, electronically

3

recorded sound in the form of tapes or cassettes, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, and all other writings.

E.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

F.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

G.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope. The term "any" shall include the word "all" and "all" shall include "any."

H.     The use of the singular form of any word includes the plural and vice versa.

I.     The term "identify" when used with reference to an individual or entity, means to state his/her or its full name and present address, present or last-known position and business affiliation, position and business affiliation at the time in question, and telephone number.

J.     Where a date is requested, it shall mean to provide the exact day, month and year; if such information cannot be ascertained, it shall mean to the best approximation.

K.     If, in answering any interrogatory, Defendants rely upon or refer to any document, Defendants shall identify such document with sufficient particularity to permit Plaintiffs to request its production.

L.     In the event that any information responsive to these interrogatories is withheld, in whole or in part, pursuant to a claim of attorney-client privilege, work-product privilege, immunity or other such bases, Defendants are directed to specify the basis for withholding the information,

4

the date of the communication or document, its generic description (e.g., letter, memorandum, etc.), the identity of all persons who prepared and received the information or document, and its general subject matter.

M.      If Defendants contend that information responsive to any interrogatory was contained in a document that is no longer in their possession, custody or control, they must state the disposition that was made of it, the individual or entity currently in possession of the document, and the reason for such disposition.

N.      Where an objection is made to any interrogatory or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated in an objection shall be waived.

O.      If Defendants are unable to answer any interrogatory fully after exercising due diligence, they shall so state and answer to the extent possible, specifying the reasons for their inability to respond fully and providing whatever information or knowledge they have concerning the unanswered portion.

P.      In answering these interrogatories, Defendants must furnish all information available to them, including information in the possession of their attorneys, their investigators, and all persons acting on their behalf. Responses should not be limited to Defendants' personal knowledge.

Q.      Each interrogatory and each subpart of each interrogatory shall be answered separately. Each answer shall first set forth verbatim the interrogatory to which it is responsive. Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer thereto. The answer to an interrogatory or a subpart thereof shall not be supplied by referring to the answer to another interrogatory or subpart thereof, unless the interrogatory or

subpart referred to supplies a complete and accurate answer to the interrogatory or subpart thereof being answered.

R.      Where a claim of privilege is asserted in objecting to any interrogatory, or subpart thereof, and an answer is not provided on the basis of such assertion: (a) identify the nature of the privilege (including work-product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the privilege rule being invoked; and (b) provide the following information: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; (iii) the general subject matter of the communication.

## INTERROGATORIES

## PLAINTIFFS' INTERROGATORIES TO LIBERTAS

**INTERROGATORY NO. 1:** Identify the name and contact information of the individual at Libertas who dealt with National Business Capital.

**ANSWER:**

**INTERROGATORY NO. 2:** Explain why documents concerning the remainder of the Libertas file were not produced.

**ANSWER:**

**INTERROGATORY NO. 3:** Identify full bank account numbers (and routing numbers) for any of the accounts referenced by Jessica Patrovic (wherein the seven payments at issue were made).

**ANSWER:**

**INTERROGATORY NO. 4:** Identify the account(s) where the money (from the seven payments at issue were made) were deposited.

## PLAINTIFFS' INTERROGATORY TO DEO DEFENDANTS

**INTERROGATORY NO. 5:** Identify any text messages and/or other written communications that show Deo following up with Urrutia to clarify information regarding communications concerning financial information.

**ANSWER:**

## PLAINTIFFS' INTERROGATORIES TO FLUSHING BANK

**INTERROGATORY NO. 6:** Identify the name and contact information of the individual(s) who can provide information on the process of seeking a business loan from Flushing Bank's business banking department.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify the name of the tool(s), if any, used by Flushing Bank to detect, deter, and prevent fraud with respect to ACH transactions.

**ANSWER:**

**INTERROGATORY NO. 8:** Identify the name of the system where Flushing Bank keeps all their filings and investigations in.

**ANSWER:**

## PLAINTIFFS' INTERROGATORIES TO LAURIE

**INTERROGATORY NO. 9:** Explain the purpose of all documents concerning monies paid by Deo to Laurie or DLA Capital Partners (as provided in Request for Production No. 85).

**ANSWER:**

**INTERROGATORY NO. 10:** Explain the purpose of the November 1, 2023 transaction with Car Buyers.

**ANSWER:**

**INTERROGATORY NO. 11:** Explain the purpose of the November 20, 2023 transaction with Car Buyers.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify all security features which were on the Chase account for Superb, including but not limited to positive pay and texting, and describe the basis upon which Thomasson believes such security features existed.

**ANSWER:**

**INTERROGATORY NO. 13:** Identify all evidence to support Thomasson's assertion that Urrutia knew and authorized others to give documentation to Deo for his dealings with Flushing Bank.

**ANSWER:**

Dated:  Jamaica, New York
      March 26, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

8

Dated: New York, New York
       March 26, 2026

**CYRULI SHANKS & ZIZMOR LLP**

  */s/ Jeffrey C. Ruderman, Esq.*
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*

**VIA E-MAIL**
All counsel of record

9