

Cullen and Dykman LLP
The Omni Building
333 Earle Ovington Blvd, 2nd Floor
Uniondale, NY 11553
T: 516.357.3700
F: 516.357.3792

**Ariel E. Ronneburger**
Partner
Direct Dial: (516) 296-9182
aronneburger@cullenllp.com

June 1, 2026

<u>**VIA ECF**</u>
Honorable James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York

   **Re:**   *Superb Motors Inc., et al. v. Anthony Deo, et al.,*
      **Docket No: 2:23-cv-6188-JMW**

Dear Judge Wicks:

This firm represents defendant Flushing Bank in this action and respectfully submits this letter pursuant to 3(D)(2) of this Court's Individual Rules of Practice to request a pre-motion conference in connection with an anticipated motion for summary judgment, pursuant to Rule 56 of the F.R.Civ.P., dismissing Plaintiffs' lone remaining claim against Flushing Bank. All other claims against Flushing Bank were dismissed pursuant to the Court's Opinion and Order dated March 21, 2025 (the "Opinion and Order"). What remains is Plaintiffs' claim that Flushing Bank violated Article 4-A-204(1) of the Uniform Commercial Code (the "UCC"), which alleges that certain account transfers were unauthorized, that the Deo Defendants lacked authority to act on behalf of Superb Motors Inc. ("Superb"), Northshore Motors Leasing LLC ("Northshore"), or 189 Sunrise Hwy Auto LLC ("Sunrise"), and that Flushing Bank knew or should have known that Tony Urrutia is the majority shareholder of Superb and that Anthony Deo had no membership

Cullen | Dykman

interest in Northshore or Sunrise. *See* Third Amended Complaint, at ¶¶ 861-62.

In the Opinion and Order, the Court stated that if the "words or conduct of the principal, in this case the Superb Plaintiffs . . . gave rise to the appearance and belief that the Deo Defendants possessed authority to enter a transaction," then Flushing Bank could be said to have "reasonably believe[d]" Deo had this authority. Deo represented himself as an owner of these entities, presenting himself as the principal of Superb, Northshore, and Sunrise—and signed and produced documents confirming these representations.  Contrary to Plaintiffs' allegations, Flushing Bank did not have any information establishing that Urrutia was an owner of Superb. Urrutia represented himself as a "partner" of Deo's but admits he never told anyone at Flushing Bank a specific ownership percentage. Transcript of Urrutia Deposition, at 265:15-266:2; 269:14-19. Deo testified that Urrutia instructed him to present himself as 100% owner of Superb. Transcript of Deo Deposition ("Deo Tr.") at 311:14-17. While Plaintiffs contend that David Weinstein of Flushing Bank conveyed ownership information about Superb to Robert Puccio of Flushing Bank, Deo advised Urrutia that Weinstein did not have the information to send to Puccio. Deo asked Urrutia to provide him with the documents for Superb to provide to Puccio. Urrutia (or individuals acting for him) then provided Deo with the request information about Superb. Deo Tr., Feb. 13, 2026, at 195:6-197:5. Moreover, since Urrutia never opened an account at Flushing Bank for Superb, documents he provided to Weinstein were never uploaded to a central repository. Deposition of Michael Buccino, at 176:19-180:9.

The information that Flushing Bank relied on to open accounts and loans at issue in this matter include: (1) Certificates of Beneficial Owner(s) and Resolutions of Authority, in which Deo represented that he was the 100% owner of Superb Motors, Inc., along with the documents needed to open an account for a corporation which Deo obtained from Urrutia; and (2) Operating Agreements and tax returns (approved by Plaintiffs) demonstrating he was the owner of



Northshore and Sunrise. Deo Tr., Feb. 13, 2026, at 203:10-204:23, 211:19-214:23.    The preparation of the tax returns reflecting Deo's ownership of these entities was not only known to Plaintiffs, it was directed and approved by them. Thus, the claim that Flushing Bank should have known that Deo was allegedly not an owner of these entities is contradicted by the documents provided to Flushing Bank, and summary judgment is warranted. Accordingly, this is not a case as to whether the Plaintiffs gave Deo apparent authority, rather, Deo himself presented such authority which was not contradicted in any way by Plaintiffs, despite their claims.

"Summary judgment must be granted when there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Azzil Granite Materials, LLC v. Canadian Pacific Railway Corp.*, 20-CV-2381(JMW), 2023 WL 3346765, at *2 (E.D.N.Y. May 10, 2023) (quoting Fed. R. Civil P. 56)).  With regard to the sole remaining claim against Flushing Bank, UCC Article 4-A-204(1) provides, in relevant part, that if "a receiving bank accepts a payment order issued in the name of its customer as sender which is (a) not authorized and not effective as the order of the customer under [§] 4-A-202 . . . the bank shall refund any payment of the payment order received from the customer."  Courts examine whether a transfer was authorized and whether it is "effective"—i.e., whether the bank properly executed commercially reasonable security procedures in good faith. *Niram, Inc. v. Sterling National Bank*, 697 F.Supp.3d 15, 21 (S.D.N.Y. 2023). If a bank follows commercially reasonable procedures, the loss for an unauthorized transfer falls on the customer. *123RF LLC v. HSBC Bank USA, N.A.*, 663 F.Supp.3d 391, 400 (S.D.N.Y. 2023)). Whether a procedure is "commercially reasonable" is a question of law, determined by considering "the wishes of the customer expressed to the bank and security procedures in general used by customers and receiving banks similarly situated." *Id.*

Cullen | Dykman

Here, Flushing Bank followed its procedures for requesting documents needed to establish ownership for accounts and loans for corporations and LLCs. Deo provided those documents, many of them obtained from Urrutia with the knowledge that Deo was using them to open accounts, and Flushing Bank had no reason to believe such documents were false. Deo presented himself as the owner of Superb, Northshore, and Sunrise, and nothing in the record establishes that Flushing Bank should or could have known his representations were false. Urrutia never told anyone at Flushing Bank about an ownership interest in Superb, and any documents provided to Weinstein were never distributed.

While Plaintiffs claim that Deo opened an account and took out loans without their knowledge, the evidence establishes that Plaintiffs had full knowledge of Deo's actions. Moreover, if Deo was not the owner, there was no way Flushing Bank could have known this based on the information in its possession.

For these reasons, we respectfully submit that summary judgment should be granted as to the sole claim asserted against Flushing Bank.

The parties have met and conferred regarding a briefing schedule for all summary judgment motions and propose as follows: (1) motions for summary judgment will be filed within thirty (30) days following the Court's order granting permission to file; (2) oppositions to summary judgment will be filed within sixty (60) days after the filing of a motion for summary judgment; and (3) replies will be due within thirty (30) days after the filing of opposition.

Respectfully,

*Ariel E. Ronneburger*

Ariel E. Ronneburger

cc:  All Counsel of Record (via ECF)



## <u>CERTIFICATION</u>

I hereby certify that the total word count for this pre-motion letter, excluding the briefing schedule is 998 words, within the limits set by this Court's Individual Rules of Practice.

Dated: Uniondale, New York
       June 1, 2026               CULLEN AND DYKMAN LLP

                           /s/ *Ariel E. Ronneburger*
                           Ariel E. Ronneburger
                           *Attorneys for Defendant*
                           *Flushing Bank*
                           333 Earle Ovington Boulevard, 2nd Floor
                           Uniondale, New York 11553
                           aronneburger@cullenllp.com