LAW OFFICES

# WEIR LLP

**A Pennsylvania Limited Liability Partnership**

**1330 Avenue Of The Americas, 23rd Floor**
**New York, New York 10019**
**WEIRLAWLLP.COM**

Bonnie R. Golub
Member of NY, PA and NJ Bars

E-mail: bgolub@weirlawllp.com

June 1, 2026

***VIA* ECF**

The Honorable James M. Wicks,
U.S.M.J. United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York  11722

> **Re:  *Superb Motors Inc., et al. v. Anthony Deo, et al.***
> **Docket No: 2:23-cv-6188-JMW**

Dear Judge Wicks:

This letter is submitted on behalf of defendant Libertas Funding, LLC ("Libertas") and pursuant to rule 3(D)(2) of this Court's Individual Rules of Practice. Libertas respectfully requests a pre-motion conference in connection its planned motion for summary judgment, in which it will seek judgment pursuant to F.R.C.P. 56 regarding the sole remaining claim against Libertas in this action.  That sole remaining claim by the Plaintiffs (Count Ten) following the Court's Opinion and Order dated March 21, 2025 (the "Opinion and Order") seeks a declaration that the underlying agreement between Northshore Motors Leasing LLC ("Northshore") , 189 Sunrise Hwy Auto LLC ("Sunrise") and Libertas is not enforceable because Anthony Deo, who executed and delivered the agreement allegedly had no authority to do so on behalf of Northshore and/or Sunrise.  *See* Third Amended Complaint, at ¶¶ 848-859.

PENNSYLVANIA   ∞   NEW JERSEY   ∞   DELAWARE   ∞   NEW YORK

818733v1

June 1, 2026
Page **2** of **5**

In the Opinion and Order, the Court stated the existing state of the law with regard to binding authority to act with corporate authority.  The Court stated:

> Here, Plaintiffs allege that the fraudulent transfers at issue were not authorized, and the Deo Defendants did not have authority to make transfers or sign checks on behalf of Superb, Northshore, or Sunrise dealerships. ECF No. 65 at ¶ 439. Plaintiffs maintain, and the Shareholders' Agreement corroborates, that Deo and the remaining Defendants lacked authority to enter into the fraudulent transfers. *Id.* at ¶ 441; *see also Highland Capital Management LP*, 607 F.3d at 327. Even if the Deo Defendants lacked the actual authority to initiate or authorize a transfer, they may nonetheless be capable of binding their principal to a contract they are shown to have created the appearance of authority leading the other contracting party, in this case, the Bank Defendants, to reasonably believe the actual authority exists. *See Niram*, 697 F.Supp.3d at 27. For the Bank Defendants to assert Deo had apparent authority, they would need to show words or conduct of the principal, in this case the Superb Plaintiffs, communicated to them, that gave rise to the appearance and belief that the Deo Defendants possessed authority to enter a transaction. *See Highland Capital Management*, 607 F.3d at 328. Furthermore, there are no facts to suggest that Plaintiffs communicated to Flushing Bank any information that would give cause for them to believe Deo possessed authority to enter a transaction. *See Highland Capital Management,* 607 F.3d at 328.

Opinion and Order, p. 76

The Court further recognized that if the "words or conduct of the principal, in this case the Superb Plaintiffs . . . gave rise to the appearance and belief that the Deo Defendants possessed authority to enter a transaction," then the "Bank Defendants [which includes Libertas] could be said to have "reasonably believe[d]" Deo had this authority. Opinion and Order, P. 75.

There does not appear to be any dispute that Deo represented himself as an owner of the subject companies, having expressly represented himself as the principal Northshore and Sunrise, or that he produced documents in support of such

June 1, 2026
Page **3** of **5**

representations in connection with the subject Libertas transaction, including copies of filed tax returns for 2021 reflecting Deo's 100% ownership of Northshore and Sunrise. (LIB001191-LIB001214; LIB001215-LIB001230).  Plaintiffs directed and approved the preparation of the tax returns reflecting Deo's ownership and therefore their conduct, assuming Plaintiffs to be the true principal, support that Deo had authority to act on behalf of Northshore and Sunrise and summary judgment in favor of Libertas is warranted.  Aaronson Tr., 1/7/26, at 95:4-96:4; 97:15-22.

"Summary judgment must be granted when there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Azzil Granite Materials, LLC v. Canadian Pacific Railway Corp.*, 20-CV-2381(JMW), 2023 WL 3346765, at *2 (E.D.N.Y. May 10, 2023) (quoting Fed. R. Civil P. 56)).  With regard to the sole remaining claim against Libertas, there exists no material issue of fact in dispute regarding Deo's apparent authority to act on behalf of Northshore and Sunrise.  Nothing in the record establishes that Libertas Bank should have known his representations were false when given.

For these reasons, as will be more fully stated in a motion, we respectfully submit that summary judgment should be granted as to the sole claim asserted against Libertas.

The parties have met and conferred regarding a briefing schedule for all summary judgment motions and Libertas has likewise agreed to the schedule more fully detailed in Flushing Bank's submission to the Court, which is as follows: (1) motions for summary judgment will be filed within thirty (30) days following the Court's order

June 1, 2026
Page **4** of **5**

granting permission to file; (2) oppositions to summary judgment will be filed within sixty (60) days after the filing of a motion for summary judgment; and (3) replies will be due within thirty (30) days after the filing of opposition.

Respectfully,

*Bonnie R. Golub*

Bonnie R. Golub
Jeffrey S. Cianciulli

cc:  All Counsel of Record (via ECF)

June 1, 2026
Page **5** of **5**

## <u>CERTIFICATION</u>

I hereby certify that the total word count for this pre-motion letter, excluding the briefing schedule is 800 words, within the limits set by this Court's Individual Rules of Practice.

Dated: New York, New York
      June 1, 2026

                          WEIR LLP
                          /s/ Bonnie R. Golub
                          Bonnie R. Golub, Esq.
                          1330 Avenue of the Americas, 23rd Floor
                          New York, NY 10019
                          P:  917-475-8885
                          bgolub@weirlawllp.com