UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., TEAM AUTO SALES LLC,   Case No. 2:23-cv-6188(JMW)
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HWY AUTO LLC, NORTHSHORE MOTOR
LEASING, LLC, BRIAN CHABRIER, JOSHUA
AARONSON, JORY BARON, ASAD KHAN, IRIS
BARON REPRESENTATIVE OF THE ESTATE OF
DAVID BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN
BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC,
1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC,
446 ROUTE 23 AUTO LLC and ISLAND AUTO
MANAGEMENT, LLC,

                    Plaintiffs,

      v.

ANTHONY DEO, SARAH DEO, HARRY
THOMASSON, DWIGHT BLANKENSHIP, MARC
MERCKLING, MICHAEL LAURIE, THOMAS
JONES, CPA, CAR BUYERS NYC INC., GOLD
COAST CARS OF SYOSSET LLC, GOLD COST
CARS OF SUNRISE LLC, GOLD COAST MOTORS
AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS
OF LIC LLC, GOLD COAST MOTORS OF ROSLYN
LLC, GOLD COAST MOTORS OF SMITHTOWN LLC,
UEA PREMIER MOTORS CORP., DLA CAPITAL
PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP,
LIBERTAS, LIBERTAS FUNDING LLC,
J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY
AUTO LLC, AND NORTHSHORE MOTOR LEASING, LLC,

                    Defendants.
--------------------------------------------------------------------X

## DEFENDANT LIBERTAS FUNDING LLC'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56.1 of the Local Rules of the Eastern District of New York and The

Individual Practice Rules of Magistrate Judge James M. Wicks, Libertas Funding LLC

("Libertas") submits this Rule 56.1 Statement of Undisputed Material Facts in support of

1

its motion pursuant to Federal Rule of Civil Procedure 56, for summary judgment in Libertas's favor on the Tenth Cause of Action for declaratory relief asserted by Northshore Motor Leasing, LLC ("Northshore")  and Sunrise Hwy Auto LLC ("Sunrise")  in the Third Amended Complaint dated August 8, 2025 ("TAC") (Doc. 316).

**A.** **The Parties Relevant to Libertas's Motion**

1.     Libertas Funding LLC ("Libertas") is limited liability company organized under the laws of the State of Connecticut and authorized to conduct business in the State of New York. TAC, ¶47 (Doc. 316).

2.     Northshore is a limited liability corporation organized under the laws of the New York State. TAC, at ¶ 9,

3.     Superb Motors, Inc. is a corporation duly organized under the laws of New York State. TAC, at ¶ 28, attached to the Ronneburger Dec, as Exhibit B.

4.     Anthony Deo ("Deo") is an individual residing in New York State. TAC, at ¶ 30.

5.     Sara Deo is an individual residing in New York State.  TAC, at ¶ 30.

**C.** **Procedural History and Sole Claim Against Libertas**

6.     On August 17, 2023, Plaintiffs filed their Complaint (ECF No. 1) and on October 13, 2023, filed a First Amended Complaint (ECF No. 65), raising fifty-two (52) causes of action – only three (3) of which were asserted against Libertas - (1) First Cause of Action – RICO under 18 U.S.C. §1962 (as to all Defendants); (2) Second Cause of Action – conspiracy under 18 U.S.C. §1962(d) (as to all Defendants); and (3) Third Cause of Action – permanent injunction, as to Libertas's enforcement of it rights under a certain Agreement of Sale of Future Receipts (the "Sale Agreement").

7.    On April 2, 2024, Libertas filed a motion to dismiss all claims asserted against Libertas in the First Amended Complaint (ECF No. 164).

8.    On May 14, 2024, Plaintiffs filed a cross-motion for leave to amend their complaint. (ECF Nos. 178 and 181).

9.    On March 21, 2025, the Court issued an Order and Opinion that addressed several motions to dismiss and motions to amend.  (ECF No. 230).  As to the claims asserted against Libertas, the Court held that the Complaint failed to establish a RICO claim against Libertas and dismissed the RICO claim.  The Court found that Plaintiffs failed to demonstrate the required elements to obtain a permanent injunction against Libertas and dismissed that claim.  (ECF No. 230).

10.    Upon consideration of Plaintiffs' Motion for Reconsideration (ECF Nos. 240-241), by Order dated August 1, 2025 (ECF No. 314), the Court permitted Plaintiffs to file an amendment, consistent with the rulings in the Court's Order and the March 21, 2025 Order.  (*See* ECF No. 314).

11.    On August 8, 2025, Plaintiffs filed the Third Amended Complaint ("TAC").  (ECF No. 316).  As a Tenth Cause of Action, Plaintiffs Northshore and Sunrise asserted a new claim for Declaratory Judgment, claiming that the Libertas Sale Agreement was executed by Defendant Anthony Deo ("Deo") without authority, and seeking a determination of Libertas's rights under the Sale Agreement.  (ECF No. 316).

12.    On December 29, 2025, Libertas filed an Answer to the TAC.

**B.    Undisputed Facts**

13.    On or about November 15, 2022, Libertas and Northshore entered into an Agreement for Sale of Future Receipts under the terms of which Libertas agreed to purchase, and

3

Northshore agreed to sell $997,000 of its future receivables for the purchase price of $735,000. TAC, ¶323. Exhibit 22, Deo Dep. 1/12/25[1]. Deposition transcript of Anthony Deo ("Deo Tr." January 12, 2026, 281:3, 282:15-283:9.[2]

14.    The purchase price was paid by Libertas and $735,000 was wired and deposited into an account titled to and maintained by Sunrise. TAC, ¶¶333, 335; Deo Tr. Dated February 13, 2026, 90:9-16.

15.    Northshore's 2021 tax returns reflect that Deo held a 99% limited member interest in Northshore and his wife, Sara Rahman, held a 1% limited member interest. A redacted copy of the 2021 tax return (LIB001215-LIB01230) is attached as Exhibit C.

16.    Sunrise's 2021 tax returns reflect that Deo held a 99% limited member interest in Northshore and his wife, Sara Rahman, held a 1% limited member interest. A redacted copy of the 2021 tax return (LIB001215-LIB01230) is attached as Exhibit D.

17.    Joshua Aaronson, who is alleged to hold a one-third (1/3) percent membership interest in Sunrise (TAC, ¶61), reviewed and approved the tax returns as prepared reflecting Deo's ownership interest and authority to act on behalf of Northshore and Sunrise. Deposition transcript of Joshua Aaronson, 95:4-96:4, 97:15-22, a copy of which portion is attached as Exhibit E.

18.    Deo executed documents which were submitted to Flushing Bank in which Deo was listed as an owner of Northshore and/or Sunrise. *See* Declaration of Declaration of Ariel Ronneburger, ECF 518, and exhibits attached thereto. (ECF 518-18, 518-22, 518-23).

---

[1] A copy of the Agreement for Sale of Future Receipts was marked as Exhibit 22 at Deo's deposition and is attached hereto as Exhibit A.

[2] Relevant portions of the transcript from Anthony Deo's deposition are attached hereto as Exhibit B.

19.     Based upon documents submitted to Libertas, Libertas entered into the Agreement for Sale of Future Receipts.

Dated: June 1, 2026                    Respectfully Submitted,

WEIR LLP

By: /s/ Bonnie R. Golub
    Bonnie R. Golub, Esquire
    1330 Avenue of the Americas, 23rd Floor
    New York, NY 10019
    (917) 475-8885
    *bgolub@weirlawllp.com Attorneys*
    *for Libertas Funding LLC*