# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:

Massachusetts
New York

June 1, 2026

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

> Re:   *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
>       Case No. 2:23-cv-6188 (JW)

Your Honor:

The Deo Defendants hereby jointly submit this Pre Motion Conference request pursuant to this Court's individual practice Rule 3(D) and FRCP Rule 56.  The Deo Defendants hereby request a pre-motion conference for summary judgment on liability in its entirety from the Plaintiffs' pending Complaint.  The Deo Defendants Joint 56.1 Statement and Declaration of Anthony Deo is attached hereto.  An agreed upon briefing schedule for the within request accompanies the pre-motion request of Attorney Ronneberger.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 establishes that the "…court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law".  While the Court must view and consider the facts of the case in a light most favorable to the non-moving party, there must be a 'genuine' dispute as to "material" facts in opposition.  Scott v. Harris, 550 U.S. 372, 127 S. Ct. 1769 (2007); FRCP Rule 56(c). "When opposing parties tell two different stories, one of which is

1

blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts..." *Id. at* 1776.

Ownership of 189 Sunrise and NorthShore is the threshold issue, and it is governed by New York law. Under the doctrine of tax estoppel, "a party to litigation may not take a position contrary to a position taken in an income tax return." Mahoney-Buntzman v. Buntzman, 12 N.Y.3d 415, 422 (2009); (see Deo Defendants' Answer, Aff. Def. No. 4). There exists no recognized exception to this precedent that fits the following: With his partners' full authority, Joshua Aaraonson admits under oath that he directed IAG's accountants (Citrin Cooperman) to prepare returns identifying the Deos as owners of both entities, then "honestly" approved them. See 56.1 Stmt. § D(1) (Joshua Aaronson).

## **ANALYSIS**

The Deo Defendants seek summary judgment on all causes of action since: (1) the Deos have owned NorthShore since inception and 189 Sunrise since purchasing it on February 21, 2021; (2) Joshua Aaronson had IAG's accountants prepare returns naming the Deos as owners, then approved them; and (3) at their depositions, Plaintiffs stated no actionable claim against, and no actual harm caused by, any Deo Defendant. 56.1 Stmt., generally.

The returns were not an isolated act. The parties' course of conduct confirmed Deo's ownership: Deo assumed the NESNA contract (Ex. X) and the leases and payments (Exs. B, E); Citrin Cooperman, the Plaintiffs' own accountants, prepared the returns at Aaronson's direction and with his partners' authority; Plaintiffs took the benefit of the Sunrise K-1s naming Deos as owners through February 21, 2021; and both Aaronson and his partners stopped filing tax documents for the two entities after approving the returns. Material reliance followed: Deos relied on the returns to file their taxes and obtain financing, and lenders loaned money in reliance

on them. 56.1 Stmt., generally.

Even viewed in the light most favorable to the non-moving party, there is no evidence more irrefutable than a party's own sworn testimony, and here the Plaintiffs' admissions establish Deo ownership beyond dispute.

Under oath, Aaronson authenticated the emails in which he approved the tax returns listing the Deos as owners of NorthShore and 189 Sunrise (pp. 88, line 7-pp. 94, line 17; also pp. 43, lines 8-15; pp. 96, line 24-pp. 98, line 24), and confirmed that he authorized IAG's accountants to prepare those returns (pp. 45, line 25-pp. 46, line 25; pp. 164, line 23-pp. 165, line 3). When Aaronson approved Exhibit H, he did so without any intent to mislead the taxing authorities (pp. 45, lines 6-17), and "honestly" approved Anthony Deo as owner of 189 Sunrise and NorthShore (pp. 104, lines 6-11). After Deo paid for 189 Sunrise in February 2021 (Ex. D), Aaronson stopped filing tax documents for that entity (pp. 174, line 2-pp. 175, line 20) and stopped listing it on his personal returns (pp. 245, line 15-pp. 246, line 4), and Plaintiffs have never since revised any returns for either entity (pp. 175, line 21-pp. 176, line 15).

On behalf of the Team Auto Plaintiffs, Plaintiff Urrutia ("TU") admits under oath that Anthony Deo was not involved in TU's dealerships in New Jersey, Connecticut, or Massachusetts (pp. 11, line 20-pp. 12, line 10), and TU lost those three stores due to mistakes by the floor plan provider to those dealerships, NMAC (pp. 83, line 15-pp. 85, line 12).   TU's accusations of car theft by Anthony Deo have changed from 104, to 102, to 92, to 89, to 83, to 36, to 43, to the "teens" (pp. 85, line 25-pp. 87, line 18), and the accusation of over 100 cars stolen by Anthony Deo made to the Nassau PD on the night of the LockOut was false (pp. 148, lines 5-11).

3

TU knew Anthony Deo was opening the Flushing accounts in April 2023 (pp. 251, line 24-pp. 254, line 19) and TU supplied the documents for Deo's applications (pp. 141, line 15-pp. 143, line 21).  TU never told Anthony Deo not to open the Flushing accounts (Superb 000122) (pp. 251, lines 4-7).  While TU told Flushing Bank in April of 2023 that Anthony Deo was his partner, he "meant" to tell Flushing that Anthony Deo "was going to be" TU's partner (pp. 272, line 11-pp. 273, line 23), and never clarified the percentages of that partnership to Flushing (pp. 269, lines 8-19).  Further, TU did not perform due diligence on 189 Sunrise or NorthShore before contracting with Anthony Deo, he just "ran Anthony's name" (pp. 60, lines 8-21), but he then gave Anthony Deo full authority to run all day-to-day operations of Superb Motors (pp. 34, lines 13-18), while also admitting that he was an "absentee owner" of Superb (pp. 162, lines 3-9).  TU does not even know whether his COO, Bruce Novicky, gave Anthony Deo authority to sign checks (pp. 138, lines 8-12).

We await the Court's decision on the within pre-motion request.


Respectfully submitted,


/S/ *Nipun Marwaha*                             /S/ *Harry R. Thomasson*


_____              _____
Nipun Marwaha, Esq.                              Harry R. Thomasson, Esq.
On behalf of the Deo Defendants                  *Pro Se*
Not including Harry Thomasson