UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

           Case No. 2:23-cv-6188  (JW)

SUPERB MOTORS, INC., TEAM AUTO SALES LLC.,
ROBERT ANTHONY URRUTIA, 189 SUNRISE
HIGHWAY AUTO LLC., NORTHSHORE MOTOR
LEASING, LLC., BRIAN CHABRIER, individually and
derivatively as a member of NORTHSHORE MOTOR
LEASING, LLC, JOSHUA AARONSON, individually and
derivatively as a member of 189 SUNRISE HWY AUTO,
LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, and ISLAND AUTO
MANAGEMENT, LLC,

                  Plaintiffs,

       -against-

ANTHONY DEO, SARA DEO, HARRY THOMASSON,
DWIGHT BLANKENSHIP, MARC MERCKLING,
MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS
NYC INC., GOLD COAST CARS OF SYOSSET LLC,
GOLD COAST CARS OF SUNRISE LLC, GOLD COAST
MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST
MOTORS OF LIC LLC, GOLD COAST MOTORS OF
ROSLYN LLC, GOLD COAST MOTORS OF
SMITHTOWN LLC, UEA PREMIER MOTORS CORP.,
DLA CAPITAL PARTNERS INC., JONES LITTLE & CO.,
CPA'S LLP, FLUSHING BANK, and LIBERTAS FUNDING,
LLC,

                  Defendants.

----------------------------------------------------------------------X

## DECLARATION OF ANTHONY DEO IN SUPPORT OF THE DEO DEFENDANTS' RULE 56.1 STATEMENT OF UNDISPUTED FACTS

1

Anthony Deo, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury that the following is true and correct:

1.  I am a Defendant in this action, and I have first-hand knowledge of the facts recited herein.

2.  This Declaration is submitted in support of the Deo Defendants' Rule 56.1 Statement of Undisputed Facts accompanying herewith.

3.  Simply put, my wife and I are the owners of NorthShore Motor Leasing, LLC (hereinafter, "NorthShore") since its inception in late 2017,  and also the owners of 189 Sunrise Hwy Auto LLC (hereinafter, "189 Sunrise") since its purchase in February 2021.  We have always considered me the owner of the two businesses:  My stake in each company is 99% and my wife's share is 1% for accounting purposes only.

4.  Attached hereto as Exhibit A is a true and accurate copy of the EIN number/papers my wife and I obtained when we originally formed NorthShore in November of 2017.

5.  Attached hereto as Exhibit B is a true and accurate copy of the lease for NorthShore. As is clear from Exhibit B, it was my wife and I that held the lease on and for NorthShore during its entire operation from 2018 through November, 2022, when Josh Aaronson shut down the business, took all of the cars and documents and software utilized to run the business, and left the business in ruins without any way of continuing.

6.  Attached hereto as Exhibit C is a true and accurate copy of the documents produced when my wife opened NorthShore's bank account with Chase Bank.  We were the account holders up until the Aaronson Defendants stole the corporate book in June 2020, during the David Baron Incident detailed in the Amended Complaint with its Exhibits in the action styled as *Deo, et al. v. Baron, et al.*, Nassau (NY) Supreme Court

index number 615683/2024, f/k/a/ (prior to remand to Nassau (NY) Supreme Court, *id.*) *Deo, et al. v. Baron, et al.,* United States District Court for the Eastern District of New York docket number 2:24-cv-06903, which I ask the Court to take judicial notice of; I also hereby verify under the pains of perjury the allegations in that Amended Complaint.

7. Attached hereto as Exhibit D is a true and accurate copy of the checks utilized by me and Sara to purchase 189 Sunrise in February 2021.

8. Attached hereto as Exhibit E is a true and accurate copy of the lease I entered into for 189 Sunrise upon purchasing same.

9. Attached hereto as Exhibit F is a true and accurate copy of the checks and supporting documentation from my purchase of Baron Nissan from the Aaronson group. After David Baron died, Josh Aaronson told me he was not going to "complete" that purchase, and he was going to keep that money, which he and his IAG co-Plaintiffs did.

10. Attached hereto as Exhibit G is a true and accurate copy of the email exchange in which Josh Aaronson himself "approved" the tax returns for NorthShore and 189 Sunrise listing me as 99% owner and my wife Sara as 1% owner (we were told it was necessary for accounting purposes to have Sara as at least 1% owner, but as between us, we both consider me as the owner of each company).

11. Attached hereto as Exhibit H are true and accurate copies of the tax returns, one each for NorthShore and 189 Sunrise, that Josh Aaronson "approved" in Exhibit G; these tax returns were prepared at Josh Aaronson's direction to the IAG accountants, Citrin Cooperman (as included on the email exchanges attached as Exhibit G), then filed by

3

our accountant, Tom Jones.  Sara and I have filed every tax document for these two corporations since Exhibit G was filed, and no other person on earth has filed any documents as owners of these two corporations since.  These documents were produced in response to the discovery of Exhibit Z attached hereto, which is a 2nd tax return filed by the Aaronson group for tax year 2020 at NorthShore after we had already filed the 1st tax return before Exhibit Z was filed.  Once we knew about the Aaronson group filing a 2nd return for our business, there was an argument that produced the following: We had to accept the return attached as Exhibit Z as the rightful return so the IAG group would not get in trouble with the taxing authorities, and the Aaronson group would allow us to produce and file all returns going forward in time and would not shut down our business.  We were leveraged in our own business by these people, and had no choice but to assent to their demands.  Then, after "approving" the returns attached hereto as Exhibit G, Josh Aaronson shut down and ruined our businesses anyway since they were our partners on the Floor Plan and could do so, and since he realized that he was caught trying to steal the businesses he and his group just decided to ruin our businesses that they obviously only saw as competitors (after the tax return debate in the early fall, 2022; *see also* Exhibit G hereto) to their billion dollars dealership empire. See also the Amended Complaint in the state Court action styled as *Deo, et al. v. Baron, et al.*, for the full scheme.

12. The tax returns attached as Exhibit H were relied upon in all respects after and with Josh Aaronson's approval attached as Exhibit G for the purposes of: 1) Filing those returns with the proper taxing authorities for the businesses; 2) obtaining loans for the businesses (e.g., the loans from Libertas and Flushing bank); and 3) obtaining a Floor

4

Plan from NextGear for 189 Sunrise (*see* NextGear Floor Plan application attached hereto as Exhibit M).

13. Attached hereto as Exhibit I are true and accurate copies of the Cross Purchase Agreement and Shareholders Agreement I executed directly with Plaintiff Urrutia. I have always been ready, willing and able to comply with these Agreements in all respects; it is Plaintiff Urrutia who decided to shut down our shared company known as Superb Motors without my input, instead just locking the doors and shutting me out after he took my money and disappeared.

14. Attached hereto as Exhibit J is a true and accurate copy of email exchanges within Superb when I found financial irregularities and wanted an audit to determine why money was disappearing from the company; conveniently, when I asked for an audit, Plaintiff Urrutia immediately fired his CFO Alysia Cayer, then never did allow any audit of the company's finances. This is especially relevant now that Nissan Motor Acceptance Corporation, commonly known as NMAC, has made known last year through its Motion to Intervene in this action that Anthony Urrutia, Plaintiff herein, stole money from NMAC through Urrutia's four dealerships, including Superb herein. That is why he went on the offensive against me; I was in the process of finding out about his thefts so when he left, he falsely accused me (in this and the other lawsuits) of wrongdoing, which I very emphatically deny in all respects.

15. Attached hereto as Exhibit K is a true and accurate copy of the Profit and Loss statement prepared by an accountant that proves how much Superb's finances improved in the brief time I was running the dealership.

16. Attached hereto as Exhibit L is a true and accurate copy of texts and emails keeping Tony Urrutia informed as to my business undertakings designed in all respects to help him and me with Superb and other projects.

17. Attached hereto as Exhibit M is a true and accurate copy of my application to/with NextGear for a Floor Plan which I did obtain; this Floor Plan was obtained with the full knowledge and approval of Josh Aaronson, and via the tax returns attached as Exhibit H as approved by Josh Aaronson in Exhibit G.

18. Attached hereto as Exhibit N is a true and accurate copy of Judge Gianelli's order in the case that served as the forerunner to this action styled as *Chabrier, et al. v. Deo, et al.*, Nassau County (NY) Supreme Court Index No. 617224/2022. Judge Gianelli's order includes, in relevant part, that the Aaronson group's Order to Show Cause claiming ownership of 189 Sunrise and NorthShore "…failed to establish a likelihood of success on the merits, as well as irreparable injury in the face of the Court's denial. Further, [the Aaronson] Plaintiffs have also fallen short in demonstrating that the equities balance in their favor…." Exhibit N, page 7, top.

19. Attached hereto as Exhibit O is a true and accurate copy of our Verified Complaint (hereinafter, "VC") styled as *Anthony Deo, et al., v. Ronald Baron, et al.*, filed originally in Nassau Supreme Court at Index No. 615683/2024; this case was removed from Nassau Supreme Court to EDNY at Case No. 2:24-cv-06903, then remanded back to Nassau Supreme Court under its former/current Index No. 615683/2024.

20. Attached hereto as Exhibit P is a true and accurate copy of our Amended Complaint (hereinafter, "AC") in the Nassau action styled as *Anthony Deo, et al., v. Ronald Baron, et al.*, filed originally in Nassau Supreme Court at Index No. 615683/2024; I hereby

6

(again) verify that AC and its Exhibits as true and accurate under the pains and penalties of perjury.

21. Attached hereto as Exhibit Q is a true and accurate copy of transparently phony documents utilized by the Aaronson group to gain control of NorthShore's bank account. When compared to Exhibits A, C, R and U, it becomes clear how false anyone else's claim is to ownership of NorthShore (other than me and my wife) since Exhibit Q suggests that the Aaronson group were stockholders and listed (supposedly, but fraudulently) on stocks from the corporate book in January 2018, except that I didn't obtain the corporate book until June, 2018 (Exhibit U) and it was Sara who opened the bank account and obtained the EIN (Exhibits A & C) and added the Aaronson group to the account as signers, only (compare Exhibits R and C); why would they be added by Sara if they were then the owners? The answer is simply that they were not the owners, I and Sara were, and they stole the corporate book during the David Baron Incident in June 2020 and obviously back-dated documents to take control of NorthShore's bank accounts immediately upon obtaining the corporate book. Please note the facsimile number from Baron Nissan the night of the David Baron incident to Chase Bank; this document came from Chase Bank in discovery and proves that it was only on that night that the IAG people obtained the corporate book to literally remove my wife from the corporate account, and we would only get our dealership re-opened if we agreed to let them stay on the account.

22. Attached hereto as Exhibit R is a true and accurate copy of Chase documents adding Aaronson group members to the Chase account; again, they would not be added by Sara if they were then owners! They were added because they insisted on being able

7

to "monitor" the bank accounts since they were supplying the Floor Plan, not because they were owners; if they were owners, they simply would not have needed Sara to be put on the account, if they were owners, they could have just added themselves or opened the account themselves (and Sara never could have opened the bank account if she was not the owner thereon).

23. Attached hereto as Exhibit S is a true and accurate copy of the police report I filed when the Aaronson group stole the money ($735,000.00) I had just borrowed from Libertas. When the police investigated the theft, Josh Aaronson was told he would be arrested if he did not immediately return the money, which he then did.

24. Attached hereto as Exhibit T is a true and accurate copy of certain emails regarding pandemic relief funds as obtained by the Plaintiffs through and including one or more of their Attorneys.

25. Attached hereto as Exhibit U is a true and accurate copy of the receipt from my purchase of the corporate book for NorthShore, five months after the Aaronson group supposedly (but fraudulently) claims to have stock certificates (Exhibit Q) demonstrating their supposed (but fraudulent) ownership.

26. Attached hereto as Exhibit V is a true and accurate copy of a text from Plaintiff Urrutia's employee acting on Urrutia's behalf threatening to "pop" (shoot) me after speaking with one or more of the Team Auto employees/owner; the employee who threatened to "pop" me had a restraining order issued against him for that remark.

27. Attached hereto as Exhibit W is a true and accurate copy of Josh Aaronson's threatening text to me after the police made him give back the $735,000.00 I just

borrowed. He then immediately commenced the first action with false claims as rejected by Judge Gianelli in this Court and set forth *at* Exhibit N hereto.

28. Attached hereto as Exhibit X is a true and accurate copy of NESNA contracts the Aaronson group made me assume when I purchased 189 Sunrise; these contracts were previously held by the Aaronson group and were transferred to me since I was the new owner of 189 Sunrise; the Aaronson group and Nissan necessarily knew I was owner for these contracts to be put in my name.

29. Attached hereto as Exhibit Y is a true and accurate copy of reports from the first time that the Aaronson group tried (but failed) to shut down NorthShore.

30. Attached hereto as Exhibit Z is a true and accurate copy of the (fraudulent) tax return that when it was discovered revealed the attempt by the Aaronson group to steal NorthShore; please note that the Aaronson group's CFO, Wendy Kwun, "didn't know" why competing tax returns had been filed (their fraudulent return was discovered when my accountant filed a return at my direction). The discovery of Exhibit Z lead directly to Exhibits G and H, the approval of proper returns Aaronson was forced to "approve"; as soon as he approved those returns, he and his group/people/co-conspirators shut down NorthShore and 189 Sunrise in retaliation for not successfully stealing those companies. And now the Plaintiff herein is trying to piggyback those false accusations (that the Aaronson group are owners of the two companies when the documentation attached hereto proves that they are not) in order to engage in the "best defense is a good offense" strategy.

31. Attached hereto as Exhibit 1 is a true and accurate copy of the deposition transcript for Plaintiff Joshua Aaronson.

9

32. Attached hereto as Exhibit 2 is a true and accurate copy of the deposition transcript for Plaintiff Iris Baron.

33. Attached hereto as Exhibit 3 is a true and accurate copy of the deposition transcript for Plaintiff Jory Baron.

34. Attached hereto as Exhibit 4 is a true and accurate copy of the deposition transcript for Plaintiff Asad Khan.

35. Attached hereto as Exhibit 5 is a true and accurate copy of the deposition transcript for Plaintiff's longtime controller, Daniel O'Sullivan.

36. Attached hereto as Exhibit 6 is a true and accurate copy of the deposition transcript for Plaintiff Brian Chabrier.

37. Attached hereto as Exhibit 7 is a true and accurate copy of the deposition transcript for Plaintiff's longtime controller, Wendy Kwun.

38. Attached hereto as Exhibit 8 is a true and accurate copy of the deposition transcript for Plaintiff Robert Anthony Urrutia.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 1, 2026.


/S/ *Anthony Deo*

_____

Anthony Deo, Defendant

10