# EXHIBIT N

Case 2:23-cv-06188-JMW   Document 521-17   Filed 06/01/26   Page 2 of 9 PageID #: 14606

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU - Commercial Division: Part 7
Present: Hon. Sharon M.J. Gianelli

------------------------------------------------------------------X

BRIAN CHABRIER, INDIVIDUALLY AND AS A
MEMBER OF NORTHSHORE MOTOR LEASING, LLC,
SUING ON BEHALF OF HIMSELF AND ALL OTHER
MEMBERS OF NORTHSHORE MOTOR LEASING,
LLC SIMILARLY SITUATED AND IN THE RIGHT OF
NORTHSHORE MOTOR LEASING, LLC;
JOSHUA AARONSON, AS A MEMBER OF 189
SUNRISE HWY AUTO, LLC, SUING ON BEHALF OF
HIMSELF AND AL OTHER MEMBERS OF 189
SUNRISE HWY AUTO, LLC SIMILARLY SITUATED,
JORY BARON, 1581 HYLAN BLVD AUTO LLC,
1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD
AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239
HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD
AUTO LLC, 76 FISK STREET REALTY LLC, 446
ROUTE 23 AUTO LLC, ISLAND AUTO MANAGEMENT,
LLC,

Index No. 617224/2022

Mot. Seq. Nos. 001 & 002

Plaintiffs,

-against-

ANTHONY DEO, NORTHSHORE MOTOR LEASING,
LLC, 189 SUNRISE HWY AUTO, LLC, LIBERTAS
FUNDING, LLC, HARRY R. THOMASSON, ESQ.,

Defendants.

------------------------------------------------------------------X

*Mot. Seq. No. 001*

On Plaintiffs' Order to Show Cause and all responsive papers, including affidavits on

both sides, as well as a preliminary injunction hearing held before this Court, the Court

finds as set forth below.

By Order to Show Cause, Plaintiffs seek an Order of the Court:

1

Case 2:23-cv-06188-JMW    Document 521-17    Filed 06/01/26    Page 3 of 9 PageID #: 14609

(a) directing Defendant Anthony Deo to return to Northshore a Maserati demonstration vehicle, being used by his son, (b) directing Deo to return all Dealerships' "dealer" license plates, (c) directing Deo to return all other license plates designated to be issued for vehicles upon sale or lease to a consumer, (d) directing Deo to pay off all existing loans on customers' trade-in vehicles, (e) directing Deo to deliver to Plaintiffs all unsold vehicles owned by Northshore and Sunrise, (f) requiring Deo to account for all receipts and expenditures of the Dealerships, (g) directing Deo to turn over the books and records of the Dealerships for inspection and review, (h) directing Deo to return all DMV documents, including, without limitation, registration information for registration/title that were not completed;

and enjoining and restraining Deo from:

(i) taking any action to sell, lease, transfer, pledge or otherwise encumber the assets of Northshore and Sunrise including, but not limited to any motor vehicles, (j) concealing, transferring, altering, modifying, destroying or disposing in any manner of any assets of Northshore and Sunrise, (k) removing any funds of Northshore and Sunrise from its bank accounts or other location in which funds are located, (l) using the assets of Northshore and Sunrise to pay for the costs of defending this action, (m) concealing, transferring, secreting, altering, modifying, destroying or disposing in any manner any evidence pertaining to the claims asserted in the Summons with Notice, including, without limitation, all books and records of Northshore and Sunrise, and (n) using any license issued in the name of Brian Chabrier, Joshua Aaronson or Jory Baron to conduct any business of Northshore and Sunrise, including, but limited to, the purchase, sale or lease of any motor vehicle, acceptance of any trade of a motor vehicle, or register with the motor vehicle department of any state or issue any temporary or permanent license

2

plate, enjoining and restraining Libertas Funding, LLC from enforcing any rights against the assets of the Dealerships, and enjoining and restraining Harry R. Thomasson, Esq. from disbursing the proceeds from Libertas which were deposited into his attorney IOLA account.

*Motion Seq. No. 002*

This is Defendants' cross-motion for an Order of the Court dismissing Plaintiffs' Complaint on the basis of documentary evidence pursuant to CPLR 3211(a)(1), standing/capacity pursuant to CPLR 3211(a)(3), collateral estoppel/unclean hands, pursuant to CPLR 3211(a)(5), and for failure to state a cause of action, pursuant to CPLR 3211(a)(7).

Defendants also seek a preliminary injunction pursuant to CPLR 6301, 6311, and 6312, enjoining Plaintiffs from interfering in any way with the businesses known as Northshore Motor Leasing, LLC, and 189 Sunrise Hwy Auto, LLC, pending further order of the Court; enjoining Plaintiffs from hereafter encumbering, liening, or dissipating any assets of Baron Nissan; compelling enforcement of the Baron Nissan contract as paid and annexed hereto as Exhibit C; scheduling an immediate trial on the within matters, or alternatively, scheduling an immediate inquest to determine moving Defendants' damages; compelling Plaintiffs to return all files illegally and impermissibly taken from the corporate Defendants; compelling Plaintiffs to return access to the moving Defendants for all software Plaintiffs have removed access to since the Court's issuance

3

Case 2:23-cv-06188-JMW   Document 521-17   Filed 06/01/26   Page 5 of 9 PageID #: 14611

of "the pending Order to Show Cause". On Defendants' moving papers and all responses as well as oral argument held before this Court, the Court finds as set forth below.

By Order entered on December 14, 2022, the Court issued a temporary restraining order in Plaintiffs' favor, directing that pending hearing and determination of this motion:

Deo, or anyone acting on his behalf, be enjoined and restrained from (a) taking any action to sell, lease, transfer, pledge or otherwise encumber the assets of Northshore and Sunrise including, but not limited to any motor vehicles, (b) concealing, transferring, altering, modifying, destroying or disposing in any manner of any assets of Northshore and Sunrise, (c) removing any funds of Northshore and Sunrise from its bank accounts or other location in which funds are located, (d) using the assets of Northshore and Sunrise to pay for the costs of defending this action, (e) concealing, transferring, secreting, altering, modifying, destroying or disposing in any manner any evidence pertaining to the claims asserted in the Summons with Notice, including, without limitation, all books and records of Northshore and Sunrise, and (f) using any license issued in the name of Brian Chabrier, Joshua Aaronson or Jory Baron to conduct any business of Northshore and Sunrise, including, but limited to, the purchase, sale or lease of nay motor vehicle, acceptance of any trade of a motor vehicle, or register wit the motor vehicle department of any state or issue any temporary or permanent license plate, Libertas Funding, LLC be enjoined and restrained from enforcing any rights against the assets of the Dealerships, and Harry R. Thomasson, Esq. be enjoined and restrained from disbursing the proceeds from Libertas which were deposited into his attorney IOLA account.

4

Case 2:23-cv-06188-JMW   Document 521-17   Filed 06/01/26   Page 6 of 9 PageID #: 14612

On May 31, 2023, the Court conducted a preliminary injunction hearing and oral argument on the matters.


*Law/Analysis*

CPLR 6301 prescribes that, a preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, or in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff.


Entitlement to a preliminary injunction rests on a demonstration by the movant of the movant's likelihood of success on the merits; the prospect of irreparable injury in the face of a denial of the injunction; and that a balance of the equities involved favor the movant (*Doe v. Axelrod*, 73 N.Y.2d 748).


On a motion pursuant to CPLR 3211(a)(3) to dismiss a complaint for lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (*Deutsche Bank Trust Co. Ams. v. Vitellas*, 131 A.D.3d at 59–60, 13 N.Y.S.3d 163; *HSBC Bank USA, N.A. v. Lewis*, 134 A.D.3d 764, 765 [2d Dept. 2015]). Further, ...the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of

5

Case 2:23-cv-06188-JMW    Document 521-17    Filed 06/01/26    Page 7 of 9 PageID #: 14613

fact as to its standing (see *U.S. Bank N.A. v. Guy*, 125 A.D.3d at 847, 5 N.Y.S.3d 116; *US Bank N.A. v. Faruque*, 120 A.D.3d 575, 578, 991 N.Y.S.2d 630; *Deutsche Bank Natl. Trust Co. v. Haller*, 100 A.D.3d at 683, 954 N.Y.S.2d 551; *Deutsche Bank Trust Co. Americas v. Vitellas*, 131 A.D.3d 52, 60 [2d Dept. 2015]). Accordingly, Defendants' motion to dismiss pursuant to CPLR §3211 (a)(3) is not sufficiently supported.

In reviewing a motion to dismiss for failure to state a cause of action pursuant to CPLR §3211(a)(7), the Court is to accept all facts alleged in the complaint as being true, accord Plaintiffs the benefit of every possible favorable inference, and determine only whether the alleged facts fit within any cognizable legal theory (*Delbene v. Estes*, 52 AD3d 647 [2d Dept. 2008]; *511 W.232nd Owners Corp. v. Jennifer Realty Co.*, 98 NY2d 144, 151-52 [2002]; *Sokoloff v. Harriman Estates Development Corp.*, 96 NY2d 409, 414 [2001]; *People v. Coventry First LLC*, 13 NY3d 108, 115 [2009]). Pursuant to CPLR §3026, the complaint is to be liberally construed (*Leon v. Martinez*, 84 NY2d 83 [1994]). It is not the Court's function to determine whether plaintiff will ultimately be successful in proving the allegations (*Aberbach v. Biomedical Tissue Services*, 48 AD3d 716, 717-18 [2d Dept. 2008]; *EBCI, Inc. v. Goldman Sachs & Co.*, 5 NY3d 11,19 [2005]). Further, Defendants have not sufficiently established grounds for dismissal based on documentary evidence nor collateral estoppel.

*Mot. Seq. No. 001*

Here, Plaintiffs fail in their burden as unresolved material questions abound concerning the parties' ownership and licensing interests in the assets that are at the heart of this dispute. Having presided over the hearing and reviewed the papers, the Court finds

6

Plaintiffs have failed to establish a likelihood of success on the merits, as well as irreparable injury in the face of the Court's denial. Further, Plaintiffs have also fallen short in demonstrating that the equities balance in their favor.

*Mot. Seq. No. 002*

Here, Defendants have failed to establish entitlement to dismissal of Plaintiffs' Complaint on the grounds sought. Further, Defendants have also failed to meet their burden for the grant of injunctive relief.

Accordingly,

It is

ORDERED, that Plaintiffs' motion (Mot. Seq. No. 001) is Denied at this time; and

It is

ORDERED, that the temporary restraining order entered by the Court on December 14, 2022, is vacated as of the date of this Decision and Order; and

It is

ORDERED, that Defendants' Cross-Motion for an Order of the Court dismissing Plaintiffs' Complaint, and for injunctive relief, is Denied.

7

Case 2:23-cv-06188-JMW   Document 521-17   Filed 06/01/26   Page 9 of 9 PageID #: 14615

All applications not specifically addressed herein have been considered and are denied.

This constitutes the Decision and Order of this Court.

Dated: Mineola, NY
       June 15, 2023

Hon. Sharon M. J. Gianelli
Justice of the Supreme Court

**ENTERED**

**Jun 16 2023**

**NASSAU COUNTY
COUNTY CLERK'S OFFICE**

FILED: NASSAU COUNTY CLERK 06/16/2023 11:35 AM    INDEX NO. 617224/2022
NYSCEF DOC. NO. 100                               RECEIVED NYSCEF: 06/15/2023

8