# CYRULI SHANKS
## CYRULI SHANKS & ZIZMOR LLP

Jeffrey C. Ruderman
email: jruderman@cszlaw.com
Admitted NY, NJ and CT

June 1, 2026

Via ECF

Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

Re:    Superb Motors Inc. et. al. v. Deo, et. al., Case No. 2:23-cv-6188 (JMW)

Dear Magistrate Judge Wicks:

This office represents the IAG Plaintiffs, who write pursuant to ¶ 3(D)(1) of the Individual Rules for a pre-motion conference regarding their summary judgment motion against the Deo Defendants.

**Outline of Motion**

The IAG Plaintiffs have adduced sufficient evidence to obtain summary judgment against the Deo Defendants on the first, third and fifth (collectively, RICO), twelfth and twentieth (conversion), thirteenth and seventeenth (unjust enrichment), fourteenth and eighteenth (breach of duty of loyalty / faithless servant), fifteenth and nineteenth (breach of fiduciary duty), twenty-first (aiding and abetting conversion), twenty-second (aiding and abetting breach of fiduciary duty), twenty-third (aiding and abetting breach of duty of loyalty), twenty-fourth and twenty-fifth (accounting) and twenty-sixth (fraud), causes of action in Plaintiffs' third amended complaint. See ECF 316.

ATTORNEYS AT LAW
420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350

# CYRULI SHANKS
## CYRULI SHANKS & ZIZMOR LLP

     i.      RICO and Civil Conspiracy

Anthony Deo ("Deo"), with the assistance of the other Deo Defendants and those under his control, exploited his position as manager of Northshore and Sunrise to conceal losses, falsified financial information, obtained financing through misrepresentations, diversion of corporate assets for personal benefit, failed to satisfy lender and customer obligations, and shifted millions of dollars of resulting liabilities onto Northshore, Sunrise, Aaronson, and the IAG entities. These facts establish liability for fraud, breach of fiduciary duty and duty of loyalty, conversion, aiding and abetting, and for a civil RICO claim predicated upon repeated acts of wire fraud carried out through interstate financing and electronic communications.

The company tax returns, operating agreements, K-1s, DMV filings, Deo's salary compensation, Deo's own sworn statements and failure to satisfy the purchase price for Sunrise establish that prior to October of 2022 Deo was solely the manager of Northshore and then Sunrise, and not an owner. Hon. Jerome C. Murphy, J.S.C. also found that Deo did not have ownership after October 2022, as required for his business transaction with the Superb Plaintiffs.

As manager, Deo controlled (1) all dealership operations, (2) inventory purchases, (3) financial reporting, (4) interactions with Ally Bank and floor-plan lenders, (5) accounting personnel and (6) had exclusive authority over dealership cash flow and vehicle transactions.

ATTORNEYS AT LAW
420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350

# CYRULI SHANKS

### CYRULI SHANKS & ZIZMOR LLP

Aaronson, Northshore, Sunrise, and the IAG entities relied upon Deo to act honestly and for the benefit of the dealerships. Deo therefore owed fiduciary duties of loyalty, honesty, disclosure, and care.

In order for Deo to keep money flowing to him personally, despite the regular losses being sustained by both Northshore and Sunrise, Deo needed Ally to keep wiring financing inventory purchases. He did so by predicate acts of wire fraud, submitting to IAG and Ally monthly financial statements adjusted by Deo and Jones to make Northshore and Sunrise appear significantly more profitable than they actually were.

Deo also engaged in vehicle purchasing practices that resulted in Ally overfunding certain vehicle purchases. Deo also double financed vehicle sale transactions, both inter and intra state, keeping the wired proceeds.

As manager, to hide the dealerships' losses, Deo purposely withheld payoffs of customer loan for traded-in vehicles and floor plan loans, leaving IAG Plaintiffs to fund the payoffs.

Deo took hundreds of thousands of dollars in customer cash deposits, collected warranty payments from customers which he failed to remit and failed to return approximately $240,000 in lender funds from canceled transactions.

Deo, with the assistance of Michael Laurie ("Laurie"), Marc Merckling and Harry Thomasson ("Thomasson"), converted $735,000 of Northshore assets by obtaining financing from Libertas under false pretenses and, through Thomasson's trust account, personally took control of those funds through his wholly owed company, Car Buyers NYC, Inc, and used them personally to buy into the Superb Plaintiffs' business.

## CYRULI SHANKS

### CYRULI SHANKS & ZIZMOR LLP

In violation of a temporary restraining order of the NY Supreme Court, Deo, with the assistance of Laurie and Thomasson, obtained a $500,000.00 secured loan from Flushing Bank for Northshore by submitting false financial records, and converted those funds for his own use through Car Buyers NYC, Inc.

      ii.      <u>Conversion, aiding and abetting conversion</u>

Deo exercised unauthorized dominion over hundreds of thousands of dollars in customer cash deposits, and with the assistance of the other Deo Defendants, including Thomasson, converted loans in favor of Northshore and Sunrise in the amount of $735,000.00 from Libertas and $500,000.00 from Flushing Bank for his personal use.

      iii.      <u>Fraud, breach of fiduciary duty, breach of duty of loyalty / faithless servant, aiding and abetting conversion, twenty-second (aiding and abetting breach of fiduciary duty</u>

As a general manager of Northshore and Sunrise, Deo had a fiduciary duty and a duty of loyalty to Northshore and Sunrise and their members. Deo breached those duties and engaged in fraudulent activities by preparing and submitting false monthly financial statements to Ally and the IAG Plaintiffs, directing that existing loans from traded in vehicles not be paid and engaging in deceptive practices for vehicle purchases and financing in order to induce IAG and Ally to continue to provide floor plan financing. And then failed to pay off the floor plan financing when the vehicles were sold.

And with the assistance of the other Deo Defendants, including Thomasson, converted loans in favor of Northshore and Sunrise in the amount of $735,000.00 from Libertas and $500,000.00 from Flushing Bank for his personal use.

ATTORNEYS AT LAW

420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170

TEL: (212) 661-6800 • FAX: (212) 661-5350

## CYRULI SHANKS

### CYRULI SHANKS & ZIZMOR LLP

    iv.    <u>Accounting</u>

The nature of the Deo's fiduciary duty and duty of loyalty justifies an accounting.

**Relief Sought**

A finding of liability on the foregoing causes of action and damages, either on summary judgment or upon a hearing on the amount of damages.

**Briefing Schedule**

The parties have agreed to the following briefing schedule. Moving papers due thirty (30) days following the pre-motion conference. Opposition papers due sixty (60) days thereafter. Reply papers due thirty (30) days thereafter.

**Statement of Material Facts**

Plaintiffs are submitting a single Local Civil Rule 56.1 Statement of Material Facts which they will rely upon in support of their separate motions.

**This Court Should Permit Leave to Raise Additional Arguments in Motion Practice**

The Individual Rules provide that any arguments not raised in a motion for summary judgment shall be deemed waived. However, given the breadth of claims at issue and the complexity of the facts, all the arguments the IAG Plaintiffs seek to raise cannot be condensed into 1,000 words.[1] As a result, the Superb Plaintiffs should be permitted leave to raise any additional arguments in their memorandum of law in support of their motion for summary judgment.

ATTORNEYS AT LAW

420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170

TEL: (212) 661-6800 • FAX: (212) 661-5350

# CYRULI SHANKS

### CYRULI SHANKS & ZIZMOR LLP

We thank the Court for its consideration in this regard.

Respectfully yours,

*/s/ Jeffrey C. Ruderman*
Jeffrey C. Ruderman

cc:     All counsel via ECF

---

[1] The IAG Plaintiffs respectfully note that of the 1,082 words in the letter, the combined Outline of the Motion and Relef Requested do not exceed the 1,000 word limit.