# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:

Massachusetts
New York

June 30, 2026

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re:    *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
              Case No. 2:23-cv-6188 (JW)

Your Honor:

Deo Defendants hereby respectfully submit this letter in opposition to plaintiffs Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia, June 1st, 2026 pre-motion conference letter (ECF No. 522).

Superb Plaintiffs' motion fails immediately because the Rule 56.1 statement it rests on does not do what the Rule requires.  It must set forth the material facts as to which there is no genuine issue, in numbered paragraphs each supported by a citation to admissible evidence. Plaintiffs filed 1,071 paragraphs, a substantial portion of which fail that standard. Many state no fact and cite nothing in the record. Others recite conclusions of law, which cannot be admitted or denied as facts. And others are pleaded upon information and belief, the opposite of an undisputed fact: what the affiant does not know to be true cannot be a fact beyond genuine dispute, and it cannot support summary judgment. Such a statement does not carry the movant's burden. It leaves the Court to separate evidence guesswork across 1,071 entries. That defect warrants denial and infects every branch of the motion.

1

### i. RICO and Civil Conspiracy

Plaintiffs recite the elements of a RICO claim and then abandon them. Reciting the test is not proof of it. Plaintiffs must still establish conduct, an enterprise, and a pattern of predicate acts, and the record supplies none. The one predicate they describe with any specificity, a "double-flooring" scheme, was an operational error corrected by repayment, in which Deo did not personally participate. The men said to form the enterprise disclaim the knowledge a conspiracy requires: Thomasson never knew of the loans, and Merckling did not know of the loan at all. An enterprise cannot be assembled from confederates who did not know it existed. Nor is the rest of the story racketeering: that police officers looked into a reported crime is the ordinary work of law enforcement, not extortion, and Aaronson returned the Libertas funds of his own accord. Throughout this case, the Court has reiterated that Plaintiffs have made no showing of a conspiracy by these Defendants.

### ii. Unfair Competition

This claim rests on a foundation the Court has already removed. In its Opinion and Order of March 21, 2025, the Court dismissed with prejudice, as against the Deo Defendants, the Defend Trade Secrets Act and misappropriation claims through which Plaintiffs sought to protect the Tekion system and their customer list. What Plaintiffs could not establish as trade secrets then, they cannot repackage as unfair competition now. Stripped of that theory, what remains is not evidence but assertion, Urrutia's own say-so that his customer list was uniquely valuable and his methods proprietary, labels that describe a wish, not a protectable interest. And the conduct they complain of is not unfair, it is competition. That Deo opened the Gold Coast dealerships was never hidden, and forming a business to compete for customers is the ordinary stuff of commerce, not a tort.

### iii. Conversion

Deo cannot have converted what was in part his own. He is a forty-nine percent shareholder of Superb and a party to both the Shareholders' and Cross-Purchase Agreements, and Urrutia himself held Deo out as an owner. Plaintiffs now say that ownership was never finalized, but that dispute is precisely why this claim cannot be decided as a matter of law. A conversion claim fails where the defendant's right to the very funds is genuinely contested. The claim fails a second time where Urrutia put Deo in charge of Superb's day-to-day operations and told him he could sign checks, and Urrutia's own COO was aware of that signing and watched the register. The customer cash and checks were processed by Kendra Kernizant, the employee Urrutia hired and called one of his own, and this Court, reviewing the same records on reconsideration, found that the accounting information came from that same employee. Money handled by the principal's chosen bookkeeper and signed by an agent the principal authorized to sign is not converted. The charge that Deo took these funds for personal use is asserted and nowhere shown.

### iv. Fraud

Plaintiffs treat Justice Murphy's ruling as a conclusive finding of fraud. It is nothing of the kind. Even as to the single agreement the court addressed, it left liability open and set the matter down for trial on whether rescissory damages are even appropriate, whether, not how much. A ruling that reserves the question of remedy, and does not resolve liability, establishes no fraud that could bind this Court. And whatever the court addressed reaches only that one Superb agreement. It resolves no question of ownership as to Northshore or 189 Sunrise and cannot carry the racketeering, conversion, and fiduciary theories Plaintiffs would build upon it.

### v. Breach of Fiduciary Duty and Breach of Duty of Loyalty / Faithless Servant

The faithless-servant claim fails at the door, because it requires an employee and Deo was not one.

3

He was a forty-nine percent shareholder of Superb and a party to its governing agreements, not Urrutia's servant. As for the duty itself, Deo does not pretend a co-venturer owes nothing; the claim fails on breach, not on duty. And breach is where Plaintiffs have nothing. Urrutia authorized the operations and the check-signing, the books ran through Urrutia's own controller, and neither Urrutia nor anyone else has identified a single transaction Deo was not permitted to make. Self-dealing cannot be inferred from acts the principal authorized, performed through the principal's own people.

### vi. UCC Article 4 against Flushing Bank

To the extent any response is required, the Deo Defendants join in Flushing Bank's opposition to this branch of the motion.

Wherefore, Deo Defendants respectfully request that the Court deny Plaintiffs leave to move for summary judgment, or in the alternative set a single schedule governing the parties' cross-motions. Defendants thank the Court for its attention to this matter.

Respectfully submitted,

/S/ *Nipun Marwaha*                                    /S/ *Harry R. Thomasson*

_____                          _____
Nipun Marwaha, Esq.                                   Harry R. Thomasson, Esq.
On behalf of the Deo Defendants                  *Pro Se*
Not including Harry Thomasson

4

## **CERTIFICATION**

I hereby certify that the total word count for this response to the Plaintiff's pre-motion letter is 971 words within the limits set by this Court's Individual Rules of Practice.

/S/  *Harry R. Thomasson*

_____
Harry R. Thomasson, Esq.
*Pro Se*