# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Box 112
Wantagh, New York  11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:

Massachusetts
New York

June 30, 2026

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

> Re:  *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
> Case No. 2:23-cv-6188 (JW)

Your Honor:

The Deo Defendants hereby jointly and respectfully submit this letter in opposition to the pre-motion conference letter filed by plaintiffs (the "IAG Plaintiffs") on June 1, 2026 (ECF No. 523) ("the IAG Plaintiffs' Pre-Motion Conference Letter").

Plaintiffs' claims are precariously perched on the repeatedly disproven premise of Anthony Deo being a manager, not an owner.  It is the Plaintiffs themselves that defeat this premise. Plaintiff Aaronson directed his accountants to draft tax documents affirming that the Deos own one hundred percent of Northshore and 189 Sunrise. Upon reviewing those documents, he gave written approval to file them with the government.  He then testified, under oath, that he did so honestly and with no intent to defraud the Internal Revenue Service.

In the interest of the word limit, Deo Defendants confine this section to the Plaintiffs' own admissions. The accompanying Rule 56.1 statement and counterstatement set out testimony of Plaintiff employees who repeatedly confirm Deo's ownership.

**RICO and Civil Conspiracy.**

Plaintiffs must prove conduct, an enterprise, and a pattern of predicate acts, and their own witnesses supply the opposite. Their wire-fraud predicate is the monthly financial statements sent to Ally. But Deo did not prepare or send them. The outside accountant prepared them, and the Plaintiffs' own employees, O'Sullivan and Kwun, transmitted them to Ally. Nor did Ally rely on them, because Ally independently audited the dealerships every month. There is no wire fraud where the defendant sent nothing and the lender verified everything for itself.

The conspiracy fails just as plainly. Aaronson conceded that every claim against the Defendants other than Deo is derivative of nothing more than their association with him, and the men said to have joined the scheme disclaimed any knowledge of the loans at its center.

The only unauthorized taking this record establishes is the Plaintiffs' own. Their controller, Wendy Kwun, moved $735,000 out of 189 Sunrise on a dead man's login credentials.

**Conversion and Aiding and Abetting Conversion.**

By the allegation's own words, the Libertas and Flushing loans were obtained "in favor of Northshore and Sunrise." A man cannot convert the funds of the companies he owns, and the Plaintiffs, who are not members of those companies on their own approved returns, have no possessory right to assert. The aiding-and-abetting claim adds nothing, because Thomasson never knew of the loans at all. And as for the customer cash, the Plaintiffs' own controller defeats the claim. Dan O'Sullivan, the employee Plaintiffs entrusted with the dealerships' books, testified that every dollar was accounted for, that a capital account signifies ownership, and that each dollar Deo took was booked against his capital account as an owner's draw.

**Fraud, Breach of Fiduciary Duty, Breach of Duty of Loyalty, Faithless Servant, and Aiding and Abetting**

These claims fall with the premise already disproven. A fiduciary duty runs to the members

2

of a company, and on the Plaintiffs' own approved returns the Deos are the members and the Plaintiffs are not. Plaintiffs cannot be owed a duty as members of companies they admit they do not own. The faithless-servant claim requires an employee, and Deo was an owner, not Northshore's servant. That Deo ran the dealerships' operations proves nothing, because owners run their operations too, and the Plaintiffs' own controller called Deo "the boss."

Moreover, disloyalty requires a breach, and Aaronson admitted he could not identify a single unauthorized transaction Deo ever made. The fraud theory is the wire-fraud theory already answered, the statements were prepared by the outside accountant and sent to Ally by the Plaintiffs' own employees. And the aiding-and-abetting claims require both an underlying wrong and a knowing participant, yet the underlying wrong fails with the duty, and the men accused of assisting it disclaimed any knowledge of the transactions at its center. Plaintiffs confirmed Anthony Deo's ownership under oath, then built twenty-six causes of action pretending they had not.

For these reasons, the Deo Defendants respectfully request that the Court deny the IAG Plaintiffs leave to move for summary judgment, or in the alternative set a single schedule governing the parties' cross-motions. The Deo Defendants thank the Court for its attention to this matter.

Respectfully submitted,

/S/ *Nipun Marwaha*                                    /S/ *Harry R. Thomasson*

_____                         _____
Nipun Marwaha, Esq.                                  Harry R. Thomasson, Esq.
On behalf of the Deo Defendants                 *Pro Se*
Not including Harry Thomasson

## CERTIFICATION

I hereby certify that the total word count for this response to the Plaintiff's pre-motion letter is 687 words within the limits set by this Court's Individual Rules of Practice.

/S/ *Harry R. Thomasson*

_____
Harry R. Thomasson, Esq.
*Pro Se*