UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Plaintiffs,

Case No. 2:23-cv-6188(JMW)

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, AND NORTHSHORE MOTOR LEASING, LLC,

Defendants.

--------------------------------------------------------------------X

**DECLARATION OF MICHAEL BUCCINO IN SUPPORT OF FLUSHING BANK, A DIVISION OF OCEANFIRST BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT**

MICHAEL BUCCINO, declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am Vice President/Associate Counsel for Flushing Bank, a division of OceanFirst Bank, N.A. Flushing Bank merged with OceanFirst Bank on June 1, 2026. Prior to this merger, I was Vice President, Legal Processing and Support Attorney for Flushing Bank, a position which I held since 2014, when I joined Flushing Bank. Flushing Bank, a division of OceanFirst Bank, N.A., is hereinafter referred to as "Flushing Bank."

2. I make this declaration in support of Flushing Bank's motion for summary judgment and based upon my personal knowledge of the facts of this matter, which I have acquired through my role as Vice President/Associate Counsel. I also have access to, and have reviewed, the records relevant to this matter which are maintained by Flushing Bank in its regular course of business.

3. That is, the records for the Flushing Bank accounts and loan at issue in this matter, including statements, correspondence related to the accounts, computerized records, and all other documents, that are maintained by Flushing Bank in the course of its regularly conducted business activities and were made at or near the time of the occurrence of the events they reflect, by or from information transmitted by a person with knowledge. It is the practice of Flushing Bank to keep such records in the ordinary course of regularly conducted business activity.

4. Based upon my review of this matter and knowledge of this case, I am aware that the Superb Plaintiffs[1] have one claim remaining against Flushing Bank, specifically, the Superb Plaintiffs claim that Flushing Bank claim violated Article 4-A-204(1) of the Uniform Commercial Code by allowing defendant Anthony Deo to open accounts for Superb Motors Inc. ("Superb"), Northshore Motor Leasing LLC ("Northshore"), and 189 Sunrise Hwy Auto LLC ("189 Sunrise"),

[1] The "Superb Plaintiffs" are Plaintiffs Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia.

and to take out a loan for Northshore. However, as set forth below, Deo presented himself as having apparent authority over these entities for the purpose of opening accounts and taking loans, and Flushing Bank followed proper procedures regarding the relevant accounts. Thus, summary judgment is warranted.

**Superb Motors Inc.**

5. On March 24, 2023, Lesley Cusano, a Business Specialist at Flushing Bank sent an email with the subject "New Business Account Paperwork Requirements" to Michael Morgan at Allied Management as well as David Weinstein of Flushing Bank. *See* Exhibit A attached hereto (FLUSHING01378-FLUSHING01379). In that email, it stated that to open an account for a corporation, the following documents were needed: (1) Certificate of Incorporation; (2) Filing Receipt; and (3) EIN Tax ID Number. *See id.*

6. According to Flushing Bank's records, shortly after this email was sent, Michael Morgan forwarded it to Plaintiff Robert Anthony Urrutia, who, in turn, forwarded it to Bruce Novicky. *See id.* (FLUSHING01378).

7. Also as reflected by Flushing Bank's records, on or about March 18, 2023, Bruce Novicky emailed Lesley Cusano documents regarding several entities. The documents regarding Superb Motors Inc. which were attached to this email were: (1) a letter dated March 2, 2021 from the IRS to Superb c/o Robert Clarke providing a federal Employer Identification Number; and (2) an Online Filling Receipt from the New York State Department Division of Corporations and State Records. These documents are silent as to ownership interests in Superb. *See* Exhibit B attached hereto (FLUSHING01395-FLUSHING01398).

8. On March 30, 2023, Urrutia sent David Weinstein an email attaching tax returns for several entities, including the 2021 Tax Returns for Superb. The 2021 Tax Return for Superb listed

Roberto Urrutia as 60% owner of Superb and Robert Clarke as 40% owner. *See* Exhibits C and D, attached hereto. (FLUSHING01522-FLUSHING01523; FLUSHING01669; FLUSHING01735).

9. David Weinstein forwarded these documents to Lesley Cusano. *See* Buccino Dec., at Exhibit E (FLUSHING2052-FLUSHING02053; FLUSHING02199; FLUSHING02265). Urrutia did not provide any documentation setting forth the current ownership interests in Superb in 2023. *See id.*

10. Ultimately, Urrutia never opened any accounts at Flushing Bank. He is not, and was never, a customer of Flushing Bank.

11. Because the accounts Urrutia discussed with David Weinstein were never opened, the documents Urrutia (or those acting on behalf of Urrutia) provided to Flushing Bank were never uploaded to a central repository, Synergy, but rather remained in the email inboxes of the individuals who received the documents.

12. On March 31, 2023, Robert Puccio of Flushing Bank sent Deo an email with the subject "Rob – Puccio – Accounting Opening information". *See* Exhibit F attached hereto (FLUSHING03998-FLUSHING03999). In that email, Puccio asked Deo to "[p]lease provide me with the information requested for Superb," which included ownership information in the form of "Full name, SSN, Title, Percentage of Ownership and ID for Each Owner." *See id.*

13. In that email, Puccio also requested "Legal Documentation." For LLCs, Puccio stated "we will need the articles of organization, operating agreement, and filing receipt." For corporations, Puccio stated that "we will need the certificate of incorporation and filing receipt." *See id.*

14. On April 3, 2023, Deo responded to Puccio by stating "Good Morning Rob, Can you please tell me what information you received from David Weinstein so that I can push this process along?" *See id.*

15. Also on April 3, 2023, in response to Deo's inquiry regarding information that Puccio had received from Weinstein, Puccio responded, "I have not received anything. From my understanding he will be opening accounts for your partners [sic] other ventures, new car dealerships in CT, NY and NJ. As David and I understand I will only be opening the joint venture you have with your partner which will be located in Great Neck." *See id.*

16. According to records maintained by Flushing Bank, later that day, Deo forwarded Puccio's email to Bruce Novicky and Urrutia and stated, "Dave Weinstein didn't have any of the information for Superb to send over to Rob." He also asked, "Can you please help me in gathering the information needed so I can get this done ASAP?" and "All I need is the formation documentation." He then copied the portion of Puccio's March 31, 2023 email which stated: "For corporations, we will need the certificate of incorporation and filing receipt." *See* Exhibit G attached hereto (FLUSHING05918-FLUSHING05919).

17. An email forwarded to Flushing Bank reflects that, by email dated April 3, 2023, Urrutia forwarded Superb's Certificate of Incorporation, to Deo, who then forwarded it to Puccio. *See* Exhibit H attached hereto (FLUSHING05953- FLUSHING05956).

18. On April 4, 2023, Deo submitted a Certification of Beneficial Owner(s) to Flushing Bank in connection with an account application for Superb, listing himself as 100% owner of Superb. *See* Exhibit I attached hereto (FLUSHING04586-FLUSHING04589)

19. Deo also submitted a Resolution of Authority in connection with an account application for Superb. This Resolution of Authority listed Deo as the person "authorized to

endorse for collection, deposit, or negotiation, any and all checks, drafts, notes, bills of exchange, certificates of deposit, and orders for the payment or transfer of money between account at Bank and other Banks, either belonging to or coming into the possession of the Entity." *See id.* (FLUSHING 04590).

20. This Resolution of Authority signed by Deo also listed him as the person with the "authority to instruct Bank to close the account, to give instructions by means other than the signing of any item with respect to account transactions such as those initiated via electronic debit, payment, wire transfer, or other withdrawal of funds by computer, electronic or technologic means, and is further authorized to sign and implement for and in the name and on behalf of the Entity." *Id.*

21. To open an account for a corporation, the relevant provisions of Flushing Bank's Bank Secrecy Act Compliance Policy (attached hereto as Exhibit J (FLUSHING08809-FLUSHING08809) require the submission of: (1) Certificate of Incorporation (original or copy); (2) signed beneficial owner(s) certification/recertification; and (3) the filing receipt indicating the Certificate of Incorporation was filed. *See id.*

22. Because Deo submitted the required documentation for Superb, a checking account was opened for Superb in or around April 2023.

**<u>Northshore and 189 Sunrise</u>**

23. According to Flushing Bank's records, Deo contacted Puccio of Flushing Bank in August 2022 regarding opening lines of credit for Northshore and 189 Sunrise. *See* Exhibit K (FLUSHING00015-FLUSHING00016). Puccio conducted a site visit of Northshore on or about August 18, 2022, and met with Deo. Exhibit L attached hereto (FLUSHING00008).

24. On August 19, 2022, Puccio advised Deo that in order to apply for the line of credit, he would need to upload: (1) Two years of federal tax returns with all schedules for the business; (2) Two years of federal tax returns for Deo; and (3) a copy of Deo's license. *Id.*

25. On August 23, 2022, Deo advised Puccio he had uploaded the documents needed to apply for lines of credit for Northshore and 189 Sunrise. *See* Exhibit K attached hereto (FLUSHING00015-FLUSHING00016).

26. Puccio then sent an email to Deo that advised, in part, that he needed 2020 and 2021 tax returns for Northshore, and that he understood Deo's accountant was in the process of filing them. *See id.* Puccio also advised Deo that 189 Sunrise would not qualify for a loan due to its lack of profitability in 2019 and 2020. *Id.* Accounts for Northshore and 189 Sunrise were not opened at that time.

27. On February 27, 2023, Deo emailed documents related to Northshore and 189 Sunrise to Puccio. Exhibit M attached hereto (FLUSHING00105-FLUSHING00136). Attached to that email was a document entitled "Operating Agreement for Northshore Motor Leasing LLC." This document is dated June 15, 2020, and lists Deo as 99% owner of Northshore and his wife Sarah as 1% owner. *See id.*

28. Also attached to the email were IRS Schedule K-1s which listed Deo as 99% owner of Northshore and his wife Sarah Deo as 1% owner. *See* Exhibit M attached hereto (FLUSHING00123-FLUSHING00124).

29. Additionally, Deo attached a document entitled "Operating Agreement for 189 Sunrise Hwy Auto LLC." This document is dated February 15, 2021, and lists Deo as 99% owner of 189 Sunrise and his wife Sarah as 1% owner. *See* Exhibit M attached hereto (FLUSHING000130-FLUSHING000134). Additionally, Deo provided IRS Schedule K-1s, listing

Deo as 99% owner of 189 Sunrise and his wife as 1% owner of 189 Sunrise. *Id.* (FLUSHING00127-FLUSHING00128).

30. In connection with his application for loans for Northshore and 189 Sunrise, Deo also provided an Affidavit of Thomas Jones CPA, in the matter of *Brian Chabrier v. Anthony Deo* (Supreme Court of Nassau County Index No. 617224/2022). *See* Exhibit N, attached hereto (FLUSHING04041-FLUSHING04046). It is my understanding, based upon a review of the records of this matter, that Thomas Jones CPA served as an accountant to the Deos, as well as Northshore and 189 Sunrise. *See id.*

31. In the Jones Affidavit provided to Flushing Bank, it states that plaintiff Joshua Aaronson and Wendy Kwun, Controller for the Island Auto Groups, made the request to amend the tax returns of Northshore and 189 Sunrise to reflect Anthony Deo as 99% owner of these entitles and Sara Deo as 1% owner of these entities. According to the Jones Affidavit, these ownership interests were also confirmed by the accounting firm of Citrin Cooperman. *See id.*

32. Deo also signed Certifications of Beneficial Owner(s) identifying himself as having 99% Ownership in both Northshore and 189 Sunrise. *See* Exhibits O and P attached hereto (FLUSHING07186-FLUSHING07187; FLUSHING07243-FLUSHING07245).

33. Deo signed Resolutions of Authority for both Northshore and 189 Sunrise, listing himself as the person "authorized to endorse for collection, deposit, or negotiation, any and all checks, drafts, notes, bills of exchange, certificates of deposit, and orders for the payment or transfer of money between account at Bank and other Banks, either belonging to or coming into the possession of the Entity." *See* Exhibits O and P attached hereto (FLUSHING07185; FLUSHING07243).

34. To open an account for a limited liability company, the relevant provisions of Flushing Bank's Bank Secrecy Act Compliance Policy (attached hereto as Exhibit J) require the submission of: (1) Articles of Organization (original or copy) or the Operating Agreement (original or copy); and (2) signed beneficial owner(s)/recertification; and (3) if Articles of Organization were submitted, the filing receipt for such Articles.

35. In March 2023, because the necessary documents were received, checking accounts were open for Northshore and 189 Sunrise, and a loan was given to Northshore in the amount of $500,000.00.

**Urrutia Contacts Flushing Bank in August 2023**

36. Urrutia contacted Flushing Bank in August 2023 to complain that he was the majority shareholder of Superb. and that the Superb account had been opened without his authority.

37. Upon receiving Urrutia's complaint, Flushing Bank put the Superb, Northshore, and 189 Sunrise accounts on hold.

38. On August 17, 2023, Puccio sent an email to Deo asking him for a copy of Superb's Operating Agreement. Puccio also asked Deo to confirm his "ownership % in Superb Motors." Because "there is a claim you are not authorized to establish accounts for the company." *See* Exhibit Q attached hereto (FLUSHING05917). Deo responded that "[i]n November 2022 I bought 50% of Superb Motors. Subsequently, I purchased the full 100% in Feb 2023 and our lawyers have been working on a contract that's [sic] states that amount." *See id.*

39. On or about September 18, 2022, Flushing Bank was served with the Summons and First Complaint in this matter. No withdrawals have been permitted from the Superb, Northshore, or 189 Sunrise accounts since then. These accounts remain frozen and maintain balances pending this Court's determination in this matter.

40. I declare, under penalty of perjury, that the foregoing is true and correct. Executed on this 31st day of August 2026, at Uniondale, New York.

Michael Buccino