**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Case No. 2:23-cv-6188(JMW)

Plaintiffs,

v.

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, LIBERTAS, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, AND NORTHSHORE MOTOR LEASING, LLC,

Defendants.

-----------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LIBERTAS FUNDING LLC'S MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 1

PROCEDURAL HISTORY ........ 3

STANDARD OF REVIEW AND LEGAL ARGUMENT ........ 4

CONCLUSION ........ 8

## TABLE OF AUTHORITIES

Cases Page

*Azzil Granite Materials, LLC v. Canadian Pacific Railway Corp.*,
52023 WL 3346765 (E.D. N.Y. May 10, 2023) ....................4

*Cammeby's Management Company, LLC v. Affiliated FM Insurance Company*,
152 F. Supp.3d 159 (S.D.N.Y 2016)....................7

*Rojas v. Splendor Landscape Designs Ltd*.,
268 F. Supp.3d 405 (E.D.N.Y. 2017) ....................4

*Steger v. Nassau Cmty. Coll.,*
19-CV-03026, 2002 WL 1085499 (E.D.N.Y. Mar. 8, 2022)....................4

*2006 Frank Calandra, Jr. Irrevocable Trust,*
816 F. Supp.2d 222 (S.D.N.Y. 2011)....................7

Rules

Fed.R.Civ.P. 56....................4

## PRELIMINARY STATEMENT

Defendant Libertas Funding LLC ("Libertas"), by and through its undersigned counsel, respectfully submits this Memorandum of Law, Libertas' Rule 56.1 Statement of Undisputed Material Facts dated June 1, 2026 (Doc. 520) and all exhibits associated therewith (the "Rule 56.1 Statement") and the Declaration of Jeffrey S. Cianciulli, Esquire, dated September 4, 2026 (the "Dec.") in support of its motion for summary judgment, dismissing the sole remaining cause of action against Libertas – which seeks a declaration invalidating a single financing transaction between Libertas, Northshore Motor Leasing LLC ("Northshore") and 189 Sunrise Hwy Auto LLC ("189 Sunrise") based on the argument that defendant Anthony Deo ("Deo") had no ownership of or authority to act on behalf of Northshore or 189 Sunrise. This Court previously dismissed all other causes of action asserted by Plaintiffs against Libertas in its Opinion and Order dated March 21, 2025 (the "Opinion and Order").

## STATEMENT OF FACTS

The facts of this case as to Libertas are not complicated. Relevant, undisputed facts are set forth in Libertas's Rule 56.1 Statement of Undisputed Material Facts (ECF No. 520) and incorporated herein by reference. Those facts are restated below.

Libertas is limited liability company organized under the laws of the State of Connecticut and authorized to conduct business in the State of New York. Third Amended Complaint ("TAC"), ¶47 (ECF No. 316). Northshore is a limited liability corporation organized under the laws of New York State. TAC, at ¶ 9. Superb Motors, Inc. is a corporation duly organized under the laws of New York State. TAC, at ¶ 28. Anthony Deo ("Deo") is an individual residing in New York State. TAC, at ¶ 30. Sara Deo is an individual residing in New York State. TAC, at ¶ 30.

On or about November 15, 2022, Libertas and Northshore entered into an Agreement for Sale of Future Receipts dated November 15, 2022 (the "Purchase Agreement") under the terms of which Libertas agreed to purchase, and Northshore agreed to sell $997,000 of its future receivables for the purchase price of $735,000. TAC, ¶323. (Declaration of Jeffrey S. Cianciulli, Esquire ("Dec."), Exhibit A (Purchase Agreement) and Exhibit B (Deposition transcript of Anthony Deo ("Deo Tr.") January 12, 2026, 281:3, 282:15-283:9). It is undisputed that the purchase price was paid by Libertas and $735,000 was wired and deposited into an account titled to and maintained by 189 Sunrise. TAC, ¶¶333, 335; Dec., Exhibit B, Deo Tr. February 13, 2026, 90:9-16.

It is further undisputed that Northshore and 189 Sunrise held Deo out to be the owner of those entities. Northshore's 2021 tax returns reflect that Deo held a 99% limited member interest in Northshore and his wife, Sara Rahman, held a 1% limited member interest. (Dec. Exhibit C). 189 Sunrise's 2021 tax returns reflect that Deo held a 99% limited member interest in Northshore and his wife, Sara Rahman, held a 1% limited member interest. (Dec., Exhibit D). Joshua Aaronson, who is alleged to hold a one-third (1/3) percent membership interest in 189 Sunrise (TAC, ¶61), reviewed and approved the tax returns as prepared reflecting Deo's ownership interest and authority to act on behalf of Northshore and 189 Sunrise. (Dec., Exhibit E, Deposition transcript of Joshua Aaronson ("Aaronson Tr."), 95:4-96:4, 97:15-22).

Libertas was not the only entity to which Deo was represented as an owner of Northshore. Deo executed documents which were submitted to Flushing Bank in which Deo was listed as an owner of Northshore and/or 189 Sunrise. (*See* Fleshing Bank's motion for summary judgment and accompanying Declaration of Declaration of Ariel Ronneburger and exhibits attached thereto (ECF No. 518-18, 518-22, 518-23); Flushing Bank's motion for summary judgment (ECF No. 547 and exhibits); ECF No. 547-9, Declaration of Michael Buccino (stating Flushing Bank received

Northshore's and 189 Sunrise's Operating Agreements and Deo's K-1s listing Deo as a 99% owner).

Based upon documents submitted to and relied upon by Libertas in purchasing Northshore's future receipts, Libertas reasonably believed that Deo, as an owner of Northshore and 189 Sunrise and was authorized to enter into the sale transaction with Libertas and execute the Purchase Agreement.

**PROCEDURAL HISTORY**

On August 17, 2023, Plaintiffs filed their Complaint (ECF No. 1) and on October 13, 2023, filed a First Amended Complaint (ECF No. 65), raising fifty-two (52) causes of action – only three (3) of which were asserted against Libertas - (1) First Cause of Action – RICO under 18 U.S.C. §1962 (as to all Defendants); (2) Second Cause of Action – conspiracy under 18 U.S.C. §1962(d) (as to all Defendants); and (3) Third Cause of Action – permanent injunction, as to Libertas's enforcement of it rights under a certain Agreement of Sale of Future Receipts (the "Sale Agreement"). On April 2, 2024, Libertas filed a motion to dismiss all claims asserted against Libertas in the First Amended Complaint (ECF No. 164).

On March 21, 2025, the Court issued an Order and Opinion that addressed several motions to dismiss and motions to amend. (ECF No. 230). As to the claims asserted against Libertas, the Court held that the Complaint failed to establish a RICO claim against Libertas and dismissed the RICO claim. The Court found that Plaintiffs failed to demonstrate the required elements to obtain a permanent injunction against Libertas and dismissed that claim. (ECF No. 230). Upon consideration of Plaintiffs' Motion for Reconsideration (ECF Nos. 240-241), by Order dated August 1, 2025 (ECF No. 314), the Court permitted Plaintiffs to file an amendment, consistent with the rulings in the Court's Order and the March 21, 2025 Order. (*See* ECF No. 314).

On August 8, 2025, Plaintiffs filed the TAC. (ECF No. 316). As a Tenth Cause of Action, Plaintiffs Northshore and 189 Sunrise asserted a new claim for Declaratory Judgment, seeking a determination of Libertas's rights under the Sale Agreement. (ECF No. 316).

**STANDARD OF REVIEW AND LEGAL ARGUMENT**

"A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "The burden is on the moving party to establish the lack of any factual issues." *Rojas v. Splendor Landscape Designs Ltd.*, 268 F. Supp.3d 405, 409 (E.D.N.Y. 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The initial burden is on the movant to demonstrate the absence of a genuine issue of fact, which can be met by pointing to a lack of evidence supporting the nonmovant's claim." *Azzil Granite Materials, LLC v. Canadian Pacific Railway Corp.,* 20-cv-2381 (JMW), 2023 WL 3346765, at * 3 (E.D.N.Y May 10, 2023) (*citing Celotex, 477 U.S. at 323; Feingold v. New York,* 366 F.3d 138, 148 (2d Cir. 2004)). A fact is material only if it 'might affect the outcome of the suit under the governing law. . .." *Steger v. Nassau Cmty. Coll.,* 19-CV-03026 (JMA) (JMW), 2002 WL 1085499, at *2 (E.D.N.Y. Mar. 8, 2022), *Report and Recommendation adopted, 1*9-cv-3026 (JMA) (JMW), 2022 WL 912654, at *2 (E.D.N.Y. Mar. 29, 2022). Once this initial burden is met, the nonmoving party must present evidence of facts that raise a genuine issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e) (other citations omitted). The nonmoving party must do more than merely assert conclusions unsupported by facts in the record. *Id.* (*citing BellSouth Telecomms, Inc. v. W.R. Grace & Co.,* 77 F.3d 603, 615 (2d Cir. 1996)).

As set forth below, there are no genuine issues of material fact in dispute as to the issue of apparent authority of Deo to execute the Purchase Agreement and reasonable reliance by Libertas. Libertas therefore is entitled to judgment as a matter of law in its favor.

The sole count of the operative TAC against Libertas is the "Tenth Cause of Action" which seeks solely a declaratory judgment. *See*, TAC at ¶¶ 848-859. Northshore and Sunrise (no other named plaintiff has asserted this claim) allege in this single claim that Deo had no authority to act on behalf of or otherwise bind Northshore or 189 Sunrise to the Purchase Agreement with Libertas or to withdraw from bank accounts because they allege Deo was not an owner and had no actual or apparent authority. *See*, TAC at ¶¶ 850-856. Ownership and authority to act on behalf of Northshore and 189 Sunrise lies at the heart of the contested claims by Plaintiffs generally, and against Deo and other defendants, but while those issues have not yet been adjudicated, the record developed through discovery establishes that Deo had actual and/or apparent authority to bind Northshore and 189 Sunrise to the Purchase Agreement and Libertas reasonably relied on the representations of Deo and others and on official records, including Federal Tax Returns actually filed with the IRS and reviewed and approved by Anthony Urrutia, in entering into the Financing Agreement. This record, alone, necessitates judgment in favor of Libertas.

The uncontradicted record developed through discovery in this litigation (not just as to Libertas, but also as to the other "Bank Defendant", Flushing Bank, demonstrate that Deo regularly and repeatedly presented himself as not only a person authorized to act on behalf of Northshore and 189 Sunrise, but as the owner of Northshore and 189 Sunrise. Not only did Deo execute numerous documents attesting to his ownership, but he delivered to Libertas copies of tax returns for both Northshore and 189 Sunrise that further corroborated his representations of ownership,

control and authority. (See Dec, Exhibits D and D). Using that same authority, he successfully opened accounts at Flushing Bank for Northshore and 189 Sunrise.

Libertas had, and the record discloses, absolutely no reason to suggest that Deo's representations, or the documents he provided supporting those representations, were false (in fact such representations have not been determined to be false). Northshore and 189 Sunrise have discovered absolutely no evidence to establish that Libertas' reliance on the information provided to it was unreasonable such that it would invalidate Deo's actual or apparent authority to bind Northshore and 189 Sunrise.

In the Opinion and Order, the Court stated that while Plaintiffs allege that Deo lacked authority "to make transfers . . . on behalf of . . . Northshore, or 189 Sunrise," if the "words or conduct of the principal, in this case the Superb Plaintiffs . . . gave rise to the appearance and belief that the Deo Defendants possessed authority to enter a transaction," then Libertas and Flushing Bank could be said to have "reasonably believe[d]" Deo had this authority." However, as argued by Flushing Bank in its motion for summary judgment, "this is not a case where the Court should look to whether the Plaintiffs gave Deo apparent authority (though, it appears from the record that they did) - rather, Deo himself presented such authority, which was reasonably relied upon by Flushing Bank, and which was not contradicted in any way by the Superb Plaintiffs." *See* ECF No. 547-27, Flushing Bank Memorandum of Law in Support of Motion for Summary Judgment, p. 14. While at a motion to dismiss stage, the Court was required to accept as true that Deo did not own and did not have authority to act on behalf of Northshore or 189 Sunrise, the same reliance is not applicable at a summary judgment stage.

Here, while there is absolutely no record evidence that Libertas knew that Deo did not own and/or did not have authority to act for, Northshore or 189 Sunrise, in point of fact, there is

evidence in the record that Joshua Aaronson had reviewed and approved the federal tax returns that Libertas was provided demonstrating that Deo owned Northshore and 189 Sunrise. *See*, Dec. at Exhibit E, Aaronson Tr., 97:15-22. Moreover, Deo executed the Purchase Agreement as "owner" of both Northshore and 189 Sunrise. *See,* Dec. at Exhibit A. The tax returns provided by Deo (and reviewed and approved by Aaronson) reflect his ownership of Northshore and 189 Sunrise. *See*, Dec. at Exhibits C and D.

The record does not reflect that any Plaintiff informed Libertas, either before or after the Purchase Agreement was entered into that there was alleged to be an issue with authority or ownership and, of course, no part of the purchase price of $735,000 that was actually paid by Libertas was returned to Libertas. Instead, the record is clear that Aaronson, instead unilaterally exercised dominion and control over, and withdrew the funds deposited by Libertas instead of returning them to Libertas – an act entirely inconsistent with the Plaintiffs' current position that the transaction should be invalidated. *See* Dec, Exhibit E, Aaronson Tr., 108:16-25; 150:21-151:2. Aaronson's actions constitute an acceptance of the benefits of the transaction for the Plaintiffs and, therefore, a ratification of Deo's authority. "[A]n act, such as an acceptance of benefits, may constitute a ratification, and acquiescence may give rise to an implied ratification." *Cammeby's Management Company, LLC v. Affiliated FM Insurance Company*, 152 F. Supp.3d 159, 165 (S.D.N.Y. 2016) (*quoting In re Adelphia Recovery Trust*, 634 F.3d 678, 69 (2d Cir. 2011)).

There is absolutely no issue of fact regarding whether Libertas reasonably relied on Deo in the face of numerous documents confirming Deo's ownership provided to Libertas. *See 2006 Frank Calandra, Jr. Irrevocable Trust*, 816 F. Supp.2d 222, 233 (S.D.N.Y. 2011).

Northshore and 189 Sunrise cannot cite any evidence that Libertas had any knowledge that Deo's claim of ownership was fraudulent. Though Northshore and 189 Sunrise have poked at

Libertas's underwriting procedures, those procedures would not have led Libertas to have an understanding different than the tax returns and information provided disclosed – that Deo owned Northshore and 189 Sunrise and was authorized to act on their behalf. Libertas' reliance thereon was reasonable, and summary judgment is warranted.

**CONCLUSION**

For the foregoing reasons, summary judgment should be granted in favor of Libertas Funding, LLC and against Plaintiffs on the sole remaining claim against Libertas Funding, LLC for declaratory relief, dismissing such claims with prejudice.

Dated: September 4, 2026

Respectfully Submitted,

WEIR LLP

By: /s/ Bonnie R. Golub
Bonnie R. Golub, Esquire
1330 Avenue of the Americas, 23rd Floor
New York, NY 10019
(917) 475-8885
*bgolub@weirlawllp.com*
*Attorneys for Libertas Funding LLC*