# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

September 7, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Hon. James M. Wicks, U.S.M.J
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

***Re:*** **Superb Motors Inc., *et al.* v. Deo, *et al.***
**Case No. 2:23-cv-6188 (JMW)**

Dear Judge Wicks:

This office represents Plaintiffs Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia (collectively hereinafter the "Superb Plaintiffs"). On September 1, 2026, the United States Court of Appeals for the Second Circuit (the "Second Circuit" granted the Superb Plaintiffs' motion under Rule 12.1 of the Federal Rules of Appellate Procedure (hereinafter the "Appellate Rules" or "FRAP") and remanded the appeal so that this Court may vacate the injunction under appeal. See ECF Docket Entry 541 (certified copy). Any appellate-jurisdiction concern identified in this Court's May 15, 2026 Memorandum and Order (the "Indicative Ruling"), see ECF 505, is therefore gone. See Fed. R. Civ. P. 62.1(c).

Pursuant to Rules 54(b), 62.1(c), and 65 of the Federal Rules of Civil Procedure (hereinafter referred to as the "Rules" or "Rule"), paragraph 8 of the September 29, 2023 preliminary injunction (ECF 55) (the "Preliminary Injunction"), and the Court's inherent equitable authority, the Superb Plaintiffs respectfully request that the Court enter the accompanying proposed Order: (i) clarifying that Indicative Ruling permits the Superb Plaintiffs to sell the six vehicles that the Preliminary Injunction identifies as the "Injuncted Deo Vehicles;" (ii) alternatively, modifying or dissolving any remaining portion of the Preliminary Injunction that would prevent their turnover and sale; and (iii) directing the Deo Defendants to surrender the six (6) vehicles, all titles and title documents, and all keys and key fobs so that the vehicles can be sold subject to the escrow and accounting protections already imposed by the Indicative Ruling. The authority for the Superb Plaintiffs to sell the vehicles authorized by this Court is otherwise illusory: Superb cannot market, deliver, or convey the vehicles while the Deo Defendants retain the vehicles, titles, and keys.

Counsel have conferred, albeit only via email. On August 10, 2026, the Superb Plaintiffs demanded disclosure of each vehicle's location and coordinated turnover of the vehicles, titles, and keys because they have since learned that the Deo Injuncted Vehicles are no longer located at 108 New South Road, Hicksville, NY 11801 where they were previously authorized to be. Notably, this Court vacated its prior May 8, 2026 Order granting the Deo Defendants' request to move the Deo Injuncted Vehicles from that lot. See ECF 505.

On August 20, 2026, after repeated follow up, counsel for the Deo Defendants responded that the Indicative Ruling appeared to distinguish between the "Superb injuncted" and "Deo injuncted" vehicles because its concluding paragraph specifically referred to the former, and he proposed that the parties ask the Court for clarification. No turnover has been arranged. The parties therefore agree that clarification is appropriate, but they disagree as to the only sensible reading of the existing Orders.

**I. The Indicative Ruling used labels to preserve the *status quo* without adjudicating title.**

The present dispute begins with the limited purpose and express terms of the Preliminary Injunction, which was entered at the outset of the case to preserve the *status quo* while the merits were unresolved. The Hon. Orelia M. Merchant, U.S.D.J. ("Judge Merchant") expressly stated therein that it was *"not conclusively resolving"* the parties' competing ownership claims and could not then determine with certainty "which parties are the rightful owners of the assets at issue." (ECF 55 at 12, 28-30.) Against that preliminary record, the Court placed thirty vehicles on Urrutia-controlled lots and six vehicles on Deo-controlled lots. It labeled those geographic groupings the "Injuncted Superb Vehicles" and "Injuncted Deo Vehicles." Those labels described where the cars would remain; they did not vest ownership in the temporary custodian.

The operative provisions confirm that point. The Preliminary Injunction prohibited any change in legal or equitable title *"except as ordered by another court of competent jurisdiction,"* and provided that the injunction would last only until settlement, dismissal, or until this Court "resolves the dispute." Id. at 29-30. The Preliminary Injunction thus anticipated a later merits determination and a corresponding change in possession or disposition. Reading the word "Deo" in a temporary custody label as a perpetual ownership adjudication reverses the Preliminary Injunction's stated premise and purpose.

**II. The later merits determination eliminated the premise for Deo-side retention.**

That merits determination contemplated by Judge Merchant has now occurred. On September 23, 2025, the Hon. Jerome C. Murphy, J.S.C. ("Justice Murphy") granted summary judgment to Urrutia in Urrutia v. Deo, Index No. 618608/2023 (Nassau County Supreme Court), NYSCEF Docket Entry 134, finding that Deo breached his representations and warranties because he did not own and did not transfer the promised interests in Northshore and Sunrise, and that rescissory relief was warranted. As the Indicative Ruling summarized the result, "Urrutia's agreement with Deo has been rescinded." See ECF 505 at 1-2, 6; see also Urrutia v. Deo, NYSCEF Docket Entry 164 (denying reconsideration).

The Indicative Ruling did not treat Justice Murphy's ruling as tentative. It held that the state-court summary-judgment ruling is final and preclusive notwithstanding the pending appeal; that the Superb and Deo entities and individuals are in privity with Urrutia and Deo; that the federal and state claims arise from the same fraud and transaction; and that all elements of *res judicata* were satisfied. See ECF 505 at 7-12. The Deo Defendants effectively conceded a unity of interest at the May 8, 2026 hearing. Id. at 10-11. They cannot now invoke a purported distinction among entity names to retain property based on an ownership interest that was derivative of Deo's rescinded bargain.

The vehicle record independently points in the same direction. The Superb Plaintiffs submitted documentary proof of payment and title documentation for the six Deo Injuncted Vehicles. See ECF 220 ¶ 40 and 220-8. No adjudicated conveyance gives Deo or a Deo entity an independent possessory right after rescission; indeed, the Indicative Ruling later rejected the specific request that Deo retain the vehicles, titles, and keys for want of any authority or other support. See ECF 505 at 12-13.

## III. The "Superb-only" reading cannot be reconciled with the Indicative Ruling as a whole.

The Deo Defendants' proposed reading depends entirely on one shorthand phrase in the Indicative Ruling's concluding paragraph: that the Superb Plaintiffs "may sell the Injuncted *Superb* Vehicles." See ECF 505 at 14. Read in isolation, that phrase creates an ambiguity. Read with the Court's analysis and operative consequences, however, the intended result is unmistakable.

First, the analysis authorized sale of the "vehicles," not merely one custody category. After finding a material change in circumstances and applying the state judgment preclusively, the Court held: "Plaintiffs' request to sell *the Vehicles* is permitted," subject to escrow, accounting, and proof-of-deposit requirements. Id. at 13 (emphasis added). The capitalized term naturally encompasses the vehicle assets governed by the injunction and at issue in the vacatur motion.

Second, the Court rejected the exact retention arrangement the Deo Defendants now seek. Thomasson argued in the alternative that Deo should retain "the vehicles, titles, and keys" and that sale proceeds should be placed in the Deo Defendants' escrow account. The Court rejected the request because, as has been typical for the Deo Defendants, they provided "no authority or support" for their request. Id. at 12-13. A reading that leaves the same vehicles, titles, and keys with the Deo Defendants would silently grant the relief the Court has already expressly refused.

Third, the Indicative Ruling vacated the separate May 8, 2026 Order governing the Deo Injuncted Vehicles. The conclusion therein states that, "[a]s a result of the vacatur of the Injunction," the Court's May 8, 2026 ruling granting relocation of the Deo Injuncted Vehicles was vacated as well. Id. at 14. That consequence makes no sense if the Indicative Ruling vacated only the restrictions on the Superb-lot vehicles while leaving the Deo-lot restrictions intact. It instead reflects that the changed-circumstances ruling displaced the injunction's continued vehicle-by-vehicle custody regime. As a result, the Deo Injuncted Vehicles must be turned over to the Superb Plaintiffs.

Fourth, the narrow reading produces an inequitable limbo. Under the Deo Defendants' reading, the Court has recognized that Deo's claimed ownership foundation was rescinded, held the state ruling preclusive against all aligned Deo Defendants, rejected their request to retain the vehicles and title documents, and vacated the only later relocation order concerning those vehicles – yet, the Deo Defendants would continue controlling them indefinitely. Nothing in the Indicative Ruling suggests that this Court intended that windfall and continued harm to the Superb Plaintiffs.

The earlier May 8, 2024 ruling (ECF 172), which declined to transfer the Deo Injuncted Vehicles on the then-existing preliminary record, does not support the narrow reading. The Indicative Ruling expressly found that Justice Murphy's subsequent summary-judgment ruling was the material change that justified different relief. See ECF 505 at 2-4, 12-13. The point of changed-circumstances review is that the preliminary determination does not freeze the parties forever after the factual and legal premises have changed.

**IV. Clarification is appropriate; further modification is independently warranted.**

The Court may clarify an interlocutory injunction so that its language carries out its stated reasoning and is sufficiently definite to obey. It may also revise any interlocutory order at any time before final judgment under Rule 54(b), and it retains inherent authority to modify or dissolve an injunction when changed circumstances make continued enforcement inequitable. See New Falls Corp. v. Soni Holdings, LLC, No. 19-CIV.-449 (ADS) (AKT), 2020 WL 9211146, at *9-10 (E.D.N.Y. Sept. 30, 2020), report and recommendation adopted, 2021 WL 855939 (E.D.N.Y. Mar. 5, 2021), aff'd, No. 21-865, 2022 WL 2720517 (2d Cir. July 14, 2022); see also Sound Around Inc. v. Shenzhen Keenray Innovations Ltd., No. 22-CV-6943 (HG), 2023 WL 5670679, at *2 (E.D.N.Y. July 28, 2023); Weight Watchers Int'l, Inc. v. Luigino's, Inc., 423 F.3d 137, 141 (2d Cir. 2005). The Indicative Ruling already applied that standard and found the requisite material change. See ECF 505 at 3-4, 12-13. Now that the Second Circuit has remanded the appeal, Rule 62.1(c) permits the Court to decide and implement the motion.

Accordingly, the Superb Plaintiffs respectfully submit that this Court may resolve the matter in either of two equivalent ways. It may clarify that the word "Vehicles" in the body of the Indicative Ruling includes the six (6) Deo Injuncted Vehicles and that the narrower phrase in the conclusion was not intended to preserve Deo-side possession. Alternatively, if the Court intended the Indicative Ruling to reach only the thirty (30) Superb-lot vehicles (which it is respectfully submitted it should not have), the identical material change now warrants an express modification of the Preliminary Injunction as to the remaining six vehicles. The state court judgment, preclusion holding, escrow protection, and absence of any supported independent Deo title apply with equal force to those vehicles in either event.

**V. A concrete turnover protocol is necessary to effectuate the sale authorization.**

The Superb Plaintiffs respectfully submit that an Order merely stating that the six vehicles may be sold will only invite another round of dispute. The Deo Defendants possess or control the information and instrumentalities required to transfer marketable possession: the exact locations, physical access, titles or title status, keys, lien information, and transfer documents. Continued immobility also creates avoidable storage, maintenance, insurance, and condition risks, which both sets of parties have complained about. The proposed Order therefore requires prompt sworn disclosure, preservation, physical surrender, delivery of all title documents and keys, execution of replacement or transfer paperwork, and a certification of compliance.

The requested protocol is carefully protected.

The Superb Plaintiffs will arrange commercially reasonable sale and transportation; vehicle-specific lien payoffs and ordinary third-party transaction charges will be documented; all remaining proceeds will be placed in a segregated attorney escrow account for the remainder of this case; and the Superb Plaintiffs will account to the Court and file proof of each deposit immediately after each sale, exactly as the Indicative Ruling requires. The proceeds will substitute for the vehicles, preserving any claim while converting physical inventory into a transparent, safeguarded fund.

For these reasons, the Superb Plaintiffs respectfully request that the Court dispense with a further pre-motion conference and enter an Order providing for the relief request. Alternatively, they request the earliest available conference and permission to file a formal motion on an expedited schedule. The Superb Plaintiffs reserve all rights to seek contempt, fees, costs, or other relief in the event a clear turnover Order is entered and then disobeyed.

## VI. The Superb Plaintiffs Provide Notice of Sale

Next, and as was expressly permitted by this Court in the Indicative Ruling, Superb hereby provides notice of sale of the following vehicles as of August 26, 2026: (i) 5N1DL0MM6LC528999 2020 Infiniti $10,785.00; (ii) ZASPAKBN5L7C91095 2020 Alfa Romeo $13,585.00; (iii) SALYB2EX4KA782114 2019 Land Rover $9,785.00; (iv) ZAM57YTA4K1314330 2019 Maserati $9,000.00; (v) SALGS2RE3KA519794 2019 Land Rover $16,500.00; and (vi) WP0AF2A74GL082172 2016 Porsche $24,500.

The sale proceeds of $84,155.00 minus $3,170.00 for transportation, totaling $80,985.00, has been deposited in your undersigned's escrow account on August 26, 2026.[1] See copy of proof of deposit annexed hereto as **Exhibit "A."** The total amount currently held in escrow is now thus $193,485.00, which represents $80,985.00 in this most recent transaction, $110,000.00 from the May 29, 2025 sale (ECF 293 at 2), and $2,500.00 from the June 30, 2025 sale (ECF 506 at 2).

## VII. The Superb Plaintiffs Seek Permission to Segregate Escrowed Funds

This Court previously permitted the Superb Plaintiffs to place the funds in an interest-bearing escrow account. See ECF Docket Entry 309. However, the account your undersigned opened is an interest-bearing account which is not characterized as an "escrow" account. In an abundance of caution, the Superb Plaintiffs therefore respectfully seek leave from this Court to transfer the funds to the interest-bearing account in the name of Emanuel Kataev, Esq., P.C., where the funds will be segregated from any other funds and remain until further Order of the Court as required by the Indicative Ruling. Doing so will permit some small measure of justice for the Superb Plaintiffs, in that the $193,485.00 may accrue some interest while this case is prosecuted to a final judgment.

The Superb Plaintiffs thank this honorable Court for its continued time and attention to this case.

---

[1] The Superb Plaintiffs apologize for the delay in providing notice; your undersigned has been hard at work in preparing the moving papers in support of the motion for summary judgment while managing other deadlines and appearances and submits notice at his earliest opportunity.

Dated: Jamaica, New York
September 7, 2026

Respectfully submitted,
with best wishes for a happy Labor Day weekend,

**SAGE LEGAL LLC**
_*/s/ Emanuel Kataev, Esq.*___
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc,*
*Team Auto Sales LLC,*
*and Robert Anthony Urrutia*