UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, *individually and derivatively as a member of* NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, *individually and derivatively as a member of* 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

Defendants.

-----------------------------------------------------------------X

**Case No.: 2:23-cv-6188 (JMW)**

**SUPERB PLAINTIFFS' PROPOSED ORDER MODIFYING THIS COURT'S MEMORANDUM AND ORDER DATED MAY 15, 2026 AND DIRECTING TURNOVER AND SALE OF DEO INJUNCTED VEHICLES**

Upon the September 18, 2026 Order directing submission of a proposed modification of the May 15, 2026 Order (ECF Docket Entry 505) to include the sale of the Deo Injuncted Vehicles on the same conditions allowed for the Superb Injuncted Vehicles; the Second Circuit's September 1, 2026 remand (ECF Docket Entry 541); the application and opposition thereto (ECF Docket Entry 560 and 561); and the prior proceedings herein;

WHEREAS, extending the sale procedure to the six Deo Injuncted Vehicles implements the changed-circumstances determination in the May 15, 2026 Order (ECF Docket Entry 505),

WHEREAS, extending the sale procedure to the six Deo Injuncted Vehicles avoids further depreciation and carrying costs, and preserves the proceeds pending final adjudication of this case;

WHEREAS, requiring the disclosure of the location and title status of each Deo Injuncted Vehicle by the Deo Defendants, as well as the delivery of the vehicles, keys, and title documents, are necessary to effectuate that procedure.

Accordingly, it is hereby ORDERED:

1. The May 15, 2026 Order (ECF Docket Entry 505) is modified to authorize Plaintiffs Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia (collectively, the "Superb Plaintiffs"), at their cost, to take possession of, transport, market, and sell the following six vehicles (the "Deo Injuncted Vehicles"), subject to the escrow, accounting, and proof-of-deposit conditions set forth below and in the May 15, 2026 Order (ECF Docket Entry 505). These are the six (6) vehicles identified in paragraph 3 of the September 29, 2023 preliminary injunction (the "Preliminary Injunction") (ECF Docket Entry 55) issued by the Hon. Orelia E. Merchant, U.S.D.J.:

| Vehicle | VIN suffix in ECF 55 |
|---|---|
| 2023 Chevrolet Suburban | 8675 |
| 2020 Mercedes-Benz GLE | 4078 |
| 2019 Land Rover Range Rover | 3297 |
| 2017 Rolls-Royce | 2728 |
| 2016 Audi A6 | 9650 |
| 2016 Audi Q5 | 0272 |

2. For purposes of this Order, the "Deo Defendants" are Anthony Deo, Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp. The obligations imposed on the Deo Defendants bind them, their officers, agents, servants, employees, and attorneys, and/or any persons in active concert or participation with them, who receive actual notice of this Order via ECF through their counsel or otherwise, to the extent provided by Rule 65(d)(2) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

3. To the extent any provision of the Preliminary Injunction (ECF Docket Entry 55) or a subsequent Order would prohibit the turnover, transportation, transfer of title documentation, or sale expressly authorized herein, that provision is modified to permit those acts. To the extent there are any restrictions on unrelated property, all provisions not inconsistent with this Order remain unaffected.

4. Within two (2) business days after service of this Order on their counsel via ECF, the Deo Defendants shall file and serve a declaration under penalty of perjury identifying, for each vehicle: its full VIN; exact present address and custodian; present condition and odometer reading; the custodian of each title, key, key fob, and transfer document; any known lien, storage claim,

title defect, or electronic transfer restriction; and any movement or disposition since May 15, 2026. The declaration shall include current photographs of the vehicle, VIN plate, and odometer, and copies of available title and lien records. If a vehicle or document is unavailable, the declaration shall state its last known location, when and to whom it was transferred, and the steps taken to locate and recover it.

5. No later than five (5) business days after service on their counsel via ECF, the Deo Defendants shall surrender possession and control of the six (6) vehicles, together with all keys and key fobs, to Superb Motors Inc. or its designated carrier or licensed dealer or auctioneer. The Superb Plaintiffs shall arrange pickup at the disclosed location(s) on at least one (1) business day's written notice to counsel. The Deo Defendants shall provide reasonable access for inspection, photography, inventory, loading, and transport. The representatives attending pickup shall record each vehicle's VIN, mileage, observable condition, and the documents and keys delivered; any disagreement shall be recorded without delaying turnover of available items.

6. Until pickup, the Deo Defendants shall preserve the vehicles and maintain existing insurance, including the insurance required for the Suburban and Range Rover. They shall not use, sell, conceal, encumber, dismantle, materially alter, or move a vehicle except for the turnover authorized herein or an emergency reasonably necessary to protect it. Any emergency movement shall be reported to the Court and all counsel before movement if practicable, otherwise immediately afterward, with the reason and new location. From pickup until sale, the Superb Plaintiffs shall arrange reasonable safekeeping and insurance and shall not use the vehicles except as reasonably necessary for preservation, inspection, transport, and sale.

7. At turnover, the Deo Defendants shall deliver all original titles, certificates of origin, assignments, registrations, lien releases, and other transfer documents within their

possession, custody, or control. Within two (2) business days after a written request, they shall execute truthful documents reasonably required within their authority, to the extent any, to obtain duplicate titles, correct dealer records, and complete lawful transfers, including necessary action in VerifiNY or another dealer inventory system. If an item or action is unavailable or beyond their authority, they shall identify the impediment and responsible person in writing within that period, promptly request the necessary replacement or cooperation, and provide proof of that request. An outstanding document shall not excuse delivery of available vehicles, keys, and/or documents.

8. This Order does not extinguish or determine the validity or priority of an independent third party's lien or ownership interest, compel an unbound nonparty to act, or itself constitute a certificate of title. Any asserted third-party impediment shall be promptly disclosed to all counsel and, if unresolved, presented to the Court on notice.

9. The Superb Plaintiffs may arrange commercially reasonable sales through a duly licensed dealer or auctioneer, or by another lawful commercially reasonable method, including a private sale. The Deo Defendants shall cooperate with the authorized sales and shall not withhold documents or access to obtain a separate right of approval over a sale. A sale shall comply with applicable title and transfer requirements; any unresolved defect or third-party claim preventing lawful transfer shall be submitted to the Court on notice.

10. The same three conditions imposed by the May 15, 2026 Order (ECF Docket Entry 505) apply to each sale: (i) the Superb Plaintiffs shall hold the sale proceeds in escrow for the remainder of this case; (ii) they shall account to the Court as to each sale when made; and (iii) they shall file proof of the monies in escrow immediately following each sale. The proceeds shall be deposited in counsel's attorney escrow account or other account authorized by the Court and maintained as identifiable funds for this case. Any accrued interest shall remain with the fund. No

proceeds may be used, pledged, transferred, or disbursed without application on notice to all counsel and leave of Court.

11. The accounting for each sale shall be made by letter notice with proof-of-deposit obligations made immediately following each sale and shall not await completion of other sales.

12. Within one (1) business day after the turnover deadline, Anthony Deo and an authorized representative of each other Deo Defendant having possession, custody, or control of a vehicle, title document, or key shall file and serve a declaration under penalty of perjury stating the specific steps taken to comply, identifying all undelivered items, and explaining any remaining impediment and the steps taken to resolve it. The Superb Plaintiffs shall file a notice identifying the vehicles received and their storage or sale destinations within three (3) business days of receiving the Deo Injuncted Vehicles.

13. Turnover and sale under this Order facilitate preservation and liquidation of the vehicles' value; they do not distribute the proceeds or finally adjudicate disputed ownership, damages, offsets, liens, or entitlement to the fund. As between the parties, their competing claims to a sold vehicle shall be preserved against its proceeds, subject to all prior adjudications. The separate requests concerning transfer of existing escrowed funds to a different account and/or the Court Registry, the sufficiency of prior accountings, and sanctions or contempt are reserved for further determination by the Court.

14. The Court retains jurisdiction to resolve implementation disputes and enforce compliance; any application for coercive or compensatory relief shall be made on notice and supported by the specific facts of the claimed noncompliance.

SO ORDERED:
Dated: Central Islip, New York
______________________, 2026

____________________________________
Hon. James M. Wicks, U.S.M.J.