**MARWAHA LAW GROUP, PLLC**
1539 Franklin Avenue, Suite 201 Mineola,
New York 11501
Nipun Marwaha, Esq. | Nipun@MarwahaLaw.com

---

September 28, 2026

**VIA ECF**

Honorable James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

**Re:** ***Superb Motors Inc. et al. v. Deo et al.*, No. 2:23-cv-6188 (JMW) —**
**Deo Defendants Proposed Order**

Dear Judge Wicks:

This office represents the Deo Defendants. We write in response to the Superb Plaintiffs' letter and standalone proposed order (ECF Docket Entries 563 and 563-1), and to submit the Deo Defendants' proposed order, annexed as Exhibit A.

Despite the undersigned's best efforts, a joint submission was not possible, because the Superb Plaintiffs did not approach the process with the intention of producing one. Their intention, in counsel's own written words, is that "there is no universe in which the Deos will be permitted to sell the vehicles. We are seeking an injunction to get them completely out of the dealership business for good". That is not a position from which a joint order on "the same conditions" can be negotiated, and the record that followed reflects it:

1. Counsel for the Superb Plaintiffs had not consulted his clients before the September 24 conference and, by his own account, arrived with a draft already written. He could not agree to, or reject, anything the undersigned proposed.

2. The Superb Plaintiffs' actual position did not reach the undersigned until 10:38 PM on Friday, September 25, 2026, not at 4:48 PM on Thursday as ECF Docket Entry 563 represents, but rather after the "close of business" deadline that letter says was set for the Deo Defendants' response.

3. ECF Docket Entry 563 states that the undersigned did not respond to counsel's most recent email. That is false. The undersigned responded at 2:37 PM today, more than two hours before the Superb Plaintiffs filed. This is the third purposeful misrepresentation of the parties' communications in a two-page letter, and each is contradicted by a timestamp.

**The Court directed "the same conditions." The Superb Plaintiffs submitted new ones.** The September 18, 2026 Order directed a proposed modification of ECF Docket Entry 505 to include the sale of the Deo Injuncted Vehicles *on the same conditions* allowed for the Superb Injuncted Vehicles. Those conditions are three: proceeds held in escrow, an accounting to the Court upon each sale, and immediate proof of deposit. During the conference, the parties agreed that the sale process, the post-sale disclosures to the Court, and the securing of the proceeds for the Deo Injuncted Vehicles should be identical to that procedure. The only impasse was which party would conduct the sales. The Deo Defendants' proposed order (Exhibit A) presents that single issue cleanly: ECF Docket Entry 505, mirrored, with the Deo Defendants as sellers and proceeds deposited with the Court Registry.

The Superb Plaintiffs' proposed order is not "the same conditions." It adds sworn inventory declarations with photographs (¶ 4), physical surrender of the vehicles, keys, and titles within five business days (¶¶ 5, 7), VerifiNY and dealer-record obligations on demand (¶ 7), a second sworn compliance declaration (¶ 12), and a Rule 65(d)(2) clause reaching the Deo Defendants' agents (¶ 2). None of it appears in ECF Docket Entry 505, and the Court has already declined to give the Superb Plaintiffs turnover of these vehicles. ECF Docket Entry 563-1 is an improper and obscenely untimely motion for reconsideration of that relief, out of time and without leave, dressed as a proposed order.

**The state-court summary judgment order does not resolve who sells.** The Superb Plaintiffs invoke Justice Murphy's September 23, 2025 Decision and Order (Exhibit B) as though it adjudicated ownership of the Deo Injuncted Vehicles. It did not. That order granted summary judgment on Deo's breach of the Cross-Purchase Agreement's representations concerning the *dealerships*; it held rescission impracticable; and it expressly reserved for trial the parties' "ongoing transactions concerning the sale of vehicles" and "whether any damages are offset by additional agreements between the parties" (Ex. B at 8). The order further recites Urrutia's own position that he paid Deo $492,029.50 for vehicles Deo held under a separate agreement (*id.* at 3, 5), a transaction Urrutia invokes to reduce what he would owe Deo, and one that presupposes the vehicles were Deo's to sell.

Whatever preclusive effect ECF Docket Entry 505 affords the Murphy order, it cannot extend to a question that order left open. The Deo Defendants do not ask the Court to decide ownership here, the Superb Plaintiffs' own ¶ 13 concedes the sale adjudicates nothing and that all claims attach to the proceeds. They ask only to sell the vehicles in their possession on the Court's terms and place every dollar in the Court's custody.

**The Superb Plaintiffs should not be given custody of additional injuncted property.** Separately from the misrepresentations in ECF Docket Entry 563, Mr. Kataev has challenged this Court and the undersigned's predecessors to demonstrate that the Q-1 documents were not authentic. ECF 561-1 answers that challenge with incontrovertible evidence of deception on the part of Mr. Kataev, his clients, or both. Records obtained from the New York State Department of Motor Vehicles pursuant to a FOIL request show the complete and uninterrupted chain of title for the Dodge Charger, VIN 2C3CDXHG1MH505823. That chain includes several Q-1 forms transferring the vehicle through multiple dealerships in Connecticut. Conspicuously absent from it is the Q-1 that Mr. Kataev filed with this Court to represent that a transfer had occurred. The

transfer that document purports to record was never submitted to the DMV, and no legal transfer of title ever occurred. It was created for one purpose: to avoid a finding of contempt and the sanctions that would follow.

The remaining records are pending, and the Deo Defendants anticipate moving for contempt and sanctions once they are received in certified form.

This Court has already found that the Superb Plaintiffs for encumbered injuncted vehicles and failed to comply with the Court's directive to relocate them, and watched them take an appeal rather than complying with the Court's Order. The Superb Plaintiffs now ask this Court to hand them six more vehicles and trust that this time will be different. There is nothing in this record to support that trust, and a great deal to contradict it.

**Requested relief.** The Deo Defendants respectfully request that the Court (i) enter the proposed order annexed as Exhibit A; (ii) decline to enter the turnover, declaration, and Rule 65(d)(2) provisions of ECF Docket Entry 563-1, which exceed the September 18, 2026 Order and seek relief previously denied; and (iii) grant such other and further relief as the Court deems just and proper.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

*/s/ Nipun Marwaha* Nipun Marwaha, Esq.
MARWAHA LAW GROUP, PLLC
*Attorneys for the Deo Defendants*

cc: All counsel of record (via ECF)