**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, individually and derivatively as a member of NORTHSHORE MOTOR LEASING, LLC, JOSHUA AARONSON, individually and derivatively as a member of 189 SUNRISE HWY AUTO, LLC, JORY BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, and J.P. MORGAN CHASE BANK, N.A.,

Defendants.

--------------------------------------------------X

Case No.: 2:23-cv-6188 (JMW)

**DEO DEFENDANTS' PROPOSED ORDER MODIFYING THIS COURT'S MEMORANDUM AND ORDER DATED MAY 15, 2026 TO INCLUDE THE SALE OF THE DEO INJUNCTED VEHICLES ON THE SAME CONDITIONS**

Upon the September 18, 2026 Order directing submission of a proposed modification of the May 15, 2026 Memorandum and Order (ECF Docket Entry 505) to include the sale of the Deo Injuncted Vehicles on the same conditions allowed for the Superb Injuncted Vehicles; the Second Circuit's September 1, 2026 remand (ECF Docket Entry 541); the application and opposition thereto (ECF Docket Entries 560 and 561); the parties' respective submissions; and the prior proceedings herein;

WHEREAS, the May 15, 2026 Order (ECF Docket Entry 505) authorized the Superb Plaintiffs to sell the Superb Injuncted Vehicles subject to three conditions: (i) that the sale proceeds be held in escrow for the remainder of this case; (ii) that the Superb Plaintiffs account to the Court as to each sale when made; and (iii) that the Superb Plaintiffs file proof of the monies in escrow immediately following each sale;

WHEREAS, the September 18, 2026 Order directed that the sale of the Deo Injuncted Vehicles proceed on the same conditions;

WHEREAS, extending the sale procedure to the Deo Injuncted Vehicles on the same conditions implements the changed-circumstances determination in the May 15, 2026 Order, avoids further depreciation and carrying costs, and preserves the proceeds pending final adjudication of this case; and

WHEREAS, the Deo Injuncted Vehicles are presently in the possession of the Deo Defendants, and sale from their present location avoids the transportation, storage, and re-insurance costs that transfer to another party would entail;

Accordingly, it is hereby ORDERED:

1. The May 15, 2026 Order (ECF Docket Entry 505) is modified to authorize the Deo Defendants, at their cost, to market and sell the following six vehicles (the "Deo Injuncted

Vehicles”), subject to the conditions set forth below. These are the six (6) vehicles identified in paragraph 3 of the September 29, 2023 preliminary injunction (the “Preliminary Injunction”) (ECF Docket Entry 55) issued by the Hon. Orelia E. Merchant, U.S.D.J.:

| **Vehicle** | **VIN suffix in ECF 55** |
|---|---|
| 2023 Chevrolet Suburban | 8675 |
| 2020 Mercedes-Benz GLE | 4078 |
| 2019 Land Rover Range Rover | 3297 |
| 2017 Rolls-Royce | 2728 |
| 2016 Audi A6 | 9650 |
| 2016 Audi Q5 | 0272 |

2. For purposes of this Order, the “Deo Defendants” are Anthony Deo, Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp.

3. To the extent any provision of the Preliminary Injunction (ECF Docket Entry 55) or a subsequent Order would prohibit the marketing, transfer of title documentation, or sale expressly authorized herein, that provision is modified to permit those acts. All provisions of the Preliminary Injunction not inconsistent with this Order remain in full force and effect.

4. The Deo Defendants may arrange commercially reasonable sales through a duly licensed dealer or auctioneer, or by another lawful commercially reasonable method, including a private sale. Each sale shall comply with applicable title and transfer requirements. Any unresolved title defect or third-party claim preventing lawful transfer shall be submitted to the Court on notice to all counsel.

5. Pending sale, the Deo Defendants shall preserve the Deo Injuncted Vehicles, maintain insurance, and shall not use the vehicles except as reasonably necessary for preservation,

inspection, and sale, on the same terms applicable to the Superb Plaintiffs under the May 15, 2026 Order.

6. The same three conditions imposed by the May 15, 2026 Order (ECF Docket Entry 505) apply to each sale:

(i) The Deo Defendants shall deposit the gross proceeds of each sale with the Clerk of the Court into the Registry of the Court pursuant to Fed. R. Civ. P. 67 and Local Civil Rule 67.1, to be held in an interest-bearing account for the remainder of this case. The Clerk is directed to accept such deposits. Any accrued interest shall remain with the fund. No proceeds may be used, pledged, transferred, or disbursed without application on notice to all counsel and leave of Court.

(ii) The Deo Defendants shall account to the Court as to each sale when made, by letter filed via ECF identifying the vehicle, the purchaser, the sale price, the method of sale, and any costs of sale deducted.

(iii) The Deo Defendants shall file proof of deposit with the Registry of the Court immediately following each sale.

7. The accounting and proof-of-deposit obligations in paragraph 6 shall be satisfied immediately following each sale and shall not await completion of other sales.

8. Sale under this Order facilitates preservation and liquidation of the vehicles' value; it does not distribute the proceeds or adjudicate disputed ownership, damages, offsets, liens, or entitlement to the fund. As between the parties, their competing claims to a sold vehicle shall be preserved against its proceeds, subject to all prior adjudications. This Order does not extinguish or determine the validity or priority of any independent third party's lien or ownership interest.

9. The Court retains jurisdiction to resolve implementation disputes and enforce compliance with this Order.

**SO ORDERED:**

Dated: Central Islip, New York
_____________________, 2026

_________________________________
Hon. James M. Wicks, U.S.M.J.