**SUPREME COURT: STATE OF NEW YORK**
**COUNTY OF NASSAU**

**PRESENT:**
**HON. JEROME C. MURPHY,**
**Justice.**

---

**ROBERT ANTHONY URRUTIA,**

**Plaintiff,**

**- against -**

**ANTHONY DEO,**

**Defendant.**

**TRIAL/IAS PART 5**

**Index No. 618608-23**
**Motion Date: 5-6-25**
**Sequence Nos.: 005 & 006**

**DECISION & ORDER**

---

The following papers have been read on this motion:

| <u>Motion Sequence 005</u> | NYSCEF DOC. |
|---|---|
| Notice of Motion, Affirmation in Support with Exhibits and Statement of Material Facts | 75-89 |
| Memorandum of Law in Opposition and Affirmations | 95-127 |
| Reply Affirmation | 129 |

| <u>Motion Sequence 006</u> | NYSCEF DOC. |
|---|---|
| Notice of Cross-Motion, Memo of Law in Support, Statement Of Material Facts, Affirmation and Exhibits | 95-127 |
| Affirmation in Opposition | 129 |
| Reply Affirmation | 130-131 |

PRELIMINARY STATEMENT

In Motion Sequence 005, Plaintiff moves for an order: (I) pursuant to New York Civil Practice Law & Rules ("CPLR") § 3212, granting the motion for summary judgment in favor of Plaintiff Robert Anthony Urrutia and against Defendant Anthony Deo together with such other and further relief as this Court deems just, equitable, and proper. Opposition and reply have been

submitted.

In Motion Sequence 006, defendant, Anthony Deo, cross moves for an order: a) pursuant to CPLR § 3001 determining, declaring, and entering an order that Anthony Deo is the owner of NorthShore Motor Leasing LLC (since its inception or, in the alternative, since and including the 2021 tax year as approved by Josh Aaronson in Exhibits G and H hereto) and 189 Sunrise Hwy Auto LLC (since February, 2021, when it was purchased by Anthony Deo as set forth in Exhibit D hereto, and as approved by Josh Aaronson in Exhibits G and H hereto) for all purposes ; and b) granting the moving Defendant such other and further relief as this Court may deem just and proper. Opposition and reply have been submitted.

The Plaintiff, Robert Anthony Urrutia's ("Urrutia") motion (Seq. No. 005) for summary judgment pursuant to CPLR § 3212, and the Defendant, Anthony Deo's ("Deo") cross-motion (Seq. No. 006) for an order of declaratory judgment pursuant to CPLR § 3001 are consolidated for disposition and decided herein as follows:

## INTRODUCTION

The instant action arises from a claim sounding in breach of contract, whereby the parties entered into a Cross-Purchase Agreement concerning the ownership of several automobile dealerships. Related actions in the Supreme Court of Nassau County were filed under the caption and index numbers, *Brian Chabrier, et al v Anthony Deo, et al* 617224/2022 (hereafter the "Chabrier action"), and *Anthony Deo, et al v Ronald Baron, et al* 615683/2024. Deo's action was also filed in the United States District Court for the Eastern District of New York under the case number, 2:23-cv-6188 (OEM) (JMW).

## BACKGROUND & PROCEDURAL HISTORY

On December 1, 2022, Urrutia and Deo entered into a Cross-Purchase Agreement (*see* NYSCEF Doc # 2). At the time the Agreement was executed, Urrutia allegedly owned a one-hundred (100) percent interest in Superb Motors, Inc. ("Superb"). Superb operated an automobile dealership located at 215 Northern Boulevard, Great Neck, New York. At the time of the Agreement, Deo

represented that he was the sole owner of two automobile dealerships, Northshore Motor Leasing, LLC ("Northshore") and 189 Sunrise Hwy Auto, LLC ("Sunrise"), owning a one-hundred (100) percent interest in each of the dealerships (*id.*). Pursuant to the terms of the Cross-Purchase Agreement, Urrutia was to transfer forty-nine (49) percent of Superb's shares to Deo, and in exchange Deo was to transfer twenty-five (25) percent of each of Northshore and Sunrise's shares to Urrutia (*id.*). The Agreement further provided, that Deo would also pay Urrutia an additional $500,000.00 (*id.*). The Cross-Purchase Agreement also required the parties to make several representations and warranties (*id.*). At issue Deo represented, inter alia: that he was unaware of any threat of litigation concerning his ownership in the dealerships; that he was the sole owner of the Northshore and Sunrise dealerships; and that he owned the dealerships free and clear of any liens or encumbrances (*id.*). At some point, following the execution of the agreement Deo paid Urrutia $500,000.00, and Urrutia transferred forty-nine (49) percent of Superb's shares to Deo. At some point, Urrutia also allegedly paid Deo $492,029.50 for several vehicles Deo held pursuant to a separate agreement.

On December 6, 2022, Josh Aaronson, Raymond Phelan, Jory Baron, and the Estate of David Baron each claiming to be quarter owners of Sunrise, and Asad Khan, Brian Chabrier, and the Estate of David Baron, each claiming to be one-third owners of Northshore jointly filed suit against Deo for fraud in the action indexed and entitled as *Brian Chabrier, et al v Anthony Deo, et al* 617224/2022. The plaintiffs in the Chabrier action alleged that Deo was employed by their dealerships and falsely claimed ownership thereof for the purposes of using business assets as collateral to secure loans for his personal use (*see* Chabrier action, NYSCEF Doc # 1).

As a result of the initial action filed against Deo, Urrutia in turn filed the instant action on November 9, 2023 (*see* NYSCEF Doc # 1). Urrutia alleges that Deo breached the Cross-Purchase Agreement by failing to deliver to him the twenty-five (25) percent ownership interest in both Northshore and Sunrise (*id.*). Pursuant to his complaint, Urrutia also seeks declaratory relief, determining the Cross-Purchase Agreement null and void along with a rescission of the Agreement's terms (*id.*). In lieu of answering the complaint, Deo filed a pre-answer motion to dismiss on March

31, 2024 (*id.* at Doc. # 18-19). This Court denied Deo's pre-answer motion on September 6, 2024 (*id.* at Doc # 29). Deo answered the complaint and set forth counterclaims on January 21, 2025 (*id.* at Doc # 69).

**MOTIONS & ARGUMENTS**

Urrutia moves for summary judgment, arguing that Deo lacked authority to enter into the Cross-Purchase Agreement because he did not own the Northshore and Sunrise dealerships. Urrutia further argues that even if Deo had such authority, he nonetheless breached the Cross-Purchase Agreement's representations and warranties because he was aware of the threat of litigation before he signed the subject agreement. Particularly, Urrutia argues Deo was aware of the dispute in ownership of the dealerships because he had been copied on a letter from Brian Chabrier and the Estate of David Baron's counsel contesting his ownership in Northshore (*see* Chabrier action, NYSCEF Doc # 30). Urrutia further asserts that Deo breached the Cross-Purchase Agreement by representing that he owned the dealership free of any liens or encumbrances. In support, Urrutia refers to the affidavit of Josh Aaronson in the Chabrier action, who affirmed that Deo falsely claimed one-hundred (100) percent ownership in Northshore to secure a $735,000.00 loan from Libertas Funding, LLC in exchange for Northshore's future receipts (*see* Chabrier Action, *id.* at Doc # 32, ¶ 7; *see also* Doc # 17). Urrutia further contends that Deo breached the cross-purchase agreement by failing to consummate the transaction since he never delivered to Urrutia the shares of Northshore and Sunrise. In support of his motion, Urrutia refers to the temporary restraining order signed by the Hon. Sharon M.J. Gianelli, J.S.C., in the Chabrier action restricting Deo from selling any assets belonging to Northshore and Sunrise (*id.* at Doc # 42). In support of his motion, Urrutia also refers to the complaint in the action filed by Deo, arguing Deo's allegation in his complaint that he owned ninety-nine (99) percent of Northshore and Sunrise further evidences a breach of his representation and warranty that he was the sole owner (*see* NYSCEF Doc # 100).

Deo cross-moves for an order of declaratory judgment determining he is the sole owner of Sunrise and Northshore. In opposition and support of his cross-motion, Deo argues that he and his wife, non-party, Sara Deo founded Northshore and were its sole owners, with Deo owning ninety-nine (99) percent of the business and his wife owning the remaining one (1) percent. Deo further

contends that he and his wife purchased Sunrise in 2021. Deo asserts, inter alia: that he borrowed $735,000.00 to purchase his interest in Superb; and that it is the plaintiffs in the Chabrier action who are fraudulently claiming ownership of Northshore and Sunrise. In support of his motion, Deo attaches, inter alia: tax records detailing his ownership of Northshore; and several checks documenting his purported purchase of Sunrise (*see* NYSCEF Doc # 101, 104). Deo also asserts that the Order to Show Cause in the Chabrier action was eventually denied with the temporary restraining order being vacated (*see* Chabrier action, NYSCEF Doc # 100). Deo further argues that Urrutia's request for rescission is improper because Urrutia shut down Superb without his input and now seeks to rescind the cross-purchase agreement without repaying the $500,000.00 Deo paid for his interest in Superb.

In reply, Urrutia argues that Deo has not sufficiently demonstrated that he was the sole owner of Northshore and Sunrise at the time the cross-purchase agreement was signed. Urrutia further contends that Deo's opposition fails to address the letter contesting his ownership of the dealerships before the cross-purchase agreement was signed. Urrutia also asserts that Deo's complaint in the federal action is further evidence that Deo breached the cross-purchase agreement (*see* NYSCEF Doc # 100). Particularly, Deo's allegation, that he borrowed $735,000.00 against his ownership in Northshore and Sunrise to pay for his forty-nine (49) percent interest in Superb is evidence Deo breached his representation and warranty that there were no liens or encumbrances against these dealerships (*id.* at Doc # 100, ¶ 203). Urrutia also argues that rescissory damages are warranted because he cannot be made whole since Superb is no longer in operation because of Deo's fraud. Urrutia also contends Deo should not be entitled to the return of the full $500,000.00 because Urrutia paid Deo $492,029.50 for vehicles as part of a complex transaction.

In his own reply, Deo submits in support, an affirmation from his wife and non-party, Sara Deo affirming her one (1) percent interest in Northshore and Sunrise (*see* NYSCEF Doc # 131). Deo also maintains he had no reason to believe there was any threat of litigation at the time the Cross-Purchase Agreement was executed, and that the Chabrier action was not filed until after the Cross-Purchase Agreement had been executed.

## ANALYSIS

Summary Judgment:

CPLR § 3212 provides, "any party may move for summary judgment in any action, after issue has been joined…" Summary judgment should only be granted where it is clear that no material and triable issue of fact is present. If there exists a factual issue that can be argued, then summary judgment should not be granted (*see Matter of New York City Asbestos Litig.*, 33 NY3d 20 [2019]; *see also Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004], citing *Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]). "Once the movant makes the proper showing, 'the burden shifts to the party opposing the motions for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action'" (*Stonehill Capital Mgt. LLC v Bank of the W.*, 28 NY3d 439, 448 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "The 'facts must be viewed in the light most favorable to the non-moving party'" (*Stonehill Capital Mgt. LLC*, 28 NY3d at 448, quoting *Vega v Restrani Constr. Corp.*, 18 NY3d 499, 503 [2012]).

Breach of Contract:

Pursuant to CPLR § 213(2), "an action upon a contractual obligation or liability, express or implied …" must be commenced within six-years. "The essential elements of a cause of action to recover damages for breach of contract are: (1) the existence of a contract[;] (2) the plaintiff's performance pursuant to the contract[;] (3) the defendant's breach of its contractual obligations[;] and (4) damages resulting from the breach" (*Kollatz v KOS Bldg. Group, LLC*, 118 AD3d 1175, 1177 [2d Dept 2020] [internal quotation marks omitted]).

Here, Urrutia has demonstrated his entitlement to summary judgment. The record is clear that Deo breached several of the representations and warranties set forth in the cross-purchase agreement. Particularly, Deo misrepresented that he was unaware of any threat of litigation and that he owned a one-hundred (100) percent interest in Northshore and Sunrise outright, free and clear of any liens or encumbrances. Yet, Deo failed address or even refute that he received a letter contesting his ownership in Northshore on November 18, 2022. Similarly, Deo also failed to explain the discrepancy between his representation in the Cross-Purchase Agreement that he owned the

dealerships free of any liens or encumbrances and his allegation in the federal action, that he secured a loan against his Northshore and Sunrise assets to pay for the purchase of Superb. Even assuming arguendo that these misrepresentations fail to constitute breaches of the parties' Agreement, at no point does the record demonstrate that Deo transferred partial ownership of Northshore or Sunrise to Urrutia. Rather, it is clear Urrutia has demonstrated Deo's breach by way of his failure to perform and consummate Cross-Purchase Agreement by failing to transfer ownership of Northshore and Sunrise. That Deo attempts to prove his ownership of Northshore and Sunrise by way of his tax records, checks, his wife's affirmation, or any other means does nothing to address the several abovementioned breaches of the Cross-Purchase Agreement. Similarly, even assuming arguendo that Deo's showings proved his ownership of Northshore and Sunrise, Deo's proof of ownership is by itself insufficient to refute the claim that he breached the representations and warranties of the Cross-Purchase Agreement, or that Deo breached the Agreement by failing to transfer ownership to Urrutia. As such, Deo's failure to address the breach of the representations and warranties and his failure to perform pursuant to the agreement by failing to transfer ownership of Northshore and Sunrise may be deemed a concession or abandonment of these issues (*see Bombard v Central Hudson Gas & Elec. Co.*, 205 AD2d 1018, 1020 [3d Dept 1994]; *see also Nassau Point Prop. Owners Assn., Inc. v Tirado*, 29 AD3d 754, 757 [2d Dept 2006], citing *Kahlona v New York City Tr. Auth.*, 215 AD2d 630, 631 [2d Dept 1995]). Consequently, Deo failed to raise any triable issue of fact in opposition to the granting of Urrutia's summary judgment motion.

<u>Rescission (Contract):</u>

"A contract induced by fraud is subject to rescission, rendering it unenforceable by the culpable party. The elements of a cause of action sounding in fraud are a material misrepresentation of a fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance on the misrepresentation, and damages" (*John v Elefante*, 210 AD3d 666, 668 [2d Dept 2022], quoting *1810 E & J Res. Corp. v Red & Blue Parrot, Inc.*, 150 AD3d 648, 648 [2d Dept 2017]; *see also GoSmile, Inc. v Levine*, 81 AD3d 77, 81 [1st Dept 2010]). "As a general rule, rescission of a contract is permitted for such breach as substantially defeats its purpose. It is not permitted for a

slight, casual, or technical breach, but … only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract" (*Ma v Biaggi*, 150 AD3d 778, 779 [2d Dept 2017], quoting *Matter of Kassab v Kasab*, 137 AD3d 1138, 1140 [2d Dept 2016]). "The effect of rescission is to declare the contract void from its inception and to put or restore the parties to status quo" (*Border v Pallota & Assoc. Dev., Inc.*, 186 AD3d 1189, 1192 [2d Dept 2020], quoting *Cusack v American Defense Sys., Inc.*, 86 AD3d 586, 588 [2d Dept 2011]; *see also County of Orange v Grier*, 30 AD3d 556, 557 [2d Dep 2006]).

Rescissory Damages:

"Rescissory damages, while not often used in New York, are far from an unknown form of relief. Rescissory damages are an established remedy where rescission, the voiding of a contract, may not be a valid form of relief. As the Delaware Chancery Court stated in 2003: 'Rescissory damages are designated to be the economic equivalent of rescission in a circumstance in which rescission is warranted, but not practicable. A solid body of case law so holds'" (*Syncora Guar. Inc. v Countrywide Home Loans, Inc.*, 36 Misc.3d 328, 343 [Sup Ct New York County 2012], quoting *Gotham Partners, L.P. v Hallwood Realty Partners, L.P.*, 955 A2d 1059, 1072 [Del. Ch. 2003]).

Here, as addressed above Deo breached the parties' Cross-Purchase Agreement. However, as Superb is no longer operational rescission of the Agreement is impracticable. Furthermore, rescission may be further complicated by the parties' purported ongoing transactions concerning the sale of vehicles. Thus, this Court will hold a trial at the end of the case to determine whether and to what extent rescissory damages may be warranted, including a determination of whether any damages are offset by additional agreements between the parties.

Declaratory Judgment:

CPLR § 3001 provides in pertinent part, "the supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed. If the court declines to render such a judgment it shall state its grounds …" "To constitute a 'justiciable controversy,' there must be a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect" (*Kennedy v Suffolk County*, 211 AD3d 926,

927 [2d Dept 2022], quoting *Chanos v MADAC, LLC*, 74 AD3d 1007, 1008 [2d Dept 2010]). "The decision to entertain an action for declaratory judgment is a matter committed to the sound discretion of Supreme Court, which may decline to consider such relief where other adequate remedies are available" (*Clarity Connect, Inc. v AT&T Corp.*, 15 AD3d 767, 767 [3d Dept 2005]).

Here, with respect to Deo's cross-motion for declaratory relief, Deo seeks to name himself and his wife sole owners of Northshore and Sunrise. However, this Court declines to enter any judgment on this issue (*see Clarity Connect, Inc.*, 15 AD3d at 767). Deo's cross-motion pertains to his claim of ownership in Northshore and Sunrise, however, the other interested claimants to these dealerships are not parties this action and are subject to litigation elsewhere (*see* NYSCEF Doc # 95). Particularly, Josh Aaronson, Jory Baron, Raymond Phelan, Brian Chabrier, Asad Khan, and the Estate of David Baron have all been named by Deo as defendants in the action he filed with the United States District Court for the Eastern District of New York (*see* NYSCEF Doc # 100). Moreover, it should also be noted that Deo has requested the same declaratory relief in the federal action (*id.* at Doc # 100, Pg. 184). Finally, it bears mentioning that this Court has previously issued an order on May 13, 2025, granting Urrutia's motion to dismiss Deo's counterclaims (*id.* at Doc # 132). In sum, entertaining the herein cross-motion at this juncture would be improper considering Deo: moved without notice of the interested parties; the counterclaims have already been dismissed; and similar relief has already been sought in an ongoing prior action.

Accordingly, it is:

ORDERED that Plaintiff, Robert Anthony Urrutia's motion for summary judgment is **GRANTED**; and it is further

ORDERED that this matter is set down for a conference on the rescissory damages issues, and any discovery concerning those issues. The conference will be held on December 1, 2025 at 11:00 am in Part 5 on the 3rd floor of the Nassau Supreme Court; and it is further

ORDERED that Defendant, Anthony Deo's cross-motion is **DENIED** by way of the Court's declination.

This constitutes the Decision and Order of the Court.

To the extent that requested relief has not been granted, it is expressly denied.

Dated: Mineola, New York
September 23, 2025

ENTER:

Jerome C Murphy

Jerome C. Murphy, J.S.C.

**ENTERED**
**Sep 30 2025**
NASSAU COUNTY
COUNTY CLERK'S OFFICE