FILED
CLERK
9/30/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SUPERB MOTORS INC. *et al.*,

*Plaintiffs*,

-against-

ANTHONY DEO *et al.*,

*Defendants*.
----------------------------------------------------------X

**ORDER**
23-CV-6188 (JMW)

**WICKS**, Magistrate Judge:

The "central issue in this case" is "the relocation of various cars to Superb's lots." (ECF No. 55 at 2.) It is undisputed that "at some time prior to April 3, 2023, a tranche of cars titled to Superb Motors were removed from Superb Motors' lots[] and placed on Deo's[.]" (*Id.* at 13.) In order to preserve the *status quo ante* pending litigation, Judge Merchant on September 29, 2023, preliminarily enjoined the sale, transfer, encumbrance, or relocation of certain vehicles in dispute. (*Id.* at 27-29.) Pursuant to the preliminary injunction, some cars were to remain at Superb's lots and others to stay in Deo's possession. (*Id.* at 27.) The two groups of cars were titled "Injuncted Superb Vehicles" and "Injuncted Deo Vehicles," respectively. (*Id.* at 28-29.)

Two years later, on September 30, 2025, a New York state court granted summary judgment for the Superb Plaintiffs on certain claims that overlap with the issues here. (ECF No. 565-2.) The court found Deo breached his contract with Superb when he "misrepresented that he was unaware of any threat of litigation and that he owned a [100%] interest in" certain dealerships that he purported to sell to Superb, when in fact "he received a letter contesting his ownership" of those dealerships. (*Id.* at 6.) Similarly, he represented in his agreements with

Superb that he owned those dealerships free of any liens or encumbrances, when in fact he had secured a loan against them. (*Id.* at 7.) Finally, the court found "Deo's breach by way of his failure to perform and consummate the [agreement] by failing to transfer ownership of [the dealerships]." (*Id.*) In light of these breaches and misrepresentations, the court found that recission—*i.e.*, declaring the contract void from inception and restoring the status quo—may be warranted in theory, but it left the question open for further hearings as to whether recission was practicable under the circumstances. (*Id.* at 8.)

In light of that decision, the Superb Plaintiffs moved this Court to vacate the preliminary injunction and permit them to sell the Injuncted Superb Vehicles. (ECF No. 340.) The Court granted that motion on May 15, 2026. (ECF No. 505.) The Court's analysis, like the parties' briefings, focused almost entirely on application of *res judicata*. Finding that the New York state court's opinion was an adjudication on the merits involving the same or overlapping parties and "stem[ming] from the same subset of facts and circumstances[,]" the Court concluded that that opinion "has the same preclusive effect." (*Id.* at 12.) Accordingly, the opinion constituted a "material change in circumstances," warranting dissolution of the preliminary injunction. (*Id.*) The Court therefore ruled that "Plaintiffs' request to sell the Vehicles is permitted but Plaintiffs must hold the funds in escrow for the remainder of this action." (*Id.* at 12-13.)

The present dispute arises from a single word in that Order. In the conclusion, the Court wrote that "Plaintiffs may sell the Injuncted *Superb* Vehicles." (*Id.* at 14 (emphasis added.)) On September 7, 2026, the Superb Plaintiffs requested that the Court "clarify[]" that the Superb Plaintiffs were also permitted to sell the six Injuncted Deo Vehicles. (ECF No. 560.) In essence, the Superb Plaintiffs suggest that the word "Superb" in the conclusion was a scrivener's error and they maintain that the Order's "intended result is unmistakable." (ECF No. 560 at 4.) The

Deo Defendants, on the other hand, take the position that the Order should be read literally and it meant what it said. (ECF No. 561.)

The Court thereupon instructed the parties to "submit a proposed order to modify the Court's decision at ECF No. 505 as to include the sale of the Deo Injuncted Vehicles with the same conditions as outlined in that prior Order[.]" (Electronic Order dated September 18, 2026.)

The parties filed their proposed orders on September 28, 2026. (ECF Nos. 563, 565.) Both parties agree that the injunction should be vacated with respect to the Injuncted Deo Vehicles. The only impasse is which party should conduct the sales. (ECF No. 565 at 2; *accord* ECF No. 563 at 1 ("[T]he Superb Plaintiffs would definitely not agree to the Deo Defendants selling the vehicles[.]").) Apparently, neither side trusts the other to make the requisite arrangements and handle the proceeds.

Common sense dictates that the Deo Defendants should be in charge of marketing and selling the Injuncted Deo Vehicles. This would only be fair: just as the Superb Plaintiffs arranged for the sale of the cars in their lots, the Deo Defendants should arrange for the sale of the cars in theirs. Moreover, this is consistent with the Court's September 18, 2026 Electronic Order requiring that the Injuncted Deo Vehicles be sold "with the same conditions" as the Court's May 2026 Order regarding the Injuncted Superb Vehicles. The May 2026 Order imposed three conditions on Superb: "(i) Plaintiffs must hold the funds in escrow for the remainder of this action, (ii) Plaintiff shall account to the Court as to the sales when made, and (iii) file proof of the monies in escrow immediately following the sale of each of the vehicles." (ECF No. 505 at 14.) If the Deo Defendants manage the sale of the Injuncted Deo Vehicles, they can mirror those three conditions. If Superb does it, new conditions will arise, including that the vehicles will need to first be transported from Deo's custody to Superb's. The Deo Defendants

identify other new conditions in Superb's proposed order as well, including "sworn inventory declarations with photographs (¶ 4), physical surrender of the vehicles, keys, and titles within five business days (¶¶ 5, 7), VerifiNY and dealer-record obligations on demand (¶ 7), a second sworn compliance declaration (¶ 12), and a Rule 65(d)(2) clause reaching the Deo Defendants' agents (¶ 2)." (ECF No. 565 at 2 (citing ECF No. 563-1).) In short, permitting the Superb Plaintiffs to forcibly repossess the Injuncted Deo Vehicles, as opposed to letting the Deo Defendants just sell them themselves, would appear to be inefficient and asymmetrical.

On further consideration, however, it seems the Superb Plaintiffs have the better of the argument. The only material change between Judge Merchant's 2023 injunction and this Court's May 2026 vacatur of the injunction was the intervening event of the New York state court's September 2025 opinion which "specifically found that Deo breached representations and warranties of the agreement" with Superb, because, *inter alia*, "Deo was not the 100% owner of the Northshore or Sunrise dealerships" and he breached his agreement "by failing to transfer ownership of Northshore and Sunrise." (ECF No. 505 at 5.) The Court noted significant overlap between the actions:

> The State Court Action includes a claim for recission based on fraudulent inducement and it is alleged that Anthony Deo among other things, "falsely represented that he owned Northshore and Sunrise and presented Urrutia with fraudulent financial statements for each of those dealerships, [and] Urrutia entered into the Agreement with Deo justifiably relying on Deo's fraudulent representations and fraudulently altered financial statements." (*See* State Court Action, Docket Entry No. 1 at 5.) In the instant action, there are numerous causes of actions asserted. However, of relevance here is the Ninth Cause of Action for fraud, which *inter alia* alleges that Deo made misrepresentations of financial records with the intent to defraud Plaintiffs. (ECF No. 316 at 99-100.) The operative Complaint in large alleges fraudulent conduct. (*See generally, id.*) The allegations in both cases stem from the same subset of facts and circumstances.

(*Id.* at 11-12.)

On that basis, the Court found the State Court Action constituted a "material change in circumstances," warranting vacatur of the preliminary injunction. (*Id.* at 12.) To be sure, the Court acknowledged that the State Court Action left open "many claims to be tried at trial" in this action, including damages. (*Id.*) On the narrow issue of "injunctive relief in returning operational control" of the vehicles to Superb, however, the Court found that the State Court Action had "preclusive effect." (*Id.*) That conclusion only follows if the State Court Action altered the calculus upon which Judge Merchant's preliminary injunction was founded. Judge Merchant required the cars to stay in their respective lots "to keep the status quo ante until the merits can be further determined." (ECF No. 55 at 28.) In vacating the preliminary injunction, this Court tacitly took the position that the State Court Action was the "further determin[ation]" that Judge Merchant was waiting for. Even if not dispositive of all the claims in this action, it was enough to nudge the balance of equities. As between the Superb Plaintiffs and the Deo Defendants, the Superb Plaintiffs now have a slightly stronger claim to the cars, only insofar as they, rather than the Deo Defendants, should be the ones to oversee the cars' exodus from injunctive purgatory.

The Deo Defendants accuse the Superb Plaintiffs of "invok[ing] Justice Murphy's September 23, 2025 Decision and Order as though it adjudicated ownership of the Deo Injuncted Vehicles." (ECF No. 565 at 2.) But the Superb Plaintiffs' proposed order does not go quite that far. It expressly disclaims any final adjudication:

> Turnover and sale under this Order facilitate preservation and liquidation of the vehicles' value; they do not distribute the proceeds or finally adjudicate disputed ownership, damages, offsets, liens, or entitlement to the fund. As between the parties, their competing claims to a sold vehicle shall be preserved against its proceeds, subject to all prior adjudications.

(ECF No. 563-1 at ¶ 13.) With that caveat, the Court finds that the Superb Plaintiffs' proposal strikes the right balance.

## CONCLUSION

The Superb Plaintiffs' motion (**ECF No. 560**) is granted. The Superb Plaintiffs are hereby authorized, at their own expense, to take possession of, transport, market, and sell the Injuncted Deo Vehicles, subject to the escrow, accounting, and proof-of-deposit conditions set forth at ECF Nos. 505 and 563-1. The Superb Plaintiffs are further directed to provide a status report on the sale of the vehicles on or before November 16, 2026.

Dated: Central Islip, New York
September 30, 2026

**SO ORDERED:**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge