**NIPUN MARWAHA, ESQ.**
ATTORNEY AT LAW
1539 Franklin Avenue, Suite 201 | Mineola, NY 11501 | (516) 988-8866 | Nipun@MarwahaLaw.com

October 1, 2026

**VIA ECF**
Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722-4438

**Re:** ***Superb Motors Inc., et al. v. Deo, et al.*, No. 2:23-cv-6188 (JMW)**
**Letter Motion to Strike ECF 559 and ECF 568-1 and for Related Relief, in Response to Plaintiffs' October 1, 2026 Letter (ECF 568)**

Dear Judge Wicks:

The Deo Defendants respectfully move, by letter motion, in response to Plaintiffs' letter of October 1, 2026 (ECF 568), for an order: (1) striking Plaintiffs' revised Rule 56.1 Statement (ECF 559) and the comparison filed with the letter (ECF 568-1); (2) finding that Plaintiffs' original Rule 56.1 Statement (ECF 524) did not comply with Local Civil Rule 56.1(d); (3) striking/denying Plaintiffs' motion for summary judgment; and (4) awarding the Deo Defendants their attorneys' fees for opposing the instant Plaintiffs' request, their non-compliant 56.1 Statement, and their multiple summary judgment motions.

On June 1, 2026, Plaintiffs filed a Rule 56.1 Statement of 1,071 paragraphs (ECF 524). For 574 of them (54%), the only citation was "Decl. ¶ X," a placeholder for declarations that did not exist. Rule 56.1 requires material facts "followed by citation to evidence which would be admissible." Local Civ. R. 56.1(d). A placeholder for a declaration that does not exist is not a

citation to evidence. A statement that fails the rule for more than half of its paragraphs is not a Rule 56.1 Statement. It is a draft.

On September 5, 2026, Plaintiffs filed a new Statement (ECF 559) in which every one of those 574 paragraphs now cites a declaration filed on or about September 4, 2026, 96 days after the original, and only after Plaintiffs had in hand the Deo Defendants' Rule 56.1 Statement (ECF 521-1) and 491-page counter-statement (ECF 536).

Meanwhile, the Deo Defendants and Harry Thomasson spent hundreds of hours answering the June Statement against evidence that did not exist, and on July 10, 2026, this Court, having reviewed that Statement, granted Plaintiffs leave to move on a document that cited nothing for 574 of its paragraphs. The response was written, and the leave was granted, on a record Plaintiffs had not yet created.

**I. Representation That Only Nine Paragraphs Changed Is Absurdly False**

Plaintiffs tell the Court that the revisions to their Statement consist of citation clean-up and "nine paragraphs [that] contain minor substantive changes." ECF 568 at 1. That is false. The comparison Plaintiffs attached to that sentence shows that the evidentiary basis of 574 paragraphs was replaced in its entirety. The number of changed paragraphs is not nine. It is 574 plus nine. Specifically, the comparison establishes the following about the Statement as filed on June 1, 2026:

- **574 of the Statement's 1,071 paragraphs (54%) were "supported" by the citation "Decl. ¶ X."** There are 589 such placeholder citations in all. The letter "X" is not a paragraph number. It is the mark a drafter leaves when the evidence has not been located, or does not exist.
- **Roughly fifty additional paragraphs cited exhibits by description rather than by identity:** "Exhibit of DMV license termination," "Exhibit Letter," "Exhibit Email,"

"Bank Statements," "Exhibit Court Order," "Exhibit Tax Returns." These are notes to self about what counsel hoped to attach, not citations to anything in the record.

- **The declarations the placeholders pointed to did not exist.** Every declaration now cited in ECF 559, including the Urrutia, Aaronson, Kwun, Chabrier, Ruderman and Kataev Declarations, was filed on September 4, 2026. Plaintiffs cited, 589 times, to paragraphs of sworn statements that no one had yet sworn to.

Plaintiffs characterize this as "conform[ing] the Statement to this Court's Individual Rules." That is a euphemism. A Rule 56.1 Statement "is not itself a vehicle for making factual assertions that are otherwise unsupported in the record," *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001), and a court may not rely on assertions in a 56.1 statement that the cited materials do not support, *Giannullo v. City of New York*, 322 F.3d 139, 140-43 (2d Cir. 2003). A statement in which more than half the assertions cite nothing is not a defective 56.1 Statement. It is not a 56.1 Statement at all. Plaintiffs filed a document that *looked* like one, with numbered paragraphs, citation sentences and signature blocks, obtained leave to move on it, and then told the Court that filling in the evidence for more than half of it amounted to nine minor changes.

**II. Statement Independently Violates Rule 56.1 and This Court's Individual Rules**

This Court's Individual Rule 3(D)(2)(b) provides, in full: "A party moving for summary judgment must also include a Local Civil Rule 56.1 Statement containing evidentiary citations. The moving party's failure to comply may constitute grounds for striking the Local Civil Rule 56.1 Statement and/or the denial of the summary judgment motion." Plaintiffs quoted the first sentence of that rule in ECF 568 as the reason for their revision. They did not quote the second. The second sentence is the remedy, and it is the remedy the Deo Defendants request here: a

Statement filed without evidentiary citations may be stricken, and the motion that rests on it may be denied.

Courts in this Circuit routinely strike or disregard Rule 56.1 statements that are argumentative or laden with legal conclusions, because such statements defeat the Rule's purpose of "streamlin[ing] the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records." *Holtz*, 258 F.3d at 74. A 1,071-paragraph statement, a third of which is supported only by declarations written to match it and more than half of which was blank when filed, is the opposite of streamlining.

**III. The Declarations Were Written to Fit the Statement, Not the Statement to the Record**

One third of the Statement rests on nothing but post hoc party declarations. Approximately 355 of the 1,071 paragraphs (33%) are now supported *solely* by a citation to a declaration of Urrutia, Aaronson, Kwun or Chabrier executed on or about September 4, 2026, with no deposition testimony, no document, and no docket entry cited. For a third of what Plaintiffs call the undisputed record, the only "evidence" is a sworn statement written after the Statement it supports, after the Deo Defendants' response to that Statement, and after the close of discovery. Fed. R. Civ. P. 56(c)(4) requires that a declaration "set out facts that would be admissible in evidence" from a declarant "competent to testify on the matters stated." A declaration drafted to supply a citation for an assertion counsel had already made is not testimony. It is the assertion, notarized.

Attorney declarations are cited for substantive facts. Even after revision, the Statement relies on the Ruderman Declaration, a declaration of counsel, as the sole support for contested factual assertions on at least five occasions (¶¶ 245, 249, 280, 282, 300), and cites the Ruderman and Kataev Declarations for factual matter 34 times in all. An attorney's declaration not based on personal knowledge is not evidence on summary judgment and may be disregarded. Kamen v. Am.

Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986); Fed. R. Civ. P. 56(c)(4).Where the record was finally consulted, the "facts" changed.

A declaration that is conformed to the record after the fact, to rescue an assertion the record does not support, is the mirror image of the sham affidavit the Second Circuit has long refused to credit. *See Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996); *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969). The Deo Defendants have not yet had the opportunity to compare each paragraph of the Urrutia, Aaronson, Kwun and Chabrier Declarations against the deposition transcripts. Given what ¶¶ 302, 378 and 693 reveal about the drafting method, the Deo Defendants expect that comparison to be productive, and reserve the right to move to strike under Fed. R. Civ. P. 56(c)(2) and 56(h).

WHEREFORE, the Deo Defendants respectfully request that the Court: (a) strike ECF 559 and ECF 568-1 under Individual Rule 3(D)(2)(b) as an unauthorized substitution for a Rule 56.1 Statement, filed without leave after the close of discovery and after the deadline for moving papers; (b) find that ECF 524 did not comply with Local Civil Rule 56.1(d) or Individual Rule 3(D)(2)(b); (c) strike and/or deny Plaintiffs' motions for summary judgment (ECF 542, 548, 551, 554, 558) under Individual Rule 3(D)(2)(b), because a Statement that cited "Decl. ¶ X" cannot establish the absence of a genuine dispute; (d) award the Deo Defendants their expenses, including attorneys' fees, under Fed. R. Civ. P. 56(h) and 28 U.S.C. § 1927, for responding to ECF 524, reviewing ECF 568 and 568-1, and opposing Plaintiffs' three summary judgment motions, in an amount to be established by contemporaneous time records on a schedule the Court directs; and (e) grant such other relief as the Court deems just. Should the Court prefer that any of this relief be sought by formal motion, the Deo Defendants ask that this letter be deemed their pre-motion letter under

Individual Rule 3(B) and that the summary judgment briefing schedule be held in abeyance pending the Court's ruling. The Deo Defendants reserve all rights under Fed. R. Civ. P. 11(b)(3).

The Deo Defendants thank the Court for its time and consideration.

Respectfully submitted,

/s/ Nipun Marwaha
Nipun Marwaha, Esq.
1539 Franklin Ave. Suite 201
Mineola, NY 11501
(516) 988-8866
Nipun@MarwahaLaw.com
*Attorneys for the Deo Defendants*

cc: All counsel of record (via ECF)