**MARWAHA LAW GROUP, PLLC**
1539 Franklin Avenue, Suite 201, Mineola, New York 11501 | (516) 503-4624 | Nipun@MarwahaLaw.com

October 2, 2026

**VIA ECF**
Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722-4438

**Re: *Superb Motors Inc., et al. v. Deo, et al.*, No. 2:23-cv-6188 (JMW)**
**Letter Motion to Stay the September 30, 2026 Order (ECF 567) Pending Reconsideration and Appeal**

Dear Judge Wicks:

I represent the Deo Defendants and write under Rule 3(A) of the Court's Individual Practice Rules and Fed. R. Civ. P. 62(d) to request a stay of the Court's September 30, 2026 Order (ECF 567) (the "Order") pending a Local Civil Rule 6.3 motion for reconsideration, to be filed by October 14, 2026, and, if that motion is denied, pending appeal. The Deo Defendants also request an interim stay until this application is decided.

Plaintiffs' counsel, Emanuel Kataev, has forced this application by taunting and threatening me. At approximately 7:30 p.m. last night, he requested information to facilitate the transfer of the vehicles. I told him that a family member had just undergone major surgery and that I would respond on Tuesday. He answered that he would move for sanctions anyway, that it was "going to cost" me, and that this was my "[f]inal warning." Mr. Kataev waited less than 36 hours after the Order to threaten sanctions, yet nearly four months after ECF 505 to ask the Court for clarity. The

Order sets no compliance date. This manufactured urgency continues his belligerent and vexatious conduct.

To the extent Local Civil Rule 7.1 requires a formal motion, the Deo Defendants respectfully request leave to proceed by letter given the time-sensitive nature of the relief sought. See Fed. R. Civ. P. 1. The reconsideration motion will be filed on notice with a memorandum of law unless the Court directs otherwise.

**Background**

September 7, 2026, Plaintiffs moved to extend ECF 505 to the six Injuncted Deo Vehicles (ECF 560). Deo Defendants opposed and submitted title records obtained under the Freedom of Information Law (ECF 561, 561-1). At the Court's direction, both sides submitted proposed orders (ECF 563, 565). The Deo Defendants proposed that they conduct the sale, with the proceeds escrowed (ECF 565-1). The Order instead authorized Plaintiffs "to take possession of, transport, market, and sell the Injuncted Deo Vehicles," with a status report due November 16, 2026.

**The Court Has Granted This Relief in This Case**

On May 23, 2025, the Court ordered the Superb Plaintiffs to deliver thirty vehicles to the Deo Lot, with keys and titles, by 6:00 p.m. that day. Plaintiffs filed a notice of appeal the same day (ECF 285) and then moved for reconsideration (ECF 292). On June 26, 2025, the Court denied reconsideration but stayed the delivery order "through and including five days after decision is entered by the Second Circuit" (ECF 306 at 15), finding the request "reasonable" (*id.* at 13). The Second Circuit then denied Plaintiffs' own stay motion as moot in light of this Court's stay (ECF 313). The Deo Defendants ask for the same treatment as to six vehicles that the Court afforded Plaintiffs as to thirty.

**A Stay Is Warranted**

A stay turns on (1) whether the applicant has made a strong showing of likely success, (2) irreparable injury absent a stay, (3) injury to the other parties, and (4) the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

**The grounds for reconsideration are substantial.**

The only dispute is who conducts the sale and on what terms. Reconsideration is warranted where the movant "can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The Order overlooked two such matters.

First, the Order rests on a misapprehension of the state court decision. The Court's own analysis favored the Deo Defendants. It concluded that "[c]ommon sense dictates that the Deo Defendants should be in charge of marketing and selling" the vehicles and that Plaintiffs' approach "would appear to be inefficient and asymmetrical" (ECF 567 at 3-4). It departed from that conclusion only because the decision in *Urrutia v. Deo*, Index No. 618608/2023 (Sup. Ct. Nassau Cnty. Sept. 23, 2025), "nudge[d] the balance of equities" (*id.* at 5). The Order states that the state court "left the question open" whether rescission was practicable (*id.* at 2). It did not. The state court held that "rescission of the Agreement is impracticable," leaving only rescissory damages net of offsets (Murphy Order at 8). Nothing was rescinded, and that decision did not determine title to these six vehicles, four of which the record marks as not belonging to Superb at all (ECF 43-2 at 3-4).

Second, the Order does not address the documentary proof, submitted with the Deo Defendants' opposition, that the title documents Plaintiffs filed with this Court are false. Plaintiffs' declarant swore that titles temporarily transferred to a Team entity "were then immediately

transferred back to Superb" (ECF 155 ¶ 15), and Plaintiffs filed Q-1 reassignment forms as "proof that vehicles were returned to Superb" (ECF 155-1). The government's own chain of title says otherwise (ECF 561-1). It records each transfer of the vehicle, to other dealerships and to an outside purchaser. It records no transfer to Superb, ever. Both cannot be true. Either the Q-1s were fabricated, or they were never filed with any motor vehicle agency. Either way, they were presented to this Court as proof of a transfer that never occurred. Mr. Urrutia later swore that thirteen of the vehicles "belong to Team, not Superb" (ECF 282 ¶¶ 29-32), and ten days after the Court denied Team permission to sell them, Team Imports conveyed a vehicle Plaintiffs reported as sold by Superb. The Order does not mention these records, and it authorizes Team Auto Sales LLC to sell these six (ECF 563-1 ¶ 1).

Additionally, Plaintiffs were held in civil contempt of this Court's orders governing those vehicles (ECF 279). By contrast, Defendants have kept these six vehicles in their custody under the Injunction for three years.

Moreover, the Order calls it "undisputed" that "a tranche of cars titled to Superb Motors were removed from Superb Motors' lots" (ECF No. 567 at 1, quoting ECF No. 55 at 13). That describes the Superb vehicles, not these six. The Injunction placed the six in a separate category, in the Deo Defendants' custody (ECF No. 55 ¶¶ 1(i), 3, 7). The list the Order cites marks four of them, the GLE, the Rolls-Royce, and both Audis, "IT DOES NOT BELONG TO SUPERB AS PER NYS DMV VERIFI" (ECF No. 43-2 at 3–4).

Plaintiffs' own title documents say the same. They show the A6 assigned to Northshore Motor Leasing LLC and the Rolls-Royce to Sunrise Auto Outlet, never to Superb (ECF No. 220-8 at 3–9). The Q5 was likewise reassigned to Northshore. Superb holds no title and no dealer license (ECF No. 172 at 7), so it has no capacity to make the sale the Order contemplates. Their

declarant swore that four of the six are "stuck in limbo in Plaintiff Northshore Motor Leasing, LLC's VerifiNY system" and "incapable of being sold or transferred" (ECF No. 155 at 2 n.2, ¶ 11).

Read for what it held, the state court decision leaves nothing to nudge the balance away from the Court's own conclusion. And the record of the prior sales tips the equities the same way as common sense and efficiency: the Order places six more vehicles with the party whose handling of the first thirty has required this Court's intervention.

**The harm is irreparable.**

These are late-model luxury vehicles, including a Rolls-Royce, and a sale to third parties cannot be undone. Both sides accept conversion to cash; the harm is that the seller fixes the price once and it cannot be reconstructed afterward. If the Court or the Second Circuit later agrees that the Deo Defendants should conduct the sale, that relief is meaningless once the vehicles are gone.

**Plaintiffs will not be prejudiced.**

The Order sets no transfer date and calls for a status report on November 16, 2026. Plaintiffs' own letter acknowledges that the parties discussed whether the vehicles "may remain with the Deo Defendants while they were sold" (ECF 563 at 1). The reconsideration motion will be filed within twelve days. While a stay is in place the vehicles will be preserved in their present condition and will not be sold, transferred, encumbered, or driven. A delay of weeks in selling six vehicles, the proceeds of which Plaintiffs could not use in any event because they must be escrowed for the remainder of the action, costs Plaintiffs nothing.

**The public interest** favors deciding who sells before an irreversible sale occurs.

**Relief Requested**

The Deo Defendants respectfully request that the Court stay ECF 567 (1) on an interim basis pending decision on this application; (2) pending decision on their motion for

reconsideration, to be filed by October 14, 2026; and (3) if reconsideration is denied, pending appeal or, alternatively, for fourteen days to permit an application to the Second Circuit under Fed. R. App. P. 8(a)(2).

I have not asked Mr. Kataev to consent. His October 1 correspondence makes clear that I would receive only more taunts and threats.

The Deo Defendants thank the Court for its attention.

Respectfully submitted,

MARWAHA LAW GROUP, PLLC

By: /s/ Nipun Marwaha
Nipun Marwaha, Esq.
*Attorneys for the Deo Defendants*

cc: All counsel of record (via ECF); Harry R. Thomasson, Esq. (pro se)