**Sage Legal LLC**

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

October 3, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

***Re:*** **Superb Motors Inc., *et al.* v. Deo, *et al.***
**Case No.: 2:23-cv-6188 (JMW)**
**Letter Response in Opposition to Deo Defendants' Motion to Stay**

Dear Judge Wicks:

This firm represents Plaintiffs Superb Motors Inc., Team Auto Sales LLC, and Robert Anthony Urrutia (the "Superb Plaintiffs"). We oppose[1] the Deo Defendants' latest motion, which seeks successive stays of the September 30, 2026 Order (ECF Docket Entry 567) through this application, reconsideration, and an appeal not yet taken. See ECF Docket Entry 570.

On September 28, 2026, the Deo Defendants wanted these six vehicles sold; on October 2, 2026 a sale has now become irreparable harm. What changed was the selected seller.[2] Defendants' own proposed Order called for liquidation to avoid depreciation and carrying costs, with all competing claims preserved against the proceeds. See ECF Docket Entry 565-1 at 2, ¶ 8. In light of this, there is no justification to stop the turnover-and-sale process.

**I. A request for another decision does not suspend the obligation to comply with the Order.**

Defendants bear the burden of satisfying the four (4) stay factors. Likelihood success and irreparable injury are the critical first two; a possibility of success or injury is insufficient. See Nken v. Holder, 556 U.S. 418, 433–35 (2009). The flexible balancing described in In re World Trade Center Disaster Site Litigation, 503 F.3d 167, 170-71 (2d Cir. 2007), does not make a stay automatic whenever a dissatisfied litigant intends to seek review.

Rule 62 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") supplies no automatic suspension here. Orders concerning injunctions fall outside the ordinary automatic stay. See Fed. R. Civ. P. 62(c)(1). Rule 62(d) permits discretionary relief on protective terms while an appeal is pending; it does not make a putative reconsideration motion or prospective appeal self-executing.

[1] The Superb Plaintiffs respectfully request leave under Local Civil Rule ("LCR") 7.1(e) and the Court's Individual Rules to submit this expanded response.

[2] The real reason behind the motion for a stay is to engage in a stall tactic designed to dilly-dally and delay, and is made for vexatious purposes in violation of 28 U.S.C. § 1927. This conduct is addressed in the Superb Plaintiffs' contemporaneously filed Order to show cause for contempt.

Nor does Rule 8(a)(2) of the Federal Rules of Appellate Procedure ("FRAP") create an automatic fourteen (14) day grace period after denial. It provides a procedure for seeking relief in the Second Circuit. An appeal may be pursued; but compliance with a valid and existing Order is not suspended by announcing it without filing it. The request for a stay through an unspecified future appeal is especially premature when the reconsideration motion, the ruling on it, and the proposed appellate grounds do not exist.

Individual Rule 3(A) of this Court's Individual Practice Rules permits discovery letters but directs other non-dispositive motions to be filed as formal motions pursuant to Individual Rule 3(C) and LCR 7.1(e), which requires permission for motion letters outside its specified categories. This Court already informed the Deo Defendants and all parties on May 8, 2026 that improper motions such as this one will be denied. See Text Only Electronic Minute Order dated May 8, 2026 ("the Court warned all parties that … failure to comply with Court Rules will lead to rejection of motion papers"); see also LCR 7.1(d) (permitting only specified non-dispositive applications by letter; other motions require authorization in the Individual Rules, a case-specific order, or a formal notice of motion with memorandum containing authorities in support).

**II. The proposed reconsideration arguments do not require a different sale arrangement.**

Under Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995), reconsideration requires overlooked controlling law or facts that could reasonably alter the conclusion. It is not an invitation simply to repeat an unsuccessful position. Defendants principally repeat the same arguments this Court already considered and rejected. See ECF Docket Entries 561 and 565. The Court had those papers and expressly discussed the competing proposals. See ECF Docket Entry 567 at 3-5. A decision need not reproduce every accusation to reflect that the Court considered the dispute. Because the Deo Defendants fail to point out any controlling law or facts that this Court overlooked (setting aside the fact they fail to address the legal standard on a motion for reconsideration), this Court should treat the instant letter motion for a stay as the motion for reconsideration and deny reconsideration.

**A. The state decision should be described precisely, as its breach findings control.**

While the Hon. Jerome C. Murphy, J.S.C. ("Justice Murphy") did not leave the practicality of rescission open, that court did hold that rescission was impracticable because Superb was no longer operational and reserved whether, and to what extent, rescissory damages and offsets were warranted. See ECF Docket Entry 565-2 at 8.

But this point does not erase what Justice Murphy actually decided. He granted Urrutia summary judgment after finding that Deo breached representations concerning threatened litigation, ownership, and encumbrances, and failed to perform the promised ownership transfers. Id. at 6-7, 9. Justice Murphy explained that even assuming Deo could establish his ownership of the dealerships, that would not answer the separate breaches or failure to transfer the promised interests. Id. at 7. The impracticability of putting the parties back where they started does not turn those findings into a vindication of Deo.

Nor did the state court award Deo exclusive ownership of Northshore and Sunrise. It declined that declaration because other interested claimants were absent, related litigation was pending, and his counterclaims had been dismissed. Id. at 9. That declination neither adjudicates all ownership claims nor entitles Deo to control this sale. This latest motion is just the dying gasp of a defeated Deo.

And the operative reasoning in this Court's September 30, 2026 decision is narrower than Defendants suggest. At pages 4-5, this Court treated the adjudicated breaches as a material change supporting Plaintiffs' comparatively stronger equitable claim to supervise liquidation, while expressly reserving ownership, damages, offsets, liens, and entitlement to the proceeds. This Court quoted paragraph 13 of Plaintiffs' proposal and adopted its limiting premise. The Deo Defendants' argument that nothing remains to affect the equities once rescission is ruled impracticable simply does not follow.

**B. The title and licensing questions call for lawful implementation, not a blanket stay.**

The arguments raised by the Deo Defendants have all been raised and rejected, and the Deo Defendants provide no basis for them to be resurrected. The Deo Defendants' arguments in support of their request for a stay fail as miserably as the arguments made in the original motion.

This is because the Deo Defendants cannot establish irreparable harm, the quintessential most important factor in seeking injunctive relief. To prop up some semblance of irreparable harm, the Deo Defendants' have conjured the notion that if the Superb Plaintiffs sell the Deo Injuncted Vehicles for less than what they are actually worth, they will be irreparably harmed. Setting aside the fact that this argument myopically misses the forest for the trees in accepting the fact the Deo Defendants have no equitable or legal claim to the vehicles solely in light of Justice Murphy's decision (let alone on the merits of the claims in this case), this does not constitute irreparable harm. If the Deo Defendants somehow manage to prevail in this case to establish entitlement to the value of the vehicles, *and* prove that the Deo Injuncted Vehicles were sold for less than fair market value, this Court may issue a money judgment for the delta between the fair market value and the amount the vehicles sold for.

The Deo Defendants' motion supplies no vehicle-specific valuation, competing offer, identified proposed sale at an inadequate price, or concrete reason a licensed, commercially reasonable process supervised by Plaintiffs will produce an unrecoverable loss. And a claimed difference between the price achieved and the price allegedly achievable is a monetary injury. See JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990). Nor does calling a vehicle a luxury vehicle change the standard required to obtain a stay. Because money damages would conceivably compensate for this perceived harm, the Deo Defendants' arguments in support of irreparable harm fall flat.

**C. The repeatedly rejected Q-1 argument must be examined on its actual record.**

The Deo Defendants argue that the Superb Plaintiffs engaged in some impropriety concerning their supposition that there was "no transfer to Superb, ever." See ECF Docket Entry 570 at 4. But this argument has been repeatedly raised and rejected.

Moreover, the Superb Plaintiffs have already addressed the treatment of Q-1 assignments and subsequent transfers back in March 2024. See ECF Docket Entry 159 at 2 n. 5.[3] The Court similarly addressed the title-transfer controversy in connection with that prior motion practice. See ECF Docket Entry 172 at 7-10, 16-17. As a result, the Deo Defendants' final flailing in protest of this Court's September 30, 2026 Order should be rejected. Indeed, this Court should protect itself from the endless volley of briefs on an issue which has been repeatedly litigated and should finally be put to rest. See Text Only Order dated October 28, 2024 (citing Kapiti v. Kelly, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008)).

**III. The 2025 stay was a discretionary decision on a different record.**

Plaintiffs acknowledge the earlier stay. See ECF Docket Entry 306 at 13, 15. But Defendants are only entitled to the same legal standard, not an automatic identical result. That application concerned delivery of thirty vehicles under the earlier injunction, before Justice Murphy's September 2025 merits decision, before this Court vacated that injunction, and before the present Order that these six vehicles should be liquidated with claims preserved against the proceeds. The expense and mechanics of that transfer were considered on that record, as well as the fact that the Superb Plaintiffs were permitted to sell vehicles exclusively owned by Superb. Here, in contrast, the Court has expressly placed the expense of taking possession and transport on Plaintiffs.

The subsequent appellate history also matters. The Second Circuit remanded the injunction appeal under Rule 12.1 in light of the district court's indicative ruling and dismissed that appeal; its mandate was issued on September 23, 2026. ECF 562 at 1-2.

The earlier denial of appellate stay relief as moot, invoked by Defendants, established no merits entitlement to a stay of this later order. A discretionary accommodation in 2025 does not pre-decide the balance after a material intervening adjudication and a new sale order. Counting thirty cars on one side and six on the other is not the analysis Nken requires.

**V. Delay has a cost, and November 16, 2026 is a reporting date.**

The Deo Defendants argue that delay costs the Superb Plaintiffs nothing because the proceeds must remain in escrow. See ECF Docket Entry 570 at 5. Four days earlier, their own proposed order said liquidation would avoid "further depreciation and carrying costs." See ECF Docket Entry 565-1 at 2. Those costs do not vanish because Defendants lost the choice of seller argument.

---

[3] As explained there, the Superb Plaintiffs expressly identified three (3) routes following the Court's disposition: (i) void the Q-1 in the final retail transaction; (ii) void it and issue a new Q-1 to a Deo dealership; or (iii) have Superb execute it to obtain title. The footnote explained that the last route would be a retail transaction because Superb was no longer licensed. See also Id. at 3. Thus the dealer-sale route without an additional retail title in Superb's name was disclosed before the later dealer transfers. It was not invented as the Deo Defendants have maniacally asserted.

Physical preservation, insurance, and a promise not to drive the vehicles do not eliminate aging, market depreciation, or carrying expenses. Nor is a stay through reconsideration and an ensuing appeal reliably a delay of only weeks. Plaintiffs' inability to spend the proceeds is beside the point; the size and preservation of the fund matters and dissipates every day due to depreciation.

Further, the November 16, 2026 deadline directs Plaintiffs to report on sales. It does not suspend the express present authorization to take possession, transport, market, and sell, which is deliberately being frustrated by the Deo Defendants with the aid of their counsel. See ECF Docket Entry 567 at 6. The absence of a particular turnover date, likely omitted due to this Court's hope that the parties would work together to implement the terms of the Order, instead warrant implementation directions. It is truly regrettable that this Court is called upon once again to babysit the Deo Defendants to ensure they comply with its Orders.

**VI. Counsel's correspondence does not supply a missing stay factor.**

Counsel's family circumstances deserve courtesy and a reasonable practical accommodation. They do not establish, however, why Mr. Marwaha can take an hour to slap together a motion rather than take a minute to disclose the location of the Deo Injuncted Vehicles.

Plaintiffs do not ask the Court to convert counsel's requested pickup date into a deadline already imposed by this Court's Order (ECF Docket Entry 567), or to adjudicate contempt on this opposition. The order's authorization and counsel's proposed logistics are distinct. Since a clear court-Ordered schedule is necessary, the Superb Plaintiffs respectfully request that the Court set one, and to utilize the Superb Plaintiffs' proposed Order in doing so. See ECF Docket Entry 563-1.

**Conclusion**

The Superb Plaintiffs respectfully request denial of the interim stay, the stay pending reconsideration, and the prospective appellate stay, including the requested automatic fourteen-day stay under the FRAP.

To make implementation concrete, Plaintiffs request an express direction requiring: (i) immediately, disclosure of the location of the Deo Injuncted Vehicles; (ii) within two (2) business days, a sworn vehicle-by-vehicle statement of present location, custodian, condition, mileage, insurance, title documents, and actual transfer impediments; and (iii) requiring turnover of available vehicles, keys, and documents within five (5) business days, on at least one (1) business day's pickup notice, at Plaintiffs' expense. The Court has already chosen who will arrange these sales. The record does not justify putting the vehicles back into purgatory while the repeated refrains of the Deo Defendants are litigated again.

The Superb Plaintiffs thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
October 3, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

_*/s/ Emanuel Kataev, Esq.*___
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc,*
*Team Auto Sales LLC,*
*and Robert Anthony Urrutia*