UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC

Defendants.

---------------------------------------------------------------------X

**Case No.: 2:23-cv-6188 (JMW)**

**ORDER TO SHOW CAUSE FOR CIVIL CONTEMPT AND EXPEDITED ENFORCEMENT OF <u>THE SEPTEMBER 30, 2026 ORDER</u>**

Upon the Declaration of Emanuel Kataev dated October 3, 2026, any exhibits referenced and/or annexed thereto, the accompanying memorandum of law, the September 30, 2026 Order entered at ECF Docket Entry 567 (hereinafter the "Order"), and the entire record in this case; upon notice of this application; and pursuant to 18 U.S.C. § 401(3), 28 U.S.C. § 636(e)(4), Local Civil Rules 6.1(d) and 83.6, and this Court's inherent authority to implement and enforce its Orders:

**LET** Defendants Anthony Deo, Sarah Deo, Dwight Blankenship, Marc Merckling, Michael Laurie, Car Buyers NYC Inc., Gold Coast Cars of Syosset LLC, Gold Coast Cars of Sunrise LLC, Gold Coast Motors Automotive Group LLC, Gold Coast Motors of LIC LLC, Gold Coast Motors of Roslyn LLC, Gold Coast Motors of Smithtown LLC, and UEA Premier Motors Corp (collectively, the "Deo Defendants" or "Respondents") show cause before the Hon. James M. Wicks, U.S.M.J., at the United States District Court, 100 Federal Plaza, Courtroom 1020, Central Islip, New York, on ____________, 2026 at _______, ___.M. or by such remote means as the Court directs, why an Order should not be entered:

1. Holding each Respondent proven responsible in civil contempt for obstructing implementation of the Order by withholding the present locations of the six (6) vehicles identified in Schedule A and preventing their authorized recovery after actual notice, as particularly described in the supporting declaration;

2. Directing sworn disclosure of the vehicles' locations, custody, condition, and associated keys and documents, followed by prompt access and turnover under the protocol below;

3. Awarding the Superb Plaintiffs reasonable attorneys' fees, costs, and compensatory damages proven to have been caused by adjudicated contempt;

4. Providing prospective, purgeable coercive relief if a responsible Respondent fails to comply after a Court-fixed opportunity to cure; and

5. Alternatively, if the Order does not supply a sufficiently specific predicate for contempt based on the conduct alleged, entering express implementation directives and reserving contempt relief concerning any subsequent violation.

**IT IS FURTHER ORDERED:**

**A. Service, submissions, and hearing**

6. Opposition shall be filed and served by October ____, 2026. Any authorized reply and supplemental declaration shall be filed and served by October ____, 2026.

7. Respondents may submit competent evidence concerning possession, custody, control, ability to comply, reasonable efforts, the alleged misconduct, and claimed damages.

**B. Proposed implementation relief to be considered at the hearing**

8. The Court will consider the following implementation provisions at the return hearing, or earlier after a noticed expedited conference. If adopted, they shall take effect on the date fixed in a further order entered after notice and an opportunity to be heard:

a. Sworn disclosure. By 5:00 p.m. Eastern Time on the first (1st) business day after the effective date, Anthony Deo and an authorized representative of each other Respondent having possession, custody, control, or material knowledge of a listed vehicle shall file and serve declarations under penalty of perjury disclosing the location of each vehicle.

b. Vehicle turnover. By 5:00 p.m. Eastern Time on the third (3rd) business day after the effective date, each Respondent controlling a listed vehicle shall make it available for collection by Superb Motors Inc. or its designated carrier at the disclosed location. Respondent(s) shall provide reasonable access, release instructions to custodians within their control, and available keys and documents. The Superb Plaintiffs shall arrange and pay for transportation, provide at least one (1) business day's written notice of the pickup

time, and confer reasonably concerning safe loading. The parties shall document vehicle condition and delivered items at pickup.

c. Titles and records. Within the same three (3) business-day period, each Respondent shall deliver available title and transfer records within its possession, custody, or control and take lawful steps within its authority to facilitate the authorized transfer. Any missing document, DMV restriction, or third-party claim shall be identified specifically, with supporting records and proposed corrective steps. Such an issue shall not delay location disclosure or delivery of otherwise available property unless it actually prevents that particular act. Any genuine legal impediment shall be presented promptly to the Court on notice.

d. Preservation. Pending collection, Respondents shall preserve the vehicles, keys, and related records and shall not sell, conceal, dismantle, encumber, materially alter, or use the vehicles. They shall not relocate them except for the authorized pickup, further Court order, or an emergency reasonably necessary to protect persons or property. Any emergency movement shall be disclosed to all counsel immediately and to the Court by the next business day, identifying the vehicle, reason, new location, and custodian.

e. Persons bound. These directives shall bind Respondents and persons bound under Rule 65(d)(2) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

f. Compliance reports. By the next business day after the turnover deadline, each responsible Respondent shall file a compliance declaration identifying property delivered, outstanding items, documented impediments, and remedial efforts. Within three (3)

business days after receipt, the Superb Plaintiffs shall file a notice identifying the vehicles received and their storage or sale destinations.

g. Escrow and accounting. For each sale, the Superb Plaintiffs shall hold the proceeds in escrow for the remainder of this case, account to the Court when the sale is made, and file proof of deposit immediately following the sale. The funds shall remain in counsel's attorney escrow account or another Court-authorized account. No use, pledge, transfer, or disbursement shall occur without leave of Court on notice. The November 16, 2026 status-report deadline remains in effect.

h. Reserved rights and security. Turnover and sale shall not finally adjudicate ownership, liens, damages, offsets, or entitlement to proceeds. Competing claims between the parties shall remain preserved against the proceeds, subject to prior adjudications. If any directive constitutes additional injunctive relief, the Court shall address security under Rule 65(c) before that relief becomes effective.

**C. Reserved remedies**

9. Following notice, hearing, and findings identifying the violated command, responsible Respondent, noncompliance, reasonable efforts, and ability to comply, the Court may impose a prospective coercive fine.

10. The Court retains jurisdiction to resolve implementation disputes and modify these directives upon a properly supported application on notice.

SO ORDERED.

Dated: Central Islip, New York
______________________, 2026

______________________________
HON. JAMES M. WICKS
United States Magistrate Judge

**Schedule A — Injuncted Deo Vehicles**

| Vehicle | VIN ending |
|---|---|
| 2023 Chevrolet Suburban | 8675 |
| 2020 Mercedes-Benz GLE | 4078 |
| 2019 Land Rover Range Rover | 3297 |
| 2017 Rolls-Royce | 2728 |
| 2016 Audi A6 | 9650 |
| 2016 Audi Q5 | 0272 |

These descriptions and VIN suffixes correspond to ECF No. 55 at page 29, paragraph 3.