UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC

Defendants.

-------------------------------------------------------------------X

**Case No.: 2:23-cv-6188 (JMW)**

**PLAINTIFFS SUPERB MOTORS INC., TEAM AUTO SALES LLC, AND ROBERT ANTHONY URRUTIA'S MEMORANDUM OF LAW IN SUPPORT OF THEIR ORDER TO SHOW CAUSE FOR CIVIL CONTEMPT AGAINST THE DEO DEFENDANTS AND EXPEDITED ENFORCEMENT OF THE <u>SEPTEMBER 30, 2026 ORDER</u>**

**PRELIMINARY STATEMENT**

On September 30, 2026, this Court resolved which parties would exercise operational control over the six (6) Injuncted Deo Vehicles during their liquidation. It authorized the Superb Plaintiffs, at their expense, to take possession of, transport, market, and sell those vehicles, subject to escrow and reporting protections. See ECF Docket Entry 567 at 5-6. That relief cannot be implemented without knowing where the vehicles are and obtaining access from those controlling them.

The Superb Plaintiffs repeatedly sought that information before returning to Court. Their August correspondence requested current locations, delivery arrangements, keys, and titles. Their September filings placed the unresolved location problem before the Court and proposed specific disclosure and turnover procedures. After the September 30. 2026 ruling, the Superb Plaintiffs renewed the requests and offered pickup at the Superb Plaintiffs' expense. The October 1 response supplied no vehicle address, alternate custodian, or release window. See Declaration of Emanuel Kataev ("Kataev Decl.") ¶¶ 8–28.

The Court should require the responsible Deo Defendants to account under oath for the vehicles and promptly permit their turnover. Upon findings that an identified Respondent violated a sufficiently clear command despite having the ability to comply, civil contempt and appropriate remedial relief is warranted. The Superb Plaintiffs also address the principal interpretive issue directly. ECF No. 567 expressly incorporates the escrow, accounting, and proof-of-deposit conditions of ECF Nos. 505 and 563-1; it does not expressly recite the proposed two-business-day disclosure and five-business-day turnover deadlines. But that distinction does not prevent a contempt finding, as the Deo Defendants have engaged in deliberate disregard of this Court's Orders by refusing to disclose the location of the Injuncted Deo Vehicles.

**RELEVANT BACKGROUND**

As this Court is painfully aware, the original injunction identified, *inter alia*, six (6) Injuncted Deo Vehicles and restricted their movement and disposition. See ECF Docket Entry 55 at 29-30, ¶¶ 3-6. In April 2026, the Deo Defendants represented that the vehicles were at a Hicksville location and requested permission to relocate them to West Babylon. See ECF Docket Entry 477 at 1-2. Although the Court initially authorized relocation subject to conditions on May 8, 2026 following oral argument, this Court's subsequent May 8, 2026 Text Only Order and May 15, 2026 Memorandum and Order (ECF Docket Entry 505) vacated that ruling, and a May 19, 2026 Order (ECF Docket Entry 510) described the relocation issue as moot following vacatur of the injunction. See Kataev Decl. ¶¶ 4-7.

Beginning on August 10, 2026, the Superb Plaintiffs requested current locations, delivery arrangements, and keys and titles directly from defense counsel. Counsel initially deferred his response and, on August 20, proposed obtaining clarification concerning the distinction between the Superb and Deo vehicles. That response did not provide current vehicle locations, despite due demand. Id. ¶¶ 8–14.

The Superb Plaintiffs then sought – and received – relief by a letter motion for clarification. See ECF Docket Entry 560 and Text Only Order dated September 18, 2026. Following the Court-directed meet-and-confer, the parties filed competing proposed Orders. See ECF Docket Entries 563 and 563-1 (requesting sworn location information and a defined turnover schedule); compare with ECF Docket Entries 565 and 565-1. In response to the arguments raised therein, the Superb Plaintiffs again raised the unresolved location issue. ECF Docket Entry 566; see also Kataev Decl. ¶¶ 15–21.

The September 30, 2026 Order definitively granted the Superb Plaintiffs authority to take possession of the Deo Injuncted Vehicles. See ECF Docket Entry 567 at 5-6.

The October 1, 2026 demand sought the information needed to arrange collection, offered transportation at the Superb Plaintiffs' expense, and requested documentation of any genuine impediment. Defense counsel responded concerning his anticipated absence for a family medical matter, without – at a minimum – supplying the location(s) of the vehicles, a request that has been outstanding since August 2026. See Kataev Decl. ¶¶ 23-28.

## LEGAL STANDARD

Civil contempt requires a clear and unambiguous order, clear and convincing evidence of noncompliance, and a failure to attempt compliance diligently and reasonably; willfulness is not an essential element. See Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc., 369 F.3d 645, 655 (2d Cir. 2004).

## ARGUMENT

### I. The Record Supports Enforcement and, Upon the Required Findings, Civil Contempt

#### A. The September 30 ruling establishes the Superb Plaintiffs' right to recover the vehicles.

This Court's September 30, 2026 Order resolved a concrete dispute concerning who would control the vehicles' liquidation and take possession of them. The Court considered the competing proposals, explained why operational control should rest with the Superb Plaintiffs, and authorized them to take possession and transport the vehicles. See ECF Docket Entry 567 at 3-6.

The Superb Plaintiffs' position is that the Deo Defendants, who currently control the vehicles, are deliberately preventing its authorized collection, frustrating the operative relief. The continued withholding of indispensable location and access information accomplishes the same obstruction as an express refusal to release a vehicle.

A party retaining actual control should not be able to nullify the Court's allocation of operational control simply by declining to identify the storage site or release contact. That is precisely the conduct at issue here, which serves to frustrate the purpose of the clear and unequivocal Order requiring the Deo Defendants to turn over the Injuncted Deo Vehicles.

**B. The communications establish notice and an unresolved implementation problem.**

The record establishes that the location request was repeatedly presented to the Deo Defendants' counsel, raised in the Court's filings, and renewed after the September 30 ruling. Counsel's response to the October 1 demand demonstrates receipt of that implementation request. See Kataev Decl. ¶¶ 8–28. The Deo Defendants' deliberate disregard of these requests and failure to disclose the location permits an inference that they are seeking to evade compliance with this Court's September 30, 2026 Order.

The April relocation application also provides evidence of the Deo Defendants' earlier custody and knowledge. See ECF Docket Entry 477 at 1-2. Because there is no dispute that the Injuncted Deo Vehicles no longer remain at the Hicksville Lot, where they were last permitted to Remain as defined in the preliminary injunction, this Court may similarly infer that the Deo Defendants are evading compliance with the September 30, 2026 Order.

On this record, the Court may determine whether the particular withholding is established clearly and convincingly. The requested sworn accounting will also distinguish a Respondent who can release a vehicle from one who lacks control and identify any actual third-party obstruction. The Superb Plaintiffs do not ask the Court to infer that every named Deo Defendant controls every vehicle. Nor do they rely on the April custody representation alone to establish each Respondent's present ability to comply.

However, the Deo Defendants are represented by a single attorney who is deliberately refusing to comply with the Order, such that all the Deo Defendants and their counsel should be subject to a finding of contempt.

**C. The asserted explanations do not establish an inability to provide locations.**

While the August 20, 2026 request for clarification fairly identified a dispute then existing over the May 15, 2026 Order, the September 30, 2026 decision subsequently resolved which side would take possession and oversee liquidation. However, that dispute does not explain why the Injuncted Deo Vehicles are missing from the last location they were permitted to remain.

As to the dealer-record and title issues, an impediment to transferring marketable title does not prevent identifying a physical location, naming a custodian, providing access, delivering keys, or releasing a vehicle into the custody authorized by the Court.

The Deo Defendants' counsel's family medical circumstances likewise provide no basis to deny relief. Indeed, these circumstances did not prevent their counsel from responding to emails nor preparing a letter motion for a stay filed at 3:45 PM on Friday, October 2, 2026. The Deo Defendants instead should have disclosed the locations of the Injuncted Deo Vehicles by this time.

**II. Express Implementation Directives Should Issue Regardless of the Contempt Determination**

Any uncertainty concerning retrospective contempt can be resolved without allowing the turnover process to remain stalled. The Court should specify the acts necessary to implement the relief already awarded:

• Sworn, vehicle-specific location and custody information within one business day;

• Availability for collection within three business days, with the Superb Plaintiffs paying transportation expenses and providing advance pickup notice;

• Delivery of available keys and records;

- Particularized disclosure of genuine impediments and corrective efforts;
- Preservation pending collection; and
- Compliance declarations identifying what was delivered and what remains outstanding.

These obligations correspond to practical steps needed to accomplish the September 30 decision. They preserve the existing escrow and reporting protections and do not decide ultimate ownership or authorize seizure from an unbound third party.

**III. The Sanctions Imposed Should Be Coercive and Compensatory**

Civil contempt relief should secure compliance or compensate proven injury. A prospective daily fine tied to performance of an affirmative obligation may serve a civil coercive purpose when the contemnor has a meaningful opportunity to avoid it through compliance. An unconditional punitive assessment for completed misconduct presents materially different procedural requirements. See International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 827-30 (1994).

If contempt is found and further coercion is necessary, the Superb Plaintiffs propose an aggregate starting fine of $1,000.00 per vehicle per day. Reasonable fees incurred because of civil contempt should also be awarded. While willfulness strongly supports a fee award, it is not an absolute prerequisite. See Weitzman v. Stein, 98 F.3d 717, 719-20 (2d Cir. 1996).

**CONCLUSION**

The Superb Plaintiffs respectfully request an expedited Order to show cause; express, time-limited location, preservation, access, and turnover directives; and, upon the required findings against the Deo Defendants, civil contempt, appropriately tailored prospective coercive relief, and compensation for compensatory losses and reasonable fees.

Dated: Jamaica, New York
October 3, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

__*/s/ Emanuel Kataev, Esq.*______

Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

**VIA ECF**
All counsel of record