UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC

Defendants.
-------------------------------------------------------------------X

**Case No.: 2:23-cv-6188 (JMW)**

**DECLARATION OF EMANUEL KATAEV, ESQ. IN SUPPORT OF PLAINTIFFS SUPERB MOTORS INC., TEAM AUTO SALES LLC, AND ROBERT ANTHONY URRUTIA'S MEMORANDUM OF LAW IN SUPPORT OF THEIR ORDER TO SHOW CAUSE FOR CIVIL CONTEMPT AGAINST THE DEO DEFENDANTS AND EXPEDITED ENFORCEMENT OF THE SEPTEMBER 30, 2026 ORDER**

Emanuel Kataev, Esq., declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am admitted to practice before this Court and am a member of Sage Legal LLC, attorneys for the Plaintiffs Superb Motors Inc. ("Superb"), Team Auto Sales LLC ("Team"), and Robert Anthony Urrutia ("Urrutia") in this case. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the file maintained by this office.

2. I respectfully submit this declaration in support of the Superb Plaintiffs' application for an Order to show cause concerning civil contempt and expedited enforcement of the September 30, 2026 Order, ECF Docket Entry 567. The correspondence described below was exchanged with Nipun Marwaha, Esq. ("Marwaha") counsel for the Deo Defendants, and copied to Defendant Harry R. Thomasson, Esq. ("Thomasson").

**The vehicles and earlier orders**

3. The six (6) vehicles at issue are those identified in ECF Docket Entry 55 at page 29, ¶ 3: the 2023 Chevrolet Suburban, VIN ending 8675; 2020 Mercedes-Benz GLE, VIN ending 4078; 2019 Land Rover Range Rover, VIN ending 3297; 2017 Rolls-Royce, VIN ending 2728; 2016 Audi A6, VIN ending 9650; and 2016 Audi Q5, VIN ending 0272.

4. The September 29, 2023 preliminary injunction required these six vehicles to remain at specified Deo lots and restricted removal, transfer, use, and encumbrance. It required advance written notice on the docket and service on the other side if an emergency or other good cause required movement. ECF Docket Entry 55 at 29-30, ¶¶ 3-6.

5. In their April 22, 2026 application, the Deo Defendants represented that the six (6) vehicles were at a Hicksville location and sought permission to move them to 869 Route 109, West Babylon, New York. See ECF Docket Entry 477 at 1-2, 4.

6. The Court's May 8, 2026 rulings addressed that proposed relocation, including flatbed transportation and photographs. The corrected direction provided that relocation was not to commence before May 18, 2026.

7. On May 15, 2026, the Court vacated its May 8, 2026 relocation ruling while granting permission to sell the Injuncted Superb Vehicles subject to escrow and reporting conditions. See ECF Docket Entry 505 at 14. On May 19, 2026, the Court stated that the relocation issue had become moot following vacatur of the preliminary injunction. See ECF Docket Entry 510 at 4 n. 3.

**Direct requests beginning August 10, 2026**

8. On August 10, 2026, I emailed Marwaha requesting cooperation in returning the vehicles for sale and escrow. I asked their current location, how delivery would be coordinated, and whether titles and keys would be supplied. I requested a response by the close of business on August 11. See copies of correspondence annexed hereto as **Exhibit "A."**

9. In that email, I stated that it had come to our attention that the vehicles were no longer at 108 New South Road, Hicksville, New York. That statement explains why I requested confirmation from the Deo Defendants.

10. Marwaha responded on August 10, 2026 that he was working on a federal sentencing memorandum and would respond by the close of business on Wednesday. His response did not identify a present vehicle location or provide a custodian or release arrangement. Id.

11. I followed up by email on August 16. Id.

12. On August 17, 2026, Marwaha said that he would speak with his clients during the week. I responded that I would allow until Friday before making a contempt application. Neither

his August 10, 2026 response nor his August 17, 2026 response supplied the requested vehicle-location information. Id.

13. On August 20, Marwaha responded substantively about the scope of the May order. He pointed out its distinction between the Injuncted Superb Vehicles and the Injuncted Deo Vehicles, suggested seeking clarification, and offered to review a proposed letter the same day. His response still did not identify the present location of each of the six vehicles. Id.

14. Thus, the August exchange included an offer to seek clarification of the order, but did not resolve my separate request for current locations and arrangements to obtain the vehicles, keys, and titles.

**Requests made through court filings and the September conference**

15. On September 7, 2026, I raised the problem with the Court. See ECF Docket Entry 560. The filing recounted the August 10 request and August 20 response and sought express implementation provisions addressing location, condition, custody, keys, titles, and turnover. Id. 1-2, 4-5.

16. The Deo Defendants opposed that application on September 15, 2026. Among other things, their filing disputed whether the May 15, 2026 Order covered these six vehicles and raised dealer-record and title issues. See ECF Docket Entry 561. The parties' dispute was therefore presented to the Court before its September 30, 2026 decision, and the location of the Injuncted Deo Vehicles remain an enigma.

17. On September 18, 2026, the Court directed a meaningful meet-and-confer and submission of a joint proposed order or separate proposed orders by September 28 addressing the six vehicles under the applicable sale conditions.

18. I participated in a virtual meet-and-confer with Marwaha and Thomasson on September 24, 2026. The conference had been rescheduled from 3:00 p.m. to 4:30 p.m. and lasted approximately ten to fifteen minutes. I circulated a proposed joint order at approximately 4:48 p.m. and requested revisions. See ECF Docket Entry 563 at 1-2.

19. On September 28, 2026, Marwaha sent responses concerning the proposed order, including his position that the Deo Defendants should be permitted to sell the vehicles and his concern about dealer-record or DMV impediments. Those responses did not provide an exact present street address and release contact for each vehicle. See copies of correspondence annexed hereto as **Exhibit "B."**

20. On September 28, I filed a letter summarizing the foregoing events and the Superb Plaintiffs' proposed Order. See ECF Docket Entries 563 and 563-1. The proposal requested sworn information concerning the vehicles' locations and custodians, followed by a definite turnover schedule. Paragraph 4 proposed a two-business-day disclosure period; paragraph 5 proposed a five-business-day turnover period.

21. In a further September 28, 2026 filing, I again called to the Court's attention to the unresolved location issue and requested cooperation concerning the vehicles, and stated the Superb Plaintiffs' position concerning the earlier relocation rulings. See ECF Docket Entry 566.

**The September 30, 2026 Order and October 1, 2026 implementation request**

22. On September 30, 2026 the Court granted the Superb Plaintiffs' letter motion for clarification and ordered: "The Superb Plaintiffs are hereby authorized, at their own expense, to take possession of, transport, market, and sell the Injuncted Deo Vehicles, subject to the escrow, accounting, and proof-of-deposit conditions set forth at ECF Nos.

505 and 563-1." See ECF Docket Entry 567 at 6. The Court also required a sales-status report by November 16, 2026. Id.

23. On October 1, 2026 I also included the Court's directive in my implementation email to him and Thomasson; Marwaha replied to that email. See copies of email correspondence annexed hereto as **Exhibit "C."**[1]

24. In my October 1, 2026 email, I requested pickup on Monday, October 5, 2026, at the vehicles' disclosed locations, with the Superb Plaintiffs arranging and paying for transportation. I requested, by Friday, October 2, at 5:00 p.m. Eastern Time, each vehicle's exact street address and storage facility; the custodian and release contact's name and telephone number; loading or access restrictions; and an available Monday release window. Id.

25. I also requested confirmation about available keys, titles, and transfer documents and documentation of any DMV, title, lien, or third-party impediment. For an unavailable vehicle or item, I requested its last known location and the steps being taken to resolve the problem. I asked that the vehicles and records be preserved and stated that I would seek contempt and express enforcement relief if the location information was not supplied. Id.

26. Marwaha replied on October 1, 2026 that he would be out of the office the next day to care for a family member who had undergone major surgery and probably would not return until late Monday or Tuesday. His response did not supply a vehicle address, identify an alternate release contact, or confirm a pickup window. Id.

[1] Although I acknowledge and apologize for the tone set forth in my last email to Marwaha, my frustration is justified by the Deo Defendants' intentional and deliberate efforts to frustrate and delay implementation of the Order, which is compounded by their refusal to accept the significance of the Hon. Jerome C. Murphy, J.S.C.'s findings against Deo. In my desire to effectively represent a client who has lost his life's work at the hands of Deo, I recognize that I need to be mindful not to exceed the bounds of zealous advocacy. See IME WatchDog, Inc. v. Gelardi, No. 1:22-cv-1032 (PKC) (JRC), Text Only Order dated July 18, 2025 ("Plaintiff has … at times ... exceeded the bounds of zealous advocacy").

27. I replied that evening, again asking for the vehicles' locations and referring to my earlier requests. Id.

28. As of the last October 1, 2026 response described above, the exchanges identified in this declaration had not provided a confirmed current location, custodian, and release window for each of the six vehicles. Although the October 2, 2026 and October 5, 2026 dates were dates requested by me, the Superb Plaintiffs would have been amenable to choosing alternative dates. The problem is that the Deo Defendants have effectively once again absconded with the Injuncted Deo Vehicles and are deliberately refusing to disclose their location.

**Current status, resulting expense, and need for an expedited schedule**

29. To date, the location of the Injuncted Deo Vehicles remains unknown to the Superb Plaintiffs; without this information, they are hindered from taking possession of the Injuncted Deo Vehicles as authorized by the September 30, 2026 Order.

30. The Superb Plaintiffs' proposed arrangement is to pay for pickup and transportation. Exact addresses, access conditions, and release windows are necessary to arrange the carriers and loading. This Court's hope that the parties and their counsel may work together to achieve the orderly and proper implementation of the Order is regrettably unachievable without further motion practice.

31. The application thus seeks reasonable fees and actual costs caused by the Deo Defendants' and their counsel's contemptuous conduct.

32. The Superb Plaintiffs respectfully request an expedited schedule because the location information is needed before inspection, loading, and transportation can occur. The requests began on August 10, 2026[2] to no avail, the Court has now authorized the Superb Plaintiffs

[2] This passage of time is highlighted to show the Court the Superb Plaintiffs took many steps to avoid the necessity of further motion practice, who regret that this application is necessary.

to take possession, and the Court requires a sales-status report by November 16. A prompt coercive sanctions Order can establish practical release arrangements.

33. This application seeks implementation of the Court's September 30, 2026 Order.

34. On October 1, 2026, I notified Marwaha and all other appearing parties via email that the Superb Plaintiffs would seek this order to show cause. The Deo Defendants chose to respond by vindictively and preemptively seeking a stay by letter motion,3 which this Court has recently prohibited on May 8, 2026.

35. Each of the aforementioned exhibits are true and correct copies of the email correspondence exchanged between counsel.

36. My testimony concerning communications is based on messages I sent and/or received.

37. I also wish to notify the Court that I am leaving for overseas travel from Sunday, October 4, 2026 through Tuesday, October 13, 2026 in the morning. To the extent that the Court requires a conference or a hearing to resolve this motion (which it should not), I am available for such a hearing on Tuesday, October 13, 2026 in the afternoon.

38. I am uncertain to what extent I will be able to access the internet from my destination, but will indicate same in an appropriate filing with the Court if I am able to so that the Court is aware should it wish to conduct a remote or telephonic conference earlier than my return.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 3, 2026.

*_/s/ Emanuel Kataev, Esq._*
Emanuel Kataev, Esq.

[3] Notably, Marwaha was too busy to provide the location of the vehicles, but was not too busy to submit the procedurally improper and substantively meritless letter motion for a stay. The Superb Plaintiffs respectfully submit, in light of these circumstances, that the Deo Defendants' conduct is willfully evasive of implementing the September 30, 2026 Order.