**Sage Legal LLC**

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

October 6, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. James M. Wicks, U.S.M.J.
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722-4438

***Re:*** **Superb Motors Inc., et al. v. Deo, et al.**
**Case No.: 2:23-cv-6188 (JMW)**
**Plaintiffs' Letter Response in Opposition to the Deo Defendants' Motion to Strike**

Dear Judge Wicks:

This firm, together with Cyruli Shanks & Zizmor LLP represent the Plaintiffs in the above-referenced case. Plaintiffs write to oppose the Deo Defendants' October 1, 2026 letter motion to strike the revised joint Local Civil Rule ("LCR") 56.1 statement and comparison, find the original statement noncompliant, strike or deny Plaintiffs' summary-judgment motions, award attorneys' fees, and suspend briefing. See ECF Docket Entry 569. The requested relief is not justified by the record or the authorities cited.

**Relevant Factual Background and Procedural History**

On June 1, 2026, Plaintiffs filed their joint statement of material facts (generally referred to as "Statement") in connection with their letter motion for a pre-motion conference in anticipation of their motion for summary judgment. See ECF Docket Entry 524. The Statement contained 1,071 numbered paragraphs, including deposition and docket citations, but also numerous declaration and exhibit references. Id. The Deo Defendants thereafter submitted their counterstatement; after their own request to correct misfiled submissions, the Court struck ECF Docket Entries 532, 533, and 534 and designated ECF Docket Entry 536 the operative filing. See ECF Docket Entry 537 and Text Only Order dated July 2, 2026.

On June 26, 2026, the Court directed that there be only the Statement and counterstatements. Subsequently, on July 10, 2026, after reviewing the pre-motion submissions, the Court waived a pre-motion conference and established a briefing schedule for the summary-judgment motion, with moving papers due September 4, 2026. See Text Only Orders dated June 26 and July 10, 2026. The moving submissions followed in September. Among them were the declarations and attached discovery materials. Because this Court's Individual Practice Rules provide that letter motions for a pre-motion conference in anticipation of a motion for summary judgment must be accompanied by a LCR 56.1 Statement containing evidentiary citations, *but not the actual evidentiary material*, the original Statement referred to declarations without citing paragraph numbers, but the subsequent Statement provided those paragraph numbers, and outlined nine (9) substantive revisions outside of the revised evidentiary citations. See ECF Docket Entry 568.

On October 1, 2026, to aid the Court in addressing these fairly voluminous motions in this complex, multi-party case, Plaintiffs submitted a comparison of the original and revised Statement (ECF Docket Entry 568-1), expressly identifying the substitution of specific citations for placeholders and discussing the aforesaid nine textual revisions.

Thereafter, the operative opposition deadline of November 4, 2026 was extended to December 7, 2026 upon the request of the IAG Plaintiffs with the consent of the Deo Defendants. See ECF Docket Entry 564; see also Text Only Order dated September 29, 2026.

**The Deo Defendants' Motion to Strike Must be Denied**

As an initial matter, the very authority the Deo Defendants invoke recognizes the Court's broad discretion in administering its local rules. See Holtz v. Rockefeller & Co., 258 F.3d 62, 73-74 (2d Cir. 2001). But the Second Circuit in Holtz merely provides that LCR 56.1 permits the district court to disregard a factual assertion where there are no citations or where the cited materials do not support the factual assertions in the Statement; this is because the purpose of LCR 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties. Id. This is precisely what the Superb Plaintiffs have done by submitting a revised Statement together with their moving papers, and by providing a letter to this Court enclosing a compare to permit this Court to streamline its consideration of its motions for summary judgment. Holtz therefore does not stand for the proposition that the Deo Defendants provoke: the wholesale dismissal of a motion for summary judgment where a LCR 56.1 Statement submitted with a pre-motion conference request does not have precise citations to evidence. Their argument is significantly weakened by this Court's own Individual Rules, which only requires an evidentiary citation, as has been provided by the Plaintiffs.

The Deo Defendants also rely on Giannullo v. City of New York, 322 F.3d 139, 140-43 (2d Cir. 2003), where the Second Circuit has held that a LCR 56.1 Statement requires actual evidentiary support. There, the Second Circuit found that "the record does not support certain critical assertions in the defendant's Rule 56.1 statement on which the district court relied, with the result that, even though plaintiff's Rule 56.1 counter-statement failed to specifically controvert these assertions, the unsupported assertions must nonetheless be disregarded and the record independently reviewed." Id. at 140. Yet again, the holding in Giannullo does not support the wholesale dismissal of a motion sought by the Deo Defendants merely for failing to provide precise citations to evidentiary material on a pre-motion letter. Rather, it lends further credence to the Plaintiffs' position that the motion must be considered and, to the extent the cited materials do not support the asserted fact(s), the Court may independently review the record. In that regard, it is worthy to note that the original Statement *did* comply with LCR 56.1 in that the statements of fact *were* supported by evidence: namely, a sworn declaration. The Deo Defendants' argument that the lack of a specific paragraph number renders a sworn declaration inadmissible is unsupported by any legal authority, including that which they cite, and is further vitiated by common sense.

In any event, Rule 56(e)(1) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") permits an opportunity to properly support or address a fact; and Rule 56(e)(4) permits another appropriate order. Those provisions supply a measured alternative here:

identify the challenged assertion, require a precise citation and foundation if available in the permissible record, and disregard what remains unsupported. Plaintiffs met their burden to provide a precise citation, and the Deo Defendants now have ninety-four (94) days to oppose the Plaintiffs' motions for summary judgment. In that regard, the Deo Defendants' claim that approximately 355 paragraphs rely only on declarations does not merit relief. Rule 56 recognizes declarations as admissible evidence alongside depositions and documents. See Fed. R. Civ. P. 56(c)(1)(A) (A party asserting that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of materials in the record, including … *affidavits or declarations* …"). Indeed, Rule 56 tests the declarant's knowledge, competence, and factual content; it does not require a second, different category of evidence for every assertion. See Fed. R. Civ. P. 56(c)(4). As a result, a firsthand account does not cease to be admissible evidence[1] merely because it is prepared for litigation or favors the witness' position. See Danzer v. Norden Systems, Inc., 151 F.3d 50, 57 (2d Cir. 1998) ("There is nothing in the rule to suggest that nonmovants' affidavits alone cannot—as a matter of law—suffice to defend against a motion for summary judgment") and at 57 n. 5 ("Of course, if the nonmovant's affidavit fails to comply with [Rule] 56(e), in that it is conclusory or not based on the affiant's personal knowledge, the affidavit would be insufficient to defend against a motion for summary judgment").

In fact, the Deo Defendants' argument suggests that if a material factual issue was not explored in discovery by an opposing party, such facts are then precluded from being addressed by a declaration in a motion for summary judgment. That would absurdly reward the opposing party for not seeking discovery on particular points, leading to a preclusion of the very facts ignored by the opposing party's discovery efforts.

Fed. R. Civ. P. 83(a)(2) also explicitly mandates that a local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply. Because the final amended Rule 56.1 statement now cites to the submitted declarations, the initial use of placeholders represents a temporary issue of form that was cured without causing prejudice to the opposing party.

The Deo Defendants failed to object or move to strike Plaintiffs' initial LCR 56.1 Statement at the time it was filed. The Deo Defendants were given a full opportunity to do so in that the Court directed responses to the Plaintiffs' initial LCR 56.1 Statement. That initial LCR 56.1 Statement plainly presented the declaration placeholders, yet no objection or motion to strike was raised by the Deo Defendants at that time. Nor did the Deo Defendants move to strike after Plaintiffs filed their supporting declarations and revised LCR 56.1 Statement. Almost another month passed before filing this motion. The Deo Defendants waived any objection, certainly to the extent that any objection was made well after any alleged defect was cured. *In re Teltronics Servs., Inc.*, 762 F2d 185, 192 [2d Cir 1985].

Moreover, the 2010 Advisory Committee Note to Rule 56(c)(2) confirms that evidentiary objections can be resolved within summary-judgment briefing without a separate motion to strike.

---

[1] Comically, the Deo Defendants challenge the ability of this Court to consider Plaintiffs' Statement when their own statement is mostly supported by pleadings as well as unauthenticated documents, all entirely bereft of any evidentiary value whatsoever. See ECF Docket Entry 536.

That procedure is particularly suitable where the requested alternative is a premature ruling upon a motion for summary judgment, which should be decided on the merits.

Last but not least, this Court has previously issued an Order prohibiting motions for substantive relief to be made by letter. See Text Only Electronic Minute Order dated May 8, 2026 ("the Court warned all parties that … failure to comply with Court Rules will lead to rejection of motion papers"); see also LCR 7.1(d) (permitting only specified nondispositive applications by letter; other motions require authorization in the Individual Rules, a case-specific order, or a formal notice of motion with memorandum containing authorities in support).

The Deo Defendants' point concerning the number of revisions between the original and revised Statements conflates two propositions. ECF Docket Entry 568 did not represent that only nine paragraphs contained any change whatsoever. Its first page expressly distinguished the widespread replacement of placeholder citations and insertion of pinpoint references from nine identified textual changes. The comparison was submitted precisely to disclose revisions, not to conceal their existence. Thus, adding citation substitutions to the nine-item discussion does not itself demonstrate the misrepresentation the Deo Defendants allege. See ECF Docket Entries 568 at 1 and 569 at 2-3.

The Deo Defendants also challenge the use of attorney declarations in the Statement on the grounds that an attorney's declaration not based on personal knowledge is not evidence on summary judgment and must be disregarded. However, the attorney declarations submitted in support of the Plaintiffs' motions for summary judgment merely attach deposition transcripts and documents produced in discovery; the evidence cited therein thus does not require the personal knowledge of the attorney, only the documents and deposition transcripts relied upon.

**The Sham-Affidavit Theory Requires an Identified Contradiction, Not a Prediction That One May Be Found**

The Deo Defendants cite *Hayes v. New York City Department of Corrections*, 84 F.3d 614, 619-20 (2d Cir. 1996), and *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) for the proposition that the Plaintiffs have engaged in "the mirror image of the sham affidavit doctrine," which addresses contradictions between sworn accounts, including contradictions accomplished by material omission or addition, when *opposing* a motion for summary judgment. Which is not the circumstance herein. But those authorities also do not establish that an affidavit is a sham merely because counsel organized it to address a motion. Indeed, Hayes rejected a credibility determination where the testimony did not support the contradiction attributed to it.

Critically, the Deo Defendants admit that they have not yet compared each challenged declaration with the deposition transcripts. See ECF Docket Entry 569. Instead, it predicts that a future comparison will be productive. Id. at 5. This is not a basis for relief.

**<u>The Requests for Attorneys' Fees and a Stay Should Be Denied</u>**

Rule 56(h) requires a determination that a declaration or affidavit was submitted in bad faith or solely for delay, together with notice and a reasonable opportunity to respond. It is not a general prevailing-party fee provision for every citation error in a statement of facts. The Deo Defendants identify purported defects which are unavailing for the reasons discussed above, and predict future contradictions; they do not establish knowing falsity of a particular declarant's testimony as required by Rule 56(h).

Section 1927 likewise requires more than identifying unsuccessful arguments or procedural errors. The statute addresses unreasonable and vexatious multiplication of proceedings and resulting excess costs. In this Circuit, its application requires the requisite clear showing of bad faith, supported by particularized findings. <u>See</u> <u>Schlaifer Nance & Co. v. Estate of Warhol</u>, 194 F.3d 323, 336-38 (2d Cir. 1999). The Deo Defendants' demand for fees does not distinguish unavoidable merits work from excess work attributable to identified misconduct, or establish the individual conduct necessary for the liability it seeks. A request for a fee schedule cannot replace the predicate findings.

For these reasons, the Deo Defendants' motion – more a procedural gambit – must be denied, and the motions for summary judgment should be considered on the merits.

**<u>Conclusion</u>**

For the foregoing reasons, the Plaintiffs respectfully request that the Court deny the Deo Defendants' motion in its entirety.

Dated: Jamaica, New York
October 6, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

<u>_/s/ Emanuel Kataev, Esq.___</u>

Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc,*
*Team Auto Sales LLC,*
*and Robert Anthony Urrutia*

Dated: New York, New York

October 6, 2026

**CYRULI SHANKS & ZIZMOR LLP**
_/s/ Jeffrey C. Ruderman, Esq.________
Jeffrey Ruderman, Esq.
420 Lexington Avenue, Suite 2320
New York, NY 10170-0002
(212) 661-6800 (office)
(347) 379-4622 (direct dial)
(212) 661-5350 (facsimile)
jruderman@cszlaw.com

*Attorneys for Plaintiffs*
*189 Sunrise Hwy Auto LLC,*
*Northshore Motor Leasing, LLC,*
*1581 Hylan Blvd Auto LLC,*
*1580 Hylan Blvd Auto LLC,*
*1591 Hylan Blvd Auto LLC,*
*1632 Hylan Blvd Auto LLC,*
*1239 Hylan Blvd Auto LLC,*
*2519 Hylan Blvd Auto LLC,*
*76 Fisk Street Realty LLC,*
*446 Route 23 Auto LLC,*
*Island Auto Management, LLC,*
*Brian Chabrier,*
*Joshua Aaronson, and*
*Jory Baron*