Cullen | Dykman

Cullen and Dykman LLP
The Omni Building
333 Earle Ovington Blvd, 2nd Floor
Uniondale, NY 11553
T: 516.357.3700
F: 516.357.3792

**Ariel E. Ronneburger**
Partner
Direct Dial: (516) 296-9182
aronneburger@cullenllp.com

October 6, 2026

**VIA ECF**
Honorable James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York

**Re: *Superb Motors Inc., et al. v. Anthony Deo, et al.*,**
**Docket No: 2:23-cv-6188-JMW**

Dear Judge Wicks:

This firm represents defendant Flushing Bank, a division of OceanFirst Bank, N.A. ("Flushing Bank") in the above-referenced action. We write to join in the motion to strike filed by the Deo Defendants (ECF 569), to the extent it seeks to strike the revised Rule 56.1 Statement of Material Facts (ECF 559) and the comparison filed with a letter (ECF 568-1), to strike the Plaintiffs' original Rule 56.1 Statement of Material Fact (ECF 524), and to strike the Plaintiffs' motion for summary judgment.

Flushing Bank also notes that, while this Court's Individual Rules of Practice state that memoranda of law in support of motions on notice are limited to 6,500 words, one of the memoranda filed by the Superb Plaintiffs in support of its Motion for Summary Judgment on, among other things, its claims against Flushing Bank (Document 558), exceeds 8,300 words even when the table which appears on page 15 of the Memoranda is excluded. The Court's Rules specifically state "Any memoranda, affidavits, or declarations not complying with the requirements set forth herein will be rejected." *See* Individual Practice Rules of Magistrate Judge James M. Wicks, Section 3(C)(2).

Moreover, the Superb Plaintiffs also joined in a sixty-two (62) page, nearly 22,000 Memorandum of Law with the IAG Plaintiffs, also in support of their motion for summary judgment (ECF 558).

Cullen | Dykman

While the Superb Plaintiffs and IAG Plaintiffs sought to exceed the word count limitations of their pre-motion conference letters (ECF 522 and 523), they did not explicitly seek to exceed the word count limitation of the memoranda of law in support of their motions. The request to include additional arguments not raised in their pre-motion letters cannot be interpreted as freedom to file multiple memoranda of law far exceeding the word count limitations in this Court's Rules.

As such, the Court should reject Superb Motors' memoranda of law at ECF 551 and 558. Thank you, as always, for your courtesies in this matter.

Respectfully,

Ariel E. Ronneburger

Ariel E. Ronneburger

cc: All Counsel of Record