UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUPERB MOTORS INC., et al.,

Plaintiffs,

– against – No. 2:23-cv-6188 (JMW)

ANTHONY DEO, et al.,

Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE DEO DEFENDANTS' MOTION**

**FOR RECONSIDERATION OF THE ORDER OF SEPTEMBER 30, 2026 (ECF NO. 567)**

**AND FOR A STAY**

MARWAHA LAW GROUP, PLLC
1539 Franklin Avenue, Suite 201
Mineola, New York 11501
(516) 988-8866
*Attorneys for the Deo Defendants*

## TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ iii

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 1

ARGUMENT ........ 2

POINT I: THE ORDER MISAPPREHENDS STATE COURT DECISION ........ 2

- A. Judgment Is Preclusive Only as to What It Actually Decided ........ 2
- B. Rescission Was Foreclosed, Not Left Open, as Plaintiffs Concede ........ 2
- C. State Court Reserved the Vehicle Transactions ........ 3
- D. State Court Declined to Decide Who Owns Northshore and Sunrise ........ 4
- E. Correctly Read, the State Decision Leaves the Court's First Conclusion Standing ........ 5

POINT II: ORDER DOES NOT ADDRESS THE RECORD ........ 5

- A. Equity Requires Weighing the Custodian's Documented Record of Untrustworthiness ........ 5
- B. The Record the Order Does Not Mention ........ 6
- C. These Matters Were Never Decided, and They Go to the Only Finding the Order Made ........ 8

POINT III: COURT SHOULD REINSTATE THE DISPOSITION ITS OWN ANALYSIS REACHED ........ 9

POINT IV: TEMPORARY STAY SHOULD CONTINUE PENDING DETERMINATION ........ 10

CONCLUSION ........ 11

## TABLE OF AUTHORITIES

### Cases

*Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36 (2d Cir. 2012), as amended (July 13, 2012)* ....... 8

*Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245 (2d Cir. 1999)* ....... 10

*Corning Inc. v. PicVue Elecs., Ltd., 365 F.3d 156 (2d Cir. 2004)* ....... 10

*Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77 (2d Cir. 2005)* ....... 2, 3

*Lichtenberg v. Besicorp Grp. Inc., 204 F.3d 397 (2d Cir. 2000)* ....... 2

*N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc., 883 F.3d 32 (2d Cir. 2018)* ....... 8

*New Hampshire v. Maine, 532 U.S. 742 (2001)* ....... 7

*Nken v. Holder, 556 U.S. 418 (2009)* ....... 10

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806 (1945)* ....... 5

*Shrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995)* ....... 2, 3, 8

*Taylor v. Sturgell, 553 U.S. 880 (2008)* ....... 4

*Univ. of Tex. v. Camenisch, 451 U.S. 390 (1981)* ....... 4

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245 (2d Cir. 1992)* ....... 2

*Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008)* ....... 5

### Statutes and Rules

28 U.S.C. § 1292(a)(1) ....... 2

Fed. R. App. P. 8(a)(2) ....... 11

Fed. R. Civ. P. 54(b) ....... 1

Fed. R. Civ. P. 59(e) ....... 1, 2

Fed. R. Civ. P. 62(d) ....... 1

Fed. R. Civ. P. 65(c) ....... 9

Fed. R. Civ. P. 67 ....... 9

Local Civil Rule 6.3 ....... 1, 2

## PRELIMINARY STATEMENT

Deo Defendants move under Local Civil Rule 6.3 and Rules 54(b) and 59(e) for reconsideration of the Order of September 30, 2026 (ECF No. 567) (the "Order"), and under Rule 62(d) for continuation of the temporary stay entered October 3, 2026.

The Court first found that "[c]ommon sense dictates that Deo Defendants should be in charge," because turnover to Superb "would appear to be inefficient and asymmetrical." (*Id.* at 3–4). It then departed from that finding for a single stated reason: the state court's September 2025 decision was "enough to nudge the balance of equities." (*Id.* at 4–5).

Two matters warrant reconsideration. First, the Order misapprehends the state decision. It reads that decision as leaving rescission "open" (*id.* at 2) and as the "further determin[ation]" of the merits the Injunction awaited (*id.* at 5). The decision holds rescission "impracticable," reserves the vehicle transactions for its own trial, and declines to decide who owns Northshore and Sunrise, to which three of the six vehicles are titled. (ECF No. 565-2 at 8–9). A judgment is preclusive only as to what it decided; what the state court reserved cannot nudge anything.

Second, the Order chose a custodian on the equities without addressing the only record evidence of the proposed custodian's conduct. That record is sworn testimony that contradicts itself, State title records that contradict the testimony, an accounting never filed, and this Court's own contempt and violation findings. None is mentioned.

## STATEMENT OF FACTS

The Order recites the history (ECF No. 567 at 1–3). The Injunction of September 29, 2023 placed six "Deo Vehicles" in Deo Defendants' custody "until the merits can be further determined" (ECF No. 55 ¶ 3, at 28). On May 15, 2026, the Court vacated the Injunction as to the thirty Superb Vehicles and let Plaintiffs sell them on conditions (ECF No. 505 at 14). On September 30, 2026,

over Deo Defendants' opposition (ECF Nos. 561, 561-1), the Court authorized Plaintiffs "to take possession of, transport, market, and sell" the six (ECF No. 567 at 6). On October 3, 2026, the Court temporarily stayed the Order (Electronic Order of Oct. 3, 2026).

## ARGUMENT

Reconsideration under Local Civil Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It exists to correct "a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Each matter below is of that kind, and none is a new theory. Because the Order modifies an injunction and is appealable under 28 U.S.C. § 1292(a)(1), this timely motion under Rule 59(e) also tolls the time to appeal. *Lichtenberg v. Besicorp Grp. Inc.*, 204 F.3d 397, 400–01 (2d Cir. 2000).

### POINT **I**: **THE ORDER MISAPPREHENDS STATE COURT DEC**ISION

### A. Judgment Is Preclusive Only as to What It Actually Decided

Under New York law, issue preclusion applies only if "the issue in question was actually and necessarily decided in a prior proceeding." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005). Deo Defendants do not ask the Court to revisit ECF No. 505, only to apply its limit: the effect extends to what was decided. On three subjects the Order treats as decided, the state court decided nothing.

**B. Rescission Was Foreclosed, Not Left Open, as Plaintiffs Concede**

The Order says the state court "left the question open for further hearings as to whether recission was practicable." (ECF No. 567 at 2). The cited page holds the contrary: "as Superb is no longer operational rescission of the Agreement is impracticable." (ECF No. 565-2 at 8). What was left for trial is "whether and to what extent rescissory damages may be warranted, including…whether any damages are offset by additional agreements between the parties." (*Id).* Plaintiffs concede that Justice Murphy "did hold that rescission was impracticable." (ECF No. 571 at 2). The Order's premise is wrong, and Plaintiffs admit it. That is a matter "that might reasonably be expected to alter the conclusion." *Shrader*, 70 F.3d at 257.

The misreading carries through the Order's description of the agreement as Deo's "contract with Superb" for dealerships "he purported to sell to Superb." (ECF No. 567 at 1). The Cross-Purchase Agreement was between Urrutia and Deo personally; under it "Urrutia transferred forty-nine (49) percent of Superb's shares to Deo." (ECF No. 565-2 at 2–3). Deo sold nothing to Superb. With rescission foreclosed, that transfer stands, and the Superb Plaintiffs are a company half-owned by the defendant from whom the Order takes custody. What Urrutia holds against Deo is an unliquidated damages claim, net of offsets, reserved for a trial that has not occurred. (*Id.* at 8).

**C. State Court Reserved the Vehicle Transactions**

The Order's dispositive step is that the state decision was the "further determin[ation]" of the merits Judge Merchant awaited, and so "was enough to nudge the balance of equities." (ECF No. 567 at 5). The state court said it had made no such determination. It recited that Urrutia "paid Deo $492,029.50 for several vehicles Deo held pursuant to a separate agreement" (ECF No. 565-2 at 3), identified "the parties' purported ongoing transactions concerning the sale of vehicles" as a complication, and reserved the offsets for trial (*id.* at 8). An issue a court names and reserves for

its own trial has not been "actually and necessarily decided." *Hoblock*, 422 F.3d at 94. Nor can a preliminary-injunction ruling supply the determination: findings at that stage "are not binding at trial on the merits," and the stage exists "merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The Order itself disclaims any adjudication of "disputed ownership, damages, offsets, liens, or entitlement to the fund." (ECF No. 567 at 5). That is interim custody, not a merits determination.

**D. State Court Declined to Decide Who Owns Northshore and Sunrise**

The breaches the Order quotes concern Deo's ownership of Northshore and Sunrise. (ECF No. 567 at 4). On who owns those dealerships, the state court was explicit: "this Court declines to enter any judgment on this issue," because "the other interested claimants to these dealerships are not parties this action." (ECF No. 565-2 at 9). Issue preclusion reaches only an issue "actually litigated and resolved in a valid court determination essential to the prior judgment." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). An issue a court expressly declines to decide is not one it has resolved.

Plaintiffs' own title documents show the Audi A6 titled to Northshore Motor Leasing LLC and the Rolls-Royce to Sunrise Auto Outlet. (ECF No. 220-8 at 3–9; see ECF No. 560 at 3). Plaintiffs' declarant swore that four of the six vehicles are in "Northshore Motor Leasing, LLC's VerifiNY system." (ECF No. 155 at 2 n.2). Northshore and 189 Sunrise Hwy Auto LLC are not Superb. They are separate plaintiffs with separate counsel. (ECF No. 172 at 1). Superb has never claimed to own either company. Urrutia's claim is to a twenty-five percent interest he says he was promised and never received. (ECF No. 565-2 at 2–3, 6–7). Whoever wins that dispute, it will not be Superb. Yet the Order found Superb had a "slightly stronger claim to the cars" (ECF No. 567

at 5) on the one question the state court refused to decide, and authorized Superb to take and sell vehicles titled to other parties in this case without ever finding that Superb owns them.

**E. Correctly Read, the State Decision Leaves the Court's First Conclusion Standing**

The Court found that Deo Defendants should conduct the sale (ECF No. 567 at 3–4), then departed from that finding because "[t]he only material change" was the state decision (*id.* at 4–5). Correctly read, that decision foreclosed rescission, reserved the vehicle transactions, and declined to decide who owns the entities holding title to half the vehicles. It supplies no basis for preferring one custodian over the other. Without the nudge, the Court's own analysis governs: Deo Defendants should sell "just as the Superb Plaintiffs arranged for the sale of the cars in their lots," and turnover "would appear to be inefficient and asymmetrical." (*Id.* at 3–4).

**POINT II: ORDER DOES NOT ADDRESS THE RECORD**

**A. Equity Requires** Weighing **the Custodian's Documented Record of Untrustworthiness**

The Order resolved which party to trust with the vehicles and the proceeds on the balance of equities. (ECF No. 567 at 3, 5). A court exercising equitable discretion "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A party that has acted in bad faith in the very matter in which it seeks relief is not entitled to equity's help. *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). Where the relief is custody of property and its proceeds, the custodian's conduct with the same property under the same Court's orders is not peripheral to the balance; it is the balance.

**B. The Record the Order Does Not Mention**

The Order's only description of Deo Defendants' opposition is that they "take the position that the Order should be read literally." (ECF No. 567 at 3). That opposition (ECF No. 561 at 4–7) placed the following before the Court. None of it appears in the Order.

1. The sworn account of title and its contradiction. To defeat the first contempt motion, Plaintiffs' chief operating officer swore that the titles to the Injuncted Superb Vehicles were "immediately transferred back to Superb, which now held title as an owner." (ECF No. 155 ¶ 14). Four days later the same declarant swore that sixteen of the thirty vehicles "are not and never were owned by Superb" and that thirteen "belong to Team, not Superb." (ECF No. 157-1 ¶¶ 76–77). The Court's May 2024 order records both accounts one page apart: it excluded the thirteen Team vehicles from any sale because Superb "does not own them," then found the title question moot "since Superb alleges that title never changed and have since been returned to Superb." (ECF No. 172 at 16–17). Both cannot be true.

2. The State's records for one of those vehicles. New York DMV chain-of-title records for the 2021 Dodge Charger, one of the twelve vehicles Plaintiffs reported sold on May 29, 2025, show the Ohio title assigned to Superb on July 14, 2023; a wholesale transfer by Superb to Volkswagen of Freehold on October 5, 2023; an undated and unpriced New Jersey reassignment from Volkswagen of Freehold to Team Imports LLC; and the next conveyance by Team Imports, signed by Urrutia, on June 2, 2025, at a price left blank. (ECF No. 561-1 at 2, 6, 8, 10–11). The Form Q-1 Plaintiffs filed as proof of a November 6, 2023 reassignment from Team Mitsubishi Hartford back to Superb (ECF No. 155-1 at 21) appears nowhere in the chain, and it bears the same odometer reading, 45,104, and the same signatory, as the undated reassignment to Team Imports. (Compare ECF No. 561-1 at 8 with ECF No. 155-1 at 21). The June 2025 sale followed two

refusals by this Court to let the Team entities sell (Electronic Orders of May 9 and 23, 2025), and was reported as a sale pursuant to ECF No. 172 (ECF No. 306 at 11), an order that excluded Team's vehicles from any sale (ECF No. 172 at 15–16)

3. The sworn statement that the titles were "immediately transferred back to Superb, which now held title as an owner" was made to defeat a motion for contempt and sanctions, and it succeeded: the Court found the title question moot on the strength of it. (ECF No. 155 ¶ 14; ECF No. 172 at 17). Plaintiffs now describe what they actually did as "the dealer-sale route without an additional retail title in Superb's name." (ECF No. 571 at 4 n.3). Both statements come from Plaintiffs; both cannot be true; and the State's own chain-of-title records show which one is. (ECF No. 561-1). The representation on which Plaintiffs escaped sanctions in 2024 was untrue when made, and Plaintiffs' counsel has now admitted it. A party that "succeeds in maintaining" a position "may not thereafter, simply because his interests have changed, assume a contrary position." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Plaintiffs' account of who owns these vehicles changes with the relief they are seeking: title had returned to Superb when contempt was on the table, the vehicles were never Superb's when they wanted the Injunction lifted, and no title ever issued to Superb now that the sworn statement has been caught by the State's records. A party whose version of the facts shifts with each motion should not be handed custody of six more vehicles on the strength of whichever version it is offering this week.

4. ECF No. 505 required Plaintiffs to "account to the Court as to the sales when made," and the Order carries that condition forward. (ECF Nos. 505, 567). Across eighteen reported sales, no bill of sale, title document, or buyer identity has been filed. (ECF No. 561 at 7). The Order extends to six more vehicles a condition whose prior performance is in default.

5. Plaintiffs have been held in civil contempt for violating the Injunction (ECF No. 231 at 31), and were found to have encumbered twenty-four injuncted vehicles by surrendering them to their lender "far after the entry of the Injunction" (ECF No. 306 at 13–14; *see* ECF No. 270 at 9). The merits of the twelve-vehicle sale remain reserved. (ECF No. 306 at 14). No order has found Deo Defendants in violation of any directive concerning the six vehicles in their custody.

**C. These Matters Were Never Decided, and They Go to the Only Finding the Order Made**

Plaintiffs say the title question "has been repeatedly raised and rejected." (ECF No. 571 at 3–4). It has never been decided. In May 2024 the Court denied contempt because the Injunction was ambiguous and found the title request moot on the basis of what "Superb alleges." (ECF No. 172 at 16–17). In March 2025 it held Plaintiffs in contempt on a different ground and did not reach the forms. (ECF No. 231 at 6, 27–31). An allegation accepted for mootness is not a finding, and a question not reached is not one rejected. Considering the record is therefore not relitigation, *Analytical Surveys*, 684 F.3d at 52; it is what *Shrader* contemplates, 70 F.3d at 257.

Plaintiffs will say a decision "need not reproduce every accusation." (ECF No. 571 at 2). That is true of matters collateral to a ruling, not of evidence going to the single question a ruling decides. The Order chose which party to trust with the vehicles and the proceeds without reference to any of the record set out above, and against a custodian that has held the six vehicles for three years without a single adverse finding. Those are matters that "might reasonably be expected to alter the conclusion." Shrader, 70 F.3d at 257.

The Order adopted Plaintiffs' proposal "[w]ith that caveat" that turnover and sale "do not…finally adjudicate disputed ownership." (ECF No. 567 at 5). The caveat does not make the turnover harmless; it identifies why it lacks a foundation. Turnover is mandatory relief: "mandatory injunctions disrupt the status quo," so "a party seeking one must meet a heightened

legal standard by showing a clear or substantial likelihood of success on the merits." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). The status quo for these vehicles, fixed by the Injunction and preserved by every order since, is custody in Deo Defendants. (ECF No. 55 ¶ 3; ECF No. 172 at 15). Plaintiffs concede turnover is "additional injunctive relief." (ECF No. 572 ¶ 8(h)). The Order makes no finding that Superb is likely to own the vehicles; it reserves ownership. (ECF No. 567 at 5). An order that reserves every question of right while commanding the surrender of property is a mandatory injunction without the showing the Second Circuit requires for one.

**POINT III**

**COURT SHOULD REINSTATE THE DISPOSITION ITS OWN ANALYSIS REACHED**

The relief that follows from either Point is the disposition the Court reached before the state decision was given weight it cannot bear. (ECF No. 567 at 3–4). Deo Defendants should be directed to sell the six vehicles through a licensed dealer or auction at not less than appraised market value after reasonable market exposure; to deposit the gross proceeds of each sale into the Registry of the Court under Fed. R. Civ. P. 67 within three business days; and to file an accounting and proof of deposit after each sale. Plaintiffs' counsel has said his clients are "open to depositing all funds with the Court." (ECF No. 574-2). That disposition mirrors the conditions of ECF No. 505, places the proceeds in the Registry, and requires no transfer of possession, no new injunction, and no security.

Alternatively, any turnover should be conditioned on (1) a sworn declaration of Mr. Urrutia identifying, for each vehicle, the selling entity and its dealer license; the owner of record and the person authorized to sign its title; how any VerifiNY or other DMV restriction will be cleared (*see* ECF No. 155 at 2 n.2, ¶¶ 11–12); the method of sale; any lender claim; and how the gross proceeds

will reach the Registry, with an opportunity for Deo Defendants to respond and the Court's approval of the protocol; (2) security under Rule 65(c), which Plaintiffs' own proposed order contemplates (ECF No. 572 ¶ 8(h)), *Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 158 (2d Cir. 2004); and (3) the accounting of prior sales required by ECF No. 505 at 14.

**POINT IV**

**TEMPORARY STAY SHOULD CONTINUE PENDING DETERMINATION**

The October 3 stay runs "pending determination of the motion filed at ECF No. 570," not pending determination of this motion. (Electronic Order of Oct. 3, 2026). Deo Defendants request that it be continued through decision of this motion and, if reconsideration is denied, pending appeal, for the reasons stated at ECF No. 570, which are incorporated here.

A stay pending appeal turns on likelihood of success, irreparable injury, injury to the other parties, and the public interest. Nken v. Holder, 556 U.S. 418, 434 (2009). Likelihood of success is addressed in Points I and II.

The harm is irreparable: a sale conveys title to a stranger and cannot be undone, and three of the six vehicles are titled to entities whose ownership no court has decided (Point I.D). Plaintiffs answer that a below-value sale can be remedied by a money judgment (ECF No. 571 at 3), but a judgment is worth what can be collected on it, and Plaintiffs have told this Court that Superb is closed (ECF No. 172 at 7–8), that Team Mitsubishi-Hartford has closed (ECF No. 294 ¶ 100), and that they "cannot afford to move" thirty vehicles (ECF No. 282 ¶ 22).

Monetary injury is irreparable where the party who would owe the money is likely to be insolvent. Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245, 249–50 (2d Cir. 1999). Plaintiffs are not harmed: their counsel has written that they "would be amenable to leaving the

vehicles where they are" (ECF No. 574-2), and the proceeds must be held for the remainder of the action in any event (ECF No. 505 at 14).

The Court granted Plaintiffs a stay on the same footing when its May 2025 delivery order ran against them, staying that order "through and including five days after decision is entered by the Second Circuit." (ECF No. 306 at 15). Deo Defendants ask for the same stay on the same terms, or, at a minimum, fourteen days following decision of this motion to permit an application under Fed. R. App. P. 8(a)(2).

**CONCLUSION**

Deo Defendants respectfully request that the Court (1) grant reconsideration and modify ECF No. 567 so that Deo Defendants conduct the sale with the gross proceeds deposited in the Registry of the Court, on the terms set out in Point III; (2) continue the temporary stay pending determination of this motion and, if reconsideration is denied, pending appeal on the terms set out in Point IV; and (3) grant such other relief as the Court deems just. Nothing herein waives any objection stated at ECF No. 561.

Dated: Mineola, New York
October 7, 2026

MARWAHA LAW GROUP, PLLC

By: _____/s/______________________
Nipun Marwaha, Esq.
1539 Franklin Avenue, Suite 201
Mineola, New York 11501
(516) 503-4624
Nipun@MarwahaLaw.com
*Attorneys for the Deo Defendants*

TO: All counsel of record (via ECF)
Harry R. Thomasson, Esq., pro se (via ECF)

**CERTIFICATION OF COMPLIANCE**

I certify that this memorandum of law complies with Local Civil Rule 6.3 and Rule 3.C of the Court's Individual Practice Rules: it contains 3,486 words, exclusive of the caption, tables of contents and authorities, signature block, and this certification, as counted by Microsoft Word; it uses 12-point Times New Roman type, double spacing, and one-inch margins.

____/s/________________________
Nipun Marwaha, Esq.