Harry R. Thomasson, Esq.
3280 Sunrise Highway, Box 112
Wantagh, New York 11793
Tel. 516-557-5459
hrtatty@verizon.net

Admitted:
Massachusetts
New York


October 8, 2026

VIA ECF ONLY

Honorable James M. Wicks
U.S. Federal District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Superb Motors, Inc., et al. v. Anthony Deo, et al.*
Case No. 2:23-cv-6188 (JW)

Your Honor:

I am a defendant in this action and appear *pro se*, as permitted by this Court's Order of December 1, 2023 (ECF 117 at 16). Plaintiffs move for summary judgment against me (ECF 551, 554, and 558). I respectfully join the Deo Defendants' letter motion to strike (ECF 569) and Flushing Bank's joinder (ECF 576) as to the claims asserted against me, and I add four points that concern me alone. Because Plaintiffs' opposition (ECF 575) addresses a filing I co-signed (ECF 536) and a motion I filed (ECF 537), and because Individual Rule 3(A) provides that replies are not permitted on letter motions, I respectfully request leave to file a reply to the extent the Court deems one required and permissible.

1. The facts asserted against me were blank when filed. Plaintiffs' June 1, 2026 Statement (ECF 524) contains ninety-nine paragraphs concerning me, my attorney trust account, or money. Thirty-two of them cited "Decl. ¶ X." Eighteen cited nothing else, including the paragraphs at the center of the claims against me. E.g., paragraph 254 reads: "Shanks emailed Thomasson . . . asking him to place the Libertas Funds in his escrow account. Ruderman Decl. ¶ X; Exhibit

Email." June paragraph 256 reads: "Thomasson advised that he would not hold the Libertas Funds in escrow. Ruderman Decl. ¶ X; Exhibit Email." In the September 5, 2026 Statement (ECF 559), those citations became "Ex. 21" and "Ex. 23," exhibits first filed on September 4, 2026. Plaintiffs acknowledge that citations were "added to the facts already asserted." ECF 568 *at* 1. A citation to a declaration that does not exist is not a "citation to evidence." Local Civil Rule 56.1(d); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001). As to the claims against me, ECF 559 should be stricken or disregarded as to those paragraphs. Individual Rule 3(D)(2)(b).

2. Where the facts against me rest on counsel's declaration, they rest on counsel's say-so. Plaintiffs state that their attorney declarations "merely attach deposition transcripts and documents." ECF 575 *at* 4. The Ruderman Declaration (ECF 557) is fifteen paragraphs. Three attach transcripts or a bank statement (paragraphs 3, 11, and 13). Four consist of the words "See Ex." followed by a description (paragraphs 4 through 7). Five are one-sentence assertions with no source stated, among them: "Thomason [*sic*] claimed to be the attorney for Northshore" (paragraph 10); "Because the IAG Plaintiffs had paid off all of the deficiencies due to Ally by Deo's actions, Ally no longer had assets to protect with the lien" (paragraph 12); and "Deo granted Flushing a UCC-lien on all of Northshore's assets without authorization" (paragraph 14). The declarant's stated basis is "personal knowledge and a review of the file maintained by this office" (paragraph 2). He does not state that he witnessed anything in November 2022. Four paragraphs of the Statement rest on nothing else and repeat the declaration word for word: paragraph 245 (Ruderman paragraph 9), paragraph 249 (paragraph 10), paragraph 280 (paragraph 12), and paragraph 300 (paragraph 14). The fact and its evidence are the same sentence under counsel's signature. This Court has drawn the line in this case: an attorney who

does "little more than authenticate documents and confirm facts not in dispute" raises no concern. ECF 117 *at* 15 (citing *Murray v. Metropolitan Life Insurance Co.*, 583 F.3d 173, 179 (2d Cir. 2009)). Beyond that line, a declaration of counsel is not evidence on summary judgment. *Kamen v. American Telephone & Telegraph Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986); Fed. R. Civ. P. 56(c)(4). This Court's Individual Rule 3(C)(2) provides that declarations "containing legal argument will be rejected." Paragraphs 8 through 10, 12, and 14 of the Ruderman Declaration, and the paragraphs of the Statement that rest on them, should be disregarded.

3. I did not waive this objection. Plaintiffs state that no one objected to the placeholders when the June Statement was filed. ECF 575 *at* 3. On June 30, 2026, I co-filed the counterstatement at ECF 536, which lodged Objection [A] against every "Decl. ¶ X" citation as "a blank . . . placeholder, which establishes nothing and must be disregarded (L.R. 56.1(d))." On July 2, 2026, the Court deemed ECF 536 "the operative document." The objection was made at the first opportunity and has been the operative objection since. Plaintiffs, for their part, objected in their own June 30, 2026 counterstatement that the Deo Defendants' facts were "not supported by admissible evidence as required by Rule 56" while citing "Ruderman Decl. ¶ X" thirty-eight times in the same document. ECF 535-1.

4. A letter motion to strike is a vehicle this Court has accepted in this case. Plaintiffs state that this relief cannot be sought by letter. ECF 575 *at* 4. On July 2, 2026, the Court granted a letter motion to strike that I filed (ECF 537), struck the filings at ECF 532 through 534, and designated the operative filing. The Court has also decided Plaintiffs' own letter motions to strike on their merits. Orders of September 25, 2023 (ECF 50) and May 23, 2025 (ECF 284).

As to the general grounds, I join the arguments in ECF 569 and 576 and add only the following: Plaintiffs twice sought leave to exceed the word limit and received it (Orders of May

1 and May 14, 2024, on ECF 167 and 174). They sought no leave for ECF 551 or 558. ECF 558 and 559 were filed on September 5, 2026, after the September 4, 2026 deadline that Plaintiffs themselves acknowledge (ECF 575 *at* 1), without the leave this Court has required for any change to a court-ordered date (ECF 416).

I seek the following: (a) strike or disregard the paragraphs of ECF 559 concerning me that cited only placeholders on June 1, 2026; (b) disregard the Ruderman Declaration except to the extent it identifies documents; (c) deny summary judgment on the claims against me to the extent it rests on either; or, in the alternative, (d) allow me the opportunity to file a formal reply that sets forth the within in greater depth.

I thank the Court for its consideration. Awaiting the Court's response, I remain,

Very truly yours,

/S/ *Harry R. Thomasson*

________________________
Harry R. Thomasson, Esq.
*Pro Se*