**MARWAHA LAW GROUP, PLLC**
1539 Franklin Avenue, Suite 201 • Mineola, New York 11501
(516) 988-8866 • Nipun@MarwahaLaw.com

October 9, 2026

**VIA ECF**
Hon. James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

**Re: *Superb Motors Inc., et al. v. Deo, et al.*, No. 2:23-cv-6188 (JMW)**
**Opposition to Plaintiffs' Letter Motion for an Extension (ECF No. 579)**

Dear Judge Wicks:

This firm represents the Deo Defendants. We write in opposition to Plaintiffs' letter motion (ECF No. 579) to extend their time to oppose the motion for reconsideration (ECF No. 577) from October 9 to October 14, 2026. The request should be denied and the motion deemed fully submitted.

**1. Plaintiffs' counsel warned this Court of this exact problem, six days before he called it "unpredictable."** The record is as follows:

- **October 3.** The Court ordered that any opposition to reconsideration be "filed no later than October 9, 2026." (Electronic Order of Oct. 3, 2026.)
- **October 3.** The same day, counsel declared under penalty of perjury that he was "leaving for overseas travel from Sunday, October 4, 2026 through Tuesday, October 13, 2026," and that he was "uncertain to what extent [he would] be able to access the internet from [his] destination." (ECF No. 574 ¶¶ 37–38.) He requested no relief from the schedule.

- **October 6.** From abroad, and seemingly unaffected by the "substantial and unpredictable internet connectivity difficulties" he now cites (ECF No. 579 at 1), counsel filed a six-page opposition to a different motion. (ECF No. 575.) He requested no relief from the schedule.
- **October 7.** The motion for reconsideration was filed on the Court's deadline. (ECF No. 577.) This was the last day for a timely extension request under Individual Rule 1.D. None was made.
- **October 9, 8:22 p.m.** On the night the opposition was due, counsel requested five more days on the strength of those same difficulties. (ECF No. 579 at 1.)

The difficulty was not unpredictable. Counsel predicted it on the day the deadline was set. He then waited six days, until the deadline was hours from expiring, to mention it.

**2. The request violates Individual Rule 1.D.** Extension requests, "absent an emergency, shall be made in writing at least two (2) business days prior to the scheduled date or deadline." This one was made on the deadline itself.

The Rule also requires every request to state the number of previous requests, whether they were granted or denied, and "whether all parties consent (including reasons why any party is withholding consent)." ECF No. 579 states none of these. Counsel did not call or email the undersigned to seek consent before filing.

**3. No emergency is claimed, and none exists.** ECF No. 579 does not invoke the emergency exception. A circumstance counsel described under oath on October 3 is not an emergency on October 9. Counsel was able to direct his paralegal by telephone to file this request. (ECF No. 579 at 1.) The same call could have been made on October 3, October 6, or October 7.

**4. Plaintiffs have not shown good cause.** Every extension under Rule 6(b) requires a showing of cause. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) ("any extension of a time limitation must be 'for cause shown'"). In this Circuit, "a finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (Rule 16(b)). A conflict counsel foresaw under oath and left unaddressed until the night of the deadline is the opposite of diligence. ECF No. 579 does not say what was done between October 7 and October 9. The Court set an expedited schedule: two days to oppose. Plaintiffs ask to more than triple their time.

**5. The deadlines in this case are the Court's to set, not counsel's.** District courts have "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Eight days ago, Plaintiffs' counsel set a deadline of his own, one found in no order of this Court, and enforced it with a threat of contempt.

- On October 1, at 7:21 p.m., he demanded vehicle-by-vehicle disclosures by 5:00 p.m. the next day, or he would "move for contempt and sanctions, without further demand." (ECF No. 574-3 at 2.) He set that deadline under an Order that, by his own admission, contains no turnover date. (ECF No. 571 at 5.)
- Told that the undersigned would be out caring for a family member who had just had major surgery, he replied within two minutes: "Tell me where the vehicles are now or it is going to cost you. Final warning." (ECF No. 574-3 at 1.)

Plaintiffs' counsel gives the Court's actual deadlines insultingly different treatment. By filing at 8:22 p.m. on the due date, when no ruling could issue before the deadline lapsed, Plaintiffs

did not request an extension. They manufactured a back door to one, and in doing so flouted this Court's October 3 Order. Granting ECF No. 579 would reward this underhanded tactic.

**6. Plaintiffs hold the Deo Defendants to rules they do not follow.** Since October 3, Plaintiffs have told the Court that:

- "failure to comply with Court Rules will lead to rejection of motion papers" (ECF No. 571 at 2, quoting the May 8, 2026 Minute Order; *see also* ECF No. 574 ¶ 34; ECF No. 575 at 4); and
- the Deo Defendants' stay application was a "stall tactic designed to dilly-dally and delay" (ECF No. 571 at 1 n.2).

Plaintiffs treat the Court's rules as binding on the Deo Defendants and optional for themselves. ECF No. 579 does not comply with Individual Rule 1.D, and under the Court's May 8 warning it should be rejected. *Cf. Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003) (without rigorous enforcement of time limitations, "the legal system would groan under the weight of a regimen of uncertainty").

**7. The Court already has Plaintiffs' position.** On October 3, Plaintiffs briefed the *Shrader* standard, the state court decision, and the title and Q-1 record, and asked the Court to "treat the instant letter motion for a stay as the motion for reconsideration and deny reconsideration." (ECF No. 571 at 2–4.) Plaintiffs considered that submission sufficient to decide reconsideration.

**8. Any additional time should come at Plaintiffs' expense, not the Deo Defendants'.** If the Court permits a late opposition, the Deo Defendants request that the order:

- continue the stay of ECF No. 567 through decision of the motion for reconsideration, because the delay is Plaintiffs' alone;

- provide that no further extension will be granted; and
- grant the Deo Defendants leave to reply within three business days, because Plaintiffs will have had seven days to oppose where the Court allowed two.

The Deo Defendants respectfully request that the Court deny ECF No. 579 and deem the motion for reconsideration (ECF No. 577) fully submitted on the existing record.

Respectfully submitted,

MARWAHA LAW GROUP, PLLC

By: /s/ Nipun Marwaha
Nipun Marwaha, Esq.
*Attorneys for the Deo Defendants*

cc: All counsel of record (via ECF)
Harry R. Thomasson, Esq., *pro se* (via ECF)