UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

SUPERB MOTORS INC., TEAM AUTO SALES LLC, ROBERT ANTHONY URRUTIA, 189 SUNRISE HWY AUTO LLC, NORTHSHORE MOTOR LEASING, LLC, BRIAN CHABRIER, JOSHUA AARONSON, JORY BARON, ASAD KHAN, IRIS BARON REPRESENTATIVE OF THE ESTATE OF DAVID BARON, 1581 HYLAN BLVD AUTO LLC, 1580 HYLAN BLVD AUTO LLC, 1591 HYLAN BLVD AUTO LLC, 1632 HYLAN BLVD AUTO LLC, 1239 HYLAN BLVD AUTO LLC, 2519 HYLAN BLVD AUTO LLC, 76 FISK STREET REALTY LLC, 446 ROUTE 23 AUTO LLC and ISLAND AUTO MANAGEMENT, LLC,

Plaintiffs,

-against-

ANTHONY DEO, SARAH DEO, HARRY THOMASSON, DWIGHT BLANKENSHIP, MARC MERCKLING, MICHAEL LAURIE, THOMAS JONES, CPA, CAR BUYERS NYC INC., GOLD COAST CARS OF SYOSSET LLC, GOLD COAST CARS OF SUNRISE LLC, GOLD COAST MOTORS AUTOMOTIVE GROUP LLC, GOLD COAST MOTORS OF LIC LLC, GOLD COAST MOTORS OF ROSLYN LLC, GOLD COAST MOTORS OF SMITHTOWN LLC, UEA PREMIER MOTORS CORP., DLA CAPITAL PARTNERS INC., JONES, LITTLE & CO., CPA'S LLP, FLUSHING BANK, LIBERTAS FUNDING LLC, J.P. MORGAN CHASE BANK, N.A., 189 SUNRISE HWY AUTO LLC, and NORTHSHORE MOTOR LEASING, LLC,

Defendants.

---------------------------------------------------------------X

**Case No.: 2:23-cv-6188 (JMW)**

**COMBINED PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE DEO DEFENDANTS' MOTION FOR RECONSIDERATION AND FOR <u>CONTINUATION OF STAY</u>**

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ....................6

RELEVANT BACKGROUND ....................6

ARGUMENT ....................6

I. THE STATE-COURT DECISION WAS NOT MISUSED TO ADJUDICATE VEHICLE TITLE ....................6

II. THE RECORD OF PRIOR VEHICLE SALES DOES NOT ESTABLISH GROUNDS FOR RECONSIDERATION ....................6

III. THE EXISTING PROTECTIVE CONDITIONS ARE MORE APPROPRIATE THAN DEFENDANTS' NEW SALE REGIME ....................6

IV. DEFENDANTS HAVE NOT ESTABLISHED AN ENTITLEMENT TO CONTINUE THE STAY ....................6

CONCLUSION ....................6

## TABLE OF AUTHORITIES

### Cases

Brenntag Int'l Chems., Inc. v. Bank of India,
175 F.3d 245 (2d Cir. 1999) .......... 6

N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.,
883 F.3d 32 (2d Cir. 2018) .......... 6

Nken v. Holder,
556 U.S. 418 (2009) .......... 6

Shrader v. CSX Transp., Inc.,
70 F.3d 255 (2d Cir. 1995) .......... 6

Univ. of Tex. v. Camenisch,
451 U.S. 390 (1981) .......... 6

Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,
956 F.2d 1245 (2d Cir. 1992) .......... 6

### Rules

Fed. R. Civ. P. 54(b) .......... 6

Fed. R. Civ. P. 59(e) .......... 6

Fed. R. Civ. P. 62(d) .......... 6

Fed. R. Civ. P. 65(c) .......... 6

Fed. R. Civ. P. 67 .......... 6

Local Civil Rule 6.3 .......... 6

Fed. R. App. P. 8(a)(2) .......... 6

## PRELIMINARY STATEMENT

The Superb Plaintiffs respectfully oppose the Deo Defendants' October 7, 2026 motion (ECF Docket Entry ("ECF") 577 and ECF 577-1) seeking reconsideration of this Court's September 30, 2026 Order selecting the Superb Plaintiffs to supervise the liquidation of the six Injuncted Deo Vehicles, to substitute a Deo-controlled sales process with deposits into the Court Registry, and to extend a temporary stay through reconsideration and potential appeal. The motion asks the Court to revisit precisely the question it decided after considering competing proposed orders: which side, while preserving all competing property claims, should manage the orderly conversion of depreciating vehicles into an escrowed fund. ECF 567 at 3-6.

Defendants identify one genuine descriptive imprecision in the September 30 Order: Justice Murphy held that rescission was impracticable, not that its practicability remained open. But the Deo Defendants hang their hope on a distinction that makes no difference. This is because the state court's undisputed findings of material contractual breaches remain untouched by that observation. Nothing in this Court's September 30, 2026 Order declares Superb the owner of all six vehicles, binds absent claimants, or adjudicates offsets. Nor does a dispute about earlier vehicle-title transactions or prior accounting, which this Court has repeatedly held deserves no attention,[1] itself supply controlling overlooked evidence requiring transfer of sales authority to the Deo Defendants.

[1] The Superb Plaintiffs submit that in light of the vacatur of the preliminary injunction, they need not address the allegations raised based on both mootness grounds and because they have repeatedly been previously addressed. To the extent this Court nonetheless seeks the Superb Plaintiffs' response to these allegations, they are prepared to appropriately supplement their papers.

## RELEVANT BACKGROUND

Judge Merchant's September 29, 2023 injunction placed different groups of disputed vehicles in different parties' custody temporarily, pending further proceedings. ECF 55 at 27–30.

After Justice Murphy's September 2025 decision, the Court permitted sales of the Injuncted Superb Vehicles subject to an escrow, accounting, and proof-of-deposit protocol. ECF 505 at 12-14. The parties subsequently disputed whether the six Injuncted Deo Vehicles should also be liquidated, and now dispute which party should oversee the sales. ECF 567 at 3-5.

On September 30, 2026 the Court considered the logistical case for sales by the current custodian, then expressly determined that the adjudicated breaches in the related state proceeding tipped the balance of equities toward supervision by the Superb Plaintiffs. The Court adopted the express reservation that liquidation does not finally adjudicate disputed ownership, damages, offsets, liens, or entitlement to the sale fund. ECF 567 at 4-6. Following a temporary October 3 stay, Defendants sought reconsideration, an alternative sale protocol, and an extended stay. ECF 577. They divide those requests into four points; Plaintiffs respond to each *seriatim*.

## ARGUMENT

### I. THE STATE-COURT DECISION WAS NOT MISUSED TO ADJUDICATE VEHICLE TITLE

Reconsideration generally requires controlling law or material facts overlooked that might reasonably alter the result; it is not an occasion to repeat arguments whose weight the movant disputes. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). The Court explicitly considered the Deo Defendants' sale proposal and weighed practical efficiency against the equitable effects of the state judgment. ECF 567 at 5.

The fact that its tentative observations favored leaving sale administration with the custodian does not transform its subsequent, contrary holding into inadvertence.

Defendants correctly observe that Justice Murphy determined rescission was impracticable and reserved rescissory damages and offsets. ECF 577-1 at 2-3; ECF 565-2 at 8. But the state court decision also found Deo breached representations about threatened litigation, ownership interests, and encumbrances, and failed to consummate promised transfers. ECF 565-2 at 6-9. Those determinations, not an award of vehicle title or an order actually rescinding an agreement, were the intervening merits developments on which the Court placed weight. ECF 567 at 4-5. A narrowed clarification of the state decision would not require reassigning the seller.

Defendants additionally emphasize that the cross-purchase agreement involved Urrutia and Deo personally, that ownership of Northshore and Sunrise was not resolved, and that vehicle transactions remain subject to trial and offsets. ECF 577-1 at 3–5. The Court's express reservation of ownership and offsets answers the underlying point: the right to coordinate a sale into an escrowed fund is not a final determination of corporate shares or legal title to a particular vehicle. The state court's refusal to declare ownership of dealerships does not nullify its affirmative findings about Deo's performance and representations. The Court can weigh those findings for limited interlocutory purposes without giving them broader issue-preclusive effect than the state court judgment supports. See Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981) (preliminary-stage findings do not bind trial on the merits).

Plaintiffs also do not contend that a party lacking title or appropriate dealer authority may independently convey a vehicle contrary to law. Defendants' examples—the Audi A6, Rolls-Royce, and other vehicles in dealership systems—show why title verification and a licensed selling entity must be identified for each transaction.

They do not establish that the Court lacked power to designate the Superb Plaintiffs to arrange compliant liquidation, at their own expense, with the claimants' interests transferred to protected proceeds. ECF 567 at 5–6.

**II. THE RECORD OF PRIOR VEHICLE SALES DOES NOT ESTABLISH GROUNDS FOR RECONSIDERATION**

Point II of the motion deserves a direct response, not dismissal as a mere repeat of title disputes. Defendants identify particular sworn statements (ECF Nos. 155 and 157-1), the 2021 Dodge Charger DMV chain (ECF 561-1), the Q-1 reassignment form (ECF 155-1), the June 2025 transaction, the asserted absence of buyer-identifying accounting for eighteen sales, and the Court's prior contempt findings. ECF 577-1 at 5-8. The disputed inferences Defendants draw from them, however, are not adjudications that every prior assignment was fabricated or that the Superb Plaintiffs must necessarily be disqualified from overseeing the six new sales.

As to the claimed contradiction between a statement that title was returned to Superb and testimony that certain vehicles belonged to Team, it is necessary to distinguish the precise vehicles, dates, legal title, dealer reassignment mechanics, and the declarant's description of ownership. Defendants cite different sworn submissions and ask the Court to deem them irreconcilable. ECF 577-1 at 6–7. Those serious allegations are not established simply by juxtaposing excerpts. As Plaintiffs' earlier response explained, a dealer-to-dealer Q-1 assignment can require a different analysis from issuance of an additional retail title to Superb. ECF 571 at 4 n.3; ECF 159 at 2 n.5. The chain-of-title dispute concerning the Charger warrants a vehicle-specific explanation if the Court requests one (which it has not, despite the Deo Defendants repeatedly raising it); it does not itself resolve who should supervise liquidation of the separate six-vehicle group.

Defendants also argue that the Court's previous orders found that Superb did not own certain Team vehicles, recorded alleged encumbrances, and held Plaintiffs in contempt. ECF 577-

1 at 6–8. Plaintiffs do not ask the Court to disregard those orders, which remain part of the procedural record. But the Court considered a long history of disputes before ECF 567, and Defendants already presented this title material in ECF Nos. 561 and 561-1. An absence of express discussion of each exhibit does not, standing alone, establish that the Court overlooked an issue that would alter the outcome. More importantly, past compliance disputes justify clear prospective safeguards, not automatic designation of the opposing party as seller.

The claimed deficiency in accountings under ECF 505 should be evaluated under that order's precise terms. If the Court finds reports of prior sales incomplete, it can direct supplemental, vehicle-by-vehicle documentation and proof of deposits and make future transactions contingent upon strict compliance. Plaintiffs do not seek dispensation from any existing accounting order. Nor do they request a finding on this motion that the prior-sale merits disputes have already been resolved. This targeted response protects the fund without granting Defendants the ultimate substitution of control they seek.

Defendants invoke the heightened standard for a mandatory preliminary injunction under N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc., 883 F.3d 32, 36–37 (2d Cir. 2018). ECF 577-1 at 8–9. But ECF 567 implements modification of an injunction after material intervening developments; it is not an adjudication of ownership or an unconditional directive transferring beneficial title. Even assuming the heightened test is relevant to the turnover component, Defendants' invocation of that test does not erase the Court's analysis of changed circumstances, the necessity of preservation through liquidation, and the protection of disputed rights in proceeds.

## III. THE EXISTING PROTECTIVE CONDITIONS ARE MORE APPROPRIATE THAN DEFENDANTS' NEW SALE REGIME

Point III requests that Defendants sell through a dealer or auction at no less than appraised market value, deposit gross proceeds in the Registry under Rule 67 within three business days, and

make subsequent accountings; alternatively it seeks a sworn Urrutia declaration, judicial approval of the protocol, security under Rule 65(c), and a prior-sale accounting. ECF 577-1 at 9–10. These are not merely clerical corrections: they would reverse the Court's reasoned choice of seller and replace the ordered escrow mechanics with a new regime which the Deo Defendants themselves rejected.

The Court has already made the central allocation of responsibility and ordered escrow, sale accounting, and immediate proof of deposit. ECF 505 at 14; ECF 567 at 6. A deposit in the Court Registry rather than the mandated escrow arrangement is not shown to be legally necessary for preservation. Plaintiffs do not categorically oppose an appropriately authorized Rule 67 deposit if the Court prefers it (unless this Court permits the sales proceeds currently held in escrow to be transferred to a segregated, interest-bearing account as previously requested), but that administrative option does not require returning control of the vehicles to the Deo Defendants. Similarly, independent price guidance, actual bills of sale, VIN-specific disclosures, identification of the licensed seller, insurance, and confirmation of legal title authority are potential neutral safeguards applicable regardless of who conducts a sale.

A rigid prohibition on any sale below "appraised market value," without specifying appraisal method, valuation date, comparable condition, or response to market bids, could itself obstruct commercially reasonable liquidation of aging inventory. ECF 577-1 at 9. The Deo Defendants continue to assert dominance and control over assets and a dealership they never had any right to in the first place, as Deo's interest in Superb was procured through knowing fraud, and this Court has already accepted Justice Murphy's decision in that respect.

## IV. DEFENDANTS HAVE NOT ESTABLISHED AN ENTITLEMENT TO CONTINUE THE STAY

Defendants request extension of the October 3 temporary stay during this motion and, if they lose, through a hypothetical appeal or at least fourteen days for an application under Fed. R. App. P. 8(a)(2). ECF 577 at 2; ECF 577-1 at 10–11. A stay is discretionary, not an automatic consequence of announcing reconsideration or possible appeal. Relevant considerations include likely success, irreparable injury, injury to opposing parties, and the public interest. Nken v. Holder, 556 U.S. 418, 433–35 (2009).

First, for the reasons above Defendants have not made a strong showing of likely success on their reconsideration grounds.

Second, although a sale to a third party cannot simply be unwound, the parties previously agreed liquidation should occur and their competing claims will attach to sale proceeds protected by escrow. ECF 567 at 3, 5-6. The alleged risk of an inadequate price supports meaningful sales documentation and supervision; it does not establish that only Deo-controlled sales can avert injury. Defendants invoke Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245, 249–50 (2d Cir. 1999), concerning collectability of monetary relief, but point to closed dealerships and past difficulties moving vehicles rather than a concrete evidentiary showing that the protected fund would be unavailable or that an identified judgment obligor would be unable to satisfy a deficiency.

Third, continued postponement entails market depreciation and carrying expense. Defendants themselves urged timely liquidation to avoid those harms in ECF 565-1 ¶ 8.

Fourth, orderly compliance with an operative judicial sale directive, with transparent preservation of funds and opportunity to raise discrete title impediments, serves the public interest better than an indefinite standstill. The prior stay of a different thirty-vehicle turnover order in ECF

306 followed a different procedural and merits record and did not confer a right to a matching stay here. It is not warranted here.

**CONCLUSION**

For these reasons, the Superb Plaintiffs respectfully request denial of the Deo Defendants' motion (ECF 577) in its entirety and continuation of ECF 567. Alternatively, if the Court concludes additional protection is warranted, Plaintiffs request narrow implementation directives without transferring control of the six sales to the Deo Defendants or continuing a stay for an unspecified appellate period.

Dated: Jamaica, New York
October 19, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*

Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiffs*
*Superb Motors Inc.,*
*Team Auto Sales LLC, and*
*Robert Anthony Urrutia*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c) and the Court's Individual Practice Rules, counsel certifies that the substantive memorandum (excluding caption, tables of contents and authorities, signature blocks, and this certification) contains 2,190 words, excluding the caption, tables, signature blocks, and this certification, as calculated by word-count software.